BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 7, 2023

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

Debtor.

Case No. BK-23-10423-mkn

Chapter 11

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS: (1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITIES; (3) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Hearing Date: OST PENDING
Hearing Time: OST PENDING

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Cash Cloud, Inc., dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its proposed undersigned counsel, Fox Rothschild LLP, respectfully submits this motion (the "Motion"), pursuant to Bankruptcy Code[1] sections 105(a) and 366, for entry of an Interim and Final Order, attached hereto as **Exhibit 2** and **Exhibit 3**, (1) prohibiting utilities from altering, refusing or discontinuing service, (2) authorizing Debtor to pay Utilities Providers (defined below) in the ordinary course of business, (3) deeming utilities adequately assured of future performance, and (4) establishing procedures for determining requests for additional adequate assurance.

The requested relief is necessary because uninterrupted utility services are critical to Debtor's ability to sustain its operations. If utilities cease providing services to Debtor, Debtor's business will be severely damaged, thereby jeopardizing the value of its assets. Moreover, utilities will not suffer any tangible economic harm as a result of the relief requested herein, as Debtor will compensate utilities in full for any postpetition services provided.

The Motion is made and based upon the following memorandum of points and authorities, the *Omnibus Declaration of Christopher Andrew McAlary* ("Omnibus Declaration") filed in support hereof, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By: */s/Brett Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

---

[1] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a) and 366.

4. Pursuant to Local Rule 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**II.**

**FACTUAL BACKGROUND**

**A. General Background[2]**

5. On February 7, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case in this Court. Debtor is continuing in possession of its property and is operating and managing its business as a debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed. See id.

**B. Debtor's Utility Providers**

6. In connection with the operation of its business, Debtor receives vital services, such as waste disposal, electricity, gas, water, internet, and communication services ("Utility Services")

///

///

[2] A detailed description of the Debtors' businesses and the reasons for the filing of this Chapter 11 Case and for the relief sought in this Motion are set forth in the Omnibus Declaration.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

from various utility providers (the "Utility Providers"), as listed on **Exhibit 1** attached hereto.[3] See Omnibus Declaration.

**C. Prepetition Balances**

7. Debtor intends to continue to use the Utility Providers set forth on **Exhibit 1**. Debtor currently has prepetition outstanding balances owed to its Utility Providers of approximately $49,499.92. Debtor estimates that its aggregate average monthly postpetition payments to the Utility Providers is approximately $42,274.59. See Omnibus Declaration.

8. Debtor cannot continue to operate without continued Utility Services. If Utility Providers alter, refuse or discontinue service, even for a brief period, Debtor's business operations would be severely disrupted, jeopardizing the value of its assets and harming its revenues and profits. For this reason, Debtor requests that this Court grant immediate interim relief through granting Debtor the authority, in Debtor's sole discretion, to make prepetition payments to its Utility Providers. See Omnibus Declaration.

**D. Adequate Assurance for Utility Providers**

9. Debtor believes it has and will have adequate cash to meet all of its necessary postpetition operating expenses on a current basis, including payments to the Utility Providers. Debtor has specifically included in its budget amounts for payments to the Utility Providers, including the payment of a deposit consisting of a sum equal to one hundred percent (100%) of Debtor's estimated one-month costs for Utility Services for the Utility Providers (a "Utility Deposit"), based upon an average of Debtor's monthly costs for the six (6) months immediately preceding the Petition Date. See Omnibus Declaration.

10. Debtor requests the Court authorize it to pay in the ordinary course of business amounts due to the Utility Providers for Utility Services provided to Debtor prepetition (the "Ordinary Course Payments," and together with the Utility Deposit, the "Adequate Assurance Payments").

---

[3] The listing of any entity on **Exhibit 1** attached hereto is not an admission that any listed entity is a utility within the meaning of Bankruptcy Code section 366. The Bankruptcy Code does not define "utility," but Debtor reserves all rights to argue that any entity listed on the Utilities List is or is not a "utility" within the meaning of or entitled to the protection of Bankruptcy Code section 366.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

11. Upon Debtor's payment of the Adequate Assurance Payments, the Utility Providers would be deemed adequately assured of Debtor's future performance under 11 U.S.C. § 366.

