BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 7, 2023

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

Debtor.

Case No. BK-23-10423-mkn

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS; AND (II) GRANTING RELATED RELIEF**

Hearing Date: OST PENDING
Hearing Time: OST PENDING

Cash Cloud, Inc., dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), by and through its proposed undersigned counsel, the law firm of Fox Rothschild LLP, hereby submits this emergency motion (the "Motion") for the entry of interim and final orders, in the form as attached hereto as **Exhibit 1** and **Exhibit 2**, authorizing, among other things, the continued use of Debtor's prepetition Cash Management System (as defined below), Bank Accounts (as defined below) and business forms.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

The relief requested is critical for the effective reorganization of Debtor, to prevent serious delays in payments to its creditors, and to avoid disruption in the handling of Debtor's receipts, disbursements, and cash holdings by permitting Debtor to maintain its existing Bank Accounts and administer its existing Cash Management System in the ordinary course of business.

This Motion is made and based on the *Omnibus Declaration of Christopher Andrew McAlary* ("Omnibus Declaration"), the following points and authorities, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By: *_/s/Brett Axelrod_*

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## II.

## FACTUAL BACKGROUND

### A. General Background

4. On February 7, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case in this Court. Debtor is continuing in possession of its property and is operating and managing its business as a debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed. See id.[1]

### B. Overview of Debtor's Cash Management System

5. Debtor maintains a cash management system as part of the ordinary course of its business that allows Debtor to efficiently collect, transfer, and disburse funds. The Debtor operates approximately 4,983 crypto automated teller machines (the "ATM's") performing crypto transactions throughout the United States, which collect and hold cash from customer purchases of cryptocurrency. Cash from the ATM's is collected by Debtor's armored truck carrier vendors and deposited into certain specified accounts, depending on geographic area, business relationships with armored carriers, and armored carrier availability. Therefore, the maintenance of Debtor's current cash management system as part of the ordinary course of its business is critical to its operational efficiency. Post-petition, Debtor proposes to retain its current cash management systems and its prepetition bank accounts (collectively, the "Cash Management System"). See Omnibus Declaration.

### C. Debtor's Bank Accounts

6. In connection with the Cash Management System, and as of the Petition Date, Debtor maintains 10 bank accounts: two primary operating accounts (the "Operating Accounts"), two payroll accounts (the "Payroll Accounts"), two accounts payable accounts (the "AP Accounts"), one Nevada specific trust account (the "Nevada Trust Account"), and three additional deposit accounts (the "Additional Deposit Accounts"). Debtor owns and maintains its bank accounts (the "Bank Accounts"), and funds are routinely transferred among and between the Bank Accounts in the

---

[1] A detailed description of the Debtors' businesses and the reasons for the filing of this Chapter 11 Case and for the relief sought in this Motion are set forth in the *Omnibus Declaration*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ordinary course of business. Debtor does not own or maintain any other bank accounts. See Omnibus Declaration.

7. As of the Petition Date, Debtor maintained the following Bank Accounts:

**a.** **The Operating Accounts**: Debtor maintains its primary operating account with Surety Bank ending in -4665 (the "SB Operating Account"). The SB Operating Account is Debtor's primary concentration account from which Debtor disburses funds for necessary internal operations, wires for inventory purchases of cryptocurrency, and wires for private client transactions. Additionally, the SB Operating Account acts as the primary depository for funds flowing from cash collected from ATMs by armored carriers, and such deposits generally occur on a daily basis. In the ordinary course of business, the SB Operating Account receives transfers from all accounts ending in -4804, -4699, -9993, and -468, and makes disbursement to fund Surety Bank accounts ending in -4804, -4699, -9993, and -4681. The SB Operating Account has a balance of $196,044.44 as of the Petition Date.

Debtor maintains a secondary operating account with The Commercial Bank ending in -3844 (the "TCB Operating Account"). The TCB Operating Account acts as a primary depository for funds flowing from cash collected from ATMS by armored car carriers on a daily basis, in different geographic regions than the SB Operating Account. In the ordinary course of business, the TCB Operating Account receives transfers from accounts ending in -3833, -3866, and -3855, and makes disbursements to fund The Commercial Bank accounts ending in -3833, -3866, and -3855. The TCB Operating Account has a balance of $32,206.37 as of the Petition Date.

**b.** **The Payroll Accounts**: Debtor maintains its primary Payroll Account with Surety Bank ending in -4681 (the "SB Payroll Account"). The SB Payroll Account is Debtor's primary disbursement account for the payment of employee wages, salaries, and other compensation owed to employees. Employees are generally paid bi-weekly on Fridays, seven (7) days in arrears. Prior to the applicable payday, Debtor transfers the amounts necessary to satisfy their wages, payroll taxes, and garnishment obligations from the SB Operating Account to the SB Payroll Account. Funds are then transferred from the SB Payroll Account to Debtor's external payroll processor Ceridian HCM, Inc. ("Ceridian"), who then processes direct deposit transfers for the wages to each employee into the respective employee's bank account or issues an actual paycheck if an employee has not elected for direct deposit. The SB Payroll Account has a balance of $158,889.56 as of the Petition Date.

Debtor maintains an additional Payroll Account with The Commercial Bank ending in -3866 (the "TCB Payroll Account"). The TCB Payroll Account is fully funded form the TCB Operating Account, and acts as a back-up account for the SB Payroll Account. The TCB Payroll Account has a balance of $386.49 as of the Petition Date.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

c. **The AP Accounts**: Debtor maintains its primary AP Account with Surety Bank ending in -4699 (the "SB AP Account"). The SB AP Account is fully funded from the SB Operating Account, with funds being transferred on a weekly basis to cover disbursements made from the SB AP Account. The SB AP Account is primarily responsible for issuing checks and making wire transfers to vendors and utility providers. The SB AP Account has a balance of $51,606.23 as of the Petition Date.

Debtor maintains an additional AP Account with The Commercial Bank ending in -3833 (the "TCB AP Account"). The TCB AP Account is fully funded from the TCB Operating Account, with funds transferred on an as needed basis to cover disbursements. The TCB AP Account is responsible for making ACH payments to vendors who have provided Debtor with ACH instructions. The TCP AP Account has a balance of $60,967.04 as of the Petition Date.

d. **The Nevada Trust Account**: Debtor maintains the Nevada Trust Account with Surety Bank ending in -4804. Deposits from ATMs operated in the State of Nevada are required to be deposited fist in the Nevada Trust Account. All funds deposited in the Nevada Trust Account are then transferred to the SB Operating Account. The Nevada Trust Account has a balance of $0.00 as of the Petition Date.

e. **Additional Deposit Accounts**: Debtor maintains three Additional Deposit Accounts: (i) People First Bank ending in -6240 (the "PFB Account"), (ii) Surety Bank ending in -9993, and (iii) The Commercial Bank ending in -3855. The PFB Account acts as an additional deposit account for funds flowing from cash collected from ATMs by armored carriers. The PFB Account has a balance of $73,374.72 as of the Petition Date. The other Additional Deposit Accounts are maintained as back up accounts for deposits by armored carriers.

See Omnibus Declaration.

8. A list of Debtor's Bank Accounts is attached hereto as **Exhibit 2**. See Omnibus Declaration.

## III.

## LEGAL AUTHORITY

### A. The Court Should Grant Debtor's Request to Continue Use of the Cash Management System and the Bank Accounts in the Ordinary Course

9. The Bankruptcy Code grants the Court broad authority to approve the continued use of the Cash Management System and the Bank Accounts. Pursuant to section 363(c)(1) of the Bankruptcy Code, which authorizes the debtor-in-possession to "use property of the estate in the ordinary course of business without notice or a hearing." See, e.g., In re Straightline Investments, Inc., 525 F.3d 870, 879 (9th Cir. 2008). Included within the scope of Section 363(c)(1) of the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Bankruptcy Code is a debtor-in-possession's ability to continue "routine transactions" required by such Debtor's cash management system. See In re Amdura Corp., 75 F.3d 1447, 1453 (10th Cir. 1996).

10. Bankruptcy courts have routinely granted chapter 11 debtors authority to continue utilizing existing cash management systems, viewing such requests for such authority as a relatively "simple matter." In re Baldwin-United Corp., 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); see also, In re Rebel Rents, Inc., 307 B.R. 171 (Bankr. C.D. Cal. 2004); In re Westcliff Medical Laboratories, Inc., 2010 WL 5167443 (Bankr. C.D. Cal. 2010). This is particularly true where, as here, the Chapter 11 Case involves a debtor with large and complex financial affairs. In In re Charter Co., 778 F.2d 617 (11th Cir. 1985), for example, the bankruptcy court entered an order authorizing the debtor and 43 of its subsidiaries "to continue to consolidate the management of its cash as has been usual and customary in the past, and to transfer monies from affiliated entity to entity, including operating entities that are not debtors." Id. at 620. The Eleventh Circuit Court of Appeals then affirmed a subsequent district court decision denying a creditor's motion for leave to appeal the bankruptcy court's cash management order, holding that authorizing the debtor to utilize its prepetition "routine cash management system" was "entirely consistent" with applicable provisions of the Bankruptcy Code. Id. at 621. The continued use of existing cash management systems (which includes the authority to continue using prepetition bank accounts) has also been approved as a routine matter in unreported orders in numerous chapter 11 cases in this district.[2]

11. Additionally, a bankruptcy court may grant authority to use estate property other than in the ordinary course of business under §§ 363(b) and 105(a). See 11 U.S.C. § 363(b)(1) ("The trustee, after notice and a hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate.". Section 105(a) also empowers a bankruptcy court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a).

[2] See, e.g., Western Funding Incorporated, No. BK-S-13-17586-LED, 2013 WL 6047626 (Bankr. D. Nev. Oct. 21, 2013); In re Rodeo Creek Gold Inc., No. BK-13-50301 (MKN), 2013 WL 1874660 (Bankr. D. Nev. May 03, 2013); In re Jerry's Nugget, Inc., No. 12-19387-MKN, 2012 WL 5182964 (Bankr. D. Nev. Aug. 16, 2012); In re Riviera Holdings Corp., No. 10-22910-LBR, 2011 WL 4520491 (Bankr. D. Nev. Sep. 23, 2011).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**a. Debtor's Continued Use of the Cash Management System and the Bank Accounts in the Ordinary Course of Business is Critical to Preserve Debtor's Operations and Going-Concern Value**

12. Debtor has utilized the Cash Management System as part of its ordinary and usual business practices. Debtor believes its continued use of the Cash Management System is an ordinary course transaction permitted under § 363(c)(1). Moreover, appropriate circumstances exist to authorize Debtor's continued use of the Cash Management System under §§ 363(b)(1) and 105(a). See Omnibus Declaration

13. Debtor's continued use of the Cash Management System will minimize disruptions to Debtor's business operations and will preserve estate value. The Cash Management System provides significant benefits to the Debtor, including the ability to control and centrally manage corporate funds, manage the numerous cash deposits and wire transfers made by the Debtor's armored carrier vendors, ensure the availability of funds, when necessary, reduce administrative costs by facilitating the movement of funds, and develop more timely and accurate balance and presentment information. See Omnibus Declaration.

**b. The Court Should Waive Compliance with any United States Trustee Guideline or Operating Requirement that Would Interfere with the Continued Use of the Cash Management System or the Bank Accounts**

14. The U.S. Trustee Guidelines require debtors in possession to, among other things: (a) establish one debtor in possession bank account for all estate monies required for the payment of taxes, including payroll taxes; (b) close all existing bank accounts and open new debtor in possession accounts; (c) maintain a separate debtor in possession account for cash collateral; and (d) obtain checks that bear the designation "debtor in possession" and reference the bankruptcy case number and type of account on such checks.

15. Debtor hereby seeks a waiver of the U.S. Trustee's requirements that it closes the existing Bank Accounts and open new postpetition bank accounts at depositories authorized by the U.S. Trustee and that Debtor maintain tax and payroll accounts.

16. The U.S. Trustee Guidelines for bank accounts are intended to ensure a clear separation between prepetition and postpetition receipts and disbursements, to help protect against the inadvertent payment of prepetition claims by preventing banks from honoring checks drawn

before the Petition Date, to assure payment of taxes and payroll, and to protect principal balances by requiring funds to be held in approved institutions.

17. Debtor's Cash Management System, however, allows Debtor to identify and account for transfers of funds, track and keep separate prepetition and postpetition payments, and track tax and payroll obligations. While Debtor has limited opportunity and access to banks contained on the Authorized Depository List for Region 17 due to Debtor's operations in the cryptocurrency industry, Debtor's funds are insured by the Federal Deposit Insurance Corporation, and Debtor's chosen banking institutions are well recognized commercial banks who often provide banking services to crypto related companies. Moreover, the cash that is kept in the Bank Accounts is not invested in any money market or other types of short-term securities. Debtor therefore does not believe that any of the Bank Accounts are "investment accounts" as contemplated by section 345(b) of the Bankruptcy Code. See Omnibus Declaration.

18. Requiring Debtor to open new accounts would not only complicate Debtor's Cash Management System, but it would needlessly increase operating costs and Debtor's workload while delaying receipts from Debtor's ATMs, and slowing payments to important vendors and employees with no discernible benefit. See Omnibus Declaration.

### c. The Court Should Expressly Authorize the Banks to Continue to Administer the Bank Accounts Postpetition.

19. Debtor requests that the Court Authorize all Banks at which the Bank Accounts are maintained to continue to administer the Bank Accounts as they were maintained before the Petition Date. An order expressly granting the Banks authority to continue administering the Bank Accounts without interruption and in the ordinary course of business will ensure that all postpetition checks, drafts, deposits, or wires issued to or from the Bank Accounts will not be delayed or otherwise negatively impact Debtor's postpetition operations. Additionally, in the interest of clarity, Debtor respectfully requests that the Court (i) prohibit the Banks from clearing checks issued or dated prior to the Petition Date absent prior order of the Court, (ii) authorize and direct the Banks to clear all checks, drafts, deposits, wires, or other transfers issued on the Bank Accounts for payment of any claims arising on or after the Petition Date so long as sufficient funds exist in the Bank Accounts, and

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

as determined by Debtor in its business judgment, (iii) authorize the Banks to rely, in good faith, on Debtor's representation regarding which checks should be honored or dishonored, and (iv) waive any liability on party of the Banks regarding the honoring of such checks absent gross negligence or bad faith. As soon as practicable, Debtor will provide written direction to the Banks identifying which checks should and should not be honored and informing the Banks that they should continue to administer the Bank Accounts postpetition. See Omnibus Declaration.

**d. The Court Should Authorize Debtor to Pay Ordinary Course, Prepetition bank Service Fees**

20. Debtor does not believe that any Bank asserts a prepetition claim against Debtor subject to a right of setoff. If any Bank establishes that it holds a valid, prepetition claim against Debtor subject to a right of setoff, funds held in a Bank Account with such Bank may constitute cash collateral under § 363(c)(2). Debtor seeks authority to pay any ordinary course prepetition service fee normally deducted from the Bank Accounts pursuant to §§ 105(a) and 363(b) and Bankruptcy Rules 6003 and 6004. Such payment of a prepetition fee should not alter the rights of unsecured creditors if such fee is subject to a right of setoff. Additionally, Debtor proposes adequate protection to any Bank with an allowed prepetition claim against Debtor not arising from the operation of a Bank Account in the form of a first priority postpetition replacement lien on the applicable Bank Account if the Bank continues to honor checks and drafts on the Bank Account postpetition. Debtor's request the foregoing to prevent any disruption to the Cash Management System and to maintain Debtor's ordinary course operations in the best interest of Debtor and all other interested parties. See Omnibus Declaration.

**B. The Court Should Grant Debtor's Request to Continue Using Existing Business Forms and Checks**

21. The Court should waive the requirements that Debtor make additional, unnecessarily burdensome modifications to the documents with which Debtor conducts ordinary course business operations. Debtor utilizes a multitude of check types, including electronic checks (the "Checks"). Additionally, the Debtor uses a variety of correspondence and business forms, including, but not limited to, purchase orders, and other business forms (collectively, the "Business Forms"). The Trustee Guidelines for Region 17 require Debtor to modify the Checks and Business Forms such that

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

checks "bear the name of the debtor, the designation "debtor in possession," the bankruptcy case number, and the type of account, and must be pre-numbered by the bank." To minimize the expense to the Debtor's estates associated with developing or purchasing entirely new Checks and Business Forms, the delay in conducting business prior to obtaining such forms, and the associated confusion of supplier and other vendors, Debtor seeks authority to continue to use its Checks and Business Forms as such forms existed immediately prior to the Petition Date, without reference therein to the Debtor's status as a debtor in possession. Debtor will use its reasonable best efforts to mark "debtor in possession" on newly purchased Checks and Business Forms as soon as reasonably practicable following the Petition Date. See Omnibus Declaration.

22. The Debtor has prepared communication materials to distribute to the various parties with whom Debtor conducts business, which will, among other things, inform such parties of the commencement of the Chapter 11 Case. Debtor believes that these direct communications will provide adequate notice of Debtor's status as a debtor in possession. See Omnibus Declaration.

**C. The Court should Waive Bankruptcy Rule 6003**

23. The Requirements of Bankruptcy Rule 6003 Have Been Satisfied and Bankruptcy Rule 6004(h) Is Properly Waived.

24. Pursuant to Sections 105(a) and 363(c)(1) of the Bankruptcy Code, Debtor requests that this Court authorize Debtor to continue the collection and disbursement of cash in accordance with its existing Cash Management System, including the maintenance of its existing Bank Accounts.

25. If the Cash Management System or Bank Accounts are disrupted, Debtor will likely be unable to escape the immediate and irreparable harm that will follow. See Omnibus Declaration. However, Bankruptcy Rule 6003(b) provides "except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to use, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before filing of the petition. . . ." Fed. R. Bankr. P. 60003(b). In order to ensure Debtor's chances of successfully reorganizing and maximizing value for Debtor's creditors, this Court should find that the exception set forth in

Bankruptcy Rule 6003 applies in this Chapter 11 Case.[3]

26. Moreover, Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." In view of the urgency of the relief requested herein and the risk to Debtor's operations if Debtor's Cash Management System or Bank Accounts are interrupted, a fourteen-day stay of the relief sought herein is impractical. Accordingly, Debtor requests that this Court waive the stay under Bankruptcy Rule 6004(h) and provide in the order granting the relief sought herein that such order shall be effective immediately.

## IV.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court issue an interim and final order, in the form as attached hereto as **Exhibit 1** and **Exhibit 2**, authorizing the maintenance of Debtor's prepetition Cash Management System as described in detail herein, including Debtor's prepetition Bank Accounts, and such other and further relief as is just and proper.

DATED this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By: *\/s/Brett Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

[3] To the extent any of the relief requested herein is not granted at the hearing on the First Day Motions, in the alternative, and out of an abundance of caution, Debtor requests that the Court set a final hearing on any remaining matters on the earliest available date that is more than twenty-one (21) days after the Petition Date pursuant to Rule 6003.



FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT 1**
**PROPOSED INTERIM ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**INTERIM ORDER: (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS; AND (II) GRANTING RELATED RELIEF**<br><br>Hearing Date: OST PENDING<br>Hearing Time: OST PENDING<br>Estimated Time for Hearing: 20 minutes |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of an interim order (the "Interim Order") (i) authorizing continued use of prepetition bank accounts, (ii) granting related relief, and (iii) scheduling a final hearing to consider entry of the Final Order, as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED on an interim basis as setforth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on February ___, 2023, at __:__ _.m., prevailing Pacific Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before February ___, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

(United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. Debtor is authorized, on an interim basis, to continue using its integrated Cash Management System as described in the Motion, until the Final Hearing on the Motion.

4. Debtor is authorized, on an interim basis, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the date of entry of the order for relief (the "Petition Date"), (b) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, contracts, purchase orders and invoices), as well as Checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to its status as debtor-in-possession, and (c) treat the Bank Accounts for all purposes as accounts of Debtor as debtor-in-possession.

5. Prior to the Final Hearing, Debtor shall maintain records of all transfers, receipts and transactions within the Cash Management System, including the Bank Accounts, so that all transfers, receipts and transactions shall be adequately and promptly documented in, and ascertainable and traceable from, Debtor's books and records.

6. On an interim basis, and except as otherwise expressly provided in this Order and only to the extent funds are available in each applicable Bank Account, the Banks are authorized and directed to continue to use their commercially reasonable best efforts to service and administer the Bank Accounts as accounts of Debtor as debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

7. To the extent permitted by an order of this Court other than this Order, the Banks are authorized and directed, on an interim basis, to continue to use their commercially reasonable best efforts to honor any debits made, drawn or issued in payment of prepetition claims.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

8. Debtor is authorized to pay the Banks all postpetition ordinary course bank fees, expenses and charges in connection with the Bank Accounts and the Cash Management System.

9. Debtor and the Banks are authorized to continue to perform pursuant to the terms of any prepetition documents and agreements governing the Bank Accounts.

10. Debtor is authorized to open any new Bank Accounts or close any existing Bank Account as Debtor deems necessary and appropriate in its sole discretion prior to the Final Hearing.

11. Debtor and the Banks are authorized to take all actions necessary, prior to the Final Hearing, to effectuate the relief granted pursuant to this Order in accordance with the Motion. Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived and Debtor is excepted from the operation of Bankruptcy Rule 6003(b), and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: *<u>/s/Brett A. Axelrod</u>*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By________________________________

,
Trial Attorney for Tracy Hope Davis,
United States Trustee
Foley Federal Building
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, Nevada 89101

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

,
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE

Approved / Disapproved

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

**EXHIBIT 2**
**PROPOSED FINAL ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

Debtor.

Case No. BK-23-10423-mkn

Chapter 11

**FINAL ORDER: (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS; AND (II) GRANTING RELATED RELIEF**

Hearing Date: OST PENDING
Hearing Time: OST PENDING
Estimated Time for Hearing: 20 minutes

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of an interim order (the "Interim Order") (i) authorizing continued use of prepetition bank accounts, and (ii) granting related relief, as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

13. The Motion is GRANTED on an final basis as setforth herein.

14. Debtor is authorized to continue using its integrated Cash Management System as described in the Motion.

15. Debtor is authorized to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the date of entry of the order for relief (the "Petition Date"), (b) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, contracts, purchase orders and invoices), as well as Checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to its status as debtor-in-

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

possession, and (c) treat the Bank Accounts for all purposes as accounts of Debtor as debtor-in-possession.

16. Debtor shall maintain records of all transfers, receipts and transactions within the Cash Management System, including the Bank Accounts, so that all transfers, receipts and transactions shall be adequately and promptly documented in, and ascertainable and traceable from, Debtor's books and records.

17. Except as otherwise expressly provided in this Order and only to the extent funds are available in each applicable Bank Account, the Banks are authorized and directed to continue to use their commercially reasonable best efforts to service and administer the Bank Accounts as accounts of Debtor as debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

18. To the extent permitted by an order of this Court other than this Order, the Banks are authorized and directed to continue to use their commercially reasonable best efforts to honor any debits made, drawn or issued in payment of prepetition claims.

19. Debtor is authorized to pay the Banks all postpetition ordinary course bank fees, expenses and charges in connection with the Bank Accounts and the Cash Management System.

20. Debtor and the Banks are authorized to continue to perform pursuant to the terms of any prepetition documents and agreements governing the Bank Accounts.

21. Debtor is authorized to open any new Bank Accounts or close any existing Bank Account as Debtor deems necessary and appropriate in its sole discretion.

22. Debtor and the Banks are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion. Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived and Debtor is excepted from the operation of Bankruptcy Rule 6003(b), and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

23. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: *___/s/Brett A. Axelrod___*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By________________________________
,
Trial Attorney for Tracy Hope Davis,
United States Trustee
Foley Federal Building
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, Nevada 89101

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

,
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES
TRUSTEE

Approved / Disapproved

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

**EXHIBIT 3**
**BANK ACCOUNTS**

| BANK | TYPE OF BANK ACCOUNT | ACCOUNT # |
|---|---|---|
| Surety Bank | Operating | -4665 |
| Surety Bank | Payroll | -4681 |
| Surety Bank | Accounts Payable | -4699 |
| Surety Bank | Nevada Deposit Trust Account | -4804 |
| Surety Bank | Deposit Account | -9993 |
| People First Bank | Deposit Account | -6240 |
| The Commercial Bank | Operating | -3844 |
| The Commercial Bank | Payroll | -3866 |
| The Commercial Bank | Accounts Payable | -3833 |
| The Commercial Bank | Deposit Account | -3855 |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)