BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 7, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>              Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTOR TO PAY PREPETITION VENDOR LIABILITIES AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS ISSUED RELATING TO VENDOR LIABILITIES**<br><br>Hearing Date: OST PENDING<br>Hearing Time: OST PENDING |

Cash Cloud, Inc., dba Coin Cloud ("<u>Debtor</u>"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "<u>Chapter 11 Case</u>"), hereby submits this motion (the "<u>Motion</u>") for entry of an interim and final order, in the form attached hereto as **Exhibit 1** and **Exhibit 2**: (I) authorizing, but not directing, Debtor to pay prepetition obligations owed to Debtor's

1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

key cash logistics vendors, armored carriers, warehousers, web service providers, retail hosts, and software providers (collectively, the "Vendors" and the "Vendor Liabilities"); and (II) authorizing and directing financial institutions to receive, process, honor and pay all outstanding prepetition checks issued related to the Vendor Liabilities.

This Motion is made and based on the *Omnibus Declaration of Christopher Andrew McAlary* (the "Omnibus Declaration") filed in support of First Day Motions, the following points and authorities, the papers and pleadings on file with the Court in the Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By: _____ */s/Brett Axelrod* _____
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
     *[Proposed] Counsel for Debtor*

## MEMORANDUM POINTS AND AUTHORITIES

### I.

### JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) & (M).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a), 363(b), 1107, 1108 and 507(a) and Bankruptcy Rules 6003 and 6004.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4.      Pursuant to Local Rule 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## II.

## FACTUAL BACKGROUND

**A.      General Background[1]**

5.      On February 7, 2023 (the "<u>Petition Date</u>"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case in this Court.  Debtor is continuing in possession of its property and is operating and managing its business as a debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108.  No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed.  <u>See</u> <u>id.</u>

6.      Debtor is in the business of operating approximately 4,983 automated teller machines (the "<u>ATMs</u>") to process customer cryptocurrency transactions. In that capacity, Debtor is responsible for maintaining the software for its ATM's, which enables customers to perform crypto transactions, and maintaining sufficient replacement machines within its third-party warehousing providers. Debtor is only able to collect cash from the ATMs, and thereby realize value from its business, through its armored carrier and cash logistics vendors. <u>See</u> Omnibus Declaration.

**B.      Debtor's Critical Vendors**

7.      Debtor's business depends upon a network of armored carrier vendors to collect cash from Debtor's ATMs for vaulting and deposit into Debtor's operating accounts. Debtor's ATM's require software and web hosting functions in order to complete customer transactions, and Debtor must store and maintain additional ATMs with its third-party warehousers.  Debtor makes payments to its Vendors in exchange for their goods or services, and will not be able to operate without the services of its Vendors. <u>See</u> Omnibus Declaration.

---

[1] A detailed description of the Debtors' businesses and the reasons for the filing of this Chapter 11 Case and for the relief sought in this Motion are set forth in the Omnibus Declaration.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

8.      As of the Petition Date, Debtor does not believe it has prepetition outstanding checks issued to its Vendors for the payment of prepetition Vendor Liabilities. However, in an abundance of caution, Debtor requests authority from this Court to pay any prepetition outstanding checks issued to its Vendors for the payment of prepetition Vendor Liabilities.  Should Debtor become informed of any such checks, it will provide a list of the prepetition checks for Vendor Liabilities including check numbers, Vendor names and check amounts, in the form attached hereto as **Exhibit 3**. See Omnibus Declaration.

9.      Payment of the Vendor Liabilities is crucial to Debtor's continued operations and preservation of the going-concern value of the estate. If the outstanding checks for Vendor Liabilities are not honored, or Debtor is not authorized to make prepetition payments on the Vendor Liabilities, Debtor believes that its crucial Vendors will refuse to continue working with Debtor. Debtor also believes that, without payment, its armored carrier and cash logistics Vendors may cease to provide service, or may assert a right of setoff or recoupment on Debtor's cash. Moreover, Debtor believes that its third-party warehousers may assert liens under applicable state law on Debtor's stored ATMs. At a minimum, failure to honor the Vendor Liabilities will severely and irreparably harm Debtor's business relations, as well as its reputation. The honoring of the Vendor Liabilities is essential for Debtor's successful reorganization. See Omnibus Declaration.

10.     Debtor has three (4) critical categories of Vendors that provide essential goods and services necessary for Debtor to operate its business"

    a.  **Software and Internet Providers.** The operation of Debtor's ATMs requires software to be installed on each machine that is provided by third-party vendors. Debtor also must maintain an internal enterprise resources planning system to manage its cash management system and accounting functions. Lastly, must maintain its internet providers to enable connections to the ATMs, and for Debtor's internal uses.

    b.  **Warehousers.** Debtor currently has approximately 1900 ATMs in storage with third-party warehousers. These ATMs will be used, as needed, to replace malfunctioning ATMs, and to expand Debtor's business into emerging and profitable markets.

c. **Armored Carriers and Cash Logistics Providers.** Debtor's business relies on armored carriers to retrieve cash from Debtor's ATMs on a daily basis, and facilitate the deposit of cash into Debtor's operating accounts. Due to the national presence of Debtor's operations, Debtor is required to maintain multiple armored carrier vendors and cash logistics providers to cover all geographic locations wherein Debtor operates its business.

d. **Retail Hosts.** Debtor has key relationships with retailers across the country that allow Debtor to place its ATMs in retail locations. Certain of Debtor's retailers constitute a significant portion of Debtor's revenue stream, and it is critical that those retailers allow Debtor to keep its ATMs in those retail locations.

11.    Debtor respectfully requests that the Court enter an Order authorizing it to honor and/or pay, in its discretion, all Vendor Liabilities in existence as of the Petition Date, and regardless of when the liability was incurred or presented for payment, in the ordinary course of business. The requested relief is in the best interests of Debtor's estate as it will enable Debtor to continue its operations and preserve the value of Debtor's estate for the benefit of creditors, and for Debtor's long term business relationships and goodwill.  See Omnibus Declaration.

## III.

## LEGAL AUTHORITY

Debtor respectfully submits that the relief requested herein is warranted by Section 105(a) of the Bankruptcy Code, in conjunction with Section 363 and/or Sections 704, 1107 and 1108 and the "necessity of payment" doctrine.  Section 105 authorizes the Bankruptcy Court to "[i]ssue any order, process or judgment that is necessary or appropriate to carry out the provisions of . . ." the Bankruptcy Code. 11 U.S.C. § 105(a).  As one court observed:

> The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the Debtors is not a novel concept.  It was first articulated by the United States Supreme Court in Miltenberger v. Logansport, C. & S.W. R. Co., 106 U.S. 286, 1 S.Ct. 140, 27 L.Ed. 117 (1882) and is commonly referred to as either the "doctrine of necessity" or the "necessity of payment" rule.  This rule recognizes the existence of the judicial power to authorize a Debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the Debtor.

In re Ionosphere Clubs, Inc., 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5

Sections 704, 1106, and 1107(a) establish that a debtor-in-possession is a fiduciary holding the bankruptcy estate and operating the business for the benefit of the creditors; therefore, the debtor-in-possession has a fiduciary duty to "protect and preserve the estate, including an operating business's going-concern value." In re CoServ, L.L.C., 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); 11 U.S.C. §§ 704, 1106, and 1107(a).  When, as here, this duty can only be fulfilled by the pre-plan satisfaction of certain prepetition claims, Sections 105, 704, 1107 and 1108, taken together, permit such pre-plan payments when it is critical that the debtor deal with the claimant, when the claimant is virtually indispensable to profitable operations or preservation of the estate, and where there is no practical or legal alternate by which the debtor can deal with the claimant other than by payment of the claim.  See In re CoServ, L.L.C., 273 B.R. at 497-499.

Here, it is necessary that this Court grant the relief requested herein to facilitate Debtor's continued operations. The importance of Debtor's business relationships with its Vendors cannot be underestimated. If Debtor does not honor its outstanding checks for Vendor Liabilities incurred in the ordinary course of its business, Debtor's Vendors will likely refuse to continue working with Debtor and could impede Debtor's operations. More specifically, without the ability to make prepetition payments, Debtor's armored carrier and cash logistics providers may hold Debtor's cash and/or assert a right of setoff or recoupment against prepetition liabilities. Additionally, Debtor's third party warehousers may assert liens under applicable state law on Debtor's stored ATMs. This would be disastrous to Debtor's prospects to successfully reorganize.  It is essential that Debtor be allowed to honor its prepetition checks for Vendor Liabilities, and make additional payments on its prepetition Vendor Liabilities. See Omnibus Declaration.

Moreover, a bankruptcy court may authorize a debtor to utilize property of the estate under Section 363 of the Bankruptcy Code.  See 11 U.S.C. § 363(b).  Courts generally apply a business judgment test in determining whether to approve a debtor's use of property of the estate.  See In re Ernst Home Center, Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997) (citing In re Continental Air Lines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986); In re Lionel Corp., 722 F.2d 1063, 1070 (2nd Cir. 1983); In re Walter, 83 B.R. 14 (B.A.P. 9th Cir. 1988)).

Here, Section 105(a) of the Bankruptcy Code provides a statutory basis for the Court to permit the use of estate funds under Section 363 of the Bankruptcy Code to authorize payment of the above-stated prepetition liabilities, as such payment is essential to the continued operation and effective reorganization of Debtor, as well as the preservation of goodwill.  See In re Ionosphere Clubs, Inc., 98 B.R. at 175; In re Tropical Sportswear Int'l Corp., 320 B.R. 15, 20 (Bankr. M.D. Fla. 2005) ("It is not uncommon for a bankruptcy court to allow payment to critical vendors pursuant to its equitable powers under Sections 105(a) and 363 of the Bankruptcy Code.") (citing In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3rd Cir. 1981); In re NVR L.P., 147 B.R. 126 (Bankr. E.D. Va. 1992)); In re Kmart, 359 F.3d 866, 872 (7th Cir. 2004) (suggesting that Section 363 of the Bankruptcy Code may support the payment of certain prepetition debt); In re Fultonville Metal Products Co., 330 B.R. 305, 313 (M.D. Fla. 2005) (quoting In re Tropical Sportswear Int'l Corp.).

This Court has authorized debtors to honor prepetition liabilities, and has entered orders granting similar relief to the relief requested herein. See, e.g., In re Ahern Rentals, Inc., Case No. 11-53860, at Docket No. 32 (Bankr. D. Nev. 2011); In re Rodeo Creek Gold Inc., Case No. 13-50301, at Docket No. 66 (Bankr. D. Nev. 2013); In re Red Rose, Inc. d/b/a Petersen-Dean, No. 20-12814-mkn, Docket Nos. 88, 92, 93, 144, 155, 156, 313, 917 (Bankr. D. Nev. 2020) (authorizing payment of prepetition critical vendor claims, adequate protection to utilities on prepetition claims, payment of prepetition trust fund taxes, continued use of prepetition bank accounts and cash management system, and pay prepetition vendor liabilities and customer reimbursements).

Authorizing Debtor to honor the Vendor Liabilities in existence as of the Petition Date is crucial to the preservation, protection, and maximization of Debtor's estate. Such obligations comprise a small portion of Debtor's total prepetition debts, yet honoring such obligations will contribute significantly to Debtor's revenue-generating capability and fostering goodwill. Without the requested relief, Debtor's business operations will be seriously disrupted. See Omnibus Declaration.

Moreover, Debtor's creditors will benefit from the relief sought herein. If Debtor is prohibited from honoring prepetition Vendor Liabilities, consistent with its past business practices, it will likely be unable to continue its operations. Realizing the value of Debtor's receivables depends

on the collection of cash in Debtor's ATMs. Consequently, the requested relief will preserve goodwill and help protect and preserve the value of Debtor's estate during this critical time. See Omnibus Declaration.

Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy or lease under Section 365 of the Bankruptcy Code.  Likewise, if this Court grants the relief sought herein, any payment authorized pursuant to the Court's order is not intended and should not be construed as an admission to any claim's validity or a waiver of the Debtor's right to dispute such claim subsequently.

**IV.**

**<u>NOTICE</u>**

The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor respectfully submits that no other or further notice is necessary.

///
///
///
///
///
///
///
///
///
///

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## V.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter interim and final orders, in the form attached hereto as **Exhibit 1** and **Exhibit 2**: (i) authorizing Debtor to pay its prepetition Vendor Liabilities; (ii) authorizing and directing financial institutions to receive, process, honor and pay all outstanding prepetition checks issued by Debtor for the Vendor Liabilities; and (iii) granting Debtor such other and further relief as is just and proper.

DATED this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By:  _____*/s/Brett Axelrod*_____
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

# EXHIBIT 1
## PROPOSED INTERIM ORDER

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | |
| Debtor. | **INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION (I) AUTHORIZING DEBTOR TO PAY PREPETITION VENDOR LIABILITIES AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS ISSUED RELATING TO VENDOR LIABILITIES** |
| | Hearing Date:  OST PENDING<br>Hearing Time: OST PENDING<br>Estimated Time for Hearing:  20 minutes |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of an interim order (the "Interim Order") *(i) Authorizing Debtor To Pay Prepetition Vendor Liabilities And (ii) Authorizing And Directing Financial Institutions To Receive, Process, Honor And Pay All Checks Issued Relating To Vendor Liabilities*; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.    The Motion is GRANTED on an interim basis as set forth herein.

2.    The final hearing (the "Final Hearing") on the Motion shall be held on February ___, 2023, at __:__ _.m., prevailing Pacific Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before February ___, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas,

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

2

NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002.  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.      Debtor is hereby authorized, but not directed, to pay its prepetition Vendor Liabilities (as the term is defined in the Motion), subject to a total limit of $700,000.00 (the "Interim Payment Limit"), prior to the Final Hearing on the Motion.

4.      Debtor is hereby authorized to pay Brink's U.S. ("Brinks"), Debtor's primary armored carrier and cash logistics provider, the sum of $630,000.00 for past-due prepetition amounts outstanding, in exchange for continued provision of services. Brinks shall retain all rights to receive additional prepetition payments, for prepetition amounts outstanding, in exchange for continued provision of services to Debtor, upon entry of a Final Order on the Motion.

4.      The banks and financial institutions at which Debtor maintains its accounts are authorized and directed, on an interim basis, to receive, process, honor and pay all such prepetition checks presented for payment, to the extent sufficient funds are on deposit in such accounts.

5.      Debtor is authorized, on an interim basis, to issue replacement checks to the extent necessary to pay prepetition Vendor Liabilities.

6.      Debtor is excepted from the operation of Bankruptcy Rule 6003(b).

7.      Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived, and this Order shall be effective immediately.

8.      This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**IT IS SO ORDERED.**

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: ___/s/Brett A. Axelrod_____
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*


APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
    ,
    Trial Attorney for Tracy Hope Davis,
    United States Trustee
    Foley Federal Building
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐    The Court has waived the requirement of approval in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

<br>

,
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES
TRUSTEE

_ Approved / Disapproved _

☐    I certify that this is a case under Chapter 7 or 13, that I has served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

**EXHIBIT 2**
**PROPOSED FINAL ORDER**

2

3

4

5

6
BRETT A. AXELROD, ESQ.

7
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.

8
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.

9
Nevada Bar No. 16023

10
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700

11
Las Vegas, Nevada 89135
Telephone: (702) 262-6899

12
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com

13
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com

14
*[Proposed] Counsel for Debtor*

15

16
**UNITED STATES BANKRUPTCY COURT**

17
**DISTRICT OF NEVADA**

18
In re

19
                                                    Case No. BK-23-10423-mkn

20
CASH CLOUD, INC.,                                   Chapter 11

21
dba COIN CLOUD,                                     **FINAL ORDER (I) AUTHORIZING
                                                    DEBTOR TO PAY PREPETITION**

22
                          Debtor.                   **VENDOR LIABILITIES AND (II)
                                                    AUTHORIZING AND DIRECTING**

23
                                                    **FINANCIAL INSTITUTIONS TO
                                                    RECEIVE, PROCESS, HONOR AND**

24
                                                    **PAY ALL CHECKS ISSUED
                                                    RELATING TO VENDOR LIABILITIES**

25

26
                                                    Hearing Date:  OST PENDING

27
                                                    Hearing Time: OST PENDING
                                                    Estimated Time for Hearing:  20 minutes

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of a final order (the "Final Order") *(i) Authorizing Debtor To Pay Prepetition Vendor Liabilities And (ii) Authorizing And Directing Financial Institutions To Receive, Process, Honor And Pay All Checks Issued Relating To Vendor Liabilities*; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED.

2.      Debtor is hereby authorized, but not directed, to pay its prepetition Vendor Liabilities (as the term is defined in the Motion).

3.      The banks and financial institutions at which Debtor maintains its accounts are authorized and directed to receive, process, honor and pay all such prepetition checks presented for payment, to the extent sufficient funds are on deposit in such accounts.

4.      Debtor is authorized to issue replacement checks to the extent necessary to pay all prepetition Vendor Liabilities.

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5.      Debtor is excepted from the operation of Bankruptcy Rule 6003(b).

6.      Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived, and this Order shall be effective immediately.

7.      This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**IT IS SO ORDERED.**

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:    _/s/Brett A. Axelrod_
       BRETT A. AXELROD, ESQ.
       Nevada Bar No. 5859
       NICHOLAS A. KOFFROTH, ESQ.
       Nevada Bar No. 16264
       ZACHARY T. WILLIAMS, ESQ.
       Nevada Bar No. 16023
       1980 Festival Plaza Drive, Suite 700
       Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
       ,
       Trial Attorney for Tracy Hope Davis,
       United States Trustee
       Foley Federal Building
       300 Las Vegas Boulevard South, Suite 4300
       Las Vegas, Nevada 89101

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐   The Court has waived the requirement of approval in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion

☐   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

 

,
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES
TRUSTEE

  Approved / Disapproved    

☐   I certify that this is a case under Chapter 7 or 13, that I has served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

**EXHIBIT 3**

**SUPPLEMENTAL LIST OF PREPETITION CHECKS OUTSTANDING TO VENDORS FOR PROVISION OF PREPETITION SERVICES**

| CHECK NO. | CHECK DATE | PAYEE | CHECK AMOUNT |
|-----------|------------|-------|--------------|
|           |            |       |              |
|           |            |       |              |
|           |            |       |              |
|           |            |       |              |
|           |            |       |              |
|           |            |       |              |
|           |            |       |              |
|           |            |       |              |
|           |            |       |              |
|           |            |       |              |
|           |            |       |              |
|           |            |       |              |
|           |            | **TOTAL** | **$** |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)