BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 7, 2023

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.  BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO (I) MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS AND DEPOSITS; AND (II) HONOR PREPETITION OBLIGATIONS RELATED THERETO** |
| | Hearing Date:    OST PENDING<br>Hearing Time:    OST PENDING |

Cash Cloud, Inc., dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby submits this motion (the "Motion") for entry of an interim and final order, substantially in the forms attached hereto as **Exhibit 1** and **Exhibit 2** (the "Interim Order" and the "Final Order," respectively): (i) authorizing, but not directing, the

142082597.1

Debtor to maintain and administer its customer programs and honor prepetition obligations related thereto in a manner consistent with past practices; (ii) authorizing, but not directing, the Debtor to maintain customer deposits and honor prepetition obligations related thereto in a manner consistent with past practices; and (iii) granting related relief.  The Motion is made and based upon the following memorandum of points and authorities, the *Omnibus Declaration of Christopher Andrew McAlary* ("Omnibus Declaration") filed in support hereof, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By:    */s/Brett Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2

142082597.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are §§ 105(a), 362(d), 363(b), 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      Pursuant to Local Rule 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### II.

### FACTUAL BACKGROUND

**A.      General Background**

5.      On February 7, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case in this Court.  Debtor is continuing in possession of its property and is operating and managing its business as a debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108.  No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed.  See id.

**B.      The Debtor's Customer Programs**

6.      In the ordinary course of their businesses, the Debtor offers its customers the following customer programs (the "Customer Programs") to develop and sustain a positive reputation for the Debtor's services in the marketplace, to attract new customers, and to enhance loyalty and transactions among the Debtor's existing customer base: (i) customer discounts and accommodations; and (ii) refunds and credits.  See Omnibus Declaration.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

### 1.  Customer Discounts and Promotions

7.      In the ordinary course of its business, the Debtor offers promotional discounts to new and current customers (collectively, the "Customer Discounts").   As of the Petition Date, the Debtor offers several Customer Discounts primarily aimed at retaining new customers that include: (i) offering a 10% to 25% discount on the Debtor's transaction fees charged to customers using the Debtor's digital currency machines (a "DCM"); and (ii) offering new customers $25 in free Bitcoin after the purchase of $150 or more at any of the Debtor's DCMs.  The Debtor provides these Customer Discounts by disseminating discount codes on its website, at its DCMs, on its mobile app, through affiliate websites, and via SMS message, among other methods.  Typically, discount codes may only be used between one and three times, may require the customer to engage in a minimum transaction amount, and are subject to expiration dates that range between 30 and 90 days from the start of the Customer Discount promotion.  However, as a result of the lifecycle of the Debtor's Customer Discount programs, certain Customer Discounts that were available as of the Petition Date may remain outstanding and active postpetition.  See Omnibus Declaration.

8.      The Customer Discounts cost approximately $12,088 per month on average.  The Debtor is not aware of any current, pending prepetition liabilities outstanding under the Customer Discounts; however, certain customers may hold active Customer Discount codes obtained prepetition.  The Debtor anticipates that the average expense of the Customer Discounts program will be consistent with prepetition levels.  By this Motion, the Debtor seeks authorization to maintain, with modifications as appropriate in the Debtor's sole discretion to account for this Chapter 11 Case, the Customer Discounts that were in effect on the Petition Date, and to continue the Customer Discounts with respect to transactions after the Petition Date.  See Omnibus Declaration.

### 2.  Customer Refund Policy

9.      In the ordinary course of the Debtor's business, the Debtor maintains a discretionary refund policy (the "Refund Policy") under which the Debtor reserves the right to scrutinize any and all transactions with its clients.  Pursuant to the Refund Policy, if a transaction is interrupted or canceled before it is completed, the client may request a refund.  A refund request may be granted at the sole and absolute discretion of the Debtor.  In the event that a transaction is canceled prior to

4

142082597.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

completion and a client has already delivered currency or digital currency to the Debtor, via DCM or otherwise, for the purposes of a refund (whether partial or full), the value of the transaction will be set at a conversation rate in United States dollars regardless of whether the canceled transaction was a purchase or sale of digital currency. The amount of funds to be returned to a client, if any, are calculated by taking the value of the transaction and reducing the same by the amount of applicable unclaimed property fees and/or liquidated damages (the "Refund Amount"). For canceled purchases of digital currency, the Refund Amount is remitted in United States dollars. For canceled sales of digital currency, the Refund Amount is remitted in the digital currency that was to be sold (to the extent available) or United States dollars (if such digital currency is not available), the value of which is set in the sole and absolute discretion of the Debtor. A request for a refund is not complete unless it includes the information necessary for the Debtor to process and deliver the requested refund. The Debtor only acts on refund requests that are complete and notifies any client requesting a refund if their request is deficient. The Refund Policy provides the Debtor's clients with comfort that they will be able to receive a refund if a transaction is not completed or not to their satisfaction. As of the Petition Date, the Debtor is not aware of any outstanding prepetition refund obligations owing to clients. See Omnibus Declaration.

10.     The Refund Policy results in approximately 83 refunds per month with Refund Amounts that average, in the aggregate, $29,000 on a monthly basis. Although the Debtor is not aware of any current, pending prepetition liabilities outstanding under the Refund Policy, certain customers may hold contingent refund claims against the Debtor for transactions that took place prepetition. By this Motion, the Debtor seeks authorization to maintain, with modifications as appropriate in the Debtor's sole discretion to account for this Chapter 11 Case, the Refund Policy with respect to transactions that took place before the Petition Date, and to continue the Refund Policy with respect to transactions after the Petition Date. See Omnibus Declaration.

## C.     The Transaction Hold Obligations

11.     In the ordinary course of business, the Debtor encounters two types of delays that may preclude immediate funding or finalization of a transaction for the purchase or sale of digital currency (each a "Transaction Hold"). ***First***, the Debtor experiences typical processing delays (a "Processing

142082597.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Hold") in effectuating a transaction related to either verifying the cash a client has inserted into a DCM, verifying the wallet address to which the Debtor is transmitting digital currency, processing the transaction on the blockchain, or other service disruptions that may delay finalizing a transaction. Processing Holds last between 15 and 45 minutes from when the transaction is initiated by the client at a DCM and went the transaction is funded and is often outside the control of the Debtor. **Second**, the Debtor has established internal compliance procedures on transactions over a certain amount or with other indicia of potential fraud that result in an automatic delay (a "Compliance Hold") until the Debtor can confirm the identity of the client and the validity of the pending transaction. In the case of a Compliance Hold, the Debtor contacts the client to obtain confirmatory information. The period between the client's transaction initiation, transaction verification, and transaction finalization ranges between one and 24 hours on average, but may last longer if the customer is unreachable. If the transaction is determined to be fraudulent, the Debtor returns funds to the affected customer. If the customer remains unreachable and does not complete a request under the Refund Policy, then the transaction funds are treated pursuant to applicable state unclaimed funds laws. See Omnibus Declaration.

12.     The Transaction Holds and obligations related thereto (the "Transaction Hold Obligations") fluctuate materially as transactions are initiated by customers and funded by the Debtor. The Transaction Holds serve significant purposes important to the Debtor's operations—ensuring that transactions are accurately effectuated and that customers are protected against fraud. Thus, the Transactions Holds are of material importance to the Debtor's ability to retain customers and preserve consumer confidence in the security of the Debtor's platform. Moreover, the Transaction Holds ensure the Debtor complies with its obligations under its federal and state licenses to safeguard against fraudulent transactions. Although the Debtor has not quantified the pending prepetition liabilities outstanding as a result of the Transaction Holds, certain customers will likely hold contingent claims (even if briefly) against the Debtor for transactions that were initiated prepetition but did not fund as a result of a Transaction Hold. Moreover, the funds held by the Debtor as a result of a transaction initiated prepetition may be properly considered customer deposits pending finalization of the transaction. By this Motion, the Debtor seeks authorization to maintain its operations, with

142082597.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

modifications as appropriate in the Debtor's sole discretion to account for this Chapter 11 Case, including the Transaction Holds and payment of prepetition Transaction Hold Obligations, and to continue operating with its Transaction Hold policies after the Petition Date consistent with prior practice.  See Omnibus Declaration.

**III.**

**LEGAL AUTHORITY**

**A.**     **Funding Transaction Hold Obligations and Refund Amounts Is Required Postpetition Where the Transaction Was Initiated Prepetition and Subject to a Transaction Hold.**

The Debtor seeks authority to fund Transaction Hold Obligations and issue Refund Amounts postpetition where the transaction was initiated prepetition and subject to a Transaction Hold.  These transaction amounts principally represent the funding or refund of a transaction for which the Debtor is holding customer funds in trust or as a deposit.  Indeed, the funds held by the Debtor subject to Transaction Holds are not property of the Debtor's estate because the Debtor has withheld such amounts from customers pending the resolution of the relevant transaction.  See 11 U.S.C. § 541(b)(1), (d). Additionally, state laws require the Debtor to continue to hold—and ultimately turn over to state officials—unclaimed funds where a customer cannot be reached to verify a transaction following a Transaction Hold.  See, e.g., NRS 120.A.010, *et seq*.  Noncompliance with state law concerning the maintenance and turnover of certain unclaimed funds may subject the Debtor and its estate to interest and penalties on misappropriated funds.  See, e.g., NRS § 120A.730.  Funds held pursuant to a Transaction Hold are likely not property of the Debtor's estate, the Debtor requests authority to transmit such funds to the proper parties in the ordinary course of business.  Payment of all obligations arising from Transaction Delays are crucial to the Debtor's continued operations, the confidence of customers in the Debtor's services, and the success of this Chapter 11 Case.

**B.  Certain Transaction Hold Obligations Are Entitled to Priority.**

Sections 507(a)(7) of the Bankruptcy Code entitles certain Transaction Hold Obligations to priority treatment.  As priority claims, the Debtor is required to pay these claims in full to confirm a chapter 11 plan.  See 11 U.S.C. § 1129(a)(9)(B).  To the extent that customer receives no more than $3,350 on account of claims entitled to priority, the relief sought with respect to payment of

7

Transaction Hold Obligations only affects the timing of payments to customers and does not have any material negative impact on recoveries for general unsecured creditors.  Indeed, the Debtor submits that payment of the Transaction Hold Obligations at this time enhances value for the benefit of all interested parties.  Any delay associated with releasing a pending transaction or refunding a fraudulent transaction following a Transaction Hold will have severe negative impacts on the Debtor's brand and ability to maintain customer loyalty.

**C.** **Maintenance of the Customer Programs and Payment of Transaction Delay Obligations Is Warranted Under § 363(b)(1) of the Bankruptcy Code and the Doctrine of Necessity.**

Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, a debtor in possession "is a fiduciary holding the bankruptcy estate and operating the business for the benefit of its creditors and (if the value justifies) equity owners." In re CoServ, L.L.C., 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going-concern value." Id. Some courts have noted that there are instances in which a debtor can fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." Id. The CoServ court specifically noted that the preplan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." Id.

Consistent with a debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under § 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so. See, e.g., In re Adams Apple, Inc., 829 F.2d 1484, 1490 (9th Cir. 1987) (The Bankruptcy Code policy supporting "rehabilitation of debtors . . . may supersede the policy of equal treatment. Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts."); Ionosphere Clubs, 98 B.R. 175 (Bankr. S.D.N.Y. 1989) (discussing prior order authorizing payment of prepetition wage claims pursuant to § 363(b) and noting that relief is appropriate where payment is needed to "preserve and protect its business and ultimately reorganize, retain its currently working employees and maintain positive employee morale."); Armstrong, 29 B.R.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

at 397 (relying on § 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors). Section 363(b) provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve the use of a debtor's assets outside the ordinary course of business pursuant to § 363(b), a Court must find that a "good business reason" exists for the use of such assets. See, e.g., Official Comm. Of Unsecured Creditors v. Enron Corp. (In re Enron Corp.), 335 B.R. 22, 27-28 (S.D.N.Y. 2005) (quoting In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983)).

The business judgment rule is satisfied where "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1992) (citation and internal quotations omitted). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Courts do not to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence, and have upheld a board's decisions as long as such decisions are attributable to any "rational business purpose." In re Integrated Res., Inc., 147 B.R. at 656.

This Court may also authorize payment of prepetition claims in appropriate circumstances based on § 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court and empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a); see also Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506 (9th Cir. 2002). Under § 105(a), courts may permit payments on account of prepetition obligations when essential to the continued operation of the debtor's business. Specifically, this Court may use its power under § 105(a) to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity"). In re NVR L.P., 147 B.R. 126, 127-28 (Bankr. E.D. Va. 1992).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

The "doctrine of necessity" has been recognized within the Ninth Circuit.  See Adams Apple, Inc., 829 F.2d at 1490 supra; In re Berry Good, LLC, 400 B.R. 741, 747 (Bankr. D. Ariz. 2008) ("A clean line must be drawn between pre- and post-petition debt, and it is unlawful to blur those lines, except in rare and exceptional circumstances, such as with the wage claimants."); In re Pettit Oil Co., No. 13-47285, 2015 WL 6684225, at *8 (Bankr. W.D. Wash. Oct. 22, 2015) (denying motion for reconsideration of order granting motion to pay prepetition supplier charges where "the Ninth Circuit held that it is permissible to treat prepetition debts unequally when necessary for rehabilitation") (citing Adams Apple, 829 F.2d at 1490).  The rationale for the necessity of payment rule—the rehabilitation of a debtor in reorganization cases—is "the paramount policy and goal of Chapter 11." Ionosphere Clubs, 98 B.R. at 175-76; see also In re Just For Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization"); In re Quality Interiors, Inc., 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("A general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of tool makers as "necessary to avert a serious threat to the Chapter 11 process."); Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 287 (S.D.N.Y. 1987) (authorizing payment of prepetitionworker's compensation claims on grounds that the fundamental purpose of reorganization and equity powers of bankruptcy courts "is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately."); 2 Collier On Bankruptcy, 105.02[4][a] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2015) (discussing cases in which courts have relied on the "doctrine of necessity" or the "necessity of payment" rule to pay prepetition claims immediately).

The Debtor submits that the relief requested in this Motion represents a sound exercise of the Debtor's business judgment, is necessary to avoid immediate and irreparable harm to the Debtor's estate, and is therefore justified under §§ 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6003.  The commencement of the Debtor's Chapter 11 Case will surely create apprehension on

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

the part of customers or potential customers regarding their willingness to commence or to continue doing business with the Debtor, including concern over any pending transactions with the Debtor. The Debtor believes that, without the requested relief, the stability of the Debtor's business will be significantly undermined, and otherwise loyal customers may explore alternative sources for their needs.  See Omnibus Declaration.

Here, the importance of the Debtor's customers to the business cannot be overstated.  The Debtor's Customer Programs and Transaction Hold policy have generated valuable goodwill and repeat business and have contributed to the Debtor's overall revenue.  The Debtor does not operate with contract with its consumer-customers. Therefore, customers could easily move to a competitor if unsatisfied. Honoring prepetition commitments under the Customer Programs and Transaction Hold policies will benefit the Debtor and its creditors by allowing operations to continue without interruption. In essence, and in an effort to maintain continuity with its relationships and operations, the Debtor hopes to continue during the postpetition period those Customer Programs and the Transaction Hold policy that it believes were effective prepetition. The Debtor also believes that the relief requested herein is necessary to preserve its customer relationships and goodwill for the benefit of its estate.  If the Debtor does not honor its obligations under the Customer Programs and the Transaction Hold Obligations, the Debtor risks alienating its customers and encouraging customers to procure services from competitors. Thus, the substantial benefit conferred on the Debtor by the Customer Programs and Transaction Hold policy justifies the granting of the relief requested in this Motion.  See Omnibus Declaration.

The importance of a debtor's continued operation of customer programs, and the availability of emergency relief under the doctrine of necessity generally, has been repeatedly recognized by courts in this district, and such courts have granted relief similar to the relief requested herein.  See, e.g., In re Front Sight Mgmt., LLC, No. 22-11824-abl, Docket Nos. 50, 81, 141 (Bankr. D. Nev. 2022) (granting relief related to first day motions to authorize continued use of prepetition cash management system and accounts, payment of prepetition wages, and honor prepetition customer programs and obligations); In re Basic Water Co., No. 22-13252-mkn, Docket Nos. 51, 52, 97, 98 (Bankr. D. Nev. 2022) (granting authorization for adequate protection procedures for utilities and continued use of

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

prepetition cash management); In re Musclepharm Corp., No. 22-14422-nmc, Docket Nos. 75, 76 (Bankr. D. Nev. 2023) (granting motions to maintain prepetition bank accounts and pay prepetition wages); In re Splash News & Picture Agency, LLC, No. 21-11377-abl, Docket Nos. 58, 60 (Bankr. D. Nev. 2021) (authorizing payment of prepetition wage claims and use of prepetition bank accounts and cash management system); In re Alpha Guardian, a Nev. Corp., No. 20-11016-mkn, Docket Nos. 62, 63, 70 (Bankr. D. Nev. 2020) (granting motions to approve payment of prepetition wages, adequate protection of prepetition utilities providers, honor prepetition customer programs and obligations); In re Red Rose, Inc. d/b/a Petersen-Dean, No. 20-12814-mkn, Docket Nos. 88, 92, 93, 144, 155, 156, 313, 917 (Bankr. D. Nev. 2020) (authorizing payment of prepetition critical vendor claims, adequate protection to utilities on prepetition claims, payment of prepetition trust fund taxes, continued use of prepetition bank accounts and cash management system, and pay prepetition vendor liabilities and customer reimbursements).[1]   Accordingly, the Debtor respectfully requests that the Court authorize the Debtor to pay any prepetition amounts accrued and unpaid on account of the Customer Programs and Transaction Hold Obligations and to continue the Customer Programs and Transaction Hold policies on a postpetition basis in the ordinary course of business and consistent with past practices.

**D.     The Requirements of Bankruptcy Rule 6003 Are Satisfied.**

Pursuant to Bankruptcy Rule 6003, this Court may grant relief regarding a motion to pay all or part of a prepetition claim within 21 days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. See, e.g., In re Ames Dep't Stores, Inc., 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001(c)(2)); see also Fed. R. Bankr. P. 6003, Committee Notes (noting that cases applying Bankruptcy Rule 4001(b)(2) and (c)(2) may "provide guidance" for relief under Bankruptcy Rule 6003).

---

[1] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request of the Debtors' proposed counsel.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

As described above, the Debtor's customers are vital to the Debtor's financial success. Failure to satisfy obligations with respect to these persons in the ordinary course of business during the first 21 days of the Debtor's Chapter 11 Case will jeopardize their loyalty and trust, causing customers to leave the Debtor's platform, severely disrupting the Debtor's operations and revenue at a critical juncture. See Omnibus Declaration. Accordingly, the Debtor submits it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate payment of the Customer Programs and Transaction Hold Obligations.

**E.** **Waiver of Bankruptcy Rules 6004(a) and 6004(h) Are Appropriate.**

To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## IV.

## RESERVATION OF RIGHTS

Nothing contained in this Motion is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under § 365 of the Bankruptcy Code. The Debtor expressly reserves its right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or waive of the Debtor's rights to subsequently dispute such claim.

## V.

## NOTICE

The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (c) all parties who have

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

13

142082597.1

requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor respectfully submits that no other or further notice is necessary.

## VI.

## **NO PRIOR REQUEST**

No prior request for the relief sought in this Motion has been made to this or any other court.

## VII.

## **CONCLUSION**

The Debtor respectfully requests that this Court enter an interim order and final order, substantially in the forms attached hereto as **Exhibit 1** and **Exhibit 2**, respectively, and grant the Debtor such other and further relief as is just and proper under the circumstances.

Dated this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By:  _/s/Brett Axelrod_
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        NICHOLAS A. KOFFROTH, ESQ.
        Nevada Bar No. 16264
        ZACHARY T. WILLIAMS, ESQ.
        Nevada Bar No. 16023
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
        *[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

1

2

**EXHIBIT 1**
**\*PROPOSED FORM OF ORDER\***

3

4

5

6  BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859

7  NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264

8  ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023

9  **FOX ROTHSCHILD LLP**

10  1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

11  Telephone: (702) 262-6899
Facsimile: (702) 597-5503

12  Email: baxelrod@foxrothschild.com

13          nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com

14  *[Proposed] Counsel for Debtor*

15

16  **UNITED STATES BANKRUPTCY COURT**

17  **DISTRICT OF NEVADA**

18  | In re | Case No.  BK-23-10423-mkn |
|---|---|
19  | CASH CLOUD, INC., | Chapter 11 |
| dba COIN CLOUD, | |
20  | | **INTERIM ORDER GRANTING** |
21  | Debtor. | **DEBTOR'S MOTION TO (I) MAINTAIN AND ADMINISTER CUSTOMER** |
22  | | **PROGRAMS AND DEPOSITS; AND (II) HONOR PREPETITION OBLIGATIONS** |
23  | | **RELATED THERETO** |
24  | | Hearing Date:  OST PENDING |
25  | | Hearing Time: OST PENDING |
| | Estimated Time for Hearing:  20 minutes |

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

142082597.1

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (the "Interim Order") (i) authorizing, but not directing, the Debtor to maintain and administer its customer programs and honor prepetition obligations related thereto in a manner consistent with past practices, (ii) authorizing, but not directing, the Debtor to maintain customer deposits and honor prepetition obligations related thereto in a manner consistent with past practices, and (iii) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on February ___, 2023, at __:__ _.m., prevailing Pacific Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before February ___, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.      The Debtor is authorized, but not directed, to maintain and administer the Customer Programs and the Transaction Hold programs in the ordinary course of business consistent with past practice.

4.      The Debtor is authorized, but not directed, to renew, replace, implement, or modify one or more Customer Programs or Transaction Hold programs, in whole or in part, in the Debtor's discretion and in accordance with the Debtor's business judgment.

5.      The Debtor is authorized, but not directed, to honor its prepetition obligations owing to customers in connection with, relating to, or based upon the Customer Program obligations and the Transaction Hold Obligations.

6.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

7.      Nothing in the Motion or this Interim Order shall impair the ability of the Debtor to contest the validity or amount of any payment made pursuant to this Interim Order.

8.      Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held any person or entity.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

9.      The Debtor is authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Customer Program obligations, Transaction Hold Obligations, or other payment authorized by this Order.

10.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

11.      Notice of the Motion, as stated therein, constitutes good and sufficient notice of such Motion, and the requirements of the local rules of this Court are satisfied by such notice.

12.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13.      The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

14.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:    */s/Brett A. Axelrod*
         BRETT A. AXELROD, ESQ.
         Nevada Bar No. 5859
         NICHOLAS A. KOFFROTH, ESQ.
         Nevada Bar No. 16264
         ZACHARY T. WILLIAMS, ESQ.
         Nevada Bar No. 16023
         1980 Festival Plaza Drive, Suite 700
         Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

142082597.1

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY: _____

     Trial Attorney for United States Trustee,
     Tracy Hope Davis

<u>**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**</u>

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐    The Court has waived the requirement of approval in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

**EXHIBIT 2**
**\*PROPOSED FORM OF ORDER\***

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No.  BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **FINAL ORDER GRANTING DEBTOR'S MOTION TO (I) MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS AND DEPOSITS; AND (II) HONOR PREPETITION OBLIGATIONS RELATED THERETO** |
| | Hearing Date:  OST PENDING Hearing Time: OST PENDING Estimated Time for Hearing:  20 minutes |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

142082597.1

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") for entry of a final order (the "<u>Final Order</u>") (i) authorizing, but not directing, the Debtor to maintain and administer its customer programs and honor prepetition obligations related thereto in a manner consistent with past practices, (ii) authorizing, but not directing, the Debtor to maintain customer deposits and honor prepetition obligations related thereto in a manner consistent with past practices, and (iii) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtor is authorized, but not directed, to maintain and administer the Customer Programs and the Transaction Hold programs in the ordinary course of business consistent with past practice.

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

142082597.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3.      The Debtor is authorized, but not directed, to renew, replace, implement, or modify one or more Customer Programs or Transaction Hold programs, in whole or in part, in the Debtor's discretion and in accordance with the Debtor's business judgment.

4.      The Debtor is authorized, but not directed, to honor its prepetition obligations owing to customers in connection with, relating to, or based upon the Customer Program obligations and the Transaction Hold Obligations.

5.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

6.      Nothing in the Motion or this Final Order shall impair the ability of the Debtor to contest the validity or amount of any payment made pursuant to this Final Order.

7.      Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held any person or entity.

8.      The Debtor is authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Customer Program obligations, Transaction Hold Obligations, or other payment authorized by this Order.

9.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10.     Notice of the Motion, as stated therein, constitutes good and sufficient notice of such Motion, and the requirements of the local rules of this Court are satisfied by such notice.

11.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12.     The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

3

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:    */s/Brett A. Axelrod*
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        NICHOLAS A. KOFFROTH, ESQ.
        Nevada Bar No. 16264
        ZACHARY T. WILLIAMS, ESQ.
        Nevada Bar No. 16023
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY: _____

        Trial Attorney for United States Trustee,
        Tracy Hope Davis

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

142082597.1

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐   The Court has waived the requirement of approval in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion.

☐   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142082597.1

1