BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 7, 2023

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**EMERGENCY FIRST DAY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**<br><br>Hearing Date:    OST PENDING<br>Hearing Time:    OST PENDING |

Cash Cloud, Inc., dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its proposed undersigned counsel, Fox Rothschild LLP, respectfully submits this *Emergency First Day Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* (the "Motion"). Debtor seeks entry of interim and final orders, substantially in the forms attached hereto as **Exhibit 1** and **Exhibit 2** (respectively, the "Interim Order" and "Final Order"): authorizing

1

142511773.2

Debtor to remit and pay (or use applicable tax credits to offset) Taxes and Fees (as defined herein) in the ordinary course of business that are payable or become payable this Chapter 11 Case (including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date); and (b) granting related relief. In addition, Debtor requests that the Court (as defined herein) schedule a final hearing after the commencement of this Chapter 11 Case, or as soon thereafter as is convenient for the Court, to consider approval of this Motion on a final basis.

The Motion is made and based upon the following memorandum of points and authorities, the *Omnibus Declaration of Christopher Andrew McAlary* ("Omnibus Declaration") filed in support hereof, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By: _____*/s/Brett Axelrod*_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *[Proposed] Counsel for Debtor*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142511773.2

3. The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a) and 366.

4. Pursuant to Local Rule 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## II.

## FACTUAL BACKGROUND

**A.    General Background[1]**

5. On February 7, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case in this Court.  Debtor is continuing in possession of its property and is operating and managing its business as a debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108.  No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed.  See id.

**B.    Taxes and Fees**

6. In the ordinary course of business, Debtor collects, withholds, incurs, and/or pays sales and use taxes, value added taxes, income taxes, as well as other governmental taxes, fees, and assessments, and may pay property taxes (collectively, the "Taxes and Fees").[2] Debtor pays or remits, as applicable, Taxes and Fees to various federal, state, and local governments, including taxing and licensing authorities (each, a "Taxing Authority," and collectively, the "Taxing Authorities") on a periodic basis (monthly, quarterly, semi-annually, or annually) depending on the nature and incurrence of a particular Tax or Fee and as required by applicable laws and regulations. A schedule identifying the Taxing Authorities is attached hereto as **Exhibit 3**. Debtor generally pays and remits

---

[1] A detailed description of the Debtors' businesses and the reasons for the filing of this Chapter 11 Case and for the relief sought in this Motion are set forth in the Omnibus Declaration.

[2] This Motion does not seek relief with respect to Debtor's collection and remittance of employee-related taxes and withholdings, which are instead addressed in Debtor's *Motion Seeking Entry of Interim and Final Orders (I) Authorizing Debtor to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief*, filed contemporaneously herewith.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142511773.2

Taxes and Fees through checks and electronic transfers that are processed through its banks and other financial institutions or service providers. From time to time, Debtor may also receive tax credits for overpayments or refunds with respect to certain Taxes or Fees. Debtor generally use these credits in the ordinary course of business to offset against future Taxes or Fees, or have the amount of such credits refunded to Debtor.  See Omnibus Declaration.

7.    Additionally, Debtor may become subject to routine audit investigations on account of tax returns and/or tax obligations in respect of prior years ("Audits") during this Chapter 11 Case. Audits may result in additional prepetition Taxes and Fees being assessed against Debtor (such additional Taxes and Fees, "Assessments").[3] Debtor seeks authority to pay or remit tax obligations on account of the Audits as they arise in the ordinary course of Debtor's business, including as a result of any resolutions of issues addressed in an Audit. See Omnibus Declaration.

8.    Debtor pays the Taxes and Fees to the Authorities on a periodic basis, typically remitting them monthly, quarterly, and annually depending on the nature and incurrence of a particular Tax or Fee. Debtor seeks authority to pay and remit all prepetition and postpetition obligations on account of Taxes and Fees, including where: (a) Taxes and Fees accrue or are incurred postpetition; (b) Taxes and Fees have accrued or were incurred prepetition but were not paid prepetition, or were paid in an amount less than actually owed; (c) payments made prepetition by Debtor were lost or otherwise not received in full by any of the Taxing Authorities; and (d) Taxes and Fees incurred for prepetition periods become due and payable after the commencement of this Chapter 11 Case. In addition, for the avoidance of doubt, Debtor seeks authority to pay Taxes and Fees for so-called "straddle" periods.[4]  See Omnibus Declaration.

9.    Any failure by Debtor to pay the Taxes and Fees could materially disrupt Debtor's business operations in several ways, including (but not limited to):  (a) the Taxing Authorities  may

[3] Nothing in this Motion, or any related order, constitutes or should be construed as an admission of liability by Debtor with respect to any Audit or Assessment.  Debtor expressly reserve all rights with respect to any Audit and the right to contest any Assessments claimed to be due as a result of any Audit.

[4] Debtor reserves its rights with respect to the proper characterization of any "straddle" Taxes and Fees and to seek reimbursement of any portion of any payment made that ultimately is not entitled to administrative priority treatment.

4

142511773.2

initiate audits of Debtor, which would unnecessarily divert Debtor's attention from this Chapter 11 Case; (b) the Taxing Authorities may attempt to suspend Debtor's operations, file liens, seek to lift the automatic stay, and/or pursue other remedies that will harm the estates; and (c) in certain instances, Debtor's directors and officers could be subject to claims of personal liability, which would likely distract those key individuals from their duties related to Debtor's restructuring. Taxes and Fees not paid on the due date as required by law may result in fines and penalties, the accrual of interest, or both. Debtor also collects and holds certain outstanding tax liabilities in trust for the benefit of the applicable Taxing Authorities, and these funds may not constitute property of Debtor's estate. Accordingly, Debtor seeks authority to pay, in its reasonable discretion, the Taxes and Fees in the ordinary course as they become due. See Omnibus Declaration.

**C.**     **Income Taxes**

10.     Debtor incurs and is required to pay various state, local, and federal income taxes in the United States and certain income taxes in foreign jurisdictions where Debtor operates (collectively, the "Income Taxes"). Debtor generally remits Income Taxes on an annual basis. Debtor requests authority, but not direction, to satisfy any prepetition amounts owed on account of such Income Taxes, and any postpetition amounts that may become due and owing in the ordinary course of business during its Chapter 11 Case. See Omnibus Declaration.

**D.**     **Sales, Use, and VAT Taxes**

11.     Debtor incurs, collects, and remits sales and use taxes, to the Taxing Authorities in connection with the sale, purchase, and use of goods and services (the "Sales and Use Taxes"), and certain value added taxes (the "VAT Taxes" and, together with the Sales and Use Taxes, the "Sales, Use, and VAT Taxes").    See Omnibus Declaration.

12.     Debtor routinely acquires new automated teller machines (the "ATMs") for its cryptocurrency ATM business, and incurs Sales and Use Taxes in connection with the acquisition, deployment, and disposition of the ATMs. Because of the nature of the activities that give rise to Debtor's Sales and Use Taxes and VAT Taxes, and certain tax positions with respect to such taxes, such taxes are not remitted on a regularly scheduled basis. Debtor requests authority, but not direction, to satisfy any amounts owed prepetition on account of such Sales, Use, and VAT Taxes, and any

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142511773.2

postpetition amounts that may become due and owing in the ordinary course of business during its Chapter 11 Case.  See Omnibus Declaration.

**E.    Property Taxes**

13.    State and local laws in the jurisdictions where Debtor operates generally grant Taxing Authorities the power to levy property taxes against Debtor's real and personal property (collectively, the "Property Taxes"). Debtor anticipates that it may acquire certain personal property in the future. Out of an abundance of caution, to avoid the imposition of statutory liens on its real and personal property, Debtor expects to pay the Property Taxes in the ordinary course of business on a monthly, quarterly, or annual basis, depending on the specific Taxes or Fees. This includes Property Taxes collected from certain third parties and paid to the applicable Taxing Authorities. Debtor requests authority, but not direction, to satisfy any prepetition amounts owed on account of such Property Taxes, and any postpetition amounts that may become due and owing in the ordinary course of business during its Chapter 11 Case.  See Omnibus Declaration.

**F.    Regulatory and Other Taxes and Fees**

14.    Debtor incurs, in the ordinary course of business, certain regulatory assessments, permitting, licensing, and other operational fees, including fees related to certain regulations on cryptocurrency, and other miscellaneous taxes and fees (collectively, "Regulatory and Other Taxes and Fees").  See Omnibus Declaration.

15.    Notably, federal law classifies certain businesses that transmit or convert money, such as Debtor's business, as "money transmitting businesses" ("MTBs"). MTBs are required to register with certain federal and state agencies and typically must obtain appropriate business licenses in each state to or from which money is transferred in order to operate its business in that state (the "Money Transmitter Licenses").  See Omnibus Declaration.

16.    Debtor's Regulatory and Other Taxes and Fees cover all licensing and permits required for Debtor to operate, and the costs of obtaining Money Transmitter Licenses, which are all indispensable to Debtor's viability to operate. Further, in order to be eligible to obtain a Money Transmitter License in the states in which Debtor operates, Debtor must be in good standing in those states through state registrations and related fees (the "State Registrations"). Debtor incurs certain

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142511773.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

fees in connection with renewing and otherwise maintaining good standing. Debtor requests authority, but not direction, to satisfy any prepetition amounts owed on account of such Regulatory and Other Taxes and Fees, and any postpetition amounts that may become due and owing in the ordinary course of business during its Chapter 11 Case.  See Omnibus Declaration.

### III.

### LEGAL AUTHORITY

**A.    Certain of the Taxes and Fees May Not Be Property of Debtor's Estates.**

17.    Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which Debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of Debtor's legal title to such property, but not to the extent of any equitable interest in such property that Debtor does not hold." 11 U.S.C. § 541(d). Certain of the Taxes and Fees are collected or withheld by Debtor on behalf of the applicable Taxing Authorities and are held in trust by Debtor. See, e.g., 26 U.S.C. § 7501 (stating that certain Taxes and Fees are held in trust); Begier v. Internal Revenue Serv., 496 U.S. 53, 57–60 (1990) (holding that certain taxes are property held by Debtor in trust for another and, as such, do not constitute property of the estate); In re Shank, 792 F.2d 829, 833 (9th Cir. 1986) (holding that a sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge). For example, all U.S. federal internal revenue tax withheld is considered to be held in a special fund in trust for the United States. Begier, 496 U.S. at 60. Because Debtor may not have an equitable interest in funds held on account of such "trust fund" Taxes and Fees, Debtor should be permitted to pay those funds to the applicable Taxing Authorities as they become due.[5]

**B.    Certain of the Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment under the Bankruptcy Code.**

18.    Claims for certain of the Taxes and Fees are, or may be, priority claims entitled to payment before general unsecured claims. See 11 U.S.C. § 507(a)(8) (describing taxes entitled to

---

[5] For clarity, Debtor is  requesting authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations

142511773.2

priority treatment). Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Taxing Authorities may attempt to assess interest and penalties if such amounts are not paid. See 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss"). Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code. Therefore, payment of certain of the Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors. Payment of such Taxes and Fees likely will give Taxing Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan and will save Debtor the potential interest expense, legal expense, and penalties that might otherwise accrue on the Taxes and Fees during this Chapter 11 Case.

## C.    Payment of the Taxes and Fees as Provided Herein Is a Sound Exercise of Debtor's Business Judgment.

19.    Courts in this jurisdiction and others generally acknowledge that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value. Bankruptcy courts in this district routinely grant debtors emergency "first day" relief in similar, large chapter 11 cases. See, e.g., In re Front Sight Mgmt., LLC, No. 22-11824-abl, Docket Nos. 50, 81, 141 (Bankr. D. Nev. 2022) (granting relief related to first day motions to authorize continued use of prepetition cash management system and accounts, payment of prepetition wages, and honor prepetition customer programs and obligations); In re Basic Water Co., No. 22-13252-mkn, Docket Nos. 51, 52, 97, 98 (Bankr. D. Nev. 2022) (granting authorization for adequate protection procedures for utilities and continued use of prepetition cash management); In re Musclepharm Corp., No. 22-14422-nmc, Docket Nos. 75, 76 (Bankr. D. Nev. 2023) (granting motions to maintain prepetition bank accounts and pay prepetition wages); In re Splash News & Picture Agency, LLC, No. 21-11377-abl, Docket Nos. 58, 60 (Bankr. D. Nev. 2021) (authorizing payment of prepetition wage claims and use of prepetition bank accounts and cash management system); In re Alpha Guardian, a Nev. Corp., No. 20-11016-mkn, Docket Nos.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142511773.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

62, 63, 70 (Bankr. D. Nev. 2020) (granting motions to approve payment of prepetition wages, adequate protection of prepetition utilities providers, honor prepetition customer programs and obligations); In re Red Rose, Inc. d/b/a Petersen-Dean, No. 20-12814-mkn, Docket Nos. 88, 92, 93, 144, 155, 156, 313, 917 (Bankr. D. Nev. 2020) (authorizing payment of prepetition critical vendor claims, adequate protection to utilities on prepetition claims, payment of prepetition trust fund taxes, continued use of prepetition bank accounts and cash management system, and pay prepetition vendor liabilities and customer reimbursements).

20.      Pursuant to section 363(b) of the Bankruptcy Code, courts may authorize payment of prepetition obligations where a sound business purpose exists for doing so. See In re Ionosphere Clubs, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification); *see also* In re James A. Phillips, 29 B.R. at 397 (relying upon section 363 as a basis to allow a contractor to pay the prepetition claims of suppliers who were potential lien claimants). Indeed, courts have recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the pre-plan satisfaction of a prepetition claim." In re CoServ, 273 B.R. at 497.

21.      In addition, courts may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code, which codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." See 11 U.S.C. § 105(a).

**D.      Processing of Checks and Electronic Fund Transfers Should Be Authorized.**

22.      Debtor has sufficient funds to pay the amounts described in this Motion in the ordinary course of business. In addition, under Debtor's existing cash management system, which is described in further detail in a separate motion, Debtor can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the relief requested herein. Accordingly, Debtor believes that checks or wire transfer requests that are not related to authorized payments will not be honored inadvertently. Therefore, Debtor respectfully requests that the Court authorize and direct all applicable financial institutions, when requested by Debtor, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

9

**E.**     **The Requirements of Bankruptcy Rule 6003(b) Are Satisfied.**

23.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."

24.     As set forth in this Motion, Debtor believes an immediate and orderly transition into chapter 11 is critical to the viability of its operations and that any delay in granting the relief requested could hinder Debtor operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of this Chapter 11 Case would severely disrupt Debtor's operations at this critical juncture. Accordingly, Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

**F.**     **Waiver of Bankruptcy Rule 6004(a) and 6004(h).**

25.     To implement the foregoing successfully, Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**IV.**

**RESERVATION OF RIGHTS**

26.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against Debtor, (b) a waiver of Debtor's rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of Debtor's rights under the Bankruptcy Code or any other applicable law, or (g) a concession by Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and Debtor expressly reserves its right to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

10

142511773.2

any particular claim or a waiver of Debtor's rights to subsequently dispute such claim.

## V.

## NOTICE

27.     The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor respectfully submits that no other or further notice is necessary.

## VI.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter the Interim Order and Final Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By:      */s/Brett Axelrod*
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        NICHOLAS A. KOFFROTH, ESQ.
        Nevada Bar No. 16264
        ZACHARY T. WILLIAMS, ESQ.
        Nevada Bar No. 16023
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
        *[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142511773.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT 1**
**PROPOSED INTERIM ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.  BK-23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF** |
| | Hearing Date: OST PENDING Hearing Time: OST PENDING Estimated Hearing Time: 20 Minutes |

12

142511773.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Upon the motion (the "Motion")[6] of the above-captioned Debtor and Debtor in possession ("Debtor") for entry of an interim order (this "Interim Order"), (a) authorizing Debtor, in its sole discretion, to remit and pay certain accrued and outstanding Taxes and Fees, (b) granting related relief, and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and in the Omnibus Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, creditors, and other parties in interest; and this Court having found that Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on February ___, 2023, at __:__ __.m., prevailing Pacific Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before February ___, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims,

---

[6] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion

142511773.2

filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002.  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.        Debtor is authorized to pay or remit (or use applicable credits to offset), in its sole discretion, the Taxes and Fees (including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Assessments), whether accrued prior to or after the Petition Date, that are payable during the pendency of this Chapter 11 Case absent further order of this Court, on an interim basis, at such time when the Taxes and Fees are payable in the ordinary course of business. To the extent that Debtor has overpaid any Taxes and Fees, Debtor is authorized to seek a refund or credit on account of any such Taxes and Fees.

4.        Nothing in this Interim Order authorizes Debtor to accelerate any payments not otherwise due prior to the date of the Final Hearing.

5.        Debtor is authorized to honor any amounts owed on account of any audits conducted in connection with its Taxes and Fees in the ordinary course of business.

6.        Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts to owed in connection with the relief granted herein.

7.        Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against Debtor; (b) a waiver of Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and Debtor expressly reserves its right to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

14

142511773.2

pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of Debtor's rights to subsequently dispute such claim.

8.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

9.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12.     Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.


Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:   _/s/Brett A. Axelrod_____
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142511773.2

15

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐   The Court has waived the requirement of approval in LR 9021(b)(1).

☒   No party appeared at the hearing or filed an objection to the motion.

☐   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

142511773.2

**EXHIBIT 2**
**PROPOSED FINAL ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>                Debtor. | Case No.   BK-23-10423-mkn<br><br>Chapter 11<br><br>**FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**<br><br>Hearing Date: OST PENDING<br>Hearing Time: OST PENDING<br>Estimated Hearing Time: 20 Minutes |

Upon the motion (the "Motion")[7] of the above-captioned Debtor and Debtor in possession ("Debtor") for entry of a final order (this "Final Order"), (a) authorizing Debtor, in its sole discretion,

---

[7] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

142511773.2

to remit and pay certain accrued and outstanding Taxes and Fees; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, creditors, and other parties in interest; and this Court having found that Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is granted on a final basis as set forth herein.

2.      Debtor is authorized to pay or remit (or use applicable credits to offset), in its sole discretion, the Taxes and Fees (including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Assessments), whether accrued prior to or after the Petition Date, that are payable during the pendency of this Chapter 11 Case, on a final basis, at such time when the Taxes and Fees are payable in the ordinary course of business. To the extent that Debtor has overpaid any Taxes and Fees, Debtor is authorized to seek a refund or credit on account of any such Taxes and Fees.

3.      Debtor is authorized to honor any amounts owed on account of any audits conducted in connection with its Taxes and Fees in the ordinary course of business.

4.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against Debtor; (b) a waiver of Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142511773.2

that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and Debtor expressly reserves its right to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of Debtor's rights to subsequently dispute such claim.

5.    Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any of the relief granted herein.

6.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Debtor's designation of any particular check or electronic payment request as approved by this Final Order.

7.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9.    Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion

10.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142511773.2

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: ___*/s/Brett A. Axelrod*_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

20

142511773.2

1

**EXHIBIT 3**
**SCHEDULE OF TAXING AUTHORITIES**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142511773.2

Taxing (85)

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Country | Phone | Fax | Email | Source | Creditor Category | Creditor Sub-Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Internal Revenue Service | | PO Box 7346 | | | Philadelphia | PA | USA | 202-272-6426 | 202-622-6900 | services.irs@irs.gov | | Taxing Authority | IRS |
| District of Columbia | | Office of Tax And Revenue | 1101 4Th St, Sw # 270 | | Washington | DC | | 202-727-4829 | | | | Taxing Authority | State |
| State of Alabama | | Alabama Department of Revenue | 50 N. Ripley St | | Montgomery | AL | | 334-242-1170 | | | | Taxing Authority | State |
| State of Alaska | | Alaska Department of Revenue | P.O. Box 110400 | | Juneau | AK | | 907-465-2320 | 907-465-2389 | | | Taxing Authority | State |
| State of Arizona | | Arizona Department of Revenue | PO Box 29086 | | Phoenix | AZ | | 602-255-3381 | 602-542-4772 | | | Taxing Authority | State |
| State of Arkansas | | Department of Finance And Administration | DFA Building | | Little Rock | AR | | 501-682-2242 | 501-682-2325 | | | Taxing Authority | State |
| State of California | Attn: Director | State Board of Equalization | 450 N Street | | Sacramento | CA | | 916-274-3250 | 916-324-2586 | | | Taxing Authority | State |
| State of Colorado | | Colorado Department of Revenue | 1375 Sherman St | | Denver | CO | | 303-238-7378 | 303-205-8291 | DOR_TaxpayerService@state.co.us | | Taxing Authority | State |
| State of Connecticut | | Department of Revenue Services | 450 Columbus Blvd Ste 1 | | Hartford | CT | | 860-297-5962 | 860-297-4929 | | | Taxing Authority | State |
| State of Delaware | Attn: General Counsel | Division of Revenue | 820 N. French Street | | Wilmington | DE | | 302-577-8200 | | | | Taxing Authority | State |
| State of Florida | | Department of Revenue | 5050 W Tennessee St | | Tallahassee | FL | | 850-488-6800 | | | | Taxing Authority | State |
| State of Georgia | | Georgia Department of Revenue | PO Box 740323 | | Atlanta | GA | | 404-417-2100 | 404-417-2101 | | | Taxing Authority | State |
| State of Hawaii | | Hawaii Department of Taxation | 830 Punchbowl Street | | Honolulu | HI | | 808-587-4242 | 808-587-1560 | | | Taxing Authority | State |
| State of Idaho | | Idaho State Tax Commission | PO Box 36 | | Boise | ID | | 208-334-7660 | 208-334-7846 | | | Taxing Authority | State |
| State of Illinois | | Collection Division | | | Springfield | IL | | 217-785-0558 | | | | Taxing Authority | State |
| State of Indiana | | Indiana Department of Revenue | 100 N. Senate Ave | | Indianapolis | IN | | 317-232-2240 | | | | Taxing Authority | State |
| State of Iowa | | Iowa Department of Revenue | | | Des Moines | IA | | 515-281-3114 | 515-242-6487 | | | Taxing Authority | State |
| State of Kansas | | Kansas Department of Revenue | Scott State Office Building | | Topeka | KS | | 785-368-8222 | 785-291-3614 | | | Taxing Authority | State |
| State of Kentucky | | Kentucky Department of Revenue | 501 High Street | | Frankfort | KY | | 502-564-4581 | 502-564-3875 | business.registration@ky.gov | | Taxing Authority | State |
| State of Louisiana | | Department of Revenue | 617 North Third St | | Baton Rouge | LA | | 855-307-3893 | | | | Taxing Authority | State |
| State of Maine | | Maine Revenue Services | PO Box 9107 | | Augusta | ME | | 207-624-9595 | 207-287-6975 | income.tax@maine.gov | | Taxing Authority | State |
| State of Maryland | Attn: Comptroller of Maryland | Revenue Administration Division | 110 Carroll Street | | Annapolis | MD | | 410-260-7980 | | taxhelp@marylandtaxes.gov | | Taxing Authority | State |
| State of Massachusetts | | Massachusetts Department of Revenue | 100 Cambridge Street | | Boston | MA | | 617-887-6367 | | | | Taxing Authority | State |
| State of Michigan | | Michigan Department of Treasury | 3030 W. Grand Blvd | | Detroit | MI | | 517-636-4486 | | MIStateTreasurer@michigan.gov | | Taxing Authority | State |
| State of Minnesota | | Department of Revenue | 600 North Robert St | | St. Paul | MN | | 651-556-3000 | 651-556-3102 | SALES.USE.TAX@STATE.MN.US | | Taxing Authority | State |
| State of Mississippi | | Department of Revenue | PO Box 1033 | | Jackson | MS | | 601-923-7700 | 601-923-7714 | | | Taxing Authority | State |
| State of Missouri | | Missouri Dept. of Revenue | Harry S Truman State Office Building | | Jefferson City | MO | | 573-751-3505 | 573-522-1666 | salesuse@dor.mo.gov | | Taxing Authority | State |
| State of Montana | | Montana Department of Revenue | 340 N Last Chance Gulch | | Helena | MT | | 406-444-6900 | | DORCustomerAssistance@mt.gov | | Taxing Authority | State |
| State of Nebraska | | Nebraska Department of Revenue | 301 Centennial Mall S | | Lincoln | NE | | 800-742-7474 | | tony.fulton@nebraska.gov | | Taxing Authority | State |
| State of Nevada | | Department of Taxation | 1550 College Parkway, Suite 115 | | Carson City | NV | | 775-684-2000 | 775-684-2020 | | | Taxing Authority | State |
| State of New Hampshire | | Department of Revenue Administration | 109 Pleasant Street | | Concord | NH | | 603-230-5000 | | | | Taxing Authority | State |
| State of New Jersey | | New Jersey Division of Taxation | PO Box 281 | | Trenton | NJ | | 609-292-6400 | 609-292-9359 | | | Taxing Authority | State |
| State of New Mexico | | New Mexico Taxation & Revenue Dept | 1100 South St. Francis Drive | | Santa Fe | NM | | 505-827-0700 | | | | Taxing Authority | State |
| State of New York | | Dept. of Taxation & Finance | WA Harriman Campus | | Albany | NY | | 518-457-5181 | | | | Taxing Authority | State |
| State of North Carolina | | Dept of Revenue | PO Box 871 | | Raleigh | NC | | 919-814-1030 | 919-850-2954 | ronald.penny@ncdor.gov | | Taxing Authority | State |
| State of North Dakota | | Office of State Tax Commissioner | 600 E. Boulevard Ave | | Bismarck | ND | | 701-328-7088 | | taxinfo@nd.gov | | Taxing Authority | State |
| State of Ohio | | Ohio Department of Taxation | PO Box 530 | | Columbus | OH | | 800-282-1780 | | | | Taxing Authority | State |
| State of Oklahoma | | Oklahoma Tax Commission | 2501 North Lincoln Boulevard | | Oklahoma City | OK | | 405-521-3160 | | OTCMASTER@TAX.OK.GOV | | Taxing Authority | State |
| State of Oregon | | Oregon Dept of Revenue | 955 Center St NE | | Salem | OR | | 503-378-4988 | | directions.or@dor.oregon.gov | | Taxing Authority | State |
| State of Pennsylvania | | Pennsylvania Dept of Revenue | 1846 Brookwood St | | Harrisburg | PA | | 717-787-8201 | | questions.ris@pa.gov | | Taxing Authority | State |
| State of Rhode Island | | Division of Taxation | | | Providence | RI | | 401-574-8829 | | | | Taxing Authority | State |
| State of South Carolina | | South Carolina Dept of Revenue | 300A Outlet Pointe Boulevard | | Columbia | SC | | 803-898-5000 | | | | Taxing Authority | State |
| State of South Dakota | | South Dakota Department of Revenue | 445 E Capitol Ave | | Pierre | SD | | 605-773-3311 | | | | Taxing Authority | State |
| State of Tennessee | | Tennessee Department of Revenue | 500 Deaderick Street | | Nashville | TN | | 615-253-0600 | 615-253-3580 | glenn.hegar@cpa.texas.gov | | Taxing Authority | State |
| State of Texas | | Texas Comptroller | Capitol Station | | Austin | TX | | 512-463-4600 | | | | Taxing Authority | State |
| State of Utah | | Utah State Tax Commission | 210 North 1950 West | | Salt Lake City | UT | | 801-297-2200 | | taxmaster@utah.gov | | Taxing Authority | State |
| State of Vermont | | Vermont Department of Taxes | 133 State Street | | Montpelier | VT | | 802-828-2505 | | | | Taxing Authority | State |
| State of Virginia | | Virginia Department of Taxation | PO Box 1115 | | Richmond | VA | | 804-367-8037 | | | | Taxing Authority | State |
| State of Washington | | Washington Dept of Revenue | PO Box 47464 | | Olympia | WA | | 360-705-6741 | | | | Taxing Authority | State |
| State of West Virginia | | West Virginia Department of Revenue | 1124 Smith Street | | Charleston | WV | | 304-558-3333 | | | | Taxing Authority | State |
| State of Wisconsin | | Wisconsin Department of Revenue | 2135 Rimrock Road | | Madison | WI | | 608-266-2772 | | | | Taxing Authority | State |
| State of Wyoming | | Wyoming Department of Revenue | 122 West 25th Street, 3Rd Floor E | | Cheyenne | WY | | 307-777-5200 | 307-777-3632 | | | Taxing Authority | State |
| Chatham County GA Tax Collector | | | | | Savannah | GA | | 912-652-7100 | 912-652-7101 | | | Taxing Authority | City/Territory |
| Kansas City MO Tax Administration | Attn: Business License Office | City Hall 1st Floor | | Kansas City | MO | | 816-513-1120 | | business.license@kcmo.org | | Taxing Authority | City/Territory |
| Puerto Rico Department of Financial Institutions | Attn: Treasury Department | PO Box 9024140 | 1492 Ave. Ponce De Leon | Suite 600 | San Juan | PR | Puerto Rico | 787-723-3131 | 787-722-4439 | procurador.ocif@ocif.pr.gov | | Taxing Authority | City/Territory |
| Puerto Rico (State) | | 1492 Ave. Ponce De Leon | | | Santurce | PR | Puerto Rico | | | | | Taxing Authority | City/Territory |
| Puerto Rico Bureau of Financial Institutions | | PO Box 11855 | | | San Juan | PR | | 00910-3855 | | | | Regulatory Agency | MTL |
| State of Rhode Island Department of Financial Institutions | | 1511 Pontiac Avenue | | | Cranston | RI | | 02920 | | | | Regulatory Agency | MTL |
| Washington State Department of Financial Institutions | | 150 Israel Rd. SW | | | Tumwater | WA | | 98501 | | | | Regulatory Agency | MTL |
| Nevada Financial Institutions Division | | PO Box 41200 | | | Olympia | WA | | 98504 | | | | Regulatory Agency | MTL |
| Nevada Financial Institutions Division | | PO Box 4970 | | | Carson City | NV | | 89706 | | | | Taxing Authority | MTL |
| Christina McMurray, Tax KJC | | 876 W Main St | | | Carson City | NV | | 89703 | | | | Taxing Authority | MTL |
| Dual County Tax | | | | | | | | | | | | Taxing Authority | Local |
| Collector of Revenue | St Louis County Dept of Revenue | 5000 San Antonio Dr | | | St Louis | MO | | 63109 | | | | Taxing Authority | Local |
| Revenue | Jim Overton | PO Box 11483 | | | Jacksonville | FL | | 32201-4009 | | | | Taxing Authority | Local |
| Duval County Tax Collector | | PO Box 44009 | | | Jacksonville | FL | | | | | | Taxing Authority | Local |
| Employment Development Dept | | PO Box 989061 | | | West Sacramento | CA | | 95798-9061 | | | | Taxing Authority | Local |
| Jackson County Collector | Occupation Tax Registration | 1315 Murasaki St Ste 200 | | | Kansas City | MO | | 64130-1047 | | | | Taxing Authority | Local |
| Michelle Butts | | P.O. Box 1169 | 725 Maple Street | | Hillsboro | MO | | 63050 | | | | Taxing Authority | Local |
| Potter County Tax Assessor/Collector - Sherri Aylor | | P.O. Box 2289 | | | Amarillo | TX | | 79105-2289 | | | | Taxing Authority | Local |
| Tennessee Dept of Revenue | | 500 S 1900 West | | | Amarillo | TX | | | | | | Taxing Authority | Local |
| Village of Palm Springs (FL) | | 226 Cypress Lane | | | Palm Springs | FL | | 33461 | | | | Taxing Authority | Local |
| Washington County Trustee | | PO Box 215 | | | Jonesborough | TN | | 37659 | | | | Taxing Authority | Local |