BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 7, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR ORDER ESTABLISHING CERTAIN CASE MANAGEMENT, NOTICE AND ADMINISTRATIVE PROCEDURES**<br><br>Hearing Date:<br>Hearing Time: |

Cash Cloud, Inc., dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby submits this Motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Case Management Order"), establishing certain case management, notice and administrative procedures (the "Motion").  Debtor seeks to establish a framework that will facilitate the efficient administration of this Chapter 11 Case (defined below).  Entry of the Case Management Order will implement Case Management Procedures (defined

141436081.3

below) to, among other things, (i) establish omnibus hearing dates, (ii) establish administrative procedures concerning requests for relief that may be filed in Debtor's Chapter 11 Case; and (iii) authorize Debtor to limit notice with respect to certain matters that are anticipated to arise in the Chapter 11 Case.

This Motion is made pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In addition, Bankruptcy Rules 4001, 6004, 6006, 6007, 9006, 9013, 9014 and 9019 allow this Court to determine those parties to whom Debtor must provide notice. The Motion is based upon the following memorandum of points and authorities; the *Omnibus Declaration of Christopher Andrew McAlary in Support of First Day Motions* (the "Omnibus Declaration"); the papers and pleadings on file with the Court in the Chapter 11 Case; the arguments and representations of counsel; and any oral or documentary evidence presented at or prior to the time of the hearing on the Motion.

Dated this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By:      */s/Brett Axelrod*
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
     *[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2

141436081.3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**JURISDICTION**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested herein are sections 102 and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Bankruptcy Rules 2002 and 9007, and Rule 2002 of the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada (the "Local Rules").

**II.**

**STATEMENT OF FACTS**

**A.    General Background**

4.    On February 3, 2023  (the "Petition Date"), Debtor filed with this Court its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.    Debtor is continuing in possession of its property and is operating and managing its business as debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108. See generally Chapter 11 Case Docket.

6.    No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed. See id.

7.    The factual background relating to Debtor's commencement of the Chapter 11 Case is set forth in detail in the Omnibus Declaration, which is incorporated herein by reference in its entirety.[1]

8.    As described in more detail in the Omnibus Declaration, Debtor endeavored to prepare the majority of the pertinent pleadings in this Chapter 11 Case for filing on the Petition Date or shortly thereafter.  Nevertheless, Debtor anticipates numerous motions and applications will follow in the

---

[1] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Omnibus Declaration.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

days and weeks ahead. Debtor estimates thousands of creditors and parties in interest exist in the Chapter 11 Case and anticipates that the parties in interest who may file requests for service of pleadings, pursuant to Bankruptcy Rule 2002, may number in the hundreds. See Omnibus Declaration.

9. Due to the expected size of the Chapter 11 Case, Debtor believes that implementation of the proposed notice, administrative and case management procedures described herein and to be attached to the Case Management Order (collectively, the "Case Management Procedures") is warranted to ensure the Chapter 11 Case is administered in the most efficient and effective way possible. In particular, the proposed Case Management Procedures will benefit the Debtor, the Court and all parties in interest by, among other things:

    a. Reducing the need for emergency hearings and requests for expedited relief;

    b. Fostering consensual resolution of important matters;

    c. Assuring prompt receipt of appropriate notices affecting parties' interests;

    d. Providing ample opportunity to parties in interest to prepare for and respond to matters before this Court;

    e. Reducing the substantial administrative and financial burden that would otherwise be placed on Debtor and other parties in interest who file documents in this Chapter 11 Case; and

    f. Reducing administrative burdens on the Court and the Clerk's office.

See Omnibus Declaration.

10. Debtor proposes to serve the Case Management Procedures on a Master Service List (defined herein) that it will maintain in accordance with the Case Management Procedures. Debtor further proposes to publish the Case Management Procedures on the website maintained by Debtor's proposed notice, balloting and claims agent (the "Notice and Claims Agent") that will provide copies of all pleadings filed in this Chapter 11 Case and will be accessible to the public for free (the "Case

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Website").[2]  The Case Management Procedures will also be available by contacting the Notice and Claims Agent or Debtor's proposed counsel.  In the event the Case Management Procedures are modified during the course of the Chapter 11 Case, Debtor will redistribute the Case Management Procedures to the Master Service List.  See Omnibus Declaration.

### III.

### RELIEF REQUESTED

The large number of creditors and other parties in interest involved in this Chapter 11 Case will impose heavy administrative costs and other burdens upon Debtor, the Court, and the Clerk's Office.  Debtor desires to assist and cooperate with the Clerk's Office to help alleviate those burdens to the fullest extent possible.  See Omnibus Declaration.  Accordingly, Debtor respectfully requests that the Court enter the Case Management Order (a) establishing the Case Management Procedures as the governing framework for administration of the Chapter 11 Case, (b) approving the form and proposed notice of the Case Management Procedures, (c) finding that notice of this Motion is appropriate and sufficient under the circumstances, and (d) granting such other relief as is just and proper.

### IV.

### CASE MANAGEMENT PROCEDURES

A.    **Omnibus Hearing Dates.**

1.    <u>All Matters to be Heard at Omnibus Hearings</u>.  Debtor proposes that the Court schedule periodic omnibus hearings to consider all motions, pleadings, applications, objections and responses thereto, and other requests for relief filed in the Chapter 11 Case (the "Omnibus Hearings") no less frequently than once per month.  Upon the scheduling of the Omnibus Hearings, the Notice and Claims Agent shall post the dates and times for the Omnibus Hearings on the Case Website.  Parties in interest may contact the Notice and Claims Agent for information concerning all scheduled Omnibus Hearings.

---

[2]  On the Petition Date, Debtor filed an application to retain Stretto, Inc. ("Stretto") as its Notice and Claims Agent.  Such application proposes, among other things, that the Notice and Claims Agent will provide instructions to all creditors and parties in interest for accessing the Case Website.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

2.  <u>Omnibus Hearings</u>.  Debtor proposes that with respect to the Omnibus Hearings, the following apply:

(a)  <u>Ordinary Scheduling Procedures</u>.  In accordance with Bankruptcy Rule 2002 and Local Rule 9014, a party may notice its Request for Relief (defined below) as set for hearing on the date of the next upcoming Omnibus Hearing date provided such Omnibus Hearing date is no less than twenty-eight (28) days after the filing of the Request for Relief.

(b)  <u>Emergency Scheduling Procedures</u>.  Notwithstanding the Ordinary Scheduling Procedures, every party may request a hearing on less than twenty-eight (28) days' notice in accordance with Local Rule 9006.

**B.    <u>Filing and Notice Procedures; Deadlines for Filing Responsive Pleadings</u>.**

3.  <u>Procedures Established for Notices</u>.  Debtor proposes that all notices, motions, applications and other requests for relief, including all briefs, memoranda, affidavits, declarations and other documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>") and all objections and responses to such Requests for Relief (collectively, the "<u>Objections</u>," and together with the Requests for Relief and all other filed documents, the "<u>Court Filings</u>") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein at paragraphs 4-24 (the "<u>Notice Procedures</u>").

4.  <u>Entities Entitled to Service</u>.  Debtor proposes that, except as otherwise provided herein, all Court Filings shall be served upon the Master Service List, the Rule 2002 List and Affected Entities (each as defined hereinafter and collectively referred to as the "<u>Service List</u>"):

(a)  <u>Master Service List</u>.  This list shall be maintained by the Notice and Claims Agent and made available to parties in interest by their (a) accessing the Case Website; (b) contacting the Notice and Claims Agent directly; and/or (c) contacting Debtor's counsel directly, and shall include contact information for the following parties:

(i)  the Office of the United States Trustee for the District of Nevada;

(ii)  Debtor and its counsel;

(iii)  counsel to any official committee of creditors or, until such appointment, the entities listed on the Lists of Creditors Holding the 20 Largest Unsecured Claims filed in the Chapter 11 Case by Debtor, pursuant to Bankruptcy Rule 1007(d);

(iv)  counsel to Debtor's secured creditors; and

(v)  the Internal Revenue Service.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

(b)   <u>Rule 2002 List</u>.  This list shall be maintained by the Notice and Claims Agent and made available to parties in interest by their (a) accessing the Case Website; and/or (b) contacting the Notice and Claims Agent directly; and shall include contact information for those entities who file or have filed a proper request for service of papers pursuant to Bankruptcy Rule 2002 as follows:

(i)   <u>A Request for Service of Papers Requires Email Address</u> – A request for service of papers pursuant to Bankruptcy Rule 2002 filed with the Court (each, a "<u>Rule 2002 Notice Request</u>") shall be deemed proper if and only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

(ii)   <u>Certification For Opting Out of Email Service</u> – Any individual or entity filing a Rule 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the Rule 2002 Notice Request a certification that shall include a statement certifying that the individual or entity (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.

(iii)   <u>Updates to Rule 2002 Notice Request</u> – Each entity submitting a Rule 2002 Notice Request shall file with the Court an updated Rule 2002 Notice Request, as necessary, to reflect changes to any information, including email address and contact person, and shall serve a copy of such request upon Debtor and Debtor's counsel.

(iv)   At least once a month following the Petition Date, the Notice and Claims Agent shall maintain and update the Rule 2002 List by:  (a) making any additions and deletions necessary since the last update; (b) filing the updated Rule 2002 List with the Court; (c) serving the updated Rule 2002 List on the parties listed thereon; (d) filing a proof of service; and (e) simultaneously with the filing of the updated Rule 2002 List, posting the updated Rule 2002 List on the Case Website.

(c)   <u>Affected Entities</u>.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "<u>Affected Entity</u>").

5.   <u>Filing and Service of Requests for Relief</u>.

(a)   <u>Deadline for Requests for Relief</u>.  Debtor proposes that, unless otherwise ordered by the Court, the deadline to file a Request For Relief (the "<u>Request Deadline</u>") shall be no less than twenty-eight (28) days before the applicable hearing date in accordance with Bankruptcy Rule 2002 and Local Rule 9014.

(b)   <u>Service of Requests for Relief</u>.  Debtor further proposes that, unless the Court orders otherwise, all Requests For Relief filed with the Court shall be served, so as to actually be received by the Request Deadline, upon the Master Service List, the Rule 2002 List and each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served; *provided, however,* that if the

141436081.3

Request for Relief is set on an expedited basis on a date that is ten (10) days or less before the applicable hearing, then such Request for Relief shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtor and its counsel, any committees appointed in the Case and their counsel, the entity filing the Request for Relief, and each Affected Entity.

6.    <u>Filing and Service of Objections, Replies and Other Responsive Pleadings</u>.

(a)    <u>Deadline for Objections</u>.  Debtor proposes that, unless otherwise ordered by the Court, the deadline to file objections to Requests For Relief (the "<u>Objection Deadline</u>") shall be fourteen (14) days before the applicable hearing date in accordance with Local Rule 9014.  An Objection Deadline concerning a Request for Relief set to be heard on an Omnibus Hearing Date may be extended with the consent of the entity filing the Request for Relief to a date that is no later than seven (7) days before the applicable hearing date.  For motions that are set on an expedited basis and less than fourteen (14) days after the Request for Relief is filed, the Objection Deadline shall be 5:00 p.m. prevailing Pacific Time no later than five (5) days before the hearing date. Failure to file objections by the Objection Deadline may cause the Court to not consider the objection.

(b)    <u>Service of Objections</u>.  Debtor further proposes that all objections filed with the Court shall be served, so as to actually be received by the applicable Objection Deadline, upon the entity filing the Request for Relief, the Master Service List, the Rule 2002 List, and each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served; *provided, however*, that if the Objection Deadline is after the date that is five (5) days before the applicable hearing, then objections shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtor and its counsel, any committees appointed in the Chapter 11 Case and their counsel, the entity filing the Request for Relief, and each Affected Entity.

(c)    <u>Filing and Service of Replies to Objections</u>.  Debtor further proposes that if a Court Filing is a reply to an objection, such reply shall be filed with the Court and served so as to actually be received by Debtor and its counsel, the parties filing the objections and each Affected Entity, seven (7) days before the applicable hearing date in accordance with Local Rule 9014.  If such reply is filed with respect to a motion set on an expedited basis, the reply shall be filed with the Court and served on the foregoing parties enumerated in this subsection (c) no later than 12:00 p.m. prevailing Pacific Time at least one (1) business day before the applicable hearing date.

7.    <u>Service of Orders</u>.  Debtor proposes that any party submitting an order for the Court's consideration be required to serve a file-stamped copy of such order on (i) each Affected Entity and (ii) Debtor and its counsel within two (2) business days of entry of the order.  Debtor shall cause all entered orders to be posted on the Case Website.

8.    With respect to Court Filings for which notices are required to be served on all creditors and parties in interest, including particular notices required pursuant Bankruptcy Rules

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2002(a)(2) and (3), 4001, 6004, 6007 or 9019, Debtor proposes that parties shall be required to serve all such filings only on the Service List by email or otherwise (if an exemption is granted) and in accordance with the following procedures, unless otherwise ordered by the Court —

    (a)    in the case of any use, sale, lease or abandonment of less than substantially all of any Debtor's property, on each entity asserting an interest in that property;

    (b)    in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

    (c)    in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

    (d)    in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

    (e)    in the case of assumption, assignment or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

    (f)    any objection, opposition, response, reply or further document filed directly in response to a document shall be served on the entity who filed such document; and

    (g)    all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

9.    Debtor proposes that, except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

    (a)    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Bankruptcy Code section 341);

    (b)    Bankruptcy Rule 2002(a)(2) (any proposed use, sale or lease of property of the estates other than in the ordinary course of business, to the extent that such use, sale or lease concerns all or substantially all of Debtor's assets);

    (c)    Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or Case or the conversion of a case to another chapter);

    (d)    Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

    (e)    Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

(f) Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

(g) Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

(h) Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

(i) Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

(j) Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

(k) Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

(l) Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

(m) Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

(n) Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

10. Debtor further proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any creditor appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) who is required, but fails, to file a proof of claim in the Chapter 11 Case in accordance with any orders of the Court establishing a claims bar date (such creditors, the "Excluded Creditors") shall not be entitled to further notice, and Debtor shall not be required to provide any further notice to any such creditor, with respect to such claim or otherwise in the Chapter 11 Case after the claims bar date established by the Court has passed.

11. Right to Request Special Notice Procedures. Nothing herein shall prejudice the right of any entity to (a) move the Court to further limit or expand notice of contested matters and adversary proceedings upon a showing of good cause, including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice, or (b) request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) or 9006(c).

12. Use of Negative Notice. Nothing in these Case Management Procedures shall affect the applicability of a party's ability to file and serve a Request for Relief on negative notice under the Bankruptcy Rules and Local Rules applicable to such Request for Relief.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

**C.**     <u>**Service by Electronic Mail**</u>.

13.     Debtor proposes that all Court Filings shall be electronically served through the Court's Case Management/Electronic Case Filing System ("<u>CM/ECF</u>"), other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service. Subject to the limited exclusions set forth herein, each party that has filed a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures, shall be deemed to have consented to electronic service of papers. A party filing a Court Filing that is served on entities via the CM/ECF has no further obligation for service of such Court Filing with respect to such entities to be proper.

14.     Debtor further proposes that if a Rule 2002 Notice Request fails to include an email address and a Certification, Debtor shall forward a copy of the Case Management Procedures as approved by the Court to such party within five (5) business days specifically requesting an email address. If no email address or no Certification is provided in response to such request, such party shall not be added to the Rule 2002 List and shall not be served with copies of pleadings and documents filed in this case unless such pleadings or documents directly affect such party.

**D.**     <u>**Limit Notice Matters**</u>.

15.     To the extent the Bankruptcy Code, the Bankruptcy Rules or the Local Rules require broader notice, Debtor respectfully request that motions or applications regarding the following matters or proceedings be the subject of limited notice in this Chapter 11 Case:

(a)     any proposed use, sale, or lease of property of the estate pursuant to Bankruptcy Code section 363 and Bankruptcy Rules 2002(a)(2), 4001(b) and 6004 (except a sale of substantially all of Debtor's assets);

(b)     any proposed extension of Debtor's exclusive right to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement), pursuant to Bankruptcy Code section 1121 and Bankruptcy Rule 3016;

(c)     any proposed approval of a compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019;

(d)     any proposed abandonment or disposition of property of the estate pursuant to Bankruptcy Code section 554 and Bankruptcy Rules 6007(a) or (b);

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

(e)    any proposed assumption or rejection of contracts or leases under Bankruptcy Code section 365 and Bankruptcy Rule 6006(a) or (c);

(f)    any proposed modification of the automatic stay pursuant to Bankruptcy Code section 362 or Bankruptcy Rules 4001(a) or 9014;

(g)    any proposal to prohibit or condition the use, sale or lease of property pursuant to Bankruptcy Code section 363 or Bankruptcy Rules 4001(a) or 6004;

(h)    any proposed objections to claims pursuant to Bankruptcy Code section 502 or Bankruptcy Rules 3002, 3003 or 3007;

(i)    any proposed reconsideration of claims pursuant to Bankruptcy Rule 3008;

(j)    any verified statement filed by any entity or committee (other than those appointed pursuant to Bankruptcy Code sections 1102 or 1104) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

(k)    any proposed application for employment of professionals pursuant to Bankruptcy Code sections 327, 1103 or 1104 or Bankruptcy Rule 2014;

(l)    any proposed application for compensation or reimbursement of expenses of professionals pursuant to Bankruptcy Code sections 328, 329, 330 or 331 and Bankruptcy Rules 2002(a)(6), 2016, 2017 and 6005; except as provided by other orders of this Court; hearing on any other contested matter in this Chapter 11 Case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Rules; and

(m)    all other pleadings, papers, and requests for relief or other orders of the Court.

The notices, motions and applications for which Debtor is seeking to limit notice, as set forth above, are hereinafter referred to as the "Limited Notice Matters."

16.    Notwithstanding the foregoing, and except as to the Excluded Creditors, the relief requested in this Motion does not affect the rights of all creditors and parties in interest in the Chapter 11 Case to receive notice of the following matters or proceedings:

(a)    the meeting of creditors;

(b)    the deadline for filing proofs of claim;

(c)    the hearing on any motion to convert or dismiss the Chapter 11 Case;

(d)    the time fixed for filing objections and the hearing to consider approval of a disclosure statement;

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

(e)     the time fixed for filing objections to and the hearing to consider confirmation of a plan or plans of reorganization; and

(f)     the time fixed to accept or reject a proposed modification of a plan or plans of reorganization.

As required by Bankruptcy Rule 2002(d), Debtor is prepared to provide notice of the foregoing matters (a)-(b) to all creditors and equity interest holders and request authority to provide notice of the foregoing matters (c)-(f) to all creditors and equity interest holders except the Excluded Creditors.

**E.     Proposed Limit Notice Procedures.**

17.     As permitted by Bankruptcy Rules 2002(i) and (m), Debtor proposes that the Court enter the Case Management Order that, to the extent allowed, limits the parties upon whom Debtor must serve notice with respect to the Limited Notice Matters in the Chapter 11 Case as follows:

**1.     Service of Limited Notice Matters that Are Not Emergency or Expedited.**

18.     Notice of motions concerning Limited Notice Matters to be heard on regular notice shall be deemed sufficient if served via the Court's CM/ECF, first class mail, overnight delivery, facsimile or email upon the following parties:  (a) the Office of the United States Trustee; (b) parties that file with the Court and serve upon Debtor and its counsel a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures; (c) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel; and (d) (i) counsel for any official unsecured creditors committee that may be appointed in the Chapter 11 Case; or, (ii) until such time as counsel for any official committee is named, the creditors appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) (hereinafter, the foregoing collectively, "Limited Service List"). Debtor proposes that any party that wishes to change its address on the Limited Service List or the list of all creditors and equity interest holders shall provide notice of the requested change to the Court, counsel for Debtor, and the parties entitled to such notice.

**2.     Service of Limited Notice Matters that Require Emergency or Expedited Relief.**

19.     Pursuant to Local Rule 9006(e), if a motion for order shortening time is granted, the notice of the entry of the order shortening time together with a copy of the motion must be served in the most expeditious manner possible (e.g., email, facsimile, or hand delivery) within one (1)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

business day after the order is entered, unless the Court orders otherwise.  However, in some instances service by one of the means listed is not possible within the time frame available or is not practical (e.g., service on a very large group for which Debtor has no facsimile numbers or email addresses readily available).  Therefore, with respect to those Limited Notice Matters to be heard on emergency or expedited notice, Debtor proposes that, in addition to the methods of service authorized by Local Rule 9006(e), notice be deemed sufficient if served only on the Limited Service List, via overnight delivery or email address, if known to Debtor, so long as the notice will be delivered prior to the scheduled hearing time.

20.    Debtor submits the Case Management Procedures as concerning Limit Notice Matters are necessary and appropriate given that the creditor body is so large and many of the creditors would not be interested in receiving copies of all the Limited Notice Matters.  Requiring notice to, and service upon, so many parties would substantially increase the cost and administrative burden on Debtor without conferring any meaningful benefit to Debtor's estates and consequently would diminish the assets ultimately available for distribution to creditors.  Further, allowing service of an emergency or expedited motion by overnight delivery in the instances outlined above provides the other parties notice of the matter while preserving the ability of parties in the Chapter 11 Case to bring such matters before the Court on a timely and efficient basis.  .

21.    After the initial service of the Case Management Order subsequent to its entry, Debtor anticipates that it may be appropriate to make supplemental mailings of notices in a number of situations, including in the event that (a) notices are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which case Debtor should not be required to mail additional notices to such creditors), (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers) that decline to pass along notices to these parties and instead return their names and addresses to Debtor for direct mailing, and (c) additional potential claimants become known as the result of the noticing process.  In this regard, Debtor requests that the Court permit it, with the assistance of the Notice and Claims Agent, to make supplemental mailings as necessary to recipient parties.  Debtor believes that these proposed supplemental mailings will help it provide actual notice to known parties wherever practicable,

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

facilitating the noticing process and easing the administrative burden on Debtor.  Debtor respectfully

submit that such notice constitutes appropriate and sufficient notice of the Limited Notice Matters.

**F.**    **Service of This Motion.**

22.    Debtor is serving a copy of this Motion by email, overnight delivery or facsimile only

on the Limited Service List contemporaneously with the filing of, and prior to the hearing on, the

Motion since the vast majority of creditors will not be interested in receiving notice of the Limited

Notice Matters or this Motion.  Debtor respectfully submit that service of this Motion as noted herein

is appropriate and sufficient under the circumstances and further notice need not be given.

23.    If this Motion is granted, Debtor proposes to inform creditors and other parties in

interest of the Limited Notice Procedures set forth above and Omnibus Hearing dates by serving the

Case Management Order and notice attached thereto as Exhibit 1 on the Master Service List.  In

addition, Debtor and the Notice and Claims Agent will provide a copy of the Limited Service List to

any creditor or party in interest that requests it.

**V.**

**NOTICE**

Notice of this Motion has been given by electronic mail, facsimile or overnight delivery to

the following parties or their counsel:  (a) the Office of the United States Trustee for the District of

Nevada; (b) counsel to any statutory Committee of Unsecured Creditors appointed in this Chapter

11 Case; (c) counsel to Debtor's secured creditors; (d) the Internal Revenue Service; (f) each

Debtor's twenty (20) largest unsecured creditors; and (g) all parties that have filed a Rule 2002 Notice

Request in the Chapter 11 Case.  In light of the nature of the relief requested, Debtor respectfully

submits that such notice is appropriate and sufficient under the circumstances and that no further

notice is necessary.

**VI.**

**LEGAL ARGUMENT**

This Court is conferred with the authority to limit the scope of notice in this Chapter 11 Case

by establishing notice, case management and administrative procedures, pursuant to the Bankruptcy

Code, the Bankruptcy Rules and the Local Rules.  Bankruptcy Rule 2002(a) provides that, unless

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

otherwise ordered by the bankruptcy court, notice of certain matters must be given to, among others, all of the Debtor's creditors, equity security holders, and other parties in interest. Bankruptcy Rule 2002(i) provides, in pertinent part, as follows:

> [T]he Court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or Debtor in possession and file a request that all notices be mailed to them.

Further, "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."). Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014 and 9019 each allow this Court to determine those parties to whom Debtor must provide notice.

Bankruptcy Code section 102(1) states that, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing is appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(1)(A). Section 105(a) authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506 (9th Cir. 2002). In addition to the Court's general equitable powers under Bankruptcy Code section 105(a), the Court, "unless inconsistent with another provision of this title or with the applicable [Bankruptcy Rules], may issue an order . . . prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2).

The Case Management Procedures proposed herein comport with applicable provisions of the Bankruptcy Code and Bankruptcy Rules. Debtor believes that due to the large number of creditors and other parties in interest in the Chapter 11 Case, the Case Management Procedures are appropriate. Service of notice of all pleadings and other documents to all creditors would delay substantially the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

16

provision of notice in each particular instance, thereby hampering the conduct of Debtor's businesses and impeding the consummation of transactions. Moreover, service of notice to all creditors with respect to such matters would substantially increase the cost of administering Debtor's estates.

The Court's CM/ECF system facilitates the legal fiction that the Bankruptcy Court Clerk's office is always open because pleadings can be filed and accessed 24 hours a day, 7 days a week. See Fed. R. Bankr. P. 5001. Further, all registered CM/ECF parties on the Master Service List, as well as all other parties in interest that may be directly affected by a particular Request for Relief, will receive notice of such Request for Relief directly from the party submitting such documents to the Court via the CM/ECF system well in advance of the hearing on the matter. All parties in this case who are registered participants in the CM/ECF system will receive a "Notice of Electronic Filing" via electronic mail whenever a Request for Relief is filed, which will provide additional notice to such parties. Although email is nearly universally available, if a party cannot reasonably obtain access to email, then such party may seek an exemption pursuant to the Case Management Procedures to receive paper copies.

Each party in interest that desires notice of pleadings and other documents may, by filing a Rule 2002 Notice, receive such notice. Therefore, no party will be adversely affected by the Case Management Procedures, including the proposed email service set forth herein. The Case Management Procedures fall within the Court's authority to regulate notices and will mitigate the administrative and economic burdens that would otherwise be imposed upon the Court, the Clerk's office and Debtor's estate, without diminishing the opportunity for creditors and parties in interest to receive notice if they so desire.

## VII.

## CONCLUSION

WHEREFORE, based on the foregoing, in order to facilitate the efficient administration of this Chapter 11 Case and to reduce the costs that would be associated with providing notice of certain matters in the Case to all potential creditors, the Debtor hereby respectfully requests that the Court enter an order limiting notice as requested herein.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

If this Motion is granted, the Debtor will serve notice of entry of the order on all creditors who would otherwise be entitled to notice of the Limited Notice Matters in this Chapter 11 Case. The Debtor will also provide a copy of the Limited Service List to any creditor or party in interest who makes a written request therefor to the Debtor's bankruptcy counsel.

**WHEREFORE,** Debtor hereby respectfully requests that the Court enter an order limiting notice as requested herein, and granting such other and further relief as is just and proper under the circumstances, and such other and further relief as is just and proper.

Dated this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By:    */s/Brett Axelrod*

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

141436081.3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT A**

**PROPOSED FORM OF CASE MANAGEMENT ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>                           Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER ESTABLISHING CERTAIN CASE MANAGEMENT, NOTICE AND ADMINISTRATIVE PROCEDURES**<br><br>Hearing Date:<br>Hearing Time: |

The Court, having reviewed and considered the Motion for Order Establishing Certain Case Management, Notice and Administrative Procedures (the "Motion"), filed in the above-captioned chapter 11 bankruptcy Case (the "Chapter 11 Case") by the Debtor and Debtor in possession ("Debtor"), seeking an order pursuant to sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

141436081.3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(the "Bankruptcy Rules"), to, among other things, (a) establish the case management procedures set forth in the Motion as the governing framework for administration of the Chapter 11 Case and (b) approve the form and proposed notice of the Case Management Procedures; having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; appropriate and sufficient notice of the Motion having been provided under the circumstances, and it appearing that no other or further notice need be provided; having determined that the relief sought in the Motion is in the best interests of Debtor, its creditors and all other parties in interest; having determined that the legal and factual bases set forth in the Motion establishes just cause for the relief granted herein; and upon all the proceedings held before the Court at the date and time noted above; with all other findings of the Court as set forth in the record at such hearing, which are incorporated herein pursuant to Federal Rule of Civil Procedure 52, made applicable to these proceedings by Bankruptcy Rule 7052; and, after due deliberation and sufficient cause appearing, therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.    The Motion is GRANTED.

2.    The case management, notice and administrative procedures attached hereto as **Exhibit 1** (the "Case Management Procedures") are approved and shall be implemented immediately upon entry of this Order to provide the governing framework for administration of this Chapter 11 Case.

3.    Debtor shall serve notice of this Order and the Case Management Procedures upon the Master Service List (as defined in the Case Management Procedures) that Debtor shall maintain in accordance with the Case Management Procedures.

4.    Debtor shall publish the Case Management Procedures on the website: https://cases.stretto.com/CashCloud (the "Case Website") maintained by its notice, balloting and claims agent (the "Notice and Claims Agent"). Additionally, Debtor's proposed counsel and the Notice and Claims Agent shall provide copies of the Case Management Procedures to any party who contacts them to make such request.

2

141436081.3

5.      In the event the Case Management Procedures are modified during the course of the Chapter 11 Case, Debtor or the Notice and Claims Agent will redistribute the Case Management Procedures to the Master Service List and shall republish the Case Management Procedures on the Case Website.

6.      The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By:   _/s/Brett A. Axelrod_____
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
     , Trial Attorney for
     Tracy Hope Davis, U.S. Trustee
     Foley Federal Building
     300 Las Vegas Boulevard South, Suite 4300
     Las Vegas, Nevada 89101

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

## **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

, OFFICE OF THE UNITED
STATES TRUSTEE

 Approved / Disapproved 

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

**EXHIBIT 1**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **CASE MANAGEMENT, NOTICE AND ADMINISTRATIVE PROCEDURES** |

The United States Bankruptcy Court for the District of Nevada (the "Court") approved the following case management, notice and administrative procedures (the "Case Management Procedures") for the above-captioned chapter 11 bankruptcy Case (the "Chapter 11 Case") of Cash Cloud, Inc., dba Coin Cloud, Inc., Debtor and Debtor in possession (the "Debtor") in the Chapter 11 Case, pursuant to its order (the "Case Management Order") entered on _____, 2023.

Anyone may obtain a copy of the Case Management Order in addition to any document filed with the Court in the Chapter 11 Case by (a) accessing the website maintained by Stretto, Inc. ("Stretto" or the "Notice and Claims Agent"), Debtor's notice, balloting and claims agent, at

141436081.3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

https://cases.stretto.com/CashCloud (the "Case Website"); (b) contacting Stretto directly at: INSERT; or on their Telephone Hotline: toll free for U.S. parties at 720.792.9194 or for non-U.S. parties at +1 888.940.5992; or (c) accessing the Case Management/Electronic Case Filing System ("CM/ECF") on the Court's website at www.nvb.uscourts.gov through an account obtained from the PACER service center at 1 (800) 676-6856 or http://pacer.psc.uscourts.gov.   Additionally, paper copies of all pleadings filed in the Chapter 11 Case are available during posted hours at the Court Clerk's office located at Foley Federal Building and U.S. Courthouse, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

**A.**     **Omnibus Hearing Dates.**

1.     <u>All Matters to be Heard at Omnibus Hearings</u>.   The Court shall schedule periodic omnibus hearings to consider all motions, pleadings, applications, objections and responses thereto, and other requests for relief filed in the Chapter 11 Case (the "Omnibus Hearings") no less frequently than once per month.  Upon the scheduling of the Omnibus Hearings, the Notice and Claims Agent shall post the dates and times for the Omnibus Hearings at the Case Website.  Parties in interest may contact the Notice and Claims Agent for information concerning all scheduled Omnibus Hearings.

2.     <u>Omnibus Hearings</u>.

(a)     <u>Ordinary Scheduling Procedures</u>.  In accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9014 of the Court's Local Rules of Bankruptcy Procedure (the "Local Rules"), a party may notice its Request for Relief (defined below) as set for hearing on the date of the next upcoming Omnibus Hearing date provided such Omnibus Hearing date is no less than twenty-eight (28) days after the filing of the Request for Relief.

(b)     <u>Emergency Scheduling Procedures</u>.  Notwithstanding the Ordinary Scheduling Procedures, every party may request a hearing on less than twenty-eight (28) days' notice in accordance with Local Rule 9006.

141436081.3

**B.**     <u>**Filing and Notice Procedures; Deadlines for Filing Responsive Pleadings**</u>.

3.     <u>Procedures Established for Notices</u>.   All notices, motions, applications and other requests for relief, including all briefs, memoranda, affidavits, declarations and other documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>") and all objections and responses to such Requests for Relief (collectively, the "<u>Objections</u>," and together with the Requests for Relief and all other filed documents, the "<u>Court Filings</u>") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein at paragraphs 4-20 (the "<u>Notice Procedures</u>").

4.     <u>Entities Entitled to Service</u>.   Except as otherwise provided herein, all Court Filings shall be served upon the Master Service List, the Rule 2002 List and Affected Entities (each as defined hereinafter and collectively referred to as the "<u>Service List</u>"):

(a)     <u>Master Service List</u>.   This list shall be maintained by the Notice and Claims Agent and made available to parties in interest by their (a) accessing the Case Website; (b) contacting the Notice and Claims Agent directly; and/or (c) contacting Debtor's counsel directly, and shall include contact information for the following parties:

(i)     the Office of the United States Trustee for the District of Nevada;

(ii)    Debtor and its counsel;

(iii)   counsel to any official committee of creditors or, until such appointment, the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed in the Chapter 11 Case by Debtor, pursuant to Bankruptcy Rule 1007(d);

(iv)   counsel to Debtor's secured creditors; and

(v)    the Internal Revenue Service.

(b)     <u>Rule 2002 List</u>.   This list shall be maintained by the Notice and Claims Agent and made available to parties in interest by their (a) accessing the Case Website; or (b) contacting the Notice and Claims Agent directly; and shall include contact information for those entities who file or have filed a proper request for service of papers pursuant to Bankruptcy Rule 2002 as follows:

(i)     <u>A Request for Service of Papers Requires Email Address</u> – A request for service of papers pursuant to Bankruptcy Rule 2002 filed with the Court (each, a "<u>Rule 2002 Notice Request</u>") shall be deemed proper if and only if it includes the following information with request to the party filing such request:  (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

7

141436081.3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(ii)    <u>Certification For Opting Out of Email Service</u> – Any individual or entity filing a Rule 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the Rule 2002 Notice Request a certification that shall include a statement certifying that the individual or entity (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.

(iii)    <u>Updates to Rule 2002 Notice Request</u> – Each entity submitting a Rule 2002 Notice Request shall file with the Court an updated Rule 2002 Notice Request, as necessary, to reflect changes to any information, including email address and contact person, and shall serve a copy of such request upon Debtor and Debtor's counsel.

(iv)    At least once a month following the Petition Date, the Notice and Claims Agent shall maintain and update the Rule 2002 List by:  (a) making any additions and deletions necessary since the last update; (b) filing the updated Rule 2002 List with the Court; (c) serving the updated Rule 2002 List on the parties listed thereon; (d) filing a proof of service; and (e) simultaneously with the filing of the updated Rule 2002 List, posting the updated Rule 2002 List on the Case Website.

(c)    <u>Affected Entities</u>.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "<u>Affected Entity</u>").

5.    <u>Filing and Service of Requests for Relief.</u>

(a)    <u>Deadline for Requests for Relief</u>.  Unless otherwise ordered by the Court, the deadline to file a Request For Relief (the "<u>Request Deadline</u>") shall be no less than twenty-eight (28) days before the applicable hearing date in accordance with Bankruptcy Rule 2002 and Local Rule 9014.

(b)    <u>Service of Requests for Relief</u>.  Unless the Court orders otherwise, all Requests For Relief filed with the Court shall be served, so as to actually be received by the Request Deadline, upon the Master Service List and each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served; *provided, however*, that if the Request for Relief is set on an expedited basis on a date that is ten (10) days or less before the applicable hearing, then such Request for Relief shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtor and its counsel, any committees appointed in the Case and their counsel, the entity filing the Request for Relief, and each Affected Entity.

141436081.3

6.      <u>Filing and Service of Objections, Replies and Other Responsive Pleadings</u>.

(a)      <u>Deadline for Objections</u>.  Unless otherwise ordered by the Court, the deadline to file objections to Requests For Relief (the "<u>Objection Deadline</u>") shall be fourteen (14) days before the applicable hearing date in accordance with Local Rule 9014.  An Objection Deadline concerning a Request for Relief set to be heard on an Omnibus Hearing Date may be extended with the consent of the entity filing the Request for Relief to a date that is no later than seven (7) days before the applicable hearing date.  For motions that are set on an expedited basis and less than fourteen (14) days after the Request for Relief is filed, the Objection Deadline shall be 5:00 p.m. prevailing Pacific Time no later than five (5) days before the hearing date.  Failure to file objections by the Objection Deadline may cause the Court to not consider the objection.

(b)      <u>Service of Objections</u>.  All objections filed with the Court shall be served, so as to actually be received by the applicable Objection Deadline, upon the entity filing the Request for Relief, the Master Service List, and each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served; *provided, however*, that if the Objection Deadline is after the date that is five (5) days before the applicable hearing, then objections shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtor and their counsel, any committees appointed in the Chapter 11 Case and their counsel, the entity filing the Request for Relief, and each Affected Entity.

(c)      <u>Filing and Service of Replies to Objections</u>.  If a Court Filing is a reply to an objection, such reply shall be filed with the Court and served so as to actually be received by Debtor and its counsel, the parties filing the objections and each Affected Entity, seven (7) days before the applicable hearing date in accordance with Local Rule 9014.  If such reply is filed with respect to a motion set on an expedited basis, the reply shall be filed with the Court and served on the foregoing parties enumerated in this subsection (c) no later than 12:00 p.m. prevailing Pacific Time at least one (1) business day before the applicable hearing date.

7.      <u>Service of Orders</u>.  Any party submitting an order for the Court's consideration shall serve a file-stamped copy of such order on (i) each Affected Entity and (ii) Debtor and their counsel within two (2) business days of entry of the order.  Debtor shall cause copies of all entered orders to be posted on the Case Website.

8.      With respect to Court Filings for which notices are required to be served on all creditors and parties in interest, including particular notices required pursuant Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007 or 9019, parties shall serve all such filings only on the Service List by email or otherwise (if an exemption is granted) and in accordance with the following procedures, unless otherwise ordered by the Court —

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

(a)     in the case of any use, sale, lease or abandonment of less than substantially all of Debtor's property, on each entity asserting an interest in that property;

(b)     in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

(c)     in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

(d)     in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

(e)     in the case of assumption, assignment or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

(f)     any objection, opposition, response, reply or further document filed directly in response to a document shall be served on the entity who filed such document; and

(g)     all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

9.     Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

(a)     Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Bankruptcy Code section 341);

(b)     Bankruptcy Rule 2002(a)(2) (any proposed use, sale or lease of property of the estates other than in the ordinary course of business, to the extent that such use, sale or lease concerns all or substantially all of Debtor's assets);

(c)     Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or Case or the conversion of a case or Case to another chapter);

(d)     Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

(e)     Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

(f)     Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

(g)     Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

(h)    Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

(i)    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

(j)    Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case or Case to another chapter of the Bankruptcy Code);

(k)    Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

(l)    Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

(m)    Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

(n)    Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case or Case be converted to chapter 7 of the Bankruptcy Code).

10.    Pursuant to Bankruptcy Rule 3003(c)(2), any creditor appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) who is required, but fails, to file a proof of claim in the Chapter 11 Case in accordance with any orders of this Court establishing a claims bar date (such creditors, the "Excluded Creditors") shall not be entitled to further notice, and Debtor shall not be required to provide any further notice to any Excluded Creditors, with respect to such claim or otherwise in the Chapter 11 Case after the claims bar date established by the Court has passed.

11.    Right to Request Special Notice Procedures.  Nothing herein shall prejudice the right of any entity to (a) move the Court to further limit or expand notice of contested matters and adversary proceedings upon a showing of good cause, including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice, or (b) request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) or 9006(c).

12.    Use of Negative Notice.  Nothing in these Case Management Procedures shall affect the applicability of a party's ability to file and serve a Request for Relief on negative notice under the Bankruptcy Rules and Local Rules applicable to such Request for Relief.

**C.    Service by Electronic Mail.**

13.    All Court Filings shall be electronically served through the CM/ECF, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  Subject

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

11

141436081.3

to the limited exclusions set forth herein, each party that has filed a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures, shall be deemed to have consented to electronic service of papers.  A party filing a Court Filing that is served on entities via the CM/ECF has no further obligation for service of such Court Filing with respect to such entities to be proper.

14. If a Rule 2002 Notice Request fails to include an email address and a Certification, Debtor shall forward a copy of these Case Management Procedures to such party within five (5) business days specifically requesting an email address. If no email address or no Certification is provided in response to such request, such party shall not be added to the Rule 2002 List and shall not be served with copies of pleadings and documents filed in these Case unless such pleadings or documents directly affect such party.

**D.** **Limit Notice Matters.**

15. To the extent the Bankruptcy Code, the Bankruptcy Rules or the Local Rules require broader notice, motions or applications regarding the following matters or proceedings shall be subject to limited notice in the Chapter 11 Case:

(a) any proposed use, sale, or lease of property of the estate pursuant to Bankruptcy Code section 363 and Bankruptcy Rules 2002(a)(2), 4001(b) and 6004 (except a sale of substantially all of Debtor's assets);

(b) any proposed extension of Debtor's exclusive right to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement), pursuant to Bankruptcy Code section 1121 and Bankruptcy Rule 3016;

(c) any proposed approval of a compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019;

(d) any proposed abandonment or disposition of property of the estate pursuant to Bankruptcy Code section 554 and Bankruptcy Rules 6007(a) or (b);

(e) any proposed assumption or rejection of contracts or leases under Bankruptcy Code section 365 and Bankruptcy Rules 6006(a) or (c);

(f) any proposed modification of the automatic stay pursuant to Bankruptcy Code section 362 or Bankruptcy Rules 4001(a) or 9014;

(g) any proposal to prohibit or condition the use, sale or lease of property pursuant to Bankruptcy Code section 363 or Bankruptcy Rules 4001(a) or 6004;

(h) any proposed objections to claims pursuant to Bankruptcy Code section 502 or Bankruptcy Rules 3002, 3003 or 3007;

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141436081.3

(i)    any proposed reconsideration of claims pursuant to Bankruptcy Rule 3008;

(j)    any verified statement filed by any entity or committee (other than those appointed pursuant to Bankruptcy Code sections 1102 or 1104) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

(k)    any proposed application for employment of professionals pursuant to Bankruptcy Code sections 327, 1103 or 1104 or Bankruptcy Rule 2014;

(l)    any proposed application for compensation or reimbursement of expenses of professionals pursuant to Bankruptcy Code sections 328, 329, 330 or 331 and Bankruptcy Rules 2002(a)(6), 2016, 2017 and 6005; except as provided by other orders of this Court; hearing on any other contested matter in this Chapter 11 Case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Rules; and

(m)    all other pleadings, papers, and requests for relief or other orders of the Court.

The notices, motions and applications set forth above are hereinafter referred to as the "Limited Notice Matters."

16.    Notwithstanding the foregoing, except in the case of Excluded Creditors, these Case Management Procedures do not affect the rights of all creditors and parties in interest in the Chapter 11 Case to receive notice of the following matters or proceedings:

(a)    the meeting of creditors;

(b)    the deadline for filing proofs of claim;

(c)    the hearing on any motion to convert or dismiss the Chapter 11 Case;

(d)    the time fixed for filing objections and the hearing to consider approval of a disclosure statement;

(e)    the time fixed for filing objections to and the hearing to consider confirmation of a plan or plans of reorganization; and

(f)    the time fixed to accept or reject a proposed modification of a plan or plans of reorganization.

As required by Bankruptcy Rule 2002(d), Debtor shall provide notice of the foregoing matters (a)-(b) to all creditors and equity interest holders and are authorized to provide notice of the foregoing matters (c)-(f) to all creditors and equity interest holders except for the Excluded Creditors.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

13

141436081.3

**E.**      <u>Limit Notice Procedures</u>.

     **1.**      **Service of Limited Notice Matters that Are Not Emergency or Expedited.**

     17.      Notice of motions concerning Limited Notice Matters to be heard on regular notice shall be deemed sufficient if served via the Court's CM/ECF, first class mail, overnight delivery, facsimile or email upon the following parties: (a) the Office of the United States Trustee; (b) parties that file with the Court and serve upon Debtor and its counsel a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures; (c) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel; and (d) (i) counsel for any official unsecured creditors committees that may be appointed in the Chapter 11 Case; or, (ii) until such time as counsel for any official committee is named, the creditors appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) (hereinafter, the foregoing collectively, "<u>Limited Service List</u>"). Any party that wishes to change its address on the Limited Service List or the list of all creditors and equity interest holders shall provide notice of the requested change to the Court, counsel for Debtor, and the parties entitled to such notice.

     **2.**      **Service of Limited Notice Matters that Require Emergency or Expedited Relief.**

     18.      Pursuant to Local Rule 9006(e), if a motion for order shortening time is granted, the notice of the entry of the order shortening time together with a copy of the motion must be served in the most expeditious manner possible (e.g., email, facsimile, or hand delivery) within one (1) business day after the order is entered, unless the Court orders otherwise. In addition to the methods of service authorized by Local Rule 9006(e), notice shall be sufficient if served only on the Limited Service List, via overnight delivery or email address, if known to Debtor, so long as the notice will be delivered prior to the scheduled hearing time.

     19.      After the initial service of the Case Management Order subsequent to its entry, Debtor may make, as necessary, supplemental mailings of notices in a number of situations, including in the event that (a) notices are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which case Debtor is not required to mail additional notices to such creditors), (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers) that decline to pass along notices to these parties and instead return their

14

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

names and addresses to Debtor for direct mailing, and (c) additional potential claimants become known as the result of the noticing process.  In such instances, Debtor's supplemental mailing of notices, with the assistance of the Notice and Claims Agent, constitutes appropriate and sufficient notice with respect to the Limited Notice Matters.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

141436081.3