BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
[Proposed] Counsel for Debtor

Electronically Filed February 7, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**EMERGENCY FIRST DAY APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD LLP AS DEBTOR'S COUNSEL, EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date: OST PENDING<br>Hearing Time: OST PENDING |

Cash Cloud, Inc., dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), respectfully submits this application (the "Application") for an order pursuant to sections 327(a), 328, 1107 and 1108 of title 11 of the United States Code, §§ 101 *et. seq.* (the "Bankruptcy Code"), Rules 2014(a), 2016, 5002 and 9034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada (the "Local

1

141435401.2

Rules"), authorizing Debtor to retain and employ the law firm of Fox Rothschild LLP, a limited liability partnership ("Fox Rothschild" or the "Firm") as counsel for Debtor, effective as of February 7, 2023 (the "Petition Date").

In support of this Application, Debtor relies on the *Omnibus Declaration of Christopher Andrew McAlary in Support of First Day Motions* (the "Omnibus Declaration") and the *Verified Statement of Brett A. Axelrod, Esq.* (the "Axelrod Verified Statement"), filed concurrently herewith. In addition, Debtor respectfully represents and shows as follows:

## I.
## INTRODUCTION

1. On the Petition Date, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case in this Court.

2. Debtor has continued and is operating and managing its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## RELIEF REQUESTED

5. By this Application, Debtor seeks an order pursuant to Bankruptcy Code sections 327(a), 328, 1107 and 1108, Bankruptcy Rules 2014(a), 2016, 5002 and 9034 and Local Rule 2014 authorizing the retention and employment of Fox Rothschild effective as of the Petition Date, as counsel for the Debtor in connection with the commencement and prosecution of this Chapter 11 Case, as described below, in accordance with Fox Rothschild's normal hourly rates and reimbursement policies.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

6. Before the Petition Date, Fox Rothschild assisted the Debtor in negotiations with creditors, evaluation of assets and restructuring alternatives, and corporate services. Due to the myriad of pressing matters that necessitated the filing of the Chapter 11 Case and that arose as a result thereof, Fox Rothschild's work since the commencement of the Chapter 11 Case has been performed on an emergency basis. The complexity, intense activity and speed that have characterized this case has necessitated that Fox Rothschild focus immediate attention on time-sensitive matters and promptly devote substantial resources to the representation of Debtor pending approval of this Application. Fox Rothschild has benefitted the estate by its diligence in prosecuting the Chapter 11 Case. See Omnibus Declaration, See Axelrod Verified Statement ¶6.

## IV.

## **RETENTION OF FOX ROTHSCHILD**

7. Debtor selected Fox Rothschild as its counsel because of (a) its extensive experience and knowledge in the field of Debtor's and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and (b) its familiarity with the facts and circumstances surrounding this Chapter 11 Case given the Firm's prepetition representation of Debtor as described below. See Omnibus Declaration.

8. Debtor seeks Court approval to retain Fox Rothschild at the expense of Debtor's estate to provide the legal services described herein that will be required to represent Debtor in this Chapter 11 Case. See Omnibus Declaration.

9. The terms of Fox Rothschild's retention are set forth in the Engagement Agreement entered into on January 23, 2023, a true and correct copy of which is attached to the Axelrod Verified Statement as **Exhibit 1**. See Axelrod Verified Statement, ¶ 7 & Exhibit 1; Omnibus Declaration.

10. Accordingly, Debtor believes that Fox Rothschild is both well qualified and able to represent its interests in this Chapter 11 Case in an efficient and timely manner and that such representation is in the best interest of Debtor, its estate and constituents. See Omnibus Declaration.

141435401.2

# V.

# **SCOPE OF EMPLOYMENT**

11. In this Chapter 11 Case, Debtor anticipates that Fox Rothschild will render general legal services as needed, including with respect to bankruptcy, financial restructuring, corporate, labor and employment, tax and litigation matters. The professional services that Fox Rothschild will render to Debtor may include, but shall not be limited to, the following:

a. Advising Debtor of its rights and obligations and performance of its duties during administration of this Chapter 11 Case;

b. Attending meetings and negotiations with other parties in interest on Debtor's behalf in this Chapter 11 Case;

c. Taking all necessary actions to protect and preserve Debtor's estate including: the prosecution of actions, the defense of any actions taken against Debtor, negotiations concerning all litigation in which Debtor is involved, and objecting to claims filed against the estate which are believed to be inaccurate;

d. Seeking this Court's approval and confirmation of a plan of reorganization, the accompanying disclosure statement, and all papers and pleadings related thereto and in support thereof and attending court hearings related thereto;

e. Representing Debtor in all proceedings before this Court or other courts of jurisdiction in connection with this Chapter 11 Case, including preparing and/or reviewing all motions, answers and orders necessary to protect Debtor's interests;

f. Assisting Debtor in developing legal positions and strategies with respect to all facets of this proceeding;

g. Preparing on Debtor's behalf necessary applications, motions, answers, orders and other documents; and

h. Performing all other legal services for Debtor in connection with this Chapter 11 Case and other general corporate and litigation matters, as may be necessary.

See Axelrod Verified Statement, ¶ 8 ; Omnibus Declaration.

141435401.2

12. The Debtor may, from time to time, request that Fox Rothschild undertake specific matters beyond the scope of the responsibilities set forth above. Should Fox Rothschild agree, in its sole discretion, to undertake any such specific matters, Debtor seeks authority herein to employ Fox Rothschild for such matters, in addition to those set forth above, without further order of this Court. See Omnibus Declaration.

13. The Debtor requires knowledgeable counsel to render these essential professional services. As described below, Fox Rothschild has substantial expertise in each of these areas. As a result, Fox Rothschild is well-qualified to perform these services and represent Debtor's interests in this Chapter 11 Case. See Omnibus Declaration. Subject to this Court's approval of this Application, Fox Rothschild is willing to serve as Debtor's counsel and to perform the services described above. See Axelrod Verified Statement, ¶ 9.

## VI.

## QUALIFICATIONS

14. Prior to the Petition Date, Debtor retained Fox Rothschild to advise it on corporate and restructuring matters. Therefore, Fox Rothschild is familiar with Debtor, its business operations and its financial condition. As such, Fox Rothschild is uniquely qualified to represent Debtor's interests with respect to Debtor's business and financial affairs and the potential legal issues that may arise in this Chapter 11 Case. See Omnibus Declaration.

15. Fox Rothschild is also well suited for the type of representation required by Debtor. Fox Rothschild has a national practice and has experience in all aspects of the law that may arise in this Chapter 11 Case including, among others, bankruptcy, financial restructuring, corporate, labor and employment, tax and litigation matters. See Axelrod Verified Statement, ¶ 10; Omnibus Declaration.

16. A summary of the qualifications and experience of those attorneys who are expected to render services to Debtor is attached to the Axelrod Verified Statement as **Exhibit 2**. As set forth therein, Fox Rothschild is well qualified to represent Debtor. See Axelrod Verified Statement, ¶ 11 & Exhibit 2; Omnibus Declaration.

141435401.2

17. Accordingly, Debtor believes that the appointment of Fox Rothschild as Debtor's counsel is in the best interest of Debtor and its estate. See Omnibus Declaration.

## VII.

## **DISINTERESTEDNESS**

18. To the best of Debtor's knowledge, information and belief, other than as may be set forth herein or in the Axelrod Verified Statement and exhibits attached thereto, Fox Rothschild does not hold or represent any interest adverse to Debtor or Debtor's estate, and Fox Rothschild is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a), in that:

   a. Fox Rothschild, its partners, of counsel and associates:

      i. are not creditors or insiders of Debtor;

      ii. are not and were not, within two years before the date of this application, a director, officer, or employee of Debtor, as specified in subparagraph (c) of 11 U.S.C. § 101(14); and

      iii. do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders except as stated herein or in the Axelrod Verified Statement.

   b. As required by Bankruptcy Rules 2014(a) and 5002, Fox Rothschild confirms that it does not have any connections with the Bankruptcy Judge overseeing the Chapter 11 Case, the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the District of Nevada, or any person employed in the office of the United States Trustee for the District of Nevada, other than as disclosed in **Exhibit 3** attached to the Axelrod Verified Statement. Fox Rothschild will supplement these disclosures in the event further material connections are discovered regarding persons or entities that later become identified as parties in interest in this Chapter 11 Case.

See Axelrod Verified Statement, ¶ 12; Omnibus Declaration.

19. Prior to Fox Rothschild's engagement by Cash Cloud, Fox was employed by Chris McAlary to provide advice with respect to Cash Cloud's and its board of directors' liability for a vendor's failure to pay sale and use taxes. Fox reviewed secured loan documents, perfection issues, insider loans to and from Cash Cloud, executive employment agreements, and WARN Act issues. When it became clear that the issues presented and advice given concerned Cash Cloud, not

Mr. Alary personally, Cash Cloud engaged Fox and the prior engagement dropped away. Prior to the Petition Date, Fox received $5,265.50 from Cash Cloud as payment for services rendered in connection with this prior engagement. See Axelrod Verified Statement, ¶ 13; Omnibus Declaration.

20. Debtor has been advised that Fox Rothschild currently or formerly represents or has a litigation or transactional adversity to the following creditors of Debtor in matters unrelated to Debtor or Debtor's Chapter 11 Case:

   a. American Express – Former client; current litigation and transactional adversity in matters unrelated to Debtor or Debtor's Chapter 11 Case;

   b. Avtech – Former transactional adversity in matters unrelated to Debtor or Debtor's Chapter 11 Case;

   c. Luis Flores – Former client of the same name in matters unrelated to Debtor or Debtor's Chapter 11 Case;

   d. Victor Garcia – Current litigation adversity to individual of the same name out of San Antonio, TX; current transactional adversity to individual of the same name out of Miami, FL in matters unrelated to Debtor or Debtor's Chapter 11 Case;

   e. Jeffrey Garon – Current client of the same name out of San Rafael, CA in matters unrelated to Debtor or Debtor's Chapter 11 Case;

   f. Genesis – Current client (Genesis, Inc. – part of the CHUBB family); current litigation adversity to Genesis Healthcare System in matters unrelated to Debtor or Debtor's Chapter 11 Case; current transactional adversity to Genesis Capital and Genesis Group in matters unrelated to Debtor or Debtor's Chapter 11 Case;

   g. Surety Bank – Former client in matters unrelated to Debtor or Debtor's Chapter 11 Case

   h. Michael Tomlinson – Former client of the same name out of Lambertville, NJ in matters unrelated to Debtor or Debtor's Chapter 11 Case; and

141435401.2

i. Adam Goldstein – Former client of the same name out of New Rochelle, NY in matters unrelated to Debtor or Debtor's Chapter 11 Case; former litigation adversity to individual of the same name out of Sparta, NJ in matters unrelated to Debtor or Debtor's Chapter 11 Case.

See Axelrod Verified Statement, ¶ 14 & **Exhibit 3**; Omnibus Declaration.

21. Debtor has been advised that Fox Rothschild has conducted a thorough search using its computerized conflicts check system, based on the information received to date from Debtor, and that Fox Rothschild attorneys have made diligent efforts to search the Firm's records and assemble pertinent information for purposes of the Axelrod Verified Statement with respect to Fox Rothschild's connections with Debtor's creditors, parties in interest and their respective attorneys and accountants. If Debtor obtains additional information regarding its creditors and/or parties in interest, Debtor will forward such additional information to Fox Rothschild to run an updated conflict search and file a supplement to the Axelrod Verified Statement. See Axelrod Verified Statement, ¶ 15; Omnibus Declaration.

22. Debtor has been advised that, from time to time, because of the nature of Fox Rothschild's practice, Fox Rothschild may be engaged by one or more of Debtor's creditors in matters entirely unrelated this Chapter 11 Case, or may represent parties adverse to certain creditors in this Chapter 11 Case on matters entirely unrelated to this Chapter 11 Case. Fox Rothschild may represent clients in litigation, transactions, insolvency and other matters throughout the United States, *provided, however*, that any such matter will not relate directly or indirectly to the representation of Debtor in this Chapter 11 Case. See Axelrod Verified Statement, ¶ 16; Omnibus Declaration.

## VIII.
## COMPENSATION

23. Since December, 2022, Fox Rothschild has provided Debtor with a variety of legal services relating to Debtor's restructuring efforts and preparation for the chapter 11 filing, including but not limited to negotiations with creditors, evaluation of assets and restructuring alternatives, and corporate services (the "Restructuring Services"). Fox Rothschild was paid for these Restructuring Services in the ordinary course of business. See Omnibus Declaration; Axelrod Verified Statement

¶ 17.

24.Before the Petition Date, Debtor provided Fox Rothschild with payments aggregating $55,265.50 for legal services rendered or to be rendered in connection with the Restructuring Services.[1]  <u>See</u> Omnibus Declaration; Axelrod Verified Statement, ¶ 18.  <u>See</u> Axelrod Verified Statement, ¶ 18.

25.Accordingly, all fees and expenses for Restructuring Services rendered to Debtor prior to the Petition Date were paid prior to the Petition Date or written off.  Fox Rothschild has no claims against Debtor for any unpaid fees and expenses incurred prior to the Petition Date.  <u>See</u> Axelrod Verified Statement, ¶ 19.

26.Fox Rothschild has agreed to accept a $450,000.00 cap on its compensation for services rendered in connection with the Debtor's first day pleadings, attendance at the section 341 meeting of creditors, any asset sale process, lease rejection and financing motions.  Excluded from the cap are services rendered in connection with valuation of the company and its assets, and any plan of reorganization and disclosure statement, prior approval of which by either the independent director or the CEO is required.  Debtor has agreed to pay Fox Rothschild's professional fees on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.  <u>See</u> <u>See</u> Axelrod Verified Statement, ¶ 20; Omnibus Declaration.

27.As is the case with respect to rates charged in non-bankruptcy matters, Fox Rothschild's rates are subject to periodic adjustment to reflect economic and other conditions.  Fox Rothschild's current hourly rates applicable to the principal attorneys and paraprofessionals proposed to represent Debtor are:

| Professional | Hourly Rate |
| --- | --- |
| Brett A. Axelrod – Partner | $915.00 |
| Keith C. Owens – Partner | $770.00 |
| Audrey Noll – Counsel | $780.00 |
| Nicholas A. Koffroth – Associate | $580.00 |
| Zachary Williams – Associate | $355.00 |
| Patricia M. Chlum – Paralegal | $345.00 |

---

[1] Fox took a voluntary reduction in fees of $225,283.27.

9

141435401.2

See Axelrod Verified Statement, ¶¶ 21-22.

28.     As this Chapter 11 Case proceeds, additional Fox Rothschild partners, "counsel," associates and paraprofessionals may be assigned to work on this case.  It is also possible that Fox Rothschild's representation of Debtor will require the active participation of attorneys from other departments in the Firm, in addition to the bankruptcy and restructuring lawyers assigned to this Chapter 11 Case, as listed above.  To the fullest extent possible, lawyers having the requisite expertise who already have knowledge with respect to the areas and/or the matters involved will be assigned.  Consistent with the ranges of hourly rates described above, the hourly rates of the other partners, "counsel," associates and paraprofessionals in the Firm that hereafter may act for Debtor may be higher or lower than those of the persons listed above.  See Axelrod Verified Statement, ¶ 23.

29.     Generally, Fox Rothschild's hourly rates are in the following ranges:

| Professional | Hourly Rate |
| --- | --- |
| Partners | $310 to $1450 |
| Counsel | $245 to $850 |
| Associates | $240 to $585 |
| Legal Assistants/Paralegals | $60 to $425 |

Axelrod Verified Statement, ¶ 24.

30.     Fox did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.  See Axelrod Verified Statement, ¶ 21.

31.     None of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case.  See Axelrod Verified Statement, ¶ 21.

32.     Fox Rothschild commenced work for the Debtor in December 2022 on an hourly basis, utilizing the professionals with the rates set forth above.  There were no adjustments in the billing rates prepetition.  See Axelrod Verified Statement, ¶ 21.

33.     Debtor has been provided with an estimated aggregate monthly budget of $110,000.00.  The initial staffing of this Chapter 11 Case was provided in the Engagement Agreement and Debtor's general counsel CEO is the one who approves additional staffing as different needs develop in this Chapter 11 Case.  See Axelrod Verified Statement, ¶ 21; Omnibus Declaration.

141435401.2

34. There is no agreement of any nature, other than with respect to the attorneys at Fox Rothschild, as to the sharing of compensation to be paid to Fox Rothschild. See Axelrod Verified Statement, ¶ 25.

35. Fox Rothschild will seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate. See Axelrod Verified Statement, ¶ 26. Fox Rothschild's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the Firm from time to time. It is Fox Rothschild's policy to charge, in all areas of practice, for all expenses incurred in connection with a particular representation, including, among other things, photocopying, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. The Firm will charge Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to its other clients. Fox Rothschild believes that it is more accurate and efficient to charge these expenses to the particular matter involved rather than increasing the hourly rates and spreading the expenses among all clients. See Axelrod Verified Statement, ¶ 27.

## IX.
## NOTICE

36. Notice of this Application will be provided to the Office of the United States Trustee, secured creditors, those creditors holding the twenty (20) largest unsecured claims, those governmental agencies required to receive notice under Bankruptcy Rule 5003(e), and any party which has filed and served on the Debtor a request for special notice. Debtor respectfully submits that such notice is appropriate under the circumstances and that no other or further notice is necessary or required.

141435401.2

## IX.

## **IMMEDIATE ENTRY OF ORDER**

37.  Debtor respectfully requests that the Court find that the Debtor is exempted from the application of Bankruptcy Rule 6003(a)[2] and immediately enter the Order approving the employment of Fox Rothschild. Fox Rothschild is unwilling to provide services during any period for which its employment is not authorized. See Axelrod Verified Statement, ¶ 28. Debtor's estate will suffer immediate and irreparable harm if it is without representation by Fox Rothschild during the critical first few weeks of its Chapter 11 Case. See Omnibus Declaration.

## X.

## **NO PRIOR APPLICATION**

38.  No previous application for the relief requested herein has been made to this Court or any other court. See Omnibus Declaration.

## XI.

## **CONCLUSION**

WHEREFORE, Debtor respectfully requests entry of an order authorizing the relief requested herein, substantially in the form attached hereto as **Exhibit A**, and granting Debtor such other and further relief as is just and proper

DATED this 7th day of February 2023.

By:  _____/s/Chris McAlary_____
Name:  Chris McAlary
Its Chief Executive Officer

---

[2] Rule 6003(a) provides that: "Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting . . . an application under Rule 2014." Fed. R. Bankr. Rule 6003(a).

12

141435401.2

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:   */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

13

141435401.2

**EXHIBIT A**
**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>              Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD LLP AS DEBTOR'S COUNSEL, EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date:<br>Hearing Time: |

The Court, having reviewed and considered Debtor's (i) *Emergency First Day Application for an Order Authorizing Retention and Employment of Fox Rothschild LLP* ["Fox Rothschild"] *as Debtor's Counsel, Effective as of the Petition Date* (the "Application"),[3] (ii) the *Verified Statement of Brett A. Axelrod Pursuant to 11 U.S.C. §§ 327(a), 328 and Fed. R. Bankr. P. 2014 and 2016 filed in Support of Emergency First Day Application for an Order Authorizing Retention and Employment of Fox Rothschild LLP as Debtor's Counsel, Effective as of the Petition Date* (the "Axelrod Verified Statement"), and (iii) the *Omnibus Declaration of Christopher Andrew McAlary in Support of First*

---

[3] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

14

141435401.2

*Day Motions*; and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of this Chapter 11 Case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good and sufficient as provided therein and under the circumstances; (2) Fox Rothschild (a) does not represent any other entity having an interest materially adverse to the interests of Debtor in connection with this Chapter 11 Case, and (b) is a "disinterested person" within the meaning of 11 U.S.C. § 101(14); (3) Fox Rothschild's employment as Debtor's counsel is necessary and in the best interests of Debtor and its estate; and (4) good cause exists to approve the retention and employment of Fox Rothschild.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED in all respects.

2. Pursuant to 11 U.S.C. §§ 327(a) and 328, Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014, Debtor is authorized to retain and employ Fox Rothschild as counsel for Debtor, effective as of the Petition Date, to perform the services set forth in the Application and under the terms of the retention agreement attached as **Exhibit 1** to the Axelrod Verified Statement.

3. Fox Rothschild may seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.

4. Fox Rothschild is disinterested as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a).

141435401.2

5. The requirements of Bankruptcy Rule 6003(a) are suspended to prevent immediate and irreparable harm to Debtor's estate.

6. The terms of this Order shall be immediately effective and enforceable upon its entry.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By_____
   BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
   NICHOLAS A. KOFFROTH, ESQ.
   Nevada Bar No. 16264
   ZACHARY T. WILLIAMS, ESQ.
   Nevada Bar No. 16023
   1980 Festival Plaza Drive, Suite 700
   Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*


APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
   ,
   Trial Attorney for Tracy Hope Davis,
   United States Trustee
   Foley Federal Building
   300 Las Vegas Boulevard South, Suite 4300
   Las Vegas, Nevada 89101

141435401.2

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

,
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES
TRUSTEE

　Approved / Disapproved　

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

17

141435401.2