BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
   nkoffroth@foxrothschild.com
   zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 7, 2023

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**EMERGENCY FIRST DAY APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS DEBTOR'S FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date:  OST PENDING<br>Hearing Time:  OST PENDING |

Cash Cloud, Inc., dba Coin Cloud ("Debtor"), debtor and debtor in possession, hereby respectfully submits its application (the "Application") requesting authorization pursuant to Section 327(a), 328, 1107 and 1108 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016, 5002, and 9034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Bankruptcy Rules for the United States Bankruptcy Court for

1

the District of Nevada (the "Local Rules"), authorizing Debtors to retain and employ Province, LLC ("Province") as financial advisor to Debtor, effective as of February 7, 2023 (the "Petition Date").

In support of this Application, the Debtor relies on the Omnibus Declaration of Christopher Andrew McAlary in Support of First Day Motions (the "Omnibus Declaration") and the Verified Statement of Paul Huygens (the "Huygens Verified Statement"), filed concurrently herewith. In addition, the Debtor respectfully represents and shows as follows:

## I.

## INTRODUCTION

1. On February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case in this Court.

2. Debtor has continued and is operating and managing businesses as debtor and debtor-in-possession pursuant to Sections 1107 and 1108.

3. As of the date of this Application, no unsecured creditors committee has been appointed, and no request for the appointment of a trustee is pending.

4. Debtor determined that in order to carry out its duties as provided in Sections 1107 and 1108 of the Bankruptcy Code, it is necessary and in the best interest of the business to employ experienced professionals to provide financial advisory services.

## II.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## RELIEF REQUESTED

6. Debtor seeks Court approval pursuant to Section 327(a), 328, 1107 and 1108, Bankruptcy Rules 2014(1), 2016, 5002 and 9034 and Local Rule 2014 to employ and retain Province, effective as of the Petition Date, as Debtor's financial advisor to perform financial advisory services that have been and will continue to be necessary during this Chapter 11 Case. See Omnibus

142205296.3

Declaration.

7. The relief requested is warranted for the reasons and disclosures set forth in this Application, including Province's qualifications, proposed scope of services, compensation, and disinterestedness as detailed below.

## IV.

## QUALIFICATIONS

8. Debtor has selected Province because of the qualifications of its professionals and the services previously provided by Province professionals in similar cases. See Omnibus Declaration.

9. Province's professionals have extensive experience and a national reputation in providing the type of services required by Debtor in this Chapter 11 Case. With a breadth of experience in complex restructuring matters and finance, its professionals advise debtors, shareholders, equity committees, lenders, and creditors in Chapter 11 proceedings, compiling an impressive track record of debtor and creditor advisory assignments. See Omnibus Declaration; Huygens Verified Statement ¶ 6.

10. Specifically, Province has extensive experience representing debtors, official creditors' committees, creditors, trustees, and others in a wide variety of bankruptcy cases, including: Purdue Pharma, Honx, Mallinckrodt, Insys Therapeutics, Teligent, Revlon, Armstrong Flooring, Cherry Man Industries, Better 4 You Breakfast, Endo International, Aearo Technologies, BH Cosmetics, Automotive Parts Distribution International, Path Medical, Paper Source, NITROcrete, A.B.C. Carpet, Avadim Health, Alex and Ani, EHT US1 (Eagle Hospitality), Griddy Energy, Carbonlite Holdings, TECT Aerospace Group Holdings, L'Occitane, Neopharma, PBS Brand Co. (Punch Bowl), Francesca's Holding Corporation, Furniture Factory Ultimate Holding, White Stallion Energy, Smartours, Pier 1, One Web, J Crew, Lucky's Market, Papyrus, Stage Stores, American Blue Ribbon Holdings, BL Restaurants Holding, Destination Maternity, Brookstone, J&M Stores (Fallas), Heritage Home Group, Ascena Group, Nine West Holdings, The Rockport Company, Claire's Stores, The Walking Company, Patriot National, Shiekh Shoes, Velocity Holding Company (MAG), Aerogroup International, Inc. (Aerosoles), Mac Acquisition (Romano's Macaroni Grill), Cornerstone Apparel (Papaya), True Religion Apparel, Payless ShoeSource, Gordmans Stores, hhgregg, Eastern

3

142205296.3

Outfitters, Prestige Industries, Gulf Chemical & Metallurgical Corporation, Performance Sports Group, Fresh-G Restaurant Intermediate Holding (Garden Fresh Restaurants), Golfsmith International Holdings, Aéropostale, Pacific Sunwear, Fresh & Easy, The Wet Seal, National Air Cargo, Magnetation, and KSL Media matters, (ii) financial advisor to the debtors in 4E Brands, Vesta Holdings, Frontsight Management, Basic Energy Services, Cinemex Holdings USA, True Religion Apparel, Woodbridge Group of Companies, Penthouse Global Media, Focus Property Group, Superior Linen, Argosy Casino (Penn National) and American West Homes, and (iii) the trustee in Maxus Energy, Samson Resources, Avaya, La Paloma Generating Company, Borden Dairy, Fieldwood, RadioShack Corporation, Coldwater Creek, Loehmann's, Eddie Bauer, Promise Healthcare Group, and Limetree Bay Services, among others.  See Huygens Verified Statement ¶ 7.

11. As a result of the business acumen, broad advisory experience, and financial expertise of Province's professionals, Province is well-suited to serve as Debtor's financial advisor. Thus, retaining Province is in the best interests of the Debtor and all parties in interest, and should be approved.  See Omnibus Declaration.

## V.

## SCOPE OF SERVICES

12. Subject to this Court's approval, Debtor and Province have entered into the engagement agreement (the "Engagement Agreement") attached to the Huygens Verified Statement as **Exhibit 1**. See Omnibus Declaration; Huygens Verified Statement ¶ 8.

13. Pursuant to the Engagement Agreement, Province shall perform activities and services to assist the Debtor throughout this Chapter 11 Case as set forth therein.  See Omnibus Declaration; Huygens Verified Statement ¶ 9.

14. The services of Province are appropriate and necessary to enable Debtor to execute its duties as debtor and debtor-in-possession faithfully and to implement the restructuring of Debtor and recovery of assets for the estate and benefit of creditors.  See Omnibus Declaration.

15. Subject to this Court's approval of the Application, Province is willing to serve as Debtor's financial advisors to perform the services described herein.  See Huygens Verified Statement, ¶ 11.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142205296.3

# VI.

# PAYMENT OF FEES AND EXPENSES AND OTHER TERMS OF COMPENSATION

16.     As set forth in the Province Engagement Agreement, staff and professionals at Province will be billed at hourly rates subject to approval by this court.  See Omnibus Declaration. In accordance with the terms of the Engagement Letter, Province's current standard hourly rates (the "Hourly Fees"), subject to periodic adjustment, are as follows

| Professional Level | Per Hour (USD) |
|---|---|
| Managing Directors and Principals | $860-$1,350 |
| Vice Presidents, Directors, and Senior Direct | $580-$950 |
| Analysts, Associates, and Senior Associates | $300-$650 |
| Other / Para-Professional | $220-$300 |

See Huygens Verified Statement, ¶ 16 & Exhibit 1 thereto.

17.     In addition to the Hourly Fees provided above, the Engagement Agreement calls for the Debtor to pay Province a fee (the "Arranger Fee") in the amount of three percent (3%) of the amount of the funds agreed to be loaned by any "Province Lender" (defined as a lender procured by Province in support of a DIP financing) to the Debtor as DIP financing, as approved pursuant to the Bankruptcy Court's final order granting any such financing, upon the issuance of a final order approving same by the Bankruptcy Court.  See Omnibus Declaration; Huygens Verified Statement, ¶ 17 & Exhibit 1 thereto.

18.     In addition to the Hourly Fees and the Arranger Fee, the Engagement Agreement calls for the Debtor to pay a fee (the "Restructuring Fee") of three percent (3%) of the value of all debt and equity financing of the Debtor as of the effective date of a confirmed plan of reorganization (excluding any amounts loaned by a "Company Lender" (as defined in the Engagement Letter)) (the "Exit Financing"); provided, however, should all or any portion of such Exit Financing be provided by a Province Lender ("Province Lender Exit Financing"), then for such Province Lender Exit Financing, whether through exit equity or debt financing, the Company shall pay Province a fee in

the amount of one and one half percent (1.5%) of such Province Lender Exit Financing, with any other Exit Financing generating a three percent (3%) fee as otherwise indicated above. See Omnibus Declaration; Huygens Verified Statement ¶ 18 & Exhibit 1 thereto.

19. More simply put, should Province become entitled to a Restructuring Fee pursuant to the Engagement Agreement, such shall be calculated as follows: (a) Province will receive no Restructuring Fee on any Company Lender Exit Financing, (b) Province will receive a 1.5% Restructuring Fee on any Exit Financing provided by any Province Lender for DIP financing, and (c) Province will receive a 3% Restructuring Fee on any Exit Financing that is not (1) provided through a Company Lender; or (2) provided by a Province Lender who previously provided DIP financing to the Company. See Omnibus Declaration; Huygens Verified Statement ¶ 19 & Exhibit 1 thereto.

20. Province did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement. See Huygens Verified Statement, ¶ 20.

21. None of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case. See Huygens Verified Statement, ¶ 21.

22. Province commenced work for the Debtor in January, 2023 on an hourly basis, utilizing the professionals with the rates set forth above. There were no adjustments in the billing rates prepetition. See Huygens Verified Statement, ¶ 22.

23. In the normal course of business, Province periodically adjusts its hourly billing rates based on market conditions. Any changes in applicable hourly rates will be noted on the invoices for the first-time period in which the revised rates became effective; provided, however, no increase to the hourly billing rates provided herein shall be made for six (6) months following the Petition Date. See Huygens Verified Statement ¶ 23.

24. Debtor respectfully submits that these rates are reasonable under the circumstances of this Chapter 11 Case in light of the high quality and specialized nature of the services being provided. See Omnibus Declaration.

25. Pursuant to the Engagement Agreement, Debtor will reimburse Province for all reasonable, out-of-expenses incurred in connection with this Chapter 11 Case, including but not limited to telephone, overnight mail, messenger, research, travel, meals, accommodations, and other

142205296.3

expenses specifically related to the engagement, including, without limitation, reasonable legal fees, and expenses of external counsel. See Huygens Verified Statement ¶ 24.

26. To the extent Province uses the services of independent contractors (the "Contractors") in this Chapter 11 Case, Province shall: (a) pass through the cost of such Contractors to the Debtor at the same rate that Province pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for Province; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014. See Huygens Verified Statement, ¶ 25.

27. Additionally, under the terms of the Engagement Agreement, Debtor has agreed to indemnify, defend, and hold harmless Province and its members, officers, employees, representatives, and agents under certain circumstances specified in the Province Engagement Agreement, except in circumstances resulting solely from Province's bad faith, gross negligence, fraud or willful misconduct or as otherwise provided in the Province Engagement Agreement or the order approving the Application. See Omnibus Declaration; Huygens Verified Statement, ¶ 26. Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a financial advisor in the Chapter 11 Case. See Omnibus Declaration.

28. The fee and expense structure is consistent with and typical of compensation arrangements entered into by Province and other comparable firms that render similar services under similar circumstances. See Huygens Verified Statement ¶ 27.

29. Accordingly, the Debtor believes that the fee and expense structure is reasonable, market-based, and designed to compensate Province fairly for its work and to cover fixed and routine overhead expenses. See Omnibus Declaration.

30. Prior to the Petition Date, Debtor paid Province a total of $255,850.00, inclusive of a $50,000 initial retainer as provided for in the Engagement Letter, for services rendered in sourcing and structuring DIP financing and assisting the company in the preparation for these proceedings. See Omnibus Declaration. During the pre-Petition period, Province invoiced a total of approximately $280,000 in fees and expenses; however, all outstanding amounts due as of the Petition date have been written off and waived such that no amounts were due or owing by Debtor to Province as of the

142205296.3

Petition Date.  See Huygens Verified Statement ¶¶ 28, 29.

31. As of the Petition Date, Province does not maintain any retainer funds of the Debtor, and given Debtor's Chapter 11 Case, Province shall no longer require any Retainer (as defined in the Province Engagement Letter) in association with Province's approval hereunder.  See Huygens Verified Statement ¶ 29.

32. None of the fees payable to Province pursuant to the Province Engagement Agreement shall constitute a "bonus" or "fee enhancement" under applicable law.  See Omnibus Declaration; Huygens Verified Statement ¶ 30.

33. Following Court approval of this Application, Debtor understands that Province intends to apply to the Court for allowances of compensation for its Hourly Fees and reimbursement of its expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date.  See Omnibus Declaration; Huygens Verified Statement ¶ 31

## VII.

## DISINTERESTEDNESS

34. Debtor has disclosed to Province the individuals of which it is aware that constitute members, creditors, potential creditors, and other parties-in-interest to determine any prior or present representation of any creditors or parties-in-interest.  See Omnibus Declaration; Huygens Verified Statement ¶ 32.  Based on its review of the information provided by Debtor, Province believes that neither it nor any of its principals or associates have any present or prior connection with Debtor, Debtor's creditors, or other parties-in-interest except as may be set forth in the Huygens Declaration or Exhibit 2 thereof.  The disclosures set forth in the Huygens Declaration are provided in an abundance of caution, but they do not create a disqualifying conflict.  Id.

35. Accordingly, to the best of Debtor's knowledge, information and belief, other than as may be set forth herein or in the Huygens Verified Statement and exhibits attached thereto, Province does not hold or represent any interest adverse to Debtor or Debtor's estate, and Province is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by

8

142205296.3

Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a), in that:

    a.    Province, its principals, and associates:

        i.    are not creditors or insiders of Debtor;

        ii.    are not and were not, within two years before the date of this application, a director, officer, or employee of Debtor, as specified in subparagraph (c) of 11 U.S.C. § 101(14); and

        iii.    do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders except as stated herein or in the Huygens Verified Statement.

    b.    As required by Bankruptcy Rules 2014(a) and 5002, Province confirms that it does not have any connections with the Bankruptcy Judge overseeing the Chapter 11 Case, the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the District of Nevada, or any person employed in the office of the United States Trustee for the District of Nevada, other than as disclosed in Exhibit 2 attached to the Huygens Verified Statement. Province will supplement these disclosures in the event further material connections are discovered regarding persons or entities that later become identified as parties in interest in this Chapter 11 Case.

See Huygens Verified Statement, ¶ 33; Omnibus Declaration.

36.    Province will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, it will supplement its disclosure to the Court. See Huygens Verified Statement, ¶ 32.

## VIII.

## IMMEDIATE ENTRY OF ORDER

37.    Debtor respectfully requests that the Court find that the Debtor is exempted from the application of Bankruptcy Rule 6003(a) and immediately enter the Order approving the employment of Province. Province is unwilling to provide services during any period for which its employment is not authorized. See Huygens Verified Statement, ¶ 36. Debtor's estate will suffer immediate and irreparable harm if it is without Province's financial advisory services during the critical first few weeks of its Chapter 11 Case. See Omnibus Declaration.

142205296.3

# IX.

# BASIS FOR RELIEF

Debtor requests approval of the terms of its Engagement Agreement with Province subject to the standard of review provided in section 328(a) of the Bankruptcy Code, which provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingency fee basis." 11 U.S.C. § 328(a).

Accordingly, section 328(a) of the Bankruptcy Code permits the compensation of professionals, including financial advisors and investment bankers, on more flexible terms that reflect the nature of the services and market conditions, which is a significant departure from prior bankruptcy practice relating to the compensation of professionals. Indeed, as the United States Court of Appeals for the Fifth Circuit recognized in In re National Gypsum Co., 123 F.3d 861,862 (5th Cir. 1997) (citations omitted):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

In light of this inherent flexibility, courts have approved similar arrangements that contain reasonable terms and conditions under section 328 of the Bankruptcy Code. Furthermore, under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the following amendment was made to section 328(a) of the Bankruptcy Code:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis.

10

142205296.3

11 U.S.C. § 328. This amendment makes clear the ability of Debtors to retain, with court approval, a professional on a fixed percentage or contingent fee basis as set forth in Province's Engagement Agreement.

Similar fixed fee arrangements have been approved and implemented in other chapter 11 cases in this district and elsewhere. See, e.g., In re Whitton Corp., Case No. 10-32680-BAM (Bankr. D. Nev. Jan. 1, 2011) (authorizing retention of Province Real Estate Advisors, LLC as Financial Advisors to the debtors under sections 327(a) and 328(a)); In re 155 East Tropicana, Inc., Case No. 11-22216-BAM (Bankr. D. Nev. Sept. 16, 2011) (authorizing retention of Alvarez & Marsal as Financial and Restructuring Advisor to the debtors under sections 327(a) and 328(a) of the Bankruptcy Code); In re Generation Next Franchise Brand, Inc., et al., Case number 19-17921-mkn, Docket Nos. 45, 159 (approving success fee for sale of assets equal to greater of $50,000 or 1% of gross purchase price if sold to certain bidder, or 7% of gross proceeds if sold to another bidder); In re Gypsum Resources Materials, LLC, et al., Case Number 19-14796-mkn, Docket Nos. 72, 224 (approving success fee of 0.75% of amount of capital raised from third party); In re Gump's Holdings, LLC, et al., Case number 18-14683-mkn, Docket Nos. 93, 172 (approving transaction fee equal to 12.50% of enterprise value in excess of $1,608,739); In re Superior Linen, LLC, Case Number 16-15388-mkn, Docket Nos. 119, 297 (approving success fee equal to greater of $150,000 or 4.5% of value of prevailing bid, and 6.5% of amount that total consideration for sale exceeds $10,000,000); In re Am. W. Resources, Inc., et al., Case number 13-10865-leb, Docket Nos. 131, 151 (approving bonus equal to 3% of final capitalization, and success fee of 3% of total value of purchase price for assets).

Debtor believes the compensation structure contained in Province's Engagement Agreement is reasonable terms and conditions of employment and should be approved under section 328(a) of the Bankruptcy Code.  The compensation in the Engagement Agreement adequately reflects: (a) the nature of the services to be provided by Province; and (b) compensation structures typically utilized by Province and other financial advisory and investment banking firms, which are generally compensated on a transactional basis. Moreover, Province's substantial experiences with respect to financial advisory services further suggest the reasonableness of the Engagement Agreement.  See

11

142205296.3

Omnibus Declaration.

Notwithstanding anything to the contrary herein or in the Engagement Agreement, all of Province's fees and expenses in this matter shall be subject to approval of the Court under the standard set forth in section 328(a) of the Bankruptcy Code upon proper application by the Debtor in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable Orders of this Court

## X.
## CONCLUSION

Debtor respectfully requests entry of an order in substantially the form attached hereto as **Exhibit "A,"** authorizing the employment of Province to provide financial advisory services to Debtor effective as of the Petition Date, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court. Debtor additionally requests such other and further relief as is just and proper.

Dated this 7th day of February 2023.

                                              **COIN CLOUD, INC.**

                                              By:  */s/Chris McAlary*
                                                     Chris McAlary,
                                                     Chief Executive Officer

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:  */s/Brett Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142205296.3

# EXHIBIT B
# *PROPOSED FORM OF ORDER*

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
           zwilliams@foxrothschild.com
[Proposed] Counsel for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE** |
| | Hearing Date:<br>Hearing Time: |

13

142205296.3

The Court, having reviewed and considered *Debtor's (i) Emergency First Day Application for an Order Authorizing Retention and Employment of Province, LLC ["Province"] as Debtor's Financial Advisor, Effective as of the Petition Date* (the "Application"), (ii) the *Verified Statement of Paul Huygens Pursuant to 11 U.S.C. §§ 327(a), 328 and Fed. R. Bankr. P. 2014 and 2016* (the "Huygens Verified Statement") filed in support of the Application, and (iii) the *Omnibus Declaration of Christopher Andrew McAlary in Support of First Day Motions*; and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of this Chapter 11 Case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good and sufficient as provided therein and under the circumstances; (2) Province (a) does not represent any other entity having an interest materially adverse to the interests of Debtor in connection with this Chapter 11 Case, and (b) is a "disinterested person" within the meaning of 11 U.S.C. § 101(14); (3) Province's employment as Debtor's financial advisor is necessary and in the best interests of Debtor and its estate; and (4) good cause exists to approve the retention and employment of Province.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED in all respects.

2. Pursuant to 11 U.S.C. §§ 327(a) and 328, Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014, Debtor is authorized to retain and employ Province as financial advisor for Debtor effective as of the Petition Date, to perform the services set forth in the Application and under the terms of the Engagement Agreement attached as Exhibit 1 to the Huygens Verified Statement.

3. Province may seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.

4. Province is disinterested as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a).

142205296.3

5. The requirements of Bankruptcy Rule 6003(a) are suspended to prevent immediate and irreparable harm to Debtor's estate.

6. The terms of this Order shall be immediately effective and enforceable upon its entry.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: ___/s/Brett A. Axelrod_____
   BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
   NICHOLAS A. KOFFROTH, ESQ.
   Nevada Bar No. 16264
   ZACHARY T. WILLIAMS, ESQ.
   Nevada Bar No. 16023
   1980 Festival Plaza Drive, Suite 700
   Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
   ,
   Trial Attorney for Tracy Hope Davis,
   United States Trustee
   Foley Federal Building
   300 Las Vegas Boulevard South, Suite 4300
   Las Vegas, Nevada 89101

142205296.3

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

The Court has waived the requirement of approval in LR 9021(b)(1).

No party appeared at the hearing or filed an objection to the motion.

I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #

142205296.3