BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 7, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**EMERGENCY FIRST DAY APPLICATION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE RETENTION AND APPOINTMENT OF STRETTO, INC. AS CLAIMS, NOTICING, AND SOLICITATION AGENT AND (B) GRANTING RELATED RELIEF**<br><br>Hearing Date:    OST PENDING<br>Hearing Time:    OST PENDING |

Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its proposed undersigned counsel, Fox Rothschild LLP, respectfully submits this *Emergency First Day Application for Entry of an Order (A) Authorizing the Retention and Appointment of Stretto, Inc. as Claims, Noticing, and Solicitation Agent and (B) Granting Related Relief* (the "Application").[1]

---

[1] Capitalized terms used but not immediately defined have the meanings given to them elsewhere in this Application or in the Omnibus Declaration, as applicable.

1

141501801.3

## I. Relief Requested

1. The Debtor seeks entry of an order, substantially in the form attached hereto (the "Order"): (a) authorizing the Debtor to retain and appoint Stretto, Inc. ("Stretto") as claims, noticing, and solicitation agent (the "Claims and Noticing Agent") in the Debtor's chapter 11 case; and (b) granting related relief. Specifically, the Debtor requests entry of an order authorizing the Debtor to retain and appoint the Claims and Noticing Agent to, among other tasks: (a) serve as the noticing agent to mail notices to the estate's creditors, equity security holders, and other parties in interest; (b) provide computerized claims, objection, solicitation, and balloting-related services; and (c) provide expertise, consultation, and assistance in claim and ballot processing and other administrative services with respect to this chapter 11 case. In support of this Application, the Debtor submits the *Declaration of Sheryl Betance, Senior Managing Director, Corporate Restructuring of Stretto, Inc. in Support of Debtor's Emergency Application for Entry of an Order (A) Authorizing the Retention and Appointment of Stretto as Claims, Noticing, and Solicitation Agent and (B) Granting Related Relief* (the "Betance Declaration").

## II. Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Nevada (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are 28 U.S.C. § 156(c), section 105(a) of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 2002(f), 2014(a), 2016, and 6003.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141501801.3

### III. **Background**

5.  On the date hereof (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of this chapter 11 case is set forth in the *Omnibus Declaration of Christopher Andrew McAlary* (the "Omnibus Declaration"), filed contemporaneously with this Application and incorporated by reference herein. The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### IV. **Basis for Relief**

6.  The Debtor requests entry of the order (a) authorizing the retention and appointment of Stretto as the Claims and Noticing Agent for the Debtor and the chapter 11 case, to, among other tasks: (i) serve as the noticing agent to mail notices to the estate's creditors, equity security holders, and parties in interest; (ii) provide computerized claims, objection, solicitation, and balloting database services; and (iii) provide expertise, consultation, and assistance in claim and ballot processing and other administrative services with respect to the Debtor's chapter 11 case, pursuant to the provisions of the engagement agreement, attached to the Betance Declaration as **Exhibit 1** (the "Engagement Agreement") and (b) granting related relief.

7.  The Debtor's selection of Stretto to act as the Claims and Noticing Agent is appropriate under the circumstances and in the best interest of the estates. Moreover, the Debtor submits that, based on all engagement proposals obtained and reviewed, Stretto's rates are competitive and reasonable given Stretto's quality of services and expertise. The terms of Stretto's retention are set forth in the Engagement Agreement. See Omnibus Declaration.

8.  Although the Debtor has not yet filed its schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), Debtor anticipates that there will be thousands of parties to be noticed. In view of the number of anticipated notice parties and the complexity of the Debtor's business, the Debtor submits that the appointment of a claims and noticing agent will provide the most effective and efficient means of, and relieve the Debtor and/or the Office of the Clerk of the Bankruptcy Court (the "Clerk") of the administrative burden of, noticing,

administering claims, and soliciting and tabulating votes and is in the best interests of both the Debtor's estate and its creditors.  See Omnibus Declaration.

V.  **Stretto's Qualifications**

9. Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 case. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 case and experience in matters of this size and complexity.  Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy case in this district and in other districts nationwide.  Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 case to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest.  Stretto's active and former case include: *In re Basic Water Co.*, Case No. 22-13252 (MKN) (Bankr. D. Nev. Dec. 28, 2022); *In re Front Sight Mgmt. LLC*, Case No. 22-11824 (ABL) (Bankr. D. Nev. June 1, 2022); *In re Splash News & Picture Agency, LLC*, Case No. 21-11377 (ABL) (Bankr. D. Nev. Apr. 19, 2021); *In re Alpha Guardian Corp.,* Case No. 20-11016 (MKN) (Bankr. D. Nev. Feb. 25, 2020); *In re REVA Medical, Inc.,* Case No. 20-10072 (JTD) (Bankr. D. Del. Jan. 16, 2020); *In re Seabras 1 USA, LLC*, Case No. 19-14006 (SMB) (Bankr. S.D.N.Y. Dec. 27, 2019); *In re Clover Technologies Group, LLC*, Case No. 19-12680 (KBO) (Bankr. D. Del. Dec. 23, 2019); *In re MTE Holdings LLC*, Case No. 19-12269 (KBO) (Bankr. D. Del. Nov. 15 2019); *In re Fleetwood Acquisition Corp.*, Case No. 19-12330 (KG) (Bankr. D. Del. Nov. 5, 2019); *In re Zenergy Brands, Inc.*, Case No. 19-42886 (Bankr. E.D. Tex. Oct. 31, 2019); and *In re Agera Energy LLC*, Case No. 19-23802 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019).[2]

VI.  **Services to be Provided**

10. This Application pertains to the work to be performed by Stretto under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c).  Under the Engagement Agreement, Stretto will

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Application.  Copies of these cited orders are available upon request to the Debtor's proposed counsel.

4

141501801.3

perform the following services (collectively, the "Services"), as the Claims and Noticing Agent, at the request of the Debtor or the Clerk:

    (a)    prepare and serve required notices and documents in this chapter 11 case in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor and/or the Court, including: (i) notice of the commencement of this chapter 11 case and the initial meeting of creditors under Bankruptcy Code section 341(a); (ii) notice of any claims bar date; (iii) notices of transfers of claims; (iv) notices of objections to claims and objections to transfers of claims; (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's plan or plans of reorganization, including under Bankruptcy Rule 3017(d); (vi) notice of the effective date of any plan; and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor, Court, or Clerk may deem necessary or appropriate for an orderly administration of this chapter 11 case;

    (b)    maintain an official copy of the Debtor's Schedules, listing the Debtor's known creditors and the amounts owed thereto;

    (c)    maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010, and update and make said lists available upon request by a party-in-interest or the Clerk;

    (d)    furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in case where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

    (e)    maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

    (f)    maintain an electronic platform for purposes of filing proofs of claim;

    (g)    for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven business days of service which includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses; (iii) the manner of service; and (iv) the date served;

    (h)    process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

141501801.3

(i) maintain the official claims register for each Debtor (collectively, the "Claims Registers") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with a certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) the amount asserted; (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.); and (vi) any disposition of the claim;

(j) provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(k) implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

(l) record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(m) relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto not less than weekly;

(n) upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk a copy of the Claims Register for the Clerk's review (upon the Clerk's request);

(o) monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(p) identify and correct any incomplete or incorrect addresses in any mailing or service lists (to the extent such information is available);

(q) assist in the dissemination of information to the public and respond to requests for administrative information regarding this chapter 11 case as directed by the Debtor or the Court, including through the use of a case website and/or call center;

(r) provide docket updates via email to parties who subscribe for such service on the Debtor's case website;

(s) comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements in connection with the Services rendered pursuant to the Engagement Agreement;

(t) if this chapter 11 case are converted to case under chapter 7 of the Bankruptcy Code, contact the Clerk within three days of notice to Stretto of entry of the order converting the case;

141501801.3

(u) thirty days prior to the close of this chapter 11 case, to the extent practicable, request that the Debtor submit to the Court a proposed order dismissing Stretto as claims, noticing, and solicitation agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of this chapter 11 case;

(v) within seven days of notice to Stretto of entry of an order closing this chapter 11 case, provide to the Court the final version of the Claims Register as of the date immediately before the close of the chapter 11 case;

(w) at the close of this chapter 11 case: (i) box and transport all original documents, in proper format, as provided by the Clerk, to (A) the Federal Archives Record Administration, or (B) any other location requested by the Clerk; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims;

(x) assist the Debtor with, among other things, plan-solicitation services including: (i) balloting; (ii) distribution of applicable solicitation materials; (iii) tabulation and calculation of votes; (iv) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered by this Court; (v) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results; and (vi) in connection with the foregoing services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(y) if requested, assist with the preparation of the Debtor's Schedules and gather data in conjunction therewith;

(z) provide a confidential data room, if requested;

(aa) coordinate publication of certain notices in periodicals and other media;

(bb) manage and coordinate any distributions pursuant to a chapter 11 plan; and

(cc) provide such other claims, noticing, processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, that may be requested from time to time by the Debtor, the Court, or the Clerk.

## VII. Professional Compensation

11. The Debtor requests that the undisputed fees and expenses incurred by Stretto in the performance of the above Services be treated as administrative expenses of the Debtor's chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business pursuant to the Engagement Agreement without further application to or order of the Court.

141501801.3

12. Stretto agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve, no less frequently than monthly, invoices on the Debtor, the Office of the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor and any party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the parties may seek resolution of the matter from this Court.

13. Prior to the Petition Date, the Debtor provided Stretto an advance in the amount of $25,000.00. See Omnibus Declaration. Stretto seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during this chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

14. In addition, under the terms of the Engagement Agreement, the Debtor has agreed to indemnify, defend, and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting from Stretto's bad faith, gross negligence, willful misconduct, or as otherwise provided in the Order. The Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in this chapter 11 case. See Omnibus Declaration.

VIII. **Disinterestedness**

15. Stretto has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtor, and, to the best of the Debtor's knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto has represented that it neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed. See Omnibus Declaration.

141501801.3

16. To the best of the Debtor's knowledge, Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, as Stretto represents in the Betance Declaration, among other things, that:

(a) Stretto is not a creditor of the Debtor;

(b) Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this chapter 11 case;

(c) By accepting employment in this chapter 11 case, Stretto waives any rights to receive compensation from the United States government in connection with this chapter 11 case;

(d) In its capacity as the Claims and Noticing Agent in this chapter 11 case, Stretto will not be an agent of the United States and will not act on behalf of the United States;

(e) Stretto will not employ any past or present employees of the Debtor in connection with its work as the Claims and Noticing Agent in this chapter 11 case;

(f) Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g) In its capacity as Claims and Noticing Agent in this chapter 11 case, Stretto will not intentionally misrepresent any fact to any person;

(h) Stretto shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers;

(i) Stretto will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by Stretto as Claims and Noticing Agent in this chapter 11 case shall be at the expense of the Clerk.

See Omnibus Declaration.

Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

To the extent that there is any inconsistency between this Application, the Order, and the Engagement Agreement, the Order shall govern.

141501801.3

IX. **Emergency Consideration**

The Debtor requests emergency consideration of this Application pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Application requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. See Omnibus Declaration. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, request that the Court approve the relief requested in this Application on an emergency basis.

X. **Notice**

Notice of this Motion has been given by electronic mail, facsimile or overnight delivery to the following parties or their counsel: (a) the Office of the United States Trustee for the District of Nevada; (b) counsel to any statutory Committee of Unsecured Creditors appointed in this Chapter 11 Case; (c) counsel to Debtor's secured creditors; (d) the Internal Revenue Service; (f) each Debtor's twenty (20) largest unsecured creditors; and (g) all parties that have filed a Rule 2002 Notice Request in the Chapter 11 Case. In light of the nature of the relief requested, Debtor respectfully submit that such notice is appropriate and sufficient under the circumstances and that no further notice is necessary.

///
///
///
///
///
///
///
///

141501801.3

WHEREFORE, the Debtor respectfully requests that the Court enter the Order, granting the relief requested in this Application and granting such other and further relief as is appropriate under the circumstances

DATED this 7th day of February 2023.

**FOX ROTHSCHILD LLP**

By: ___/s/Brett Axelrod___
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

141501801.3

# EXHIBIT A
# *PROPOSED FORM OF ORDER*

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com

*[Proposed] Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>    CASH CLOUD, INC.,<br>    dba COIN CLOUD,<br><br>                Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER (A) AUTHORIZING THE RETENTION AND APPOINTMENT OF STRETTO, INC. AS CLAIMS, NOTICING, AND SOLICITATION AGENT AND (B) GRANTING RELATED RELIEF**<br><br>Hearing Date:<br>Hearing Time: |

12

141501801.3

Upon the application (the "Application")[3] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), (a) authorizing the retention and appointment of Stretto, Inc. ("Stretto") as claims and noticing agent ("Claims and Noticing Agent") pursuant to 28 U.S.C. § 156(c) and section 105(a) of the Bankruptcy Code, and (b) granting related relief, all as more fully set forth in the Application; and upon the First Day Omnibus Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is approved on a final basis as set forth herein.

2. The Debtor is authorized to retain and appoint Stretto as Claims and Noticing Agent under the terms of the Engagement Agreement as set forth in this Order, and Stretto is authorized and directed to perform noticing and balloting services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this chapter 11 case, and other related tasks as described in the Application, the Engagement Agreement, and this Order. The Clerk shall provide Stretto with ECF credentials that allow Stretto to receive ECF notifications and file certificates of service.

---

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

141501801.3

3. Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and directed to maintain official claims registers for the Debtor and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Stretto is authorized and directed to provide an electronic interface for filing of proofs of claim and to obtain a post office box or address for the receipt of proofs of claim. Stretto shall provide public access to the claims register, including complete proofs of claim with attachments, if any, without charge.

5. Stretto is authorized to take such other action to comply with all duties and Services set forth in the Application.

6. Notwithstanding sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, the Debtor is authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Stretto shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred. With respect to services provided prior to entry of an order confirming a chapter 11 plan in this chapter 11 case, Stretto shall serve monthly invoices on the Debtor, the Office of the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party in interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

141501801.3

9. Without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtor's estate.

10. Stretto may apply its advance to all prepetition invoices, which advance may be replenished to the original advance amount, and thereafter, Stretto may hold its advance under the Engagement Agreement during this chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

11. The Debtor shall indemnify the Indemnified Parties (as defined in the Engagement Agreement) under the terms of the Engagement Agreement, as modified pursuant to this Order.

12. The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

13. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen solely from the Indemnified Parties' gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any) as provided in this Order; (b) for a contractual dispute in which the Debtor alleges the breach of the Indemnified Parties' contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the chapter 11 case (that order having become a final order no longer subject to appeal), or (b) the entry

of an order closing the chapter 11 case, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Parties must file an application therefor in this Court, and the Debtor may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment.  If the Indemnified Parties seek reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Indemnified Parties' own applications, both interim and final, but determined by this Court after notice and a hearing.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify the Indemnified Parties.  All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

15. In the event Stretto is unable to provide the Services set out in this Order, Stretto will immediately notify the Clerk and the Debtor's attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtor's attorney.

16. After entry of an order terminating Stretto's services, upon the closing of the case, or for any other reason, Stretto shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and shall be compensated by the Debtor in connection therewith.

17. Stretto shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court.

18. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

141501801.3

19. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21. The Debtor and Stretto are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: _/s/Brett A. Axelrod_
　　BRETT A. AXELROD, ESQ.
　　Nevada Bar No. 5859
　　NICHOLAS A. KOFFROTH, ESQ.
　　Nevada Bar No. 16264
　　ZACHARY T. WILLIAMS, ESQ.
　　Nevada Bar No. 16023
　　1980 Festival Plaza Drive, Suite 700
　　Las Vegas, Nevada 89135
[Proposed] Counsel for Debtor

141501801.3

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

The Court has waived the requirement of approval in LR 9021(b)(1).

No party appeared at the hearing or filed an objection to the motion.

I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

141501801.3