Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Jared A. Day, Trial Attorney
State Bar No. CA 275687
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Telephone: (775) 784-5335
Fax: (775) 784-5531
E-mail: *jared.a.day@usdoj.gov*

Attorneys for the U.S. Trustee for Region 17
     TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br><br>                         Debtor. | Case No: 23-10423-mkn<br><br>Chapter 11<br><br>Date: February 15, 2023<br>Time: 10:30 a.m.<br>Location: Foley Courtroom 2, Telephonic |

**UNITED STATES TRUSTEE'S OPPOSITION AND RESERVATION OF RIGHTS TO DEBTOR'S EMERGENCY MOTION FOR ORDER ESTABLISHING CERTAIN CASE MANAGEMENT, NOTICE, AND ADMINISTRATIVE PROCEDURES**

     Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby files her *Opposition and Reservation of Rights* ("Opposition") to the *Emergency Motion for Order Establishing Certain Case Management, Notice, and Administrative Procedures* [ECF No. 10] ("Case Management Motion") filed by Debtor Cash Cloud, Inc. dba Coin Cloud (the "Debtor").[1]

---

[1] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "ECF No." refers to the bankruptcy docket for the above-captioned case; "Fed. R. Bankr. P." refers to the Federal Rules of

1

**INTRODUCTION**

Debtor's Case Management Motion should be adjourned until a later date. The adjournment would permit parties that were not provided sufficient notice and any official committee of unsecured creditors the opportunity to be heard. If the Court grants the Case Management Motion, the relief requested should not be approved except to the extent that it complies with Fed. R. Bankr. P. 2002(a), 7004, and 9014(b).

The U.S. Trustee reserves all rights with respect to the Case Management Motion, which is scheduled for hearing on the above-captioned date and time, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the District of Nevada.

The U.S. Trustee's Opposition is supported by the following memorandum of points and authorities and any argument the Court may permit during the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     BACKGROUND**

1.     On February 7, 2023, Debtor filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code commencing the above-captioned case. [*See* ECF No. 1].

---

Bankruptcy Procedure; "Fed. R. Evid." refers to the Federal Rules of Evidence. The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to Fed. R. Bankr. P. 9017 and Fed. R. Evid. 201. To the extent that the Omnibus Opposition contains factual assertions predicated upon statements made by Debtor, its agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Fed. R. Bankr. P. 9017 and Fed. R. Evid. 801(d)(2).

2. The Section 341 meeting of creditors is scheduled for March 16, 2023. [*See* ECF No. 2].

3. Neither an Official Committee of Unsecured Creditors nor a trustee has been appointed in this case. [*See* ECF Docket *generally*].

4. Debtor has not filed its summary of schedules, Schedules A/B through H, statement of financial affairs, list of equity security holders, or the disclosure of compensation required by Fed. R. Bankr. P. 2016. [*See* ECF No. 22].

5. Debtor requested an extension of time to file its schedules and statements to March 9, 2023, which was granted during the associated first day hearing, the order for which is pending entry by the Court. [*See* ECF No. 3].

6. The hearing on the Case Management Motion was set on shortened time for the above-captioned date and time with oppositions due by February 13, 2023. [*See* ECF No. 30].

7. The Case Management Motion was filed on February 7, 2023 and is supported by the omnibus declaration of Christopher Andrew McAlary [ECF No. 19] ("McAlary Declaration").

II.  **AUTHORITIES & DISCUSSION**

A.  **The Relief Requested in Debtor's Case Management Motion Should Not Be Approved Except to the Extent it Complies with Fed. R. Bankr. P. 2002(a), 7004, and 9014(b).**

8. Motions initiating contested matters must be served in the manner provided for service of a summons and complaint in Federal Bankruptcy Rule 7004. *See* Fed. R. Bankr. P. 9014(b). Moreover, Federal Bankruptcy Rule 2002(a) identifies a number of notices that must be served on all creditors. *See* Fed. R. Bankr. P. 2002(a); *In re SoCalDeal, Inc.*, 2021 WL

3702206, at *1 (Bankr. C.D. Cal. Aug. 19, 2021) ("Federal Rule of Bankruptcy Procedure 2002(a)(3) requires 21 days' notice to all creditors ….").

9. Here, the procedures proposed in the Case Management Motion (the "Case Management Procedures") generally contemplate service by email on a limited "Service List." *See* Case Management Motion, at ¶¶ 4, 13-15.

10. The authorization of electronic service would not apply to service of a summons and complaint in an adversary proceeding. *See* Case Management Motion, at ¶ 13. There does not appear to be a similar exclusion for motions initiating contested matters. The Case Management Procedures should be amended to expressly provide that motions initiating contested matters shall be served on affected parties in the manner prescribed by Federal Bankruptcy Rule 7004. *See* Fed. R. Bankr. P. 9014(b).

11. The Case Management Procedures generally do not apply to certain court filings ("Excluded Filings") governed by Federal Bankruptcy Rule 2002. *See* Case Management Motion, at ¶ 9. However, the Excluded Filings do not include the matters identified in Federal Bankruptcy Rules 2002(a)(3) and 2002(a)(6). *Id.*, at ¶¶ 9, 15. Further, the Excluded Filings include notices under Federal Bankruptcy Rule 2002(a)(2) only "to the extent that such use, sale or lease concerns all or substantially all of the [d]ebtor's assets." *Id.*, at ¶ 9. The Case Management Procedures should be amended to expressly provide that notices under Federal Bankruptcy Rules 2002(a)(2), (3), and (6) shall be served on all creditors, at least until the U.S. Trustee appoints an official committee of unsecured creditors, assuming there is sufficient interest to appoint one in this case. *See* Fed. R. Bankr. P. 2002(a), (i).

12. Additionally, the Case Management Procedures contemplate that objections to expedited motions brought on less than 14 days' notice shall be due 5 days before the hearing

4

date. *See* Case Management Motion, at ¶ 6a. The Case Management Procedures should be amended to be consistent with Local Bankruptcy Rule 9006(c) (*i.e.*, opposition to any expedited motion must be filed 2 business days before the hearing and where the order shortening time is entered less than 3 business days before the hearing, no written opposition is required).

13. In addition, the Case Management Procedures contemplate that any creditor who is required, but fails, to timely file a proof of claim ("Excluded Creditors") "shall not be entitled to further notice." *See* Case Management Motion, at ¶ 10. Debtor cites Federal Bankruptcy Rule 3003(c)(2) for this relief. *Id.* That rule does not address notice, but rather provides that "any creditor who fails [to timely file a proof of claim] shall not be treated as a creditor…for the purposes of *voting and distribution*." *See* Fed. R. Bankr. P. 3003(c)(2) (emphasis added). Thus, Debtor's request to cease noticing Excluded Creditors should be denied.

14. Finally, to avoid ambiguities with respect to the relief afforded by the Court, the following language should be added at the end of paragraph 1 of the proposed Order: "to the extent set forth herein." *See* ECF No. 10, at p. 20 of 23.

## CONCLUSION

15. Debtor's Case Management Motion should be adjourned until a later date. The adjournment would permit parties that were not provided sufficient notice and any official committee of unsecured creditors the opportunity to be heard. If the Court grants the Case Management Motion, the relief should be modified at set forth herein.

16. The U.S. Trustee expressly reserves her rights to object to any amendments or supplements to the Case Management Motion and/or any other additional relief requested in any subsequently filed pleadings.

/ / /

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court sustain her Opposition to the Case Management Motion and grant such other relief as is just and equitable under the circumstances.

Dated: February 13, 2023

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

/s/ *Jared A. Day*
Jared A. Day
Trial Attorney for United States Trustee

**CERTIFICATE OF SERVICE**

I, ANABEL ABAD SANTOS, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on February 13, 2023, I caused a copy of the foregoing

**UNITED STATES TRUSTEE'S OPPOSITION AND RESERVATION OF RIGHTS TO DEBTOR'S EMERGENCY MOTION FOR ORDER ESTABLISHING CERTAIN CASE MANAGEMENT, NOTICE, AND ADMINISTRATIVE PROCEDURES**

to be served on the following parties:

☑ a. ECF System (attach Notice of Electronic Filing or list of persons & addresses):

- **BRETT A. AXELROD**    baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com
- **CHAPTER 11 - LV**    USTPRegion17.lv.ecf@usdoj.gov
- **DAWN M. CICA**    dcica@carlyoncica.com, nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com
- **BART K. LARSEN**    BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com
- **JEANETTE E. MCPHERSON**    JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com
- **JAMES PATRICK SHEA**    jshea@shea.law, blarsen@shea.law;support@shea.law
- **STRETTO**    ecf@cases-cr.stretto-services.com, aw01@ecfcbis.com,pacerpleadings@stretto.com
- **Jeffrey R. Sylvester**    jeff@sylvesterpolednak.com, kellye@sylvesterpolednak.com
- **U.S. TRUSTEE - LV - 11**    USTPRegion17.lv.ecf@usdoj.gov
- **ZACHARY WILLIAMS**    zwilliams@foxrothschild.com, ARCDocketing@foxrothschild.com;ahosey@foxrothschild.com

I declare under penalty of perjury that the foregoing is true and correct.

Signed: February 13, 2023

/s/ *Anabel Abad Santos*
ANABEL ABAD SANTOS