Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Jared A. Day, Trial Attorney
State Bar No. CA 275687
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Telephone: (775) 784-5335
Fax: (775) 784-5531
E-mail: *jared.a.day@usdoj.gov*

Attorneys for the U.S. Trustee for Region 17
        TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No: 23-10423-mkn |
| CASH CLOUD, INC. dba COIN CLOUD, | Chapter 11 |
| Debtor. | Date:  February 15, 2023<br>Time:  10:30 a.m.<br>Location:  Foley Courtroom 2, Telephonic |

**UNITED STATES TRUSTEE'S OMNIBUS OPPOSITION AND RESERVATION OF RIGHTS TO DEBTOR'S EMERGENCY FIRST DAY APPLICATIONS FOR ORDERS AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD, LLP AS DEBTOR'S GENERAL BANKRUPTCY COUNSEL AND PROVINCE, LLC AS <u>DEBTOR'S FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE</u>**

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and

through her undersigned counsel, hereby files her *Omnibus Opposition and Reservation of Rights*

("Omnibus Opposition") to Debtor's (i) emergency application [ECF No. 13] (the "Fox

Rothschild Application") to employ Fox Rothschild, LLP ("Fox Rothschild"); and (ii) the

1

emergency application [ECF No. 15] (the "Province Application" and together with the Fox Rothschild Application, the "Applications") to employ Province, LLC ("Province").[1]

## **INTRODUCTION**

Debtor has not met its burden of showing that Fox Rothschild and Province should be allowed to evade the requirements of Fed. R. Bankr. P. 6003(a) or that the Section 328 terms sought in the Applications are appropriate and in the best interests of the estate based on the specific facts of this case. The Applications also lack evidence, as opposed to conclusory statements, required to satisfy the burden concerning Section 328. Moreover, Province has also not sufficiently disclosed the nature of its connections to the parties in interest identified in Exhibit 2 of the supporting declaration. Accordingly, the Applications should not be approved.

The U.S. Trustee reserves all rights with respect to the Applications, which are scheduled for hearing on the above-captioned date and time, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the District of Nevada.

The U.S. Trustee's Omnibus Opposition is supported by the following memorandum of points and authorities and any argument the Court may permit during the hearing.

/ / /

---

[1] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "ECF No." refers to the bankruptcy docket for the above-captioned case; "Fed. R. Bankr. P." refers to the Federal Rules of Bankruptcy Procedure; "Fed. R. Evid." refers to the Federal Rules of Evidence. The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to Fed. R. Bankr. P. 9017 and Fed. R. Evid. 201. To the extent that the Omnibus Opposition contains factual assertions predicated upon statements made by Debtor, its agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Fed. R. Bankr. P. 9017 and Fed. R. Evid. 801(d)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

1. On February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code commencing the above-captioned case. [*See* ECF No. 1].

2. The Section 341 meeting of creditors is scheduled for March 16, 2023. [*See* ECF No. 2].

3. Neither an Official Committee of Unsecured Creditors nor a trustee has been appointed in this case. [*See* ECF Docket *generally*].

4. Debtor has not filed its summary of schedules, Schedules A/B through H, statement of financial affairs, list of equity security holders, or the disclosure of compensation required by Fed. R. Bankr. P. 2016. [*See* ECF No. 22].

5. Debtor requested an extension of time to file its schedules and statements to March 9, 2023, which was granted during the associated first day hearing, the order for which is pending entry by the Court. [*See* ECF No. 3].

6. The hearing on the Applications was set on shortened time for the above-captioned date and time with oppositions due by February 13, 2023. [*See* ECF No. 30].

### The Application to Employ Fox Rothschild

7. Through the Fox Rothschild Application, Debtor seeks to employ and retain Fox Rothschild pursuant to Section 327(a) as its general bankruptcy counsel only eight days after this case was commenced, effective as of the Petition Date. [*See* ECF No. 13].

8. The Fox Rothschild Application is supported by the Declaration of Brett A. Axelrod ("Axelrod Declaration"). [ECF No. 14].

9.      Debtor seeks to employ Fox Rothschild[2] pursuant to the terms of an engagement agreement between Debtor and Fox Rothschild, dated January 23, 2023, whereby Fox Rothschild will provide Debtor with general bankruptcy and other legal services and will be paid a postpetition flat fee of $450,000 if the case results in a Section 363(b) sale.  [See ECF No. 13, pp. 9-10 of 17; ECF No. 14, pp. 6-8 of 14].  Otherwise, Fox Rothschild will be paid an hourly rate ranging from $60 to $915.  [*Id.*].

**The Application to Employ Province**

10.     Through the Province Application, Debtor similarly seeks to employ and retain Province pursuant to Section 327(a), as Debtor's financial advisor only eight days after this case was commenced, effective as of the Petition Date.  [*See* ECF No. 15].

11.     The Application is supported by the declaration of Paul Huygens ("Huygens Declaration").  [ECF No. 16]

12.     Debtor seeks to employ Province pursuant to the terms of an engagement agreement between Debtor and Province, dated January 12, 2023, whereby Province (i) will provide Debtor with financial advisory services; (ii) will be paid an hourly rate ranging from $220 to $1,350 plus fees pegged to its success in locating financing for Debtor; (iii) will be indemnified, except for bad faith, fraud, gross negligence and/or willful misconduct; (iv) will be able to work on matters for clients that may be adverse to Debtor in others cases; (v) will have its liability limited to actual fees it was paid within six months before the accrual of any such

---

[2] The United States Trustee has conferred with counsel for Fox Rothschild.  Based on those communications, the United States Trustee understands that Debtor intends to supplement the Fox Rothschild Application to make the disclosures contemplated by the *United States Trustee's Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases*.  The United States Trustee reserves all rights in this regard.

4

liability; and (vi) will be reimbursed for attorney fees in certain circumstances.  [*See* ECF No. 15, pp. 5-8 of 16; ECF No. 16, pp. 12-19 of 21].

## II.    AUTHORITIES & DISCUSSION

### A.    <u>The Proponents of the Applications Fail to Carry their Burden of Establishing that the Requirements of Fed. R. Bankr. P. 6003(a) Should Be Waived.</u>

13.    Fed. R. Bankr. P. 6003(a) provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting…(a) an application under Rule 2014…."

14.    The 2011 Judicial Conference Advisory Committee Note regarding Fed. R. Bankr. P. 6003(a) indicates that the rule does not limit a Court's ability to provide an effective date for an order approving employment that may relate back to the time of the filing of the application or motion, or to some other date.  *See In re Miller*, 620 B.R. 637, 642-43 & n. 3 (Bankr. E.D. Cal. 2020).

15.    The concept of retroactive authority *vis a vis* compensation is incorporated into the rule "to avoid the absurdity of the need to find immediate and irreparable harm regarding employment in virtually every chapter 11 case."  [*Id.*]

16.    Both Fox Rothschild and Province seek authorization to be employed effective as of the Petition Date of February 7, 2023.  [*See* ECF No. 13 p. 2 of 17; ECF No. 15, p. 2 of 16].

17.    However, they each also seek an exemption from Fed. R. Bankr. R. 6003(a) through entry of an order immediately after the February 15, 2023, hearing on the Applications. [*See* ECF No. 13, p. 12 of 17; ECF No. 15, p. 9 of 16].

18.    The alleged immediate and irreparable harm cited in the Fox Rothschild Application and Axelrod Declaration is that "Fox Rothschild is unwilling to provide services

5

during any period for which its employment is not authorized," and "Debtor's estate will suffer immediate and irreparable harm if it is without representation by Fox Rothschild during the critical first few weeks of its Chapter 11 case." [*See* ECF No. 13, p. 12 of 17].

19.     The purported immediate and irreparable harm cited in the Province Application and Huygens Declaration is that "Province is unwilling to provide services during any period for which its employment is not authorized," and "Debtor's estate will suffer immediate and irreparable harm if it is without Province's financial advisory services during the critical first few weeks of this Chapter 11 Case." [*See* ECF No. 15, p. 9 of 16].

20.     In other words, Fox Rothschild and Province seek to *create* justification for waiving the application of Fed. R. Bankr. P. 6003(a).  If they are allowed to do so, all sophisticated professionals will seek similar relief, and the exception will swallow the rule.

21.     The Applicants do not carry their burden to show why Fed. R. Bankr. P. 6003(a) should be waived, and therefore, the Court should deny such requests and adjourn the hearing on the Applications to sometime outside the 21-day period set by Fed. R. Bankr. P. 6003(a), preferably after Debtor has filed its schedules and statements.

**B.     The Province Application and the Huygens Declaration Fail to Fully Address Connections of Province and its Affiliates to Parties in Interest.**

22.     Section 327(a) of the Bankruptcy Code provides, in pertinent part, that a trustee "may employ one or more attorneys, accountants … or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a); *see also In re Tevis,* 347 B.R. 679, 687 (B.A.P. 9th Cir. 2006) ("[s]ection 327(a) requires the

application of a two-pronged test for employment of professional persons").[3]

23.     The burden is on the applicant to come forward with facts pertinent to the proposed professional's eligibility and to make full, candid, and complete disclosures.  *See* Fed. R. Bankr. P. 2014(a); *In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 237 (Bankr. E.D. Cal. 1988) ("[t]he burden is on the person to be employed to come forward and make full, candid, and complete disclosure").

24.     Bankruptcy Rule 2014(a) requires the debtor and the proposed professional each to disclose "all of the [professional's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants …."  Fed R. Bankr. P. 2014(a); *see also In re Park-Helena Corp.*, 63 F.3d 877, 880-81 (9th Cir. 1995); *In re Mehdipour*, 202 B.R. 474, 480 (B.A.P 9th Cir. 1996) ("[p]rofessionals must disclose all connections with the debtor, creditors, and parties in interest, *no matter how irrelevant or trivial those connections may seem*.") (emphasis added).

25.     Here, on its *Exhibit 2*, the Huygens Declaration discloses connections to eight parties in interest.  *See* Huygens Declaration, at ¶ 33 and *Exhibit 2* thereto.[4]  However, the nature of these connections is somewhat unclear.  Consequently, the Court should defer consideration of the Province Application until Province supplements its disclosures regarding the nature of its

---

[3] In a chapter 11 case, a debtor in possession has the powers and duties of a trustee. *See* 11 U.S.C. § 1107(a).

[4] It appears that Province's disclosure of connections includes those of its affiliates.  *See* Huygens Declaration, at ¶ 5.  Province should nevertheless confirm that it has disclosed all connections of its affiliates.  *Cf. Matter of Tr. Am. Serv. Corp.*, 175 B.R. 413, 420 (Bankr. M.D. Fla. 1994) ("To ensure themselves no conflict existed with respect to related debtors, the duty was not solely limited to Coopers and Lybrand in Tampa, but was a duty of the whole organization of Coopers and Lybrand. Coopers and Lybrand had a duty to ensure themselves of no conflict with all departments and locations of its partnership.").

connections with the parties on *Exhibit 2* of the Huygens Declaration.

    **C.**    **The Proponents of the Applications Fail to Carry their Burden of Establishing the Reasonableness of the Terms and Conditions for Retention and Compensation included in the Applications, Supporting Declarations and Engagement Agreements.**

26.    While Section 327 addresses employment of professionals, 11 U.S.C. §§ 328 and 330 address compensation of those professionals after they have been employed under Section 327. Section 330 authorizes the bankruptcy court to award the retained professional reasonable compensation "based on an after-the-fact consideration of 'the nature, the extent, and the value of such services, taking into account all relevant factors.'" *In re Smart World Technologies, LLC*, 552 F.3d 228, 232 (2d Cir. 2009) (quoting Section 330(a)).

27.    Section 328 operates differently and "permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'" *In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002); *In re Smart World Technologies, LLC*, 552 F.3d at 232 (noting that "section 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the "employment of a professional person under section 327... on any reasonable terms and conditions of employment" (quoting Section 328(a)). Thus, pre-approval of compensation pursuant to Section 328 is not lightly permitted. *Owens v. United States Trustee (In re Owens)*, 2014 Bankr. LEXIS 3346 at *7 (B.A.P. 9th Cir. August 6, 2014).

28.    Section 328 only provides the possible basis for approval of terms of compensation. *See generally In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002).

29.    "The differences between §§ 328 and 330 affect the timing and process of the

8

（Case 23-10423-mkn Doc 76 Entered 02/13/23 15:24:04 Page 9 of 15）

court's review of fees." *In re Citation Corp.*, 493 F.3d 1313, 1318 (11th Cir. 2007).  Under Section 328, "the bankruptcy court reviews the fee at the time of the agreement and departs from the agreed fee only if some unanticipated circumstance makes the terms of that agreement unfair. Under Section 330, the court reviews the fees after the work has been completed and looks specifically at what was earned, not necessarily at what was bargained for at the time of the agreement."  [*Id.*]

30.     The burden of proof to establish the terms and conditions of employment— including the imposition of Section 328(a)—is on the applicant.  *Nischwitz v. Miskovic (In re Airspect Air, Inc.)*, 385 F.3d 915, 921 (6th Cir. 2004) (quoting *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 262 (3d Cir. 1995)).  To meet its burden, the firm must provide specific evidence to establish that "the terms and conditions are in the best interest of the estate."  *In re Gillett Holdings, Inc.*, 137 B.R. 452, 455 (Bankr. D. Colo. 1991); *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); *In re Potter*, 377 B.R. 305, 307-08 (Bankr. D. N.M. 2007) ("[t]he trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.").

31.     Here, Debtor seeks to have both Fox Rothschild and Province's hourly rates and other terms of compensation approved through the Applications and the Engagement Agreements dated January 23, 2023, and January 12, 2023, respectively.  [*See* ECF Nos. 13, 14, 15, *and* 16].

32.     The Applications and the Axelrod and Huygens Declaration fail to establish the reasonableness of these terms given the specific facts of this case.

33.     Pre-approval of a professional's terms of compensation as reasonable should not be granted lightly given that the Court may not revisit the issue at the compensation stage unless

such terms prove to have been improvident in light of developments not capable of being anticipated at the time the terms or rates were fixed.  *See* 11 U.S.C. § 328(a); *see also Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000) ("[t]here is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under [ ] § 328").

34.    Approving an arrangement under Section 328 removes the standard of reasonable compensation based on an after-the-fact consideration of "the nature, the extent, and the value of such services, taking into account all of the relevant factors" under Section 330, and instead replaces it with a standard that severely constrains the Court's authority to only disallow compensation that is "improvident in light of developments not capable of being anticipated" at that time.  11 U.S.C. §328(a).  The Court should not allow Fox Rothschild and Province to bypass a full post-hoc reasonableness inquiry if its employment is approved under 11 U.S.C. § 327.

35.    Debtor has not met its burden of proof to demonstrate why or how the terms, conditions, and structure of Fox Rothschild and Province's compensation are reasonable under 11 U.S.C. § 328(a) and should be approved at the outset of their employment by Debtor instead of being subject to review once Fox Rothschild and Province seek compensation, including at the end of the case once the Court and parties-in-interest can better assess their performance.  A professional's requested invocation of Section 328(a) is neither mandatory nor automatic, regardless of the proposed compensation scheme.  A professional should not automatically expect approval of its retention under Section 328 just because it asks for it.  Accordingly, the Court should deny the request to pre-approve the terms of Fox Rothschild and Province's

compensation under Section 328 or under some other Code provision.

36.     The Court should decline to approve *any* Section 328 provisions requested in the Applications and subject the fee applications of Fox Rothschild and Province to a review unconstrained by pre-approval of any compensation terms at the beginning of the case.

37.     Further, the Province Application and Engagement Agreement with Province list the following terms of retention and compensation that should not be approved under any circumstances.  [*See* ECF Nos. 15 *and* 16].

### i.    Debtor Cannot Waive Any Conflicts that Province Might Have

38.     Under section 4 of the Engagement Agreement, entitled "Conflicts," Province and its subsidiaries may work for entities that compete with or are in conflict with Debtor, as long as the work is performed in matters entirely unrelated to the Province's work in this case.  [See ECF No. 16, p. 14 of 21; § 4].  This provision should be read to waive any potential conflicts of interest that Province may have by representing other clients.  The disinterestedness provision of Section 327(a) is mandatory.  It is stricter than the conflict-of-interest provisions in the Model Rules of Professional Conduct, because Section 327(a) does not allow for the waiver of conflicts of interest.  *See S.S. Retail Stores Corp.*, 211 B.R. 699, 703 (B.A.P. 9th Cir. 1997) *compare* Nevada Rules of Professional Conduct, Rule 1.7(b)(4).

### ii.    Province Should Not Be Indemnified or Have Its Liability Limited for Negligence or Be Paid Attorney Fees Related to the Engagement Agreement

39.     Province seeks to be indemnified, except for acts constituting bad faith, gross negligence, fraud, or willful misconduct.  [*See* ECF No. 15, p. 7 of 16; ¶27].  This provision also includes the payment of attorney fees.  [*See* ECF No. 16, pp. 15-16 of 21; ¶10c].  The indemnification provision in the Engagement Agreement does not include a carve out for simple

negligence and includes the payment to Province of attorney fees.  [*See* ECF No. 60, pp. 16-18 of 19].  While the Application asserts that this provision is customary and reasonable, it should be noted that Province agreed to waive indemnification during a case filed last year in the District of Nevada, Las Vegas.  [*See In re Front Sight Management LLC*, Case No. 22-111824-ABL (Bankr. D. Nevada) ("Case No. 22-11824") at ECF No. 60, p. 6 of 19; ¶25 ("Province has agreed to waive that [indemnification] provision during the pendency of Debtor's case")].  Province clarified in that case that Province was not seeking Section 328 relief.  [*See* Case No. 22-11824 at ECF No. 183, p. 2 of 2; ¶ 6 ("Province specifically agrees that it is not seeking employment pursuant to 11 U.S.C. § 328(a), and that any provision such as waiver of conflicts and indemnification in the Engagement Agreement is stricken"; *see also* Case No. 22-11824 at ECF No. 225 (order employing Province in Case No. 22-11824)].

40.    Unless Province can show that it cannot obtain insurance to protect it against liability, or that insurance is prohibitively expensive, the indemnification provision should be denied.  *See In re Metricom,* 275 B.R. 364, 372-73 (Bankr. N.D. Cal. 2002) (denying an indemnification provision for a financial advisor as unreasonable pursuant to Section 328(a)).

41.    In addition, "[i]t is a "bedrock principle" of American law that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Zurich Am. Ins. Co. et al. v. Team Tankers A.S. et al.*, 811 F.3d 584, 590 (2d Cir. 2016) (quoting *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164, 192 L. Ed. 2d 208 (2015)); *Broker Genius, Inc. v. Seat Scouts LLC*, 2018 U.S. Dist. LEXIS 81185 at pp. *20-*21 (S.D. N.Y. May 14, 2018).

42.    Province also seeks to have its liability limited, except for willful misconduct and gross negligence, and only be liable for amounts paid to it in the six months before any liability

accrued.  For the reasons set forth above concerning indemnification, this request should be denied.

43.     Province has not shown that these provisions are reasonable and should be approved.

### iii.    The Court Should Not Approve Province's Success Fees at the Beginning of the Case

44.     Province seeks an "Arranger Fee" and "Restructuring Fee," both of which are calculated by how much financing Province secures for Debtor, in other words, how successful Province is in securing financing for Debtor.  [*See* ECF No. 15, pp. 5-6 of 16; ¶¶ 17-19].

45.     The Application also seeks a finding that these fees are not success fees subject to case law governing success fees.  [*See* ECF No. 15, p. 8 of 16; ¶ 32].

46.     "Success" fees are warranted only in exceptional cases.  *See, e.g., In re Manoa Finance Co., Inc.*, 853 F.2d 687, 688, 691-92 (9th Cir. 1988) (although there is a "strong presumption" that the lodestar amount is reasonable compensation, this amount may be enhanced in "exceptional circumstances where the applicant produces specific evidence that [the lodestar amount] does not fairly compensate for the work done …..").

47.     In order to warrant an upward adjustment, the results must meet the "'rare and exceptional'" threshold that "'exceed the reasonable expectations of the parties.'"  *See In re Buckridge*, 367 B.R 191, 204 (Bankr. C.D. Cal. 2007) (quoting *In re Farah*, 141 B.R. 920, 925 (Bankr. W.D. Tex. 1992)).

48.     Good results alone usually do not merit a "success" fee.  *See Manoa*, 853 F.2d at 691; *In re Buckridge*, 367 B.R. at 202; *In re Amberjack Interests, Inc.*, 326 B.R. 379, 391 (Bankr. S.D. Tex. 2005) (results that were "very good"—including piercing the corporate veil, and "probably pay[ing] off all the creditors"—were not so "highly extraordinary" to warrant an

enhancement).

49.     Accordingly, the Arranger Fee and Restructuring Fee should only be awarded, if at all, at the end of this case after being analyzed for reasonableness unconstrained by pre-approval of any terms of compensation.

## CONCLUSION

50.     Debtor has not met its burden of showing that it is appropriate for Fox Rothschild and Province to evade the requirements of Fed. R. Bankr. P. 6003(a) or that the Section 328 relief is reasonable and in the best interests of the estate given the specific facts of this case.  Nor has Province made sufficient disclosure under Fed. R. Bankr. P. 2014.

51.     The U.S. Trustee expressly reserves her rights to object to any amendments or supplements to the Applications and/or any other additional relief requested in any subsequently filed pleadings.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court sustain her Omnibus Opposition to the Applications; enter an order disapproving them; and granting such other relief as is just and equitable under the circumstances.

Dated: February 13, 2023                          TRACY HOPE DAVIS
                                                  UNITED STATES TRUSTEE

                                                  /s/ *Jared A. Day*
                                                  Jared A. Day
                                                  Trial Attorney for United States Trustee

14

**CERTIFICATE OF SERVICE**

I, ANABEL ABAD SANTOS, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on February 13, 2023, I caused a copy of the foregoing

**UNITED STATES TRUSTEE'S OMNIBUS OPPOSITION AND RESERVATION OF RIGHTS TO DEBTOR'S EMERGENCY FIRST DAY APPLICATIONS FOR ORDERS AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD, LLP AS DEBTOR'S GENERAL BANKRUPTCY COUNSEL AND PROVINCE, LLC AS DEBTOR'S FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE**

to be served on the following parties:

☑       a. ECF System (attach Notice of Electronic Filing or list of persons & addresses):

- **BRETT A. AXELROD**    baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com
- **CHAPTER 11 - LV**    USTPRegion17.lv.ecf@usdoj.gov
- **DAWN M. CICA**    dcica@carlyoncica.com, nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com
- **BART K. LARSEN**    BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com
- **JEANETTE E. MCPHERSON**    JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com
- **JAMES PATRICK SHEA**    jshea@shea.law, blarsen@shea.law;support@shea.law
- **STRETTO**    ecf@cases-cr.stretto-services.com, aw01@ecfcbis.com,pacerpleadings@stretto.com
- **Jeffrey R. Sylvester**    jeff@sylvesterpolednak.com, kellye@sylvesterpolednak.com
- **U.S. TRUSTEE - LV - 11**    USTPRegion17.lv.ecf@usdoj.gov
- **ZACHARY WILLIAMS**    zwilliams@foxrothschild.com, ARCDocketing@foxrothschild.com;ahosey@foxrothschild.com

I declare under penalty of perjury that the foregoing is true and correct.

Signed: February 13, 2023

/s/ *Anabel Abad Santos*
ANABEL ABAD SANTOS