BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 14, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

    CASH CLOUD, INC.,
    dba COIN CLOUD,

              Debtor.

Case No. BK-23-10423-mkn

Chapter 11

**SUPPLEMENTAL VERIFIED STATEMENT OF PAUL HUYGENS IN SUPPORT OF EMERGENCY FIRST DAY APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF PROVINCE LLC AS DEBTOR'S FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE**

Hearing Date:  February 15, 2023
Hearing Time:  10:30 a.m.

1

142778527.1

Paul Huygens, a principal at Province, LLC, submits the following statement (the "Verified Statement") in accordance with sections 327(a), 328, 329, 1107 and 1108 of the Bankruptcy Code,[1] Bankruptcy Rules 2014(a), 2016 and 5002 and Local Rule 2014, and being duly sworn, deposes and declares under the penalty of perjury:

1. I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, except where stated as based upon information and belief, and if called upon to testify, could and would do so.

2. I am a principal of Province, which maintains offices at, among other locations: 2360 Corporate Circle, Ste. 340, Henderson, Nevada, 89074.

3. I make this supplemental statement in further support of the *Application for Order Authorizing Retention and Employment of Province LLC as Debtor's Financial Advisor, Effective as of the Petition Date* (the "Application" [ECF No. 15]), filed by Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case") and in order to address certain issues raised in the *United States Trustee's Omnibus Opposition and Reservation of Rights to Debtor's Emergency First Day Applications for Orders Authorizing the Retention and Employment of Fox Rothschild, LLP as Debtor's General Bankruptcy Counsel and Province, LLC as Debtor's Financial Advisor, Effective as of the Petition Date* (the "UST Opposition" [ECF No. 76]).

4. Pursuant to Bankruptcy Rules 2014 and 9034, a copy of this Verified Statement will be contemporaneously transmitted to the Office of the United States Trustee (the "UST") with this filing. Fed. R. Bankr. P. 2014, 9034; Guidelines, § 2.1.

5. In paragraph 25 of the UST Opposition, the UST states that while Province made certain disclosures pursuant to Bankruptcy Rule 2014(a) in support of the Application, it argues that the nature of Province's disclosed connections is "somewhat unclear" and that deferral of the Application should occur until such time as Province supplements its disclosed connections with additional information regarding the nature of such connections.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

142778527.1

6. In response thereto, Province hereby submits further supplementation relative to each of its disclosed connections in the attached Exhibit 1 incorporated herein by reference.

7. Additionally, as to Party in Interest Cox Business, a Cox Communications affiliate, Cox Corporate Services, Inc., is an equity owner with Province Esports, LLC in an esports entity called ATL Esports, LLC based out of Atlanta, GA that owns esports teams in two Activision / Blizzard esports leagues (Atlanta Reign & Atlanta Faze). Province Esports, LLC is owned by numerous individuals and entities that indirectly includes three of the equity owners of Province, LLC; however, Province, LLC owns no interest in and has no control over Province Esports, LLC.

8. In paragraph 38 of the UST Opposition, the UST argues that the statement in Province's prepetition Engagement Agreement (as defined in the Application) related to potential conflicts of interest is inappropriate as conflicting with the disinterestedness standard stated in Section 327(a). Upon approval of the Application, Province agrees to maintain its disinterestedness as required by Section 327(a) during the pendency of this Chapter 11 Case and hereby agrees to strike any provision of the Engagement Agreement that contradict the provisions of Section 327(a).

9. In paragraphs 39-43 of the UST Opposition, the UST argues that the indemnification and liability limitation provisions contained in the Engagement Letter should be stricken.

10. During a call with counsel with the United States Trustee, the parties agreed to resolve their dispute on the issue of indemnification through application of the Blackstone Protocol by applying a carve out for any indemnification obligations of the Debtor, as stated in Province's Engagement Agreement, for acts that constitute bad faith, self-dealing, breach of a fiduciary duty, gross negligence, or willful misconduct, with all other indemnification provisions stated in Province's Engagement Agreement maintaining their full force and effect.

11. In paragraphs 44 through 49 of the UST Opposition, the UST argues that Province's Arranger Fee and its Restructuring Fee, as stated in the Engagement Agreement, each constitute a "success fee" that should be denied or awarded at the conclusion of the case and without any pre-approval of the amount or fee or its calculation methodology.

142778527.1

12. As a financial advisor, Province's role would be to provide financial advisory services to the Debtor and its counsel in relation to the Debtor's financial situation. That role does not typically include the raising of Debtor-in-Possession financing or exit financing.

13. Moreover, Province and other similar financial advisory firms are regularly approved for transaction-based and contingent-based fees in bankruptcy and non-bankruptcy matters, and it is reasonable and justified to do so in this instance in order to induce and incent favorable financing of the case and the Debtor's exit from bankruptcy.

14. Accordingly, as explained in the Application, in addition to Province's Hourly Fees for its financial advisory services, Province's Engagement Agreement calls for the Debtor to pay Province a fee (the "Arranger Fee") in the amount of three percent (3%) of the amount of the funds agreed to be loaned by any "Province Lender" (defined as a lender procured by Province in support of a DIP financing) to the Debtor as DIP financing, as approved pursuant to the Bankruptcy Court's final order granting any such financing, upon the issuance of a final order approving same by the Bankruptcy Court.

15. The Engagement Agreement also calls for the Debtor to pay a fee (the "Restructuring Fee") of three percent (3%) of the value of all debt and equity financing of the Debtor as of the effective date of a confirmed plan of reorganization (excluding any amounts loaned by a "Company Lender" (as defined in the Engagement Letter)) (the "Exit Financing"); provided, however, should all or any portion of such Exit Financing be provided by a Province Lender ("Province Lender Exit Financing"), then for such Province Lender Exit Financing, whether through exit equity or debt financing, the Company shall pay Province a fee in the amount of one and one half percent (1.5%) of such Province Lender Exit Financing, with any other Exit Financing generating a three percent (3%) fee as otherwise indicated above.

16. Such restructuring fees are commonplace and are not considered a "success fee", as they are payment for services in addition to those typically provided by a court-mandated financial advisor – namely to raise debt and/or equity capital in the context of a bankruptcy proceeding – a difficult prospect that Province excels at.

4

142778527.1

17. There are numerous examples of other matters where Province was paid a contingent or transaction-based fee wherein courts, trustees and other case constituent found Province's services and fees reasonable including, but not limited to, in the following restructuring matters: Checkers; 4E Brands North America; Cherry Man, Washington Prime Group, Sequential Brands, CMX, Guitar Center, and Superior Linen.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my information, knowledge and belief.

DATED this 14th day of February 2023.

                                              */s/Paul Huygens*
                                              Paul Huygens

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142778527.1

# EXHIBIT 1

## SUPPLEMENTAL CONNECTIONS DISCLOSURE

142778527.1

# EXHIBIT 1

| Party | Connection Role | Client | Province's Role |
|---|---|---|---|
| B. Riley Securities, Inc. | Investment Banker | A.B.C. Carpet Co., Inc. | FA to UCC |
| Chevron | UCC - Member | TPC Group Inc. | VP of Restructuring; FA to VP of Restructuring |
| Comp U Link | UCC Member | Reverse Mortgage Investment Trust | FA to UCC |
| Cox Business | Affiliate - JV Partner | N/A | N/A |
| Fox Rothschild | Debtor - Counsel | Avadim Health, Inc. | FA to UCC |
| Fox Rothschild | UCC - Counsel | Fresh & Easy, LLC | FA to UCC |
| Fox Rothschild | UCC - Counsel | IPC General Liability Trust | Liability Fund Trust |
| Fox Rothschild | UCC - Counsel | J&M Sales, Inc. (Fallas) | FA to UCC |
| Fox Rothschild | UCC - Counsel | L'Occitane, Inc. | FA to UCC |
| Securitas Security Services USA Inc | UCC - Member | Neopharma, Inc. | FA to UCC |
| Sheppard Mullin Richter & Hampton LLP | Debtor - Counsel | American Blue Ribbon | FA to UCC |
| Sheppard Mullin Richter & Hampton LLP | Debtor - Counsel | Fresh & Easy, LLC | FA to UCC |
| Sheppard Mullin Richter & Hampton LLP | Invoice Client | Miura Holdings Asia, LLC | Consulting |
| Sheppard Mullin Richter & Hampton LLP | UCC - Counsel | XS Ranch Fund VI, L.P. | FA to UCC |
| Sheppard Mullin Richter & Hampton LLP | UCC Counsel | Mariner Health Central, Inc. | FA to UCC |
| Uline | UCC Member | VER Technologies Holdco LLC | FA to UCC |