SYLVESTER & POLEDNAK, LTD.
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
1731 Village Center Circle
Las Vegas, NV 89134
Telephone: (702) 952-5200
Email: Jeff@SylvesterPolednak.com

E-Filed: **February 14, 2023**

Jordi Guso, Esq. *(admitted pro hac vice)*
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Email: JGuso@bergersingerman.com

*Attorneys for Interested Party CKDL Credit, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>Debtor(s). | Case No. BK-23-10423-mkn<br>Chapter 11<br><br>**Date of Hearing: February 15, 2023**<br>**Time of Hearing: 10:30 a.m.** |

### CKDL CREDIT, LLC'S JOINDER TO AND DECLARATION IN SUPPORT OF MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION SENIOR SECURED, SUPERPRIORITY FINANCING; (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING FINAL HEARING; AND (V) GRANTING RELATED RELIEF

Jeffrey R. Sylvester, Esq., of the law firm of Sylvester & Polednak, Ltd., and Jordi Guso, Esq., of Berger Singerman, LLP, attorneys of record for *CKDL Credit, LLC* ("*CKDL*" Or "*Interested Party*"), hereby joins the Debtor's Motion for Interim and Final Orders: (I) Authorizing Debtor to Obtain Post-Petition Senior Secured, Superpriority Financing; (II) Granting Liens and Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief [ECF 35], filed on February 8, 2023, for the reasons stated therein, the declaration of John Crane, President of CKDL Credit, LLC, attached hereto as **Exhibit "1,"** the papers and pleadings on file herein, and any oral argument that the

1

Court may entertain at the time of the hearing on this Motion.

DATED this 14th day of February, 2023.

**SYLVESTER & POLEDNAK, LTD.**

By: _____
/s/ Jeffrey R. Sylvester, Esq.
Jeffrey R. Sylvester, Esq.
1731 Village Center Circle
Las Vegas, Nevada 89134

Jordi Guso, Esq. *(admitted pro hac vice)*
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131

*Attorneys for Interested Party CKDL Credit, LLC*

# EXHIBIT 1

# EXHIBIT 1

SYLVESTER & POLEDNAK, LTD.　　　　　　　　　　　　E-Filed: February 14, 2023
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
1731 Village Center Circle
Las Vegas, NV 89134
Telephone: (702) 952-5200
Email: Jeff@SylvesterPolednak.com

Jordi Guso, Esq. *(admitted pro hac vice)*
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Email: JGuso@bergersingerman.com

*Attorneys for Interested Party CKDL Credit, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re: | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC. dba COIN CLOUD | Chapter 11 |
| Debtor. | **DECLARATION OF JOHN CRANE IN SUPPORT OF MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION SENIOR SECURED, SUPERPRIORITY FINANCING; (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING FINAL HEARING; AND (V) GRANTING RELATED RELIEF** |

I, John Crane, declare under penalty of perjury as follows:

1. I am over the age of 18, am competent to testify, have personal knowledge of the facts set forth below, and, if called to testify, I could and would testify competently as to the facts set forth herein.

2. I am the President of CKDL Credit, LLC, a Delaware limited liability company and the proposed DIP lender (the "*DIP Lender*") for the Debtor, Cash Cloud, Inc. d/b/a Coin Cloud (the "*Debtor*").

3. I make this Declaration in support of the *Motion for Interim and Final Orders (I) Authorizing Debtor to Obtain Post-Petition Senior Secured, Superpriority Financing; (II) Granting*

1

11930474-2

*Liens and Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* (Doc. 35) filed by the Debtor on February 8, 2023, as modified by the *Notice of Filing Revised: (1) Motion for Interim and Final Orders (I) Authorizing Debtor to Obtain Post-Petition Senior Secured, Superpriority Financing; (II) Granting Liens and Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief; and (2) Interim Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 2002, 4001, 6004 and 9014 (I) Authorizing Debtor to (A) Obtain Postpetition Financing and (B) Grant Adequate Protection and (II) Scheduling Final Hearing* (Doc. 74) filed by the Debtor on February 13, 2023 (the "<u>DIP Financing Motion</u>")[1].

4.  DIP Lender is a special purpose vehicle related to a family office of investors in the technology and related sectors.

5.  In December 2022, representatives of DIP Lender were approached regarding its interest in providing a secured, post-petition financing facility to the Debtor. On December 23, 2022, DIP Lender executed a non-disclosure agreement in favor of the Debtor and was granted access to the virtual data room maintained by the Debtor and its advisors. Representatives of DIP Lender commenced undertaking due diligence regarding the Debtor and its operations. Thereafter, the parties began negotiations regarding the terms of a financing facility.

6.  On January 23, 2023, the Debtor and DIP Lender executed a Term Sheet memorializing the material terms of a $5,000,000 senior secured loan to be provided by DIP Lender to Debtor. Thereafter, the parties negotiated the terms of the DIP Documents. Those negotiations included the legal and financial advisors of both parties. The negotiations were conducted at arms' length and good faith. The DIP Documents are the product of those negotiations.

7.  Thereafter, representatives of the Debtor, DIP Lender, Genesis Global Holdco, LLC ("<u>Genesis</u>") and Enigma Securities Limited ("<u>Enigma</u>") engaged in extensive, good faith negotiations regarding the adequate protection to be provided to Genesis and Enigma. Those discussions resulted

---

[1] Capitalized terms used in this Declaration and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Financing Motion.

11930474-2

in revisions to the Interim DIP Order pursuant to which, among other things, the Debtor will provide adequate protection to Genesis and Enigma and each has consented to the Debtor granting DIP Lender senior, priming DIP Liens on the Collateral, all upon the terms set forth in the Interim DIP Order.

8. The DIP Documents do not require the DIP Lender receive priming DIP Liens on the Cole Kepro Collateral.

9. The DIP Documents memorialize the terms under which DIP Lender is willing to provide financing to the Debtor. I am advised that the Interim DIP Order includes a finding that the terms of the financing have been negotiated in good faith entitling DIP Lender to protections even if the Interim DIP Order is modified, reversed or vacated on appeal (Interim DIP Order at ¶ 5(e)), and grants DIP Lender exculpation (Interim DIP Order at ¶ 21). DIP Lender would not make the loan to Debtor absent the findings and other protections granted to DIP Lender under the Interim DIP Order.

10. DIP Lender has provided the Debtor with proof of funds confirming that if this Court approves the financing on terms set forth in the DIP Documents, DIP Lender has the liquidity to fund the loan in its entirety.

11. Neither DIP Lender nor any of its officers, directors or managers is an officer, director, manager, shareholder or creditor of the Debtor.

12. Aside from the DIP Documents, there are no other agreements or understandings between DIP Lender, on the one hand, and Debtor, on the other.

13. This concludes my Declaration.

I declare under penalty of perjury of the laws of the United States of America, that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed this 14th day of February 2023.

/s/ John Crane
John Crane, President of
CKDL Credit, LLC

11930474-2