BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 14, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>    Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**DEBTOR'S OMNIBUS REPLY TO UNITED STATES TRUSTEE'S OMNIBUS OPPOSITION AND RESERVATION OF RIGHTS TO DEBTOR'S EMERGENCY FIRST DAY APPLICATIONS FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD LLP AS DEBTOR'S GENERAL BANKRUPTCY COUNSEL AND PROVINCE, LLC AS DEBTOR'S FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE [ECF NO. 76]**<br><br>Hearing Date: February 15, 2023<br>Hearing Time: 10:30 a.m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

142760185.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## MEMORANDUM OF POINTS AND AUTHORITIES

Cash Cloud, Inc., dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), by and through its proposed undersigned counsel, Fox Rothschild LLP, hereby file this reply (the "Reply"): (i) in support of *Debtor's Application for Order Authorizing Retention and Employment of Fox Rothschild LLP as Debtors' Counsel Nunc Pro Tunc to the Petition Date* [Docket No. 13] (the "Fox Application") and the *Application for Order Authorizing Retention and Employment of Province LLC as Debtor's Financial Advisor, Effective as of the Petition Date* [Docket No. 15] ("Province Application, and together with the Fox Application, the "Employment Applications");[1] and (ii) in response to the United States Trustee's (the "UST") *Omnibus Opposition and Reservation of Rights to Debtor's Emergency First Day Applications for Order Authorizing the Retention and Employment of Fox Rothschild LLP as Debtor's General Bankruptcy Counsel and Province, LLC as Debtor's Financial Advisor, Effective as of the Petition Date* [Docket No. 76] (the "Objection"). In support of the Reply, the Debtor refers to the *Supplemental Verified Statement of Paul Huygens* [Docket No. 86] (the "Supplemental Huygens Statement") filed concurrently herewith, the record in this Chapter 11 Case, any oral argument the Court may permit on the Application, and respectfully states as follows:

### I.

### RESOLUTION OF THE FOX APPLICATION OBJECTION

The Debtor and UST have resolved the Objection related to the Fox Application. The proposed resolution of the Objection is set forth in the revised, proposed order granting the Fox Application attached hereto as **Exhibit A**. A redline comparison of the revised proposed order against the version originally attached to the Fox Application is attached hereto as **Exhibit B**. The Debtor submits that the revised, proposed order attached hereto resolves the Objection with respect to the Fox Application.

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the respective Employment Application.

142760185.1

1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## II.

## PARTIAL RESOLUTION OF THE PROVINCE APPLICATION OBJECTION

The only unresolved issue related to the Province Application Objection is whether the Debtor has demonstrated that the terms of Province's employment satisfies the requirements of § 328(a).[2] Specifically, the UST contends that the Arranger Fee and Restructuring Fee provided under the Engagement Agreement constitute impermissible "success fees" that cannot be authorized at the outset of the Chapter 11 Case. *See* Opp'n at 13-14. As set forth below, this remaining issue should be resolved in favor of the Debtor given the Debtor's substantial and documented prepetition efforts to negotiate the fee with Province and other potential financial advisors and investment bankers for similar services.

Section 328 permits a debtor to seek pre-approval of a professional's compensation. *See* 11 U.S.C. § 328(a) ("The trustee . . . with the court's approval, may employ or authorize employment of a professional person . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis."); *see also In re Confections by Sandra, Inc.*, 83 B.R. 729, 731 (B.A.P. 9th Cir. 1987) ("The section anticipates that the terms of the fee arrangement will be *established* prior to the rendition of professional services.") (internal quotations and citation omitted; emphasis in original). The statute expressly requires that the arrangement be "reasonable." *See In re Hathaway Ranch P'ship*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990) ("This statutory language makes it clear that any agreement or arrangement concerning the employment or compensation of a professional by a debtor in possession is subject to this court's review and approval and that such arrangement or agreement must be reasonable."). A fee arrangement is reasonable if "the terms and conditions are in the interest of the estate" based on a case-by-case analysis. *In re C & P Auto Transport, Inc.*, 94 B.R. 682, 686 (Bank. E.D. Cal. 1988); *see also In re Metricom, Inc.*, 275 B.R. 364, 371 (Bankr. N.D. Cal. 2002) ("the issue is whether particular terms are reasonable under given circumstances, and such a determination can only be made on a case by case basis"). Courts consider, among other things, whether debtor identified

---

[2] Unless otherwise provided herein, all references to "§" or "Section" refer to a section of title 11 of the United States Code (the "Bankruptcy Code").

"comparable services for the same price from another financial advisor without having to agree to the subject provisions." *Metricom*, 275 B.R. at 372.

The Engagement Agreement provides that Province is principally retained for purposes of providing financial advisory services to the Debtor on an hourly basis. *See* Huygens Verified Stmt., Ex. 1 (Engagement Agmt. at 1, 2); Suppl. Huygens Stmt. at ¶ 12. However, the Engagement Agreement also provides the following two fees relevant to the Objection in the event Province identifies, and assists the Debtor in procuring, postpetition financing or exit financing:

- **<u>The Arranger Fee</u>**. The Arranger Fee provision contemplates that the Debtor will pay Province a fee equal to three percent (3%) of the amount of the funds agreed to be loaned by any "<u>Province Lender</u>" (defined as a lender procured by Province in support of a DIP financing) to the Debtor as debtor-in-possession financing approved pursuant to a final order of the Court.

- **<u>The Restructuring Fee</u>**. The Restructuring Fee provision contemplates that the Debtor will pay Province a fee equal to three percent (3%) of the value of all debt and equity financing of the Debtor as of the effective date of a confirmed plan of reorganization (excluding any amounts loaned by a Company Lender (as defined in the Engagement Letter)) (the "<u>Exit Financing</u>"); <u>provided</u>, <u>however</u>, should all or any portion of such Exit Financing be provided by a Province Lender ("<u>Province Lender Exit Financing</u>"), then for such Province Lender Exit Financing, whether through exit equity or debt financing, the Company shall pay Province a fee in the amount of one and one half percent (1.5%) of such Province Lender Exit Financing.

*See* Suppl. Huygens Stmt. at ¶¶ 14-15. These provisions are common among financial advisory firms in bankruptcy cases and outside of bankruptcy to incentivize favorable financing options. *See id.* at ¶ 12-13. These incentives would not exist without pre-approval of the fees to encourage efforts to identify fulsome financing opportunities for the Debtor.

The Debtor can also demonstrate—based on the record of this Chapter 11 Case—that the Arranger Fee and Restructuring Fee are ***lower*** than comparable fees offered by other financial advisors engaged by the Debtor prepetition. Specifically, on September 21, 2022, the Debtor entered into an engagement agreement (the "<u>B. Riley Agreement</u>") with B. Riley Securities, Inc. ("<u>B. Riley</u>"). *See* Docket No. 55 (Rejection Mot., Ex. 2). The Debtor entered into the B. Riley Agreement to obtain substantially similar financial advisory services to those provided by Province. *Compare* B. Riley Agmt. (engagement intended "to provide financial advisory services to the Company relating to any one or more of the following (i) a Financing Transaction . . .; (ii) a Sale Transaction . . .; and/or (iii)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

a Restructuring Transaction") *with* Engagement Agmt. (scope of Province retention includes "to provide certain financial advisory services"). However, the B. Riley Agreement provided for substantially higher, tiered transaction fee for any financing ranging from 3% for the sale of subordinated or secured debt to 6% for the sale of any equity securities. *See* Docket No. 55 (Rejection Mot., Ex. 2, B. Riley Agmt. at 3). Ultimately, the Debtor terminated the B. Riley Agreement prepetition (which the Debtor now seeks to reject) and entered into the Engagement Agreement. Importantly, this negotiation demonstrates that the Debtor was unable to identify comparable services that did not include transaction fees and, in fact, exercised its fiduciary duty to engage with Province and secure lower transaction fees.

Moreover, fixed percentage fee arrangements are both common among financial advisors involved in chapter 11 cases and commonly approved by courts. Indeed, courts in the District of Nevada—including this Court—frequently approve similar success fees in similar (or greater) amounts at the outset of large chapter 11 cases. *See In re America West Resources, Inc., et al.,* No. 13-10865-leb, Docket No. 151 (Bankr. D. Nev. Mar. 6, 2013) (approving fee bonus for financial advisor and chief restructuring officer equal to 3% of final capitalization, and a success fee of 3% of total value of purchase price for the debtor's assets); *In re Generation Next Franchise Brand, Inc. et al.,* No. 19-17921-mkn, Docket No. 159 (Bankr. D. Nev. Jan 23, 2020) (approving employment of investment banker and financial advisor including additional transaction fee for sale of assets equal to one 1% or $50,000, whichever greater, of the gross amount of the initial credit bid, or 7% of gross proceeds if company is sold to other bidder); *In re Gump's Holdings, LLC, et al.,* No. 18-14683-mkn, Docket No. 172 (Bankr. D. Nev. Sept. 13, 2018) (approving retention of financial advisor including transaction fee equal to 12.50% of the value in excess of $1,608,739 of timely consummated transaction); *In re Superior Linen, LLC,* No. 16-15388-mkn, Docket No. 297 (Bankr. D. Nev. Feb. 27, 2017) (granting employment of financial advisor, including transaction fee for the greater of (i) $150,000 or (ii) 4.5% of the value of the prevailing bid, and 6.5% of any amount between $10,000,001 and the total consideration received for the sale); *In re Gypsum Resources Materials, LLC et al.,* Case Number 19-14796-mkn, Docket No. 224 (Bankr. D. Nev. Oct. 2, 2019) (approving employment of

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142760185.1

financial advisor, including 3% of all fee billings for indirect internal costs).  Accordingly, the Debtor has demonstrated that the Arranger Fee and Restructuring fee are "reasonable" under § 328(a).

The UST's concern that the Arranger Fee and Restructuring Fee may never be reviewable is overblown and inconsistent with the case law cited by the UST.  Section 328(a) specifically conditions pre-approval of fees as follows:

> [T]he court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a); *see also In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002).  Although this is admittedly a different standard of review than under § 330, the provision certainly permits the Court and UST to probe whether payment of a fee is "improvident" after-the-fact.  *See, e.g.*, *Confections by Sandra, Inc.*, 83 B.R. at 731 ("The only limitation is the language which permits the court to award fees at variance with the terms of its prior order when they prove to have been improvident in light of developments unanticipated at the time the approval was given.") (internal quotations and citation omitted).  To accept the UST's preference—that such fees may only be awarded "at the end of this case after being analyzed for reasonableness"—would be to entirely blot out the authority conferred on debtors to seek pre-approved compensation under the Bankruptcy Code.  The UST makes no argument that the protections permitting *post-facto* review of compensation earned under § 328(a) are insufficient under the circumstances.  Accordingly, the Debtor submits that the Arranger Fee and Restructuring Fee should be approved over the Objection of the UST.

As set forth above, the Debtor and UST have resolved the balance of the Objection related to the Province Application.  The proposed resolution of the Objection is set forth in the revised, proposed order granting the Province Application attached hereto as **Exhibit C**.  A redline comparison of the revised proposed order against the version originally attached to the Province Application is attached hereto as **Exhibit D**.  The Debtor submits that the revised, proposed order attached hereto resolves the remaining issues raised by the Objection with respect to the Province Application.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142760185.1

## III.

## CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that this Court enter an order (i) approving the Employment Applications by entering order substantially in the forms attached hereto as **Exhibit A** and **Exhibit C**; (ii) overrule the Objection; and (iii) grant the Debtor such other relief as this Court deems just and appropriate under the circumstances.

DATED this 14th day of February 2023.

**FOX ROTHSCHILD LLP**

By: _____/s/Brett Axelrod_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142760185.1

# EXHIBIT A

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.  BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **[PROPOSED]ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD LLP AS DEBTOR'S COUNSEL, EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date:   February 15, 2023<br>Hearing Time:  10:30 a.m. |

142777582.2

Upon the application (the "<u>Application</u>")[1] of the above-captioned debtor and debtor in possession  ("<u>Debtor</u>") for entry of an interim order (the "<u>Interim Order</u>") on Debtor's (i) *Emergency First Day Application for an Order Authorizing Retention and Employment of Fox Rothschild LLP* ["<u>Fox Rothschild</u>"] *as Debtor's Counsel, Effective as of the Petition Date*; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having found that  Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Application under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Application, the *Verified Statement of Brett A. Axelrod Pursuant to 11 U.S.C. §§ 327(a), 328 and Fed. R. Bankr. P. 2014 and 2016 filed in Support of Emergency First Day Application for an Order Authorizing Retention and Employment of Fox Rothschild LLP as Debtor's Counsel, Effective as of the Petition Date* (the "<u>Axelrod Verified Statement</u>"), and (iii) the *Omnibus Declaration of Christopher Andrew McAlary in Support of First Day Motions*,  and having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.    The Application is GRANTED on an interim basis as set forth herein.

2.    Any oppositions to the entry of an order granting final relief on the Application shall be filed and served not later than February 28, 2023 (the "<u>Opposition Deadline</u>").  If an opposition is

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142777582.2

filed by a party, other than the Office of the United States Trustee (the "<u>OUST</u>"), then the Court shall hold a final hearing (the "<u>Final Hearing</u>") on the Application on March 17, 2023, at 9:30 a.m., prevailing Pacific Time. Any oppositions shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies in support of the Application shall be filed on or before March 10, 2023.

3.     If no party, other than the OUST, files an opposition by the Opposition Deadline, then the Debtor may file a notice of non-opposition and lodge a final order approving the Application on a final basis, which the Court will enter without the need for a Final Hearing.

4.     Pursuant to 11 U.S.C. § 328, Fox Rothschild shall have a $450,000.00 cap on its compensation for services rendered in connection with the Debtor's first day pleadings, attendance at the section 341 meeting of creditors, any asset sale process, lease rejection and financing motions. All proposed payments to Fox Rothschild under § 328 shall be subject to prior review and approval, including approval of Fox Rothschild hourly rates, by the Court pursuant to 11 U.S.C. § 330.

5.     Pursuant to 11 U.S.C. § 327(a), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014, Debtor shall pay Fox Rothschild's professional fees on an hourly basis, plus reimbursement of actual, necessary expenses and other charges, for services provided by Fox Rothschild to Debtor, including services rendered in connection with valuation of the company and its assets, and any plan of reorganization and disclosure statement. All proposed payments to Fox Rothschild for such services rendered shall be subject to review and approval by the Court pursuant to 11 U.S.C. § 330.

6.     Fox Rothschild may seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

7.     Fox Rothschild is disinterested as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a).

8.     The terms of this Order shall be immediately effective and enforceable upon its entry.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By_____
      BRETT A. AXELROD, ESQ.
      Nevada Bar No. 5859
      NICHOLAS A. KOFFROTH, ESQ.
      Nevada Bar No. 16264
      ZACHARY T. WILLIAMS, ESQ.
      Nevada Bar No. 16023
      1980 Festival Plaza Drive, Suite 700
      Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
      Jared A. Day,
      Trial Attorney for Tracy Hope Davis,
      United States Trustee
      Foley Federal Building
      300 Las Vegas Boulevard South, Suite 4300
      Las Vegas, Nevada 89101

142777582.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

,
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES
TRUSTEE

  Approved / Disapproved  

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142777582.2

# EXHIBIT B

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
     nkoffroth@foxrothschild.com
     zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>    CASH CLOUD, INC.,<br>    dba COIN CLOUD,<br><br>                Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**[PROPOSED]ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD LLP AS DEBTOR'S COUNSEL, EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date:  February 15, 2023<br>Hearing Time:  10:30 a.m. |

142777582.2

1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1   ~~The Court, having reviewed and considered~~Upon the application (the "Application")[1] of the

2   above-captioned debtor and debtor in possession  ("Debtor") for entry of an interim order (the

3   "Interim Order") on Debtor's (i) *Emergency First Day Application for an Order Authorizing*

4   *Retention and Employment of Fox Rothschild LLP* ["Fox Rothschild"] *as Debtor's Counsel, Effective*

5   *as of the Petition Date* ~~(the "Application"),[2] (ii)~~; and the Court having found that the Court has

6   jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that

7   this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of

8   this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and

9   1409; and the Court having found that the relief requested in the Application is in the best interests

10  of Debtor's estate, its creditors, and other parties in interest; and the Court having found that  Debtor

11  provided appropriate notice of the Motion and the opportunity for a hearing on the Application under

12  the circumstances; and the Court having found that no other or further notice need be provided; and

13  the Court having reviewed the Application, the *Verified Statement of Brett A. Axelrod Pursuant to 11*

14  *U.S.C. §§ 327(a), 328 and Fed. R. Bankr. P. 2014 and 2016 filed in Support of Emergency First Day*

15  *Application for an Order Authorizing Retention and Employment of Fox Rothschild LLP as Debtor's*

16  *Counsel, Effective as of the Petition Date* (the "Axelrod Verified Statement"), and (iii) the *Omnibus*

17  *Declaration of Christopher Andrew McAlary in Support of First Day Motions*~~, and with all other~~

18  ~~findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R.~~

19  ~~Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant~~

20  ~~to 28 U.S.C. §§ 157 and 1334; it appearing that venue of this Chapter 11 Case and the Application in~~

21  ~~this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a~~

22  ~~core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application~~

23  ~~was good and sufficient as provided therein and under the circumstances; (2) Fox Rothschild (a) does~~

24  ~~not represent any other entity having an interest materially adverse to the interests of Debtor in~~

25  ~~connection with this Chapter 11 Case, and (b) is a "disinterested person" within the meaning of 11~~

26  ~~U.S.C. § 101(14); (3) Fox Rothschild's employment as Debtor's counsel is necessary and in the best~~

27  ~~interests of Debtor and its estate; and (4) good cause exists to approve the retention and employment~~

28  ~~of Fox Rothschild.~~  and having heard the statements in support of the relief requested therein at a

2

142777582.2

hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT, ADJUDGED AND DECREED that:

1. The Application is GRANTED in on an interim basis as set forth herein.

1.2. Any oppositions to the entry of an order granting final relief on the Application shall be filed and served not later than February 28, 2023 (the "Opposition Deadline"). If an opposition is filed by a party, other than the Office of the United States Trustee (the "OUST"), then the Court shall hold a final hearing (the "Final Hearing") on the Application on March 17, 2023, at 9:30 a.m., prevailing Pacific Time. Any oppositions shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all respects parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies in support of the Application shall be filed on or before March 10, 2023.

3. Pursuant to 11 U.S.C. §§ 327(a) and 328, If no party, other than the OUST, files an opposition by the Opposition Deadline, then the Debtor may file a notice of non-opposition and lodge a final order approving the Application on a final basis, which the Court will enter without the need for a Final Hearing.

---

¹ Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.
² All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Formatted: Justified, Right: 0", Widow/Orphan control

Formatted: Font: Bold

4. Pursuant to 11 U.S.C. § 328, Fox Rothschild shall have a $450,000.00 cap on its compensation for services rendered in connection with the Debtor's first day pleadings, attendance at the section 341 meeting of creditors, any asset sale process, lease rejection and financing motions. All proposed payments to Fox Rothschild under § 328 shall be subject to prior review and approval, including approval of Fox Rothschild hourly rates, by the Court pursuant to 11 U.S.C. § 330.

2.5. Pursuant to 11 U.S.C. § 327(a), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014, Debtor is authorized to retain and employ Fox Rothschild as counsel for Debtor, effective as of the Petition Date, to perform the services set forth in the Application and under the terms of the retention agreement attached as **Exhibit 1** to the Axelrod Verified Statement. shall pay Fox Rothschild's professional fees on an hourly basis, plus reimbursement of actual, necessary expenses and other charges, for services provided by Fox Rothschild to Debtor, including services rendered in connection with valuation of the company and its assets, and any plan of reorganization and disclosure statement. All proposed payments to Fox Rothschild for such services rendered shall be subject to review and approval by the Court pursuant to 11 U.S.C. § 330.

3.6. Fox Rothschild may seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.

4.7. Fox Rothschild is disinterested as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a).

142777582.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5. ~~The requirements of Bankruptcy Rule 6003(a) are suspended to prevent immediate and irreparable harm to Debtor's estate.~~

~~6.~~8.    The terms of this Order shall be immediately effective and enforceable upon its entry.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By _____
   BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
   NICHOLAS A. KOFFROTH, ESQ.
   Nevada Bar No. 16264
   ZACHARY T. WILLIAMS, ESQ.
   Nevada Bar No. 16023
   1980 Festival Plaza Drive, Suite 700
   Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By _____
   Jared A. Day,
   Trial Attorney for Tracy Hope Davis,
   United States Trustee
   Foley Federal Building
   300 Las Vegas Boulevard South, Suite 4300
   Las Vegas, Nevada 89101

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142777582.2

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐   The Court has waived the requirement of approval in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion

☐   I have delivered a copy of this proposed order to all counsel who appeared
at the hearing, any unrepresented parties who appeared at the hearing, and
each has approved or disapproved the order, or failed to respond, as
indicated below:

.
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES
TRUSTEE

    Approved / Disapproved

☐   I certify that this is a case under Chapter 7 or 13, that I have served a
copy of this order with the motion pursuant to LR 9014(g), and that no
party has objected to the form or content of the order.

# # #

6

142777582.2

# EXHIBIT C

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE** |
| | Hearing Date: February 15, 2023<br>Hearing Time: 10:30 a.m. |

1

142777684.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Upon the application (the "<u>Application</u>")[1] of the above-captioned debtor and debtor in possession ("<u>Debtor</u>") for entry of an interim order (the "<u>Interim Order</u>") on Debtor's (i) *Emergency First Day Application for Order Authorizing Retention and Employment of Province, LLC* ["<u>Province</u>"] *as Debtor's Financial Advisor, Effective as of the Petition Date*; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having found that  Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Application under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Application, the *Verified Statement of Paul Huygens Pursuant to 11 U.S.C. §§ 327(a), 328 and Fed. R. Bankr. P. 2014 and 2016 filed in Support of Emergency First Day Application for an Order Authorizing Retention and Employment of Province LLC as Debtor's Financial Advisor, Effective as of the Petition Date* [ECF No. 16] (the "<u>Huygens Verified Statement</u>"), the (iii) *Supplemental Verified Statement of Paul Huygens Pursuant to 11 U.S.C. §§ 327(a), 328 and Fed. R. Bankr. P. 2014 and 2016 filed in Support of Emergency First Day Application for an Order Authorizing Retention and Employment of Province LLC as Debtor's Financial Advisor, Effective as of the Petition Date* (the "<u>Supplemental Huygens Verified Statement</u>") [ECF No. 86] and (iv) the *Omnibus Declaration of Christopher Andrew McAlary in Support of First Day Motions*,  and having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.    The Application is GRANTED on an interim basis as set forth herein.

2

142777684.1

2.      Any oppositions to the entry of an order granting final relief on the Application shall be filed and served not later than February 28, 2023 (the "Opposition Deadline").  If an opposition is filed by a party, other than the Office of the United States Trustee (the "OUST"), then the Court shall hold a final hearing (the "Final Hearing") on the Application on March 17, 2023, at 9:30 a.m., prevailing Pacific Time. Any oppositions shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies in support of the Application shall be filed on or before March 10, 2023.

3.      If no party, other than the OUST, files an opposition by the Opposition Deadline, then the Debtor may file a notice of non-opposition and lodge a final order approving the Application on a final basis, which the Court will enter without the need for a Final Hearing.

4.      Pursuant to 11 U.S.C. § 328, Debtor is authorized to pay Province a fee (the "Arranger Fee") in the amount of three percent (3%) of the amount of funds agreed to be loaned by any lender procured by Province in support of debtor in possession financing, as approved pursuant to a final order by the Court granting any such financing, and upon the issuance of a final order approving the same.

5.      Pursuant to 11 U.S.C. § 328, Debtor is authorized to pay Province a fee (the "Restructuring Fee") of three percent (3%) of the value of all debt and equity financing of the Debtor as of the effective date of a confirmed plan of reorganization (excluding any amounts loaned by a "Company Lender" (as defined in the Engagement Letter)) (the "Exit Financing"); provided, however, should all or any portion of such Exit Financing be provided by a Province Lender ("Province Lender Exit Financing"), then for such Province Lender Exit Financing, whether through

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

142777684.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

exit equity or debt financing, the Company shall pay Province a fee in the amount of one and one half percent (1.5%) of such Province Lender Exit Financing, with any other Exit Financing generating a three percent (3%) fee as otherwise indicated above.

6.      Pursuant to 11 U.S.C. § 327(a), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014, Debtor shall pay Province's professional fees on an hourly basis, plus reimbursement of actual, necessary expenses and other charges, for services provided by Province to Debtor. All proposed payments to Province for such services rendered, including the hourly rates for such services, shall be subject to review and approval by the Court pursuant to 11 U.S.C. § 330.

7.      Pursuant to the Supplemental Huygens Verified Statement, Province shall apply a carve out in the Province Engagement Agreement for any indemnification obligations of the Debtor, as stated in Province's Engagement Agreement, for acts that constitute bad faith, self-dealing, breach of a fiduciary duty, gross negligence, or willful misconduct, with all other indemnification provisions stated in Province's Engagement Agreement maintaining their full force and effect.

8.      Province may seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.

9.      Province is disinterested as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a).

10.     The terms of this Order shall be immediately effective and enforceable upon its entry.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:   _/s/Brett A. Axelrod_
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        NICHOLAS A. KOFFROTH, ESQ.
        Nevada Bar No. 16264
        ZACHARY T. WILLIAMS, ESQ.

4

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1    Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
2    Las Vegas, Nevada 89135
     *[Proposed] Counsel for Debtor*
3

4    APPROVED/DISAPPROVED:

5    **OFFICE OF THE UNITED STATES TRUSTEE**

6
By_____
7        Jared A. Day,
         Trial Attorney for Tracy Hope Davis,
8        United States Trustee
         Foley Federal Building
9        300 Las Vegas Boulevard South, Suite 4300
         Las Vegas, Nevada 89101
10

11

12

13            **<u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>**

14    In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

15        ☐    The Court has waived the requirement of approval in LR 9021(b)(1).

16        ☐    No party appeared at the hearing or filed an objection to the motion

17
          ☐    I have delivered a copy of this proposed order to all counsel who appeared
18             at the hearing, any unrepresented parties who appeared at the hearing, and
               each has approved or disapproved the order, or failed to respond, as
19             indicated below:

20
               ,
21             TRIAL ATTORNEY
               OFFICE OF THE UNITED STATES
22             TRUSTEE

23              Approved / Disapproved

24
          ☐    I certify that this is a case under Chapter 7 or 13, that I have served a
25             copy of this order with the motion pursuant to LR 9014(g), and that no
               party has objected to the form or content of the order.
26

27                                    # # #

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142777684.1

5

# EXHIBIT D

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.  BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE** |
| | Hearing Date:  February 15, 2023<br>Hearing Time:  10:30 a.m. |

1

142780179.1

The Court, having reviewed Upon the application (the "Application")[1] of the above-captioned debtor and considered debtor in possession ("Debtor") for entry of an interim order (the "Interim Order") on Debtor's (i) *Emergency First Day Application for an Order Authorizing Retention and Employment of Province, LLC* ["Province"] *as Debtor's Financial Advisor, Effective as of the Petition Date* (the "Application"), (ii); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Application under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Application, the *Verified Statement of Paul Huygens Pursuant to 11 U.S.C. §§ 327(a), 328 and Fed. R. Bankr. P. 2014 and 2016 filed in Support of Emergency First Day Application for an Order Authorizing Retention and Employment of Province LLC as Debtor's Financial Advisor, Effective as of the Petition Date* [ECF No. 16] (the "Huygens Verified Statement") filed in support of the Application, and (iii"), the (iii) *Supplemental Verified Statement of Paul Huygens Pursuant to 11 U.S.C. §§ 327(a), 328 and Fed. R. Bankr. P. 2014 and 2016 filed in Support of Emergency First Day Application for an Order Authorizing Retention and Employment of Province LLC as Debtor's Financial Advisor, Effective as of the Petition Date* (the "Supplemental Huygens Verified Statement") [ECF No. 86] and (iv) the *Omnibus Declaration of Christopher Andrew McAlary in Support of First Day Motions*; and with all other findings, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the record at the hearing noted above incorporatedApplication and at the Hearing establish just cause for the relief granted herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of this Chapter 11 Case and the Application in this District is proper

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142780179.1

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient as provided therein and under the circumstances; (2) Province (a) does not represent any other entity having an interest materially adverse to the interests of Debtor in connection with this Chapter 11 Case, and (b) is a "disinterested person" within the meaning of 11 U.S.C. § 101(14); (3) Province's employment as Debtor's financial advisor is necessary and in the best interests of Debtor and its estate; and (4) good cause exists to approve the retention and employment of Province.cause appearing therefor,

**NOW, THEREFORE,** IT IS HEREBY ORDERED THAT, **ADJUDGED AND DECREED** that:

1.    1.    The Application is GRANTED in GRANTED on an interim basis as set forth herein.

1.2.    Any oppositions to the entry of an order granting final relief on the Application shall be filed and served not later than February 28, 2023 (the "Opposition Deadline").  If an opposition is filed by a party, other than the Office of the United States Trustee (the "OUST"), then the Court shall hold a final hearing (the "Final Hearing") on the Application on March 17, 2023, at 9:30 a.m., prevailing Pacific Time. Any oppositions shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all respectsparties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies in support of the Application shall be filed on or before March 10, 2023.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

3

142780179.1

3.    2.    ~~Pursuant to 11 U.S.C. §§ 327(a) and 328,~~If no party, other than the OUST, files an opposition by the Opposition Deadline, then the Debtor may file a notice of non-opposition and lodge a final order approving the Application on a final basis, which the Court will enter without the need for a Final Hearing.

4.    Pursuant to 11 U.S.C. § 328, Debtor is authorized to pay Province a fee (the "Arranger Fee") in the amount of three percent (3%) of the amount of funds agreed to be loaned by any lender procured by Province in support of debtor in possession financing, as approved pursuant to a final order by the Court granting any such financing, and upon the issuance of a final order approving the same.

5.    Pursuant to 11 U.S.C. § 328, Debtor is authorized to pay Province a fee (the "Restructuring Fee") of three percent (3%) of the value of all debt and equity financing of the Debtor as of the effective date of a confirmed plan of reorganization (excluding any amounts loaned by a "Company Lender" (as defined in the Engagement Letter)) (the "Exit Financing"); provided, however, should all or any portion of such Exit Financing be provided by a Province Lender ("Province Lender Exit Financing"), then for such Province Lender Exit Financing, whether through exit equity or debt financing, the Company shall pay Province a fee in the amount of one and one half percent (1.5%) of such Province Lender Exit Financing, with any other Exit Financing generating a three percent (3%) fee as otherwise indicated above.

~~2.~~6.    Pursuant to 11 U.S.C. § 327(a), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014, Debtor ~~is authorized to retain and employ Province as financial advisor for Debtor effective as of the Petition Date, to perform the services set forth in the Application and under the terms of the Engagement Agreement attached as Exhibit 1 to the Huygens Verified Statement.~~shall pay Province's professional fees on an hourly basis, plus reimbursement of actual, necessary expenses and other charges, for services provided by Province to Debtor. All proposed payments to Province for such services rendered, including the hourly rates for such services, shall be subject to review and approval by the Court pursuant to 11 U.S.C. § 330.

7.    ~~3.~~    Pursuant to the Supplemental Huygens Verified Statement, Province shall apply a carve out in the Province Engagement Agreement for any indemnification obligations of the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

142780179.1

1    Debtor, as stated in Province's Engagement Agreement, for acts that constitute bad faith, self-dealing,

2    breach of a fiduciary duty, gross negligence, or willful misconduct, with all other indemnification

3    provisions stated in Province's Engagement Agreement maintaining their full force and effect.

4    ~~3.~~8.     Province may seek compensation for its fees and expenses incurred on behalf of

5    Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United

6    States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.

7    ~~4.~~9.     ~~4.~~     Province is disinterested as that term is defined in Bankruptcy Code section

8    101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section

9    327(a).

10   ~~5.     The requirements of Bankruptcy Rule 6003(a) are suspended to prevent immediate~~

11   ~~and irreparable harm to Debtor's estate.~~

12   ~~5.~~10.     ~~6.~~     The terms of this Order shall be immediately effective and enforceable upon

13   its entry.

14

15

16   Respectfully submitted by:

17   **FOX ROTHSCHILD LLP**

18   By:    */s/Brett A. Axelrod*
             BRETT A. AXELROD, ESQ.
19           Nevada Bar No. 5859
             NICHOLAS A. KOFFROTH, ESQ.
20           Nevada Bar No. 16264
             ZACHARY T. WILLIAMS, ESQ.
21           Nevada Bar No. 16023
             1980 Festival Plaza Drive, Suite 700
22           Las Vegas, Nevada 89135
23   *[Proposed] Counsel for Debtor*

24

25   APPROVED/DISAPPROVED:

26   **OFFICE OF THE UNITED STATES TRUSTEE**

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5

142780179.1

By_____

Jared A. Day,
Trial Attorney for Tracy Hope Davis,
United States Trustee
Foley Federal Building
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, Nevada 89101

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

      TRIAL ATTORNEY
      OFFICE OF THE UNITED STATES
      TRUSTEE

      Approved / Disapproved

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142780179.1