Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
bgriffith@swlaw.com
cgianelloni@swlaw.com

Sean A. O'Neal (*pro hac vice* forthcoming)
Jane VanLare (*pro hac vice* forthcoming)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
Email: soneal@cgsh.com
jvanlare@cgsh.com

*Attorneys for Genesis Global Holdco, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC., dba COIN CLOUD,<br><br>Debtor. | Case No. 23-10423-mkn<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION SENIOR SECURED, SUPERPRIORITY FINANCING; (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING FINAL HEARING; AND (V) GRANTING RELATED RELIEF**<br><br>Hearing Date: February 15, 2023<br>Hearing Time: 10:30 a.m. |

///

///

Genesis Global Holdco, LLC ("Genesis Holdco"), by and through its undersigned counsel, hereby submits this reply (the "Reply")[1] to the *Objection to Debtor's Motion for Interim and Final Orders: (I) Authorizing Debtor to Obtain Post-Petition Senior Secured, Superpriority Financing; (II) Granting Liens and Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* (ECF No. 80) (the "Cole Kepro Objection") filed by Cole Kepro International, LLC ("Cole Kepro") and in support of the *Debtor's Reply to Objection to Debtors' Motion for Interim and Final Orders: (I) Authorizing Debtor to Obtain Post-Petition Senior Secured, Superpriority Financing; (II) Granting Liens and Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief*]] (the "Debtor Reply") (ECF No. 90).

In support of this Reply, Genesis Holdco relies upon the *Declaration of Zul Jamal in Support of Genesis Holdco, LLC Reply in Support of Debtors' Motion for Interim and Final Orders: (I) Authorizing Debtor to Obtain Post-Petition Senior Secured, Superpriority Financing; (II) Granting Liens and Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* (the "Jamal Declaration"), which is being filed substantially simultaneously herewith.

This Reply is supported by the Memorandum of Points and Authorities set forth below, by the papers and pleadings on file in this case and any oral argument the Court may entertain at the hearing for the DIP Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

1. Genesis Holdco is the lender under that certain unsecured *Master Loan Agreement* dated July 27, 2020 (the "2020 Loan Agreement") and that certain *Amended and Restated Secured Demand Promissory Note* dated November 23, 2022 (the "2022 A&R Promissory Note"). As security for the obligations of the Debtor under the 2022 A&R Promissory Note, the Debtor has

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the *Debtors' Motion for Interim and Final Orders: (I) Authorizing Debtor to Obtain Post-Petition Senior Secured, Superpriority Financing; (II) Granting Liens and Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* (the "DIP Motion") (ECF No. 35).

1. granted a first-priority lien to Genesis Holdco (the "Genesis Holdco Lien") over substantially all of the assets of the Debtor.

2. On January 19, 2023, Genesis Holdco and certain of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "S.D.N.Y. Bankr. Court"), Case No. 23-10063 (SHL). Genesis Holdco is currently operating as a debtor in possession.

3. On February 10, 2023, the S.D.N.Y. Bankr. Court issued the *Order Granting Debtors' Emergency Motion for Entry of an Order Authorizing Debtor Genesis Holdco, LLC to Consent to Priming of Lien* (ECF No. 77 (Case No. 23-10063 (SHL) (Bankr. S.D.N.Y.))) (the "Genesis Holdco Order"). The Genesis Holdco Order (i) authorized Genesis Holdco to "provide its consent to the Cash Cloud DIP Facility, including its superpriority priming lien and the reduction in priority of the Lien, in exchange for the provision of adequate protection substantially in the form described in the Motion, in respect of such reduction in lien priority as required by the Cash Cloud DIP Agreement" (¶ 2) and (ii) ordered that the "automatic stay is hereby modified to the extent necessary to permit [Genesis] Holdco to provide its consent to the Cash Cloud DIP Facility, and to permit the Cash Cloud DIP Lender to exercise remedies with respect to collateral under the Lien pursuant to the Cash Cloud DIP Agreement" (¶ 3).

4. The Objection takes issue with a number of key aspects of the relief sought by the Debtor, namely (i) the Replacement Liens to be granted to Genesis Holdco and Enigma do not exclude the Cole Kepro Collateral (all as defined in the Objection); and (ii) the adequate protection package proposed to be provided to Genesis Holdco (the "Proposed Adequate Protection"). The Proposed Adequate Protection to be granted to Genesis Holdco was negotiated and agreed by the Debtor, the DIP Lender and Genesis Holdco, is necessary to obtain Genesis Holdco's consent to the priming lien, and formed the basis of the S.D.N.Y. Bankr. Court's approval and modification of the stay in Genesis Holdco's chapter 11 proceedings.

///

///

## II. REPLY

5. The terms of the Proposed Adequate Protection were negotiated by the Debtor, the DIP Lender and Genesis Holdco in order to obtain Genesis Holdco's consent – and bankruptcy court approval in Genesis Holdco's bankruptcy case – to the priming lien imposed by the Debtor's debtor-in-possession financing facility (the "DIP Facility").  It is black-letter law that where a creditor's property is proposed to be used by a debtor, a secured creditor is entitled to adequate protection against any diminution in the value of its collateral that may result from the use of that collateral by the debtor and the imposition of the automatic stay.  *See In re Big3D, Inc.*, 438 B.R. 214, 220–21 (B.A.P. 9th Cir. 2010).  Here, the Debtor has determined in the sound exercise of its business judgment that the terms of the DIP Facility represent the best available under the circumstances; those terms reflect the DIP Lender's requirement for a superpriority priming lien over all assets of the Debtor, including those already subject to the Genesis Holdco Lien.  In exchange for consenting to the priming lien and in order to protect Genesis Holdco – which is a chapter 11 debtor in another proceeding – from the diminution in the value of its collateral, Genesis Holdco negotiated with the Debtor and the DIP Lender a reasonable adequate protection package that included replacement liens, cash payments, and other customary protections.  In the absence of the negotiated Proposed Adequate Protection, Genesis Holdco would not have agreed to the priming of the Genesis Holdco Lien by the DIP Facility.  Jamal Declaration at ¶ 9.

6. Moreover, the S.D.N.Y. Bankr. Court relied on the Proposed Adequate Protection in approving the modification of the stay to permit Genesis Holdco to consent to the priming lien.  Likewise, the creditors in Genesis Holdco's chapter 11 proceeding also relied on the Proposed Adequate Protection in determining to not object to Genesis Holdco's motion seeking the S.D.N.Y. Bankr. Court's approval.  As a debtor in possession under chapter 11 of the Bankruptcy Code, Genesis Holdco could not grant consent without approval of the S.D.N.Y. Bankr. Court.  In granting the request, the S.D.N.Y. Bankr. Court required the adequate protection package to be "substantially in the form" agreed between Genesis Holdco and the Debtor.  Genesis Holdco Order at ¶ 2.  Not only is Genesis Holdco not prepared to provide its consent in the absence of the

negotiated Proposed Adequate Protection, it has not been authorized to do so by the S.D.N.Y. Bankr. Court, and therefore could not do so without violating § 363 of the Bankruptcy Code.

7. Regardless of the above, the Cole Kepro Objection wrongly claims that Genesis Holdco is adequately protected by an equity cushion based on the book value of collateral. Cole Kepro Objection at ¶ 7. This reliance on book value is inconsistent with how courts have valued collateral following the Supreme Court's decision in *Associates Commercial Corp. v. Rash*, which held that the value of collateral must be determined based on to the proposed disposition or use of such collateral (520 U.S. 953, 962 (1997); (*aff'd In re Sears Hldgs Corp.,* 51 F.4th 53, 67 (2d Cir. 2022)). Applying the *Rash* decision, the United States Court of Appeals for the Second Circuit recently rejected a secured creditor's request to use book value as a method of calculating the value of collateral as of the petition date, instead holding that the collateral should be valued at net orderly liquidation value. *In re Sears Hldgs Corp.*, 51 F.4th 53, 64 (2d Cir. 2022). Here, no evidence or proof of the net orderly liquidation value – or any value other than book value – of the assets has been provided. For this reason alone, the Cole Kepro Objection should be denied.

**WHEREFORE**, Genesis Holdco requests that this Court overrule the Objection and grant the Motion and any additional related relief the Court deems appropriate.

DATED this 14th day of February 2023.

SNELL & WILMER L.L.P.
  */s/ Robert R. Kinas*
Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal (*pro hac vice* forthcoming)
Jane VanLare (*pro hac vice* forthcoming)
One Liberty Plaza
New York, NY 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999
Email: soneal@cgsh.com
jvanlare@cgsh.com

*Attorneys for Genesis Global Holdco, LLC*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4854-1087-9313

- 6 -