Electronically Filed February 15, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
   jmcpherson@foxrothschild.com
   nkoffroth@foxrothschild.com
   zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>                              Debtor. | Case No. BK-S-23-10423-MKN<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR APPROVAL OF REJECTION OF UNEXPIRED LEASE WITH TSSP LLC PURSUANT TO 11 U.S.C. § 365(a) AND ABANDONMENT OF ANY PROPERTY THAT REMAINS AT PREMISES**<br><br>Hearing Date:    OST Requested<br>Hearing Time:    OST Requested<br>Estimated Time for Hearing: 20 Minutes |

Cash Cloud, Inc. ("Cash Cloud" or "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its proposed undersigned counsel, Fox Rothschild LLP, respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1**, approving the rejection of the unexpired lease of non-residential real property with TSSP, LLC (the "Lease"), see **Exhibit 2**,[1] pursuant to

---

[1] Due to the large size of the Lease, the Debtor has only attached a portion of the Lease, pages 1-4, which sets forth the "Summary Of Basic Lease Information."

1

Bankruptcy Code[2] section 365(a), and approving the abandonment of any property remaining at the leased premises pursuant to Bankruptcy Code section 554(a). This Motion is made and based on the *Declaration of Christopher Andrew McAlary* (the "McAlary Declaration") filed in support hereof, the following points and authorities, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral argument the Court may entertain at the hearing on the Motion.

Dated this 15th day of February, 2023.    FOX ROTHSCHILD LLP

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

## POINTS AND AUTHORITIES

### I.    JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) & (O).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is 11 U.S.C. §§ 105(a), 365(a), and 554, and Bankruptcy Rules 6004, 6006 and 9014.

4. Pursuant to Local Rule 9014.2, the Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

/ / /

---

[2] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure.

142779431.1

## II. BACKGROUND

**A.    Debtor's Filing**

1.    On February 7, 2023 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.    The Debtor is authorized to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed.

**B.    Debtor's Business**

4.    As described in greater detail in the Omnibus Declaration of Christopher Andrew McAlary in Support of Emergency First Day Motions [ECF 19], the Debtor was formed as a Nevada corporation for the purpose of providing a platform for customers to buy and sell digital currencies through Digital Currency Machines ("DCMs") distributed across the United States. DCMs are an advanced version of the kiosks commonly referred to as Bitcoin ATMs or BTMs, that enable a consumer to both (a) buy bitcoin as well as 30+ other digital currencies with cash, and (b) sell digital currency for cash.  All of the Debtor's machines are DCMs offering two-way functionality, over 30 digital currency options, an advanced user interface and a custom non-custodial companion wallet app (available on the Apple App Store and the Google Play Store).  See McAlary Declaration ¶ 6.  As of December 31, 2022, the Debtor operated approximately 4,800 DCMs, or kiosks, throughout the United States and Brazil, installed in some of the largest convenience, grocery and liquor store chains and prestigious malls.  See McAlary Declaration ¶ 6.

**C.    Office Lease**

5.    On or around July 12, 2021, the Debtor entered into an Office Lease ("Lease") with TSSP LLC ("TSSP").  A true and correct copy of a portion of the Lease, the Summary Of Basic Lease Information at pages 1-4, is attached hereto as **Exhibit 2**. Pursuant to the Lease, the Debtor rented approximately 75,588 square feet of real property located at 10190 Covington Cross Drive, Las Vegas, Nevada 89144 (the "Premises").  The Premises is the Debtor's headquarters.

6.    The payment due under the Lease is currently in the approximate amount of

3

142779431.1

1  $102,000.00 per month, and this amount increases on a yearly basis. Under the Lease, the Debtor
2  provided TSSP with a security deposit in the amount of $352,961.67.

3        7.      The term of the Lease is for one hundred two (120) months (and any number of days
4  necessary to have the Lease Term expire on the Lease Expiration Date), commencing on August 1,
5  2021 and expiring on July 31, 2031, unless sooner terminated in accordance with the terms of the
6  Lease.

7        8.      In connection with its efforts to preserve and maximize the value of its estate through the
8  prosecution of this case, the Debtor, in its business judgment, has determined that the Lease is
9  financially burdensome and that it no longer needs the Premises. Further, the Debtor seeks to avoid
10 depletion of the estate through accrual of administrative expenses associated with the Lease. In
11 addition, the Debtor has determined that there is no value in attempting to assume and assign the
12 Lease. Thus, rejection is in the best interests of creditors and other parties in interest. As such, the
13 Lease is burdensome to the Debtor and its estate and should be rejected. <u>See</u> McAlary Declaration
14 ¶10.

15       9.      The Debtor intends on vacating the Premises no later than February 28, 2023. Thus,
16 the Debtor requests that rejection of the Lease be deemed no later than February 28, 2023. <u>See</u>
17 McAlary Declaration ¶11.

18 **D.    <u>Abandonment of Any Remaining Property</u>**

19       10.      The Debtor intends on having removed all property from the Premises as of February
20 28, 2023. However, in the event there is property remaining at the Premises ("<u>Remaining
21 Property</u>"), the Debtor will have determined that the Remaining Property should be abandoned.
22 Accordingly, by this Motion, the Debtor seeks to abandon this Remaining Property, and seeks entry
23 of an order authorizing the abandonment of the Remaining Property effective no later than February
24 28, 2023. <u>See</u> McAlary Declaration ¶ 12.

25 **E.    <u>Requested Relief</u>**

26       11.      Bankruptcy Code section 365(a) authorizes the Debtor, subject to this Court's
27 approval, to reject any executory contract or unexpired lease. Based on its business judgment, the
28 Debtor has determined that the Lease is financially burdensome to the estate and does not provide

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142779431.1

benefit to the estate.  See McAlary Declaration ¶ 10.  Accordingly, the Debtor seeks authority to reject the Lease effective no later than February 28, 2023.  See McAlary Declaration ¶ 10.  Further, Bankruptcy Code section 554 authorizes the abandonment of property subject to this Court's approval.  In the event the Debtor leaves Remaining Property, the Debtor submits, in its business judgment, that it has determined that such Remaining Property is burdensome or of inconsequential value or benefit to the estate, and requests that such abandonment be approved effective no later than February 28, 2023.  See McAlary Declaration ¶ 12.

### III.    MEMORANDUM OF LAW

#### A.    The Debtor's Decision To Reject The Lease Should Be Approved

12.     Section 365 of the Bankruptcy Code provides that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  "Under the Code, most courts have applied a 'business judgment' test to trustees' decisions to assume or reject contracts or leases."  3 Collier on Bankruptcy ¶ 365.03[2] (16th Ed. 2016).  "In making its determination, a bankruptcy court need engage in only a cursory review of a debtor-in-possession's decision to reject the contract."  Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.), 476 F.3d 665, 670 (9th Cir. 2007) (internal punctuation omitted).

13.     "[I]n evaluating the rejection decision, the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate."  Id., at 670.  In the Ninth Circuit, a bankruptcy court "should approve the rejection of an executory contract under § 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice."  Id. (internal punctuation omitted).

14.     Here, the Debtor's decision to reject the Lease reflects the Debtor's exercise of sound business judgment and is in the best interests of the Debtor, its estate, and its creditors.  The Debtor has determined that the Lease is not necessary for the Debtor's operations and is financially burdensome and not beneficial to the estate.  See McAlary Declaration ¶ 10.  The Lease is believed

5

142779431.1

to not be marketable given its terms and constitutes an unnecessary drain on the Debtor's limited resources. See McAlary Declaration ¶ 10. Accordingly, the Debtor submits that its decision to reject the Lease is a sound exercise of its business judgment and should be approved effective no later than February 28, 2023.

### B. The Debtor's Decision To Abandon Remaining Property, If Any, Should Be Approved

15. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. See In re Midlantic Nat'l Bank, 474 U.S. 494, 501 (1986). Neither of these limitations is applicable given the relevant facts.

16. In the event there is Remaining Property at the Premises, the Debtor submits that it be abandoned, as the Debtor will have determined that the Remaining Property is either burdensome to the estate, as removal and storage of the Remaining Property is likely to exceed any net proceeds from this property, or of inconsequential value and benefit to the estate. Thus, the Debtor's determination to abandon will reflect the debtor's exercise of sound business judgment, taking into account the best interests of the Debtor, its estate, its creditors and other parties in interest. Accordingly, the Debtor requests that the Remaining Property, if any, be deemed abandoned effective no later than February 28, 2023 pursuant to 11 U.S.C. § 554. See McAlary Declaration ¶ 12.

### IV.    WAIVER OF BANKRUPTCY RULE 6004(h)

17. To implement the Debtor's foregoing requests successfully, the Debtor seeks, to the extent applicable, a waiver of the 14-day stay of any order authorizing the use, sale, or lease of property under Fed.R.Bankr. P. 6004(h).

### V.    RESERVATION OF RIGHTS

18. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an

142779431.1

approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtor expressly reserves its rights to contest any invoice or claim related to the relief requested herein in accordance with applicable law.

## VI.  NOTICE

19. Notice of this Motion has been given by electronic mail or first class mail to the following parties or their counsel: (a) the Office of the United States Trustee for the District of Nevada; (b) the holders of the Debtor's twenty (20) largest unsecured creditors; (c) counsel to Debtor's secured creditors; (d) the counterparty to the Lease, TSSP, LLC; and (e) all parties that have filed a Rule 2002 Notice Request in the Chapter 11 Case. In light of the nature of the relief requested, Debtor respectfully submits that such notice is appropriate and sufficient under the circumstances and that no further notice is necessary.

## VII.  CONCLUSION

WHEREFORE, for all of the foregoing reasons, Debtor respectfully requests that this Court enter an Order granting this Motion, substantially in the form attached hereto as **Exhibit 1,** and (a) approving the rejection of the Lease, see **Exhibit 2**, effective no later than February 28, 2023, (b) approving the abandonment of the Remaining Property effective no later than February 28, 2023, and (c) granting such other and further relief as this Court deems appropriate.

Dated this 15th day of February, 2023.          **FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*[Proposed] Counsel for Debtor*

142779431.1

# EXHIBIT 1

## PROPOSED ORDER

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        jmcpherson@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-S-23-10423-MKN |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER GRANTING DEBTOR'S MOTION FOR APPROVAL OF REJECTION OF UNEXPIRED LEASE WITH TSSP LLC PURSUANT TO 11 U.S.C. § 365(a) AND ABANDONMENT OF ANY PROPERTY THAT REMAINS AT PREMISES** |
| | Hearing Date:<br>Hearing Time: |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

The Court, having reviewed and considered Debtor's motion (the "Motion")[1] for an order approving the rejection of the Office Lease with TSSP LLC ("Lease") pursuant to 11 U.S.C. § 365(a) and approving the abandonment of Remaining Property pursuant to 11 U.S.C. § 554(a); and upon consideration of the McAlary Declaration and arguments of counsel; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; the Court having determined that the rejection of the Lease is a sound exercise of the Debtor's business judgment and is in the best interests of Debtor, its creditors and all other parties in interest; the Court having determined that abandonment of the Remaining Property is a sound exercise of the Debtor's business judgment and is in the best interests of Debtor, its creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby,

**ORDERED** that the Motion is **GRANTED** in its entirety; and it is further

**ORDERED** that the Debtor's rejection of the Lease with TSSP LLC (see Exhibit 2 attached to the Motion) pursuant to 11 U.S.C. § 365(a) is approved, effective no later than February 28, 2023; and it is further

**ORDERED** that any Remaining Property is hereby abandoned, effective no later than February 28, 2023; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

/ / /

---

[1] Unless defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

2

142779431.1

**ORDERED** that, to the extent applicable, the 14-day stay under Fed.R.Bankr. P. 6004(h) is waived.

| Prepared And Respectfully Submitted By: | APPROVED/DISAPPROVED |
|---|---|
| **FOX ROTHSCHILD LLP** | **OFFICE OF THE UNITED STATES TRUSTEE** |

By: /s/ Jeanette E. McPherson           By: _____
   JEANETTE E. MCPHERSON, ESQ.
   BRETT A. AXELROD, ESQ.
   NICHOLAS A. KOFFROTH, ESQ.
   ZACHARY T. WILLIAMS, ESQ.
   1980 Festival Plaza Drive, Suite 700
   Las Vegas, Nevada 89135

*[Proposed] Counsel for Debtor*

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

   Office of the United States Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #

3

142779431.1

# EXHIBIT 2

**TSSP LLC LEASE (PAGES 1-4)**

142779431.1

# OFFICE LEASE

This Office Lease (the "**Lease**"), dated as of the date set forth in Section 1 of the Summary of Basic Lease Information (the "**Summary**"), below, is made by and between **TSSP LLC,** a Nevada limited liability company ("**Landlord**"), and **CASH CLOUD INC.,** a Nevada corporation dba Coin Cloud ("**Tenant**").

## SUMMARY OF BASIC LEASE INFORMATION

| TERMS OF LEASE | | | DESCRIPTION |
|---|---|---|---|
| 1. | Date: | | July 12, 2021 (the "**Effective Date**") |
| 2. | Premises | | |
| | 2.1 | Building: | That certain building containing approximately 75,588 rentable square feet of space commonly known as The Crossing Business Center, located at 10190 Covington Cross Drive, Las Vegas, Nevada, 89144 as shown in **Exhibit A** to this Lease. |
| | 2.2 | Premises: | Floor one (1) of the Building, consisting of approximately 23,145 usable square feet / 24,586 rentable square feet, floor two (2) of the Building consisting of approximately 23,999 usable square feet / 25,122 RSF and floor three (3) of the Building consisting of approximately 24,745 usable square feet / 25,880 rentable square feet, totaling 71,889 usable square feet / 75,588 rentable square feet as further depicted on **Exhibit A** to this Lease. |
| 3. | Lease Term (Article 2). | | |
| | 3.1 | Length of Term: | One hundred twenty (120) months and any number of days necessary to have the Lease Term expire on the Lease Expiration Date (defined below). |
| | 3.2 | Lease Commencement Date: | August 1, 2021. |

3.3     Lease Expiration Date:              July 31, 2031, unless sooner terminated in accordance with this Lease; provided, however, provided Tenant is not then in Default (defined below) under this Lease, Tenant shall have the right and option to terminate the Lease effective July 31, 2028, upon giving Landlord twelve (12) months prior written notice (i.e., Tenant must provide notice of early termination on or before August 1, 2027). Concurrently with Tenant's written notice of termination, Tenant shall reimburse Landlord for the unamortized cost of the Allowance, real estate commissions, and rent abatement paid (or accrued) in accordance with this Lease, as determined by Landlord. For the avoidance of doubt, Tenant acknowledges that the Base Rent includes rent abatement for the first floor of the Building for the first fourteen (14) months of the Lease Term.

4.  Base Rent (Article 3):

    4.1     Amount Due:

| Lease Year | Approx. Monthly Base Rent Rate per Rentable Square Foot | Monthly Installment of Base Rent |
|---|---|---|
| 1 | $2.00 | $102,004.00* |
| 2 | $2.06 | $105,064.12*/$155,711.28** |
| 3 | $2.12 | $160,382.62 |
| 4 | $2.19 | $165,194.10 |
| 5 | $2.25 | $170,149.92 |
| 6 | $2.32 | $175,254.42 |
| 7 | $2.39 | $180,512.05 |
| 8 | $2.46 | $185,927.41 |
| 9 | $2.53 | $191,505.23 |
| 10 | $2.61 | $197,250.39 |

*Computed based on 51,002 rentable square feet within second and third floors of the Building. Base rent for the first floor of the Building is abated for the first fourteen (14) months.

**Computed based on 75,588 rentable square feet.

|   |   |   |
|---|---|---|
| 4.2 | Rent Payment Address: | If by check:  c/o SKR Real Estate Services<br>6029 S. Fort Apache Rd, Suite 100<br>Las Vegas, Nevada 89148 |
|   |   | If by wire:  Meadows Bank<br>Account Name:  TSSP LLC<br>ABA #:  122402382<br>Acct #:  1020046890 |
| 5. | Delivery Date (**Exhibit B**): | July 19, 2021; provided, however, Tenant shall comply with all terms and provisions of this Lease (other than payment of Base Rent to Landlord, which will commence on the Lease Commencement Date), including, without limitation, obtaining the insurance required by Section 10.3, between the Delivery Date and the Lease Commencement Date. |
| 6. | Permitted Use (Article 5): | General office and related uses consistent with a Class A office building; provided, however, that notwithstanding anything to the contrary set forth hereinabove, and as more particularly set forth in the Lease, Tenant shall be responsible for operating and maintaining the Premises pursuant to, and in no event may Tenant's Permitted Use violate, (i) Landlord's Rules and Regulations (as defined in Section 5.2 of this Lease), (ii) all applicable Laws (as defined in Article 24 of this Lease), and (iii) all applicable zoning, building codes, the Development CC&R's (as defined in Section 29.33 of this Lease) or other covenants, conditions or restrictions applicable to the Project (subject to Landlord's obligations under Section 5.1 of this Lease).  Nothing herein shall require Tenant to operate the Premises under a particular tradename. |
| 7. | Security Deposit (Article 21): | $352,961.67. |
| 8. | Parking (Article 28): | Tenant shall be entitled to use up to six (6) parking spaces at the Project (defined below) per 1,000 square feet of usable square feet of the Premises (i.e., 430 parking spaces), including all covered parking spaces, as further described in Article 28. |
| 9. | Address of Tenant (Section 29.17): | 10190 Covington Cross Drive<br>Las Vegas, Nevada, 89144 |

| | | |
|---|---|---|
| 10. | Address of Landlord (Section 29.17): | 9275 W Russell Rd Suite 235 Las Vegas, NV 89148 Attn.: Ofir Hagay |
| 11. | Broker(s) (Section 29.24): | CBRE (for Landlord) MDL Group (for Tenant) |
| 12. | Allowance (**Exhibit B**): | $1,437,780.00. |
| 13. | FF&E: | Tenant shall be entitled to use, during the Term, all furniture, fixtures and equipment located within the Premises, all of which shall remain within the Premises, remain the property of Landlord and shall be returned to Landlord on the Lease Expiration Date (subject to reasonable wear and tear). |