_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
February 16, 2023

_____

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>   dba COIN CLOUD,<br><br>                      Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**INTERIM ORDER GRANTING DEBTOR'S MOTION TO (I) PAY PREPETITION EMPLOYEE WAGES AND POLICIES; AND**<br>**(II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**<br><br>Hearing Date: February 10, 2023<br>Hearing Time: 2:00 p.m. |

142674062.1

1

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (the "Interim Order") (i) authorizing, but not directing, the Debtor (a) to pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (b) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto; (ii) scheduling a final hearing to consider entry of the Final Order, and (iii) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on March 17, 2023, at 9:30 a.m., prevailing Pacific Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before March 3, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas,

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

2

142674062.1

Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies shall be filed on or before March 10, 2023. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtor is authorized, but not directed, to continue and/or modify the Employee Compensation and Benefits in the ordinary course of business, in accordance with the Debtor's prepetition policies and practices, and, in the Debtors' discretion, to pay and honor prepetition amounts related thereto in an aggregate interim amount not to exceed $243,111.58; _provided that_, pending entry of the Final Order, the Debtors shall not honor any Employee Compensation and Benefits obligations that exceed the priority amounts set forth in § 507(a)(4) and (a)(5) of the Bankruptcy Code and shall not pay any prepetition amounts on account of Reimbursable Expenses that exceed the priority amounts set forth in § 507(a)(4) and (a)(5) of the Bankruptcy Code; _provided further_ that nothing in this Interim Order shall be deemed to authorize the payment of any amounts which are subject to § 503(c) of the Bankruptcy Code.

4. Nothing in this Interim Order shall be deemed to authorize the Debtor to pay any amounts to an insider that constitute an incentive compensation program, and the Debtor shall seek authority to make any such payments to insiders by separate motion filed with this Court.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

142674062.1

6.  Nothing in the Motion or this Interim Order shall impair the ability of the Debtor to contest the validity or amount of any payment made pursuant to this Interim Order.

7.  Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Independent Contractor, Temporary Employee, or other person or entity.

8.  The Debtor is authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits or other payment authorized by this Order.

9.  The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10. Notice of the Motion, as stated therein, constitutes good and sufficient notice of such Motion, and the requirements of the local rules of this Court are satisfied by such notice.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:   */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

142674062.1

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By: ___/s/Jared A. Day___
    Jared A. Day,
    Trial Attorney for United States Trustee,
    Tracy Hope Davis

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Jared A. Day,                              APPROVED
    Trial Attorney
    Office of the United States Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

142674062.1