

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 16, 2023
_____

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>                    Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**INTERIM ORDER: (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS; AND (II) GRANTING RELATED RELIEF**<br><br>Hearing Date:  February 10, 2023<br>Hearing Time: 2:00 p.m. |

1

142673383.1

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession ("<u>Debtor</u>") for entry of an interim order (the "<u>Interim Order</u>") (i) authorizing continued use of prepetition bank accounts, (ii) granting related relief, and (iii) scheduling a final hearing to consider entry of the Final Order, as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on March 17, 2023, at 9:30 a.m., prevailing Pacific Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before March 3, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

1  (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas,
2  NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims,
3  filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to
4  Bankruptcy Rule 2002. Any replies shall be filed on or before March 10, 2023. In the event no
5  objections to entry of the Final Order on the Motion are timely received, this Court may enter such
6  Final Order without need for the Final Hearing.

7  3.  Debtor is authorized, on an interim basis, to continue using its integrated Cash
8  Management System as described in the Motion, until the Final Hearing on the Motion.

9  4.  Debtor is authorized, on an interim basis, to: (a) continue to use, with the same account
10 numbers, the Bank Accounts in existence as of the date of entry of the order for relief (the "Petition
11 Date"), (b) use, in their present form, all correspondence and Business Forms (including, but not
12 limited to, letterhead, contracts, purchase orders and invoices), as well as Checks and other documents
13 related to the Bank Accounts existing immediately before the Petition Date, without reference to its
14 status as debtor-in-possession, and (c) treat the Bank Accounts for all purposes as accounts of Debtor
15 as debtor-in-possession.

16 5.  Prior to the Final Hearing, Debtor shall maintain records of all transfers, receipts and
17 transactions within the Cash Management System, including the Bank Accounts, so that all transfers,
18 receipts and transactions shall be adequately and promptly documented in, and ascertainable and
19 traceable from, Debtor's books and records.

20 6.  On an interim basis, and except as otherwise expressly provided in this Order and only
21 to the extent funds are available in each applicable Bank Account, the Banks are authorized and
22 directed to continue to use their commercially reasonable best efforts to service and administer the
23 Bank Accounts as accounts of Debtor as debtor-in-possession, without interruption and in the
24 ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and
25 automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by
26 the holders or makers thereof, as the case may be.

27 7.  To the extent permitted by an order of this Court other than this Order, the Banks are
28 authorized and directed, on an interim basis, to continue to use their commercially reasonable best

efforts to honor any debits made, drawn or issued in payment of prepetition claims.

8. Debtor is authorized to pay the Banks all postpetition ordinary course bank fees, expenses and charges in connection with the Bank Accounts and the Cash Management System.

9. Debtor and the Banks are authorized to continue to perform pursuant to the terms of any prepetition documents and agreements governing the Bank Accounts.

10. Debtor is authorized to open any new Bank Accounts or close any existing Bank Account as Debtor deems necessary and appropriate in its sole discretion prior to the Final Hearing.

11. Debtor and the Banks are authorized to take all actions necessary, prior to the Final Hearing, to effectuate the relief granted pursuant to this Order in accordance with the Motion. Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived and Debtor is excepted from the operation of Bankruptcy Rule 6003(b), and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: ___/s/Brett A. Axelrod___
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

142673383.1

**APPROVED**

**OFFICE OF THE UNITED STATES TRUSTEE**

By     /s/Jared A. Day
    Jared A. Day,
    Trial Attorney for Tracy Hope Davis,
    United States Trustee
    Foley Federal Building
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Jared A. Day,                 APPROVED
    Trial Attorney
    Office of the United States
    Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

142673383.1