BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 16, 2023

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

                                    Debtor.

Case No.  BK-23-10423-mkn

Chapter 11

**NOTICE OF ENTRY OF ORDERS ON DEBTOR'S EMERGENCY FIRST DAY MOTIONS**

**PLEASE TAKE NOTICE** that on the 16ᵗʰ day of February, 2023 the Court entered the following Orders:

1.  *Interim Order Granting Debtor's Motion to (I) Pay Prepetition Employee Wages and Policies; and (II) Authorizing and Directing Financial Institutions to Honor Checks and Transfers Related to Such Obligations* (the "Interim Wage and Benefit Order") [ECF No. 107];

2.  *Interim Order Granting Debtor's Emergency Motion (I) Authorizing Debtor to Payprepetition Vendor Liabilities and (II) Authorizing and Directing Financial Institutions to Receive, Process, Honor and Pay All Checks Issued Relating to Vendor Liabilities* (the "Interim Critical Vendor Order") [ECF No. 108];

3.  *Interim Order Granting Debtor's Motion to (I) Maintain and Administer Customer Programs and Deposits; and (II) Honor Prepetition Obligations Related Thereto* (the "Interim Customer Programs Order") [ECF No. 109];

142859317.1

4. *Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* (the "Interim Tax Motion Order") [ECF No. 110];

5. *Interim Order Authorizing Continued Use of Prepetition Bank Accounts; and (II) Granting Related Relief* (the "Interim Cash Management Order") [ECF No. 111];

6. *Order Granting Emergency First Day Motion Pursuant to 11 U.S.C. § 521, Fed. R. Bankr. P. 1007 and Local Rule 1007 for Order Extending Time to File Schedules and Statement of Financial Affairs* ("Order Granting Schedules Motion") [ECF No. 112]; and

7. *Interim Granting Debtor's Motion: (1) Prohibiting Utilities from Altering, Refusing or Discontinuing Service; (2) Authorizing Ordinary Course Payments to Utilities; (3) Deeming Utilities Adequately Assured of Future Performance; and (4) Establishing Procedures for Determining Requests for Additional Adequate Assurance* ("Interim Utilities Motion Order"), [ECF No. 113].

A copy of each of the above-referenced orders is attached hereto.

DATED this 16th day of February 2023.

**FOX ROTHSCHILD LLP**

By:      */s/Brett Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142859317.1



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 16, 2023

1
2
3
4
5
6

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **INTERIM ORDER GRANTING DEBTOR'S MOTION TO (I) PAY PREPETITION EMPLOYEE WAGES AND POLICIES; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**<br><br>Hearing Date: February 10, 2023<br>Hearing Time: 2:00 p.m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

142674062.1

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") for entry of an interim order (the "<u>Interim Order</u>") (i) authorizing, but not directing, the Debtor (a) to pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (b) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto; (ii) scheduling a final hearing to consider entry of the Final Order, and (iii) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on March 17, 2023, at 9:30 a.m., prevailing Pacific Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before March 3, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas,

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142674062.1

Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies shall be filed on or before March 10, 2023. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.      The Debtor is authorized, but not directed, to continue and/or modify the Employee Compensation and Benefits in the ordinary course of business, in accordance with the Debtor's prepetition policies and practices, and, in the Debtors' discretion, to pay and honor prepetition amounts related thereto in an aggregate interim amount not to exceed $243,111.58; provided that, pending entry of the Final Order, the Debtors shall not honor any Employee Compensation and Benefits obligations that exceed the priority amounts set forth in § 507(a)(4) and (a)(5) of the Bankruptcy Code and shall not pay any prepetition amounts on account of Reimbursable Expenses that exceed the priority amounts set forth in § 507(a)(4) and (a)(5) of the Bankruptcy Code; provided further that nothing in this Interim Order shall be deemed to authorize the payment of any amounts which are subject to § 503(c) of the Bankruptcy Code.

4.      Nothing in this Interim Order shall be deemed to authorize the Debtor to pay any amounts to an insider that constitute an incentive compensation program, and the Debtor shall seek authority to make any such payments to insiders by separate motion filed with this Court.

5.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142674062.1

6.      Nothing in the Motion or this Interim Order shall impair the ability of the Debtor to contest the validity or amount of any payment made pursuant to this Interim Order.

7.      Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Independent Contractor, Temporary Employee, or other person or entity.

8.      The Debtor is authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits or other payment authorized by this Order.

9.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10.     Notice of the Motion, as stated therein, constitutes good and sufficient notice of such Motion, and the requirements of the local rules of this Court are satisfied by such notice.

11.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12.     The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:  _/s/Brett A. Axelrod_
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        NICHOLAS A. KOFFROTH, ESQ.
        Nevada Bar No. 16264
        ZACHARY T. WILLIAMS, ESQ.
        Nevada Bar No. 16023
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142674062.1

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By: ___*/s/Jared A. Day*___
      Jared A. Day,
      Trial Attorney for United States Trustee,
      Tracy Hope Davis

<u>**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**</u>

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐   The Court has waived the requirement of approval in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion

☒   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

       Jared A. Day,                    APPROVED
       Trial Attorney
       Office of the United States Trustee

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142674062.1



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 16, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION (I) AUTHORIZING DEBTOR TO PAY PREPETITION VENDOR LIABILITIES AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS ISSUED RELATING TO VENDOR LIABILITIES**

Hearing Date:  February 10, 2023
Hearing Time: 2:00 p.m. |

142674338.1

1

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession ("<u>Debtor</u>") for entry of an interim order (the "<u>Interim Order</u>") *(i) Authorizing Debtor To Pay Prepetition Vendor Liabilities And (ii) Authorizing And Directing Financial Institutions To Receive, Process, Honor And Pay All Checks Issued Relating To Vendor Liabilities*; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on March 17, 2023, at 9:30 a.m., prevailing Pacific Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before March 3, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas,

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142674338.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies shall be filed on or before March 10, 2023. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.      Debtor is hereby authorized, but not directed, to pay its prepetition Vendor Liabilities (as the term is defined in the Motion), subject to a total limit of $700,000.00 (the "Interim Payment Limit"), prior to the Final Hearing on the Motion.

4.      Debtor is hereby authorized to pay Brink's U.S. ("Brinks"), Debtor's primary armored carrier and cash logistics provider, the sum of $630,000.00 for past-due prepetition amounts outstanding, in exchange for continued provision of services. Brinks reserves all rights under its contract and agreement with the Debtor, including but not limited to, the right to receive additional prepetition payments in exchange for continued provision of services to Debtor, upon entry of a Final Order on the Motion, and the right to claim all prepetition amounts outstanding.

5.      The banks and financial institutions at which Debtor maintains its accounts are authorized and directed, on an interim basis, to receive, process, honor and pay all such prepetition checks presented for payment, to the extent sufficient funds are on deposit in such accounts.

6.      Debtor is authorized, on an interim basis, to issue replacement checks to the extent necessary to pay prepetition Vendor Liabilities.

7.      Debtor is excepted from the operation of Bankruptcy Rule 6003(b).

8.      Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived, and this Order shall be effective immediately.

9.      The Debtor shall attach copies of all bank statements to the relevant monthly operating reports during the pendency of this Chapter 11 Case.

10.     This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**IT IS SO ORDERED.**

142674338.1

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:     */s/Brett A. Axelrod*
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*


**APPROVED**:

**OFFICE OF THE UNITED STATES TRUSTEE**

By     */s/Jared A. Day*
     Jared A. Day,
     Trial Attorney for Tracy Hope Davis,
     United States Trustee
     Foley Federal Building
     300 Las Vegas Boulevard South, Suite 4300
     Las Vegas, Nevada 89101


**APPROVED**:

**HIRSCHLER LAW**

By     */s/Brittany Falabella*
     Brittany Falabella,
     2100 East Cary Street
     Richmond, Virginia 23223-7078
     BFalabella@hirschlerlaw.com
*Attorney for Brink's U.S.*

142674338.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

> Jared A. Day,                                APPROVED
> Trial Attorney
> Office of the United States Trustee

> Brittany Falabella                           APPROVED
> Attorney for Brink's U.S.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142674338.1




_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 16, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
            nkoffroth@foxrothschild.com
            zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **INTERIM ORDER GRANTING DEBTOR'S MOTION TO (I) MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS AND DEPOSITS; AND (II) HONOR PREPETITION OBLIGATIONS RELATED THERETO** |
| | Hearing Date:  February 10, 2023<br>Hearing Time: 2:00 p.m. |

1

142674920.1

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") for entry of an interim order (the "<u>Interim Order</u>") (i) authorizing, but not directing, the Debtor to maintain and administer its customer programs and honor prepetition obligations related thereto in a manner consistent with past practices, (ii) authorizing, but not directing, the Debtor to maintain customer deposits and honor prepetition obligations related thereto in a manner consistent with past practices, and (iii) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on March 17, 2023, at 9:30 a.m., prevailing Pacific Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before March 3, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas,

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142674920.1

Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies shall be filed on or before March 10, 2023. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtor is authorized, but not directed, to maintain and administer the Customer Programs and the Transaction Hold programs in the ordinary course of business consistent with past practice.

4. The Debtor is authorized, but not directed, to renew, replace, implement, or modify one or more Customer Programs or Transaction Hold programs, in whole or in part, in the Debtor's discretion and in accordance with the Debtor's business judgment.

5. The Debtor is authorized, but not directed, to honor its prepetition obligations owing to customers in connection with, relating to, or based upon the Customer Program obligations and the Transaction Hold Obligations.

6. The Debtor is authorized, but not directed to, honor its prepetition obligations owing to customers in connection with, relating to, or based upon the Refund Policy obligations; provided, however, that the Debtor is not authorized to honor prepetition Refund Policy obligations in excess of $29,000 during the interim period.

7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

8.      Nothing in the Motion or this Interim Order shall impair the ability of the Debtor to contest the validity or amount of any payment made pursuant to this Interim Order.

9.      Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held any person or entity.

10.     The Debtor is authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Customer Program obligations, Transaction Hold Obligations, or other payment authorized by this Order.

11.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12.     Notice of the Motion, as stated therein, constitutes good and sufficient notice of such Motion, and the requirements of the local rules of this Court are satisfied by such notice.

13.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14.     The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

15.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:    _/s/Brett A. Axelrod_
         BRETT A. AXELROD, ESQ.
         Nevada Bar No. 5859
         NICHOLAS A. KOFFROTH, ESQ.
         Nevada Bar No. 16264
         ZACHARY T. WILLIAMS, ESQ.
         Nevada Bar No. 16023
         1980 Festival Plaza Drive, Suite 700
         Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

142674920.1

1

2  **APPROVED**

3  **OFFICE OF THE UNITED STATES TRUSTEE**

4  By: ___*/s/Jared A. Day*___

5       Jared A. Day,
        Trial Attorney for United States Trustee,

6       Tracy Hope Davis

7

8

9

10       <u>**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**</u>

11  In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

12       ☐  The Court has waived the requirement of approval in LR 9021(b)(1).

13       ☐  No party appeared at the hearing or filed an objection to the motion.

14       ☒  I have delivered a copy of this proposed order to all counsel who appeared

15          at the hearing, any unrepresented parties who appeared at the hearing, and
            each has approved or disapproved the order, or failed to respond, as

16          indicated below:

17              Jared A. Day,                          APPROVED
                Trial Attorney for

18              The United States Trustee

19       ☐  I certify that this is a case under Chapter 7 or 13, that I have served a

20          copy of this order with the motion pursuant to LR 9014(g), and that no
            party has objected to the form or content of the order.

21

22

23                                          # # #

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142674920.1

5



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 16, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF** |
| | Hearing Date:  February 10, 2023 |
| | Hearing Time: 2:00 p.m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

142675455.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned Debtor and Debtor in possession ("<u>Debtor</u>") for entry of an interim order (this "<u>Interim Order</u>"), (a) authorizing Debtor, in its sole discretion, to collect, withhold, incur, and/or pay sales and use taxes, value added taxes, regulatory taxes and fees, as well as other governmental taxes, fees, and assessments, except for taxes and fees related to income or property taxes (collectively, the "<u>Taxes and Fees</u>"), (b) granting related relief, and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and in the Omnibus Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, creditors, and other parties in interest; and this Court having found that Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on March 17, 2023, at 9:30 a.m., prevailing Pacific Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before March 3, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada         89135,         baxelrod@foxrothschild.com,         nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion

2

142675455.1

(United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies shall be filed on or before March 10, 2023. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.    Debtor is authorized, on an interim basis, to honor checks or other payments issued prepetition and outstanding as of the Petition Date for payment of Taxes and Fees.

4.    Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against Debtor; (b) a waiver of Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and Debtor expressly reserves its right to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of Debtor's rights to subsequently dispute such claim.

5.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

6.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142675455.1

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

9.      Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:     */s/Brett A. Axelrod*
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        NICHOLAS A. KOFFROTH, ESQ.
        Nevada Bar No. 16264
        ZACHARY T. WILLIAMS, ESQ.
        Nevada Bar No. 16023
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

**APPROVED**

**OFFICE OF THE UNITED STATES TRUSTEE**

By      */s/Jared A. Day*
        Jared A. Day,
        Trial Attorney for Tracy Hope Davis,
        United States Trustee
        Foley Federal Building
        300 Las Vegas Boulevard South, Suite 4300
        Las Vegas, Nevada 89101

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142675455.1

4

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

> Jared A. Day,                                    APPROVED
> Trial Attorney
> Office of the United States Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142675455.1



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 16, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>    CASH CLOUD, INC.,<br>    dba COIN CLOUD,<br><br>                Debtor. | Case No.   BK-23-10423-mkn<br><br>Chapter 11<br><br>**INTERIM ORDER: (I) AUTHORIZING<br>CONTINUED USE OF PREPETITION<br>BANK ACCOUNTS; AND<br>(II) GRANTING RELATED RELIEF**<br><br>Hearing Date:  February 10, 2023<br>Hearing Time: 2:00 p.m. |

*FOX ROTHSCHILD LLP*
*1980 Festival Plaza Drive, Suite 700*
*Las Vegas, Nevada 89135*
*(702) 262-6899*
*(702) 597-5503 (fax)*

1

142673383.1

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of an interim order (the "Interim Order") (i) authorizing continued use of prepetition bank accounts, (ii) granting related relief, and (iii) scheduling a final hearing to consider entry of the Final Order, as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on March 17, 2023, at 9:30 a.m., prevailing Pacific Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before March 3, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com, zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142673383.1

(United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies shall be filed on or before March 10, 2023. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.　　Debtor is authorized, on an interim basis, to continue using its integrated Cash Management System as described in the Motion, until the Final Hearing on the Motion.

4.　　Debtor is authorized, on an interim basis, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the date of entry of the order for relief (the "Petition Date"), (b) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, contracts, purchase orders and invoices), as well as Checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to its status as debtor-in-possession, and (c) treat the Bank Accounts for all purposes as accounts of Debtor as debtor-in-possession.

5.　　Prior to the Final Hearing, Debtor shall maintain records of all transfers, receipts and transactions within the Cash Management System, including the Bank Accounts, so that all transfers, receipts and transactions shall be adequately and promptly documented in, and ascertainable and traceable from, Debtor's books and records.

6.　　On an interim basis, and except as otherwise expressly provided in this Order and only to the extent funds are available in each applicable Bank Account, the Banks are authorized and directed to continue to use their commercially reasonable best efforts to service and administer the Bank Accounts as accounts of Debtor as debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

7.　　To the extent permitted by an order of this Court other than this Order, the Banks are authorized and directed, on an interim basis, to continue to use their commercially reasonable best

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

efforts to honor any debits made, drawn or issued in payment of prepetition claims.

8.       Debtor is authorized to pay the Banks all postpetition ordinary course bank fees, expenses and charges in connection with the Bank Accounts and the Cash Management System.

9.       Debtor and the Banks are authorized to continue to perform pursuant to the terms of any prepetition documents and agreements governing the Bank Accounts.

10.       Debtor is authorized to open any new Bank Accounts or close any existing Bank Account as Debtor deems necessary and appropriate in its sole discretion prior to the Final Hearing.

11.       Debtor and the Banks are authorized to take all actions necessary, prior to the Final Hearing, to effectuate the relief granted pursuant to this Order in accordance with the Motion.  Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived and Debtor is excepted from the operation of Bankruptcy Rule 6003(b), and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.       The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:     */s/Brett A. Axelrod*
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        NICHOLAS A. KOFFROTH, ESQ.
        Nevada Bar No. 16264
        ZACHARY T. WILLIAMS, ESQ.
        Nevada Bar No. 16023
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

4

142673383.1

**APPROVED**

**OFFICE OF THE UNITED STATES TRUSTEE**

By____*/s/Jared A. Day*_____
     Jared A. Day,
     Trial Attorney for Tracy Hope Davis,
     United States Trustee
     Foley Federal Building
     300 Las Vegas Boulevard South, Suite 4300
     Las Vegas, Nevada 89101

### <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐   The Court has waived the requirement of approval in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion

☒   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

     Jared A. Day,            APPROVED
     Trial Attorney
     Office of the United States
     Trustee

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142673383.1



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 16, 2023

1

2

3

4

5

6    BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
7    NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
8    ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
9    **FOX ROTHSCHILD LLP**
10   1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
11   Telephone: (702) 262-6899
     Facsimile: (702) 597-5503
12   Email: baxelrod@foxrothschild.com
13           nkoffroth@foxrothschild.com
             zwilliams@foxrothschild.com
14   *[Proposed] Counsel for Debtor*

15

16              **UNITED STATES BANKRUPTCY COURT**

17                     **DISTRICT OF NEVADA**

18   In re                          Case No.   BK-23-10423-mkn
19
         CASH CLOUD, INC.,          Chapter 11
20       dba COIN CLOUD,
21                                  **ORDER GRANTING EMERGENCY**
                        Debtor.     **FIRST DAY MOTION PURSUANT TO**
22                                  **11 U.S.C. § 521, FED. R. BANKR. P. 1007**
                                    **AND LOCAL RULE 1007 FOR ORDER**
23                                  **EXTENDING TIME TO FILE**
                                    **SCHEDULES AND STATEMENT OF**
24                                  **FINANCIAL AFFAIRS**
25
                                    Hearing Date:  February 10, 2023
26                                  Hearing Time: 2:00 p.m.
27

28

142672587.1

1

The Court, having reviewed and considered Debtor's motion (the "<u>Motion</u>")[1] for an order, pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), rule 1007 of the Federal Rules of Bankruptcy Procedure (as amended, the "<u>Bankruptcy Rules</u>") and rule 1007 of the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "<u>Local Rules</u>"), authorizing an extension of time to file the schedules and statements of financial affairs required under Bankruptcy Code Section 521(a)(1) (collectively, the "<u>Schedules and SOFA</u>"); appearances having been noted on the record, the arguments made by counsel, and the evidence submitted at the hearing on the Motion, and with the findings of the Court having been made on the record and incorporated herein, pursuant to Bankruptcy Rule 7052;

And Notice of this Motion having been provided to the Office of the United States Trustee, secured creditors, those creditors holding the twenty (20) largest unsecured claims, those governmental agencies required to receive notice under Bankruptcy Rule 5003(e), and any party which has filed and served on the Debtor a request for special notice prior to entry of this Order;

And it appearing that no other or further notice of the Motion need be provided;

And good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that the Motion is granted; and

**IT IS FURTHER ORDERED** that the time within which Debtor must file its Schedules and SOFA is extended up to and including March 9, 2023, without prejudice to Debtor's ability to request additional time.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By:     _/s/Brett A. Axelrod_
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

---

[1] All capitalized, undefined terms shall have the meaning ascribed to them in the Motion.

2

142672587.1

WAIVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY: __WAIVED_____
     Jared A. Day,
     Trial Attorney for United States Trustee,
     Tracy Hope Davis

<u>**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**</u>

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

     Jared A. Day, Trial Attorney
     Office of the United States Trustee

     _WAIVED____

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142672587.1



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 16, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **INTERIM ORDER GRANTING DEBTOR'S MOTION:**<br>**(1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE;**<br>**(2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITIES;**<br>**(3) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND**<br>**(4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**<br><br>Hearing Date:  February 10, 2023<br>Hearing Time: 2:00 p.m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

142672738.1

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of an interim order (the "Interim Order") (i) prohibiting utilities from altering, refusing or discontinuing service, (ii) authorizing ordinary course payments to utilities, (iii) deeming utilities adequately assured of future performance, (iv) establishing procedures for determining requests for additional adequate, (v) scheduling a final hearing to consider entry of the Final Order, and (vi) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED,** as to Debtor's existing utility accounts, that:

1. The Motion is GRANTED on an interim basis as set forth herein;

2. The final hearing (the "Final Hearing") on the Motion shall be held on March 17, 2023, at 9:30 a.m., prevailing Pacific Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before March 3, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com,

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

142672738.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies shall be filed on or before March 10, 2023. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing. The Utility Providers (listed on **Exhibit 1** of the Motion) are hereby prohibited, on an interim basis until the Final Hearing on the Motion, from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices;

3.    Debtor is authorized, but not directed, to pay prepetition amounts owing to the Utility Providers in Debtor's sole discretion.

4.    Debtor is authorized to pay in the ordinary course of business, and on an interim basis, amounts due to the Utility Providers for postpetition Utility Services provided before such time as the Final Hearing can occur.

    **IT IS FURTHER ORDERED** that:

5.    If Debtor supplements the list on **Exhibit 1** of the Motion subsequent to the filing of the Motion, Debtor will serve a copy of the Motion and this signed Interim Order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service").

6.    Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit 1** adding the name of the Utility Provider so served.  The added Utility Provider shall have thirty (30) days from the date of service of this Motion and the Interim Order to make a Request.

7.    Finally, the Order provides that Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice").  Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and prepetition deposit, if any, to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor.  The

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

immediate refund of a Utility Deposit and prepetition deposit, if any, by a Utility Provider whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

**IT IS FURTHER ORDERED,** as to new accounts opened by Debtor as debtor-in-possession, that:

8.    The Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.

9.    If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, the Court will consider a request for relief by Debtor with notice to the Utility Provider on an expedited basis.

**IT IS FURTHER ORDERED** that:

10.    Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.    Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

14.    Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142672738.1

15. Debtor's banks and financial institutions are authorized and directed, on an interim basis, to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or intercompany transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of this Order. Debtor is authorized to reissue checks, wire transfer requests or intercompany requests where such method of payment has been dishonored.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: ___/s/Brett A. Axelrod_____
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

WAIVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY: ___WAIVED_____
     Jared A. Day,
     Trial Attorney for United States Trustee,
     Tracy Hope Davis

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142672738.1

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

> Jared A. Day, Trial Attorney
> Office of the United States Trustee
>
>  WAIVED

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### # # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142672738.1