BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

Electronically Filed February 16, 2023

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

Debtor.

Case No. BK-23-10423-mkn

Chapter 11

**APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF THE JIMMERSON LAW FIRM, P.C. AS SPECIAL LITIGATION COUNSEL TO DEBTOR**

Hearing Date:  March 17, 2023
Hearing Time:  9:30 a.m.

Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), respectfully submits this application (the "Application") for an order pursuant to sections 327(e), 328, 1107 and 1108 of title 11 of the United States Code, §§ 101 *et. seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada (the "Local Rules"), authorizing Debtor to retain and employ The Jimmerson Law Firm, P.C., a professional corporation ("JL") as special litigation counsel in the Actions (defined below). This Application is made and based upon

the *Verified Statement of James M. Jimmerson.* (the "Jimmerson Verified Statement") and the *Declaration of Chris McAlary* (the "McAlary Declaration") both filed contemporaneously herewith, the papers and pleadings on file in this Chapter 11 Case, judicial notice of which is respectfully requested, any argument of counsel entertained by the Court at the time of the hearing of the Application, and the following:

## I.

## BACKGROUND

1. On February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition with this Court for reorganization relief under chapter 11 of title 11 of the Bankruptcy Code.

2. Debtor is continuing to operate its business and manage its property as debtor in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed.

4. The factual background relating to Debtor's commencement of the Chapter 11 Case is set forth in detail in the *Omnibus Declaration of Chris McAlary* and is incorporated herein by this reference.

## II.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

6. The statutory basis for relief sought herein arises from Bankruptcy Code Sections 327(e), 328, 1107 and 1108, Bankruptcy Rule 2014, and Local Rule 2014.

7. Venue of this Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## RELIEF REQUESTED

8. Debtor brings this Application, and hereby seeks the employment of its prepetition litigation counsel, JL, as special litigation counsel, to pursue and continue certain prepetition legal actions (the "Actions") that were brought by or against Debtor. The Actions include the following cases:

**A.    The Cole Kepro International, LLC Action**

9. On June 17, 2022, Debtor filed a complaint against Cole Kepro International, LLC (the "Cole Kepro Complaint"), initiating that certain litigation entitled *Cash Cloud Inc. v. Cole Kepro International, LLC*, Case No. A-22-854226-B (the "Cole Kepro Action"), filed in the Eighth Judicial District Court, Clark County, Nevada (the "District Court").

10. The Cole Kepro Action concerns Cole Kepro International, LLC's production and delivery of faulty digital currency kiosks to Debtor. A true and correct copy of the Cole Kepro Complaint is attached as **Exhibit 1** to the Jimmerson Verified Statement and is incorporated herein by this reference. See Jimmerson Declaration, ¶ 4.

11. Debtor desires to retain JL to assist representing Debtor in the Cole Kepro Action. A true and correct copy of the retainer agreement (the "Cole Kepro Engagement Agreement"), between Debtor and JL, concerning the Cole Kepro International, LLC dispute is attached as **Exhibit 2** to the Jimmerson Verified Statement. See McAlary Declaration, ¶ 4; Jimmerson Verified Statement, ¶ 5.

12. Because the Cole Kepro Action involves complex issues and impending deadlines, and the outcome will have a significant impact on Debtor's estate, Debtor believes that its representation with JL as its special litigation counsel in the Cole Kepro Action is in the best interest of Debtor and the estate. See McAlary Declaration, ¶ 5.

**B.    The Luis Flores Action**

13. On December 20, 2019, Debtor filed a complaint against Luis Flores (the "Flores Complaint"), initiating that certain litigation entitled *Cash Cloud Inc. v. Luis Flores*, Case No. A-19-807370-B (the "Flores Action"), filed in the Eighth Judicial District Court, Clark County, Nevada (the "District Court").

142837888.1                                         3

14. The Flores Action concerns Luis Flores's improper claim of ownership of Debtor, as well as Luis Flores's improper and unauthorized access of Debtor's computer system, and specifically its trade secret information. A true and correct copy of the Complaint is attached as **Exhibit 3** to the Jimmerson Verified Statement and incorporated herein by this reference. See Jimmerson Declaration, ¶ 6. A true and correct copy of the First Amended Complaint is attached as **Exhibit 4** to the Jimmerson Verified Statement and incorporated herein by this reference. See Jimmerson Declaration, ¶ 6.

15. Debtor desires to retain JL to assist representing Debtor in the Flores Action. A true and correct copy of the Retainer Agreement between Debtor and JL concerning the Luis Flores dispute is attached as **Exhibit 5** to the Jimmerson Verified Statement ("Flores Engagement Agreement"). See McAlary Declaration, ¶ 6; Jimmerson Verified Statement, ¶ 7.

16. The Flores action has been brought to trial and is now awaiting a decision by the Court.

17. Because the Flores Action involves complex issues and impending deadlines, and the outcome of the Flores Action will have a significant impact on Debtor's estate, Debtor believes that its representation with JL as its special litigation counsel in the Flores Action is in the best interest of Debtor and the estate. See McAlary Declaration, ¶ 7.

**C.     The Javier Franco Action**

18. On November 20, 2021, Javier Franco filed a complaint against Debtor (the "Franco Complaint"), initiating that certain litigation entitled *Javier Franco v. Cash Cloud Inc.*, Case No. A-21-844753-C (the "Franco Action"), filed in the Eighth Judicial District Court, Clark County, Nevada (the "District Court").

19. The Franco Action concerns Franco's claim for additional compensation from Debtor as well as Debtor's Counterclaim based on Franco's participation and assistance in providing Luis Flores unauthorized access to Debtor's computer system. A true and correct copy of the Franco Complaint is attached as **Exhibit 6** to the Jimmerson Verified Statement and incorporated herein by this reference. See Jimmerson Declaration, ¶ 9. A true and correct copy of the Answer and

Counterclaim is attached as **Exhibit 7** to the Jimmerson Verified Statement and is incorporated herein by this reference. See Jimmerson Declaration, ¶ 9.

20. Debtor desires to retain JL to assist representing Debtor in the Franco Action. A true and correct copy of the Retainer Agreement between Debtor and JL concerning the Javier Franco dispute is attached as **Exhibit 8** to the Jimmerson Verified Statement ("Franco Engagement Agreement"). See McAlary Declaration, ¶ 8; Jimmerson Verified Statement, ¶ 10.

21. Because the Franco Action involves complex issues and impending deadlines, and the outcome of the Franco Action will have a significant impact on Debtor's estate, Debtor believes that its representation with JL as its special litigation counsel in the Franco Action is in the best interest of Debtor and the estate. See McAlary Declaration, ¶ 9.

**D.    The Amondo Redmond Action**

22. On August 5 17, 2021, Debtor filed a complaint against Amondo Redmond (the "Redmond Complaint"), initiating that certain litigation entitled *Cash Cloud Inc. v. Amondo Redmond*, Case No. A-22-839023-B (the "Redmond Action"), filed in the Eighth Judicial District Court, Clark County, Nevada (the "District Court").

23. The Redmond Action concerns Amondo Redmond's (1) fraudulent representations made to Debtor, (2) post-termination interference with Debtor's contractual relationships, and (3) unauthorized divergence of Debtor's funds to Redmond and/or his affiliates. A true and correct copy of the Redmond Complaint is attached as **Exhibit 9** to the Jimmerson Verified Statement and incorporated herein by this reference. See Jimmerson Declaration, ¶ 11.

24. Debtor desires to retain JL to assist representing Debtor in the Redmond Action. A true and correct copy of the Retainer Agreement between Debtor and JL concerning the Amondo Redmond dispute is attached as **Exhibit 10** to the Jimmerson Verified Statement ("Redmond Engagement Agreement"). See McAlary Declaration, ¶ 10; Jimmerson Verified Statement, ¶ 12.

25. Because the Redmond Action involves complex issues and impending deadlines, and the outcome of the Redmond Action will have a significant impact on Debtor's estate, Debtor believes that its representation with JL as its special litigation counsel in the Redmond Action is in the best interest of Debtor and the estate. See McAlary Declaration, ¶ 11.

### E.     The BitAccess/Bitcoin Depot Action

26. On August 11, 2022, Debtor filed initiated litigation against Bitaccess Inc. (the "Bitaccess Complaint"), entitled *Cash Cloud Inc. v. Bitaccess, Inc.*, Case No. CV-22-00089887-0000 (the "Bitaccess Action"), filed in the Superior Court of Justice in Ottawa, Ontario, Canada (the "Ottawa Court"). Debtor has also initiated a companion arbitration proceeding against Bitaccess Inc. before the Canadian Arbitration Association.

27. The Bitaccess Action concerns Bitaccess's improper termination of its software services to Debtor—software services that Debtor used to operate its digital currency kiosks. A true and correct copy of the Complaint is attached as **Exhibit 11** to the Jimmerson Verified Statement and incorporated herein by this reference. See Jimmerson Declaration, ¶ 13.

28. During the course of the Bitaccess Action, it was discovered that Bitcoin Depot used its status as a shareholder of Bitaccess to cause Bitaccess to improperly terminate the software services provided by Bitaccesss to Debtor, including, but not limited to, violating its undertaking before the Ottawa Court.

29. Debtor desires to retain JL to assist representing Debtor in initiating and prosecuting an action against Bitcoin Depot directly. A true and correct copy of the Retainer Agreement between Debtor and JL concerning the Bitaccess/Bitcoin Depot dispute is attached as **Exhibit 12** to the Jimmerson Verified Statement ("Bitaccess/Bitcoin Depot Engagement Agreement").[1] See McAlary Declaration, ¶ 12; Jimmerson Verified Statement, ¶ 14.

30. Because the proposed action against Bitcoin Depot involves complex issues and impending deadlines, and the outcome of the Action will have a significant impact on Debtor's estate, Debtor believes that its representation with JL as its special litigation counsel in the Bitaccess Action is in the best interest of Debtor and the estate. See McAlary Declaration, ¶ 13.

---

[1] Collectively, the Cole Kepro Engagement Agreement, the Flores Engagement Agreement, the Franco Engagement Agreement, the Redmond Engagement Agreement, and the Bitaccess Engagement Agreement are referred to herein as the "Engagement Agreements."

142837888.1

31.     In addition to the described Actions, Debtor seeks permission to execute further Engagement Agreements with JL, to the extent required, to pursue any further prepetition Actions, or defend against any prepetition Actions, that will be in the best interest of Debtor, its creditors, and its estate.[2] Debtor will be seeking relief from the automatic stay to pursue or continue the Actions. See McAlary Declaration, ¶ 14.

## IV.

## QUALIFICATIONS

32.     Debtor selected JL because of its excellent qualifications, its reasonable fee structure, and its prior relationship with Debtor in dealing with the Actions. See McAlary Declaration, ¶ 15.

33.     JL's services will not be duplicative of any other professionals providing services to Debtor. See McAlary Declaration, ¶ 16.

34.     JL is well qualified to serve as Special Counsel to Debtor. JL is a Las Vegas Nevada law firm. Attorneys at JL are experienced in representing companies in all manner of complex commercial litigation. JL is an experienced local law firm with experienced colleagues licensed to practice in the State of Nevada. James Jimmerson has in excess of eleven years of complex commercial litigation experience, and such experience makes JL well suited to participate in the Chapter 11 Case. See Jimmerson Verified Statement, ¶ 15, McAlary Declaration, ¶ 17.

35.     An experienced law firm such as JL fills a critical need that complements the services offered by Debtor's other restructuring professionals. Debtor believes it requires the services of a capable and experienced law firm such as JL because JL's professionals are familiar with the Actions. JL's skillset is not commonly possessed by Debtor's financial professionals, general management, or operational employees. Debtor requires a law firm that can assist it with the Actions so that it may emerge from Chapter 11 successfully. See McAlary Declaration, ¶ 18.

---

[2] Apart from the Actions, Debtor has three other prepetition actions stayed by the Chapter 11 Case: (1) *Despain v. Cash Cloud Inc.*, Case Number A-22-854327-C, pending in the Eight Judicial District Court, Clark County Nevada; (2) *Cennox Reactive Field Services, LLC v. Cash Cloud Inc.*, Case Number 6:22-cv-3274, pending in the United States District Court, Western District of Missouri; and (3) *Borden v. Bank of America, NA*, Case Number 2:22-cv-04076-BHH, pending in the United States District Court, District of South Carolina.

36. Accordingly, JL is well qualified and positioned to provide the legal services being sought by Debtor in connection with the Actions, and has developed significant relevant experience and knowledge that will assist in dealing with potential issues that may arise in the context of the Chapter 11 Case. See Jimmerson Verified Statement, ¶ 16. Debtor respectfully submits that the employment and retention of JL is in the best interests of Debtor and its estate. See McAlary Declaration, ¶ 19.

## V.
## SERVICES TO BE RENDERED

37. Debtor proposes to employ JL as special litigation counsel to Debtor for the Actions. Specifically, Debtor anticipates JL will provide counsel on the various statutory and common law issues raised in the Actions, as well as in the areas mentioned above, i.e., business law matters. This includes all aspects of discovery, pre-trial motion practice, trial/hearings, and post-trial services, if necessary (the "Services"). See McAlary Declaration, ¶ 20; Jimmerson Verified Statement, ¶ 17.

38. JL has stated its willingness to act as Debtor's special litigation counsel during the pendency of the Chapter 11 Case. See Jimmerson Verified Statement, ¶ 18.

39. Based on the foregoing, JL is well-qualified and experienced in commercial claims. Accordingly, JL is well-qualified to perform the Services and legally represent Debtor, specifically with respect to JL's extensive experience of complex matters before federal and state courts involving commercial matters. See McAlary Declaration, ¶ 21; Jimmerson Verified Statement, ¶ 19.

40. The scope of JL's Services has been set forth in the Engagement Agreements executed by both JL and Debtor. See McAlary Declaration, ¶ 22; Jimmerson Verified Statement, ¶ 20; Exhibits 2, 5, 8, 10, and 12.

## VI.
## DISINTERESTEDNESS

41. Pursuant to section 327(e) of the Bankruptcy Code, a debtor may employ an attorney "for a specified special purpose" where such representation would be in the best interests of the debtor's estate and the attorney "does not represent or hold any interest adverse to the debtor with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

42. Debtor has not paid JL for some its prepetition work on the Actions, and still owes JL a balance of $221,741.99, which shall be a general unsecured claim against Debtor's Estate (the "JL Claim"). See Jimmerson Verified Statement, ¶ 21. Although the JL Claim renders JL a creditor of Debtor's estate, it does not impede JL's employment under section 327(e)[3].

43. JL has reviewed its databases and has provided disclosures regarding engagements it may have had with potential parties in interest, which engagements are unrelated to Debtor and the Chapter 11 Case. To the extent that JL discovers any adverse, material relationships during the period of JL's retention, JL will use reasonable efforts to supplement the information. See Jimmerson Verified Statement, ¶ 22; McAlary Declaration, ¶ 23.

44. Moreover, although such disclosure is not required by section 327(e), JL verifies that:

　　a. its partners, of counsel, and associates:

　　　　i. are not equity security holders or insiders of Debtor;

　　　　ii. are not and were not, within two years before the date of this application, a director, officer, or employee of Debtor, as specified in subparagraph (c) of 11 U.S.C. § 101(14); and

　　　　iii. do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders except as stated herein or in the Jimmerson Verified Statement.

　　b. JL does not represent or otherwise have other material connections with the Debtor, its creditors, any other party in interest in the Chapter 11 Case, or their respective attorneys and accountants, the judge of this Court, the United States Trustee for Region 17 or any person employed in the Office of the United States Trustee for the District of Nevada, in accordance with Bankruptcy Rule 2014. JL will supplement these disclosures in the event further material connections are

---

[3] See, e.g., DeVlieg-Bullard, Inc. v. Natale In re DeVlieg, Inc.), 174 B.R. 497, 503 (N.D. Ill. 1994) (attorney holding claim against debtor not disqualified from employment under section 327(e)), appeal dismissed; In re G & H Steel Serv., Inc., 76 B.R. 508 (Bankr. E.D. Pa. 1987).

discovered regarding persons or entities that later become identified as parties in interest in this Chapter 11 Case.

See McAlary Declaration, ¶ 24; Jimmerson Verified Statement, ¶ 23.

## VII.

## **PROFESSIONAL COMPENSATION**

45. Debtor shall compensate JL for the Services rendered to Debtor. See McAlary Declaration, ¶ 25. Pursuant to the Engagement Agreement, JL will be paid an hourly rate. The amount of compensation to be paid to JL by Debtor for the Services rendered will fluctuate depending on the attorney working on the matter. Generally, JL's rate range from $350 to $595 per hour. Mr. Jimmerson's rate for this matter is $350.00 per hour and he will be the primary attorney working on this matter from JL. See McAlary Declaration, ¶ 26; Jimmerson Verified Statement, ¶ 24

46. JL shall also seek reimbursement for one hundred percent (100%) of expenses and costs incurred on Debtor's behalf in connection with the Action. See McAlary Declaration, ¶ 27; Jimmerson Verified Statement, ¶ 25.

47. JL requires an initial retainer of $25,000.00 (the "Retainer"). JL will deposit the retainer in its trust account and will hold it for the duration of its representation of Debtor. JL will apply the retainer funds to any outstanding and overdue balances owing pursuant to the Monthly Fee Application procedure described below. At the end of JL's representation, it will apply the remaining Retainer (if any) to any outstanding fees and/or expenses owing that are approved by the Court pursuant to JL's Final Fee Application and return any unearned funds to Debtor at that time. See McAlary Declaration, ¶ 28; Jimmerson Verified Statement, ¶ 26.

48. There is no agreement of any nature, other than with respect to the attorneys at JL and payment of any contract attorneys utilized by JL, as to the sharing of compensation to be paid to JL. See Jimmerson Verified Statement, ¶ 27.

49. Subject to the specific terms below, on or before the last day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), JL may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during

1  any preceding month or months and serve a copy of such Monthly Fee Application on: Debtor, the United States Trustee, the Committee, and parties requesting special notice (the "Notice Parties"). If JL fails to file a Monthly Fee Application for a particular month or months, it may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, and the Local Rules of Bankruptcy Procedure for the District of Nevada. See McAlary Declaration, ¶ 29; Jimmerson Verified Statement, ¶ 28.

50. Each Notice Party will have twenty (20) days after service (or the next business day if the 20th day is not a business day) of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described below. If no objections are raised on or before the expiration of the Objection Deadline, JL shall file a certificate of no objection with the Court, after which Debtor shall be authorized to pay JL an amount equal to 100 percent of the fees and expenses requested in its Monthly Fee Application (the "Maximum Monthly Payment"). If an objection is properly filed, Debtor shall pay JL 100 percent of the fees and expenses not subject to an objection (the "Actual Monthly Payment"). See McAlary Declaration, ¶ 30; Jimmerson Verified Statement, ¶ 29.

51. If any Notice Party objects to JL's Monthly Fee Application, it must, on or before the Objection Deadline, (i) file a written objection (an "Objection") with the Court and serve such Objection on JL and each other Notice Party so as to be received on or before the Objection Deadline. Thereafter, the objecting party and JL may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, JL may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties. See McAlary Declaration, ¶ 31; Jimmerson Verified Statement, ¶ 30.

52. Beginning with the approximately 120-day period commencing on the Petition Date, and at each 120-day period thereafter (the "Interim Fee Period"), JL shall file with the Court and

serve on the Notice parties an application (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by JL in its Monthly Fee Applications filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying: (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an Objection; (iv) the deadline for parties other than the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application; and (v) any other information requested by the Court or required by the Local Rules. Objections, if any, to the Interim Fee Applications shall be filed and served upon JL and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application. See McAlary Declaration, ¶ 32; Jimmerson Verified Statement, ¶ 31.

53. Debtor requests that the Court schedule a hearing on the Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing. See McAlary Declaration, ¶ 33; Jimmerson Verified Statement, ¶ 32.

54. Debtor shall pay JL in the amount of the Maximum Monthly Payments, the Actual Monthly Payments, the Incremental Amounts approved by the Court, and/or any other compensation and expenses approved by the Court pursuant to Interim Fee Applications or the final fee application, as applicable (the "Fee Payments"). See McAlary Declaration, ¶ 34; Jimmerson Verified Statement, ¶ 33.

55. The authority for establishing procedures for the interim compensation and reimbursement of expenses of professionals is found within section 331 of the Bankruptcy Code, which provides, in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or

reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Furthermore, section 105(a) of the Bankruptcy Code authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506 (9th Cir. 2002).

56. Courts in this district have regularly entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis, such as those proposed herein. See In re Martifer, Case No. 14-10355-ABL (Bankr. D. Nev. Jan. 21, 2014); In re 155 East Tropicana, LLC, Case No. 11-22216-BAM (Bankr. D. Nev. Sep. 16, 2011); In re Nevada Cancer Institute, Case No. 11-28676-MKN (Bankr. D. Nev. Jan. 18, 2012); In re Station Casinos, Inc., et. al, Case No. 09-52477 (Bankr. D. Nev. Aug. 7, 2009).

57. Debtor respectfully submits that the proposed fee arrangement with JL in accordance with rendering of its Services, and as set forth above and in the Engagement Agreement, is both fair and reasonable in light of: (i) industry practice; (ii) the similarity to market rates both in and out of Chapter 11 proceedings; (iii) JL's general experience, and in particular with government, regulatory, land use, and constitutional matters, and Nevada law in general; and (iv) the type of work to be performed pursuant to its retention. See McAlary Declaration, ¶ 35.

## VIII.
## NOTICE

58. Notice of this Application has been provided to the Office of the United States Trustee, secured creditors, those creditors holding the twenty largest unsecured claims, those governmental agencies required to receive notice under Bankruptcy Rule 5003(e), and any party which has filed and served on the Debtor a request for special notice. Debtor respectfully submits that such notice is appropriate under the circumstances and that no other or further notice is necessary or required.

142837888.1

13

## IX.

## NO PRIOR APPLICATION

59. No prior application for the relief requested herein has been made to this Court or any other court. See McAlary Declaration, ¶ 36.

## X.

## CONCLUSION

60. WHEREFORE, Debtor respectfully requests entry of an Order authorizing the relief requested herein, substantially in the form attached hereto as **Exhibit A**, and granting Debtor such other and further relief as is just and proper.

DATED this 16th day of February 2023.

**FOX ROTHSCHILD LLP**

By:     */s/Brett Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142837888.1

14

# EXHIBIT A

# *PROPOSED FORM OF ORDER*

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*[Proposed] Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>    CASH CLOUD, INC.,<br>    dba COIN CLOUD,<br><br>                Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF THE JIMMERSON LAW FIRM, P.C. AS SPECIAL LITIGATION COUNSEL TO DEBTOR**<br><br>Hearing Date:    March 17, 2023<br>Hearing Time:    9:30 a.m. |

142837888.1

The Court, having reviewed and considered the *Application for Order Authorizing Retention and Employment of The Jimmerson Law Firm, P.C..* ["JL"] *as Special Litigation Counsel* (the "Application"),[1] filed by Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), the *Verified Statement of James J. Jimmerson* in Support of the Application (the "Jimmerson Verified Statement"), the *Declaration of Chris McAlary* in Support of the Application (the "McAlary Declaration"), and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good and sufficient as provided therein and under the circumstances; (2) JL does not represent or hold any interest adverse to the Debtor with respect to the matter on which such attorney is to be employed; (3) JL's employment as Debtor's special litigation counsel is necessary and in the best interests of Debtor and its estate; and (4) good cause exists to approve the retention and employment of JL.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED in all respects;

2. Pursuant to 11 U.S.C. §§ 327(e) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Debtor is authorized to retain and employ JL as special litigation counsel to perform the services set forth in the Application and under the terms of the Engagement Agreement attached as **Exhibit 1** to the Jimmerson Verified Statement; and

3. The terms of this Order shall be immediately effective and enforceable upon its entry.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

142837888.1

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: */s/Brett A. Axelrod*
 BRETT A. AXELROD, ESQ.
 Nevada Bar No. 5859
 NICHOLAS A. KOFFROTH, ESQ.
 Nevada Bar No. 16264
 ZACHARY T. WILLIAMS, ESQ.
 Nevada Bar No. 16023
 1980 Festival Plaza Drive, Suite 700
 Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By
 Jared A. Day,
 Trial Attorney for U.S. Trustee,
 Tracy Hope Davis

142837888.1

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Jared A. Day,                     APPROVED
    Trial Attorney
    Office of the United States
    Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### # #

142837888.1