BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       jmcpherson@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com

*[Proposed] Counsel for Debtor*

Electronically Filed February 17, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD<br><br>Debtor. | Case No. BK-23-10423-MKN<br><br>Chapter 11<br><br>**DECLARATION OF CHRISTOPHER ANDREW MCALARY IN SUPPORT OF DEBTOR'S FIRST OMNIBUS MOTION FOR ENTRY OF ORDER APPROVING REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365(a) AND DISPOSAL OF CERTAIN PERSONAL PROPERTY INCLUDING ABANDONMENT**<br><br>Hearing Date: March 17, 2023<br>Hearing Time: 9:30 a.m. |

I, Christopher Andrew McAlary, declare as follows:

1. I am the Chief Executive Officer ("CEO") of Cash Cloud, Inc. dba Coin Cloud (the "Debtor" or "Cash Cloud"), debtor and debtor in possession in the above captioned chapter 11 case (the "Chapter 11 Case").

2. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would

1

142885856.1

1  testify competently to the facts set forth in this Declaration.[1]  I make this Declaration in support of
2  the motion captioned above.

3        3.      On February 7, 2023 (the "Petition Date"), the Debtor initiated its Chapter 11 Case by
4  filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the
5  "Bankruptcy Code").

6        4.      The Debtor intends to operate its business and manage its properties as a debtor-in-
7  possession under section 1107(a) and 1108 of the Bankruptcy Code.

8        5.      I am advised by counsel that this Court has jurisdiction over this Chapter 11 Case
9  pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper in this United States Bankruptcy Court
10 for the District of Nevada pursuant to 28 U.S.C. §§ 1408 and 1409.

11       6.      As described in greater detail in my Omnibus Declaration of Christopher Andrew
12 McAlary in Support of Emergency First Day Motions [ECF 19], the Debtor was formed as a
13 Nevada corporation for the purpose of providing a platform for customers to buy and sell digital
14 currencies through Digital Currency Machines ("DCMs") distributed across the United States.
15 DCMs are an advanced version of the kiosks commonly referred to as Bitcoin ATMs or BTMs, that
16 enable a consumer to both (a) buy bitcoin as well as 30+ other digital currencies with cash, and (b)
17 sell digital currency for cash.  All of the Debtor's machines are DCMs offering two-way
18 functionality, over 30 digital currency options, an advanced user interface and a custom non-
19 custodial companion wallet app (available on the Apple App Store and the Google Play Store).

20       7.      As of December 31, 2022, the Debtor operated approximately 4,800 DCMs, or kiosks
21 ("Kiosk(s)") throughout the United States and Brazil, installed in some of the largest convenience,
22 grocery and liquor store chains and prestigious malls.

23       8.      To facilitate the installation of the Kiosks, Cash Cloud entered into numerous
24 contracts (the "Contracts") or leases ("Leases") with various parties ("Counterparty" or
25 "Counterparties") having retail locations, including convenience stores, malls, and enterprise grocery
26 stores.  The terms in the Contracts and/or Leases vary.  However, in general, the terms provide that

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed them in the Motion.

142885856.1

Cash Cloud is permitted to install a Kiosk at a certain location ("Location") in exchange for compensation being paid to the Counterparty. There are thousands of Contracts or Leases, and the nature and amount of compensation varies and is sometimes in the form of a fixed monthly rental payment or a variable portion of the profit of the Kiosk. The Contracts and/or Leases typically have a 3 to a 7-year term, with automatic renewals, unless terminated by either party. And, under certain "master" Contracts and/or Leases, wherein the Contract or Lease governs the installation of Kiosks at multiple, different Locations (as set forth within the exhibits attached thereto), the Contract or Lease contains terms that provide not only for the termination of the master agreement, as a whole, but also for either the Debtor or the Counterparty to terminate certain identified Locations.

9. In connection with its efforts to preserve and maximize the value of its estate through the prosecution of this case, the Debtor, in its business judgment, has determined that certain Contracts and/or Leases are financially burdensome and do not provide benefit to the estate. The Locations subject to the Contracts and/or Leases that are listed on **Exhibit 2** are no longer needed and are not a source of potential value for the Debtor's future operations, creditors, or interest holders. Further, the Debtor seeks to avoid depletion of the estate through accrual of administrative expenses associated with these Contracts and/or Leases. In addition, the Debtor has determined that there is no value in attempting to assume and assign the Contracts and/or Leases, as they are not marketable given their terms. Thus, rejection is in the best interests of creditors and other parties in interest.

10. Further, if there is Remaining Property, the Debtor will determine how this Remaining Property should be disposed of, including whether it should be removed, abandoned, sold, or surrendered to a party that is secured by the Remaining Property. The Debtor submits that if it determines that the Remaining Property (if any) should be abandoned, it will make this determination because the Remaining Property is either burdensome to the estate, as removal and storage of the Remaining Property is likely to exceed any net proceeds from this property, or is of inconsequential value and benefit to the estate. Thus, the Debtor's determination to abandon will reflect the Debtor's exercise of sound business judgment, taking into account the best interests of the Debtor, its estate, its creditors and other parties in interest.

/ / /

142885856.1

1    I declare, under penalty of perjury of the laws of the United States of America, that the
2    foregoing statements are true and correct to the best of information, knowledge and belief.
3    Executed this 17th day of February, 2023 in Las Vegas, Nevada.

           /s/ *Christopher Andrew McAlary*
           Christopher Andrew McAlary

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142885856.1