BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
　　　　nkoffroth@foxrothschild.com
　　　　zwilliams@foxrothschild.com
*Counsel for Debtor*

Electronically Filed February 22, 2023

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

　　　　　　　　　　Debtor.

Case No. BK-23-10423-mkn

Chapter 11

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, AND FED. R. BANKR. P. 2016, AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Hearing Date:　OST PENDING
Hearing Time:　OST PENDING

Cash Cloud, Inc., dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, hereby files this motion (the "Motion") for an order pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), authorizing and establishing procedures for the interim compensation and reimbursement of expenses of professionals.

1

This Motion is supported by the papers and pleadings on file in this Chapter 11 Case, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Motion. In further support of this Motion, Debtor respectfully represents as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.    General Background**

1. On February 7, 2023 (the "Petition Date"), Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On February 17, 2023, the United States Trustee for the District of Nevada appointed the Official Committee of Unsecured Creditors (the "Committee") for Debtor [ECF No. 131].

5. The factual background relating to Debtor's commencement of the Chapter 11 Case is set forth in detail in the *Omnibus Declaration of Christopher Andrew McAlary in Support of First Day Motions* [ECF No. 19] (the "Omnibus Declaration") and is incorporated herein by this reference.[1]

### II.

### STATEMENT OF FACTS

**A.    Background.**

6. Debtor has received authority to retain certain professionals in the Chapter 11 Case, including Fox Rothschild LLP, as bankruptcy counsel to Debtor [ECF No. 119], and Province, LLC, as Financial Advisor to Debtor [ECF No. 120]. In addition, Debtor has filed an application to retain The Jimmerson Law Firm, P.C., as special litigation counsel [ECF No. 122]. Debtor anticipates that,

---

[1] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Omnibus Declaration.

2

1  as the Chapter 11 Case progresses, it may need to retain other professionals in connection with its
2  chapter 11 efforts. Furthermore, Debtor anticipates that the recently appointed Committee [ECF
3  No. 131] will retain counsel, and possibly other professionals, to assist it in fulfilling its obligations
4  in the Chapter 11 Case.

5        7. By this Motion, Debtor requests entry of an order, in the form attached hereto as
6  **Exhibit 1** (the "Order"), pursuant to Bankruptcy Code sections 105(a) and 331 and Bankruptcy Rule
7  2016(a), authorizing and establishing procedures for the compensation and reimbursement of court-
8  appointed professionals (collectively, the "Professionals") on a monthly basis, on terms comparable
9  to the procedures established in other similar chapter 11 cases. The Order will streamline the
10 professional compensation process and enable the Court and all other parties to monitor more
11 effectively the professional fees incurred in this Chapter 11 Case.

12 **B.    Proposed Compensation And Reimbursement Procedures**

13       8. Debtor proposes that, except as otherwise provided in an order of this Court
14 authorizing the retention of a particular Professional, the Professionals be permitted to seek interim
15 payment of compensation and reimbursement of expenses in accordance with the following
16 procedures (collectively, the "Compensation Procedures"):

    a. Subject to the specific terms below, on or before the last day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by overnight and/or electronic mail on:

        i. Cash Cloud, Inc., 10190 Covington Cross Drive, Las Vegas, Nevada 89144 (Attn: Christopher Andrew McAlary; chris@coincloud.com);

        ii. Fox Rothschild, LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135 (Attn: Brett A. Axelrod, Esq.; baxelrod@foxrothschild.com), counsel for Debtor;

        iii. United States Trustee Tracy Hope Davis, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101 (Attn: Jared A. Day, Trial Attorney; Jared.A.Day@usdoj.gov);

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

      iv. counsel to the Committee;

      v. Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, (Attn: Jordi Guso; JGuso@bergersingerman.com), and Sylvester & Polednak, Ltd. (Attn: Jeffrey R. Sylvester; Jeff@SylvesterPolednak.com); counsel to DIP lender CKDL Credit, LLC;

      vi. Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019-9601, (Attn: Andrew Kissner; akissner@mofo.com; Gary Lee; glee@mofo.com), and Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134 (Attn: James Patrick Shea; jshea@shea.law, Bart K. Larsen; blarsen@shea.law; Kyle M. Wyant; kwyant@shea.law); counsel to Enigma Securities Limited, and

      vii. Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, (Attn: Sean A. O'Neal; soneal@cgsh.com, Jane VanLare; jvanlare@cgsh.com), and Snell & Wilmer L.L.P., 3883 Howard Hughes Parkway, Suite 1100, Las Vegas, NV 89169, (Attn: Robert R. Kinas; rkinas@swlaw.com); counsel to Genesis Global Holdco, LLC.

(each a "Notice Party" and collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, and the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules").

b. Each Notice Party will have twenty (20) days after service (or the next business day if the 20th day is not a business day) of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. If no objections are raised on or before the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which Debtor shall be authorized to pay such Professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in its Monthly Fee Application (the "Maximum Monthly Payment"). If an objection is properly filed, Debtor shall be authorized to pay the Professional 80 percent of the fees and 100 percent of the expenses not subject to an objection (the "Actual Monthly Payment"). The first Monthly Fee Application shall cover the period from the Petition Date through and including March 31, 2023.

c. If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the Objection Deadline, (i) file a written objection (an "Objection") with the Court and serve such Objection on such Professional

4

and each other Notice Party so as to be received on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

d.  Beginning with the approximately 120-day period beginning on the Petition Date and ending on June 14, 2023, and at each 120-day period thereafter (the "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying: (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an Objection; (iv) the deadline for parties other than the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application; and (v) any other information requested by the Court or required by the Local Rules and the Chapter 11 Large Fee/Mega Case Guidelines. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

e.  Debtor will request that the Court schedule a hearing on the Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

f.  Each Professional must file and serve its Interim Fee Applications on or before the 30th day following the end of the Interim Fee Period. The first Interim Fee Application shall cover fees and expenses incurred from the Petition Date through and including June 14, 2023.

g.  The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further interim payments

5

of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file an Interim Fee Application in a timely manner.

h.  Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

9. Debtor further requests that the Court limit service of Monthly Fee Applications, Interim Fee Applications and final fee applications (collectively, the "Applications") to the Notice Parties. Debtor further requests that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in the Chapter 11 Case shall be entitled to receive only notice of hearings on the Applications (the "Hearing Notice"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in this Chapter 11 Case to review and object to the Professionals' fees while saving unnecessary duplication and mailing expenses.

### III.
### BASIS FOR RELIEF

10. The authority for establishing procedures for the interim compensation and reimbursement of expenses of professionals is found within section 331 of the Bankruptcy Code, which provides, in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Furthermore, section 105(a) of the Bankruptcy Code authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506 (9th Cir. 2002).

6

11. The underlying purpose of section 331 of the Bankruptcy Code is to provide financial relief to court-appointed professionals engaged in protracted bankruptcy proceedings and cases, so that these professionals do not have to wait for what may be years before receiving compensation. See In re Commercial Consortium of Ca., 135 B.R. 120, 123 (Bankr. C.D. Cal. 1991) (stating that the essential function of section 331 is to relieve counsel and other professionals the burden of "financing" lengthy bankruptcy proceedings). Indeed, courts have commonly authorized more frequent payments in large cases in order to avoid undue delays in payment. See In re Knudsen Corp., 84 B.R. 668, 672 (B.A.P. 9th Cir. 1988).

12. Courts in this district have regularly entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis, such as those proposed herein. See In re 155 East Tropicana, LLC, Case No. 11-22216-BAM (Bankr. D. Nev. Sep. 16, 2011); In re Nevada Cancer Institute, Case No. 11-28676-MKN (Bankr. D. Nev. Jan. 18, 2012); In re Station Casinos, Inc., et. al, Case No. 09-52477 (Bankr. D. Nev. Aug. 7, 2009).

13. Debtor submits that the Compensation Procedures herein are appropriate and consistent with the interim procedures approved in the above-cited cases. The implementation of the Compensation Procedures is validated by the size and complexity of this Chapter 11 Case, and Debtor's limited staff and resources. Debtor must hire Professionals to help it satisfy the burdens of this Chapter 11 Case and navigate the reorganization process. The proposed Compensation Procedures streamline the professional compensation process for the Professionals and enable the Court and all other parties to effectively monitor the professional fees incurred in this Chapter 11 Case.

14. In addition, it is anticipated that numerous Professionals will be involved. Absent streamlined compensation procedures, the professional fee application and review process could be exceptionally burdensome on Debtor, the Professionals, the Court and other parties. By contrast, under the Compensation Procedures, the mechanism for payment of Professionals' fees will be simplified and will avoid unnecessary Court involvement. For example, the Compensation Procedures will avoid the need for the Court to review Monthly Fee Applications before payments can be made to Professionals.

15. In sum, the Compensation Procedures will (a) reduce substantially the burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee Applications, (b) enable parties in interest to monitor more closely the costs of administration of this case, (c) diminish undue financial burdens on the Professionals and avoid having Professionals fund the costs of Debtor's reorganization, and (d) permit Debtor to better predict and manage its monthly cash costs.

16. Based on the foregoing, Debtor submits that the relief requested herein is necessary and appropriate, and in the best interests of Debtor, its estate and creditors.

## IV.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that this Court enter an order substantially in the form attached as **Exhibit 1** hereto, (i) authorizing and establishing procedures for the interim compensation and reimbursement of expenses of Professionals, and (ii) granting such other and further relief as the Court may deem just and proper.

DATED this 22nd day of February 2023.

**FOX ROTHSCHILD LLP**

By:     /s/Brett Axelrod
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

# EXHIBIT 1
# PROPOSED ORDER

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, AND FED. R. BANKR. P. 2016, AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>Hearing Date:<br>Hearing Time: |

1

This Court, having reviewed and considered Debtor's motion (the "<u>Motion</u>")[1] for an order pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>") and rule 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "<u>Bankruptcy Rules</u>"), authorizing and establishing procedures for the interim compensation and reimbursement of expenses of professionals, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of Debtor, its creditors and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby,

ORDERED that the Motion is GRANTED; and

IT IS FURTHER ORDERED that except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in this case (collectively, the "<u>Professionals</u>") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "<u>Compensation Procedures</u>"):

    a.    Subject to the specific terms below, on or before the last day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "<u>Monthly Fee Application</u>") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by overnight and/or electronic mail on:

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

    i. Cash Cloud, Inc., 10190 Covington Cross Drive, Las Vegas, Nevada 89144 (Attn: Christopher Andrew McAlary; chris@coincloud.com);

    ii. Fox Rothschild, LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135 (Attn: Brett A. Axelrod, Esq.; baxelrod@foxrothschild.com), counsel for Debtor;

    iii. United States Trustee Tracy Hope Davis, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101 (Attn: Jared A. Day, Trial Attorney; Jared.A.Day@usdoj.gov);

    iv. counsel to the Committee;

    v. Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, (Attn: Jordi Guso; JGuso@bergersingerman.com), and Sylvester & Polednak, Ltd. (Attn: Jeffrey R. Sylvester; Jeff@SylvesterPolednak.com); counsel to DIP lender CKDL Credit, LLC;

    vi. Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019-9601, (Attn: Andrew Kissner; akissner@mofo.com; Gary Lee; glee@mofo.com), and Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134 (Attn: James Patrick Shea; jshea@shea.law, Bart K. Larsen; blarsen@shea.law; Kyle M. Wyant; kwyant@shea.law); counsel to Enigma Securities Limited, and

    vii. Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, (Attn: Sean A. O'Neal; soneal@cgsh.com, Jane VanLare; jvanlare@cgsh.com), and Snell & Wilmer L.L.P., 3883 Howard Hughes Parkway, Suite 1100, Las Vegas, NV 89169, (Attn: Robert R. Kinas; rkinas@swlaw.com); counsel to Genesis Global Holdco, LLC.

(each a "Notice Party" and collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, and the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules").

b. Each Notice Party will have twenty (20) days after service (or the next business day if the 20th day is not a business day) of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. If no objections are raised on or before the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file

a certificate of no objection with the Court, after which Debtor shall be authorized to pay such Professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in its Monthly Fee Application (the "Maximum Monthly Payment"). If an objection is properly filed, Debtor shall be authorized to pay the Professional 80 percent of the fees and 100 percent of the expenses not subject to an objection (the "Actual Monthly Payment"). The first Monthly Fee Application shall cover the period from the Petition Date through and including March 31, 2023.

f. If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the Objection Deadline, (i) file a written objection (an "Objection") with the Court and serve such Objection on such Professional and each other Notice Party so as to be received on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

g. Beginning with the approximately 120-day period beginning on the Petition Date and ending on June 14, 2023, and at each 120-day period thereafter (the "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice parties an application (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying: (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an Objection; (iv) the deadline for parties other than the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application; and (v) any other information requested by the Court or required by the Local Rules and the Chapter 11 Large Fee/Mega Case Guidelines. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

h. Debtor will request that the Court schedule a hearing on the Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no

Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

i. Each Professional must file and serve its Interim Fee Applications on or before the 30th day following the end of the Interim Fee Period. The first Interim Fee Application shall cover fees and expenses incurred from the Petition Date through and including June 14, 2023.

j. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file an Interim Fee Application in a timely manner.

k. Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

**IT IS FURTHER ORDERED** that notice of Monthly Fee Applications, Interim Fee Applications and final fee applications (collectively, the "Applications") shall be served only on the Notice Parties and that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of the pleadings in this Chapter 11 Case shall receive only notice of hearings on the Applications (the "Hearing Notice"); and

**IT IS FURTHER ORDERED** that the Debtor will include all payments made to Professionals in accordance with the Compensation Procedures in its monthly operating reports, identifying the amount paid to each of the Professionals; and

**IT IS FURTHER ORDERED** that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and

**IT IS FURTHER ORDERED** that, notwithstanding any provision in the Bankruptcy Rules to the contrary, Debtor is not subject to any stay in the implementation, enforcement or realization of

5

the relief granted in this Order, and Debtor may, in its discretion and without further delay, take any action and perform any acts authorized under this Order; and

   **IT IS FURTHER ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

   **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order; and

   **IT IS FURTHER ORDERED** that notice of this Motion as provided therein shall be deemed good and sufficient notice of the Motion.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:    */s/Brett A. Axelrod*
  BRETT A. AXELROD, ESQ.
  Nevada Bar No. 5859
  NICHOLAS A. KOFFROTH, ESQ.
  Nevada Bar No. 16264
  ZACHARY T. WILLIAMS, ESQ.
  Nevada Bar No. 16023
  1980 Festival Plaza Drive, Suite 700
  Las Vegas, Nevada 89135
*Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY: _____
  Jared A. Day,
  Trial Attorney for United States Trustee,
  Tracy Hope Davis

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Jared A. Day, Trial Attorney
    Office of the United States Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #