

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 22, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
    nkoffroth@foxrothschild.com
    zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**INTERIM ORDER (A) AUTHORIZING THE RETENTION AND APPOINTMENT OF STRETTO, INC. AS CLAIMS, NOTICING, AND SOLICITATION AGENT AND (B) GRANTING RELATED RELIEF**<br><br>Hearing Date: February 10, 2023<br>Hearing Time: 2:00 p.m. |

1

142675712.1

Upon the application (the "Application")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order"), (a) authorizing the retention and appointment of Stretto, Inc. ("Stretto") as claims and noticing agent ("Claims and Noticing Agent") pursuant to 28 U.S.C. § 156(c) and section 105(a) of the Bankruptcy Code, and (b) granting related relief, all as more fully set forth in the Application; and upon the First Day Omnibus Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Application is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Application shall be held on March 17, 2023, at 9:30 a.m., prevailing Pacific Time. Any objections or responses to entry of a final order on the Application shall be filed on or before March 3, 2023, and shall be served on: (a) proposed counsel to the Debtor (Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, baxelrod@foxrothschild.com, nkoffroth@foxrothschild.com,

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

2

142675712.1

zwilliams@foxrothschild.com); (b) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Any replies shall be filed on or before March 10, 2023. In the event no objections to entry of the Final Order on the Application are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtor is authorized to retain and appoint Stretto as Claims and Noticing Agent under the terms of the Services Agreement as set forth in this Order and pursuant to the Nevada Noticing Agent Guidelines, which are attached hereto as **Exhibit A**. Stretto is authorized and directed to perform noticing and balloting services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this chapter 11 case, and other related tasks as described in the Application, the Services Agreement, the Nevada Noticing Agent Guidelines and this Order. The Clerk shall provide Stretto with ECF credentials that allow Stretto to receive ECF notifications and file certificates of service.

4. Stretto as Claims and Noticing Agent relieves the Clerk's office of all noticing under applicable Bankruptcy Rules.

5. Stretto shall administer proofs of claim as set forth in Paragraph C of the Nevada Noticing Agent Guidelines.

6. Stretto is authorized to take such other action to comply with all duties and Services set forth in the Application.

7. Stretto shall prepare and serve required notices of judgments or orders pursuant to local rule 9022.

8. Notwithstanding Sections 330 and 331 and Bankruptcy Rule 2016, the Debtor is authorized to compensate Stretto in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee

142675712.1

applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9. Stretto shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred. With respect to services provided prior to entry of an order confirming a chapter 11 plan in this chapter 11 case, Stretto shall serve monthly invoices on the Debtor, the Office of the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party in interest who specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Services Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Stretto may apply its advance to all prepetition invoices, which advance may be replenished to the original advance amount, and thereafter, Stretto may hold its advance under the Engagement Agreement during this chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

12. Without further order of the Court, pursuant to Section 503(b)(1)(A), the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtor's estate.

13. Stretto shall not be entitled to charge the estate late fees.

14. Stretto shall not be entitled to payment of attorneys' fees or expenses.

15. The Debtor shall indemnify Stretto under the terms of the Services Agreement, as modified pursuant to this Order.

16. Stretto shall not be entitled to indemnification for its own negligence.

17. Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

18. Notwithstanding anything to the contrary in the Services Agreement, the Debtor shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any

142675712.1

claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen solely from Stretto's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any) as provided in this Order; (b) for a contractual dispute in which the Debtor alleges the breach of Stretto's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

19. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in this chapter 11 case (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing this chapter 11 case, Stretto believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including the advancement of defense costs, Stretto must file an application therefor in this Court, and the Debtor may not pay any such amounts to Stretto before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement.

20. In the event Stretto is unable to provide the Services set out in this Order, Stretto will immediately notify the Clerk and the Debtor's attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtor's attorney.

21. After entry of an order terminating Stretto's services, upon the closing of this case, or for any other reason, Stretto shall be responsible for archiving all proofs of claim with Bankruptcy Court, if applicable, and shall be compensated by the Debtor in connection therewith.

22. Stretto shall not cease providing claims processing services during the chapter 11 case for any reason, including nonpayment, without an order of the Court.

5

23. In the event of any inconsistency between the Services Agreement, the Application, the Nevada Noticing Agent Guidelines and this Order, this Order and the Nevada Noticing Agent Guidelines shall govern.

24. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

26. Notwithstanding anything contained in this Order to the contrary, the Debtor shall be required to employ Stretto under a separate application under 11 U.S.C. § 327, and seek approval of fees and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 or 331, as applicable, if Stretto provides services that fall outside the scope of 28 U.S.C. § 156(c).

27. The Debtor and Stretto are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

28. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: _/s/Brett A. Axelrod_
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

142675712.1

**APPROVED:**

**OFFICE OF THE UNITED STATES TRUSTEE**

By _/s/Jared A. Day_
    Jared A. Day,
    Trial Attorney for Tracy Hope Davis,
    United States Trustee
    Foley Federal Building
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

**APPROVED:**

**STRETTO, INC.**

By _Christopher Updike_
    Christopher Updike
    Stretto, Inc.
    Chris.updike@stretto.com

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Jared A. Day,    **APPROVED**
    Trial Attorney
    Office of the United States
    Trustee

    Christopher Updike    **APPROVED**
    Attorney for Stretto, Inc.

☐ I certify that this is a case under Chapter 7 or 13, that I has served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

142675712.1

**EXHIBIT A**

142675712.1



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

**GUIDELINES FOR A CLAIMS AND NOTICING AGENT**
**Updated March 2021**

Appointment of a Claims, Noticing and Balloting Agent (the "Claims Agent") is required if there are 1,000 or more creditors in a case and may be required by the court in other circumstances.

A.  Upon application and order, the services of a claims agent may be employed by the Debtor's estate pursuant to 28 U.S.C. §156(c) to perform services for the court under the direction of the Clerk of the Bankruptcy Court ("Clerk") to include among other things:

 1. Serve as the court's notice agent to mail notices to the estates' creditors and parties in interest.

 2. Provide expertise, consultation and assistance in claim and ballot processing and with other administrative matters with respect to the debtor's bankruptcy cases.

 3. Provide expertise, consultation and assistance with the preparation of schedules, statements of financial affairs and master creditor lists, if necessary, and any amendments thereto.

 4. Process, image and docket all proofs of claim filed in the debtor's case(s) ONLY on the court's electronic docketing system or the court's Electronic Proof of Claim (ePOC) system a within 48 hours of receipt (the same standard used in the Clerk's office). The file date must be noted in the comment section to ensure the docket sheet states the correct file date.

    a.  All proofs of claim should be electronically docketed and images attached to such docket entries using the court's Case Management/Electronic Case Filing system (CM/ECF) or the court's ePOC system to ensure that all claims received and filed in the debtor's case(s) are recorded and available for public reference.

1

B. The second phase of claims processing is reconciliation of the claims to the debtor-provided creditor information. To ensure that the creditors are treated fairly, the claims agent handling the docketing of proofs of claim will be an independent party not providing legal or financial advice about the interpretation or settlement of the claims.

C. Since the Clerk is responsible for the security and integrity of all of the bankruptcy court's records and dockets, including claims registers, mailing matrices, and other case papers maintained by the outside claims agents, the following guidelines are set forth to help assure the security of official information.

The outside claims agent shall:

1. Relieve the Clerk's office of all noticing under any applicable bankruptcy rules and processing of claims.

2. At any time, upon request, satisfy the court that the outside claims agent has the capability to efficiently and effectively notice, image proofs of claim, docket (in the court's CM/ECF system or the court's ePOC system) and securely maintain the proofs of claim.

3. Prepare and serve required notices in the above captioned case(s), including but not limited to:

    a. notice of all creditors of the filing of the bankruptcy petition and of the setting of the first meeting of creditors, pursuant to 11 U.S.C. Section 341(a), under the proper provision of the Bankruptcy Code;

    b. notice of the claims bar date;

    c. notices of objections to claim;

    d. notices of any hearings on a disclosure statement and confirmation of a plan of reorganization;

    e. notice of filing official transcript;

    f. notice of judgments or orders pursuant to local rule 9022; and

    g. notice any other matters as required by the order retaining the claims agent.

4. Furnish a last date for the filing of a proof of claim and a form for filing a proof of claim to each creditor notified of the filing.

2

5.      **Maintain an up-to-date copy of debtor's schedules that list the creditors and the amounts owed, and maintain an accurate and up-to-date mailing list.**

6.      Provide the creditor with the scheduled amount and classification.   In jointly administered cases, the entity in which the creditor is scheduled should also be provided.

7.      File with the Clerk a certificate of service within 10 days, which includes a copy of the notice, a list of persons to whom it was mailed (in alphabetical order by last name or company name), and date mailed.

8.      Image the proofs of claim and all attachments in PDF format (not to exceed 5 MG in size per image), make the electronic docket entry into the court's CM/ECF docketing system of each proof of claim including the entry of the creditor's name and address, if necessary, and attach that image to the appropriate proof of claim docket entry to enable the electronic viewing of the documents by court personnel, counsel, and the public.

9.      Have all proofs of claim and transfer of claims forwarded from the office of the Clerk to the outside claims agent through a messenger service or postage paid envelopes.   Pre-addressed, postage paid envelopes can be mailed to the Clerk's office where the case is filed:

Attn. Supervisor                                     Attn. Supervisor
U.S. Bankruptcy Court         or            U.S. Bankruptcy Court
300 Las Vegas Blvd. South                   300 Booth Street
Las Vegas, NV 89101                            Reno, NV 89509

10.     Once imaged, maintain any hard copies of proofs of claim originally received in paper format for the life of the case, or until otherwise ordered by the court:

   a.      in correct claim number order;

   a.      in an environmentally secure area to protect the integrity of these original documents from theft and/or alteration.

11.     Maintain an official claims register in CM/ECF by docketing all proofs of claim on a claims register including but not limited to, the following information:

   a.      the name and address of claimant and the agent, if agent filed proof of claim;

   b.      the date received;

   c.  the claim number assigned (CM/ECF assigns a claim number automatically; the assigned claim number is to be written on the hard copy of the claim in the lower right hand corner); and

   d.  the amount and classification asserted by such claimant.

12.  Have the option to send at the discretion of the debtor or Clerk, an acknowledgment letter to the creditor when its claim is processed.

13.  Maintain a telephone staff to handle inquiries related to procedures about filing proofs of claim.

14.  Ensure electronic filing (in court's CM/ECF docketing system) and processing of all Assignment and Transfer of Claim pursuant to FRBP 3001(e):

   a.  by electronically filing and docketing all transfers of claim in the court's CM/ECF docketing system;

   b.  provide notice of the transfer as required by FRBP 3001(e) and electronically file and docket the notice of transfer;

   c.  after said electronic docketing, write the document number in the lower right hand corner of the document, and deliver the original document to the Clerk's office by hand delivery or by mail for filing with other original non-proof of claim paper document.

15.  Make changes in claims register pursuant to court order.

16.  Make all original documents available to the Clerk on an expedited immediate basis.

17.  Not employ any past or present employees of the debtor for work on the particular case involving that debtor.

18.  Provide notices, at the expense of the debtor's estate, to any entities, not limited to creditors, that the debtor or the court deems necessary for an orderly administration of the above captioned bankruptcy case(s).

19.  At the end of a case, case conversion, or when the claims agent is terminated for any reason:

   a.  The claims agent will file a Notice of Termination, using the approved local form available on the court's website.

4

        b.        There is a need for the Clerk's office to assume responsibility of the claims register using the claims register functionality in CM/ECF. The Clerk's office may use a mass claims upload feature, but the claims agent may have to first make some formatting modifications to the claims register before turning it over to the Clerk's office for uploading.

        c.        The claims agent will send the court the final version of the claims register in PDF format so the final version can be docketed in the lead case in CM/ECF.

        d.        The claims agent will box and ship all original documents in proper format, as provided by the Clerk's office, to the office address of the Clerk.

        e.        Failure to do the steps listed above may result in an Order to Show Case.

20.    Ensure that no notices or forms are sent on behalf of the debtor without prior approval of the Clerk.

21.    Be responsible for regular contact with the debtor's counsel to insure any changes in the claims that appear on the docket, i.e., withdrawals, transfers, etc. be transmitted to the claims agent for electronic recordation on the claims register and the case docket, as appropriate.

D.    In the exercise of any authority granted by these guidelines, the outside claims agent shall comply with all applicable provisions of Title 11 of the U.S. Code the Federal Rules of Bankruptcy Procedure and any other applicable bankruptcy and non-bankruptcy laws or regulations of other appropriate governmental agencies.

E.    The outside claims agent shall promptly comply with such further conditions and requirements as the Clerk may hereafter prescribe.

F.    The outside claims agent is not employed by the federal government or U.S. Bankruptcy Court. Any appointed outside claims agent, is not an official representative of the United States and is not acting on behalf of the United States. Any appointed claims agent shall not misrepresent its authority to any person, entity or government agency.

G.    Orders to Show Cause may be issued against the debtor for failure to monitor the claims agent following these Guidelines.