**Goldsmith & Guymon, P.C.**
Marjorie A. Guymon, Esq.
Nevada Bar No. 4983
mguymon@goldguylaw.com
2055 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 873-9500
Facsimile: (702) 873-9600
Attorneys for Amondo Redmond

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD INC.,<br><br>                    Debtor. | Case No. BK-S-23-10423-MKN<br>Chapter 11<br><br>Hearing Date: OST PENDING<br>Hearing Time: OST PENDING |

### MOTION TO MODIFY AUTOMATIC STAY

COMES NOW, Amondo Redmond, by and through counsel, Marjorie A. Guymon, Esq. of Goldsmith & Guymon, P.C., and hereby submits his request for modification of the automatic stay. This Motion to Modify Automatic Stay is made and based upon the accompanying Memorandum of Points and Authorities, the attached Exhibits hereto, all pleadings and papers on file herein, the Declaration of Amondo Redmond and his state court counsel, Mary Chapman, Esq., both filed contemporaneously herewith, and the argument of counsel upon hearing.

DATED: March 1, 2023.

                              GOLDSMITH & GUYMON, P.C.

                         By: _/s/ Marjorie A. Guymon, Esq._
                              Marjorie A. Guymon, Esq.
                              Nevada Bar No. 4983
                              mguymon@goldguylaw.com
                              2055 Village Center Circle
                              Las Vegas, Nevada 89134
                              Telephone: (702) 873-9500
                              Attorneys for Amondo Redmond

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF FACTS**

A.  **State Court Action**

1. On or about August 5, 2021, CASH CLOUD INC. dba COIN CLOUD, a Nevada Corporation (hereinafter "Debtor"), filed a Complaint in the Eight Judicial District Court, Clark County, Nevada, Case No. A-21-839023-B against Amondo Redmond (hereinafter "Amondo"). Debtor filed an Amended Complaint on February 1, 2022, asserting claims involving (1) fraudulent representations made to Debtor, (2) post-termination interference with Debtor's contractual relationships, and (3) authorized divergence of Debtor's funds to Redmond and/or his affiliates. *See* ECF 122, APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF THE JIMMERSON LAW FIRM, P.C. AS SPECIAL COUNSEL TO THE DEBTOR, 5:16-18, and Exhibit 9 to VERIFIED STATEMENT OF JAMES M. JIMMERSON IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF THE JIMMERSON LAW FIRM, P.C. AS SPECIAL LITIGATION COUNSEL TO DEBTOR (ECF 123, 3:6-10). Debtor sought and obtained a Business Court specialty assignment.

2. Amondo thereafter filed and Answer and Counterclaim against Debtor on or about June 17, 2022. Amondo filed his Amended Answer to First Amended Complaint with Jury Demand and Amended Counterclaim on or about October 6, 2022.

3. Debtor filed its Answer to Counterclaim October 20, 2022.

4. Between the date of the original filing of Debtor's Complaint and Amondo's Amended Answer and Amended Counter Claim the parties engaged in significant litigation over the dismissal of the Complaint, Rule 16 Case Conferences, Status Checks, Motion for Reconsideration, and Motion to Strike.

5. Amondo's legal counsel in the State Court matter sought and obtained permission from the Nevada Equal Rights Commission to bring suit pursuant to NRS 613.420 and Title VII and obtained a "right-to-sue" notice February 6, 2023. ***Amondo is required to bring suit "not later than***

*90 days after the date of the receipt of the right-to-sue notice...." Ninety days from February 6, 2023 is May 7, 2023.* A copy of the right-to-sue notice is attached hereto as Exhibit "B".

6. The claims between Debtor and Amondo involve Debtor's illegal employment practices, including racial harassment and discrimination, retaliation and wrongful termination under 18 U.S.C. §1981, Title VII and NRS 613.330.

7. At the time of the alleged illegal employment practices, Debtor was insured through Kinsale Insurance Company, Policy No. 0100125100-0, with Employment Practices Liability insurance of $1,000,000. A copy of the Kinsale Insurance Company Declaration Page is attached hereto as Exhibit "C".

8. It is also important to note that the State Court has set a Jury Trial for March 11, 2024.

**B.    Bankruptcy Action**

1. Debtor filed its Chapter 11 Bankruptcy on February 7, 2023. *See* ECF 1. Debtor filed its Suggestion of Bankruptcy in the State Court case on February 9, 2023.

2. On or about February 16, 2023, Debtor filed an APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF THE JIMMERSON LAW FIRM, P.C. AS SPECIAL COUNSEL TO THE DEBTOR. *See* ECF 122. Debtor also filed a VERIFIED STATEMENT OF JAMES M. JIMMERSON IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF THE JIMMERSON LAW FIRM, P.C. AS SPECIAL LITIGATION COUNSEL TO DEBTOR (ECF 123), DECLARATION OF CHRISTOPHER ANDREW MCALARY IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF THE JIMMERSON LAW FIRM, P.C. AS SPECIAL LITIGATION COUNSEL TO DEBTOR (ECF 124), and NOTICE OF HEARING ON APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF THE JIMMERSON LAW FIRM, P.C. AS SPECIAL LITIGATION COUNSEL TO DEBTOR (ECF 125) setting the matter of The Jimmerson Law Firm, P.C.'s employ for hearing on March 17, 2023 at the

hour of 9:30 a.m.

3. Debtor identifies the Amondo State Court case in its APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF THE JIMMERSON LAW FIRM, P.C. AS SPECIAL COUNSEL TO THE DEBTOR as one of several litigation matters pending at the time of Debtor's Chapter 11 filing. *See* ECF 122, 5:11-28.

4. Clearly, the Debtor intends on pursuing the Amondo State Court case while also pursuing reorganization efforts in Chapter 11.

## II. STATEMENT OF LAW AND ARGUMENT

A. **Jurisdiction.**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(b)(2), 11 U.S.C. §362, 11 U.S.C. §363 and LR 1001(b)(1). Venue is appropriate before this particular court pursuant to 28 U.S.C §§1408 and 1409.

B. **Cause exists to modify the automatic stay and allow litigation to proceed.**

The burden of proof on a motion to modify the automatic stay is a shifting one. *In re Plumberex Specialty Prod., Inc.*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004). To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that "cause" exists for relief under 11 U.S.C. 362(d)(1). *Id.* Once a prima Facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. *Id.*

When a bankruptcy petition is filed, the automatic stay comes into effect under 11 U.S.C. 362(a)(1), and prohibits creditors from maintaining actions against the debtor. This "breathing spell" is an intentional benefit of bankruptcy relief, and among other things permits debtors to evaluate their situation and propose a repayment plan. *Bendor Corp. V. Conejo Enters., Inc. (In re Conejo Enters., Inc.)*, 96 F.3d 345, 351-52 (9th Cir. 1996). The stay also protects creditors from one another, and furthers the bankruptcy design of an orderly collective claim resolution and payment process. *Id.* But, while the automatic stay is one of the fundamental protections for bankruptcy debtors, creditors are not without recourse. Section 362(d) directs courts to grant relief from the stay

when cause is shown and states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;....

"Cause" is not defined in the Bankruptcy Code, requiring courts to exercise their discretion on a case by case basis to determine whether sufficient cause has been demonstrated to support relief from the automatic stay. *See Christensen v. Tuscon Estates, Inc. (In re Tuscon Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990); *Santa Clara County Fair Assoc., Inc. v. Sanders (In re Santa Clara County Fair Assoc., Inc.)*, 180 B.R. 564 (9th Cir. BAP 1995).

In appropriate circumstances, stay relief can be granted to allow litigation in non-bankruptcy forums to continue. In order to determine if cause exists to modify the stay and allow pending litigation to continue in another forum, several courts have come up with lists of "factors" to be weighed. *Plumberex*, 311 B.R. at 557. Otherwise known as the "Curtis Factors", these factors are as follows:

1. Whether relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy court;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduct for the goods or proceeds in question;
7. Whether the litigation is another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
10. The interest of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
12. The impact of the stay on the parties and the "balance of hurt".

(Collectively "the Curtis Factors"). The Ninth Circuit has recognized that "the Curtis Factors are

5

appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). While the Curtis Factors are widely used to determine the existence of "cause," not all of the factors are relevant in every case, nor is a court required to give each factor equal weight. *Plumberex*, 311 B.R. at 560. According to the *Plumberex* Court, "[a]lthough the term 'cause' is not defined in the Code, courts in the Ninth Circuit have granted relief from the stay under §362(d)(1) when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial". *Plumberex*, 311 B.R. 556 (citing Tucson Estates, 912 F.2d at 1166).

Analysis of the Curtis Factors follows.

**1. Whether relief will result in a partial or complete resolution of the issues.**

Courts have found matters that lie within the bankruptcy court's exclusive jurisdiction are not subject to complete resolution outside the bankruptcy court. *See In re Smith*, 389 B.R. 902, 920 (Bankr. D. Nev. 2008); *In re Landmark Fence Co., Inc.*, 2011 WL 6826253, at *5 (C.D. Cal. Dec. 9, 2011).

As of the drafting of this Motion, Debtor's bankruptcy case is in its infancy. Conversely, the State Court case has been pending since August 5, 2021. Several amended pleadings, motions, and court conferences have been accomplished and conducted. Debtor has sought Bankruptcy Court permission to continue on to conclusion the litigation in State Court. This factor weighs toward the Bankruptcy Court modifying the stay to allow Debtor and Amondo to resume the litigation there pending in order to prove liability and damages, obtain insurance proceeds to the extent applicable, and submit a validly determined claim to the Bankruptcy Court if appropriate.

**2. The lack of any connection with or interference with the bankruptcy court.**

At least one court has held that "[t]he most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect

of such litigation on the administration of the estate. Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit." *In re Curtis,* 40 B.R. 795, 806 (Bankr. D. Utah 1984). Thus, *Curtis* proposes a balance of the interference with administration of the estate versus benefit to the administration of the estate. In our case, the Debtor has already admitted by petitioning this Court for permission to retain The Jimmerson Law Firm, P.C. to resume the State Court case that there is no interference with the administration of the estate. Rather, Debtor's position is that it would be a benefit to the estate in doing so. Notably, the cost of continuing litigation to a bankruptcy estate does not compel a court to deny stay relief. *In re Santa Clara Cnty. Fair Ass'n,* 180 B.R. 564, 566 (9th Cir. BAP 1995).

    **3.**    **Whether the foreign proceeding involves the debtor as a fiduciary.**

This factor is not applicable.

    **4.**    **Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases.**

Here, the Debtor specifically sought the District Court's Business specialty court assignment to hear its allegations contained in its Complaint, as amended. Furthermore, Amondo has filed a Jury Demand. As such, the District Business Court is the most appropriate court to hear the complex and specialized claims brought by the parties as well as accommodate the demand for a jury.

    **5.**    **Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.**

Amondo has made claim against Debtor's insurance policy with Kinsale Insurance Company for Employment Practices Liability insurance of $1,000,000. This policy was in effect at the time of the alleged illegal employment practices. Amondo is entitled to pursue his demand against the insurance company for coverage. This factor weighs in favor of stay relief.

    **6.**    **Whether the action essentially involves third parties, and the debtor**

> functions only as a bailee or conduct for the goods or proceeds in question.

This factor is not applicable.

7. **Whether the litigation is another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.**

The State Court case does not affect or otherwise prejudice the interests of the Debtor's other creditors. They are not relevant to the State Court case. Allowing the State Court case to proceed facilitates claims resolution and the payment of liability through Debtor's insurance carrier. This factor weighs in favor of stay relief.

8. **Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).**

This factor is not applicable.

9. **Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).**

This factor is not applicable.

10. **The interest of judicial economy and the expeditious and economical determination of litigation for the parties.**

This factor requires the Court to assess the issues of judicial economy and the expeditious and economical determination of the litigation amongst the parties. With regard to judicial economy, one factor to consider is the avoidance of piecemeal litigation. *In re Roger*, 539 B.R. 837, 851 ("Appellant contends that lifting the stay and permitting Appellant to obtain orders codifying the state court's minute order and to litigate the Trust Claim against the Hiram Trust would be far more efficient and economical than litigation the State Court Action and bankruptcy proceedings in a piece-meal manner."); *In re Am. W. Airlines*, 148 B.R. 920, 925 (Bankr. D. Ariz. 1993)("Consequently, it would be a waste of this Court's judicial resources to attempt to estimate the claim and its priority among other claimants in this complex and large airline case. Also this

Court may never be required to make such a determination in the event the District Court of Nevada finds the claim is without merit after hearing the dispute.").

Another factor to consider is how far the other matter has progressed. *In re Roger*, 539 B.R. at 851. Our State Court case was initiated by Debtor in 2021 and numerous motions and hearings have been held since that time. Amondo has obtained his Right-to-Sue letter and is poised to proceed with his Counterclaim. Debtor is also poised to resume its State Court defense. There is no reason to start over in Bankruptcy Court.

Finally, another factor to consider is the existence of state law issues which "predominate over bankruptcy issues". *In re Pac Gas & Elec. Co.*, 279 B.R. 561, 570-71 (Bankr. N.D.Cal. 2002). The issues raised in Debtor's Complaint and Amondo's Counterclaim are non core to the bankruptcy action. Furthermore, Amondo has made a jury demand. The State Court is more equipt to handle the resolution of these non core matters before a jury.

**11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.**

The parties have not yet begun in depth discovery but the issues and claims have been identified and trial has been set in the State Court matter.

**12   The impact of the stay on the parties and the "balance of hurt".**

By seeking this Court's permission to retain special litigation counsel Debtor has acknowledged there is no hurt in allowing the parties to proceed in State Court. Amondo has claims against Debtor requiring resolution despite the bankruptcy filing. He is entitled to have his claim determined and to proceed against any available insurance to pay his determined claim. Allowing him to do so does not hurt the Debtor nor any of the other creditors involved in Debtor's bankruptcy action.

### III. CONCLUSION

WHEREFORE, based upon the Statement of Facts, Law and Argument above-set forth, Amondo respectfully requests this Court grant his Motion to Modify the Automatic Stay pursuant

to 11 U.S.C. §362(d) and permit him to proceed with litigation against the Debtor in the pending State Court case. Amondo has attached a proposed Order Modifying the Automatic Stay hereto as Exhibit "D".

DATED: March 1, 2023.

                                      GOLDSMITH & GUYMON, P.C.

                       By: **/s/ Marjorie A. Guymon, Esq.**
                            Marjorie A. Guymon, Esq.
                            Nevada Bar No. 4983
                            mguymon@goldguylaw.com
                            2055 Village Center Circle
                            Las Vegas, Nevada 89134
                            Telephone: (702) 873-9500
                            Attorneys for Amondo Redmond

EXHIBIT A

§362 Information Sheet

NVB 4001 (Rev. 09/20)

# * * § 362 INFORMATION SHEET * *

CASH CLOUD INC.     23-10423-MKN        MOTION #: _____
DEBTOR                       BK-
AMONDO REDMOND     CHAPTER: 11
MOVANT

**Certification of Attempt to Resolve the Matter Without Court Action:**
Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.
Date: 3/1/2023     Signature: Marjorie A. Guymon
                                                   Attorney for Movant

Note for parties not represented by an attorney: Information about motions for relief from the automatic stay is available at the U.S. Bankruptcy Court's website:
https://www.nvb.uscourts.gov/filing/filing-pro-se/legal-services/.

PROPERTY INVOLVED IN THIS MOTION: NONE
NOTICE SERVED ON: Debtor(s) [✔] ; Debtor's counsel [✔] ; Trustee [✔] ;
DATE OF SERVICE: 3/1/2023

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st NONE | 1st _____ |
| 2nd _____ | 2nd _____ |
| 3rd _____ | 3rd _____ |
| 4th _____ | 4th _____ |
| Other: _____ | Other: _____ |
| Total Encumbrances: _____ | Total Encumbrances: _____ |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| N/A | |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note: N/A | . |
| Interest Rate: _____ | . |
| Duration: _____ | . |
| Payment per Month: _____ | . |
| Date of Default: _____ | . |
| Amount in Arrears: _____ | . |
| Date of Notice of Default: _____ | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| PENDING SUIT IN STATE COURT | |
| SUBMITTED BY: MARJORIE A. GUYMON | SUBMITTED BY: _____ |
| | SIGNATURE: _____ |

EXHIBIT B

Right-to-Sue Notice

COMMISSIONERS

Andre Martin, Chair
Tiffany Young, Secretary
Hanadi Nadeem
Stewart Chang



**NERC**
NEVADA EQUAL RIGHTS
COMMISSION

A Division of the Department of Employment,
Training and Rehabilitation

JOE LOMBARDO
Governor

KARA M. JENKINS
Administrator

February 6, 2023

Mary Chapman, Esquire
LAW OFFICE OF Mary F. CHAPMAN, LTD
8440 W. Lake Mead Road, Ste. 203
Las Vegas, Nevada 89128                     **Sent via Email and U.S. Mail**
Email: Maryf.chapman@juno.com

RE: Amondo Redmond vs Cash Cloud
NERC No. 1103-22-0323L     EEOC No. 34B-2022-00225

Dear Ms. Chapman:

The Nevada Equal Rights Commission (NERC) is closing your client's case as you have requested a Right-to-Sue letter from NERC and from the Equal Employment Opportunity Commission (EEOC).

Right-to-Sue Notice: This letter constitutes your client's state Right-to-Sue Notice.

Please be advised that the NERC's closure does not preclude your client from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part: "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice…"

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice…whichever is later. When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

RE: Amondo Redmond vs Cash Cloud
NERC No. 1103-22-0323L      EEOC No. 34B-2022-00225
Page 2 of 2


If you and/or your client have any questions, please do not hesitate to contact the Commission at the below listed telephone number.


Sincerely,

*Jessica Liggins*
Jessica Liggins
Compliance Investigator II

# EXHIBIT C

Kinsale Insurance Company Declaration Page

KINSALE INSURANCE COMPANY
2221 Edward Holland Drive, Suite 600
Richmond, Virginia 23230

## DECLARATIONS - MANAGEMENT LIABILITY POLICY

**Policy Number:** 0100125100-0
**Producer Number:** 19113
**Name and Address:** R-T Specialty - La Jolla, CA
7979 Ivanhoe Avenue, Suite 325
La Jolla, CA 92037

| | |
|---|---|
| NAMED INSURED: | Cash Cloud Inc dba Coin Cloud |
| MAILING ADDRESS: | 9580 W Sahara Ave Suite 200 Las Vegas, NV 89117 |
| POLICY PERIOD: | FROM 08/27/2020 TO 08/27/2021 at 12:01 AM at the address of the named insured as shown above. |

### MANAGEMENT LIABILITY COVERAGE SECTIONS SUMMARY

(All dates below apply at 12:01 AM at the address of the named insured)
If "NA" appears in the Limits of Insurance Column(s) for any Coverage Section(s) shown below, such Coverage Section was not purchased and no coverage is provided under this Policy with respect to that Coverage Section.

| Coverage Section | LIMIT OF INSURANCE - EACH CLAIM | LIMIT OF INSURANCE - AGGREGATE | SEPARATE OR SHARED AGGREGATE LIMITS OF INSURANCE | DEDUCTIBLE | RETROACTIVE DATE | PRIOR OR PENDING LITIGATION DATE |
|---|---|---|---|---|---|---|
| Directors & Officers Liability Coverage - Private Organization | N/A | N/A | N/A | | N/A | N/A |
| Employment Practices Liability Coverage | $1,000,000 | $1,000,000 | N/A | | 08/27/2020 | 08/27/2020 |
| Fiduciary Liability Coverage | N/A | N/A | N/A | | N/A | N/A |
| Directors and Officers Liability Coverage - Not For Profit Organization | N/A | N/A | N/A | | N/A | N/A |

| TOTAL AGGREGATE LIMIT OF INSURANCE: | $1,000,000 |
|---|---|

### PREMIUM AND COMPANY FEES

| Premium: | |
|---|---|
| Company Fee: | |
| Total (of Premium and Company Fee): | |

### OPTIONAL EXTENDED REPORTING PERIOD

| Period (in Months) | Percentage of Policy Premium |
|---|---|
| 12 | 125% |

See Policy General Terms and Conditions for details.

### ENDORSEMENTS

Refer to ADF4001, SCHEDULE OF FORMS

MLGEN1000 0717                                                                                                          Page 1 of 1

CC000087

# EXHIBIT D

Proposed Order

**Goldsmith & Guymon, P.C.**
Marjorie A. Guymon, Esq.
Nevada Bar No. 4983
mguymon@goldguylaw.com
2055 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 873-9500
Facsimile: (702) 873-9600
Attorneys for Amondo Redmond

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-23-10423-MKN |
| | Chapter 11 |
| CASH CLOUD INC., | |
| | Hearing Date: OST PENDING |
| Debtor. | Hearing Time: OST PENDING |

## ORDER GRANTING MOTION TO MODIFY AUTOMATIC STAY

This matter having come before this Court upon Amondo Redmond, by and through counsel, Marjorie A. Guymon, Esq. of Goldsmith & Guymon, P.C., having filed a Motion to Modify Automatic Stay; proper notice having been given; and for good cause appearing,

**IT IS HEREBY ORDERED** that the Motion to Modify the Automatic Stay pursuant to 11 U.S.C. §362(d) is granted;

**IT IS FURTHER ORDERED** that Amondo Redmond shall be permitted to proceed with litigation against the Debtor in the pending State Court case filed in the Eight Judicial District Court, Clark County, Nevada, Case No. A-21-839023-B.

## CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

___ The court has waived the requirement of approval under LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the order]:

XX I certify that this a case under Chapter 11 and that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

/s/ Marjorie A. Guymon

_____
Marjorie A. Guymon, Esq.
Attorneys for Creditor, Prolacta Bioscience

**IT IS SO ORDERED.**

###

2