**Goldsmith & Guymon, P.C.**
Marjorie A. Guymon, Esq.
Nevada Bar No. 4983
mguymon@goldguylaw.com
2055 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 873-9500
Facsimile: (702) 873-9600
Attorneys for Amondo Redmond

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:                                               ) Case No. BK-S-23-10423-MKN
                                                     ) Chapter 11
CASH CLOUD INC.,                                     )
                                                     ) Hearing Date: OST PENDING
                Debtor.                              ) Hearing Time: OST PENDING
                                                     )
_____)

**DECLARATION OF MARY F. CHAPMAN, ESQ. IN SUPPORT OF
MOTION TO MODIFY AUTOMATIC STAY**

COMES NOW, Mary F. Chapman, Esq., having been duly sworn on penalty of perjury, who states as follows:

1. I am a licensed attorney in the State of Nevada, Bar Number 6591, practicing law in all state and federal courts.

2. I have personal knowledge of the facts contained herein and am otherwise competent in all respects to so testify.

3. I am State Court counsel for Amondo Redmond in that action pending in the Eight Judicial District Court, Clark County, Nevada, Case No. A-21-839023-B by and between the Debtor and Amondo.

4. I assisted Amondo in filing his Amended Answer to First Amended Complaint with Jury Demand and Amended Counterclaim on or about October 6, 2022.

5. Debtor filed its Answer to Counterclaim October 20, 2022.

6. Between the date of the original filing of Debtor's Complaint and Amondo's Amended Answer and Amended Counter Claim the parties engaged in significant litigation over the dismissal of the Complaint, Rule 16 Case Conferences, Status Checks, Motion for Reconsideration, and Motion to Strike.

7. I sought and obtained permission from the Nevada Equal Rights Commission to bring suit pursuant to NRS 613.330 and Title VII and obtained a "right-to-sue" notice February 6, 2023. ***Amondo is required to bring suit "not later than 90 days after the date of the receipt of the right-to-sue notice...." Ninety days from February 6, 2023 is May 7, 2023.*** A true and correct copy of the right-to-sue notice is attached to the Motion to Modify Automatic Stay as Exhibit "B".

8. The claims between Debtor and Amondo involve Debtor's illegal employment practices, including racial harassment and discrimination, retaliation and wrongful termination under 18 U.S.C. §1981, Title VII and NRS 613.330.

9. At the time of the alleged illegal employment practices, Debtor was insured through Kinsale Insurance Company, Policy No. 0100125100-0, with Employment Practices Liability insurance of $1,000,000. A true and correct copy of the Kinsale Insurance Company Declaration Page is attached to the Motion to Modify Automatic Stay as Exhibit "C".

10. The State Court has set a Jury Trial for March 11, 2024.

11. It is my professional legal position that the claims brought by Debtor against Amondo, and those brought by Amondo against Debtor are non core to the bankruptcy proceedings, that the claims must be resolved in order for the appropriate treatment of those claims to be included in Debtor's reorganization plan, and that Amondo is entitled to pursue Debtor's insurance coverage following proof of liability for illegal employment practices that damaged Amondo. As such, cause exists for the relief requested.

12. Allowing Amondo to proceed in State Court will result in a complete resolution of the issues.

13. The matter is non core. There is no connection with and no interference with the bankruptcy court.

14. The State Court proceeding does not involve the Debtor as a fiduciary.

15. The Debtor specifically sought the District Court's Business specialty court assignment to hear its allegations contained in its Complaint, as amended. Furthermore, Amondo has filed a Jury Demand. The District Business Court is capable to hear the complex and specialized claims brought by the parties as well as accommodate the demand for a jury.

16. Amondo has made claim against Debtor's insurance policy with Kinsale Insurance Company for Employment Practices Liability insurance of $1,000,000. This policy was in effect at the time of the alleged illegal employment practices.

17. The State Court action does not involve third parties with the Debtor functioning only as a bailee or conduit for the goods or proceeds in question.

18. The State Court case does not affect or otherwise prejudice the interests of the Debtor's other creditors. They are not relevant to the State Court case. Allowing the State Court case to proceed facilitates claims resolution and the payment of liability through Debtor's insurance carrier.

19. A judgment claim arising from the State Court case would not be subject to equitable subordination under Section 510(c).

20. Amondo's success in the State Court case would not result in a judicial lien avoidable by the debtor under Section 522(f).

21. Allowing the parties to proceed in State Court fosters judicial economy, avoids piecemeal litigation, and allows the State Court to determine the claims originally brought before it without requiring the Bankruptcy Court to do so. The State Court case was initiated by Debtor in 2021 and numerous motions and hearings have been held since that time. Amondo has obtained his Right-to-Sue letter and is poised to proceed with his Counterclaim. Debtor is also poised to resume its State Court defense. There is no reason to start over in

Bankruptcy Court.

22. State law issues predominate over bankruptcy issues in the State Court action and are non core to the bankruptcy action. The State Court is more equipt to handle the resolution of these non core matters before a jury.

23. The parties have not yet begun in depth discovery, but the issues and claims have been identified and trial has been set in the State Court matter.

24. By seeking this Court's permission to retain special litigation counsel Debtor has acknowledged there is no hurt in allowing the parties to proceed in State Court. Amondo has claims against Debtor requiring resolution despite the bankruptcy filing. He is entitled to have his claim determined and to proceed against any available insurance to pay his determined claim. Allowing him to do so does not hurt the Debtor nor any of the other creditors involved in Debtor's bankruptcy action.

DATED: March 1, 2023.

LAW OFFICE OF MARY F. CHAPMAN LTD.

*Mary F Chapman*

MARY F. CHAPMAN
Nevada Bar No. 6591
8440 W. Lake Mead Blvd.
Suite 203
Las Vegas, Nevada 89128
(702) 202-4223
maryf.chapman@juno.com