James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
           blarsen@shea.law
           kwyant@shea.law

-and-

Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019-3601
Telephone:  212.468.8000
Facsimile:  212.468.7900
Email:  glee@mofo.com
           akissner@mofo.com

*Attorneys for Enigma Securities Limited*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.: BK-S-23-10423-MKN |
| CASH CLOUD INC., dba Coin Cloud | Chapter 11 |
| Debtor. | Hearing Date: March 17, 2023<br>Hearing Time: 9:30 p.m. (PT) |

### ENIGMA SECURITIES LIMITED'S RESERVATION OF RIGHTS WITH RESPECT TO OMNIBUS REJECTION MOTIONS

Enigma Securities Limited ("Enigma"), by and through its undersigned counsel, files this

reservation of rights (the "Reservation of Rights") with respect to the *Debtor's First Omnibus Motion for Entry of Order Approving Rejection of Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365(a) and Disposal of Certain Personal Property Including Abandonment* [ECF. No. 138] and *Debtor's Second Omnibus Motion for Entry of Order Approving Rejection of Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365(a) and Disposal of Certain Personal Property Including Abandonment* [ECF. No. 141] (together, the "Rejection Motions").[1] In support of its Reservation of Rights, Enigma respectfully states as follows.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Enigma is an industry leading provider of cryptocurrency trading, liquidity, custody, and lending solutions for institutional and corporate clients. Pursuant to that certain Secured Loan Facility Agreement dated as of April 22, 2022, Enigma lent the Debtor $8 million (the "Enigma Secured Loan"). In order to secure its obligations under the Enigma Secured Loan, the Debtor granted Enigma a first priority lien in certain of its digital currency machines ("DCMs"), as well as the cash proceeds contained therein and generated therefrom (along with the DCMs, the "Enigma Collateral").

2. By the Rejection Motions, the Debtor seeks authority to reject approximately 700 "host agreements" (the "Rejected Leases"), pursuant to which the Debtor pays compensation to counterparties such as convenience stores, malls, and grocery chains in exchange for the right to install DCMs at their respective locations. The Rejection Motions further request that the Debtor be permitted to abandon or surrender the DCMs associated with the Rejected Leases to parties with a security interest therein. Based upon its review of the Rejection Motions, Enigma understands that approximately 90 of the Rejected Leases relate to DCMs constituting Enigma Collateral.

3. Enigma takes no position with respect to the Debtor's decision to reject the Rejected Leases. However, to the extent the Court grants the Rejection Motions and the Debtor determines

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Rejection Motions.

to abandon or surrender any portion of the Enigma Collateral to Enigma, then Enigma reserves all rights with respect thereto, including but not limited to all rights it may have with respect to (a) the valuation of the Enigma Collateral, (b) cash contained within any abandoned DCMs (which, for the avoidance of doubt, also constitutes Enigma Collateral), and (c) the impact of abandonment on the amount of the Enigma Secured Loan claim.

4. In addition, the proposed orders attached to the Rejection Motions should be revised to make clear that, upon abandonment of any property to a secured lender, the automatic stay shall be deemed lifted to permit the secured lender to foreclose on or otherwise dispose of such property in accordance with applicable non-bankruptcy law. Based on communications with the Debtor's counsel, Enigma understands this change to be acceptable to the Debtor.

*[Remainder of page intentionally left blank]*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**WHEREFORE**, Enigma requests that the Court take notice of the Reservation of Rights, and grant any additional relief the Court deems appropriate.

Dated this 3rd Day of March, 2023.

By: */s/ James Patrick Shea, Esq.*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
           blarsen@shea.law
           kwyant@shea.law

-and-

Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019-3601
Telephone:  212.468.8000
Facsimile:  212.468.7900
Email:  glee@mofo.com
           akissner@mofo.com

*Attorneys for Enigma Securities Limited*

## CERTIFICATE OF SERVICE

1. On March 3, 2023, I served **ENIGMA SECURITIES LIMITED'S RESERVATION OF RIGHTS WITH RESPECT TO OMNIBUS REJECTION MOTIONS** in the following manner:

☒ a. ECF System: Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities.

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 3, 2023

By: /s/ *Bart K. Larsen, Esq.*