


_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 09, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>     CASH CLOUD, INC.,<br>         dba COIN CLOUD,<br><br>                              Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**FINAL ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date:  February 15, 2023<br>Hearing Time:  10:30 a.m. |

1

142777684.1

Upon the application (the "Application")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of an order (the "Order") on Debtor's (i) *Emergency First Day Application for Order Authorizing Retention and Employment of Province, LLC* ["Province"] *as Debtor's Financial Advisor, Effective as of the Petition Date*; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Application under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Application, the *Verified Statement of Paul Huygens Pursuant to 11 U.S.C. §§ 327(a), 328 and Fed. R. Bankr. P. 2014 and 2016 filed in Support of Emergency First Day Application for an Order Authorizing Retention and Employment of Province LLC as Debtor's Financial Advisor, Effective as of the Petition Date* [ECF No. 16] (the "Huygens Verified Statement"), the (iii) *Supplemental Verified Statement of Paul Huygens Pursuant to 11 U.S.C. §§ 327(a), 328 and Fed. R. Bankr. P. 2014 and 2016 filed in Support of Emergency First Day Application for an Order Authorizing Retention and Employment of Province LLC as Debtor's Financial Advisor, Effective as of the Petition Date* (the "Supplemental Huygens Verified Statement") [ECF No. 86] and (iv) the *Omnibus Declaration of Christopher Andrew McAlary in Support of First Day Motions*, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

142777684.1

1.	No other party having filed an opposition to the Application by the March 3, 2023 deadline set forth in the *Order Granting Stipulation to Extend Time to File Objections to Debtor's Emergency First Day Application for Order Authorizing Retention and Employment of Province, LLC as Debtor's Financial Advisor, Effective as of the Petition Date [ECF No. 15] Pursuant to the Order Authorizing Retention and Employment of Province, LLC as Financial Advisor, Effective as of the Petition Date [ECF No. 120]* [ECF No. 188] besides the United States Trustee, the Application is GRANTED as set forth herein

2.	Pursuant to 11 U.S.C. § 328, Debtor is authorized to pay Province a fee (the "Arranger Fee") in the amount of three percent (3%) of the amount of funds agreed to be loaned by any lender procured by Province in support of debtor in possession financing, as approved pursuant to a final order by the Court granting any such financing, and upon the issuance of a final order approving the same.

3.	Pursuant to 11 U.S.C. § 328, Debtor is authorized to pay Province a fee (the "Restructuring Fee") of three percent (3%) of the value of all debt and equity financing of the Debtor as of the effective date of a confirmed plan of reorganization (excluding any amounts loaned by a "Company Lender" (as defined in the Engagement Letter)) (the "Exit Financing"); provided, however, should all or any portion of such Exit Financing be provided by a Province Lender ("Province Lender Exit Financing"), then for such Province Lender Exit Financing, whether through exit equity or debt financing, the Company shall pay Province a fee in the amount of one and one half percent (1.5%) of such Province Lender Exit Financing, with any other Exit Financing generating a three percent (3%) fee as otherwise indicated above.

4.	Pursuant to 11 U.S.C. § 327(a), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014, Debtor shall pay Province's professional fees on an hourly basis, plus reimbursement of actual, necessary expenses and other charges, for services provided by Province to Debtor. All proposed payments to Province for such services rendered,

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

142777684.1

1  including the hourly rates for such services, shall be subject to review and approval by the Court
2  pursuant to 11 U.S.C. § 330.

3      5.    Pursuant to the Supplemental Huygens Verified Statement, Province shall apply a carve out in the Province Engagement Agreement for any indemnification obligations of the Debtor, as stated in Province's Engagement Agreement, for acts that constitute bad faith, self-dealing, breach of a fiduciary duty, gross negligence, or willful misconduct, with all other indemnification provisions stated in Province's Engagement Agreement maintaining their full force and effect.

6.    Province may seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.

7.    No payment of Province's attorney fees by Debtor is being approved by way of this Order.

8.    Province is disinterested as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a).

9.    The terms of this Order shall be immediately effective and enforceable upon its entry.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:   */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142777684.1

**APPROVED:**

**OFFICE OF THE UNITED STATES TRUSTEE**

By___/s/Jared A. Day_____
    Jared A. Day,
    Trial Attorney for Tracy Hope Davis,
    United States Trustee
    Foley Federal Building
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Jared A. Day,                     **APPROVED**
    Trial Attorney
    Office of the United States
    Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

142777684.1