BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          jmcpherson@foxrothschild.com
          nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
*Counsel for Debtor*

<div style="border:1px solid">Electronically Filed March 9, 2023</div>

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-23-10423-MKN |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **DEBTOR'S MOTION FOR ENTRY OF ORDER APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DISPOSAL OF CERTAIN PERSONAL PROPERTY INCLUDING STAY RELIEF AND/OR ABANDONMENT** |
| | Hearing Date:    April 20, 2023<br>Hearing Time:    10:30 a.m.<br>Estimated Time for Hearing: 20 Minutes |

Cash Cloud, Inc. ("Debtor" or "Cash Cloud"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, respectfully submits this motion (the "Motion") for entry of an order approving the procedures set forth herein for the rejection of executory contracts and unexpired leases and disposal of certain personal property, including without limitation, relief from the automatic stay for a party who has a secured or lease interest in certain property and/or abandonment of property. This

1

Motion is made and based on the *Declaration of Christopher Andrew McAlary* (the "McAlary Declaration") filed in support hereof, the following points and authorities, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral argument the Court may entertain at the hearing on the Motion.

Dated this 9th day of March, 2023.

**FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
BRETT A. AXELROD, ESQ. (5859)
JEANETTE E. MCPHERSON, ESQ. (5423)
NICHOLAS A. KOFFROTH, ESQ. (16264)
ZACHARY T. WILLIAMS, ESQ. (16023)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

**POINTS AND AUTHORITIES**

**I.      JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief requested herein is 11 U.S.C. § 105(a), § 362, § 365(a), and § 554 and Bankruptcy Rules 4001, 6006, 6007, and 9014.

4.      Pursuant to Local Rule 9014.2, the Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**II.      BACKGROUND**

**A.      Debtor's Filing**

1.      On February 7, 2023 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

///

142701647.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2.       The Debtor is authorized to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.       An Official Committee of Unsecured Creditors was appointed in this case on or around February 17, 2023.

**B.       Debtor's Background and Business**

4.       As described in greater detail in the Omnibus Declaration of Christopher Andrew McAlary in Support of Emergency First Day Motions (the "Omnibus Declaration") [ECF 19], the Debtor was formed as a Nevada corporation for the purpose of providing a platform for customers to buy and sell digital currencies through Digital Currency Machines ("DCMs") distributed across the United States.  DCMs are an advanced version of the kiosks commonly referred to as Bitcoin ATMs or BTMs, that enable a consumer to both (a) buy bitcoin as well as 30+ other digital currencies with cash, and (b) sell digital currency for cash.  As of December 31, 2022, the Debtor operated approximately 4,800 DCMs, or kiosks ("Kiosk(s)"), throughout the United States and Brazil, installed in some of the largest convenience, grocery and liquor store chains and prestigious malls.  See McAlary Declaration ¶ 6.

5.       To facilitate the installation of the Kiosks, Cash Cloud entered into numerous contracts (the "Contracts") or leases ("Leases") with various parties ("Counterparty" or "Counterparties") having retail locations, including convenience stores, malls, and enterprise grocery stores.  The terms in the Contracts and/or Leases vary.  A few Contracts pertain to a Counterparty providing marketing services to the Debtor for the placement of the Kiosks.  However, most of the Contracts and/or Leases contain terms permitting Cash Cloud to install a Kiosk at a certain location ("Location") in exchange for compensation being given to the Counterparty. There are thousands of Contracts or Leases, and the nature and amount of compensation varies and is sometimes in the form of a fixed monthly rental payment or a variable portion of the profit of the Kiosk. The Contracts and/or Leases typically have a 3 to a 7-year term, with automatic renewals, unless terminated by either party.  And, under certain "master" Contracts and/or Leases, wherein the Contract or Lease governs the installation of Kiosks at multiple, different Locations (as set forth within the exhibits attached thereto), the Contract or Lease contains terms that provide not only for

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

the termination of the master agreement, as a whole, but also for either the Debtor or the Counterparty to terminate certain identified Locations.

6.    As the Debtor works on restructuring its finances and operations and negotiates with its creditors, and in connection with its efforts to preserve and maximize the value of its bankruptcy estate through the prosecution of this Chapter 11 Case, the Debtor may no longer need to have Kiosks at certain Locations. As such, and to the extent it is not beneficial to the estate for the Debtor to assume and assign Contracts or Leases to a third party, it is likely the Debtor will determine, in the exercise of its business judgment, that certain burdensome Contracts or Leases should be rejected to avoid the Debtor's estate accruing administrative expenses associated with such Contracts or Leases. In addition, the Debtor may determine, in its business judgment, that it no longer needs certain Contracts or Leases (or certain Locations that are part of a Contract or Lease) for its business as a whole.

7.    Further, if there is property remaining at a Location subject to a rejected Contract or Lease, such as Kiosks or related property (the "Remaining Property"), the Debtor will determine how the Remaining Property should be disposed of, including whether it should be removed, abandoned, sold, or surrendered to a party that has a secured or lease interest in the Remaining Property with the automatic stay terminated.  In the event that the Debtor determines that the Remaining Property (if any) should be surrendered to a party that has a secured or lease interest in the Remaining Property and the automatic stay terminated, it will make this determination because the Remaining Property is not necessary for an effective reorganization and there is little to no equity in the Remaining Property.  In the event the Remaining Property is determined to be burdensome or of inconsequential value, the Debtor may determine, in its business judgment, that any Remaining Property be abandoned. Accordingly, by this Motion, the Debtor seeks entry of an order authorizing and approving the Rejection Procedures, as defined and set forth below.  See McAlary Declaration ¶ 8-12.

8.    The Debtor believes that the Rejection Procedures will streamline its ability to reject burdensome Contracts and Leases that no longer provide a benefit to the estate, while also providing parties in interest with adequate notice of the rejection of a Contract or a Lease and an

4

142701647.2

opportunity to object to such relief within a reasonable time period.  Absent the relief requested herein, filing a motion and scheduling a hearing for the rejection of each Contract and Lease and addressing related issues of stay relief and/or abandonment would result in substantial costs to, and impose administrative burdens on, the Debtor's estate, in addition to the burden such approach would place on the Court's docket and calendar.  As such, the proposed Rejection Procedures are appropriate and necessary to limit the costs and administrative burdens that otherwise would be borne by the Debtor's estate.  Accordingly, the Debtor requests that the Court approve the Rejection Procedures and authorize the Debtor to take any and all actions as may be necessary to implement and effectuate the Rejection Procedures. See McAlary Declaration ¶ 8-12.

9.    A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "Proposed Order").

### III.    THE PROPOSED REJECTION PROCEDURES

1.    The Debtor requests that the following procedures[1] be authorized and approved in connection with the rejection of any Contract or Lease, or the rejection of certain Locations that are part of a "master" Contract or Lease that can be rejected separately, during the course of the Debtor's Chapter 11 Case:

a)    **Rejection Notice.** The Debtor will file a notice (each a "Rejection Notice") setting forth the proposed rejection of one or more Contracts and/or Leases, or certain Locations that are part of a "master" Contract or Lease and that may be rejected separately from the Contract or Lease as a whole, and will serve the Rejection Notice *via* overnight delivery service, email, or fax on the Counterparty (and its counsel, if known) ("Rejection Notice Parties") under the respective Contract or Lease at the last known address available to the Debtor.

b)    **Content of Rejection Notice**. The Rejection Notice shall be substantially in the form attached as Exhibit 1 to the Proposed Order. With respect to the Contracts and Leases, the Rejection Notice shall set forth the following information, to the best of the Debtor's knowledge: (1) the name of the Counterparty, (2) the address of the Counterparty, and (3) the Location and Location ID for the Kiosk(s). All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts or Leases set forth on the Rejection Notice (each such order, a "Rejection Order"),

---

[1] Given that the Debtor has already determined that certain Contracts and Leases should be rejected, the Debtor has filed separate omnibus motions for rejection of certain Contracts and Leases.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

substantially in the form attached to the Rejection Notice as Annex A.

c) **Objections.**  Should a party in interest object to the Debtor's proposed rejection of a Contract or Lease, such objecting party (the "Objecting Party") must file and serve a written objection (an "Objection") so that such Objection is filed with the Court and actually received by the following parties **no later than fourteen (14) calendar days** after the date the Rejection Notice is filed (the "Objection Period"): (1) attorneys for the Debtor, Fox Rothschild LLP (Attn: Brett Axelrod, Esq. and Jeanette McPherson, Esq.), One Summerlin, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135; (2) counsel to the Official Committee of Unsecured Creditors ("UCC"); (3) counsel to Debtor's secured creditors; and (4) United States Department of Justice, Office of the United States Trustee, Region 17, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101 (collectively, the "Objection Notice Parties").  Each Objection must state with specificity the grounds for objecting to the proposed rejection of the Contract or Lease, and/or related disposal of the Remaining Property.

d) **Effects of Failing to File an Objection to a Rejection Notice.** If no Objection to a Rejection Notice is timely filed and served in accordance with paragraph (c) hereof, the Debtor may submit the Rejection Order to the Court providing that the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice (the "Rejection Effective Date"); *provided*, *however*, that the Rejection Effective Date shall not be earlier than the date the Debtor files and serves a Rejection Notice.  Further, the Debtor will have determined if any Remaining Property should be surrendered with the automatic stay being terminated, and/or the Debtor will have determined if any Remaining Property should be abandoned, and these determinations shall be deemed effective as of the Rejection Effective Date.

e) **Effects of Filing an Objection to a Rejection Notice**. If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures set forth herein, the Debtor shall schedule a hearing on such Objection on no less than seven (7) days' notice to the Objecting Party and the Objection Notice Parties.  If the Court upholds the Debtor's determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected as requested (i) as of the Rejection Effective Date, or (ii) as otherwise determined by the Court as set forth in any order overruling such Objection.  Further, the Debtor will have determined if any Remaining Property should be surrendered with the automatic stay being terminated, and/or the Debtor will have determined if any Remaining Property should be abandoned, and these determinations shall be deemed effective as of the Rejection Effective Date.

f) **Consent Orders**. Any Objection may be resolved without a hearing by an order of the Court submitted by stipulation by the Debtor and the Objecting Party.

g) **Deadlines for Filing Claims**.  Any affected Counterparty to a rejected Contract or Lease (a "Rejection Claimant"), asserting any Claims arising out of the rejection of Contracts or Leases, shall file a proof of claim on or before the later of (i) the deadline for filing proofs of claims established by the Court in this Chapter 11 Case, or (ii) thirty (30) days after the date of entry of the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

applicable Rejection Order.  If no proof of claim is timely filed, such Rejection Claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in this Chapter 11 Case and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtor's bankruptcy case.

**h)**  **Treatment of Security Deposits**.  If the Debtor has deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without an order of the Court or prior agreement by the Debtor.

**i)**  **Remaining Property**.  The Debtor will determine how the Debtor's property at the Location, the Remaining Property, should be disposed of, including whether it should be removed, abandoned, sold, or surrendered to a party that has a secured or lease interest in the Remaining Property.  In the event that the Debtor determines that any Remaining Property should be surrendered to a party that has a secured or lease interest in the Remaining Property, the automatic stay will be deemed terminated as of the Rejection Effective Date.  In addition, in the event that the Debtor determines that any Remaining Property should be abandoned, the Remaining Property will be deemed abandoned as of the Rejection Effective Date. Questions regarding the disposal of the Remaining Property may be directed to the Debtor at hostrelations@coin.cloud.

2.  In connection with the foregoing Rejection Procedures, the Debtor also requests that it be authorized to execute and deliver all instruments and documents and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures, and that entry of the Proposed Order be without prejudice to the Debtor's right to seek further, other, or different relief regarding the Contracts or Leases.

### IV.    MEMORANDUM OF LAW

**A.    The Debtor's Decision To Reject The Leases and Contracts Should Be Approved**

1.  Section 365 of the Bankruptcy Code provides that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  "Under the Code, most courts have applied a 'business judgment' test to trustees' decisions to assume or reject contracts or leases."  3 Collier on Bankruptcy ¶ 365.03[2] (16th Ed. 2016).  "In making its determination, a bankruptcy court need engage in only a cursory review of a debtor-in-possession's decision to reject the contract."  Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.), 476 F.3d 665, 670 (9th Cir. 2007) (internal punctuation omitted).

2.  "[I]n evaluating the rejection decision, the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." Id. at 670.  In the Ninth Circuit, a bankruptcy court "should approve the rejection of an executory contract under § 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." Id. (internal punctuation omitted).

3.  In general, a debtor must assume or reject an executory contract or unexpired lease in its entirety. A debtor may not pick and choose among contractual provisions, rejecting those it deems burdensome and accepting those it views as beneficial. In re Plitt Amusement Co. of Washington Inc., 233 B.R. 837 (Bankr. C.D. Ca. 1999).

4.  Given the extremely large number of Contracts and Leases that t h e  Debtor  may seek  to  reject, obtaining Court approval of each rejection would impose unnecessary burdens on the Debtor and the Court, and result in expense to the Debtor's estate that would correspondingly decrease the economic benefit of rejection. Thus, the Debtor proposes to streamline the process as set forth in the Rejection Procedures, consistent with applicable law, to minimize potential costs to the Debtor's estate and reduce the burden on the Court's docket, while protecting Counterparties by providing such parties notice and an opportunity to object to the proposed rejection.

5.  Here, the Debtor submits that any Contract or Lease, or any certain Location contained therein, that it seeks to reject pursuant to the Rejection Procedures will be one that is financially burdensome and unnecessary to the Debtor's operations.  Moreover, before rejecting any of the Contracts or Leases, the Debtor will have ensured that they are of inconsequential value and benefit to the Debtor's estate and the Debtor's future operations, creditors, or interest holders, are believed to not be marketable given their terms, and constitute an unnecessary drain on the Debtor's limited resources.  See McAlary Declaration ¶ 9.  Accordingly, rejection of the Contracts or Leases reflects the Debtor's exercise of sound business judgment.

**B.    Rejection Effective As of the Rejection Effective Date**

6.  This Court has authority to approve the rejection of executory contracts or leases as

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

of the date of the filing of the Rejection Effective Date. Section 365 of the Bankruptcy Code does not expressly provide whether courts may order rejection to be effective retroactively.  However, courts have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when they conclude that doing so promotes the purposes of Section 365, and that after balancing the equities of a case, equities weigh in favor the debtor.  See, e.g., Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.), 392 F.3d 1064, 1065 (9th Cir. 2004) (affirming order authorizing rejection as of date of filing of motion), cert. denied, 564 U.S. 814 (2005); Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.), 67 F.3d 1021, 1028-29 (1st Cir. 1995) (bankruptcy court has power to approve rejection as of date of filing motion); In re Amber's Stores, Inc., 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996)(holding that the lease should be deemed rejected as of the petition date due to the equities of case).   Although this caselaw pertains to the rejection of nonresidential real property leases, the rationale contained therein is applicable to executory contracts. The Ninth Circuit in In re At Home Corp. explained that "the equitable authority recognized in Thinking Machines has been imported to contexts other than unexpired nonresidential leases," citing to Malden Mills Indus., Inc. v. Maroun (In re Malden Mills Indus., Inc.), 303 B.R. 688, 701 (B.A.P. 1st Cir. 2004) and its application of this principle to abandonment of personal property.  392 F.3d at 1070.  The Debtor further notes that the Ninth Circuit's holding in In re At Home Corp., 392 F.3d 1064 (9th Cir. 2004) allowing rejection as of the date of the motion has been found to be undisturbed by the Court's holding in Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, ___ U.S. ___, 140 S.Ct. 696 (2020). See In re Player's Poker Club, Inc., 636 B.R. 811 (Bankr. C.D.Cal. 2022).

Based upon the foregoing, this Court has authority to approve the rejection of the Contracts or Leases as of the date of the filing of the Rejection Effective Date.

**C.**     **The Debtor's Decision To Terminate The Automatic Stay And/Or To Abandon Remaining Property, If Made, Should Be Approved**

7.     In a further effort to streamline this process, if there is Remaining Property at any of these numerous Locations, the Debtor will determine how the Remaining Property should be disposed of, including whether it should be removed, abandoned, sold, or surrendered to a party that

9

1    has a secured or lease interest in the Remaining Property with the automatic stay being terminated.

2    See McAlary Declaration ¶ 8-12.

3        8.    Section 362(d)(2) of the Bankruptcy Code provides that "[o]n request of a party in

4    interest and after notice and a hearing, the court shall grant relief from the stay provided under

5    subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such

6    stay—. . . (2) with respect to a stay of an act against property under subsection (a) of this section,

7    if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary

8    to an effective reorganization[.]"

9        9.    Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the

10    trustee may abandon any property of the estate that is burdensome to the estate or that is of

11    inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  The right to abandon is

12    virtually unfettered, unless abandonment of the property will contravene laws designed to protect

13    public health and safety and the property poses an imminent threat to the public's welfare.  See In re

14    Midlantic Nat'l Bank, 474 U.S. 494, 501 (1986). Neither of these limitations is applicable given the

15    relevant facts.

16        10.    The Debtor submits that **if** it determines that the Remaining Property (if any) should

17    be surrendered to a party that has a secured or lease interest in the Remaining Property and the

18    automatic stay terminated, it will make this determination because the Remaining Property is not

19    necessary for an effective reorganization and there is little to no equity in the Remaining Property.

20    Thus, the Debtor's determination to surrender the Remaining Property to a party who has a secured

21    or lease interest will reflect the Debtor's exercise of sound business judgment, taking into account

22    the best interests of the Debtor, its estate, its creditors and other parties in interest.  See McAlary

23    Declaration ¶ 11. Accordingly, it is requested that if the Debtor determines that the Remaining

24    Property should be surrendered, that the automatic stay be terminated as of the Rejection Effective

25    Date pursuant to 11 U.S.C. § 362(d)(2).

26        11.    Further, the Debtor submits that **if** it determines that the Remaining Property (if any)

27    should be abandoned, it will make this determination because the Remaining Property is either

28    burdensome to the estate, as removal and storage of the Remaining Property is likely to exceed any

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

10

1    net proceeds from this property, or is of inconsequential value and benefit to the estate.  See

2    McAlary Declaration ¶ 12.  Thus, the Debtor's determination to abandon will reflect the Debtor's

3    exercise of sound business judgment, taking into account the best interests of the Debtor, its estate,

4    its creditors and other parties in interest.  See McAlary Declaration ¶ 12.  Accordingly, it is

5    requested that if the Debtor determines any Remaining Property should be abandoned, that the

6    Remaining Property shall be deemed abandoned as of the Rejection Effective Date pursuant to 11

7    U.S.C. § 554.

8           12.     For the foregoing reasons, the Debtor submits that adoption of the Rejection

9    Procedures, including those related to termination of the automatic stay and the abandonment of the

10   Remaining Property, is in the best interest of its estate and creditors and all other parties in interest.

11   **D.      The Rejection Procedures Provide Reasonable Notice and Hearing**

12          13.     As a procedural matter, Bankruptcy Rule 9014 provides, in part, that "reasonable

13   notice and opportunity for hearing shall be afforded the party against whom the relief is sought." *See*

14   Fed. R. Bankr. P. 9014(a).[2] The notice and hearing requirements for contested matters under

15   Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in

16   light of the particular circumstances.  *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a

17   hearing" or a similar phrase to mean such notice and an opportunity for a hearing "as is appropriate

18   in the particular circumstances").

19          14.     The Counterparties will not be prejudiced by the Rejection Procedures because, upon

20   receipt of the Rejection Notice, they will receive notice of the proposed effective date of the

21   rejection and opportunity to object.  See, e.g., Pac. Shores Dev., LLC v. At Home Corp. (In re At

22   Home Corp.), 392 F.3d 1064, 1065 (9th Cir. 2004) (affirming order authorizing rejection as of date

23   of filing of motion), cert. denied, 564 U.S. 814 (2005); Thinking Machines Corp. v. Mellon Fin.

24   Servs. Corp. (In re Thinking Machs. Corp.), 67 F.3d 1021, 1028-29 (1st Cir. 1995) (bankruptcy

25   court has power to approve rejection as of date of filing motion); In re Mid Region Petroleum, Inc.,

26

27   ──────────────────
     [2] Bankruptcy Rule 9014 is made applicable to a motion to reject by Bankruptcy Rule 6006(a), which provides that "[a]
     proceeding to reject an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014."
28   Fed. R. Bankr. P. 6006(a).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject).  The Debtor submits that the Rejection Procedures balance the need for an expeditious reduction of potentially burdensome costs to the Debtor's estate, while providing appropriate notice of the proposed rejection to the Counterparties.  The Rejection Procedures are appropriately tailored to minimize potential administrative expenses and maximize the recovery for creditors in this Chapter 11 Case.

**E.    The Rejection Procedures Comply with Bankruptcy Rule 6006(f), 4001, and 6007**

15.    Bankruptcy Rule 6006(f), in relevant part, requires that a motion to reject multiple executory contracts or unexpired leases:

> (1)    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
> (2)    list parties alphabetically and identify the corresponding contract or lease;
> . . .
> (5)    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
> (6)    be limited to no more than 100 executory contracts or unexpired leases.

16.    The Rejection Procedures satisfy Bankruptcy Rule 6006(f).  The clear purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of parties to the Contracts and Leases.  Counterparties must be able to locate their Contracts or Leases and readily determine whether their Contracts or Leases are being rejected.  Through the Rejection Procedures, the Debtor will comply with all applicable procedural requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices.

17.    The Rejection Procedures satisfy Bankruptcy Rule 4001. Through the Rejection Procedures, the Debtor will comply with all applicable procedural requirements of Bankruptcy Rule 4001 when serving the Rejection Notices.

18.    The Rejection Procedures satisfy Bankruptcy Rule 6007(a). Through the Rejection Procedures, the Debtor will comply with all applicable procedural requirements of Bankruptcy Rule 6007(a) when serving the Rejection Notices.

/ / /

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

1

## V.    NOTICE

2

Notice of this Motion has been given by electronic mail or first class mail to the following

3

parties or their counsel: (a) the Office of the United States Trustee for the District of Nevada; (b)

4

counsel to the Official Committee of Unsecured Creditors; (c) counsel to Debtor's secured creditors;

5

(d) counsel to parties who have a lease interest in the Remaining Property; (e) the counterparties to

6

the Contracts and/or Leases; and (f) all parties that have filed a Rule 2002 Notice Request in the

7

Chapter 11 Case.  In light of the nature of the relief requested, Debtor respectfully submits that

8

such notice is appropriate and sufficient under the circumstances and that no further notice is

9

necessary.

10

## VI.    CONCLUSION

11

WHEREFORE, the Debtor respectfully requests entry of an order granting this Motion for

12

the relief requested herein and such other and further relief as the Court may deem just and

13

appropriate.

14

Dated this 9th day of March, 2023.

15

**FOX ROTHSCHILD LLP**

16

17

/s/ Jeanette E. McPherson

By:    JEANETTE E. MCPHERSON, ESQ.

18

Nevada Bar No. 5423
BRETT A. AXELROD, ESQ.

19

Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.

20

Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.

21

Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700

22

Las Vegas, Nevada 89135

23

*Counsel for Debtor*

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

**EXHIBIT 1**

**PROPOSED ORDER**

BRETT A. AXELROD, ESQ.  (5859)
JEANETTE E. MCPHERSON, ESQ. (5423)
NICHOLAS A. KOFFROTH, ESQ. (16264)
ZACHARY T. WILLIAMS, ESQ. (16023)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         jmcpherson@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com

*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-23-10423-MKN |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF ORDER APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DISPOSAL OF CERTAIN PERSONAL PROPERTY INCLUDING STAY RELIEF AND/OR ABANDONMENT** |
| | Hearing Date:    April 20, 2023<br>Hearing Time:    10:30 a.m. |

The Court, having reviewed and considered Debtor's motion (the "Motion") for entry of an

order authorizing the Debtor to establish procedures for an orderly, regular process for the rejection

of executory contracts and unexpired leases, terminating the automatic stay in favor of a party who

142701647.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

has a secured or lease interest in the Remaining Property, and approving the abandonment of Remaining Property, if the Debtor has made the determination that abandonment is appropriate (the "<u>Rejection Procedures</u>"); and upon consideration of the McAlary Declaration and arguments of counsel; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and  the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and sufficient cause appearing therefor, it is hereby,

**ORDERED** that the Motion is **GRANTED** in its entirety; and it is further

**ORDERED** that the Debtor's Motion is granted to the extent set forth herein as follows:

1.    The following Rejection Procedures are authorized and approved:

a)    **<u>Rejection Notice.</u>** The Debtor will file a notice (each a "<u>Rejection Notice</u>") setting forth the proposed rejection of one or more Contracts and/or Leases, or certain Locations that are part of a "master" Contract or Lease and that may be rejected separately from the Contract or Lease as a whole, and will serve the Rejection Notice *via* overnight delivery service, email, or fax on the Counterparty (and its counsel, if known) ("<u>Rejection Notice Parties</u>") under the respective Contract or Lease at the last known address available to the Debtor.

b)    **<u>Content of Rejection Notice</u>**. The Rejection Notice shall be substantially in the form attached as Exhibit 1 to the Proposed Order. With respect to the Contracts and Leases, the Rejection Notice shall set forth the following information, to the best of the Debtor's knowledge: (1) the name of the Counterparty, (2) the address of the Counterparty, and (3) the Location and Location ID for the Kiosk(s). All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts or Leases set forth on the Rejection Notice (each such order, a "<u>Rejection Order</u>"), substantially in the form attached to the Rejection Notice as Annex A.

c)    **<u>Objections.</u>**  Should a party in interest object to the Debtor's proposed rejection of a Contract or Lease, such objecting party (the "<u>Objecting Party</u>") must file and serve a written objection (an "<u>Objection</u>") so that such Objection is filed with the Court and actually received by the following parties **no later than fourteen (14) calendar days** after the date the Rejection Notice is filed (the "<u>Objection Period</u>"): (1) attorneys for the Debtor, Fox Rothschild LLP (Attn: Brett Axelrod, Esq. and Jeanette

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

McPherson, Esq.), One Summerlin, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135; (2) counsel to the Official Committee of Unsecured Creditors ("UCC"); (3) counsel to Debtor's secured creditors; and (4) United States Department of Justice, Office of the United States Trustee, Region 17, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101 (collectively, the "Objection Notice Parties"). Each Objection must state with specificity the grounds for objecting to the proposed rejection of the Contract or Lease, and/or related disposal of the Remaining Property.

d) **Effects of Failing to File an Objection to a Rejection Notice.** If no Objection to a Rejection Notice is timely filed and served in accordance with paragraph (c) hereof, the Debtor may submit the Rejection Order to the Court providing that the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice (the "Rejection Effective Date"); *provided*, *however*, that the Rejection Effective Date shall not be earlier than the date the Debtor files and serves a Rejection Notice.  Further, the Debtor will have determined if any Remaining Property should be surrendered with the automatic stay being terminated, and/or the Debtor will have determined if any Remaining Property should be abandoned, and these determinations shall be deemed effective as of the Rejection Effective Date.

e) **Effects of Filing an Objection to a Rejection Notice.** If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures set forth herein, the Debtor shall schedule a hearing on such Objection on no less than seven (7) days' notice to the Objecting Party and the Objection Notice Parties.  If the Court upholds the Debtor's determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected as requested (i) as of the Rejection Effective Date, or (ii) as otherwise determined by the Court as set forth in any order overruling such Objection.  Further, the Debtor will have determined if any Remaining Property should be surrendered with the automatic stay being terminated, and/or the Debtor will have determined if any Remaining Property should be abandoned, and these determinations shall be deemed effective as of the Rejection Effective Date.

f) **Consent Orders.** Any Objection may be resolved without a hearing by an order of the Court submitted by stipulation by the Debtor and the Objecting Party.

g) **Deadlines for Filing Claims.**  Any affected Counterparty to a rejected Contract or Lease (a "Rejection Claimant"), asserting any Claims arising out of the rejection of Contracts or Leases, shall file a proof of claim on or before the later of (i) the deadline for filing proofs of claims established by the Court in this Chapter 11 Case, or (ii) thirty (30) days after the date of entry of the applicable Rejection Order.  If no proof of claim is timely filed, such Rejection Claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in this Chapter 11 Case and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtor's bankruptcy case.

h) **Treatment of Security Deposits.**  If the Debtor has deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty

3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

may not setoff or otherwise use such deposit without an order of the Court or prior agreement by the Debtor.

**i)**    **Remaining Property**.  The Debtor will determine how the Debtor's property at the Location, the Remaining Property, should be disposed of, including whether it should be removed, abandoned, sold, or surrendered to a party that has a secured or lease interest in the Remaining Property.  In the event that the Debtor determines that any Remaining Property should be surrendered to a party that has a secured or lease interest in the Remaining Property, the automatic stay will be deemed terminated as of the Rejection Effective Date. In addition, in the event that the Debtor determines that any Remaining Property should be abandoned, the Remaining Property will be deemed abandoned as of the Rejection Effective Date. Questions regarding the disposal of the Remaining Property may be directed to the Debtor at hostrelations@coin.cloud.

2.    The form of Rejection Notice attached hereto as **Exhibit 1** is hereby approved.

3.    The Debtor is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by this Order.

4.    Entry of this Order is without prejudice to the rights of the Debtor to, among other things and without limitation, seek further, other, or different relief regarding any Contract or Lease pursuant to, among other things, section 365 of the Bankruptcy Code.

5.    Entry of this Order is without prejudice to the rights of the Debtor to, among other things and without limitation, seek further, other, or different relief regarding termination of the automatic stay in favor of any party who has a secured or lease interest in the Remaining Property pursuant to section 362 of the Bankruptcy Code.

6.    Entry of this Order is without prejudice to the rights of the Debtor to, among other things and without limitation, seek further, other, or different relief regarding the disposal of any Remaining Property pursuant to section 554 of the Bankruptcy Code.

7.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing in this Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, amount or existence of any claim against the Debtor; (b) an admission as to the validity, priority, amount or existence of any claim regarding the Remaining Property; (c) an admission that any Contract or Lease is in fact an executory contract or lease; (d) a waiver of any of the Debtor's rights and defenses, all of which are preserved, including (i) all rights and defenses of the Debtor

4

with respect to a claim for damages arising as a result of the rejection of any Contract or Lease or with regard to the Remaining Property, including any right to assert an offset, recoupment, counterclaim or deduction, and (ii) all rights of the Debtor's ability to assert at any time that any particular Contract or Lease, or certain Location, is terminated and is no longer an executory contract or unexpired lease; (e) the approval, assumption or adoption, of any agreement, contract, lease, program or policy between the Debtor and any third party under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's right to seek retroactive rejection of any Contract or Lease, or certain Location.

8.       The Debtor is authorized to execute and deliver all instruments and documents and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

9.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.      This Court retains jurisdiction with respect to all matters arising from or related to the enforcement and implementation of this Order.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By:  /s/ Jeanette E. McPherson
     JEANETTE E. MCPHERSON, ESQ.
     Nevada Bar No. 5423
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

1    APPROVED/DISAPPROVED:

2    **OFFICE OF THE UNITED STATES TRUSTEE**

3

4    By: _____

5

6    ### <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>

7    In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

8    ☐    The Court has waived the requirement of approval in LR 9021(b)(1).

     ☐    No party appeared at the hearing or filed an objection to the motion

9    ☐    I have delivered a copy of this proposed order to all counsel who appeared at the
10        hearing, any unrepresented parties who appeared at the hearing, and each has
         approved or disapproved the order, or failed to respond, as indicated below:

11            Office of the United States Trustee

12

13   ☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this
         order with the motion pursuant to LR 9014(g), and that no party has objected to the
14        form or content of the order.

15                                          # # #

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1 (to Rejection Procedures Order)**

**[Form of Rejection Notice]**

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

1  BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
2  JEANETTE E. MCPHERSON, ESQ.
   Nevada Bar No. 5423
3  NICHOLAS A. KOFFROTH, ESQ.
   Nevada Bar No. 16264
4  ZACHARY T. WILLIAMS, ESQ.
   Nevada Bar No. 16023
5  **FOX ROTHSCHILD LLP**
6  1980 Festival Plaza Drive, Suite 700
   Las Vegas, Nevada 89135
7  Telephone: (702) 262-6899
   Facsimile: (702) 597-5503
8  Email: baxelrod@foxrothschild.com
9          jmcpherson@foxrothschild.com
           nkoffroth@foxrothschild.com
10         zwilliams@foxrothschild.com
11 *Counsel for Debtor*

| Electronically Filed _____ ___, 2023 |
| --- |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
| --- | --- |
| In re | Case No. BK-S-23-10423-MKN |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **NOTICE OF REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DISPOSAL OF CERTAIN PERSONAL PROPERTY INCLUDING STAY RELIEF AND/OR ABANDONMENT** |

**TO:    The Parties Identified on <u>Schedule 1</u> Attached Hereto:**

        **PLEASE TAKE NOTICE** that on February 7, 2023, Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), commenced with the United States Bankruptcy Court for the District of Nevada (the "<u>Bankruptcy Court</u>") a voluntary petition under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

        **PLEASE TAKE FURTHER NOTICE** that on [ ], 2023, the Bankruptcy Court entered an order [ECF __] (the "<u>Rejection Procedures Order</u>")[1] authorizing the Debtor to use expedited

---

[1] Capitalized terms used, but not defined, herein shall have the meaning ascribed to such terms in the underlying Motion.

142701647.2

1

procedures for the rejection of certain of the Debtor's executory contracts ("Contract(s)") and unexpired leases ("Lease(s)"), or certain locations ("Locations") that are part of a "master" Contract or Lease and that may be rejected separately from the Contract or Lease as a whole, and disposal of certain property ("Remaining Property"). An electronic copy of the Rejection Procedures Order can be found at https://cases.stretto.com/CashCloud (the "Case Website").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, the Debtor hereby provides notice of its intent to reject the Contracts and Leases, or certain Locations that are part of a "master" Contract or Lease and that may be rejected separately from the Contract or Lease as a whole, identified on **Schedule 1** hereto (each a "Rejected Contract or Lease") and notice of its intent to dispose of certain Remaining Property, including without limitation, surrendering the Remaining Property and terminating the automatic stay, and, if the Debtor so determines, abandonment.

**PLEASE TAKE FURTHER NOTICE** that should you object to the Debtor's rejection of a Rejected Contract or Lease, identified on **Schedule 1** hereto, you must file with the Bankruptcy Court and serve a written objection (an "Objection") on: (1) proposed attorneys for the Debtor, Fox Rothschild LLP (Attn: Brett Axelrod, Esq. and Jeanette McPherson, Esq.), One Summerlin, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135; (2) counsel for the Official Committee of Unsecured Creditors ("UCC"); (3) counsel to Debtor's secured creditors; (4) counsel to parties who have a lease interest in the Remaining Property; and (5) t h e United States Department of Justice, Office of the United States Trustee, Region 17, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101 (collectively, the "Objection Notice Parties") by no later than [____], 2 023, which is fourteen (14) days after the date that the Debtor filed and served this Rejection Notice.

**PLEASE TAKE FURTHER NOTICE** that if no Objection is timely filed and served in compliance with the Rejection Procedures Order, the identified Rejected Contracts and/or Leases, or certain Locations in those Contracts and/or Leases, will be rejected pursuant to section 365(a) of the Bankruptcy Code, and the Remaining Property surrendered with the automatic stay terminated for any party with a secured or lease interest in the Remaining Property, and the Remaining Property authorized to be abandoned if the Debtor has determined that abandonment is appropriate

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

pursuant to section 554 of the Bankruptcy Code, effective as of the date set forth on **Schedule 1** to this Rejection Notice or, if no such date is set forth therein, then the date of the Rejection Notice (the "Rejection Effective Date").

**PLEASE TAKE FURTHER NOTICE** that if an Objection is timely filed and served on the Objection Notice Parties in compliance with the Rejection Procedures Order, and such Objection cannot be consensually resolved, the Debtor shall seek a hearing on such Objection on no less than seven (7) days' notice to such Objecting Party and the Objection Notice Parties. If such Objection is overruled by the Bankruptcy Court or withdrawn, the rejection of such Contract or Lease, the surrender of the Remaining Property (if Debtor has determined surrender is proper) to any party with a secured or lease interest in the Remaining Property with termination of the automatic stay, and abandonment of the Remaining Property (if Debtor has determined abandonment is proper), shall be deemed effective (a) as of the Rejection Effective Date, (b) as otherwise agreed to by the Objecting Party and the Debtor, or (c) as otherwise determined by the Bankruptcy Court as set forth in any order overruling such Objection.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, if the Debtor has deposited monies with you as a security deposit or other arrangement, you may not setoff, recoup or otherwise use such deposit without prior authorization from the Bankruptcy Court or the prior written consent of the Debtor.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, the Debtor will determine how the Debtor's property at the Location, the Remaining Property, should be disposed of, including whether it should be removed, abandoned, sold, or surrendered to a party that has a secured (or lease) interest in the Remaining Property and the automatic stay terminated. Questions regarding the Remaining Property may be directed to the Debtor at hostrelations@coin.cloud.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, for any claim that you may assert against the Debtor as a result of the rejection of any Rejected Contract or Lease, you must submit a proof of claim for damages arising from such rejection on or before the later of (i) the deadline for filing proofs of claim established by the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Bankruptcy Court in the Debtor's Chapter 11 Case, or (ii) thirty (30) days after the entry of the Rejection Order.  If you do not timely file such proof of claim, you will not be treated as a creditor with respect to such claim for voting on any chapter 11 plan in the Debtor's Chapter 11 Case and shall be forever barred from asserting a claim for rejection damages arising from the rejection of the Rejected Contract or Lease, or from participating in any distributions that may be made in connection with this Chapter 11 Case.

Dated this ___ day of _____, 2023.

**FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ.
Nevada  Bar No. 5423
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

142701647.2

## Schedule 1 (to Rejection Notice)

| Counterparty | Counterparty Address | Kiosk Location | Kiosk Location ID | Rejection Effective Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

142701647.2

**Annex A** (to Rejection Notice)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email:  baxelrod@foxrothschild.com
        jmcpherson@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-23-10423-MKN |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER APPROVING THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DISPOSAL OF CERTAIN PERSONAL PROPERTY INCLUDING STAY RELIEF AND/OR ABANDONMENT** |

/ / /

/ / /

/ / /

1

142701647.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Pursuant to and in accordance with the *Order Granting Debtor's Motion For Entry Of Order Approving Procedures For Rejection Of Executory Contracts And Unexpired Leases And Disposal Of Certain Personal Property Including Abandonment* [ECF __] (the "Rejection Procedures Order");[1] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of these cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having properly filed and served a "Notice Of Rejection Of Executory Contracts And Unexpired Leases And Disposal Of Certain Personal Property Including Stay Relief And/Or Abandonment" [ECF __] (the "Rejection Notice") in accordance with the terms of the Rejection Procedures Order in respect to the rejection of the executory contracts (the "Contracts") and/or unexpired leases ("Leases") set forth on **Exhibit 1** hereto and to the disposal of property at the location (the "Remaining Property"); and no timely objections having been filed; and it appearing that due and adequate notice of the Rejection Procedures Order and the Rejection Notice has been given, and that no other or further notice need be given; and the Court having determined that the rejections provided for herein are an appropriate exercise of the Debtor's business judgment; and good and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.      The Contracts and Leases listed on **Exhibit 1** hereto are hereby rejected effective as of the dates set forth for such Contracts and Leases listed on Exhibit 1 hereto (the "Rejection Effective Date").

2.      If the Debtor has made the determination to surrender the Remaining Property, that the automatic stay is terminated for any party who holds a secured or lease interest in the Remaining Property as of the Rejection Effective Date.

3.      If the Debtor has made the determination that the Remaining Property should be abandoned, that the Remaining Property is hereby abandoned effective as of the Rejection Effective Date.

4.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Procedures Order.

142701647.2

1   this Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity,

2   priority, amount or existence of any claim against the Debtor; (b) an admission as to the validity,

3   priority, amount or existence of any claim regarding the Remaining Property; (c) an admission that

4   any Contract or Lease is in fact an executory contract or lease; (d) a waiver of any of the Debtor's

5   rights and defenses, all of which are preserved, including (i) all rights and defenses of the Debtor

6   with respect to a claim for damages arising as a result of the rejection of any Contract or Lease or

7   with regard to the Remaining Property, including any right to assert an offset, recoupment,

8   counterclaim or deduction, and (ii) all rights of the Debtor's ability to assert at any time that any

9   particular Contract or Lease, or certain Location, is terminated and is no longer an executory

10   contract or unexpired lease; (e) the approval, assumption or adoption, of any agreement, contract,

11   lease, program or policy between the Debtor and any third party under section 365 of the

12   Bankruptcy Code; or (f) a waiver of the Debtor's right to seek retroactive rejection of any Contract

13   or Lease, or certain Location.

14        5.      If any affected counterparty subject to this Order (a "Rejection Claimant") asserts a claim

15   or claims against the Debtor and its estate arising from the rejection of the Contracts and Leases, such

16   Rejection Claimant shall submit a proof of claim on or before the later of (a) the deadline for filing proofs

17   of claims established by the Court in this Chapter 11 Case, or (b) thirty (30) days after the date of entry of

18   this Order. If no proof of claim is timely filed, such Rejection Claimant shall not be treated as a creditor

19   with respect to such claims for voting on any chapter 11 plan in this Chapter 11 Case and shall be forever

20   barred from asserting a claim for rejection damages and from participating in any distributions that may

21   be made in connection with the Debtor's bankruptcy cases.

22        6.      The Debtor is authorized to execute and deliver all instruments and documents and

23   take such other actions as may be necessary or appropriate to implement and effectuate the terms of

24   this Order and the rejections without further order from this Court.

25   / / /

26   / / /

27   / / /

28   / / /

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142701647.2

7. This Court shall retain exclusive jurisdiction and power to resolve any dispute arising from or related to this Order.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

/s/ Jeanette E. McPherson
By:  JEANETTE E. MCPHERSON, ESQ.
    Nevada Bar No. 5423
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By: _____

### 

4

142701647.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**[Form of <u>Exhibit 1</u> (to Rejection Order)]**

| Counterparty | Counterparty Address | Kiosk Location | Kiosk Location ID | Rejection Effective Date |
|---|---|---|---|---|
| | | | | |
| | | | | |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1