BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        jmcpherson@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

Electronically Filed March 10, 2023

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

Debtor.

Case No. BK-S-23-10423-MKN

Chapter 11

**REPLY TO ENIGMA SECURITIES LIMITED'S RESERVATION OF RIGHTS WITH RESPECT TO OMNIBUS MOTIONS**

Hearing Date:   March 17, 2023
Hearing Time:   9:30 a.m.
Estimated Time for Hearing: 20 Minutes

Cash Cloud, Inc. ("Cash Cloud" or "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, respectfully submits this reply (the "Enigma Reply") to the Enigma Securities Limited's Reservation Of Rights With Respect To Omnibus Rejection Motions ("Enigma Response").

In the Enigma Response, Enigma raises two points. First, Enigma asserts "that to the extent the Court grants the Rejection Motions and the Debtor determines to abandon or surrender any portion of the Enigma Collateral to Enigma, then Enigma reserves all rights with respect thereto,

1

143539677.1

including but not limited to all rights it may have with respect to (a) the valuation of the Enigma Collateral, (b) cash contained within any abandoned DCMs (which, for the avoidance of doubt, also constitutes Enigma Collateral), and (c) the impact of abandonment on the amount of the Enigma Secured Loan claim." [ECF 198, para. 3].

The Debtor does not take issue with this request and hereby requests that it too shall reserve all of its rights with respect to Enigma and the Enigma Collateral including without limitation (a) the valuation of the Enigma Collateral, (b) whether any cash contained in any abandoned DCM is Enigma's Collateral, (c) the determination of the Enigma claim including without limitation all related claims for setoff or damages. The Debtor requests that these reservations of rights and claims pertain to any other creditors secured by the Kiosks or who have a lease or interest in any component contained in the Kiosks.

Second, Enigma asserts that "the proposed orders attached to the Rejection Motions should be revised to make clear that, upon abandonment of any property to a secured lender, the automatic stay shall be deemed lifted to permit the secured lender to foreclose on or otherwise dispose of such property in accordance with applicable non-bankruptcy law." [ECF 198, para. 4]. The Debtor agrees with this requested revision.

Dated this 10th day of March, 2023.    **FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for the Debtor*

143539677.1