Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

*[Proposed] Counsel for Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>Debtor. | Case No.: 23-10423-mkn<br>Chapter 11<br><br>**APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 1102, 1103, 328, 330 and 331 AUTHORIZING AND APPROVING THE EMPLOYMENT OF SEWARD & KISSEL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RETROACTIVE TO FEBRUARY 23, 2023**<br><br>**Omnibus Hearing Date:  April 20, 2023**<br>**Omnibus Hearing Time: 10:30 a.m.** |

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above referenced bankruptcy case of Cash Cloud, Inc. dba Coin Cloud (the "Debtor"), the debtor and

debtor-in-possession in the above-captioned case, hereby submits this application (the "Application") to employ Seward & Kissel LLP ("S&K" or the "Firm") as bankruptcy counsel to the Committee. This Application is brought pursuant to Sections 1102, 1103, 328, 330 and 331 of Title 11 of the Unites States code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules for the District of Nevada (the "Local Rules"). In support of the Application, the Committee submits the declaration of John R. Ashmead, Esq. (the "Ashmead Declaration"), filed concurrently herewith, and respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 1102, 1103, 328, 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2014.

4. Pursuant to Local Rule 9014.2, the Committee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## BACKGROUND

5. On February 7, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the Debtor's chapter 11 case (the "Chapter 11 Case").

6. On February 23, 2023, the Committee selected S&K to serve as bankruptcy counsel to the Committee. Since that time, S&K has been providing the Services (as defined below) to the Committee.

7. On February 28, 2023 the United States Trustee filed an amended appointment of the Official Committee of Unsecured Creditors in this Chapter 11 Case, appointing the following parties

as members of the Committee: (i) Genesis Global Holdco, LLC; (ii) Cole Kepro International, LLC; (iii) Brink's U.S., a Division of Brink's Incorporated; (iv) National Services, LLC; (v) OptConnect MGT, LLC; (vi) Black Hole Investments LLC; (vii) Cennox Reactive Field Services LLC. [ECF No. 177].

**REQUESTED RELIEF**

8. By this Application, the Committee seeks to employ and retain S&K as its lead counsel in connection with the Debtors' Chapter 11 Cases.

9. The Committee seeks to retain the Firm as its bankruptcy counsel, because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.

10. The Firm has not been paid or promised any compensation for its work in this case other than as set forth in this Application. The Firm has not agreed to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement. The Firm has not represented the Committee in the twelve months preceding the Petition Date.

11. Subject to Court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to the Firm on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm according to the Firm's customary reimbursement policies. The primary attorneys designated to represent the Committee are John R. Ashmead and Robert J. Gayda. Brief biographies of these attorneys are attached to the Ashmead Declaration as Exhibit 1. The Committee understands that the Firm will seek compensation from the Debtor's bankruptcy estates based on the following rates:

| Name | Position | Rate |
| --- | --- | --- |
| John R. Ashmead | Partner | $1,625.00 |
| Robert J. Gayda | Partner | $1,300.00 |
| Catherine V. LoTempio | Associate | $975.00 |
| Andrew Matott | Associate | $925.00 |
| Laura Miller | Associate | $975.00 |

| | | |
|---|---|---|
| Marian Wasserman | Paralegal | $360.00 |

12. The Firm may use other attorneys and paraprofessionals during the course of the case that it deems appropriate.

13. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, amongst other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, outside copying services for use in mass mailings, travel expenses, computerized research, transcription costs, and charges related to conference calls hosted by the Firm. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

14. S&K will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described above, in accordance with applicable rules and guidelines.

15. Pursuant to Bankruptcy Code Section 328(a), the Committee may retain counsel pursuant to reasonable terms and conditions. The Committee believes that the hourly rates and expense policies of S&K, which are applied to other S&K clients, all as specifically described above, constitute fair and reasonable terms and conditions for the retention by the Committee of S&K as bankruptcy counsel in accordance with Bankruptcy Code Section 328(a).

16. Subject to the direction of the Committee and further order of this Court, the professional services (collectively, the "Services") to be rendered by the Firm to the Committee will include, *inter alia*, the following:

   a. provide legal advice and assistance to the Committee and its consultation with the Debtor relative to the Debtor's administration of the case;

   b. represent the Committee at hearings held before the Court and communication with the Committee regarding the issues raised, as well as the decisions of the Court;

c. assist and advise the Committee in its examination and analysis of the conduct of the Debtor's affairs and the reason for its chapter 11 filing;

d. review and analyze all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtor or third parties, advise the Committee as to their propriety, and, after consultation with the Committee, take appropriate action;

e. assist the Committee in preparing applications, motions and orders in support of positions taken by the Committee, as well as prepare witnesses and review documents in this regard;

f. apprise the Court of the Committee's analysis of the Debtor's operations;

g. confer with the financial advisors and any other professionals retained by the Committee, if any are selected and approved, so as to advise the Committee and the Court more fully of the Debtor's operations;

h. assist the Committee in its negotiations with the Debtor and other parties-in-interest concerning the terms of any proposed plan or reorganization;

i. assist the Committee in its consideration of any plan of reorganization proposed by the Debtor's or other parties-in-interest as to whether it is in the best interest of creditors and is feasible;

j. assist the Committee with such other services as may contribute to the confirmation of a plan of reorganization;

k. advise and assist the Committee in evaluating and prosecuting any claims that the Debtor may have against third parties;

l. assist the Committee in the determination of whether to, and if so, how to, sell assets of the Debtor for the highest and best price; and

m. assist the Committee in performing such other services as may be in the interest of creditors, including, but not limited to, the commencement of, and participation in, appropriate litigation respecting the estate.

17. The Committee believes that it is necessary to employ counsel to render the professional services to the Committee as described above so that the Committee may properly fulfill

its duties under the Bankruptcy Code. Further, the Committee believes that S&K is well qualified to act as bankruptcy counsel on the Committee's behalf in these Chapter 11 Cases. The Committee understands that S&K intends to work closely with the Committee's other professionals to ensure that there is no unnecessary duplication of services.

18. Neither the Firm, nor any of its partners or associates, insofar as the Committee has been able to ascertain, represent any interest adverse to the Debtor, its estate, its creditors and the Committee, in the matters upon which the Firm is to be engaged. The Firm is a "disinterested person", as the Committee understands this term to be defined, within the meaning of Sections 101(14) and 101(31), as modified by Section 1103(b), of the Bankruptcy Code.

19. To the best of the Committee's knowledge, and except as disclosed in the Declaration of John R. Ashmead and below, the Firm has no prior connection with the Debtor, its creditors or any other party-in-interest, or its respective attorneys or accountants in the matters upon which the Firm is to be engaged that would in any way disqualify it from representing the Committee.

20. The Committee Co-Chairs have reviewed the Ashmead Declaration, including all of the "connections" to these Chapter 11 Cases disclosed therein, as such term is used in Bankruptcy Rule 2014. Notwithstanding any such connections, the Committee believes that S&K is a disinterested person and does not hold or represent an interest adverse to the Debtor's estates with respect to the matters for which S&K is to be employed, as required by Bankruptcy Code Section 328(c).

21. Since the Committee chose S&K as its bankruptcy counsel for the Committee and began using the services of the Firm on February 23, 2023, the Committee requests that any order entered authorizing such retention be without prejudice of S&K seeking payment for services rendered to the Committee beginning February 23, 2023, and that such employment be retroactive to the date of retention.

22. On account of its services to the Committee, S&K will seek compensation and reimbursement of expenses consistent with any interim compensation procedures approved by the Court. The Committee requests that S&K be allowed compensation for its services and reimbursement for its expenses in accordance with Bankruptcy Code Sections 330 and 331 and

Bankruptcy Rule 2016 upon submission of appropriate applications therefor in compliance with all applicable orders, rules, and guidelines, subject to the review and approval of this Court.

23. Notice of this Application has been given to (i) the Office of the United States Trustee, (ii) the Committee, (iii) Debtor's counsel via email notice and (iv) any party entering an appearance in these cases pursuant to Bankruptcy Rule 2002. The Committee believes that such notice of the Application is appropriate and sufficient.

WHEREFORE, the Committee requests entry of an Order, substantially in the form attached hereto as "**Exhibit 1**", authorizing the Committee to employ and retain the Firm, and granting such other and further relief as if just and proper.

DATED: March 13, 2023

McDONALD CARANO LLP

By: /s/ Ryan J. Works
Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

*[Proposed] Counsel for Official Committee of Unsecured Creditors*

**[SIGNATURE PAGES ATTACHED]**

1  Bankruptcy Rule 2016 upon submission of appropriate applications therefor in compliance with all
2  applicable orders, rules, and guidelines, subject to the review and approval of this Court.
3    23.  Notice of this Application has been given to (i) the Office of the United States
4  Trustee, (ii) the Committee, (iii) Debtor's counsel via email notice and (iv) any party entering an
5  appearance in these cases pursuant to Bankruptcy Rule 2002. The Committee believes that such
6  notice of the Application is appropriate and sufficient.
7    WHEREFORE, the Committee requests entry of an Order, substantially in the form attached
8  hereto as "**Exhibit 1**", authorizing the Committee to employ and retain the Firm, and granting such
9  other and further relief as if just and proper.

10  DATED March 13, 2023    McDonald Carano LLP

11  By: /s/ Ryan J. Works
    Ryan J. Works, Esq. (NSBN 9224)
12  Amanda M. Perach, Esq. (NSBN 12399)
    2300 West Sahara Avenue, Suite 1200
13  Las Vegas, Nevada 89102
    rworks@mcdonaldcarano.com
14  aperach@mcdonaldcarano.com

15  and

16  John R. Ashmead, Esq. *(pro hac vice application submitted)*
    Robert J. Gayda, Esq. *(pro hac vice application submitted)*
17  Catherine V. LoTempio, Esq. *(pro hac vice application submitted)*
    Andrew J. Matott, Esq. *(pro hac vice application submitted)*
18  SEWARD & KISSEL LLP
    One Battery Park Plaza
19  New York, NY 10004
    ashmead@sewkis.com
20  gayda@sewkis.com
    lotempio@sewkis.com
21  matott@sewkis.com

22  *[Proposed] Counsel for Official Committee
    of Unsecured Creditors*
23

24  Approved by:

25  Dated: March 10, 2023    Cole Kepro International, LLC

26    By: _____
        Frederick A. Cook, Jr., CEO
27      Co-Chair of the
        The Official Committee of Unsecured Creditors
28

Page 7 of 6

1  and

2  Dated: March 10, 2023                         OptConnect MGT, LLC

3                                                By: *Chris Baird* (signature)

4                                                Chris Baird, President and CEO
                                                  Co-Chair of the
                                                  The Official Committee of Unsecured Creditors

Page 8 of 6

# Exhibit 1

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*[Proposed] Counsel for Official Committee of Unsecured Creditors*

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
*(pro hac vice applications granted)*
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

*[Proposed] Counsel for Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>Debtor. | Case No.: 23-10423-mkn<br><br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 1102, 1103, 328, 330 and 331 AUTHORIZING THE EMPLOYMENT OF SEWARD & KISSEL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF FEBRUARY 23, 2023**<br><br>**Omnibus Hearing Date: April 20, 2023**<br>**Omnibus Hearing Time: 10:30 a.m.** |

The Court, having considered the Official Committee of Unsecured Creditor's (the "Committee") *Application for Order Pursuant to 11 U.S.C. §§ 1102, 1103, 328, 330, and 331 Authorizing and Approving the Employment of Seward & Kissel LLP as Counsel to the Official Committee of Unsecured Creditors, Retroactive to February 23, 2023* (the "Application") [ECF No. ___][1], as supported by the Declaration of John R. Ashmead, Esq. in Support of the Application ("Ashmead Decl.") [ECF No. ___]; the Court having found that it has jurisdiction pursuant to 28 U.S.C. § 157 and 1334; the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors and other parties in interests; the Court having found that the Committee provided appropriate notice of the Application and the opportunity for opposition was afforded to all parties in interest; the Court having found that no further notice of the Application is necessary under the circumstances; and the Court being satisfied with the representations made in the Application, the Ashmead Decl. and the hearing of this matter; the Court having found that Seward & Kissel LLP is a "disinterested person" as that term is defined in section 101(12) of the Bankruptcy Code; the Court having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Application establish good cause for the relief granted herein; the Court having found that any objections to the relief requested have been withdrawn or overruled on the merits; and based upon the findings set forth on the record at the hearing on the Application, and after due deliberation and sufficient cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1. The Application is granted, in its entirety, pursuant to the terms set forth therein, effective as of February 23, 2023;

2. Seward & Kissel LLP will be compensated pursuant to 11 U.S.C. §§ 328 and 330;

3. Seward & Kissel LLP may seek compensation for its fees and expenses incurred

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Application.

4829-7683-0893, v. 1

on behalf of the Committee, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the US Trustee Guidelines, and any applicable rules or orders of this Court;

4. Seward & Kissel LLP is disinterested as that term is defined in 11 U.S.C. § 101(14). and the Committee appointed in the above-captioned, jointly-administered bankruptcy.

**IT IS SO ORDERED.**

### #

McDONALD CARANO LLP

By:  */s/ Ryan J. Works*
    Ryan J. Works, Esq. (NSBN 9224)
    Amanda M. Perach, Esq. (NSBN 12399)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rworks@mcdonaldcarano.com
    aperach@mcdonaldcarano.com

SEWARD & KISSEL LLP
John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
*(pro hac vice applications granted)*
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

*[Proposed] Counsel for Official Committee of Unsecured Creditors*