1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*Counsel for Debtor*

Electronically Filed March 15, 2023

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

                    Debtor.

Case No.  BK-23-10423-mkn

Chapter 11

**NOTICE OF REVISED PROPOSED
FINAL ORDERS ON
DEBTOR'S EMERGENCY
FIRST DAY MOTIONS**

Pursuant to negotiations with the Official Committee of Unsecured Creditors (the "Committee") and the Office of the U.S. Trustee (the "Trustee"), Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), by and through its counsel, Fox Rothschild LLP, has agreed to revise the following *proposed* final orders[1]:

---

[1] The Trustee has not yet reviewed the Final Utilities Motion Order, the Final Cash Management Order, the Final Wage and Benefit Order, the Final Critical Vendor Order, the Final Customer Programs Order, and the Final Tax Motion Order. The Committee has not yet reviewed the Final Tax Motion Order.

143376438.2

1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1.  *Final Granting Debtor's Motion:* [ECF No. 04] *(1) Prohibiting Utilities from Altering, Refusing or Discontinuing Service; (2) Authorizing Ordinary Course Payments to Utilities; (3) Deeming Utilities Adequately Assured of Future Performance; and (4) Establishing Procedures for Determining Requests for Additional Adequate Assurance* ("Final Utilities Motion Order"), a redline copy of which is attached hereto as **Exhibit A**;

2.  *Final Order on Motion* [ECF No. 05] *Authorizing Continued Use of Prepetition Bank Accounts; and (II) Granting Related Relief* (the "Final Cash Management Order"), a redline copy of which is attached hereto as **Exhibit B**;

3.  *Final Order Granting Debtor's Motion* [ECF No. 06] *to (I) Pay Prepetition Employee Wages and Policies; and (II) Authorizing and Directing Financial Institutions to Honor Checks and Transfers Related to Such Obligations* (the "Final Wage and Benefit Order"), a redline copy of which is attached hereto as **Exhibit C**;

4.  *Final Order Granting Debtor's Emergency Motion* [ECF No. 07] *(I) Authorizing Debtor to Payprepetition Vendor Liabilities and (II) Authorizing and Directing Financial Institutions to Receive, Process, Honor and Pay All Checks Issued Relating to Vendor Liabilities* (the "Final Critical Vendor Order"), a redline copy of which is attached hereto as **Exhibit D**;

5.  *Final Order Granting Debtor's Motion* [ECF No. 08] *to (I) Maintain and Administer Customer Programs and Deposits; and (II) Honor Prepetition Obligations Related Thereto* (the "Final Customer Programs Order"), a redline copy of which is attached hereto as **Exhibit E**;

6.  *Final Order on Motion* [ECF No. 09] *(I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* (the "Final Tax Motion Order"), a redline copy of which is attached hereto as **Exhibit F**;

7.  *Order on Motion* [ECF No. 10] *Establishing Certain Case Management, Notice and Administrative* Procedures ("Final Case Management Procedures Order"), a redline copy of which is attached hereto as **Exhibit G**; and

8.  *Order on Motion* [ECF No. 152] *Pursuant to 11 U.S.C. §§ 105(a) and 331, And Fed. R. Bankr. P. 2016, Authorizing and Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("Final Interim Compensation Procedures Order"), a redline copy of which is attached hereto as **Exhibit H.**

143376438.2

1    DATED this 15th day of March 2023.

2                                    **FOX ROTHSCHILD LLP**

3                                    By:    _/s/Brett Axelrod_

4                                            BRETT A. AXELROD, ESQ.
                                            Nevada Bar No. 5859

5                                            NICHOLAS A. KOFFROTH, ESQ.
                                            Nevada Bar No. 16264

6                                            ZACHARY T. WILLIAMS, ESQ.
                                            Nevada Bar No. 16023

7                                            1980 Festival Plaza Drive, Suite 700
                                            Las Vegas, Nevada 89135

8                                    *Counsel for Debtor*

9

10

11

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

143376438.2

# EXHIBIT A

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **FINAL ORDER GRANTING DEBTOR'S MOTION:**<br>**(1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE;**<br>**(2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITIES;**<br>**(3) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE** |
| | Hearing Date:  March 17, 2023<br>Hearing Time: 9:30 a.m. |

142672738.1

1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession ("<u>Debtor</u>") for entry of a Final Order (the "<u>Final Order</u>") (i) prohibiting utilities from altering, refusing or discontinuing service, (ii) authorizing ordinary course payments to utilities, (iii) deeming utilities adequately assured of future performance, (iv) establishing procedures for determining requests for additional adequate, and (v) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**, as to Debtor's existing utility accounts, that:

1. The Motion is GRANTED;

2. The Utility Providers (listed on **<u>Exhibit 1</u>** attached to the Motion, and on any supplemental list filed with this Court prior to the Final Hearing) are hereby prohibited from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices;

3. Debtor is authorized to (a) provide each Utility Provider a sum equal to one hundred percent (100%) of Debtor's estimated monthly costs for Utility Services (as defined in the Motion)

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 597-5503 (fax)

1  (a "Utility Deposit"), based upon an average of Debtor's one-month utility costs for the six (6) months

2  immediately preceding the Petition Date; and (b) pay in the ordinary course of business amounts due

3  to the Utility Providers for Utility Services provided to Debtor prepetition (the "Ordinary Course

4  Payments," and together with the Utility Deposits, the "Adequate Assurance Payments");

5       4.    Upon Debtor's payment of the Adequate Assurance Payments, the Utility Providers

6  shall be deemed adequately assured of Debtor's future performance pursuant to 11 U.S.C. § 366;

7       5.    If any Utility Provider believes additional assurance is required, it may request such

8  additional assurance pursuant to the procedures set forth herein as follows:

9       5.1.    If a Utility Provider is not satisfied with the assurance of future

10  payment provided by Debtor pursuant to the proposed Utility Deposit, the Utility

11  Provider must serve a written request (the "Request") upon Debtor setting forth the

12  locations for which Utility Services are provided, the account numbers for such

13  locations, the outstanding balance for each account, a summary of Debtor's monthly

14  historical utility use over the past six (6) months on each account, and an explanation

15  of why the Utility Deposit is inadequate assurance of payment;

16       5.2.    The Request must be actually received by Debtor and Debtor's counsel,

17  Brett A. Axelrod, Esq., Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700,

18  Las Vegas, Nevada 89135, within forty-five (45) days of the date of the order granting

19  this Motion (the "Request Deadline"), with a copy to counsel to the Official

20  Committee of Unsecured Creditors (the "Committee"), Robert J. Gayda, Esq., Seward

21  & Kissel LLP, One Battery Park Plaza, New York, NY 10004.

22       5.3.    Without further order of the Court, Debtor may enter into agreements

23  granting additional adequate assurance to a Utility Provider serving a timely Request,

24  if Debtor, in its discretion and in consultation with the Committee, determines that the

25  Request is reasonable;

26       5.4.    If Debtor believes that a Request is unreasonable, then Debtor shall,

27  within thirty (30) days after the Request Deadline date, file a motion pursuant to

28  section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking a

142672738.1

1  determination from the Court that the Utility Deposit, plus any additional

2  consideration offered by Debtor, constitutes adequate assurance of payment.  Pending

3  notice and a hearing on the Determination Motion, the Utility Provider that is the

4  subject of the unresolved Request may not alter, refuse, or discontinue services to

5  Debtor nor recover or setoff against a prepetition date deposit; and

6     5.5.  Any Utility Provider that fails to make a timely Request shall be

7  deemed to be satisfied that the Utility Deposit provided to it constitutes adequate

8  assurance of payment.

9  **IT IS FURTHER ORDERED** that:

10     6. If Debtor supplements the list on **Exhibit 1** attached to the Motion subsequent to the

11  filing of the Motion, Debtor will serve a copy of the Motion and this signed order granting the Motion

12  (the "<u>Order</u>") on any Utility Provider that is added to the list by such supplement (the "<u>Supplemental</u>

13  <u>Service</u>") and provide notice of the same to the Committee.

14     7. Concurrently with the Supplemental Service, Debtor will file with the Court a

15  supplement to **Exhibit 1** adding the name of the Utility Provider so served.  The added Utility

16  Provider shall have thirty (30) days from the date of service of this Motion and the Order to make a

17  Request.  In addition, Debtor may also provide a Utility Deposit to the Utility Provider that is added

18  to the list by such supplement without further order from the Court.

19     8. ~~Finally, the Order provides that~~ The Debtor may terminate the services of any Utility

20  Provider by providing written notice (a "<u>Termination Notice</u>"), with a copy to the Committee.  Upon

21  receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor

22  herein, the Utility Provider shall immediately refund any Utility Deposit and prepetition deposit, if

23  any, to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may

24  assert against Debtor.  The immediate refund of a Utility Deposit and prepetition deposit, if any, by

25  a Utility Provider whose services are terminated is fair and appropriate under the circumstances

26  because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

27    **IT IS FURTHER ORDERED,** as to new accounts opened by Debtor as debtor-in-

28  possession, that:

4

142672738.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**Formatted:** Underline, Font color: Accent 1

9.      The Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.

10.     If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, the Court will consider a request for relief by Debtor with notice to the Utility Provider on an expedited basis.

**IT IS FURTHER ORDERED** that:

11.     Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

15.     Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

16.     Debtor's banks and financial institutions are authorized and directed to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or intercompany transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of this Order.  Debtor is authorized to reissue checks, wire transfer requests or intercompany requests where such method of payment has been dishonored.

5

142672738.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:    _/s/Brett A. Axelrod_
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY: _____
    Jared A. Day,
    Trial Attorney for United States Trustee,
    Tracy Hope Davis

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐    The Court has waived the requirement of approval in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

        Jared A. Day, Trial Attorney
        Office of the United States Trustee

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

6

142672738.1

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.   BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **FINAL ORDER: (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS; AND (II) GRANTING RELATED RELIEF** |
| | Hearing Date:  March 17, 2023<br>Hearing Time: 9:30 a.m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143155054.2

1

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of an final order (the "Final Order") (i) authorizing continued use of prepetition bank accounts, (ii) granting related relief, and (iii) scheduling a final hearing to consider entry of the Final Order, as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Debtor is authorized to continue using its integrated Cash Management System as described in the Motion.

3. Debtor is authorized to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the date of entry of the order for relief (the "Petition Date"), (b) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, contracts, purchase orders and invoices), as well as Checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to its status as debtor-in-

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

143155054.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

possession, and (c) treat the Bank Accounts for all purposes as accounts of Debtor as debtor-in-possession.

4.      Debtor shall maintain records of all transfers, receipts and transactions within the Cash Management System, including the Bank Accounts, so that all transfers, receipts and transactions shall be adequately and promptly documented in, and ascertainable and traceable from, Debtor's books and records, which records shall be made available to the Committee upon reasonable request.

5.      Except as otherwise expressly provided in this Order and only to the extent funds are available in each applicable Bank Account, the Banks are authorized and directed to continue to use their commercially reasonable best efforts to service and administer the Bank Accounts as accounts of Debtor as debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

6.      To the extent permitted by an order of this Court other than this Order, the Banks are authorized and directed to continue to use their commercially reasonable best efforts to honor any debits made, drawn or issued in payment of prepetition claims.

7.      Debtor is authorized to pay the Banks all postpetition ordinary course bank fees, expenses and charges in connection with the Bank Accounts and the Cash Management System.

8.      Debtor and the Banks are authorized to continue to perform pursuant to the terms of any prepetition documents and agreements governing the Bank Accounts.

9.      Debtor is authorized to open any new Bank Accounts or close any existing Bank Account as Debtor deems necessary and appropriate in its sole discretion subject to the Debtor having provided the Committee with prior written notice.

10.     Debtor and the Banks are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.  Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived and Debtor is excepted from the operation of Bankruptcy Rule 6003(b), and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

11.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: ___/s/Brett A. Axelrod___
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

**OFFICE OF THE UNITED STATES TRUSTEE**

By___/s/_____
    Jared A. Day,
    Trial Attorney for Tracy Hope Davis,
    United States Trustee
    Foley Federal Building
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

143155054.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

> Jared A. Day,
> Trial Attorney
> Office of the United States
> Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143155054.2

# EXHIBIT C



BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **FINAL ORDER AUTHORIZING DEBTOR'S MOTION TO (I) PAY PREPETITION EMPLOYEE WAGES AND POLICIES; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS** |
| | Hearing Date: March 17, 2023<br>Hearing Time: 9:30 a.m. |

143156819.1

1

1         Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession (the

2  "<u>Debtor</u>") for entry of a final order (the "<u>Final Order</u>") (i) authorizing, but not directing, the Debtor

3  (a) to pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (b)

4  continue employee benefits programs in the ordinary course of business, including payment of certain

5  prepetition obligations related thereto; (ii) scheduling a final hearing to consider entry of the Final

6  Order, and (iii) granting related relief as more fully set forth in the Motion; and the Court having

7  found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the

8  Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court

9  having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to

10  28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in

11  the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having

12  found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on

13  the Motion under the circumstances; and the Court having found that no other or further notice need

14  be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration,

15  having heard the statements in support of the relief requested therein at a hearing before the Court

16  (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having

17  determined that the legal and factual bases set forth in the Motion and at the Hearing establish just

18  cause for the relief granted herein; and any objections to the relief requested herein having been

19  withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing

20  therefor,

21         **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

22         1.     The Motion is GRANTED on a final basis as set forth herein.

23         2.     The Debtor is authorized, but not directed, to continue and/or modify the Employee

24  Compensation and Benefits in the ordinary course of business, in accordance with the Debtor's

25  prepetition policies and practices, and, in the Debtors' reasonable business ~~discretion~~judgment, in

26  consultation with the official committee of unsecured creditors appointed in this Chapter 11 Case (the

27

---

28  [1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

2

143156819.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1  "Committee"), to pay and honor prepetition amounts related thereto; provided that, prior to making

2  any payments on account of the Employee Compensation and Benefits that exceed the priority

3  amounts set forth in §§ 507(a)(4) and 507(a)(5), the Debtor will provide notice to (a) the Office of

4  the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300

5  Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (b) the ~~official committee of~~

6  ~~unsecured creditors (if any) appointed in these chapter 11 cases (the~~ "Committee") and its counsel;

7  and (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002; and provided further

8  that nothing in this Final Order shall be deemed to authorize the payment of any amounts which are

9  subject to § 503(c) of the Bankruptcy Code.

10      3.      Nothing in this Final Order shall be deemed to authorize the Debtor to pay any amounts

11  to an insider that constitute an incentive compensation program, and the Debtor shall seek authority

12  to make any such payments to insiders by separate motion filed with this Court.

13      4.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing

14  contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall

15  constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or

16  lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or

17  the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

18      5.      Nothing in the Motion or this Final Order shall impair the ability of the Debtor or the

19  Committee to contest the validity or amount of any payment made pursuant to this Final Order.

20      6.      Notwithstanding the relief granted herein or any action taken hereunder, nothing

21  contained in this Final Order shall create any rights in favor of, or enhance the status of any claim

22  held by, any Employee, Independent Contractor, Temporary Employee, or other person or entity.

23      7.      The Debtor is authorized to issue postpetition checks, or to affect postpetition fund

24  transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a

25  consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with

26  any Employee Compensation and Benefits or other payment authorized by this Final Order.

27      8.      The Debtor is authorized to take all actions necessary to effectuate the relief granted

28  in this Final Order in accordance with the Motion.

3

143156819.1

**Formatted:** No underline

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1    9.    Notice of the Motion, as stated therein, constitutes good and sufficient notice of such

2    Motion, and the requirements of the local rules of this Court are satisfied by such notice.

3    10.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

4    11.    The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

5    12.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are

6    immediately effective and enforceable upon its entry.

7    13.    This Court retains exclusive jurisdiction with respect to all matters arising from or

8    related to the implementation, interpretation, and enforcement of this Order.

9    Prepared and respectfully submitted by:

10   **FOX ROTHSCHILD LLP**

11

12   By:    _/s/Brett A. Axelrod_____
           BRETT A. AXELROD, ESQ.
           Nevada Bar No. 5859
13         NICHOLAS A. KOFFROTH, ESQ.
           Nevada Bar No. 16264
14         ZACHARY T. WILLIAMS, ESQ.
           Nevada Bar No. 16023
15         1980 Festival Plaza Drive, Suite 700
           Las Vegas, Nevada 89135
16   *Counsel for Debtor*

17

18   APPROVED/DISAPPROVED:

19   **OFFICE OF THE UNITED STATES TRUSTEE**

20

21   By:    _/s/_____
           Jared A. Day,
22         Trial Attorney for United States Trustee,
           Tracy Hope Davis

23

24

25

26

27

28

4

143156819.1

*FOX ROTHSCHILD LLP*
*1980 Festival Plaza Drive, Suite 700*
*Las Vegas, Nevada 89135*
*(702) 262-6899*
*(702) 597-5503 (fax)*

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

The Court has waived the requirement of approval in LR 9021(b)(1).

No party appeared at the hearing or filed an objection to the motion

I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Jared A. Day,                          APPROVED
Trial Attorney
Office of the United States Trustee

I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5

143156819.1

# EXHIBIT D

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>                         Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**FINAL ORDER (I) AUTHORIZING DEBTOR TO PAY PREPETITION VENDOR LIABILITIES AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS ISSUED RELATING TO VENDOR LIABILITIES**<br><br>Hearing Date:  March 17, 2023<br>Hearing Time: 9:30 a.m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

143311096.1

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of a final order (the "Final Order") *(i) Authorizing Debtor To Pay Prepetition Vendor Liabilities And (ii) Authorizing And Directing Financial Institutions To Receive, Process, Honor And Pay All Checks Issued Relating To Vendor Liabilities*; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED.

2.      Debtor, in consultation with the Committee, is hereby authorized, but not directed, to pay its prepetition Vendor Liabilities (as the term is defined in the Motion).

3.      The banks and financial institutions at which Debtor maintains its accounts are authorized and directed to receive, process, honor and pay all such prepetition checks presented for payment, to the extent sufficient funds are on deposit in such accounts.

4.      Debtor is authorized to issue replacement checks to the extent necessary to pay all prepetition Vendor Liabilities.

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

143311096.1

5.      Debtor is excepted from the operation of Bankruptcy Rule 6003(b).

6.      Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived, and this Order shall be effective immediately.

7.      This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**IT IS SO ORDERED.**

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:    _/s/Brett A. Axelrod_
  BRETT A. AXELROD, ESQ.
  Nevada Bar No. 5859
  NICHOLAS A. KOFFROTH, ESQ.
  Nevada Bar No. 16264
  ZACHARY T. WILLIAMS, ESQ.
  Nevada Bar No. 16023
  1980 Festival Plaza Drive, Suite 700
  Las Vegas, Nevada 89135
*Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
  ,
  Trial Attorney for Tracy Hope Davis,
  United States Trustee
  Foley Federal Building
  300 Las Vegas Boulevard South, Suite 4300
  Las Vegas, Nevada 89101

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

143311096.1

1

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>

2

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

3

The Court has waived the requirement of approval in LR 9021(b)(1).

4

No party appeared at the hearing or filed an objection to the motion

5

6

I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

7

8

9

,
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES
TRUSTEE

10

11

  Approved / Disapproved  

12

13

I certify that this is a case under Chapter 7 or 13, that I has served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

14

15

# # #

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143311096.1

**EXHIBIT 3**

**SUPPLEMENTAL LIST OF PREPETITION CHECKS OUTSTANDING TO VENDORS FOR PROVISION OF PREPETITION SERVICES**

| CHECK NO. | CHECK DATE | PAYEE | CHECK AMOUNT |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | **TOTAL** | **$** |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5

143311096.1

# EXHIBIT E



BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **FINAL ORDER GRANTING DEBTOR'S MOTION TO (I) MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS AND DEPOSITS; AND (II) HONOR PREPETITION OBLIGATIONS RELATED THERETO** |
| | Hearing Date:  March 17, 2023 Hearing Time: 9:30 a.m. |

1

143386558.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1    Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession (the

2   "<u>Debtor</u>") for entry of a final order (the "<u>Final Order</u>") (i) authorizing, but not directing, the Debtor

3   to maintain and administer its customer programs and honor prepetition obligations related thereto in

4   a manner consistent with past practices, (ii) authorizing, but not directing, the Debtor to maintain

5   customer deposits and honor prepetition obligations related thereto in a manner consistent with past

6   practices, and (iii) granting related relief as more fully set forth in the Motion; and the Court having

7   found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the

8   Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court

9   having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to

10   28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in

11   the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having

12   found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on

13   the Motion under the circumstances; and the Court having found that no other or further notice need

14   be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration,

15   having heard the statements in support of the relief requested therein at a hearing before the Court

16   (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having

17   determined that the legal and factual bases set forth in the Motion and at the Hearing establish just

18   cause for the relief granted herein; and any objections to the relief requested herein having been

19   withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing

20   therefor,

21    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

22    1.    The Motion is GRANTED on a final basis as set forth herein.

23    2.    The Debtor is authorized, but not directed, to maintain and administer the Customer

24   Programs and the Transaction Hold programs in the ordinary course of business consistent with past

25   practice.

26

27

28   [1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

2

143386558.1

3.      The Debtor is authorized, but not directed, to renew, replace, implement, or modify one or more Customer Programs or Transaction Hold programs, in whole or in part, in the Debtor's discretion, in consultation with the official committee of unsecured creditors appointed in this Chapter 11 Case (the "Committee"), and in accordance with the Debtor's business judgment.

4.      The Debtor is authorized, but not directed, to honor its prepetition obligations owing to customers in connection with, relating to, or based upon the Customer Program obligations and the Transaction Hold Obligations.

5.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

6.      Nothing in the Motion or this Final Order shall impair the ability of the Debtor or the Committee to contest the validity or amount of any payment made pursuant to this Final Order.

7.      Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held any person or entity.

8.      The Debtor is authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Customer Program obligations, Transaction Hold Obligations, or other payment authorized by this Order.

9.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10.     Notice of the Motion, as stated therein, constitutes good and sufficient notice of such Motion, and the requirements of the local rules of this Court are satisfied by such notice.

11.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12.     The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

3

**Formatted:** Underline

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1    13.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are

2    immediately effective and enforceable upon its entry.

3    14.    This Court retains exclusive jurisdiction with respect to all matters arising from or

4    related to the implementation, interpretation, and enforcement of this Order.

5

6    Respectfully submitted by:

7    **FOX ROTHSCHILD LLP**

8    By:  ___/s/Brett A. Axelrod_____
         BRETT A. AXELROD, ESQ.
9        Nevada Bar No. 5859
         NICHOLAS A. KOFFROTH, ESQ.
10       Nevada Bar No. 16264
         ZACHARY T. WILLIAMS, ESQ.
11       Nevada Bar No. 16023
         1980 Festival Plaza Drive, Suite 700
12       Las Vegas, Nevada 89135
13    *Counsel for Debtor*

14

15    APPROVED

16    **OFFICE OF THE UNITED STATES TRUSTEE**

17    By:  ___/s/_____
         Jared A. Day,
18       Trial Attorney for United States Trustee,
         Tracy Hope Davis

19

20

21

22

23

24

25

26

27

28

4

143386558.1

*(left margin, rotated)* FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

        The Court has waived the requirement of approval in LR 9021(b)(1).

        No party appeared at the hearing or filed an objection to the motion.

        I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

                Jared A. Day,
                Trial Attorney for
                The United States Trustee

        I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5

143386558.1

# EXHIBIT F

[To be Provided]

# EXHIBIT G

**EXHIBIT A**

**PROPOSED FORM OF CASE MANAGEMENT ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER ESTABLISHING CERTAIN CASE MANAGEMENT, NOTICE AND ADMINISTRATIVE PROCEDURES** |
| | Hearing Date:  March 17, 2023 Hearing Time:  9:30 a.m. |

The Court, having reviewed and considered the Motion for Order Establishing Certain Case

Management, Notice and Administrative Procedures (the "Motion"), filed in the above-captioned

chapter 11 bankruptcy Case (the "Chapter 11 Case") by the Debtor and Debtor in possession

("Debtor"), seeking an order pursuant to sections 102 and 105 of title 11 of the United States Code

(the "Bankruptcy Code") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure

143049337.1
143273173.2143273173.2143273173.1

1    (the "Bankruptcy Rules"), to, among other things, (a) establish the case management procedures set

2    forth in the Motion as the governing framework for administration of the Chapter 11 Case and (b)

3    approve the form and proposed notice of the Case Management Procedures; having jurisdiction to

4    consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; the United States

5    Trustee having appointed an official committee of unsecured creditors on February 17, 2023;

6    consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28

7    U.S.C. § 157(b); venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409;

8    appropriate and sufficient notice of the Motion having been provided under the circumstances, and it

9    appearing that no other or further notice need be provided; having determined that the relief sought

10   in the Motion is in the best interests of Debtor, its creditors and all other parties in interest; having

11   determined that the legal and factual bases set forth in the Motion establishes just cause for the relief

12   granted herein; and upon all the proceedings held before the Court at the date and time noted above;

13   with all other findings of the Court as set forth in the record at such hearing, which are incorporated

14   herein pursuant to Federal Rule of Civil Procedure 52, made applicable to these proceedings by

15   Bankruptcy Rule 7052; and, after due deliberation and sufficient cause appearing, therefor,

16       **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

17       1.    The Motion is GRANTED as set forth herein.

18       2.    The case management, notice and administrative procedures attached hereto as

19   **Exhibit 1** (the "Case Management Procedures") are approved and shall be implemented immediately

20   upon entry of this Order to provide the governing framework for administration of this Chapter 11

21   Case.

22       3.    Debtor shall serve notice of this Order and the Case Management Procedures upon the

23   Master Service List (as defined in the Case Management Procedures) that Debtor shall maintain in

24   accordance with the Case Management Procedures.

25       4.    Debtor shall publish the Case Management Procedures on the website:

26   https://cases.stretto.com/CashCloud (the "Case Website") maintained by its notice, balloting and

27   claims agent (the "Notice and Claims Agent").   Additionally, Debtor's proposed counsel and the

28

2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1    Notice and Claims Agent shall provide copies of the Case Management Procedures to any party who

2    contacts them to make such request.

3          5.      In the event the Case Management Procedures are modified during the course of the

4    Chapter 11 Case, Debtor or the Notice and Claims Agent will redistribute the Case Management

5    Procedures to the Master Service List and shall republish the Case Management Procedures on the

6    Case Website.

7          6.      The Court shall retain jurisdiction with respect to any matters, claims, rights or

8    disputes arising from or related to the implementation of this Order.

9

10   Prepared and Respectfully Submitted by:

11   **FOX ROTHSCHILD LLP**

12   By:   _/s/Brett A. Axelrod_

13        BRETT A. AXELROD, ESQ.
          Nevada Bar No. 5859

14        NICHOLAS A. KOFFROTH, ESQ.
          Nevada Bar No. 16264

15        ZACHARY T. WILLIAMS, ESQ.
          Nevada Bar No. 16023

16        1980 Festival Plaza Drive, Suite 700
          Las Vegas, Nevada 89135

17   *Counsel for Debtor*

18

19

20

21   **APPROVED**~~DISAPPROVED~~:

22   **OFFICE OF THE UNITED STATES TRUSTEE**

23   By_____/s/Jared A. Day_____

24   Jared A. Day, Trial Attorney for
          Tracy Hope Davis, U.S. Trustee

25        Foley Federal Building

26        300 Las Vegas Boulevard South, Suite 4300
          Las Vegas, Nevada 89101

27

28                                3

143049337.1
143273173.2143273173.2143273173.1

*Formatted:* Font: Bold

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

The Court has waived the requirement of approval in LR 9021(b)(1).

No party appeared at the hearing or filed an objection to the motion

I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

JARED A. DAY, OFFICE OF THE                    APPROVED
UNITED STATES TRUSTEE

Approved / Disapproved

I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

4

143049337.1
143273173.2143273173.2143273173.1

**EXHIBIT 1**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **CASE MANAGEMENT, NOTICE AND**<br>**ADMINISTRATIVE PROCEDURES** |

    The United States Bankruptcy Court for the District of Nevada (the "Court") approved the following case management, notice and administrative procedures (the "Case Management Procedures") for the above-captioned chapter 11 bankruptcy Case (the "Chapter 11 Case") of Cash Cloud, Inc., dba Coin Cloud, Inc., Debtor and Debtor in possession (the "Debtor") in the Chapter 11 Case, pursuant to its order (the "Case Management Order") entered on _____, 2023.

    Anyone may obtain a copy of the Case Management Order in addition to any document filed with the Court in the Chapter 11 Case by (a) accessing the website maintained by Stretto, Inc. ("Stretto" or the "Notice and Claims Agent"), Debtor's notice, balloting and claims agent, at

5

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Federal Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1    https://cases.stretto.com/CashCloud (the "Case Website"); (b) contacting Stretto directly at:

2    INSERT1-800-634-7734; or on their Telephone Hotline: toll free for U.S. parties at 720.792.9194 or

3    for non-U.S. parties at +1 888.940.5992; or (c) accessing the Case Management/Electronic Case

4    Filing System ("CM/ECF") on the Court's website at www.nvb.uscourts.gov through an account

5    obtained from the PACER service center at 1 (800) 676-6856 or http://pacer.psc.uscourts.gov.

6    Additionally, paper copies of all pleadings filed in the Chapter 11 Case are available during posted

7    hours at the Court Clerk's office located at Foley Federal Building and U.S. Courthouse, 300 Las

8    Vegas Boulevard South, Las Vegas, Nevada 89101.

9    **A.**    **Omnibus Hearing Dates.**

10        1.    <u>All Matters to be Heard at Omnibus Hearings</u>.  The Court shall schedule periodic

11    omnibus hearings to consider all motions, pleadings, applications, objections and responses thereto,

12    and other requests for relief filed in the Chapter 11 Case (the "Omnibus Hearings") no less frequently

13    than once per month.  Upon the scheduling of the Omnibus Hearings, the Notice and Claims Agent

14    shall post the dates and times for the Omnibus Hearings at the Case Website.  Parties in interest may

15    contact the Notice and Claims Agent for information concerning all scheduled Omnibus Hearings.

16        2.    <u>Omnibus Hearings</u>.

17            (a)    <u>Ordinary Scheduling Procedures</u>.  In accordance with Rule 2002 of the

18    Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9014 of the Court's Local Rules of Bankruptcy Procedure (the "Local Rules"), a party may

19    notice its Request for Relief (defined below) as set for hearing on the date of the next

20    upcoming Omnibus Hearing date provided such Omnibus Hearing date is no less than twenty-eight (28) days after the filing of the Request for Relief.

21            (b)    <u>Emergency Scheduling Procedures</u>.  Notwithstanding the Ordinary

22    Scheduling Procedures, every party may request a hearing on less than twenty-eight (28) days' notice in accordance with Local Rule 9006.

23

24

25

26

27

28

143049337.1
143273173.2143273173.2143273173.1

**B.**    **Filing and Notice Procedures; Deadlines for Filing Responsive Pleadings.**

3.    <u>Procedures Established for Notices</u>.    All notices, motions, applications and other requests for relief, including all briefs, memoranda, affidavits, declarations and other documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>") and all objections and responses to such Requests for Relief (collectively, the "<u>Objections</u>," and together with the Requests for Relief and all other filed documents, the "<u>Court Filings</u>") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein at paragraphs 4-20 (the "<u>Notice Procedures</u>").

4.    <u>Entities Entitled to Service</u>.    Except as otherwise provided herein, all Court Filings shall be served upon the Master Service List, the Rule 2002 List and Affected Entities (each as defined hereinafter and collectively referred to as the "<u>Service List</u>"):

(a)    <u>Master Service List</u>.    This list shall be maintained by the Notice and Claims Agent and made available to parties in interest by their (a) accessing the Case Website; (b) contacting the Notice and Claims Agent directly; and/or (c) contacting Debtor's counsel directly, and shall include contact information for the following parties:

(i)    the Office of the United States Trustee for the District of Nevada;

(i)    Debtor and its counsel;

(ii)    counsel to any official committee of creditors or, until such appointment, the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed in the Chapter 11 Case by Debtor, pursuant to Bankruptcy Rule 1007(d);

(iii)    counsel to Debtor's secured creditors; and

(iv)    the Internal Revenue Service.

(b)    <u>Rule 2002 List</u>.    This list shall be maintained by the Notice and Claims Agent and made available to parties in interest by their (a) accessing the Case Website; or (b) contacting the Notice and Claims Agent directly; and shall include contact information for those entities who file or have filed a proper request for service of papers pursuant to Bankruptcy Rule 2002 as follows:

(i)    <u>A Request for Service of Papers Requires Email Address</u> – A request for service of papers pursuant to Bankruptcy Rule 2002 filed with the Court (each, a "<u>Rule 2002 Notice Request</u>") shall be deemed proper if and only if it includes the following information with re<span style="color:red">spect</span><span style="color:red;text-decoration:line-through">quest</span> to the party filing such request: (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

7

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(ii)    Certification For Opting Out of Email Service – Any individual or entity filing a Rule 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the Rule 2002 Notice Request a certification that shall include a statement certifying that the individual or entity (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.

(iii)    Updates to Rule 2002 Notice Request – Each entity submitting a Rule 2002 Notice Request shall file with the Court an updated Rule 2002 Notice Request, as necessary, to reflect changes to any information, including email address and contact person, and shall serve a copy of such request upon Debtor and Debtor's counsel.

(iv)    At least once a month following the Petition Date, the Notice and Claims Agent shall maintain and update the Rule 2002 List by: (a) making any additions and deletions necessary since the last update; (b) filing the updated Rule 2002 List with the Court; (c) serving the updated Rule 2002 List on the parties listed thereon; (d) filing a proof of service; and (e) simultaneously with the filing of the updated Rule 2002 List, posting the updated Rule 2002 List on the Case Website.

(c)    Affected Entities.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "Affected Entity").

5.    Filing and Service of Requests for Relief.

(a)    Deadline for Requests for Relief.  Unless otherwise ordered by the Court, the deadline to file a Request For Relief (the "Request Deadline") shall be no less than twenty-eight (28) days before the applicable hearing date in accordance with Bankruptcy Rule 2002 and Local Rule 9014.

(b)    Service of Requests for Relief.  Unless the Court orders otherwise, all Requests For Relief filed with the Court shall be served, so as to actually be received by the Request Deadline, upon the Master Service List and each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served; *provided, however*, that if the Request for Relief is set on an expedited basis on a date that is ten (10) days or less before the applicable hearing, then such Request for Relief shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtor and its counsel, any committees appointed in the Case and their counsel, the entity filing the Request for Relief, and each Affected Entity.

143049337.1
143273173.2143273173.2143273173.1

6.   Filing and Service of Objections, Replies and Other Responsive Pleadings.

(a)   Deadline for Objections.   Unless otherwise ordered by the Court, the deadline to file objections to Requests For Relief (the "Objection Deadline") shall be fourteen (14) days before the applicable hearing date in accordance with Local Rule 9014.  An Objection Deadline concerning a Request for Relief set to be heard on an Omnibus Hearing Date may be extended with the consent of the entity filing the Request for Relief to a date that is no later than seven (7) days before the applicable hearing date.  For motions that are set on an expedited basis, the Objection Deadline shall be as specified in the order shortening time and, if not specified, shall be 5:00 p.m. prevailing Pacific Time no later than two (2) business days before the hearing date; provided however, that unless the court orders otherwise, when the order shortening time is entered less than three (3) business days before the hearing, no written opposition is required.  Failure to file objections by the Objection Deadline may cause the Court to not consider the objection.

(b)   Service of Objections.   All objections filed with the Court shall be served, so as to actually be received by the applicable Objection Deadline, upon the entity filing the Request for Relief, the Master Service List, and each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served; provided, however, that if the Objection Deadline is after the date that is five (5) days before the applicable hearing, then objections shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtor and their counsel, any committees appointed in the Chapter 11 Case and their counsel, the entity filing the Request for Relief, and each Affected Entity.

(c)   Filing and Service of Replies to Objections.   If a Court Filing is a reply to an objection, such reply shall be filed with the Court and served so as to actually be received by Debtor and its counsel, the parties filing the objections and each Affected Entity, seven (7) days before the applicable hearing date in accordance with Local Rule 9014.  If such reply is filed with respect to a motion set on an expedited basis, the reply shall be filed with the Court and served on the foregoing parties enumerated in this subsection (c) no later than 12:00 p.m. prevailing Pacific Time at least one (1) business day before the applicable hearing date.

7.   Service of Orders.  Any party submitting an order for the Court's consideration shall serve a file-stamped copy of such order on (i) each Affected Entity and (ii) Debtor and their counsel within two (2) business days of entry of the order.  Debtor shall cause copies of all entered orders to be posted on the Case Website.

8.   With respect to Court Filings for which notices are required to be served on all creditors and parties in interest, including particular notices required pursuant Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007 or 9019, parties shall serve all such filings only on the Service

9

143049337.1
143273173.2143273173.2143273173.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

List by email or otherwise (if an exemption is granted) and in accordance with the following procedures, unless otherwise ordered by the Court —

(a)    in the case of any use, sale, lease or abandonment of less than substantially all of Debtor's property, on each entity asserting an interest in that property;

(b)    in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

(c)    in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

(d)    in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

(e)    in the case of assumption, assignment or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

(f)    any objection, opposition, response, reply or further document filed directly in response to a document shall be served on the entity who filed such document; and

(g)    all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

9.    Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

(a)    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Bankruptcy Code section 341);

(b)    Bankruptcy Rule 2002(a)(2) (any proposed use, sale or lease of property of the estates other than in the ordinary course of business, to the extent that such use, sale or lease concerns all or substantially all of Debtor's assets);

(c)    Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or Case or the conversion of a case or Case to another chapter);

(d)    Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

(e)    Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

(f)    Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

10

143049337.1
143273173.2143273173.2143273173.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(g)    Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

(h)    Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

(i)    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

(j)    Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case or Case to another chapter of the Bankruptcy Code);

(k)    Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

(l)    Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

(m)    Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

(n)    Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case or Case be converted to chapter 7 of the Bankruptcy Code).

10.    Pursuant to Bankruptcy Rule 3003(c)(2), any creditor appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) who is required, but fails, to file a proof of claim in the Chapter 11 Case in accordance with any orders of this Court establishing a claims bar date  (such creditors, the "Excluded Creditors") shall not treated as a creditor for the purposes of voting and distribution.

11.    Right to Request Special Notice Procedures. Nothing herein shall prejudice the right of any entity to (a) move the Court to further limit or expand notice of contested matters and adversary proceedings upon a showing of good cause, including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice, or (b) request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) or 9006(c).

12.    Use of Negative Notice. Nothing in these Case Management Procedures shall affect the applicability of a party's ability to file and serve a Request for Relief on negative notice under the Bankruptcy Rules and Local Rules applicable to such Request for Relief.

**C.    Service by Electronic Mail.**

13.    All Court Filings shall be electronically served through the CM/ECF, other than service of a summons and complaint in an adversary proceeding, motions initiating contested matters, or documents filed under seal, which shall be deemed to constitute proper service for all parties who

11

143049337.1
143273173.2 143273173.2 143273173.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1  are sent such email service.  Subject to the limited exclusions set forth herein, each party that has filed

2  a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures, shall be deemed

3  to have consented to electronic service of papers.  A party filing a Court Filing that is served on

4  entities via the CM/ECF has no further obligation for service of such Court Filing with respect to such

5  entities to be proper.

6        14.    If a Rule 2002 Notice Request fails to include an email address and a Certification,

7  Debtor shall forward a copy of these Case Management Procedures to such party within five (5)

8  business days specifically requesting an email address. If no email address or no Certification is

9  provided in response to such request, such party shall not be added to the Rule 2002 List and shall

10  not be served with copies of pleadings and documents filed in these Case unless such pleadings or

11  documents directly affect such party.

12  **D.**    **Limit Notice Matters.**

13        15.    To the extent the Bankruptcy Code, the Bankruptcy Rules or the Local Rules require

14  broader notice, motions or applications regarding the following matters or proceedings shall be

15  subject to limited notice in the Chapter 11 Case:

16        (a)    any proposed use, sale, or lease of property of the estate pursuant to
17  Bankruptcy Code section 363 and Bankruptcy Rules 2002(a)(2), 4001(b) and 6004
    (except a sale of substantially all of Debtor's assets);

18        (b)    any proposed extension of Debtor's exclusive right to file a plan of
reorganization and solicit acceptance thereof (including, without limitation, the
19  time to file a disclosure statement), pursuant to Bankruptcy Code section 1121 and
    Bankruptcy Rule 3016;

20

21        (c)    any proposed approval of a compromise or settlement of a
    controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019;

22        (d)    any proposed abandonment or disposition of property of the estate
23  pursuant to Bankruptcy Code section 554 and Bankruptcy Rules 6007(a) or (b);

24        (e)    any proposed assumption or rejection of contracts or leases under
    Bankruptcy Code section 365 and Bankruptcy Rules 6006(a) or (c);

25        (f)    any proposed modification of the automatic stay pursuant to
26  Bankruptcy Code section 362 or Bankruptcy Rules 4001(a) or 9014;

27        (g)    any proposal to prohibit or condition the use, sale or lease of
property pursuant to Bankruptcy Code section 363 or Bankruptcy Rules 4001(a) or
    6004;

28

12

143049337.1
143273173.2143273173.2143273173.1

(h)     any proposed objections to claims pursuant to Bankruptcy Code section 502 or Bankruptcy Rules 3002, 3003 or 3007;

(i)     any proposed reconsideration of claims pursuant to Bankruptcy Rule 3008;

(j)     any verified statement filed by any entity or committee (other than those appointed pursuant to Bankruptcy Code sections 1102 or 1104) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

(k)     any proposed application for employment of professionals pursuant to Bankruptcy Code sections 327, 1103 or 1104 or Bankruptcy Rule 2014;

(l)     any proposed application for compensation or reimbursement of expenses of professionals pursuant to Bankruptcy Code sections 328, 329, 330 or 331 and Bankruptcy Rules 2002(a)(6), 2016, 2017 and 6005; except as provided by other orders of this Court; hearing on any other contested matter in this Chapter 11 Case that requires notice to all creditors or equity holders pursuant to Bankruptcy Code, Bankruptcy Rule 9014, or the Local Rules; and

(m)     all other pleadings, papers, and requests for relief or other orders of the Court.

The notices, motions and applications set forth above are hereinafter referred to as the "Limited Notice Matters."

16.     Notwithstanding the foregoing, except in the case of Excluded Creditors, these Case Management Procedures do not affect the rights of all creditors and parties in interest in the Chapter 11 Case to receive notice of the following matters or proceedings:

(a)     the meeting of creditors;

(b)     the deadline for filing proofs of claim;

(c)     the hearing on any motion to convert or dismiss the Chapter 11 Case;

(d)     the time fixed for filing objections and the hearing to consider approval of a disclosure statement;

(e)     the time fixed for filing objections to and the hearing to consider confirmation of a plan or plans of reorganization; and

(f)     the time fixed to accept or reject a proposed modification of a plan or plans of reorganization.

As required by Bankruptcy Rule 2002(d), Debtor shall provide notice of the foregoing matters (a)-(b) to all creditors and equity interest holders and are authorized to provide notice of the foregoing matters (c)-(f) to all creditors and equity interest holders except for the Excluded Creditors.

13

143049337.1
143273173.2143273173.2143273173.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**E.**     **Limit Notice Procedures.**

1.     **Service of Limited Notice Matters that Are Not Emergency or Expedited.**

17.     Notice of motions concerning Limited Notice Matters to be heard on regular notice shall be deemed sufficient if served via the Court's CM/ECF, first class mail, overnight delivery, facsimile or email upon the following parties:  (a) the Office of the United States Trustee; (b) parties that file with the Court and serve upon Debtor and its counsel a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures; (c) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel; and (d) (i) counsel for any official unsecured creditors committees that may be appointed in the Chapter 11 Case; or, (ii) until such time as counsel for any official committee is named, the creditors appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) (hereinafter, the foregoing collectively, "Limited Service List").  Any party that wishes to change its address on the Limited Service List or the list of all creditors and equity interest holders shall provide notice of the requested change to the Court, counsel for Debtor, and the parties entitled to such notice.

2.     **Service of Limited Notice Matters that Require Emergency or Expedited Relief.**

18.     Pursuant to Local Rule 9006(e), if a motion for order shortening time is granted, the notice of the entry of the order shortening time together with a copy of the motion must be served in the most expeditious manner possible (e.g., email, facsimile, or hand delivery) within one (1) business day after the order is entered, unless the Court orders otherwise.  In addition to the methods of service authorized by Local Rule 9006(e), notice shall be sufficient if served only on the Limited Service List, via overnight delivery or email address, if known to Debtor, so long as the notice will be delivered prior to the scheduled hearing time.

19.     After the initial service of the Case Management Order subsequent to its entry, Debtor may make, as necessary, supplemental mailings of notices in a number of situations, including in the event that (a) notices are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which case Debtor is not required to mail additional notices to such creditors), (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers) that decline to pass along notices to these parties and instead return their

14

143049337.1
143273173.2143273173.2143273173.1

1    names and addresses to Debtor for direct mailing, and (c) additional potential claimants become

2    known as the result of the noticing process.  In such instances, Debtor's supplemental mailing of

3    notices, with the assistance of the Notice and Claims Agent, constitutes appropriate and sufficient

4    notice with respect to the Limited Notice Matters.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143049337.1
143273173.2143273173.21432731 73.1

# EXHIBIT H



BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, AND FED. R. BANKR. P. 2016, AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>Hearing Date: March 17, 2023<br>Hearing Time: 9:30 a.m. |

1

143616040.1

1    This Court, having reviewed and considered Debtor's motion (the "Motion")[1] for an order

2    pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as

3    amended, the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy Procedure (as

4    amended, the "Bankruptcy Rules"), authorizing and establishing procedures for the interim

5    compensation and reimbursement of expenses of professionals, as more fully set forth in the Motion;

6    and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

7    U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding

8    pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408

9    and 1409; and due and proper notice of the Motion having been provided; and it appearing that no

10    other or further notice need be provided; and the Court having determined that the relief sought in the

11    Motion is in the best interests of Debtor, its creditors and all other parties in interest; and the Court

12    having determined that the legal and factual bases set forth in the Motion establish just cause for the

13    relief granted herein; and upon all the proceedings had before the Court and after due deliberation and

14    sufficient cause appearing therefor, it is hereby,

15        ORDERED that the Motion is GRANTED as set forth herein; and

16        IT IS FURTHER ORDERED that except as otherwise provided in an order of the Court

17    authorizing the retention of a particular professional, the professionals specifically retained pursuant to

18    an order of the Court in this case (collectively, the "Professionals") may seek interim payment of

19    compensation and reimbursement of expenses in accordance with the following procedures

20    (collectively, the "Compensation Procedures"):

21        a.  Subject to the specific terms below, on or before the last day of each calendar
            month, or as soon as practicable thereafter (but not earlier than the 15th day of
22          each calendar month), each Professional may file an application (a "Monthly
            Fee Application") with the Court for interim approval and allowance of
23          compensation for services rendered and reimbursement of expenses incurred
            during any preceding month or months and serve a copy of such Monthly Fee
24          Application by overnight and/or electronic mail on:

25

26

27

28        [1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

143616040.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

i.   Cash Cloud, Inc., 10190 Covington Cross Drive, Las Vegas, Nevada 89144 (Attn: Christopher Andrew McAlary; chris@coincloud.com);

ii.  Fox Rothschild, LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135 (Attn: Brett A. Axelrod, Esq.; baxelrod@foxrothschild.com), counsel for Debtor;

iii. United States Trustee Tracy Hope Davis, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101 (Attn: Jared A. Day, Trial Attorney; Jared.A.Day@usdoj.gov);

iv.  counsel to the Committee;

v.   Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, (Attn: Jordi Guso; JGuso@bergersingerman.com), and Sylvester & Polednak, Ltd. (Attn: Jeffrey R. Sylvester; Jeff@SylvesterPolednak.com); counsel to DIP lender CKDL Credit, LLC;

vi.  Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019-9601, (Attn: Andrew Kissner; akissner@mofo.com; Gary Lee; glee@mofo.com), and Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134 (Attn: James Patrick Shea; jshea@shea.law, Bart K. Larsen; blarsen@shea.law; Kyle M. Wyant; kwyant@shea.law); counsel to Enigma Securities Limited, and

vii. Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, (Attn: Sean A. O'Neal; soneal@cgsh.com, Jane VanLare; jvanlare@cgsh.com), and Snell & Wilmer L.L.P., 3883 Howard Hughes Parkway, Suite 1100, Las Vegas, NV 89169, (Attn: Robert R. Kinas; rkinas@swlaw.com); counsel to Genesis Global Holdco, LLC.

(each a "Notice Party" and collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, and the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules") and *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "UST Guidelines")).

b.  Each Notice Party will have twenty (20) days after service (or the next business day if the 20th day is not a business day) of a Monthly Fee

143616040.1

Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. If no objections are raised on or before the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which Debtor shall be authorized to pay such Professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in its Monthly Fee Application (the "Maximum Monthly Payment"). If an objection is properly filed, Debtor shall be authorized to pay the Professional 80 percent of the fees and 100 percent of the expenses not subject to an objection (the "Actual Monthly Payment"). The first Monthly Fee Application shall cover the period from the Petition Date through and including March 31, 2023.

c.   If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the Objection Deadline, (i) file a written objection (an "Objection") with the Court and serve such Objection on such Professional and each other Notice Party so as to be received on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

d.   Beginning with the approximately 120-day period beginning on the Petition Date and ending on June 14, 2023, and at each 120-day period thereafter (the "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice parties an application (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying: (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an Objection; (iv) the deadline for parties other than the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application; and (v) any other information requested by the Court or required by the Local Rules, UST Guidelines and the Chapter 11 Large Fee/Mega Case Guidelines. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

143616040.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

e.  Debtor will request that the Court schedule a hearing on the Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

f.  Each Professional must file and serve its Interim Fee Applications on or before the 30th day following the end of the Interim Fee Period.  The first Interim Fee Application shall cover fees and expenses incurred from the Petition Date through and including June 14, 2023.

g.  The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file an Interim Fee Application in a timely manner.

h.  Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection or an Additional Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.  For the avoidance of doubt, (i) the failure of any party to file an Objection shall not impair such party's right to object to any Interim Fee Application or final fee application, and (ii) the failure of any party to file an Additional Objection shall not impair such party's right to object to any final fee application."

**IT IS FURTHER ORDERED** that notice of Monthly Fee Applications, Interim Fee Applications and final fee applications (collectively, the "Applications") shall be served only on the Notice Parties and that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of the pleadings in this Chapter 11 Case shall receive only notice of hearings on the Applications (the "Hearing Notice"); and

**IT IS FURTHER ORDERED** that the Debtor will include all payments made to Professionals in accordance with the Compensation Procedures in its monthly operating reports, identifying the amount paid to each of the Professionals; and

5

143616040.1

**IT IS FURTHER ORDERED** that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and

**IT IS FURTHER ORDERED** that, notwithstanding any provision in the Bankruptcy Rules to the contrary, Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and Debtor may, in its discretion and without further delay, take any action and perform any acts authorized under this Order; and

**IT IS FURTHER ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order; and

**IT IS FURTHER ORDERED** that notice of this Motion as provided therein shall be deemed good and sufficient notice of the Motion.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:    _/s/Brett A. Axelrod_
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

**APPROVED/DISAPPROVED:**

**OFFICE OF THE UNITED STATES TRUSTEE**

By: _____/s/Jared A. Day
    Jared A. Day,
    Trial Attorney for United States Trustee,
    Tracy Hope Davis

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

6

143616040.1

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Jared A. Day,Trial Attorney      APPROVED
    Office of the United States Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

7

143616040.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)