NVB 4001 (Rev. 09/20)

# * * § 362 INFORMATION SHEET * *

CASH CLOUD, INC.              23-10423-MKN                 1
DEBTOR                        BK-                          MOTION #:
LUIS FLORES                   CHAPTER: 11
MOVANT

**_Certification of Attempt to Resolve the Matter Without Court Action:_**
Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.
Date: March 14, 2023            Signature: /s/ Ryan A. Andersen
                                           Attorney for Movant

Note for parties not represented by an attorney: Information about motions for relief from the automatic stay is available at the U.S. Bankruptcy Court's website:
https://www.nvb.uscourts.gov/filing/filing-pro-se/legal-services/.

PROPERTY INVOLVED IN THIS MOTION: N/A
NOTICE SERVED ON:  Debtor(s)_____; Debtor's counsel_____; Trustee_____;
DATE OF SERVICE:_____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st N/A | 1st |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S): | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note: N/A | . |
| Interest Rate: | . |
| Duration: | . |
| Payment per Month: | . |
| Date of Default: | . |
| Amount in Arrears: | . |
| Date of Notice of Default: | . |
| SPECIAL CIRCUMSTANCES: to permit issuance of a written decision in a pending state case no. A-19-807370-B | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: /s/ Ryan A. Andersen | SUBMITTED BY: |
| | SIGNATURE: |

**ANDERSEN & BEEDE**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@aandblaw.com*
Valerie Y. Zaidenberg, Esq.
Nevada Bar No. 15839
Email: *valerie@aandblaw.com*
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax:    702-825-2824

*Counsel for Luis Flores*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC., dba COIN CLOUD<br><br>Debtor. | Case No.: 23-10423-MKN<br>Chapter 11<br><br>**LUIS FLORES'S MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**<br><br>Hearing Date: April 20, 2023<br>Hearing Time: 10:30 a.m. |

Mr. Luis Flores ("Mr. Flores"), by and through his counsel, respectfully requests entry of an order lifting or modifying the automatic stay to permit issuance of a written decision following a bench trial conducted in the case pending before the Eighth Judicial District Court in Clark County, Nevada ("State Court"), as case no. A-19-807370-B ("State Court Action").

This Stay Relief Motion is supported by the following Memorandum of Points and Authorities; the declaration of Luis Flores in support of the Stay Relief Motion ("Flores Declaration"); the declaration of Ryan A. Andersen, Esq. in support of the Stay Relief Motion ("Andersen Declaration"); all papers and pleadings filed in the above-captioned case, judicial notice of which is requested pursuant to Rule 201 of the Federal Rules of Evidence; and any arguments of counsel offered in support of the Motion during any hearing held on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Jurisdiction

The Court has jurisdiction over this Stay Relief Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined the Court cannot enter final orders or judgment in this core proceeding consistent with Article III of the United States Constitution, Mr. Flores consents to the entry of final orders or judgment by this Court.

### II. Statement of Facts

Mr. Flores is a defendant, counterclaimant, third-party plaintiff, and third-party counterclaimant in the State Court Action. The State Court Action arises out of a business relationship and various agreements between Mr. Flores, Cash Cloud, Inc., dba Coin Cloud ("Debtor"), and affiliated entities. A bench trial in the State Court Action was held on August 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 29, 30, and 31; September 1; October 20, 21 and 24; November 21 and 22; and December 8 and 13 of 2022.

Before the State Court was able to issue its written decision at the conclusion of the trial, Debtor initiated its Chapter 11 case on February 7, 2023, by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). ECF No. 1. Although, the automatic stay may not bar the State Court from issuing a decision resolving Debtor's claims, it does prevent the State Court from issuing the decision with respect to the counterclaims, the third-party claims, and the third-party counterclaims. However, because Mr. Flores's counterclaims are so intertwined with Debtor's claims and the third-party counterclaims, the automatic stay is likely to effectively prevent the State Court from ruling on any matter considered at trial during the State Court Action.

On February 17, 2023, the State Court asked the parties to submit a joint letter to the State Court regarding parties' agreement as to how the State Court should proceeds in connection to the issuance of a written ruling following the trial in light of the automatic stay and the Bankruptcy Case. *See* Flores Decl., Exh 1. On February 22, 2023, the parties submitted a joint letter wherein each party stated its position with respect to the issuance of the written decision. *See* Flores Decl., Exh 2. Specifically, Debtor indicated that it intends to file its own motion for relief from the automatic stay as soon as

practicable in this Bankruptcy Case. The State Court set a status check conference on April 20, 2023, for the parties to provide details on this Court's ruling concerning the relief sought herein. If granted, the relief from the automatic stay will enable the State Court to issue its written decision, and permit the parties to exhaust all appellate proceedings of any such written decision and judgment. If the State Court rules in favor of Mr. Flores, Mr. Flores will expeditiously file a proof of claim in this Bankruptcy Case and will forego enforcement of any judgement against Debtor while the Bankruptcy Case is pending.

On March 13, 2023, in compliance with the Local Rule 4001(a)(2), the undersigned counsel emailed Debtor's counsel, Brett Axelrod, Esq., regarding the resolution of the Motion for Stay Relief. The parties agree that the Bankruptcy Court's order is necessary to allow the State Court to issue its written decision in the State Court Action. *See* Andersen Decl.

### III. Legal Argument

This Court should grant Mr. Flores relief from the automatic stay for "cause" pursuant to section 362(d)(1) of the Bankruptcy Code. "Cause" is not defined in the Bankruptcy Code, and thus, relief from the automatic stay is determined on a case-by-case basis. *See Piombo Corp. v. Castlerock Props. (In re Castlerock Props.)*, 781 F.2d 159, 163 (9th Cir. 1985). To determine what constitutes cause, courts in this district have adopted a multi-factor test deriving from the two cases of *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990), and *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984) (the "Sonnax/Curtis Factors"). *Adelson v. Smith (In re Smith)*, 389 B.R. 902, 918 (Bankr. D. Nev. 2008).

The Sonnax/Curtis Factors include: (1) whether the relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with necessary expertise has been established to hear the cause of action; (5) whether debtor's insurer has assumed full responsibility for defending it; (6) whether the action involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the

other proceeding would result in a judicial lien avoidable by debtor; (10) interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. *In re Sonnax Industries*, 907 F.2d at 1286.

Not all twelve factors need be considered or deemed relevant in this analysis. *Smith*, 389 B.R. at 918–1. Bankruptcy Code §362(d)(1) "requires an initial showing of cause by the movant," but the debtor has the burden of proof that stay relief is not warranted. *Sonnax*, *supra*, at 1285 (citing 11 U.S.C. §362(g)(1) and COLLIER ON BANKR. ¶ 362.10 at 362-76); *see also In re RCM Global Long Term Capital Appreciation Fund, Ltd.*, 200 B.R. 514, 526 (Bankr. S.D.N.Y. 1996).

Here, of the Sonnax/Curtis Factors, factors 1, 2, 6, 7, 10, 11, and 12 are relevant here. A balancing of those relevant factors weighs decidedly in favor of allowing the State Court to issue its written decision and enter a judgment, and further allowing the parties to pursue appellate review of any such decision and judgment.

As to the first factor, the relief sought herein will result in complete resolution of the dispute between Debtor, Mr. Flores, and other parties to the State Court Action. Once the automatic stay is lifted, the State Court will be able to issue a written decision on the merits with respect to the parties' claims, counterclaims, third-party claims, and third-party counterclaims. If the State Court issues a decision in favor of Mr. Flores, it would determine the amount of his claim in this Bankruptcy Court. Courts have found that Bankruptcy Code section 362(d)(1) contemplates and "frequently permits" precisely this type of relief. *In re Petition of Caldas*, 274 B.R. 583, 596 (Bankr. S.D.N.Y. 2002) ("The distinction between permitting a litigation to proceed solely for the purpose of fixing a claim in amount… is one that is readily made under U.S. bankruptcy law [which] relief is frequently permitted on requests for relief from the stay in United States bankruptcy courts, under Bankruptcy Code section 362(d)(1), particularly where liquidating the claim in the Bankruptcy Court would be impermissible, impractical, or less efficient than the alternative") (citing *Sonnax*, 907 F.2d at 1286-1287). Moreover, lifting the automatic stay will not cause Debtor to divert any additional resources to the fully

adjudicated State Court Action, unless an appeal therefrom is necessary. This factor weighs in favor of lifting the automatic stay.

As to the second factor, allowing the State Court to rule on all claims following the completion of the trial will not interfere with this case. Although the State Court Action is being adjudicated on the basis of Nevada state law and circumstances related to the business relationship between the parties, and specifically, Debtor's acts leading to Mr. Flores's asserted damages, the State Court Action is nevertheless connected to this Bankruptcy Case to some degree. In particular, the State Court will determine Mr. Flores's position with respect to his alleged ownership rights in Debtor. With respect to Debtor's liability to Mr. Flores and vice versa would either produce a potential recovery for the estate or enable Mr. Flores to file a claim in the amount of the judgment, each of which is consistent with the efficient administration of this Bankruptcy Case. This factor weighs in favor of lifting the automatic stay.

As to the sixth factor, the State Court Action is a procedurally complex case involving Debtor and its claims, Mr. Flores, his counterclaims and third-party claims, as well as a number of impleaded third-parties and their third-party counterclaims. A bench trial was held on August 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 29, 30, and 31; September 1; October 20, 21 and 24; November 21 and 22; and December 8 and 13 of 2022, comprising approximately twenty one days of trial. The State Court is ready to issue its written decision without further action. The relief sought herein is necessary for the adjudication of the State Court Action. This factor weight in favor of lifting the automatic stay.

As to the seventh factor, allowing the State Court to issue its written decision would not prejudice any legitimate interest of other creditors. First, the litigation has been effectively concluded following the 21-day bench trial and the parties are merely awaiting the determination of their claims by a written decision of the State Court. Therefore, lifting the automatic stay would not cause Debtor to expend any resources of the estate to further pursue or defend its claims. Second, if the decision of the State Court will be favorable to Mr. Flores, he will not seek to enforce the judgment against Debtor, except to the extent authorized by this Court in this Bankruptcy Case through the claim process or a plan. This factor weighs in favor of lifting the automatic stay.

As to the <u>tenth</u> factor, judicial economy would be best served by lifting the automatic stay. As stated above, the trial on all claims in the State Court Action has been completed. The remaining component of issuing the final decision should be undertaken in and by the State Court as the best and most appropriate tribunal. Modification of the automatic stay may be granted by a bankruptcy court under section 362(d)(1), and the legislative history provides that "a desire to permit an action to proceed to completion in another tribunal may provide . . . cause." *In re Laventhol & Horwath*, 139 B.R. 109, 116 (S.D.N.Y. 1992) (citing H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44 (1978), *reprinted in* 1978 U.S. Code Cong. Admin. News 5787, 6300). The State Court Action is not complete without issuance of a final ruling on all claims. The interest of the judicial economy will be served through either determination of the amount of Mr. Flores's claim against the estate or determination of the recovery for the estate against Mr. Flores. This factor weighs in favor of lifting the automatic stay.

As to the <u>eleventh</u> factor, the trial is completed in the State Court Action. But for the automatic stay at issue here, the State Court would have issued its findings of facts and conclusions of law. The ruling would bring finality to the State Court Action and facilitate the speedy administration of this Bankruptcy Case. This factor weighs in favor of granting the relief requested herein.

As to the <u>twelfth</u> factor, the impact of the automatic stay and balance of harms weigh heavily in favor of lifting the automatic stay for the purpose described herein. While the adjudication of the claims asserted in the State Court Action is not technically finalized absent the final decision of the State Court, all parties are held in suspense and unable to fully vindicate their rights in the still pending State Court Action. The automatic stay does not prevent the State Court from issuing a decision with respect to Debtor's claims. Courts routinely hold that section 362 by its terms does not apply to defensive actions that are neither "against the debtor" nor an attempt to "exercise control over property of the estate," but are by the debtor against someone else. 11 U.S.C. § 362(a)(1), (2), (3). This rule is solidly established in the Ninth Circuit. *See Palmdale Hills Property, LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills)*, 654 F.3d 868, 875 (9th Cir. 2001) ("The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor"); *Eisinger v. Way (In re Way)*, 229 B.R.

11, 13–15 (B.A.P. 9th Cir. 1998); *White v. City of Santee (In re White)*, 186 B.R. 700, 703–707 (B.A.P. 9th Cir. 1995). In contrast, the automatic stay does preclude the State Court from issuing its findings of fact and conclusions of law regarding the counterclaims, third-party claims, and the third-party counterclaims.

Accordingly, this Court should grant relief from stay to permit the State Court to issue its written decision concerning all parties' claims.

### IV. Conclusion

For all of the above reasons, Mr. Flores respectfully requests that this Court enter an order (i) granting relief from the automatic stay; (ii) allowing the State Court to issue a final decision adjudicating Mr. Flores's counterclaims against Debtor and third-party claims against other parties, and permit the parties to exhaust all appellate proceedings of any such written decision and judgment; and (iii) granting such other and further relief as the Court deems just and proper.

Dated this 15th day of March, 2023.

Respectfully submitted by:

**ANDERSEN & BEEDE**

By: /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Valerie Y. Zaidenberg, Esq.
Nevada Bar No. 15839
3199 E Warm Springs Rd, Ste 400
Las Vegas, NV 89120

*Counsel for Luis Flores*