

**ANDERSEN & BEEDE**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@aandblaw.com*
Valerie Y. Zaidenberg, Esq.
Nevada Bar No. 15839
Email: *valerie@aandblaw.com*
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax:    702-825-2824

*Counsel for Luis Flores*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC., dba COIN CLOUD<br><br>Debtor. | Case No.: 23-10423-mkn<br>Chapter 11<br><br>**DECARATION OF KIMBERLY STEIN IN SUPPORT OF LUIS FLORES'S MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**<br><br>Hearing Date:  April 20, 2023<br>Hearing Time: 10:30 a.m. |

I, Kimberly Stein, declare as follows:

1. I am over the age of 18 and mentally competent.

2. I am an attorney of record for Mr. Flores in the State Court Action.

3. I make this declaration in support of Luis Flores's Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362(d) ("Stay Relief Motion").

4. I am authorized to make this declaration on behalf of Flangas Law Group.

5. I have personal knowledge of the facts stated herein, and I could and would testify to the same if called upon to do so.

6. Through the Stay Relief Motion, Mr. Flores seeks entry of an order lifting or modifying the automatic stay to permit issuance of a written decision following a bench trial conducted in the case

pending before the Eighth Judicial District Court in Clark County, Nevada ("State Court"), as case no. A-19-807370-B ("State Court Action").

7. Mr. Flores is a defendant, counterclaimant, third-party plaintiff, and third-party counterclaimant in the State Court Action.

8. The State Court Action arises out of a business relationship and various agreements between Mr. Flores, Cash Cloud, Inc., dba Coin Cloud ("Debtor"), and affiliated entities. A bench trial in the State Court Action was held on August 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 29, 30, and 31; September 1; October 20, 21 and 24; November 21 and 22; and December 8 and 13 of 2022.

9. Before the State Court was able to issue its written decision at the conclusion of the trial, Debtor initiated its Chapter 11 case on February 7, 2023, by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

10. Although, the automatic stay may not bar the State Court from issuing a decision resolving Debtor's claims, it does prevent the State Court from issuing the decision with respect to the counterclaims, the third-party claims, and the third-party counterclaims.

11. Because Mr. Flores's counterclaims are so intertwined with Debtor's claims and the third-party counterclaims, the automatic stay is likely to effectively prevent the State Court from ruling on any matter considered at trial during the State Court Action.

12. On February 17, 2023, the State Court asked the parties to submit a joint letter to the State Court as to parties' agreement as to how the State Court should proceeds in connection to the issuance of a written ruling following the trial. A true and correct copy of the Stata Court Memo is attached herein as **Exhibit 1.**

13. On February 22, 2023, the parties submitted a joint letter wherein each party stated its position with respect to the issuance of the written decision. A true and correct copy of the Joint Letter is attached herein as **Exhibit 2.**

14. The State Court set a status check conference on April 20, 2023, for the parties to provide details on this Court's ruling concerning the relief sought herein.

15. If the State Court rules in Mr. Flores's favor, Mr. Flores will expeditiously file a proof of claim in this Bankruptcy Case and will forego enforcement of any judgement against Debtor while the Bankruptcy Case is pending.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 15th day of March, 2023.

_____
Kimberly Stein, Esq.