# EXHIBIT 2

EXHIBIT 2

EXHIBIT 2



James J. Jimmerson*
James M. Jimmerson†

*ALSO ADMITTED IN CALIFORNIA
†ALSO ADMITTED IN NEW YORK

February 22, 2023

*Via Email*
Honorable Judge Joanna S. Kishner
Regional Justice Center, Dept. XXXI
200 South Lewis Ave.
Las Vegas, Nevada 89155
dept31lc@clarkcountycourts.us
cordt@clarkcountycourts.us

    Re:   *Cash Cloud Inc. v. Flores*, Case No. A-19-807370-B

Dear Judge Kishner:

As you know, this firm represents Plaintiff Cash Cloud Inc. ("Cash Cloud") in the above-referenced action. Consistent with this Court's February 17, 2023 Memorandum concerning the suggestion of bankruptcy filed in this action, the parties have conferred and below reflects each party's position addressing the Court's questions from its February 17, 2023 memorandum, to wit: (1) whether or not the parties still wish the Court to issue the written decision regarding the bench trial conducted in the [action]; (2) whether or not the parties are asserting that there is an automatic stay in the matter that would prevent the Court from issuing that written ruling; or (3) whether the parties wish to have a status conference with the Court to discuss the matter.

### Cash Cloud Inc.'s Position

It is Cash Cloud's position that the automatic stay would prevent the Court from presently issuing a written decision resolving all of the matters raised at trial. While Cash Cloud's claims, on their own, would not be subject to the automatic stay, Flores's counterclaims against Cash Cloud are undoubtedly subject to the automatic stay, and it is this application of the automatic stay that is dispositive to the Court's inquiry. *See, e.g., In re Palmdale Hills Property, LLC*, 654 F.3d 868, 875 (9th Cir. 2011) (explaining that pre-petition claims by the debtor are not automatically stayed but claims against the debtor are subject to the automatic stay). In other words, the automatic stay prevents the Court from issuing a decision on, at a minimum, Flores's counterclaims against Cash Cloud. The inquiry does not end there, however.

Because the counterclaims asserted by Flores against Cash Cloud are inextricably intertwined with (1) Cash Cloud's claim for declaratory judgment, (2) Flores's third-party claims against Christopher McAlary ("McAlary"), Min Raise Resources LLC ("Min Raise") and Coin Cloud LLC ("Coin Cloud"), and (3) the third-party counterclaims asserted by McAlary and Min Raise against Flores, the automatic stay should also apply to those claims. *See In Re Mariner Health Cent., Inc.*, No. 22-41079 WJL, 2023 WL 187175, at *9 (Bankr. N.

D. Cal. Jan. 12, 2023) ("The courts that have granted an extension of the automatic stay have generally done so under the rubric that the actions to be enjoined by such an extension are so 'intertwined' with actions against the debtor…") (collecting cases); *see also Lewis v. Russell*, No. CIV.S-03-2646WBSKJM, 2009 WL 1260290, at *4 (E.D. Cal. May 7, 2009) (extending the automatic bankruptcy stay to claims by and against non-debtors, "[b]ecause of the inter-related and dependent nature of the claims in this case…").

Once the Court sets aside all of the claims that are related to stayed counterclaims against Cash Cloud, the only remaining claims to be decided are Cash Cloud's claims for (1) Unlawful Access of Computer Information Pursuant to NRS 205.4765 *et seq.* and (2) Misappropriation of Trade Secrets Pursuant to NRS 600A.010 *et seq.*).

While Cash Cloud is eager for the Court to issue its decision on these claims, Cash Cloud recognizes the additional burden that segregating the Court's decision on these claims would have on the Court. Additionally, Cash Cloud intends to seek relief from the bankruptcy stay concerning this action as soon as it is administratively capable to do so (Cash Cloud anticipates seeking relief from the bankruptcy stay in about four (4) weeks). Therefore, Cash Cloud proposes that the Court reserve its decision on the trial in the short term and set a 60-day status check (on or around April 21, 2023) so that Cash Cloud can update the Court as to the status of the bankruptcy stay. If the bankruptcy court rules prior to the time set for a status check, the parties can submit the order to the Court with a joint status report advising the Court, and the Court may at that time vacate the status check and issue its ruling.

### Luis Flores' Position

Mr. Flores agrees with the position and proposal espoused by Cash Cloud Inc. for the most part. To advise the Court, Mr. Flores is also in the process of retaining bankruptcy counsel and filing his own motion for relief from the automatic stay to move the bankruptcy court for an order allowing this Court to conclude the pending action and authorize all actions necessary for the State Court to enter a final, non-appealable judgment. However, while Cash Cloud does not plan to oppose such a Motion, even an unopposed motion takes time in the bankruptcy court. Thus, Mr. Flores agrees with Cash Cloud regarding the time frame proposed for a status check.

### Christopher McAlary's Position

While Mr. McAlary agrees with the position and proposal espoused by Cash Cloud Inc., it is the sole province of the debtor to seek application of the bankruptcy stay beyond the debtor, as bankruptcy stays are not designed to protect non-debtors.

### Min Raise Resources LLC and Coin Cloud LLC's Position

While Min Raise Resources LLC and Coin Cloud LLC agree with the position and proposal espoused by Cash Cloud Inc., it is the sole province of the debtor to seek application of the bankruptcy stay beyond the debtor, as bankruptcy stays are not designed to protect non-debtors.

Hon. Joanna S. Kishner
February 22, 2023
Page 3

      All parties appreciate the Court's consideration of this correspondence and would be happy to address any concerns the Court may have.

                              Sincerely,

                              THE JIMMERSON LAW FIRM, P.C.

                              James M. Jimmerson, Esq.
                              *Counsel for Plaintiff Cash Cloud Inc.*

| **Approved as to Form and Content By:** | **Approved as to Form and Content By:** |
|---|---|
| **FLANGAS LAW GROUP** | **NAYLOR & BRASTER** |
| By: */s/Kimberly Stein, Esq.*<br>    GUS FLANGAS, ESQ.<br>    Nevada Bar No. 4989<br>    KIMBERLY STEIN, ESQ.<br>    Nevada Bar No. 8675<br>    3275 South Jones Blvd., Suite 105<br>    Las Vegas, Nevada 89146<br><br>    *Attorneys for Luis Flores* | By: */s/Jennifer L. Braster, Esq.*<br>    JENNIFER L. BRASTER, ESQ.<br>    Nevada Bar No. 9982<br>    1050 Indigo Dr., Suite 200<br>    Las Vegas, Nevada 89145<br><br>    *Attorneys for Christopher McAlary* |

**Approved as to Form and Content By:**

**KAPLAN YOUNG**

By: */s/ Kory L. Kaplan, Esq.*
    KORY L. KAPLAN, ESQ.
    Nevada Bar No. 13164
    10091 Park Run Drive, Suite 190
    Las Vegas, Nevada 89145

    *Attorneys for Coin Cloud LLC*
    *and Min Raise Resources LLC*