_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
March 20, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**FINAL ORDER GRANTING DEBTOR'S MOTION:**<br>**(1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE;**<br>**(2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITIES;**<br>**(3) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**<br><br>Hearing Date:  March 17, 2023<br>Hearing Time: 9:30 a.m. |

142672738.1

1

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of a Final Order (the "Final Order") (i) prohibiting utilities from altering, refusing or discontinuing service, (ii) authorizing ordinary course payments to utilities, (iii) deeming utilities adequately assured of future performance, (iv) establishing procedures for determining requests for additional adequate, and (v) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED,** as to Debtor's existing utility accounts, that:

1. The Motion is GRANTED;

2. The Utility Providers (listed on **Exhibit 1** attached to the Motion, and on any supplemental list filed with this Court prior to the Final Hearing) are hereby prohibited from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices;

3. Debtor is authorized to (a) provide each Utility Provider a sum equal to one hundred percent (100%) of Debtor's estimated monthly costs for Utility Services (as defined in the Motion)

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

(a "Utility Deposit"), based upon an average of Debtor's one-month utility costs for the six (6) months immediately preceding the Petition Date; and (b) pay in the ordinary course of business amounts due to the Utility Providers for Utility Services provided to Debtor prepetition (the "Ordinary Course Payments," and together with the Utility Deposits, the "Adequate Assurance Payments");

4. Upon Debtor's payment of the Adequate Assurance Payments, the Utility Providers shall be deemed adequately assured of Debtor's future performance pursuant to 11 U.S.C. § 366;

5. If any Utility Provider believes additional assurance is required, it may request such additional assurance pursuant to the procedures set forth herein as follows:

5.1. If a Utility Provider is not satisfied with the assurance of future payment provided by Debtor pursuant to the proposed Utility Deposit, the Utility Provider must serve a written request (the "Request") upon Debtor setting forth the locations for which Utility Services are provided, the account numbers for such locations, the outstanding balance for each account, a summary of Debtor's monthly historical utility use over the past six (6) months on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

5.2. The Request must be actually received by Debtor and Debtor's counsel, Brett A. Axelrod, Esq., Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, within forty-five (45) days of the date of the order granting this Motion (the "Request Deadline"), with a copy to counsel to the Official Committee of Unsecured Creditors (the "Committee"), Robert J. Gayda, Esq., Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004.

5.3. Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor, in its discretion and in consultation with the Committee, determines that the Request is reasonable;

5.4. If Debtor believes that a Request is unreasonable, then Debtor shall, within thirty (30) days after the Request Deadline date, file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion"), seeking a

3

142672738.1

determination from the Court that the Utility Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to Debtor nor recover or setoff against a prepetition date deposit; and

     5.5.     Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit provided to it constitutes adequate assurance of payment.

**IT IS FURTHER ORDERED** that:

6.     If Debtor supplements the list on **Exhibit 1** attached to the Motion subsequent to the filing of the Motion, Debtor will serve a copy of the Motion and this signed order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service") and provide notice of the same to the Committee.

7.     Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit 1** adding the name of the Utility Provider so served. The added Utility Provider shall have thirty (30) days from the date of service of this Motion and the Order to make a Request. In addition, Debtor may also provide a Utility Deposit to the Utility Provider that is added to the list by such supplement without further order from the Court.

8.     The Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice"), with a copy to the Committee. Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and prepetition deposit, if any, to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor. The immediate refund of a Utility Deposit and prepetition deposit, if any, by a Utility Provider whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

**IT IS FURTHER ORDERED,** as to new accounts opened by Debtor as debtor-in-possession, that:

142672738.1

9. The Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.

10. If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, the Court will consider a request for relief by Debtor with notice to the Utility Provider on an expedited basis.

**IT IS FURTHER ORDERED** that:

11. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

15. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

16. Debtor's banks and financial institutions are authorized and directed to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or intercompany transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of this Order. Debtor is authorized to reissue checks, wire transfer requests or intercompany requests where such method of payment has been dishonored.

142672738.1

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:  /s/Brett A. Axelrod
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

**APPROVED**:

**SEWARD & KISSELL LLP**

By:  /s/Catherine V. LoTempio
    ROBERT J. GAYDA, ESQ.
    CATHERINE V. LOTEMPIO, ESQ.
    ANDREW J. MATOTT, ESQ.
    One Battery Park Plaza
    New York, NY 10004

    and

**MCDONALD CARANO, LLP**
    RYAN J. WORKS, ESQ.
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, NV 89102
*Counsel for The Official Committee of Unsecured Creditors*

142672738.1

6

## **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Catherine V. LoTempio, Esq.              APPROVED
    Seward & Kissell, LLP
    *Attorneys for Official Committee of*
    *\Unsecured Creditors*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

142672738.1