


_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 20, 2023

_____

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>                    Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**FINAL ORDER GRANTING DEBTOR'S MOTION TO (I) MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS AND DEPOSITS; AND (II) HONOR PREPETITION OBLIGATIONS RELATED THERETO**<br><br>Hearing Date: March 17, 2023<br>Hearing Time: 9:30 a.m. |

1

143386558.1

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") for entry of a final order (the "<u>Final Order</u>") (i) authorizing, but not directing, the Debtor to maintain and administer its customer programs and honor prepetition obligations related thereto in a manner consistent with past practices, (ii) authorizing, but not directing, the Debtor to maintain customer deposits and honor prepetition obligations related thereto in a manner consistent with past practices, and (iii) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized, but not directed, to maintain and administer the Customer Programs and the Transaction Hold programs in the ordinary course of business consistent with past practice.

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

143386558.1

3. The Debtor is authorized, but not directed, to renew, replace, implement, or modify one or more Customer Programs or Transaction Hold programs, in whole or in part, in the Debtor's discretion, in consultation with the official committee of unsecured creditors appointed in this Chapter 11 Case (the "Committee"), and in accordance with the Debtor's business judgment.

4. The Debtor is authorized, but not directed, to honor its prepetition obligations owing to customers in connection with, relating to, or based upon the Customer Program obligations and the Transaction Hold Obligations.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

6. Nothing in the Motion or this Final Order shall impair the ability of the Debtor or the Committee to contest the validity or amount of any payment made pursuant to this Final Order.

7. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held any person or entity.

8. The Debtor is authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Customer Program obligations, Transaction Hold Obligations, or other payment authorized by this Order.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10. Notice of the Motion, as stated therein, constitutes good and sufficient notice of such Motion, and the requirements of the local rules of this Court are satisfied by such notice.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

3

143386558.1

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:     /s/Brett A. Axelrod
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

**APPROVED**:

**SEWARD & KISSELL LLP**

By:   /s/Andrew J. Matott
    ROBERT J. GAYDA, ESQ.
    CATHERINE V. LOTEMPIO, ESQ.
    ANDREW J. MATOTT, ESQ.
    One Battery Park Plaza
    New York, NY 10004

and

**MCDONALD CARANO, LLP**
    RYAN J. WORKS, ESQ.
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, NV 89102
*Counsel for The Official Committee of Unsecured Creditors*

143386558.1

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Andrew J. Matott, Esq.                                APPROVED
Seward & Kissell, LLP
*Attorneys for Official Committee of*
*\Unsecured Creditors*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

143386558.1