_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
March 20, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
   nkoffroth@foxrothschild.com
   zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>  CASH CLOUD, INC.,<br>  dba COIN CLOUD,<br><br>            Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, AND FED. R. BANKR. P. 2016, AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>Hearing Date:  March 17, 2023<br>Hearing Time:  9:30 a.m. |

1

143269601.2

This Court, having reviewed and considered Debtor's motion (the "Motion")[1] for an order pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), authorizing and establishing procedures for the interim compensation and reimbursement of expenses of professionals, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of Debtor, its creditors and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby,

ORDERED that the Motion is GRANTED as set forth herein; and

IT IS FURTHER ORDERED that except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in this case (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a.   Subject to the specific terms below, on or before the last day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by overnight and/or electronic mail on:

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

143269601.2

      i. Cash Cloud, Inc., 10190 Covington Cross Drive, Las Vegas, Nevada 89144 (Attn: Christopher Andrew McAlary; chris@coincloud.com);

      ii. Fox Rothschild, LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135 (Attn: Brett A. Axelrod, Esq.; baxelrod@foxrothschild.com), counsel for Debtor;

      iii. United States Trustee Tracy Hope Davis, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101 (Attn: Jared A. Day, Trial Attorney; Jared.A.Day@usdoj.gov);

      iv. counsel to the Committee;

      v. Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, (Attn: Jordi Guso; JGuso@bergersingerman.com), and Sylvester & Polednak, Ltd. (Attn: Jeffrey R. Sylvester; Jeff@SylvesterPolednak.com); counsel to DIP lender CKDL Credit, LLC;

      vi. Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019-9601, (Attn: Andrew Kissner; akissner@mofo.com; Gary Lee; glee@mofo.com), and Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134 (Attn: James Patrick Shea; jshea@shea.law, Bart K. Larsen; blarsen@shea.law; Kyle M. Wyant; kwyant@shea.law); counsel to Enigma Securities Limited, and

      vii. Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, (Attn: Sean A. O'Neal; soneal@cgsh.com, Jane VanLare; jvanlare@cgsh.com), and Snell & Wilmer L.L.P., 3883 Howard Hughes Parkway, Suite 1100, Las Vegas, NV 89169, (Attn: Robert R. Kinas; rkinas@swlaw.com); counsel to Genesis Global Holdco, LLC.

(each a "Notice Party" and collectively, the "Notice Parties"). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, and the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules") and *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "UST Guidelines").

    b. Each Notice Party will have twenty (20) days after service (or the next business day if the 20th day is not a business day) of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and

143269601.2

expenses in accordance with the procedures described in subparagraph (c) below. If no objections are raised on or before the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which Debtor shall be authorized to pay such Professional an amount equal to 80 percent of the fees and 100 percent of the expenses requested in its Monthly Fee Application (the "Maximum Monthly Payment"). If an objection is properly filed, Debtor shall be authorized to pay the Professional 80 percent of the fees and 100 percent of the expenses not subject to an objection (the "Actual Monthly Payment"). The first Monthly Fee Application shall cover the period from the Petition Date through and including March 31, 2023.

c. If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the Objection Deadline, (i) file a written objection (an "Objection") with the Court and serve such Objection on such Professional and each other Notice Party so as to be received on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

d. Beginning with the approximately 120-day period beginning on the Petition Date and ending on June 14, 2023, and at each 120-day period thereafter (the "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice parties an application (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying: (i) the Monthly Fee Applications that are the subject of the request; (ii) the amount of fees and expenses requested; (iii) the amount of fees and expenses paid to date or subject to an Objection; (iv) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application; and (v) any other information requested by the Court or required by the Local Rules, UST Guidelines and the Chapter 11 Large Fee/Mega Case Guidelines. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

e. Debtor will request that the Court schedule a hearing on the Interim Fee Applications at least once every four months or at such other intervals as

4

143269601.2

    the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

  f. Each Professional must file and serve its Interim Fee Applications on or before the 30th day following the end of the Interim Fee Period. The first Interim Fee Application shall cover fees and expenses incurred from the Petition Date through and including June 14, 2023.

  g. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file an Interim Fee Application in a timely manner.

  h. Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection or an Additional Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court. For the avoidance of doubt, (i) the failure of any party to file an Objection shall not impair such party's right to object to any Interim Fee Application or final fee application, and (ii) the failure of any party to file an Additional Objection shall not impair such party's right to object to any final fee application."

**IT IS FURTHER ORDERED** that notice of Monthly Fee Applications, Interim Fee Applications and final fee applications (collectively, the "Applications") shall be served only on the Notice Parties and that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of the pleadings in this Chapter 11 Case shall receive only notice of hearings on the Applications (the "Hearing Notice"); and

**IT IS FURTHER ORDERED** that the Debtor will include all payments made to Professionals in accordance with the Compensation Procedures in its monthly operating reports, identifying the amount paid to each of the Professionals; and

5

143269601.2

**IT IS FURTHER ORDERED** that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and

**IT IS FURTHER ORDERED** that, notwithstanding any provision in the Bankruptcy Rules to the contrary, Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and Debtor may, in its discretion and without further delay, take any action and perform any acts authorized under this Order; and

**IT IS FURTHER ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order; and

**IT IS FURTHER ORDERED** that notice of this Motion as provided therein shall be deemed good and sufficient notice of the Motion.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:   */s/Brett A. Axelrod*
       BRETT A. AXELROD, ESQ.
       Nevada Bar No. 5859
       NICHOLAS A. KOFFROTH, ESQ.
       Nevada Bar No. 16264
       ZACHARY T. WILLIAMS, ESQ.
       Nevada Bar No. 16023
       1980 Festival Plaza Drive, Suite 700
       Las Vegas, Nevada 89135
*Counsel for Debtor*

**APPROVED**:

**OFFICE OF THE UNITED STATES TRUSTEE**

By:   */s/Jared A. Day*
       Jared A. Day,
       Trial Attorney for United States Trustee,
       Tracy Hope Davis

143269601.2

6

## **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Jared A. Day,                                  APPROVED
    Trial Attorney
    Office of the United States Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

143269601.2