BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

Electronically Filed March 20, 2023

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **NOTICE OF ENTRY OF FINAL ORDERS ON DEBTOR'S EMERGENCY FIRST DAY MOTIONS** |

**PLEASE TAKE NOTICE** that on the 20th day of March, 2023 the Court entered the following Final Orders:

1. *Final Order Granting Debtor's Motion: (1) Prohibiting Utilities from Altering, Refusing or Discontinuing Service; (2) Authorizing Ordinary Course Payments to Utilities; (3) Deeming Utilities Adequately Assured of Future Performance; and (4) Establishing Procedures for Determining Requests for Additional Adequate Assurance* ("Utilities Motion Order"), [ECF No. 316];

2. *Final Order Granting Debtor's Motion to (I) Pay Prepetition Employee Wages and Policies; and (II) Authorizing and Directing Financial Institutions to Honor Checks and Transfers Related to Such Obligations* (the "Wage and Benefit Order") [ECF No. 317];

143834283.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3. *Final Order Granting Debtor's Emergency Motion (I) Authorizing Debtor to Payprepetition Vendor Liabilities and (II) Authorizing and Directing Financial Institutions to Receive, Process, Honor and Pay All Checks Issued Relating to Vendor Liabilities* (the "Critical Vendor Order") [ECF No. 319];

4. *Final Order Granting Debtor's Motion to (I) Maintain and Administer Customer Programs and Deposits; and (II) Honor Prepetition Obligations Related Thereto* (the "Customer Programs Order") [ECF No. 320]; and

5. *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* (the "Tax Motion Order") [ECF No. 323].

A copy of each of the above-referenced orders is attached hereto.

DATED this 20th day of March 2023.

**FOX ROTHSCHILD LLP**

By:       */s/Brett Axelrod*
　　　　BRETT A. AXELROD, ESQ.
　　　　Nevada Bar No. 5859
　　　　NICHOLAS A. KOFFROTH, ESQ.
　　　　Nevada Bar No. 16264
　　　　ZACHARY T. WILLIAMS, ESQ.
　　　　Nevada Bar No. 16023
　　　　1980 Festival Plaza Drive, Suite 700
　　　　Las Vegas, Nevada 89135
*Counsel for Debtor*

143834283.1



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 20, 2023

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

                              Debtor.

Case No. BK-23-10423-mkn

Chapter 11

**FINAL ORDER GRANTING DEBTOR'S MOTION:
(1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE;
(2) AUTHORIZING ORDINARY COURSE PAYMENTS TO UTILITIES;
(3) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Hearing Date:  March 17, 2023
Hearing Time: 9:30 a.m.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

142672738.1

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession ("<u>Debtor</u>") for entry of a Final Order (the "<u>Final Order</u>") (i) prohibiting utilities from altering, refusing or discontinuing service, (ii) authorizing ordinary course payments to utilities, (iii) deeming utilities adequately assured of future performance, (iv) establishing procedures for determining requests for additional adequate, and (v) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having found that Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED,** as to Debtor's existing utility accounts, that:

1.    The Motion is GRANTED;

2.    The Utility Providers (listed on **<u>Exhibit 1</u>** attached to the Motion, and on any supplemental list filed with this Court prior to the Final Hearing) are hereby prohibited from altering, refusing and discontinuing service relationships or terms on account of prepetition invoices;

3.    Debtor is authorized to (a) provide each Utility Provider a sum equal to one hundred percent (100%) of Debtor's estimated monthly costs for Utility Services (as defined in the Motion)

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142672738.1

(a "<u>Utility Deposit</u>"), based upon an average of Debtor's one-month utility costs for the six (6) months immediately preceding the Petition Date; and (b) pay in the ordinary course of business amounts due to the Utility Providers for Utility Services provided to Debtor prepetition (the "<u>Ordinary Course Payments</u>," and together with the Utility Deposits, the "<u>Adequate Assurance Payments</u>");

4.      Upon Debtor's payment of the Adequate Assurance Payments, the Utility Providers shall be deemed adequately assured of Debtor's future performance pursuant to 11 U.S.C. § 366;

5.      If any Utility Provider believes additional assurance is required, it may request such additional assurance pursuant to the procedures set forth herein as follows:

5.1.      If a Utility Provider is not satisfied with the assurance of future payment provided by Debtor pursuant to the proposed Utility Deposit, the Utility Provider must serve a written request (the "<u>Request</u>") upon Debtor setting forth the locations for which Utility Services are provided, the account numbers for such locations, the outstanding balance for each account, a summary of Debtor's monthly historical utility use over the past six (6) months on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

5.2.      The Request must be actually received by Debtor and Debtor's counsel, Brett A. Axelrod, Esq., Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, within forty-five (45) days of the date of the order granting this Motion (the "Request Deadline"), with a copy to counsel to the Official Committee of Unsecured Creditors (the "Committee"), Robert J. Gayda, Esq., Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004.

5.3.      Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor, in its discretion and in consultation with the Committee, determines that the Request is reasonable;

5.4.      If Debtor believes that a Request is unreasonable, then Debtor shall, within thirty (30) days after the Request Deadline date, file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "<u>Determination Motion</u>"), seeking a

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142672738.1

determination from the Court that the Utility Deposit, plus any additional consideration offered by Debtor, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to Debtor nor recover or setoff against a prepetition date deposit; and

5.5.　　Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Utility Deposit provided to it constitutes adequate assurance of payment.

**IT IS FURTHER ORDERED** that:

6.　　If Debtor supplements the list on **Exhibit 1** attached to the Motion subsequent to the filing of the Motion, Debtor will serve a copy of the Motion and this signed order granting the Motion (the "Order") on any Utility Provider that is added to the list by such a supplement (the "Supplemental Service") and provide notice of the same to the Committee.

7.　　Concurrently with the Supplemental Service, Debtor will file with the Court a supplement to **Exhibit 1** adding the name of the Utility Provider so served. The added Utility Provider shall have thirty (30) days from the date of service of this Motion and the Order to make a Request. In addition, Debtor may also provide a Utility Deposit to the Utility Provider that is added to the list by such supplement without further order from the Court.

8.　　The Debtor may terminate the services of any Utility Provider by providing written notice (a "Termination Notice"), with a copy to the Committee. Upon receipt of a Termination Notice by a Utility Provider, pursuant to the relief requested by Debtor herein, the Utility Provider shall immediately refund any Utility Deposit and prepetition deposit, if any, to Debtor, without giving effect to any rights of setoff or any claims the Utility Provider may assert against Debtor. The immediate refund of a Utility Deposit and prepetition deposit, if any, by a Utility Provider whose services are terminated is fair and appropriate under the circumstances because the Utility Provider would no longer require adequate assurance of future payment by Debtor.

**IT IS FURTHER ORDERED,** as to new accounts opened by Debtor as debtor-in-possession, that:

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

142672738.1

9. The Utility Providers and any other company providing Utility Services to Debtor shall treat Debtor like any other customer under applicable public utility regulations.

10. If a Utility Provider or any other company providing Utility Services to Debtor discriminates against Debtor on account of its bankruptcy filing by seeking to impose an additional or higher deposit or other requirements, the Court will consider a request for relief by Debtor with notice to the Utility Provider on an expedited basis.

**IT IS FURTHER ORDERED** that:

11. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of Debtor's rights under the Bankruptcy Code or any other applicable law.

15. Except to the extent expressly provided herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

16. Debtor's banks and financial institutions are authorized and directed to process, honor and pay, to the extent of funds on deposit, any and all prepetition checks, wire transfer requests or intercompany transfer requests issued by Debtor, whether pre or postpetition, subject to, and in accordance with, the terms of this Order. Debtor is authorized to reissue checks, wire transfer requests or intercompany requests where such method of payment has been dishonored.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5

142672738.1

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:   */s/Brett A. Axelrod*
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
*Counsel for Debtor*

**APPROVED**:

**SEWARD & KISSELL LLP**

By:   */s/Catherine V. LoTempio*
     ROBERT J. GAYDA, ESQ.
     CATHERINE V. LOTEMPIO, ESQ.
     ANDREW J. MATOTT, ESQ.
     One Battery Park Plaza
     New York, NY 10004

     and

     **MCDONALD CARANO, LLP**
     RYAN J. WORKS, ESQ.
     2300 West Sahara Avenue, Suite 1200
     Las Vegas, NV 89102
*Counsel for The Official Committee of Unsecured Creditors*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

142672738.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐   The Court has waived the requirement of approval in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion.

☒   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Catherine V. LoTempio, Esq.                 APPROVED
Seward & Kissell, LLP
*Attorneys for Official Committee of*
*\Unsecured Creditors*

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

142672738.1





Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 20, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **FINAL ORDER AUTHORIZING DEBTOR'S MOTION TO (I) PAY PREPETITION EMPLOYEE WAGES AND POLICIES; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS** |
| | Hearing Date: March 17, 2023<br>Hearing Time: 9:30 a.m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143156819.1

1

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") for entry of a final order (the "<u>Final Order</u>") (i) authorizing, but not directing, the Debtor (a) to pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (b) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto; (ii) scheduling a final hearing to consider entry of the Final Order, and (iii) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtor is authorized, but not directed, to continue and/or modify the Employee Compensation and Benefits in the ordinary course of business, in accordance with the Debtor's prepetition policies and practices, and, in the Debtors' reasonable business judgment, in consultation with the official committee of unsecured creditors appointed in this Chapter 11 Case (the

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143156819.1

"Committee"), to pay and honor prepetition amounts related thereto; provided that, prior to making any payments on account of the Employee Compensation and Benefits that exceed the priority amounts set forth in §§ 507(a)(4) and 507(a)(5), the Debtor will provide notice to (a) the Office of the United States Trustee for the District of Nevada (United States Trustee's Office Region 17, 300 Las Vegas Boulevard South Suite 4300 Las Vegas, NV 89101); (b) the Committee and its counsel; and (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002; and provided further that nothing in this Final Order shall be deemed to authorize the payment of any amounts which are subject to § 503(c) of the Bankruptcy Code.

3. Nothing in this Final Order shall be deemed to authorize the Debtor to pay any amounts to an insider that constitute an incentive compensation program, and the Debtor shall seek authority to make any such payments to insiders by separate motion filed with this Court.

4. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

5. Nothing in the Motion or this Final Order shall impair the ability of the Debtor or the Committee to contest the validity or amount of any payment made pursuant to this Final Order.

6. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Independent Contractor, Temporary Employee, or other person or entity.

7. The Debtor is authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits or other payment authorized by this Final Order.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

143156819.1

9. Notice of the Motion, as stated therein, constitutes good and sufficient notice of such Motion, and the requirements of the local rules of this Court are satisfied by such notice.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: _/s/Brett A. Axelrod_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*


**APPROVED**:

**SEWARD & KISSELL LLP**

By: _/s/Andrew J. Matott____
    ROBERT J. GAYDA, ESQ.
    CATHERINE V. LOTEMPIO, ESQ.
    ANDREW J. MATOTT, ESQ.
    One Battery Park Plaza
    New York, NY 10004

    and

143156819.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**MCDONALD CARANO, LLP**
RYAN J. WORKS, ESQ.
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
*Counsel for The Official Committee of Unsecured Creditors*

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Andrew J. Matott, Esq.                    APPROVED
Seward & Kissell, LLP
*Attorneys for Official Committee of*
*\Unsecured Creditors*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

143156819.1





Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 20, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC., dba COIN CLOUD, | **FINAL ORDER (I) AUTHORIZING DEBTOR TO PAY PREPETITION VENDOR LIABILITIES AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY ALL CHECKS ISSUED RELATING TO VENDOR LIABILITIES** |
| Debtor. | |
| | Hearing Date: March 17, 2023 Hearing Time: 9:30 a.m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

143311096.1

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of a final order (the "Final Order") *(i) Authorizing Debtor To Pay Prepetition Vendor Liabilities And (ii) Authorizing And Directing Financial Institutions To Receive, Process, Honor And Pay All Checks Issued Relating To Vendor Liabilities*; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests Debtor's estate, its creditors, and other parties in interest; and the Court having found that  Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED.

2.      Debtor, in consultation with the Committee, is hereby authorized, but not directed, to pay its prepetition Vendor Liabilities (as the term is defined in the Motion).

3.      The banks and financial institutions at which Debtor maintains its accounts are authorized and directed to receive, process, honor and pay all such prepetition checks presented for payment, to the extent sufficient funds are on deposit in such accounts.

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

143311096.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4.      Debtor is authorized to issue replacement checks to the extent necessary to pay all prepetition Vendor Liabilities.

5.      Debtor is excepted from the operation of Bankruptcy Rule 6003(b).

6.      Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived, and this Order shall be effective immediately.

7.      This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**IT IS SO ORDERED.**

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:  ___*/s/Brett A. Axelrod*_____
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        NICHOLAS A. KOFFROTH, ESQ.
        Nevada Bar No. 16264
        ZACHARY T. WILLIAMS, ESQ.
        Nevada Bar No. 16023
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
*Counsel for Debtor*


**APPROVED**:

**SEWARD & KISSELL LLP**

By:  ___*/s/Catherine V. LoTempio*_____
        ROBERT J. GAYDA, ESQ.
        CATHERINE V. LOTEMPIO, ESQ.
        ANDREW J. MATOTT, ESQ.
        One Battery Park Plaza
        New York, NY 10004

        and

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

**MCDONALD CARANO, LLP**
RYAN J. WORKS, ESQ.
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
*Counsel for The Official Committee of Unsecured Creditors*

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐   The Court has waived the requirement of approval in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion.

☒   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Catherine V. LoTempio, Esq.                     APPROVED
Seward & Kissell, LLP
*Attorneys for Official Committee of*
*\Unsecured Creditors*

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

143311096.1





Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 20, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
　　　nkoffroth@foxrothschild.com
　　　zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>　　　　　　　　Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**FINAL ORDER GRANTING DEBTOR'S MOTION TO (I) MAINTAIN AND ADMINISTER CUSTOMER PROGRAMS AND DEPOSITS; AND (II) HONOR PREPETITION OBLIGATIONS RELATED THERETO**<br><br>Hearing Date:  March 17, 2023<br>Hearing Time: 9:30 a.m. |

143386558.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") for entry of a final order (the "<u>Final Order</u>") (i) authorizing, but not directing, the Debtor to maintain and administer its customer programs and honor prepetition obligations related thereto in a manner consistent with past practices, (ii) authorizing, but not directing, the Debtor to maintain customer deposits and honor prepetition obligations related thereto in a manner consistent with past practices, and (iii) granting related relief as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting Omnibus Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtor is authorized, but not directed, to maintain and administer the Customer Programs and the Transaction Hold programs in the ordinary course of business consistent with past practice.

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

143386558.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3. The Debtor is authorized, but not directed, to renew, replace, implement, or modify one or more Customer Programs or Transaction Hold programs, in whole or in part, in the Debtor's discretion, in consultation with the official committee of unsecured creditors appointed in this Chapter 11 Case (the "Committee"), and in accordance with the Debtor's business judgment.

4. The Debtor is authorized, but not directed, to honor its prepetition obligations owing to customers in connection with, relating to, or based upon the Customer Program obligations and the Transaction Hold Obligations.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

6. Nothing in the Motion or this Final Order shall impair the ability of the Debtor or the Committee to contest the validity or amount of any payment made pursuant to this Final Order.

7. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held any person or entity.

8. The Debtor is authorized to issue postpetition checks, or to affect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Customer Program obligations, Transaction Hold Obligations, or other payment authorized by this Order.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10. Notice of the Motion, as stated therein, constitutes good and sufficient notice of such Motion, and the requirements of the local rules of this Court are satisfied by such notice.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. The notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143386558.1

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:     */s/Brett A. Axelrod*
         BRETT A. AXELROD, ESQ.
         Nevada Bar No. 5859
         NICHOLAS A. KOFFROTH, ESQ.
         Nevada Bar No. 16264
         ZACHARY T. WILLIAMS, ESQ.
         Nevada Bar No. 16023
         1980 Festival Plaza Drive, Suite 700
         Las Vegas, Nevada 89135
*Counsel for Debtor*


**APPROVED**:

**SEWARD & KISSELL LLP**

By:   */s/Andrew J. Matott*
         ROBERT J. GAYDA, ESQ.
         CATHERINE V. LOTEMPIO, ESQ.
         ANDREW J. MATOTT, ESQ.
         One Battery Park Plaza
         New York, NY 10004

         and

         **MCDONALD CARANO, LLP**
         RYAN J. WORKS, ESQ.
         2300 West Sahara Avenue, Suite 1200
         Las Vegas, NV 89102
*Counsel for The Official Committee of Unsecured Creditors*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

143386558.1

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐  The Court has waived the requirement of approval in LR 9021(b)(1).

☐  No party appeared at the hearing or filed an objection to the motion.

☒  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Andrew J. Matott, Esq.               APPROVED
    Seward & Kissell, LLP
    *Attorneys for Official Committee of*
    *\Unsecured Creditors*

☐  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143386558.1





Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 20, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*Counsel for Debtor*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF** |
| | Hearing Date:  March 17, 2023<br>Hearing Time: 9:30 a.m. |

1

143387510.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Upon the motion (the "Motion")[1] of the above-captioned Debtor and Debtor in possession ("Debtor") for entry of a final order (this "Final Order"), (a) authorizing Debtor, in its sole discretion, to remit and pay certain accrued and outstanding Taxes and Fees; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, creditors, and other parties in interest; and this Court having found that Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.  The Motion is granted on a final basis as set forth herein.

2.  Debtor is authorized to pay or remit (or use applicable credits to offset), in its sole discretion, the Taxes and Fees (including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Assessments), whether accrued prior to or after the Petition Date, that are payable during the pendency of this Chapter 11 Case, on a final basis, at such time when the Taxes and Fees are payable in the ordinary course of business. To the extent that Debtor has overpaid any Taxes and Fees, Debtor is authorized to seek a refund or credit on account of any such Taxes and Fees.

3.  Debtor is authorized to honor any amounts owed on account of any audits conducted in connection with its Taxes and Fees in the ordinary course of business.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

143387510.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against Debtor; (b) a waiver of Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and Debtor expressly reserves its right to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of Debtor's rights to subsequently dispute such claim.

5.      Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any of the relief granted herein.

6.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on Debtor's designation of any particular check or electronic payment request as approved by this Final Order.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9.      Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion

3

143387510.1

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: ___/s/Brett A. Axelrod_____
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        NICHOLAS A. KOFFROTH, ESQ.
        Nevada Bar No. 16264
        ZACHARY T. WILLIAMS, ESQ.
        Nevada Bar No. 16023
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
*Counsel for Debtor*


**APPROVED**:

**SEWARD & KISSELL LLP**

By: ___/s/Robert J. Gayda_____
        ROBERT J. GAYDA, ESQ.
        CATHERINE V. LOTEMPIO, ESQ.
        ANDREW J. MATOTT, ESQ.
        One Battery Park Plaza
        New York, NY 10004

        and

        **MCDONALD CARANO, LLP**
        RYAN J. WORKS, ESQ.
        2300 West Sahara Avenue, Suite 1200
        Las Vegas, NV 89102
*Counsel for The Official Committee of Unsecured Creditors*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143387510.1

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

> Robert J. Gayda, Esq.                    APPROVED
> Seward & Kissell, LLP
> *Attorneys for Official Committee of*
> *\Unsecured Creditors*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

143387510.1