Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
*(pro hac vice applications granted)*
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

*[Proposed] Counsel for Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>Debtor. | Case No.: 23-10423-mkn<br>Chapter 11<br><br>**APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 1103 AUTHORIZING AND APPROVING THE EMPLOYMENT OF FTI CONSULTING INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RETROACTIVE TO FEBRUARY 24, 2023**<br><br>**Omnibus Hearing Date:  April 20, 2023**<br>**Omnibus Hearing Time: 10:30 a.m.** |

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby moves the Court for entry of an order under section 1103 of title 11 of the United States Code (the "Bankruptcy Code") approving this application (the "Application") and authorizing the employment and retention of FTI

Consulting, Inc. (together with its wholly owned subsidiaries, "FTI"), as financial advisors for the Committee. In support of this Application, the Committee relies on the Declaration of Michael A. Tucker (the "Tucker Declaration"), filed contemporaneously herewith and respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. § 1408.

3. The predicates for the relief sought herein are Bankruptcy Code sections 328(a) and 1103(a), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9014.2 of the Local Rules of Bankruptcy Practice for the United States Bankruptcy Court for the District of Nevada (the "Local Rules").

**Background**

**A. General Background**

4. On February 7, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for appointment of a trustee or examiner has been made in these chapter 11 cases.

5. On February 17, 2023, the Office of the United States Trustee for Region 17 (the "U.S. Trustee") filed the Notice of Appointment of Committee of Unsecured Creditors [ECF No. 131].

6. On February 24, 2023, the Committee selected FTI as its financial advisor, subject to the Court's approval.

7. The Committee's selection of FTI as its financial advisor was based upon, among other things: (a) the Committee's need to retain a financial advisory firm to provide advice relevant to the scope of the Committee's mandate; (b) FTI's senior professionals' extensive experience and

excellent reputation in providing financial advisory services in chapter 11 cases such as these cases; and (c) FTI's knowledge of the industry.

8. The Committee determined that FTI brings a unique blend of case-specific knowledge, relevant experience, and expertise given the firm's experience and familiarity with the Debtors. The Committee believes that FTI's proposed compensation structure is competitive, appropriate, and reasonable in the context of these chapter 11 cases.

**B. FTI's Qualifications**

9. FTI provides services in areas ranging from corporate finance and interim management to economic consulting, forensic and litigation consulting, strategic communications, and technology. FTI's clients include many of the world's largest public companies and majorities of the twenty-five largest banks and one-hundred largest law firms in the world. FTI's expertise includes liquidity and capital structure assessment, debt and equity restructuring advice, and identification of reorganization alternatives.

10. The Committee is familiar with FTI's professional standing and reputation. FTI has considerable experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for the results it has obtained for debtors and creditors in chapter 11 cases throughout the United States. The Committee requires FTI's services to enable it to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Finally, FTI is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

**C. Services to be Rendered**

11. FTI will provide such financial advisory services to the Committee and its legal advisors as they deem appropriate and feasible to advise the Committee in the course of these chapter 11 cases, including, but not limited to, the following:

- Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance in the preparation of analyses required to assess any proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

- Assistance with the assessment and monitoring of the Debtors' short term cash flow, liquidity, and operating results;

- Assistance with the review of the Debtors' proposed employee compensation and benefits programs;

- Assistance with the review of the Debtors' potential disposition or liquidation of both core and non-core assets and related paths for such dispositions (i.e restructuring, sale, etc);

- Assistance with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance with the review of the Debtors' identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review and monitoring of the asset sale process, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

- Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

- Assistance in the review of the claims reconciliation and estimation process;

- Assistance in the review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Reviewing and providing analysis of any proposed disclosure statement and Chapter 11 plan, and if appropriate, assist the Committee in developing an alternative Plan of Reorganization and disclosure statement therefor;

- Providing testimony on behalf of the Committee as and when may be deemed appropriate

- Assistance in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

4865-1619-6185, v. 1

**D. FTI's Eligibility for Employment**

12. FTI has informed the Committee that, to the best of FTI's knowledge, information, and belief, other than as set forth in the Tucker Declaration, FTI: (a) has no connection with the Debtors, their creditors, their equity security holders, or other parties in interest or their respective attorneys or accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any United States district judge or bankruptcy judge in this district in any matter related to the Debtors or their estates; (b) does not hold any interest adverse to the Debtors' estates; and (c) believes that it is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). FTI has not provided, and will not provide, any professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases. If any new material facts or relationships are discovered or arise, FTI will inform the Court as required by Bankruptcy Rule 2014(a).

13. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

**E. Terms of Retention**

14. FTI is not owed any amounts with respect to pre-petition fees and expenses.

15. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and guidelines established by the United States Trustee.

16. FTI seeks to be compensated on an hourly-fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred by FTI related to FTI's retention or preparation of fee applications in these cases, subject to Court approval. FTI understands that interim and final fee awards are subject to approval by this Court.

17. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals are as follows:

| **United States** | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $1,045 - $1,495 |
| Directors / Senior Directors / Managing Directors | $785 - $1,055 |
| Consultants/Senior Consultants | $435 - $750 |
| Administrative / Paraprofessionals | $175 - $325 |

Notwithstanding the above customary hourly rates, FTI has agreed to bill each professional in these cases at $650 per hour other than for tasks relating to litigation or a contested plan confirmation where the customary hourly rates would apply. This agreement with the Committee on hourly rates to be billed in these cases is based on the anticipated services and specific facts and circumstances present in these cases.

18. FTI will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases. In the event FTI seeks reimbursement for attorneys' fees during the term of the Debtors' chapter 11 cases, FTI will include the applicable invoices and supporting time records from such attorneys (in summary form and redacted for privilege and work product). Such attorneys do not need to have been retained under Bankruptcy Code section 327.

19. FTI believes that the foregoing fee structure and terms are reasonable and comparable to those generally charged by financial advisors and consultants of similar stature to FTI for comparable engagements, both in and out of chapter 11.

**F. Indemnification**

20. In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

> a. subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this

      Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

    b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

    c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000). Furthermore, indemnity has been requested and granted in this Court.

### Relief Requested

21.    By this Application, the Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to employ and retain FTI as its financial advisor pursuant to Bankruptcy Code section 1103.

### Basis for Relief Requested

22.    The Committee seeks approval of the Application pursuant to Bankruptcy Code section 1103. Bankruptcy Code section 1103(a) provides, in relevant part, that a creditors' committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). The employment of FTI and its professionals by the Committee are reasonable and in line with the terms and conditions typical for engagements of this size and

character. Because the Committee will require substantial assistance with these chapter 11 cases, it is reasonable for the Committee to seek to employ and retain FTI to serve as its financial advisor on the terms and conditions in this Application.

23. Bankruptcy Code section 328(a) provides, in relevant part, that the Committee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

24. FTI's fee structure is fair and reasonable in light of the services being provided and commensurate with the fee structures generally offered by firms of similar stature to FTI for comparable engagements. In addition, given the numerous issues FTI may need to address during these chapter 11 cases, FTI's commitment to the variable level of time and effort necessary to address all such related issues as they arise, and the market prices for FTI's services for engagements of this nature in an out-of-court context, the Committee has determined that the FTI fee arrangement is fair and reasonable.

25. Finally, to the best of the Committee's knowledge, information, and belief, FTI does not have any interest materially adverse to the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Further, the Committee understands that FTI believes it is disinterested because, to the best of FTI's knowledge, information, and belief, FTI has no connection with the Debtors, their creditors, or any other party-in-interest, except as disclosed in the Tucker Declaration.

**No Duplication of Services**

26. The services that FTI will provide to the Committee will be appropriately directed by the Committee and its counsel so as to avoid duplication of efforts among the other professionals retained in these chapter 11 cases and performed in accordance with applicable standards of the profession. FTI will work collaboratively with the Committee and other professionals employed by the Committee to avoid duplication of services. The Committee believes that the services to be

4865-1619-6185, v. 1

provided by FTI will complement and will not be duplicative of any services of the Committee's other professionals.

**Notice**

27.     Notice of this Application has been given to (i) the Debtors and their counsel, (ii) the U.S. Trustee, and (iii) and those parties entitled to notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no further notice is required.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, effective as of February 24, 2023, and grant such further relief as is just and proper.

DATED this 23rd day of March 2023.

McDONALD CARANO LLP

By: /s/ Ryan J. Works
Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

*[Proposed] Counsel for Official Committee of Unsecured Creditors*

4865-1619-6185, v. 1

**EXHIBIT A**

**Proposed Order**

4865-1619-6185, v. 1

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*[Proposed] Counsel for Official Committee of Unsecured Creditors*

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
*(pro hac vice applications granted)*
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

*[Proposed] Counsel for Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>Debtor. | Case No.: 23-10423-mkn<br>Chapter 11<br><br>**[PROPOSED] ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 1103 AUTHORIZING AND APPROVING THE EMPLOYMENT OF FTI CONSULTING INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RETROACTIVE TO FEBRUARY 24, 2023**<br><br>**Omnibus Hearing Date: April 20, 2023**<br>**Omnibus Hearing Time: 10:30 a.m.** |

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order under Bankruptcy Code section 1103 authorizing the Committee to retain

FTI Consulting, Inc. ("FTI"), as financial advisors; and upon the Tucker Declaration[1] in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that FTI is "disinterested," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interest of the Committee and the Debtors' estates, after due deliberation and sufficient cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code section 1103, the Committee is authorized to employ and retain FTI as its financial advisor as of February 24, 2023 on the terms set forth in the Application.

3. FTI shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and any applicable orders entered by the Court.[2]

4. FTI is entitled to reimbursement of actual and necessary expenses, including legal fees related to the Application and future fee applications as approved by the Court.

5. The following indemnification provisions are approved:

    a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

    b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim

---

[1] Capitalized terms used in this order not otherwise defined have the meaning given to them in the Application.

4856-2746-2489, v. 1

or expense for which FTI is not entitled to receive indemnity under the terms of this Order; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

6. FTI shall provide ten (10) days' notice to the Debtors, the U.S. Trustee, and the Committee in connection with any increase in the hourly rates listed in the Application.

7. To the extent that FTI uses the services of independent or third-party contractors or subcontractors (the "Contractors") in these chapter 11 cases and FTI seeks to pass through the fees and costs of the Contractors, FTI shall (i) pass through the fees of such Contractors at the same rate that FTI pays the Contractors and (ii) seek reimbursement for actual costs of the Contractors only. In addition, FTI shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

8. FTI shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals.

9. If there is any inconsistency between the terms of the Application, the Tucker Declaration, and this Order, this Order shall govern.

10. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

**IT IS SO ORDERED.**

# # #

4856-2746-2489, v. 1

Prepared and respectfully submitted by:

McDONALD CARANO LLP

   /s/ Ryan J. Works
Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

SEWARD & KISSEL LLP
John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
*(pro hac vice applications granted*)
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

*[Proposed] Counsel for Official Committee of Unsecured Creditors*