Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Jared A. Day, Trial Attorney
State Bar No. CA 275687
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Telephone: (775) 784-5335
Fax: (775) 784-5531
E-mail: jared.a.day@usdoj.gov

Attorneys for the U.S. Trustee for Region 17
    TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>                        Debtor. | Case No: 23-10423-mkn<br><br>Chapter 11<br><br>Date: April 20, 2023<br>Time: 10:30 a.m.<br>Location: Telephone or Video Conference |

**UNITED STATES TRUSTEE'S OPPOSITION AND RESERVATION OF RIGHTS TO DEBTOR'S MOTION FOR FINAL ORDERS (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS; AND (II) GRANTING RELATED RELIEF**

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby opposes (the "Opposition") final approval of the Debtor's *Motion for Final Orders (I) Authorizing Continued Use of Prepetition Bank Accounts; and (II) Granting Related Relief* (the "Cash Management Motion"). [ECF No. 5]. In support of her Opposition, the U.S. Trustee respectfully represents as follows:

**I.    INTRODUCTION**

The Court should prohibit the Debtor from retaining its prepetition bank accounts with Surety Bank, People First Bank, and The Commercial Bank (the "Prepetition Bank Accounts")

1

for two reasons. First, the Prepetition Bank Accounts are not on the U.S. Trustee's Authorized Depository list for the District of Nevada. Second, the Debtor has not met its burden of demonstrating sufficient cause to waive the collateralization requirements of 11 U.S.C. § 345(b) and U.S. Trustee Chapter 11 Guidelines. Given the Debtor's significant deposits and/or investments in the Prepetition Bank Accounts, a waiver of the requirements found in Section 345(b) would pose a significant risk to the estate. Thus, the Cash Management Motion should be denied.

The U.S. Trustee reserves all rights, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the District of Nevada.

The U.S. Trustee's Opposition is supported by the following memorandum of points and authorities and any argument the Court may permit during the hearing.

## II.  MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with supervising the administration of cases and trustees under the Bankruptcy Code. To enable the U.S. Trustee to carry out that duty, Congress has granted the U.S. Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code. 11 U.S.C. § 307. The U.S. Trustee consents to this Court entering final orders in this matter.

### A.  Background and Procedural Posture

1. On February 7, 2023 (the "Petition Date"), the Debtor Cash Cloud, Inc. dba Coin Cloud (the "Debtor") filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code commencing the above-captioned case. [*See* ECF No. 1]. The Debtor is currently a debtor-in-

possession under Sections 1107 and 1108 of the Code and is represented by Fox Rothschild, LLP. [*See* ECF Docket *generally*].

2. The 11 U.S.C. § 341 meeting of creditors was conducted and concluded on March 16, 2023. [*See* ECF Nos. 2 *and* 300].

3. On February 17, 2023, the U.S. Trustee appointed an Official Committee of Unsecured Creditors ("OCUC") in this case. [*See* ECF No. 131]. The U.S. Trustee later increased the membership of the OCUC from five to seven on February 28, 2023. [*See* ECF No. 177].

4. In its Schedule A/B filed on March 9, 2023, the Debtor discloses the following Prepetition Bank Accounts:

    a. People First Bank "Backup Account" ending in 6240 ($73,374.72 Petition Date balance);
    b. Surety Bank "Accounts Payable Account" ending in 4699 ($62,304.32 Petition Date balance);
    c. Surety Bank "Operating Account" ending in 4665 ($544,097.87 Petition Date balance);
    d. Surety Bank "Payroll Account" ending in 4681 ($312,843.73 Petition Date balance);
    e. The Commercial Bank "Accounts Payable Account" ending in 3833 ($60,967.04 Petition Date balance);
    f. The Commercial Bank "Extra Account" ending in 3866 ($10.00 Petition Date balance);
    g. The Commercial Bank "Operating Account" ending in 3844 ($321,164.37 Petition Date balance); and
    h. The Commercial Bank "Spare Account" ending in 3855 ($386.49 Petition Date balance).

[*See* ECF No. 239].[1]

---

[1] The Debtor appears to have closed two of its Prepetition Bank Accounts with Surety Bank after the Cash Management Motion was filed but prior to the filing of its Schedule A/B (*i.e.*, Surety Bank Accounts ending in 4804 and 9993. [*Compare* ECF No. 5 *with* ECF No. 239]

5. None of the Debtor's Prepetition Bank Accounts are on the U.S. Trustee's Authorized Depository list for the District of Nevada.[2]

**The Cash Management Motion**

6. The Debtor filed the Cash Management Motion on February 7, 2023, explaining that it maintains a cash management system as part of the ordinary course of its business that allows the Debtor to collect, transfer, and disburse funds. [*See* ECF No. 5; *see also* ECF No. 19, Omnibus Supporting Declaration]. The Debtor operates approximately 4,983 cryptocurrency automated teller machines that perform crypto-related transactions throughout the United States by collecting and holding cash from customer purchases of cryptocurrency. [*Id.*]. According to the Debtor, the cash is collected by the Debtor's armored truck carrier vendors and deposited into the Prepetition Bank Accounts, depending on geographic area and other considerations. [*Id.*].

7. As part of the Cash Management Motion, the Debtor seeks authorization to continue the use of its Prepetition Bank Accounts rather than open debtor in possession accounts. [*Id.*].

8. After a February 10, 2023, preliminary hearing on the Cash Management Motion, which was conducted on shortened time, the Court entered an order allowing Debtor to continue use of the Prepetition Bank Accounts on an interim basis. [*See* ECF No. 111].

9. As permitted by the Court's order shortening time, the U.S. Trustee made an oral opposition to the Cash Management Motion during the first day hearing seeking compliance with Section 345 to protect creditors against the loss of estate funds deposited or invested by the Debtor, which was overruled by the Court. *Id.*

---

[2] https://www.justice.gov/ust-regions-r17/file/authorized_depository_nv.pdf/download

10. Pursuant to a stipulated order between the Debtor and the U.S. Trustee, written oppositions to any final relief regarding the Cash Management Motion are due on or before April 6, 2023. [*See* ECF Nos. 199 *and* 205].

B. **Authorities & Discussion**

11. Bankruptcy Code Section 345(b) protects creditors against the loss of estate funds deposited or invested by bankruptcy debtors. *See In re CWNevada LLC,* 602 B.R. 717, 744 (Bankr. D. Nev. 2019) ("[t]hose requirements are designed to ensure the safety of the funds held by a trustee or debtor in possession as a fiduciary of a bankruptcy estate"); *Cf. In re Columbia Gas Systems Inc.*, 33 F.3d 294, 301 (3d Cir. 1994) ("[e]nsuring the safety of the bankruptcy funds has been the foremost goal").

12. Specifically, Section 345(b) provides that money of the estate shall be insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States. Money of the estate may also be deposited in an entity that has posted a bond in favor of the United States or has deposited securities with the Federal Reserve Bank.

13. A court may waive the requirements of Section 345 upon a showing of "cause." *See* 11 U.S.C. § 345(b)(2). Thus, the Court may modify the requirements of Section 345(b) for "'just cause' where strict compliance might 'work to needlessly handcuff larger, more sophisticated debtors.'" *See In re Ditech Holding Corp.*, 605 B.R. 10, 22 (Bankr. S.D.N.Y. 2019) (emphasis added).

14. To ensure compliance with Section 345(b), the U.S. Trustee has implemented guidelines for debtors in possession regarding bank accounts (the "U.S. Trustee Guidelines"). Among other things, the U.S. Trustee Guidelines require debtors in possession to close their pre-

petition bank accounts and provide proof of the establishment of debtor in possession account(s) at U.S. Trustee Authorized Depositories. *See* U.S. Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession (Region 17), at ¶ 3, available at https://www.justice.gov/ust-regions-r17/file/guidelines.pdf/download.[3]

15. Establishing a debtor in possession account "is a bankruptcy related task that is essential to a debtor's reorganization." *In re Helicraft Holdings, LLC*, 2017 Bankr. LEXIS 3629, *7 (Bankr. D. Mont., Oct. 18, 2017).

16. U.S. Trustee Authorized Depositories have agreed to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. *See* U.S. Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," (the "UST Manual"), §§ 7-1.1 and 7-1.2.1, at pp. 1-2, available at https://www.justice.gov/ust/file/volume_7_banking_and_bonding.pdf/download.[4] U.S. Trustee Authorized Depositories have also agreed to make periodic reports so that the U.S. Trustee can monitor compliance. *See* UST Manual, at § 7-1.3.2, at p. 5.

17. In addition to protecting creditors against the loss of estate funds deposited or invested by bankruptcy debtors, the requirement of establishing debtor in possession accounts "provides a clear line of demarcation between pre-petition and post-petition claims and payments

---

[3] The U.S. Trustee is mindful that some courts have concluded that guidelines established by the U.S. Trustee do not have the force and effect of law. *See, e.g., In re Young*, 205 B.R. 894, 897 (Bankr. W.D. Tenn. 1997); *In re Gold Standard Baking, Inc.*, 179 B.R. 98, 105-06 (Bankr. N.D. Ill. 1995); *In re Lani Bird, Inc.*, 113 B.R. 672, 673 (Bankr. D. Hawaii 1990); *In re Johnson*, 106 B.R. 623, 624-25 (Bankr. D. Neb. 1989). As a result, "if the court is to require debtors to comply with particular provisions of the U.S.T.'s Guidelines, it must be for a reason independent of the Guidelines themselves." *Johnson*, 106 B.R. at 624.

[4] The UST Manual is available for download at https://www.justice.gov/ust/united-states-trustee-program-policy-and-practices-manual.

and helps protect against the inadvertent payment of pre-petition claims by preventing banks from honoring checks drawn before the petition date." *BCL-Sheffield LLC v. Gemini Int'l, Inc. (In re Tolomeo)*, 537 B.R. 869, 880 (Bank. N.D. Ill. 2015).

18. In determining whether cause exists under 11 U.S.C. § 345(b), courts have examined the totality of the circumstances. *See In re Serv. Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999); *In re Ditech Holding Corp.*, 605 B.R. at 17. As part of this analysis, courts have considered the following factors:

  a. The sophistication of the debtor's business;
  b. The size of the debtor's business operations;
  c. The amount of investments involved;
  d. The bank ratings (Moody's and Standard and Poor) of the financial institutions where debtor-in-possession funds are held;
  e. The complexity of the case;
  f. The safeguards in place within the debtor's own business of insuring the safety of the funds;
  g. The debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;
  h. The benefit to the debtor;
  i. The harm, if any, to the estate; and
  j. The reasonableness of the debtor's request for relief from Section 345(b) requirements in light of the overall circumstances of the case.

*See In re Serv. Merch. Co., Inc.*, 240 B.R. at 896.

19. Here, the Debtor contends that requiring it to open new debtor in possession accounts would complicate its cash management system, increase operating costs and workload, delay receipts from the Debtor's automated teller machines, and slow down payments to vendors and employees. [*See* ECF Nos. 5 *and* 19].

20. The Debtor has not, however, addressed many of the factors identified by the *Serv. Merch.* court, including (i) the Debtor's safeguards for ensuring the safety of its funds and (ii) the Debtor's ability to reorganize if a financial institution holding the Debtor's funds

fails. Given the size of the deposits and/or investments at Prepetition Bank Accounts, which totaled over $1,375,148 on the Petition Date, there appears to be significant risk to the estate.

21. Accordingly, the U.S. Trustee opposes the Cash Management Motion and the entry of a final order waiving the requirements of Section 345, because the Debtor has failed to provide sufficient evidence that supports a finding that cause exists for this waiver.

22. The overriding concern of the U.S. Trustee is that, should a failure contemplated by Section 345 occur resulting in the loss of estate funds. In contrast, by virtue of the collateralization and reporting requirements imposed on U.S. Trustee Authorized Depositories, compliance with the U.S. Trustee Guidelines will ensure compliance with the requirements of 11 U.S.C. § 345(b). These requirements would not "needlessly handcuff" the Debtor but rather protect estate funds as Congress envisioned. *Cf. In re Ditech Holding Corp.*, 605 B.R. at 22 (requiring debtors to bring accounts into compliance with Section 345(b)).

23. To the extent the Court is inclined to approve the Cash Management Motion, such relief should be limited to the Prepetition Bank Accounts specifically identified. Moreover, the final order should: (i) require the Debtor to institute a system to regularly "sweep" the funds from the Prepetition Bank Accounts into a debtor in possession account at a U.S. Trustee Authorized Depository; and (ii) prohibit the Debtor from opening new accounts unless such accounts are debtor in possession accounts at U.S. Trustee Authorized Depositories in the District of Nevada.

24. The U.S. Trustee expressly reserves her rights to oppose any amendments or supplements to the Cash Management Motion and/or any other additional relief requested in any subsequently filed but related pleadings.

/ / /

## IV. CONCLUSION

WHEREFORE, the U.S. Trustee requests that the Court enter an order (i) sustaining the Opposition; (ii) denying the Cash Management Motion as it pertains to the Debtor's request to maintain the Prepetition Bank Accounts; and (iii) granting such other and additional relief as is just and equitable.

Dated: April 5, 2023

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

/s/ *Jared A. Day*
Jared A. Day
Trial Attorney for United States Trustee

# CERTIFICATE OF SERVICE

I, ANABEL ABAD SANTOS, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on April 5, 2023, I caused a copy of the foregoing

**UNITED STATES TRUSTEE'S OPPOSITION AND RESERVATION OF RIGHTS TO DEBTOR'S MOTION FOR FINAL ORDERS (I) AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS; AND (II) GRANTING RELATED RELIEF**

to be served on the following parties:

☑ a. ECF System (attach Notice of Electronic Filing or list of persons & addresses):

- **RYAN A. ANDERSEN**    ryan@aandblaw.com, tatiana@aandblaw.com;melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com;valerie@aandblaw.com;andersen.ryana.b117998@notify.bestcase.com
- **BRETT A. AXELROD**    baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com
- **OGONNA M. BROWN**    obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com;gmercado1@lewisroca.com,gmercado@lewisroca.com
- **CHAPTER 11 - LV**    USTPRegion17.lv.ecf@usdoj.gov
- **SHAWN CHRISTIANSON**    schristianson@buchalter.com, cmcintire@buchalter.com
- **DAWN M. CICA**    dcica@carlyoncica.com, nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com
- **CRAIG P. DRUEHL**    craig.druehl@dechert.com
- **RONALD E. GOLD**    rgold@fbtlaw.com, jkleisinger@fbtlaw.com;eseverini@fbtlaw.com;sbryant@ecf.courtdrive.com
- **MARJORIE A. GUYMON**    bankruptcy@goldguylaw.com, mariaa@goldguylaw.com;lauriea@goldguylaw.com;amarisp@goldguylaw.com
- **BRIGID M. HIGGINS**    bhiggins@blackwadhams.law, dmeeter@blackwadhams.law;mstallsworth@blackwadhams.law
- **ROBERT R. KINAS**    rkinas@swlaw.com, jmath@swlaw.com;mfull@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com
- **BART K. LARSEN**    BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com
- **TIMOTHY A LUKAS**    ecflukast@hollandhart.com
- **JEANETTE E. MCPHERSON**    JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

- **STACY H RUBIN**    srubin@nevadafirm.com, oswibies@nevadafirm.com
- **BRIAN D. SHAPIRO**    brian@brianshapirolaw.com, kshapiro@brianshapirolaw.com;6855036420@filings.docketbird.com
- **JAMES PATRICK SHEA**    jshea@shea.law, blarsen@shea.law;support@shea.law
- **STRETTO**    ecf@cases-cr.stretto-services.com, aw01@ecfcbis.com,pacerpleadings@stretto.com
- **Jeffrey R. Sylvester**    jeff@sylvesterpolednak.com, kellye@sylvesterpolednak.com
- **RONALD M TUCKER**    rtucker@simon.com, rwoodruff@simon.com,cmartin@simon.com,ptropepe@simon.com
- **U.S. TRUSTEE - LV - 11**    USTPRegion17.lv.ecf@usdoj.gov
- **ZACHARY WILLIAMS**    zwilliams@foxrothschild.com, ARCDocketing@foxrothschild.com;ahosey@foxrothschild.com
- **RYAN J. WORKS**    rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

I declare under penalty of perjury that the foregoing is true and correct.

Signed: April 5, 2023

/s/ *Anabel Abad Santos*
ANABEL ABAD SANTOS

11