BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.  BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>d/b/a COIN CLOUD, | Chapter 11 |
| Debtor. | **DEBTOR'S MOTION FOR ENTRY OF AN ORDER:**<br>**(A) APPROVING AUCTION AND BIDDING PROCEDURES FOR POTENTIAL PLAN SPONSORS OR THE PURCHASE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS;**<br>**(B) APPROVING FORM NOTICE TO BE PROVIDED TO INTERESTED PARTIES; AND**<br>**(C) SCHEDULING A HEARING TO CONSIDER APPROVAL OF THE HIGHEST AND BEST TRANSACTION, CURE OBJECTIONS, AND CONFIRMATION OF THE PROPOSED TOGGLE PLAN** |
| | Hearing Date:  OST Pending<br>Hearing Time:  OST Pending |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**I.**

**INTRODUCTION**

Cash Cloud, Inc. (the "Debtor" or "Cash Cloud"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP ("Counsel"), hereby submits this motion (the "Motion") pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"),[1] Rules 2002 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017 of the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada ("Local Rules"), for entry of an order (the "Bidding Procedures Order"), substantially in the form annexed hereto as **Exhibit 1**, (i) approving and authorizing the bidding procedures, substantially in the form annexed to the Bidding Procedures Order as **Exhibit A** (the "Bidding Procedures"),[2] to select value-maximizing transaction (a "Transaction") which may include (a) sponsoring a proposed plan of reorganization (the "Reorganization Plan") for Debtor, or (b) purchasing substantially all of the Debtor's assets pursuant to § 363 (a potential Reorganization Plan sponsor or Sale purchaser, each a "Bidder"); (ii) approving and authorizing an auction process (the "Auction") to select the Bidder proposing the highest and best Transaction in accordance with the Bidding Procedures; (iii) approving the form and manner of notice of the bidding procedures (the "Bidding Procedures Notice"), substantially in the form annexed to the Bidding Procedures Order as **Exhibit B**; (iv) approving the form and manner of notice of potential assumption of certain executory contracts and unexpired leases and related cure amounts (the "Cure Notice"), substantially in the form annexed to the Bidding Procedures Order as **Exhibit C**; (v) scheduling a hearing to confirm or approve, as applicable, the Transaction and confirm the Debtor's Toggle Plan (defined below) to be funded by such Transaction; and (vi) granting the Debtor such other and further relief as is just and appropriate under the circumstances.

---

[1] Unless otherwise noted herein, all references to "§" or "Section" are to sections of the Bankruptcy Code.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures. To the extent that the Motion and the Bidding Procedures are inconsistent, the Bidding Procedures shall control.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

The proposed timeline is as follows:

| Date | Event |
|------|-------|
| April 21, 2023 | Deadline for selecting designated Stalking Horse |
| April 25, 2023 | Hearing on this Motion |
| April 27, 2023 | Service of Bidding Procedures Notice |
| April 28, 2023 | Deadline for filing Toggle Plan and Disclosure Statement |
| May 19, 2023, at 5:00 p.m. | Bid Deadline |
| May 23, 2023, at 9:00 a.m. (Pacific Time) | Auction |
| May 29, 2023 | Service of Cure Notices |
| June 5, 2023 | Transaction Election Deadline |
| June 12, 2023, at 5:00 p.m. (Pacific Time) | Deadline for Contract Objections and objections to Disclosure Statement, Toggle Plan, and Transaction |
| June 12, 2023 | Voting Deadline for Toggle Plan |
| June 19, 2023, at 5:00 p.m. (Pacific Time | Deadline for replies to Contract Objections and objections to Disclosure Statement, Toggle Plan, and Cure Notices |
| June 26, 2023 | Hearing on (i) Contract Objections, (ii) Disclosure Statement and Confirmation of the Toggle Plan, and (iii) approval of the Transaction. |

On February 8, 2023, the Debtor filed the DIP Financing Motion (defined below), seeking approval of the DIP Financing Agreement (defined below), which was approved by this Court on an interim basis [ECF No. 132, entered on February 17, 2023] and a final basis [ECF No. 315, entered on March 20, 2023].

The DIP Financing Agreement requires, among other things, that the Debtor must meet certain milestones with respect to either (a) the filing of a plan that provides for payment of the DIP Loan in full, or (b) a motion seeking approval of bidding procedures for a sale of the Debtor's assets, each in a form acceptable to CKDL Credit, LLC (the "DIP Lender"). In order to meet the milestones and

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

avoid a default, the Debtor is filing this Motion to obtain approval of the proposed bid procedures in sufficient time to select the Bidder proposing the highest and best Bid and to file a plan incorporating the proposed Bid Procedures and related process before the milestone deadline.

The Court has authorized the Debtor to employ Province, LLC ("Province") as the Debtor's financial advisor [ECF No. 120]. Province has been working with the Debtor to develop a plan, including obtaining and evaluating indications of interest. Province has prepared draft marketing materials and set up a data room to provide relevant information to Potential Bidders.

For the reasons set forth below in greater detail, and in order to conduct a full and fair bidding process for the purpose of maximizing the consideration to be received by the Debtor's stakeholders under a plan, the Debtor respectfully requests that the Court grant the Motion.

This Motion is based upon the *Declaration of Christopher Andrew McAlary* (the "McAlary Declaration") and the *Declaration of Daniel Moses* (the "Moses Declaration") filed concurrently herewith, the *Omnibus Declaration of Christopher Andrew McAlary In Support of Emergency First Day Motions* [ECF No. 19] (the "Omnibus Declaration"), all other pleadings and papers filed in the Chapter 11 Case, and the following:

## II.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a), 363, 365(a), and 365(b), Bankruptcy Rules 2002, 6004, and 6006.

3. Pursuant to Local Rule 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**III.**

**RELIEF REQUESTED**

4.      Pursuant to Sections 105(a), 363, and 365, Bankruptcy Rules 2002, 6004, and 6006, Debtor requests the immediate entry of the Bidding Procedures Order (annexed hereto as **Exhibit 1**), which, *inter alia*, approves the Bidding Procedures (annexed to the Bidding Procedures Order as **Exhibit A**), approves the Bidding Procedures Notice (annexed to the Bidding Procedures Order as **Exhibit B**), approves the Cure Notice (annexed to the Bidding Procedures Order as **Exhibit C**), and grants related relief.

**IV.**

**STATEMENT OF FACTS**

**A.      General Background**

5.      On February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under of chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

6.      The factual background relating to Debtor's commencement of the Chapter 11 Case is set forth in detail in the *Omnibus Declaration* [ECF No. 19] and is incorporated for all purposes herein by this reference.

7.      The Debtor is continuing in possession of its properties and operating and managing its business, as debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108. See generally Chapter 11 Case Docket.

8.      On February 8, 2023, the Debtor filed a *Motion for Interim and Final Orders: (I) Authorizing Debtor to Obtain Post-petition Senior Secured, Superpriority Financing; (II) Granting Liens and Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* [ECF No. 35] (the "DIP Financing Motion"), seeking approval of a financing agreement (the "DIP Financing Agreement") for a debtor in possession loan in the aggregate amount of $5 million (the "DIP Loan").   On February 17, 2023, the Court entered its Interim Order approving the DIP Financing Motion on an interim basis [ECF No. 132] and a final basis [ECF No. 315, entered on March 20, 2023 (the "Final DIP Order")].

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

9.    The DIP Financing Agreement contains among the following milestones ("Milestones"): (a) the Debtor's filing of either a plan or a motion seeking approval of bidding procedures for a sale of the Debtor's assets no later than April 28, 2023; (b) the entry of an order confirming such plan by no later than June 28, 2023.

10.    On February 7, 2023, the Debtor filed an Emergency First Day *Application for Order Authorizing Retention and Employment of Province, LLC as Debtor's Financial Advisor, Effective as of the Petition Date* (the "Province Employment Application") [ECF No. 15], requesting the employment of Province as the Debtor's financial advisor to, among other things, explore restructuring options for the Debtor and search for potential bidders.  On February 16, 2023, the Court entered an Order granting the Province Employment Application [ECF No. 120].

11.    On February 17, 2023, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [ECF No. 131, as amended on February 28, 2023, ECF No. 177].

12.    In order to have a transparent process in searching and selecting potential bidders, the Debtor and Province have worked in consultation with the Committee, the DIP Lender, Genesis Global Holdco, LLC ("Genesis"), and Enigma Securities Limited ("Enigma" and, collectively, the "Consultation Parties"), who have provided input throughout this process.

**B.    Facts Relevant to Motion**

**1.    The Debtor's Business**

13.    Cash Cloud was organized in 2014 for the purpose of providing a platform for customers to buy and sell digital currencies through Digital Currency Machines ("DCMs") distributed across the United States.  All Cash Cloud machines are DCMs offering two-way functionality, over 30 digital currency options, an advanced user interface and a custom non-custodial companion wallet app (available on the Apple App Store and the Google Play Store).  As of December 31, 2022, Cash Cloud operated approximately 4800 DCMs throughout the United States and Brazil, installed in some of the largest convenience, grocery and liquor store chains and prestigious malls ("Hosts").  See Omnibus Declaration, ¶¶ 6-10.

14.     Cash Cloud has entered into agreements ("<u>Host Agreements</u>") with various Hosts, whereby Cash Cloud installs a DCM at the Host's location.  Cash Cloud agrees to pay the Host either a fixed monthly rental payment and internet charges or a variable portion of the profit of the machine (as defined in the agreements) for the ability to utilize the Host's storefront location to facilitate the buying and selling of digital currencies.  The Host Agreements typically have a 3 to a 7-year term, with automatic renewals, unless terminated by either party. <u>See</u> Omnibus Declaration, ¶ 21.

15.     Cash Cloud has secured debt to the DIP Lender (in the approximate amount of $5,000,000), to Genesis (in the aggregate principal amount of $7,601,524 as of the Petition Date) and to Enigma (in the approximate amount of $7,573,669).[3]  <u>See</u> Omnibus Declaration, ¶ 18; Final DIP Order.

**2.     <u>The Debtor's Marketing Efforts</u>**

16.     Starting months before the Petition Date, Debtor has been seeking to source financing to enable the Debtor's restructuring.  Prior to the approval of the DIP Loan, Debtor had limited resources necessary to seek new financing for Cash Cloud's continued operations.  However, the DIP Financing Agreement approves a budget providing for the employment of Province to seek financing for a restructuring of the business (and, as an alternative, to market the Debtor's assets for sale, if necessary). <u>See</u> McAlary Declaration, ¶ 4.

17.     As part of the marketing efforts, Province, in concert with the Debtor and in consultation with the Consultation Parties, will send out a marketing teaser describing the Debtor's business and the auction process to entities known to Province, as well as entities that may be

---

[3] Although AVT Nevada L.P. ("<u>AVT</u>") filed a UCC-1 Financing Statement (the "<u>AVT UCC-1</u>") against the leased DCMs, the AVT Financing Arrangement purports to be a "true lease," with AVT filing the AVT UCC-1 solely as a precautionary measure. Accordingly, Debtor assumes that AVT is not a secured creditor for the purpose of this Motion, with a reservation of rights on the issue for other contexts. <u>See</u> McAlary Declaration, ¶ 8.

Additionally, Cole Kepro International, LLC ("<u>Cole Kepro</u>") has asserted a security interest in certain DCMs that it sold to the Debtor in 2021 (the "<u>CK DCMs</u>").  On the Petition Date, Debtor initiated Adversary Proceeding No. 23-01010-mkn by filing a complaint seeking a declaratory judgment that Cole Kepro does not have a security interest in the CK DCMs. <u>See</u> McAlary Declaration, ¶ 9.  On April 5, 2023, the Court entered an order dismissing the Adversary Proceeding by stipulation between the parties, confirming that the UCC financing statements addressed therein are void and of no effect, and preserving the Debtor's right to object to any proofs of claim filed by Cole Kepro.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

recommended by the Consultation Parties or other creditors.  Province has already contacted forty-eight (48) potential interested parties to date, with fifteen (15) signing nondisclosure/ confidentiality agreements (each an "NDA").  See Moses Declaration, ¶ 4.

18.    On March 30, 2023, the Debtor posted an initial notice of the bid deadline on the website for the Debtor's claims agent, Stretto, Inc., at https://cases.stretto.com/CashCloud.   See McAlary Declaration, ¶ 5.  The initial notice provides that the bid deadline is April 12, 2023, at 5:00 p.m. (Pacific Time).   The initial notice is intended to solicit interested from potentially motivated transaction parties to identify a potential Stalking Horse Bidder, which the Debtor intends to select by April 21, 2023.  As set forth more fully herein, the Debtor proposes to set a further Bid Deadline for all parties on May 12, 2023, at 5:00 p.m. to submit bids competitive with a Stalking Horse Bid. The Debtor will similarly provide notice of the Stalking Horse Transaction (defined below) and Auction date as set forth more fully herein.

19.    As set forth more fully below, the Debtor, together with Province and with input from the Consultation Parties, intends to pursue its marketing efforts through the Bid Deadline to continue to market test the Stalking Horse Transaction (defined below).  Potential Bidders will be required to execute NDAs.  Each party that submits an NDA will be granted access to an electronic data room containing materials and information relating to the Debtor's business (the "Diligence Room"), as Province and Debtor, reasonably deems appropriate. As part of the implementation of the Bidding Procedures, Debtor and Province intend to contact all parties that they believe might be Potential Bidders and advise them of the opportunity to propose a Transaction (whether a Reorganization Plan or a Sale) providing for them to become the owner of equity in the Reorganized Debtor or the Debtor's assets in exchange for a capital contribution/assumption of debt.  See McAlary Declaration, ¶ 6; Moses Declaration, ¶ 5.

### 3.    Stalking Horse

20.    No later than April 21, 2023, the Debtor, in consultation with the Consultation Parties, may designate a Bidder to be the stalking horse (the "Stalking Horse"), based on its proposed Transaction (the "Stalking Horse Transaction") providing the highest or otherwise best return for the Debtor's stakeholders and being in the best interests of Debtor and its estate.

7

**4.** **The Toggle Plan**

21.    On or before April 28, 2023, the Debtor will file a chapter 11 plan (the "Toggle Plan") implementing a "toggle" structure, whereby the Debtor may proceed to fund the Toggle Plan with the proceeds of either (i) a bid to act as Sponsor of the a Reorganization Plan (the "Plan Sponsor"), or (ii) a bid to purchase substantially all of the Debtor's assets (a "Sale") (the election between a Reorganization Plan and a Sale, the "Transaction Election") with such Sale proceeds to be distributed under the Toggle Plan as a liquidating plan.

**V.**

**BIDDING PROCEDURES**

**A.** **Summary of Bidding Procedures**

21.    The Debtor submits that conducting a marketing process and Auction in accordance with the bidding procedures among Qualified Bidders will obtain the highest or otherwise best Transaction for the Debtor and its stakeholders and will maximize the value of Debtor's estate.  See McAlary Declaration, ¶ 7.

22.    The Bidding Procedures are attached to the Bidding Procedures Order as **Exhibit A**. A summary of some of the significant provisions of the Bidding Procedures is set forth below.  If there exists any omission or discrepancy between the following summary and the actual terms of the Bidding Procedures, the actual terms of the Bidding Procedures shall control.

**1.** **Assumption and Notice of Cure Amount**

23.    In connection with the Toggle Plan, Debtor may assume certain executory contracts and unexpired leases (collectively, the "Assumed Contracts") pursuant to section 365(a) of the Bankruptcy Code.  To facilitate the assumption of the Assumed Contracts, Debtor proposes the following procedures:

> a. Designation Deadline.  In its discretion by written notice to Debtor, each Potential Bidder shall designate, at any time prior to 5:00 p.m. (prevailing Pacific Time) on May 19, 2023, any contract or lease as an Assumed Contract, provided that the Bidder shall be responsible for contributing funds for any cure related to the Assumed Contract, pursuant to Bankruptcy Code section 365.  Until either the confirmation of the Reorganization Plan or approval of the Sale, as applicable, any contract or lease may be removed from the list of the designated Assumed Contracts by the Winning Bidder.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

b. <u>Notices for the Assumed Contracts</u>.  As soon as practicable, Debtor shall serve on all non-Debtor counterparties (the "<u>Counterparties</u>") to any executory contract or unexpired lease that is capable of being assumed, the Cure Notice in the form attached to the Bidding Procedures Order as Exhibit C, that identifies, to the extent applicable (a) the contract or lease that may be an Assumed Contract, (b) the name of the Counterparty, (c) any applicable cure amount for such contract or lease if it becomes an Assumed Contract ("<u>Cure Amount</u>"), (d) the deadline of June 12, 2023, at 5:00 p.m. (prevailing Pacific Time) (the "<u>Contract Objection Deadline</u>") by which all Counterparties must file any "<u>Contract Objection</u>" either to (i) the Cure Amount set forth on the Cure Notice or (ii) to the assumption of such contract or lease, (e) the deadline of June 19, 2023, at 5:00 p.m. (prevailing Pacific Time) (the "<u>Reply Deadline</u>") by which Debtor, must file a reply to any Contract Objection filed on or before the Contract Objection Deadline, and (f) June 26, 2023 as the date of the hearing, whereby the Court shall determine all Cure Amounts and Contract Objections (the "<u>Contract Hearing</u>"); provided, however, that the presence of a contract or lease on the Cure Notice does not constitute an admission that such contract or lease is an executory contract or unexpired lease and does not bar (i) any Bidder from excluding any such contract or lease from its list of the Assumed Contracts or (ii) the Winning Bidder or the Debtor from excluding any such contract or lease from the list of Assumed Contracts under the Winning Bid.

24.     In the event that any Counterparty does not timely file a Contract Objection, such Counterparty shall be (i) deemed to have consented to the applicable Cure Amount, if any, and bound to such corresponding Cure Amount, (ii) forever barred and estopped from asserting a disputing Cure Amount, (iii) deemed to have agreed that all defaults under the applicable contract or lease arising or continuing prior to the effective date of the assumption will have been cured upon payment of the Cure Amount (if any), and (iv) forever barred and estopped from objecting to the assumption of such contract or lease.

25.     If any Counterparty timely files a Contract Objection that cannot be resolved by Debtor and the Counterparty, the Court shall resolve such Contract Objection at the Contract Hearing.

## 2.     <u>Stalking Horse Bidding Protections</u>

26.     As noted above, the Debtor, in consultation with the Consultation Parties, will select the Stalking Horse.  To increase the competitive nature of the process, the Stalking Horse shall be awarded stalking horse protections, including a break-up fee in an amount not to exceed 3% of its new money cash contribution under the Stalking Horse Transaction and an expense reimbursement not to exceed (a) $150,000.00, in the event of a Bid based on a Sale, or (b) $250,000 in the event of a Bid based on a Reorganization Plan (collectively, the "<u>Break-Up Fee</u>").  The Bidding Procedures

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

9

provide that any Break-Up Fee, to the extent payable, shall only be paid from the cash proceeds received by the Debtor on the effective date of the Reorganization Plan or the closing of a Sale under an approved Transaction with a party other than the Stalking Horse.  Unless Debtor receives a higher or better Qualified Bid prior to the Auction, the Opening Bid at the Auction shall be the Stalking Horse Transaction.

**3.     Requirements to Participate in the Auction**

27.     The Bidding Procedures provide that only Qualified Bidders may participate in the Auction.  To be a Qualified Bidder, a party wishing to submit a Bid must first become a "Potential Bidder", which requires that an interested party execute, or shall be currently subject to an NDA, in form and substance satisfactory to Debtor.  Upon qualifying as a Potential Bidder, a party may receive due diligence information from Debtor, including access to Debtor's Diligence Room and potentially other nonpublic information relating to Debtor's business.

28.     The Bidding Procedures also set forth the requirements for a Potential Bidder to become a Qualified Bidder, including (without limitation) that a Potential Bidder will: (i) submit a Bid by the Bid Deadline to the Bid Deadline Recipients identified in the Bidding Procedures; (ii) provide a proposed Transaction, based on, and redlined against, the Stalking Horse Transaction; (iii) deliver a deposit by wire transfer in an amount equal to ten percent (10%) of the Potential Bidder's proposed cash contribution under its proposed Transaction (provided that the DIP Lender shall not be subject to the deposit requirement for purposes of determining whether a Bid from the DIP Lender constitutes a Qualified Bid); (iv) demonstrate that it has the financial wherewithal and ability to consummate its proposed Transaction in accordance with the schedule contemplated by the Bidding Procedures; and (v) disclose any connections to Debtor and affiliated persons.  The Bidding Procedures further provide that all Bids shall propose, in exchange for the Bidder's acquisition of equity in the Reorganized Debtor or purchase of the Debtor's assets, a combination of a cash contribution (sufficient to satisfy all Cure Amounts and all other claims against the Debtor that must be satisfied in cash on the effective date of the Reorganization Plan or closing of the Sale), assumption of debt and/or, if applicable, conversion of allowed secured debt, and that Bids shall be evaluated based upon the amount of cash and other consideration.

10

29.     A Bid that satisfies each of the Bid Requirements (as defined below), as determined by Debtor in its reasonable discretion, in consultation with the Consultation Parties, shall constitute a "Qualified Bid," and such Potential Bidder submitting such Bid will be deemed a "Qualified Bidder." Not later than one (1) business day before the commencement of any Auction, Debtor shall serve on each Potential Bidder, and the Consultation Parties, a notice indicating the identity of all Qualified Bidders, and a copy of the Bid which is deemed to be the highest and otherwise best Qualified Bid (the "Opening Bid").

### a.     Auction

30.     If Debtor receives more than one Qualified Bid, Debtor will conduct an Auction at the offices of Fox Rothschild, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135 (or by such other remote videoconference or telephonic means noticed to the Qualified Bidders as determined by Debtor in its discretion), commencing at 9:00 a.m. Pacific Time (the "Auction"), on May 23, 2023, in accordance with the Bidding Procedures.

31.     The Auction shall be governed by the following procedures:

(a)     only Qualified Bidders, in person or through duly authorized representatives at the Auction may bid at the Auction, and every Qualified Bidder must have at least one (1) such duly authorized representative with authority to bind the Qualified Bidder at the Auction;

(b)     only such authorized representatives of each of the Qualified Bidders, Debtor, and the Consultation Parties shall be permitted to attend the Auction;

(c)     permitted participants may attend in person, or if they prefer to participate by videoconference or telephonic means, must notify Debtor's counsel of such preference no later than 24 hours prior to the Auction;

(d)     the Stalking Horse or other Qualified Bidder who has submitted the highest or otherwise best Qualified Bid with a cash contribution greater than the Stalking Horse Transaction by at least the Break-Up Fee shall be the opening bidder (the "Opening Bidder") and its Bid shall be the opening bid (the "Opening Bid");

(e)     bidding shall commence on the terms of the Opening Bid. The Opening Bid shall be announced on the record by Debtor at or before the commencement of the Auction. Other Qualified Bidders may then submit a successive Bid (a) with a cash contribution higher by at least the amount of the Break-Up Fee than the Opening Bid if it is the Stalking Horse Transaction and (b) with a cash contribution at least $100,000 higher than the Opening Bid if it is not the

11

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Stalking Horse Transaction.  All subsequent Bids must contain a cash contribution at least $100,000 higher than the previous Bid.  The then highest or otherwise best Bid shall be announced on the record prior to the start of each round of bidding;

(f)    Qualified Bidders shall have the right to submit additional Bids that include modifications to their Qualified Bid at or prior to the Auction, consistent herewith, provided that any such modifications to the Qualified Bid, on an aggregate basis and viewed in whole, shall not be less favorable to Debtor than any prior Bid by such party (as reasonably determined by Debtor, in consultation with the Consultation Parties). Debtor, in consultation with the Consultation Parties, reserve the right to separately negotiate the terms of any Qualified Bid at the Auction, provided the terms are fully disclosed at the time such Qualified Bid is formally submitted;

(g)    the bidding will be transcribed by a certified court reporter employed by Debtor to ensure an accurate recording of the bidding at the Auction;

(h)    each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding; and

(i)    absent irregularities in the conduct of the Auction, Debtor will not consider any Potential Bid made after the Auction is closed.

**b.    <u>Acceptance of the Winning Bid</u>**

32.    Upon the conclusion of the Auction (if conducted), Debtor, in the exercise of its reasonable, good-faith business judgment and after consultation with the Consultation Parties, shall identify (i) the Winning Bid, which is the highest or otherwise best Qualified Bid submitted at the conclusion of the Auction; and (ii) if more than two Qualified Bidders, the next highest or otherwise best Qualified Bid (the "<u>Back-Up Bid</u>" and the party submitting the Back-Up Bid (the "<u>Back-Up Bidder</u>") which, in each case, may be the Stalking Horse.  The Debtor shall file the Winning Bid and the Back-Up Bid not later than June 5, 2023.  The Debtor shall be required to file a definitive plan support agreement or asset purchase agreement, as applicable (the "<u>Definitive Documentation</u>"), conformed to the provisions of the Winning Bid and the Back-Up Bid, as applicable, as soon as practicable and, in any event, prior to the hearing on approval of the Transaction.  For the purposes of the Bidding Procedures, the Definitive Documentation executed by (i) the Winning Bidder shall be defined as the "<u>Winning Bid</u>" and (ii) the Back-Up Bidder shall be defined as the "<u>Back-Up Bid</u>".

33.    The Back-Up Bidder (which may be the Stalking Horse Bidder) must keep the Back-Up Bid open and irrevocable until the earlier of (as applicable, the "<u>Back-Up Bid Termination Date</u>"):

(i) in the event of a Restructuring, (A) 5:00 p.m. (Pacific Time) on the date which is forty-five (45) days after the entry of an order confirming the Toggle Plan, or (B) the effective date of the Toggle Plan; or (ii) in the event of a Sale, (A) 5:00 p.m. (Pacific Time) on the date which is forty-five (45) days after the entry of an order approving the Sale, or (B) the closing of the Sale to the Winning Bidder.

34.    If an Auction is held, Debtor shall be deemed to have accepted a Qualified Bid as the winner of the Auction only when: (i) such Bid is declared the Winning Bid; (ii) the Definitive Documentation has been executed and filed in respect thereof; and (iii) any additional Deposit required as a result of a Bid submitted at the Auction (as required by the Bidding Procedures) has been provided to Debtor.

35.    If an Auction is not held because there are no Qualified Bids other than the Stalking Horse Transaction, Debtor shall be deemed to have accepted the Stalking Horse Transaction as the Winning Bid.

36.    In each case, Debtor's acceptance is conditioned upon confirmation or approval by the Court of the Winning Bid or (if applicable) the Back-Up Bid.

## VI.

## THE TRANSACTION HEARING

37.    As part of this Motion, Debtor asks this Court to schedule a hearing to consider confirmation of the Toggle Plan, which shall request approval of a Reorganization Plan or a Sale, pursuant to the Winning Bid (the "Transaction Hearing"), no later than June 26, 2023. Debtor will present the results of the Auction to the Court at the Transaction Hearing, at which time certain findings will be sought from the Court regarding the Auction and the Winning Bid, including, among other things, that: (i) the Auction was properly conducted, and the Winning Bidder and the Back-Up Bidder were properly selected, in accordance with the Bidding Procedures; (ii) the Auction was fair in substance and procedure; (iii) confirmation of the Winning Bid (or, if applicable, the Back-Up Bid) will provide the highest or otherwise best return for the Debtor's creditors and is in the best interests of the Debtor and its estate; and (iv) the Transaction meets all requirements under the Bankruptcy Code. In addition, the Debtor will also seek confirmation that the Toggle Plan meets all requirements

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

for confirmation under the Bankruptcy Code.

38.    At the Transaction Hearing, Debtor shall also request, as part of the order authorizing the Transaction and confirming the Toggle Plan, authorization from the Bankruptcy Court to accept the Back-Up Bid, and confirm or approve such Transaction if the Winning Bid fails to be consummated when and as required by its terms, without further order of the Bankruptcy Court. Debtor and the Back-Up Bidder shall be bound to consummate the Back-Up Bid if the Winning Bid fails to consummate, at which time the Back-Up Bid shall be deemed the Winning Bid.  Debtor shall promptly give notice to the Back-Up Bidder if the Winning Bid fails to consummate and shall provide the Back-Up Bidder a reasonable period within which to consummate the Back-Up Bid.

## VII.

## RETURN OF DEPOSITS

39.    Upon the effective date of the Reorganization Plan or closing of the Sale, as applicable, the Deposit of the Winning Bidder shall be credited to its cash contribution.  If the Winning Bidder fails to consummate the Winning Bid, then its Deposit shall be retained by Debtor.

40.    The Deposits of any Qualified Bidders other than the Winning Bidder and the Back-Up Bidder will be returned within two (2) business days after the conclusion of the Auction; *provided, that*, the Deposit of the Back-Up Bidder shall be returned to the Back-Up Bidder on the date which is two (2) business days after the Back-Up Bid Termination Date.

## VIII.

## NOTICE PROCEDURES

41.    Debtor proposes that any objections to approval or confirmation of the Winning Bid (an "Objection"), must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the specific basis for the Objection; (iv) be filed with the Court, together with any evidence in support of such Objection and proof of service, on or before the Objection Deadline set forth in the Bidding Procedures Order; and (v) be served, so as to be actually received on or before the Objection Deadline, upon Debtor's counsel, the United States Trustee, and the Consultation Parties (the "Notice Parties"). If an Objection is not filed and served on or before the Objection Deadline, Debtor requests that the objecting party be barred from objecting to confirmation of the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Winning Bid and not be heard at the Transaction Hearing, and this Court may enter the Order without further notice to such party. Debtor also requests that the Court approve the form of the Bidding Procedures Notice substantially in the form attached hereto as **Exhibit B**. Debtor will serve a copy of the Bidding Procedures Notice on the Notice Parties, the Counterparties, and all parties which Debtor is required to serve pursuant to Bankruptcy Rule 6004 and 6006 (the "Bidding Procedures Notice Parties").

42.    Debtor proposes to file with the Court and serve the Bidding Procedures Notice within five (5) business days following entry of the Bidding Procedures Order, by first-class mail, postage prepaid on the Bidding Procedures Notice Parties.  The Bidding Procedures Notice provides that any party that has not received a copy of the Motion or the Bidding Procedures Order that wishes to obtain a copy of the Motion or the Bidding Procedures Order, including all exhibits thereto, may either (a) download them from the website for the Debtor's claims agent, Stretto, Inc., at https://cases.stretto.com/CashCloud, or (b) make such a request in writing to Fox Rothschild LLP, Attn: Brett A. Axelrod, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135 or by emailing baxelrod@foxrothschild.com or calling (702) 699-5901.

43.    Debtor submits that the foregoing notices comply fully with Bankruptcy Rule 2002 and are reasonably calculated to provide timely and adequate notice of the Bidding Procedures, Auction, the Winning Bid, and Transaction Hearing to Debtor's creditors and other parties in interest as well as to those who have expressed an interest or are likely to express an interest in submitting a Bid.  Based on the foregoing, Debtor respectfully requests that this Court approve these proposed notice procedures.

**IX.**

**RESERVATION OF RIGHTS IN CONNECTION WITH BIDDING PROCEDURES AND AUCTION PROCESS**

44.    Debtor, in each case after consultation with the Consultation Parties: (i) may waive any requirements for a Potential Bidder to become a Qualified Bidder; (ii) may waive any requirements for a Bid to become a Qualified Bid; (iii) after each round of bidding at the Auction may determine which Qualified Bid, if any, is the highest or otherwise best offer and the value thereof;

(iv) may reject, at any time, any bid that Debtor deems to be (a) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or any other orders applicable to Debtor, or (b) contrary to the best interests of Debtor, its estate, and stakeholders; (v) may impose additional terms and conditions and otherwise modify the Bidding Procedures at any time which, in its judgment, will better promote the goals of the Auction; and (vi) may adjourn the Auction.

## X.

## ARGUMENT

**A.    Approval of the Bidding Procedures Is Appropriate and in the Best Interests of Debtor and Its Stakeholders**

Section 105(a) provides in pertinent part that "[t]he Court may issue any order, process or judgment that is necessary and appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Neither the Bankruptcy Code nor the Bankruptcy Rules contain specific provisions with respect to the procedures to be employed by a debtor in conducting an auction. Nonetheless, as one court has stated, "[i]t is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the [debtors'] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate." *In re Atlanta Packaging Prods., Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988). Additionally, courts have long recognized the need for competitive bidding at hearings: "[c]ompetitive bidding yields higher offers and thus benefits the estate. Therefore, the objective is 'to maximize bidding, not restrict it.'" *Id.*; *see also Burtch v. Ganz (In re Mushroom Transp. Co.*), 382 F.3d 325, 339 (3d Cir. 2004) (finding that debtor's fiduciary duties included maximizing and protecting the value of the estate's assets); *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) ("[A] primary objective of the [Bankruptcy] Code [is] to enhance the value of the estate at hand."). Courts uniformly recognize that procedures established for the purpose of enhancing competitive bidding are consistent with the fundamental goal of maximizing the value of a debtor's estate and, therefore, are appropriate. *See Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 536-37 (3d Cir. 1999) (noting that bidding procedures that promote competitive bidding provide benefit to debtor's estate).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1     Here, the Bidding Procedures are designed to promote the paramount goal of any proposed

2  Transaction for Debtor: maximizing the return to Debtor's stakeholders and benefit to the estate.  The

3  Bidding Procedures provide for an orderly and appropriately competitive process through which

4  interested parties may submit proposed Bids.  Specifically, Debtor, with the assistance of its advisors,

5  has structured the Bidding Procedures to promote active bidding by interested parties and to confirm

6  the highest or otherwise best Transaction for the Debtor.  Additionally, the Bidding Procedures will

7  allow Debtor to conduct the Auction in a fair and transparent manner that will encourage participation

8  by financially capable Bidders with demonstrated ability to consummate a timely Transaction.

9  Accordingly, the Bidding Procedures should be approved because, under the circumstances, they are

10  reasonable, appropriate and in the best interests of Debtor, its estate, creditors, and all parties in

11  interest.

12  **B.**    **The Break-Up Fee Is in the Best Interests of Debtor's Estate**

13     Breakup fees (including an expense reimbursement component) are a normal and oftentimes

14  necessary component of the bankruptcy auction process.  In particular, such protection encourages a

15  potential investor to invest the requisite time, money, and effort to conduct due diligence and sale

16  negotiations with a debtor despite the inherent risks and uncertainties of the chapter 11 process.  *See,*

17  *e.g., Integrated Resources, Inc.*, 147 B.R. at 660 (noting that fees may be legitimately necessary to

18  convince a "white knight" to offer an initial bid, for the expenses such bidder incurs and the risks

19  such bidder faces by having its offer held open, subject to higher and better offers); *In re Hupp Indus.*,

20  140 B.R. 191, 194 (Bankr. N.D. Ohio 1997) (without any reimbursement, "bidders would be reluctant

21  to make an initial bid for fear that their first bid will be shopped around for a higher bid from another

22  bidder who would capitalize on the initial bidder's. . . due diligence"); *In re Marrose Corp.*, 1992 WL

23  33848, at *5 (Bankr. S.D.N.Y. 1992) (stating that "agreements to provide reimbursement of fees and

24  expenses are meant to compensate the potential acquirer who serves as a catalyst or 'stalking horse'

25  which attracts more favorable offers"); *In re 995 Fifth Ave. Assocs.*, 96 B.R. 24, 28 (Bankr. S.D.N.Y.

26  1989) (finding that bidding incentives may be "legitimately necessary to convince a white knight to

27  enter the bidding by providing some form of compensation for the risks it is undertaking") (citations

28  omitted).

A proposed bidding incentive, such as a break-up fee, should be approved when it is in the best interests of the estate. *See In re S.N.A. Nut Co.*, 186 B.R. 98, 104 (Bankr. N.D. Ill. 1995); *see also In re America West Airlines, Inc.*, 166 B.R. 908 (Bankr. D. Ariz. 1994); *In re Hupp Indus., Inc.*, 140 B.R. 191 (Bankr. N.D. Ohio 1992). Typically, this requires that the bidding incentive provide some benefit to the debtor's estate. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 533 (3d Cir. 1999) (holding even though bidding incentives are measured against a business judgment standard in non-bankruptcy transactions, the administrative expense provisions of section 503(b) govern in the bankruptcy context).

Debtor believes that the proposed Break-Up Fee would fairly and reasonably compensate the Stalking Horse for taking actions that will benefit Debtor's estate, and compensate the Stalking Horse for diligence and professional fees incurred in negotiating the terms of the Stalking Horse Transaction on an expedited timeline.

Further, the presence of the Stalking Horse will increase the likelihood that the best possible Transaction for the Debtor will be proposed, by permitting other Qualified Bidders to rely on the diligence performed by the Stalking Horse and to utilize the Stalking Horse Transaction as a platform for negotiations and modifications in the context of a competitive bidding process.

Finally, any Break-Up Fee will be paid only if, among other things, the Court confirms or approves a Transaction other than the Stalking Horse Transaction. Accordingly, no Break-Up Fee will be paid unless a higher and better Transaction is proposed and consummated. In sum, the potential Break-Up Fee is reasonable under the circumstances and will enable Debtor to maximize value for stakeholders and the estate.

## C.    Assumption of the Assumed Contracts Is Authorized Under Section 365

In connection with the Winning Bid, the Debtor seeks approval of the assumption of all executory contracts and unexpired leases proposed to be assumed by the Debtor (the "Assumed Contracts"). Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The Debtor's assumption of the Assumed Contracts will be effective only upon the effective date of the Reorganization Plan or closing of the Sale, as applicable.

Courts in this jurisdiction and others apply a business judgment standard in determining whether to approve a debtor's request to assume or reject executory contracts and unexpired leases. *In re Pomona Valley Med. Grp., Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) ("In making its determination, a bankruptcy court need engage in 'only a cursory review of a [debtor-in-possession]'s decision to reject the contract. Specifically, a bankruptcy court applies the business judgment rule to evaluate a [debtor-in-possession]'s rejection decision . . . .'") (citations omitted); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012) ("Courts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or unexpired lease would benefit the debtor's estate").

Section 365(b)(1) of the Bankruptcy Code requires that (a) all outstanding monetary defaults under contracts to be assumed must be cured or, in the alternative, that adequate assurance of prompt cure of such default must be provided prior to assumption of the contract, and (b) that adequate assurance of future performance of such contract or lease must be provided to the relevant counterparty.  11 U.S.C. § 365(b)(1).

The Debtor has proposed notice procedures in the form of the Cure Notice, which make clear to all counterparties exactly how each Assumed Contract will be cured.  Importantly, these procedures afford all contract and lease counterparties time and opportunity to object to proposed Cure Amounts. Any timely interposed objection relating to a Cure Amount or assumption will be resolved by the Bankruptcy Court, and the Winning Bidder shall only be obligated to pay the Cure Amount finally determined following the resolution of such dispute.  Accordingly, it is requested that the Cure Notice be approved.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

# XI.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court: (i) grant the Motion; (ii) enter the Bidding Procedures Order (annexed hereto as **Exhibit 1**), which, *inter alia*, (a) approves the Bidding Procedures (annexed to the Bidding Procedures Order as **Exhibit A**), (b) approves the Bidding Procedures Notice (annexed to the Bidding Procedures Order as **Exhibit B**), (c) approves the Cure Notice (annexed to the Bidding Procedures Order as **Exhibit C**), and (d) schedules the Contract Hearing and Transaction Hearing; and (iii) grant Debtor such other and further relief as is just and appropriate.

Dated this 7th day of April, 2023.

**FOX ROTHSCHILD LLP**

By ___*/s/Brett Axelrod*_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89169
    *Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT 1**

**PROPOSED BIDDING PROCEDURES ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
      nkoffroth@foxrothschild.com
      zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.  BK-23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC.,<br>D/B/A/ COIN CLOUD | **ORDER ESTABLISHING BIDDING<br>PROCEDURES AND RELATED<br>DEADLINES** |
| Debtor. | Hearing Date:   , 2023<br>Hearing Time:   .m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2

Upon *Debtor's Motion for Entry of an Order: (A) Approving Auction and Bidding Procedures for Potential Plan Sponsors or the Purchase of Substantially All of the Debtor's Assets; (B) Approving Form Notice to Be Provided to Interested Parties; and (C) Scheduling a Hearing to Consider Approval of the Highest and Best Transaction, Cure Objections, and Confirmation of the Proposed Toggle Plan* (the "<u>Motion</u>");[1] and the Court having determined that the relief sought in the Motion is in the best interests of Debtor, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:[2]**

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and over the persons and property affected hereby.

B.      Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

C.      Venue for this case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      The statutory and legal predicates for the relief requested in the Motion and provided for herein are Bankruptcy Code sections 105(a), 363(b), and 365, Bankruptcy Rules 2002, 6004, and 6006, and Local Rule 3017.

E.      In the Motion, any supplemental briefing in support thereof, and at the Hearing, Debtor demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and other interested parties including the Notice Parties, the Counterparties, the Office of

---

[1]  Capitalized terms not otherwise defined herein have the meanings assigned to them in the Motion.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

the United States Trustee, and all parties which Debtor is required to serve pursuant to Bankruptcy Rule 6004 and 6006 (collectively, the "Bidding Procedure Notice Parties").

F.    Debtor's proposed Bidding Procedures Notice, the Auction, the Auction Procedures, and the hearing to confirm the Winning Bid (the "Transaction Hearing") are appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

G.    The Bidding Procedures substantially in the form attached to this Order as **Exhibit A** are fair, reasonable, appropriate under the circumstances, in the best interests of the estate and its creditors and are designed to maximize the value of Debtor's estate. Debtor has demonstrated sound business justifications for seeking a Transaction pursuant to the Bidding Procedures.

H.    The Break-Up Fee is reasonably calculated to: (1) attract or retain a potentially successful Transaction proposal; (2) establish a bid standard or minimum for other Bidders to follow; and (3) attract additional Bidders.  Accordingly, in light of the foregoing, the size and nature of Debtor's proposed Toggle Plan, and the efforts that would be expended by the Stalking Horse, the Break-Up Fee is reasonable and appropriate.

I.    Entry of this Order at this time is in the best interests of Debtor, its estate and creditors, and all other parties in interest.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is granted.

2.    All objections to the Motion that have not been withdrawn, waived, or settled and all reservations of rights included therein, are overruled on the merits.

3.    The Bidding Procedures set forth in **Exhibit A** annexed to this Order are incorporated herein by reference in their entirety, are approved and shall be effective and binding on all parties as if such Bidding Procedures were set forth in this Order.

4.    The Break-Up Fee is approved.  Any Break-Up Fee, to the extent payable, shall only be paid from the cash proceeds received by the Debtor on the effective date of the Reorganization Plan or the closing of a Sale under an approved Transaction with a party other than the Stalking Horse

5.    The deadline for selecting a Stalking Horse shall be fixed as April 21, 2023.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

6.      The deadline for filing the Toggle Plan and Disclosure Statement shall be fixed as April 28, 2023.

7.      The Bid Deadline pursuant to the Bidding Procedures shall be fixed as May 19, 2023, at 5:00 p.m.

8.      Debtor is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order, and to conduct the Auction in accordance with the provisions of the Bidding Procedures.

9.      The Bidding Procedures Notice annexed as **Exhibit B** to this Order is approved as adequate and appropriate under the circumstances and Debtor is directed and authorized to serve the Bidding Procedures Notice to the Bidding Procedures Notice Parties and post the Bidding Procedures Notice on the website for the Debtor's claims agent Stretto, Inc. (at https://cases.stretto.com/CashCloud) by April 27, 2023.

10.     The Cure Notice annexed as **Exhibit C** to this Order is approved as adequate and appropriate under the circumstances, and Debtor is directed and authorized to serve the Cure Notice upon the Counterparties by May 29, 2023.  Counterparties must serve any and all objections to: (i) (a) the Cure Amounts set forth on the Cure Notice or (b) to the assumption of such contract or lease, on or before June 12, 2023, at 5:00 p.m. (prevailing Pacific Time) (the "Contract Objection Deadline").  All such objections shall be served on the Objection Notice Parties (defined below) on or before the Cure Objection Deadline and Contract Objection Deadline, respectively.

11.     Replies to any disputed Cure Amounts filed on or before the Cure Objection Deadline will be due on or before June 19, 2023, at 5:00 p.m. (prevailing Pacific Time) (the "Cure Reply Deadline").  All disputes regarding any Cure Amounts shall be resolved by the Court, if not previously resolved by Debtor or other party, at the Contract Hearing on June 26, 2023 at _:__ a.m. before the United States Bankruptcy Judge, Courtroom 2, United States Bankruptcy Court, 300 Las Vegas Boulevard South, Las Vegas, Nevada.

12.     The Auction, if any, shall be at the offices of Fox Rothschild, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135 (or by such other remote videoconference or telephonic

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

means noticed to the Qualified Bidders as determined by Debtor in its discretion), commencing at 9:00 a.m. Pacific Time, on May 23, 2023.

13.     The deadline for filing the Winning Bid and the Back-Up Bid, if any, shall be fixed as June 5, 2023.  The Debtor shall file a definitive plan support agreement or asset purchase agreement, as applicable (the "Definitive Documentation"), conformed to the provisions of the Winning Bid and the Back-Up Bid, as applicable, as soon as practicable and, in any event, prior to the hearing on approval of the Transaction.

14.     A hearing to approve the Winning Bid or any Back-Up Bid resulting from the Auction shall take place on June 26 2023, at _:__ a.m. before the United States Bankruptcy Judge, Courtroom 2, United States Bankruptcy Court, 300 Las Vegas Boulevard South, Las Vegas, Nevada.  Any objections to the approval of the Transaction set forth in the Winning Bid or Back-Up Bid (a "Transaction Objection"), the adequacy of the Debtor's Disclosure Statement (a "Disclosure Statement Objection"), or confirmation of the Toggle Plan (a "Confirmation Objection"), must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the specific basis for the objection; (iv) be filed with the Court, 300 Las Vegas Boulevard South, Las Vegas, Nevada, together with proof of service, no later than June 12, 2023 at 5:00 p.m. (prevailing Pacific Time) (the "Transaction Objection Deadline"); and (v) be served, so as to be actually received on or before the Transaction Objection Deadline, upon: (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea; (e) counsel to the Committee of Unsecured Creditors (the "Committee"), (i) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald Carano

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

6

Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day (collectively, the "Objection Notice Parties").  If a Transaction Objection, Disclosure Statement Objection, or Confirmation Objection is not filed and served on the Objection Notice Parties or before the Transaction Objection Deadline, the objecting party may be barred from objecting to approval of the Transactions set forth in the Winning Bid and the Back-Up Bid, approval of the Debtor's Disclosure Statement, or confirmation of the Toggle Plan and may not be heard at the Transaction Hearing, and this Court may enter an order approving the Transactions and Disclosure Statement and confirming the Toggle Plan without further notice to such party.  Replies to any Transaction Objections, Disclosure Statement Objections, or Confirmation Objections may be filed no later than June 19, 2023 at 5:00 p.m. (prevailing Pacific Time).

15.    The Transaction Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Transaction Hearing, and Debtor shall have the exclusive right, in the exercise of its fiduciary obligations and business judgment, and after consultation with the Consultation Parties, to withdraw the Winning Bid at any time subject to, and in accordance with, the terms of this Order.

16.    To the extent the provisions of this Order are inconsistent with the provisions of any Exhibit referenced herein or with the Motion, the provisions of this Order shall control.

17.    The Court shall retain exclusive jurisdiction over all matters arising from or related to the interpretation and implementation of this Order, the Auction, approval of any Transaction, and confirmation of the Toggle Plan.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

7

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By _____
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
*Counsel for Debtor*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT A**
**BIDDING PROCEDURES**

**BIDDING PROCEDURES**

Cash Cloud, Inc. d/b/a Coin Cloud (the "<u>Debtor</u>"), debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), proposes to conduct an auction in connection with a value-maximizing transaction (a "<u>Transaction</u>") to fund a proposed plan (the "<u>Toggle Plan</u>") and will proceed in accordance with the following bid procedures ("<u>Bidding Procedures</u>") which have been approved pursuant to an Order entered by the United States Bankruptcy Court for the District of Nevada ("<u>Bankruptcy Court</u>") on _____, 2023 ("<u>Bidding Procedures Order</u>")[1] in the Chapter 11 Case.

As provided for below, the Debtor is soliciting bids ("<u>Bids</u>") for a Transaction, in accordance with the procedures below, which require, among other requirements, that prospective bidders submit a plan support term sheet or an executed asset purchase agreement for substantially all of the Debtor's assets. The Debtor will consider all Bids which comply with the terms of these Bidding Procedures.

1. **Transaction Proposal**. These Bidding Procedures set forth the terms by which prospective bidders may qualify for and participate in the Auction (as defined herein), thereby competing to make the highest or otherwise best offer for a Transaction, including, either: (a) a restructuring proposal that provides for appropriate cash infusion, in return for new equity in the reorganized Debtor (a "<u>Restructuring</u>") sufficient to support a plan of reorganization; or (b) the sale (a "<u>Sale</u>") of substantially all of the Debtor's assets (the "<u>Assets</u>") free and clear of any and all claims, liens, and other encumbrances, pursuant to section 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"),[2] with all such liens, claims and encumbrances attaching to the proceeds of the Sale to the same extent and with the same priority as such liens, claims and encumbrances attached to the assets prior to the Sale.

2. **"As Is, Where Is" Sale**. Any Sale of the Assets will be transferred on an "as is, where is" basis, with all faults, and without representations or warranties of any kind, nature, or description by the Debtor, its agents, or estate, whether written, verbal, express, implied, or by operation of law.

3. **Potential Bidders / Execution of NDA/ Financial Information**. To participate in the Auction, any party (a "<u>Potential Bidder</u>") wishing to submit a Bid for a Transaction must execute, or have executed, a nondisclosure agreement ("<u>NDA</u>") in the form provided by the Debtor's advisors and in form and substance satisfactory to the Debtor before such Potential Bidder may receive due diligence information from the Debtor, including access to the Debtor's Diligence Room or other non-public information relating to the Debtor and its business.  In addition, any Potential Bidder must submit financial information to the Debtor to evidence such Potential Bidder's ability to consummate the Transaction, which information must be reasonably satisfactory to the Debtor in consultation with the Consultation Parties.

---

[1] All undefined capitalized terms shall have the meanings as set forth in the Bidding Procedures Order.

[2] Unless specified otherwise, all "§" or "Section" references are to the Bankruptcy Code.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4. **Due Diligence**. After receipt of an executed NDA, the Debtor shall, upon request by the Potential Bidder, provide each Potential Bidder reasonable due diligence information as soon as reasonably practicable after such request, including access to the Debtor's Diligence Room. The Debtor shall not furnish, and shall have no obligation to furnish, any confidential and/or non-public information relating to the Debtor's business (collectively, "Confidential Information"), or grant access to the Debtor's Diligence Room, to (i) any person that does not qualify as a Potential Bidder, or (ii) to any Potential Bidder who, at such time and in the Debtor's reasonable business judgment, in consultation with the Consultation Parties, have not established, or who have raised doubt, that such Potential Bidder intends in good faith to, or has the capacity to, consummate its proposed Transaction.

5. **Representations and Warranties**. The Debtor makes no representation or warranty as to the Confidential Information provided through the due diligence process or otherwise, except to the extent set forth in any Qualified Bid entered into between the Debtor and the Winning Bidder (as defined herein). No party may conduct any additional due diligence after the Bid Deadline (as defined herein).

6. **Bid Deadline**. Potential Bidders must submit their Bids, through mail or through e-mail, so that such Bids are actually received by each of the following parties no later than May 19, 2023, at 5:00 p.m. (Pacific Time) (the "Bid Deadline"): (i) counsel to the Debtor: Fox Rothschild LLP, Attn: Brett A. Axelrod, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135 (baxelrod@foxrothschild.com); and (ii) Province, LLC, 2360 Corporate Circle, Ste. 340, Henderson, Nevada, 89074 Attn: Paul Huygens (the "Bid Deadline Recipients"). Potential Bidders may either e-mail their Bids to the email addresses listed above or may deliver hard copies of their Bids to the physical addresses listed above so that they are actually received by the Bid Deadline. The Debtor shall have no obligation to consider any other delivery format, such as fax, as being acceptable. Upon receipt, the Debtor shall promptly deliver copies of the Bids to the Consultation Parties; *provided* that any confidential information shall only be shared with Consultation Parties on a professional-eyes-only basis and *provided further* that the Debtor shall not be required to consult with any Consultation Party that submits a Bid or has a Bid submitted on its behalf so long as such Bid remains open, including, but not limited to, any individual member of the Committee. The Debtor may, in its sole discretion after consultation with the Consultation Parties, extend the Bid Deadline until the commencement of the Auction for one or more Potential Bidders without prior notice to any party, but shall have no obligation to do so under any circumstances.

7. **Qualified Bid**. In order to constitute a "Qualified Bid," a Bid must satisfy the following requirements (the "Bid Requirements"):[3]

   a.    be submitted (i) in writing and (ii) be received by the Bid Deadline as set forth herein and subject to the limitations set forth herein;

---

[3] Notwithstanding the foregoing, a Bid by the Debtor's postpetition lender, CKDL Credit, LLC, will constitute a Qualified Bid if it satisfies all of the requirements of Section 7 of the Bidding Procedures except for the Deposit requirement set forth in Section 7.f. hereof.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

b.     constitute a good faith, bona fide offer to either (i) acquire the equity in the reorganized Debtor pursuant to a Qualified Plan Support Agreement (defined herein) for a proposed cash infusion (the "Cash Infusion"), or (ii) purchase the Debtor's Assets pursuant to a Qualified APA (defined herein) for a proposed purchase price (the "Purchase Price") identified in such Qualified APA and defined as the "Purchase Price";

c.     provide for a Cash Infusion or Purchase Price that includes a cash contribution component that is (i) sufficient to satisfy all claims against the Debtor that must be satisfied in cash on the effective date of the Toggle Plan or closing of a Sale, as applicable, including, but not limited to, all required Cure Amounts of Assumed Contracts other than as may be agreed by any counter party to such Assumed Contracts, and (ii) in excess of the Stalking Horse Bid by at least the Break-Up Fee (defined below) (collectively, the "Cash Component");

d.     identify the legal name of the Potential Bidder (including any direct or indirect equity holders, if the Potential Bidder is an entity formed for the purpose of consummating the proposed Transaction);

e.     be accompanied by (i) either (A) a clean and duly executed copy of a plan support agreement (a "Qualified Plan Support Agreement") or (B) a clean and a duly executed copy of an asset purchase agreement (a "Qualified APA"), and (ii) a redline reflecting any modifications to the Stalking Horse Transaction, if applicable;

f.     be accompanied by a deposit by wire transfer, in certified funds, in the amount of ten percent (10%) of the aggregate new money Cash Component ("Deposit"), to be held in escrow and treated in accordance with the provisions of these Bidding Procedures;

g.     propose cash, credit bid, and assumption and/or conversion of debt as consideration only;

h.     provide sufficient and adequate information to demonstrate to the satisfaction of the Debtor, in consultation with the Consultation Parties, that such Potential Bidder has the financial wherewithal and ability to consummate the Transaction in the timeframe contemplated by these Bidding Procedures;

i.     include a written statement that the Potential Bidder agrees to be bound by the terms of the Bidding Procedures and the Bidding Procedures Order and consents to the jurisdiction of the Bankruptcy Court (including waiving any right to a jury trial) in connection with any disputes related to these Bidding Procedures as well as (each as defined below) the Auction, the Transaction Hearing, any order approving the Transaction or confirmation of the Toggle Plan, the closing of a Sale (as applicable), and/or the consummation of the Toggle Plan;

j.     include a written statement outlining the absence or presence, and details thereof, of any relationship, affiliation, or connection of any kind between the Potential Bidder, on the one hand, and the Debtor and/or any of its affiliates,

3

current or former officers, directors, and/or investors;

k.  not be conditioned on any due diligence, financing, or other contingencies other than entry of an order approving the Transaction, including any contingencies, indemnities or purchase price adjustments of any kind, including, among others, obtaining (i) financing; (ii) shareholder, board of directors or other approval; or (iii) the outcome of completion of due diligence;

l.  include a written statement that the Potential Bidder (i) had an opportunity to conduct due diligence regarding the Debtor and its business prior to making its offer and does not require further due diligence, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents in making its bid, and (iii) did not rely upon any written or oral statements, reports, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Debtor, its Assets, or its business, or the completeness of any information provided in connection therewith except as expressly stated in the Bidding Procedures;

m.  remain irrevocable until forty-eight (48) hours after the conclusion of the Transaction Hearing or such longer period of time as set forth below if the Potential Bidder is selected as the Winning Bidder or Back-Up Bidder (as defined below); and

n.  states whether the Potential Bidder is willing to serve as a Back-Up Bidder and that its Qualified Bid (or any Qualified Bid as modified at the Auction) shall constitute the Back-Up Bid if the Debtor determines that it qualifies as the Back-Up Bid in accordance with the provisions hereof.

8.  **Single Bid and Qualified Status of the Stalking Horse**. If any Qualified Bid, other than the Stalking Horse Bid, is submitted by the Bid Deadline and its Cash Component exceeds the Stalking Horse Bid by at least the Break-Up Fee (defined below), the Debtor shall hold the Auction.  However, if there is no Qualified Bid other than the Stalking Horse Bid, the Auction will not be held but the Debtor may proceed with the Transaction Hearing and seek approval of the Stalking Horse Bid.

9.  **Stalking Horse Bid and Break-Up Fee**. No later than April 21, 2023, the Debtor, in consultation with the Consultation Parties, intends to designate a Potential Bidder to be the stalking horse (the "Stalking Horse"), based on its proposed Bid (the "Stalking Horse Bid") providing the highest or otherwise best return for the Debtor's stakeholders and being in the best interests of Debtor and its estate.  Such Stalking Horse Bid will be filed with the Bankruptcy Court on or before April 28, 2023 (and available for download from the website for the Debtor's claims agent Stretto, Inc., at https://cases.stretto.com/CashCloud).  The Debtor intends to grant the Stalking Horse Bidder certain protections, including a break-up fee in an amount not to exceed 3% of its Cash Component under the Stalking Horse Bid and an expense reimbursement not to exceed (x) $150,000.00, in the event of a Bid based on a Sale, or (y) $250,000 in the event of a Bid based on a Restructuring (the "Break-Up Fee").  Any Break-Up Fee, to the extent payable, shall only be paid from the cash proceeds received by the Debtor:

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(i) on the (a) effective date of the Toggle Plan, in the event of a Restructuring, or (b) the closing of a Sale; and (ii) only if such effective date or closing occurs pursuant to an approved Transaction with a party other than the Stalking Horse. The award of stalking horse protection may occur without further notice (other than an announcement to Potential Bidders no later than the commencement of the Auction) or order of the Bankruptcy Court.

10.    **Determination of Qualified Bids**. A Bid that satisfies each of the Bid Requirements, as determined by Debtor in its reasonable discretion, in consultation with the Consultation Parties, shall constitute a "<u>Qualified Bid</u>," and such Potential Bidder submitting such Bid will be deemed a "<u>Qualified Bidder</u>." Not later than one (1) business day before the commencement of any Auction, Debtor shall serve on each Potential Bidder, and the Consultation Parties, a notice indicating the identity of all Qualified Bidders, and a copy of the Bid which is deemed to be the highest and otherwise best Qualified Bid (the "<u>Opening Bid</u>"). If one or more Bids other than the Stalking Horse Bid are designated as Qualified Bids, the Auction shall be conducted on May 23, 2023, at 9:00 a.m. (Pacific Time), as further described below. The Debtor may decline to designate a Bid as a Qualified Bid in its reasonable discretion, and after consultation with the Consultation Parties, if the Bid is reasonably determined to be (a) not in conformity with the requirements of the Bankruptcy Code, these Bidding Procedures, or any other orders applicable to the Debtor, or (b) contrary to the best interests of the Debtor, its estate, and its stakeholders.

11.    **Credit Bidding**. Any party with a valid, properly perfected prepetition or post-petition security interest in any of the Assets may credit bid (any such bid, a "<u>Credit Bid</u>" and any party submitting a Credit Bid, each a "<u>Credit Bidder</u>") for such Assets in connection with a Sale, in accordance with and pursuant to § 363(k), except as otherwise limited by the Bankruptcy Court for cause; provided, however, that no Credit Bidder may Credit Bid unless (a) all secured creditors with a valid and perfected security interest in the Assets subject to the Credit Bid that rank equal or senior to the security interest of the Credit Bidder in the Assets consent in writing to such Credit Bid or (b) the Credit Bid expressly provides for the payment in full in cash at the closing on account of the Assets subject to valid and perfected security interests in the Assets that are equal or senior in rank to the security interests of the Credit Bidder. Nothing herein shall limit the rights of any party in interest to seek relief from the Bankruptcy Court related to the right or alleged right of any creditor to exercise a Credit Bid for any of the Assets.

12.    **Assumption and Assignment of Executory Contracts and Unexpired Leases**. In connection with the Transaction, the Debtor may assume or sell, assume, and assign, as applicable, certain executory contracts and unexpired leases (collectively, the "<u>Assumed Contracts</u>") as fully set forth in Schedule A to the Qualified Bidder's Qualified Plan Support Agreement or Qualified APA. To facilitate the assumption, or the assumption and assignment, of the Assumed Contracts pursuant to section 365(a) of the Bankruptcy Code, the Debtor proposes the following procedures:

a.    <u>Designation Deadline</u>. In its discretion by written notice to Debtor, each Potential Bidder shall designate, at any time prior to 5:00 p.m. (prevailing Pacific Time) on May 19, 2023, any contract or lease as an Assumed Contract,

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

provided that the Bidder shall be responsible for contributing funds for any cure related to the Assumed Contract, pursuant to Bankruptcy Code section 365.  Until the confirmation of the Toggle Plan or the closing of the Sale, as applicable, any contract or lease may be removed from the list of the designated Assumed Contracts by the Winning Bidder.

b.  <u>Notices for the Assumed Contracts</u>.  On or before May 29, 2023, Debtor shall serve on all non-Debtor counterparties (the "<u>Counterparties</u>") to any executory contract or unexpired lease that is capable of being assumed, the Cure Notice in the form attached to the Bidding Procedures Order as Exhibit C, that identifies, to the extent applicable (a) the contract or lease that may be an Assumed Contract, (b) the name of the Counterparty, (c) any applicable cure amount for such contract or lease if it becomes an Assumed Contract ("<u>Cure Amount</u>"), (d) the deadline of June 12, 2023, at 5:00 p.m. (prevailing Pacific Time) (the "<u>Contract Objection Deadline</u>") by which all Counterparties must file any "<u>Contract Objection</u>" either to (i) the Cure Amount set forth on the Cure Notice or (ii) to the assumption of such contract or lease, (e) the deadline of June 19, 2023, at 5:00 p.m. (prevailing Pacific Time) (the "<u>Reply Deadline</u>") by which Debtor, must file a reply to any Contract Objection filed on or before the Contract Objection Deadline, and (e) June 26, 2023 as the date of the hearing, whereby the Court shall determine all Cure Amounts and Contract Objections (the "<u>Contract Hearing</u>"); provided, however, that the presence of a contract or lease on the Cure Notice does not constitute an admission that such contract or lease is an executory contract or unexpired lease and does not bar (i) any Qualified Bidder from excluding any such contract or lease from its list of the Assumed Contracts or (ii) the Winning Bidder or the Debtor from excluding any such contract or lease from the list of Assumed Contracts under the Winning Bid.

c.  <u>Contract Objections</u>. In the event that any Counterparty does not timely file a Contract Objection, such Counterparty shall be (i) deemed to have consented to the applicable Cure Amount, if any, and bound to such corresponding Cure Amount, (ii) forever barred and estopped from asserting a disputing Cure Amount, (iii) deemed to have agreed that all defaults under the applicable contract or lease arising or continuing prior to the effective date of the assumption have been cured upon payment of the Cure Amount (if any), and (iv) forever barred and estopped from objecting to the assumption of such contract or lease. If any Counterparty timely files a Contract Objection that cannot be resolved by Debtor and the Counterparty, the Court shall resolve such Contract Objection at the Contract Hearing.

13.  **Auction**. If more than one Qualified Bid is received, the Debtor shall conduct an auction on May 23, 2023, at the offices of Fox Rothschild, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135 (or by such other remote videoconference or telephonic means noticed to the Qualified Bidders as determined by the Debtor in its discretion), commencing at 9:00 a.m. Pacific Time (the "<u>Auction</u>"). The Auction will be conducted to determine the highest or otherwise best Qualified Bid (the "<u>Winning Bid</u>," with such bidder being the "<u>Winning Bidder</u>"). Not later than one (1) business day before the commencement of any Auction, the Debtor shall serve on each Potential

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

6

Bidder and the Consultation Parties, a notice indicating the identity of all Qualified Bidders, and a copy the Bid which is deemed to be the opening bid at the Auction (the "Opening Bid"). Subject to these Bidding Procedures, the Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

a.  only Qualified Bidders, in person or through duly authorized representatives at the Auction may bid at the Auction, and every Qualified Bidder must have at least one (1) such duly authorized representative with authority to bind the Qualified Bidder at the Auction;

b.  only such authorized representatives of each of the Qualified Bidders, Debtor, and the Consultation Parties shall be permitted to attend the Auction;

c.  permitted participants may attend in person, or if they prefer to participate by videoconference or telephonic means, must notify the Debtor's counsel of such preference no later than 24 hours prior to the Auction;

d.  the Stalking Horse or other Qualified Bidder who has submitted the highest or otherwise best Qualified Bid with a Cash Component greater than the Stalking Horse Bid by at least the Break-Up Fee shall be the opening Bidder (the "Opening Bidder") and its bid shall be the opening bid (the "Opening Bid");

e.  bidding shall commence on the terms of the Opening Bid. The Opening Bid shall be announced on the record by Debtor at or before the commencement of the Auction. Other Qualified Bidders may then submit a successive Bids (a) with a Cash Component higher by at least the amount of the Break-Up Fee than the Opening Bid, if it is the Stalking Horse Bid, and (b) with a Cash Component at least $100,000 higher than the Opening Bid, if it is not the Stalking Horse Bid. All subsequent Bids must contain a Cash Component at least $100,000 higher than the previous Bid. The then highest or otherwise best Bid shall be announced on the record prior to the start of each round of bidding;

f.  Qualified Bidders shall have the right to submit additional Bids that include modifications to their Qualified Bid at or prior to the Auction, consistent herewith, provided that any such modifications to the Qualified Bid, on an aggregate basis and viewed in whole, shall not be less favorable to Debtor than any prior Qualified Bid by such party (as reasonably determined by Debtor, in consultation with the Consultation Parties). Debtor, in consultation with the Consultation Parties, reserves the right to separately negotiate the terms of any Qualified Bid at the Auction, provided the terms are fully disclosed at the time such Qualified Bid is formally submitted;

g.  the bidding will be transcribed by a certified court reporter employed by the Debtor to ensure an accurate recording of the bidding at the Auction;

h.  each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the proposed Transaction and is not in violation of § 363(n); and

7

i.   the Debtor, in consultation with the Consultation Parties, is authorized to reopen the Auction at any time prior to the selection and announcement by the Debtor of the Winning Bid.

14.   **Acceptance of the Winning Bid and Designation of the Back-Up Bid**.

a.   Upon the conclusion of the Auction (if conducted), Debtor, in the exercise of its reasonable, good-faith business judgment and after consultation with the Consultation Parties, shall identify (i) the Winning Bid, which is the highest or otherwise best Qualified Bid submitted at the conclusion of the Auction; and (ii) if more than two Qualified Bidders, the next highest or otherwise best Qualified Bid (the "Back-Up Bid" and the party submitting the Back-Up Bid (the "Back-Up Bidder") which, in each case, may be the Stalking Horse Bidder. The Debtor shall file the Winning Bid and the Back-Up Bid not later than June 5, 2023. The Winning Bidder and Back-Up Bidder shall be required to provide to the Debtor, and the Debtor shall be required to file, an executed version of the definitive plan support agreement or asset purchase agreement, as applicable (the "Definitive Documentation"), conformed to the provisions of the Winning Bid and the Back-Up Bid, as applicable, as soon as practicable and, in any event, prior to the hearing on approval of the Transaction. For the purposes of the Bidding Procedures, the definitive agreement executed by the (i) Winning Bidder shall be defined as the "Winning Bid Documentation" and (ii) Back-Up Bidder shall be defined as the "Back-Up Bid Documentation".

b.   The Back-Up Bidder (which may be the Stalking Horse Bidder) must keep the Back-Up Bid open and irrevocable until the earlier of (as applicable, the "Back-Up Bid Termination Date"): (i) in the event of a Restructuring, (A) 5:00 p.m. (Pacific Time) on the date which is forty-five (45) days after the entry of an order confirming the Toggle Plan, or (B) the effective date of the Toggle Plan; or (ii) in the event of a Sale, (A) 5:00 p.m. (Pacific Time) on the date which is forty-five (45) days after the entry of an order approving the Sale, or (B) the closing of the Sale to the Winning Bidder.

c.   If an Auction is held, Debtor shall be deemed to have accepted a Qualified Bid as the winner of the Auction only when: (i) such Qualified Bid is declared the Winning Bid; (ii) the Definitive Documentation has been executed and filed by the hearing on approval of the Transaction; and (iii) any additional Deposit required as a result of a Qualified Bid submitted at the Auction (as required by the Bidding Procedures) has been provided to Debtor. In each case, Debtor's acceptance is conditioned upon approval by the Court of the Winning Bid and (if applicable) the Back-Up Bid.

15.   **Transaction Hearing**.

a.   The hearing to consider approval of the Winning Bid and the Back-Up Bid is presently scheduled to take place on June 26, 2023, at __:__ a.m. (Pacific Time), or as soon thereafter as counsel may be heard, before the Honorable Mike K. Nakagawa, Courtroom 2, Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101 (the "Transaction Hearing").

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

b.  Any objections to the Winning Bid or Back-Up Bid (a "Transaction Objection"), must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the specific basis for the Transaction Objection; (iv) be filed with the Court, 300 Las Vegas Boulevard South, Las Vegas, Nevada, together with proof of service, no later than **June 12, 2023 at 5:00 p.m. (prevailing Pacific Time)** (the "Transaction Objection Deadline"); and (v) be served, so as to be actually received on or before the Transaction Objection Deadline, upon: (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea; (e) counsel to the Committee of Unsecured Creditors (the "Committee"), (i) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald Carano Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day (collectively, the "Objection Notice Parties").

c.  Debtor will present the results of the Auction to the Court at the Transaction Hearing, at which time certain findings will be sought from the Court regarding the Auction and the Transaction, including, among other things, that: (i) the Auction was properly conducted, and the Winning Bidder and the Back-Up Bidder were properly selected, in accordance with the Bidding Procedures; (ii) the Auction was fair in substance and procedure; (iii) confirmation of the Winning Bid (or, if applicable, the Back-Up Bid) will provide the highest or otherwise best return for the Debtor's creditors and is in the best interests of the Debtor and its estate; and (iv) the Transaction meets all requirements under the Bankruptcy Code.  In addition, the Debtor will also seek confirmation that the Toggle Plan meets all requirements for confirmation under the Bankruptcy Code.

d.  At the Transaction Hearing, Debtor shall also request, as part of the order approving the Transaction, authorization from the Bankruptcy Court to accept the Back-Up Bid, and to approve such bid, if the Winning Bid fails to be consummated when and as required by its terms, without further order of the Bankruptcy Court.  Debtor and the Back-Up Bidder shall be bound to consummate the Back-Up Bid if the Winning Bid fails to consummate, at which time the Back-Up Bidder shall be deemed the Winning Bidder.  Debtor shall promptly give notice to the Back-Up Bidder if the Winning Bidder fails to consummate and shall provide the Back-Up Bidder a reasonable period within which to consummate the Back-Up Bid.

16.    **Treatment of Deposit**.

    a.    The Deposit of each Potential Bidder shall be held pursuant to an escrow agreement acceptable to the Debtor, subject to the prior consent of the Debtor as to the escrow agent and form of escrow agreement, where such consent is not to be unreasonably withheld.

    b.    Upon the effective date of the Toggle Plan or closing of the Sale, as applicable, the Deposit of the Winning Bidder shall be credited to its Cash Component. If the Winning Bidder fails to consummate the Winning Bid, then its Deposit shall be retained by Debtor.

    c.    The Deposits of any Qualified Bidders other than the Winning Bidder and the Back-Up Bidder will be returned within two (2) business days after the conclusion of the Auction; *provided, that*, the Deposit of the Back-Up Bidder shall be returned to the Back-Up Bidder on the date which is two (2) business days after the Back-Up Bid Termination Date.

    d.    The Deposit of any Potential Bidder who is determined not to be a Qualified Bidder shall be returned to such Potential Bidder within two (2) business days of such determination, pursuant to the terms of the applicable escrow agreement.

17.    **Payment of the Break-Up Fee**. If the Stalking Horse is not the Winning Bidder, the Debtor shall pay the Break-Up Fee to such Stalking Horse as set forth in the agreement between the Debtor and the Stalking Horse providing for such Break-Up Fee, but in no event shall payment be any earlier than the time of the consummation of Winning Bid, and shall only be paid from the cash proceeds received by the Debtor on the effective date of the Toggle Plan (in the event of a Restructuring) or the closing of a Sale.

18.    **Reservation of Rights**. **THE DEBTOR RESERVES ITS RIGHTS TO MODIFY THESE BIDDING PROCEDURES IN ANY MANNER, IN CONSULTATION WITH THE CONSULTATION PARTIES, THAT WILL BEST PROMOTE THE GOALS OF THE BIDDING PROCESS. THE DEBTOR FURTHER RESERVES ITS RIGHTS, IN CONSULTATION WITH THE CONSULTATION PARTIES TO IMPOSE, AT OR PRIOR TO THE AUCTION, ADDITIONAL TERMS AND CONDITIONS ON THE TRANSACTION, INCLUDING, WITHOUT LIMITATION, EXTENDING THE DEADLINES SET FORTH IN THESE BIDDING PROCEDURES, AND ADJOURNING THE AUCTION AT OR PRIOR TO THE AUCTION AND/OR ADJOURNING THE TRANSACTION HEARING PRIOR TO SUCH HEARING OR IN OPEN COURT WITHOUT FURTHER NOTICE. THE DEBTOR RESERVES THE RIGHT, AT ANY TIME, FOR ANY REASON AND IN ITS REASONABLE BUSINESS JUDGMENT, TO DECLINE TO PURSUE THE TRANSACTION PROCESS AND TO WITHDRAW ANY MOTION FILED IN THE COURT SEEKING TO APPROVE THE TRANSACTION.**

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

19.    **<u>Jurisdiction</u>**. The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the Bidding Procedures, the Auction, approval of any Transaction, and/or any other matter than in any way relates to the foregoing.

**EXHIBIT B**

**NOTICE OF BIDDING PROCEDURES**

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.  BK-23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC.,<br>D/B/A COIN CLOUD | |
| Debtor. | **NOTICE OF BIDDING PROCEDURES AND DEADLINES** |
| | Hearing Date:  _____, 2023<br>Hearing Time:  ___:00 a.m. (Pacific Time) |

**PLEASE TAKE NOTICE THAT** on _____, 2023, Cash Cloud, Inc., d/b/a Coin Cloud

(the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter

11 Case"), under chapter 11 of the United States Bankruptcy Code 11 U.S.C. §§ 101 et seq. (the

"Bankruptcy Code"), filed *Debtor's Motion for Entry of an Order: (A) Approving Auction and*

*Bidding Procedures for Potential Plan Sponsors or the Purchase of Substantially All of the Debtor's*

*Assets; (B) Approving Form Notice to Be Provided to Interested Parties; and (C) Scheduling a*

*Hearing to Consider Approval of the Highest and Best Transaction, Cure Objections, and*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

*Confirmation of the Proposed Toggle Plan* [Docket No. ____] (the "<u>Motion</u>")[4] with the United States Bankruptcy Court for the District of Nevada (the "<u>Court</u>") pursuant to Bankruptcy Code sections 105(a), 363, and 365, Bankruptcy Rules 2002, 6004, and 6006, and Local Rule 3017, for entry of an order (the "<u>Bidding Procedures Order</u>"), (i) approving and authorizing the bidding procedures, substantially (the "<u>Bidding Procedures</u>"), to select value-maximizing transaction (a "<u>Transaction</u>") which may include (a) sponsoring a proposed plan of reorganization (the "<u>Reorganization Plan</u>") for Debtor, or (b) purchasing substantially all of the Debtor's assets pursuant to § 363 (a potential Reorganization Plan sponsor or Sale purchaser, each a "<u>Bidder</u>"); (ii) approving and authorizing an auction process (the "<u>Auction</u>") to select the Bidder proposing the highest and best Transaction in accordance with the Bidding Procedures; (iii) approving the form and manner of notice of the bidding procedures (the "<u>Bidding Procedures Notice</u>"); (iv) approving the form and manner of notice of potential assumption of certain executory contracts and unexpired leases and related cure amounts (the "<u>Cure Notice</u>"); (v) scheduling a hearing to confirm or approve, as applicable, the Transaction and confirm the Debtor's Toggle Plan to be funded by such Transaction (the "<u>Transaction Hearing</u>"); and (vi) granting the Debtor such other and further relief as is just and appropriate under the circumstances.

**PLEASE TAKE FURTHER NOTICE THAT** on _____ ___, 2023, the Court entered an *Order Establishing Bidding Procedures and Related Deadlines* [Docket No. _____] (the "<u>Bidding Procedures Order</u>"), approving the form of this Bidding Procedures Notice and the Bidding Procedures, and authorizing Debtor to employ the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Bidding Procedures Order, Debtor shall designate any Stalking Horse no later than April 21, 2023, and such Stalking Horse shall file its Stalking Horse Bid no later than April 28, 2023 . If Debtor receives a Qualified Bid in addition to the Stalking Horse Bid by May 19, 2023, at 5:00 p.m. (Pacific Time) (the "<u>Bid Deadline</u>"), Debtor shall conduct the Auction on May 23, 2023 commencing at 9:00 a.m. (Pacific Time) at the offices of Fox Rothschild, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, or at such later date

---

[4] All capitalized terms used herein and not otherwise defined herein shall have the respective meanings ascribed to them in the Motion or in the Bidding Procedures, as applicable.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

and time and at such alternative location (including by remote videoconference or telephonic means noticed to the Qualified Bidders as determined by the Debtor in its discretion) as the Debtor may determine or the Bankruptcy Court may direct. If the Debtor does not receive at least one Qualified Bid (in addition to the Stalking Horse Bid) by the Bid Deadline, the Debtor may not conduct the Auction.

     **PLEASE TAKE FURTHER NOTICE** that, as set forth above, the Bid Deadlie is May 19, 2023, at 5:00 p.m. (Pacific Time). A Potential Bidder that desires to submit a Bid is required, under the Bidding Procedures and the Bidding Procedures Order, to deliver is Qualified Bid and all materials required in connection therewith (as fully set forth in the Bid Procedures) no later than the Bid Deadline. Any person or entity that does not submit a Bid by the Bid Deadline (as may be extended pursuant to the Bidding Procedures) shall not be permitted to participate in the Auction.

     **PLEASE TAKE FURTHER NOTICE** that all objections to the adequacy of the Winning Bid or the Back-Up Bid must be submitted on or before June 12, 2023, at 5:00 p.m. (Pacific Time).

     **PLEASE TAKE FURTHER NOTICE THAT** the "Contract Objection Deadline" is June 12, 2023, by 5:00 p.m. (prevailing Pacific Time). All Counterparties must object to the Cure Amount stated in the Cure Notice, or the ability of the Debtor to assume the contract or lease, on or before the Contract Objection Deadline.

     **PLEASE TAKE FURTHER NOTICE THAT** the "Contract Reply Deadline" is June 19, 2023, by 5:00 p.m. (prevailing Pacific Time). The Debtor, or any other party, shall reply to any Contract Objections filed on or before the Contract Objection Deadline.

     **PLEASE TAKE FURTHER NOTICE THAT** the "Contract Hearing" is June 26, 2023 at __:__ _.m., at the United States Bankruptcy Court, Courtroom 2, 300 Las Vegas Boulevard South, Las Vegas, Nevada, which may be continued, upon Debtor's request, to a later date. The Court shall resolve any and all disputes as to Cure Amounts, if not previously resolved by the relevant parties.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

PLEASE TAKE FURTHER NOTICE THAT the Court shall conduct a hearing ("Transaction Hearing") concerning approval of the Winning Bid and Back-Up Bid June 26, 2023, at __:__ a.m., at the United States Bankruptcy Court, Courtroom 2, 300 Las Vegas Boulevard South, Las Vegas, Nevada, which may be continued, upon Debtor's request, to a later date.

PLEASE TAKE FURTHER NOTICE THAT any person or entity wishing to submit a Bid is urged to review the Bidding Procedures, the Bidding Procedures Order, and the Motion. Copies of the Motion and the Bidding Procedures Order, including the Bidding Procedures annexed as Exhibit A to the Motion, may be reviewed (a) during regular Court hours at the United States Bankruptcy Court, 300 Las Vegas Boulevard South, Las Vegas, Nevada, (b) electronically at www.nvb.uscourts.gov, the official website for the Court, (c) at the website for the Debtor's claims agent Stretto, Inc. at https://cases.stretto.com/CashCloud, or (d) upon written request to counsel for Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attention: Brett Axelrod, baxelrod@foxrothschild.com.

DATED this ___ day of _____ 2023.

**FOX ROTHSCHILD LLP**

By: _____/s/Brett A. Axelrod_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT C**

**CURE NOTICE**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

            Debtor.

Case No. BK-23-10423-mkn

Chapter 11

**NOTICE OF POTENTIAL
ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), filed a motion [Docket No. __](the "Bidding Procedures Motion") with the United States Bankruptcy Court for the District of Nevada (the "Court") seeking among other things, entry of an order: (i) approving and authorizing the bidding procedures, substantially (the "Bidding Procedures"), to select value-maximizing transaction (a "Transaction") which may include (a) sponsoring a proposed plan of reorganization (the "Reorganization Plan") for Debtor, or (b) purchasing substantially all of the Debtor's assets pursuant to § 363 (a potential Reorganization Plan sponsor or Sale purchaser, each a "Bidder"); (ii) approving and authorizing an auction process (the "Auction") to select the Bidder proposing the highest and best Transaction in accordance with the Bidding Procedures; (iii) approving the form and manner of notice of the bidding procedures (the "Bidding Procedures Notice"); (iv) approving the form and manner of notice of potential assumption of certain executory contracts and unexpired leases and related cure amounts (the "Cure Notice"); (v) scheduling a hearing to confirm or approve, as applicable, the Transaction and confirm the Debtor's Toggle Plan to be funded by such Transaction (the "Transaction Hearing");

18

and (vi) granting the Debtor such other and further relief as is just and appropriate under the circumstances.[5]

2.     On _____, the Court entered an order (the "<u>Bidding Procedures Order</u>") approving, among other things, procedures for the assumption and assignment of the Contracts (the "<u>Assumption Procedures</u>").

3.     An auction (the "<u>Auction</u>"), if necessary, for the highest and best Bid is currently scheduled to be held on **May 23, 2023, at 9:00 a.m. (prevailing Pacific Time)**.

4.     The hearing on approval of the Winning Bid and the Back-Up Bid (the "<u>Transaction Hearing</u>") is currently scheduled to be held on **June 26, 2023, at _____.m. (prevailing Pacific Time)** at the United States Bankruptcy Court for the District of Nevada Foley Federal Building and U.S. Courthouse, 300 Las Vegas Blvd South, Courtroom 2, Las Vegas, Nevada 89101, before the Honorable Mike K. Nakagawa, United States Bankruptcy Judge.  The Transaction Hearing may be adjourned or rescheduled without further notice except as announced at the Transaction Hearing.

5.     The Debtor may seek to assume and/or assign the Contracts identified on **<u>Exhibit 1</u>** attached hereto (the "<u>Potential Assumption Schedule</u>") in connection with the Plan. The Potential Assumption Schedule identifies, among other things, the amount, if any, determined by the Debtor, to be necessary to be paid to counterparties (the "<u>Counterparties</u>") to cure any existing default under each Contract (the "<u>Proposed Cure Amount</u>"). Any and all objections ("<u>Cure Objections</u>") either (a) to the stated Proposed Cure Amounts or (b) to the ability of the Debtor to assume the Counterparty's Contract must be filed with the Clerk of the Court, the United States Bankruptcy Court for the District of Nevada, Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101-5833, and served on the following parties **so as to be actually received no later than 5:00 p.m. (PST)** on **June 12, 2023** (the "<u>Contract Objection Deadline</u>"): (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea; (e) counsel to the Committee of Unsecured Creditors, (i) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald Carano Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day (collectively, the "<u>Notice Parties</u>"). The Court shall hold a hearing (the "<u>Contract Hearing</u>") to determine all cure amounts owed to Counterparties on **June 26, 2023, at _____.m. (PST)** at the United States Bankruptcy Court for the District of Nevada Foley Federal Building and U.S. Courthouse, 300 Las Vegas Blvd South, Courtroom 2, Las Vegas, Nevada 89101, before the Honorable Mike K. Nakagawa, United States Bankruptcy Judge. Until either the confirmation of the

---

[5] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Reorganization Plan or approval of the Sale, as applicable, any contract or lease may be removed from the list of the designated Assumed Contracts by the Winning Bidder.

6.      To the extent that any entity does not timely object as set forth above, such entity shall be (a) forever barred from objecting to the assumption of any of the Contracts identified on the Assumption Notice, including, without limitation, asserting any additional cure payments, (b) deemed to have consented to the applicable Proposed Cure Amount, if any, and to the assumption of the applicable Contract, (c) bound to such corresponding Proposed Cure Amount, if any, (d) deemed to have agreed that all defaults under the applicable Contract arising or continuing prior to the effective date of the assignment will be cured upon payment of the Proposed Cure Amount, and (e) deemed to have waived any right to terminate the applicable Contract or designate an early termination date under the applicable Contract as a result of any default that occurred and/or was continuing prior to the assumption date.

7.      The presence of a contract or lease on the Cure Notice does not constitute an admission that such contract or lease is an executory contract or unexpired lease and does not bar (i) any Bidder from excluding any such contract or lease from its list of the Assumed Contracts or (ii) the Winning Bidder or the Debtor from excluding any such contract or lease from the list of Assumed Contracts under the Winning Bid.

DATED this ___ day of _____ 2023.

**FOX ROTHSCHILD LLP**

By:    _____*/s/Brett A. Axelrod*_____
       BRETT A. AXELROD, ESQ.
       Nevada Bar No. 5859
       1980 Festival Plaza Drive, Suite 700
       Las Vegas, Nevada 89135
       *Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

**EXHIBIT 1**

2

**Assumed Contracts and Leases**                    **Proposed Cure Amounts in $**

3

4

5

6

7

8

9

10

11

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28