**ANDERSEN & BEEDE**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@aandblaw.com*
Valerie Y. Zaidenberg, Esq.
Nevada Bar No. 15839
Email: *valerie@aandblaw.com*
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax:    702-825-2824

*Counsel for Luis Flores*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC., dba COIN CLOUD<br><br><br>Debtor. | Case No.: 23-10423-MKN<br>Chapter 11<br><br>**LUIS FLORES'S REPLY IN SUPPORT OF THE MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**<br><br>Hearing Date:  April 20, 2023<br>Hearing Time: 10:30 a.m. |

Mr. Luis Flores ("Mr. Flores"), by and through his counsel, respectfully submits this reply to the official committee of unsecured creditors' ("Committee") Objection, dated April 11, 2023, [ECF No. 410] ("Objection") to Mr. Flores's motion[1] [ECF No. 287] ("Motion") for an order modifying or lifting the automatic stay of section 362(d) of the Bankruptcy Code, to the extent necessary to permit the Eighth Judicial District Court in Clark County, Nevada ("State Court") to issue its final written decision in a pending case no. A-19-807370-B ("State Court Action"), including allowing the parties to pursue appropriate appellate proceedings of any such written decision and judgement, in order (1) to determine the amount of Mr. Flores's potential claim against Cash Cloud, Inc. ("Debtor"), but not to enforce any potential judgment as against Debtor, (2) to initiate appropriate related appellate

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1    proceeding against Debtor and or third-parties, as the case may be; and (3) to determine whether Mr.

2    Flores was and still is a shareholder of Debtor.

3        In his Motion, Mr. Flores raised the possibility of the need for an appeal as an integral part of

4    the relief requested therein. First, all parties to the State Court Action have agreed to lifting the

5    automatic stay pursuant to the scope as discussed in the Motion, including Debtor. Indeed, Debtor did

6    not object to the Motion. Through its Objection, the Committee is essentially asking this Court to

7    preserve the automatic stay with respect to any appellate proceeding because of an expenditure the

8    estate may have to bear to defend the appeal. Such a position is without merit. In the two months since

9    the filing of this Chapter 11 Case, the estate has expended nearly $400,000.00 in legal fees alone. More

10   to the point, Debtor retained a special litigation counsel to assist in all pending lawsuits, including the

11   State Court Action, clearly because it contemplates the possibility of an appeal from a written final

12   judgment, as well as other litigation not related to the State Court Action. *See* ECF No. 122. Second,

13   lifting the automatic stay will bring about the fairest and most expeditious method of determining

14   further course of this Chapter 11 Case as it relates to Mr. Flores's ownership of Debtor. Specifically,

15   determination of this issue is not merely tangential to this Chapter 11 Case. It will contribute to the

16   discussion of whether the filing of this Chapter 11 Case was properly authorized, which in turn may

17   dictate corrective actions with respect to further administration of the Chapter 11 Case, including

18   reconsideration of any potential sale of Debtor. Finally, because the State Court Action involves non-

19   debtor parties, not allowing an appeal of a final written decision—should one be necessary—will result

20   in inadequacy of Mr. Flores's position by, in effect, creating a stay as against the non-debtor parties

21   given the intertwined nature of all claims considered during the trial.

22       The Committee has taken a position that lifting the automatic stay to permit Mr. Flores's

23   potential appeal from an unfavorable final decision in the State Court Action can not only be allowed,

24   but that it will divert resources of the bankruptcy estate and stand in a way of a successful sale of

25   Debtor's assets.  On the one hand, the Committee's position with respect to the appeal is premature at

26   best because it is still indeterminate whether the need for an appeal will even arise, and if so, for which

27   party.  The Objection does not assist the Court in deciding the Motion, but instead muddies the waters

and confuses the issues. On the other hand, a final written decision may completely change the landscape of this Chapter 11 Case as it currently stands as one of the cordial issues in the State Court Action is the question of who owns Debtor. This underscores that denying the Motion and the requested relief at this juncture would risk irreconcilably inconsistent outcome between this Chapter 11 Case and non-debtor parties in the State Court Action.

Lastly, since filing of a notice of appeal is a time-sensitive requirement in the State Court, limiting the scope of the stay relief to exclude potential appellate proceedings may prejudice the parties by creating procedural roadblocks by requiring Mr. Flores to ask this Court's permission on shortened time to file a notice of appeal.

***Factor 1: Relief Would Result in a Complete Resolution.*** The relief will result in adjudication of the claims considered at the 21-day trial. A written decision in favor of Mr. Flores will facilitate the efficient administration of this Chapter 11 Case. An appeal may be necessary if the written decision is susceptible to further and additional judicial review. Either way, the dispute between the parties will be resolved sooner or later if the relief required in the Motion is granted. This factor weighs in favor of granting the Motion.

***Factor 2: Interference with the Chapter 11 Case.*** Debtor is at an early stage in the Chapter 11 Case. The bar date for unsecured claims established by this Court has not yet passed. The written decision by the State Court will bring more clarity with respect to any potential claim amount Mr. Flores might have against the estate. Furthermore, a successful restructuring to some degree depends on the reconciliation of the ownership shares in Debtor between Mr. Flores and other parties. True, the estate might be required to expend resources due to an appeal.  Such a scenario is not inconsistent with the realm of possibilities Debtor had already contemplated as evidenced by Debtor's retention of a special litigation counsel. Nevertheless, much remains uncertain for any credible attempt to estimate the actual cost of such an appeal and to conclude whether denial of the Motion is appropriate on that basis. This factor weighs in favor of granting the Motion.

***Factor 6: Involvement of Third Parties.*** Debtor is but one of the parties in the State Court Action and for any appeal.  Notably, Debtor does not seem to be concerned on this front, as it has not

objected. Given the nexus between all claims considered at trial, it is impossible to isolate and adjudicate the claims raised by non-debtor parties without violating the automatic stay. Therefore, the automatic stay should be lifted to allow the State Court to issue the final written decision. This factor weighs in favor of granting the Motion.

*Factor 7: Prejudice to Other Creditors.* The relief requested in the Moton will not be prejudicial to creditors merely because of the potential expense a hypothetical appeal may entail. On the other hand, a substantial prejudice may result as a consequence of the disjointed process advanced by the Committee. This factor weighs in favor of granting the Motion.

*Factor 10: Judicial Economy*. Judicial economy certainly is not served by requiring this Court t decide stay relief twice. The Opposition seems to suggest that a typical process of appellate review the State Court Action may be subject to would unduly "tax judicial resources." Objection, 7:6. Regardless of the outcome, the State Court Action does not present a breakaway case that would run contrary to the notion of judicial economy. Rather, as applied here, unlike this Bankruptcy Court, the State Court is the appropriate forum for issuance of the final written decision, whereas higher state courts would have jurisdiction for potential review of any such written decision issued by the State Court. This factor weighs in favor of granting the Motion.

*Factor 11: Readiness for Trial.* To the extent the Committee suggests a potentially costly appeal warrants a denial of the Motion, such suggestion is without merit because at this juncture, an appeal is still hypothetical rather than certain and any estimate of a potential expenditure will not be accurate or helpful in deciding this Motion. This factor is neutral since the trial has already been concluded and, it is still unclear whether an appeal will take place.

*Factor 12: Balance of the Harms.* Despite the Committee's assertion to the contrary, "considerable legal fees and procedural delay," do not demonstrate hardship sufficient to deny the Motion on that basis. Objection, 7:16. If the State Court Action would remain an active dispute as a result of the limited stay relief which would exclude permission to pursue an appeal, there is a real potential for disrupting a successful restructuring generally, and the question of the legitimacy of the

1  filing of this Chapter 11 Case, specifically. The Court should do everything in its power to avoid this

2  possibility, beginning with granting the Motion.

3        Accordingly, this Court should grant the Motion in its entirety.

4  **<u>Conclusion</u>**

5        For all of the above reasons, Mr. Flores respectfully requests that this Court enter an order (i)

6  granting relief from the automatic stay; (ii) allowing the State Court to issue a final decision

7  adjudicating Mr. Flores's counterclaims against Debtor and third-party claims against other parties,

8  and permit the parties to exhaust all appellate proceedings of any such written decision and judgment;

9  and (iii) granting such other and further relief as the Court deems just and proper.

10        Dated this 14th day of April, 2023.

11                              Respectfully submitted by:

12                              **ANDERSEN & BEEDE**

13

14                            By:    <u>/s/ Ryan A. Andersen</u>

15                                      Ryan A. Andersen, Esq.
    Nevada Bar No. 12321
    Valerie Y. Zaidenberg, Esq.

16                                      Nevada Bar No. 15839
    3199 E Warm Springs Rd, Ste 400

17                                      Las Vegas, NV 89120

18                                      *Counsel for Luis Flores*

19

20

21

22

23

24

25

26

27