BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com
*Counsel for Debtor*

Electronically Filed April 19, 2023

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**DECLARATION OF CHRISTOPHER ANDREW MCALARY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER APPROVING KEY EMPLOYEE RETENTION PROGRAM AND GRANTING RELATED RELIEF**<br><br>Hearing Date:  OST Pending<br>Hearing Time:  OST Pending. |

144482382.2

I, Christopher Andrew McAlary, declare as follows:

1. I am the Chief Executive Officer of Cash Cloud, Inc. dba Coin Cloud (the "Debtor" or "Cash Cloud"), debtor and debtor in possession in the above captioned chapter 11 case (the "Chapter 11 Case").

2. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. I make this Declaration in support of Debtor's *Motion for Entry of an Order Approving Key Employee Retention Program and Granting Related Relief* (the "Motion").[1]

4. As of the Petition Date, the Debtor employed 85 employees on a full-time basis and three individuals on a part-time basis. None of the Debtor's employees are subject to collective bargaining agreements. Of the Debtor's employees, and as described in more detail herein, the Debtor has identified twenty-eight (28) key, non-insider employees (the "Participants") for targeted and reasonable retention incentives.

5. In attempting to restructure the business, the Debtor, during the second half of 2022, reduced its staff from about 190 employees to a current total of about 85 employees, resulting in an approximately 52% reduction in the cost of labor. Additionally, since the Petition Date, Debtor has lost approximately six employees critical to its operations and restructuring efforts, and is at a critical point where employee retention is key to the reorganization efforts of the Debtor. While reducing the workforce in exchange for cost savings was a necessary step in restructuring its business, this means that the bare minimum amount of employees remains as of the Petition Date, and losing any more key personnel because of voluntary resignation will negatively impact the Debtor's operations, and, therefore, the estate and chances for a successful reorganization.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

144482382.2

6. The Debtor believes that the KERP is necessary because the Participants may be motivated to leave the Debtor's employ during the pendency of this Chapter 11 Case due to, among other things, the uncertainty created by the Debtor's ongoing reorganization efforts and the recent, and significant, reduction in force efforts initiated prior to the commencement of this Chapter 11 Case. Accordingly, the Debtor submits that the KERP will increase the likelihood that the key employees are not disadvantaged by recent events, and are properly incentivized to remain with the Debtor during this Chapter 11 Case, thereby preserving value for the Debtor, its estate, and its stakeholders. Indeed, without the KERP, the Debtor does not believe it can retain the employees who are vital to the Debtor's operations, which would put reorganization and this Chapter 11 Case at risk.

7. Of the Debtors' approximately 85 current employees, the Debtor has designated 28 key employees as Participants who perform a variety of important business functions that are vital to the Debtor's business and preserving value for the future. Many of the Participants have developed valuable institutional knowledge regarding the Debtor's operations that would be difficult and expensive to replace, particularly on an expedited basis.

8. In connection with the Chapter 11 case, employees have, in addition to their primary responsibilities, assumed the burden of significant chapter 11-related tasks.

9. In particular, the employees have expended extraordinary effort performing tasks related to the preparation of background information for the Debtor's first-day filings, schedules and statement of financial affairs, trustee and creditor's committee due diligence requests, preparation of monthly operating reports, and management of the Debtor's available documents in its data room.

10. The Debtor's employees continue to perform the above-mentioned tasks in light of significant attrition, including significant turnover in senior leadership, including, among others, certain members of the board of directors, the chief operating officer, chief financial officer, vice president of compliance, and vice president of product and engineering.

11. Furthermore, the headcount reductions by department place further burdens on the remaining employees, including the Participants.

144482382.2

12. As such, the Participants are essential to the successful administration of the Debtor's Chapter 11 Case.

13. The cost of the KERP on a Participant-by-Participant basis is significantly less than the cost of replacing each Participant. Moreover, the Participants provide important support to the Debtor's advisors in meeting the additional demands imposed by the Chapter 11 Case.

14. The Participants may be motivated to leave the Debtor during the pendency of this Chapter 11 Case due to, among other things, the uncertainty created by the Debtor's ongoing reorganization.

15. Although certain Participants have titles incorporating the word "head," "director," "vice president," or "chief," no Participant is an "insider" of the Debtor. First, no Participant in the proposed KERP is an employee who was appointed or hired directly by the Debtor's board of directors.

16. Second, none of the Participants have discretionary control over substantial budgetary amounts.

17. Third, no Participant exercises managerial control over, or has responsibility for, the Debtor's operations as a whole.

18. Finally, none of the Participants directs the Debtor's overall corporate policy or governance. For example, Participants are in discrete departments with discrete tasks such as financial planning and analysis, human resources, information systems technology, cash logistics, sales and marketing, warehousing, security, and client and administrative support.

19. Under the proposed KERP, nine (9) of the Participants will receive 10% of his or her annual base salary, and nineteen (19) of the Participants will receive a fixed bonus of $1,500.00 (collectively, the "Retention Bonus"). The proposed Retention Bonus will be paid according to the following payment schedule: (i) the 19 Participants receiving the fixed $1,500.00 Retention Bonus will be entitled to to be paid upon the date of a final order granting this Motion, (ii) the additional 9 Participants will be entitled to be paid 50% of his or her Retention Bonus upon the date of a final order granting this Motion (the "First Installment"), and will be entitled to be paid the remaining 50% of his or her Retention Bonus (the "Second Installment") as follows: (a) the date of closing of a

transaction for a sale of substantially all of the Debtor's assets, (b) the confirmation of a plan of reorganization, (c) the conversion of this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or (d) the date of the dismissal of the Chapter 11 Case (collectively, the "Exit Events"). However, if a Participant who received a Retention Bonus voluntarily ceases his or her employment prior to an Exit Event (or is terminated "for cause"), such Retention Bonus shall be subject to recapture by the Debtor's estate.

20. The aggregate maximum cost of the KERP is $170,979.04.

21. Additional details regarding the Participants are set forth below:

| Salary Range | Number of Participants |
|---|---|
| $75,000–$124,999 | 22 |
| $125,000–$174,999 | 3 |
| $175,000–$224,999 | 3 |
| **Award Range** | **Number of Participants** |
| $1,500 | 19 |
| $7,500–$12,499 | 3 |
| $12,500–$17,499 | 3 |
| $17,500–$22,499 | 3 |

22. The Debtor submits that there is a sound business justification for implementing the KERP. The Retention Bonuses will help to ensure that the Debtor maintains its business operations, preserves its financial condition, and executes its obligations as debtor in possession through the Chapter 11 Case. Without the ability to offer the Retention Bonuses to the KERP Participants, the Debtor risks losing employees who serve critical roles within the Debtor's business operations. If the uncertainty resulting from the Chapter 11 Case causes such employees to accept other employment, the Debtor risks losing considerable value that could otherwise be used to pay the claims of creditors and reorganize its business. The cost of the KERP is reasonable in comparison to the losses that the Debtor and parties-in-interest would suffer without implementing measures to retain these key employees.

23. The Debtor submits that the approval of the KERP is in the best interest of the Debtor's estate and all parties-in-interest.

24. The Debtor submits that the KERP is a sound exercise of the Debtor's business judgment.

144482382.2

25. Debtor respectfully submits that, in light of the exigent circumstances described above, waiver of the stay under Bankruptcy Rule 6004(h), if applicable to the Proposed Order, is appropriate and justified.

26. Debtor has not previously sought the relief requested herein from this or any other Court.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed this 19th day of April, 2023 in Las Vegas, Nevada.

          */s/Christopher Andrew McAlary*
          Christopher Andrew McAlary

144482382.2