BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
*Counsel for Debtor*

Electronic Filing April 24, 2023

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>    CASH CLOUD, INC.,<br>        dba COIN CLOUD,<br><br>            Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**DECLARATION OF CHRIS MCALARY IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BAKER & HOSTETLER LLP AS REGULATORY COUNSEL TO DEBTOR**<br><br>Hearing Date:  OST PENDING<br>Hearing Time:  OST PENDING |

I, Chris McAlary, declare as follows:

1. I am the Chief Executive Officer of Cash Cloud, Inc. dba Coin Cloud (the "Debtor" or "Cash Cloud"), debtor and debtor in possession in the above captioned chapter 11 case (the "Chapter 11 Case").

2. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

144855242.1

3. I make this Declaration in support of *Debtor's Application for Order Authorizing Retention and Employment of Baker & Hostetler LLP as Regulatory Counsel to Debtor* (the "B&H Application").[1]

4. Debtor selected B&H because of its excellent qualifications, its reasonable fee structure, and its reputation in handling similar matters.

5. B&H's services will not be duplicative of any other professionals providing services to Debtor.

6. B&H is well qualified to serve as counsel to Debtor to assist in the Regulatory Matters. B&H is a full-service firm with over 900 attorneys in offices in Atlanta, Chicago, Cincinnati, Cleveland, Columbus, Costa Mesa, Dallas, Denver, Houston, Los Angeles, New York, Orlando, Philadelphia, San Francisco, Seattle, Washington, D.C., and Wilmington. B&H's Blockchain Technologies and Digital Assets practice is nationally recognized, and it has substantial experience representing clients in navigating the broad array of legal issues presented by blockchain technology and the rise of digital assets, including cryptocurrencies. Robert A. Musiala, Jr. has over 10 years of experience working in the blockchain and cryptocurrency market, with related regulatory experience, and such experience makes B&H well suited to assist the Debtor with the Regulatory Matters.

7. A law firm with extensive experience in Regulatory Matters such as B&H fills a critical need that complements the services offered by Debtor's restructuring professionals. Debtor believes it requires the services of a capable and experienced law firm such as B&H because B&H's professionals are familiar with handling matters like the Regulatory Matters. B&H's skillset is not commonly possessed by Debtor's financial professionals, general management, or operational employees. Debtor requires a law firm that can assist it with the Regulatory Matters so that it may emerge from Chapter 11 successfully.

8. Debtor respectfully submits that the employment and retention of B&H is in the best interests of Debtor and its estate.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the B&H Application.

144855242.1

9. Debtor proposes to employ B&H as regulatory counsel to Debtor for the Regulatory Matters on the terms set forth in the retainer agreement (the "Engagement Agreement") annexed as **Exhibit 1** to the Musiala Verified Statement. Specifically, Debtor anticipates B&H will provide counsel on all aspects of representing Debtor regarding the issues relating to the Regulatory Matters (the "Services").

10. B&H is well-qualified and experienced in these Regulatory Matters. Accordingly, B&H is well-qualified to perform the Services and legally represent Debtor, specifically with respect to B&H's extensive experience of complex matters before federal and state regulatory agencies.

11. The scope of B&H's Services has been set forth in the Engagement Agreement executed by both B&H and Debtor.

12. Debtor has been advised that B&H has conducted a thorough search using its computerized conflicts check system, based on the information received to date from Debtor, and that B&H's attorneys have made diligent efforts to search the Firm's records and assemble pertinent information for purposes of this Verified Statement with respect to B&H's connections with Debtor's creditors and parties in interest. If Debtor obtains additional information regarding its creditors and/or parties in interest, Debtor will forward such additional information to B&H to run an updated conflict search.

13. Debtor has been advised that B&H currently or formerly represents or has a litigation or transactional adversity to the creditors of Debtor identified on **Exhibit 3** to the Musiala Verified Statement in matters unrelated to Debtor or Debtor's Chapter 11 Case. To the extent that B&H discovers any adverse, material relationships during the period of B&H's retention, B&H will supplement its disclosures.

14. Debtor shall compensate B&H for the Services rendered to Debtor.

15. Pursuant to the Engagement Agreement, B&H will be paid an hourly rate. The amount of compensation to be paid to B&H by Debtor for the Services rendered will fluctuate depending on the attorney working on the matter. Generally, B&H's rates range from $500 to $1,150 per hour. Mr. Musiala's rate for this matter is $900.00 per hour and he will be the primary attorney working on this matter from B&H.

144855242.1

16. B&H shall also seek reimbursement for one hundred percent (100%) of expenses and costs incurred on Debtor's behalf in connection with the Regulatory Matters.

17. B&H requires an initial retainer of $50,000.00 (the "Retainer"). B&H will deposit the retainer in its trust account and will hold it for the duration of its representation of Debtor. B&H will apply the retainer funds to any outstanding and overdue balances owing pursuant to the interim compensation procedures set forth in this Court's *Order Granting Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a) and 331, And Fed. R. Bankr. P. 2016, Authorizing and Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 321] (the "Compensation Procedures").[2] At the end of B&H's representation, it will apply the remaining Retainer (if any) to any outstanding fees and/or expenses owing that are approved by the Court pursuant to B&H's Final Fee Application and return any unearned funds to Debtor at that time.

18. Debtor respectfully submits that the proposed fee arrangement with B&H in accordance with rendering of its Services, and as set forth above and in the Engagement Agreement, is both fair and reasonable in light of: (i) industry practice; (ii) the similarity to market rates both in and out of Chapter 11 proceedings; (iii) B&H's experience with the blockchain and cryptocurrency markets and related regulatory matters; and (iv) the type of work to be performed pursuant to its retention.

19. No prior application for the relief requested herein has been made to this Court or any other court.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed this 24th day of April, 2023 in Las Vegas, Nevada.

         */s/Chris McAlary*
         Chris McAlary

---

[2] To the extent there is any inconsistency between the terms of the Engagement Agreement and the Compensation Procedures, the Compensation Procedures will control.

144855242.1