_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
April 25, 2023

_____

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
　　　　nkoffroth@foxrothschild.com
　　　　zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>　　CASH CLOUD, INC.,<br>　　　dba COIN CLOUD,<br><br>　　　　　　　　　Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER AUTHORIZING THE PAYMENT OF CERTAIN LICENSING FEES**<br><br>Hearing Date:  April 20, 2023<br>Hearing Time:  10:30 a.m. |

144868724.1

1

Upon the motion [Docket No. 328] (the "Motion")[1] of the above-captioned debtor and debtor in possession ("Debtor") for entry of an order (this "Order"), authorizing Debtor, in its sole discretion, to pay certain Licensing Fees, all as more fully set forth in the Motion and in the *Declaration of Christopher Andrew McAlary* [Docket No. 329] filed in support thereof; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 157; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of Debtor's estate, creditors, and other parties in interest; and this Court having found that Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is granted as set forth herein.

2. Debtor is authorized to pay (or use applicable credits to offset), in its sole discretion, all Licensing Fees, whether accrued prior to or after the Petition Date (including all Licensing Fees set forth on Exhibit 2 to Motion), absent further order of this Court, at such time when the Licensing Fees are payable in the ordinary course of business.

3. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against Debtor; (b) a waiver of Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion

144868724.1

authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and Debtor expressly reserves its right to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of Debtor's rights to subsequently dispute such claim.

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

6. Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: _/s/Brett A. Axelrod_
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

144868724.1

## **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

144868724.1