Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

*Counsel for Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>Debtor. | Case No.: 23-10423-mkn<br>Chapter 11<br><br>**NOTICE OF ENTRY OF ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 1103 AUTHORIZING AND APPROVING THE EMPLOYMENT OF FTI CONSULTING INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RETROACTIVE TO FEBRUARY 24, 2023** |

PLEASE TAKE NOTICE that an *Order Granting Application for Order Pursuant to 11 U.S.C. §§ 1103 Authorizing and Approving the Employment of FTI Consulting Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Retroactive to February 24, 2023* [ECF No. 481] was entered in the above-captioned case on the 27th day of April, 2023, a copy of which is attached hereto.

1  DATED this 27th day of April, 2023.

2                                                   McDONALD CARANO LLP

3

4                                       By: /s/ Ryan J. Works
                                            Ryan J. Works, Esq. (NSBN 9224)
5                                           Amanda M. Perach, Esq. (NSBN 12399)
                                            2300 West Sahara Avenue, Suite 1200
6                                           Las Vegas, Nevada 89102
                                            rworks@mcdonaldcarano.com
7                                           aperach@mcdonaldcarano.com

8                                           John R. Ashmead, Esq.
                                            Robert J. Gayda, Esq.
9                                           Catherine V. LoTempio, Esq.
                                            Andrew J. Matott, Esq.
10                                          (*pro hac vice applications granted*)
                                            SEWARD & KISSEL LLP
11                                          One Battery Park Plaza
                                            New York, NY 10004
12                                          ashmead@sewkis.com
                                            gayda@sewkis.com
13                                          lotempio@sewkis.com
                                            matott@sewkis.com
14
                                            *Counsel for Official Committee*
15                                          *of Unsecured Creditors*

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 2 of 2

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
April 27, 2023

_____

| | |
|---|---|
| Ryan J. Works, Esq. (NSBN 9224) | John R. Ashmead, Esq. |
| Amanda M. Perach, Esq. (NSBN 12399) | Robert J. Gayda, Esq. |
| McDONALD CARANO LLP | Catherine V. LoTempio, Esq. |
| 2300 West Sahara Avenue, Suite 1200 | Andrew J. Matott, Esq. |
| Las Vegas, Nevada 89102 | *(pro hac vice applications granted)* |
| Telephone: (702) 873-4100 | SEWARD & KISSEL LLP |
| rworks@mcdonaldcarano.com | One Battery Park Plaza |
| aperach@mcdonaldcarano.com | New York, NY 10004 |
| | Telephone: (212) 574-1200 |
| *Counsel for Official Committee* | ashmead@sewkis.com |
| *of Unsecured Creditors* | gayda@sewkis.com |
| | lotempio@sewkis.com |
| | matott@sewkis.com |
| | |
| | *Counsel for Official Committee* |
| | *of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.: 23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC. dba COIN CLOUD, | |
| | **ORDER GRANTING APPLICATION FOR** |
| Debtor. | **ORDER PURSUANT TO 11 U.S.C. §§ 1103** |
| | **AUTHORIZING AND APPROVING THE** |
| | **EMPLOYMENT OF FTI CONSULTING** |
| | **INC. AS FINANCIAL ADVISOR TO THE** |
| | **OFFICIAL COMMITTEE OF UNSECURED** |
| | **CREDITORS RETROACTIVE TO** |
| | **FEBRUARY 24, 2023** |
| | |
| | **Hearing Date: April 20, 2023** |
| | **Hearing Time: 10:30 a.m.** |

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (collectively, the "Debtor"), for an order under Bankruptcy Code section 1103 authorizing the Committee to retain

FTI Consulting, Inc. ("FTI"), as financial advisors; and upon the Tucker Declaration[1] in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI neither holds nor represents any interest adverse to the Debtor's estates; and it appearing that FTI is "disinterested," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interest of the Committee and the Debtor's estate, after due deliberation and sufficient cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1.   The Application is granted as set forth herein.

2.   In accordance with Bankruptcy Code section 1103, the Committee is authorized to employ and retain FTI as its financial advisor as of February 24, 2023 on the terms set forth in the Application.

3.   FTI shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and any applicable orders entered by the Court.[2]

4.   FTI is entitled to reimbursement of actual and necessary expenses, including legal fees related to the Application and future fee applications as approved by the Court.

5.   The following indemnification provisions are approved:

   a. subject to the provisions of subparagraphs (b) and (c) below, the Debtor is authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

   b. the Debtor shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim

---

[1] Capitalized terms used in this order not otherwise defined have the meaning given to them in the Application.

4856-2746-2489, v. 1

          or expense for which FTI is not entitled to receive indemnity under the terms of this Order; and

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI.

6.    FTI shall provide ten (10) days' notice to the Debtor, the U.S. Trustee, and the Committee in connection with any increase in the hourly rates listed in the Application.

7.    To the extent that FTI uses the services of independent or third-party contractors or subcontractors (the "Contractors") in this chapter 11 case and FTI seeks to pass through the fees and costs of the Contractors, FTI shall (i) pass through the fees of such Contractors at the same rate that FTI pays the Contractors and (ii) seek reimbursement for actual costs of the Contractors only. In addition, FTI shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

8.    FTI shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals.

9.    If there is any inconsistency between the terms of the Application, the Tucker Declaration, and this Order, this Order shall govern.

10.    This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

**IT IS SO ORDERED.**

                                                 # # #

4856-2746-2489, v. 1

In accordance with LR 9021, counsel submitting this **ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 1103 AUTHORIZING AND APPROVING THE EMPLOYMENT OF FTI CONSULTING INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RETROACTIVE TO FEBRUARY 24, 2023** certifies that the order accurately reflects the court's ruling and that (check one):

☐   The Court has waived the requirement set forth in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion.

☒   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document].

| | |
|---|---|
| Ryan Andersen | Approved/ Disapproved/Failed To Respond/**Waived Review** |
| Jared A. Day | **Approved**/ Disapproved/Failed To Respond/Waived Review |
| Jim Jimmerson | Approved/ Disapproved/**Failed To Respond**/Waived Review |
| Adam P. Schwartz | Approved/ Disapproved/**Failed To Respond**/Waived Review |
| Jeanette E. McPherson | **Approved**/Disapproved/Failed To Respond/Waived Review |

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Prepared and respectfully submitted by:

McDONALD CARANO LLP

  /s/ Ryan J. Works
Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102

SEWARD & KISSEL LLP
John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
*(pro hac vice applications granted*)
One Battery Park Plaza
New York, NY 10004

*Counsel for Official Committee
of Unsecured Creditors*

4856-2746-2489, v. 1