BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No.   BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **NOTICE OF ENTRY OF ORDER ESTABLISHING CERTAIN CASE MANAGEMENT, NOTICE AND ADMINISTRATIVE PROCEDURES** |

**PLEASE TAKE NOTICE** that on the 28th day of April, 2023, the Court entered an *Order Establishing Certain Case Management, Notice and Administrative Procedures* [ECF No. 494], a copy of which is attached hereto.

Dated this 28th day of April 2023.

                                                                         **FOX ROTHSCHILD LLP**

By:    */s/Brett A. Axelrod*
      BRETT A. AXELROD, ESQ.
      Nevada Bar No. 5859
      NICHOLAS A. KOFFROTH, ESQ.
      Nevada Bar No. 16264
      ZACHARY T. WILLIAMS, ESQ.
      Nevada Bar No. 16023
      1980 Festival Plaza Drive, Suite 700
      Las Vegas, Nevada 89135
      *Counsel for Debtor*

1

145199480.1

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
April 28, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER ESTABLISHING CERTAIN CASE MANAGEMENT, NOTICE AND ADMINISTRATIVE PROCEDURES** |
| | Hearing Date: April 20, 2023<br>Hearing Time: 10:30 a.m. |

The Court, having reviewed and considered the Motion for Order Establishing Certain Case Management, Notice and Administrative Procedures (the "Motion"), filed in the above-captioned chapter 11 bankruptcy Case (the "Chapter 11 Case") by the Debtor and Debtor in possession ("Debtor"), seeking an order pursuant to sections 102 and 105 of title 11 of the United States Code

143772084.2

1

1   (the "Bankruptcy Code") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure
2   (the "Bankruptcy Rules"), to, among other things, (a) establish the case management procedures set
3   forth in the Motion as the governing framework for administration of the Chapter 11 Case and (b)
4   approve the form and proposed notice of the Case Management Procedures; having jurisdiction to
5   consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; the United States
6   Trustee having appointed an official committee of unsecured creditors on February 17, 2023;
7   consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28
8   U.S.C. § 157(b); venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409;
9   appropriate and sufficient notice of the Motion having been provided under the circumstances, and it
10  appearing that no other or further notice need be provided; having determined that the relief sought
11  in the Motion is in the best interests of Debtor, its creditors and all other parties in interest; having
12  determined that the legal and factual bases set forth in the Motion establishes just cause for the relief
13  granted herein; and upon all the proceedings held before the Court at the date and time noted above;
14  with all other findings of the Court as set forth in the record at such hearing, which are incorporated
15  herein pursuant to Federal Rule of Civil Procedure 52, made applicable to these proceedings by
16  Bankruptcy Rule 7052; and, after due deliberation and sufficient cause appearing, therefor,

17  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

18  1.    The Motion is GRANTED as set forth herein.

19  2.    The case management, notice and administrative procedures attached hereto as
20  **Exhibit 1** (the "Case Management Procedures") are approved and shall be implemented immediately
21  upon entry of this Order to provide the governing framework for administration of this Chapter 11
22  Case.

23  3.    Debtor shall serve notice of this Order and the Case Management Procedures upon the
24  Master Service List (as defined in the Case Management Procedures) that Debtor shall maintain in
25  accordance with the Case Management Procedures.

26  4.    Debtor shall publish the Case Management Procedures on the website:
27  https://cases.stretto.com/CashCloud (the "Case Website") maintained by its notice, balloting and
28  claims agent (the "Notice and Claims Agent"). Additionally, Debtor's proposed counsel and the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1  Notice and Claims Agent shall provide copies of the Case Management Procedures to any party who
2  contacts them to make such request.
3      5.   In the event the Case Management Procedures are modified during the course of the
4  Chapter 11 Case, Debtor or the Notice and Claims Agent will redistribute the Case Management
5  Procedures to the Master Service List and shall republish the Case Management Procedures on the
6  Case Website.
7      6.   The Court shall retain jurisdiction with respect to any matters, claims, rights or
8  disputes arising from or related to the implementation of this Order.
9
10 Prepared and Respectfully Submitted by:
11 **FOX ROTHSCHILD LLP**
12 By: */s/Brett A. Axelrod*
13     BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
14     NICHOLAS A. KOFFROTH, ESQ.
        Nevada Bar No. 16264
15     ZACHARY T. WILLIAMS, ESQ.
        Nevada Bar No. 16023
16     1980 Festival Plaza Drive, Suite 700
17     Las Vegas, Nevada 89135
    *Counsel for Debtor*
18
19
20
21
    **APPROVED:**
22
    **OFFICE OF THE UNITED STATES TRUSTEE**
23
    By */s/Jason Blumberg*
24     Jason Blumberg, Trial Attorney for
        Tracy Hope Davis, U.S. Trustee
25     Foley Federal Building
        300 Las Vegas Boulevard South, Suite 4300
26     Las Vegas, Nevada 89101
27
28

143772084.2

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Jason Blumberg,                    APPROVED
Office of the United States Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### ###

143772084.2

**EXHIBIT 1**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>        CASH CLOUD, INC.,<br>           dba COIN CLOUD,<br><br>                    Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**CASE MANAGEMENT, NOTICE AND ADMINISTRATIVE PROCEDURES** |

The United States Bankruptcy Court for the District of Nevada (the "Court") approved the following case management, notice and administrative procedures (the "Case Management Procedures") for the above-captioned chapter 11 bankruptcy Case (the "Chapter 11 Case") of Cash Cloud, Inc., dba Coin Cloud, Inc., Debtor and Debtor in possession (the "Debtor") in the Chapter 11 Case, pursuant to its order (the "Case Management Order") entered on _____, 2023.

Anyone may obtain a copy of the Case Management Order in addition to any document filed with the Court in the Chapter 11 Case by (a) accessing the website maintained by Stretto, Inc. ("Stretto" or the "Notice and Claims Agent"), Debtor's notice, balloting and claims agent, at

143772084.2

https://cases.stretto.com/CashCloud (the "Case Website"); (b) contacting Stretto directly at: 1-800-634-7734; or on their Telephone Hotline: toll free for U.S. parties at 720.792.9194 or for non-U.S. parties at +1 888.940.5992; or (c) accessing the Case Management/Electronic Case Filing System ("CM/ECF") on the Court's website at www.nvb.uscourts.gov through an account obtained from the PACER service center at 1 (800) 676-6856 or http://pacer.psc.uscourts.gov. Additionally, paper copies of all pleadings filed in the Chapter 11 Case are available during posted hours at the Court Clerk's office located at Foley Federal Building and U.S. Courthouse, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

A.   **Omnibus Hearing Dates.**

   1.   All Matters to be Heard at Omnibus Hearings.  The Court shall schedule periodic omnibus hearings to consider all motions, pleadings, applications, objections and responses thereto, and other requests for relief filed in the Chapter 11 Case (the "Omnibus Hearings") no less frequently than once per month.  Upon the scheduling of the Omnibus Hearings, the Notice and Claims Agent shall post the dates and times for the Omnibus Hearings at the Case Website.  Parties in interest may contact the Notice and Claims Agent for information concerning all scheduled Omnibus Hearings.

   2.   Omnibus Hearings.

      (a)   Ordinary Scheduling Procedures.  In accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9014 of the Court's Local Rules of Bankruptcy Procedure (the "Local Rules"), a party may notice its Request for Relief (defined below) as set for hearing on the date of the next upcoming Omnibus Hearing date provided such Omnibus Hearing date is no less than twenty-eight (28) days after the filing of the Request for Relief.

      (b)   Emergency Scheduling Procedures.  Notwithstanding the Ordinary Scheduling Procedures, every party may request a hearing on less than twenty-eight (28) days' notice in accordance with Local Rule 9006.

143772084.2

B. **Filing and Notice Procedures; Deadlines for Filing Responsive Pleadings.**

3. <u>Procedures Established for Notices</u>. All notices, motions, applications and other requests for relief, including all briefs, memoranda, affidavits, declarations and other documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>") and all objections and responses to such Requests for Relief (collectively, the "<u>Objections</u>," and together with the Requests for Relief and all other filed documents, the "<u>Court Filings</u>") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein at paragraphs 4-20 (the "<u>Notice Procedures</u>").

4. <u>Entities Entitled to Service</u>. Except as otherwise provided herein, all Court Filings shall be served upon the Master Service List, the Rule 2002 List and Affected Entities (each as defined hereinafter and collectively referred to as the "<u>Service List</u>"):

(a) <u>Master Service List</u>. This list shall be maintained by the Notice and Claims Agent and made available to parties in interest by their (a) accessing the Case Website; (b) contacting the Notice and Claims Agent directly; and/or (c) contacting Debtor's counsel directly, and shall include contact information for the following parties:

(i) the Office of the United States Trustee for the District of Nevada;

(i) Debtor and its counsel;

(ii) counsel to any official committee of creditors or, until such appointment, the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed in the Chapter 11 Case by Debtor, pursuant to Bankruptcy Rule 1007(d);

(iii) counsel to Debtor's secured creditors; and

(iv) the Internal Revenue Service.

(b) <u>Rule 2002 List</u>. This list shall be maintained by the Notice and Claims Agent and made available to parties in interest by their (a) accessing the Case Website; or (b) contacting the Notice and Claims Agent directly; and shall include contact information for those entities who file or have filed a proper request for service of papers pursuant to Bankruptcy Rule 2002 as follows:

(i) <u>A Request for Service of Papers Requires Email Address</u> – A request for service of papers pursuant to Bankruptcy Rule 2002 filed with the Court (each, a "<u>Rule 2002 Notice Request</u>") shall be deemed proper if and only if it includes the following information with respect to the party filing such request: (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

7

143772084.2

(ii)     Certification For Opting Out of Email Service – Any individual or entity filing a Rule 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the Rule 2002 Notice Request a certification that shall include a statement certifying that the individual or entity (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.

(iii)     Updates to Rule 2002 Notice Request – Each entity submitting a Rule 2002 Notice Request shall file with the Court an updated Rule 2002 Notice Request, as necessary, to reflect changes to any information, including email address and contact person, and shall serve a copy of such request upon Debtor and Debtor's counsel.

(iv)     At least once a month following the Petition Date, the Notice and Claims Agent shall maintain and update the Rule 2002 List by: (a) making any additions and deletions necessary since the last update; (b) filing the updated Rule 2002 List with the Court; (c) serving the updated Rule 2002 List on the parties listed thereon; (d) filing a proof of service; and (e) simultaneously with the filing of the updated Rule 2002 List, posting the updated Rule 2002 List on the Case Website.

(c)     Affected Entities.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "Affected Entity").

5.     Filing and Service of Requests for Relief.

(a)     Deadline for Requests for Relief.  Unless otherwise ordered by the Court, the deadline to file a Request For Relief (the "Request Deadline") shall be no less than twenty-eight (28) days before the applicable hearing date in accordance with Bankruptcy Rule 2002 and Local Rule 9014.

(b)     Service of Requests for Relief.  Unless the Court orders otherwise, all Requests For Relief filed with the Court shall be served, so as to actually be received by the Request Deadline, upon the Master Service List and each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served; *provided, however*, that if the Request for Relief is set on an expedited basis on a date that is ten (10) days or less before the applicable hearing, then such Request for Relief shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtor and its counsel, any committees appointed in the Case and their counsel, the entity filing the Request for Relief, and each Affected Entity.

8

143772084.2

6. Filing and Service of Objections, Replies and Other Responsive Pleadings.

(a) Deadline for Objections. Unless otherwise ordered by the Court, the deadline to file objections to Requests For Relief (the "Objection Deadline") shall be fourteen (14) days before the applicable hearing date in accordance with Local Rule 9014. An Objection Deadline concerning a Request for Relief set to be heard on an Omnibus Hearing Date may be extended with the consent of the entity filing the Request for Relief to a date that is no later than seven (7) days before the applicable hearing date. For motions that are set on an expedited basis, the Objection Deadline shall be as specified in the order shortening time and, if not specified, shall be 5:00 p.m. prevailing Pacific Time no later than two (2) business days before the hearing date; provided however, that unless the court orders otherwise, when the order shortening time is entered less than three (3) business days before the hearing, no written opposition is required. Failure to file objections by the Objection Deadline may cause the Court to not consider the objection.

(b) Service of Objections. All objections filed with the Court shall be served, so as to actually be received by the applicable Objection Deadline, upon the entity filing the Request for Relief, the Master Service List, and each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served; *provided, however*, that if the Objection Deadline is after the date that is five (5) days before the applicable hearing, then objections shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtor and their counsel, any committees appointed in the Chapter 11 Case and their counsel, the entity filing the Request for Relief, and each Affected Entity.

(c) Filing and Service of Replies to Objections. If a Court Filing is a reply to an objection, such reply shall be filed with the Court and served so as to actually be received by Debtor and its counsel, the parties filing the objections and each Affected Entity, seven (7) days before the applicable hearing date in accordance with Local Rule 9014. If such reply is filed with respect to a motion set on an expedited basis, the reply shall be filed with the Court and served on the foregoing parties enumerated in this subsection (c) no later than 12:00 p.m. prevailing Pacific Time at least one (1) business day before the applicable hearing date.

7. Service of Orders. Any party submitting an order for the Court's consideration shall serve a file-stamped copy of such order on (i) each Affected Entity and (ii) Debtor and their counsel within two (2) business days of entry of the order. Debtor shall cause copies of all entered orders to be posted on the Case Website.

8. With respect to Court Filings for which notices are required to be served on all creditors and parties in interest, including particular notices required pursuant Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007 or 9019, parties shall serve all such filings only on the Service

9

143772084.2

List by email or otherwise (if an exemption is granted) and in accordance with the following procedures, unless otherwise ordered by the Court —

(a) in the case of any use, sale, lease or abandonment of less than substantially all of Debtor's property, on each entity asserting an interest in that property;

(b) in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

(c) in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

(d) in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

(e) in the case of assumption, assignment or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

(f) any objection, opposition, response, reply or further document filed directly in response to a document shall be served on the entity who filed such document; and

(g) all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

9. Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

(a) Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Bankruptcy Code section 341);

(b) Bankruptcy Rule 2002(a)(2) (any proposed use, sale or lease of property of the estates other than in the ordinary course of business, to the extent that such use, sale or lease concerns all or substantially all of Debtor's assets);

(c) Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or Case or the conversion of a case or Case to another chapter);

(d) Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

(e) Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

(f) Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

143772084.2

(g) Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

(h) Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

(i) Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

(j) Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case or Case to another chapter of the Bankruptcy Code);

(k) Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

(l) Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

(m) Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

(n) Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case or Case be converted to chapter 7 of the Bankruptcy Code).

10. Pursuant to Bankruptcy Rule 3003(c)(2), any creditor appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) who is required, but fails, to file a proof of claim in the Chapter 11 Case in accordance with any orders of this Court establishing a claims bar date shall not treated as a creditor for the purposes of voting and distribution.

11. <u>Right to Request Special Notice Procedures</u>.  Nothing herein shall prejudice the right of any entity to (a) move the Court to further limit or expand notice of contested matters and adversary proceedings upon a showing of good cause, including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice, or (b) request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) or 9006(c).

12. <u>Use of Negative Notice</u>.  Nothing in these Case Management Procedures shall affect the applicability of a party's ability to file and serve a Request for Relief on negative notice under the Bankruptcy Rules and Local Rules applicable to such Request for Relief.

C. **<u>Service by Electronic Mail</u>.**

13. All Court Filings shall be electronically served through the CM/ECF, other than service of a summons and complaint in an adversary proceeding, motions initiating contested matters, or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service. Subject to the limited exclusions set forth herein, each party that has filed

11

143772084.2

a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures, shall be deemed to have consented to electronic service of papers. A party filing a Court Filing that is served on entities via the CM/ECF has no further obligation for service of such Court Filing with respect to such entities to be proper.

14. If a Rule 2002 Notice Request fails to include an email address and a Certification, Debtor shall forward a copy of these Case Management Procedures to such party within five (5) business days specifically requesting an email address. If no email address or no Certification is provided in response to such request, such party shall not be added to the Rule 2002 List and shall not be served with copies of pleadings and documents filed in these Case unless such pleadings or documents directly affect such party.

**D.    Limit Notice Matters.**

15. To the extent the Bankruptcy Code, the Bankruptcy Rules or the Local Rules require broader notice, motions or applications regarding the following matters or proceedings shall be subject to limited notice in the Chapter 11 Case:

(a) any proposed use, sale, or lease of property of the estate pursuant to Bankruptcy Code section 363 and Bankruptcy Rules 2002(a)(2), 4001(b) and 6004 (except a sale of substantially all of Debtor's assets);

(b) any proposed extension of Debtor's exclusive right to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement), pursuant to Bankruptcy Code section 1121 and Bankruptcy Rule 3016;

(c) any proposed approval of a compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019;

(d) any proposed abandonment or disposition of property of the estate pursuant to Bankruptcy Code section 554 and Bankruptcy Rules 6007(a) or (b);

(e) any proposed assumption or rejection of contracts or leases under Bankruptcy Code section 365 and Bankruptcy Rules 6006(a) or (c);

(f) any proposed modification of the automatic stay pursuant to Bankruptcy Code section 362 or Bankruptcy Rules 4001(a) or 9014;

(g) any proposal to prohibit or condition the use, sale or lease of property pursuant to Bankruptcy Code section 363 or Bankruptcy Rules 4001(a) or 6004;

(h) any proposed objections to claims pursuant to Bankruptcy Code section 502 or Bankruptcy Rules 3002, 3003 or 3007;

12

143772084.2

(i) any proposed reconsideration of claims pursuant to Bankruptcy Rule 3008;

(j) any verified statement filed by any entity or committee (other than those appointed pursuant to Bankruptcy Code sections 1102 or 1104) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

(k) any proposed application for employment of professionals pursuant to Bankruptcy Code sections 327, 1103 or 1104 or Bankruptcy Rule 2014;

(l) any proposed application for compensation or reimbursement of expenses of professionals pursuant to Bankruptcy Code sections 328, 329, 330 or 331 and Bankruptcy Rules 2002(a)(6), 2016, 2017 and 6005; except as provided by other orders of this Court; and

(m) all other pleadings, papers, and requests for relief or other orders of the Court.

The notices, motions and applications set forth above are hereinafter referred to as the "Limited Notice Matters."

16. Notwithstanding the foregoing, these Case Management Procedures do not affect the rights of all creditors and parties in interest in the Chapter 11 Case to receive notice of the following matters or proceedings:

(a) the meeting of creditors;

(b) the deadline for filing proofs of claim;

(c) the hearing on any motion to convert or dismiss the Chapter 11 Case;

(d) the time fixed for filing objections and the hearing to consider approval of a disclosure statement;

(e) the time fixed for filing objections to and the hearing to consider confirmation of a plan or plans of reorganization; and

(f) the time fixed to accept or reject a proposed modification of a plan or plans of reorganization.

As required by Bankruptcy Rule 2002(d), Debtor shall provide notice of the foregoing matters (a)-(b) to all creditors and equity interest holders and are authorized to provide notice of the foregoing matters (c)-(f) to all creditors and equity interest holders.

143772084.2

E.     **Limit Notice Procedures**.

      1.     **Service of Limited Notice Matters that Are Not Emergency or Expedited.**

      17.    Notice of motions concerning Limited Notice Matters to be heard on regular notice shall be deemed sufficient if served via the Court's CM/ECF, first class mail, overnight delivery, facsimile or email upon the following parties: (a) the Office of the United States Trustee; (b) parties that file with the Court and serve upon Debtor and its counsel a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures; (c) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel; and (d) (i) counsel for any official unsecured creditors committees that may be appointed in the Chapter 11 Case; or, (ii) until such time as counsel for any official committee is named, the creditors appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) (hereinafter, the foregoing collectively, "Limited Service List").  Any party that wishes to change its address on the Limited Service List or the list of all creditors and equity interest holders shall provide notice of the requested change to the Court, counsel for Debtor, and the parties entitled to such notice.

      2.     **Service of Limited Notice Matters that Require Emergency or Expedited Relief.**

      18.    Pursuant to Local Rule 9006(e), if a motion for order shortening time is granted, the notice of the entry of the order shortening time together with a copy of the motion must be served in the most expeditious manner possible (e.g., email, facsimile, or hand delivery) within one (1) business day after the order is entered, unless the Court orders otherwise.  In addition to the methods of service authorized by Local Rule 9006(e), notice shall be sufficient if served only on the Limited Service List, via overnight delivery or email address, if known to Debtor, so long as the notice will be delivered prior to the scheduled hearing time.

      19.    After the initial service of the Case Management Order subsequent to its entry, Debtor may make, as necessary, supplemental mailings of notices in a number of situations, including in the event that (a) notices are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which case Debtor is not required to mail additional notices to such creditors), (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers) that decline to pass along notices to these parties and instead return their

143772084.2

names and addresses to Debtor for direct mailing, and (c) additional potential claimants become known as the result of the noticing process. In such instances, Debtor's supplemental mailing of notices, with the assistance of the Notice and Claims Agent, constitutes appropriate and sufficient notice with respect to the Limited Notice Matters.

143772084.2