BRETT A. AXELROD, ESQ. (5829)
JEANETTE E. MCPHERSON, ESQ. (5423)
NICHOLAS A. KOFFROTH, ESQ. (16264)
ZACHARY T. WILLIAMS, ESQ. (16023)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

Electronically Filed April 28, 2023

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br>Chapter 11<br><br>**NOTICE OF ENTRY OF ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF ORDER APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DISPOSAL OF CERTAIN PERSONAL PROPERTY INCLUDING STAY RELIEF AND/OR ABANDONMENT** |

**PLEASE TAKE NOTICE** that on the 28th day of April, 2023, the Court entered an *Order Granting Debtor's Motion For Entry Of Order Approving Procedures For Rejection Of Executory Contracts And Unexpired Leases And Disposal Of Certain Personal Property Including Stay Relief And/Or Abandonment* [ECF 492], a copy of which is attached here.

Dated this 28th day of April, 2023.      **FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ. (5423)
BRETT A. AXELROD, ESQ. (5859)
NICHOLAS A. KOFFROTH, ESQ. (16264)
ZACHARY T. WILLIAMS, ESQ. (16023)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

145181497.1

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
April 28, 2023

BRETT A. AXELROD, ESQ. (5859)
JEANETTE E. MCPHERSON, ESQ. (5423)
NICHOLAS A. KOFFROTH, ESQ. (16264)
ZACHARY T. WILLIAMS, ESQ. (16023)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         jmcpherson@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com

*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>                    Debtor. | Case No. BK-S-23-10423-MKN<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF ORDER APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DISPOSAL OF CERTAIN PERSONAL PROPERTY INCLUDING STAY RELIEF AND/OR ABANDONMENT**<br><br>Hearing Date:  April 20, 2023<br>Hearing Time:  10:30 a.m. |

The Court, having reviewed and considered Debtor's motion (the "Motion") for entry of an order authorizing the Debtor to establish procedures for an orderly, regular process for the rejection of executory contracts and unexpired leases, terminating the automatic stay in favor of a party who

1

144864706.1

has a secured or lease interest in the Remaining Property, and approving the abandonment of Remaining Property, if the Debtor has made the determination that abandonment is appropriate (the "Rejection Procedures"); and upon consideration of the McAlary Declaration and arguments of counsel; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and sufficient cause appearing therefor, it is hereby,

**ORDERED** that the Motion is **GRANTED** in its entirety; and it is further

**ORDERED** that the Debtor's Motion is granted to the extent set forth herein as follows:

1. The following Rejection Procedures are authorized and approved:

   a) **Rejection Notice.** The Debtor will file a notice (each a "Rejection Notice") setting forth the proposed rejection of one or more Contracts and/or Leases, or certain Locations that are part of a "master" Contract or Lease and that may be rejected separately from the Contract or Lease as a whole, and will serve the Rejection Notice *via* overnight delivery service, email, or fax on the Counterparty (and its counsel, if known) ("Rejection Notice Parties") under the respective Contract or Lease at the last known address available to the Debtor.

   b) **Content of Rejection Notice.** The Rejection Notice shall be substantially in the form attached as Exhibit 1 to the Proposed Order. With respect to the Contracts and Leases, the Rejection Notice shall set forth the following information, to the best of the Debtor's knowledge: (1) the name of the Counterparty, (2) the address of the Counterparty, and (3) the Location and Location ID for the Kiosk(s). All Rejection Notices will be accompanied by a copy of the proposed order approving the rejection of the Contracts or Leases set forth on the Rejection Notice (each such order, a "Rejection Order"), substantially in the form attached to the Rejection Notice as Annex A.

   c) **Objections.** Should a party in interest object to the Debtor's proposed rejection of a Contract or Lease, such objecting party (the "Objecting Party") must file and serve a written objection (an "Objection") so that such Objection is filed with the Court and actually received by the following parties **no later than fourteen (14) calendar days** after the date the Rejection Notice is filed (the "Objection Period"): (1) attorneys for the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Debtor, Fox Rothschild LLP (Attn: Brett Axelrod, Esq. and Jeanette McPherson, Esq.), One Summerlin, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135; (2) counsel to the Official Committee of Unsecured Creditors ("UCC"); (3) counsel to Debtor's secured creditors; and (4) United States Department of Justice, Office of the United States Trustee, Region 17, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101 (collectively, the "Objection Notice Parties"). Each Objection must state with specificity the grounds for objecting to the proposed rejection of the Contract or Lease, and/or related disposal of the Remaining Property.

d) **Effects of Failing to File an Objection to a Rejection Notice.** If no Objection to a Rejection Notice is timely filed and served in accordance with paragraph (c) hereof, the Debtor may submit the Rejection Order to the Court providing that the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice (the "Rejection Effective Date"); *provided*, *however*, that the Rejection Effective Date shall not be earlier than the date the Debtor files and serves a Rejection Notice. Further, the Debtor will have determined if any Remaining Property should be surrendered with the automatic stay being terminated, and/or the Debtor will have determined if any Remaining Property should be abandoned, and these determinations shall be deemed effective as of the Rejection Effective Date.

e) **Effects of Filing an Objection to a Rejection Notice**. If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures set forth herein, the Debtor shall schedule a hearing on such Objection on no less than seven (7) days' notice to the Objecting Party and the Objection Notice Parties. If the Court upholds the Debtor's determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected as requested (i) as of the Rejection Effective Date, or (ii) as otherwise determined by the Court as set forth in any order overruling such Objection. Further, the Debtor will have determined if any Remaining Property should be surrendered with the automatic stay being terminated, and/or the Debtor will have determined if any Remaining Property should be abandoned, and these determinations shall be deemed effective as of the Rejection Effective Date.

f) **Consent Orders**. Any Objection may be resolved without a hearing by an order of the Court submitted by stipulation by the Debtor and the Objecting Party.

g) **Deadlines for Filing Claims**. Any affected Counterparty to a rejected Contract or Lease (a "Rejection Claimant"), asserting any Claims arising out of the rejection of Contracts or Leases, shall file a proof of claim on or before the later of (i) the deadline for filing proofs of claims established by the Court in this Chapter 11 Case, or (ii) thirty (30) days after the date of entry of the applicable Rejection Order. If no proof of claim is timely filed, such Rejection Claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in this Chapter 11 Case and shall be forever barred from asserting a claim for rejection damages and from

3

144864706.1

        participating in any distributions that may be made in connection with the Debtor's bankruptcy case.

    **h)**    **Treatment of Security Deposits**.  If the Debtor has deposited funds with a Counterparty as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without an order of the Court or prior agreement by the Debtor.

    **i)**    **Remaining Property**.  The Debtor will determine how the Debtor's property at the Location, the Remaining Property, should be disposed of, including whether it should be removed, abandoned, sold, or surrendered to a party that has a secured or lease interest in the Remaining Property.  In the event that the Debtor determines that any Remaining Property should be surrendered to a party that has a secured or lease interest in the Remaining Property, the automatic stay will be deemed terminated as of the Rejection Effective Date. In addition, in the event that the Debtor determines that any Remaining Property should be abandoned, the Remaining Property will be deemed abandoned as of the Rejection Effective Date. Questions regarding the disposal of the Remaining Property may be directed to the Debtor at hostrelations@coin.cloud.

2.    The form of Rejection Notice attached hereto as **Exhibit 1** is hereby approved.

3.    The Debtor is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by this Order.

4.    Entry of this Order is without prejudice to the rights of the Debtor to, among other things and without limitation, seek further, other, or different relief regarding any Contract or Lease pursuant to, among other things, section 365 of the Bankruptcy Code.

5.    Entry of this Order is without prejudice to the rights of the Debtor to, among other things and without limitation, seek further, other, or different relief regarding termination of the automatic stay in favor of any party who has a secured or lease interest in the Remaining Property pursuant to section 362 of the Bankruptcy Code.

6.    Entry of this Order is without prejudice to the rights of the Debtor to, among other things and without limitation, seek further, other, or different relief regarding the disposal of any Remaining Property pursuant to section 554 of the Bankruptcy Code.

7.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing in this Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, amount or existence of any claim against the Debtor; (b) an admission as to the validity,

144864706.1

priority, amount or existence of any claim regarding the Remaining Property; (c) an admission that any Contract or Lease is in fact an executory contract or lease; (d) a waiver of any of the Debtor's rights and defenses, all of which are preserved, including (i) all rights and defenses of the Debtor with respect to a claim for damages arising as a result of the rejection of any Contract or Lease or with regard to the Remaining Property, including any right to assert an offset, recoupment, counterclaim or deduction, and (ii) all rights of the Debtor's ability to assert at any time that any particular Contract or Lease, or certain Location, is terminated and is no longer an executory contract or unexpired lease; (e) the approval, assumption or adoption, of any agreement, contract, lease, program or policy between the Debtor and any third party under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's right to seek retroactive rejection of any Contract or Lease, or certain Location.

8. The Debtor is authorized to execute and deliver all instruments and documents and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement and implementation of this Order.

Prepared And Respectfully Submitted By:

**FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ.
BRETT A. AXELROD, ESQ.
NICHOLAS A. KOFFROTH, ESQ.
ZACHARY T. WILLIAMS, ESQ.
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*Counsel for Debtor*

/ / /

/ / /

5

144864706.1

| | |
|---|---|
| 1 | APPROVED/DISAPPROVED |
| 2 | **THE JIMMERSON LAW FIRM, P.C.** |
| 3 | By: /s/ James M. Jimmerson |
| 4 | JAMES J. JIMMERSON, ESQ.<br>JAMES M. JIMMERSON, ESQ. |
| 5 | 415 South Sixth Street, Suite 100<br>Las Vegas, Nevada 89101 |
| 6 | *Counsel for Debtor* |
| 7 | APPROVED/DISAPPROVED |
| 8 | **OFFICE OF THE UNITED STATES TRUSTEE** |
| 9 | By: SIGNATURE WAIVED |
| 10 | JARED A. DAY, |
| 11 | Trial Attorney for Tracy Hope Davis,<br>United States Trustee |
| 12 | 300 Las Vegas Boulevard South, Suite 4300<br>Las Vegas, Nevada 89101 |
| 13 | |
| 14 | APPROVED/DISAPPROVED |
| 15 | **MCDONALD CARANO LLP** |
| 16 | By: NO RESPONSE RECEIVED |
| 17 | RYAN J. WORKS, ESQ. (NSBN 9224)<br>AMANDA M. PERACH, ESQ. (NSBN 12399) |
| 18 | 2300 West Sahara Avenue, Suite 1200<br>Las Vegas, Nevada 89102 |
| 19 | and |
| 20 | **SEWARD & KISSEL LLP** |
| 21 | JOHN R. ASHMEAD, ESQ. (Admitted *Pro Hac Vice*)<br>ROBERT J. GAYDA, ESQ. (Admitted *Pro Hac Vice*) |
| 22 | CATHERINE V. LOTIEMPO, ESQ. (Admitted *Pro Hac Vice*)<br>ANDREW J. MATOTT, ESQ. |
| 23 | One Battery Park Plaza<br>New York, New York 10004 |
| 24 | *Counsel for Official Committee of Unsecured Creditors* |
| 25 | |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

144864706.1

1   APPROVED/DISAPPROVED

2   **CARLTON FIELDS, P.A.**

3   By: NO RESPONSE RECEIVED
    _____
4   ADAM SCHWARTZ, ESQ.  *(Admitted Pro Hac Vice)*
    JOHN J. LAMOUREUX, ESQ., *(Admitted Pro Hac Vice)*
5   Corporate Center Three at International Plaza
    4221 W. Boy Scout Boulevard, Suite 1000
6   Tampa, Florida  33607-5780

7   and

    **HOLLEY DRIGGS**
8   STACY H. RUBIN, ESQ.
    300 South Fourth Street, Suite 1600
9   Las Vegas, Nevada 89101

10  *Counsel For Lux Vending, LLC d/b/a Bitcoin Depot*

11  APPROVED/DISAPPROVED

12  **ANDERSON & BEEDE**

13  By: SIGNATURE WAIVED
    _____
14  RYAN A. ANDERSEN, ESQ.
    VALERIE Y. ZAIDENBERG, ESQ.
15  3199 E. Warm Springs Rd, Suite 400
    Las Vegas, Nevada 89120
16  *Counsel for Luis Flores*

17

18          **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

19      In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

20      ☐   The Court has waived the requirement of approval in LR 9021(b)(1).

21      ☐   No party appeared at the hearing or filed an objection to the motion

22      ☒   I have delivered a copy of this proposed order to all counsel who appeared at the
            hearing, any unrepresented parties who appeared at the hearing, and each has
23          approved or disapproved the order, or failed to respond, as indicated above.

24      ☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this
            order with the motion pursuant to LR 9014(g), and that no party has objected to the
25          form or content of the order.

26                                          # # #

27

28

                                              7

144864706.1

**Exhibit 1 (to Rejection Procedures Order)**

**[Form of Rejection Notice]**

144864706.1

|   |   |   |
|---|---|---|
| 1 | BRETT A. AXELROD, ESQ.<br>Nevada Bar No. 5859 | Electronically Filed _____ ___, 2023 |
| 2 | JEANETTE E. MCPHERSON, ESQ.<br>Nevada Bar No. 5423 | |
| 3 | NICHOLAS A. KOFFROTH, ESQ.<br>Nevada Bar No. 16264 | |
| 4 | ZACHARY T. WILLIAMS, ESQ.<br>Nevada Bar No. 16023 | |

**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       jmcpherson@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com

*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re | Case No. BK-S-23-10423-MKN |
|---|---|
| CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Chapter 11<br><br>**NOTICE OF REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DISPOSAL OF CERTAIN PERSONAL PROPERTY INCLUDING STAY RELIEF AND/OR ABANDONMENT** |

**TO:** The Parties Identified on <u>Schedule 1</u> Attached Hereto:

**PLEASE TAKE NOTICE** that on February 7, 2023, Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), commenced with the United States Bankruptcy Court for the District of Nevada (the "<u>Bankruptcy Court</u>") a voluntary petition under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

**PLEASE TAKE FURTHER NOTICE** that on [ ], 2023, the Bankruptcy Court entered an order [ECF __] (the "<u>Rejection Procedures Order</u>")[1] authorizing the Debtor to use expedited

---
[1] Capitalized terms used, but not defined, herein shall have the meaning ascribed to such terms in the underlying Motion.

1

144864706.1

procedures for the rejection of certain of the Debtor's executory contracts ("Contract(s)") and unexpired leases ("Lease(s)"), or certain locations ("Locations") that are part of a "master" Contract or Lease and that may be rejected separately from the Contract or Lease as a whole, and disposal of certain property ("Remaining Property"). An electronic copy of the Rejection Procedures Order can be found at https://cases.stretto.com/CashCloud (the "Case Website").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, the Debtor hereby provides notice of its intent to reject the Contracts and Leases, or certain Locations that are part of a "master" Contract or Lease and that may be rejected separately from the Contract or Lease as a whole, identified on **Schedule 1** hereto (each a "Rejected Contract or Lease") and notice of its intent to dispose of certain Remaining Property, including without limitation, surrendering the Remaining Property and terminating the automatic stay, and, if the Debtor so determines, abandonment.

**PLEASE TAKE FURTHER NOTICE** that should you object to the Debtor's rejection of a Rejected Contract or Lease, identified on **Schedule 1** hereto, you must file with the Bankruptcy Court and serve a written objection (an "Objection") on: (1) proposed attorneys for the Debtor, Fox Rothschild LLP (Attn: Brett Axelrod, Esq. and Jeanette McPherson, Esq.), One Summerlin, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135; (2) counsel for the Official Committee of Unsecured Creditors ("UCC"); (3) counsel to Debtor's secured creditors; (4) counsel to parties who have a lease interest in the Remaining Property; and (5) the United States Department of Justice, Office of the United States Trustee, Region 17, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101 (collectively, the "Objection Notice Parties") by no later than [_____], 2023, which is fourteen (14) days after the date that the Debtor filed and served this Rejection Notice.

**PLEASE TAKE FURTHER NOTICE** that if no Objection is timely filed and served in compliance with the Rejection Procedures Order, the identified Rejected Contracts and/or Leases, or certain Locations in those Contracts and/or Leases, will be rejected pursuant to section 365(a) of the Bankruptcy Code, and the Remaining Property surrendered with the automatic stay terminated for any party with a secured or lease interest in the Remaining Property, and the Remaining Property authorized to be abandoned if the Debtor has determined that abandonment is appropriate

2

144864706.1

pursuant to section 554 of the Bankruptcy Code, effective as of the date set forth on **Schedule 1** to this Rejection Notice or, if no such date is set forth therein, then the date of the Rejection Notice (the "Rejection Effective Date").

**PLEASE TAKE FURTHER NOTICE** that if an Objection is timely filed and served on the Objection Notice Parties in compliance with the Rejection Procedures Order, and such Objection cannot be consensually resolved, the Debtor shall seek a hearing on such Objection on no less than seven (7) days' notice to such Objecting Party and the Objection Notice Parties. If such Objection is overruled by the Bankruptcy Court or withdrawn, the rejection of such Contract or Lease, the surrender of the Remaining Property (if Debtor has determined surrender is proper) to any party with a secured or lease interest in the Remaining Property with termination of the automatic stay, and abandonment of the Remaining Property (if Debtor has determined abandonment is proper), shall be deemed effective (a) as of the Rejection Effective Date, (b) as otherwise agreed to by the Objecting Party and the Debtor, or (c) as otherwise determined by the Bankruptcy Court as set forth in any order overruling such Objection.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, if the Debtor has deposited monies with you as a security deposit or other arrangement, you may not setoff, recoup or otherwise use such deposit without prior authorization from the Bankruptcy Court or the prior written consent of the Debtor.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, the Debtor will determine how the Debtor's property at the Location, the Remaining Property, should be disposed of, including whether it should be removed, abandoned, sold, or surrendered to a party that has a secured (or lease) interest in the Remaining Property and the automatic stay terminated. Questions regarding the Remaining Property may be directed to the Debtor at hostrelations@coin.cloud.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, for any claim that you may assert against the Debtor as a result of the rejection of any Rejected Contract or Lease, you must submit a proof of claim for damages arising from such rejection on or before the later of (i) the deadline for filing proofs of claim established by the

3

144864706.1

Bankruptcy Court in the Debtor's Chapter 11 Case, or (ii) thirty (30) days after the entry of the Rejection Order. If you do not timely file such proof of claim, you will not be treated as a creditor with respect to such claim for voting on any chapter 11 plan in the Debtor's Chapter 11 Case and shall be forever barred from asserting a claim for rejection damages arising from the rejection of the Rejected Contract or Lease, or from participating in any distributions that may be made in connection with this Chapter 11 Case.

Dated this ___ day of _____, 2023.

**FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

4

144864706.1

**Schedule 1 (to Rejection Notice)**

| Counterparty | Counterparty Address | Kiosk Location | Kiosk Location ID | Rejection Effective Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

1

144864706.1

**Annex A (to Rejection Notice)**

144864706.1

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
      jmcpherson@foxrothschild.com
      nkoffroth@foxrothschild.com
      zwilliams@foxrothschild.com

*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-23-10423-MKN |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER APPROVING THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND DISPOSAL OF CERTAIN PERSONAL PROPERTY INCLUDING STAY RELIEF AND/OR ABANDONMENT** |

/ / /

/ / /

/ / /

1

144864706.1

Pursuant to and in accordance with the *Order Granting Debtor's Motion For Entry Of Order Approving Procedures For Rejection Of Executory Contracts And Unexpired Leases And Disposal Of Certain Personal Property Including Abandonment* [ECF __] (the "<u>Rejection Procedures Order</u>");[1] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of these cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtor having properly filed and served a "Notice Of Rejection Of Executory Contracts And Unexpired Leases And Disposal Of Certain Personal Property Including Stay Relief And/Or Abandonment" [ECF __] (the "<u>Rejection Notice</u>") in accordance with the terms of the Rejection Procedures Order in respect to the rejection of the executory contracts (the "<u>Contracts</u>") and/or unexpired leases ("<u>Leases</u>") set forth on **Exhibit 1** hereto and to the disposal of property at the location (the "<u>Remaining Property</u>"); and no timely objections having been filed; and it appearing that due and adequate notice of the Rejection Procedures Order and the Rejection Notice has been given, and that no other or further notice need be given; and the Court having determined that the rejections provided for herein are an appropriate exercise of the Debtor's business judgment; and good and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The Contracts and Leases listed on **Exhibit 1** hereto are hereby rejected effective as of the dates set forth for such Contracts and Leases listed on Exhibit 1 hereto (the "<u>Rejection Effective Date</u>").

2. If the Debtor has made the determination to surrender the Remaining Property, that the automatic stay is terminated for any party who holds a secured or lease interest in the Remaining Property as of the Rejection Effective Date.

3. If the Debtor has made the determination that the Remaining Property should be abandoned, that the Remaining Property is hereby abandoned effective as of the Rejection Effective Date.

4. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Procedures Order.

2

144864706.1

this Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, amount or existence of any claim against the Debtor; (b) an admission as to the validity, priority, amount or existence of any claim regarding the Remaining Property; (c) an admission that any Contract or Lease is in fact an executory contract or lease; (d) a waiver of any of the Debtor's rights and defenses, all of which are preserved, including (i) all rights and defenses of the Debtor with respect to a claim for damages arising as a result of the rejection of any Contract or Lease or with regard to the Remaining Property, including any right to assert an offset, recoupment, counterclaim or deduction, and (ii) all rights of the Debtor's ability to assert at any time that any particular Contract or Lease, or certain Location, is terminated and is no longer an executory contract or unexpired lease; (e) the approval, assumption or adoption, of any agreement, contract, lease, program or policy between the Debtor and any third party under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's right to seek retroactive rejection of any Contract or Lease, or certain Location.

5. If any affected counterparty subject to this Order (a "<u>Rejection Claimant</u>") asserts a claim or claims against the Debtor and its estate arising from the rejection of the Contracts and Leases, such Rejection Claimant shall submit a proof of claim on or before the later of (a) the deadline for filing proofs of claims established by the Court in this Chapter 11 Case, or (b) thirty (30) days after the date of entry of this Order. If no proof of claim is timely filed, such Rejection Claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in this Chapter 11 Case and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtor's bankruptcy cases.

6. The Debtor is authorized to execute and deliver all instruments and documents and take such other actions as may be necessary or appropriate to implement and effectuate the terms of this Order and the rejections without further order from this Court.

/ / /

/ / /

/ / /

/ / /

144864706.1

7. This Court shall retain exclusive jurisdiction and power to resolve any dispute arising from or related to this Order.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By: _____

###

144864706.1

**[Form of <u>Exhibit 1</u> (to Rejection Order)]**

| Counterparty | Counterparty Address | Kiosk Location | Kiosk Location ID | Rejection Effective Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

1

144864706.1