Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Jared A. Day, Trial Attorney
State Bar No. CA 275687
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Telephone: (775) 784-5335
Fax: (775) 784-5530
E-mail: *jared.a.day@usdoj.gov*

Attorneys for the U.S. Trustee for Region 17
    TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No: 23-10423-mkn |
|---|---|
| CASH CLOUD, INC. dba COIN CLOUD, | Chapter 11 |
| Debtor. | Date: May 18, 2023<br>Time: 10:30 a.m.<br>Location: Telephonic or Via Zoom |

**UNITED STATES TRUSTEE'S OPPOSITION TO DEBTOR'S
MOTION FOR ENTRY OF AN ORDER APPROVING KEY EMPLOYEE
RETENTION PROGRAM AND RESERVATION OF RIGHTS**

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby files this opposition (the "Opposition") to Debtor's *Motion for Entry of an Order Approving Employee Retention Program* and Reservation of Rights (ECF No. 438) (the "Motion"). In support of her Opposition, the U.S. Trustee represents as follows:

**I.    INTRODUCTION**

1. The Motion seeks approval of a Key Employee Retention Plan (the "KERP") for 28 participants (the "KERP Participants"). The proposed individual retention bonus amounts for

1

the proposed KERP Participants range from $1,500 to $22,499 with an aggregate maximum award of $170,979.04.

2. The Motion fails to provide sufficient information for the Court and parties in interest to assess whether the proposed KERP is limited to non-insiders as represented. Debtor did not file a list of KERP Participants with the Motion or the supporting declaration of Debtor's CEO, Christopher Andrew McAlary (the "McAlary Declaration"). Neither the Motion nor the supporting declaration disclose the employees' identities, their specific titles, their specific job responsibilities, and/or the respective bonus amounts each employee is proposed to receive under the KERP. Thus, Debtor has not demonstrated that 11 U.S.C. § 503(c)(1) is inapplicable to the KERP as asserted.

3. Even if the Court finds that Section 503(c)(1) does not apply to the KERP, and that the Motion is governed by 11 U.S.C. §§ 503(c)(3) and 363, Debtor has failed to demonstrate that the relief is necessary to preserve the value of Debtor's estate and is "justified by the facts and circumstances" of the case.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

4. Under 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with supervising the administration of cases and trustees under the Bankruptcy Code. To enable the U.S. Trustee to carry out that duty, Congress has granted the U.S. Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code. 11 U.S.C. § 307. The U.S. Trustee consents to this Court entering final orders in this matter.

### A. General Case Background

5. On February 7, 2023 (the "Petition Date"), Debtor Cash Cloud, Inc. dba Coin Cloud (the "Debtor") filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code

commencing the above-captioned case. *See* ECF No. 1. Debtor is currently a debtor-in-possession under Sections 1107 and 1108 of the Code and is represented by Fox Rothschild, LLP. *See* ECF Docket *generally*.

6. On February 17, 2023, the U.S. Trustee appointed an Official Committee of Unsecured Creditors, as amended on February 28, 2023. ECF Nos. 131 *and* 177.

7. The 11 U.S.C. § 341 meeting of creditors was conducted and concluded on March 16, 2023. *See* ECF Nos. 2 *and* 300.

8. Debtor operates approximately 4,983 cryptocurrency automated teller machines that perform crypto-related transactions throughout the United States by collecting and holding cash from customer purchases of cryptocurrency. *See* ECF Docket *generally*.

**B.** **The Motion**

9. According to the Motion, Debtor had a total staff of approximately 85 full-time and three part-time employees as of the Petition Date. *See* ECF No. 438, Motion, Pg. 4. Of those still employed, Debtor has designated 28 full-time employees as KERP Participants that are purportedly essential to the successful administration of Debtor's chapter 11 case. *See* ECF No. 438, Motion *generally*.

10. Although certain KERP Participants have titles incorporating the word "head," "director," "vice president," and "chief," Debtor alleges that none of them are "insiders," because they were not appointed or hired directly by Debtor's board of directors. *Id.* at Pg. 6. Debtor further maintains that none of the proposed KERP Participants have discretionary control over substantial budgetary functions, exercise managerial responsibility for Debtor's entire operations, or direct overall corporate policy and governance. *Id.*

11. Under the proposed KERP, nine of the KERP Participants would receive 10 percent of their annual base salary, 50 percent of which would be paid upon entry of a final order granting the Motion with the remaining amount paid upon a sale of substantially all Debtor's assets, plan confirmation, conversion, or case dismissal, whichever occurs first. *Id.* at Pgs. 6 *and* 7. The other 19 proposed KERP Participants would receive a fixed bonus of $1,500 paid upon entry of a final order granting the Motion. *Id.*

12. Debtor maintains that these employees are "vital" to Debtor's business and reorganization efforts and that without the payments contemplated by the KERP, these employees "may" leave Debtor's employ because of "uncertainty" stemming from Debtor's Chapter 11 Case. *See* ECF No. 438, Motion *generally*.

13. Neither the Motion nor the supporting McAlary Declaration provide the Court and parties in interest with a list of these employees' identities, their specific titles, their specific job responsibilities, and/or the respective bonus amounts each employee is proposed to receive under the KERP. *Id.*; *see also* McAlary Declaration. Rather, the Motion merely discloses general information in this regard and a range of possible retention bonus amounts for the 28 proposed KERP Participants with an aggregate potential retention bonus payout of $170,979.04. *Id.*

### III. AUTHORITIES & DISCUSSION

#### A. The Controlling Statutory Framework

14. Section 503 governs the allowance of administrative expenses for "actual, necessary costs and expenses of preserving a debtor's bankruptcy estate. 11 U.S.C. § 503(b)(1)(A). The two general overriding policies of Section 503 of the Bankruptcy Code are to: (i) preserve the value of the estate for the benefit of its creditors; and (ii) prevent the unjust

enrichment of the insiders of the estate at the expense of its creditors. *See In re Journal Register Co.*, 407 B.R. 520, 535 (Bankr. S.D.N.Y. 2009).

15. Section 503(c)(1) of the Bankruptcy Code prohibits any transfer:

> made to, or an obligation incurred for the benefit, *of an insider of the debtor for the purpose of inducing such person to remain with the debtor's business*, absent a finding by the court based on evidence in the record that—
>
> (A) the transfer or obligation is essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation;
>
> (B) the services provided by the person are essential to the survival of the business; and
>
> (C) either –
>   (i) the amount of the transfer made to, or obligation incurred for the benefit of, the person is not greater than an amount equal to 10 times the amount of the mean transfer or obligation of a similar kind given to nonmanagement employees for any purpose during the calendar year in which the transfer is made or the obligation is incurred; or
>   (ii) if no such similar transfers were made to, or obligations were incurred for the benefit of, such nonmanagement employees during such calendar year, the amount of the transfer or obligation is not greater than an amount equal to 25 percent of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred.

11 U.S.C. § 503(c)(1) (emphasis added).

16. A transfer to an insider to induce the insider to remain with the debtor's business must satisfy the requirements under subdivisions (A), (B), and (C) of Section 503(c)(1) of the Bankruptcy Code to be subject to this subdivision's exception. 4 Collier on Bankruptcy ¶ 503.17

(16th ed. rev. 2022); *see also In re Dana Corp.*, 358 B.R. 567, 575 (Bankr. S.D.N.Y. 2006) ("*Dana II*") (summarizing the requirements under Section 503(c)(1) of the Bankruptcy Code).

17. Section 503(c) of the Bankruptcy Code, added in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), was intended to curtail payments of retention incentives to insiders, including bonuses granted to other employees without factual and circumstantial justification. *See Journal Register*; 407 B.R. at 536; *see also In re Pilgrim's Pride Corp.*, 401 B.R. 229, 234 (Bankr. N.D. Tex. 2009) ("Section 503(c) was enacted to limit a debtor's ability to favor powerful insiders economically and at estate expense during a chapter 11 case"); *In re Global Home Prods.*, LLC, 369 B.R. 778, 784 (Bankr. D. Del. 2007) (the amendments were added to "eradicate the notion that executives were entitled to bonuses simply for staying with the Company through the bankruptcy process"); *see also In re Maust Transp., Inc.*, 589 B.R. 887, 893 (Bankr. W.D. Wash. 2018) ("[t]he 2005 amendments to § 503, which specifically prohibit certain insider retention bonus administrative claims, make it clear that Congress can and has removed the broad discretion granted to courts in § 503 where it deems the exercise of such discretion improper as to certain specific categories of administrative claims").

18. Section 503(c)(1) establishes specific evidentiary standards that must be met before a bankruptcy court may authorize payments made to an insider for the purpose of inducing such person to remain with a debtor's business. *See In re PG&E Corp.*, 2019 WL 4686765, at *1 (Bankr. N.D. Cal. Aug. 30, 2019); *In re Dana Corp.*, 351 B.R. 96, 100 (Bankr. S.D.N.Y. 2006).

19. The BAPCPA amendments make it abundantly clear that if a proposed transfer falls within Section 503(c)(1), then the business judgment rule does not apply, irrespective of whether a sound business purpose may exist. *Id.* at 101; *see also In re Siliken Mfg. USA, Inc.*,

2013 WL 5330481, at *7 (Bankr. S.D. Cal. Sept. 19, 2013) ("[t]he Code often subjects insider dealings to heightened scrutiny in recognition that even ostensibly arm's length transactions between insiders have an inherently coercive element to them").

20. The effect of Section 503(c) of the Bankruptcy Code was to put in place "a set of challenging standards" and "high hurdles" for debtors to overcome before retention bonuses can be paid. *See In re Mesa Air Group, Inc.*, 2010 WL 3810899, at *2 (Bankr. S.D.N.Y. Sept. 24, 2010) (citing *Global Home Prods.*, 369 B.R. at 785).

### B. Debtor Has Not Established that Section 503(c)(1) is Inapplicable to the KERP.

21. To avoid the requirements of Section 503(c)(1), a debtor must show that "the proposed transfers *are not to insiders of a debtor* or, if the recipients of the proposed transfers are insiders, that the transfers are not being *made for the purpose of retaining those insiders*." *See In re Residential Capital*, LLC, 478 B.R. 154, 169 (Bankr. S.D.N.Y. 2012) (emphasis added); *see also In re PG&E Corp.*, 2019 WL 4686765, at *1.

22. Here, Debtor acknowledges that the purpose of the KERP is to retain the services of the KERP Participants. *See* ECF No. 438, Motion *generally*. Debtor contends, though, that Section 503(c)(1) is inapplicable to the relief requested in the Motion, because none of the KERP Participants are insiders. *Id.* Consequently, the Motion does not address the KERP's compliance with the strict requirements of subdivisions (A), (B), and (C) of Section 503(c)(1). *Id.*

23. As discussed *infra*, the Motion fails to provide sufficient information for the Court and parties in interest to assess whether any KERP Participants are insiders.[1]

---

[1] The U.S. Trustee reserves her rights to conduct discovery on these issues and any matter relevant to the Motion.

24. Under Section 101(31) of the Bankruptcy Code, if a debtor is a corporation, the term "insider" includes an officer of the debtor. 11 U.S.C. § 101(31)(B)(ii). A vice-president, as an officer, is presumptively an insider. *See In re Foothills Texas, Inc.*, 408 B.R. 573, 574, 579 (Bankr. D. Del. 2009); *see also In re The Village at Lakeridge, LLC*, 814 F.3d 993, 999 (9th Cir. 2016) ("[s]tatutory insiders, also known as 'per se insiders,' are persons explicitly described in 11 U.S.C. § 101(31).... As a matter of law, a statutory insider has a sufficiently close relationship with a debtor to warrant special treatment").

25. Moreover, regardless of title, a person with broad responsibilities over significant aspects of a debtor's business is considered an insider, even if he or she is not a member of senior management. *See In re Foothills Texas, Inc.*, 408 B.R. at 584 (finding vice presidents who were not members of senior management, but who had broad responsibilities over significant aspects of debtor's business, to be insiders); *see also In re The Village at Lakeridge, LLC*, 814 F.3d at 1001 ("[h]aving - or being subject to - some degree of control is one of many indications that a creditor may be a non-statutory insider, but actual control is not required to find non-statutory insider status").

26. Debtor contends that all proposed KERP Participants are non-insiders, despite holding titles incorporating the words "head," "director," "vice president," and "chief." *See* ECF No. 438, Motion at Pg. 6. Neither the Motion nor the supporting McAlary Declaration provide the Court and parties in interest with a list of these employees' identities, their specific titles, their specific job responsibilities, and/or the respective bonus amounts each employee is proposed to receive under the KERP. *See id. generally and* McAlary Declaration. Rather, the Motion merely discloses general information in this regard and a range of possible retention bonus amounts for the 28 proposed KERP Participants, for an aggregate maximum retention

bonus payout of $170,979.04.  *Id.*

27. Debtor should disclose this information, including the specific duties of the KERP Participants, so that the Court and parties in interest can assess whether any KERP Participants' responsibilities confer "insider" status.

C. **Even if the KERP is Governed by Section 503(c)(3), Debtor Has Not Established that the KERP is Justified by the Facts and Circumstances of the Case.**

28. Even if the Court were to find that Section 503(c)(1) does not apply to the KERP, the Motion may be granted only if the Court finds that it is necessary to preserve the value of Debtor's estate and is "justified by the facts and circumstances of the case." *See* 11 U.S.C. § 503(c)(3); *In re Dant & Russell, Inc.*, 853 F.2d 700, 706 (9th Cir. 1988) ("[a]ny claim for administrative expenses and costs must be the actual and necessary costs of preserving the estate for the benefit of its creditors"), superseded by statute on other grounds, 11 U.S.C. § 365(d)(3); *see also In re Regensteiner Printing Co.*, 122 B.R. 323, 326 (N.D. Ill. 1990) (reversing approval of severance agreements for key employees, because debtors presented no evidence that severance payments were necessary to preserve bankruptcy estate); *In re Pacific Gas and Electric Co.*, 2001 WL 34133840, at *2 n.4 (Bankr. N.D. Cal. July 13, 2001) (initial declaration "'on information and belief'" was "insufficient" basis to grant KERP motion).[2]

---

[3] *See In re Pilgrim's Pride Corp.*, 401 B.R. at 236–37 (Bankr. N.D. Tex. 2009) ("[t]o read section 503(c)(3) as requiring nothing not already required by section 363(b)(1) would violate" the principle of construction that Congress intended independent Code Sections to "have independent, differing impacts"); *see also In re GT Advanced Tech. Inc.*, 2015 WL 4459502, at *7 (D.N.H. July 21, 2015) (Section 503(c)(3) "directs courts to give more scrutiny to the business judgment of debtors than is permitted under the § 363(b)(1) business judgment test").

9

29. In *Dana II*, the Court listed several factors that courts consider when determining if the structure of a compensation proposal and the process for its development satisfy Section 503(c)(3):

- Is there a reasonable relationship between the plan proposed and the results to be obtained, *i.e.*, will the key employee stay for as long as it takes for the debtor to reorganize or market its assets, or, in the case of a performance incentive, is the plan calculated to achieve the desired performance?

- Is the cost of the plan reasonable in the context of the debtor's assets, liabilities and earning potential?

- Is the scope of the plan fair and reasonable; does it apply to all employees; does it discriminate unfairly?

- Is the plan or proposal consistent with industry standards?

- What were the due diligence efforts of the debtor in investigating the need for a plan; analyzing which key employees need to be incentivized; what is available; what is generally applicable in a particular industry?

- Did the debtor receive independent counsel in performing due diligence and in creating and authorizing the incentive compensation?

358 B.R. at 576–77.

30. Debtor has failed to satisfy several of these factors. First, the Motion fails to establish a reasonable relationship between the plan proposed and the results to be obtained. The KERP participants appear to have been employed by Debtor for a lengthy period of time before Debtor's chapter 11 bankruptcy case was filed. *See* ECF No. 438, Motion *generally*. Consequently, it is likely that these employees would have determined to secure other employment shortly after the bankruptcy case was filed rather than several months postpetition.

31. Second, there is insufficient evidence of the due diligence efforts undertaken by Debtor to investigate the need for the KERP and whether all purported non-insider employees need to be incentivized to remain employed through the effective date of Debtor's chapter 11

plan or reorganization.  The Motion merely indicates that "without the KERP, Debtor does not believe it can retain the employees," which may put Debtor's reorganization efforts at risk.  ECF No. 438, Motion, Pg. 5.

32.  Moreover, the Motion and supporting McAlary Declaration fail to provide any analysis about industry standards and whether the proposed KERP discriminates unfairly against Debtor's other employees.  *See* ECF No. 438, Motion *generally*.

33.  The U.S. Trustee expressly reserves all rights with regard to the Motion, including but not limited to, any subsequent amendments to the Motion or additional KERP requests that might be made by Debtor or other interested parties.

### IV.    CONCLUSION

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that the Court sustain her Opposition, deny the Motion, and grant such other relief as the Court deems warranted under the circumstances.

Dated: May 7, 2023

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

/s/ *Jared A. Day*
Jared A. Day
Trial Attorney for United States Trustee

**CERTIFICATE OF SERVICE**

I, MELINDA R. DAVIS, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on May 7, 2023, I caused a copy of the foregoing

**UNITED STATES TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING KEY EMPLOYEE RETENTION PROGRAM AND RESERVATION OF RIGHTS**

to be served on the following parties:

☑    a.  ECF System (attach Notice of Electronic Filing or list of persons & addresses):

- **RYAN A. ANDERSEN**    ryan@aandblaw.com, tatiana@aandblaw.com;melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com;valerie@aandblaw.com
- **BRETT A. AXELROD**    baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com
- **OGONNA M. BROWN**    obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com
- **LOUIS M BUBALA**    lbubala@kcnvlaw.com, cdroessler@kcnvlaw.com;bsheehan@kcnvlaw.com
- **CHAPTER 11 - LV**    USTPRegion17.lv.ecf@usdoj.gov
- **SHAWN CHRISTIANSON**    schristianson@buchalter.com, cmcintire@buchalter.com
- **DAWN M. CICA**    dcica@carlyoncica.com, nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com
- **CRAIG P. DRUEHL**    craig.druehl@dechert.com
- **NEDDA GHANDI**    nedda@ghandilaw.com, lks@ghandilaw.com,nedda@ecf.inforuptcy.com;r41525@notify.bestcase.com,shara@ghandilaw.com
- **RONALD E. GOLD**    rgold@fbtlaw.com, jkleisinger@fbtlaw.com;eseverini@fbtlaw.com;sbryant@ecf.courtdrive.com
- **MARJORIE A. GUYMON**    bankruptcy@goldguylaw.com, mariaa@goldguylaw.com;lauriea@goldguylaw.com;amarisp@goldguylaw.com
- **BRIGID M. HIGGINS**    bhiggins@blackwadhams.law, dmeeter@blackwadhams.law;mstallsworth@blackwadhams.law;mdavis@blackwadhams.law

- **ROBERT R. KINAS**  rkinas@swlaw.com, jmath@swlaw.com;mfull@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com; jfung@swlaw.com
- **BART K. LARSEN**  BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com
- **TIMOTHY A LUKAS**  ecflukast@hollandhart.com
- **JEANETTE E. MCPHERSON**  JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com
- **STACY H RUBIN**  srubin@nevadafirm.com, oswibies@nevadafirm.com
- **ADAM P. SCHWARTZ**  aschwartz@carltonfields.com, amaranto@carltonfields.com
- **BRIAN D. SHAPIRO**  brian@brianshapirolaw.com, kshapiro@brianshapirolaw.com;6855036420@filings.docketbird.com
- **JAMES PATRICK SHEA**  jshea@shea.law, blarsen@shea.law;support@shea.law
- **STRETTO**  ecf@cases-cr.stretto-services.com, aw01@ecfcbis.com,pacerpleadings@stretto.com
- Jeffrey R. Sylvester  jeff@sylvesterpolednak.com, kellye@sylvesterpolednak.com
- **RONALD M TUCKER**  rtucker@simon.com, rwoodruff@simon.com,cmartin@simon.com,ptropepe@simon.com
- **U.S. TRUSTEE - LV - 11**  USTPRegion17.lv.ecf@usdoj.gov
- **ZACHARY WILLIAMS**  zwilliams@foxrothschild.com, ARCDocketing@foxrothschild.com;ahosey@foxrothschild.com
- **RYAN J. WORKS**  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

I declare under penalty of perjury that the foregoing is true and correct.

Signed: May 7, 2023

/s/ *Melinda R. Davis*
MELINDA R. DAVIS