BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Cash Cloud, Inc.*
*dba Coin Cloud*

Electronically Filed May 8, 2023

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No.  BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD | Chapter 11 |
| Debtor. | **EX PARTE MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 105(D)(2)(B)(VI), FED. R. BANKR. P. 3017.1 AND LOCAL RULE 3017 IMPLEMENTING EXPEDITED SOLICITATION AND CONFIRMATION PROCEDURES INCLUDING:**<br>**(I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT;**<br>**(II) SETTING COMBINED HEARING ON FINAL APPROVAL OF DISCLOSURE STATEMENT AND PLAN CONFIRMATION;**<br>**(III) APPROVING (A) FORM AND SCOPE OF COMBINED HEARING NOTICE, AND (B) FORM OF BALLOTS;**<br>**(IV) SCHEDULING VOTING AND OBJECTION DEADLINES; AND**<br>**(V) GRANTING RELATED RELIEF** |
| | [No Hearing Required] |

145008367.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), by and through its counsel, the law firm of Fox Rothschild LLP, hereby submits this *Ex Parte* Motion (the "Motion") for entry of an order substantially in the proposed form attached hereto as **Exhibit "1"** (the "Solicitation Order") implementing expedited solicitation and confirmation procedures pursuant to sections 105(d)(2)(B)(vi), 1125, 1126 and 1128 of title 11 of the United States Code, §§ 101 et. seq. (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3017.1, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3016, 3017 and 3018 of the Local Rules for the United States Bankruptcy Court, District of Nevada ("Local Rules") including: (1) conditionally approving the proposed *Disclosure Statement in Connection with Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* [Docket No. 529] (the "Disclosure Statement");[1] (2) setting a combined hearing on the final approval of the Disclosure Statement and confirmation of the *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* [Docket No. 528] (the "Plan"); (3) approving (a) the form and scope of the notice (the "Combined Hearing Notice") of the hearing on final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing"), and (b) the form of ballots (the "Ballots") for the Plan; (4) approving the other deadlines and procedures (the "Solicitation Procedures") for solicitation and confirmation of the Plan as set forth in **Exhibit "A"** to the attached proposed form of order (the "Solicitation Order"); and (5) granting related relief.

This Motion is made and based upon the *Certification of Brett A. Axelrod, Esq.* (the "LR 3017 Certification") filed concurrently herewith in support of the Motion, the proposed Disclosure Statement and Plan, the points and authorities contained herein, and the pleadings and papers on file with this Court, judicial notice of which is hereby requested.

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Disclosure Statement.

145008367.1

Dated this 8th day of May 2023.

**FOX ROTHSCHILD LLP**

By:  _/s/Brett Axelrod_
      BRETT A. AXELROD, ESQ.
      Nevada Bar No. 5859
      NICHOLAS A. KOFFROTH, ESQ.
      Nevada Bar No. 16264
      ZACHARY T. WILLIAMS, ESQ.
      Nevada Bar No. 16023
      1980 Festival Plaza Drive, Suite 700
      Las Vegas, Nevada 89135
*Counsel for Debtor*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      JURISDICTION**

1.      This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Bankruptcy Code sections 105, 1125, 1126 and 1128, Bankruptcy Rules 2002, 3016, 3017, 3017.1, 3018 and 3020, and Local Rules 3016, 3017 and 3018.

**II.      FACTUAL BACKGROUND**

**A.      Background.**

4.      On February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, commencing the Chapter 11 Case.

5.      Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108.  See generally Chapter 11 Case Docket.

145008367.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

6.    On February 17, 2023, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [Docket No. 131, as amended on February 28, 2023, Docket No. 177].

7.    The factual background relating to Debtor's commencement of the Chapter 11 Case is set forth in detail in the *Omnibus Declaration of Christopher Andrew McAlary* and is incorporated herein by this reference. *See* Docket No. 19.

### III.    LEGAL ARGUMENT

### A.    The Disclosure Statement Should be Conditionally Approved.

Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed plan of reorganization must provide holders of impaired claims and interests entitled to vote on the plan with "adequate information" regarding the plan.  11 U.S.C. § 1125(b).

Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" to mean:

[I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

11 U.S.C. § 1125(a)(1).

A court has broad discretion in determining the adequacy of the information contained in a disclosure statement.   See In re Brothby, 303 B.R. 177, 193 (9th Cir. B.A.P. 2003) ("[T]he determination of what is adequate information . . . is largely within the discretion of the bankruptcy court." (quoting In re Texas Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir. 1988))); see also In re Dakota Rail, Inc., 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (stating that the court has "wide discretion to determine. . . whether a disclosure statement contains information, without burdensome, unnecessary and cumbersome detail.").  The determination of adequate information is made on a case-by-case basis.  See Computer Task Group, Inc. v. Brotby (In re Brotby), 303 B.R. 177, 193 (B.A.P.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

9th Cir. 2003) (citing <u>In re Texas Extrusion Corp.</u>, 844 F.2d 1142, 1157 (5th Cir. 1988)).

### 1.    The Disclosure Statement Contains Adequate Information.

The Disclosure Statement contains adequate information and is consistent with the recommended list of information to be included in a disclosure statement under Section 7.1 of the "United States Trustee Region 17 Guidelines" (applicable to cases filed in the United States Bankruptcy Court for the District of Nevada) because it includes:

(a) the purpose of the disclosure statement, *see* Disclosure Statement, Art. 1, § 1.2;

(b) a description of Debtor's business, *id.* Art. III, § 3.1;

(c) the reasons for financial difficulties and the actions taken by Debtor to alleviate those difficulties, *id.* Art. III, § 3.3;

(d) the historical and current financial information of Debtor, *id.* Art. III, § 3.2;

(e) the material post-petition events that have occurred in Chapter 11 Case, *id.* Art. IV;

(f) the material legal proceedings to which Debtor is, or may become, a party, *id.* Art. III, § 3., Art. IV, § 4.3;

(g) a review of Debtor's scheduled assets, values, current estimates of the assets, and the basis for those values, *id.* Art. III, § 3.2;

(h) a review of Debtor's scheduled claims and their amounts and an estimate of the current amounts of all Debtor's liabilities, including proofs of claim filed in the Chapter 11 Case, *id.* Art. III, § 3.1, Art. V, §§ 5.1-5.2;

(i) a description of the Plan, *id.* Art. V;

(j) the means of effectuating the Plan, *id.* Art. III, § 3.1;

(k) a description of the amount and source of cash to be paid upon confirmation of the Plan or its effective date, and a description of the administrative expenses, *id.* Art. V, §§ 5.1, 5.5;

(l) a liquidation analysis, *id.* Art. IX, § 9.11;

(m) Plan projections, *id.* Art. V, §§ 5.1-5.2, Art. X;

(n) a description of the management to controlling Debtor following plan confirmation and its compensation, *id.* Art. IX, § 9.11;

(o) a description of the insider claims, *id.* Art. V, § 5.2.H;

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

(p) issuance of stock for all or part of the debt (if applicable), *id.* Art. V, §§ 5.5.C, 5.8.E; and

(q) a description of the vote(s) required to constitute acceptance of the Plan, *id.* Art. IX, §§ 9.7-9.10.

### 2.    Procedural Requirements for Conditional Approval.

Local Rule 3017 provides that a motion for conditional approval of a disclosure statement may be filed on an *ex parte* basis.  *See* Local Rule 3017(c).  A motion for conditional approval must be accompanied by the proposed disclosure statement and a certificate (the "Certificate") stating:

(i)    the circumstances that favor the preliminary approval of the disclosure statement;

(ii)    the total number of creditors, value of assets, and amount of claims as reflected in the debtors' schedules; and

(iii)    that the proposed disclosure statement contains the information required by the Official Form.[2]

*See* id.

Local Rule 3017(c) further requires that the notice of the combined hearing on the conditionally approved disclosure statement and confirmation of the plan must clearly provide that creditors and parties in interest may object to the conditionally approved disclosure statement at the combined hearing.  *See* id.

This Court has conditionally approved disclosure statements and set combined hearings on the plan and disclosure statement in numerous other cases whose facts were no more favorable than those present in the instant Chapter 11 Case.  *See, e.g.*, In re Avery Land Group, LLC, BK-S-16-14995-ABL (June 18, 2018) [Dkt. 594]; In re Yucca Land Company, LLC, BK-S-17-16042-MKN (January 16, 2018) [Dkt. 84]; In re Ten Saints, LLC, BK-S-11-21028-MKN (October 23, 2012) [Dkt. 197]; In re Beltway One Development Group LLC, BK-S-11-21026-MKN (November 7, 2011) [Dkt. 107]; In re Las Vegas Monorail Company, BK-S-10-10464-BAM (October 3, 2011) [Dkt. 963]; In re B.R. Summerlin Property, LLC, BK-S-11-10148-MKN (August 2, 2011) [Dkt. 83]; In re Verge Living Corporation, BK-S-09-16295-BAM (December 10, 2009) [Dkt. 135]; In re Ravello Landing, LLC, BK-S-09-15672-BAM (August 25, 2009) [Dkt. 62]; In re Shearson Financial Network, Inc.,

---

[2] *See* Section III.A.1 & n.2 supra.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

BK-S-08-16350-MKN (December 19, 2008) [Dkt. 128].

Concurrently with this Motion, the Debtor is filing the Disclosure Statement and the required Certificate providing the information and statements required by Local Rule 3017(c).  In addition, the Combined Hearing Notice clearly provides that creditors and parties and interest may object to the conditionally approved Disclosure Statement at the Combined Hearing.  *See* **Exhibit "2"** attached to this Motion.  Therefore, Debtor has satisfied the requirements for conditional approval of the Disclosure Statement pursuant to Local Rule 3017.

**B.** <u>**Combined Hearing on Disclosure Statement and Plan Confirmation.**</u>

Section 105(d)(2)(B)(vi) of the Bankruptcy Code specifically contemplates that the Court may combine the hearing on approval of a disclosure statement with the hearing on confirmation of the plan.  <u>See</u> 11 U.S.C. § 105(d)(2)(B)(vi).[3]

Local Rule 3017 authorizes the plan proponent to request the scheduling of "a combined hearing on the conditionally approved disclosure statement and confirmation of plan." LR 3017(a)(3).

Debtor requests that the Court schedule a combined hearing on the conditionally approved Disclosure Statement and confirmation of the Plan because:

(i) the Disclosure Statement contains adequate information;

(ii) the Plan must be confirmed by June 28, 2023 in order to prevent a default under Debtor's DIP Financing Agreement;[4] and

(iii) avoiding the delay and duplication attendant to holding separate hearings will facilitate the expeditious and efficient resolution of this Chapter 11 Case.

---

[3] Specifically, Section 105(d)(2)(B)(vi) states in relevant part that:

The court on its own motion or on the request of a party in interest, may . . . unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, issue an order . . . [that] provides that *the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.*

<u>See</u> 11 U.S.C. § 105(d)(2)(B)(vi) (emphasis added).

[4] On February 8, 2023, the Debtor filed a *Motion for Interim and Final Orders: (I) Authorizing Debtor to Obtain Post-petition Senior Secured, Superpriority Financing; (II) Granting Liens and Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V)*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

Debtor has contacted the Court and requested potential dates for the Combined Hearing. The Courtroom Deputy kindly provided **June 28, 2023 at 10:30 a.m.** as the Combined Hearing date.[5] Setting the Plan and the conditionally approved Disclosure Statement for a Combined Hearing on June 28, 2023, will allow Debtor to provide more than 28 days' notice of confirmation of the Plan.

**C.    Proposed Solicitation Packages and Distribution Procedures.**

Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a Chapter 11 plan. This Bankruptcy Rule provides, in pertinent part, as follows:

> [u]pon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> > (1)    the plan or a court-approved summary of the plan;
> >
> > (2)    the disclosure statement approved by the court;
> >
> > (3)    notice of the time within which acceptances and rejections of such plan may be filed; and
> >
> > (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

---

*Granting Related Relief* [ECF No. 35] (the "DIP Financing Motion"), seeking approval of a financing agreement (the "DIP Financing Agreement") for a debtor in possession loan in the aggregate amount of $5 million.    On February 17, 2023, the Court entered its Interim Order approving the DIP Financing Motion on an interim basis [ECF No. 132] and a final basis [ECF No. 315, entered on March 20, 2023 (the "Final DIP Order")].

[5] This date has already been approved by the Court as the hearing date for confirmation of a plan in its *Order Establishing Bidding Procedures and Related Deadlines* [Docket No. 483] (the "Bid Procedures Order").

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

8

145008367.1

Following the entry of an order approving this Motion, Debtor proposes to distribute solicitation packages (the "Solicitation Packages") consisting of: (i) the Disclosure Statement, as may be subsequently amended, together with all attachments thereto, including the Plan;[6] (ii) the Combined Hearing Notice filed concurrently herewith; and (iii) if the party is entitled to vote, an appropriate Ballot or Ballots (as defined herein); to the following entities:

a) The Holders of Claims in Classes 3(a) and 3(b), which are the only Classes of Claims and Interests entitled to vote on the Plan (together, the "Voting Classes");

b) All parties who have requested special notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 (the "Special Notice Parties");

c) The UST and the governmental entities enumerated in Bankruptcy Rule 2002(j); and

d) All non-debtor parties to executory contracts and unexpired leases (collectively, "Executory Contracts") that have not already been assumed or rejected as of the Record Date.

Bankruptcy Rule 3017(d) further provides, in relevant part, as follows:

[i]f the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d).

Because the Plan does not alter the rights of Holders of Claims in certain Classes, thereby leaving them unimpaired, such Classes are not entitled to vote, but are presumed to have accepted the Plan pursuant to section 1126(f). In addition, because the Plan provides that Class 4 will not receive or retain any property under the Plan, Class 4 is not entitled to vote, but is presumed to have rejected the Plan pursuant to section 1126(g). Accordingly, Debtor proposes to distribute non-voting packages

---

[6] The Disclosure Statement and any other Solicitation Package materials may be disseminated in paper form, in PDF form on a CD-Rom or USB Flash Drive, or via electronic mail and will be available from Debtor's claims and noticing agent, Stretto, Inc. ("Stretto"), at https://cases.stretto.com/CashCloud (the "Stretto Website").

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

(the "Non-Voting Packages") consisting of: (i) the Combined Hearing Notice; and (ii) a notice of non-voting status, substantially in the form attached hereto as **Exhibit "3"** (the "Notice Of Non-Voting Status"), which identifies the Classes designated as Non-Voting Classes (defined below) and sets forth that a copy of the Plan and Disclosure Statement may be downloaded from the Stretto Website, or obtained by contacting Fox Rothschild LLP: Patricia Chlum, 1980 Festival Plaza Drive, Suite 700, Las Vegas, NV 89135, (702) 262-6899, pchlum@foxrothschild.com; to the Holders of Claims or Interests in Classes 1, 2(a), 2(b), 2(c), 2(d) and 4 (collectively, the "Non-Voting Classes") that were not disallowed, waived, or withdrawn by order of the Court or by stipulation.

Debtor submits that such notice satisfies the requirements of Bankruptcy Rule 3017(d), and accordingly, request that the Court direct that the Plan and Disclosure Statement need not be mailed to any Holder of a Claim or Interest in Classes 1, 2(a), 2(b), 2(c), 2(d) and 4 unless such party makes a specific request in writing for the same.

Debtor proposes to mail the Solicitation Packages and the Non-Voting Packages to the respective parties, as set forth above, as soon as practicable after entry of the Solicitation Order but no later than **May 15, 2023** (the "Solicitation Date").  Debtor further proposes to distribute the Combined Hearing Notice to all parties in the Consolidated Creditor Matrix maintained by Stretto, Debtor's claims noticing and balloting agent, that do not fall within any of the categories described above.

With respect to addresses from which the Solicitation Packages, Non-Voting Packages, or other notices or pleadings regarding this Chapter 11 Case have been returned by the United States Postal Service ("USPS") as undeliverable, Debtor requests relief from distributing Solicitation Packages and Non-Voting Packages to those entities listed at such addresses unless Debtor receive written notice of accurate addresses for such entities, or accurate forwarding addresses from the United States Postal Service, before the Solicitation Date; and Debtor further requests that the failure to distribute Solicitation Packages or Non-Voting Packages to such entities not constitute inadequate notice of the Combined Hearing (defined below), the Voting Deadline (defined below), or violation of Bankruptcy Rule 3017(d).

145008367.1

With respect to transferred Claims, (i) if the notice of transfer required by Bankruptcy Rule 3001(e)(2) is filed on or before the Record Date (defined below), Debtor proposes that the Solicitation Package be mailed to the transferee in accordance with the notice of transfer, and the transferee be entitled to vote to accept or to reject the Plan, and (ii) if the notice of transfer is filed after the Record Date, then the Solicitation Package be mailed to the original Holder of the Claim, and the original Holder of the Claim be entitled to vote to accept or to reject the Plan.

If a proof of claim clearly (i) is duplicative of another proof of claim filed by or on behalf of the same creditor, or (ii) amends and supersedes a prior proof of claim filed by or on behalf of the same creditor, Debtor requests that such proof of claim supersede the prior Claims for voting and tabulation purposes, and the ballot tabulator be excused from issuing a Ballot in connection with the duplicative, amended or superseded Claim.  Except as ordered by the Court, any amendments to proofs of claim after the Record Date shall not be considered for purposes of voting.

**D.**      **Forms of Ballots.**

Bankruptcy Rule 3017(d) requires Debtor to mail a form of ballot, substantially in the form of Official Form No. B314, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(c) provides that acceptance or rejection of a plan must be in writing, signed by the creditor or an authorized agent, and conform to the appropriate Official Form.  See Fed. R. Bankr. P. 3018(c).

Debtor proposes to distribute: (i) the ballot attached hereto as **Exhibit "4"** to the Holder of the Holder of the Class 3(a) AVT Claim (the "Class 3(a) Ballot"); and (ii) the ballot attached hereto as **Exhibit "5"** to the Holders of the Class 3(b) General Unsecured Claims (the "Class 3(b) Ballot") (collectively, the "Ballots").  Debtor submits that the Ballots substantially comply with Official Form No. B314, but have been modified to address the particular aspects of this Chapter 11 Case and to include certain additional information that Debtor believes to be relevant and appropriate for each Class of Claims that is entitled to vote to accept or reject the Plan.

**E.**      **Voting Deadline, Instructions and Record Date.**

Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court shall fix a time within which the holders of claims or equity security interests may accept or

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

reject a plan.  Debtor anticipates mailing the Solicitation Packages on or before the Solicitation Date.
Based on such schedule, Debtor proposes that the Court set **June 12, 2023 at 5:00 p.m. (Pacific
Time)** as the deadline to submit Ballots voting to accept or reject the Plan (the "<u>Voting Deadline</u>").[7]

In order to be counted as a vote to accept or reject the Plan, each Ballot must be properly
executed, completed, and delivered to Stretto, Debtor's claims and noticing agent, which shall also
serve as Balloting Agent.  Ballots can be submitted: (a) by uploading them on the "File a Ballot" tab
on the Stretto website at https://cases.stretto.com/CashCloud; (b) by email to
CashCloudBallot@stretto.com; or (c) by first class mail, overnight delivery or hand delivery to the
following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite
100, Irvine, CA 92602, in each case, such that they are actually received before the Voting Deadline.

Any Ballot received after the Voting Deadline will not be counted, unless Debtor has granted
an extension of the Voting Deadline in writing.  Additionally, a Ballot will not be counted if: (i) it is
illegible or contains insufficient information to permit the identification of the claimant; (ii) it is cast
by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the
Plan; (iii) it is otherwise properly completed, executed and timely filed, but (a) indicates both an
acceptance and rejection of the Plan, or (b) partially accepts and rejects the Plan; (iv) it is not signed;
(v) it is delivered to the Bankruptcy Court, or any person or entity other than the Balloting Agent;
and/or (vi) it is not cast in accordance with the procedures approved in the order approving this
Motion.  Notwithstanding the foregoing, any Ballot that is signed but that does not indicate an
acceptance or rejection of the Plan, will be deemed to be a Ballot accepting the Plan.

Creditors that have Claims in more than one Class under the Plan must submit a separate
Ballot for voting their Claims in each Class.  Any Creditor that requires additional copies of a Ballot
may obtain an additional Ballot pursuant to the instructions set forth in the Combined Hearing Notice
and the Ballots.

If an entity casts more than one eligible Ballot with respect to the same Claim before the
Voting Deadline, Debtor proposes the last valid Ballot received prior to that deadline will supersede

---

[7] This date has already been approved by the Court as the Voting Deadline in Bid
Procedures Order.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

1  any prior Ballot(s) submitted by such entity with respect to that Claim or Interest.

2  Any class that contains claims entitled to vote but no votes are returned for such class shall

3  be deemed to have accepted the Plan.

4  Debtor further proposes that, subject to any contrary order of the Court and except as

5  otherwise set forth herein, it may waive any defects or irregularities as to any particular Ballot at any

6  time, either before or after the Voting Deadline, and any such waivers shall be documented in the

7  vote tabulation report prepared by the Balloting Agent.

8  Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with

9  the confirmation of a Chapter 11 plan, "creditors and equity security holders shall include holders of

10  stock, bonds, debentures, notes and other securities of record on the date the order approving the

11  disclosure statement is entered or another date fixed by the court, for cause, after notice and a

12  hearing." Fed. R. Bankr. P. 3017(d).  Debtor requests that the Court set **May 8, 2023 at 5:00 p.m.**

13  **(Pacific Time)**, as the voting record date (the "Record Date").

14  Debtor will file a certification of acceptance and rejection of the Plan (the "Ballot Summary")

15  on or before **June 16, 2023**.

16  **F.    Notice of the Combined Hearing / Objection Deadline.**

17  Rule 2002(b) generally requires twenty-eight (28) days' notice for the deadline to file

18  objections and for the hearing on final approval of a disclosure statement and confirmation of a plan.

19  See Fed. R. Bankr. P. 2002(b).

20  On or before the Solicitation Date, Debtor proposes to provide to all parties in the

21  Consolidated Creditor Matrix maintained by Stretto as of the Record Date a copy of the Combined

22  Hearing Notice, substantially in the form attached hereto as **Exhibit "2,"** setting forth: (i) the date of

23  the conditional approval of the Disclosure Statement; (ii) the Record Date; (iii) the Voting Deadline;

24  (iv) the time fixed for filing objections to the adequacy of the Disclosure Statement, confirmation of

25  the Plan and/or the assumption/rejection of Executory Contracts; and (v) the time, date, and place for

26  the Combined Hearing.  As also set forth above, such notice will be sent contemporaneously with the

27  Solicitation Packages and the Non-Voting Packages.

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Debtor proposes that the Court set **June 12, 2023 at 5:00 p.m. (Pacific Time)**, as the last date to file objections to the Plan, including any objection to adequacy of the conditionally approved Disclosure Statement or to the assumption or rejection of any Executory Contract (the "Objection Deadline").[8] This date provides the requisite twenty-eight (28) days from the service of the Combined Hearing Notice to file any objection.

Debtor further proposes that the Court direct any objections to the adequacy of the Disclosure Statement, confirmation of the Plan and/or the rejection of any Executory Contract ("Objections") shall:

    (i)    be in writing;

    (ii)    conform to the Bankruptcy Rules and the Local Rules;

    (iii)    set forth the name of the objector, the nature and amount of claims or interests held or asserted by the objector against the Debtor's estate or property, the basis for the objection and the specific grounds therefor;

    (iv)    be served via electronic mail, personal service or overnight delivery upon: (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY

---

[8] This date has already been approved by the Court as the Objection Deadline in the Bid Procedures Order.

145008367.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1      10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea

2      Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV

3      89134, Attn: James Patrick Shea; (e) counsel to the Committee

4      of Unsecured Creditors (the "<u>Committee</u>"), (i) Seward & Kissel

5      LLP, One Battery Park Plaza, New York, New York 10004,

6      Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald

7      Carano Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las

8      Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the

9      United States Trustee, 300 Las Vegas Boulevard S., Suite 4300,

10     Las Vegas, NV 89101, Attn: Jared A. Day;

11     (v)    be filed with the Clerk of the United States Bankruptcy Court

12            for the District of Nevada, in each case so as to be received no

13            later than 5:00 p.m. (Pacific Time) on the Objection Deadline.

14     Debtor further proposes that the Court set **June 19, 2023 at 5:00 p.m. (Pacific Time)**, as the

15     last date to file and serve replies to any Objections (the "<u>Reply Deadline</u>").[9]

16                              **V.    <u>CONCLUSION</u>**

17     WHEREFORE, Debtor respectfully requests that the Court enter an Order substantially in the

18     form attached hereto as **Exhibit "1,"** thereby determining and ordering, *inter alia*, as follows:

19     1.     That the proposed Disclosure Statement contains adequate information and is

20     conditionally approved;

21     2.     That the Solicitation Procedures are approved;

22     3.     That the Combined Hearing Notice attached hereto as **Exhibit "2"** is approved;

23     4.     That on or before May 15, 2023, Debtor shall distribute: (A) the Solicitation Package

24     to (i) Holders of Claims in Classes 3(a) and 3(b), which are the only Classes of Claims and Interests

25     entitled to vote on the Plan, and (ii) any party to an Executory Contract that has not been assumed or

26     rejected as of the Record Date; and (B) the Non-Voting Package, including the "Notice of Non-Voting

27     _____

28     [9] This date has already been approved by the Court as the Reply Deadline in the Bid
       Procedures Order.

145008367.1

Status" attached hereto as **Exhibit "3,"** to Holders of Claims and Interests in Classes 1, 2(a), 2(b), 2(c), 2(d) and 4, and that such distribution shall constitute full compliance with Rule 3017(d);

5. That the form and content of the Ballots attached hereto as **Exhibits "4" & "5"** are approved;

6. That the Record Date shall be set for May 8, 2023 at 5:00 p.m. for voting purposes;

7. That the Voting Deadline shall be set for June 12, 2023 at 5:00 p.m;

8. That Debtor's counsel shall be authorized, but not directed to cure invalid Ballots, as documented in the Ballot Summary;

9. That the Ballot Summary be filed no later than June 16, 2023;

10 That the Combined Hearing shall be set for June 28, 2023 at 10:30 a.m.; and

11. Granting such other and further relief as is just and proper.

Dated this 8th day of May, 2023.

**FOX ROTHSCHILD LLP**

By:      */s/Brett Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

1

2

**EXHIBIT 1**
**PROPOSED SOLICITATION ORDER**

3

4  BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
5  NICHOLAS A. KOFFROTH, ESQ.
   Nevada Bar No. 16264
6  ZACHARY T. WILLIAMS, ESQ.
   Nevada Bar No. 16023
7
8  **FOX ROTHSCHILD LLP**
   1980 Festival Plaza Drive, Suite 700
9  Las Vegas, Nevada 89135
   Telephone: (702) 262-6899
10 Facsimile: (702) 597-5503
   Email: baxelrod@foxrothschild.com
11        nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
12 *Counsel for Cash Cloud, Inc.*
   *dba Coin Cloud*

13

14

15  **UNITED STATES BANKRUPTCY COURT**

16  **DISTRICT OF NEVADA**

| In re | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD | Chapter 11 |
| Debtor. | **ORDER PURSUANT TO 11 U.S.C. § 105(d)(2)(B)(vi), FED. R. BANKR. P. 3017.1 AND LOCAL RULE 3017 IMPLEMENTING EXPEDITED SOLICITATION AND CONFIRMATION PROCEDURES INCLUDING: (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) SETTING COMBINED HEARING ON FINAL APPROVAL OF DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (III) APPROVING (A) FORM AND SCOPE OF COMBINED HEARING NOTICE, AND (B) FORM OF BALLOTS; (IV) SCHEDULING VOTING AND OBJECTION DEADLINES; AND (V) GRANTING RELATED RELIEF** |

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

17

The Court, having reviewed and considered the *Ex Parte Motion* (the "Motion") filed by Debtor for entry of an order implementing expedited solicitation and confirmation procedures pursuant to sections 105(d)(2)(B)(vi), 1125, 1126 and 1128 of title 11 of the United States Code, §§ 101 et. seq. (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3017.1, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3016, 3017 and 3018 of the Local Rules for the United States Bankruptcy Court, District of Nevada ("Local Rules") including: (1) conditionally approving the proposed *Disclosure Statement Prepared in Connection with Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (the "Disclosure Statement")[10]; (2) setting a combined hearing on the final approval of the Disclosure Statement and confirmation of the *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (the "Plan"); (3) approving (a) the form and scope of the notice (the "Combined Hearing Notice") of the hearing on final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing"), and (b) the form of ballots (the "Ballots") for the Plan; (4) approving the other deadlines and procedures (the "Solicitation Procedures") for solicitation and confirmation of the Plan as set forth in **Exhibit "A"** to this Order; and (5) granting related relief; and it appearing that the relief requested is in the best interests of Debtor's estate, its creditors and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered all other pleadings and evidence submitted by the parties in connection with the Motion; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and good and sufficient cause appearing therefor,

---

[10] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is granted.

2.      The Disclosure Statement is conditionally approved as providing adequate information as required by section 1125 of the Bankruptcy Code.

3.      The forms of Combined Hearing Notice, Notice of Non-Voting Status, and Ballots attached hereto as **Exhibits "2"** through **"5"** are approved.

4.      The Record Date for purpose of voting on the Plan is May 8, 2023.

5.      On or before May 15, 2023, Debtor must mail: (i) the Solicitation Packages to the Holders of Claims, as of the Record Date, in Classes 3(a) and 3(b); (ii) the Notice of Non-Voting Status to the Holders of Claims and Interests in Classes 1, 2(a), 2(b), 2(c), 2(d) and 4; and (iii) the Combined Hearing Notice to all other creditors, interest holders and parties in interest.

6.      The Voting Deadline is June 12, 2023 at 5 p.m. Pacific Standard Time.

7.      The Objection Deadline is June 12, 2023 at 5 p.m. Pacific Standard Time.

8.      The Reply Deadline is June 19, 2023 at 5 p.m. Pacific Standard Time.

9.      The Combined Hearing will be held on June 28, 2023 at 10:30 a.m.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By___/s/_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☒   The Court has waived the requirement of approval in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion

☐   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

145008367.1

## EXHIBIT A

## SOLICITATION PROCEDURES

These Solicitation Procedures are for use in connection with the *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (the "Plan"). Capitalized terms used but not defined herein have the meaning set forth in the Plan.

### A.    VOTING ELIGIBILITY

**1.    Record Date.** Pursuant to Bankruptcy Rule 3018, May 8, 2023 at 5:00 p.m. (prevailing Pacific Time) shall be the date (the "Record Date") upon which the Holder of a particular Claim as of the Record Date is identified as the party entitled to vote such Claim to accept or reject the Plan.

**2.    Claims Eligible To Vote.**    Debtor will solicit votes to accept or reject the Plan only from the following Classes, which are Impaired under the Plan (the "Impaired Voting Classes"):

- Class 3(a):  AVT Claim

- Class 3(b):  General Unsecured Claims

Debtor will solicit votes only from the following Holders of Claims or Interests in the Impaired Voting Classes ("Eligible Holders")[11].

(a)    Each Holder of a Claim in an Impaired Class that is listed in Debtor's Schedules (as they may have been amended prior to the Record Date), is eligible to vote in accordance with 3(a) below; unless such Claim has been superseded by a timely-filed Proof of Claim;

(b)    Each Holder of a Claim in an Impaired Class (i) for which a Proof of Claim has been or is deemed to be timely-filed and not withdrawn or disallowed prior to the Record Date (as defined below), as reflected on the Claims Register, and (ii) as to which no objection to expunge or disallow has been filed prior to the Record Date; [see 3(d) for proposed criteria on objections]

(c)    Any other Holder of a Claim in an Impaired Class that is determined to be eligible to vote to accept or reject the Plan either by (i) agreement of Debtor, (ii) as deemed allowed under the Plan, or (iii) by order of the Bankruptcy Court; and

(d)    Each Holder of record of an Interest in an Impaired Class.

**3.    Amount of Claims for Voting Purposes.**    Eligible Holders of Claims in Impaired Classes shall be allowed to vote their Claims in:

---

[11] For the avoidance of doubt, Claims that have been paid or disallowed as of the Record Date, and Proofs of Claim filed for $0.00, are not entitled to vote.

21

145008367.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(a)   The amount listed in Debtor's Schedules (as they may have been amended prior to the Record Date) for any Claim (i) *provided* that if the applicable Bar Date has not expired prior to the Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00 and further provided, if the applicable Bar Date has expired prior to the Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated, for which a Proof of Claim was neither filed by the applicable bar date nor deemed timely filed by the Record Date, shall be disallowed for voting purposes, (ii) that has not been superseded by a timely-filed Proof of Claim;

(b)   The liquidated amount set forth in a Proof of Claim filed by an Eligible Holder that has been or is deemed to be timely-filed and not withdrawn or disallowed prior to the Record Date, as reflected on the Claims Register;

(c)   If a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Balloting Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(d)   If the Debtor has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(e)   For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(d)   Such other amount agreed by Debtor or ordered by the Bankruptcy Court.

**4.   Reservation of Rights re: Estimation and/or Designation; Limited Effect.** Nothing herein shall be a waiver or otherwise limit the rights of Debtor, at any time, to seek an order of the Bankruptcy Court (a) estimating the amount of any Claim, whether for voting purposes or otherwise, or (b) designating a Claim pursuant to section 1126(e) of the Bankruptcy Code.

Any determination, statement or action regarding the status of an Eligible Holder or amount of claim for voting purposes shall be applicable only with respect to whether and the extent to which a party's Claim may be voted to accept or reject the Plan and not for purposes of distribution under the Plan or otherwise unless specifically agreed by the parties or ordered by the Bankruptcy Court.

## B.   NOTICING

**1.   The Combined Hearing Notice**.    On or before May 15, 2023 (the "Solicitation Date"), Debtor shall send the Combined Hearing Notice via U.S. Mail to all parties in the Consolidated Creditor Matrix maintained by Debtor's claims and noticing agent, Stretto, Inc. (the "Balloting Agent"), as of the Record Date.  The Combined Hearing Notice shall be in the form attached as **Exhibit "2"** to the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

For certain entities, the Combined Hearing Notice shall be included in the Solicitation Package (defined below) or the Non-Voting Package (defined below).

**2.** **Non-Voting Packages.** Debtor shall not solicit votes to accept or reject the Plan from the Holders of unclassified Claims (Administrative Claims and Priority Tax Claims) and Claims in Unimpaired Classes (Classes 1, 2(a), 2(b), 2(c), and 2(d)), which are deemed to accept the Plan unanimously pursuant to section 1126(f) of the Bankruptcy Code, and Interests in Class 4, which will not receive or retain any property under the Plan and are therefore deemed to reject the Plan unanimously pursuant to section 1126(g) of the Bankruptcy Code.

On or before the Solicitation Date, Debtor shall send via U.S. Mail (i) the Combined Hearing Notice, and (ii) a Notice of Non-Voting Status to the parties listed in the foregoing paragraph (collectively, the "Non-Voting Packages"). The Notice of Non-Voting Status shall be in the form attached to the Motion as **Exhibit "3."** Some or all of the Non-Voting Packages may consist of a CD-ROM, USB Flash Drive or other electronic media in lieu of a paper hardcopy.

**3.** **The Solicitation Packages.** Debtor shall prepare packages of solicitation materials (the "Solicitation Packages") to the following entities:

(a)     The Holders of Claims or Interests in Classes 3(a) and 3(b), which are the only Classes of Claims and Interests entitled to vote on the Plan (together, the "Voting Classes");

(b)     All parties who have requested special notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002;

(c)     The Office of the United States Trustee and the governmental entities enumerated in Bankruptcy Rule 2002(j); and

(d)     All non-debtor parties to executory contracts and unexpired leases that have not already been assumed or rejected as of the Record Date.

The Solicitation Packages shall consist of:

(a)     the *Disclosure Statement Prepared In Connection with Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (which includes a copy of the Plan attached as Exhibit A);

(b)     if the party is entitled to vote, an appropriate Ballot or Ballots; and

(c)     the Combined Hearing Notice.

The Ballots for Classes 3(a) and 3(b) shall be in the forms attached to the Motion as **Exhibits "4"** and **"5."**

Some or all of the Solicitation Packages may consist of a CD-ROM, USB Flash Drive or other electronic media in lieu of a paper hardcopy.

The Solicitation Packages shall be sent via U.S. Mail not later than the Solicitation Date. To the extent a party becomes entitled to receive a Solicitation Package subsequent to the Solicitation

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

Date, Debtor shall promptly cause a Solicitation Package to be transmitted by whatever method is reasonable and cost effective under the circumstances.

    **4.**    <u>**Addresses**</u>.  Debtor shall mail Notices and/or Solicitation Packages, as applicable to:

(a)    the address listed in the Schedules for any Claim that has not been superseded by a timely-filed Proof of Claim;

(b)    the address listed in a timely-filed Proof of Claim or request for allowance and/or payment of Administrative Claim;

(c)    the address listed in a request for special notice; or

(d)    the address listed in Debtor's books and records for any party that (i) does not have a Claim listed in the Schedules, and (ii) has not filed a Proof of Claim or request for allowance and/or payment of Administrative Claim.

    **5.**    <u>**Undeliverable Mail**</u>.  Notwithstanding the foregoing, Debtor shall not be required to mail any notice, Solicitation Package or Non-Voting Package to any address to which Debtor has sent notice or other pleading and such notice or other pleading was returned as undeliverable, unless Debtor is provided with or otherwise locate a current address or forwarding address on or before the Solicitation Date.  This provision shall not affect an Eligible Holder's right to vote to accept or reject the Plan, but merely serves to limit Debtor's obligation to provide notices and other materials.  The failure to distribute Solicitation Packages or Non-Voting Packages to such entities does not constitute inadequate notice of the Combined Hearing, Voting Deadline or violation of Bankruptcy Rule 3017(d).  With respect to addresses from which the Solicitation Packages and Non-Voting Packages have been returned by USPS as undeliverable, Debtor is relieved from distributing such Solicitation Packages and Non-Voting Packages to those entities; and the failure to distribute Solicitation Packages and Non-Voting Packages to such entities does not constitute inadequate notice of the Combined Hearing, the Voting Deadline, or violation of Bankruptcy Rule 3017(d).

## C.    <u>SUBMISSION AND TABULATION OF VOTES</u>

    **1.**    <u>**Completion of Ballots**</u>.  Eligible Holders must vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and may not split any votes.  A person signing a Ballot in the capacity of trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by Debtor, must submit proper evidence to demonstrate such person's authority.

    **2.**    <u>**Submission of Ballots; Voting Deadline**</u>.    In order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and returned to Debtor's Balloting Agent in the following manner: (a) by uploading them on the "File a Ballot" tab on the Stretto website at https://cases.stretto.com/CashCloud; (b) by email to CashCloudBallot@stretto.com; or (c) by first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, in each case, such that they are actually received before the Voting Deadline.

    **The deadline for Ballots to be <u>actually received</u> by the Balloting Agent is 5:00 p.m. (prevailing Pacific Time) on June 12, 2023.**

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

24

The method of delivery of Ballots to the Balloting Agent by an Eligible Holder is at the election and risk of each Eligible Holder, and a Ballot will be considered delivered only when <u>actually received</u> by the Balloting Agent via one of the permitted forms of transmission set forth above.

**3.** **<u>Tabulation of Ballots</u>.** The Balloting Agent shall tabulate all Ballots received as follows:

(a)   The Balloting Agent will date and time-stamp all Ballots as and when received;

(b)   Creditors and/or Interest Holders that have Claims and/or Interests in more than one Class under the Plan must submit a separate Ballot for voting their Claims and/or Interests in each Class.

(c)   If an entity casts more than one eligible Ballot with respect to the same Claim or Interest before the Voting Deadline, then the last valid Ballot received prior to that deadline will supersede any prior Ballot(s) submitted by such entity with respect to that Claim or Interest.

(d)   Any Ballot that is incomplete or that is not received by the Voting Deadline will not be counted unless Debtor has granted an extension of the Voting Deadline in writing.

(e)   Any Ballot received after the Voting Deadline will not be counted, unless Debtor has granted an extension of the Voting Deadline in writing.  Additionally, a Ballot will not be counted if: (i) it is illegible or contains insufficient information to permit the identification of the claimant; (ii) it is cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iii) it is otherwise properly completed, executed and timely filed, but (a) indicates both an acceptance and rejection of the Plan, or (b) partially accepts and rejects the Plan; (iv) it is not signed; (v) it is delivered to the Bankruptcy Court, or any person or entity other than the Balloting Agent; and/or (vi) it is not cast in accordance with these Solicitation Procedures.  Notwithstanding the foregoing, any Ballot that is signed but that does not indicate an acceptance or rejection of the Plan, will be deemed to be a Ballot accepting the Plan.

(f)   Subject to contrary order of the Bankruptcy Court, Debtor and the Balloting Agent shall have the exclusive right to apply these Solicitation Procedures to the tabulation of Ballots;

(g)   Subject to contrary order of the Bankruptcy Court, Debtor may waive any defects or irregularities as to any particular Ballot in its sole discretion, at any time either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation report prepared by the Balloting Agent;

(h)   Eligible Holders may cure any irregularities or deficiencies in a submitted Ballot prior to the Voting Deadline by submitting a corrected Ballot in accordance with the Ballot submission requirements set forth herein;

(i)   On or before June 16, 2023, Debtor shall file with the Bankruptcy Court a voting report prepared by the Ballot Agent (the "<u>Ballot Summary</u>"), which shall, among other things, list by Class (i) Ballots voted to accept the Plan, (ii) Ballots voted to reject the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

25

145008367.1

Plan, (iii) Ballots that do not conform to these procedures or that contain any form of irregularity including, but not limited to, Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures or necessary information, damaged, or submitted by a party that is not an Eligible Holder;

(j)     Any class that contains claims entitled to vote but no votes are returned for such class shall be deemed to have accepted the Plan; and.

(k)     Debtor shall not be under any duty to provide notification of defects or irregularities with respect to submitted Ballots other than as provided in the Ballot Summary.

Determinations regarding the tabulation of Ballots shall be applicable only with respect to whether and the extent to which an Eligible Holder's Claim in an Impaired Class is voted to accept or reject the Plan and not for purposes of distribution under the Plan or otherwise.

## D.     **COMBINED HEARING**

The Combined Hearing on final approval of the Disclosure Statement and confirmation of the Plan is scheduled for **June 28, 2023 at 10:30 a.m. (prevailing Pacific Time)**.    The Combined Hearing may be continued from time to time as announced in open court and no further notice of such continuance shall be provided.

The deadline to object to the Disclosure Statement and Plan is **June 12, 2023 at 5:00 p.m. (prevailing Pacific Time)** (the "Objection Deadline").  To be considered by the Bankruptcy Court, any objection to the adequacy of the Disclosure Statement and/or confirmation of the Plan must:

(a)     be in writing;

(b)     conform to the Bankruptcy Rules and the Local Rules;

(c)     state the name and address of the objecting party and the amount and nature of any Claim or Interest of such party;

(d)     state with particularity the basis and nature of such objection and, if practicable, a proposed modification to the Disclosure Statement and/or Plan that would resolve such objection; and

(e)     be filed with the Bankruptcy Court and served, on or before the Objection Deadline, via electronic mail, personal service or overnight delivery upon: (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea; (e) counsel to the Committee of Unsecured Creditors (the "Committee"), (i) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald Carano

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day.

Any party-in-interest who fails to (a) object to the approval of the Disclosure Statement and/or confirmation of the Plan in writing, (b) timely file such objection in compliance with the Local Rules, and (c) timely serve such objection as set forth above, shall be deemed to have waived any objection to the approval of the Disclosure Statement and/or confirmation of the Plan.

On or before June 19, 2023, at 5:00 p.m. (prevailing Pacific Time) Debtor shall file its memorandum in support of confirmation of the Plan, which shall include any reply to any timely-filed objection(s).

Debtor expressly reserves the right to amend from time to time the terms of the Plan.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

# EXHIBIT 2

1   BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
2   NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
3   ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
4   **FOX ROTHSCHILD LLP**
5   1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
6   Telephone: (702) 262-6899
    Facsimile: (702) 597-5503
7   Email: baxelrod@foxrothschild.com
8   nkoffroth@foxrothschild.com
            zwilliams@foxrothschild.com
9   *Counsel for Debtor*

10

11              **UNITED STATES BANKRUPTCY COURT**

12                      **DISTRICT OF NEVADA**

13  In re                             | Case No. BK-23-10423-mkn

14      CASH CLOUD, INC.,             | Chapter 11
        dba COIN CLOUD,
15                                    | **NOTICE OF COMBINED HEARING RE:**
                Debtor.               | **(I) FINAL APPROVAL OF DISCLOSURE**
16                                    | **STATEMENT; AND**
                                      | **(II) CONFIRMATION OF CHAPTER 11**
17                                    | **PLAN OF REORGANIZATION**
                                      | **DATED MAY 8, 2023**
18
                                      | Hearing Date:    June 28, 2023
19                                    | Hearing Time:   10:30 a.m.

20

21          **PLEASE TAKE NOTICE** that on May 8, 2023, Cash Cloud, Inc. dba Coin Cloud
22  ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"),
23  filed an *Ex Parte Motion for Order (I) Approving (A) Adequacy of Disclosure Statement, (B)*
    *Procedures and Schedule for the Solicitation, Submission and Tabulation of Votes, (C) Form and*
24  *Scope of Notices, and (D) Form of Ballots and Related Documents; (II) Scheduling Confirmation*
    *Hearing and Related Deadlines; and (III) Granting Related Relief* [Docket No. XXX] (the
25  "Motion"),[1] seeking, among other things, conditional approval of the adequacy of Debtor's
26  *Disclosure Statement in Connection with Debtor's Chapter 11 Plan of Reorganization Dated May 8,*
    *2023* [Docket No. 529]  (the "Disclosure Statement").

27  _____

28          [1] Capitalized terms not defined herein shall the meanings assigned to them in the Motion.

                                      1

145110480.2

**PLEASE TAKE FURTHER NOTICE** that on _____, 2023, the United States Bankruptcy Court for the District of Nevada (the "<u>Bankruptcy Court</u>") entered an *Order* granting the Motion [Docket No. XXX] (the "<u>Solicitation Order</u>") which, among other things, conditionally approved the Disclosure Statement and directed the Debtor to solicit votes with regard to the approval or rejection of the *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* [Docket No. 528] (the "<u>Plan</u>").

**PLEASE TAKE FURTHER NOTICE** that a combined hearing to consider the final approval of the Disclosure Statement, as well as confirmation of the Plan (the "<u>Combined Hearing</u>") will commence at **10:30 a.m. prevailing Pacific Time** on **June 28, 2023**, before the Honorable Mike K. Nakagawa, United States Bankruptcy Judge, the Foley Federal Building, 300 Las Vegas Boulevard South, Courtroom No. 2, Las Vegas, Nevada.  The Combined Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest.  The Bankruptcy Court, in its discretion, may impose certain procedural rules governing the Combined Hearing.

**NOTICE IS FURTHER GIVEN** that the hearing will be held remotely.   Parties are permitted to appear telephonically by dialing (669) 254-5252 and entering meeting ID 161 062 2560 and entering access code or passcode 029066#.

**NOTICE IS FURTHER GIVEN** that if you do not want the court to grant the relief sought, or if you want the court to consider your views on the Plan and Disclosure Statement, then you must file an opposition with the Bankruptcy Court, and serve a copy as instructed below.

---

If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court.  You *must* also serve your written response on the person who sent you this notice.  <u>If you do not file a written response</u> with the court, or <u>if you do not serve your written response</u> on the person who sent you this notice, then:
- The court may *refuse to allow you to speak* at the scheduled hearing; and
- The court may *rule against you* without formally calling the matter at the hearing.

---

**PLEASE TAKE FURTHER NOTICE** that the deadline to file and serve objections to the final approval of the Disclosure Statement and confirmation of the Plan is **June 12, 2023 at 5:00 p.m. (Pacific Time)** (the "<u>Objection Deadline</u>").  Creditors and parties in interest may object to the conditionally approved Disclosure Statement as permitted by Bankruptcy Rule 3017.1 and Local Rule 3017.  Any objection to the Disclosure Statement and/or to the Plan must:

(i)     be in writing;

(ii)    conform to the Bankruptcy Rules and the Local Rules;

(iii)   set forth the name of the objector, the nature and amount of claims or interests held or asserted by the objector against the Debtor's estate or property, the basis for the objection and the specific grounds therefor, set forth all relevant facts and legal authority, and be supported by affidavits or declarations that conform to Local Rule 9014(c);

(iv)   be served via electronic mail, personal service or overnight delivery upon: (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada  89135
(702) 262-6899
(702) 597-5503 (fax)

145110480.2

Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea; (e) counsel to the Committee of Unsecured Creditors (the "Committee"), (i) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald Carano Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day; and

(v)   be filed with the Clerk of the United States Bankruptcy Court for the District of Nevada,

in each case so as to be received no later than 5:00 p.m. (Pacific Time) on the Objection Deadline.

Any party-in-interest who fails to (a) object to the approval of the Disclosure Statement, and/or confirmation of the Plan in writing, (b) timely file such objection in compliance with the Local Rules, and (c) timely serve such objection as set forth above, shall be deemed to have waived any objection to the approval of the Disclosure Statement and/or the confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Order, the Bankruptcy Court approved the Solicitation Procedures attached as Exhibit "A" to the Solicitation Order. The Solicitation Procedures govern various important aspects of the means by which the Debtor will solicit votes on and seek confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Disclosure Statement, the Solicitation Order and other documents are available: (a) electronically through the Court's CM/ECF system at http://ecf.nvb.uscourts.gov (PACER account required); (b) electronically on the following website: https://cases.stretto.com/CashCloud; or (c) by contacting Debtor's counsel, Fox Rothschild, LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135; telephone: (702) 262-6899; Attn: Patricia Chlum, Paralegal, email: pchlum@foxrothschild.com.

Dated this ___ day of May, 2023.

**FOX ROTHSCHILD LLP**

By    */s/Brett A. Axelrod*
      BRETT A. AXELROD, ESQ.
      Nevada Bar No. 5859
      NICHOLAS A. KOFFROTH, ESQ.
      Nevada Bar No. 16264
      ZACHARY T. WILLIAMS, ESQ.
      Nevada Bar No. 16023
      1980 Festival Plaza Drive, Suite 700
      Las Vegas, Nevada 89135
      *Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145110480.2

3

# EXHIBIT 3

1  BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
2  NICHOLAS A. KOFFROTH, ESQ.
   Nevada Bar No. 16264
3  ZACHARY T. WILLIAMS, ESQ.
   Nevada Bar No. 16023
4  **FOX ROTHSCHILD LLP**
   1980 Festival Plaza Drive, Suite 700
5  Las Vegas, Nevada 89135
   Telephone: (702) 262-6899
6  Facsimile: (702) 597-5503
   Email: baxelrod@foxrothschild.com
7  nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
8  *Counsel for Debtor*

9

10                **UNITED STATES BANKRUPTCY COURT**

11                     **DISTRICT OF NEVADA**

12  In re                              Case No. BK-23-10423-mkn

13      CASH CLOUD, INC.,              Chapter 11
        dba COIN CLOUD,
14                                     **NOTICE OF NON-VOTING
                  Debtor.              STATUS RE: CHAPTER 11 PLAN
15                                     OF REORGANIZATION
                                       DATED MAY 8, 2023**
16
                                       Plan Confirmation Hearing Date:
17                                     June 28, 2028 at 10:30 a.m.

18

19      **PLEASE TAKE NOTICE** that on April 27, 2023, the United States Bankruptcy Court for

20  the District of Nevada (the "<u>Bankruptcy Court</u>") entered an order [Docket No. XXX] (the

21  "<u>Solicitation Order</u>"):[1] (i) conditionally approving the *Disclosure Statement* [Docket No. 529] filed

22  in connection with *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* [Docket No. 528]

23  (the "<u>Plan</u>"); (ii) approving certain procedures, deadlines and forms for use by Cash Cloud, Inc. dba

24  Coin Cloud ("<u>Debtor</u>"), debtor and debtor in possession in the above-captioned case (the "<u>Chapter 11</u>

25  <u>Case</u>"), in soliciting votes to accept or reject Debtor's Plan; and (iii) granting related relief.

26

27  ───────────────────────
        [1] Capitalized terms not defined herein shall have the meanings assigned to them in the
28  Solicitation Order.

                                       1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Order, the Bankruptcy Court approved the Solicitation Procedures attached as Exhibit "A" to the Solicitation Order.  The Solicitation Procedures govern various important aspects of the means by which Debtor will solicit votes on and seek confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Procedures, Debtor will not solicit votes to accept or reject the Plan from: (i) the Holders of unclassified Claims (Administrative Claims and Priority Tax Claims); (ii) the Holders of Claims in Unimpaired Classes 1, 2(a), 2(b), 2(c), and 2(d), which are deemed to accept the Plan unanimously pursuant to section 1126(f) of the Bankruptcy Code; and (iii) the Holders of Interests in Impaired Class 4, which are deemed to reject the Plan unanimously pursuant to section 1126(g) of the Bankruptcy Code.

**You are receiving this notice because the claims register, Debtor's Schedules of Assets and Liabilities filed in the Chapter 11 Case, Debtor's books and records and/or the record in the Chapter 11 Case indicates that you are the Holder of a Claim or Interest that falls into one of the three preceding categories.  As such, this Notice is being sent to you for informational purposes only and not to solicit your vote on the Plan**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Disclosure Statement, the Solicitation Order, and other documents are available: (a) electronically through the Court's CM/ECF system at http://ecf.nvb.uscourts.gov (PACER account required); (b) electronically on the following website:  https://cases.stretto.com/CashCloud; or (c) by contacting Debtor's counsel, Fox Rothschild, LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135; telephone: (702) 262-6899; Attn: Patricia Chlum, Paralegal, email: pchlum@foxrothschild.com.

Dated this ___ day of May 2023.

**FOX ROTHSCHILD LLP**

By ___*/s/Brett A. Axelrod*_____
    BRETT A. AXELROD, ESQ.
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for the Debtor*

Active\124527595.v3-10/21/21

2

# EXHIBIT 4

**BALLOT FOR ACCEPTING OR REJECTING**
**CASH CLOUD, INC., dba COIN CLOUD'S**
**CHAPTER 11 PLAN OF REORGANIZATION**
**DATED MAY 8, 2023**

*For Use by Record Holder of Class 3(a) AVT Claim*

**DEADLINE FOR RECEIPT OF BALLOTS:**
**JUNE 12, 2023**
**5:00 P.M. PACIFIC STANDARD TIME**

Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), has proposed *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (the "Plan"), and its *Disclosure Statement* prepared in connection with the Plan (the "Disclosure Statement").[1]  The Disclosure Statement provides information to assist you in deciding how to vote your ballot.

Debtor has filed a petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing Chapter 11 Case No. 23-10423-mkn, pending before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

The Plan referred to in this Ballot and transmitted concurrently herewith, can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount, and more than one-half in number, of the claims in each class voting on the Plan.  In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and it otherwise satisfies the requirements of Bankruptcy Code section 1129.

To have your vote count, you must fully complete the Ballot in accordance with the instructions and return this Ballot by the deadline indicated above.  Before casting your vote, please refer to the Disclosure Statement and the Plan, both of which are transmitted concurrently herewith. If you do not have a Disclosure Statement or Plan, you may obtain a copy by either: (a) downloading it from the website maintained by Debtor's Balloting Agent, Stretto Inc. ("Stretto"), at https://cases.stretto.com/CashCloud;  or  (b)  written  request  via  (i)  email  to CashCloudBallot@stretto.com, or (ii) first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 3(a) under the Plan.  If you hold claims**

---

[1] Capitalized terms not defined herein have the meanings assigned to them in the Disclosure Statement.

1

145338719.1

or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

**If your ballot is not received by Stretto on or before <u>5:00 p.m. Pacific Time on June 12, 2023</u>, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. You may submit your ballot by: (a) uploading it on the "File a Ballot" tab on the Stretto Website at https://cases.stretto.com/CashCloud; (b) email to CashCloudBallot@stretto.com; or (c) first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. If you need additional copies of the Ballot, you should send your <u>written</u> request for a Ballot: (a) by email to CashCloudBallot@stretto.com; or (b) by first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.**

If your Ballot is damaged, if you need additional Ballots, or if you have any questions concerning voting procedures, please <u>write</u>: (a) by email to CashCloudBallot@stretto.com; or (b) by first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

Each Ballot votes only your Claims marked on the Ballot. You must vote a separate Ballot for each Class of Claims you hold. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class *only* if you fill out and return the Ballot for that Class in accordance with the instructions set forth in this Ballot. If a Ballot is not completed in its entirety so that all the required information and signatures are provided, the Ballot will not be counted.

If you complete and return more than one Ballot to be counted for the same Claim, the Ballot received closest to, but on or before, the deadline to return Ballots shall be the Ballot that is counted.

If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, partner of a partnership, or other person acting in a fiduciary or representative capacity, such person should indicate his or her capacity when signing.

Do not return any securities, instruments, or other documentation with the Ballot.

If the Plan is subsequently confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

145338719.1

**Summary of Plan Treatment of Class 3(a):  AVT Claim[2]**

On or as soon as reasonably practicable after the Effective Date, Reorganized Debtor shall transfer to the Creditor Trust: (A) the Creditor Trust Funding Amount; and (B) the Creditor Trust Assets.  Notwithstanding anything to the contrary herein, in full and final satisfaction, settlement, release, and discharge of, and in exchange for release of the Allowed AVT Claim, the Holder of such AVT Claim shall:

(A) *if a Sale occurs*:  receive its share of (1) the Net Sale Proceeds on or as soon as reasonably practicable after the Effective Date, and (2) the Creditor Trust Proceeds if and when they are liquidated in accordance with the Creditor Trust Agreement, in both cases of (1) and (2), as determined Pro Rata based on the Aggregate Amount of the Allowed AVT Claim and all Allowed General Unsecured Claims; or

(B) *if a Sale does not occur*:  receive its share of the Creditor Trust Proceeds if and when liquidated in accordance with the Creditor Trust Agreement, as determined Pro Rata based on the Aggregate Amount of the Allowed AVT Claim and all Allowed General Unsecured Claims.

**Vote**

The undersigned, the holder of the Class 3(a) AVT Claim, in the amount of $_____, hereby:

**[Check one box only]**

☐ Accepts the Plan          ☐ Rejects the Plan

Dated: _____

Print or type Name: _____

Signature: _____

Title (if corporation or partnership): _____

Address: _____

_____

_____

---

[2] To extent that there is any inconsistency between the summary of the Plan's treatment of the Class 3(b) Claims contained herein and the Plan itself, the terms of the Plan control.

3

145338719.1

## <u>RETURN THIS BALLOT BY:</u>

- **UPLOADING IT ON THE "FILE A BALLOT" TAB ON THE STRETTO WEBSITE AT HTTPS://CASES.STRETTO.COM/CASHCLOUD;**

- **EMAIL TO CASHCLOUDBALLOT@STRETTO.COM; OR**

- **FIRST CLASS MAIL, OVERNIGHT DELIVERY OR HAND DELIVERY TO: CASH CLOUD, INC. (DBA COIN CLOUD) BALLOTING C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602.**

4

# EXHIBIT 5

**BALLOT FOR ACCEPTING OR REJECTING
CASH CLOUD, INC., dba COIN CLOUD'S
CHAPTER 11 PLAN OF REORGANIZATION
DATED MAY 8, 2023**

*For Use by Record Holders of Class 3(b) General Unsecured Claims*

**DEADLINE FOR RECEIPT OF BALLOTS:
JUNE 12, 2023
5:00 P.M. PACIFIC STANDARD TIME**

Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), has proposed *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (the "Plan"), and its *Disclosure Statement* prepared in connection with the Plan (the "Disclosure Statement").[1]  The Disclosure Statement provides information to assist you in deciding how to vote your ballot.

Debtor has filed a petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing Chapter 11 Case No. 23-10423-mkn, pending before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

The Plan referred to in this Ballot and transmitted concurrently herewith, can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount, and more than one-half in number, of the claims in each class voting on the Plan.  In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and it otherwise satisfies the requirements of Bankruptcy Code section 1129.

To have your vote count, you must fully complete the Ballot in accordance with the instructions and return this Ballot by the deadline indicated above.  Before casting your vote, please refer to the Disclosure Statement and the Plan, both of which are transmitted concurrently herewith. If you do not have a Disclosure Statement or Plan, you may obtain a copy by either: (a) downloading it from the website maintained by Debtor's Balloting Agent, Stretto Inc. ("Stretto"), at https://cases.stretto.com/CashCloud;  or  (b)  written  request  via  (i)  email  to CashCloudBallot@stretto.com, or (ii)  first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 3(b) under the Plan.  If you hold claims**

---

[1] Capitalized terms not defined herein have the meanings assigned to them in the Disclosure Statement.

145338312.1

or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by Stretto on or before <u>5:00 p.m. Pacific Time on June 12, 2023</u>, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. You may submit your ballot by: (a) uploading it on the "File a Ballot" tab on the Stretto Website at https://cases.stretto.com/CashCloud; (b) email to CashCloudBallot@stretto.com; or (c) first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. If you need additional copies of the Ballot, you should send your <u>written</u> request for a Ballot: (a) by email to CashCloudBallot@stretto.com; or (b) by first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

If your Ballot is damaged, if you need additional Ballots, or if you have any questions concerning voting procedures, please <u>write</u>: (a) by email to CashCloudBallot@stretto.com; or (b) by first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

Each Ballot votes only your Claims marked on the Ballot. You must vote a separate Ballot for each Class of Claims you hold. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class *only* if you fill out and return the Ballot for that Class in accordance with the instructions set forth in this Ballot. If a Ballot is not completed in its entirety so that all the required information and signatures are provided, the Ballot will not be counted.

If you complete and return more than one Ballot to be counted for the same Claim, the Ballot received closest to, but on or before, the deadline to return Ballots shall be the Ballot that is counted.

If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, partner of a partnership, or other person acting in a fiduciary or representative capacity, such person should indicate his or her capacity when signing.

Do not return any securities, instruments, or other documentation with the Ballot.

If the Plan is subsequently confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

145338312.1

**Summary of Plan Treatment of Class 3(b):  General Unsecured Claims[2]**

On or as soon as reasonably practicable after the Effective Date, Reorganized Debtor shall transfer to the Creditor Trust: (A) the Creditor Trust Funding Amount; and (B) the Creditor Trust Assets.  Notwithstanding anything to the contrary in the Plan, in full and final satisfaction, settlement, release, and discharge of, and in exchange for release of all Allowed General Claims, each Holder of an Allowed General Unsecured Claim shall:

(A) *if a Sale occurs*:  receive its share of (1) the Net Sale Proceeds on or as soon as reasonably practicable after the Effective Date, and (2) the Creditor Trust Proceeds if and when they are liquidated in accordance with the Creditor Trust Agreement, in both cases of (1) and (2), as determined Pro Rata based on the Aggregate Amount of the Allowed AVT Claim and all Allowed General Unsecured Claims; or

(B) *if a Sale does not occur*:  receive its share of the Creditor Trust Proceeds if and when liquidated in accordance with the Creditor Trust Agreement, as determined Pro Rata based on the Aggregate Amount of the Allowed AVT Claim and all Allowed General Unsecured Claims.

**Vote**

The undersigned, the holder of the Class 3(b) General Unsecured Claim, in the amount of $_____$, hereby:

**[Check one box only]**

☐ Accepts the Plan          ☐ Rejects the Plan

Dated: _____

Print or type Name: _____

Signature: _____

Title (if corporation or partnership): _____

Address: _____

_____

_____

---

[2] To extent that there is any inconsistency between the summary of the Plan's treatment of the Class 3(b) Claims contained herein and the Plan itself, the terms of the Plan control.

3

## <u>RETURN THIS BALLOT BY</u>:

- **UPLOADING IT ON THE "FILE A BALLOT" TAB ON THE STRETTO WEBSITE AT HTTPS://CASES.STRETTO.COM/CASHCLOUD;**

- **EMAIL TO CASHCLOUDBALLOT@STRETTO.COM; OR**

- **FIRST CLASS MAIL, OVERNIGHT DELIVERY OR HAND DELIVERY TO: CASH CLOUD, INC. (DBA COIN CLOUD) BALLOTING C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602.**

145338312.1