1  BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
2  NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
3  ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
4  **FOX ROTHSCHILD LLP**
5  1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
6  Telephone: (702) 262-6899
Facsimile: (702) 597-5503
7  Email: baxelrod@foxrothschild.com
8          nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
9  *Counsel for Debtor*

| Electronically Filed May 15, 2023 |

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

                                Debtor.

Case No.  BK-23-10423-mkn

Chapter 11

**NOTICE OF ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105(d)(2)(B)(vi), FED. R. BANKR. P. 3017.1 AND LOCAL RULE 3017 IMPLEMENTING EXPEDITED SOLICITATION AND CONFIRMATION PROCEDURES INCLUDING: (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) SETTING COMBINED HEARING ON FINAL APPROVAL OF DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (III) APPROVING (A) FORM AND SCOPE OF COMBINED HEARING NOTICE, AND (B) FORM OF BALLOTS; (IV) SCHEDULING VOTING AND OBJECTION DEADLINES; AND (V) GRANTING RELATED RELIEF**

Hearing Date:    June 28, 2023
Hearing Time:   10:30 a.m.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145803984.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**PLEASE TAKE NOTICE** that on the 12th day of May, 2023, the Court entered an *Order Pursuant to 11 U.S.C. § 105(d)(2)(B)(vi), Fed. R. Bankr. P. 3017.1 and Local Rule 3017 Implementing Expedited Solicitation and Confirmation Procedures Including: (I) Conditionally Approving Disclosure Statement; (II) Setting Combined Hearing on Final Approval of Disclosure Statement and Plan Confirmation; (III) Approving (A) Form and Scope of Combined Hearing Notice, and (B) Form of Ballots; (IV) Scheduling Voting and Objection Deadlines; and (V) Granting Related Relief* [ECF No. 554], a copy of which is attached hereto.

DATED this 15th day of May 2023.

**FOX ROTHSCHILD LLP**

By:  */s/Brett Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

2

145803984.1




Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 12, 2023

1
2
3
4
5
6

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*Counsel for Cash Cloud, Inc.*
*dba Coin Cloud*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.  BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD<br><br>Debtor. | Chapter 11<br><br>**ORDER PURSUANT TO 11 U.S.C.<br>§ 105(d)(2)(B)(vi), FED. R. BANKR. P. 3017.1<br>AND LOCAL RULE 3017 IMPLEMENTING<br>EXPEDITED SOLICITATION AND<br>CONFIRMATION PROCEDURES<br>INCLUDING: (I) CONDITIONALLY<br>APPROVING DISCLOSURE STATEMENT;<br>(II) SETTING COMBINED HEARING<br>ON FINAL APPROVAL OF DISCLOSURE<br>STATEMENT AND PLAN<br>CONFIRMATION; (III) APPROVING<br>(A) FORM AND SCOPE OF COMBINED<br>HEARING NOTICE, AND (B) FORM OF<br>BALLOTS; (IV) SCHEDULING VOTING<br>AND OBJECTION DEADLINES; AND<br>(V) GRANTING RELATED RELIEF** |

1

145575131.1

The Court, having reviewed and considered the *Ex Parte Motion* (the "Motion") filed by Debtor for entry of an order implementing expedited solicitation and confirmation procedures pursuant to sections 105(d)(2)(B)(vi), 1125, 1126 and 1128 of title 11 of the United States Code, §§ 101 et. seq. (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3017.1, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3016, 3017 and 3018 of the Local Rules for the United States Bankruptcy Court, District of Nevada ("Local Rules") including: (1) conditionally approving the proposed *Disclosure Statement Prepared in Connection with Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (the "Disclosure Statement")[10]; (2) setting a combined hearing on the final approval of the Disclosure Statement and confirmation of the *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (the "Plan"); (3) approving (a) the form and scope of the notice (the "Combined Hearing Notice") of the hearing on final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing"), and (b) the form of ballots (the "Ballots") for the Plan; (4) approving the other deadlines and procedures (the "Solicitation Procedures") for solicitation and confirmation of the Plan as set forth in **Exhibit "A"** to this Order; and (5) granting related relief; and it appearing that the relief requested is in the best interests of Debtor's estate, its creditors and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered all other pleadings and evidence submitted by the parties in connection with the Motion; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and good and sufficient cause appearing therefor,

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

---

[10] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

145008367.1

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is granted.

2.      The Disclosure Statement is conditionally approved as providing adequate information as required by section 1125 of the Bankruptcy Code.

3.      The forms of Combined Hearing Notice, Notice of Non-Voting Status, and Ballots attached hereto as **Exhibits "2"** through **"5"** are approved.

4.      The Record Date for purpose of voting on the Plan is May 8, 2023.

5.      On or before May 15, 2023, Debtor must mail: (i) the Solicitation Packages to the Holders of Claims, as of the Record Date, in Classes 3(a) and 3(b); (ii) the Notice of Non-Voting Status to the Holders of Claims and Interests in Classes 1, 2(a), 2(b), 2(c), 2(d) and 4; and (iii) the Combined Hearing Notice to all other creditors, interest holders and parties in interest.

6.      The Voting Deadline is June 12, 2023 at 5 p.m. Pacific Standard Time.

7.      The Objection Deadline is June 12, 2023 at 5 p.m. Pacific Standard Time.

8.      The Reply Deadline is June 19, 2023 at 5 p.m. Pacific Standard Time.

9.      The Combined Hearing will be held on June 28, 2023 at 10:30 a.m.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By_____*/s/ Brett A. Axelrod*_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☒    The Court has waived the requirement of approval in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

## EXHIBIT A

## SOLICITATION PROCEDURES

These Solicitation Procedures are for use in connection with the *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (the "Plan"). Capitalized terms used but not defined herein have the meaning set forth in the Plan.

### A.    VOTING ELIGIBILITY

**1.    Record Date.** Pursuant to Bankruptcy Rule 3018, May 8, 2023 at 5:00 p.m. (prevailing Pacific Time) shall be the date (the "Record Date") upon which the Holder of a particular Claim as of the Record Date is identified as the party entitled to vote such Claim to accept or reject the Plan.

**2.    Claims Eligible To Vote.**    Debtor will solicit votes to accept or reject the Plan only from the following Classes, which are Impaired under the Plan (the "Impaired Voting Classes"):

- Class 3(a):  AVT Claim

- Class 3(b):  General Unsecured Claims

Debtor will solicit votes only from the following Holders of Claims or Interests in the Impaired Voting Classes ("Eligible Holders")[11].

(a)    Each Holder of a Claim in an Impaired Class that is listed in Debtor's Schedules (as they may have been amended prior to the Record Date), is eligible to vote in accordance with 3(a) below; unless such Claim has been superseded by a timely-filed Proof of Claim;

(b)    Each Holder of a Claim in an Impaired Class (i) for which a Proof of Claim has been or is deemed to be timely-filed and not withdrawn or disallowed prior to the Record Date (as defined below), as reflected on the Claims Register, and (ii) as to which no objection to expunge or disallow has been filed prior to the Record Date; [see 3(d) for proposed criteria on objections]

(c)    Any other Holder of a Claim in an Impaired Class that is determined to be eligible to vote to accept or reject the Plan either by (i) agreement of Debtor, (ii) as deemed allowed under the Plan, or (iii) by order of the Bankruptcy Court; and

(d)    Each Holder of record of an Interest in an Impaired Class.

**3.    Amount of Claims for Voting Purposes.**    Eligible Holders of Claims in Impaired Classes shall be allowed to vote their Claims in:

---

[11] For the avoidance of doubt, Claims that have been paid or disallowed as of the Record Date, and Proofs of Claim filed for $0.00, are not entitled to vote.

145008367.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

(a)     The amount listed in Debtor's Schedules (as they may have been amended prior to the Record Date) for any Claim (i) *provided* that if the applicable Bar Date has not expired prior to the Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00 and further provided, if the applicable Bar Date has expired prior to the Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated, for which a Proof of Claim was neither filed by the applicable bar date nor deemed timely filed by the Record Date, shall be disallowed for voting purposes, (ii) that has not been superseded by a timely-filed Proof of Claim;

(b)     The liquidated amount set forth in a Proof of Claim filed by an Eligible Holder that has been or is deemed to be timely-filed and not withdrawn or disallowed prior to the Record Date, as reflected on the Claims Register;

(c)     If a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Balloting Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(d)     If the Debtor has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(e)     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(d)     Such other amount agreed by Debtor or ordered by the Bankruptcy Court.

**4.      Reservation of Rights re: Estimation and/or Designation; Limited Effect.** Nothing herein shall be a waiver or otherwise limit the rights of Debtor, at any time, to seek an order of the Bankruptcy Court (a) estimating the amount of any Claim, whether for voting purposes or otherwise, or (b) designating a Claim pursuant to section 1126(e) of the Bankruptcy Code.

Any determination, statement or action regarding the status of an Eligible Holder or amount of claim for voting purposes shall be applicable only with respect to whether and the extent to which a party's Claim may be voted to accept or reject the Plan and not for purposes of distribution under the Plan or otherwise unless specifically agreed by the parties or ordered by the Bankruptcy Court.

## B.      NOTICING

**1.      The Combined Hearing Notice**.      On or before May 15, 2023 (the "Solicitation Date"), Debtor shall send the Combined Hearing Notice via U.S. Mail to all parties in the Consolidated Creditor Matrix maintained by Debtor's claims and noticing agent, Stretto, Inc. (the "Balloting Agent"), as of the Record Date.  The Combined Hearing Notice shall be in the form attached as **Exhibit "2"** to the Motion.

For certain entities, the Combined Hearing Notice shall be included in the Solicitation Package (defined below) or the Non-Voting Package (defined below).

**2.    Non-Voting Packages.**  Debtor shall not solicit votes to accept or reject the Plan from the Holders of unclassified Claims (Administrative Claims and Priority Tax Claims) and Claims in Unimpaired Classes (Classes 1, 2(a), 2(b), 2(c), and 2(d)), which are deemed to accept the Plan unanimously pursuant to section 1126(f) of the Bankruptcy Code, and Interests in Class 4, which will not receive or retain any property under the Plan and are therefore deemed to reject the Plan unanimously pursuant to section 1126(g) of the Bankruptcy Code.

On or before the Solicitation Date, Debtor shall send via U.S. Mail (i) the Combined Hearing Notice, and (ii) a Notice of Non-Voting Status to the parties listed in the foregoing paragraph (collectively, the "Non-Voting Packages").  The Notice of Non-Voting Status shall be in the form attached to the Motion as **Exhibit "3."**  Some or all of the Non-Voting Packages may consist of a CD-ROM, USB Flash Drive or other electronic media in lieu of a paper hardcopy.

**3.    The Solicitation Packages.**  Debtor shall prepare packages of solicitation materials (the "Solicitation Packages") to the following entities:

(a)    The Holders of Claims or Interests in Classes 3(a) and 3(b), which are the only Classes of Claims and Interests entitled to vote on the Plan (together, the "Voting Classes");

(b)    All parties who have requested special notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002;

(c)    The Office of the United States Trustee and the governmental entities enumerated in Bankruptcy Rule 2002(j); and

(d)    All non-debtor parties to executory contracts and unexpired leases that have not already been assumed or rejected as of the Record Date.

The Solicitation Packages shall consist of:

(a)    the *Disclosure Statement Prepared In Connection with Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (which includes a copy of the Plan attached as Exhibit A);

(b)    if the party is entitled to vote, an appropriate Ballot or Ballots; and

(c)    the Combined Hearing Notice.

The Ballots for Classes 3(a) and 3(b) shall be in the forms attached to the Motion as **Exhibits "4"** and **"5."**

Some or all of the Solicitation Packages may consist of a CD-ROM, USB Flash Drive or other electronic media in lieu of a paper hardcopy.

The Solicitation Packages shall be sent via U.S. Mail not later than the Solicitation Date.  To the extent a party becomes entitled to receive a Solicitation Package subsequent to the Solicitation

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

Date, Debtor shall promptly cause a Solicitation Package to be transmitted by whatever method is reasonable and cost effective under the circumstances.

> **4.** **Addresses.** Debtor shall mail Notices and/or Solicitation Packages, as applicable to:

> (a) the address listed in the Schedules for any Claim that has not been superseded by a timely-filed Proof of Claim;

> (b) the address listed in a timely-filed Proof of Claim or request for allowance and/or payment of Administrative Claim;

> (c) the address listed in a request for special notice; or

> (d) the address listed in Debtor's books and records for any party that (i) does not have a Claim listed in the Schedules, and (ii) has not filed a Proof of Claim or request for allowance and/or payment of Administrative Claim.

> **5.** **Undeliverable Mail.** Notwithstanding the foregoing, Debtor shall not be required to mail any notice, Solicitation Package or Non-Voting Package to any address to which Debtor has sent notice or other pleading and such notice or other pleading was returned as undeliverable, unless Debtor is provided with or otherwise locate a current address or forwarding address on or before the Solicitation Date. This provision shall not affect an Eligible Holder's right to vote to accept or reject the Plan, but merely serves to limit Debtor's obligation to provide notices and other materials. The failure to distribute Solicitation Packages or Non-Voting Packages to such entities does not constitute inadequate notice of the Combined Hearing, Voting Deadline or violation of Bankruptcy Rule 3017(d). With respect to addresses from which the Solicitation Packages and Non-Voting Packages have been returned by USPS as undeliverable, Debtor is relieved from distributing such Solicitation Packages and Non-Voting Packages to those entities; and the failure to distribute Solicitation Packages and Non-Voting Packages to such entities does not constitute inadequate notice of the Combined Hearing, the Voting Deadline, or violation of Bankruptcy Rule 3017(d).

## C. SUBMISSION AND TABULATION OF VOTES

> **1.** **Completion of Ballots.** Eligible Holders must vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and may not split any votes. A person signing a Ballot in the capacity of trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by Debtor, must submit proper evidence to demonstrate such person's authority.

> **2.** **Submission of Ballots; Voting Deadline.** In order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and returned to Debtor's Balloting Agent in the following manner: (a) by uploading them on the "File a Ballot" tab on the Stretto website at https://cases.stretto.com/CashCloud; (b) by email to CashCloudBallot@stretto.com; or (c) by first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, in each case, such that they are actually received before the Voting Deadline.

> **The deadline for Ballots to be actually received by the Balloting Agent is 5:00 p.m. (prevailing Pacific Time) on June 12, 2023.**

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

The method of delivery of Ballots to the Balloting Agent by an Eligible Holder is at the election and risk of each Eligible Holder, and a Ballot will be considered delivered only when <u>actually received</u> by the Balloting Agent via one of the permitted forms of transmission set forth above.

**3.**    **Tabulation of Ballots.** The Balloting Agent shall tabulate all Ballots received as follows:

(a)    The Balloting Agent will date and time-stamp all Ballots as and when received;

(b)    Creditors and/or Interest Holders that have Claims and/or Interests in more than one Class under the Plan must submit a separate Ballot for voting their Claims and/or Interests in each Class.

(c)    If an entity casts more than one eligible Ballot with respect to the same Claim or Interest before the Voting Deadline, then the last valid Ballot received prior to that deadline will supersede any prior Ballot(s) submitted by such entity with respect to that Claim or Interest.

(d)    Any Ballot that is incomplete or that is not received by the Voting Deadline will not be counted unless Debtor has granted an extension of the Voting Deadline in writing.

(e)    Any Ballot received after the Voting Deadline will not be counted, unless Debtor has granted an extension of the Voting Deadline in writing. Additionally, a Ballot will not be counted if: (i) it is illegible or contains insufficient information to permit the identification of the claimant; (ii) it is cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iii) it is otherwise properly completed, executed and timely filed, but (a) indicates both an acceptance and rejection of the Plan, or (b) partially accepts and rejects the Plan; (iv) it is not signed; (v) it is delivered to the Bankruptcy Court, or any person or entity other than the Balloting Agent; and/or (vi) it is not cast in accordance with these Solicitation Procedures. Notwithstanding the foregoing, any Ballot that is signed but that does not indicate an acceptance or rejection of the Plan, will be deemed to be a Ballot accepting the Plan.

(f)    Subject to contrary order of the Bankruptcy Court, Debtor and the Balloting Agent shall have the exclusive right to apply these Solicitation Procedures to the tabulation of Ballots;

(g)    Subject to contrary order of the Bankruptcy Court, Debtor may waive any defects or irregularities as to any particular Ballot in its sole discretion, at any time either before or after the Voting Deadline, and any such waivers shall be documented in the vote tabulation report prepared by the Balloting Agent;

(h)    Eligible Holders may cure any irregularities or deficiencies in a submitted Ballot prior to the Voting Deadline by submitting a corrected Ballot in accordance with the Ballot submission requirements set forth herein;

(i)    On or before June 16, 2023, Debtor shall file with the Bankruptcy Court a voting report prepared by the Ballot Agent (the "<u>Ballot Summary</u>"), which shall, among other things, list by Class (i) Ballots voted to accept the Plan, (ii) Ballots voted to reject the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145008367.1

Plan, (iii) Ballots that do not conform to these procedures or that contain any form of irregularity including, but not limited to, Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures or necessary information, damaged, or submitted by a party that is not an Eligible Holder;

(j)     Any class that contains claims entitled to vote but no votes are returned for such class shall be deemed to have accepted the Plan; and.

(k)     Debtor shall not be under any duty to provide notification of defects or irregularities with respect to submitted Ballots other than as provided in the Ballot Summary.

Determinations regarding the tabulation of Ballots shall be applicable only with respect to whether and the extent to which an Eligible Holder's Claim in an Impaired Class is voted to accept or reject the Plan and not for purposes of distribution under the Plan or otherwise.

## D.     **COMBINED HEARING**

The Combined Hearing on final approval of the Disclosure Statement and confirmation of the Plan is scheduled for **June 28, 2023 at 10:30 a.m. (prevailing Pacific Time)**.    The Combined Hearing may be continued from time to time as announced in open court and no further notice of such continuance shall be provided.

The deadline to object to the Disclosure Statement and Plan is **June 12, 2023 at 5:00 p.m. (prevailing Pacific Time)** (the "Objection Deadline").   To be considered by the Bankruptcy Court, any objection to the adequacy of the Disclosure Statement and/or confirmation of the Plan must:

(a)     be in writing;

(b)     conform to the Bankruptcy Rules and the Local Rules;

(c)     state the name and address of the objecting party and the amount and nature of any Claim or Interest of such party;

(d)     state with particularity the basis and nature of such objection and, if practicable, a proposed modification to the Disclosure Statement and/or Plan that would resolve such objection; and

(e)     be filed with the Bankruptcy Court and served, on or before the Objection Deadline, via electronic mail, personal service or overnight delivery upon: (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea; (e) counsel to the Committee of Unsecured Creditors (the "Committee"), (i) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald Carano

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day.

Any party-in-interest who fails to (a) object to the approval of the Disclosure Statement and/or confirmation of the Plan in writing, (b) timely file such objection in compliance with the Local Rules, and (c) timely serve such objection as set forth above, shall be deemed to have waived any objection to the approval of the Disclosure Statement and/or confirmation of the Plan.

On or before June 19, 2023, at 5:00 p.m. (prevailing Pacific Time) Debtor shall file its memorandum in support of confirmation of the Plan, which shall include any reply to any timely-filed objection(s).

Debtor expressly reserves the right to amend from time to time the terms of the Plan.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

27

145008367.1

# EXHIBIT 2

1  BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
2  NICHOLAS A. KOFFROTH, ESQ.
   Nevada Bar No. 16264
3  ZACHARY T. WILLIAMS, ESQ.
   Nevada Bar No. 16023
4  **FOX ROTHSCHILD LLP**
5  1980 Festival Plaza Drive, Suite 700
   Las Vegas, Nevada 89135
6  Telephone: (702) 262-6899
   Facsimile: (702) 597-5503
7  Email: baxelrod@foxrothschild.com
8  nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
9  *Counsel for Debtor*

10

11              **UNITED STATES BANKRUPTCY COURT**

12                   **DISTRICT OF NEVADA**

13  In re                                   Case No. BK-23-10423-mkn

14  CASH CLOUD, INC.,                       Chapter 11
    dba COIN CLOUD,
15                                          **NOTICE OF COMBINED HEARING RE:**
                                            **(I) FINAL APPROVAL OF DISCLOSURE**
16            Debtor.                       **STATEMENT; AND**
                                            **(II) CONFIRMATION OF CHAPTER 11**
17                                          **PLAN OF REORGANIZATION**
                                            **DATED MAY 8, 2023**
18
                                            Hearing Date:   June 28, 2023
19                                          Hearing Time:   10:30 a.m.

20

21         **PLEASE TAKE NOTICE** that on May 8, 2023, Cash Cloud, Inc. dba Coin Cloud

22  ("<u>Debtor</u>"), debtor and debtor in possession in the above-captioned case (the "<u>Chapter 11 Case</u>"),

23  filed an *Ex Parte Motion for Order (I) Approving (A) Adequacy of Disclosure Statement, (B)*

    *Procedures and Schedule for the Solicitation, Submission and Tabulation of Votes, (C) Form and*

24  *Scope of Notices, and (D) Form of Ballots and Related Documents; (II) Scheduling Confirmation*

    *Hearing and Related Deadlines; and (III) Granting Related Relief* [Docket No. XXX] (the

25  "<u>Motion</u>"),[1] seeking, among other things, conditional approval of the adequacy of Debtor's

26  *Disclosure Statement in Connection with Debtor's Chapter 11 Plan of Reorganization Dated May 8,*

    *2023* [Docket No. 529]  (the "<u>Disclosure Statement</u>").

27

28         ---
           [1] Capitalized terms not defined herein shall the meanings assigned to them in the Motion.

                                              1

145110480.2

**PLEASE TAKE FURTHER NOTICE** that on _____, 2023, the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") entered an *Order* granting the Motion [Docket No. XXX] (the "Solicitation Order") which, among other things, conditionally approved the Disclosure Statement and directed the Debtor to solicit votes with regard to the approval or rejection of the *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* [Docket No. 528] (the "Plan").

**PLEASE TAKE FURTHER NOTICE** that a combined hearing to consider the final approval of the Disclosure Statement, as well as confirmation of the Plan (the "Combined Hearing") will commence at **10:30 a.m. prevailing Pacific Time** on **June 28, 2023**, before the Honorable Mike K. Nakagawa, United States Bankruptcy Judge, the Foley Federal Building, 300 Las Vegas Boulevard South, Courtroom No. 2, Las Vegas, Nevada.  The Combined Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest.  The Bankruptcy Court, in its discretion, may impose certain procedural rules governing the Combined Hearing.

**NOTICE IS FURTHER GIVEN** that the hearing will be held remotely.  Parties are permitted to appear telephonically by dialing (669) 254-5252 and entering meeting ID 161 062 2560 and entering access code or passcode 029066#.

**NOTICE IS FURTHER GIVEN** that if you do not want the court to grant the relief sought, or if you want the court to consider your views on the Plan and Disclosure Statement, then you must file an opposition with the Bankruptcy Court, and serve a copy as instructed below.

> If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court.  You *must* also serve your written response on the person who sent you this notice.  If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:
> • The court may *refuse to allow you to speak* at the scheduled hearing; and
> • The court may *rule against you* without formally calling the matter at the hearing.

**PLEASE TAKE FURTHER NOTICE** that the deadline to file and serve objections to the final approval of the Disclosure Statement and confirmation of the Plan is **June 12, 2023 at 5:00 p.m. (Pacific Time)** (the "Objection Deadline").  Creditors and parties in interest may object to the conditionally approved Disclosure Statement as permitted by Bankruptcy Rule 3017.1 and Local Rule 3017.  Any objection to the Disclosure Statement and/or to the Plan must:

(i)    be in writing;

(ii)   conform to the Bankruptcy Rules and the Local Rules;

(iii)  set forth the name of the objector, the nature and amount of claims or interests held or asserted by the objector against the Debtor's estate or property, the basis for the objection and the specific grounds therefor, set forth all relevant facts and legal authority, and be supported by affidavits or declarations that conform to Local Rule 9014(c);

(iv)   be served via electronic mail, personal service or overnight delivery upon: (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

145110480.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea; (e) counsel to the Committee of Unsecured Creditors (the "Committee"), (i) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald Carano Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day; and

(v)    be filed with the Clerk of the United States Bankruptcy Court for the District of Nevada,

in each case so as to be received no later than 5:00 p.m. (Pacific Time) on the Objection Deadline.

Any party-in-interest who fails to (a) object to the approval of the Disclosure Statement, and/or confirmation of the Plan in writing, (b) timely file such objection in compliance with the Local Rules, and (c) timely serve such objection as set forth above, shall be deemed to have waived any objection to the approval of the Disclosure Statement and/or the confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Order, the Bankruptcy Court approved the Solicitation Procedures attached as Exhibit "A" to the Solicitation Order. The Solicitation Procedures govern various important aspects of the means by which the Debtor will solicit votes on and seek confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Disclosure Statement, the Solicitation Order and other documents are available: (a) electronically through the Court's CM/ECF system at http://ecf.nvb.uscourts.gov (PACER account required); (b) electronically on the following website: https://cases.stretto.com/CashCloud; or (c) by contacting Debtor's counsel, Fox Rothschild, LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135; telephone: (702) 262-6899; Attn: Patricia Chlum, Paralegal, email: pchlum@foxrothschild.com.

Dated this ___ day of May, 2023.

**FOX ROTHSCHILD LLP**

By ____/s/Brett A. Axelrod_____
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

3

145110480.2

# EXHIBIT 3

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
     zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **NOTICE OF NON-VOTING STATUS RE: CHAPTER 11 PLAN OF REORGANIZATION DATED MAY 8, 2023** |
| | Plan Confirmation Hearing Date: June 28, 2028 at 10:30 a.m. |

**PLEASE TAKE NOTICE** that on April 27, 2023, the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") entered an order [Docket No. XXX] (the "Solicitation Order"):[1] (i) conditionally approving the *Disclosure Statement* [Docket No. 529] filed in connection with *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* [Docket No. 528] (the "Plan"); (ii) approving certain procedures, deadlines and forms for use by Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), in soliciting votes to accept or reject Debtor's Plan; and (iii) granting related relief.

---

[1] Capitalized terms not defined herein shall have the meanings assigned to them in the Solicitation Order.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\124527595.v3-10/21/21

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Order, the

2

Bankruptcy Court approved the Solicitation Procedures attached as Exhibit "A" to the Solicitation

3

Order.  The Solicitation Procedures govern various important aspects of the means by which Debtor

4

will solicit votes on and seek confirmation of the Plan.

5

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Procedures, Debtor

6

will not solicit votes to accept or reject the Plan from: (i) the Holders of unclassified Claims

7

(Administrative Claims and Priority Tax Claims); (ii) the Holders of Claims in Unimpaired Classes 1,

8

2(a), 2(b), 2(c), and 2(d), which are deemed to accept the Plan unanimously pursuant to section

9

1126(f) of the Bankruptcy Code; and (iii) the Holders of Interests in Impaired Class 4, which are

10

deemed to reject the Plan unanimously pursuant to section 1126(g) of the Bankruptcy Code.

11

**You are receiving this notice because the claims register, Debtor's Schedules of Assets**

12

**and Liabilities filed in the Chapter 11 Case, Debtor's books and records and/or the record in**

13

**the Chapter 11 Case indicates that you are the Holder of a Claim or Interest that falls into one**

14

**of the three preceding categories.  As such, this Notice is being sent to you for informational**

15

**purposes only and not to solicit your vote on the Plan**.

16

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Disclosure Statement, the

17

Solicitation Order, and other documents are available: (a) electronically through the Court's CM/ECF

18

system at http://ecf.nvb.uscourts.gov (PACER account required); (b) electronically on the following

19

website:  https://cases.stretto.com/CashCloud; or (c) by contacting Debtor's counsel, Fox Rothschild,

20

LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135; telephone: (702) 262-6899;

21

Attn: Patricia Chlum, Paralegal, email: pchlum@foxrothschild.com.

22

Dated this ___ day of May 2023.

23

**FOX ROTHSCHILD LLP**

24

By ____*/s/Brett A. Axelrod*_____

25

BRETT A. AXELROD, ESQ.
1980 Festival Plaza Drive, Suite 700

26

Las Vegas, Nevada 89135
*Counsel for the Debtor*

27

28

# EXHIBIT 4

**BALLOT FOR ACCEPTING OR REJECTING
CASH CLOUD, INC., dba COIN CLOUD'S
CHAPTER 11 PLAN OF REORGANIZATION
DATED MAY 8, 2023**

*For Use by Record Holder of Class 3(a) AVT Claim*

**DEADLINE FOR RECEIPT OF BALLOTS:
JUNE 12, 2023
5:00 P.M. PACIFIC STANDARD TIME**

Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), has proposed *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (the "Plan"), and its *Disclosure Statement* prepared in connection with the Plan (the "Disclosure Statement").[1]   The Disclosure Statement provides information to assist you in deciding how to vote your ballot.

Debtor has filed a petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing Chapter 11 Case No. 23-10423-mkn, pending before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

The Plan referred to in this Ballot and transmitted concurrently herewith, can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount, and more than one-half in number, of the claims in each class voting on the Plan.   In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and it otherwise satisfies the requirements of Bankruptcy Code section 1129.

To have your vote count, you must fully complete the Ballot in accordance with the instructions and return this Ballot by the deadline indicated above.   Before casting your vote, please refer to the Disclosure Statement and the Plan, both of which are transmitted concurrently herewith. If you do not have a Disclosure Statement or Plan, you may obtain a copy by either: (a) downloading it from the website maintained by Debtor's Balloting Agent, Stretto Inc. ("Stretto"), at https://cases.stretto.com/CashCloud;   or   (b)   written   request   via   (i)   email   to CashCloudBallot@stretto.com, or (ii)  first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**You should carefully review the Disclosure Statement and the Plan before you vote.
You may wish to seek legal advice concerning the Plan and your classification and treatment
under the Plan.  Your claim has been placed in Class 3(a) under the Plan.  If you hold claims**

---

[1] Capitalized terms not defined herein have the meanings assigned to them in the Disclosure Statement.

or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

**If your ballot is not received by Stretto on or before** <u>5:00 p.m. Pacific Time on June 12, 2023</u>**, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. You may submit your ballot by: (a) uploading it on the "File a Ballot" tab on the Stretto Website at https://cases.stretto.com/CashCloud; (b) email to CashCloudBallot@stretto.com; or (c) first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. If you need additional copies of the Ballot, you should send your** <u>written</u> **request for a Ballot: (a) by email to CashCloudBallot@stretto.com; or (b) by first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.**

If your Ballot is damaged, if you need additional Ballots, or if you have any questions concerning voting procedures, please <u>write</u>: (a) by email to CashCloudBallot@stretto.com; or (b) by first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

Each Ballot votes only your Claims marked on the Ballot. You must vote a separate Ballot for each Class of Claims you hold. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class *only* if you fill out and return the Ballot for that Class in accordance with the instructions set forth in this Ballot. If a Ballot is not completed in its entirety so that all the required information and signatures are provided, the Ballot will not be counted.

If you complete and return more than one Ballot to be counted for the same Claim, the Ballot received closest to, but on or before, the deadline to return Ballots shall be the Ballot that is counted.

If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, partner of a partnership, or other person acting in a fiduciary or representative capacity, such person should indicate his or her capacity when signing.

Do not return any securities, instruments, or other documentation with the Ballot.

If the Plan is subsequently confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

145338719.1

**Summary of Plan Treatment of Class 3(a):  AVT Claim[2]**

On or as soon as reasonably practicable after the Effective Date, Reorganized Debtor shall transfer to the Creditor Trust: (A) the Creditor Trust Funding Amount; and (B) the Creditor Trust Assets.  Notwithstanding anything to the contrary herein, in full and final satisfaction, settlement, release, and discharge of, and in exchange for release of the Allowed AVT Claim, the Holder of such AVT Claim shall:

(A) *if a Sale occurs*:  receive its share of (1) the Net Sale Proceeds on or as soon as reasonably practicable after the Effective Date, and (2) the Creditor Trust Proceeds if and when they are liquidated in accordance with the Creditor Trust Agreement, in both cases of (1) and (2), as determined Pro Rata based on the Aggregate Amount of the Allowed AVT Claim and all Allowed General Unsecured Claims; or

(B) *if a Sale does not occur*:  receive its share of the Creditor Trust Proceeds if and when liquidated in accordance with the Creditor Trust Agreement, as determined Pro Rata based on the Aggregate Amount of the Allowed AVT Claim and all Allowed General Unsecured Claims.

**Vote**

The undersigned, the holder of the Class 3(a) AVT Claim, in the amount of $_____, hereby:

**[Check one box only]**

☐ Accepts the Plan          ☐ Rejects the Plan

Dated: _____

Print or type Name: _____

Signature: _____

Title (if corporation or partnership): _____

Address: _____

_____

_____

---

[2] To extent that there is any inconsistency between the summary of the Plan's treatment of the Class 3(b) Claims contained herein and the Plan itself, the terms of the Plan control.

3

<u>**RETURN THIS BALLOT BY**</u>**:**

- **UPLOADING IT ON THE "FILE A BALLOT" TAB ON THE STRETTO WEBSITE AT HTTPS://CASES.STRETTO.COM/CASHCLOUD;**

- **EMAIL TO CASHCLOUDBALLOT@STRETTO.COM; OR**

- **FIRST CLASS MAIL, OVERNIGHT DELIVERY OR HAND DELIVERY TO: CASH CLOUD, INC. (DBA COIN CLOUD) BALLOTING C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602.**

145338719.1

# EXHIBIT 5

**BALLOT FOR ACCEPTING OR REJECTING
CASH CLOUD, INC., dba COIN CLOUD'S
CHAPTER 11 PLAN OF REORGANIZATION
DATED MAY 8, 2023**

*For Use by Record Holders of Class 3(b) General Unsecured Claims*

**DEADLINE FOR RECEIPT OF BALLOTS:
JUNE 12, 2023
5:00 P.M. PACIFIC STANDARD TIME**

Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), has proposed *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* (the "Plan"), and its *Disclosure Statement* prepared in connection with the Plan (the "Disclosure Statement").[1]  The Disclosure Statement provides information to assist you in deciding how to vote your ballot.

Debtor has filed a petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing Chapter 11 Case No. 23-10423-mkn, pending before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

The Plan referred to in this Ballot and transmitted concurrently herewith, can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount, and more than one-half in number, of the claims in each class voting on the Plan.   In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and it otherwise satisfies the requirements of Bankruptcy Code section 1129.

To have your vote count, you must fully complete the Ballot in accordance with the instructions and return this Ballot by the deadline indicated above.  Before casting your vote, please refer to the Disclosure Statement and the Plan, both of which are transmitted concurrently herewith. If you do not have a Disclosure Statement or Plan, you may obtain a copy by either: (a) downloading it from the website maintained by Debtor's Balloting Agent, Stretto Inc. ("Stretto"), at https://cases.stretto.com/CashCloud;   or   (b)   written   request   via   (i)   email   to CashCloudBallot@stretto.com, or (ii)  first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your claim has been placed in Class 3(b) under the Plan.  If you hold claims**

---

[1] Capitalized terms not defined herein have the meanings assigned to them in the Disclosure Statement.

1

or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

**If your ballot is not received by Stretto on or before <u>5:00 p.m. Pacific Time on June 12, 2023</u>, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  You may submit your ballot by: (a) uploading it on the "File a Ballot" tab on the Stretto Website at https://cases.stretto.com/CashCloud; (b) email to CashCloudBallot@stretto.com; or (c)  first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.  If you need additional copies of the Ballot, you should send your <u>written</u> request for a Ballot: (a) by email to CashCloudBallot@stretto.com; or (b) by first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.**

If your Ballot is damaged, if you need additional Ballots, or if you have any questions concerning voting procedures, please <u>write</u>: (a) by email to CashCloudBallot@stretto.com; or (b) by first class mail, overnight delivery or hand delivery to the following address: Cash Cloud, Inc. (DBA Coin Cloud) Balloting c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

Each Ballot votes only your Claims marked on the Ballot.  You must vote a separate Ballot for each Class of Claims you hold. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class *only* if you fill out and return the Ballot for that Class in accordance with the instructions set forth in this Ballot.  If a Ballot is not completed in its entirety so that all the required information and signatures are provided, the Ballot will not be counted.

If you complete and return more than one Ballot to be counted for the same Claim, the Ballot received closest to, but on or before, the deadline to return Ballots shall be the Ballot that is counted.

If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, partner of a partnership, or other person acting in a fiduciary or representative capacity, such person should indicate his or her capacity when signing.

Do not return any securities, instruments, or other documentation with the Ballot.

If the Plan is subsequently confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

145338312.1

**Summary of Plan Treatment of Class 3(b):  General Unsecured Claims[2]**

On or as soon as reasonably practicable after the Effective Date, Reorganized Debtor shall transfer to the Creditor Trust: (A) the Creditor Trust Funding Amount; and (B) the Creditor Trust Assets.  Notwithstanding anything to the contrary in the Plan, in full and final satisfaction, settlement, release, and discharge of, and in exchange for release of all Allowed General Claims, each Holder of an Allowed General Unsecured Claim shall:

(A) *if a Sale occurs*:  receive its share of (1) the Net Sale Proceeds on or as soon as reasonably practicable after the Effective Date, and (2) the Creditor Trust Proceeds if and when they are liquidated in accordance with the Creditor Trust Agreement, in both cases of (1) and (2), as determined Pro Rata based on the Aggregate Amount of the Allowed AVT Claim and all Allowed General Unsecured Claims; or

(B) *if a Sale does not occur*:  receive its share of the Creditor Trust Proceeds if and when liquidated in accordance with the Creditor Trust Agreement, as determined Pro Rata based on the Aggregate Amount of the Allowed AVT Claim and all Allowed General Unsecured Claims.

**Vote**

The undersigned, the holder of the Class 3(b) General Unsecured Claim, in the amount of

$_____, hereby:

**[Check one box only]**

☐ Accepts the Plan          ☐ Rejects the Plan

Dated: _____

Print or type Name: _____

Signature: _____

Title (if corporation or partnership): _____

Address: _____

_____

_____

---

[2] To extent that there is any inconsistency between the summary of the Plan's treatment of the Class 3(b) Claims contained herein and the Plan itself, the terms of the Plan control.

3

145338312.1

**<u>RETURN THIS BALLOT BY</u>:**

- **UPLOADING IT ON THE "FILE A BALLOT" TAB ON THE STRETTO WEBSITE AT HTTPS://CASES.STRETTO.COM/CASHCLOUD;**

- **EMAIL TO CASHCLOUDBALLOT@STRETTO.COM; OR**

- **FIRST CLASS MAIL, OVERNIGHT DELIVERY OR HAND DELIVERY TO: CASH CLOUD, INC. (DBA COIN CLOUD) BALLOTING C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602.**

145338312.1