

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 17, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC., dba COIN CLOUD, | **ORDER APPROVING STIPULATION REGARDING DEBTOR'S RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE** |
| Debtor. | |

1

145675113.1

Upon consideration of the *Stipulation Regarding Debtor's Retention and Employment of Province, LLC as Financial Advisor, Effective as of the Petition Date* [Docket No. 563] (the "Stipulation");

**IT IS HEREBY ORDERED** that the Stipulation, a copy of which is attached hereto as **Exhibit A**, is APPROVED.

**IT IS SO ORDERED.**

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:   */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

# # #

145675113.1

2

# EXHIBIT A

145675113.1

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **STIPULATION REGARDING DEBTOR'S RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF THE PETITION DATE** |

Debtor and debtor-in-possession Cash Cloud, Inc., d/b/a Coin Cloud ("Debtor"), the Office of the United States Trustee for Region 17 ("UST"), Official Unsecured Creditors' Committee of Cash Cloud, Inc., d/b/a Coin Cloud ("UCC"), and Province, LLC ("Province" and collectively the "Parties"), hereby stipulate and agree as follows:

**RECITALS**

A.    On or about February 7, 2023, Debtor filed its *Emergency Application for Order Authorizing Retention and Employment of Province LLC as Debtor's Financial Advisor, Effective as of the Petition Date* [ECF No. 15] (the "Province Retention Application").

B.    On or about February 13, 2023, the UST filed its *Omnibus Opposition and Reservation of Rights to Debtor's Emergency First Day Applications for Order Authorizing the Retention and*

1

145675079.1

*Employment of Fox Rothschild LLP as Debtor's General Bankruptcy Counsel and Province, LLC as Debtor's Financial Advisor, Effective as of the Petition Date* [ECF No. 76] (the "<u>UST Opposition</u>").

C. On or about February 14, 2023, Province submitted a *Supplemental Verified Statement of Paul Huygens* [ECF No. 86] in support of the Province Retention Application to address some of the concerns raised by the UST Opposition.

D. On or about February 13, 2023, *Debtor's Omnibus Reply To United States Trustee's Omnibus Opposition and Reservation of Rights to Debtor's Emergency First Day Applications for Order Authorizing the Retention and Employment of Fox Rothschild LLP As Debtor's General Bankruptcy Counsel and Province, LLC as Debtor's Financial Advisor, Effective as of the Petition Date* [ECF NO. 76] was filed in support of, among other issues, the Province Retention Application.

E. On or about February 16, 2023, the court held first day motion hearings, and following a hearing on the Province Retention Application, such was granted on an interim basis as memorialized in this court's *Order Authorizing Retention and Employment of Province, LLC as Financial Advisors As of the Petition Date* [ECF No. 16] (the "<u>Interim Order</u>").

F. Pursuant to the Interim Order, any opposition to the granting of final relief of the Province Retention Application was due to be filed and served no later than February 28, 2023, whereupon a final hearing would be held by the Court relative to the Province Retention Application.

G. In discussions with the UCC and the Parties hereto relative to such final relief, the Parties expressed concerns regarding the calculation and payment of a Restructuring Fee, as such term is used in the Province Application and the Interim Order.

H. On the subject of a Restructuring Fee, the Province Application and Interim Order state that …

> Debtor is authorized to pay Province a fee (the "<u>Restructuring Fee</u>") of three percent (3%) of the value of all debt and equity financing of the Debtor as of the effective date of a confirmed plan of reorganization (excluding any amounts loaned by a "Company Lender" (as defined in the Engagement Letter)) (the "<u>Exit Financing</u>"); provided, however, should all or any portion of such Exit Financing be provided by a Province Lender ("<u>Province Lender Exit Financing</u>"), then for such Province Lender Exit Financing, whether through exit equity or debt financing, the Company shall pay Province a fee in the amount of one and one

145675079.1

half percent (1.5%) of such Province Lender Exit Financing, with any other Exit Financing generating a three percent (3%) fee as otherwise indicated above.

I.     The Parties have concerns regarding the foregoing definition of a Restructuring Fee and whether any Restructuring Fee would become due upon the consummation of any 11 U.S.C. § 363 sale of the assets of the Debtor.

J.     Moreover, the Parties expressed concern that any Restructuring Fee that does not include any incentivization of a 11 U.S.C. § 363 asset sale could be detrimental to the estate by incentivizing a plan of reorganization over that of an asset sale.

K.     Given the lack of clarity as to whether a Restructuring Fee is earned upon the consummation of any Section 363 asset sale and the Parties' concerns that the estate may not be benefitted by incentivizing reorganization over an asset sale, the Parties agree to resolve any lack of clarity regarding the Restructuring Fee and its calculation as stipulated herein.

## STIPULATION

WHEREFORE, based on the foregoing Recitals, which are incorporated herein by reference, the Parties stipulate and agree, despite anything contained in the Province Retention Application or the papers filed in support thereof to the contrary, as follows:

1.     Pursuant to 11 U.S.C. § 328, Debtor is authorized to pay Province a fee (the "Restructuring Fee") of three percent (3%) of the value of all debt and equity financing of the Debtor as of the effective date of a confirmed plan of reorganization (excluding any amounts loaned by a "Company Lender" (as defined in the Engagement Letter)) (the "Exit Financing"); *provided, however,* should all or any portion of such Exit Financing be provided by a Province Lender, ("Province Lender Exit Financing") then for such Province Lender Exit Financing, whether through exit equity or debt financing, the Company shall pay Province a fee, in United States Dollars, in the amount of one and one half percent (1.5%) of such Province Lender Exit Financing, with any other Exit Financing generating a three percent (3%) fee as otherwise indicated above.  As used herein, "Province Lender" shall mean any lender or financier procured by Province that is not otherwise a Company Lender.

3

145675079.1

2. Additionally, pursuant to 11 U.S.C § 328, Debtor is authorized to pay Province a fee (also, a "Restructuring Fee") of three percent (3%) of any sales proceeds resulting from any 11 U.S.C. § 363 sale authorized by the court that are in excess of, in addition to, or otherwise not constituting any proceeds that are credit bid by any secured lender of the Debtor on any liquidated claim.

3. Despite the foregoing percentage calculations, all Restructuring Fees stated herein shall be capped in the aggregate amount of $500,000 (USD).

4. With the above clarification, the definition of a Restructuring Fee may have arguably expanded, and as an accommodation relative thereto, the Parties agree that Province shall no longer be entitled to any Arranger Fee as addressed in the Province Retention Application or the Interim Order.

Dated this 10th day of May 2023.

**FOX ROTHSCHILD LLP**

By: */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

**McDONALD CARANO LLP**

By: */s/Ryan Works*
    Ryan J. Works Esq. (NSBN 9224)
    Amanda M. Perach, Esq. (NSBN 12399)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102

    John R. Ashmead, Esq.
    Robert J. Gayda, Esq.
    Catherine V. LoTempio, Esq.
    Andrew J. Matott, Esq.
    (*pro hac vice applications granted*)
    SEWARD & KISSEL LLP
    One Battery Park Plaza
    New York, NY 10004
    *Counsel for Official Committee of Unsecured Creditors*

**OFFICE OF THE UNITED STATES TRUSTEE**

By  */s/Jared A. Day*
    Jared A. Day,
    Trial Attorney for Tracy Hope Davis,
    United States Trustee
    Foley Federal Building
    300 Las Vegas Blvd. South, Suite 4300
    Las Vegas, Nevada 89101

**PROVINCE, LLC**

By  */s/David W. Dachelet*
    David W. Dachelet, Esq.
    Nevada Bar No. 6615
    2360 Corporate Cir., Suite 340
    Henderson, Nevada 89074
    *Principal and General Counsel for Financial Advisor for Debtor*

145675079.1