BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       jmcpherson@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

Electronically Filed May 25, 2023

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-S-23-10423-MKN<br><br>Chapter 11<br><br>**DEBTOR'S REPLY TO SUPPLEMENT TO ENIGMA SECURITIES LIMITED'S OMNIBUS OBJECTION TO DEBTOR'S MOTIONS TO APPROVE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**<br><br>Hearing Date: May 25, 2023<br>Hearing Time: 2:00 p.m. |

Cash Cloud, Inc. ("Cash Cloud" or "Debtor"),[1] debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, hereby files this Debtor's Reply To Supplement To Enigma Securities Limited's Omnibus Objection To Debtor's Motions To Approve Rejection Of Executory Contracts And Unexpired Leases (the "Reply"), providing the responses, attached hereto as Exhibit A, to Enigma Securities Limited's Interrogatories To Tanner James.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motions.

1

146170962.1

Dated this 25th day of May, 2023.   **FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT A**

(DEBTOR'S RESPONSE TO ENIGMA SECURITIES LIMITED'S INTERROGATORIES TO TANNER JAMES)

146170962.1

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
           jmcpherson@foxrothschild.com
           nkoffroth@foxrothschild.com
           zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No. BK-S-23-10423-MKN |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **DEBTOR'S RESPONSE TO ENIGMA SECURITIES LIMITED'S INTERROGATORIES TO TANNER JAMES**<br><br>ECF Nos. 311, 355, 358, 361, 364, 549, 550, 571 |

Cash Cloud, Inc. ("Cash Cloud" or "Debtor"), debtor and debtor in possession in the above captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, hereby responds to Enigma Securities Limited's Interrogatories To Tanner James (the "Interrogatories") propounded by Enigma Securities Limited ("Enigma") as authorized, but limited, by the Court relating solely to the *Declaration Of Tanner James In Support Of Debtor's Reply To Enigma Securities Limited's Omnibus Objection To Debtor's Motions To Approve Rejection Of Executory Contracts And Unexpired Leases* [ECF 550] and *Supplemental Declaration Of Tanner James In Support Of Debtor's Reply To Enigma Securities Limited's Omnibus Objection To Debtor's Motions To Approve Rejection Of Executory Contracts And Unexpired Leases* [ECF 571].

1

146061945.2

**PRELIMINARY STATEMENT**

The Debtor's responses are based solely on the information presently known to it. Further, clarification regarding the Interrogatories may lead to additions to, changes in, or modifications to these responses. Accordingly, these responses are being given without prejudice to the Debtor's right to produce subsequent evidence, and to introduce the same at any hearing regarding the relevant matter or any other hearing. The Debtor hereby expressly reserves the right to amend and/or supplement these responses and objections to the Interrogatories.

**GENERAL OBJECTIONS**

1. The Debtor reserves the right to amend and/or supplement its responses to these requests.

2. The Debtor objects to the requests in the Interrogatories to the extent that they violate the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Local Rules, and/or any other applicable orders or rules of the Court.

3. The Debtor does not concede that any of the information and/or documents produced herein are, or will be, admissible into evidence. The Debtor does not intend to waive, but rather intends to preserve, each and every available objection to the use and admissibility of the information and documents that may be disclosed in response to the Interrogatories.

4. The Debtor objects to the Interrogatories to the extent they exceed the permissible scope of inquiry as they seek information and documents that are neither relevant, within the scope of permitted inquiry, or reasonably calculated to lead to the discovery of admissible evidence. Nothing contained in any response herein shall be deemed to be an admission, concession, or waiver by Debtor as to the relevancy, materiality, or admissibility of any information and/or document discovered herein.

5. The Debtor objects to the Interrogatories to the extent that they improperly seek confidential and proprietary documents, sensitive information, and/or protected trade secrets. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1464, 1469-70 (9th Cir. 1992); *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324 (9th Cir. 1961); Fed.R.Bankr. P. 7026.

146061945.2

6. The Debtor objects to the Interrogatories to the extent that they call for information and/or production of documents prepared in anticipation of a dispute or litigation and/or information and documents that are otherwise protected from discovery by the attorney-client privilege, common-interest privilege, the attorney work-product doctrine, or any other applicable protection, privilege, or immunity. *See Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)(describing right of objection for attorney-client and attorney work-product privilege); *In re Harwood P-G, Inc.*, 403 B.R. 445, 459-60 (Bankr. W.D.Tex. 2009)(recognizing the common-interest privilege in bankruptcy cases). The inadvertent production of information and/or any document that is protected from disclosure by any privilege or immunity shall not constitute a waiver of any such privilege or immunity and the Debtor hereby expressly reserves its rights to demand the return of any inadvertently produced information and/or document.

7. The Debtor objects to the Interrogatories to the extent they seek information and or the production of documents that are already in the possession, custody, or control of Enigma or any of their affiliates, agents, or attorneys or are equally accessible by any of these parties from publicly available sources including without limitation all court cases and will not be produced.

8. The Debtor objects to the Interrogatories to the extent they are vague, overbroad, unduly burdensome, oppressive, annoying, and/or harassing.

9. The Debtor objects to the Interrogatories to the extent they are not reasonably limited in time and/or scope and seeks information beyond the timeframe and issues relevant to the contested matter.

10. The Debtor objects to the Interrogatories to the extent that they are vague and ambiguous, compound, confusing, unintelligible, unclear, and/or amenable to different meanings, understandings, or interpretations. To the extent possible, the Debtor is responding to the Interrogatories as it interprets and understands them with respect to the issues framed by the contested matter. If Enigma asserts an interpretation of any Interrogatory that differs from the understanding of the Debtor, the Debtor reserves the right to supplement, amend, and/or modify its responses and/or objections.

11. The Debtor objects to the extent that the Interrogatories assume the existence of a fact or facts not in evidence. In responding to the Interrogatories, the Debtor does not concede or otherwise admit, by adoptive admission or otherwise, the existence of any fact or facts presupposed by the Interrogatories. Similarly, by responding to the Interrogatories or disclosing any documents, the Debtor does not acquiesce to Enigma's characterization of any information, fact, theories, or conclusions, nor does the Debtor admit that any of the information produced reflects any fact, characterization, or conclusion.

12. The Debtor objects to the Interrogatories to the extent that they seek documents and/or information not in Debtor's possession, custody, or control.

13. The Debtor objects to the Interrogatories to the extent they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters. *See, e.g., Lakehead Pipe Line Co. v. Am. Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997) (finding requests for ratification of legal conclusions applied to operative facts of the case to represent improper request for admission of pure matter of law); *English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (holding that requests for admission of existence of statute or that party is subject to statute constitute improper requests for legal conclusion).

14. The foregoing General Objections shall be considered as made, to the extent applicable, in response to each of the individual requests made in the Interrogatories as if the General Objections were fully set forth in each such response.

15. The Debtor will meet and confer in good faith as to this response and these objections. In the event that any dispute cannot be resolved, the Debtor expressly reserves its right to seek a protective order and/or any alternate redress.

### RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**

Describe in detail your involvement with "the sale of the Debtor's assets" (Declaration, ¶ 3), including but not limited to the number of potentially interested parties that you have personally spoken or communicated with in connection with a prospective sale or other transaction with

4

146061945.2

respect to the Debtor or its assets (such parties, "Prospective Buyers," and such sale or other transaction, a "Transaction").

**Response to Interrogatory No. 1**

Objection to the extent this Interrogatory is vague and ambiguous and/or amenable to different meanings, understandings, or interpretations. Subject to this objection, I am a Senior Associate with Province, the financial advisor for the Debtor. Given the size and complexity of this bankruptcy case, several team members from Province, including myself, work on this case and share information pertaining to this case, including information related to the sale of the Debtor's assets. I have reviewed and provided information pertinent to the sale of the Debtor's assets with Province team members and consulted with Province team members regarding the sale of the Debtor's assets and the financial impact of the sale of the Debtor's assets. I personally communicated with qualified bidders[1] and with a material number of parties who requested nondisclosure agreements and/or those who made initial inquiries regarding the purchase of the Debtor's assets. Province has communicated with over forty potentially interested buyers of the Debtor's assets.

**Interrogatory No. 2**

With how many Prospective Buyers have you discussed (or otherwise communicated regarding) the quantity of the Debtor's Leases, Contracts, or Kiosks that such Prospective Buyer might wish to purchase?

**Response to Interrogatory No. 2**

Objection to the extent this Interrogatory is vague and ambiguous and/or amenable to different meanings, understandings, or interpretations. Subject to this objection, I communicated the quantity of the Debtor's Leases, Contracts, or Kiosks with those parties who expressed an interest in purchasing the Debtor's assets, requested this information, and/or submitted a qualified bid for the purchase of the Debtor's assets. I did not specifically track the number of parties with whom I communicated the quantity of the Debtor's Leases, Contracts, or Kiosks, with the exception

---

[1] Qualified bidder in this response means bidders who executed a non-disclosure agreement, and submitted a feasible term sheet.

5

146061945.2

of parties who became qualified bidders. Province has communicated with over forty potentially interested buyers of the Debtor's assets.

**Interrogatory No. 3**

When is the current deadline to submit a bid for a prospective Transaction?

**Response to Interrogatory No. 3**

May 30, 2023 at 5:00 p.m.

**Interrogatory No. 4**

When is the Auction currently scheduled to occur?

**Response to Interrogatory No. 4**

June 2, 2023 at 9:00 a.m.

**Interrogatory No. 5**

Do you, Province, or the Debtor (as applicable) intend to consummate only a single Transaction, or is it possible that more than one Transaction will be consummated?

**Response to Interrogatory No. 5**

Objection to the extent that this Interrogatory improperly seeks confidential and sensitive information. Subject to this objection, the process is ongoing and the Debtor and Province intend on consummating a Transaction, or any combination of Transactions, that yields the highest and best results for the estate.

**Interrogatory No. 6**

How many parties have submitted bids in connection with a prospective Transaction as of the date hereof (whether a definitive bid, bid to act as "stalking horse," indication of interest, or otherwise)?

**Response to Interrogatory No. 6**

Objection to the extent that this Interrogatory improperly seeks confidential and sensitive information. Further, objection as this Interrogatory seeks information that is not relevant nor within the scope of permitted inquiry. Subject to these objections, the sale/bid process is ongoing and has not been completed. Further, Enigma is a consultation party that is provided frequent updates on this matter.

**Interrogatory No. 7**

How many "potential buyers" have requested that "the Debtor's locations be reduced in number" as of the date hereof? Declaration, ¶ 6.

**Response to Interrogatory No. 7.**

All qualified bidders have made this request.

**Interrogatory No. 8**

Describe in detail the basis for your conclusion that "rejection of the Contracts and Leases set forth in the Motions will [not] depress the sale price of the Debtor's assets." Declaration, ¶ 6.

**Response to Interrogatory No. 8**

The basis for the conclusion that the rejection of the Contracts and/or Leases in the Motions will not depress the sale price of the debtor's assets is that these Contracts and/or Leases lack value and there are significant liabilities associated with these Contracts and/or Leases. That is, the Contracts and/or Leases do not have value to a potential buyer because, among other things, they do not generate sufficient revenue compared to the expenses associated with their maintenance and operation. Further, the administrative expenses associated with the Contracts and/or Leases that are listed in the Motions are significant. Thus, given the lack of value and the actual expense associated with Contracts and/or Leases in the Motions, removal from the sale process of the Contracts and/or Leases in the Motions will not depress the sale price of the Debtor's assets.

**Interrogatory No. 9**

Describe any offers or indications of interest you, Province, or the Debtor (as applicable) have received for a Transaction with respect to the sale, liquidation, or operation of the Kiosks subject to the Motions.

**Response to Interrogatory No. 9**

Objection to the extent that this Interrogatory improperly seeks confidential and sensitive information. Further, objection as this Interrogatory seeks information that is not relevant nor within the scope of permitted inquiry. Subject to these objections, offers or indications of interest have been received by Province and/or the Debtor from RockItCoin. RockItCoin is actively doing due diligence on locations which indicators include a limited number of locations subject to the

7

146061945.2

Motions. The Debtor and/or Province believe that there have been no real or material offers with respect to the sale, liquidation, or operation of the Kiosks subject to the Motions.

Lastly, Province and/or the Debtor have had at least two liquidators communicate proposals to retain them to market and attempt to recover value for certain assets, including the Kiosks, but based upon the information I have received, they have not provided any indication that they have a buyer for the assets.

**Interrogatory No. 10**

Describe in detail the basis for your personal knowledge of the purported facts and conclusions set forth in paragraphs 8 and 9 of your Supplemental Declaration.

**Response to Interrogatory No. 10**

My personal knowledge of the facts and conclusions set forth in paragraph 8 arise from information provided to me by Debtor's counsel that I reviewed, including a list of the Contracts and/or Leases that are part of the Reject Motions, and the comparison of this information to RockItCoin's List. My personal knowledge of the facts and conclusions set forth in paragraph 9 arise from information provided by potential buyers to me and information received by me from the Debtor, Debtor's counsel, and other members of Province.

**Interrogatory No. 11**

To your knowledge, did you, Province, or the Debtor (as applicable) permit RockItCoin to contact the "contract parties" described in paragraphs 7 and 8 of your Supplemental Declaration?

**Response to Interrogatory No. 11**

The Debtor did not permit RockItCoin to contact parties subject to the pending Motions until the Auction is held.

**Interrogatory No. 12**

What is your understanding as to why RockItCoin wished to contact the "contract parties" described in paragraphs 7 and 8 of your Supplemental Declaration?

**Response to Interrogatory No. 12**

Objection calls for speculation. Subject to this objection, RockItCoin provided its assumption list, the List. My understanding is that RockItCoin had determined that most of the

master host agreements are not economically viable in their entirety and that the List only included certain locations under the master host agreement. Thus, RockItCoin wished to speak with master host agreement counterparties to attempt to negotiate these counterparties' consent to assume only certain locations, but not all locations. My understanding is that RockItCoin was not seeking a reduction in the purchase price if it could not obtain consent.

_____
Tanner James

STATE OF NEVADA    )
                   ) ss:
COUNTY OF CLARK    )

  BEFORE ME, personally appeared Tanner James, who after being duly sworn, deposes and says that the foregoing Answers to Interrogatories are true and correct to the best of his knowledge, information and belief.

  IN WITNESS WHEREOF, I have hereunto set my hand and official seal, in the County and State aforementioned, this 23rd day of May, 2023.

_____
Notary Public, State of Nevada
County of Clark

ERIC KEAUMIKI MATTSON
Notary Public, State of Nevada
Appointment No. 16-1987-1
My Appt. Expires Jan 7, 2027

[notary stamp]

9

146061945.2

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Fox Rothschild LLP, and that on the 23rd day of May, 2023, a copy of the foregoing ***Debtor's Response To Enigma Securities Limited's Interrogatories To Tanner James*** was served via Electronic Mail to:

| | |
|---|---|
| **James Patrick Shea, Esq.** | jshea@shea.law |
| **Bart K. Larsen, Esq.** | blarsen@shea.law |
| **Kyle M. Wyant, Esq.** | kwyant@shea.law |
| **Gary Lee, Esq.** | glee@mofo.com |
| **Andrew Kissner, Esq.** | akissner@mofo.com |

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 23rd day of May, 2023.

                                                      */s/   Angela Hosey*
                                                      An employee of Fox Rothschild LLP

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

146061945.2