BRETT A. AXELROD, ESQ., NV Bar No. 5849
JEANETTE E. MCPHERSON, ESQ., NV Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ., NV Bar No. 16264
ZACHARY T. WILLIAMS, ESQ., NV Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
   jmcpherson@foxrothschild.com
   nkoffroth@foxrothschild.com
   zwilliams@foxrothschild.com

*Counsel for Debtor*

Electronically Filed June 14, 2023

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-23-10423-MKN |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD | Chapter 11 |
| Debtor. | **DECLARATION OF DANIEL AYALA IN SUPPORT OF NINTH OMNIBUS MOTION FOR ENTRY OF ORDER APPROVING REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365(a)** |
|  | Hearing Date: July 20, 2023<br>Hearing Time: 10:30 a.m. |

I, Daniel Ayala, declare as follows:

1. I am the Independent Director of Cash Cloud, Inc., dba Coin Cloud, the debtor and debtor-in-possession (the "Debtor").

2. In my capacity as the Independent Director of the Debtor, I am familiar with the financial records of the Debtor and have reviewed the Debtor's analysis regarding the Debtor's decisions to reject certain Contracts and Leases.

3. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would

1

146716510.1

testify competently to the facts set forth in this Declaration.[1]  I make this Declaration in support of the motion captioned above.

**A.      Debtor's Filing**

4.      On February 7, 2023 (the "Petition Date"), the Debtor initiated its Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5.      The Debtor was formed as a Nevada corporation for the purpose of providing a platform for customers to buy and sell digital currencies through Digital Currency Machines ("DCMs") distributed across the United States.  Based upon information and belief, DCMs are an advanced version of the kiosks commonly referred to as Bitcoin ATMs or BTMs, that enable a consumer to both (a) buy bitcoin as well as 30+ other digital currencies with cash, and (b) sell digital currency for cash.  Based upon information and belief, all of the Debtor's machines are DCMs offering two-way functionality, over 30 digital currency options, an advanced user interface and a custom non-custodial companion wallet app (available on the Apple App Store and the Google Play Store).

**B.      Debtor's Business And Contracts And/Or Leases**

6.      In connection with the installation, operation, and use of the DCMs, or kiosks ("Kiosks"), Cash Cloud entered into numerous contracts (the "Contracts") or leases ("Leases") with various parties ("Counterparty" or Counterparties").

7.      Specifically, the Debtor is a party to Contracts or Leases pertaining to the installation of Kiosks at retail locations, including convenience stores, malls, and enterprise grocery stores, such Contracts or Leases generally provide Cash Cloud permission to install a Kiosk at a certain location ("Location") in exchange for compensation being paid to the Counterparty. The terms in the Contracts and/or Leases vary.  Under certain "master" Contracts and/or Leases, wherein such Contract or Lease governs the installation of Kiosks at multiple, different Locations (as set forth within the exhibits attached to the Contract or Lease), the Contract or Lease contains terms that provide not only for the termination of the master agreement, as a whole, but also for either the

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed them in the Motion.

146716510.1

Debtor or the Counterparty to terminate certain identified Locations.

8. In addition, the Debtor is also a party to numerous Contracts or Leases necessary for its general operations.

9. On May 8, 2023, the Debtor filed Debtor's Motion For Order Extending Deadline To Assume, Assume And Assign, Or Reject Unexpired Nonresidential Real Property Leases Pursuant To 11 U.S.C. § 365(d)(4) wherein the Debtor requested an extension of time to assume or reject all of its unexpired non-residential real property leases.

10. On June 6, 2023, the Court entered an Order Extending Deadline To Assume, Assume And Assign, Or Reject Unexpired Nonresidential Real Property Leases Pursuant To 11 U.S.C. § 365(d)(4) [ECF 619] extending the time for the Debtor to assume or reject Leases to July 14, 2023.

**C.     Sale of the Debtor's Assets**

11. On April 7, 2023, the Debtor filed a Motion for Entry of an Order: (A) Approving Auction and Bidding Procedures for Potential Plan Sponsors or the Purchase of Substantially All of the Debtors Assets; (B) Approving Form Notice to Be Provided to Interested Parties; and (C) Scheduling a Hearing to Consider Approval of the Highest and Best Transaction, Cure Objections, and Confirmation of the Proposed Toggle Plan [ECF No. 392].

12. On April 27, 2023, the Court entered an Order Establishing Bidding Procedures and Related Deadlines [ECF No. 483] (the "Bid Procedures Order").

13. The Bid Procedures Order approved bidding procedures governing the sale of substantially all of Debtor's assets.

14. In accordance with the Bid Procedures Order, the Debtor held an auction for the sale of substantially all of the Debtor's assets on June 2, 2023. The bid presented by Heller Capital Group, LLC ("Heller Capital") for the purchase of certain of the Debtor's assets was selected as one of the winning bids.

15. Heller Capital will be purchasing certain of the Debtor's Kiosks, including without limitation, Kiosks used in connection with the Contracts and Leases subject to the Motion.

/ / /

3

146716510.1

**D.      Rejection of Contracts And/Or Leases**

16.     The Debtor has made the decision to reject the Contracts and/or Leases after undertaking a financial analysis of the expense to the Debtor's estate associated with each Contract or Lease, and the benefits to the estate and its creditors associated with each Contract or Lease. Based upon the Debtor's financial analysis of the Contracts and/or Leases, the Debtor, in its business judgment, has determined that the Contracts and/or Leases set forth in the Motion are financially burdensome and do not provide benefit to the estate. Among other things, the Debtor considered the historical performance, cure costs associated with assuming the contracts, ongoing administrative expenses, and potentially irreparable business relationships with certain hosts.

17.     The Contracts and/or Leases, or certain Locations, that are listed on Exhibit 2 are no longer needed and are not a source of potential value for the Debtor's future operations, creditors, or interest holders. Further, the Debtor seeks to avoid depletion of the estate through accrual of administrative expenses associated with these Contracts and/or Leases. In addition, the Debtor has determined that there is no value in attempting to assume and assign the Contracts and/or Leases, as they are not marketable given their terms. Indeed, Heller Capital has determined it does not seek to have the Debtor assume and assign the Contracts or Leases.

18.     Thus, rejection is in the best interests of creditors and other parties in interest. Accordingly, the Debtor seeks authority to reject the Contracts and/or Leases set forth on **Exhibit 2** of the Motion as of the date of the filing of this Motion to prevent the incurrence of ongoing administrative expenses with respect to the Contracts and/or Leases.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing statements are true and correct to the best of information, knowledge and belief.

Executed this 14th day of June, 2023 in Las Vegas, Nevada.

/s/ Daniel Ayala
DANIEL AYALA

146716510.1