BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
    jmcpherson@foxrothschild.com
    nkoffroth@foxrothschild.com
    zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-S-23-10423-MKN<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO COMPEL TURNOVER OF ESTATE ASSETS**<br><br>Hearing Date:  OST PENDING<br>Hearing Time:  OST PENDING<br>Estimated Time for Hearing: 20 Minutes |

Cash Cloud, Inc. ("Cash Cloud" or "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, respectfully submits this motion (the "Motion"). This Motion is made and based upon 11 U.S.C. § 105(a), § 541, and § 542, Federal Rule Bankruptcy Procedure 9014 and LR 9014, the Points and Authorities set forth herein, the Declaration of Daniel Ayala, filed concurrently herewith, the documents on file of which the Debtor respectfully requests that this Court take judicial notice, and argument entertained at the time of the hearing(s) related to this Motion.

1

146190097.2

As set forth in the Motion, the Debtor seeks an order compelling Hosts[1] to grant the Debtor, and its agents, immediate access to the DCMs and turn over the Deposits to the Debtor. The Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit 1.**[2]

Dated this 16th day of June, 2023.	**FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ. (5423)
BRETT A. AXELROD, ESQ. (5859)
NICHOLAS A. KOFFROTH, ESQ. (16264)
ZACHARY T. WILLIAMS, ESQ. (16023)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

## POINTS AND AUTHORITIES

### I.   JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E), and (O).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is 11 U.S.C. §§ 105(a) and 542(a) and Federal Rule of Bankruptcy Procedure 9014 and LR 9014.

4. Pursuant to Local Rule 9014.2, the Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1] All capitalized terms shall have the meanings ascribed in the Motion.

[2] After notice of this Motion, revisions to this proposed order may be made.

146190097.2

## II. BACKGROUND

**A.    Debtor's Filing**

5.    On February 7, 2023 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

6.    The Debtor is authorized to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.    An Official Committee of Unsecured Creditors was appointed on or about February 17, 2023.

**B.    Debtor's Digital Currency Machines and Host Agreements**

8.    The Debtor was formed as a Nevada corporation for the purpose of providing a platform for customers to buy and sell digital currencies through Digital Currency Machines ("DCMs") distributed across the United States. DCMs are an advanced version of the kiosks commonly referred to as Bitcoin ATMs or BTMs, that enable a consumer to both (a) buy bitcoin as well as 30+ other digital currencies with cash, and (b) sell digital currency for cash.

9.    As of December 31, 2022, the Debtor operated approximately 4,800 DCMs in the United States and Brazil, installed in some of the largest convenience, grocery and liquor store chains and prestigious malls, pursuant to host agreements ("Host Agreements"). See Ayala Declaration ¶ 4.

10.    Pursuant to the Host Agreements, the Debtor and various parties ("Host(s)") have agreed, in general, that a DCM may be installed at a certain location. In connection with a customer's use of a DCM, monies are deposited into the DCMs and these amounts are calculated and validated by the Debtor through its software ("Deposits"). The Debtor collects the Deposits on a regular basis. See Ayala Declaration ¶ 5.

11.    Some Hosts, however, have refused to allow the Debtor, and/or its agents, access to the DCMs. As a result, Deposits have not been collected. The Deposits owed to the Debtor are in a substantial amount. See Ayala Declaration ¶ 6.

12.    The Debtor has attempted to contact the Hosts to allow it access to retrieve the Deposits; however, to date, the Debtor has unsuccessful. Accordingly, the Debtor seeks an order

146190097.2

compelling the Hosts to grant the Debtor, and its agents, immediate access to the DCMs and turn over the Deposits to the Debtor. See Ayala Declaration ¶ 7.

### III. MEMORANDUM OF LAW

13. The Deposits are property of the Debtor's estate. The Hosts are refusing the Debtor, and its agents, access to the DCMs and therefore, the Deposits. Consequently, the Debtor requests that the Hosts be compelled to grant the Debtor, and its agents, immediate access to the DCMs and turn over the Deposits to the Debtor.

14. Pursuant to § 541(a), the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," and the term "property" in § 541 should be construed broadly. *In re Feiler*, 218 F.3d 948, 955 (9th Cir. 2000). "To this end the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Feiler* at 955, *citing Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

15. "Turnover is governed by 11 U.S.C. § 542(a), which generally requires persons in possession, custody, or control of property that the trustee may use, sell, or lease, or that the debtor may exempt, to deliver to the trustee such property or its value." *In re White*, 389 B.R. 693, 699 (9th Cir. BAP 2008). Section 542 states in pertinent part that:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542.

16. The legislative history of § 542(a) is sparse; however, it is apparent that Congress intended to create a means by which a debtor in possession could recover property in furtherance of an effective reorganization, when such property is due "without dispute" and is "fully matured and payable on demand." *See Charter Crude Oil Co. v. Exxon Co. U.S.A. (In re Charter Co.),* 913 F.2d 1575, 1579 (11th Cir. 1990).

4

146190097.2

17. Here, the Deposits are property of the Debtor's estate and must be turned over to the Debtor pursuant to § 542(a). The Deposits are due and owing without dispute as they are monies contained in the DCMs. Accordingly, the Debtor requests that Hosts be compelled to grant the Debtor, and its agents, immediate access to the DCMs and turn over the Deposits to the Debtor.

### VI.  NOTICE

18. Notice of this Motion has been given by electronic mail or first class mail to the following parties or their counsel: (a) the Office of the United States Trustee for the District of Nevada; (b) counsel for the Official Committee of Unsecured Creditors; (c) counsel to Debtor's secured creditors; and (d) all parties that have filed a Rule 2002 Notice Request in the Chapter 11 Case. In light of the nature of the relief requested, Debtor respectfully submits that such notice is appropriate and sufficient under the circumstances and that no further notice is necessary.

### V.  CONCLUSION

WHEREFORE, for all of the foregoing reasons, Debtor respectfully requests that this Court enter an Order granting this Motion, substantially in the form attached hereto as **Exhibit 1,** and order (1) that all Hosts be compelled to (a) grant the Debtor, and its agents, immediate access to the DCMs and (b) turn over the Deposits to the Debtor, and (2) any such other and further relief as this Court deems appropriate.

Dated this 16th day of June, 2023.          **FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
    JEANETTE E. MCPHERSON, ESQ.
    Nevada Bar No. 5423
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135

*Counsel for Debtor*

146190097.2

# EXHIBIT 1
# PROPOSED ORDER

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
  jmcpherson@foxrothschild.com
  nkoffroth@foxrothschild.com
  zwilliams@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>                              Debtor. | Case No. BK-S-23-10423-MKN<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION TO COMPEL TURNOVER OF ESTATE ASSETS**<br><br>Hearing Date:   July 20, 2023<br>Hearing Time:   10:30 a.m. |

1

146190097.2

The Court having reviewed and considered Debtor's motion [ECF _____] (the "Motion")[1] for an order approving the turnover of estate assets pursuant to Bankruptcy Code § 541(a) and § 542 and arguments of counsel; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; the Court having made its findings of fact and conclusions of law on the record which are incorporated herein pursuant to Fed.R.Civ. P. 52, made applicable by Fed.R.Bankr. P. 9014 and 7052, and referenced herein in part, and for good cause shown, it is hereby

**ORDERED** that the Motion is **GRANTED** in its entirety; and it is further

**ORDERED** that all Hosts are compelled to (a) grant the Debtor, and its agents, immediate access to the DCMs and (b) turn over the Deposits to the Debtor.

Prepared And Respectfully Submitted By:

**FOX ROTHSCHILD LLP**

By: _____
JEANETTE E. MCPHERSON, ESQ.
BRETT A. AXELROD, ESQ.
NICHOLAS A. KOFFROTH, ESQ.
ZACHARY T. WILLIAMS, ESQ.
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*Counsel for Debtor*

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

146190097.2

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

146190097.2