Jeffrey R. Sylvester, Esq.
Nevada Bar Number 4396
SYLVESTER & POLEDNAK, LTD.
1731 Village Center Circle
Las Vegas, NV 89134
Tel: (702) 952-5200
Fax: (702) 952-5205
Email: jeff@SylvesterPolednak.com

Jordi Guso, Esq. (*admitted pro hac vice*)
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
Email: jguso@bergersingerman.com

*Attorneys for CKDL Credit, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC.,<br>        dba COIN CLOUD,<br><br>                        Debtor. | Case No. BK-S-23-10423-MKN<br>Chapter 11<br><br>**CKDL CREDIT, LLC'S: (I) OBJECTION TO *EMERGENCY* MOTION FOR ORDER AUTHORIZING DEBTOR'S ENTRY INTO INTERIM MANAGEMENT SERVICES AGREEMENT PENDING APPROVAL OF SALE OF DEBTOR'S ASSETS, AND (II) RESERVATION OF RIGHTS**<br><br>Date of Hearing: June 28, 2023<br>Time of Hearing: 10:30 a.m. |

CKDL Credit, LLC ("CKDL" or "DIP Lender"), by and through undersigned counsel, hereby files its (i) objection to the *Emergency Motion for Order Authorizing Debtor's Entry Into Interim Management Services Agreement Pending Approval of Sale of Debtor's Assets* [ECF No. 710] (the "Motion") and (ii) reservation of rights with respect to the Debtor's proposed sale of substantially all its assets [ECF No. 730], and respectfully states as follows:

1

1.      Pursuant to the *Final Order Under Bankruptcy Code Sections 105, 361,362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 2002, 4001, 6004 and 9014(I) (I) Authorizing Debtor to (A) Obtain Post-Petition Financing and (B) Grant Adequate Protection* [ECF No. 315] (the "Final DIP Order"), the Court authorized the Debtor to obtain secured post-petition financing from DIP Lender.   As of the date hereof, the Debtor is justly indebted to DIP Lender in the amount of $5,393,514.90, plus costs and attorneys' fees (the "DIP Obligations"). [1] The DIP Obligations are secured by first priority, priming liens on substantially all of the Debtor's assets including cash and cryptocurrency (the "Cash Equivalents").

2.      Pursuant to the Motion, the Debtor seeks authority to enter into the Management Agreement[2] with the Manager, an affiliate of Heller Capital whom the Debtor determined to be the successful bidder following the conclusion of the auction for the Debtor's assets.  Pursuant to the Management Agreement, the Debtor will cede all of its operations and control exclusively to the Manager.   In this regard, paragraph 7 of the Management Agreement provides:

> **Control**.  Except as otherwise provided in this Management Agreement, Debtor neither reserves, nor will it exercise any control over, the methods or actual manner by which Manager operates the Business or performs hereunder.  Manager, as an independent contractor, has sole control over the methods or manner by which the Business is operated hereunder, including but not limited to, recommending Debtor terminate one or more employees listed on Schedule "A" or requiring Debtor remove one or more employees from Schedule "A" for failure to adequately perform. Moreover, Manager is responsible for complying with any Federal, State, or local laws and regulations regarding the operation of the Business and the employment and retention of any employees, including, but not limited to complying with all building codes, statutes, and regulations, including but not limited to Title VII of the Civil Rights Act of 1964 as amended, the Americans with Disabilities Act, Family and Medical Leave Act, Equal Pay Act, Age Discrimination in Employment Act, and all other related and/or applicable federal, state, or municipal codes, licenses, and permits.  Notwithstanding Manager's control, any action taken by Manager not expressly set forth in this Management

---

[1] DIP Lender advanced a total of $5 million to the Debtor.  The credit agreement memorializing the financing permits the Debtor to PIK or accrue the interest upon the terms set forth in the credit agreement.  The DIP Obligations continue to accrue interest at the per diem rate of $2,792.25.

[2] Capitalized terms used in this limited objection and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Agreement that would otherwise require Court approval as if such action were taken by the Debtor will still require Court approval from the Court separate and apart from any order approving this Management Agreement. Nothing contained herein shall cause Manager to be deemed to be a successor in interest or be deemed to create a de facto merger with the Debtor.

3.      The Management Agreement also provides that the Manager is entitled to retain all revenue earned or derived from the operation of the Debtor's business during the Interim Management Period.

4.      The Cash Equivalents wherever located is the DIP Lender's collateral. Neither the Motion nor the Management Agreement discloses how the Debtor will take possession of (or has taken possession of) the Cash Equivalents, or how the Debtor will account for the Cash Equivalents to assure that they are fully preserved for the benefit of the estate, including for the benefit of DIP Lender. Nor does the Management Agreement provide procedures for the reconciliation of cash collected by the Manager. The Schedule that purportedly contains the reconciliation procedures is not attached to the Management Agreement, which itself is not signed.

5.      The Management Agreement also provides that it "shall be effective upon the Debtor's filing of its motion seeking approval hereof, and shall continue until the Closing Date." The Management Agreement is outside of the ordinary course of business. The Debtor cannot enter into the Management Agreement or perform thereunder absent the prior approval of this Court.

6.      As a condition to the effectiveness of the Management Agreement, and the Debtor ceding control of all its operations to the Manager, the Debtor should be required to indefeasibly repay the DIP Obligations in full. DIP Lender should not bear the risk of any dispute between the Debtor and Manager with respect to the collection, reconciliation or application of any Cash Equivalents.

## RESERVATION OF RIGHTS

7.      DIP Lender reserves the right to object to the Motion or to the approval of the Management Agreement on any other grounds. Further, to the extent that the Debtor has not paid

the DIP Obligations in full, the order approving the sale of the Debtor's assets must provide for the repayment in full, in cash, of the DIP Obligations from the first proceeds of the sale of the Debtor's assets.

Dated this 23rd day of June, 2023.

**SYLVESTER & POLEDNAK, LTD.**

By: */s/ Jeffrey R. Sylvester*
    Jeffrey R. Sylvester, Esq.
    Nevada Bar No. 4396
    1731 Village Center Circle
    Las Vegas, NV 89134

    -and-

    BERGER SINGERMAN LLP
    Jordi Guso, Esq. (*admitted pro hac vice*)
    1450 Brickell Avenue, Suite 1900
    Miami, FL 33131

    *Attorneys for Interested Party CKDL Credit, LLC*