LOUIS M. BUBALA III
Nevada Bar No. 8974
KAEMPFER CROWELL
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

Attorneys for Interested Party
Brookfield Retail Properties, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

CASH CLOUD, INC.
 d/b/a COIN CLOUD,

Debtor.

Case No.: 23-10423-MKN
Chapter 11

**LIMITED OBJECTION OF CERTAIN LANDLORDS TO CURE AMOUNTS AND PROPOSED ASSUMPTION AND ASSIGNMENT OF LEASES**

Hearing Date: 6/28/2023
Hearing Time: 10:30 a.m.

Brookfield Retail Properties, Inc., the owner or manager of 21 entity landlords with leases with debtor, submits this limited objection to the *Notice of Potential Assumption & Assignment* (Dkt. 658) ("Cure Notice").

**PRELIMINARY STATEMENT**

1.  The Landlords do not generally object to the proposed assumption of the Leases (as defined below) by the Debtor and their assignment to Heller Capital, LLC and Genesis Coin, Inc. (collectively "<u>Heller Capital</u>" or "<u>Successful Bidder</u>") (Dkt. 621); however, the Landlords respectfully assert that the cure amounts for the Leases must include all amounts due and owing under the Leases and address all non-monetary defaults that must be cured, and the

Debtor and the Successful Bidder must provide adequate assurance of future performance under the Leases.

2. In order to satisfy the requirements of Bankruptcy Code, Debtor must be required to pay the cure amounts asserted by Landlords herein, together with any additional pecuniary losses suffered by the Landlords, including reasonable attorneys' fees. The Debtor must also cure or provide adequate assurance that it will cure all non-monetary defaults under the Leases. Further, in order to provide adequate assurance of future performance with respect to the assumed Leases, Heller Capital must remain liable for the performance of accrued, but unbilled or unasserted, liabilities under the terms of the Leases, including percentage rent and periodic operating expense reconciliations. Heller Capital must also be required to comply with all contractual obligations to indemnify and hold the Landlords harmless with regard to events which may have occurred before assumption, but which were not asserted or otherwise known to the Landlords as of the date of the assumption. In the interim, Debtor must continue to timely pay all rent, additional rent, and expenses due under the Leases until the Leases are assumed and assigned, or rejected pursuant to section 365(d)(3) of the Bankruptcy Code.

///

///

///

## FACTUAL AND PROCEDURAL BACKGROUND

3. The Landlords are the lessors to Debtor with respect to 21 leases[1] of retail properties (each, a "Lease," and collectively, the "Leases")[2] in 14 states, as more specifically identified in Paragraph 16, below (collectively, the "Leased Premises"). There can be no serious question that each of Debtor's Leases with Landlords is a "lease of real property in a shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g., In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

4. On February 7, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. Since the Petition Date, the Debtor has been operating its businesses and managing its properties as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. On April 7, 2023, the Debtor filed a Motion for Entry of Order Approving Auction and Bidding Procedures, *et al.* (Dkt. 392).

6. On April 27, 2023, the Court entered the Order Establishing Bidding Procedures and Related Deadlines (Dkt. 483).

---

[1] Of the 21 leases, three are subject to the notice of assumption and assignment; 16 are subject to the pending motions to reject; one was rejected before; and one expired post-petition, so debtor did not list it on the notice of assumption or assignment, or past or pending motions to reject.

Representatives of Heller told Brookfield that it still seeks acquire most of these leases through assumption and assignment. Brookfield awaits further discussions with Heller and will address them as needed in future matters.

[2] While Debtor's Leases with Landlords are styled "License Agreements," Bankruptcy Code section 365(m) provides that "[f]or purposes of this Section 365 and sections 541(b)(2) and 362(b)(10), leases of real property shall include any rental agreement to use real property." *See, e.g., In re Brewer*, 233 B.R. 825, 827-828 (Bankr. E.D. Ark. 1999). Thus, Debtor's License Agreements are governed by Bankruptcy Code section 365.

19055.1

Page 3 of 10

7. The deadlines for the Assumption Procedures were extended twice by stipulation (Dkt. 527 & 648).

8. Debtor held an auction on June 2, 2023, identifying the Successful Bidder with a successful bid of $5.7 million, subject to the terms and conditions of its bid.

9. On June 13, 2023, Debtor filed its Cure Notice with a deadline for responses at 5 p.m. Pacific, June 22, 2023 (Dkt. 658).

10. On June 22, 2023, at 3:58 p.m. Pacific, Debtor, the Official Committee of Unsecured Creditors, and Brookfield filed a stipulation to extend the deadline for it to respond to the Cure Notice by one day to 5 p.m. Pacific, June 23, 2023 (Dkt. 748). A proposed order has been submitted to the Court.

**OBJECTION**

I. **DEBTOR MUST CURE ALL EXISTING DEFAULTS AND PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE AS A CONDITION TO THE ASSUMPTION AND ASSIGNMENT OF ITS LEASES**

11. Section 365(a) provides that the trustee (or debtor-in-possession), subject to the bankruptcy court's approval, may assume or reject any executory contract or unexpired lease of the debtor. If the executory contract or unexpired lease is in default, it may not be assumed unless the trustee complies with the following prior to assumption: (1) cures or provide adequate assurance of a prompt cure of existing defaults, (2) compensates, or provides adequate assurance that the trustee will promptly compensate, the counterparty to such contract or lease, for any actual pecuniary loss resulting from such default, and (3) provides adequate assurance of future performance under such leases. 11 U.S.C. § 365(b)(1)-(3). Where, as here, an executory contract or unexpired lease is to be assumed and assigned, the requirement that adequate assurance of

future performance be provided applies "whether or not there has been a default in such contract or lease." 11 U.S.C. § 365(f)(2)(B).

12. As one court has held, "Section 365(b)(1) is intended to provide protection to the non-debtor lessor to insure that he receives the full benefit of his bargain in the event of assumption." *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985); *accord*, *In re Valley View Shopping Center, L.P.*, 260 B.R. 10, 25 (Bankr. D. Kansas 2001); *In re Mushroom Transportation Co., Inc.*, 78 B.R. 754, 759 (Bankr. E.D. Pa. 1987). Indeed, "the cost of assumption is nothing short of complete mutuality and requires performance in full as if bankruptcy had not intervened." *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992).

13. Debtors bear the burden of proving the requirement of Bankruptcy Code section 365(b) by a preponderance of the evidence. *See In re PRK Enterprises, Inc.*, 235 B.R. 597, 602 (Bankr. E.D. Tex. 1999).

**Monetary Defaults:**

14. Bankruptcy Code section 365(b)(1)(A) "clearly and unambiguously" requires the cure of all defaults before an unexpired lease of nonresidential real property may be assumed. *In re Building Block Child Care Centers, Inc.,* 234 B.R. 762, 765 (9th Cir. BAP 1999); *accord*, *In re Senior Care Centers, LLC*, 607 B.R. 580, 588 (Bankr. N.D. Tex. 2019) ("The purpose of the cure requirement is to restore the lessor/lessee relationship to the status it enjoyed prior to the default."); *In re Fifth Taste Concepts Las Olas, LLC*, 325 B.R. 42 (Bankr. S.D. Fla. 2005) ("The purpose of § 365(b)(1)(A) is to preserve the *entirety* of an unexpired lease upon assumption and cure any defaults." [emphasis in original]).

15. Debtor acknowledges this obligation in the Cure Notice, providing a proposed "Cure Amount" for each Unexpired Lease identified in Exhibit 1 to the Notice of

Potential Assumption and Assignment.  However, Debtor provide no itemization or detail as to the asserted amounts.  The Cure Costs with respect to Landlords' Leases are summarized below.

| Debtor's Store # | Landlord/Shopping Center Name | Debtor's Amount | Landlord's Amount |
|---|---|---|---|
| 103863 | Champaign Market Place L.L.C., c/o Market Place Shopping Center | $68.75 | $1,012.30 |
| 103392 | Columbiana Centre, LLC | $343.75 | $558.75 |
| 103837 | Neshaminy Mall Joint Venture L.P. | $975.00 | $200.00 |

16. The current Cure Amounts asserted by Debtor in the Cure Notice do not, however, disclose the dates through which they are calculated, and thus it is impossible to determine what they include or exclude.  Bankruptcy Code section 365(b)(1) measures defaults as of the "time of assumption."  *See, e.g., In re Rachels Industries, Inc.*, 109 B.R. 797, 811-812 (Bankr. W.D. Tenn. 1990).  Landlords each reserves their respective rights and remedies against Debtor with respect to such additional sums.  The amounts listed for the landlords are as of June 23, 2023, and include at least $200 per lease for legal fees and costs as under the Leases and as pecuniary damages incurred as part of this process.  These legal fees do not represent the entire amount incurred by the Landlords, but is an amount that the Landlords are currently willing to accept in resolution of their fees as part of the assumption and assignment of the Leases identified above.  The legal fees are discussed further below.

17. In order to satisfy the adequate assurance requirements of Bankruptcy Code section 365(b)(1)(C) and (b)(3)(C), the Leases must be assumed in their entirety, and Debtor must provide the Landlords with adequate assurance that (i) accrued, but unbilled, obligations will be satisfied when billed in the future, and (ii) that other obligations based on accrued, but not presently known, events and occurrences will be performed, with the Landlords' rights and remedies with respect thereto reserved.  *See, e.g.*, *In re National Gypsum Co.,* 208 F.3d 498, 506 (5th Cir. 2000) (a debtor "must assume the entire contract, *cum onere*" – the debtor must accept

"both the obligations and the benefits of the executory contract."); *In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003) (The assumption of an unexpired lease as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected.").

**Indemnification Obligations:**

18. Furthermore, in order to provide adequate assurance of future performance, Heller Financial, as the proposed assignee, must be required to comply with all contractual obligations to indemnify and hold the Landlords harmless for events which occurred before assumption, but which were not known to the Landlords as of the date of the assumption and assignment, notwithstanding any contrary language in the Asset Purchase Agreement (Dkt. 730, 749) between Debtor and Heller Financial. This obligation to indemnify includes, but is not limited to, (i) claims of damage and destruction to the Leased Premises or property of the Debtor or its agents prior to assignment, and (ii) claims relating to compliance with laws.

19. The Asset Purchase Agreement attempts to bifurcate liabilities based on the "Closing Date," providing at Section 2.2(b) that the "Assumed Liabilities" are only those "Liabilities under the Assumed Contracts and Assumed Leases *arising after the Closing Date*." (Emphasis added.)

20. As a matter of law, the Debtor will not be entitled to the benefits and protections of Bankruptcy Code section 365(k), releasing the estate from any liability for post-assignment breaches of lease, where Debtor does do not assume and assign the lease *cum onere* – with all benefits and burdens. *American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999). In particular, where, as here, an agreement between a debtor and assignee attempts to limit the obligations assumed by the assignee only to obligations arising after the closing, there has not been a complete assignment and the debtor is not entitled to the

protections of Section 365(k).  *Id.* at 81.  Given Heller Financial's attempted disclaimer of liability for certain pre-assignment lease obligations, there will not be a complete assignment of the Leases, and adequate assurance of future performance cannot be provided.  The Successful Bidder should not acquire Debtor's leasehold interests on such improper terms.

21. To provide adequate assurance of future performance with respect to the indemnification obligations under the Leases based on claims that may be based on pre-assumption occurrences, but which have not yet been asserted, Heller Financial must be required to satisfy any and all such claims, notwithstanding anything to the contrary contained in the Proposed Plan or any confirmation order. Following the assignment of Leases and confirmation of Debtor's liquidating plan (Dkt. 528), Landlords will have "no place to go" with respect to such obligations, depriving Landlords of the benefit of their bargain and failing to provide the adequate assurance of future performance required by Bankruptcy Code section 365(b)(1)(C), (b)(3) and (f)(2).

**Attorneys' Fees:**

22. Where, as here, there are defaults under leases sought to be assumed and assigned, Bankruptcy Code section 365(b)(1) comes into play.  The Leases each contain a provision for the recovery of attorneys' fees in the event of defaults under the lease.  Bankruptcy courts have held that attorneys' fees incurred in the enforcement of obligations, covenants and conditions of a lease are recoverable as part of a landlord's "pecuniary loss" under Bankruptcy Code section 365(b)(1)(B) due upon assumption and assignment of a lease if the underlying lease provides for them.  *In re Entertainment, Inc.*, 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998).  "Although attorneys' fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties." *In the Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993); *see also Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 127 S.Ct. 1199, 1203-1206

(2007) (contract providing for attorneys' fee recovery enforceable in bankruptcy unless Bankruptcy Code specifically provides otherwise); *In re Crown Books Corporation*, 269 B.R. 12, 18 (Bankr. D. Del. 2001) (landlord's attorneys' fees incurred in proving post-petition rent had not been recoverable as component of cure under Section 365(b)(1)). Landlords each reserve the right to supplement their response to provide such further attorneys' fees information as may be requested by Debtor.

## JOINDER

23. To the extent not inconsistent with the foregoing, Landlords join in any objections to the proposed assignment of Debtor's leases filed by Debtor's other shopping center landlords.

## RESERVATION OF RIGHTS

24. Landlords each reserve their respective rights to further object to any proposed assumption or assignment of their shopping center leases with the Debtor, on additional grounds based upon any new information provided by Debtor or upon any different relief requested by Debtor, including the identification of additional leases for assumption and assignment.

///

///

///

KAEMPFER CROWELL
50 West Liberty Street, Suite 700
Reno, Nevada 89501

19055.1

Page 9 of 10

# CONCLUSION

**WHEREFORE,** the Landlords request that the Court enter its order sustaining this Objection and conditioning the assumption of the Leases on the relief requested herein, including (a) the award of the Cure Amounts and attorneys' fees asserted by Landlord, and (b) provision of adequate assurance of future performance as required by Bankruptcy Code section 365(b), including requiring Debtors to continue to be responsible for all obligations under the assumed Leases such as accrued, but unbilled, expenses and indemnification

Dated this 23 of June, 2023

KAEMPFER CROWELL

*/s/ Louis M. Bubala III*
Louis M. Bubala III, Esq.
Counsel to Brookfield Retail Properties, Inc.