Anne T. Freeland, Esq.
Nevada Bar No. 10777
**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500
Fax:    801.931.2500
Email: atfreeland@michaelbest.com

-and-

Justin M. Mertz, Esq.
Wisconsin Bar No. 1056938
(*Pro hac vice* application pending)
**MICHAEL BEST & FRIEDRICH LLP**
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Phone: 414.225.4972
Fax:    414.956.6565
Email: jmmertz@michaelbest.com

*Counsel for AVT Nevada, L.P.*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC.,<br>d/b/a COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**OBJECTION TO DEBTOR'S AMENDED MOTION FOR ORDER (A) CONFIRMING AUCTION RESULTS; (B) APPROVING THE SALE OF CERTAIN OF DEBTOR'S ASSETS TO HELLER CAPITAL GROUP, LLC, AND GENESIS COIN, INC., FREE AND CLERA OF LIENS, CLAIMS, ENCUMBERANCES, AND OTHER INTERESTS; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN OF DEBTOR'S EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (D) GRANTING RELATED RELIEF** |

OBJECTION TO SALE MOTION

PAGE 1

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

AVT Nevada, L.P. ("**AVT**"), by its undersigned counsel, hereby objects to the Debtor's *Amended Motion for Order: (A) Confirming Auction Results; (B) Approving the Sale of Certain of Debtor's Assets to Heller Capital Group, LLC, and Genesis Coin, Inc., Free and Clear of Liens Claims, Encumbrances, and Other Interests; (c) Authorizing the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relie*f [Dkt. 730] (the "**Sale Motion**") as follows:

1. In 2020, AVT and the Debtor entered a certain Master Lease Agreement (the "**Master Lease**") whereby AVT leased a total of 594 Bitcoin kiosks (the "**Leased Equipment**") to the Debtor.

2. After the Debtor initiated these Chapter 11 bankruptcy proceedings, AVT filed its *Proof of Claim* [Claim 38] (the "**Claim**") to assert its rights and protect its interest in the Leased Equipment. A true and correct copy of the Claim is attached hereto as **Exhibit A**.

3. As a lessor, AVT's ownership interest in the Leased Equipment is and remains absolute and legally separate and distinct from the Debtor's leasehold interest in the same.

4. Indeed, AVT's ownership interest in the Leased Equipment is evidenced by the following:

    a. On the Claim, in answering question 10 (which asks, "Is this claim based on a lease?"), AVT indicated, "Yes." (Exh. A at 2.)

    b. AVT is identified as the "Lessor" on the Master Lease[1]. (*Id*. at 2.)

    c. The Master Lease unambiguously states "all right, title and interest in the Leased Property . . . is vested with the Lessor." (*Id*. at 5, ¶ 11).

---

[1] A true and correct copy of the Master Lease was submitted as an attachment to AVT's Claim. Accordingly, a true and correct copy of the Master Lease is attached hereto starting at page 4 of Exhibit A.

OBJECTION TO SALE MOTION

PAGE 2

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

      d.   AVT acquired its ownership interest in the Leased Equipment when the Debtor executed a Bill of Sale[2] (the "**Bill of Sale**") which expressly transferred "all right, title and interest in and to the [Leased Equipment]" to AVT. (*Id*. at 36-37.)

      e.   After the Debtor executed the Bill of Sale, the Debtor and AVT entered into a Sale Leaseback Agreement[3] (the "**Leaseback Agreement**"), pursuant to which AVT, as the owner of the Leased Equipment, leased the same back to the Debtor under the terms of the Master Lease. (*See id*. at 38-39.)

5.    The Debtor has no ownership interest in the Leased Equipment to sell and no mechanism absent AVT's consent—which AVT has not given—to include the Leased Equipment in its proposed sale. For these reasons, the reasons articulated on the record at the hearing on the approval of the Sale Motion, and the following reasons, AVT requests that the Sale Motion be denied as it relates to any purported transfer of the Leased Equipment.

6.    The Ninth Circuit Bankruptcy Appellate Panel has unambiguously explained that "[a] section 363(f)[4] sale cannot be used to transform property of others into property of the estate." *Hey v. Silver Beach LLC (In re Silver Beach LLC)*, 2009 Bankr. LEXIS 4587, at *17 (B.A.P. 9th Cir. Nov. 3, 2009). Moreover, it is known that "[t]he party seeking to include property in the estate bears the burden of showing that the item is property of the estate." *MacKenzie v. Neidorf (In re Neidorf)*, 534 B.R. 369, 372 (B.A.P. 9th Cir. 2015).

---

[2] A true and correct copy of the Bill of Sale was submitted as an attachment to AVT's Claim. Accordingly, a true and correct copy of the Master Lease is attached hereto starting at page 36 of Exhibit A.

[3] A true and correct copy of the Leaseback Agreement was submitted as an attachment to AVT's Claim. Accordingly, a true and correct copy of the Master Lease is attached hereto starting at page 38 of Exhibit A.

[4] Unless otherwise specified, all statutory references herein are to title 11 of the United States Code.

**OBJECTION TO SALE MOTION**

PAGE 3

**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

7. The Ninth Circuit has adopted a "rule designed to discourage piecemeal litigation" in scenarios such as this. *Darby v. Zimmerman (In re Popp)*, 323 B.R. 260, 268 (B.A.P. 9th Cir. 2005) (citing *Warnick v. Yassian (In re Rodeo Canon Dev. Corp.)*, 362 F.3d 603, 608 (9th Cir. 2004) (*withdrawn*)). Under this rule, a bankruptcy court may not allow the sale of property of the estate without first determining whether the debtor in fact owns the property. *See* 323 B.R. at 268.

8. To the extent, if any, that the rule described above is no longer effective after the Ninth Circuit withdrew its aforementioned opinion in *Rodeo Canon*, numerous courts have concluded, notwithstanding section 363(h), that a debtor is limited to selling property under section 363 only to the extent of its interest in such property. *See e.g., In re Sw. Fla. Heart Grp., P.A.*, 342 B.R. 639, 644 (Bankr. M.D. Fla. 2006) ("While a leasehold interest is property of the estate, the leasehold interest is not an ownership interest"); *In re Flyboy Aviation Props., LLC*, 501 B.R. 828, 840 (Bankr. N.D. Ga. 2013); *In re Proveaux*, 2008 Bankr. LEXIS 1327, at *11 (Bankr. D.S.C. Mar. 31, 2008). *See also Silver Beach*, 2009 Bankr. LEXIS 4587, at *20 (reversing an order authorizing an auction sale because the court had not determined the appellants' interests in the subject property).

9. AVT's Claim and its attendant papers indicate its fee-title ownership interest in the Leased Equipment. Notably, as part of the Sale Motion as well as the proposed Asset Purchase Agreement with the Heller Group, the Debtor has already acknowledged and admitted AVT's ownership of the Leased Equipment.

10. To the extent that the Debtor now disputes this interest, no formal notice was ever given to AVT. Additionally, the Debtor has failed to initiate an adversary proceeding, as required

OBJECTION TO SALE MOTION

PAGE 4

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

under Rule 9001(2)[5], to challenge the extent of AVT's interest and determine its own. This is likely because the Debtor knows it does not own the Leased Property and has merely lumped the Leased Property into the Sale as a matter of convenience.

11. Whether under *Rodeo Canon* and its progeny, or the weight of the case law limiting sales to the extent of the debtor's interest in the subject property, this Court should not grant the Sale Motion.

12. Section 363(f) is inapplicable and ineffective as to AVT under these circumstances.

13. Section 363(f) permits a debtor to sell property "free and clear of any interest in such property . . . only if" certain, enumerated and inclusive conditions are met. 11 U.S.C. § 363(f) (emphasis added). <u>None</u> of those conditions are met here, as follows:

    a. **Nonbankruptcy law does not permit the sale.** The Debtor has failed to proffer any lawful basis to support any contention that nonbankruptcy law exists—it does not—which would permit the sale of the Leased Equipment free and clear of AVT's absolute ownership interest.

    b. **AVT has not consented to the sale.** *Ex se intellegitur*.

    c. **AVT's interest is not limited to its lien.** Even to the extent that the Debtor could strip AVT's lien on the Leased Equipment, AVT's absolute ownership interest in the Leased Property would remain. The Debtor has failed to explain how AVT's ownership interest may be, thereafter, extinguished.

    d. **AVT's interest in the Leased Equipment is not subject to a bona fide dispute.** AVT's absolute ownership interest is indisputable. Further, to the extent

---

[5] Unless otherwise specified, all references herein to rules are to the Federal Rules of Bankruptcy Procedure.

OBJECTION TO SALE MOTION

PAGE 5

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

that the Debtor may disagree, the Debtor has failed to initiate an adversary proceeding, as required under Rule 7001(2), to challenge AVT's interest.

e. **AVT cannot be compelled to accept a money satisfaction of its absolute ownership interest.** The Debtor has failed to proffer any lawful basis to support this contention—and none exists.

*Id.* § 363(f)(1)-(5).

14. Absent AVT's consent—which AVT has not given—to include the Leased Equipment in the sale, the Debtor cannot sell the Leased Equipment.

## ENLARGEMENT OF TIME

15. To the extent necessary to afford the relief requested herein, the Court should enlarge AVT's time to object to the Sale Motion and accept this Objection pursuant to Rule 9006(b).

16. The Supreme Court has explained that "by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, *as well as by intervening circumstances beyond the party's control*." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (internal citations and quotations omitted) (emphasis added).

17. Here, while AVT has been in talks with the Debtor, each party through its respective counsel, since approximately June 6, 2023, the true terms of the proposed sale as they relate to AVT were made clear to AVT fewer than 24 hours before the hearing on the Sale Motion.

OBJECTION TO SALE MOTION

PAGE 6

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

18. The terms that AVT was presented with during its talks with the Debtor were reasonably adequate. However, these terms turned out to be false. AVT was only able to determine that it needed to lodge an objection to the Sale Motion after the true terms became clear.

19. Accordingly, AVT was unable to lodge an objection before the objection deadline had already passed due to intervening circumstances beyond AVT's control.

WHEREFORE, AVT respectfully requests that this Court enter an order (1) excluding the Leased Equipment from the Sale Motion and (2) granting all such other and further relief as may be just and equitable.

Dated: June 29, 2023.

**MICHAEL BEST & FRIEDRICH LLP**

By: */s/ Anne T. Freeland*
Anne T. Freeland, Esq.
Nevada Bar No. 10777
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500
Fax:    801.931.2500
Email: atfreeland@michaelbest.com

-and-

Justin M. Mertz, Esq.
Wisconsin Bar No. 1056938
(*Pro hac vice* application pending)
**MICHAEL BEST & FRIEDRICH LLP**
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Phone: 414.225.4972
Fax:    414.956.6565
Email: jmmertz@michaelbest.com

*Counsel for AVT Nevada, L.P.*

OBJECTION TO SALE MOTION

PAGE 7

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500