BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>     Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR ENTRY OF AN ORDER ESTABLISHING ADMINISTRATIVE CLAIM BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE EXPENSE CLAIM AND APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE THEREOF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:  *Application for OST Pending*<br>Hearing Time:  *Application for OST Pending* |

Cash Cloud, Inc., dba Coin Cloud (the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, hereby submits this motion (the "Motion") to the United States Bankruptcy Court for the District of Nevada (the "Court") seeking entry of an order (the "Administrative Claim

1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Bar Date Order"): (i) establishing 5:00 p.m. (prevailing Pacific Time) on July 20, 2023 (the "Administrative Claim Bar Date") as the deadline by which all persons and entities who are not excluded from this Motion (the "Administrative Claim Creditors") and who seek to assert an administrative expense claim, pursuant to § 507(a)(2) of title 11 of the United States Code (the "Bankruptcy Code"),[1] must file a request for payment of such administrative expense claim using a form substantially similar to **Exhibit A** (the "Administrative Claim Form") and in accordance with the substantive requirements described in **Exhibit B** (the "Administrative Claim Bar Date Notice"); and (ii) approving the form and manner of notice of the Administrative Claim Bar Date.  This Motion is made pursuant to §§ 105(a), 501, 503(b) and 507(a) and Rules 2002, 3003(c)(3), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and is based upon the following memorandum of points and authorities, the papers and pleadings on file with the Court in this Chapter 11 Case and any oral argument the Court may entertain at a hearing on the Motion.

DATED this 29th day of June 2023.

**FOX ROTHSCHILD LLP**

By: _____*/s/ Brett Axelrod*_____
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

---

[1] Unless otherwise defined herein, all references to "Section" or "§" refer to a section of the Bankruptcy Code.

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### INTRODUCTION[1]

The Debtor seeks entry of the Administrative Claim Bar Date Order setting July 20, 2023, at 5:00 p.m. as the Administrative Claim Bar Date for administrative claims arising during the Interim Period between the Petition Date and July 20, 2023.  The Administrative Claim Bar Date serves the pending confirmation process for the Debtor's Plan—the "Effective Date" of which is conditioned on the payment of allowed administrative claims and the funding of an administrative claim escrow.  The Debtor's recent sale and auction process yielded substantially less value than the Debtor's original stalking horse bid suggested.  Additionally, the Debtor recently filed its eighteenth omnibus rejection motion—principally to address its approximately 4,800 Host Agreements—and has until July 14 to assume or reject leases of nonresidential real property.  The Debtor anticipates that there may be significant asserted administrative claims associated with the rejections of the Host Agreements for which quantification will prove important in the context of confirmation.  Accordingly, understanding the potential size of the asserted administrative claim pool will be of critical importance for confirmation of the Plan, which is expected to take place one week after the proposed Administrative Claim Bar Date.

The Debtor requests that the Court approve procedures and forms that will permit the expeditious but streamlined process of noticing the deadline and submitting requests for payment of administrative claims.  ***First***, the Debtor requests approval of the Administrative Claim Bar Date Notice, which will be served by mail on the potential universe of administrative creditors during the Interim Period.  The Debtor has requested consideration of this Motion on an emergency basis, in part, to ensure that potential administrative creditors will have as close to 21 days' notice of the bar date as practicable.  ***Second***, the Debtor requests approval of the Administrative Claim Form, which

---

[1] Unless otherwise defined in this Introduction, all capitalized terms have the definitions set forth elsewhere in this Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

is intended to provide administrative creditors (and the estate) with a streamlined and uniform process to prepare, file, and review administrative claims.

As set forth more fully below, the Debtor submits that the relief requested in this Motion is in the best interests of its estate and that cause exists to establish the Administrative Claim Bar Date, with objections and administrative claims arising after the Interim Period to be addressed in accordance with the Plan.

## II.

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a), 501, 503(b) and 507(a), and Bankruptcy Rules 2002, 3003(c)(3), and 9007.

3. Pursuant to Local Rule 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## III.

## RELIEF REQUESTED

4. By this Motion, Debtor seeks the entry of the Administrative Claim Bar Date Order: (i) establishing 5:00 p.m. (prevailing Pacific Time) on July 20, 2023 as the Administrative Claim Bar Date as the deadline by which all Administrative Claim Creditors and who seek to assert an administrative expense claim, pursuant to § 507(a)(2), must file a request for payment of such administrative expense claim using the Administrative Claim Form, the proposed form of which is attached hereto as **Exhibit A**, and in accordance with the substantive requirements described in the Administrative Claim Bar Date Notice, the proposed form of which is attached hereto as **Exhibit B**; and (ii) approving the form and manner of notice of the Administrative Claim Bar Date.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## IV.

## FACTUAL BACKGROUND

**A.      General Background**

5.      On February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under of chapter 11 of the Bankruptcy Code.

6.      The factual background relating to Debtor's commencement of the Chapter 11 Case is set forth in detail in the *Omnibus Declaration* [Docket No. 19] (the "First-Day Declaration") and is incorporated for all purposes herein by this reference.

**B.      The Plan, Proposed Administrative Claim Bar Date, and Confirmation Hearing**

7.      On May 8, 2023, Debtor filed the *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* [Docket No. 528] (the "Plan").  As set forth more fully in the disclosure statement [Docket No. 529] (the "Disclosure Statement") describing the Plan, the Plan is commonly referred to as a "toggle" plan because it provides two alternative methods of implementation that "toggle" depending on whether the Debtor consummates a sale of substantially all of its assets during the course of the Chapter 11 Case. *See* Disclosure Stmt. at 11.  As discussed more fully below, the Debtor initiated a preconfirmation process to solicit bids either in the form of a sale of substantially all of the Debtor's assets or a Plan support agreement.  *See id.*

8.      The Plan broadly defines "Administrative Expense Claims" as claims allowable under §§ 503(b) or 1114(e)(2) and entitled to priority, pursuant to § 507(a), including:

> (i) any actual and necessary cost and expense, incurred by the Debtor after the Petition Date, of preserving the Estate and operating the Debtor's business, including wages, salaries or commissions for services rendered after the commencement of the Case;  (ii) Professional Fee Claims; (iii) claims for the value of goods received by the Debtor within 20 days of the Petition Date under Bankruptcy Code section 503(b)(9); and  (iv) all fees and charges properly assessed against the Estate pursuant to 28 U.S.C. § 1930.

Plan, § 1.1 at 6.  The Plan further defines the "Administrative Expense Claims Bar Date" as:

> the date that is forty five (45) days after the Effective Date, the date by which all unpaid Administrative Expense Claims arising prior to the Effective Date shall be filed with the Bankruptcy Court or be forever barred. The Administrative Expense Claim Bar Date does not apply to: (a) Professional Fees, which shall be subject to the provisions of Section 3.1(c) of the Plan; or (b) the fees and charges assessed against

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

the Estate pursuant to Section 123 of the Judicial Code and 28 U.S.C. § 1930, which are not subject to an allowance procedure under Bankruptcy Code section 503(b).

*Id.* The Plan provides the following treatment for "Administrative Expense Claims," as that term is defined in the Plan:

Subject to the provisions of Bankruptcy Code sections 330(a), 331 and 503(b), each Holder of an Allowed Administrative Expense Claim (other than the DIP Claims), shall receive, in full satisfaction and discharge thereof, Cash equal to the unpaid amount of such Allowed Administrative Expense Claim (except to the extent that such Holder agrees to less favorable treatment thereof) either on, or as soon as practicable after, the latest of (i) the Effective Date, (ii) the date that is ten (10) Business Days after the date on which such Administrative Expense Claim becomes Allowed, (iii) the date on which such Administrative Expense Claim becomes due and payable pursuant to any agreement between the Debtor and the Holder, and (iv) such other date as mutually may be agreed to by such Holder and the Debtor. N

*Id.*, § 3.1(a) at 19.

9.     On May 12, 2023, the Court entered the *Order Pursuant to 11 U.S.C. § 105(d)(2)(B)(vi), Fed. R. Bankr. P. 3017.1 and Local Rule 3017 Implementing Expedited Solicitation and Confirmation Procedures Including: (I) Conditionally Approving Disclosure Statement; (II) Setting Combined Hearing on Final Approval of Disclosure Statement and Plan Confirmation; (III) Approving (A) Form and Scope of Combined Hearing Notice, and (B) Form of Ballots; (IV) Scheduling Voting and Objection Deadlines; and (V) Granting Related Relief* [Docket No. 554] (the "Confirmation Procedures Order").  As set forth more fully in the Confirmation Procedures Order, the Court conditionally approved the Disclosure Statement and set a hearing on confirmation of the Plan and final approval of the Disclosure Statement (the "Confirmation Hearing") for June 28, 2023.  *See* Confirmation Procs. Order at 3.  Additionally, the Court required that the Debtor solicit the Plan and related materials not later than May 15, 2023.  *See id.*

10.     On June 22, 2023, the Court entered the *Order Approving Stipulation to Continue Hearing on (I) Final Approval of Disclosure Statement [ECF No. 529]; and (II) Confirmation of Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023 [ECF No. 528]* [Docket No. 741] (the "Continuance Order").  As set forth more fully in the Continuance Order, the Court continued the Confirmation Hearing to July 27, 2023, at 1:30 p.m., along with related balloting and briefing deadlines.

4

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**C.     The Sale and Auction Process**

11.     On April 7, 2023, Debtor filed a *Motion for Entry of an Order:(A) Approving Auction and Bidding Procedures for Potential Plan Sponsors or the Purchase of Substantially All of the Debtors Assets; (B) Approving Form Notice to Be Provided to Interested Parties; and (C) Scheduling a Hearing to Consider Approval of the Highest and Best Transaction, Cure Objections, and Confirmation of the Proposed Toggle Plan* [Docket No. 392] (the "Sale Motion").  On April 27, 2023, the Court entered the *Order Establishing Bidding Procedures and Related Deadlines* [Docket No. 483] (the "Bid Procedures Order"), which approved certain bidding procedures governing the auction and sale of substantially all of the Debtor's assets set forth in the Sale Motion.

12.     On April 25, 2023, the Debtor filed a *Notice of Designated Stalking Horse Bidder* [Docket No. 473] designating a term sheet submitted by RockitCoin, LLC as the stalking horse bid term sheet for a proposed cash purchase price of $16.75 million, plus the payment of cure costs.

13.     On June 2, 2023, the Debtor held an auction for the purchase of substantially all of the Debtor's assets (the "Sale"), pursuant to the terms of the Bid Procedures Order.  *See* Docket No. 621.  Heller Capital, LLC and Genesis Coin, Inc. (collectively "Heller Capital") was the successful bidder, with a Successful Bid of $5,700,000.00, subject to the terms and conditions of its bid.  *See id.*  Additionally, Christopher McAlary ("Mr. McAlary") was the Successful Bidder for the purchase of the equity interests and assets of Coin Cloud Brasil Ativos Digitais Ltda ("Coin Cloud Brazil"), with a successful bid of $50,000.00 and repayment of the receivable (the "Brazil Receivable") owed to Debtor from Coin Cloud Brazil in the approximate amount of $600,000.00, as subject to the terms and conditions of his bid.  *See id.*  The stalking-horse bidder, RockItCoin, LLC, was designated as the back-up bidder with a qualified bid in the amount of $3,237,000.00, subject to the terms and conditions of its bid.  *See id.*

14.     The Debtor intends to implement the bids by Heller Capital and Mr. McAlary through a sale, pursuant to § 363.  *See id.*

**V.**

**THE PROPOSED ADMINISTRATIVE CLAIM BAR DATE AND RELATED**

**PROCEDURES**

**A.    The Debtor's Need for the Proposed Administrative Claim Bar Date and Scope**

15.    The Debtor proposes that the Court set **July 20, 2023, at 5:00 p.m.,** as the Administrative Claim Bar Date for Administrative Claim Creditors.  Although the Plan proposed a final bar date for administrative claims, the Debtor seeks approval of the Administrative Claim Bar Date proposed by this Motion in light of the outcome of the Auction, which produced substantially lower value—approximately $6.35 million as opposed to more than $16.75 million—than the initial stalking horse term sheet suggested.  *See* Docket No. 473.  On the "effective date" of the Plan, the Debtor is required to, among other things, pay all allowed administrative claims and fund an "Administrative and Priority Claims Escrow Account."  *See* Plan, § 3.1(a) at 19; *see also id.*, § 1.1 at 7, 9 (defining "Administrative and Priority Claims Escrow Account" and "Confirmation Funds"), § 9.1(d) at 38 (establishing segregating "Confirmation Funds" as a condition precedent to the effective date).  Establishing the universe of potential administrative claims prior to the Confirmation Hearing, currently scheduled for July 27, 2023, will provide significant clarity as to the potential pool of administrative claims that must be paid on the Plan's effective date and the appropriate size of the Administrative and Priority Claims Escrow Account.

16.    The establishment of the Administrative Claim Bar Date is also important given the significant number of rejected leases in this Chapter 11 Case.  As set forth in the First-Day Declaration, the Debtor operated approximately 4,800 digital currency machines ("DCMs") throughout the United States and Brazil, subject to certain lease agreements (the "Host Agreements") with retail locations, including convenience stores, malls, and enterprise grocery stores.  *See* First-Day Decl., ¶¶ 9, 21.  Postpetition, the Debtor continued its analysis of financially underperforming or undesirable Host Agreements and has filed eighteen omnibus motions to reject such Host Agreements.  *See, e.g.*, Docket No. 759.  Additionally, the Debtor has obtained authority [Docket No. 619] to extend the deadline to assume or reject Host Agreements to July 14, 2023.  In light of the significant potential for alleged administrative claims arising from the Host Agreement rejection

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

6

process, the Debtor submits that establishing the Administrative Claim Bar Date shortly after the extended assumption or rejection period is necessary to assess the scope of potential claims preconfirmation.

17.     The proposed Administrative Claim Bar Date will exclude certain Administrative Claim Creditors from its scope. **First**, the Administrative Claim Bar Date will apply only to administrative claims arising between the Petition Date and July 20, 2023 (the "Interim Period"). **Second**, the Administrative Claim Bar Date will apply only to Administrative Claim Creditors, which constitute all persons and entities who seek to assert an administrative expense claim, pursuant to § 507(a)(2) of title 11 of the United States Code, during the Interim Period, **except** for the following creditors or claims that do not constitute Administrative Claim Creditors for purposes of the Administrative Claim Bar Date (the "Excluded Claims"):

    a.     Administrative claims based upon liabilities that the debtor incurs in the ordinary course of its business to providers of goods and services;

    b.     "Professional Fee Claims," as that term is defined in the Plan;

    c.     Administrative claims arising out of the employment by the Debtor of an individual from and after the Petition Date, but only to the extent that such administrative claim is solely for outstanding wages, commissions, or reimbursement of business expenses; and

    d.     the fees and charges assessed against the Debtor's estate, pursuant to 28 U.S.C. § 1930, including "US Trustee Fees," as that term is defined in the Plan.

18.     The proposed Administrative Claim Bar Date will be consistent with the Plan and not require material (if any) modification.   The definition of "Administrative Expense Claims" is materially broader than the claims that will be subject to the proposed Administrative Claim Bar Date for two reasons.   **First**, "Administrative Expense Claims" include the Excluded Claims, such as "Professional Fee Claims" that will be asserted postconfirmation for practical purposes. *See* Plan, § 1.1 at 6.   **Second**, "Administrative Expense Claims" include all claims "arising prior to the Effective Date" of the Plan.   *See id.*   The Plan's "Administrative Expense Claims Bar Date" would,

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

accordingly, provide for a further bar date related to claims arising between the conclusion of the Interim Period and the "Effective Date" of the Plan. *See id.* To the extent necessary, the Debtor submits that conforming changes to the Plan's definition of "Administrative Expense Claims Bar Date" to explicitly capture the truncated period between the conclusion of the Interim Period and the "Effective Date" would constitute a nonmaterial modification expressly permitted by the Plan (subject to consultation rights) for which resolicitation would be unnecessary. *See id.*, § 12.1 at 48. Accordingly, the Debtor submits that the scope of the Administrative Claim Bar Date is both necessary and consistent with the Plan and related confirmation process.

**B.** **The Administrative Claim Bar Date Notice**

19. The proposed Administrative Claims Bar Date Notice, attached hereto as **Exhibit B**, notifies potential claimants of the Administrative Claims Bar Date, contains information regarding who must file a request for payment of administrative claim, and describes the consequences of the failure to file such claims or provide the supporting information. The proposed Administrative Claims Bar Date Notice also includes all of the language contained in the court-approved form of notice of bar date, and, in particular, advises interested parties of, among other things: (a) the Administrative Claims Bar Date of July 20, 2023, for administrative claims arising during the Interim Period for Administrative Claim Creditors, and (b) the need to assert administrative claims on or before the Administrative Claims Bar Date.

20. The Debtor intends to provide service of the Administrative Claim Bar Date Notice and Administrative Claim Form on all categories of potential claimants that may hold or assert administrative claims during the Interim Period. The Debtor proposes that service of the Administrative Claim Bar Date Notice should be made on the following categories of potential claimants: (a) employees employed by the Debtor postpetition; (b) vendors providing postpetition services to the Debtor; (c) counterparties to executory contracts and unexpired leases with the Debtor; and (d) holders of postpetition causes of action. The Debtor submits that, given the scope of the Debtor's operations and the cost to the estate, that publication notice of the Administrative Claim Bar Date would be unduly burdensome to the estate.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

21.     The Debtor requests that the Court authorize mailing of the Administrative Claim Bar Date Notice as soon as practicable to provide as close to 21 days' notice of the Administrative Claim Bar Date as possible.

**C.      The Administrative Claim Form, Notice, and Objections**

22.     The Debtor prepared the Administrative Claim Form, attached hereto as **Exhibit A**, to streamline the administrative cost (and cost to potential Administrative Claim Creditors) of asserting a request for payment of administrative claim.  The proposed Administrative Claim Form contains information similar to the information on Official Form B410, which is utilized for filing proofs of claim.  Additionally, the proposed Administrative Claim Form contains filing instructions to assist Administrative Claim Creditors in filing the Administrative Claim Form.

23.     Each Administrative Claim Form, and its supporting documentation, must be filed with the United States Bankruptcy Court for the District of Nevada on or before the Administrative Claim Bar Date, with copies provided to: (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea; (e) counsel to the Committee of Unsecured Creditors (the "Committee"), (i) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald Carano Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day (collectively, the "Notice Parties").

24.     An Administrative Claim Form will be deemed timely filed only if it is filed with the Court and served on the Notice Parties so that it is received by the Notice Parties on or before the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Administrative Claim Bar Date.  Pursuant to Bankruptcy Rule 3003(c)(2), if any person or entity that is required to file and serve an Administrative Claim Form fails to do so in the manner specified in the Administrative Claim Bar Date Order, such person or entity shall be forever barred, estopped, and enjoined from asserting an administrative expense claim for the Interim Period.

25.    The Debtor requests that the Court establish the deadline to object to Administrative Claim Forms as the same deadline set forth in any confirmed plan.  Currently, the Plan provides that the Debtor must object to filed administrative claims not later than 30 days after the "Administrative Expense Claims Bar Date or such later date as the Bankruptcy Court may approve."  Plan, § 3.1(b) at 19-20.  The Debtor submits that setting the objection deadline consistent with the Plan will streamline the objection process while permitting the Debtor, Court, and parties in interest to ascertain the scope of the potential universe of administrative claims preconfirmation.

## VI.

## ARGUMENT

**A.    The Administrative Claim Bar Date Will Serve to Benefit Efficient Administration of the Estate and Confirmation of the Plan**

26.    Bankruptcy Rule 3003(c)(3) provides, in pertinent part, that "the court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  FED. R. BANKR. P. 3003(c)(3).  The Debtor has requested approval of the Administrative Claim Bar Date for the Interim Period to coincide with both the Confirmation Hearing—set to occur one week after the Administrative Claim Bar Date—and one week following the extended deadline by which the Debtor must assume or reject leases of nonresidential real property, including the Host Agreements. Given the fact that the "Effective Date" of the Plan is premised on both payment of allowed administrative claims and the funding of an administrative claim escrow, obtaining a sense of the universe of potential administrative claims will prove advantageous for confirmation of the Plan. Moreover, the Plan already provides for a mechanism to both object to filed claims and to file further requests for payment of administrative claims arising between the conclusion of the Interim Period and the "Effective Date" under the Plan.  Accordingly, the Administrative Claim Bar Date will serve the efficient administration of the Debtor's Chapter 11 Case and confirmation of the Debtor's Plan.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**B.**    <u>The Proposed Notice Procedures Satisfy Due Process</u>

27.    Debtor must ensure that claimants and other interested parties receive adequate and appropriate notice of the Administrative Claim Bar Date.  The Supreme Court has held that a potential claimant's due process right to adequate notification is satisfied where notice is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford[s] them an opportunity to present their objections . . . ."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see In re Lopez*, 192 B.R. 539, 544 (B.A.P. 9th Cir. 1996) (applying *Mullane* holding in the context of a debtor's efforts to notify potential creditors of a bankruptcy court's claim bar date).  Any creditor whose claims are known to the debtor is entitled to receive actual, formal notice of the claims bar date.  *Wand v. Roman Catholic Archbishop of Portland in Or.*, No. CV 10-29-PK, 2010 WL 5678689, at *5 (D. Or. Dec. 1, 2010) (citing *In re Maya Constr. Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996)).

28.    By contrast, an unknown creditor—"that is, a creditor whose interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge of the debtor"—is not entitled to receive actual notice.  *Id.* (internal citations omitted).  Instead, unknown creditors are entitled to "notice reasonably calculated under the circumstances to reach them."  *Id.* (citing *Mullane,* 339 U.S. at 314-18 and *In re State Line Hotel, Inc.*, 323 B.R. 703, 713 (B.A.P. 9th Cir. 2005)).  The means employed for notifying such unknown creditors of the bar date must be either "reasonably certain" to reach the unknown creditors or, where such certainty is not feasible, "not substantially less likely" to reach them than other feasible alternatives.  *Id.* (citing *Mullane*, 339 U.S. at 315).

29.    The proposed notice procedures are sufficient to provide notice of the Administrative Claim Bar Date to known and unknown administrative creditors, even without publication notice.  Here, the Debtor has been operating as a debtor in possession for nearly five months and has provided numerous notices of the Chapter 11 Case to its creditors.  Moreover, the Debtor has been in regular contact with its postpetition creditors through notices of the bankruptcy filing and automatic stay, regular processing of accounts payable, fielding creditor inquiries, and the solicitation process associated with the Plan.  Thus, unlike a bar date for general unsecured claims, the potential universe

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

of postpetition administrative creditors is well-known to the Debtor. Accordingly, the parties to which the Debtor proposes providing notice of the Administrative Claims reasonably captures the likely group of creditors that may assert administrative claims.

30. Rule 2002(a)(7) provides for twenty-one days' notice of a court fixed bar date for filing proofs of claim in a chapter 11 case. *See* FED. R. BANKR. P. 2002(a)(7). The Debtor brought this Motion on an emergency basis to provide as close to 21 days' notice of the Administrative Claim Bar Date to potential Administrative Claim Creditors as is practicable. Accordingly, notice of the proposed Administrative Claim Bar Date is appropriate.

## C.      The Form of Administrative Claims Bar Date Notice and Administrative Claim Form Are Sufficient

31. Sections 105 and 502, together with Bankruptcy Rule 9007, permit the Court to approve the form and sufficiency of a proposed notice of Administrative Claims Bar Date Notice. *See* 11 U.S.C. §§ 105, 502; FED. R. BANKR. P. 9007. As set forth above, the Debtor submits that the Administrative Claims Bar Date Notice and the Administrative Claim Form both provide sufficient notice of the Administrative Claim Bar Date and the instructions for timely submitting an Administrative Claim Form. Accordingly, the Debtor submits that the forms are sufficient for both providing notice and a streamlined procedure for potential Administrative Claim Creditors to timely submit a request for payment of any administrative claim arising during the Interim Period.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## VII.

## CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter the Administrative Claim Bar Date Order, substantially in the form attached hereto as **Exhibit C**, granting the relief requested herein and granting Debtor such other relief as the Court deems just and proper.

DATED this 29th day of June 2023.

**FOX ROTHSCHILD LLP**

By: _____ */s/Brett Axelrod*_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT A

## PROOF OF ADMINISTRATIVE EXPENSE CLAIM FORM

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA | | ADMINISTRATIVE CLAIM FORM |
|---|---|---|

| In re: Cash Cloud, Inc. | Case No. 23-10423-mkn | **PLEASE NOTE:** |
|---|---|---|

| | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | *This form should only be used to assert an administrative expense claim that arose or accrued after February 6, 2023, but before July 21, 2023.* |
|---|---|---|
| **Name of Creditor and Address:** the person or other entity to whom the debtor owes money or property | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Creditor Telephone Number (    ) | | **THIS SPACE IS FOR COURT USE ONLY** |
| Name and address where notices should be sent (if different from above): | | |
| Creditor Telephone Number (    ) | | |
| Account or other number by which creditor identifies debtor: | Check here if this claim: ☐ replaces<br>☐ amends a previously filed claim, dated: | |

**1. Basis for Claim:**

**2. Date debt was incurred:** _____

**3. Brief description of claim, including the basis for the priority nature of the claim (if any) (attach additional information):**

**4. Total Amount of Administrative Claim: $** _____

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all interest or additional charges.

**5. CREDITS:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**6. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court documents, mortgages security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.

**7. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped self-addressed envelope and copy of this proof of claim.

| The original of this completed proof of claim form must be filed electronically on or before 5:00 p.m. Prevailing Pacific Time on July 20, 2023 through the Court's CM/ECF System or mailed to the address below **so that it is received** by the Clerk of the Bankruptcy Court for the District of Nevada at the address below on or before 5:00 pm Prevailing Pacific Time on July 20, 2023.<br><br>Clerk of the United States Bankruptcy Court, District of Nevada<br>300 Las Vegas Blvd. South, Las Vegas, NV  89101 | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| DATE | SIGNATURE:  The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571.*

146882928.1

**INSTRUCTIONS FOR FILING PROOF OF ADMINISTRATIVE CLAIM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### This form should only be used to assert administrative claims arising or accruing after February 6, 2023, but prior to July 21, 2023.

1.  Please read this Administrative Claim form carefully and fill it in completely and accurately.

2.  Print legibly. Your claim may be disallowed if it cannot be read and understood.

3.  This Administrative Claim must be completed in English. The amount of any Administrative Claim must be denominated in United States currency.

4.  Attach additional pages on 8-1/2 x 11" paper if more space is required to complete this Administrative Claim form.

5.  **THIS FORM SHOULD ONLY BE USED BY A CLAIMANT ASSERTING AN ADMINISTRATIVE EXPENSE THAT AROSE OR ACCRUED AFTER FEBRUARY 6, 2023, BUT PRIOR TO JULY 21, 2023.  THIS FORM IS NOT FOR FILING CLAIMS ARISING OR ACCRUING AFTER JULY 20, 2023.**

6.  This Administrative Claim form should be filed electronically on or before 5:00 Prevailing Pacific Time on July 20, 2023 through the Court's CM/ECF System, or mailed to the following address so that it is **received** by the Clerk of the United States Bankruptcy Court at the address below on or before 5:00 p.m. Prevailing Pacific Time on July 20, 2023.

    Clerk of the United States Bankruptcy Court, District of Nevada
    300 Las Vegas Blvd. South, Las Vegas, NV  89101

7.  **THE CLAIMANT MUST ATTACH COPIES OF ANY AND ALL SUPPORTING DOCUMENTATION THAT PROVIDES EVIDENCE THAT THIS CLAIM IS FOR AN OBLIGATION THAT AROSE OR ACCRUED AFTER FEBRUARY 6, 2023, BUT PRIOR TO JULY 21, 2023, SUCH AS PROMISSORY NOTES, PURCHASE ORDERS, INVOICES, ITEMIZED STATEMENTS OF ACCOUNTS, CONTRACTS, COURT JUDGMENTS, OR EVIDENCE OF A SECURITY INTEREST. IF THE DOCUMENTATION IS NOT ATTACHED, THE DEBTOR MAY SEEK DISALLOWANCE OF YOUR CLAIM.**

8.  **To be considered timely filed, this Administrative Claim form must be filed with the Bankruptcy Court (either through the Court's CM/ECF System or by mailing it to the Clerk of the United States Bankruptcy Court as set forth above) by 5:00 p.m. (Prevailing Pacific Time) on July 20, 2023, and should include appropriate documentation/materials establishing the claimant's entitlement to an allowed Administrative Claim and the amount of the asserted claim.**

146882928.1

# EXHIBIT B

## ADMINISTRATIVE CLAIM BAR DATE NOTICE

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1  BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
2  NICHOLAS A. KOFFROTH, ESQ.
   Nevada Bar No. 16264
3  ZACHARY T. WILLIAMS, ESQ.
   Nevada Bar No. 16023
4  **FOX ROTHSCHILD LLP**
5  1980 Festival Plaza Drive, Suite 700
   Las Vegas, Nevada 89135
6  Telephone: (702) 262-6899
   Facsimile: (702) 597-5503
7  Email: baxelrod@foxrothschild.com
8         nkoffroth@foxrothschild.com
          zwilliams@foxrothschild.com
9  *Counsel for Debtor*

Electronically Filed _____, 2023

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

CASH CLOUD, INC.,
dba COIN CLOUD,

                    Debtor.

Case No.  BK-23-10423-mkn

Chapter 11

**NOTICE OF ENTRY OF ADMINISTRATIVE CLAIM BAR DATE ORDER ESTABLISHING A DEADLINE TO FILE ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTOR**

**PLEASE TAKE NOTICE**, that Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), by and through its counsel, Fox Rothschild LLP, hereby sets an Administrative Claim Bar Date of **July 20, 2023 at 5:00 p.m. Pacific Time** by which all persons and entities, who seek to file an administrative expense claim, pursuant to Section 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (as amended, the "Bankruptcy Code"), must file requests for payment and proof of their claims in accordance with the deadlines and procedures described below.

**THIS NOTICE DESCRIBES IMPORTANT DEADLINES AND PROCEDURES THAT AFFECT YOUR LEGAL RIGHTS.  YOU MAY WISH TO CONSULT WITH AN**

1

146880959.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**ATTORNEY TO PROTECT YOUR RIGHTS.**

On February 7, 2023 (the "**Petition Date**"), Cash Cloud, Inc., dba Coin Cloud (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**"). More information on the Debtor's case (the "**Chapter 11 Case**"), the Bankruptcy Court's docket sheet, and documents filed in this case are accessible electronically at www.nvb.uscourts.gov, the official website for the Court, at the website for the Debtor's claims agent Stretto, Inc. at https://cases.stretto.com/CashCloud, or https://ecf.nvb.uscourts.gov through an account obtained from the PACER Service Center .

Pursuant to an order of the Bankruptcy Court dated _____ , 2023 [Docket No. ____] (the "**Administrative Claim Bar Date Order**"), the Bankruptcy Court has established *5:00 p.m. (prevailing Pacific Time) on July 20, 2023* (the "**Administrative Claim Bar Date**") as the deadline for all persons and entities, including governmental units but excluding those listed below, to assert administrative expense claims (each an "**Administrative Expense Claim**") against the Debtor that arose or accrued after the Petition Date through and including the Administrative Claim Bar Date (the "**Interim Period**").

In order to assert an Administrative Expense Claim, parties must submit a proof of claim form substantially similar to the attached proof of claim form (each a "**Proof of Administrative Expense Claim**"), with original signature and supporting documentation, so that such Proof of Administrative Expense Claim is filed with the Bankruptcy Court and served upon the following parties on or before the Administrative Claim Bar Date at:  (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea; (e) counsel to the Committee of Unsecured Creditors (the "**Committee**"), (i) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald Carano Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day (collectively, the "**Notice Parties**").

Any person or entity that holds or asserts an Administrative Expense Claim or a potential Administrative Expense Claim against the Debtor, no matter how remote or contingent, that arose during the Interim Period must file a Proof of Administrative Expense Claim on or before the Administrative Claim Bar Date.

Proofs of Administrative Expense Claim will be deemed timely filed if actually received by the Clerk of the Bankruptcy Court and the Notice Parties on or before the Administrative Claim Bar Date.  Further, the Bankruptcy Court will not accept Proofs of Administrative Expense Claim sent by facsimile, telecopy, e-mail, or other electronic submission, and such claims will not be deemed to be properly filed.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2

**The following persons and entities need NOT file a Proof of Administrative Expense Claim:**

a.     Administrative claims based upon liabilities that the Debtor incurs in the ordinary course of its business to providers of goods and services;

b.     Any and all claims of a Professional[1] seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred under sections 326, 330, 331, 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code;

c.     Administrative claims arising out of the employment by the Debtor of an individual from and after the Petition Date, but only to the extent that such administrative claim is solely for outstanding wages, commissions, or reimbursement of business expenses; and

d.     the fees and charges assessed against the Debtor's estate, pursuant to 28 U.S.C. § 1930, including such fees or charges assessed against the Debtor's estate by the Office of the United States Trustee for the District of Nevada.

**PURSUANT TO BANKRUPTCY RULE 3003(C)(2), IF ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF ADMINISTRATIVE EXPENSE CLAIM AS SPECIFIED IN THE ADMINISTRATIVE CLAIM BAR DATE ORDER BUT FAILS TO DO SO ON OR BEFORE THE ADMINISTRATIVE CLAIM BAR DATE, THEN SUCH CLAIMANT SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM THAT AROSE OR ACCRUED ON OR AFTER THE PETITION DATE THROUGH AND INCLUDING THE ADMINISTRATIVE CLAIM BAR DATE.**

The Debtor reserves the right to dispute, or to assert offsets or defenses against, any Administrative Expense Claim, and nothing contained in the Administrative Claim Bar Date Order or this Notice shall preclude the Debtor from objecting to any filed Administrative Expense Claim on any grounds.

A copy of the Administrative Claim Bar Date Order is available for inspection during regular business hours at the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Nevada, 300 Las Vegas Blvd. South, Las Vegas, NV 89101 or by contacting Debtor's undersigned counsel.

Questions concerning the contents of this Administrative Claim Bar Date Notice and requests for Proof of Administrative Expense Claim forms should be directed to Debtor's undersigned counsel. Please note that Debtor's counsel is not permitted to give you legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Administrative Expense Claim.

---

[1] "**Professional**" means (a) any professional employed in the Chapter 11 Case pursuant to an order issued under sections 327 or 1103 of the Bankruptcy Code or otherwise, and (b) any and all professionals or other entities seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to section 503(b)(4) of the Bankruptcy Code

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

**THIS NOTICE IS ONLY A SUMMARY OF THE ADMINISTRATIVE CLAIM BAR DATE ORDER. ALL POTENTIAL CLAIMANTS AND OTHER PARTIES-IN-INTEREST ARE REFERRED TO THE TEXT OF THE ADMINISTRATIVE CLAIM BAR DATE ORDER ITSELF AND TO THE BANKRUPTCY CODE, FEDERAL BANKRUPTCY RULES, AND LOCAL BANKRUPTCY RULES FOR ADDITIONAL INFORMATION REGARDING THE FILING AND TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND SHOULD CONSULT WITH THEIR OWN LEGAL ADVISORS.**

DATED this ___ day of June 2023.

**FOX ROTHSCHILD LLP**

By: _____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

146880959.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT A**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

146880959.2

1

**EXHIBIT C**
**PROPOSED ORDER**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         zwilliams@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>                              Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER ESTABLISHING ADMINISTRATIVE CLAIM BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE EXPENSE CLAIM AND APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE THEREOF**<br><br>Hearing Date:<br>Hearing Time: |

Upon the motion (the "<u>Motion</u>") [1] of the Debtor in the above-captioned Chapter 11 Case for the entry of an order (i) establishing an Administrative Claim Bar Date by which Administrative Claim Creditors must file a Proof of Administrative Expense Claim, using a form substantially similar to the Administrative Proof of Claim Form, attached hereto as **Exhibit 1**, and in accordance with the substantive requirements described in the Administrative Claim Bar Date

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

146881605.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Notice, attached hereto as **Exhibit 2**; and (ii) approving the form and manner of notice of the Administrative Claim Bar Date; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; after due deliberation; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is GRANTED, as provided herein.

2. Each person or entity, including governmental units, holding or asserting an administrative expense claim against the Debtor that accrued or arose on or between the Petition Date and July 20, 2023 (the "**Interim Period**") must file with the Clerk of the Bankruptcy Court for the District of Nevada a Proof of Administrative Expense Claim, substantially similar in form to the Administrative Proof of Claim Form, attached hereto as **Exhibit 1**, no later than 5:00 p.m. (prevailing Pacific Time) on July 20, 2023 (the "**Administrative Claim Bar Date**").

3. The form of the Administrative Proof of Claim Form attached hereto as **Exhibit 1** is approved.

4. In accordance with Fed. R. Bankr. P. 9007, the form of the Administrative Claim Bar Date Notice, attached hereto as **Exhibit 2**, is approved.

5. Debtor shall serve the Administrative Claim Bar Date Notice within one business day of entry of this Order (the "**Service Date**") by first-class United States Mail, postage prepaid, to all of the following whose addresses are known by Debtor:

     a. the creditors reflected in the Debtor's schedules;

     b. all employees of the Debtor during the six months leading up to the Petition Date;

     c. all of the Debtor's known creditors;

     d. all other parties-in-interest as required by Bankruptcy Rules 2002(f), (j), and (1); and

     e. those additional federal and state governmental entities and units listed in the Register and Mailing Addresses of Federal and State Governmental Units kept

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

146881605.2

by the clerk under Fed. R. Bankr. P. 5003(e) and LR 5003(c).

6.      A Proof of Administrative Expense Claim will be deemed timely and properly filed if it is filed with the Bankruptcy Court and served upon the Notice Parties at the following addresses no later than the Administrative Claim Bar Date as established by this Order: (a) counsel to Debtor, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, Attn: Brett Axelrod; (b) counsel to DIP Lender, (i) Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: Jordi Guso, and (ii) Sylvester & Polednak Ltd., 1731 Village Center Circle, Las Vegas, NV 89134, Attn: Jeffrey R. Sylvester; (c) counsel to Genesis Global Holdco, LLC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal and Jane VanLare; (d) counsel to Enigma Securities Limited, (i) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee and Andrew Kissner, and (ii) Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, Attn: James Patrick Shea; (e) counsel to the Committee of Unsecured Creditors (the "Committee"), (i) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: John R. Ashmead and Robert J. Gayda, and (ii) McDonald Carano Wilson LLP, 2300 W. Sahara Ave., Suite 1200, Las Vegas, NV 89102 Attn: Ryan J. Works, and (f) the Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day.

7.      A Proof of Administrative Expense Claim is deemed filed when filed with or received by the Clerk of the Bankruptcy Court (not the date of the postmark, if applicable).  Holders of administrative expense claims are only permitted to file a Proof of Administrative Expense Claim with the Clerk of the Bankruptcy Court in person, by courier service, overnight delivery, or by first-class U.S. Mail; facsimile, telecopy, email or other electronic mail submissions of a Proof of Administrative Expense Claim are not acceptable and will not be deemed properly filed.

8.      The following persons or entities are not required to file a Proof of Administrative Expense Claim on or before the Administrative Claim Bar Date:

a.      Administrative claims based upon liabilities that the Debtor incurs in the ordinary course of its business to providers of goods and services;

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

146881605.2

b.   Any and all claims of a Professional[2] seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred under sections 326, 330, 331, 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code;

c.   Administrative claims arising out of the employment by the Debtor of an individual from and after the Petition Date, but only to the extent that such administrative claim is solely for outstanding wages, commissions, or reimbursement of business expenses; and

d.   the fees and charges assessed against the Debtor's estate, pursuant to 28 U.S.C. § 1930, including such fees or charges assessed against the Debtor's estate by the Office of the United States Trustee for the District of Nevada.

9.   If a holder of an administrative expense claim fails to timely file a completed Proof of Administrative Expense Claim in this Chapter 11 Case in compliance with the above procedures and deadlines established by this Order, such claimant shall be forever barred, estopped, and enjoined from asserting any administrative expense claim against Debtor.

10.   The provision and manner of notice of the Administrative Claim Bar Date as set forth in this Order constitutes adequate and sufficient notice of the Administrative Claim Bar Date and is deemed to satisfy all applicable notice requirements.

11.   The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12.   The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

13.   All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14.   Debtor shall retain the right to dispute, or to assert offsets or defenses against, any Administrative Expense Claim, and nothing contained in the Administrative Claim Bar Date Notice or this Order shall preclude the Debtor from objecting to any filed Administrative Expense Claim on any grounds.

---

[2] "**Professional**" means (a) any professional employed in the Chapter 11 Case pursuant to an order issued under sections 327 or 1103 of the Bankruptcy Code or otherwise, and (b) any and all professionals or other entities seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to section 503(b)(4) of the Bankruptcy Code

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

146881605.2

15.    This Court shall and hereby does, retain jurisdiction with respect to all matters arising from, or in relation to the implementation of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:   /

      BRETT A. AXELROD, ESQ.
      Nevada Bar No. 5859
      NICHOLAS A. KOFFROTH, ESQ.
      Nevada Bar No. 16264
      ZACHARY T. WILLIAMS, ESQ.
      Nevada Bar No. 16023
      1980 Festival Plaza Drive, Suite 700
      Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

146881605.2

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐    The Court has waived the requirement of approval in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

146881605.2