BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
   nkoffroth@foxrothschild.com
   zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING EMERGENCY MOTION FOR ENTRY OF AN ORDER ESTABLISHING ADMINISTRATIVE CLAIM BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE EXPENSE CLAIM AND APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE THEREOF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

Cash Cloud, Inc. d/b/a Coin Cloud ("Cash Cloud," or "Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, hereby files this *Ex Parte Application For Order Shortening Time For Hearing* (the "Application") on Debtor's *Emergency Motion for Entry of an*

1

147078807.1

*Order Establishing Administrative Claim Bar Date for Filing Proofs of Administrative Expense Claim and Approving Form, Manner and Sufficiency of Notice Thereof; Memorandum of Points and Authorities in Support Thereof* (the "Motion").[1] This Application is made and based upon the following points and authorities, the *Declaration of Brett A. Axelrod* (the "Axelrod Declaration") in support hereof and attached as **Exhibit A** hereto, the Attorney Information Sheet filed concurrently herewith, and the pleadings and papers on file in the above-captioned chapter 11 case, judicial notice of which is respectfully requested.

WHEREFORE, for the reasons set forth herein, Debtor respectfully requests that the Court hear the Motion on an order shortening time and grant such other and further relief as may be just and proper.

Dated this 29th day of June, 2023.

**FOX ROTHSCHILD LLP**

By:   /s/Brett A. Axelrod
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

147078807.1

## POINTS AND AUTHORITIES

### I.

Debtor, by this Application, pursuant to Bankruptcy Rule 9006 and Rule 9006 of the Local Bankruptcy Rules for the United States Bankruptcy Court, District of Nevada (the "Local Rules"), seeks an order shortening time for notice and hearing for the Motion.

**The Relief is Authorized by Rule 9006 and Meets Due Process Requirements.**

Bankruptcy Rules 9006(c)(1) and (d) authorize a court to reduce the time for a hearing, and a party to file an *ex parte* motion to shorten the time for a hearing. Bankruptcy Rule 9006(c)(1) provides in relevant part:

> In General. Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1).

Courts have generally acknowledged that such expedited relief does not violate due process rights, *even if the motion to shorten time is made ex parte*. "Bankruptcy Rule 9006(c) permits the bankruptcy court 'for cause shown' in its discretion, with or without motion or notice, to reduce the notice period, and ex parte motions for material reductions in the notice period are routinely granted by bankruptcy courts." Hester v. NCNB Texas Nat'l Bank (In re Hester), 899 F.2d 361, 364 n. 3 (5th Cir. 1990); see also 10 Collier on Bankruptcy 9006.09 (16th ed. 2019 rev.); In re Gledhill, 76 F.3d 1070 (10th Cir. 1996).

Cause exists for the Court to shorten time on the Motion. In light of the recently-completed auction, which yielded materially less value to the estate than originally anticipated, the Debtor requests that the Court establish an administrative claims bar date for the interim period between the Petition Date and July 20, 2023 to permit the Debtor, interested parties, and Court to assess the potential universe of administrative claims by the July 27, 2023 confirmation hearing date. The plan provides for payment of allowed administrative claims on the effective date and the establishment of an administrative claim escrow. The Debtor has requested consideration of this Motion on an emergency basis, in part, to ensure that potential administrative creditors will have as close to 21

3

147078807.1

days' notice of the bar date as practicable. Further, the Debtor requests approval of the Administrative Claim Form, which is intended to provide administrative creditors (and the estate) with a streamlined and uniform process to prepare, file, and review administrative claims.

Debtor seeks the entry of the Administrative Claim Bar Date Order: (i) establishing 5:00 p.m. (prevailing Pacific Time) on July 20, 2023 as the Administrative Claim Bar Date as the deadline by which all Administrative Claim Creditors and who seek to assert an administrative expense claim, pursuant to § 507(a)(2), must file a request for payment of such administrative expense claim using the Administrative Claim Form, the proposed form of which is attached to the Motion as **Exhibit A**, and in accordance with the substantive requirements described in the Administrative Claim Bar Date Notice, the proposed form of which is attached to the Motion as **Exhibit B**; and (ii) approving the form and manner of notice of the Administrative Claim Bar Date.

Copies of the Motion and related pleadings shall be served on (a) the Office of the United States Trustee; (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to the DIP Lender; (e) Debtor's secured creditors and (f) the parties that have filed requests for special notice in the Chapter 11 Case.

**Counsel Has Conferred With the Notice Parties.**

Prior to filing this Motion, and pursuant to Local Rule 9006, Counsel consulted the parties as shown on the Attorney Information Sheet For Proposed Order Shortening Time, filed concurrently herewith and incorporated by reference herein.

4

147078807.1

## II.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Debtor respectfully requests that the Court hear the Motion on an expedited basis, and grant such other and further relief as may be just and proper.

Dated this 29th day of June, 2023.

                        **FOX ROTHSCHILD LLP**

By:     */s/Brett A. Axelrod*
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
     *Counsel for Debtor*

147078807.1

**EXHIBIT A**

**DECLARATION AFFIRMING REQUESTED RELIEF**

I, Brett A. Axelrod, declare under penalty of perjury that: I am competent to make this declaration under the laws of the United States and the State of Nevada; I have read the above Application for an Order Shortening Time; and the facts stated therein are true and correct to the best of my knowledge, information and belief.

DATED this 29th day of June 2023.

By   */s/Brett A. Axelrod*
     BRETT A. AXELROD

147078807.1