_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
June 30, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>d/b/a COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER: (A) CONFIRMING AUCTION RESULTS; (B) APPROVING THE SALE OF CERTAIN OF DEBTOR'S ASSETS TO HELLER CAPITAL GROUP, LLC, AND GENESIS COIN, INC., FREE AND CLEAR OF LIENS CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE DEBTOR'S EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (D) GRANTING RELATED RELIEF**<br><br>Hearing Date: June 28, 2023<br>Hearing Time: 10:30 a.m. |

The Court having reviewed and considered the Debtor's *Motion for Order (A) Confirming Auction Results; (B) Approving the Sale of Certain of Debtor's Assets to Heller Capital Group, LLC and Genesis Coin, Inc. Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Authorizing the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* [Docket No. 714; as amended by Docket No. 730] (the "Motion"),[1] the *Declaration of Daniel Ayala* [Docket No. 715], the *Declaration of Daniel Moses* [Docket No. 716], the *Declaration of Daryl Heller* [Docket No. 717], and the *Declaration of Jorge Fernandez* [Docket No. 718] in support thereof, and any objections thereto, and the arguments of counsel made, and the evidence adduced at the hearing before the Court on June 28, 2023 (the "Sale Hearing"); and upon the record of the Sale Hearing and this Chapter 11 Case and proceedings, and after due deliberation thereon; and the Court having determined that the relief sought in the Motion is in the best interests of Debtor, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, therefor:

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**[2]

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and over the persons and property affected hereby.

    B.    Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

    C.    Venue for this case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such. Any findings of fact or conclusions of law stated by the Court on the record at the Sale Hearing are hereby incorporated, to the extent they are not inconsistent herewith.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

D.  The statutory and legal predicates for the relief requested in the Motion and provided for herein are Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m) and 365, Bankruptcy Rules 2002, 6004, 6006, 9007, 9008 and 9014, and Local Rules 2002, 6004, 6006 and 9014.

E.  The Court's *Order Establishing Bidding Procedures and Related Deadlines* [Docket No. 483] (as amended by Docket Nos. 538 & 648, the "Bidding Procedures Order"), among other things, approved the Bidding Procedures attached thereto as Exhibit A, and authorized the Debtor to sell all or substantially all of its assets pursuant to the Bidding Procedures.

F.  One or more Qualified Bids having been timely submitted, pursuant to the Bidding Procedures Order, the Debtor held the Auction on June 2, 2023, at the offices of Fox Rothschild, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135. At the Auction, the Debtor selected Heller Capital Group, LLC ("Heller Capital"), Genesis Coin, LLC ("Genesis Coin") and Mr. Christopher McAlary as the Winning Bidders for separate sets of Assets.

G.  The Debtor timely filed with the Court and served on the Debtor's mailing matrix the *Notice of Auction Results Regarding Sale of Substantially All of the Debtor's Assets* [ECF No. 618, corrected by ECF No. 621].

H.  On June 16, 2023, the Debtor filed the Motion,[3] seeking the Court's authority to: (1) sell the Heller Assets, and assume and assign the Assumed Contracts (as defined below), to Heller pursuant to the Heller APA; and (2) sell the Genesis Coin Assets to Genesis Coin pursuant to the Genesis Coin APA (collectively, the "Sales").

I.  The Debtor served its *Notice of Bidding Procedures and Deadlines* [ECF No. 511, Exhibit H] in the manner required by the Bidding Procedures Order and adequate notice of Bid Procedures, the Auction and the Sales has been given.

J.  The Court has received sufficient information to find that: (1) the Heller APA represents the highest or otherwise best offer for the Heller Assets; (2) the Genesis Coin APA represents the highest or otherwise best offer for the Genesis Coin Assets; and (3) each of Heller Capital and Genesis Coin (collectively, the "Winning Bidders" or "Purchasers") is a "good faith

---

[3] On June 20, 2023, the Debtor filed an amendment to the Motion.

2

purchaser" for purposes of Section 363(m) of the Bankruptcy Code.

K.     The Court has received sufficient information to find that the Estate's right, title and interest in and to the Heller Assets and the Genesis Coin Assets (collectively, the "Purchased Assets") may be sold to the Winning Bidders free and clear of all liens, claims, interests, and encumbrances (except as otherwise set forth in the Heller APA and Genesis Coin APA (collectively, the "Purchase Agreements")), including any claims based on successor, transferee, or environmental liability, on the terms set forth in the Purchase Agreements pursuant to Section 363(f) of the Bankruptcy Code because, with respect to each of such liens, claims, interests, and encumbrances: (1) applicable nonbankruptcy law permits the sale of the Purchased Assets free and clear of such liens, claims, interests, and encumbrances; (2) the entities holding such liens, claims, interests, and encumbrances have consented to the sale of the Purchased Assets free and clear of such liens, claims, interests, and encumbrances; (3) the Purchase Price (as defined in the Purchase Agreements) exceeds the aggregate value of all such liens, claims, interests, and encumbrances; (4) such liens, claims, interests, or encumbrances are in bona fide dispute; or (5) the entities holding such liens, claims, interests, and encumbrances can be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such liens, claims, interests, and encumbrances.

L.     Heller Capital has provided the non-Debtor parties to all Assumed Contracts with sufficient information about its financial wherewithal that, combined with its payment of the cure costs associated with such Assumed Contracts, constitutes adequate assurance of future performance under such Assumed Contracts pursuant to Section 365(b) of the Bankruptcy Code.

M.     The Court has considered and overruled any and all objections to the Motion and the Sales, including the oral objection made by AVT (as defined below) at the Sale Hearing, and determined that the Sales and entry of this Order at this time is in the best interests of the Debtor, the Estate and its creditors and other parties in interest.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Sales and Purchase Agreements are approved, subject to the terms of this Order.

2.     The Debtor is authorized and directed to enter into and perform its obligations under the Purchase Agreements to the extent provided therein, and to take such further actions as the Debtor

deems necessary to effectuate the Sales. The Winning Bidders are authorized and directed to enter into and perform their obligations under the Purchase Agreements.

3. The Winning Bidders and the Debtor are authorized to make modifications to the Purchase Agreements and documents related thereto not materially inconsistent with the economic and other terms of the Sales, in consultation with the Consultation Parties, by mutual agreement on or after the date of this Order.

4. The Court hereby approves the transfer of all of the Debtor's and the Estate's right, title and interest in and to the Purchased Assets, to the Winning Bidders, free and clear of all liens, claims, interests and encumbrances (except as otherwise set forth in the Purchase Agreements), including any claims based on successor, transferee or environmental liability, on the terms set forth in the Purchase Agreements, pursuant to Section 363(f) of the Bankruptcy Code.

5. The only liabilities assumed by Winning Bidders are as specifically set forth in the Purchase Agreements, including the Assumed Liabilities (as defined in the Heller APA), the Seller Note and the Guaranty (each as defined in the Genesis Coin APA).

6. Neither Purchaser shall be deemed to: (a) be the successor of or successor employer (as described in COBRA and applicable regulations thereunder) to the Debtor, including with respect to any workers' compensation Liabilities, collective bargaining agreements and any benefit plans, any common law successor liability in relation to any pension plan, including with respect to multiemployer withdrawal liability, and/or in relation to any employee, (b) have, de facto, or otherwise, merged with or into the Debtor, (c) be a mere continuation or substantial continuation of the Debtor or the enterprise(s) of the Debtor, or (d) be liable for any acts or omissions of the Debtor in the conduct of the Debtor's business or arising under or related to the Purchased Assets or employees or former employees of the Debtor other than as expressly set forth in the Purchase Agreements. Without limiting the generality of the foregoing, and except as otherwise provided in the Purchase Agreements, the Parties intend that Purchasers shall not be liable for any encumbrances or liabilities, pledges, options, charges, liabilities, liens, claims (as defined in section 101(5) of the Bankruptcy Code), or interests (including, without limitation, the Excluded Liabilities but other than Assumed Liabilities) of or against the Debtor or any of its predecessors or Affiliates, and Purchasers

shall have no successor or vicarious liability of any kind or character whether known or unknown as of the Closing Date (as defined within the Heller APA and Genesis Coin APA), whether now existing or hereafter arising, or whether fixed or contingent, with respect to the Purchased Assets or any Liabilities of the Debtor arising prior to the Closing Date. Except as otherwise provided in the Purchase Agreements, including with respect to the Assumed Liabilities (to the extent expressly authorized by the Purchase Agreements), the Seller Note and the Guaranty, any and all persons or entities are hereby enjoined from pursuing against Purchasers any claim, cost, expense or liability of any type or nature, arising prior to the Closing Date, related in any way to the Debtor or its business or assets (including without limitation the claims and liabilities referenced in this Order that are not expressly assumed by Purchasers in writing) (collectively, the "Enjoined Liabilities"); provided, however, that nothing in this Order shall relieve Heller Capital or Apollo Management, LLC ("Apollo") from its obligations under that certain Interim Management Services Agreement or limit the Debtor's right to enforce such agreement, and this Order may be relied on by Purchasers as a fully enforceable injunction at any time in any forum against any and all such Enjoined Liabilities.

7.    This Order shall not affect the rights of licensees reserved under Section 365(n) of the Bankruptcy Code, with respect to any license rejected or deemed rejected by the Debtor.

8.    Each of the Winning Bidders (a) is each hereby found to be a "good faith" purchaser for purposes of Section 363(m) of the Bankruptcy Code, and (b) shall have all the rights and privileges of a "good faith purchaser" for purposes of Section 363(m) of the Bankruptcy Code.

9.    The assumption and assignment by the Debtor to Heller Capital of the executory contracts and unexpired leases listed on Exhibit A of the Heller APA (the "Assumed Contracts") is approved.

10.    The Debtor is hereby authorized and directed to assume the Assumed Contracts and assign the Assumed Contracts to Heller Capital.

11.    The Cure Notices required under the Bidding Procedures Order have all been properly and timely served and any Contract Objections have been overruled or otherwise resolved. The effective date of the assignment of any Assumed Contract to the Heller Capital shall be the date that Heller has fully paid to the non-Debtor party any and all cure costs related to such Assumed Contract

(the "Contract Assignment Effective Date"). From and after the Contract Assignment Effective Date as to any Assumed Contract, Heller Capital shall be entitled to exercise all of the rights and privileges, and receive all benefits, available to it under such Assumed Contract, subject to the express provisions thereof.

12. Notwithstanding anything contrary in the papers and court filings for the auction, Sale, and assumption and assignment, including the Heller APA, the Debtor and Heller Capital adopt the limited objection of Brookfield Retail Properties, Inc. (ECF No. 757) as to the leases for the three properties it manages, Champaign Market Place LLC, Columbiana Centre, LLC, and Neshaminy Mall Joint Venture L.P. , including the (a) cure amounts and (b) the obligation to assume and assign the contract *cum onere* including the indemnification terms as to (1) claims of damages and destruction of the leases premises, and (2) claims relating to compliance with laws.

13. Upon Heller Capital's payment of any and all cure costs related to such Assumed Contracts as indicated on Exhibit A of the Heller APA and as set forth in the Cure Notices, Heller Capital and the Debtor shall be deemed to have provided adequate assurances of future performance with respect to all such Assumed Contracts for purposes of Section 365 of the Bankruptcy Code.

14. The prepetition and postpetition Liens of CKDL Credit, LLC (the "DIP Lender"), Enigma Securities Limited ("Enigma"), Genesis Global Holdco, LLC ("Genesis"), AVT Nevada L.P. ("AVT"), or any other perfected secured creditor on the Purchased Assets (collectively, the "Secured Creditors"), shall immediately attach to the proceeds of the Sales in the same nature, validity, priority, extent, perfection, and force and effect that such secured claims had on the Purchased Assets immediately prior to Closing.

15. The Debtor has discontinued operations and has swept (or is in the process of sweeping) its DCMs and depositing the cash therein in its bank accounts. The Debtor is authorized and directed to timely make the following payments to DIP Lender to be applied by DIP Lender to reduce the DIP Obligations[4] until these obligations are paid in full:

    a. $3,250,000 on or before June 30, 2023;

---

[4] As defined in ECF No. 315

  b. $ 750,000 on or before July 7, 2023; and

  c. The balance of the DIP Obligations on such terms as the DIP Lender and the Debtor shall agree; provided, however, that notwithstanding the foregoing, the DIP Obligations shall be repaid in full, in cash, no later than the earlier of (i) July 21, 2023, or (ii) the closing of the Sales.

16. At the closing of the Sales, the Debtor is authorized and directed to pay any remaining DIP Obligations to the DIP Lender through the date of the closing of the Sales, as specified in and in accordance with the *Final Order Under Bankruptcy Code Sections 105, 361,362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 2002, 4001, 6004 and 9014(I) (I) Authorizing Debtor to (A) Obtain Post-Petition Financing and (B) Grant Adequate Protection* [Docket No. 315] (the "DIP Order") *provided* that, in accordance with the DIP Order, the DIP Lender will recover first from Cash (as defined in the DIP Order) before recovering from any Sales proceeds.

17. The Debtor is authorized and directed to, pursuant to the Bid Procedures Order and the Stalking Horse Bid, (i) pay to RockItCoin, directly from Sales proceeds, the amount of the Break-Up Fee and Expense Reimbursement (as defined within the Bid Procedures Order and Stalking Horse Bid), in the amount of $336,060.00 (the "RockItCoin Reimbursement") at closing of the Heller Capital/Genesis Coin Sales (or the next business day after such closings occur), and (ii) return to RockItCoin its deposit held in escrow, in the amount of $629,200.00 (to the extent not yet returned).

18. Within five (5) business days of the entry of this Order, the Debtor will prepare and deliver to the Committee and the Secured Creditors, a statement, together with a copy of all backup documentation (a "Calculation Statement"), setting forth the Debtor's good faith calculation and reasonably detailed explanation of any costs and expenses that the Debtor asserts are payable to the Debtor's estate in accordance with section 506(c) of the Bankruptcy Code (such asserted costs and expenses, the "Asserted Surcharge Claims"). The Debtor, the Committee and the Secured Creditors shall have ten (10) business days after the entry of this Order to consult in good faith regarding the Calculation Statement and the Asserted Surcharge Claims, if any (the "Consultation Period"). If the Asserted Surcharge Claims have not been otherwise resolved (the "Disputed Surcharge Claims") by the expiration of the Consultation Period, the Debtor will file a motion (a "Surcharge Motion") with

respect to the Disputed Surcharge Claims no later than five (5) Business Days after the expiration of the Consultation Period, such that the Surcharge Motion is scheduled to be heard by the Court no earlier than forty-five (45) days after the entry of this Order and no later than sixty (60) days after the entry of this Order.

19. After the DIP Obligations (as defined in the Final DIP Order [ECF No. 315]) have been paid in full, in cash, and the RockItCoin Reimbursement has been paid, on the later of (i) the date of the closing of the Sales and (ii) the date on which the Court enters an order with respect to the Surcharge Motion, the Debtor, after subtracting any Sales proceeds determined by the Court to be payable by the Secured Creditors to the Debtor's estate in accordance with section 506(c) of the Bankruptcy Code, is authorized and directed to pay the following to Secured Creditors:

    a. to Enigma the Sale proceeds (the "Enigma Collateral Proceeds") allocated to collateral (the "Enigma Collateral") securing the Enigma Secured Claims (as defined in the DIP Order), up to the amount of the allowed Enigma Secured Claims (as specified in the DIP Order); provided that, upon the Closing of the Sales, the Debtor will (a) pay to Enigma the Enigma Collateral Proceeds to the extent such Enigma Collateral Proceeds are in excess of (1) the Disputed Surcharge Claims against Enigma and (2) any other Asserted Surcharge Claims that Enigma has agreed are payable to the Debtor's estate in accordance with section 506(c) of the Bankruptcy Code and (b) hold in escrow the remaining Enigma Collateral Proceeds for the sole use and purpose of distribution to Enigma or payment to the Debtor's estate in respect of the Disputed Surcharge Claims, in each case in accordance with the Court's order with respect to the Surcharge Motion or as otherwise mutually agreed in writing by the Debtor and Enigma. Enigma reserves all rights and defenses with respect to the existence of any Asserted Surcharge Claims and any Surcharge Motion and nothing in this Order shall constitute an admission that any Asserted Surcharge Claims are valid. For the avoidance of doubt, nothing in this Order waives, modifies, alters, or impairs the waiver of surcharge in

8

favor of the DIP Lender contained in paragraph 13 of the Final DIP Order [ECF No. 315]. The contents of this paragraph 18(a) shall be subject to the Committee's preserved challenge rights as to the Enigma Secured Claims.

b. to AVT the Sale proceeds (the "AVT Collateral Proceeds") allocated to collateral (the "AVT Collateral") securing the AVT secured claim to the extent such collateral is identified in that certain UCC Financing Statement, filed on May 12, 2020 and with initial filing number 2020095113-1 (*see* Claim No. 38), and AVT's asserted security interest in such collateral is allowed pursuant to a final order of the Court (the "AVT Secured Claim"), up to the amount of the allowed amount of the AVT Secured Claim; provided that, upon the Closing of the Sales, the Debtor will (a) pay to AVT the AVT Collateral Proceeds to the extent such AVT Collateral Proceeds are in excess of (1) the Disputed Surcharge Claims against AVT and (2) any other Asserted Surcharge Claims that AVT has agreed are payable to the Debtor's estate in accordance with section 506(c) of the Bankruptcy Code and (b) hold in escrow the remaining AVT Collateral Proceeds for the sole use and purpose of distribution to AVT or payment to the Debtor's estate in respect of the Disputed Surcharge Claims, in each case in accordance with the Court's order with respect to the Surcharge Motion or as otherwise mutually agreed in writing by the Debtor and AVT. AVT reserves all rights and defenses with respect to the existence of any Asserted Surcharge Claims and any Surcharge Motion and nothing in this Order shall constitute an admission that any Asserted Surcharge Claims are valid. For the avoidance of doubt, nothing in this Order waives, modifies, alters, or impairs the waiver of surcharge in favor of the DIP Lender contained in paragraph 13 of the Final DIP Order.

c. to Genesis the Sales proceeds (the "Genesis Collateral Proceeds") allocated to the Genesis Collateral (as defined in the DIP Order) (other than the Enigma Collateral (as defined in, and subject to the Challenge Period set forth in, the

9

DIP Order), and the AVT Collateral), up to the amount of the allowed Genesis Secured Claims (including the amount set forth in the DIP Order); provided that, upon the closing of the Sales, the Debtor will (a) pay to Genesis the Genesis Collateral Proceeds to the extent such Genesis Collateral Proceeds are in excess of (1) the Disputed Surcharge Claims against Genesis and (2) any other Asserted Surcharge Claims that Genesis has agreed are payable to the Debtor's estate in accordance with section 506(c) of the Bankruptcy Code and (b) hold in escrow the remaining Genesis Collateral Proceeds for the sole use and purpose of distribution to Genesis or payment to the Debtor's estate in respect of the Disputed Surcharge Claims, in each case in accordance with the Court's order with respect to the Surcharge Motion or as otherwise mutually agreed in writing by the Debtor and Genesis. Genesis reserves all rights and defenses with respect to the existence of any Asserted Surcharge Claims and any Surcharge Motion and nothing in this Order shall constitute an admission that any Asserted Surcharge Claims are valid. For the avoidance of doubt, nothing in this Order waives, modifies, alters, or impairs the waiver of surcharge in favor of the DIP Lender contained in paragraph 13 of the Final DIP Order.

20. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreements, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Purchasers, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sales.

21. Any appeal seeking to enjoin or stay consummation of the Sales shall be subject to the appellant depositing or posting a bond equal to the then aggregate purchase price, and applicable damages, pending the outcome of the appeal.

22. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23. To the extent that this Order is inconsistent with any prior Order, the Purchase Agreements, any other document or pleading with respect to the Motion in this Chapter 11 Case, the terms of this Order shall govern.

24. This Order shall be effective immediately upon its entry, and the Court orders that the 14-day delay periods set forth in Federal Rules of Bankruptcy Procedure 6004(h) and 6006(d) shall not apply to stay the effectiveness of this Order. Time is of the essence in approving the Sales, and the Debtor and the Purchasers intend to, and are authorized to, close the Sales as soon as practicable, but no later than July 21, 2023 for the Heller APA, and according to the terms of Article III for the Genesis Coin APA.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By    /s/Brett A. Axelrod
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

**APPROVED**:

**SEWARD & KISSEL LLP**

By: /s/Catherine V. LoTempio
ROBERT J. GAYDA, ESQ.
CATHERINE V. LOTEMPIO, ESQ.
ANDREW J. MATOTT, ESQ.
One Battery Park Plaza
New York, NY 10004

and

**MCDONALD CARANO, LLP**
RYAN J. WORKS, ESQ.
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
*Counsel for The Official Committee of Unsecured Creditors*

**APPROVED**:

**BERGER SINGERMAN LLP**

By /s/Jordi Guso
JORDI GUSO, ESQ.
*(admitted pro hac vice)*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131

and

**SYLVESTER & POLEDNAK, LTD.**
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
1731 Village Center Circle
Las Vegas, NV 89134
*Attorneys for Interested Party
CKDL Credit, LLC*

**APPROVED:**

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By /s/*Michael Weinberg*
MICHAEL WEINBERG, ESQ.
SEAN A. O'NEAL, ESQ.
(Admitted Pro Hac Vice)
One Liberty Plaza
New York, NY 10006

and

**SNELL & WILMER L.L.P.**
ROBERT R. KINAS, ESQ.
(NV Bar No. 6019)
BLAKELEY E. GRIFFITH, ESQ.
(NV Bar No. 12386)
CHARLES E. GIANELLONI, ESQ.
(NV Bar No. 12747)
3883 Howard Hughes Pkwy., Suite 1100
Las Vegas, NV 89169
*Counsel for Genesis Global Holdco, LLC*

**APPROVED:**

**MORRISON & FOERSTER LLP**

By  */s/Andrew Kissner*
   GARY LEE, ESQ.
   (Admitted Pro Hac Vice)
   New York Bar No. 2397669
   ANDREW KISSNER, ESQ.
   (Admitted Pro Hac Vice)
   New York Bar No. 5507652
   250 West 55th Street
   New York, New York 10019-3601

and

**SHEA LARSEN**
JAMES PATRICK SHEA, ESQ.
Nevada Bar No. 405
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
KYLE M. WYANT, ESQ.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
*Counsel for Enigma Securities Limited*

**APPROVED**:

**HELLER CAPITAL**

By  */s/Erin C. Farabaugh*
   ERIN C. FARABAUGH
   Chief Legal Officer
   415 N. Prince Street, Suite 200
   Lancaster, Pennsylvania 17603

13

**APPROVED:**

**FOX SWIBEL LEVIN & CARROLL, LLP**

By: /s/Ryan T. Schultz
    RYAN T. SCHULTZ, ESQ.
    200 W. Madison, Suite 300
    Chicago, Illinois 60606

and

**GHANDI DEETER BLACKHAM**
    SHARA L. LARSON, ESQ.
    Nevada Bar No. 7786
    725 S. 8th St., Suite 100
    Las Vegas, Nevada 89101
    *Counsel for RockItCoin, LLC*

**APPROVED:**

**MICHAEL BEST & FRIEDRICH LLP**

By /s/Justin Mertz
    ANNE T. FREELAND, ESQ.
    Nevada Bar No. 10777
    JUSTIN MERTZ, ESQ.
    790 North Water Street, Suite 2500
    Milwaukee, WI 53202
    *Counsel for AVT Nevada, L.P.*

**APPROVED**

**KAEMPFER CROWELL**

By /s/Louis M. Bubala
    LOUIS M. BUBALA III
    Nevada Bar No. 8974
    50 W. Liberty Street, Suite 700
    Reno, Nevada 89501
*Attorneys for Interested Party Brookfield Retail Properties, Inc.*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

14

**APPROVED:**

**CARLYON CICA CHTD.**

By:  /s/Dawn M. Cica
    CANDACE C. CARLYON, ESQ.
    Nevada Bar No.2666
    DAWN M. CICA, ESQ.
    Nevada Bar No. 4565
    265 E. Warm Springs Road, Suite 107
    Las Vegas, NV 89119
*Counsel for Christopher McAlary*

**APPROVED**:

**LALCHANDANI SIMON PL**

By  /s/Antonio Forte
    ANTONIO FORTE, ESQ.
    KUBS LALCHANDANI, ESQ.
    25 S.E. 2nd Avenue, Suite 1020
    Miami, Florida 33131
    25 SE 2nd Ave, Suite 1020
    Miami, Florida 33131
*Counsel for Genesis Coin*

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Catherine V. LoTempio, Esq.             APPROVED
SEWARD & KISSEL, LLP
*Counsel for the Official Committee of Unsecured Creditors*

Jordi Guso                                    APPROVED
BERGER SINGERMAN LLP
*Counsel to DIP Lender*

| | |
|---|---|
| Michael Weinberg, Esq.<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>*Counsel to Genesis Global Holdco LLC* | APPROVED |
| Andrew Kissner<br>MORRISON & FOERSTER LLP<br>*Counsel to Enigma Securities Limited* | APPROVED |
| Dawn M. Cica<br>CARLYON CICA CHTD.<br>*Counsel for Chris McAlary* | APPROVED |
| Erin C. Farabaugh<br>HELLER CAPITAL | APPROVED |
| Ryan T. Schultz, Esq.<br>FOX SWIBEL LEVIN & CARROLL, LLP<br>*Counsel for RockItCoin, LLC* | APPROVED |
| Justin Mertz, Esq.<br>MICHAEL BEST & FRIEDRICH LLP<br>*Counsel for AVT Nevada, L.P.* | APPROVED |
| Louis M. Bubala III<br>KAEMPFER CROWELL<br>*Attorneys for Interested Party Brookfield Retail Properties, Inc.* | APPROVED |
| Antonio Forte, Esq.<br>Kubs Lalchandani, Esq.<br>LALCHANDANI SIMON PL<br>*Counsel for Genesis Coin* | APPROVED |

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #