BRETT A. AXELROD, ESQ., NV Bar No. 5859
JEANETTE E. MCPHERSON, ESQ., NV Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ., NV Bar No. 16264
ZACHARY T. WILLIAMS, ESQ., NV Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Tele: (702) 262-6899/Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       jmcpherson@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor Cash Cloud Inc.*

Electronically Filed July 12, 2023

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK- 23-10423-mkn<br><br>Chapter 11<br><br>**RESPONSE TO MOTION FOR APPROVAL OF ADMINISTRATIVE CLAIM**<br><br>Hearing Date: July 20, 2023<br>Hearing Time: 10:30 a.m. |

Cash Cloud, Inc. d/b/a Coin Cloud ("Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, hereby files this Response To Motion For Approval Of Administrative Claim (the "Response"). This Response is based upon 11 U.S.C. § 105(a) and § 503, the following Points and Authorities, the Declaration of Jim Hall ("Hall Declaration"), pleadings on file in this case, and any arguments entertained by the Court at any hearing pertaining to the Motion For Approval Of Administrative Claim [ECF 652] filed by Trangistics, Inc.

**POINTS AND AUTHORITIES**

**I. Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

1

146639855.2

## II. Factual Background

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 7, 2023 (the "Petition Date").

4. The deadline for filing a proof of claim in this case is June 14, 2023. The deadline for filing a proof of claim for a governmental unit is August 7, 2023.

5. Trangistics filed a proof of claim on March 26, 2023, in the amount of $263,888.86 ("POC 26"). POC 26 provides that the basis of the claim is a "secured warehouse lien. Debtor's goods are stored in Claimant's warehouse." POC 26 further provides that it is secured on the following basis: "Secured Warehouse Lien pursuant to NV Rev § 104.7209(1)." The claim also asserts an annual interest rate of 9.5%. A "statement of account" covering the period of July 13, 2022 through December 12, 2022 is attached. No additional documents are attached to POC 26 that support its claim, such as a contract or invoices. The Debtor disputes this claim.

6. On June 13, 2023, Trangistics filed a Proof of Non-Professional Administrative Expense, claim number 105, which asserts an administrative expense claim for the period of February 7, 2023 through May 6, 2023 in the amount $154,400, with $38,600.00 per month ("POC 105"). A "Credit Information Sheet" is attached, along with what appears to be a schedule of payments *to* Trangistics, a "Powerhouse + Trangistics Term Sheet," and a series of emails.

7. Trangistics has also filed the Motion For Approval Of Administrative Claim on June 12, 2023 [ECF 652] ("Motion"). In the Motion, Trangistics requests allowance of an administrative expense claim in the amount of $154,400 from February 7, 2023 through May 6, 2023 and an additional amount of $38,600.00 for each month thereafter. Attached to the Motion is POC 105.

## III. Memorandum of Law

The Debtor acknowledges that Trangistics is storing kiosks. However, Trangistics is not entitled to an administrative expense claim for the amount claimed in the amount of $38,600 per month from the Petition Date. Trangistics has not provided adequate evidence of the amount of its alleged administrative expense claim and that this amount is fair and reasonable, and it has not demonstrated that this expense is the actual or necessary cost for preserving the estate.

/ / / /

146639855.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

### A.  11 U.S.C. § 503

The burden of proving an administrative expense claim is on the claimant. *In re DAK Industries, Inc.,* 66 F.3d 1091, 1094 (9th Cir. 1995). Section 503(b) provides that an administrative expense claim be allowed for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A); *see also Burlington No. Railroad Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.),* 853 F.2d 700, 707 (9th Cir. 1988).

> The statute is explicit. Any claim for administrative expenses and costs must be the actual and necessary costs of preserving the estate for the benefit of its creditors. *Matter of Baldwin-United Corporation*, 43 B.R. 443, 451 (S.D. Ohio 1984). The terms "actual" and "necessary" are construed narrowly so as "to keep fees and administrative costs at a minimum." *In re O.P.M. Leasing Services, Inc.*, 23 B.R. 104, 121 (Bankr.S.D.N.Y.1982); see also 3 Collier on Bankruptcy, p 503.04, at 503-23 (15th ed. 1988). An actual benefit must accrue to an estate. . . . Additionally, keeping costs to a minimum serves the overwhelming concern of the Code: Preservation of the estate.

*Dant & Russell, Inc.*, 853 F.2d at 706 (citations omitted; footnote omitted). The Ninth Circuit further stated:

> The amount of the administrative expense claim is not valued according to the lease term, but under an objective worth standard that measures the fair and reasonable value of the lease. *Id.* at 563; *Cochise,* 703 F.2d at 1354 n. 17; *In re Fredrick Meats, Inc.,* 483 F.2d 951, 953 (5th Cir. 1972) (per curiam). A presumption exists that the contractual rental rate, *Cochise,* 703 F.2d at 1354 n. 17; *Union Leasing Co. v. Peninsula Gunite, Inc. (In re Peninsula Gunite, Inc.*) 24 B.R. 593, 595 (9th Cir. BAP 1982); or the amount reserved in the lease constitutes a fair and reasonable value. *In re Xonics,* 65 B.R. 69, 74 (Bankr.N.D.Ill. 1986); *Thompson,* 788 F.2d at 563; *Cochise,* 703 F.2d at 1354 n. 17. **This presumption may be rebutted upon evidence showing that the reasonable worth of the lease differs from the contract rate.** *Id.* The court may choose to fix a different amount based on the debtor-in-possession's actual use, *Peninsula Gunite,* 24 B.R. at 593; *cf. Funding Systems Asset Management Corp. v. Key Capital Corp. (In re Funding Systems Asset Management Corp),* 72 B.R. 87 (Bankr.W.D.Pa. 1987) (administrative expense priority measured in terms of the reasonable value of the leased property, i.e., the contractual rental prorated amount); but that amount cannot exceed "the fair and reasonable value of the lease upon the open market." *Thompson,* 788 F.2d at 563. This limitation acknowledges that the debtor-in-possession or trustee's liability for actual use and occupancy is not compensatory but rather is founded upon the equitable principle of preventing unjust enrichment. *In re Dixie Fuels, Inc.,* 52 B.R. 26, 27 (Bankr.N.D.Ala. 1985).

*Dant & Russell, Inc.*, 853 F.2d at 707 (emphasis added).

146639855.2

### B.  Trangistics Is Not Entitled To An Administrative Claim In the Amount Asserted

#### 1.  Trangistics' Request For An Administrative Expense Claim Is Not Properly Supported

Trangistics attached POC 105 to its Motion.  It is believed that there is no actual written contract with Trangistics.  Thus, Trangistics has attached a variety of other documents to attempt to support its administrative expense claim. POC 105 has attached: (1) a "Credit Information Sheet" attached.  This document authorizes credit to the Debtor up to the amount of $50,000; (2) a schedule of what appears to be payments received by Trangistics; (3) a "Powerhouse + Trangistics Term Sheet," which has been executed by Trangistics and Powerhouse and sets forth, among other things, a rate of "$2.00/SF per month ($28,000 total); and (4) a series of emails with dates ranging from February 2022 to January 2023. At page 9 of 13 of POC 105, there is a discussion of a rate of $32,900; however, such amount is much less than the amount claimed of $38,600 per month (collectively, the "Documents").

The Documents do not establish that there was an agreement by the Debtor to pay $38,600 for storage of kiosks per month.[1]  The Debtor acknowledges that Trangistics, at some point, invoiced the amount of $38,600 for storage.[2] See Hall Declaration ¶ 10.  However, the Documents reference a rate for storage in the amount of $28,000.

#### 2.  Trangistics Is Charging The Debtor Significantly More Than What It Pays For the Warehouse and Thus It Is Not Fair and Reasonable

In addition to not providing evidence of the amount owed for storage and attaching Documents referencing a storage rate of $28,000, the Debtor, upon information and belief, understands that Trangistics pays the owner of the warehouse significantly less than $38,600.  That is, upon information and belief, the owner of the warehouse that stores the kiosks charges Trangistics the amount of $30,500.00. See Hall Declaration ¶ 11. Thus, the amount being claimed by Trangistics per month is $8,100 more than the real rental rate of the warehouse.  Trangistics has not established that

---

[1] The Debtor notes that the employee responsible for dealings with Trangistics is no longer employed with the Debtor. See Hall Declaration ¶ 9.

[2] The Debtor does not have record of receiving invoices from Trangistics for January, February, May, and June 2023.

146639855.2

the amount of $38,600 per month is the actual or necessary cost for preserving the estate. The reasonable worth of the storage space for the kiosks is much less than the amount claimed by Trangistics as demonstrated by the rental amount Trangistics pays the owner of the warehouse. Thus, Trangistics has not established that the amount claimed is a "fair and reasonable" value and that such claimed amount benefitted the estate.

### 3. Trangistics Has Not Credited the Debtor With A Postpetition Payment

A payment was made to Trangistics in the amount of $38,600.00, postpetition, and was processed by the bank on or around April 7, 2023 for the March invoice. See Hall Declaration ¶ 12 and Exhibit 1 attached thereto. Trangistics has not properly credited this amount to its claim for an administrative expense.

### CONCLUSION

Based upon the foregoing, Cash Cloud respectfully requests that the Court deny Trangistics' request for an administrative expense claim as Trangistics has failed to establish the actual amount of its claim, that such claim is fair and reasonable, and the benefit to the estate from such claimed amount. In addition, Trangistics has not credited the Debtor for a payment made postpetition.

Dated this 12th day of July, 2023.

**FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
BRETT A. AXELROD, ESQ. (5859)
JEANETTE E. MCPHERSON, ESQ. (5423)
NICHOLAS A. KOFFROTH, ESQ. (16264)
ZACHARY T. WILLIAMS, ESQ. (16023)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

146639855.2