James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
            blarsen@shea.law
            kwyant@shea.law

-and-

**MORRISON & FOERSTER LLP**
Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
250 West 55th Street
New York, New York 10019-3601
Telephone:  212.468.8000
Facsimile:  212.468.7900
Email:  glee@mofo.com
            akissner@mofo.com

*Attorneys for Enigma Securities Limited*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | Case No.: BK-23-10423-MKN |
| | Chapter 11 |
| CASH CLOUD INC., dba COIN CLOUD, | ECF Nos. 528, 821 |
| | Hearing Date: July 27, 2023 |
| Debtor. | Hearing Time: 1:30 p.m. (PT) |

**ENIGMA SECURITIES LIMITED'S RESERVATION OF RIGHTS WITH RESPECT TO CONFIRMATION OF PLAN**

Page 1

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Enigma Securities Limited ("Enigma"), by and through its undersigned counsel, files this reservation of rights (the "Reservation of Rights") with respect to the (a) *Chapter 11 Plan of Reorganization Dated May 8, 2023* [ECF No. 528] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") and (b) *Supplement to Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* [ECF No. 821] (the "Plan Supplement")[1] filed by Cash Cloud Inc. (hereinafter, the "Debtor" or "Coin Cloud").  In support of this Reservation of Rights, Enigma respectfully states as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

1. In May 2023, the Debtor filed the Plan, which proposed a "toggle" between a sale of assets and a recapitalization transaction, depending on the results of a forthcoming auction.  As the Court is aware, on June 2, 2023 the Debtor conducted an auction for its assets, and selected a joint proposal from Heller Capital Group, LLC ("Heller") and Genesis Coin, Inc. ("Genesis Coin") as the winning bid, with Heller purchasing the majority of the Debtor's digital currency machines ("DCMs") and Genesis Coin purchasing the Debtor's software, intellectual property, and other related assets.  *See* ECF No. 795, ¶ F.[2]  Although the Debtor has known for more than a month now that it would be pursuing a liquidation (as opposed to a reorganization), it was only on Wednesday, July 12—less than thirty-six hours prior to the deadline for parties in interest to object to the Plan—that the Debtor circulated a draft of an amended Plan reflecting a sale to Heller and Genesis Coin.

2. Enigma continues to review the Plan as proposed to be amended by the Debtor, and is directionally supportive of its contents, insofar as it provides for the distribution of proceeds from the sale of DCMs to Enigma.  However, Enigma anticipates providing the Debtor with comments to the Plan (including, without limitation, with respect to the mechanics and timing of distributions under the Plan; Enigma's ability to vote; and the implications and propriety of a discharge for a

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Plan Supplement, as applicable.

[2] *See Order: (A) Confirming Auction Results; (B) Approving the Sale of Certain of Debtor's Assets to Heller Capital Group, LLC, and Genesis Coin, Inc., Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Authorizing the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* (the "Sale Order").

liquidating Debtor). Further, Enigma understands that the Plan Supplement, which includes drafts of the Debtor's proposed liquidating trust agreement and "best interests of creditors" analysis, may be subject to further supplementation or revision.

3. To the extent any issues raised by Enigma with respect to the Plan, the Plan Supplement, or other related document cannot be consensually resolved, Enigma files this Reservation of Rights to preserve its rights to raise any objections it may have at or before the confirmation hearing.

4. In addition, pursuant to the Sale Order, the Debtor was required to provide Enigma with a "statement, together with a copy of all backup documentation . . . setting forth the Debtor's good faith calculation and reasonably detailed explanation of any costs and expenses that the Debtor asserts are payable to the Debtor's estate in accordance with section 506(c) of the Bankruptcy Code," by no later than July 10, 2023. Sale Order, ¶ 18. Although the Debtor did provide Enigma with a summary of its proposed claims for surcharge pursuant to section 506(c) (any such claims, "Surcharge Claims") on July 10, 2023, it did not provide any backup documentation to Enigma until July 11, 2023.

5. Enigma continues to review the information provided to it. However, given the posture of the case and relative positions of the parties, it is reasonably foreseeable that there may be a dispute as to the propriety and amount of any Surcharge Claims, and that such dispute may not be resolved as of the confirmation hearing. To be clear, Enigma views confirmation of the Plan (which is not necessarily impacted by the amount of Surcharge Claims) and the distribution of proceeds thereunder (which, by contrast, is) as separate issues. Nonetheless, for the avoidance of doubt, Enigma hereby reserves all rights with respect to any Surcharge Claims asserted by the Debtor or other party with requisite standing to do so, and nothing stated herein shall be deemed to be a waiver or modification of Enigma's rights with respect thereto.

///

///

///

**WHEREFORE**, Enigma requests that the Court take notice of this Reservation of Rights, and grant any additional relief the Court deems appropriate.

Dated this 13th Day of July, 2023.

By: /s/ James Patrick Shea
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
        blarsen@shea.law
        kwyant@shea.law

-and-

Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019-3601
Telephone:  212.468.8000
Facsimile:  212.468.7900
Email:  glee@mofo.com
        akissner@mofo.com

*Attorneys for Creditor
Enigma Securities Limited*

# CERTIFICATE OF SERVICE

1. On July 13, 2023, I served **ENIGMA SECURITIES LIMITED'S RESERVATION OF RIGHTS WITH RESPECT TO CONFIRMATION OF PLAN** in the following manner:

☒ a. ECF System: Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities.

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 13, 2023

By: /s/ *Bart K. Larsen*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432