UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | : | Case No. BK-23-10423-mkn |
| | : | |
| CASH CLOUD, INC., dba COIN CLOUD, | : | Chapter 11 |
| | : | |
| Debtor. | : | **OBJECTION OF BRINK'S INCORPORATED TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN AND RESERVATION OF RIGHTS** |

Brink's Incorporated ("**Brink's**"), by counsel, hereby files its objection and reservation of rights (the "**Objection**") to confirmation of the proposed *Debtor's Chapter 11 Plan of Reorganization* dated May 8, 2023 [Docket No. 528] (the "**Plan**"), and in support thereof, with reference to the Declaration of Tara Team attached hereto as **Exhibit A** and incorporated herein, respectfully states as follows:

**Background**

1. On February 7, 2023 (the "**Petition Date**"), Cash Cloud, Inc. dba Coin Cloud (the "**Debtor**") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Nevada (the "**Court**"), commencing the Chapter 11 Case (the "**Case**").

2. Prior to the Petition Date, the Debtor reached out to Brink's to inform it that the Debtor would be filing the Case and seeking Brink's cooperation and continued services.

3. The Debtor proposed that it would seek the Court's approval of Brink's as a critical vendor and would pay to Brink's a total of $1,259,695, consisting of (a) $629,847 upon interim approval of a critical vendor motion, and (b) quarterly distributions of $157,462.00 each for four

(4) consecutive quarters pursuant to a plan of reorganization (total of $629,848) in return for Brink's agreement to continue servicing the Debtor's locations post-Petition Date (the "**Brink's Agreement**").

4. On the Petition Date, the Debtor filed the *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to Pay Prepetition Vendor Liabilities and (II) Authorizing and Directing Financial Institutions to Receive, Process, Honor and Pay all Checks Issued Relating to Vendor Liabilities* [Docket No. 7] (the "**Critical Vendor Motion**").

5. On February 16, 2023, the Court entered an *Interim Order Granting the Critical Vendor Motion* [Docket No. 108], pursuant to which the Debtor was authorized to pay Brink's $630,000.00 for past-due prepetition amounts outstanding in exchange for continued provision of services and wherein Brink's, consistent with its agreement with the Debtor, reserved its right to receive additional prepetition payments in exchange for continued provisions of services to the Debtor, upon entry of a Final Order on the Critical Vendor Motion, and the right to claim all prepetition amounts outstanding not otherwise paid through the Critical Vendor Motion.

6. On March 20, 2023, the Court Entered a *Final Order on the Critical Vendor Motion* [Docket No. 319] that authorized the Debtor to pay its prepetition Vendor Liabilities (as defined in the Motion) and per the Brink's Agreement.

7. On May 28, 2023, the Debtor filed its Plan and its *Disclosure Statement for Chapter 11 Plan of Reorganization dated May 8, 2023* [ECF No. 529] (the "**Disclosure Statement**").

8. On June 20, 2023, the Debtor and Brink's entered into a Second Stipulation to Extend Deadlines [Docket No. 735] (the "**Stipulation**") whereby the Ballot and Objection Deadline were extended to July 13, 2023 at 5:00 p.m. Pacific Time (the "**Extended Deadlines**").

9. On June 21, 2023, the Court entered an Order Approving the Stipulation [Docket No. 738] and thus the Extended Deadlines.

10. This Objection is timely filed.

## Objection and Reservation of Rights

11. Brink's has continued to provide valuable services to the Debtor post-Petition Date in reliance on the Brink's Agreement. The Plan, however, does not provide for the promised payments that the Debtor agreed to pay to Brink's expressly in exchange for Brink's continued services post-Petition Date. The remaining payments owed to Brink's pursuant to the Brink's Agreement were to be paid post-Petition Date and are thus allowed administrative expenses that are entitled to treatment as such in Article 3.1 of the Plan.

12. Section 1129(a)(9) of the Bankruptcy Code states that a plan filed under Chapter 11 must pay holders of allowed claims specified in section 507(a)(2) of Title 11 of the U.S. Code (the "**Bankruptcy Code**") cash equal to the allowed amount of the claim in full on the effective date unless the holder agrees to different treatment. As the promised post-Petition Date payments to Brink's pursuant to the Brink's Agreement are not properly classified as administrative claims as evidenced by the Liquidation Analysis (the "**Liquidation Analysis**") attached as Exhibit B to the *Supplement to Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* [Docket No. 821] (the "**Plan Supplement**"), the Plan violates Section 1129(a)(9) of the Bankruptcy Code and cannot be confirmed.

13. In addition, given the liquidity issues of the Debtor evidenced by the Liquidation Analysis, which projects between approximately $5.7 million to $10.2 million in allowed administrative claims (and undervalues armored carrier administrative claims by at least $430,000) and the sale proceeds of approximately $5.7 million, Brink's submits that the Debtor will be

woefully unable to comply with the requirement that all administrative claims are paid in full pursuant to section 1129(a)(9) of the Bankruptcy Code.

14. The Debtor has set July 20, 2023 at 5:00 p.m. (Pacific Time) as the Administrative Claims Bar Date, and Brink's plans to assert any and all applicable post-Petition Date amounts due and owing from the Debtor, including but not limited to the $629,695[1] remaining due to Brink's pursuant to the Brink's Agreement, as an administrative expense claim pursuant to section 507(a)(2) of the Bankruptcy Code.

15. As the Debtor conceded and represented to the Court in the Critical Vendor Motion, authorizing the critical vendor payments, including those pursuant to the Brink's Agreement, was necessary to preserve the estate. *See* Critical Vendor Motion at 6. Thus, the remaining amounts owed to Brink's pursuant to the Brink's Agreement are clearly administrative expenses pursuant to section 503(b) of the Bankruptcy Code, and are entitled to such treatment and payment priority in the proposed Plan. Without the Brink's services, the Debtor would not have survived operationally and its Chapter 11 case would have been short lived; the Debtor should be expected to honor these obligations as it represented to the Court that it would.

WHEREFORE, for the foregoing reasons, Brink's respectfully requests that the Court (i) deny confirmation of the Plan or, in the alternative, make confirmation of the Plan contingent on the Debtor's payment in full of the post-Petition Date payments owed to Brink's consistent with the Brink's Agreement, and (ii) grant to Brink's such other and further relief as this Court may deem just and proper.

[*Remainder of Page Left Intentionally Blank*]

---

[1] Due to the rounded-up payment pursuant to the Interim Critical Vendor Order, the remaining amount due pursuant to the Brink's Agreement has been appropriately reduced.

Dated: July 13, 2023                Respectfully submitted


  /s/ *Maurice B. VerStandig*
Robert S. Westerman, Esq. (pro hac vice forthcoming)
Brittany B. Falabella (pro hac vice forthcoming)
2100 East Cary Street
Richmond, Virginia 23223

and

Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com

*Counsel for Brink's, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 13, 2023, the foregoing Objection was filed using the CM/ECF system, which served a NEF on all parties receiving service in this Case. I further certify that a true and accurate copy of the foregoing Objection was served by electronic mail as required in the Notice [Docket No. 555].

                        /s/ *Maurice B. VerStandig*
                        Maurice B. VerStandig