James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
         blarsen@shea.law
         kwyant@shea.law

-and-

**MORRISON & FOERSTER LLP**
Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
250 West 55th Street
New York, New York 10019-3601
Telephone:  212.468.8000
Facsimile:  212.468.7900
Email:  glee@mofo.com
         akissner@mofo.com

*Attorneys for Enigma Securities Limited*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | Case No.: BK-23-10423-MKN |
| | Chapter 11 |
| CASH CLOUD INC., | |
| dba COIN CLOUD, | |
| | |
| Debtor. | |

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

Page 1

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

PLEASE TAKE NOTICE that, pursuant to LR 9016(b), Enigma Securities Limited ("Enigma"), by and through its undersigned counsel, intends to serve the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* attached hereto as **Exhibit 1** on CASH CLOUD, INC. D/B/A COIN CLOUD.

Dated this 17th Day of July, 2023.

By */s/ James Patrick Shea*

James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
         blarsen@shea.law
         kwyant@shea.law

-and-

Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019-3601
Telephone:   212.468.8000
Facsimile:   212.468.7900
Email:   glee@mofo.com
         akissner@mofo.com

*Attorneys for Creditor
Enigma Securities Limited*

# CERTIFICATE OF SERVICE

1. On July 17, 2023, I served **NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)** in the following manner:

   ☒ a. ECF System: Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities.

   ☐ b. United States mail, postage fully prepaid:

   ☐ c. Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐ d. By direct email (as opposed to through the ECF System):
   Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ☐ e. By fax transmission:

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

   ☐ f. By messenger:

   I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

   I declare under penalty of perjury that the foregoing is true and correct.

   Dated: July 17, 2023

                                                    By: /s/ *Bart K. Larsen*

**EXHIBIT 1**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Nevada__

In re __Cash Clound, Inc. (dba Coin Cloud)__
*Debtor*

*(Complete if issued in an adversary proceeding)*

_____
*Plaintiff*

v.

_____
*Defendant*

Case No. __23-10423 (MKN)__

Chapter __11__

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __Cash Cloud, Inc. (dba Coin Cloud)__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| See attached. | August 2, 2023 at 5:00 p.m. (PT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __July 17, 2023__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

__/s/ Andrew Kissner__
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Enigma Securities Limited__, who issues or requests this subpoena, are:
Andrew Kissner, Morrison & Foerster LLP, 250 West 55th St, New York, NY 10019, akissner@mofo.com, 212-468-8000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 23-10423-mkn    Doc 850    Entered 07/17/23 11:03:08    Page 6 of 15

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

For the purposes of Enigma's First Set of Requests for Production to the Debtor, the following definitions shall apply:

1. "AVTech" shall refer to AVT Nevada, L.P., Avtech Capital, LLC, and their respective affiliates.

2. "Bankruptcy Code" shall refer to title 11 of the United States Code, 11 U.S.C. § 101, et seq.

3. "Bankruptcy Proceeding" shall refer to Bankruptcy Case No. 23-10423-MKN, *In re Cash Cloud Inc., dba Coin Cloud*, filed in the United States Bankruptcy Court for the District of Nevada.

4. "Collateral" means collateral securing the Loan pursuant to the Loan Agreement and other documents relating thereto.

5. "Communication" means any oral, written, or electronic transmittal or receipt of information, by whatever manner or means and regardless of how or by whom the communication was initiated. References to communications with business entities shall be deemed to include all officers, directors, employees, agents, attorneys, affiliates, or other representatives of such entities.

6. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

7. "Control" means in your possession, custody, or control or under your direction, and includes in the possession, custody, or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

8. "Debtor" means Cash Cloud Inc., d/b/a Coin Cloud.

9. "Document" means and includes all photographic, written, graphic or otherwise recorded matter, however produced or reproduced, including non-identical copies, preliminary,

1

ny-2592837

intermediate, and final drafts, writings, records, and recordings of every kind and description, whether inscribed by hand or mechanical, electronic, computer-generated, microfilm, photographic, or other means, as well as phonic (such as tape recordings) or visual reproductions of all statements, conversations, or events, and further including by way of example and not limitation, address books, appointment books, calendars, charts, circulars, statistical compilations, consultants' reports or studies, contracts or agreements, correspondence, experts' reports and studies, financial statements and calculations or balance sheets, graphs, house publications, inter-office or intra-office communications, e-mail, text messages, letters of intent, memorandum of any type, microfilm, minutes of any sort, movies, notes, notebooks, opinions, organizational charts, photographs, press clippings or releases, publications, procedures, reports of any kind, statistical analysis, ledgers, invoices, checks, vouchers, books of account, studies of any kind, summaries, tabulations, telegrams, teletype, and telex messages, disks, computer printouts, tapes, cartridges, compact disks or other storage medium, no matter how described or designated.

    10.    "Enigma" means Enigma Securities Limited.

    11.    "Identify" when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    12.    "Identify" when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

    13.    "Loan" shall refer to the loan extended by Enigma to the Debtor pursuant to the Loan Agreement (as defined below) and all indebtedness owed by the Debtor relating thereto.

    14.    "Loan Agreement" shall refer to that certain *Secured Loan Facility Agreement*, dated as of April 22, 2022, by and between Enigma and the Debtor (as amended from time to time), together with all related loan documents.

ny-2592837

15. "<u>Meeting</u>" means coincidence of presence of, or telephone conversation between persons, whether such meeting was by chance, prearranged, formal, informal, or in connection with some other activity or not.

16. "<u>Person</u>" refers to any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, employees, agents, attorneys, affiliates, or other representatives thereof, or third parties retained by any of the above.

17. The terms "<u>related to</u>", "<u>relate to</u>", or "<u>relating to</u>" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

18. "<u>Representative</u>" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person or entity in question.

19. "<u>Surcharge Analysis</u>" that certain document entitled "7.10.23 Coin Cloud – 506(c) Surcharge Analysis" sent on behalf of the Debtor to counsel for Enigma via email on July 10, 2023.

20. "<u>You</u>" shall refer to the Debtor, including its employees, directors, officers, agents, servants, subsidiaries, affiliates, parent company, and other persons acting on or purporting to act on its behalf, including its Representatives.

## RULES OF CONSTRUCTION

1. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

2. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in

Case 23-10423-mkn    Doc 850    Entered 07/17/23 11:03:08    Page 11 of 15

accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. When referring to documents or communications, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. In responding to these requests, produce all responsive documents that are in your possession, custody, or control, or the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of their respective officers, managing agents, employees, attorneys, accountants, or other representatives.  A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2. The requests for production are continuing in nature, and you are requested to supplement your responses to these requests as required by Rules 26 and 34 of the Federal Rules of Civil Procedure, incorporated herein by Federal Rules of Bankruptcy Procedure 7026 and 7034.

3. You are to produce, for inspection and copying, original responsive documents in the order they are kept in the usual course of business, and such documents shall be produced in their original folders, binders, covers, or containers, or facsimile thereof.

4. In producing for inspection and copying, you shall organize and label such responsive documents to correspond with the categories in these requests.

5. If any responsive document was at any time, but is no longer, in your possession or custody or subject to your control:

    a. Identify the document;

    b. State whether the document is missing or lost;

    c. State whether the document has been destroyed;

    d. State whether the document has been transferred voluntarily or involuntarily

ny-2592837

     to others and, if so, at whose request;

  e. State whether the document has been otherwise disposed of;

  f. Provide a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition; and

  g. Identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

6. If any document responsive to these requests is withheld under a claim of privilege or upon any other ground, as to each such document, provide the following information in sufficient detail to permit the court to rule on your claim:

  a. State the nature of the privilege being asserted or other rule relied upon, and the facts supporting your assertion thereof;

  b. Identify the party who is asserting the privilege; and

  c. State the following information about the purportedly privileged document:

   (i) The author, primary addressee, and secondary addressees or persons copied, including the relationship of those persons to any party in this litigation and/or author of the document;

   (ii) A brief description sufficient to identify the type, subject matter, and purpose of the document;

   (iii) All persons to whom its contents have been disclosed;

   (iv) The date the document was prepared, the date the document bears, the date the document was sent, and the date the document was received; and

   (v) A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

7. If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must

be produced with the portion claimed to be privileged redacted.

8. You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by the preceding two instructions), regardless of whether you consider the entire document to be relevant or responsive to the requests.

9. Whenever a document is not produced in its entirety, including all attachments, or is produced in redacted form, so indicate on the document, state with particularity the reason or reasons it is not being produced in its entirety, and describe to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the document that are not being produced.

10. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the inquiry and request herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) a masculine, feminine, or neuter pronoun shall not exclude the other genders; (iii) the terms "any" and "all" shall be understood to mean "any and all"; and (iv) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Produce all Documents and Communications between You and any Person regarding the Surcharge Analysis, including the calculations of the amounts proposed to be surcharged from the Collateral pursuant to section 506(c) of the Bankruptcy Code.

**REQUEST NO. 2:**

Produce all Documents relating to any assessment, evaluation, or analysis of any benefit (including as such term is used in section 506(c) of the Bankruptcy Code) obtained by Enigma as a result of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

**REQUEST NO. 3:**

Produce all Documents relating to any assessment, evaluation, or analysis of the necessity of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

**REQUEST NO. 4:**

Produce all Documents relating to any assessment, evaluation, or analysis of the reasonableness of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

**REQUEST NO. 5:**

Produce all Documents relating to draft versions of the Surcharge Analysis, including Communications concerning any proposed revisions thereto.

**REQUEST NO. 6:**

Produce all Documents relating to agreements pursuant to which any security interest in the Debtor's property was granted or perfected to secure debt or other obligation in favor of AVTech, including (a) filings, recordations, registrations, statements or similar with government authorities relating to collateral securing such debt or other obligation and (b) Uniform Commercial Code filings (including with all schedules attached thereto) relating to the foregoing.

**REQUEST NO. 7:**

Produce Documents sufficient to Identify all digital currency machines being sold to Heller Capital Group, LLC, including serial numbers, location ID (sometimes referred to as "LID"), or software identification number (sometimes referred to as "CCID" or "CCOS ID"), as applicable.

**REQUEST NO. 8:**

Produce all Documents relating to the statement in the Surcharge Analysis that the Collateral being sold to Heller Capital Group, LLC consists of 2,368 digital currency machines.

**REQUEST NO. 9:**

Produce all Documents relating to any assessment, evaluation, or analysis of the scope of the Collateral.

**REQUEST NO. 10:**

Produce Documents sufficient to identify any Collateral not being sold to Heller Capital

Group, LLC that has not previously been abandoned to Enigma in connection with the Bankruptcy Proceeding, including serial numbers, location ID (sometimes referred to as "LID"), or software identification number (sometimes referred to as "CCID" or "CCOS ID"), and the location, condition, and status of any such Collateral.

ny-2592837