**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
efile@alversontaylor.com
(702) 384-7000
Attorneys for Populus Financial Group, Inc.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **MOTION FOR APPROVAL OF ADMINISTRATIVE CLAIM OF POPULUS FINANCIAL GROUP, INC.** |
| | Hearing Date: [_____], 2023
Hearing Time: [_____] |

Populus Financial Group, Inc. ("Populus"), by and through its undersigned counsel, hereby files this Motion for Approval of Administrative Claim of Populus Financial Group, Inc. (the "Motion"), whereby Populus requests approval of its administrative claim in the amount of $90,838.97, attached hereto as **Exhibit A**. In support of its Motion, Populus shows the Court as follows:

1

## I. FACTUAL BACKGROUND

1. On February 7, 2023 (the "Petition Date"), this case was commenced through the filing of a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, Cash Cloud, Inc. (the "Debtor") and Populus entered into a Master Host Agreement (the "Agreement") providing for Debtor to place kiosk machines in Populus's retail locations, which operate under the business name ACE Cash Express.

3. The Agreement requires that the Debtor pay Populus $275 per machine per month.

4. Since the Petition Date, the Debtor has continued to maintain its machines in Populus's retail locations.

5. The Debtor has not paid Populus for amounts incurred from May 1, 2023 to July 20, 2023, as follows:

| Performance Month | Payment Due Date | Payment Due |
|---|---|---|
| May 2023 | June 15, 2023 | $35,120.15 |
| June 2023 | July 15, 2023 | $33,907.49 |
| July 2023 | August 15, 2023 | <u>$21,811.33</u> |
|  |  | $90,838.97 |

6. Attached hereto as **Exhibit B** is an affidavit in support of this Motion.

7. On July 11, 2023, the Court entered its Order Establishing Administrative Claim Bar Date for Filing Proofs of Administrative Expense Claim and Approving Form, Manner and Sufficiency of Notice Thereof [Doc. 823], which established July 20, 2023 as the deadline for asserting an administrative expense claim against the Debtor that accrued or arose on or between the Petition Date and July 20, 2023.

## II. MEMORANDUM OF LAW

Through this Motion, Populus seeks, pursuant to Bankruptcy Code section 503(b)(1)(A),

allowance and payment of $90,838.97 as an administrative expense, which represents unpaid rent and associated fees owed to Populus under its agreements with the Debtor from the Petition Date to July 20, 2023.

Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, "there should be allowed administrative expenses, . . . including – the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). The list of allowable administrative expenses in section 503(b) is nonexhaustive. *In re Megafoods Stores, Inc.*, 163 F.3d 1063, 1071 (9th Cir. 1998). Administrative expense priority should be granted to claims that: (1) resulted from a post-petition transaction, (2) directly and substantially benefit the estate, and (3) are actual and necessary expenses. *In re Hanna*, 168 B.R. 386, 388 (B.A.P. 9th Cir. 1994).

Each element ise met by the circumstances of this case. First, Populus's claim relates to post-petition transactions with the Debtor—the Debtor's placement and operation of kiosks within Populus's retail locations. Second, the placement by the Debtor in Populus's retail locations was beneficial to the Debtor in that it allowed the Debtor the choice to operate those machines and generate income. Finally, the amount of the claim was actually incurred by the Debtor and the payment of such amount was necessary in order for Populus to permit the kiosks to be placed within the applicable retail locations. Populus has, accordingly, met the requirements under Bankruptcy Code section 503(b)(1)(A) such that its claim should be treated as an administrative expense.

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

WHEREFORE, Populus respectfully requests the Court enter an order granting an administrative expense claim against the Debtor in the amount of $90,838.97 and grant such other and further relief as is just and proper.

**ALVERSON TAYLOR & SANDERS**

/s/ Kurt R. Bonds

_____
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
efile@alversontaylor.com
(702) 384-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 20, 2023, a true and correct copy of the foregoing was served by electronic means as listed on the Court's ECF noticing system and by first class mail, postage prepaid, to the following:

| | |
|---|---|
| Fox Rothschild LLP<br>1980 Festival Plaza Drive, Suite 700<br>Las Vegas, Nevada 89135<br>Attn: Brett Axelrod | Shea Larsen<br>1731 Village Center Circle, Suite 150<br>Las Vegas, NV 89134<br>Attn: James Patrick Shea |
| Berger Singerman LLP<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Attn: Jordi Guso | Seward & Kissel LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Attn: John R. Ashmead and Robert J. Gayda |
| Sylvester & Polednak Ltd.<br>1731 Village Center Circle<br>Las Vegas, NV 89134<br>Attn: Jeffrey R. Sylvester | McDonald Carano Wilson LLP<br>2300 W. Sahara Ave., Suite 1200<br>Las Vegas, NV 89102<br>Attn: Ryan J. Works |
| Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY 10006<br>Attn: Sean A. O'Neal and Jane VanLare | Office of the United States Trustee, 300 Las Vegas Boulevard S., Suite 4300, Las Vegas, NV 89101, Attn: Jared A. Day |
| Morrison & Foerster LLP<br>250 West 55th Street<br>New York, NY 10019<br>Attn: Gary S. Lee and Andrew Kissner | |

*/s/ Teri Jenks*
_____
An Employee of ALVERSON TAYLOR & SANDERS