BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>    CASH CLOUD, INC.,<br>    dba COIN CLOUD,<br><br>                   Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**DECLARATION OF TANNER JAMES IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO SURCHARGE THE COLLATERAL OF GENESIS GLOBAL HOLDCO, LLC, ENIGMA SECURITIES LIMITED, AND AVT NEVADA, L.P.**<br><br>Hearing Date:  August 29, 2023<br>Hearing Time: 9:30 a.m. (Pacific Time) |

147755398.1

I, Tanner James, declare as follows:

1. I am a Vice President at Province, LLC ("Province"), the financial advisor to Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Bankruptcy Case"). I make this Declaration in support of the *Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* (the "Motion")[1] filed concurrently herewith and for all other purposes authorized by law.

2. In my capacity with Province, I am familiar with the records of the Debtor and am familiar with the surcharge analysis set forth herein. In addition, I was involved with the sale of the Debtor's assets and consulted with my colleagues and other knowledgeable estate professionals. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. I prepared an analysis (the "Surcharge Analysis") of the reasonable, necessary costs and expenses of preserving, or disposing of, such property allocable to the collateral (the "Collateral") securing the claims of Genesis Global Holdco, LLC ("Genesis"), Enigma Securities Limited ("Enigma"), and AVT Nevada, L.P. ("AVT," and, together with Genesis and Enigma, the "Secured Creditors"). A true and correct copy of the Surcharge Analysis is attached hereto as **Exhibit A.** This Declaration sets forth the underlying assumptions and inputs utilized to prepare the Surcharge Analysis.

4. The Surcharge Analysis synthesizes two principal categories of costs and expenses incurred by the Debtor's estate related to the preservation and disposal of the Collateral, principally digital currency machines ("DCMs") as follows: (i) warehousing costs associated with the storage and transportation of the Collateral ("Storage Costs"); and (ii) costs and expenses associated with the sale of the Collateral ("Sale Costs"). These cost categories are discussed in further detail, below.

5. In connection with the Surcharge Analysis, I analyzed the appropriate allocation of each category of costs to each Secured Creditor. As a foundational matter, I based my allocation of

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

1

147755398.1

surcharge costs in the Surcharge Analysis on the allocation of the purchase price in the winning bid submitted by Heller Capital, LLC ("Heller"). Pursuant to the Sale Order, Heller acquired substantially all of the Debtor's DCMs either located in warehouses or installed at various retail establishments.

6. Based on my review of the Debtor's books and records, and numerous conversations with management and employees, all of the Debtor's DCMs that were sold to Heller consistuted collateral of at least one of the Secured Creditors. The Debtor's books and records[2] indicate the DCMs are the collateral of the Secured Creditors as follows:

| Warehoused DCMs | | |
|---|---|---|
| Secured Creditor | DCM Total | Allocable Percentage |
| Enigma | 717 | 32.75% |
| Genesis | 1,358 | 62.04% |
| AVT | 114 | 5.21% |
| **Total** | **2,189** | **100%** |

| Retail DCMs | | |
|---|---|---|
| Secured Creditor | DCM Total | Allocable Percentage |
| Enigma | 1,651 | 46.94% |
| Genesis | 1,497 | 42.57% |
| AVT | 369 | 10.49% |
| **Total** | **3,517** | **100%** |

| Total Warehoused and Retail DCMs | | |
|---|---|---|
| Secured Creditor | DCM Total | Allocable Percentage |
| Enigma | 2,368 | 41.50% |
| Genesis | 2,855 | 50.04% |
| AVT | 483 | 8.46% |
| **Total** | **5,706** | **100%** |

Accordingly, upon determining the total amount of costs and expenses incurred by the estate in each category, I allocated the costs and expenses to each Secured Creditor based on their share of serialized DCMs sold to Heller relative to the total number of DCMs relevant in a particular category of expense as set forth below.[3]

---

[2] The Debtor and its employees produced multiple iterations of the inventory records. The Debtor's inventory records were refined during the course of the Bankruptcy Case. Accordingly, the foregoing represents the best estimation of the total number of DCMs subject to the sale based on the Debtor's books and records, the information provided by the Debtor and its employees, my ongoing analysis, and the ongoing physical reconciliation of serialized DCMs by Heller.

[3] I understand that there is an ongoing dispute between Enigma and AVT concerning whether certain DCMs constitute the collateral of Enigma or AVT. Although the result of this dispute may result in minor adjustments to the allocations discussed herein, it does not affect the total estimated surcharge amount for each category discussed herein.

2

147755398.1

**Storage Costs**

7. The storage costs for warehoused DCMs arises from the costs payable to three storage vendors that store, and continue to store, the DCMs in warehouses during the pendency of the Bankruptcy Case prior to the closing of the Heller sale. ***First***, the Debtor incurred and expects to have incurred approximately $280,000 in expenses associated with storing DCMs with Deployment Logix Inc. I arrived at this figure by reviewing the average monthly amount of fees charged to the Debtor by Deployment Logix Inc. and multiplying that amount by the number of months the Debtor would have stored DCMs with Deployment Logix postpetition, e.g., the seven months from the Petition Date to the anticipated closing at the time. A true and correct copy of a postpetition invoice from Deployment Logix is attached hereto as **Exhibit B** and reflects a $40,240 storage charge for the month of June 2023. ***Second***, the Debtor incurred at least approximately $154,400 from the Petition Date through May 6, 2023 for storage costs associated with Transgistics, Inc., as set forth more fully in the *Proof of Non-Professional Administrative Expense* filed in the Claims Register of the Bankruptcy Case as Claim 105. The Debtor expects that it will continue to incur costs from Transgistics, Inc at a similar rate until the machines are either removed or until the Buyer takes possession, which I estimate to be $38,000 per month for an additional two months. ***Third***, the Debtor expected to incur at least two more months of storage costs with a local storage facility in the amount of approximately $4,000 a month. Collectively, these estimated storage costs equal approximately $518,000.

8. I allocated these total storage costs to the Secured Creditors by multiplying the total storage charges by the percentage of each Secured Creditor's serialized DCM-collateral that was warehoused according to the records that were provided by the Debtor. I focused only on the allocation of warehoused DCMs because the storage costs were not attributable to DCMs that were fielded, e.g., at a retail location. Accordingly, I concluded that the appropriate allocation of storage costs is as follows:

3

147755398.1

| Warehoused DCMs | | |
|---|---|---|
| **Secured Creditor** | **Allocable Percentage** | **Storage Costs** |
| Enigma | 32.75% | $169,669 |
| Genesis | 62.04% | $321,354 |
| AVT | 5.21% | $26,977 |
| **Total** | **100%** | **$518,000** |

### Sale Costs

9. The sale costs associated with the sale of the DCMs arise from professional fees attributable to the sale process that took place during the Bankruptcy Case among six different groups of professionals. *First*, I am informed, based on email communications with a representative of Stretto, Inc., that the Debtor's claims, noticing, and solicitation, Stretto, Inc., incurred approximately $27,500 in expenses associated with noticing and servicing all sale-related documents. *Second*, I am informed, based on email communications with a representative of co-counsel to the Official Committee of Unsecured Creditors, Seward & Kissel LLP, and a review of Seward & Kissel's monthly fee statements [Docket Nos. 559, 640] that Seward & Kissel incurred approximately $248,015 in fees and expenses associated with the sale process. *Third*, I am informed, based on a review of monthly fee statements [Docket Nos. 560, 641] submitted by co-counsel to the Official Committee of Unsecured Creditors, McDonald Carano LLP, that McDonald Carano incurred approximately $715 in fees and expenses associated with the sale process. *Fourth*, I am informed, based on email communications with a representative of the financial advisor to the Official Committee of Unsecured Creditors, FTI Consulting, Inc., that FTI incurred approximately $142,003.44 in fees and expenses associated with the sale process. *Fifth*, I am informed, based on a review of the monthly fee statements [Docket Nos. 436, 575, 721, 864] filed by counsel to the Debtor, Fox Rothschild LLP, that Fox Rothschild incurred approximately $406,857 in fees and expenses associated with the sale process. *Sixth*, Province incurred approximately $629,624 in fees and expenses associated with the sale process. I determined this amount by identifying sale-related fees and expenses set forth in Provice's monthly fee statements [Docket Nos. 500, 600, 923], estimating other outstanding fees and expenses associated with the sale process based on Province's books and records, and calculating the $126,000 success fee payable to Province as a result of the sale and as set forth more fully in the stipulation [Docket No. 563] approving such fee. Accordingly, total

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

147755398.1

professional fees and expenses associated with the sale of the DCMs is equal to approximately $1,580,214.[4]

10. I allocated these total sale costs to the Secured Creditors by multiplying the total sale costs by the percentage of each Secured Creditor's total DCM-collateral. Accordingly, I concluded that the appropriate allocation of sale costs is as follows:

| Total Warehoused and Retail DCMs | | |
|---|---|---|
| Secured Creditor | Allocable Percentage | Sale Costs |
| Enigma | 41.50% | $655,792 |
| Genesis | 50.04% | $790,661 |
| AVT | 8.46% | $133,762 |
| **Total** | **100%** | **$1,580,214** |

**Sale Costs**

11. Based on the foregoing, I conclude that the total costs and expenses incurred by the estate in the sale of the Secured Creditor's collateral is $2,098,214 allocable among the Secured Creditors as follows:

| Allocation of Total DCM Sale Costs | | | |
|---|---|---|---|
| Secured Creditor | Storage Costs | Sale Costs | Total |
| Enigma | $169,669 | $655,792 | $825,461 |
| Genesis | $321,354 | $790,661 | $1,112,015 |
| AVT | $26,977 | $133,762 | $160,738 |
| **Total** | **$518,000** | **$1,580,214** | **$2,098,214** |

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated this 24th day of July 2023.

                                        /s/ Tanner James
                                        Tanner James

---

[4] This figure is subject to material change to the extent additional fees and expenses are incurred or as the estate professionals finalize billing statements concerning the period covered by their postpetition sale efforts.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

147755398.1

**Exhibit A**

**Coin Cloud**
**Preliminary Sale Analysis**
**SUBJECT TO MATERIAL CHANGE**
**PREPARED AT THE REQUEST OF COUNSEL**
*Note: All amounts are estimates and are not guarantees of actual results*

| Inventory Summary : | Units |
|---|---:|
| ***Distribution of Machines By Bid Allocation Bucket:*** | |
| (+) Enigma Warehouse Machines: | 717 |
| (+) Genesis Warehouse Machines: | 1,358 |
| (+) AV Tech Warehouse Machines: | 114 |
| **Total Warehouse Machines:** | **2,189** |
| (+) Enigma Field Machines: | 1,651 |
| (+) Genesis Field Machines: | 1,497 |
| (+) AV Tech Field Machines: | 369 |
| **Total Field Machines:** | **3,517** |
| (+) Enigma Machines Purchased: | 2,368 |
| (+) Genesis Machines Purchased: | 2,855 |
| (+) AV Tech Machines Purchased: | 483 |
| **Total Machines:** | **5,706** |

**Coin Cloud**
**Preliminary Sale Analysis**
**SUBJECT TO MATERIAL CHANGE**
**PREPARED AT THE REQUEST OF COUNSEL**
*Note: All amounts are estimates and are not guarantees of actual results*

| Adjustments To Lender Proceeds : | | ($) |
|---|---|---|
| **Adjustments To Lender Proceeds For Warehouse Costs :** [1] | | |
| (-) Reduction To Enigma Proceeds For Warehouse Costs: | $ | (169,669) |
| (-) Reduction To Genesis Proceeds For Warehouse Costs: | | (321,354) |
| (-) Reduction To AV Tech Proceeds For Warehouse Costs: | | (26,977) |
| **Adjustment Subtotal:** | $ | **(518,000)** |
| **Sale Related Costs :** [2] | | |
| (-) Other Reductions To Enigma Proceeds: | | (655,792) |
| (-) Other Reductions To Genesis Proceeds: | | (790,661) |
| (-) Other Reductions To AV Tech Proceeds: | | (133,762) |
| **Adjustment Subtotal:** | $ | **(1,580,214)** |
| **Total Adjustments To Proceeds:** | $ | **(2,098,214)** |

*(1): Includes (i) seven months of Deployment Logix invoices at an estimated $40k a month; (ii) two future months of storage with Morningstar Storage at an estimated $4k a month; and (iii) and Trangistics estimated accrued but unpaid admin claim of ~$230k. Amounts are subject to change upon further invoice review by the Independent Director.*

*(2): Includes $126k Province sale fee; ~$27k for sale related noticing costs from Stretto; and ~$1.4mm of other sale related professional fees; Professional fees related to the marketing process may increase with future fee applications.*

*Note : Does not account for the filed prepetition warehouse lien asserted by Trangistics.*

*Note : Charges to each secured creditor for costs of storage are allocated as a percent of the total units in storage multiplied by the total storage costs.*

**Exhibit B**



# INVOICE 23002

**DEPLOYMENT LOGIX INC**
ROLLOUTS - LOGISTICS - FREIGHT MANAGEMENT
920 TWILIGHT PEAK
HENDERSON, NV 89012
(714) 305-6468

**INVOICE DATE**
2/15/2023

**CUSTOMER PURCHASE ORDER #**
StorageFebruary 2023

| CUSTOMER INFO: | SERVICES REQUESTED: |
|---|---|
| Coin Cloud<br>10190 Covington Cross Drive<br>Las Vegas, NV 89144 | Storage of DCMs, Vaults and Misc Inventory for Months of: February 2023 |

| DESCRIPTION OF SERVICES | QTY | RATE | AMOUNT |
|---|---|---|---|
| DCM and Vault Inventory Received (Receiving In Fee) | 0 | $10.00 | $0.00 |
| DCM and Vault Inventory Released (returns w/o Install) (Out Fee) | 0 | $10.00 | $0.00 |
| DCM and Vault Inventory for Month (Storage Fee) | 1848 | $20.00 | $36,960.00 |
|  |  |  |  |
| Hawaii Storage ($48.00 per month or portion therof) | 35 | $48.00 | $1,680.00 |
| Hawaii DCM and Vault Inventory Received (Receiving In Fee) |  | $10.00 |  |
| Hawaii DCM and Vault Inventory Released (Out Fee) |  | $10.00 |  |
|  |  |  |  |
| Palletization and kiosk prep for return shipping to CC |  | $55.00 |  |
|  |  |  |  |
| Monthly Inventory management Fee | 1 | $1,200.00 | $1,200.00 |
|  |  |  |  |
| Warehouse labor for Coin Cloud Vision Upgrades ($55.00 per hour) |  |  |  |
|  |  |  |  |
| Wait Time for Coin Cloud T/L Carrier ($55.00 per man/hour) |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| INVOICES ARE DUE UPON RECIET |  |  |  |
| **MAIL REMITTANCE TO:** |  |  |  |
| DEPLOYMENT LOGIX INC |  |  |  |
| 920 TWILIGHT PEAK AVE |  |  |  |
| HENDERSON, NV 89012 |  |  |  |
| (714) 305-6468 |  | **TOTAL DUE** | **$39,840.00** |