Robert S. Westermann, Esq. (admitted pro hac vice)
Brittany B. Falabella (admitted pro hac vice)
2100 East Cary Street
Richmond, Virginia 23223

and

Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com
*Counsel for Brink's, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC., dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF BRINK'S INCORPORATED**<br><br>Hearing Date: OST Pending<br>Hearing Time: OST Pending |

Brink's Incorporated ("**Brink's**"), by counsel, respectfully moves (the "**Application**") this Honorable Court for the entry of an Order: (A) granting it an allowed administrative expense claim pursuant to § 503(b)(1) of the Bankruptcy Code in the total amount of $804,487.64 (the "**Administrative Claim Amount**") for services provided to Cash Cloud, Inc., d/b/a Coin Cloud

(the "**Debtor**") for (i) post-petition damages related to cash transportation services in reliance on an unperformed critical vendor agreement in the amount of $629,695.00, and (ii) post-petition cash transportation services that remain unpaid, which through the filing of this Application amounts to at least $174,792.64; and (B) compelling the Debtor to pay to Brink's the full Administrative Claim Amount in immediately available funds.  In support of its Application, Brink's respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this case and the Application is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are 11 U.S.C. § 105 and 503(b)(1).

## BACKGROUND & PARTIES

4. On February 7, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Nevada (the "**Court**"), commencing the Chapter 11 Case (the "**Case**").

5. The Debtor and Brink's are parties to a Services Agreement (the "**Contract**") dated May 28, 2019 whereby the Debtor agreed to pay Brink's for cash transportation and other services, including all fees associated therewith, at multiple of its locations.

6. Prior to the Petition Date, the Debtor defaulted on the Contract due to failure to pay.  As of the Petition Date, the amount due and owing to Brink's was at least $2,519,389.49.

7. In conjunction with filing the Case, the Debtor proposed that post-Petition Date it would seek the Court's approval of Brink's as a critical vendor and would pay to Brink's a total of $1,259,695, consisting of (a) $629,847 upon interim approval of a critical vendor motion, and (b) quarterly distributions of $157,462.00 each for four (4) consecutive quarters pursuant to a plan of reorganization (total of $629,848) in return for Brink's agreement to continue servicing the Debtor's locations post-Petition Date (the "**Brink's Agreement**").

8. On the Petition Date, the Debtor filed the *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to Pay Prepetition Vendor Liabilities and (II) Authorizing and Directing Financial Institutions to Receive, Process, Honor and Pay all Checks Issued Relating to Vendor Liabilities* [Docket No. 7] (the "**Critical Vendor Motion**").

9. On February 16, 2023, the Court entered an *Interim Order Granting the Critical Vendor Motion* [Docket No. 108], pursuant to which the Debtor was authorized to pay Brink's $630,000.00 for past due pre-Petition Date amounts outstanding in exchange for continued post-Petition Date provision of services and wherein Brink's, consistent with its agreement with the Debtor, reserved its right to receive additional pre-Petition Date payments in exchange for continued provisions of services to the Debtor, upon entry of a Final Order on the Critical Vendor Motion, and the right to claim all pre-Petition Date amounts outstanding not otherwise paid through the Critical Vendor Motion.

10. On March 20, 2023, the Court Entered a *Final Order on the Critical Vendor Motion* [Docket No. 319] that authorized the Debtor to pay its prepetition Vendor Liabilities (as defined in the Motion) and per the Brink's Agreement.

11. On May 28, 2023, the Debtor filed its Plan and its *Disclosure Statement for Chapter 11 Plan of Reorganization dated May 8, 2023* [ECF No. 529] (the "**Disclosure Statement**").

12. On July 13, 2023, Brink's timely filed its *Objection of Brink's Incorporated to Confirmation of Debtor's Chapter 11 Plan and Reservation of Rights* [Docket No. 838] setting forth the foregoing facts.

13. On July 11, 2023, the Court entered the *Order Establishing Administrative Claim Bar Date for Filing Proofs of Administrative Expense Claim and Approving Form, Manner, and Sufficiency of Notice Thereof* [Docket No. 823] (the "**Order**") setting forth July 20, 2023 as the deadline to file administrative expense claims.

14. Pursuant to the Order, on July 20, 2023, Brink's filed its Administrative Claim Form [Docket No. 890] (the "**Administrative Claim**"), which sets forth the damages for the Debtor's post-Petition Date breach of the Brink's Agreement and also the unpaid post-Petition Date services pursuant to the Contract in the amount of $174,792.64 as of the date of filing this Application. A true and complete copy of the Administrative Claim is attached hereto as **Exhibit A**.

## ARGUMENT AND AUTHORITY

15. Section 503(b)(1) of the Bankruptcy Code provides as follows:

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including -
(1) (A) the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b)(1).

16. Brink's has continued to provide valuable services to the Debtor post-Petition Date in reliance on the Brink's Agreement and the Contract. The remaining payments owed to Brink's

pursuant to the Brink's Agreement were to be paid post-Petition Date and thus must be allowed administrative expenses. Moreover, it is fundamental that the services performed by Brink's post-Petition Date that remain unpaid are also administrative expenses that allowed the Debtor to continue operating.

17.    As the Debtor conceded and represented to the Court in the Critical Vendor Motion, authorizing the critical vendor payments, including those pursuant to the Brink's Agreement, was necessary to preserve the estate. *See* Critical Vendor Motion at 6. Thus, the remaining amounts owed to Brink's pursuant to the Brink's Agreement, which was breached by the Debtor post-Petition Date, are clearly administrative expenses pursuant to section 503(b) of the Bankruptcy Code, and are entitled to such treatment. Without the Brink's services under the Brink's Agreement and the Contract, the Debtor would not have survived operationally and its Chapter 11 case would have been short lived; the Debtor should be expected to honor these post-Petition Date obligations as it represented to the Court that it would.

WHEREFORE, based on the foregoing and for good cause shown, and pursuant to Section 503(b)(1) of the Bankruptcy Code, Brink's respectfully requests that the Court enter an Order: (A) granting it an allowed administrative expense claim pursuant to § 503(b)(1) of the Bankruptcy Code in the total amount of $804,487.64; (B) compelling the Debtor to pay to Brink's the full Administrative Claim Amount in immediately available funds; and (C) granting Brink's such other and further relief as may be appropriate, just, and warranted by the circumstances.

*[Signature on Following Page]*

Dated: July 28, 2023  Respectfully submitted

/s/ *Maurice B. VerStandig*
Robert S. Westermann, Esq. (admitted pro hac vice)
Brittany B. Falabella, Esq. (admitted pro hac vice)
2100 East Cary Street
Richmond, Virginia 23223

and

Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com

*Counsel for Brink's, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, the foregoing Application was filed using the CM/ECF system, which served a NEF on all parties receiving service in this Case. I further certify that a true and accurate copy of the foregoing Application was served by electronic mail to the parties set forth below:

| Fox Rothschild LLP | Berger Singerman LLP | Sylvester & Polednak Ltd. |
|---|---|---|
| Attn: Brett Axelrod | Attn: Jordi Guso | Attn: Jeffrey R. Sylvester |
| 1980 Festival Plaza Drive | 1450 Brickell Avenue | 1731 Village Center Circle |
| Suite 700 | Suite 1900 | Las Vegas, NV 89134 |
| Las Vegas, NV 89135 | Miami, FL 33131 | jeff@sylvesterpolednak.com |
| BAxelrod@foxrothschild.com | JGuso@bergersingerman.com | |

| Genesis Global Holdco, LLC Gottlieb Steen & Hamilton LLP | Morrison Foerster LLP | Shea Larsen |
|---|---|---|
| Attn: Sean A. O'Neal and Jane VanLare | Attn: Gary S. Lee and Andrew Kissner | Attn: James Patrick Shea |
| One Liberty Plaza | 250 West 55th Street | 1731 Village Center Circle |
| New York, NY 10006 | New York, NY 10019 | Suite 150 |
| soneal@cgsh.com | glee@mofo.com | Las Vegas, NV 89134 |
| jvanlare@cgsh.com | akissner@mofo.com | jshea@shea.law |

| Seward & Kissell LLP<br>Attn: John R. Ashmead and<br>Robert J. Gayda<br>One Battery Park Plaza<br>New York, NY 10004<br>ashmead@sewkis.com<br>gayda@sewkis.com | McDonald Carano Wilson LLP<br>Attn: Ryan J. Works<br>2300 W. Sahara Ave.<br>Suite 1200<br>Las Vegas, NV 89102<br>rworks@mcdonaldcarano.com | Office of the U.S. Trustee<br>Attn: Jared A. Day<br>300 Las Vegas Blvd. S.<br>Suite 4300<br>Las Vegas, NV 89101<br>Jared.a.day@usdoj.gov |

    /s/ *Maurice B. VerStandig*
    Maurice B. VerStandig