Robert S. Westermann, Esq. (pro hac vice pending)
Brittany B. Falabella (pro hac vice pending)
2100 East Cary Street
Richmond, Virginia 23223

and

Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com
*Counsel for Brink's, Inc.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re:<br><br>CASH CLOUD, INC., dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES CLAIM OF BRINK'S INCORPORATED**<br><br>Hearing Date:  n/a<br>Hearing Time: n/a |

Brink's Incorporated ("**Brink's**"), by counsel, hereby files this Ex Parte Application for Order Shortening Time for Hearing Application for Allowance and Payment of Administrative Expenses Claim of Brink's Incorporated (the "**Motion**"), and in support thereof states as follows:

## I.     Introduction

This is a complex Chapter 11 case where Cash Cloud, Inc. d/b/a Coin Cloud (the "**Debtor**") (a) designated Brink's a critical vendor at the outset of these proceedings; (ii) sought – and obtained – leave of court to pay Brink's $630,000.00 in pre-petition obligations, in exchange for post-petition services; (iii) did not pay Brink's the pre-petition sum, despite judicial approval; (iv) proceeded to incur $174,792.64 in post-petition services from Brink's; (v) did not pay for those services, either; and (vi) now appears to be on the cusp of plan confirmation without paying Brink's for the valuable services that permitted the Debtor to continue operating while in Chapter 11.

Brink's has filed its Application for Allowance and Payment of Administrative Expenses Claim of Brink's Incorporated (the "**Application**") of even date herewith. With a confirmation hearing set for August 17, 2023, and with at least one similar matter currently docketed for hearing on that date, Brink's believes it is appropriate for the Application to also come on for hearing on August 17. Permitting such will synergize the efficiencies of an already-scheduled hearing, ensure clarity as to the administrative obligations the Debtor is required to address through the plan confirmation process, and streamline consideration of an Application that is neither novel nor particularly controversial in nature.

## II.    Standard

The Federal Rules of Bankruptcy Procedure, familiarly, permit the shortening of deadlines "for cause shown." Fed. R. Bankr. P. 9006(c)(1). The Local Rules of this Honorable Court, in turn, expressly recognize a procedure for the shortening of time, dictating the contents of any such request (including the "Attorney Information Sheet for Proposed Order Shortening Time and Notice of Hearing," which is being filed herewith).

### III. Argument: The Application Should Be Heard on August 17, 2023

The Application seeks allowance of an administrative expense claim, in favor of Brink's, in the sum of $804,487.64. It is not only inherently appropriate to consider various administrative expense claims in connection with confirmation of a plan, but in this case it is essential to fix and liquidate the size of the Debtor's administrative obligation to Brink's, as the Debtor will be required to show an ability to pay that obligation should the pending plan of reorganization achieve confirmation.

Section 503 of Title 11 of the United States Code allows an administrative expense claim for "the actual, necessary costs and expenses of preserving the estate including … commissions for services rendered after the commencement of the case…" 11 U.S.C. § 503(b). For a plan of reorganization to be confirmed, the proponent must, in turn, demonstrate, *inter alia*, "on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim…" 11 U.S.C. § 1129(a)(9).

Here, there exist significant questions about the Debtor's ability to pay administrative claims on the effective date of a confirmed plan. *See* Objection of Brink's Incorporated to Confirmation of Debtor's Chapter 11 Plan and Reservation of Rights, DE #838, *passim*. At least one other administrative claim payment application is set for hearing at the time of plan confirmation, and it is eminently sensible to also consider the Application of Brink's, concurrently, to aid all involved in assessing the true scope of the Debtor's administrative obligations and how those obligations are treated under the Debtor's plan (and, indeed, in the Debtor's liquidation analysis).

Likewise, there is no apparent detriment to any implicated party in shortening time. The Application is pithy in nature and nearly three weeks now pend between the date of this filing and

the proposed hearing date. The Debtor is represented by sophisticated counsel and this is an involved case quickly hurdling toward 1,000 docket entries; consideration of one more matter – especially one so integral to questions of feasibility – will not cause any harm to the confirmation process and will, to the contrary, permit a more clear-eyed analysis of the plan before this Honorable Court.

**IV.    Conclusion**

WHEREFORE, Brink's respectfully prays this Honorable Court (i) direct the Application be considered on August 17, 2023; (ii) direct any objection to the Application be filed on or before August 11, 2023; (iii) direct any response to any objection be filed on or before August 15, 2023; (iv) direct Brink's to serve the Application and an order granting this Motion, on all parties entitled to service of the Application, within one (1) business day of the date on which this Motion is granted; and (v) grant to Brink's such other and further relief as this Court may deem just and proper.

Dated: July 28, 2023                    Respectfully submitted


/s/ *Maurice B. VerStandig*
Robert S. Westermann, Esq. (admitted pro hac vice)
Brittany B. Falabella (admitted pro hac vice)
2100 East Cary Street
Richmond, Virginia 23223

and

Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com

*Counsel for Brink's, Inc.*

**DECLARATION AFFIRMING REQUESTED RELIEF**

I, Maurice B. VerStandig, pursuant to Local Rule 9006(a), hereby declare that (i) I am over the age of eighteen and competent to testify to the matters set forth herein; (ii) I am an attorney licensed to practice law in the State of Nevada; (iii) I have read the foregoing Motion; and (iv) the facts set forth in the Motion are true and correct to the best of my knowledge.

Dated this 28th day of July, 2023.

    /s/ *Maurice B. VerStandig*
Maurice B. VerStandig

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2023, the foregoing was filed using the CM/ECF system, which served a NEF on all parties receiving service in this Case.

    /s/ *Maurice B. VerStandig*
Maurice B. VerStandig