ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:   (702) 634-5000
Facsimile:   (702) 380-8572
Email: ariel.stern@akerman.com

*Attorneys for IPFS Corporation*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD<br><br>Debtor, | Case No.:   BK-23-10423-mkn<br><br>**Chapter 11**<br><br>**STIPULATION REGARDING RELIEF FROM THE AUTOMATIC STAY FOR IPFS CORPORATION**<br><br>Date: N/A<br>Time: N/A |

IPFS Corporation ("IPFS"), by and through its counsel Ariel E. Stern, Esq. of Akerman LLP, and Cash Cloud Inc. d/b/a Coin Cloud ("Debtor") by and through its counsel Brett A. Axelrod, Esq. of Fox Rothschild LLP (IPFS, and the Debtor collectively referred to herein as "Parties") stipulate as set forth in this Stipulation Regarding Relief From The Automatic Stay For IPFS Corporation ("Stipulation").

**RECITALS**

**Bankruptcy Filing**

1. This Court has jurisdiction over the subject matter of this motion pursuant to 28 U.S.C. § 1334(b).

2. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), and (O).

3. Venue in this Court is proper under 28 U.S.C. § 1409(a).

4. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 7, 2023 (the "Petition Date").

**Premium Finance Agreement**

5. Before the Petition Date, on or about October 31, 2022, the Debtor entered into a Premium Finance Agreement (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit 1.

6. Under the Agreement, IPFS financed the Debtor's purchase of an insurance policy identified in the Agreement. Pursuant to the Agreement, "[i]n consideration of such premium payments, subject to the provisions set forth herein, the insured [Debtor] agrees to pay [IPFS]… the amount stated as Total of Payments [$283,535.30] in accordance with the Payment Schedule…." See Exhibit 1 at p. 1. The Debtor agreed to make monthly payments, including finance charges, to IPFS in the amount of $28,353.53 for 10 months, with the first payment due on December 1, 2022.

7. Under the Agreement, the Debtor gave a "security interest in all right, title and interest to the scheduled policies." See Exhibit 1 at p. 1. Further, pursuant to the Agreement, Debtor provided to IPFS a security interest in "(a) all money that is or may be due insured because of a loss under any such policy that reduces the unearned premiums (subject to the interest of any applicable mortgagee or loss payee), (b) any unearned premium under each such policy, (c) dividends which may become due insured in connection with any such policy and (d) interests arising under a state guarantee fund."

8. Pursuant to the Agreement, the Debtor irrevocably appointed IPFS as "attorney-in-fact with full power of substitution and full authority upon default to cancel all policies …[identified in the Agreement], receive all sums assigned to [IPFS] or in which it has granted [IPFS] a security interest and to execute and deliver on behalf of the insured documents, instruments, forms and notices relating to the listed insurance policies in furtherance of th[e] Agreement."
See Exhibit 1 at p.1.

**Status of Agreement and Requested Relief**

9. The Debtor is in default under the terms of the Agreement for failure to make the payments due on July 1, 2023.

10. IPFS seeks to cancel the insurance policies effective as of the Petition Date based upon the Debtor's default in making payments.

2

11. A balance of $85,060.59, which includes a late charge of $1,417.68 owed to IPFS by the Debtor. The unearned premium, which is IPFS's collateral, will erode at the rate of approximately $940.61 a day or approximately $28,353.35 per month if the insurance remains in effect.

12. IPFS has a perfected security interest in the unearned premiums of the insurance policy or policies that were financed without the necessity of filing a UCC-1 financing statement. *See* N.R.S. § 104.9109(4)(h); *see also AICCO v. Lisowski (In re Silver State Helicopters),* 403 B.R. 849 (Bankr. D. Nev. 2009); *Barton Industries v. Jardnie Ins.,* 104 F.3d 1241, 1246 (10th Cir. 1997); *In re: JII Liquidating, Inc.,* 344 B.R. 875, 882-85 (Bankr. N.D. Ill. 2006). A premium finance company's security interest in unearned insurance premiums is in the nature of a purchase money security interest. *See AICCO,* 403 B.R. at 863; *TIFCO, Inc. v. US. Repeating Arms Co. (In re: U.S. Repeating Arms Co.),* 67 B.R. 990, 997 (Bankr. D. Ct. 1986); *A-I Credit Corp. v. Big Squaw Mountain Corp. (In re: Big Squaw Mountain Corp.),* 122 B.R. 831 (Bankr. D. Me. 1990). When a premium finance company cancels an insurance policy pursuant to a power of attorney granted by the insured, Nevada law provides that the insurer is obligated to return the unearned premium to the finance company. N.R.S. § 686A.470(1).

13. IPFS has incurred and continues to incur costs collecting this debt, including seeking a stipulation regarding stay relief.

14. IPFS seeks an order terminating the automatic stay effective as of the Petition Date.

**STIPULATION**

**NOW, THEREFORE**, in consideration of the foregoing, the Parties agree as follows:

1. IPFS hereby waives any claim it may have for an administrative claim pursuant to 11 U.S.C. § 503.

2. IPFS shall pay for the filing fee for this Stipulation.

3. Relief from the automatic stay is proper pursuant to 11 U.S.C. § 362(d)(1) for cause, including lack of adequate protection of IPFS's interest in the unearned premiums. The Debtor has failed to make payments, and IPFS's collateral will diminish in value each day as premiums will be earned if the insurance is not cancelled.

3

4. Relief from the automatic stay is proper pursuant to 11 U.S.C. § 362(d)(2). The Debtor has no equity in the unearned premiums under the policies and they are not necessary for an effective reorganization.

5. Pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), it is hereby agreed that the automatic stay is terminated to allow IPFS to exercise all rights under the Agreement, including cancellation of the policy identified in the Agreement effective as of the Petition Date and collection of the unearned premium related to the policy.

6. The Parties agree that the order terminating the automatic stay shall provide that a) the policy shall be cancelled effective as of the Petition Date and b) the 14-day stay set forth in Federal Bankruptcy Rule 4001(a)(3) is waived and shall not apply to the termination of the stay.

7. The Trustee will execute documents necessary to cancel the Debtor's insurance policy after entry of an order approving this Stipulation.

DATED this 31st day of July 2023.

| **AKERMAN LLP** | **FOX ROTHSCHILD LLP** |
|---|---|
| /s/ *Ariel E. Stern* | /s/ *Brett A. Axelrod* |
| ARIEL E. STERN, ESQ. | BRETT A. AXELROD, ESQ. |
| Nevada Bar No. 8276 | Nevada Bar No. 5859 |
| 1635 Village Center Circle, Suite 200 | 1980 Festival Plaza Drive, Suite 700 |
| Las Vegas, Nevada 89134 | Las Vegas, Nevada 89135 |
| *Attorneys for IPFS Corporation* | *Attorneys for Debtor* |

4