BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>                                  Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**MOTION FOR ORDER:**<br>**(A) APPROVING THE SALE OF CERTAIN OF DEBTOR'S ASSETS TO POWERCOIN, LLC, FREE AND CLEAR OF LIENS CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; AND**<br>**(B) GRANTING RELATED RELIEF**<br><br>Hearing Date:   August 29, 2023<br>Hearing Time:   9:30 a.m. |

1

147867166.2

Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP ("Fox"), respectfully submits this this motion (the "Motion") pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002, 6004 and 9014 of the Local Rules of Bankruptcy Practice for the United States Bankruptcy Court for the District of Nevada (the "Local Rules"); for entry of an order (the "Sale Order") attached hereto as **Exhibit A**: (a) authorizing the Debtor to sell certain Equipment (defined below), as set forth in the Purchase Contract attached as **Exhibit 1** to the Ayala Declaration, to PowerCoin, LLC, a Pennsylvania limited liability company ("Purchaser"), free and clear of liens, claims, encumbrances and interests, as of the effective date of the Purchase Contract; and (b) granting other related relief. This Motion includes the disclosures required by Local Rule 6004(b), attached hereto as **Exhibit B**.

This Motion is based upon the following memorandum of points and authorities, and the *Declaration of Daniel Ayala* (the "Ayala Declaration"), and the *Declaration of Austin Haller* (the "Haller Declaration"), filed concurrently herewith in support hereof, the papers and pleadings on file with the Court in the Chapter 11 Case and any oral testimony or argument presented to the Court at the hearing on the Motion.

I.

**INTRODUCTION**

Debtor seeks authority to sell the Equipment to Purchaser free and clear of all liens, claims, encumbrances and other interests, for a cash purchase price of $10,000.00 (the "Purchase Price"). See Ayala Declaration, ¶ 4.

II.

**FACTUAL BACKGROUND**

A.    **General Background**

1.    On July 13, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2

147867166.2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

2. Debtor is continuing in possession of its property and is operating and managing its business as debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108. See generally Chapter 11 Case Docket.

3. No request has been made for the appointment of a trustee or examiner.

4. The factual background relating to the Debtor's commencement of the Chapter 11 Case is set forth in detail in the *Omnibus Declaration of Christopher Andrew McAlary in Support of Emergency First Day Motions* [ECF No. 19] (the "Omnibus Declaration") and is incorporated for all purposes herein by this reference.

5. On April 7, 2023, Debtor filed a *Motion for Entry of an Order:(A) Approving Auction and Bidding Procedures for Potential Plan Sponsors or the Purchase of Substantially All of the Debtor Assets; (B) Approving Form Notice to Be Provided to Interested Parties; and (C) Scheduling a Hearing to Consider Approval of the Highest and Best Transaction, Cure Objections, and Confirmation of the Proposed Toggle Plan* [ECF No. 392] (the "Bid Procedures Motion"). On April 27, 2023, the Court entered the *Order Establishing Bidding Procedures and Related Deadlines* [ECF No. 483] (the "Bid Procedures Order").

6. The Bid Procedures Order approved the Bid Procedures Motion and authorized Debtor to implement certain bidding procedures governing the sale of substantially all of its assets, which could have included the Equipment.

7. On June 2, 2023, the Debtor held an auction for the sale of its assets. No parties prior to the auction or at the auction made a bid including the Equipment.

8. On June 19, 2023, Debtor filed its *Amended Motion for Order: (A) Confirming Auction Results; (B) Approving the Sale of Certain of Debtor's Assets to Heller Capital Group, LLC, and Genesis Coin, Inc., Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Authorizing the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* [ECF No. 730] (the "Sale Motion").

9. On June 30, 2023, the Court entered its *Order [Approving the Sale Motion]* [ECF No. 795].

147867166.2

10. The Debtor's Auction and Sale of substantially all of its assets did not include the sale of the Equipment. Debtor has ceased all operations, and has no further use of the Equipment, and therefore seeks an order from this Court approving the sale of the Equipment to Purchaser.

**B.     Description of Sale Terms**

11. Purchaser paid Debtor the Purchase Price of $10,000.00 for the Equipment identified on **Exhibit 1** attached to the Ayala Declaration.  See Ayala Declaration, ¶ 5; Exhibit 1.

12. Purchaser, through their sole expense and effort, has removed the Equipment from Debtor's office, and is storing the Equipment subject to this Court's approval of the Purchase Contract and this Motion.

**C.     Description of Purchaser**

13. Purchaser is a Pennsylvania  limited liability company.  See Haller Declaration, ¶ 4.

14. Purchaser does not have any relationship with the Debtor.  See Haller Declaration, ¶ 5.

15. As evidence of Purchaser's ability to pay the Purchase Price and close the Sale, Purchaser wired funds in the amount of $10,000.00 to Debtor's operating account on July 28, 2023. See Haller Declaration, ¶ 6.¶.

**D.     Urgency To Close Sale**

16. Debtor has ceased operations and is seeking to move out of its current office space by August 1, 2023, in order to reduce its expenses and conserve cash. In order to do so, Debtor needed to have the Equipment sold and removed, so that it did not have to incur such costs to store and remove the Equipment.

17. Additionally, Debtor must close the Sale as soon as possible, in order to retain Purchaser as a buyer.  As noted above, Debtor believes that the Purchase Price represents the highest and best offer for the Equipment and fears that a failure to close the Sale and ensuing re-marketing will result in a significant loss for the estate.  See Ayala Declaration, ¶ 6.

**E.     Notice Of Sale Motion**

18. Notice of this Motion will be given to all creditors, special notice parties and the United States Trustee (the "Motion Notice").

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada  89135
(702) 262-6899
(702) 597-5503 (fax)

147867166.2

# III.

# ARGUMENT

A.  **Approval of the Sale Is Warranted under § 363.**

Section § 363(b)(1) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

1.  **The Sale of the Equipment is Authorized by § 363 as a Sound Exercise of the Debtor's Business Judgment.**

In accordance with Bankruptcy Rule 6004, sales of property rights outside the ordinary course of business may be by private sale or public auction. The Debtor has determined that the Sale of the Assets by private sale will enable it to obtain the highest or otherwise best offer for these assets (thereby maximizing the value of the estate) and is in the best interests of the Debtor's creditors. The Debtor has determined in its business judgment that a sale of the Equipment through a private sale is the best way to maximize the value of the Equipment. See Ayala Declaration, ¶ 7.

Section 363 provides that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Although § 363 does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, a sale of a debtor's assets should be authorized if a sound business purpose exists for doing so. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143 (2d Cir. 1986); *In re Titusville Country Club*, 128 B.R. 396 (W.D. Pa. 1991); *In re Delaware & Hudson Ry. Co.*, 124 BR. 169, 176 (D. Del. 1991); *see also Official Comm. of Unsecured Creditors v. The LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *Committee of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See, e.g., In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand");

*Integrated Resources*, 147 B.R. at 659 ("It is a well-established principle of bankruptcy law that the. . . [trustee's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (quoting *In re Atlanta Packaging Prods., Inc.*, 99 BR. 124, 130 (Bankr. N.D. Ga. 1988)). As long as the sale appears to enhance a debtor's estate, court approval of a debtor's decision to sell should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code. *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 255 (N.D. Tex. 2005); *In re Lajijani*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); *In re WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991) ("The trustee has ample discretion to administer the estate, including authority to conduct public or private sales of estate property. Courts have much discretion on whether to approve proposed sales, but the trustee's business judgment is subject to great judicial deference.").

Applying Bankruptcy Rule 6004 and § 363 of the Bankruptcy Code, the proposed Sale of the Equipment through a private sale should be approved. As set forth above, the Debtor has determined that the best method of maximizing value for the Debtor's creditors would be through the private sale of the Equipment. The Debtor has ceased all operations and is seeking to cut costs further by negotiating an exit from its current leased office space. To do so, Debtor has allowed Purchaser to remove the Equipment from the office space, and has instructed all remaining employees to work remotely. Additionally, Debtor has significantly downsized its workforce, and therefore has no further use for the Equipment. Running a full marketing and auction process would have resulted in the Debtor spending more money to run the process itself, than the actual value of the Equipment. Consequently, Debtor determined that selling the Equipment to Purchaser through a private sale was in the best interests of the Debtor, its estate, and its creditors, and the Sale should be approved as a sound exercise of Debtor's business judgment.

## 2. The Sale of the Debtor's Assets Free and Clear of Liens and Other Interests Is Authorized by § 363(f).

19. There are no liens on the Assets. Accordingly, the Assets can be transferred free and clear of all liens under Section 363(f)(2).

147867166.2

### B. Purchaser Is A Good Faith Purchaser For Value

20. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in the event a sale authorized under section 363(b) is later reversed or otherwise modified on appeal. See 11 U.S.C. § 363(m). Although a "good faith" purchaser is not defined in the Bankruptcy Code, the Ninth Circuit "has defined a good faith purchaser as 'one who buys 'in good faith' and 'for value.'" Fearing v. Seror (In re Fearing), 2005 WL 1663143, * 1 (9th Cir. July 18, 2005) (citing Ewell v. Diebert, 958 2d 276, 281 (9th Cir. 1992)). Specifically, "lack of 'good faith' is shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" In re Fearing, at * 1.

21. Here, because Purchaser is unrelated to Debtor and the Purchase Contract is the result of an arms-length negotiations, Debtor submits that Purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code. See Ayala Declaration, ¶ 8.

### C. Debtor Requests To Shorten Notice Periods Under Bankruptcy Rule 2002

22. As set forth above, while the proposed timing of the Sale was expedited, it is critical in order not to lose Purchaser, as buyer, and its willingness to pay the Purchase Price, and remove the Equipment from Debtor's office space at the Purchaser's sole cost. See Ayala Declaration, ¶ 9.

23. Bankruptcy Rule 6004 provides that "[n]otice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(l), (i), and (k) and, if applicable, in accordance with§ 363(b)(2) of the [Bankruptcy Code]." Fed. R. Bankr. P. 6004(a). Subsections (a)(2), (c)(1), (i) and (k) of Bankruptcy Rule 2002, read together, require the Debtor to give all creditors and certain other parties "at least 21 days' notice by mail" of the sale of the assets. See Fed. R. Bankr. P. 2002(a)(2), (c)(1), (i) and (k). The period can be reduced in certain emergency situations. See 11 U.S.C. § 102(1).

24. The Bankruptcy Rules provide that sales free and clear of liens and other interests shall include notices that specify the relevant objection deadlines. Fed. R. Bankr. P. 6004(c). The Debtor has done so through the Motion Notice.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

147867166.2

### D.    Debtor Requests Relief From Bankruptcy Rule 6004(h) Stay

25.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property ... is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  Courts in this district have waived the stay under Bankruptcy Rule 6004 in sale orders.  See, e.g., In re Western Funding, Inc., Case No 13-1758-LED (Bankr. D. Nev. Nov. 27, 2013); In re Xyience Incorporated, Case No. 08-10474-MKN (Bankr. D. Nev. April 7, 2008); In re Rodeo Creek Gold, Inc., Case No. 13-50301-mkn (Bankr. D. Nev. May 3, 2013); In re November 2005 Land Investors, Case No. 11-20704-MKN (Bankr. D. Nev. Dec. 15, 2011); In re Western Funding, Inc., Case No 13-1758-LED (Bankr. D. Nev. Jan. 6, 2014).

26.    Debtor respectfully submits that waiver of the stay under Bankruptcy Rule 6004(h) is appropriate and justified for the Sale Order.  The sale, and the related timeline and deadlines, balance the due process protections of the Bankruptcy Code with the reality of the Debtor's need to quickly maximize and realize the value of the Equipment.  As such, the Rule 6004(h) stay should be waived, and the Debtor should be authorized to consummate the Sale as expeditiously as possible.

## IV.
## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter the Sale Order, authorizing the Sale on the terms described above.

Dated this 1st day of August 2023.

**FOX ROTHSCHILD LLP**

By:     */s/Brett A. Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

8

147867166.2

# EXHIBIT A
# PROPOSED ORDER

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>    CASH CLOUD, INC.,<br>    dba COIN CLOUD,<br><br>                                    Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER: (A) APPROVING THE SALE OF CERTAIN OF DEBTOR'S ASSETS TO POWERCOIN, LLC, FREE AND CLEAR OF LIENS CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; AND (B) GRANTING RELATED RELIEF**<br><br>Hearing Date:    August 29, 2023<br>Hearing Time:    9:30 a.m. |

9

147867166.2

The Court having reviewed and considered the motion (the "Motion")[1] filed by filed by Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a), 363(b), 363(f) & 363(m) of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (as amended, the "Bankruptcy Code"): (a) authorizing the Debtor to sell certain Equipment as set forth in the Purchase Contract to PowerCoin, LLC ("Purchaser"), free and clear of liens, claims, encumbrances and interests, as of the effective date of the Purchase Contract; and (b) granting other related relief; (c) finding that the Purchaser is a good faith buyer; (d) finding that notice of this Motion was sufficient; (e) waiving the 14 day stay period in Bankruptcy Rule 6004(h); and (f) granting such other relief as appropriate in the best interests of the estate; and upon consideration of the *Declaration of Daniel Ayala* and the *Declaration of Austin Haller* filed in support of the Motion; no oppositions having been filed; and Debtor having appeared through its counsel, Fox Rothschild, LLP, and all other appearances having been noted on the record; after due deliberation and sufficient cause appearing therefor, the Court having stated its findings of fact and conclusions of law on the record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rule 9014, and it appearing that: (a) there is a valid business justification for the sale of the Equipment under the terms of the Purchase Contract; (b) the sale of the Equipment is in the best interests of the Debtor's Estate because, among other things, the terms of the Purchase Contract are fair and reasonable, and were properly negotiated and proposed in good faith, and the sale of the Equipment maximizes value for the Debtor's estate; (c) the Purchaser is a good faith purchaser; and (d) cause exists for waiving the 14 day waiting period under Bankruptcy Rule 6004(h); after due deliberation and sufficient cause appearing therefor, it is hereby

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**; and

**IT IS FURTHER ORDERED** that

1. The Debtor is authorized to take all necessary and reasonable steps to consummate the sale of the Equipment under the terms of the Purchase Contract pursuant to Bankruptcy Code §§ 363(b) & 363(f);

147867166.2

2. The Purchaser is a good faith purchaser entitled to the protections of Bankruptcy Code § 363(m);

3. Notice of the Motion was appropriate and sufficient;

4. The 14 day stay period under Bankruptcy Rule 6004(h) is waived; and

5. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: _/s/Brett A. Axelrod_
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

147867166.2

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

147867166.2

# EXHIBIT B
# LOCAL RULE 6004 DISCLOSURES

The following chart summarizes the information required to be disclosed pursuant to Local Rule 6004(b), including, but not limited to, certain material terms of the proposed Purchase Contract annexed as Exhibit 1 to the Ayala Declaration. The Debtor refers all parties to the Purchase Contract. In the event of a conflict between this summary and the Purchase Contract, the Purchase Contract shall prevail.

| Local Rule | Disclosure |
|---|---|
| 6004(b)(1) | *"A copy of the proposed purchase agreement, or a form of such agreement substantially similar to the one the debtor reasonably believes it will execute in connection with the proposed sale"* <br> A copy of the Purchase Contract is attached as Exhibit 1 to the Ayala Declaration. |
| 6004(b)(2) | *"A list of all lien holders with an interest in the property to be sold under the sale motion".* <br> There are no liens asserted against the property to be sold. See Motion, § III(A)(2). |
| 6004(b)(3) | *"A copy of a proposed form of sale order"* <br> The proposed Sale Order is attached to the Motion as Exhibit A. |
| 6004(b)(4) | *"A request, if necessary, for the appointment of a consumer privacy ombudsman under 11 U.S.C. § 332."* <br> N/A |
| 6004(b)(5) | *"The sale motion must highlight material terms, and shall indicate the location of any such provision in the proposed form of order or purchase agreement."* <br> The material terms of the Purchase Contract are set forth in Section II(B) of the Motion. |
| 6004(b)(6)(A) | *"If the proposed sale is to an insider, as defined in 11 U.S.C. § 101, the sale motion must (i) identify the insider; and (ii) describe the insider's relationship to the debtor."* <br> N/A |
| 6004(b)(6)(B) | *"If a proposed buyer has discussed or entered into any agreements with management or key employees regarding compensation or future employment, the sale motion must disclose the material terms of any such agreements."* <br> N/A |
| 6004(b)(6)(C) | *"The sale motion must highlight any provisions pursuant to which an entity is being released or claims against any entity are being waived or otherwise satisfied."* <br> N/A |
| 6004(b)(6)(D) | *"The sale motion must disclose whether an auction is contemplated, and highlight any provision in which the debtor has agreed not to solicit competing offers for the property subject to the sale motion or to otherwise limit the marketing of the property."* |

147867166.2

| Local Rule | Disclosure |
|---|---|
|  | No auction is contemplated, given that the proposed Sale is the highest and best offer for the Equipment, the urgency to sell the Equipment, and the diminutive value of the Equipment.  See Motion, §III |
| 6004(b)(6)(E) | "The sale motion must highlight any deadlines for the closing of the proposed sale or deadlines that are conditions to closing the proposed transaction."<br>N/A |
| 6004(b)(6)(F) | "The sale motion must highlight whether the proposed purchaser has submitted or will be required to submit a good faith deposit and, if so, the conditions under which the deposit may be forfeited."<br>As described in the Motion, Purchaser has paid the entirety of the Purchase Price.  See Motion, § II.B |
| 6004(b)(6)(G) | "The sale motion must highlight any provision pursuant to which a debtor is entering into any interim agreements or arrangements with the proposed purchaser, such as interim management arrangements (which, if out of the ordinary course, also must be subject to notice and a hearing under 11 U.S.C. §363(b)), and the terms of the agreements."<br>N/A |
| 6004(b)(6)(H) | "The sale motion must highlight any provision pursuant to which a debtor proposes to release sale proceeds on or after the closing without further court order, or to provide for a definitive allocation of sale proceeds."<br>N/A |
| 6004(b)(6)(I) | "The sale motion must highlight any provision seeking to have the sale declared exempt from taxes under 11 U.S.C. § 1146(a), and the type of tax (e.g., recording tax, stamp tax, use tax, or capital gains tax) for which the exemption is sought. It is not sufficient to refer simply to "transfer" taxes and the state or states in which the affected property is located."<br>N/A |
| 6004(b)(6)(J) | "If the debtor proposes to sell substantially all of its assets, the sale motion must highlight whether the debtor will retain, or have reasonable access to, its books and records to enable it to administer its bankruptcy case."<br>N/A |
| 6004(b)(6)(K) | "The sale motion must highlight any provision pursuant to which the debtor seeks to sell or otherwise limit any rights to pursue avoidance claims under Chapter 5 of Title 11 of the United States Code."<br>N/A |
| 6004(b)(6)(L) | "The sale motion must highlight any provision limiting the proposed purchaser's successor liability."<br>N/A |
| 6004(b)(6)(M) | "The sale motion must highlight any provision by which the debtor seeks to sell property free and clear of a possessory leasehold interest, license or other right."<br>N/A |
| 6004(b)(6)(N) | "The sale motion must highlight any terms with respect to credit bidding pursuant to 11 U.S.C. § 363(k)."<br>N/A |

147867166.2

| Local Rule | Disclosure |
|---|---|
| 6004(b)(6)(O) | *"The sale motion must highlight any provision whereby the debtor seeks relief from the fourteen (14) day stay imposed by Fed. R. Bankr. P. 6004(h)."* <br> Debtor is seeking relief from the Rule 6004(h) stay.  See Motion, § III.D. |

147867166.2