Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Laura E. Miller, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
millerl@sewkis.com
matott@sewkis.com

*Counsel for Official Committee
of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>Debtor. | Case No.: 23-10423-mkn<br>Chapter 11<br><br>**STIPULATION GRANTING DERIVATIVE STANDING TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH RESPECT TO CERTAIN ACTIONS** |

Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above captioned case (the "Chapter 11 Case"), by and through its counsel Fox Rothschild LLP, and the Official Committee of Unsecured Creditors (the "Committee," and together with the Debtor, the "Parties"), by and through its counsel Seward & Kissel LLP and McDonald Carano LLP, hereby

SK 38239 0005 10775083 v1

enter into this *Stipulation Granting Derivative Standing to the Official Committee of Unsecured Creditors with Respect to Certain Actions* (this "Stipulation"). In support of the Stipulation, the Parties agree as follows:

## RECITALS

1. WHEREAS, on February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), commencing the Chapter 11 Case [Dkt. No. 1];

2. WHEREAS, on February 17, 2023, the United States Trustee for the District of Nevada appointed the Committee in the Chapter 11 Case [Dkt. No. 131];

3. WHEREAS, the Debtor and the Committee have identified certain colorable preferential transfers pursuant to section 547 of the Bankruptcy Code between the Debtor and certain creditors, excluding only those creditors listed on **Schedule 1** hereto (as such list may be modified from time to time, the "Excluded Preference Actions"), occurring in the ninety days prior to the Petition Date (the "Preference Actions");

4. WHEREAS, the Debtor and the Committee have identified certain colorable claims against the Debtor's former CEO, Christopher McAlary, as more fully summarized in the Demand Letter issued to Mr. McAlary by the Committee on July 28, 2023 (the "Potential McAlary Litigation," and together with Preference Actions, the "Actions");

5. WHEREAS, the Committee has requested that the Debtor consent to entering into a stipulation granting the Committee derivative standing to initiate, commence, negotiate, litigate, arbitrate, mediate, settle, compromise, resolve, and to carry out any and all other or further initiatives attendant thereto, the Actions on behalf of the Debtor's estate;

6. WHEREAS, the Debtor is prepared to stipulate to such grant of derivative standing to the Committee;

7. WHEREAS, consistent with the Parties' joint view that the Actions should ultimately be controlled by a creditors' trust upon Plan (as defined below) confirmation, the Debtor and the Committee believe that granting such derivative standing will ensure litigation coherence and

efficiency; and

8.    WHEREAS, the Parties agree that such grant of derivative standing is beneficial to the Chapter 11 Case.

## STIPULATION

NOW, THEREFORE, based upon the foregoing and in consideration of the mutual promises and agreements set forth below and for other good, valuable, and adequate consideration hereby deemed received, the Parties hereby stipulate and agree as follows:

1.    The foregoing recitals and provisions are true and correct and are incorporated herein by this reference.

2.    The Committee is authorized and has derivative standing to initiate, commence, negotiate, litigate, arbitrate, mediate, settle, compromise, resolve, and to carry out any and all other or further initiatives attendant thereto, the Actions on behalf of the Debtor's estate.

3.    This Stipulation shall not modify, amend, waive, or have any other effect whatsoever upon any provision in any final order (the "Confirmation Order") confirming the *Debtor's Chapter 11 Plan of Reorganization* [Dkt. No. 528] (as the same may be amended or supplemented from time to time, the "Plan"), which shall remain in full force and effect. For the avoidance of doubt, any proceeds of the Actions obtained by the Committee pursuant to this Stipulation shall be administered and distributed in accordance with the Plan and Confirmation Order.

4.    For the avoidance of doubt, nothing in this Stipulation shall affect the ability of the Committee to obtain derivative standing with respect to any claims or causes of action for which derivative standing is not expressly granted by the Debtor herein, including but not limited to the Excluded Preference Actions, and the Committee reserves any and all rights to seek derivative standing on any other claims or causes of action that may now or hereinafter exist, including but not limited to the Excluded Preference Actions.

5.    This Stipulation may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereupon and all of which shall constitute one and the same instrument.

6.    The undersigned represent that they are fully authorized to enter into this Stipulation

SK 38239 0005 10775083 v1

on their own behalf and on behalf of their respective client(s).

7.  The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Stipulation.

IN WITNESS WHEREOF, the Parties have executed this Stipulation on the dates listed below.

| | |
|---|---|
| Dated August 2, 2023 | Dated August 2, 2023 |
| SEWARD & KISSEL LLP | FOX ROTHSCHILD LLP |
| /s/ Robert J. Gayda<br>Robert J. Gayda, Esq.<br>Catherine V. LoTempio, Esq.<br>Laura E. Miller, Esq.<br>Andrew J. Matott, Esq.<br>(*pro hac vice applications granted*)<br>One Battery Park Plaza<br>New York, NY 10004<br>gayda@sewkis.com<br>lotempio@sewkis.com<br>millerl@sewkis.com<br>matott@sewkis.com<br><br>Ryan J. Works, Esq. (NSBN 9224)<br>Amanda M. Perach, Esq. (NSBN 12399)<br>McDONALD CARANO LLP<br>2300 West Sahara Avenue, Suite 1200<br>Las Vegas, Nevada 89102<br>rworks@mcdonaldcarano.com<br>aperach@mcdonaldcarano.com<br><br>*Counsel for Official Committee of Unsecured Creditors* | /s/ Brett A. Axelrod<br>Brett A. Axelrod, Esq. (NSBN 5859)<br>Jeanette E. McPherson, Esq. (NSBN 5423)<br>1980 Festival Plaza Drive, Suite 700<br>Las Vegas, Nevada 89135<br>baxelrod@foxrothschild.com<br>jmcpherson@foxrothschild.com<br>nkoffroth@foxrothschild.com<br>zwilliams@foxrothschild.com<br><br>*Counsel to the Debtor and Debtor in Possession* |

SK 38239 0005 10775083 v1

## **Schedule 1**

List of Excluded Preferential Transfers

1. Enigma Securities Limited
2. OptConnect Management, LLC
3. Brink's U.S., a division of Brink's Incorporated
4. AVTech Capital, LLC
5. Genesis Global Trading Inc.