E-filed: August 3, 2023

Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
Email: rkinas@swlaw.com
       cgianelloni@swlaw.com
       awendl@swlaw.com

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999
Email: soneal@cgsh.com
Email: jvanlare@cgsh.com
Email: mdweinberg@cgsh.com

*Attorneys for Genesis Global Holdco, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC., dba COIN CLOUD,<br><br>Debtor. | Case No. 23-10423-mkn<br><br>Chapter 11<br><br>**NOTICE OF ISSUANCE OF SUBPOENA FOR DOCUMENT PRODUCTION ON PROVINCE LLC** |

**TO: ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:**

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 45(a)(4), Snell & Wilmer L.L.P., attorneys for Genesis Global Holdco, LLC, intends to serve a subpoena to produce documents on **PROVINCE LLC** in the form attached as **Exhibit 1**.

4893-3477-8229

DATED this 3rd day of August 2023.

SNELL & WILMER L.L.P.

*/s/ Robert R. Kinas*
Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

and

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655)
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Genesis Global Holdco, LLC*

# EXHIBIT 1

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ NEVADA _____

In re Cash Cloud, Inc. dba Coin Cloud,   Case No. 23-10423-mkn

Chapter 11

Debtor.

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:   Province, LLC, c/o David W. Dachelet, Esq., 2360 Corporate Circle, Suite 330, Henderson, NV 89074; Email: ddachelet@provincefirm.com

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| **Snell & Wilmer L.L.P.**<br>**Attn: Robert R. Kinas, Esq.**<br>**3883 Howard Hughes Parkway, Suite 1100**<br>**Las Vegas, NV 89169** | **August 17, 2023 at 5:00 p.m.** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  August 3, 2023      CLERK OF COURT

_____   OR   _/s/ Robert R. Kinas_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Rep-Clark, LLC, who issues or requests this subpoena, are:

Robert R. Kinas, Esq., Snell & Wilmer L.L.P., 3883 Howard Hughes Parkway #1100, Las Vegas, NV 89169; Phone: (702) 784-5200; rkinas@swlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

4869-0737-5732

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

   *(1) For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
     (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
     (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

   *(2) For Other Discovery.*  A subpoena may command:
     (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
     (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
     *(A) Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
     *(B) Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.  If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the servicing party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
     *(A) When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
     *(B) When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or
        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
     *(C) Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:
     *(A) Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
     *(B) Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
     *(C) Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.
     *(D) Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
     *(A) Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
     *(B) Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.**  The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

4869-0737-5732

**EXHIBIT A (PROVINCE, LLC)**

**DEFINITIONS**

1. "Bankruptcy Case" means *In re Cash Cloud, Inc. dba Coin Cloud,* United States Bankruptcy Court for the District of Nevada, Case No. 23-10423-mkn.

2. "Communication" or "communications" refer to both oral and written communications and means all conversations, presentations, discussions, speeches, meetings, telephone calls, documents, writings, electronic mailings or messages and all other means by which information, data, language, or documents are transmitted, passed, or otherwise conveyed from one or more persons or entities to one or more other persons or entities.

3. "Debtor" means Cash Cloud Inc. dba Coin Cloud.

4. "Document" or "documents" are used herein in their customary broad sense, and mean any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind of description, whether sent or received, or not, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including without limitation, papers, books, accounts, ledgers, journals, books or memoranda, telegrams, cables, wire transfers, notes, notations, work papers, inter and intra-office communications to, between or among directors, officers, agents or employees, transcripts, minutes, reports, and recordings of telephone or other conversations or of interviews or of conferences, or of committee meetings, or of other meetings, agreements, contracts, invoices, statistical records, data sheets, computer tapes or disks, magnetic tapes, punch cards, computer printouts, computer programs, computer program coding sheets, microfilms, microfiche, websites, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, of any kind.

5. "Genesis" means Genesis Global Holdco, LLC.

6. "Person" means refers to any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or

1

controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, employees, agents, attorneys, affiliates, or other representatives thereof, or third parties retained by any of the above.

7. "Representative" means any and all agents, employees, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person or entity in question.

8. "Surcharge Analysis" is that certain document entitled "7.10.23 Coin Cloud – 506(c) Surcharge Analysis" sent on behalf of the Debtor to counsel for Genesis via email on July 10, 2023.

9. "Sale Proceeds Analysis" means that certain document entitled "7.26.23 Coin Cloud – Preliminary Sale Analysis vSHARE-C" sent on behalf of Debtor to counsel for Genesis via email on July 26, 2023.

10. "You" and "your" mean Province, LLC, including its employees, directors, officers, agents, subsidiaries, affiliates, parent company, and other persons acting on or purporting to act on its behalf, including its Representatives.

## DOCUMENTS TO BE PRODUCED

1. Produce all Documents and Communications between You and any Person regarding the Surcharge Analysis.

2. Produce all Documents and Communications between You and any Person regarding the Sale Proceeds Analysis.

3. Produce all Documents relating to any assessment, evaluation, or analysis of any benefit (including as such term is used in section 506(c) of the United States Bankruptcy Code) obtained by Genesis as a result of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

4. Produce all Documents relating to any assessment, evaluation, or analysis of any benefit (including as such term is used in section 506(c) of the United States Bankruptcy Code)

4857-1421-4004

obtained by Genesis as a result of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

5. Produce all Documents relating to any assessment, evaluation, or analysis of the necessity of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

6. Produce all Documents relating to any assessment, evaluation, or analysis of the necessity of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

7. Produce all Documents relating to any assessment, evaluation, or analysis of the reasonableness of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

8. Produce all Documents relating to any assessment, evaluation, or analysis of the reasonableness of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

9. Produce all Documents relating to draft versions of the Surcharge Analysis, including Communications concerning any proposed revisions thereto.

10. Produce all Documents relating to draft versions of the Sale Proceeds Analysis, including Communications concerning any proposed revisions thereto.

11. Produce all Documents relating to the reasons for including a downward adjustment to the sale proceeds for adequate protection reserves in the Sale Proceeds Analysis.