E-filed:  August 4, 2023

Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
Email: rkinas@swlaw.com
           bgriffith@swlaw.com
           cgianelloni@swlaw.com

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655)
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999
Email: soneal@cgsh.com
Email: jvanlare@cgsh.com
Email: mdweinberg@cgsh.com

*Attorneys for Genesis Global Holdco, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. 23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC., dba COIN CLOUD, | |
| | **CERTIFICATE OF SERVICE** |
| Debtor. | |

I served true and correct copies of the following:

**(1)** *Notice of Issuance of Subpoena for Document Production on the 30(b)(6) of Cash Cloud, Inc., dba Coin Cloud* [ECF No; 1011];

**(2)** *Notice of Issuance of Subpoena for Document Production on Tanner James* [ECF No. 1012];

**(3)** *Notice of Issuance of Subpoena for Document Production on Province LLC* [ECF No.

4860-9625-8421

1013];

(4) *Notice of Deposition of the 30(b)(6) of Cash Cloud, Inc., dba Coin Cloud* [ECF No; 1014];

(5) *Notice of Deposition of Tanner James* [ECF No; 1015];

(6) *Notice of Deposition of Province LLC* [ECF No; 1016]

for Snell & Wilmer L.L.P., attorneys for Genesis Global Holdco, LLC in the above matter, via the following means, on the date specified, to the persons as listed below:

**VIA THE COURT'S CM/ECF SYSTEM (August 3, 2023):**

See filing receipt for ECF No. 1011 attached as **Exhibit 1**.

See filing receipt for ECF No. 1012 attached as **Exhibit 2**.

See filing receipt for ECF No. 1013 attached as **Exhibit 3**.

See filing receipt for ECF No. 1014 attached as **Exhibit 4**.

See filing receipt for ECF No. 1015 attached as **Exhibit 5**.

See filing receipt for ECF No. 1016 attached as **Exhibit 6**.

**VIA U.S. MAIL (postage fully pre-paid) (August 4, 2023):**

STATE OF NEVADA
DEPT OF EMPLOYMENT, TRAINING & REHAB
EMPLOYMENT SECURITY DIVISION
500 E THIRD ST
CARSON CITY NV 89713-0001

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346

NEVADA DEPT OF TAXATION
BANKRUPTCY SECTION
555 E WASHINGTON AVE #1300
LAS VEGAS NV 89101-1046

GENESIS GLOBAL TRADING INC
111 TOWN SQUARE PL STE 1203
JERSEY CITY NJ 07310

EG AMERICA LLC
165 FLANDERS RD
WESTBOROUGH MA 01581

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4860-9625-8421

1    ROBERT WESTERMANN ESQ
        BRITTANY FALABELLA ESQ
2    HIRSCHLER FLEISCHER PC
        2100 E CARY ST
3    RICHMOND VA 23223-7270

4    MATTHEW GRAVES ESQ
        HODGES DOUGHTY & CARSON
5    617 MAIN ST
        PO BOX 869
6    KNOXVILLE TN 37091

7    CRAIG DRUEHL ESQ
        DECHERT LLP
8    THREE BRYANT PARK
        1095 AVE OF THE AMERICAS
9    NEW YORK NY 10036

10   CRAIG P DRUEHL ESQ
       DECHERT LLP
11   1095 AVE OF THE AMERICAS
       NEW YORK NY 10036

12

       CENNOX REACTIVE FIELD SERVICES
13   ATTN: MICHAEL GOGGANS
       1341 W BATTLEFIELD RD STE 210
14   SPRINGFIELD MO 65807

15   PAUL R HAGE ESQ
       RICHARD KRUGER ESQ
16   TAFT STETTINIUS AND HOLLISTER LLP
       27777 FRANKLIN RD STE 2500
17   SOUTHFIELD MI 48034-8222

18   JOHN R ASHMEAD ESQ
       ROBERT J GAYDA ESQ
19   CATHERINE V LOTEMPIO ESQ
       ANDREW J MATOTT ESQ
20   LAURA MILLER ESQ
       SEWARD & KISSEL LLP
21   ONE BATTERY PARK PLAZA
       NEW YORK NY 10004-1485

22

       YESWAY
23   138 CONANT ST STE 3
       BEVERLY MA 01915

24

       LOOMIS
25   DEPT 0757
       PO BOX 120757
26   DALLAS TX 75312

27   ///

28   ///

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 3 -

1    AMERICAN EXPRESS
     PO BOX 981535
2    EL PASO TX 79998

3    TWO FARMS INC
     D/B/A ROYAL FARMS
4    3611 ROLAND AVE
     BALTIMORE MD 21211
5
     THORNTONS
6    2600 JAMES THORNTON WAY
     LOUISVILLE KY 40245
7
     ACE CASH EXPRESS
8    300 E JOHN CARPENTER FWY STE 900
     HUNTINGTON PARK TX 75062
9
     THE JIMMERSON LAW FIRM
10   415 S 6TH ST #100
     LAS VEGAS NV 89101
11
     SECTRAN SECURITY INC
12   PO BOX 227267
     LOS ANGELES CA 90022
13
     I HEART MEDIA
14   PO BOX 98849
     CHICAGO IL 60693
15
     SPEC'S – PARENT
16   1420 KINGWOOD DR
     KINGWOOD TX 77339
17
     DEPLOYMENT LOGIX INC
18   920 TWILIGHT PEAK AVE
     HENDERSON NV 89012
19
     JORDI GUSO ESQ
20   BERGER SINGERMAN LLP
     1450 BRICKELL AVE STE 1900
21   MIAMI FL 33131-5319

22   ANDREW KISSNER ESQ
     GARY LEE ESQ
23   MORRISON & FOERSTER LLP
     250 W 55TH ST
24   NEW YORK NY 10019-0050

25   SHAWN CHRISTIANSON ESQ
     BUCHALTER PC
26   425 MARKET ST STE 2900
     SAN FRANCISCO CA 94105
27
     ///
28

- 4 -

4860-9625-8421

SIMON PROPERTY GROUP INC
C/O RONALD M TUCKER ESQ
225 W WASHINGTON ST
INDIANAPOLIS IN 46204

PROVINCE LLC
2360 CORPORATE CIR STE 330
HENDERSON NV 89074

RONALD E GOLD ESQ
ERIN P SEVERINI ESQ
FROST BROWN TODD LLP
3300 GREAT AMERICAN TOWER
301 E FOURTH ST
CINCINNATI OH 45202

ADAM P SCHWARTZ ESQ
JOHN LAMOUREAUX ESQ
CARLTON FIELDS PA
4221 W BOY SCOUT BLVD STE 100
TAMPA FL 33607-5780

RYAN T SCHULTZ ESQ
FOX SWIBEL LEVIN & CARROLL LLP
200 W MADISON ST STE 3000
CHICAGO IL 60606-3417

TN DEPT OF REVENUE
C/O TN ATTORNEY GENERAL'S OFFICE, BANKRUPTCY DIVISION
PO BOX 20207
NASHVILLE TN 37202-0207

GEORGE R PITTS ESQ
BIRCH HORTON BITTNER & CHEROT PC
1150 CONNECTICUT AVE NW STE 350
WASHINGTON DC 20036


I declare under penalty of perjury that the foregoing is true and correct.


DATED this 4th day of August 2023.


_____/s/ Mary Full_____
An employee of Snell & Wilmer L.L.P.

4860-9625-8421

# EXHIBIT 1

# EXHIBIT 1

E-filed:  August 3, 2023

1   Robert R. Kinas (NV Bar No. 6019)
2   Charles E. Gianelloni (NV Bar No. 12747)
    Alexis R. Wendl (NV Bar No. 15351)
3   SNELL & WILMER L.L.P.
    3883 Howard Hughes Parkway, Suite 1100
4   Las Vegas, NV 89169
    Telephone: (702) 784-5200
5   Facsimile:  (702) 784-5252
    Email: rkinas@swlaw.com
6          cgianelloni@swlaw.com
           awendl@swlaw.com

7   Sean A. O'Neal (NY Bar No. 3979267)
    *Admitted Pro Hac Vice*
8   Jane VanLare (NY Bar No. 4610655)
    *Admitted Pro Hac Vice*
9   Michael Weinberg (NY Bar No. 5724497)
    *Admitted Pro Hac Vice*
10  CLEARY GOTTLIEB STEEN & HAMILTON LLP
    One Liberty Plaza
11  New York, NY 10006
    Telephone: (212) 225-2000
12  Facsimile:  (212) 225-3999
    Email: soneal@cgsh.com
13  Email: jvanlare@cgsh.com
    Email: mdweinberg@cgsh.com
14
    *Attorneys for Genesis Global Holdco, LLC*
15

16              **UNITED STATES BANKRUPTCY COURT**

17                     **DISTRICT OF NEVADA**

18

19  In re                          | Case No. 23-10423-mkn

                                    | Chapter 11
20  CASH CLOUD, INC., dba COIN CLOUD,

21                                  | **NOTICE OF ISSUANCE OF SUBPOENA**
                                    | **FOR DOCUMENT PRODUCTION ON THE**
22          Debtor.                 | **30(b)(6) OF CASH CLOUD, INC., DBA COIN**
                                    | **CLOUD**
23

24

25  **TO: ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:**

26          **PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 45(a)(4), Snell & Wilmer

27  L.L.P., attorneys for Genesis Global Holdco, LLC, intends to serve a subpoena to produce

28  documents on the **30(b)(6) OF CASH CLOUD, INC., DBA COIN CLOUD** in the form attached

1  as **Exhibit 1**.

2      DATED this 3rd day of August 2023.

3                          SNELL & WILMER L.L.P.

4                          _____
                           */s/ Robert R. Kinas*
5                          Robert R. Kinas (NV Bar No. 6019)
                           Charles E. Gianelloni (NV Bar No. 12747)
6                          Alexis R. Wendl (NV Bar No. 15351)
                           3883 Howard Hughes Parkway, Suite 1100
7                          Las Vegas, NV 89169
                           Telephone: (702) 784-5200
8                          Facsimile:  (702) 784-5252

9                          and

10                         Sean A. O'Neal (NY Bar No. 3979267)
                           *Admitted Pro Hac Vice*
11                         Jane VanLare (NY Bar No. 4610655)
                           *Admitted Pro Hac Vice*
12                         Michael Weinberg (NY Bar No. 5724497)
                           *Admitted Pro Hac Vice*
13                         CLEARY GOTTLIEB STEEN & HAMILTON LLP
                           One Liberty Plaza
14                         New York, NY 10006
                           Telephone: (212) 225-2000
15                         Facsimile:  (212) 225-3999

16                         *Attorneys for Genesis Global Holdco, LLC*

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

4853-8013-9125

# EXHIBIT 1

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____NEVADA_____

In re Cash Cloud, Inc. dba Coin Cloud,

Case No. 23-10423-mkn

Chapter 11

Debtor.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Cash Cloud, Inc. dba Coin Cloud, c/o Brett A. Axelrod, Esq., Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, NV 89135; Email:  baxelrod@foxrothschild.com

☒  *Production:*  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

### See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| **Snell & Wilmer L.L.P.**<br>**Attn: Robert R. Kinas, Esq.**<br>**3883 Howard Hughes Parkway, Suite 1100**<br>**Las Vegas, NV 89169** | **August 17, 2023 at 5:00 p.m.** |

☐  *Inspection of Premises:*  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  August 3, 2023          CLERK OF COURT

_____     OR     _____*/s/ Robert R. Kinas*_____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Rep-Clark, LLC, who issues or requests this subpoena, are:

Robert R. Kinas, Esq., Snell & Wilmer L.L.P., 3883 Howard Hughes Parkway #1100, Las Vegas, NV 89169; Phone: (702) 784-5200; rkinas@swlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

4893-0270-3220

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____ on

*(date)* _____.

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

       I declare under penalty of perjury that this information is true and correct.

Date: _____

 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

4893-0270-3220

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the servicing party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

4893-0270-3220

## EXHIBIT A (DEBTOR)

## DEFINITIONS

1.      "Bankruptcy Case" means *In re Cash Cloud, Inc. dba Coin Cloud,* United States Bankruptcy Court for the District of Nevada, Case No. 23-10423-mkn.

2.      "Communication" or "communications" refer to both oral and written communications and means all conversations, presentations, discussions, speeches, meetings, telephone calls, documents, writings, electronic mailings or messages and all other means by which information, data, language, or documents are transmitted, passed, or otherwise conveyed from one or more persons or entities to one or more other persons or entities.

3.      "Debtor" means Cash Cloud Inc. dba Coin Cloud.

4.      "Document" or "documents" are used herein in their customary broad sense, and mean any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind of description, whether sent or received, or not, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including without limitation, papers, books, accounts, ledgers, journals, books or memoranda, telegrams, cables, wire transfers, notes, notations, work papers, inter and intra-office communications to, between or among directors, officers, agents or employees, transcripts, minutes, reports, and recordings of telephone or other conversations or of interviews or of conferences, or of committee meetings, or of other meetings, agreements, contracts, invoices, statistical records, data sheets, computer tapes or disks, magnetic tapes, punch cards, computer printouts, computer programs, computer program coding sheets, microfilms, microfiche, websites, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, of any kind.

5.      "Genesis" means Genesis Global Holdco, LLC.

6.      "Person" means refers to any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or

1

controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, employees, agents, attorneys, affiliates, or other representatives thereof, or third parties retained by any of the above.

7. "Representative" means any and all agents, employees, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person or entity in question.

8. "Surcharge Analysis" is that certain document entitled "7.10.23 Coin Cloud – 506(c) Surcharge Analysis" sent on behalf of the Debtor to counsel for Genesis via email on July 10, 2023.

9. "Sale Proceeds Analysis" means that certain document entitled "7.26.23 Coin Cloud – Preliminary Sale Analysis vSHARE-C" sent on behalf of Debtor to counsel for Genesis via email on July 26, 2023.

10. "You" and "your" mean Debtor, including its employees, directors, officers, agents, subsidiaries, affiliates, parent company, and other persons acting on or purporting to act on its behalf, including its Representatives.

## DOCUMENTS TO BE PRODUCED

1. Produce all Documents and Communications between You and any Person regarding the Surcharge Analysis.

2. Produce all Documents and Communications between You and any Person regarding the Sale Proceeds Analysis.

3. Produce all Documents relating to any assessment, evaluation, or analysis of any benefit (including as such term is used in section 506(c) of the United States Bankruptcy Code) obtained by Genesis as a result of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

4. Produce all Documents relating to any assessment, evaluation, or analysis of any benefit (including as such term is used in section 506(c) of the United States Bankruptcy Code)

2

obtained by Genesis as a result of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

5.      Produce all Documents relating to any assessment, evaluation, or analysis of the necessity of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

6.      Produce all Documents relating to any assessment, evaluation, or analysis of the necessity of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

7.      Produce all Documents relating to any assessment, evaluation, or analysis of the reasonableness of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

8.      Produce all Documents relating to any assessment, evaluation, or analysis of the reasonableness of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

9.      Produce all Documents relating to draft versions of the Surcharge Analysis, including Communications concerning any proposed revisions thereto.

10.     Produce all Documents relating to draft versions of the Sale Proceeds Analysis, including Communications concerning any proposed revisions thereto.

11.     Produce all Documents relating to the reasons for including a downward adjustment to the sale proceeds for adequate protection reserves in the Sale Proceeds Analysis.

# EXHIBIT 2

# EXHIBIT 2

E-filed:  August 3, 2023

1  Robert R. Kinas (NV Bar No. 6019)
2  Charles E. Gianelloni (NV Bar No. 12747)
   Alexis R. Wendl (NV Bar No. 15351)
3  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
4  Las Vegas, NV 89169
   Telephone: (702) 784-5200
5  Facsimile:  (702) 784-5252
   Email: rkinas@swlaw.com
6         cgianelloni@swlaw.com
          awendl@swlaw.com
7
   Sean A. O'Neal (NY Bar No. 3979267)
8  Admitted Pro Hac Vice
   Jane VanLare (NY Bar No. 4610655)
9  Admitted Pro Hac Vice
   Michael Weinberg (NY Bar No. 5724497)
10 Admitted Pro Hac Vice
   CLEARY GOTTLIEB STEEN & HAMILTON LLP
11 One Liberty Plaza
   New York, NY 10006
12 Telephone: (212) 225-2000
   Facsimile:  (212) 225-3999
13 Email: soneal@cgsh.com
   Email: jvanlare@cgsh.com
14 Email: mdweinberg@cgsh.com

15 Attorneys for Genesis Global Holdco, LLC

16              UNITED STATES BANKRUPTCY COURT

17                   DISTRICT OF NEVADA

18

19 In re                              Case No. 23-10423-mkn

   CASH CLOUD, INC., dba COIN CLOUD,   Chapter 11
20

21                                     NOTICE OF ISSUANCE OF SUBPOENA
                 Debtor.               FOR DOCUMENT PRODUCTION ON
22                                     TANNER JAMES

23

24

25 TO: ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

26      PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 45(a)(4), Snell & Wilmer

27 L.L.P., attorneys for Genesis Global Holdco, LLC, intends to serve a subpoena to produce

28 documents on TANNER JAMES in the form attached as Exhibit 1.

4878-0529-9061

DATED this 3rd day of August 2023.

SNELL & WILMER L.L.P.

_/s/ Robert R. Kinas_
Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252

and

Sean A. O'Neal (NY Bar No. 3979267)
_Admitted Pro Hac Vice_
Jane VanLare (NY Bar No. 4610655)
_Admitted Pro Hac Vice_
Michael Weinberg (NY Bar No. 5724497)
_Admitted Pro Hac Vice_
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999

_Attorneys for Genesis Global Holdco, LLC_

4878-0529-9061

# EXHIBIT 1

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ NEVADA _____

In re Cash Cloud, Inc. dba Coin Cloud,          Case No. 23-10423-mkn

                                                Chapter 11

          Debtor.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Tanner James, c/o David W. Dachelet, Esq., 2360 Corporate Circle, Suite 330, Henderson, NV 89074; Email: ddachelet@provincefirm.com

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| **Snell & Wilmer L.L.P.**<br>**Attn: Robert R. Kinas, Esq.**<br>**3883 Howard Hughes Parkway, Suite 1100**<br>**Las Vegas, NV 89169** | **August 17, 2023 at 5:00 p.m.** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  August 3, 2023          CLERK OF COURT

                                                OR          */s/ Robert R. Kinas*
_____                    _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Rep-Clark, LLC, who issues or requests this subpoena, are:

Robert R. Kinas, Esq., Snell & Wilmer L.L.P., 3883 Howard Hughes Parkway #1100, Las Vegas, NV 89169; Phone: (702) 784-5200; rkinas@swlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____ on

*(date)* _____.

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐   I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the servicing party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A (TANNER JAMES)

## DEFINITIONS

1. "Bankruptcy Case" means *In re Cash Cloud, Inc. dba Coin Cloud,* United States Bankruptcy Court for the District of Nevada, Case No. 23-10423-mkn.

2. "Communication" or "communications" refer to both oral and written communications and means all conversations, presentations, discussions, speeches, meetings, telephone calls, documents, writings, electronic mailings or messages and all other means by which information, data, language, or documents are transmitted, passed, or otherwise conveyed from one or more persons or entities to one or more other persons or entities.

3. "Debtor" means Cash Cloud Inc. dba Coin Cloud.

4. "Document" or "documents" are used herein in their customary broad sense, and mean any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind of description, whether sent or received, or not, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including without limitation, papers, books, accounts, ledgers, journals, books or memoranda, telegrams, cables, wire transfers, notes, notations, work papers, inter and intra-office communications to, between or among directors, officers, agents or employees, transcripts, minutes, reports, and recordings of telephone or other conversations or of interviews or of conferences, or of committee meetings, or of other meetings, agreements, contracts, invoices, statistical records, data sheets, computer tapes or disks, magnetic tapes, punch cards, computer printouts, computer programs, computer program coding sheets, microfilms, microfiche, websites, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, of any kind.

5. "Genesis" means Genesis Global Holdco, LLC.

6. "Person" means refers to any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or

1

controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, employees, agents, attorneys, affiliates, or other representatives thereof, or third parties retained by any of the above.

7.      "Representative" means any and all agents, employees, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person or entity in question.

8.      "Surcharge Analysis" is that certain document entitled "7.10.23 Coin Cloud – 506(c) Surcharge Analysis" sent on behalf of the Debtor to counsel for Genesis via email on July 10, 2023.

9.      "Sale Proceeds Analysis" means that certain document entitled "7.26.23 Coin Cloud – Preliminary Sale Analysis vSHARE-C" sent on behalf of Debtor to counsel for Genesis via email on July 26, 2023.

10.     "You" and "your" mean Tanner James.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Produce all Documents and Communications between You and any Person regarding the Surcharge Analysis.

2.      Produce all Documents and Communications between You and any Person regarding the Sale Proceeds Analysis.

3.      Produce all Documents relating to any assessment, evaluation, or analysis of any benefit (including as such term is used in section 506(c) of the United States Bankruptcy Code) obtained by Genesis as a result of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

4.      Produce all Documents relating to any assessment, evaluation, or analysis of any benefit (including as such term is used in section 506(c) of the United States Bankruptcy Code) obtained by Genesis as a result of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

4896-1165-3492

5.      Produce all Documents relating to any assessment, evaluation, or analysis of the necessity of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

6.      Produce all Documents relating to any assessment, evaluation, or analysis of the necessity of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

7.      Produce all Documents relating to any assessment, evaluation, or analysis of the reasonableness of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

8.      Produce all Documents relating to any assessment, evaluation, or analysis of the reasonableness of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

9.      Produce all Documents relating to draft versions of the Surcharge Analysis, including Communications concerning any proposed revisions thereto.

10.      Produce all Documents relating to draft versions of the Sale Proceeds Analysis, including Communications concerning any proposed revisions thereto.

11.      Produce all Documents relating to the reasons for including a downward adjustment to the sale proceeds for adequate protection reserves in the Sale Proceeds Analysis.

# EXHIBIT 3

# EXHIBIT 3

E-filed:  August 3, 2023

Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
Email: rkinas@swlaw.com
           cgianelloni@swlaw.com
           awendl@swlaw.com

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655)
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999
Email: soneal@cgsh.com
Email: jvanlare@cgsh.com
Email: mdweinberg@cgsh.com

*Attorneys for Genesis Global Holdco, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. 23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC., dba COIN CLOUD, | |
| | **NOTICE OF ISSUANCE OF SUBPOENA FOR DOCUMENT PRODUCTION ON PROVINCE LLC** |
| Debtor. | |

**TO: ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:**

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 45(a)(4), Snell & Wilmer L.L.P., attorneys for Genesis Global Holdco, LLC, intends to serve a subpoena to produce documents on **PROVINCE LLC** in the form attached as **Exhibit 1**.

4893-3477-8229

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

DATED this 3rd day of August 2023.

SNELL & WILMER L.L.P.

_/s/ Robert R. Kinas_
Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252

and

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655)
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999

*Attorneys for Genesis Global Holdco, LLC*

4893-3477-8229

# EXHIBIT 1

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____ NEVADA _____

In re Cash Cloud, Inc. dba Coin Cloud,

Case No. 23-10423-mkn

Chapter 11

Debtor.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:     Province, LLC, c/o David W. Dachelet, Esq., 2360 Corporate Circle, Suite 330, Henderson, NV 89074; Email: ddachelet@provincefirm.com

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| **Snell & Wilmer L.L.P.**<br>**Attn: Robert R. Kinas, Esq.**<br>**3883 Howard Hughes Parkway, Suite 1100**<br>**Las Vegas, NV 89169** | **August 17, 2023 at 5:00 p.m.** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  August 3, 2023          CLERK OF COURT

_____     OR     ___/s/ Robert R. Kinas_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Rep-Clark, LLC, who issues or requests this subpoena, are:

Robert R. Kinas, Esq., Snell & Wilmer L.L.P., 3883 Howard Hughes Parkway #1100, Las Vegas, NV 89169; Phone: (702) 784-5200; rkinas@swlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

4869-0737-5732

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____ on

*(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the

fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

 

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the servicing party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

4869-0737-5732

## EXHIBIT A (PROVINCE, LLC)

## DEFINITIONS

1.      "Bankruptcy Case" means *In re Cash Cloud, Inc. dba Coin Cloud,* United States Bankruptcy Court for the District of Nevada, Case No. 23-10423-mkn.

2.      "Communication" or "communications" refer to both oral and written communications and means all conversations, presentations, discussions, speeches, meetings, telephone calls, documents, writings, electronic mailings or messages and all other means by which information, data, language, or documents are transmitted, passed, or otherwise conveyed from one or more persons or entities to one or more other persons or entities.

3.      "Debtor" means Cash Cloud Inc. dba Coin Cloud.

4.      "Document" or "documents" are used herein in their customary broad sense, and mean any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind of description, whether sent or received, or not, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including without limitation, papers, books, accounts, ledgers, journals, books or memoranda, telegrams, cables, wire transfers, notes, notations, work papers, inter and intra-office communications to, between or among directors, officers, agents or employees, transcripts, minutes, reports, and recordings of telephone or other conversations or of interviews or of conferences, or of committee meetings, or of other meetings, agreements, contracts, invoices, statistical records, data sheets, computer tapes or disks, magnetic tapes, punch cards, computer printouts, computer programs, computer program coding sheets, microfilms, microfiche, websites, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, of any kind.

5.      "Genesis" means Genesis Global Holdco, LLC.

6.      "Person" means refers to any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or

1

4857-1421-4004

controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, employees, agents, attorneys, affiliates, or other representatives thereof, or third parties retained by any of the above.

7.     "Representative" means any and all agents, employees, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person or entity in question.

8.     "Surcharge Analysis" is that certain document entitled "7.10.23 Coin Cloud – 506(c) Surcharge Analysis" sent on behalf of the Debtor to counsel for Genesis via email on July 10, 2023.

9.     "Sale Proceeds Analysis" means that certain document entitled "7.26.23 Coin Cloud – Preliminary Sale Analysis vSHARE-C" sent on behalf of Debtor to counsel for Genesis via email on July 26, 2023.

10.     "You" and "your" mean Province, LLC, including its employees, directors, officers, agents, subsidiaries, affiliates, parent company, and other persons acting on or purporting to act on its behalf, including its Representatives.

## DOCUMENTS TO BE PRODUCED

1.     Produce all Documents and Communications between You and any Person regarding the Surcharge Analysis.

2.     Produce all Documents and Communications between You and any Person regarding the Sale Proceeds Analysis.

3.     Produce all Documents relating to any assessment, evaluation, or analysis of any benefit (including as such term is used in section 506(c) of the United States Bankruptcy Code) obtained by Genesis as a result of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

4.     Produce all Documents relating to any assessment, evaluation, or analysis of any benefit (including as such term is used in section 506(c) of the United States Bankruptcy Code)

2

obtained by Genesis as a result of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

5. Produce all Documents relating to any assessment, evaluation, or analysis of the necessity of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

6. Produce all Documents relating to any assessment, evaluation, or analysis of the necessity of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

7. Produce all Documents relating to any assessment, evaluation, or analysis of the reasonableness of the costs proposed to be surcharged as set forth in the Surcharge Analysis.

8. Produce all Documents relating to any assessment, evaluation, or analysis of the reasonableness of the costs proposed to be surcharged as set forth in the Sale Proceeds Analysis.

9. Produce all Documents relating to draft versions of the Surcharge Analysis, including Communications concerning any proposed revisions thereto.

10. Produce all Documents relating to draft versions of the Sale Proceeds Analysis, including Communications concerning any proposed revisions thereto.

11. Produce all Documents relating to the reasons for including a downward adjustment to the sale proceeds for adequate protection reserves in the Sale Proceeds Analysis.

4857-1421-4004

# EXHIBIT 4

# EXHIBIT 4

E-filed:  August 3, 2023

Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
Email: rkinas@swlaw.com
       cgianelloni@swlaw.com
       awendl@swlaw.com

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655)
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999
Email: soneal@cgsh.com
Email: jvanlare@cgsh.com
Email: mdweinberg@cgsh.com

*Attorneys for Genesis Global Holdco, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. 23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **GENESIS GLOBAL HOLDCO, LLC'S NOTICE OF DEPOSITION OF THE 30(b)(6) OF CASH CLOUD, INC., DBA COIN CLOUD** |
| | **Date of Deposition:  August 22, 2023[1]** |
| | **Time of Deposition:  10:00 a.m.** |

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, Genesis Global Holdco,

---

[1] Or another date mutually acceptable to the relevant parties.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

LLC ("Genesis") will take the deposition of the Rule 30(b)(6) of Cash Cloud Inc., d/b/a Coin Cloud ("Debtor") on **August 22, 2023** at **10:00 a.m.**, at the law offices of Shea Larsen, located at 1731 Village Center Circle, Suite 150, Las Vegas, Nevada 89134, upon oral examination, before an officer authorized to administer oaths.[2] The deposition will be recorded by stenographic means and oral examination will continue from day-to-day until completed.

In accordance with its obligations under FRCP 30(b)(6), the Debtor shall produce a representative with knowledge and ability to testify regarding the topics below.

**TOPICS FOR EXAMINATION**

1.   The sales and marketing process for the sale of substantially all of Debtor's assets.

2.   The preparation of (a) that certain document entitled "7.10.23 Coin Cloud – 506(c) Surcharge Analysis" sent on behalf of the Debtor to counsel for Genesis via email on July 10, 2023 ("Surcharge Analysis"), (b) the *Declaration of Tanner James in Support of Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* [ECF No. 927] (the "James Declaration"), and (c) that certain document entitled "7.26.23 Coin Cloud – Preliminary Sale Analysis vSHARE-C" sent on behalf of the Debtor to counsel for Genesis via email on July 26, 2023 ("Sale Proceeds Analysis").

3.   Any analysis, evaluation, or assessment of the necessity or reasonableness of the fees and costs proposed to be surcharged as set forth in the Surcharge Analysis, the Sale Proceeds Analysis, or the James Declaration.

4.   Any analysis, evaluation, or assessment of the benefit obtained by Genesis as a result of the fees and costs proposed to be surcharged as set forth in the Surcharge Analysis, the Sale Proceeds Analysis, or the James Declaration.

5.   The nature and amount of any fees and costs proposed to be surcharged as set forth in the Surcharge Analysis of the James Declaration.

///

///

---

[2] Genesis notices this deposition to take place currently with Enigma Securities Limited's ("Enigma") deposition of the Debtor scheduled to take place at the same time and date as indicated herein. *See* ECF 954.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4873-2448-8051

6.      The reasons for a downward adjustment to sale proceeds for adequate protection reservation.

DATED this 3rd day of August 2023.

SNELL & WILMER L.L.P.

/s/ Robert R. Kinas
Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252

and

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655)
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999

*Attorneys for Genesis Global Holdco, LLC*

- 3 -

4873-2448-8051

# EXHIBIT 5

# EXHIBIT 5

E-filed:  August 3, 2023

1  Robert R. Kinas (NV Bar No. 6019)
2  Charles E. Gianelloni (NV Bar No. 12747)
   Alexis R. Wendl (NV Bar No. 15351)
3  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
4  Las Vegas, NV 89169
   Telephone: (702) 784-5200
5  Facsimile:  (702) 784-5252
   Email: rkinas@swlaw.com
6          cgianelloni@swlaw.com
           awendl@swlaw.com

7  Sean A. O'Neal (NY Bar No. 3979267)
   *Admitted Pro Hac Vice*
8  Jane VanLare (NY Bar No. 4610655)
   *Admitted Pro Hac Vice*
9  Michael Weinberg (NY Bar No. 5724497)
   *Admitted Pro Hac Vice*
10 CLEARY GOTTLIEB STEEN & HAMILTON LLP
   One Liberty Plaza
11 New York, NY 10006
   Telephone: (212) 225-2000
12 Facsimile:  (212) 225-3999
   Email: soneal@cgsh.com
13 Email: jvanlare@cgsh.com
   Email: mdweinberg@cgsh.com
14
15 *Attorneys for Genesis Global Holdco, LLC*

16                **UNITED STATES BANKRUPTCY COURT**

17                       **DISTRICT OF NEVADA**

18 | In re | Case No. 23-10423-mkn |

19 | CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |

20 |  | **GENESIS GLOBAL HOLDCO, LLC'S** |
21 | Debtor. | **NOTICE OF DEPOSITION OF TANNER JAMES** |

22 |  | **Date of Deposition:  August 22, 2023[1]** |

23 |  | **Time of Deposition:  10:00 a.m.** |

24 TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

25         PLEASE TAKE NOTICE that, Genesis Global Holdco, LLC ("Genesis") will take the

26 deposition of Tanner James ("Tanner James") on **August 22, 2023** at **10:00 a.m.**, at the law offices

27 of Shea Larsen, located at 1731 Village Center Circle, Suite 150, Las Vegas, Nevada 89134, upon

28 _____
[1] Or another date mutually acceptable to the relevant parties.

4863-2514-4692

oral examination, before an officer authorized to administer oaths.[2] The deposition will be recorded by stenographic means and oral examination will continue from day-to-day until completed.

Genesis intends to question Mr. James on the topics listed below.

**TOPICS FOR EXAMINATION**

1.      The sales and marketing process for the sale of substantially all of Debtor's assets.

2.      The preparation of (a) that certain document entitled "7.10.23 Coin Cloud – 506(c) Surcharge Analysis" sent on behalf of the Debtor to counsel for Genesis via email on July 10, 2023 ("Surcharge Analysis"), (b) the *Declaration of Tanner James in Support of Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* [ECF No. 927] (the "James Declaration"), and (c) that certain document entitled "7.26.23 Coin Cloud – Preliminary Sale Analysis vSHARE-C" sent on behalf of the Debtor to counsel for Genesis via email on July 26, 2023 ("Sale Proceeds Analysis").

3.      Any analysis, evaluation, or assessment of the necessity or reasonableness of the fees and costs proposed to be surcharged as set forth in the Surcharge Analysis, the Sale Proceeds Analysis, or the James Declaration.

4.      Any analysis, evaluation, or assessment of the benefit obtained by Genesis as a result of the fees and costs proposed to be surcharged as set forth in the Surcharge Analysis, the Sale Proceeds Analysis, or the James Declaration.

5.      The nature and amount of any fees and costs proposed to be surcharged as set forth in the Surcharge Analysis of the James Declaration.

///

///

///

///

///

///

---

[2] Genesis notices this deposition to take place currently with Enigma Securities Limited's ("Enigma") deposition of the Debtor scheduled to take place at the same time and date as indicated herein. *See* ECF 954.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4863-2514-4692

1    6.    The reasons for a downward adjustment to sale proceeds for adequate protection

2    reservation.

3    DATED this 3rd day of August 2023.

4                                         SNELL & WILMER L.L.P.

5                                         /s/ Robert R. Kinas
                                          Robert R. Kinas (NV Bar No. 6019)
6                                         Charles E. Gianelloni (NV Bar No. 12747)
                                          Alexis R. Wendl (NV Bar No. 15351)
7                                         3883 Howard Hughes Parkway, Suite 1100
                                          Las Vegas, NV 89169
8                                         Telephone: (702) 784-5200
                                          Facsimile:  (702) 784-5252
9
                                          and
10
                                          Sean A. O'Neal (NY Bar No. 3979267)
11                                        *Admitted Pro Hac Vice*
                                          Jane VanLare (NY Bar No. 4610655)
12                                        *Admitted Pro Hac Vice*
                                          Michael Weinberg (NY Bar No. 5724497)
13                                        *Admitted Pro Hac Vice*
                                          CLEARY GOTTLIEB STEEN & HAMILTON LLP
14                                        One Liberty Plaza
                                          New York, NY 10006
15                                        Telephone: (212) 225-2000
                                          Facsimile:  (212) 225-3999
16
                                          *Attorneys for Genesis Global Holdco, LLC*
17

18

19

20

21

22

23

24

25

26

27

28

4863-2514-4692                          - 3 -

# EXHIBIT 6

# EXHIBIT 6

E-filed:  August 3, 2023

1   Robert R. Kinas (NV Bar No. 6019)
    Charles E. Gianelloni (NV Bar No. 12747)
2   Alexis R. Wendl (NV Bar No. 15351)
    SNELL & WILMER L.L.P.
3   3883 Howard Hughes Parkway, Suite 1100
    Las Vegas, NV 89169
4   Telephone: (702) 784-5200
    Facsimile:  (702) 784-5252
5   Email: rkinas@swlaw.com
            cgianelloni@swlaw.com
6           awendl@swlaw.com

7   Sean A. O'Neal (NY Bar No. 3979267)
    *Admitted Pro Hac Vice*
8   Jane VanLare (NY Bar No. 4610655)
    *Admitted Pro Hac Vice*
9   Michael Weinberg (NY Bar No. 5724497)
    *Admitted Pro Hac Vice*
10  CLEARY GOTTLIEB STEEN & HAMILTON LLP
    One Liberty Plaza
11  New York, NY 10006
    Telephone: (212) 225-2000
12  Facsimile:  (212) 225-3999
    Email: soneal@cgsh.com
13  Email: jvanlare@cgsh.com
    Email: mdweinberg@cgsh.com
14
    *Attorneys for Genesis Global Holdco, LLC*
15

16              **UNITED STATES BANKRUPTCY COURT**

17                    **DISTRICT OF NEVADA**

    In re
18                                          | Case No. 23-10423-mkn
19  CASH CLOUD, INC., dba COIN CLOUD,       | Chapter 11
20                                          | **GENESIS GLOBAL HOLDCO, LLC'S**
                        Debtor.             | **NOTICE OF DEPOSITION OF THE 30(b)(6)**
21                                          | **OF PROVINCE LLC**
22                                          | **Date of Deposition:  August 22, 2023[1]**
23                                          | **Time of Deposition: 10:00 a.m.**
24

25  TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

26          PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

27  Procedure and Rule 7030 of the Federal Rules of Bankruptcy  Procedure, Genesis Global Holdco,

28  _____
    [1] Or another date mutually acceptable to the relevant parties.

4863-7816-3060

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

LLC ("Genesis") will take the deposition of the Rule 30(b)(6) of Province LLC ("Province") on **August 22, 2023** at **10:00 a.m.**, at the law offices of Shea Larsen, located at 1731 Village Center Circle, Suite 150, Las Vegas, Nevada 89134, upon oral examination, before an officer authorized to administer oaths.[2] The deposition will be recorded by stenographic means and oral examination will continue from day-to-day until completed.

In accordance with its obligations under FRCP 30(b)(6), the Debtor shall produce a representative with knowledge and ability to testify regarding the topics below.

### TOPICS FOR EXAMINATION

1.      The sales and marketing process for the sale of substantially all of Debtor's assets.

2.      The preparation of (a) that certain document entitled "7.10.23 Coin Cloud – 506(c) Surcharge Analysis" sent on behalf of the Debtor to counsel for Genesis via email on July 10, 2023 ("Surcharge Analysis"), (b) the *Declaration of Tanner James in Support of Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* [ECF No. 927] (the "James Declaration"), and (c) that certain document entitled "7.26.23 Coin Cloud – Preliminary Sale Analysis vSHARE-C" sent on behalf of the Debtor to counsel for Genesis via email on July 26, 2023 ("Sale Proceeds Analysis").

3.      Any analysis, evaluation, or assessment of the necessity or reasonableness of the fees and costs proposed to be surcharged as set forth in the Surcharge Analysis, the Sale Proceeds Analysis, or the James Declaration.

4.      Any analysis, evaluation, or assessment of the benefit obtained by Genesis as a result of the fees and costs proposed to be surcharged as set forth in the Surcharge Analysis, the Sale Proceeds Analysis, or the James Declaration.

5.      The nature and amount of any fees and costs proposed to be surcharged as set forth in the Surcharge Analysis of the James Declaration.

///

///

---

[2] Genesis notices this deposition to take place currently with Enigma Securities Limited's ("Enigma") deposition of the Debtor scheduled to take place at the same time and date as indicated herein. *See* ECF 954.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4863-7816-3060

6.      The reasons for a downward adjustment to sale proceeds for adequate protection reservation.

DATED this 3rd day of August 2023.

SNELL & WILMER L.L.P.

/s/ Robert R. Kinas
Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252

and

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655)
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999

*Attorneys for Genesis Global Holdco, LLC*

- 3 -

4863-7816-3060