BRETT A. AXELROD, ESQ., NV Bar No. 5859
JEANETTE E. MCPHERSON, ESQ., NV Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ., NV Bar No. 16264
ZACHARY T. WILLIAMS, ESQ., NV Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       jmcpherson@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com

*Counsel for Debtor Cash Cloud Inc.*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK- 23-10423-mkn<br><br>Chapter 11<br><br>**OBJECTION TO CLAIM NUMBER 136 FILED BY THORNTONS LLC**<br><br>Hearing Date: September 21, 2023<br>Hearing Time: 10:30 a.m. |

Cash Cloud, Inc. d/b/a Coin Cloud ("Debtor"), debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, hereby files this Objection To Claim Number 136 Filed By Thorntons LLC (the "Objection"). This Objection is based upon 11 U.S.C. § 105(a), § 502, and § 503, Fed.R.Bankr. P. 3001 and 3007, and Local Rule 3007, the following Points and Authorities, the Declaration of Daniel Ayala ("Ayala Declaration"), the pleadings on file in this case, and any arguments entertained by the Court at any hearing pertaining to this matter.

## POINTS AND AUTHORITIES

### I. Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

1

148037241.1

## II. Factual Background

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 7, 2023 (the "Petition Date").

4. The deadline for filing a proof of claim in this case is June 14, 2023. The deadline for filing a proof of claim for a governmental unit is August 7, 2023.

5. On June 14, 2023, the Debtor filed the *Sixteenth Omnibus Motion for Entry of Order Approving Rejection of Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365(a)* (the "Sixteenth Omnibus Motion to Reject") [ECF 696]. The Sixteenth Omnibus Motion to Reject listed the agreements between the Debtor and Thorntons as agreements to be rejected as of June 14, 2023.

6. On June 29, 2023, Debtor filed an *Emergency Motion For Entry Of An Order Establishing Administrative Claim Bar Date For Filing Proofs Of Administrative Expense Claim And Approving Form, Manner And Sufficiency Of Notice Thereof; Memorandum Of Points And Authorities In Support Thereof* requesting that a deadline of July 20, 2023 be set for the filing of administrative expense claims. [ECF 789].

7. On July 7, 2023, Thorntons LLC ("Thorntons") filed a proof of claim in the amount of $2,269,800.00 ("POC 136"). See **Exhibit 1** attached hereto. An attachment to POC 136 sets forth the basis of the claim, wherein Thorntons alleges that it is owed the following: (i) a prepetition amount of $397,800, (ii) general contract damages in the amount of $1,591,200.00, and (iii) an administrative claim of $280,800.00. Thus, Thorntons alleges that it is owed a "total of $2,269,800.00 in damages." Thornton's also state in POC 136 "[p]ursuant to the Agreement, Debtor owes Thorntons $450 per month per location, or $4.00 per transaction from the Kiosks, whichever is greater. With 208 store locations housing Debtor's Kiosks, that amounts to $93,600 that Debtor owes Thorntons each month."

8. Thorntons did not set a hearing on its request for an administrative claim as required pursuant to 11 U.S.C. § 503(a).

148037241.1

9. On July 11, 2023, an *Order Establishing Administrative Claim Bar Date For Filing Proofs Of Administrative Expense Claim And Approving Form, Manner And Sufficiency Of Notice Thereof* was entered. [ECF 823].

10. On July 26, 2023, an *Order Granting Sixteenth Omnibus Motion for Entry of Order Approving Rejection of Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365(a) And Setting Rejection Damages Claim Deadline* was entered ("Order Granting Sixteenth Omnibus Motion To Reject") [ECF 949]. The Sixteenth Omnibus Motion Order provides, in significant part, that the Debtor's rejection of the Contracts and/or Leases listed therein was effective as of the date of the filing of the motion, or June 14, 2023.

### III.  Memorandum of Law

**A.    Administrative Expense Claims Under 11 U.S.C. § 503**

The burden of proving an administrative expense claim is on the claimant. *In re DAK Industries, Inc.,* 66 F.3d 1091, 1094 (9th Cir. 1995). Section 503(b) provides that an administrative expense claim be allowed for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A); *see also Burlington No. Railroad Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.),* 853 F.2d 700, 707 (9th Cir. 1988).

> The statute is explicit. Any claim for administrative expenses and costs must be the actual and necessary costs of preserving the estate for the benefit of its creditors. *Matter of Baldwin-United Corporation*, 43 B.R. 443, 451 (S.D. Ohio 1984). The terms "actual" and "necessary" are construed narrowly so as "to keep fees and administrative costs at a minimum." *In re O.P.M. Leasing Services, Inc.*, 23 B.R. 104, 121 (Bankr.S.D.N.Y.1982); see also 3 Collier on Bankruptcy, p 503.04, at 503-23 (15th ed. 1988). An actual benefit must accrue to an estate. . . . Additionally, keeping costs to a minimum serves the overwhelming concern of the Code: Preservation of the estate.

*Dant & Russell, Inc.*, 853 F.2d at 706 (citations omitted; footnote omitted).

Thorntons claims that the monthly amount owed under the agreement with the Debtor is $93,600.00. The Debtor agrees that the monthly amount owed to Thorntons postpetition is $93,600.00 per month and that Thorntons was paid through April 2023. However, the agreement with Thorntons was rejected pursuant to the Order Granting Sixteenth Omnibus Motion To Reject, with such rejection being effective as of June 14, 2023. As such, amounts claimed as an administrative claim including

and after June 14, 2023 must be disallowed. Accordingly, Thorntons has an administrative expense claim for the period of May 1, 2023 to June 13, 2023 in the amount of $134,160.00.

**B.     General Unsecured Claim Under 11 U.S.C. § 502(a)**

Section 502(a) provides that any proof of claim "is deemed allowed, unless a party in interest ... objects." *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995) (citing *Whitney v. Dresser*, 200 U.S. 532, 534-35 (1906)). Unlike a proof of claim, which must be filed before the bar date, an objection to a proof of claim may be filed at any time. See *In re Consolidated Pioneer Mortg.*, 178 B.R. at 225 (citing *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992), *In re Kolstad*, 928 F.2d 171, 174 (5th Cir. 1991), *cert. denied*, 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991)). Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 permit a party in interest to object to a filed proof of claim. An objection to a proof of claim initiates a contested matter and requires that a hearing be held. *See* 11 U.S.C. § 502(b); Fed. R. Bankr. P. 3007(a); Local Rule 3007(c).

The Ninth Circuit Court of Appeals has described the shifting burdens of proof with respect to objections to proofs of claim:

> Inasmuch as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim. In short, the allegations of the proof of claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. **But the ultimate burden of persuasion is always on the claimant**.

*Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, *Collier on Bankruptcy*, § 502.02, at 502-22 (15th ed. 1991); footnotes omitted; emphasis added). Stated another way, "[i]f the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Consolidated Pioneer Mortg.*, 178 B.R. at 226.

The Debtor agrees with the prepetition claim amount of $397,800. However, Thorntons' claim is not otherwise properly supported. Thorntons has not provided a breakdown or calculation

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

of its claim for "general contract damages" in the amount of $1,591,200.00. As a result, the claim cannot be properly reviewed for accuracy. As a result, the Debtor requests that Thorntons amend its claim to set forth its calculation of the amount claimed.

## CONCLUSION

Based upon the foregoing, Cash Cloud respectfully requests that the Court allow Thorntons' request for an administrative expense claim in the reduced amount of $134,160.00, and order that Thorntons amend its claim to provide supporting documentation including the calculation of its general contract damages claim.

Dated this 8th day of August, 2023.　　　　**FOX ROTHSCHILD LLP**

　　　　By: /s/ Jeanette E. McPherson
　　　　BRETT A. AXELROD, ESQ. (5859)
　　　　JEANETTE E. MCPHERSON, ESQ. (5423)
　　　　NICHOLAS A. KOFFROTH, ESQ. (16264)
　　　　ZACHARY T. WILLIAMS, ESQ. (16023)
　　　　1980 Festival Plaza Drive, Suite 700
　　　　Las Vegas, Nevada 89135
　　　　*Counsel for Debtor*

148037241.1

# EXHIBIT 1

(Proof Of Claim filed by Thorntons)

6

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148037241.1

**Fill in this information to identify the case:**

| Debtor: | Case Number: |
|---|---|
| Cash Cloud, Inc. (DBA Coin Cloud) | 23-10423 |

United States Bankruptcy Court for the District of Nevada

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Thorntons LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

STRETTO
JUL 07 2023
RECEIVED

Where should notices to the creditor be sent?

Thorntons LLC ATTN: Elizabeth Hatchett
Name
2600 James Thornton Way
Number    Street
Louisville, KY 40206
City    State    ZIP Code

Contact phone  (502)572-1575
Contact email  elizabeth.hatchett@bp.com

Where should payments to the creditor be sent? (if different)

Thorntons LLC ATTN: Paul Carley
Name
2600 James Thornton Way
Number    Street
Louisville, KY 40206
City    State    ZIP Code

Contact phone  (502) 425-8022
Contact email  paul.carley@bp.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ - __ __ __ __ - __ __ __ __ - __ __ __ __

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on __/__/____
                                                                     MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                                Proof of Claim                                page 1

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 2,269,800.00 . Does this amount include interest or other charges?
☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

See attached, "Attachment to Proof of Claim of Thorntons LLC"

**9. Is all or part of the claim secured?**
☒ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____
Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**
☒ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☒ Yes. Check one:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☒ Other. Specify subsection of 11 U.S.C. § 507(a)( 2 ) that applies. | $ 280,800.00 |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/05/2023
MM / DD / YYYY

_Paul Carley_
Signature

Print the name of the person who is completing and signing this claim:

Name: Paul (First name) _____ (Middle name) Carley (Last name)

Title: CFO

Company: Thorntons
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 2600 (Number) James Thornton Way (Street)
Louisville (City) KY (State) 40206 (ZIP Code)

Contact phone: 630-605-2983    Email: Paul.Carley@bp.com

page 3

## ATTACHMENT TO PROOF OF CLAIM OF THORNTONS LLC

1. Thorntons LLC ("Thorntons") submits this attachment to the proof of claim (the "Proof of Claim") on account of outstanding amounts due pursuant to contractual arrangements between Thorntons and debtor Coin Cloud Inc. (the "Debtor"). By the Proof of Claim, Thorntons asserts a prepetition general unsecured claim against the Debtor in the amount of $397,800.00, and payment of the Administrative Claim and general contract damages.

### RELEVANT BACKGROUND

2. Thorntons LLC and the Debtor entered a Master Host Agreement effective as of January 24, 2022 (the "Agreement"). In accordance with the terms of the Agreement, the Debtor pays Thorntons either a monthly host fee or a per transaction fee, whichever is greater, for Thorntons hosting the Debtor's kiosks in its stores.

3. The terms of the Agreement are incorporated herein by reference.[1]

4. On February 7, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada.

5. On April 7, 2023, the Debtors filed a Motion for Approval of Procedures [Docket No. 392], seeking among other things, approval of procedures to sell their assets and assume and assign their executory contracts to a purchaser.

6. On April 27, 2023, the Court entered an order [Docket No. 483] (the "Bidding Procedures Order"), approving, among other things, the procedures proposed by the Debtors in the Bidding Procedures Motion with respect to assumption and assignment of executory contracts.

7. On June 2, 2023, Debtor held an auction for the purchase of Debtor's assets (the "Sale"). Heller Capital, LLC and Genesis Coin, Inc. was the Successful Bidder.

8. On June 14, 2023, Debtor filed the Sixteenth Omnibus Motion to reject certain executory contracts. Thorntons Agreement with Coin Cloud was listed within Exhibit 1 as a rejected contract.

9. On June 22, 2023, the Court entered an order [Docket No. 741] (the Disclosure Statement and Bankruptcy Plan approval hearing"), approving a hearing date of July 27, 2023, on Final Approval of Disclosure Statement, and Confirmation of Debtor's Chapter 11 Plan of Reorganization.

---

[1] Due to their confidential and proprietary nature, copies of the Agreements are not attached. Copies are in the possession of the Debtor and may be made available upon request to Thorntons LLC, subject to entry into an agreement to protect the information therein.

10. On June 28, 2023, a hearing was held on Debtor's Sale Motion, Motion for Turnover and Motion to Enter Into Interim Management Agreement.

11. On June 30, 2023, the Court entered an order [Docket No. 798] Confirming Auction Results, Approving the sale of Certain Assets, Authorizing the Assumption and Assignment of Certain Executory Contracts, and Granting Related Relief.

12. On June 29, 2023, Debtor filed "Emergency Motion For Entry of an Order Establishing Administrative Claim Bar date for Filing Proofs of Administrative Expense Claim and Approving Form, Manner and Sufficiency of Notice Thereof; Memorandum of Points and Authorities in Support Thereof," requesting among other things that July 20, 2023 be the deadline for submission of filing proof of Administrative Expense Claims.

## THE AGREEMENT

13. Pursuant to the Agreement, Debtor owes Thorntons $450 per month per location, or $4.00 per transaction from the Kiosks, whichever is greater. With 208 store locations housing Debtor's Kiosks, that amounts to $93,600 that Debtor owes Thorntons each month.

14. Prior to Debtor filing the petition for relief, Debtor did not pay Thorntons for four (4) months of rental income (October, November and December 2022, as well as January 2023).

15. Debtor paid Thorntons a pro-rated amount for the month of February 2023.

16. Debtor owes Thorntons a pre-petition amount of $397,800.00.

17. During the pendency of the bankruptcy proceedings, Debtor failed to pay Thorntons for the months of May, June, and July 2023 (as of the timing of this filing).

18. Debtors owes Thorntons an Administrative Claim amount of $280,800.00.

19. Debtor owes Thorntons general contract damages in the amount of $1,591,200.00.

20. Debtor owes Thorntons a total of $2,269,800.00 in damages.

## PROOF OF CLAIM

21. As set forth above, Debtor owes Thorntons $397,800.00 for housing the Kiosks in its 208 store locations. As such, by the Proof of Claim, Thorntons asserts a general unsecured claim in the amount of $397,800.00.

22. Thorntons reserves the right to amend and/or supplement the Proof of Claim at any time, including, without limitation, after any bar date, in any manner, and/or to file additional proofs of claim for any additional claim which may be based on the same or additional documents or grounds of liability, including, without limitation, claims for interest, fees and expenses accrued after the Petition Date. Thorntons further reserves the right to file additional proofs of claim or applications for allowance of administrative expense or other claims entitled to priority, including claims under section 503(b) of the Bankruptcy Code.

23. The filing of the Proof of Claim is not and shall not be deemed or construed as: (a) a consent by Thorntons to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Thorntons LLC; (c) a waiver or release of Thorntons right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Thorntons to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Thorntons right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of the Proof of Claim, any objection thereto or other proceeding which may be commenced in the Debtors' cases against or otherwise involving Thorntons LLC; or (g) an election of remedies.

24. All notices, objections or other communications regarding the Proof of Claim should be sent to: Thorntons LLC, 2600 James Thornton Way, Louisville, Kentucky 40206; Attention to Elizabeth Hatchett, (502) 572-1575.

