Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Laura E. Miller, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
millerl@sewkis.com
matott@sewkis.com

*Counsel for Official Committee
of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>Debtor. | Case No.: 23-10423-mkn<br>Chapter 11<br><br>**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO CONVERT CASE TO CHAPTER 7** |

The Official Committee of Unsecured Creditors in the above-captioned cases (the "Committee"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Ex Parte Application for Order Shortening Time for Hearing on Motion to Convert Case to Chapter 7* [ECF No. 1035] (the "Application") filed by Chris McAlary ("McAlary") in connection

with the *Motion to Convert Case to Chapter 7* [ECF No. 1034] (the ("Conversion Motion"). In support of this Objection, the Committee respectfully represents:

**OBJECTION**

1. The Committee objects to the Application, and is joined by the Debtor in doing so. The Conversion Motion is nothing more than a last-minute attempt by McAlary to delay the Debtor's plan process, and, more specifically, to impede the Committee's efforts to hold him accountable for his repeated and intentional bad acts that placed his own interests above those of the Debtor and its creditors, to whom he owed a fiduciary duty. In the Conversion Motion, McAlary largely cites to the alleged administrative insolvency of the Debtor as grounds to convert the case, while disregarding the fact that he is responsible for the loss of hundreds of thousands, if not millions, of dollars ***during the pendency of this bankruptcy case*** as well as multiple millions before the case was filed. McAlary has now realized that the Committee will do whatever is necessary to see that he pays his debt to creditors, and he seeks to construct any roadblock he can to prevent that from happening. The Court must see through this transparent tactic and allow this bankruptcy case to continue to its conclusion.

2. The Committee sent a demand letter (the "Demand Letter") to McAlary on July 28, 2023, detailing what it believes are numerous claims for breach of fiduciary duty and fraudulent transfer, among others, that the Committee's independent investigation has uncovered. To date, McAlary has not meaningfully engaged the Committee in an attempt to resolve these claims. Instead, McAlary has decided to engage in litigation gamesmanship to try to delay the implications of his conduct even though it will cost the estate thousands of dollars more in unnecessary fees. He seeks to displace the Committee and prevent this estate fiduciary—the party with the most knowledge as to his bad acts—from remedying the injury his actions have caused the Debtor's creditors.

3. The Committee's Demand Letter is a piece of a coherent strategy being jointly implemented by the Debtor and the Committee to bring this case to an efficient exit from chapter 11. The Debtor and the Committee are pursuing the *Debtor's First Amended Chapter 11 Plan of Reorganization* [ECF No. 996] (the "Plan") and are concurrently engaged in settlement discussion

with multiple litigation counterparties (which may be before the Court shortly), evaluating the prospective sale of residual estate assets, investigating certain tax refund claims, and pursuing preferential transfers, among other avenues to recovery. The Demand Letter is a cornerstone of this process. To that end, the Debtor has stipulated to granting derivative standing to the Committee to pursue claims against McAlary, and has proposed a Plan that transfers estate litigation, including claims against McAlary, to a creditor trust. This strategy makes sense—not only is the Committee (on behalf of all unsecured creditors) the party with the greatest remaining interest in the estate's recovery, but it is also the party with the most knowledge of the relevant facts, having run an independent investigation throughout the chapter 11 case.

4. McAlary's goal, on the other hand, is simply to hinder this strategy, not for the benefit of the estate, but for his own personal gain. This is readily evident in both the Conversion Motion and McAlary's objection to the stipulation granting the Committee derivative standing.

5. The Committee respectfully represents that the Court should not countenance this delay tactic. Most of the arguments made in connection with the Application and the Conversion Motion amount to Plan objections. To the extent McAlary wishes to raise objections in connection with confirmation of the Plan, the Debtor and the Committee will address those objections as scheduled. Filing a collateral attack on the Plan, on shortened notice, does nothing more than increase the administrative costs of this case, and inhibit the efficient, value maximizing chapter 11 exit that is already in process.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests the Court deny the Application, and grant the Committee such other and further relief as the Court deems appropriate.

DATED this 8th day of August, 2023.

McDONALD CARANO LLP

By: /s/ Ryan J. Works
Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Laura E. Miller, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
millerl@sewkis.com
matott@sewkis.com

*Counsel for Official Committee of Unsecured Creditors*