Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Laura E. Miller, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
millerl@sewkis.com
matott@sewkis.com

*Counsel for Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>Debtor. | Case No.: 23-10423-mkn<br>Chapter 11<br><br>**STIPULATION GRANTING DERIVATIVE STANDING TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH RESPECT TO CERTAIN ACTIONS** |

Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above captioned case (the "Chapter 11 Case"), by and through its counsel Fox Rothschild LLP, and the Official Committee of Unsecured Creditors (the "Committee," and together with the Debtor, the "Parties"), by and through its counsel Seward & Kissel LLP and McDonald Carano LLP, hereby enter into this *Stipulation Granting Derivative Standing to the Official Committee of Unsecured Creditors with Respect to Certain Actions* (this "Stipulation"). In support of the Stipulation, the Parties agree as follows:

**RECITALS**

1. WHEREAS, on February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), commencing the Chapter 11 Case [ECF No. 1];

2. WHEREAS, on February 17, 2023, the United States Trustee for the District of Nevada appointed the Committee in the Chapter 11 Case [ECF No. 131];

3. WHEREAS, prior to the Petition Date, on or around December 20, 2019, the Debtor initiated a lawsuit against Luis Flores in the Eighth Judicial District Court in Clark County, Nevada, which is currently pending as *Cash Cloud Inc. v. Flores*, Case No. A19-807370-B (the "Flores Litigation");

4. WHEREAS, as more fully described by the allegations in the underlying complaint, as may be amended from time to time, which has not been dismissed, the Flores Litigation concerns colorable claims that Mr. Flores is not and has never been a shareholder of the Debtor and owes certain sums to the Debtor, including attorney's fees and costs;

5. WHEREAS, prior to the Petition Date, on or around August 5, 2021, the Debtor initiated a lawsuit against Amondo Redmond in the Eighth Judicial District Court in Clark County, Nevada, which is currently pending as *Cash Cloud Inc. v. Redmond*, Case No. A-21-839023-B (the "Redmond Litigation");

6. WHEREAS, as more fully described by the allegations in the underlying complaint, as may be amended from time to time, which has not been dismissed, the Redmond Litigation concerns colorable claims that arise out of the improper actions Mr. Redmond took in (1) defrauding the Debtor as to his credentials and professional background prior to his hiring, (2) improper expenditures of Debtor funds during his employment, and (3) his post termination interference with the Debtor's prospective contracts involving professional athlete endorsements;

7. WHEREAS, prior to the Petition Date, on or around June 17, 2022, the Debtor initiated a lawsuit against Cole Kepro International, LLC in the Eighth Judicial District Court in Clark County, Nevada, which is currently pending as *Cash Cloud Inc. v. Cole Kepro International,*

*LLC*, Case No. A-22-854226-B (the "Cole Kepro Litigation");

8. WHEREAS, as more fully described by the allegations in the underlying complaint, as may be amended from time to time, which has not been dismissed, the Cole Kepro Litigation concerns colorable claims that arise from Cole Kepro's alleged production and delivery of faulty digital currency machines ("DCMs") to the Debtor;

9. WHEREAS, prior to the Petition Date, on or around August 11, 2022, the Debtor initiated binding arbitration against BitAccess Inc.("BitAccess") before the Canadian Arbitration Association in Ottawa, Ontario Canada (the "BitAccess Arbitration");

10. WHEREAS, as more fully described by the allegations in the underlying arbitration pleading and demand, as may be amended from time to time, which has not been dismissed, the BitAccess Arbitration concerns colorable claims that arise out of (1) BitAccess's improper and unlawful attempt to terminate a contract between the Debtor and BitAccess by which the Debtor has secured the software that ran a substantial portion of its DCMs and (2) BitAccess's 2021 software update which caused all of the Debtor's DCMs running the BitAccess software to shut down;

11. WHEREAS, on March 10, 2023, the Debtor filed in the Bankruptcy Court Adversary Case No. 23-01015 against Lux Vending, LLC d/b/a Bitcoin Depot;

12. WHEREAS, as more fully described by the allegations in the underlying adversary complaint, as may be amended from time to time, which has not been dismissed, the litigation against Bitcoin Depot concerns colorable claims that arise out of Bitcoin Depot's control of BitAccess, interference with certain agreements between BitAccess and the Debtor, the improper deactivation of certain licensed software, false and misleading statements to the Debtor's customers, and trademark infringement (the "Bitcoin Depot Litigation," and together with the Flores Litigation, the Redmond Litigation, the Cole Kepro Litigation, and the BitAccess Arbitration, the "Actions");

13. WHEREAS, the Committee has requested that the Debtor consent to entering into a stipulation granting the Committee derivative standing to initiate, commence, negotiate, litigate, arbitrate, mediate, settle, compromise, resolve, and to carry out any and all other or further initiatives attendant thereto, the Actions on behalf of the Debtor's estate;

14. WHEREAS, the Debtor is prepared to stipulate to such grant of derivative standing

to the Committee;

15. WHEREAS, consistent with the Parties' joint view that the Actions should ultimately be controlled by a creditors' trust upon confirmation of the *Debtor's First Amended Chapter 11 Plan of Reorganization dated August 1, 2023* [ECF No. 996] (the "Plan"), the Debtor and the Committee believe that granting such derivative standing will ensure litigation coherence and efficiency; and

16. WHEREAS, the Parties agree that such grant of derivative standing is beneficial to the Chapter 11 Case.

## **STIPULATION**

NOW, THEREFORE, based upon the foregoing and in consideration of the mutual promises and agreements set forth below and for other good, valuable, and adequate consideration hereby deemed received, the Parties hereby stipulate and agree as follows:

1. The foregoing recitals and provisions are true and correct and are incorporated herein by this reference.

2. The Committee is authorized and has derivative standing to initiate, commence, negotiate, litigate, arbitrate, mediate, settle, compromise, resolve, and to carry out any and all other or further initiatives attendant thereto, the Actions on behalf of the Debtor's estate.

3. For the avoidance of doubt, nothing in this Stipulation shall affect the ability of the Committee to obtain derivative standing with respect to any claims or causes of action for which derivative standing is not expressly granted by the Debtor herein and the Committee reserves any and all rights to seek derivative standing on any other claims or causes of action that may now or hereinafter exist.

4. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereupon and all of which shall constitute one and the same instrument.

5. The undersigned represent that they are fully authorized to enter into this Stipulation on their own behalf and on behalf of their respective client(s).

6. The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Stipulation.

IN WITNESS WHEREOF, the Parties have executed this Stipulation on the dates listed below.

Dated August 9, 2023

SEWARD & KISSEL LLP

/s/ Robert J. Gayda
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Laura E. Miller, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
One Battery Park Plaza
New York, NY 10004
gayda@sewkis.com
lotempio@sewkis.com
millerl@sewkis.com
matott@sewkis.com

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Counsel for Official Committee of Unsecured Creditors*

Dated August 9, 2023

FOX ROTHSCHILD LLP

/s/ Brett Axelrod
Brett A. Axelrod, Esq. (NSBN 5859)
Jeanette E. McPherson, Esq. (NSBN 5423)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
baxelrod@foxrothschild.com
jmcpherson@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com

*Counsel to the Debtor and Debtor in Possession*