Electronically Filed
11/22/2022 12:02 PM
Steven D. Grierson
CLERK OF THE COURT

**RPLY**
Dan R. Waite, (Nevada SBN: 4078)
DWaite@lewisroca.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel:    702.949.8200
Fax:    702.949.8398

David Z. Adler (Michigan SBN: P71227)
*(Admitted Pro Hac Vice)*
DAdler@jaffelaw.com
JAFFE RAITT HEUER & WIESS, P.C.
27777 Franklin Road Suite 2500
Southfield, MI 48034
Tel:    248.727.1563

*Attorneys for Defendant, Cole Kepro International, LLC*

## IN THE EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

|  |  |
|---|---|
| CASH CLOUD INC., a Nevada corporation, | Case No.: A-22-854226-B |
| Plaintiff, | Dep't No.:  22 |
| vs. | |
| COLE KEPRO INTERNATIONAL, LLC, a Delaware limited liability company, | **Defendant's Reply in Support of Motion for Reconsideration of Court's October 10, 2022 Order Solely as it Concerns the Contested Real Plaintiff Party in Interest** |
| Defendant. | Hearing Date: November 29, 2022<br>Hearing Time: 8:30 a.m. |

I.    **The Opposition Concedes Both That No Quote Or Purchase Order Was Ever Issued In The Name Of "Cash Cloud, Inc.," And That The Specific Purchase Order Predicating This Action Was Issued In The Name Of "Customer – Coin Cloud, LLC," Executed By Its Authorized Signatories**

The Court will note the absence of any dispute that never once during the parties' business relationship did Defendant Cole Kepro International, LLC ("Cole Kepro") issue a quote to a purchaser in the name of "Cash Cloud Inc.," and that never once was a purchase order issued by a purchaser in the name of "Cash Cloud Inc." *See* Rsp., *generally*. The opposition further concedes not only that the purchasing entity generated the specific purchase order underlying this action to

4889-5353-9647.v1

explicitly designate "<u>Customer</u> – Coin Cloud, LLC," but also that the three signatories to the purchase order – Christopher McAlary, Jeffrey Garon, and James Bauer – were at all relevant times authorized signatories of that entity. *See* Rsp., *generally*; **Exhibit 1**, Purchase Order; **Exhibit 2**, Corporate Filing Listing Garon and McAlary as Principals of Coin Cloud, LLC.

**II.    Even The Touted February 26, 2021 Version Of The Subject Purchase Order Was Issued In The Name Of "Coin Cloud" (i.e., "Not Cash Cloud Inc."), Only To Be Amended To Explicitly Clarify In The April 30, 2021 Operative Version That The Purchaser Was Indeed Coin Cloud, LLC**

The opposition touts that a precursor version of the subject purchase order was issued to Cole Kepro on February 26, 2021. **Exhibit 3**, Precursor Version of Purchase Order. But again, independent of the fact that this is not the operative version of the purchase order in any event, it *does not* designate "Cash Cloud Inc." as the purchaser. *See Id*. Rather, the opposition insists that Cole Kepro should have intuited that Cash Cloud Inc. was the contracting party notwithstanding the purchase order having been issued on February 26, 2021 bearing the name "Coin Cloud," and having been amended on April 30, 2021 to explicitly designate "<u>Customer</u> – Coin Cloud, LLC." Ex. 2.

**III.    The Premise Of The Opposition's Response, i.e., Counsel's Conclusory Assertion That "Coin Cloud LLC Had No Interaction With Defendant Ever Before," Is Wildly Deceptive Where The Affiliate Entities Cash Cloud, Inc. And Coin Cloud, LLC Had The Same Representative Agents At All Relevant Times**

The thrust of the response brief comprises counsel's conclusory *ipse dixit* that the subject purchase order's designation of "Coin Cloud, LLC" as the customer was "obviously an error [] that Defendant must have known [] because [] Coin Cloud LLC had no interaction with Defendant ever before[.]" Rsp. p. 5. But this reflects a logical fallacy since the individuals with whom Cole Kepro interacted were ostensibly and actually representative agents of *both* affiliate entities Cash Cloud Inc. and Coin Cloud LLC at all relevant times.

Indeed, the corporate filings for Cash Cloud Inc. and Coin Cloud LLC list Mr. Garon and Mr. McAlary as the co-principals of *both* entities. Ex. 2; **Exhibit 4**, Corporate Filing Listing Garon and McAlary as Principals of Cash Cloud Inc. The opposition does not and has not ever contended that Mr. Garon, Mr. McAlary, Mr. Bauer, or anyone else ever held themselves out to Cole Kepro as

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

- 2 -

1    agents or employees of Cash Cloud Inc. as opposed to Coin Cloud LLC. *See* Rsp., *generally*.  In the

2    face of the subject purchase order designating "<u>Customer</u> – Coin Cloud, LLC," the opposition does

3    not profess, for example, that Mr. Garon, Mr. McAlary, Mr. Bauer, or anyone else ever indicated

4    verbally or in writing to Cole Kepro something along the lines of, "You know you're dealing with

5    Cash Cloud Inc. and not Coin Cloud, LLC, right?"

6        Instead, the response parrots the conclusory assertions of Mr. Garon's declaration that

7    despite the supposedly "mistaken" designation of Coin Cloud LLC as the purchaser, "Coin Cloud

8    LLC did not purchase the 4,080 4th Generation kiosks from Cole Kepro," and "Coin Cloud LLC did

9    not take delivery of the 4,080 4th Generation kiosks from Cole Kepro." **Exhibit 5**, Garon Dec., ¶

10   15.  But Mr. Garon does not suggest, for example, that any employee having taken delivery of the

11   kiosks from Cole Kepro wore a uniform or nametag bearing the name "Cash Cloud Inc.," or that

12   any kiosks were hauled away in a truck bearing the name "Cash Cloud Inc."  The point, in the face

13   of a purchase order designating the customer as Coin Cloud LLC, is that such after-the-fact

14   insistence by Mr. Garon is unavailing where there never existed any differentiation between the

15   common employees and agents of Cash Cloud Inc. and Coin Cloud LLC.

16       For the avoidance of doubt, the opposition certainly does not profess to have ever advised

17   Cole Kepro that the name "Coin Cloud" appearing at the top of every purchase order was a

18   "federally registered trademark" supposedly intended to designate Cash Cloud, Inc., or any other

19   specific entity. *See* Rsp., p. 2.  Rather, and again, Cole Kepro knew that it was dealing with a

20   purchaser whose agents and purchase orders consistently referred to it as "Coin Cloud," and in this

21   particular instance as "Coin Cloud, LLC." **Exhibit 6**, Cashin Dec., ¶ 4; **Exhibit 7**, Durica Dec., ¶

22   4. Cole Kepro did not contemplate the nuances of corporate structure or ponder the identity of a

23   specific contractual privy among affiliate entities sharing the same representative agents.  Simply

24   put, when the authorized agents for an active entity called Coin Cloud LLC generate, execute, and

25   modify a form purchase order with the specific designation "<u>Customer</u> – Coin Cloud, LLC,"

26   bedrock principles of contract interpretation dictate that the customer to the transaction is Coin

27   Cloud LLC.

28       Neither does the opposition cite a single authority for its erroneous implication that the

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

- 3 -

1   identity of a party having made payment would bear in any way on the identity of the party having

2   entered into a contract, because the proposition is outright false. *See* Rsp., p. 3.  As an illustrative

3   hypothetical, consider a scenario whereby a landscaper contracts with an individual to mow her

4   lawn, and the landscaper is ultimately paid for the service with a check issued by the individual's

5   mother.  Surely, the opposition would not suggest that this gives rise to a contractual relationship

6   between the landscaper and the individual's mother, much less in the face of an express agreement

7   designating the individual as the contracting party.

**IV.   Even If There Had Been Any Purchase Orders Issued In The Name Of "Cash Cloud, Inc." Rather Than "Coin Cloud," Or In This Case Specifically "Coin Cloud, LLC," Each Purchase Order Constitutes Its Own Separate Contractual Transaction**

11      The Court will recall that in connection with 67 transactions over the course of the parties'

12  business relationship, Cole Kepro issued sales quotes each accompanied by the same standard terms

13  and conditions form, which the purchaser accepted every time through the issuance of a

14  corresponding purchase order without objection. Ex. 7, ¶¶ 6-7.  The opposition argued in its motion

15  for declaratory relief, however, that because each transaction was separate and distinct from any

16  other transaction between the parties, the standard terms and conditions should not be deemed

17  applicable to the subject 4th Generation kiosk purchase where Cole Kepro mistakenly emailed the

18  corresponding quote without the accompanying form.  Indeed, Mr. Garon himself swore in his

19  declaration that "each purchase is independent of every other purchase[,]" and that "the terms of

20  each purchase are independent of the terms of any other purchase[.]" Ex. 5, ¶ 9.

21      Suddenly, however, when the shoe is on the other foot, the common agents for both Cash

22  Cloud Inc. and Coin Cloud, LLC insist that the terms of the subject purchase order they generated,

23  specifically designating "<u>Customer</u> – Coin Cloud, LLC," should be disregarded as "obviously an

24  error [] that Defendant must have known[.]" Rsp. p. 5.  The common agents for Cash Cloud Inc.

25  and Coin Cloud, LLC cannot have their cake and eat it too.  Rather, even if there ever had been

26  either a quote submitted by Cole Kepro to a purchaser in the name of "Cash Cloud, Inc." (which

27  there was none), or a purchase order submitted by a purchaser in the name of "Cash Cloud, Inc."

28  (which there was none), it would have no bearing on the issue at hand since each transaction is

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

- 4 -

1  independent of every other transaction between the parties, and the subject purchase order generated

2  by the purchasing entity explicitly designates "Customer – Coin Cloud, LLC," signed by three

3  authorized agents for that entity.

4  **V.   The Opposition Still Offers No Explanation For A Supposed "Mistake"**

5  **Whereby The Common Agents For Cash Cloud Inc. And Coin Cloud, LLC**
   **Issued A $35,000,000 Purchase Order Specifically Supplemented To Designate**

6  **Coin Cloud LLC As The Purchaser**

7  It is beyond telling that even now, the opposition has yet to offer any explanation whatsoever

8  how the issuance of a $35,000,000 purchase order supplemented to explicitly designate Coin Cloud

9  LLC as the purchaser could have been a "mistake." *See* Rsp., *Generally*.  Indeed, whereas all the

10  other purchase orders bear the name "Coin Cloud" at the top without further explication, it bears

11  underscoring that for a "mistake" to have occurred in this instance: (i) one or more common agents

12  of Cash Cloud Inc. and Coin Cloud LLC had to decide "mistakenly" to modify the form purchase

13  order to include the explicit designation, "Customer – Coin Cloud, LLC"; (ii) one or more common

14  agents of Cash Cloud Inc. and Coin Cloud LLC had to "mistakenly" type the designation on the

15  form; and (iii) each of the three authorized representatives of Coin Cloud LLC – Mr. McAlary, Mr.

16  Garon, and Mr. Bauer – had to "mistakenly" sign the document.

17  **VI.   Cole Kepro Is Not Concerned With Res Judicata, But Rather Has A Right To**

18  **Sue The Actual Party With Whom It Contracted**

19  As the Court knows, before the opposition filed this action Cole Kepro initiated arbitration

20  against the designated "Customer – Coin Cloud, LLC" for breaching the subject purchase agreement

21  by way of its failure to pay for the 4th Generation kiosks.  The evidence will show that common

22  agents of Cash Cloud Inc. and Coin Cloud LLC only concocted a story about "defective kiosks" in

23  response to Cole Kepro's claim, as a pretext for the breach.  Following the Court's determination

24  on the opposition's motion, "In my view there was no agreement to arbitrate the disputes over the

25  purchase of the 4,000 fourth generation kiosks[,]" Cole Kepro has elected to withdraw the

26  arbitration demand and pursue its claims against Coin Cloud LLC here in the Clark County District

27  Court.

28

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

- 5 -

The opposition cites caselaw for the irrelevant proposition that, "the modern function of the real party in interest rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Rsp., p. 7 (citation omitted).  To the contrary, Cole Kepro is not invoking the real party in interest rule with the purpose of securing res judicata as against Coin Cloud LLC, Cash Cloud Inc., or any other affiliate entity.  Rather, Cole Kepro has invoked the rule because it is the one with the viable claim for breach of the subject purchase order, and it has a right to pursue that claim against the actual party with whom it contracted.

**VII.  Cole Kepro Has No Interest In "Forum Shopping," And Will Gladly Bring Its Causes Of Action As A Counterclaim Before This Court Pursuant To NRCP 17(a)(3) If The Pleading Is Amended To Substitute Coin Cloud LLC As The Proper Contracting Party**

Cole Kepro has no interest in "forum shopping" as alleged by the opposition.  If this action had been filed in the name of the actual contracting purchaser Coin Cloud LLC, then Cole Kepro would simply have brought its causes of action as a counterclaim in connection with this proceeding rather than as a separate suit against Coin Cloud LLC.  As it stands, however, Cole Kepro had no choice but to bring a separate suit.

The opposition notes that under NRCP 17(a)(3), "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Rsp., p. 7.  Indeed, Cole Kepro will gladly bring its causes of action as a counterclaim before this Court if the pleading is amended to substitute Coin Cloud LLC as the real party in interest.

/ / /

/ / /

/ / /

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

- 6 -

Wherefore, Cole Kepro respectfully requests that the Court reconsider and correct its October 10, 2022 Order to the extent it reflects that that Cash Cloud Inc. and not Coin Cloud LLC was the purchaser of the 4,080 4th Generation kiosks from Cole Kepro.

Dated this 22nd day of November, 2022.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ Dan R. Waite
    Dan R. Waite (Nevada SBN. 4078)
    DWaite@lewisroca.com
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, NV 89169
    Tel: 702.949.8200


JAFFE RAITT HEUER & WIESS, P.C.

David Z. Adler (Michigan SBN: P71227)
(Admitted Pro Hac Vice)
DAdler@jaffelaw.com
27777 Franklin Road Suite 2500
Southfield, MI 48034
Tel: 248.727.1563

Attorneys for Defendant, Cole Kepro
International, LLC

4889-5353-9647.v1

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

1

## **CERTIFICATE OF SERVICE**

2      Pursuant to NRCP 5(b), I certify that on this day, I caused a true and correct copy of the

3  following **"Defendant's Reply in Support of Motion for Reconsideration of Court's October**

4  **10, 2022 Order Solely as it Concerns the Contested Real Plaintiff Party in Interest"** to be E-

5  Filed and served on the parties listed on the Court's E-Filing and serving System.

6  James J. Jimmerson, Esq.
   jimmerson@jimmersonlawfirm.com
7  James M. Jimmerson, Esq.
   jmj@jimmersonlawfirm.com
8  THE JIMMERSON LAW FIRM, P.C.
   415 South Sixth Street, Suite 100
9  Las Vegas, Nevada 89135

10 John Naylor, Esq.
   jnaylor@naylorandbrasterlaw.com
11 NAYLOR & BRASTER
   1050 Indigo Drive, Suite 200
12 Las Vegas, Nevada 89145

13 *Attorneys for Plaintiff, Cash Cloud Inc.*

14

15     Dated this 22nd day of November, 2022.

16

17              */s/ Lisa M. Noltie*
                An Employee of Lewis Roca Rothgerber Christie LLP
18

19

20

21

22

23

24

25

26

27

28

- 8 -

4889-5353-9647.v1

# EXHIBIT 1

# EXHIBIT 1

DocuSign Envelope ID: F115A992-5B80-4A3A-8FB8-0E2D45C850E1



**P.O. NUMBER:  04302021 - 2**

**Vendor**
**Cole Kepro**
**4170 Distribution Circle**
**North Las Vegas, NV 89030**
**702-633-4270**

**Customer**
**Coin Cloud, LLC**
**9580 W. Sahara Blvd**
**Las Vegas, NV 89117**
**855-264-2046**

| P.O. DATE | REQUISITIONER | SHIPPED VIA | Notes |
|---|---|---|---|
| 04/30/2021 | Jim Bauer | N/A | |

| QTY | UNIT | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| 4080 | Domestic | BNR Version of Blue Box Kiosk / including updated NUC PC and $200 discount on BNR from CPI | $8,464.00 | $34,533,120.00 |
| | | | SUBTOTAL | $34,533,120.00 |
| | | | Total | $34,533,120.00 |

_James M Bauer_                                4/30/2021
James Bauer    VP of Operations        Date

_Jeffrey L. Garon_                            4/30/2021
Jeffrey L. Garon    CFO/COO            Date

                                              4/30/2021
Chris McAlary    President/CEO          Date

# EXHIBIT 2

# EXHIBIT 2

## ENTITY INFORMATION

### ENTITY INFORMATION

**Entity Name:**

COIN CLOUD LLC

**Entity Number:**

E0336612017-1

**Entity Type:**

Domestic Limited-Liability Company (86)

**Entity Status:**

Active

**Formation Date:**

07/17/2017

**NV Business ID:**

NV20171448790

**Termination Date:**

Perpetual

**Annual Report Due Date:**

7/31/2022

**Series LLC:**

☐

**Restricted LLC:**

☐

### REGISTERED AGENT INFORMATION

000002

Silver-Tume Nevada's Business Portal to start/manage your business

**Name of Individual or Legal Entity:**

SMITH & SHAPIRO, PLLC

**Status:**

Active

**CRA Agent Entity Type:**

**Registered Agent Type:**

Commercial Registered Agent

**NV Business ID:**

NV20151119890

**Office or Position:**

**Jurisdiction:**

NEVADA

**Street Address:**

3333 E. SERENE AVE., SUITE 130, Henderson, NV, 89074, USA

**Mailing Address:**

**Individual with Authority to Act:**

**Fictitious Website or Domain Name:**

**OFFICER INFORMATION**

☐ VIEW HISTORICAL DATA

| Title | Name | Address | Last Updated | Status |
|-------|------|---------|--------------|--------|
| Other/ | Christopher McAlary | 9580 W Sahara Ave Suite 200, Las Vegas, NV, 89117, USA | 07/16/2021 | Active |
| Other/ | Christopher McAlary | 9580 W Sahara Ave Suite 200, Las Vegas, NV, 89117, USA | 07/16/2021 | Active |
| Other/ | Jeffrey L Garon | 9580 W Sahara Ave Suite 200, Las Vegas, NV, 89117, USA | 07/16/2021 | Active |

000003

| Title | Name | Address | Last Updated | Status |
|-------|------|---------|--------------|--------|
| Other/ | Jeffrey L Garon | 9580 W Sahara Ave Suite 200, Las Vegas, NV, 89117, USA | 07/16/2021 | Active |
| Other/ | Jeffrey L Garon | 9580 W Sahara Ave Suite 200, Las Vegas, NV, 89117, USA | 07/16/2021 | Active |

< Previous   ...   1  2  ...   Next >   Page 1 of 2, records 1 to 5 of 6         Go to Page

Filing History        Name History        Mergers/Conversions

Return to Search        Return to Results

000004

# EXHIBIT 3

# EXHIBIT 3

CoinCloud

**P.O. NUMBER: 2011**

Cole Kepro
4170 Distribution Circle
North Las Vegas, NV 89030
702-633-4270

9580 West Sahara Avenue, unit 200
Las Vegas, NV 89117
**Phone 855-264-2046**

| P.O. DATE | REQUISITIONER | SHIPPED VIA | Notes |
|---|---|---|---|
| 02/25/2021 | David Ellingson | n/a | |

| QTY | UNIT | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| 4080 | Domestic | 1500 Domestic build-type kiosk | $8,575.00 | $34,986,000.00 |
| | | | SUBTOTAL | $34,986,000.00 |
| | | | TOTAL | $34,986,000.00 |

James Bauer    VP of Operations                    2-26-2021
                                                    Date

Jeffery Garon    CFO/COO                           2/26/2021
                                                    Date

# EXHIBIT 4

# EXHIBIT 4

## ENTITY INFORMATION

### ENTITY INFORMATION

**Entity Name:**

CASH CLOUD INC.

**Entity Number:**

E0169492014-9

**Entity Type:**

Domestic Corporation (78)

**Entity Status:**

Active

**Formation Date:**

04/01/2014

**NV Business ID:**

NV20141224045

**Termination Date:**

Perpetual

**Annual Report Due Date:**

4/30/2023

### REGISTERED AGENT INFORMATION

**Name of Individual or Legal Entity:**

REGISTERED AGENTS INC.

**Status:**

Active

**CRA Agent Entity Type:**

**Registered Agent Type:**

Commercial Registered Agent

**NV Business ID:**

NV20131735999

**Office or Position:**

**Jurisdiction:**

WYOMING

**Street Address:**

401 RYLAND ST STE 200-A, Reno, NV, 89502, USA

**Mailing Address:**

**Individual with Authority to Act:**

BILL HAVRE

**Fictitious Website or Domain Name:**

## OFFICER INFORMATION

☐ **VIEW HISTORICAL DATA**

| Title | Name | Address | Last Updated | Status |
|---|---|---|---|---|
| President | Christopher McAlary | 10190 Covington Cross Drive, Las Vegas, NV, 89144, USA | 04/22/2022 | Active |
| Secretary | Jeffrey L. Garon | 10190 Covington Cross Drive, Las Vegas, NV, 89144, USA | 04/22/2022 | Active |
| Treasurer | Jeffrey L. Garon | 10190 Covington Cross Drive, Las Vegas, NV, 89144, USA | 04/22/2022 | Active |
| Director | Christopher McAlary | 10190 Covington Cross Drive, Las Vegas, NV, 89144, USA | 04/22/2022 | Active |
| Director | Jeffrey L. Garon | 10190 Covington Cross Drive, Las Vegas, NV, 89144, USA | 04/22/2022 | Active |

< Previous    ...    1    [2]    ...    Next >    Page 1 of 2, records 1 to 5 of 6    [        ]    Go to Page

## CURRENT SHARES

| Class/Series | Type | Share Number | Value |
|---|---|---|---|
| | Authorized | 1,000 | 0.001000000000 |
| | Common | 10,000 | 0.0001 |

Page 1 of 1, records 1 to 2 of 2

Number of No Par Value Shares:

**0**

Total Authorized Capital:

**11**

Filing History        Name History        Mergers/Conversions

Return to Search        Return to Results

000007        3/3

# EXHIBIT 5

# EXHIBIT 5

**DECLARATION OF JEFFREY L. GARON**

I, Jeffrey L. Garon, pursuant to NRS 53.045, declare under penalty of perjury, the following:

1. I am the Chief Financial Officer and Co-President of Cash Cloud Inc. ("Cash Cloud"). I also serve as Treasurer, Corporate Secretary, and as a Director of Cash Cloud.

2. I have personal knowledge of the matters contained herein and am competent to testify thereto, except for those matters stated upon information and belief, and to those matters, I believe them to be true.

3. This Declaration is made in support of Cash Cloud Inc.'s Motion for Declaratory Judgment and for Stay of Arbitration Proceedings (the "Motion").

4. Cash Cloud is a Nevada corporation based in Las Vegas specializing in the retail purchase and sale of digital currency (commonly known as cryptocurrency). Retail purchase and sale of digital currency is effectuated using kiosks (commonly known as "bitcoin ATMs"). As a result of its knowledge, effort, and tenure in the market, Cash Cloud is widely known as a leader in the retail digital currency trading industry.

5. Cash Cloud operates under the fictitious firm name "Coin Cloud," registered with Clark County.

6. Cash Cloud also owns two federally registered trademarks using the name Coin Cloud: (1) the word mark Coin Cloud; and (2) the combination mark (i.e., logo) for Coin Cloud.

7. Coin Cloud LLC is a Nevada limited liability company who has one owner in common with Cash Cloud, Christopher McAlary, who also serves as a manager of Coin Cloud LLC. At Mr. McAlary's request, I have assisted him in maintaining Coin Cloud LLC's registration with the Nevada Secretary of State. Notwithstanding its status in good standing with the Nevada Secretary of State, Coin Cloud LLC does not conduct active business operations and has not done so for several years. Coin Cloud LLC had no active business operations in 2021.

8.      Cash Cloud has made several purchases of equipment for its business from Defendant Cole Kepro International, LLC ("Cole Kepro").  The purchases are generally reflected in purchase orders submitted to Cole Kepro using Cash Cloud's fictitious firm name, Coin Cloud.  All purchases of equipment from Cole Kepro that I have been involved in have been made by Cash Cloud and payments for the same have come from Cash Cloud's bank account.

9.      Each purchase made by Cash Cloud with Cole Kepro is independent of every other purchase Cash Cloud has made with Cole Kepro and the terms of each purchase are independent of the terms of any other purchase between Cash Cloud and Cole Kepro.

10.     In February 2021, Cash Cloud agreed to purchase 4,080 4th Generation Cole Kepro kiosks ("C-2960-01-000-GEN04 -Coin Cloud Bitcoin Kiosk With BNR") from Cole Kepro for a total price of $34,986,000.00.

11.     On February 16, 2021, Rick Durica of Cole Kepro sent Cash Cloud two sales quotes for the 4th Generation kiosks: one for $8,550.00 per kiosk and one for $8,575.00 per kiosk (the latter of which reflected an updated price for speakers and harness).  Neither of these sales quotes included any terms and conditions beyond the production/delivery and payment terms reflected on each one-page sales quote.  Neither of these sales quotes included any provision for the arbitration of disputes between Cash Cloud and Cole Kepro.

12.     Cash Cloud agreed to purchase 4,080 of the 4th Generation kiosks for the $8,575.00 per unit price (totaling $34,986,000.00), consistent with quote number 4275-1 (a true and accurate copy of which is attached to the Motion as Exhibit 8).  On February 26, 2021, I signed a signed purchase order for Cash Cloud's purchase of 4,080 4th Generation kiosks for $34,986,000.00 (a true and accurate copy of which is attached to the Motion as Exhibit 9).  Lead time for the production/delivery of the kiosks was 12 weeks.

13.     The purchase order for 4,080 4th Generation kiosks was emailed to Andrew Cashin at Cole Kepro on February 26, 2021 (a true and accurate copy of the email is attached to the Motion as Exhibit 10).   In response, Mr. Cashin emailed back on February 26, 2021, stating, "Thank you very much. We've all worked very hard to get to this point.  Now we have to execute at this next level.  We're on it."  A true and correct copy of Mr. Cashin's February 26, 2021 email is attached to the Motion as Exhibit 11.

14.     Approximately eight weeks later, after further discussions with Cole Kepro, Cole Kepro offered to sell the 4th Generation kiosks at a slightly lower price to Cash Cloud ($8,464.00 per unit).  Cole Kepro's offer to sell the 4th Generation kiosks at the slightly lower price did not include any provision for arbitration of disputes between Cash Cloud and Cole Kepro.  On April 30, 2021, I executed a purchase order for the 4,080 4th Generation kiosks for a total price of $34,533,120.00 (a true and accurate copy of the email is attached to the Motion as Exhibit 12).

15.     While this purchase order was on Cash Cloud's letterhead including the registered trademarked Coin Cloud logo, the purchase order mistakenly said that the purchaser was Coin Cloud LLC, not Cash Cloud.  Notwithstanding this error, Coin Cloud LLC did not purchase the 4,080 4th Generation kiosks from Cole Kepro.  Coin Cloud LLC did not take delivery of the 4,080 4th Generation kiosks from Cole Kepro.  Coin Cloud LLC did not make payments for the 4,080 4th Generation kiosks from Cole Kepro.  Cash Cloud purchased the 4,080 4th Generation kiosks from Cole Kepro.  Cash Cloud took delivery of the 4,080 4th Generation kiosks from Cole Kepro.  Cash Cloud made payments from its bank account for the 4,080 4th Generation kiosks from Cole Kepro.

16.     Cash Cloud, not Coin Cloud LLC, possesses the rights and remedies available to the purchaser of the 4,080 4th Generation kiosks from Cole Kepro.

17.     Cash Cloud's purchase of the 4,080 4th Generation kiosks from Cole Kepro did not include any agreement to arbitrate disputes between Cash Cloud and Cole

1   Kepro.  Cash Cloud has not agreed and does not agree to arbitrate its dispute with Cole

2   Kepro concerning the purchase of 4,080 4th Generation kiosks from Cole Kepro.

3        18.    Later in 2021, Cash Cloud discussed a potential purchase of a new line of

4   kiosks called "Spanners" from Cole Kepro.

5        19.    On August 17, 2021, Rick Durica emailed me (and others) a proposal for

6   the purchase of 10,000 Spanner kiosks.  This proposal did not include any provision for

7   arbitration and did not include the two-page set of terms and conditions attached to

8   Andrew Cashin's November 1, 2021 email to me.

9        20.    On August 26, 2021, I signed a purchase order for Cash Cloud's purchase

10  of 10,000 Spanner kiosks for $10,000 per unit (a true and accurate copy of which is

11  attached to the Motion as Exhibit 14).  Like the February 26, 2021 purchase order, the

12  August 26, 2021 purchase order was made on Cash Cloud's letterhead including the Coin

13  Cloud logo.

14       21.    On November 1, 2021, Andrew Cashin of Cole Kepro emailed me

15  requesting that I "confirm the following purchase order for $100,000,000.00."  Included

16  in this email was an attachment of the two-page .pdf of terms and conditions, which Mr.

17  Cashin acknowledged was not included in the sales quote for the Spanners, but that

18  Cole Kepro wished to be part of the purchase of the Spanners.  In response to this email,

19  I confirmed the purchase order.

20       22.    At no point in time did Cash Cloud agree that all of Cash Cloud's purchases

21  of Cole Kepro's products would be subject to the terms and conditions attached to Mr.

22  Cashin's November 1, 2021 email.

23       23.    At no point in time did Cash Cloud agree that its purchase of 4,080 4th

24  Generation kiosks would be subject to the terms and conditions attached to Mr. Cashin's

25  November 1, 2021 email.

26       24.    Indeed, I certainly could not and did not agree that the two-page .pdf of

27  terms and conditions had, in the past, been included in all sales quotes because Cole

28

1  Kepro had not included the two-page .pdf of terms and conditions in all prior sales quotes
2  to Cash Cloud.

3    25.    A dispute has arisen between Cash Cloud and Cole Kepro concerning the
4  purchase of 4,080 4th Generation kiosks.  Cole Kepro issued a demand for arbitration
5  dated May 27, 2022 concerning multiple purchase orders, including Cash Cloud's
6  purchase of 4,080 4th Generation kiosks from Cole Kepro (a true and accurate copy of
7  which is attached to the Motion as Exhibit 15).

8    26.    Because Cash Cloud has never agreed to arbitrate any dispute concerning
9  its purchase of 4,080 4th Generation kiosks with Cole Kepro, Cash Cloud is pursuing its
10  remedies before this Court.  However, because the arbitration organization selected by
11  Cole Kepro (AAA) has stated that it will move forward with arbitration absent a court
12  order, an order declaring that there is no arbitration agreement between Cash Cloud
13  and Cole Kepro concerning the purchase of 4,080 4th Generation kiosks and staying the
14  arbitration concerning the purchase of 4,080 4th Generation kiosks is needed.

15    I declare that the foregoing is true and correct under penalty of perjury under the
16  laws of the State of Nevada.

17    Executed this 23rd day of June, 2022.

18
19
20                                                                    JEFFREY L. GARON
21
22
23
24
25
26
27
28

5

# EXHIBIT 6

# EXHIBIT 6

**DECLARATION OF ANDREW CASHIN**

I, Andrew Cashin, pursuant to NRS 53.045, declare the following:

1.    I am the President and CFO of Cole Kepro International, LLC ("CKI").

2.    I make this declaration based on personal knowledge, and if called to testify as a witness in this matter I would testify competently and consistently with the representations contained herein.

3.    This declaration is made in support of CKI's Response in Opposition to Plaintiff's Motion for Declaratory Judgment and for Stay of Arbitration Proceedings, in addition to CKI's Countermotion to Dismiss Case No. A-22-854226-C.

4.    CKI has maintained a multi-year business relationship with an entity whose purchase orders consistently designate it as "Coin Cloud," having its address at 9580 W. Sahara Blvd., Las Vegas, NV 89117.

5.    The allegation predicating the plaintiff's Complaint in Case No. A-22-854226-C is false, specifically that "[t]he 4,080 digital currency kiosks purchased suffer from a screen defect which interferes with the normal operation of the kiosk, including the use of the kiosk to purchase and/or sell digital currency." (Compl., ¶ 29).

6.    Both CKI and Coin Cloud test every product before it leaves CKI's facility.

7.    In early 2022, Coin Cloud's CFO/COO Jeffrey Garon began asking me for concessions because Coin Cloud was falling behind on its payments owed to CKI for the 4th Generation kiosks.

I declare that the foregoing is true and correct under penalty of perjury per the laws of the State of Nevada.

Executed this _13_ day of July, 2022.



_____
Andrew Cashin

# EXHIBIT 7

# EXHIBIT 7

## DECLARATION OF RICK DURICA

I, Rick Durica, pursuant to NRS 53.045, declare the following:

1. I am the Vice President of Sales of Cole Kepro International, LLC ("CKI").

2. I make this declaration based on personal knowledge, and if called to testify as a witness in this matter I would testify competently and consistently with the representations contained herein.

3. This declaration is made in support of CKI's Response in Opposition to Plaintiff's Motion for Declaratory Judgment and for Stay of Arbitration Proceedings, in addition to CKI's Countermotion to Dismiss Case No. A-22-854226-C.

4. CKI has maintained a multi-year business relationship with an entity whose purchase orders consistently designate it as "Coin Cloud," having its address at 9580 W. Sahara Blvd., Las Vegas, NV 89117.

5. CKI and Coin Cloud engaged in over 80 transactions between December 2019 and April 2022, whereby CKI would issue a sales quote and Coin Cloud would accept by issuing a corresponding purchase order.

6. 67 of CKI's aforementioned sales quotes issued to Coin Cloud throughout the parties' multi-year course of dealing were accompanied by CKI's applicable standard two-page terms and conditions form, identical in each instance.

7. Never once during the parties' multi-year business relationship did Coin Cloud raise any objection to the standard terms on the form.

8. Coin Cloud received and accepted 12 CKI quotes accompanied by the same standard terms and conditions form before the quote at issue in the subject motion and countermotion was sent on February 16, 2021. Coin Cloud issued the corresponding purchase order on April 30, 2021, to buy 4,080 4th Generation kiosks from CKI for $34,533,120.00.

9. The quote at issue is among a handful of those I mistakenly emailed to Coin Cloud during the parties' multi-year business relationship without the accompanying standard terms and conditions form that Coin Cloud received and accepted in connection with 67 other transactions.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

I declare that the foregoing is true and correct under penalty of perjury per the laws of the State of Nevada.

Executed this 18 day of July, 2022.

Rick Durica