**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Phone: (702) 685-4444
Email: ccarlyon@caryloncica.com
    dcica@carlyoncia.com

Allan B. Diamond, Esq. (*pro hac vice pending*)
Stephen T. Loden, Esq. (*pro hac vice pending*)
Christopher D. Johnson, Esq. (*pro hac vice pending*)
**DIAMOND McCARTHY LLP**
909 Fannin, Suite 3700
Houston, Texas 77010
Phone: (713) 333-5100
Email: adiamond@diamondmccarthy.com
    sloden@diamondmccarthy.com
    chris.johnson@diamondmccarthy.com

*Co-Counsel for Chris McAlary*

*Co-Counsel for Chris McAlary*
*Pro Hac Vice Pending*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

  CASH CLOUD, INC.,
  dba COIN CLOUD,

        Debtor.

Case No. BK-23-10423-MKN
Chapter 11

**EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 OF THE COMMITTEE**

Chris McAlary and CC BR Holdco, LLC, a Nevada limited liability company  (collectively

"Movant"), by and through its undersigned counsel, hereby applies for an order pursuant to Rule[1]

2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") and LR 2004 directing a

representative of the Official Committee of Unsecured Creditors (the "Committee"), to appear for

an examination **no less than fourteen (14) days' notice** regarding, among other things, (i) the

Committee's valuation of estate claims against Cole Kepro International, LLC ("Cole Kepro", and

the "Cole Kepro Claims"); (2) the Committee's investigation and analysis into Cole Kepro's

---

[1] Unless otherwise indicated, all references to a "Section" or a "Chapter" are to Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037; "Local Rule" references are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada. All references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of court.

assertions that if the Cole Kepro Claims are pursued Cole Kepro will file for bankruptcy; (3) the Committee's analysis and consideration of the offers of Movant to purchase the Cole Kepro Claims; (4) the Committee's communications with Cash Cloud, Inc. (the "Debtor") regarding Movant's offers to purchase the Cole Kepro Claims; (5) any communications between the Committee and Cole Kepro regarding any offer purchase or settle the Cole Kepro Claims by Cole Kepro; (6) the Committee's analysis and consideration of any offers by Cole Kepro to purchase or settle the Cole Kepro Claims; and (7) any communications between the Committee and the Debtor regarding any offer made by Cole Kepro to purchase or settle the Cole Kepro Claims.   The examination date and location of the Rule 2004 examination will be provided through the subsequent issuance of a subpoena and notice of Rule 2004 examination. Movant further requests that the order provide that the examination may be continued from day to day until concluded.[2]

Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Such an examination may relate to the acts, conduct, or property, to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. See FED. R. BANKR. P. 2004(b). Here, the requested examination relates to matters that are within the permitted scope of Rule 2004, as such matters relate to the acts, conduct, property, liabilities and financial condition of the Debtor.

Local Rule 2004(b) further provides that "[o]rders for examination may be signed by the clerk if the date set for examination is more than fourteen (14) days from the date the motion is filed."   Therefore, the Clerk may sign an order for the Rule 2004 examination.

---

[2] The examination will be recorded via stenographic means and may also be recorded by a videographer.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREFORE, Movant respectfully requests that the Court or the Clerk of Court enter the *Order Granting Ex Parte Motion for Examination of the Official Committee of Unsecured Creditors Pursuant to Bankruptcy Rule 2004* submitted herewith as **Exhibit 1.**

Dated this 22nd day of August 2023.

**CARLYON CICA CHTD.**

*/s/ Dawn M. Cica*
CANDACE C. CARYLON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Ste. 107
Las Vegas, Nevada 89119

*Co-Counsel for Chris McAlary*

**DIAMOND MCCARTHY LLP**

*/s/ Christopher D. Johnson*
Allan B. Diamond, Esq. (*pro hac vice pending*)
Stephen T. Loden, Esq. (*pro hac vice pending*)
Christopher D. Johnson, Esq. (*pro hac vice pending*)
909 Fannin, Suite 3700
Houston, Texas 77010

*Co-Counsel for Chris McAlary*
*Pro Hac Vice Pending*

# CERTIFICATE OF SERVICE

On August 22, 2023, I served the following document(s):

**EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 OF THE COMMITTEE**

I served the above document(s) by the following means to the persons as listed below:

    ☒    a.    ECF System:
    ☐    b.    United States mail, postage fully prepaid:
    ☐    c.    Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    By fax transmission:
Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    By messenger:
I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 22, 2023.

By: /s/ Nancy Arceneaux
An employee of Carlyon Cica Chtd.

# EXHIBIT "1"

# EXHIBIT "1"

**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Phone: (702) 685-4444
Email: ccarlyon@caryloncica.com
            dcica@carlyoncia.com

*Co-Counsel for Chris McAlary*

Allan B. Diamond, Esq. (*pro hac vice pending*)
Stephen T. Loden, Esq. (*pro hac vice pending*)
Christopher D. Johnson, Esq. (*pro hac vice pending*)
**DIAMOND McCARTHY LLP**
909 Fannin, Suite 3700
Houston, Texas 77010
Phone: (713) 333-5100
Email: adiamond@diamondmccarthy.com
            sloden@diamondmccarthy.com
            chris.johnson@diamondmccarthy.com

*Co-Counsel for Chris McAlary*
*Pro Hac Vice Pending*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-23-10423-MKN |
|---|---|
| CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Chapter 11<br><br>**ORDER GRANTING EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 OF THE COMMITTEE** |

This Court having reviewed the *Ex Parte Motion for an Order Directing Examination Pursuant to Fed. R. Bankr. P. 2004 of the Committee* (the "Motion") filed by Chris McAlary and CC BR Holdco, LLC, a Nevada limited liability company (collectively "Movant") and for good cause appearing:

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that a representative of the Official Committee of Unsecured Creditors  shall appear for an examination under oath before a certified court reporter at a time, place,

1   and date to be mutually agreed upon by the parties, or if no such agreement is reached, upon no less

2   than fourteen (14) calendar days' written notice by Movant, as to any matter permitted by Fed. R.

3   Bankr. P. 2004, including but not limited to the matters specifically enumerated in the Motion.

4   Movant will also issue a separate notice of examination and subpoena for the date that the 2004

5   examination is scheduled.

6       IT IS FURTHER ORDERED that the examination may be continued from day to day until

7   concluded.

8       IT IS FURTHER ORDERED that the examination will be recorded by a certified court

9   reporter by stenographic means and may also be videographically recorded.

10

11      IT IS SO ORDERED.

12
    Submitted by:
13
    **CARLYON CICA CHTD.**
14

15  <u>/s/ Dawn M. Cica</u>
    CANDACE C. CARYLON, ESQ.
    Nevada Bar No. 2666
16  DAWN M. CICA, ESQ.
    Nevada Bar No. 4565
17  265 E. Warm Springs Road, Ste. 107
    Las Vegas, Nevada 89119
18

19  *Co-Counsel for Chris McAlary*

20  **DIAMOND McCARTHY LLP**

21  <u>/s/ Christopher D. Johnson</u>
    Allan B. Diamond, Esq. (*pro hac vice pending*)
22  Stephen T. Loden, Esq. (*pro hac vice pending*)
    Christopher D. Johnson, Esq. (*pro hac vice pending*)
23  909 Fannin, Suite 3700
    Houston, Texas 77010
24
    *Co-Counsel for Chris McAlary*
25  *Pro Hac Vice Pending*

26

27

28