_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
August 24, 2023

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re: | Case No. 23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC., | |
| dba COIN CLOUD, | |
| | Date: August 17, 2023 |
| Debtor. | Time: 10:30 a.m. |

**ORDER ON OBJECTION TO DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED AUGUST 1, 2023**[1]

On August 17, 2023, a combined hearing was conducted on final approval of the Debtor's Disclosure Statement for Chapter 11 Plan of Reorganization Dated May 8, 2023 ("Disclosure Statement") (ECF No. 529) as well as on confirmation of its proposed First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023 ("Amended Plan") (ECF No. 996). The combined hearing was held in accordance with a prior order entered by the court that conditionally approved the Disclosure Statement. (ECF No. 554). An additional order was entered setting related deadlines, including the Debtor's submission of an updated liquidation analysis. (ECF No. 918). The hearing was continued provisionally to August 29, 2023.

Prior to the combined hearing, objections to plan confirmation were filed on behalf of the following parties: Brink's Incorporated (ECF Nos. 837 and 838); Christopher McAlary ("McAlary") (ECF No. 1061); and Cole Kepro International, L.L.C. (ECF No. 1070). Prior to

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq.

1

the hearing, a ballot tabulation was filed. (ECF No. 1077). The tabulation reflects that proposed plan treatment has been accepted by Class 2(b) (Genesis Global Holdco, LLC) and by Class 3(b) (general unsecured claims at 96.42% by dollar amount and 95.45% by number). The tabulation also reflects that proposed plan treatment has been rejected by Class 2(c) (Enigma Securities Ltd.) and Class 3(a) (AVT Nevada). No ballots were cast in Class 4 (equity interests), as such interests are presumed to have rejected the proposed plan. Confirmation of the Amended Plan is supported by the Official Committee of Unsecured Creditors ("Creditors Committee") previously appointed in this Chapter 11 proceeding. (ECF Nos. 131, 177, and 1066).

Prior to the hearing, Debtor filed and served a Notice of Filing of Proposed Order: (A) Approving Debtor's Disclosure Statement [ECF No. 529] on a Final Basis; and (B) Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023 [ECF No. 996] (proposed "Plan Confirmation Order"). (ECF No. 1080). Additionally, Debtor filed and served a Notice of Filing of (A) Revised Exhibit A – Creditor Trust Agreement and Declaration of Trust; and (B) Redline of Exhibit A - Creditor Trust Agreement and Declaration of Trust Attached to Supplement to Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023 [ECF No. 528] ("Creditor Trust Agreement"). (ECF No. 1081).

At the combined hearing, counsel on behalf of Brink's Incorporated, Cole Kepro International, L.L.C., Enigma Securities Ltd., and AVT Nevada consented to the language in the proposed Plan Confirmation Order addressing their confirmation objections and proposed plan treatment. No party objected to the language or terms of the Creditor Trust Agreement. Additionally, Enigma Securities Ltd. as well as AVT Nevada did not object to language in the Plan Confirmation Order permitting cramdown treatment of their dissenting Classes 2(C) and 3(a). In light of such consent, the court entertained oral argument on the remaining confirmation objection raised by McAlary.

McAlary is the only party that continues to object to plan confirmation, even though he is the one who signed the Debtor's initial Chapter 11 Plan dated May 8, 2023 (ECF No. 528) and also signed the Disclosure Statement on behalf of the Debtor. Regardless of the atypical identity

of the objecting party, however, the court has an independent duty to determine whether the Chapter 11 plan proponent has satisfied the requirements for confirmation under Section 1129.

McAlary's primary objection, in various forms, concerns whether the proposed Amended Plan is feasible under Section 1129(a)(11). McAlary maintains that the Amended Plan does not include an adequate means of implementation as required by Section 1123(a)(5) because its effective date does not occur until after payment of substantial administrative claims anticipated in this case. He argues that unless claims entitled to priority are paid on the effective date as required by Section 1129(a)(9), including Chapter 11 professional fees and other administrative claims under Section 507(a)(2), the Amended Plan simply cannot be implemented. Because the payment of all administrative claims depends on the uncertain results of further efforts to liquidate and/or collect sums claimed by the Debtor, McAlary concludes that there is insufficient evidence to determine when the proposed Plan will be effective and therefore no basis to find that the so-called "feasibility" requirement under Section 1129(a)(11) has been met.

Section 1129(a)(11) only requires, however, a finding that confirmation is "not likely to be followed by the liquidation…of the debtor…unless such liquidation…is proposed in the plan." In this instance, the initial Chapter 11 Plan dated May 8, 2023 "toggled" between two alternatives: one if the Debtor obtained a sale of substantially all of its assets, and the other if a sale did not occur. If the former, the Debtor's operations would cease and any remaining assets would be administered through a separate creditor trust; if the latter, a reorganized debtor would emerge to continue operations.

After an auction sale of substantially all of the Debtor's assets was approved (ECF No. 795), Debtor filed the Amended Plan dated August 1, 2023 that implements the first toggle alternative, i.e., to cease operations and to liquidate its remaining assets through a creditor trust. The consequence of this alternative is dictated by the elements present under Section 1141(d)(3): the Debtor will not receive a bankruptcy discharge because it is liquidating all of its assets, it will no longer engage in business, and it is not an individual eligible for a discharge under Section 727(a). Under these circumstances, the court concludes that the actual language used in Section 1129(a)(11) has been satisfied, to wit: confirmation of the Amended Plan is not "likely to be

3

followed by the liquidation" of the Debtor because the purpose of the proposed plan itself is the liquidation of the Debtor.

The decision to liquidate a non-individual debtor in Chapter 11 rather than to convert to Chapter 7 or to simply dismiss the bankruptcy proceeding carries an additional implication. Under any one of the three alternatives – Chapter 11 liquidation, Chapter 7 conversion, or dismissal of the bankruptcy proceeding - the non-individual entity does not obtain a discharge of its personal liability for existing debts. Under any of the alternatives, unsecured creditors hope to be paid, if at all, from the unencumbered assets of the debtor. Bankruptcy, however, offers certain unique tools available to investigate the activities of a debtor (including by its insiders) and to recover assets transferred by a debtor. Because the administrative expenses of bankruptcy, whether in Chapter 11 or in Chapter 7, are paid if at all ahead of non-priority, unsecured claims, there is limited benefit in incurring additional priority administrative expenses by conversion to Chapter 7 if the same approach to recovering estate assets must be pursued. Thus, a Chapter 11 debtor's business judgment to liquidate in Chapter 11, rather than converting to Chapter 7, should be given considerable weight, especially if it is supported by an official committee of unsecured creditors. In this instance, the official Creditors Committee as well as over 95% of the nonpriority unsecured creditors casting ballots support confirmation of the Amended Plan.

Even if this conclusion is not dictated by the actual words used in Section 1129(a)(11), the traditional notions of Chapter 11 "feasibility" also have been satisfied. Once a permissible decision has been made to liquidate in Chapter 11 rather than to reorganize, far less is required to implement that decision. A reorganized debtor entity will not emerge, a restructuring of existing operations will not occur, a financing of ongoing activities will not be necessary, and a replacement of management is not required. Absent a restructuring or management succession, the disclosure requirements of post-confirmation management under Section 1129(a)(5) simply does not apply.

What does apply, however, is the consideration of how the administrative expenses incurred in the Chapter 11 proceeding will be paid. Indeed, the payment of allowed

4

administrative and other priority claims in bankruptcy is appropriately considered in every case. Absent such priority status, there is little incentive or inducement for third parties to provide postpetition goods or services to any bankruptcy estate. Section 1129(a)(9) reflects the contractual nature of Chapter 11 proceedings where priority claimants can insist on payment in full on the effective date of a plan, "except to the extent that the holder of a particular claim has agreed to a different treatment of such claim." In other words, administrative creditors in certain Chapter 11 cases may conclude that their best hope of being paid all or a greater portion of their priority claims lies in confirming the proposed plan rather than preventing confirmation. Although multiple parties in this case have simply filed "administrative claims" or sought allowance of administrative claims, none have objected to confirmation of the Amended Plan. Similarly, the vast majority of nonpriority unsecured creditors support confirming a plan whose effective date occurs after allowed priority claims are paid in full. Under these circumstances, the court concludes that the requirements of Section 1129(a)(9) have been satisfied.

  The degree of certainty required for a Chapter 11 plan to be feasible varies from case to case and plan to plan. In this instance, is there a certainty that the proposed creditor trust will succeed in collecting all of the assets it pursues? No. Is there certainty that a Chapter 7 trustee would succeed in collecting all of the assets that she or he pursues? No. Is certainty required? No. Is there a sufficient showing of certainty that the claims of the estate will be pursued? Yes. In conjunction with plan confirmation, Debtor seeks approval of a stipulation for the Creditors Committee to obtain derivative standing to pursue claims of the estate, including a possible claim against McAlary, as well as avoidance and collection claims typically held by the Chapter 11 estate. That requested approval of the proposed stipulation is the subject of a separate order. In this instance, an overwhelming majority of the general unsecured creditor class accept an uncertain chance of receiving some return on their claims rather than a certainty of receiving no return at all on their claims.

  Finally, the court considers McAlary's objection to the Declaration of Tanner James, to which is attached the Debtor's amended liquidation analysis. The declarant is the Debtor's financial adviser who previously was authorized to file the updated liquidation analysis.

McAlary argues that Paragraphs 5, 7, 8, 10, 11, 12, 13, 15, 16, and 17 of the declaration contain inadmissible hearsay. No objection is raised, however, to the liquidation analysis attached as Exhibit 1 to the declaration, nor to the financial adviser's testimony in Paragraph 4 that the Amended Plan does not worsen the outcome for creditors. Moreover, McAlary does not object to the testimony in Paragraph 6 that the value of recoverable assets will materially degrade without the services of current Chapter 11 professionals. McAlary also does not object to the financial adviser's testimony in Paragraph 9 that the assets generated by the proposed creditor trust may be sufficient to pay all allowed administrative and priority claims in full, and possibly provide a small return to general unsecured claims. Regardless of the merit, if any, of McAlary's hearsay objections, the remaining uncontradicted testimony is significant. At the confirmation hearing, no request was made to cross-examine the declarant or to have him testify as a live witness. Moreover, no testimony was offered or provided from McAlary, or any competent witness, to dispute the liquidation analysis offered by the Debtor. On this record, the preponderance of the evidence presented supports a finding and a conclusion that the Amended Plan satisfies the requirements of Section 1129(a)(11), as well as the remaining applicable requirements of Section 1129(a) and 1129(b).

**IT IS THEREFORE ORDERED** that the Objection to Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023, brought by Christopher McAlary, Docket No. 1061, be, and the same hereby is, **OVERRULED**.

**IT IS FURTHER ORDERED** that Exhibit "1" to the Notice of Filing of Proposed Order: (A) Approving Debtor's Disclosure Statement [ECF No. 529] on a Final Basis; and (B) Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023, filed on August 16, 2023, as Docket No. 1080, is **APPROVED.** Counsel for the Debtors shall upload in final form the proposed order appearing as Exhibit "1" to the aforementioned Notice.

**IT IS FURTHER ORDERED** that the continued hearing in this matter scheduled provisionally for August 29, 2023, is **VACATED.**

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

CASH CLOUD, INC.
11700 W CHARLESTON BLVD., #441
LAS VEGAS, NV 89135

UNSECURED CREDITORS
SEWARD & KISSEL
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004

CRAIGHEAD COUNTY TAX COLLECTOR
511 UNION ST, SUITE 107
JONESBORO, AR 72401

JARED A. DAY
OFFICE OF THE US TRUSTEE
300 BOOTH ST #3009
RENO, NV 89509

ALLAN B. DIAMOND
DIAMOND MCCARTHY LLP
909 FANNIN STREET, SUITE 3700
HOUSTON, TX 77010

BRITTANY B. FALABELLA
HIRSCHLER FLEISCHER, P.C.
2100 EAST CARY STREET
RICHMOND, VA 23223

FOX ROTHSCHILD LLP
1980 FESTIVAL PLAZA DR., SUITE 700
LAS VEGAS, NV 89135

ROBERT J. GAYDA
UNSECURED CREDITORS
SEWARD & KISSEL
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004

JORDI GUSO
BERGER SINGERMAN LLP
1450 BRICKELL AVENUE, STE. 1900
MIAMI, FL 33131

PAUL R HAGE
TAFT STETTINIUS AND HOLLISTER LLP
27777 FRANKLIN ROAD, SUITE 2500
SOUTHFIELD, MI 48034

JAMES M. JIMMERSON
THE JIMMERSON LAW FIRM, P.C.
415 SOUTH 6TH STREET, SUITE 100
LAS VEGAS, NV 89101

CHRISTOPHER D. JOHNSON
DIAMOND MCCARTHY LLP
909 FANNIN STREET, SUITE 3700
HOUSTON, TX 77010

ANDREW KISSNER
MORRISON & FOERSTER LLP
250 WEST 55TH STREET
NEW YORK, NY 10019-3601

RICHARD KRUGER
TAFT STETTINIUS & HOLLISTER LLP
27777 FRANKLIN ROAD, SUITE 2500
SOUTHFIELD, MI 48034

JOHN J. LAMOUREUX
CARLTON FIELDS, P.A.
4221 W. BOY SCOUT BLVD., STE. 1000
TAMPA, FL 33607

SHARA L LARSON
GHANDI DEETER BLACKHAM
725 S. SOUTH 8TH STREET SUITE 100
LAS VEGAS, NV 89101

LAW OFFICE OF SHEA LARSEN
1731 VILLAGE CENTER CIRCLE, SUITE 150
LAS VEGAS, NV 89134

| | |
|---|---|
| GARY LEE<br>MORRISON & FOERSTER LLP<br>250 WEST 55TH STREET<br>NEW YORK, NY 10019-3601 | James M. Jimmerson<br>The Jimmerson Law Firm, P.C. 415 S. 6th Street, Suite 100<br>Las Vegas, Nevada 89101 |
| CATHERINE V. LOTEMPIO<br>UNSECURED CREDITORS<br>SEWARD & KISSEL<br>ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004 | ADAM P. SCHWARTZ<br>CARLTON FIELDS, P.A.<br>4221 W. BOY SCOUT BLVD., STE. 1000<br>TAMPA, FL 33607 |
| ANDREW J. MATOTT<br>SEWARD & KISSEL<br>ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004 | TN Dept of Revenue<br>c/o TN Attorney General's Office<br>Bankruptcy Division<br>PO Box 20207<br>Nashville, TN 37202 |
| MCDONALD CARANO LLP<br>2300 WEST SAHARA AVE, STE 1200<br>LAS VEGAS, NV 89102 | JANE VANLARE<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>ONE LIBERTY PLAZA<br>NEW YORK, NY 10006 |
| JUSTIN M. MERTZ<br>MICHAEL BEST & FRIEDRICH LLP<br>790 N. WATER STREET, STE. 2500<br>MILWAUKEE, WI 53202 | MICHAEL WEINBERG<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>ONE LIBERTY PLAZA<br>NEW YORK, NY 10006 |
| LAURA MILLER<br>SEWARD & KISSEL<br>ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004 | ROBERT S. WESTERMANN<br>HIRSCHLER FLEISCHER, P.C.<br>2100 EAST CARY STREET<br>RICHMOND, VA 23223 |
| SEAN A. O'NEAL<br>STEEN & HAMILTON LLP<br>ONE LIBERTY PLAZA<br>NEW YORK, NY 10006 | KYLE M. WYANT<br>SHEA LARSEN<br>1731 VILLAGE CTR CR, STE 150<br>LAS VEGAS, NV 89134 |
| PROVINCE, LLC<br>2360 CORPORATE CIRCLE, SUITE 330<br>HENDERSON, NV 89074 | SIMON PROPERTY GROUP, INC.<br>ATTN: RONALD M. TUCKER, ESQ.<br>225 WEST WASHINGTON STREET<br>INDIANAPOLIS, INDIANA 46204 |
| RYAN T. SCHULTZ<br>FOX, SWIBEL, LEVIN & CARROLL, LLP<br>200 W. MADISON STREET, SUITE 3000<br>CHICAGO, IL 60606 | |

| | |
|---|---|
| Clark County Treasurer<br>c/o Bankruptcy Clerk<br>500 S. Grand Central Parkway Box 551220<br>Las Vegas, Nevada 89155 | Prime Alliance Bank, Inc.<br>1868 South 500 West<br>Woods Cross, UT 84087 |
| Corporation Service Company, as Representative<br>P.O. Box 2576<br>Springfield, IL 62708 | Sectran Security Inc.<br>Attn: Rony Ghaby<br>P.O. Box 227267<br>Los Angeles, CA 90022 |
| Franchise Tax Board<br>Bankruptcy Section, MS A340<br>P.O. Box 2952<br>Sacramento, CA 95812 | Two Farms Inc. d/b/a Royal Farms Attn: John Kemp<br>3611 Roland Avenue<br>Baltimore, MD 21211 |
| Corporation Service Company, as Representative<br>801 Adlai Stevenson Drive<br>Springfield, IL 62708 | Sectran Security Inc.<br>7633 Industry Ave<br>Pico Rivera, CA 90660 |
| Enigma Securities Limited<br>30 Panton Street, 6th Floor<br>London, SW1Y 4AJ United Kingdom | Texas Workforce Commission Regulatory Integrity Division – SAU  101 E. 15th Street, Room 556<br>Austin, TX 78778 |

# # #