Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Laura E. Miller, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
millerl@sewkis.com
matott@sewkis.com

*Counsel for Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC.<br>d/b/a COIN CLOUD,<br><br>Debtor. | Case No.: 23-10423-mkn<br>Chapter 11<br><br>**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTOR'S OPPOSITION TO MOTION TO CONVERT CASE TO CHAPTER 7** |

The Official Committee of Unsecured Creditors in the above-captioned case (the "Committee"), by and through its undersigned counsel, hereby files this joinder (the "Joinder") to the *Debtor's Opposition to Motion to Convert Case to Chapter 7* [ECF No. 1150] (the "Objection")[1] filed by the Debtor in opposition to the *Motion to Convert Case to Chapter 7* [ECF No. 1034] (the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

"Conversion Motion") filed by Chris McAlary ("McAlary"). In support of this Joinder, the Committee respectfully represents:

**JOINDER**

1. The Committee opposes the Conversion Motion, and hereby joins the Debtor's Objection and the argument set forth therein. The Conversion Motion is nothing more than McAlary's latest self-serving attempt to stall the Committee's pursuit of redress for the significant damage he has done to the Debtor's creditors. McAlary makes conclusory statements that a chapter 7 trustee would be more efficient and better able to maximize the value of the estate's litigation claims, including those against McAlary. This is simply pretense—it is in McAlary's interest that the case be converted. On one hand, the Committee stands ready to prosecute a number of claims against McAlary, which the Court has found to be colorable in no uncertain terms in its recent order granting the Committee standing to pursue such claims.[2] The Committee has conducted a months-long investigation (and continues to investigate allegations that are uncovered on a daily basis), and thus possesses the requisite knowledge of the numerous and serious claims against McAlary. On the other hand, if the case is converted, the claims against McAlary would not be brought for some time and by a chapter 7 trustee who would hire new counsel and face a significant learning curve to get to where the Committee is today. Clearly the latter option is preferable to McAlary, who seeks to buy himself time in an attempt to avoid liability. The interests of the estate, however, are better served by the Committee remaining in place and immediately pursuing the claims that it has uncovered over the last several months.

2. McAlary's legal argument fails, particularly in light of the Court's recent rulings. In the Conversion Motion, McAlary asserts that the Chapter 11 Case should be converted for cause for two reasons: (1) "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;" and (2) "a Trustee would [ ] be more efficient and less

---

[2] *Order on Opposition to Approval of Stipulation Granting Derivative Standing to the Official Committee of Unsecured Creditors with Respect to Certain Actions* [ECF No. 1119] (the "Derivative Standing Order"), p. 7 ("For purposes of determining whether derivative standing should be afforded to the Creditors Committee in this Chapter 11 proceeding, the court concludes that colorable claims exist.")

expensive than proceeding via a chapter 11 case."[3] However, since the filing of the Conversion Motion, the Court has overruled McAlary's objection and confirmed the Amended Plan.[4] Accordingly, neither iteration of purported cause is still relevant. In fact, this Court has already found that (1) the Amended Plan is feasible because the Debtor made a sufficient showing that there is "certainty that the claims of the estate will be pursued . . . , including a possible claim against McAlary, as well as avoidance and collection claims typically held by the Chapter 11 estate" that could allow for the payment of all priority administrative expense claims that would allow the Amended Plan's effective date to occur; and (2) "there is limited benefit in incurring additional priority administrative expenses by conversion to Chapter 7" where the only remaining obligation of the debtor is to recover estate assets for the benefit of the estate and that a "debtor's business judgment to liquidate in Chapter 11, rather than converting to Chapter 7, should be given considerable weight" especially, as here, where the Amended Plan is supported by the Committee and 95% of voting general unsecured creditors.[5] Accordingly, for these reasons, and given that McAlary cannot show that cause exists to convert the Chapter 11 Case to chapter 7 as set out in the Objection, the Conversion Motion must be denied.

## RESERVATION OF RIGHTS

3. The Committee reserves its right to supplement and amend this Joinder at any time, and to raise any other arguments or otherwise respond to arguments regarding the issues addressed in connection with the Conversion Motion.

---

[3] Conversion Motion, at p. 15-16.

[4] *See Order: (A) Approving Debtor's Disclosure Statement [ECF No. 529] on a Final Basis; and (B) Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023 [ECF No. 996]* [ECF No. 1126] (the "Confirmation Order"), confirming *Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023* [ECF No. 996] (the "Amended Plan"); *Order on Objection to Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023* [ECF No. 1120] (the "Order Overruling Confirmation Objection").

[5] Order Overruling Confirmation Objection, at p. 4-5.

## CONCLUSION

WHEREFORE, for the reasons stated herein and in the Objection, the Committee respectfully requests that the Court deny the Conversion Motion and grant such other and further relief as the Court deems appropriate.

Dated this 30th day of August, 2023.

McDONALD CARANO LLP

By: */s/ Ryan J. Works*
Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Laura E. Miller, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
millerl@sewkis.com
matott@sewkis.com

*Counsel for Official Committee of Unsecured Creditors*