BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>          Debtor. | Case No. BK-S-23-10423-MKN<br><br>Chapter 11<br><br>**DEBTOR'S MOTION TO QUASH CHRIS MCALARY'S SUBPOENA FOR RULE 2004 EXAMINATION**<br><br>Hearing Date:  October 19, 2023<br>Hearing Time:  10:30 a.m. |

Cash Cloud, Inc. ("Cash Cloud" or "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, respectfully submits this motion (the "Motion") for entry of an order, quashing Chris McAlary's ("McAlary") *Subpoena for Rule 2004 Examination* served on August 25, 2023 (the "Subpoena").

148861255.1

This Motion is made and based on the *Declaration of Daniel Ayala* (the "Ayala Declaration") filed in support hereof, the following points and authorities, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 8th day of September 2023.

**FOX ROTHSCHILD LLP**

By: _____*/s/Brett Axelrod*_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

**MEMORANDUM POINTS AND AUTHORITIES**

**I.**

**PRELIMINARY STATEMENT**

McAlary's Subpoena must be quashed because there is no good cause since it is premature because the Cole Kepro Litigation is still pending in the Eighth Judicial District Court of Clark County, Nevada (the "State Court")[1], and there is no pending motion to approve a sale of the Cole Kepro Litigation. Further since this Subpoena was served prematurely, it is a form of harassment and annoyance to Debtor and cannot be allowed.

Now, via the Subpoena, McAlary seeks discovery directly related to the State Court action and the potential sale thereof in the guise of a 2004 examination. The Subpoena contains seven topics for examination. Every one of the categories refers to the pending State Court Actions. In addition, Clark seeks five requests for production related to the Cole Kepro Litigation.

---

[1] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Omnibus Declaration filed in the estate case.

148861255.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Pursuant to the well-established pending proceeding rule, McAlary cannot circumvent the discovery process in the Cole Kepro Litigation by seeking testimony and documents related to the Cole Kepro Litigation in the Chapter 11 Cases.  Allowing McAlary to conduct discovery via a 2004 examination would impinge on debtor's rights in the Cole Kepro Litigation.  McAlary must abide by Nevada's applicable discovery rules.

Also, McAlary has the burden to show good cause which requires a showing that the examination sought is necessary to establish the claim McAlary has in the Ch. 11 bankruptcy. McAlary seeking testimony and documents related to the Cole Kepro Litigation does not help his establishment of his claims against the debtor in the Ch. 11 bankruptcy proceeding. As such this Subpoena is a form of harassment and annoyance to Debtor which is not allowed in a 2004 examination.

Accordingly, Debtors respectfully request that the Court quash the Subpoena.

## II.

## JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.    The basis for relief requested is 11 U.S.C. § 105(a) and Rule 9016 of the Federal Rules of Bankruptcy Procedure, which makes Rule 45 of the Federal Rules of Civil Procedure applicable.

## III.

## BACKGROUND

3.    On February 7, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner and the Debtor remains a debtor-in-possession, pursuant to §§ 1107 and 1108.

4.    On February 17, 2023, the Office of the United States Trustee appointed [Docket No. 131] the Official Committee of Unsecured Creditors (the "Committee"), as amended [Docket No. 177] on February 28, 2023.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

148861255.1

5.     On August 25, 2023, McAlary served his Subpoena, attached to the Ayala Declaration as **Exhibit 2**.

A.    **Ongoing Litigation Between Debtor Coin Cloud and Cole Kepro**

6.     On June 17, 2022, the Debtor filed a Complaint in State Court against Defendant titled Cash Cloud Inc. v. Cole Kepro Int'l, LLC, Case No. A-22-854226-C ("State Court Complaint"), seeking damages for among other things, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of implied warranties, and Violation of Nevada's Deceptive Trade Practices Act.

7.     The UCC is in negotiations with Cole Kepro to settle the State Court Complaint. *Generally see* Ayala Declaration.

8.     McAlary has made several offers to purchase the rights to the State Court Complaint, which Debtor has repeatedly rejected. *Generally see* Ayala Declaration.

B.    **McAlary's Proof of Claims**

9.     On June 14, 2023, McAlary filed his *Proof of Claim* (the "McAlary Claim") in the Chapter 11 Case. *See* Proof of Claim No. 123, attached to the Ayala Declaration as **Exhibit 1**.

10.    The McAlary Claim is based on an unsecured loan, deferred salary and reimbursed for sums paid to Naylor & Braster Attorneys at Law.

C.    **McAlary's Subpoena**

11.    McAlary's Subpoena seeks information concerning the State Court Complaint and the valuation of claims associated therein. None of the matters for examination or request for production relate to the Chapter 11 case since no sale of the litigation claim has occurred or the pending litigation resolved. *See generally* Ayala Declaration, Ex. 2.

12.    Every one of McAlary's seven topics for examination in the Subpoena, refers to the State Court Complaint pending in Nevada:

> i.    Any Document or Communication Responsive to any Request, whether or not produced.
> ii.   The Debtor's valuation of Estate claims against Cole Kepro.
> iii.  The Debtor's analysis and consideration of the offers of Movant to purchase the Cole Kepro Claims.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

148861255.1

iv.     The Debtor's communications with any Party regarding McAlary's offers to purchase the Cole Kepro Claims.

v.      The Debtor's communications with Cole Kepro regarding Cole Kepro's offers to purchase, settle or otherwise compromise the Cole Kepro Claims.

vi.     The Debtor's analysis and consideration of the offers of Cole Kepro to purchase, settle or otherwise compromise the Cole Kepro Claims.

vii.    The Debtor's communications with any party regarding Cole Kepro's offers to purchase, settle or otherwise compromise the Cole Kepro Claims.

Accordingly, *all seven matters for examination involve and specifically reference the Cole Kepro Litigation.  All seven matters for examination concern either valuation of the litigation, or potential sale or settlement of the litigation.* Hence, none of McAlary's matters for examination relate to the Chapter 11 Case. Ayala Declaration, Ex. 2, at  13.

13.     The Subpoena also demands production of five requests for production, again all related to the Cole Kepro Litigation and the valuation, sale or settlement of it:

i.      All Documents evidencing the Debtor's valuation of the Cole Kepro Claims.

ii.     All Communications between You and any Person concerning the value of the Cole Kepro Claims

iii.    All Communications between You and Any Person regarding the sale of the Cole Kepro Claims

iv.     All Communications between You and any Person Concerning any offers of McAlary to purchase the Cole Kepro Litigation, separately or as part of a large offer.

v.      All Communications between You and any Person concerning any offers of Cole Kepro to purchase, settle or otherwise compromise the Cole Kepro Litigation, separately or as part of a large offer.

Accordingly, *all of McAlary's document requests also concern the State Court Complaint*, specifically seeking *documents related to valuation and settlement negotiations in the State Court Complaint*. Hence, none of McAlary's matters for examination relate to the Chapter 11 Case. Ayala Declaration, Ex. 2, at 12.

**D.    Requested Relief.**

14.     The Debtor requests that this Court quash the Subpoena as there is no good cause since the Cole Kepro claims are still pending, the claims do not pertain to McAlary's claims against the debtor in the Ch. 11 bankruptcy nor does it apply to the administration of the estate of the Debtor.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5

148861255.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## IV.

## LEGAL ARGUMENT

**A.**     **The Pending Proceeding Rule Prohibits McAlary From Taking A 2004 Examination.**

McAlary cannot conduct a far reaching 2004 examination to circumvent the discovery process in the State Court proceedings. Courts have made clear that when there is a separate proceeding pending, the parties must be confined to the discovery procedures that exist in those proceedings and cannot seek 2004 examinations to circumvent applicable discovery rules. *See, e.g.,* 9 Collier on Bankruptcy ¶ 2004.01(8) (16th ed. 2010) (When an "adversary proceeding or contested matter is pending, then the parties to that proceeding or matter may no longer utilize the liberal provisions of Bankruptcy Rule 2004"); *In re Enron Corp.,* 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (explaining the well-recognized rule and denying a request for a 2004 examination when a class action was pending in another district).

Those entities which are affected by the adversary proceeding should be able to avoid an 2004 examination. In re Bennett Funding Grp., Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). This is because entities affected by the pending adversary proceeding need the additional protection afforded by the Fed.R.Bankr.P. 7026 et seq. *Id*. Discovery of evidence related to the pending proceeding must be accomplished in accord with more restrictive provisions of Fed.R.Bankr.P., See *Szadkowski*, 198 B.R. at 142; *In re M4 Enters.*, Inc., 190 B.R. 471, 475 (Bankr.N.D.Ga.1995), while unrelated discovery should not be subject to those rules simply because there is an adversary proceeding pending. See *M4 Enters.*, 190 B.R. at 475 n. 4. Thus, a creditor, must look to Fed.R.Bankr.P. 7026 et seq. after an adversary proceeding is commenced for discovery as to the entities affected by the proceeding and issues addressed in the proceeding. *Id*. at 29.

This "pending proceeding rule" has been applied not only to pending adversary proceedings in bankruptcy, but also pending state court actions and arbitration proceedings. *See, e.g., In re Sunedison, Inc*., 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017) (applying pending proceeding rule to state court action); *In re Enron Corp*., 281 B.R. at 842 (recognizing that the pending proceeding rule applies "where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee"); *In re Bd. of Directors of*

148861255.1

*Hopewell Int'l Ins. Ltd.,* 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) (prohibiting a 2004 examination when an arbitration was pending in a foreign country); *see also* 9 *Collier on Bankruptcy* ¶ 2004.01(8) n.44 (16th ed. 2010).

The pending proceeding rule "reflects a concern that a party to litigation could circumvent his adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit." *In re Sunedison, Inc*., 572 B.R. at 490 (holding that the party requesting a 2004 examination "cannot circumvent the pending proceeding rule by seeking one-sided discovery through a Rule 2004 request in this Court").

A 2004 examination is broader than discovery permitted under rules of civil procedure. *In re Enron Corp*., 281 B.R. at 840. Given the substantive differences between Rule 2004 and civil discovery rules, many courts have expressed concern that 2004 examinations can be used as a tactic to circumvent the safeguards of civil procedure rules. *Id.* at 841. As explained by the Bankruptcy Appellate Panel for the Ninth Circuit, examinations under Rule 2004 are "'not a substitute for discovery and in any pending adversary proceeding, discovery must be conducted in compliance with the Rules of discovery. This is an important distinction because in an examination under [] Rule [2004], there are no specific issues, no rules of evidence, no right to object, and no right to have counsel present.'" *In re Aboukhater*, 165 B.R. 904, 912 n.6 (B.A.P. 9th Cir. 1994) (quotation marks and citations omitted).

Accordingly, where the requested 2004 examination would necessarily involve issues within the scope of a pending proceeding, the litigant must not be permitted to circumvent the applicable discovery rules. *See, e.g., In re Bennett Funding*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

In short, the Subpoena must be quashed as an improper attempt to circumvent the Cole Kepro litigation's discovery rules.

**B.     There Is No Good Cause For The 2004 Examination To Take Place Since The Rights To The Cole Kepro Claims Are Not Sold Yet.**

"[T]he one seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *In re Eagle–Picher Industries, Inc.*, 169 B.R. 130, 134 (Bankr.S.D.Ohio 1994). Generally, good cause requires a showing that the examination sought is

148861255.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

necessary to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner undue hardship or injustice. *In re Dinubilo*, 177 B.R. 932, 940 (E.D.Cal.1993). Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied. *In re Eagle–Picher Industries*, 169 B.R. at 134. *In re Express One Int'l, Inc*., 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998).

Rule 2004 requires that we balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination. That documents meet the requirement of relevance does not alone demonstrate that there is good cause for requiring their production. *In re Public Service Co. of N.H.*, 91 B.R. 198 (Bkrtcy.D.N.H.1988); *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234, 242, 13 L.Ed.2d 152 (1964). The burden of showing good cause is an affirmative one in that it is not satisfied merely by a showing that justice would not be impeded by production of the documents. *Boeing Airplane v. Coggeshall*, 108 App.D.C. 106, 280 F.2d 654, 3 F.R.Serv.2d 799 (1960). Good cause may ordinarily be sustained by a claim that the requested documents are necessary to establishment of the moving party's claim or that denial of production would cause undue hardship or injustice. *Id*., 280 F.2d at 670. See*, Freeman v. Seligson, supra. In re Drexel Burnham Lambert Grp., Inc*., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

The examination of a witness about matters having no relationship or no effect on the administration of an estate is improper. *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).

Here, McAlary is seeking information regarding the valuation, potential sale and settlement of the Cole Kepro claims. These topics are unrelated in establishing McAlary's claims of unsecured loan, back wages, and indemnity. Also, the topics listed in the Subpoena do not relate to the administration of the estate of the Debtor. Because the topics in the Subpoena are unrelated to the McAlary's claims in the Ch. 11 bankruptcy or administration of the Debtor's estate, McAlary has not shown good cause conducting the 2004 examination, therefore the Subpoena must be quashed as there is no good cause to hold the 2004 examination.

148861255.1

**C.    The Topics Listed in the Subpoena are Premature Since No Sale of the Cole Kepro Claims Have Been Sold Yet, Resulting This Subpoena To Be Used To Annoy, And Harass the Debtor.**

Rule 2004 examinations cannot be used for the purpose of abuse or harassment and the examination cannot go beyond the bounds of what is, or may be, relevant to the inquiry. *In re Symington*, 209 B.R. 678, 684–85 (Bankr.D.Md.1997); *In re Table Talk*, 51 B.R. 143, 145 (Bankr.D.Mass.1985); *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr.E.D.Wis.1984). Examinations under Rule 2004 should not be used to annoy, embarrass or oppress the debtor. *In re Strecker*, 251 B.R. 878, 882–83 (Bankr. D. Colo. 2000) (quoting *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr.E.D.N.Y.1991)).

Here, McAlary's Subpoena is requesting information that has not yet been fully developed, such as the value of the Cole Kepro claims, the sale of the claims or the settlement of them. Since these events have not occurred yet, the topics in McAlary's Subpoena are premature. McAlary's Subpoena is a ploy to annoy and harass the Debtor since there is no way to answer these topics currently. If McAlary really wanted the answers listed in his Subpoena, he would wait until the litigation has ended and the value of the claims and information on sale or settlement can be readily ascertained. the Subpoena must be quashed since the 2004 examination cannot be used for the purpose to harass or annoy.

///
///
///
///
///
///
///
///
///
///
///

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

9

**V.**

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Debtor respectfully requests that this Court (a) enter an Order quashing the Subpoena; and (b) granting such other and further relief as this Court deems appropriate.

Dated this 8th day of September 2023.

**FOX ROTHSCHILD LLP**

By: _____/s/Brett Axelrod_____
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     ZACHARY T. WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

10

148861255.1