BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
　　　nkoffroth@foxrothschild.com
　　　zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>　　　　　　　　　Debtor. | Case No. BK-S-23-10423-MKN<br><br>Chapter 11<br><br>**DECLARATION OF DANIEL AYALA IN SUPPORT OF DEBTOR'S MOTION TO QUASH CHRIS MCALARY'S SUBPOENA FOR RULE 2004 EXAMINATION**<br><br>Hearing Date:　October 19, 2023<br>Hearing Time:　10:30 a.m. |

I, Daniel Ayala, declare as follows:

1.　　I am the Independent Director of Cash Cloud, Inc., dba Coin Cloud, the debtor and debtor-in-possession (the "Debtor").

2.　　In my capacity as the Independent Director of the Debtor, I am familiar with the Cole Kepro Litigation that is still pending in the Eighth Judicial District Court of Clark County, Nevada.

3.　　Except as otherwise indicated herein, this Declaration is based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would

149035408.1

testify competently to the facts set forth in this Declaration.[1]  I make this Declaration in support of the motion captioned above.

**A.** **Cole Kepro Litigation**

4.       On June 17, 2022, the Debtor filed a Complaint in State Court against Defendant titled Cash Cloud Inc. v. Cole Kepro Int'l, LLC, Case No. A-22-854226-C ("State Court Complaint"), seeking damages for among other things, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of implied warranties, and Violation of Nevada's Deceptive Trade Practices Act.

5.       The UCC is in negotiations with Cole Kepro to settle the State Court Complaint.

6.       McAlary has made several offers to purchase the rights to the State Court Complaint, which Debtor has repeatedly rejected.

**B.** **McAlary's Proof of Claims**

7.       On June 14, 2023, McAlary filed his Proof of Claim (the "McAlary Claim") in the Chapter 11 Case. See Proof of Claim No. 123, attached hereto as **Exhibit 1**.

8.       The McAlary Claim is based on an unsecured loan, deferred salary and reimbursed for sums paid to Naylor & Braster Attorneys at Law.

**C.** **McAlary's Subpoena**

9.       On August 25, 2023, McAlary served his Subpoena, attached hereto as **Exhibit 2**.

10.       McAlary's Subpoena seeks information concerning the State Court Complaint and the valuation of claims associated therein. None of the matters for examination or request for production relate to the Chapter 11 case since no sale of the litigation claim has occurred or the pending litigation resolved. *See generally* Ex. 2.

11.       Every one of McAlary's seven topics for examination in the Subpoena, refers to the State Court Complaint pending in Nevada:

      i.       Any Document or Communication Responsive to any Request, whether or not produced.

      ii.       The Debtor's valuation of Estate claims against Cole Kepro.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed them in the Motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

149035408.1

iii.    The Debtor's analysis and consideration of the offers of Movant to purchase the Cole Kepro Claims.

iv.    The Debtor's communications with any Party regarding McAlary's offers to purchase the Cole Kepro Claims.

v.    The Debtor's communications with Cole Kepro regarding Cole Kepro's offers to purchase, settle or otherwise compromise the Cole Kepro Claims.

vi.    The Debtor's analysis and consideration of the offers of Cole Kepro to purchase, settle or otherwise compromise the Cole Kepro Claims.

vii.    The Debtor's communications with any party regarding Cole Kepro's offers to purchase, settle or otherwise compromise the Cole Kepro Claims.

Ex. 2, at  13.

12.    The Subpoena also demands production of five requests for production, again all related to the Cole Kepro Litigation and the valuation, sale or settlement of it:

i.    All Documents evidencing the Debtor's valuation of the Cole Kepro Claims.

ii.    All Communications between You and any Person concerning the value of the Cole Kepro Claims

iii.    All Communications between You and Any Person regarding the sale of the Cole Kepro Claims

iv.    All Communications between You and any Person Concerning any offers of McAlary to purchase the Cole Kepro Litigation, separately or as part of a large offer.

v.    All Communications between You and any Person concerning any offers of Cole Kepro to purchase, settle or otherwise compromise the Cole Kepro Litigation, separately or as part of a large offer.

Ex. 2, at 12.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing statements are true and correct to the best of information, knowledge and belief.

Executed this 8th day of September, 2023 in Las Vegas, Nevada.


_____/s/Daniel Ayala_____
Daniel Ayala

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

149035408.1

# EXHIBIT 1

**Fill in this information to identify the case:**

Debtor 1    CASH CLOUD, INC.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   District of Nevada

Case number   23-10423-mkn

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Chris McAlary

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Carlyon Cica Chtd.
Name

265 E. Warm Springs Road, Suite 107
Number   Street

Las Vegas    NV    89119
City    State    ZIP Code

Contact phone (702) 685-4444

Contact email dcica@carlyoncica.com

**Where should payments to the creditor be sent?** (if different)

Chris McAlary
Name

10725 Beringer Dr.
Number   Street

Las Vegas    NV    89144
City    State    ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**   $_____1,721,763.27__ .   **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned, deferred compensation, and indemnity claims

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | | Amount entitled to priority |
|---|---|---|
| ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ | Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☑ | Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 15,150.00 |
| ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/14/2023
                  MM / DD / YYYY

/s/ Chris McAlary
_____
Signature

Print the name of the person who is completing and signing this claim:

| | | |
|---|---|---|
| Name | Chris | McAlary |
| | First name        Middle name | Last name |
| Title | | |
| Company | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | 10725 Beringer Dr | |
| | Number        Street | |
| | Las Vegas | NV          89144 |
| | City | State        ZIP Code |
| Contact phone | (702) 685-4444 | Email dcica@carlyoncica.com |

**In re Cash Cloud Inc.**
**Case No. 23-10423-mkn**
**Attachment to Proof of Claim**
**Chris McAlary**

**A.    Unsecured Loans:  $1,254,900.27, plus interest**

On or about December 31, 2018, McAlary made an unsecured loan to the Debtor in Bitcoin ("BTC") in the principal amount of 37.85318689 evidenced by a promissory note in favor of McAlary as lender (the "Note").  A true and correct copy of the Note is attached hereto as **Exhibit A**.  The Debtor has scheduled the debt evidenced by the Note, which is repayable in BTC, as $1,254,900.27.  The Note provides for interest at the rate of 4% per annum, compounded monthly on a 365/366 day simply interest year.

**B.    Deferred Salary/Compensation:  $301,538.33  (with  $15,150  of  this  amount characterized as a "Priority" Claim)**

McAlary is owed by Debtor for deferred salary in the total amount of $301,538.33.  The Debtor characterizes $15,150 of the deferred compensation as a priority amount in its Schedules on file herein at ECF No. 239, p. 20 and such amount is entitled to priority treatment pursuant to 11 U.S.C. 507(a)(4). The balance of the deferred salary amount is set forth in the Schedules as $286,153.85. *Id.*

**C.    Indemnity Claims:  $165,324.67**

McAlary is entitled to be reimbursed for sums paid to Naylor & Braster Attorneys at Law, PLLC for representation in litigation styled as *Cash Cloud Inc. v. Luis Flores*, Case No. A-19-807370-B, pending in the Eighth Judicial District Court for Clark County, Nevada.  A true and correct copy of the Naylor & Braster Attorneys at Law, PLLC invoice evidencing the amount due of $77,757.64 is attached hereto as **Exhibit B**.  McAlary is entitled to be reimbursed by sums paid to Carlyon Cica Chtd. for representation in the Bankruptcy Case which amount is at least $87,567.03. A true and correct copy of the Carlyon Cica Chtd. invoice evidencing the amount due is attached hereto as **Exhibit C**.  Additional amounts may be due and McAlary reserves the right to supplement and/or amend this Proof of Claim as such information becomes available.

**D.    Other Indemnity Claims:  Unknown Amount**

McAlary holds a claim against the Debtor in an unknown amount based on the Debtor's indemnification obligations under Nevada law and the Debtor's Bylaws, including, without limitation for guaranty agreements or indemnification agreements which he executed. He reserves the right to supplement and/or amend this proof of claim based on such indemnification obligations and/or the discovery of any additional guaranty agreements or indemnification agreements.

**E.    Reservation**

McAlary reserves the right to supplement and/or amend this Proof of Claim as further information becomes available. McAlary may have claims against the Debtor related to the auction and reserves the right to supplement and/or amend this Proof of Claim with respect thereto.

**TOTAL:  $1,721,763.27**

**Note:** This agreement auto-renews each maturity date and no formal written agreement is done for each renewal.

### Promissory Note

This Note is entered into as of the __31st__ day of December___, 2018. This agreement is made by and between <u>Chris McAlary</u> ("Lender") and Cash Cloud Inc "Borrower." Lender agrees to provide, or has provided, Bitcoin ("BTC") to Borrower, and Borrower agrees to repay such amount in accordance with this agreement.

**Terms**

Principal: <u>37.85318689</u> Bitcoin ("BTC")
Interest Rate: 4% per annum, compounded monthly on a 365/366 day simple interest year. Interest will be calculated monthly by multiplying the Principal balance in BTC x Interest Rate x fraction of the year covered by the calculation, to determine the amount of BTC payable as interest. Interest will be paid in-kind each month, with the cumulative interest payable added to the Principal balance to become the new Principal balance for the following month's interest calculation.
Term: one year, with renewals automatically renewing upon mutual agreement of Lender and Borrower. The Note is callable by the Borrower upon 90 days written notice and there are no penalties for early payment of principal and/or interest.

The note shall be repaid in BTC, unless parties mutually agree to settle in Fiat currency or other means.

By Borrower:

_____
Signature

Jeffery L. Garon  CFO
_____
Name

6/27/2020
_____
Date

By Lender:

_____
Signature

CHRISTOPHER MCALARY
_____
Name

6/27/2020
_____
Date

# Statement

Naylor & Braster Attorneys at Law, PLLC

1050 Indigo Drive, Suite 200
Las Vegas, Nevada 89145

| Date |
|---|
| 2/17/2023 |

| To: |
|---|
| Christopher McAlary |

| | Amount Due | Amount Enc. |
|---|---|---|
| | $77,757.64 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 09/08/2022 | INV #6979. Due 10/08/2022. Orig. Amount $63,336.75. | 38,336.75 | 38,336.75 |
| 10/06/2022 | INV #7034. Due 11/05/2022. Orig. Amount $2,961.10. | 2,961.10 | 41,297.85 |
| 11/09/2022 | INV #7091. Due 12/09/2022. Orig. Amount $13,994.50. | 13,994.50 | 55,292.35 |
| 12/07/2022 | INV #7140. Due 01/06/2023. Orig. Amount $11,184.50. | 11,184.50 | 66,476.85 |
| 01/10/2023 | INV #7187. Due 02/09/2023. Orig. Amount $7,793.80. | 7,793.80 | 74,270.65 |
| 02/07/2023 | INV #7239. Due 03/09/2023. Orig. Amount $492.50. | 492.50 | 74,763.15 |
| 02/17/2023 | INV #FC 24. Due 02/17/2023. Orig. Amount $2,994.49. Finance Charge | 2,994.49 | 77,757.64 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 3,486.99 | 7,793.80 | 11,184.50 | 13,994.50 | 41,297.85 | $77,757.64 |



# INVOICE

Carlyon Cica Chtd.

265 E. Warm Springs #107

Las Vegas, NV 89119

| | |
|---|---|
| Invoice #: | 2264 |
| Date: | 06-14-2023 |

Chris McAlary

Matter Number: 01285-Chris McAlary-Restructuring and potential bankruptcy of Cash Cloud Inc., a Nevada corporation dba Coin Cloud

Matter Name: Restructuring and potential bankruptcy of Cash Cloud Inc., a Nevada corporation dba Coin Cloud

## Statement Account Summary

| Previous Balance | | New Charges | | Payments Received | | Total Amount Outstanding |
|---|---|---|---|---|---|---|
| $87,567.03 | + | $0.00 | - | $0.00 | = | $87,567.03 |

## Detailed Statement Account Summary

| | |
|---|---|
| Previous Balance: | $87,567.03 |
| Payments Applied: | $0.00 |
| **Total Amount Outstanding:** | **$87,567.03** |

Please make all amounts payable to: Carlyon Cica Chtd.

# EXHIBIT 2

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## District of Nevada

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC., d/b/a COIN CLOUD<br><br>Debtor. | Case No. BK-23-10423-mkn<br>Chapter 11 |

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cash Cloud, Inc., by and through its attorney of record, Brett A. Axelrod, Esq., Fox Rothschild, LLP, One Summerlin, 1980 Festival Plaza Drive, Suite 700, Las Vegas, NV 89135

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. **A list of subjects on which you will be examined is attached hereto as <u>Exhibit A</u>. A copy of the court order authorizing the examination is attached hereto as <u>Exhibit B</u>.**

| LOCATION:<br>**Carylon Cica Chtd.**<br>**265 E. Warm Springs Road, Suite 107**<br>**Las Vegas, NV 89119**<br><br>☑ | DATE AND TIME:<br><br>Production Deadline: September 11, 2023 at 4:00 PM<br><br>Examination Date: September 12, 2023 at 1:00 PM |
|---|---|

The examination will be recorded by this method: <u>stenographic and/or videotape</u>.

*Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **A list of items to be produced is attached hereto as <u>Exhibit A</u>.**

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 25, 2023

| CLERK OF COURT | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | <u>/s/ *Dawn M. Cica, Esq.*</u><br>Attorney's signature |

---

The name, address, email address, and telephone number of the attorney representing **Cash Cloud**, who issues or requests this subpoena, are: Chris Johnson, Diamond McCarthy LLP, 909 Fannin Street, Suite 3700, Houston, 77010, (713) 333-5100, chris.johnson@diamondmccarthy.com.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)*_____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*)_____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____for travel and $_____for services, for a total of $_____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                          _____

                                               *Server's signature*

                                          _____

                                         *Printed name and title*

                                          _____

                                          *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"

# EXHIBIT "A"

## EXHIBIT A

## DEFINITIONS

1.  For the purposes of these requests for production of documents (the "**Requests**" and each a "**Request**"), the following definitions shall apply. These definitions are to be construed in the broadest sense with reference to the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and the Federal Rules of Civil Procedure ("**Federal Rules**").

2.  The singular form of any word includes the plural and the plural form of any word includes the singular.

3.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope oof the Request information that otherwise might be construed as outside of the scope.

4.  The words "and" and "or" shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Requests any answer that might be deemed outside their scope by another construction.

5.  The words "all" or "each" shall be construed as "all and each."

6.  "**Bankruptcy Case**" means *In re Cash Cloud Inc.*, Case No. 23-10423-MKN (Bankr. D. Nev. Feb. 7, 2023).

7.  "**Cash Cloud**" means Cash Cloud Inc. dba Coin Cloud, including its directors, officers, shareholders, employees, managers, members, agents, servants, subsidiaries, parents, affiliates, and any other persons acting or purporting to act on its behalf, including its Representatives.

8.  "**Cole Kepro**" means Cole Kepro International, LLC, including its directors, officers, shareholders, employees, managers, members, agents, servants, subsidiaries, parents, affiliates, and any other persons acting or purporting to act on its behalf, including its Representatives.

9.  "**Cole Kepro Claims**" means the Debtor's claims against Cole Kepro the Debtor's Schedules of Assets and Liabilities, including Schedule A/B: Assets [ECF 239], and the Debtor's Disclosure Statement for Chapter 11 Plan of Reorganization Dated May 8, 2023 (the "Disclosure Statement") [ECF 529].

10. "**Committee**" means the Official Committee of Unsecured Creditors appointed by the United States Trustee in this Bankruptcy Case.

11. "**Communication**" means any oral or written statement, dialogue, colloquy, discussion, or conversation, and includes any transfer of thoughts or ideas or data or information, between persons or locations by means of any Document or by any other means, including but not limited to electronic or similar means.

12. "**Concerning**" means consisting of, reflecting, referring to, regarding, related to, involving, evidencing, constituting, or having any legal, logical, or factual connection with (whether to support or rebut) the subject matter designated in any of these Requests.

13. "**Control**" means in your possession, custody or control or under your direction and includes in the possession, custody, or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, or anyone purporting to act on your behalf.

14. "**Debtor**" means Cash Cloud.

15. "**Document**" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or

other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records) as well as all Electronically Stored Information ("ESI"), which refers to any type of information that is created, used, or stored in digital form and accessible by digital means, including but not limited to, all data, digital documents, email, electronic documents, and metadata of the same (and is further defined below). For the avoidance of doubt, Document includes but is not limited to all Communications. The term "Document(s)" is intended to be at least as broad in meaning and scope as the usage of the term in or pursuant to the Federal Rules.

16. "**Movant**" means Chris McAlary.

17. "**Person**" means any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, managers, employees, agents, attorneys, affiliates, or other representatives thereof, or third parties retained by any of the above.

18. "**Petition Date**" means February 7, 2023.

19. "**Relevant Time Period**" means February 7, 2023 through the present.

20. "**Representative**" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

21. "**Transfer**" means: (a) when used as a noun, any direct or indirect transfer, sale, assignment, pledge, hypothecation, encumbrance or other disposition (including the issuance of equity in any entity), whether for value or no value and whether voluntary or involuntary (including by operation of law), and (b) when used as a verb, to directly or indirectly transfer, sell, assign, pledge, encumber, charge, hypothecate or otherwise dispose of (including the issuance of equity in any entity) whether for value or for no value and whether voluntarily or involuntarily (including by operation of law).

22. "**You**" or "**Your**" means the person or entity to which these requests are directed.

## INSTRUCTIONS

1.  Each request for Documents extends to all Documents in You possession, custody, or control or in the possession, custody, or control of anyone acting on Your behalf. A Document is in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person and You (1) own such Document on any terms, (2) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms, or (3) have, as a practical matter, been able to use, inspect, or examine, or copy such Document when You have sought to do so.

2.  A request for a particular Document means that particular Document and all non-identical drafts. All Documents that cannot be legibly copied should be produced in their original form.

3.  In the event any information is redacted from a Document produced pursuant to these requests, identify where the redaction has been made by stamping or writing the word "Redacted"

at the location of the Document where the information has been deleted and separately log each redaction on a privilege log.

4.    If You object to all or any portion of any category of Document called for by these requests, please produce all Documents within each category to which Your objection does not apply, and please state whether any Documents are being withheld based on Your objection.

5.    Produce all Documents as they are kept in the usual course of business, in the file folders or other organizational order in which they are kept or organize and label each Document to identify the request or requests to which such Document is responsive and the entity in whose possession such Document was found.

6.    In producing Documents, indicate and segregate the Documents by the specific request in response to which each Document or group of Documents is produced.

7.    Please produce all responsive Documents and ESI in the following formats:

a.        Word processing files (e.g., Microsoft Word or WordPerfect), e-mails, instant messages (e.g., Slack, Teams, or Yammer), text messages, webpages, and social media content may be produced in single-page, text-searchable .PDF or .TIFF files so long as doing so does not omit, obscure, or render inoperable any available content, such as comments, notes, annotations, references, audio or video files, animations, or graphics.

b.        Spreadsheets, accounting files, general ledgers, databases, and datasets shall be produced in native format. All formulas, macros, and other non-visible content shall remain intact. To the extent that such ESI includes links and/or references to other data or datasets, the underlying data or datasets shall be produced such that the spreadsheet, accounting file, general ledger, database, or dataset is fully functional.

c.        All other files shall be produced in native format with all metadata intact.

d.      All ESI shall be produced with load files and standard metadata, including, without limitation, author, sender, recipients (including cc and bcc), date and time sent, date and time received, date and time created, modified, and accessed, custodian, filetype, filename, file location, software, attachment status, and attachment count.

8.  If it is claimed that the attorney-client privilege or any other privilege applies to any Document sought by these requests, specify the privilege claimed and the factual basis You contend supports the assertion of the privilege, and identify the Document as follows:

a.      State the date, nature, and subject matter of the Document;

b.      Identify each author of the Document;

c.      Identify each preparer of the Document;

d.      Identify each person or entity who is an addressee or an intended recipient of the Document;

e.      Identify each person or entity from whom the Document was received;

f.       State the present location of the Document and all copies thereof;

g.      Identify each Person who has or ever had possession, custody, or control of the Document;

h.      State the number of pages, attachments, appendices, and exhibits; and

i.      Provide all further information concerning the Document and the circumstances upon which the claim of privilege is asserted.

9.  For any Communication to which a privilege is asserted, identify the person or entities among whom the Communication took place, the date of the Communication, the subject of the Communication, the specific privilege claimed, and the factual basis You contend supports the assertion of the privilege.

10. If any Document sought by these discovery requests has been destroyed, discarded, or otherwise disposed of, that Document is to be identified as completely as possible, including, without limitation, the following information:

      a.  Identify each author of the Document;

      b.  Identify each preparer of the Document;

      c.  Identify each addressee or intended recipient of the Document;

      d.  Identify each person or entity who received the Document;

      e.  State the date of the Document;

      f.  State the subject matter of the Document;

      g.  State the reason for the disposal of the Document;

      h.  Identify each person or entity who authorized disposal of the Document; and

      i.  Identify each person or entity who disposed of the Document.

11. If any Document was, but is no longer, in Your possession, custody, or control, provide the following information:

      a.    State the disposition of the Document;

      b.    State the date such disposition was made;

      c.    Identify the present custodian of the Document, or, if the Document no longer exists, so state;

      d.    Identify the persons or entities who made the decision regarding the disposition of the Document; and

      e.    State the reasons for the disposition and describe the Document and the contents of the Document, including the title, author, position or title of the author, addressee, position, or title of the addressee, whether indicated or blind copies were made, date, subject matter, number of

pages, attachments or appendices, and all persons or entities to whom the Document was distributed, shown, or explained.

12. These Requests are deemed continuing so as to require further and supplemental production if additional documents are received, generated, or discovered after the time of the original production.

13. If, in answering these Requests, you claim that any Request, or a definition or instruction applicable thereto, is ambiguous, do not use such claim as a basis for refusing to respond, but rather, set forth as a part of the response the language you claim is ambiguous and the interpretation you have used to respond to the Request.

14. Unless otherwise indicated, these requests cover the time from June 13, 2019 through to present.

## **REQUESTS FOR PRODUCTION**

1.  All Documents evidencing the Debtor's valuation of the Cole Kepro Claims.

2.  All Communications between You and any Person concerning the value of the Cole Kepro Claims.

3.  All Communications between You and any Person regarding the sale of the Cole Kepro Claims.

4.  All Communications between You and any Person concerning any offers of McAlary to purchase the Cole Kepro Litigation, separately or as part of a larger offer.

5.  All Communications between You and any Person concerning any offers of Cole Kepro to purchase, settle or otherwise compromise the Cole Kepro Litigation, separately or as part of a larger offer.

## TOPICS FOR EXAMINATION

1. Any Document or Communication responsive to any Request, whether or not produced.

2. The Debtor's valuation of estate claims against Cole Kepro.

3. The Debtor's analysis and consideration of the offers of Movant to purchase the Cole Kepro Claims.

4. The Debtor's communications with any Party regarding Movant's offers to purchase the Cole Kepro Claims.

5. The Debtor's communications with Cole Kepro regarding Cole Kepro's offers to purchase, settle or otherwise compromise the Cole Kepro Claims.

6. The Debtor's analysis and consideration of the offers of Cole Kepro to purchase, settle or otherwise compromise the Cole Kepro Claims.

7. The Debtor's communications with any party regarding Cole Kepro's offers to purchase, settle or otherwise compromise the Cole Kepro Claims.

# EXHIBIT "B"

# EXHIBIT "B"



_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
August 25, 2023

**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Phone: (702) 685-4444
Email: ccarlyon@caryloncica.com
       dcica@carlyoncia.com

*Co-Counsel for Chris McAlary*

Allan B. Diamond, Esq. (*pro hac vice pending*)
Stephen T. Loden, Esq. (*pro hac vice pending*)
Christopher D. Johnson, Esq. (*pro hac vice pending*)
**DIAMOND MCCARTHY LLP**
909 Fannin, Suite 3700
Houston, Texas 77010
Phone: (713) 333-5100
Email: adiamond@diamondmccarthy.com
       sloden@diamondmccarthy.com
       chris.johnson@diamondmccarthy.com

*Co-Counsel for Chris McAlary*
*Pro Hac Vice Pending*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

    CASH CLOUD, INC.,
    dba COIN CLOUD,

           Debtor.

Case No. BK-23-10423-MKN
Chapter 11

**ORDER GRANTING EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 OF CASH CLOUD, INC.**

This Court having reviewed the *Ex Parte Motion for Order Directing Examination Pursuant to Fed. R. Bankr. P. 2004 of Cash Cloud, Inc.* (the "Motion") filed by Chris McAlary and CC BR Holdco, LLC, a Nevada limited liability company (collectively "Movant") and for good cause appearing:

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that a representative of Cash Cloud, Inc. shall appear for an examination under oath before a certified court reporter at a time, place, and date to be mutually agreed upon by the parties, or if no such agreement is reached, upon no less than fourteen (14)

calendar days' written notice by Movant, as to any matter permitted by Fed. R. Bankr. P. 2004, including but not limited to the matters specifically enumerated in the Motion. Movant will also issue a separate notice of examination and subpoena for the date that the 2004 examination is scheduled.

IT IS FURTHER ORDERED that the examination may be continued from day to day until concluded.

IT IS FURTHER ORDERED that the examination will be recorded by a certified court reporter by stenographic means and may also be videographically recorded.

IT IS SO ORDERED.

Submitted by:

**CARLYON CICA CHTD.**

*/s/ Dawn M. Cica*
CANDACE C. CARYLON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Ste. 107
Las Vegas, Nevada 89119

*Co-Counsel for Chris McAlary*

**DIAMOND McCARTHY LLP**

*/s/ Christopher D. Johnson*
Allan B. Diamond, Esq. (*pro hac vice pending*)
Stephen T. Loden, Esq. (*pro hac vice pending*)
Christopher D. Johnson, Esq. (*pro hac vice pending*)
909 Fannin, Suite 3700
Houston, Texas 77010

*Co-Counsel for Chris McAlary*
*Pro Hac Vice Pending*