12. As to new accounts opened by Debtor as debtor in possession, Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations. If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor because of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, Debtor requests that the Court consider a request for relief by Debtor, with notice to the Utility Provider, on an expedited basis.

13. Debtor requests the Court authorize and direct banks and financial institutions to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or intercompany transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of the attached proposed Order. Further, Debtor requests authorization to reissue checks, wire transfer requests or intercompany requests where such method of payment has been dishonored.

14. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

**E. Debtor's Proposed Adequate Assurance Procedures**

15. Debtor seeks to establish reasonable procedures (the "Procedures") by which a Utility Provider may request additional adequate assurance of future payment, in the event that such Utility Provider believes that its Utility Deposit does not provide it with satisfactory adequate assurance. Such Procedures, in particular, would provide the following:

a. If a Utility Provider is not satisfied with the assurance of future payment provided by Debtor pursuant to the proposed Utility Deposit, the Utility Provider must serve a written request (the "Request") upon Debtor

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

setting forth the locations for which Utility Services are provided, the account numbers for such locations, the outstanding balance for each account, a summary of Debtor's monthly historical utility use over the past six (6) months on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

b. The Request must be actually received by Debtor and Debtor's counsel, Brett A. Axelrod, Esq., Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, within forty-five (45) days of the date of the order granting this Motion (the "Request Deadline");

c. Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor, in its discretion, determines that the Request is reasonable;

d. If Debtor believes that a Request is unreasonable, then Debtor shall, within thirty (30) days after the Request Deadline date, file a motion pursuant to section 366(c)(2) (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to Debtor nor recover or setoff against a prepetition date deposit; and

e. Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit provided to it constitutes adequate assurance of payment.

16. If Debtor supplements the list on **Exhibit 1** attached hereto subsequent to the filing of this Motion, Debtor will serve a copy of this Motion and the signed order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service").

17. Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit 1** adding the name of the Utility Provider so served. The added Utility Provider shall have thirty (30) days from the date of service of this Motion and the Order to make a Request. In addition, Debtor may also provide a Utility Deposit to the Utility Provider that is added to the list by such supplement without further order from the Court.

18. Finally, Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice"). Upon receipt of a Termination Notice by a Utility Provider, pursuant

to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and prepetition deposit to Debtor, if any, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor. Debtor believes that the immediate refund of a Utility Deposit and prepetition deposit held by a Utility Provider, if any, whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

## III.

## LEGAL AUTHORITY

Section 105(a) authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." See Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506 (9th Cir. 2002).

Under Bankruptcy Code section 366, a utility may not alter, refuse, or discontinue services to, or discriminate against, a debtor solely on the basis of the commencement of the bankruptcy case or the debtor's failure to pay a prepetition debt unless the debtor fails to furnish adequate assurance of payment for postpetition services, in the form of a deposit or other security, within twenty (20) days after the commencement of the case:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.
>
> (c) (1)(A) For purposes of this subsection, the term "assurance of payment" means—
>
> (i) a cash deposit;





FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

> (ii) a letter of credit;
>
> (iii) a certificate of deposit;
>
> (iv) a surety bond;
>
> (v) a prepayment of utility consumption; or
>
> (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee.
>
> (B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.
>
> (2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.
>
> (3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).
>
> (B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider—
>
> (i) the absence of security before the date of the filing of the petition;
>
> (ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or
>
> (iii) the availability of an administrative expense priority.
>
> (4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

11 U.S.C. § 366.

Section 366(c)(2) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, specifically addresses utility services to a chapter 11 debtor. See 11 U.S.C. § 366(c)(2). Section 366(c)(2) of the Bankruptcy Code provides that a utility company

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

may alter, refuse, or discontinue service, if within thirty (30) days after a chapter 11 filing, such utility has not received adequate "assurance of payment" that is satisfactory to the utility. See id. Specifically enumerated among the possible forms for providing "assurance of payment" is the option to provide a cash deposit, among other things. Id. at § 366(c)(1)(A). Although the alternative forms for assurance of payment is specified by the Bankruptcy Code, determining the amount of assurance that must be provided is within the court's discretion. See 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."); 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2)."); accord In re Pacific Gas & Elec. Co., 271 B.R. 626, 644 (N.D. Cal. 2002) ("The use of the word 'may' in the second sentence [of § 366(b)] contemplates that the decision of whether to order security lies within the discretion of the Bankruptcy Court."); In re Steinebach, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Bankruptcy courts are afforded reasonable discretion in determining what constitutes adequate protection. . . .").

While the form of adequate assurance of payment may be limited under subsection 366(c) to the types of security enumerated in subsection 366(c)(1)(A), the amount of the deposit or other form of security, however, remains fully within the reasonable discretion of the Court, subject only to three specific factors that may not be considered by the Court, as listed in subsection 366(c)(3)(B). Under that subsection, when determining "whether an assurance of payment is adequate," the Bankruptcy Court may not consider: (1) whether the debtor had a prepetition deposit; (2) whether the debtor paid its utility bills on time prepetition; or (3) the administrative expense priority afforded utilities postpetition. 11 U.S.C. § 366(c)(3)(B).

Section 366(b) permits a court to find that no adequate assurance payment at all is necessary to provide a utility with adequate assurance of payment under certain circumstances. See In re Steinebach, 303 B.R. at 641 ("Bankruptcy courts are afforded reasonable discretion in determining what constitutes adequate assurance including discretion to determine that no deposit or other security is necessary."); In re Caldor, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security'

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

should be interpreted narrowly, a bankruptcy court's authority to 'modify' the level of the 'deposit or other security' provided for under § 366(b) includes the power to require 'no deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment'). Accordingly, courts have discretion to determine the amount of adequate assurance payments and, where appropriate, to determine that no such payment is necessary. Indeed, this Court has, in certain circumstances, prohibited utility companies from requiring the payment of any additional deposit or security in connection with the continued provision of utility services. See e.g. Bistro Central LV, LLC, Case No. 14-14931-ABL (Bankr. D. Nev. July 30, 2014).

Further, section 366(c), like section 366(b), simply requires that a utility's assurance of payment be "adequate." Adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay. See In re Steinebach, 303 B.R at 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance . . . all § 366(b) requires is that a utility receive only such assurance of payment as is necessary to protect its interests given the facts of the debtor's financial circumstances").

Based upon the foregoing, Debtor believes that the proposed adequate assurance is sufficient within the meaning of Bankruptcy Code section 366. Debtor proposes to make a cash deposit to the Utility Providers equal to one month's average historical invoice amount, determined using an average of the monthly invoice amounts for the six (6) months immediately preceding the Petition Date. Debtor submits that one month's billing, based on the historical average of the previous six months, is more than adequate under the totality of the facts and circumstances.[4] In fact, this Court has deemed cash deposits in amounts half of those proposed by Debtor to be adequate assurance of payment. See, e.g., In re Martifer Aurora Solar, LLC, 2014 WL 1271410, Case No. 14-10355-abl (Bankr. D. Nev. Feb. 5, 2014) (approving, as adequate assurance of payment, deposit equal to 50% of debtor's average monthly utility cost); In re Rodeo Creek Gold Inc., 2013 WL 1874664, Case No. 13-50301(MKN) (Bankr. D. Nev. March 29, 2013) (same); In re Sahara Towne Square, LLC, 2012

[4] See Adelphia Business Solutions, 280 B.R. 63, 82-83, and 86 n. 127 (Bankr. S.D.N.Y. 2002) (adequate assurance of payment is a fact-driven analysis based on the totality of the facts and circumstances of the case).

WL 2348038, Case No. 12-12537-LBR (Bankr. D. Nev. Apr. 12, 2012) (same); In re Riviera Holdings Corp., 2011 WL 6951270, Case No. 10-22910-LBR (Bankr. D. Nev. Dec. 28, 2011) (same); In re Black Gaming, LLC, 2011 WL 6012096, Case No. 10-13301-BAM (Bankr. D. Nev. Sept. 21, 2011) (same).

Debtor satisfies the criteria considered by courts in finding that adequate assurance of payment has been shown, as Utility Providers will not suffer an unreasonable risk of nonpayment with a month's deposit. Moreover, Debtor proposes to protect the Utility Providers further by establishing the Procedures provided for herein, whereby any Utility Provider can request additional adequate assurance in the event that it believes there are facts and circumstances with respect to its providing postpetition services to Debtor that would merit greater protection.

Debtor cannot continue to operate without continued Utility Services. If Utility Providers alter, refuse or discontinue service, even for a brief period, Debtor's business operations would be severely disrupted, jeopardizing the value of its assets and harming its revenues and profits. See Omnibus Declaration.

In contrast, Utility Providers will not be prejudiced by the continuation of services and will be paid all postpetition utility charges. In addition, the rights of Utility Providers will not be prejudiced should the relief requested in this Motion be granted because Utility Providers are permitted to request additional adequate protection in accordance with the proposed Procedures. Hence, Debtor requests an Order prohibiting Utility Providers from altering, refusing, or discontinuing service to Debtor conditioned solely upon Debtor's providing Utility Providers with a one month's deposit (or such other amount as determined in accordance with the Procedures). Once Debtor pays the proposed Utility Deposit, Debtor submits that it will have furnished the requisite adequate assurance of payment to such Utility Providers.

///

///

///

///

///

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Debtor's proposed method of furnishing adequate assurance of payment for postpetition Utility Services is not prejudicial to the rights of Utility Providers and is in the best interests of Debtor, its estate and its creditors. This Court has approved similar procedures to those requested herein.[5]

Because uninterrupted Utility Services are vital to the continued operation of Debtor's business, and, consequently, to the success of its Chapter 11 Case, the relief requested herein is necessary and in the best interests of Debtor, its estate and its creditors. Such relief ensures that Debtor's business operations will not be disrupted. In addition, Utility Providers and Debtor will have an orderly and fair procedure for determining any additional requests for adequate assurance.

## IV.

## NOTICE

The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor respectfully submits that no other or further notice is necessary

## V.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Debtor respectfully requests that this Court enter an Interim and Final Order, substantially in the form attached hereto as **Exhibit 2** and **Exhibit 3**, (a) prohibiting Utility Providers from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices; (b) authorizing payment (i) of the Utility Deposits and (ii)

---

[5] See, e.g., In re Martifer Aurora Solar, LLC, 2014 WL 1271410, Case No. 14-10355-abl (Bankr. D. Nev. Feb. 5, 2014); In re Rodeo Creek Gold Inc., 2013 WL 1874664, Case No. 13-50301(MKN) (Bankr. D. Nev. March 29, 2013); In re Sahara Towne Square, LLC, 2012 WL 2348038, Case No. 12-12537-LBR (Bankr. D. Nev. Apr. 12, 2012); In re Riviera Holdings Corp., 2011 WL 6951270, Case No. 10-22910-LBR (Bankr. D. Nev. Dec. 28, 2011); In re Black Gaming, LLC, 2011 WL 6012096, Case No. 10-13301-BAM (Bankr. D. Nev. Sept. 21, 2011).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

in the ordinary course of amounts due to Utility Providers arising from current and postpetition invoices, including amounts for Utility Services provided to Debtor prepetition; and, (iii) upon Debtor making such payments, deeming Utility Providers adequately assured of Debtor's future performance; (c) establishing the procedures set forth herein for determining any requests for additional adequate assurance; and (d) granting such other and further relief as this Court deems just and appropriate.

Dated this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By: *__/s/Brett Axelrod__*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT 1**
**CASH CLOUD, INC. UTILITY PROVIDERS**

| **Utility Provider** | **Service Provided** | **Prepetition Debt Owed** | **Prepetition Deposit** | **Avg. Monthly Cost** | **Proposed Adequate Assurance Amount (Utility Deposit)** |
|---|---|---|---|---|---|
| Amazon Web Services | CCOS Platform Infrastructure Services | $31,647.37 | N/A | $17,925.55 | $17,925.55 |
| Lumen | Internet | $368.88 | N/A | $416.95 | $416.95 |
| Ring Central | Telephone Services | $17,717.58 | N/A | $9,014.09 | $9,014.09 |
| Southwest Gas | Gas | N/A | N/A | $363.61 | $363.61 |
| NV Energy | Electricity | N/A | $20,330.00 | $5,852.49 | $5,852.49 |
| Cox Business | Internet and Telephone | $1,113.74 | N/A | $856.03 | $856.03 |
| Las Vegas Valley Water District | Water | ($1,361.97) | $20,000.00 | $2,945.15 | $2,945.15 |
| Republic Services | Trash | N/A | N/A | $2,212.25 | $2,212.25 |
| Verizon | Telephone | $14.32 | N/A | $416.95 | $416.95 |
| Total: | | $49,499.92 | $40,330.00 | $42,274.59 | $42,274.59 |

**EXHIBIT 2**
**PROPOSED INTERIM ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**INTERIM ORDER GRANTING DEBTOR'S MOTION:**<br>**(1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE;**<br>**(2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITIES;**<br>**(3) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND**<br>**(4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**<br><br>Hearing Date: OST PENDING<br>Hearing Time: OST PENDING<br>Estimated Time for Hearing: 20 minutes |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Upon the motion (the "Motion")[6] of the above-captioned debtor and debtor in possession ("Debtor") for entry of an interim order (the "Interim Order") (i) prohibiting utilities from altering, refusing or discontinuing service, (ii) authorizing ordinary course payments to utilities, (iii) deeming utilities adequately assured of future performance, (iv) establishing procedures for determining requests for additional adequate, (v) scheduling a final hearing to consider entry of the Final Order, and (vi) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED,** as to Debtor's existing utility accounts, that:

1. The Motion is GRANTED on an interim basis as set forth herein;

2. The final hearing (the "Final Hearing") on the Motion shall be held on February ___, 2023, at __:__ _.m., prevailing Pacific Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before February ___, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com,

[6] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Utility Providers (listed on **Exhibit 1** of the Motion) are hereby prohibited, on an interim basis until the Final Hearing on the Motion, from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices;

4. Debtor is authorized, but not directed, to pay prepetition amounts owing to the Utility Providers in Debtor's sole discretion.

5. Debtor is authorized to pay in the ordinary course of business, and on an interim basis, amounts due to the Utility Providers for postpetition Utility Services provided before such time as the Final Hearing can occur.

**IT IS FURTHER ORDERED** that:

6. If Debtor supplements the list on **Exhibit 1** of the Motion subsequent to the filing of the Motion, Debtor will serve a copy of the Motion and this signed Interim Order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service").

7. Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit 1** adding the name of the Utility Provider so served. The added Utility Provider shall have thirty (30) days from the date of service of this Motion and the Interim Order to make a Request.

8. Finally, the Order provides that Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice"). Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and prepetition deposit, if any, to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor. The

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

immediate refund of a Utility Deposit and prepetition deposit, if any, by a Utility Provider whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

**IT IS FURTHER ORDERED,** as to new accounts opened by Debtor as debtor-in-possession, that:

9. The Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.

10. If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, the Court will consider a request for relief by Debtor with notice to the Utility Provider on an expedited basis.

**IT IS FURTHER ORDERED** that:

11. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

15. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

16. Debtor's banks and financial institutions are authorized and directed, on an interim basis, to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or intercompany transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of this Order. Debtor is authorized to reissue checks, wire transfer requests or intercompany requests where such method of payment has been dishonored.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: *__/s/Brett A. Axelrod__*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

**EXHIBIT 3**
**PROPOSED FINAL ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

Debtor.

Case No. BK-23-10423-mkn

Chapter 11

**FINAL ORDER GRANTING DEBTOR'S MOTION:**
**(1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE;**
**(2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITIES;**
**(3) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND**
**(4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Hearing Date: OST PENDING
Hearing Time: OST PENDING
Estimated Time for Hearing: 20 minutes

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Upon the motion (the "Motion")[7] of the above-captioned debtor and debtor in possession ("Debtor") for entry of a Final Order (the "Final Order") (i) prohibiting utilities from altering, refusing or discontinuing service, (ii) authorizing ordinary course payments to utilities, (iii) deeming utilities adequately assured of future performance, (iv) establishing procedures for determining requests for additional adequate, and (v) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED,** as to Debtor's existing utility accounts, that:

17. The Motion is GRANTED;

18. The Utility Providers (listed on **Exhibit 1** attached to the Motion, and on any supplemental list filed with this Court prior to the Final Hearing) are hereby prohibited from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices;

19. Debtor is authorized to (a) provide each Utility Provider a sum equal to one hundred percent (100%) of Debtor's estimated monthly costs for Utility Services (as defined in the Motion)

[7] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(a "Utility Deposit"), based upon an average of Debtor's one-month utility costs for the six (6) months immediately preceding the Petition Date; and (b) pay in the ordinary course of business amounts due to the Utility Providers for Utility Services provided to Debtor prepetition (the "Ordinary Course Payments," and together with the Utility Deposits, the "Adequate Assurance Payments");

20. Upon Debtor's payment of the Adequate Assurance Payments, the Utility Providers shall be deemed adequately assured of Debtor's future performance pursuant to 11 U.S.C. § 366;

21. If any Utility Provider believes additional assurance is required, it may request such additional assurance pursuant to the procedures set forth herein as follows:

21.1. If a Utility Provider is not satisfied with the assurance of future payment provided by Debtor pursuant to the proposed Utility Deposit, the Utility Provider must serve a written request (the "Request") upon Debtor setting forth the locations for which Utility Services are provided, the account numbers for such locations, the outstanding balance for each account, a summary of Debtor's monthly historical utility use over the past six (6) months on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

21.2. The Request must be actually received by Debtor and Debtor's counsel, Brett A. Axelrod, Esq., Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, within forty-five (45) days of the date of the order granting this Motion (the "Request Deadline");

21.3. Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor, in its discretion, determines that the Request is reasonable;

21.4. If Debtor believes that a Request is unreasonable, then Debtor shall, within thirty (30) days after the Request Deadline date, file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the

subject of the unresolved Request may not alter, refuse, or discontinue services to Debtor nor recover or setoff against a prepetition date deposit; and

21.5. Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit provided to it constitutes adequate assurance of payment.

**IT IS FURTHER ORDERED** that:

22. If Debtor supplements the list on **Exhibit 1** attached to the Motion subsequent to the filing of the Motion, Debtor will serve a copy of the Motion and this signed order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service").

23. Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit 1** adding the name of the Utility Provider so served. The added Utility Provider shall have thirty (30) days from the date of service of this Motion and the Order to make a Request. In addition, Debtor may also provide a Utility Deposit to the Utility Provider that is added to the list by such supplement without further order from the Court.

24. Finally, the Order provides that Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice"). Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and prepetition deposit, if any, to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor. The immediate refund of a Utility Deposit and prepetition deposit, if any, by a Utility Provider whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

**IT IS FURTHER ORDERED,** as to new accounts opened by Debtor as debtor-in-possession, that:

25. The Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

26. If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, the Court will consider a request for relief by Debtor with notice to the Utility Provider on an expedited basis.

**IT IS FURTHER ORDERED** that:

27. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

28. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

29. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

30. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

31. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

32. Debtor's banks and financial institutions are authorized and directed to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or intercompany transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of this Order. Debtor is authorized to reissue checks, wire transfer requests or intercompany requests where such method of payment has been dishonored.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Respectfully submitted by:

**FOX ROTHSCHILD LLP**


By: *  /s/Brett A. Axelrod  *
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*


FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #