**Fill in this information to identify the case:**

| Debtor: | Case Number: |
|---|---|
| Cash Cloud, Inc. (DBA Coin Cloud) | 23-10423 |

**United States Bankruptcy Court for the District of Nevada**

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Brink's U.S., a Division of Brink's Incorporated
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Hirschler Fleischer, P.C.,  Attn: Robert Westermann, Esq.
Name
2100 East Cary Street
Number    Street
Richmond, VA 23223
City                    State                    ZIP Code

Contact phone    804-771-5610
Contact email    rwestermann@hirschlerlaw.com

Where should payments to the creditor be sent? (if different)

Brink's Incorporated, Attn: Cory Johnson
Name
555 Dividend Drive
Number    Street
Coppell, TX 75019
City                    State                    ZIP Code

Contact phone    469-549-6312
Contact email    cory.frobisher@brinksinc.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

7. **How much is the claim?**    $ __700,720.75__ . **Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Contract Rejection Damages (separate and distinct from Proof of Claim No. 125)

9. **Is all or part of the claim secured?**

☒ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**    _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**    $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☒ Other. Specify subsection of 11 U.S.C. § 507(a)( _2_ ) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    09/07/2023
                   MM  /  DD  /  YYYY

/s/ Robert S. Westermann
_____
Signature

Print the name of the person who is completing and signing this claim:

Name        Robert S. Westermann
            First name          Middle name          Last name

Title        Counsel to Brink's, Inc.

Company     Hirschler Fleischer, P.C.
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     2100 East Cary Street
            Number       Street
            Richmond, VA 23223
            City                              State      ZIP Code

Contact phone   804-771-5610        Email   rwestermann@hirschlerlaw.com

## EXHIBIT A

1  BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
2  JEANETTE E. MCPHERSON, ESQ.
   Nevada Bar No. 5423
3  NICHOLAS A. KOFFROTH, ESQ.
   Nevada Bar No. 16264
4  ZACHARY T. WILLIAMS, ESQ.
   Nevada Bar No. 16023
5
   **FOX ROTHSCHILD LLP**
6  1980 Festival Plaza Drive, Suite 700
   Las Vegas, Nevada 89135
7  Telephone: 702-262-6899 / Facsimile: 702-597-5503
   Email: baxelrod@foxrothschild.com
8          jmcpherson@foxrothschild.com
           nkoffroth@foxrothschild.com
9          zwilliams@foxrothschild.com
10

11 *Counsel for Debtor*

12              **UNITED STATES BANKRUPTCY COURT**

13                    **DISTRICT OF NEVADA**

14 In re                              Case No. BK-S-23-10423-MKN

15 CASH CLOUD, INC.,                  Chapter 11
   dba COIN CLOUD,
16                                    **STIPULATION WITH BRINK'S U.S., A
                                      DIVISION OF BRINK'S INCORPORATED
17                                    REJECTING EXECUTORY CONTRACT
                        Debtor.       PURSUANT TO 11 U.S.C. § 365(a)**
18
                                      Hearing Date:  N/A
19                                    Hearing Time: N/A
20

21      Cash Cloud, Inc. ("Cash Cloud" or "Debtor"), debtor and debtor in possession in the above-

22 captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox

23 Rothschild LLP, and Brink's U.S., a division of Brink's Incorporated. ("Brink's"), by and through

24 is undersigned counsel, Hirschler (collectively, the "Parties"), hereby enter into this *Stipulation*

25 *With Brink's U.S., a division of Brink's Incorporated Rejecting Executory Contract Pursuant To 11*

26 *U.S.C. § 365(A)* ("Stipulation").

27 / / /

28 / / /

                                      1

148082731.1

**RECITALS**

WHEREAS, on or about May 28, 2019, Debtor and Brink's entered into a Services Agreement, Agreement #10000132498 ("Services Agreement");

WHEREAS, on or about May 21, 2019, Debtor and Brink's entered into an Amendment To Services Agreement, Agreement #10000132498 ("Amendment");

WHEREAS, on or about January 4, 2021, Debtor and Brink's entered into an Armored Transportation Services Statement Of Work ("Armored Transportation SOW", and collectively with the Services Agreement and Amended, the "Agreement" );

WHEREAS, the Debtor desires to reject the Agreement pursuant to  11 U.S.C. § 365(a), effective as of the date of the entry of an Order granting this Stipulation;

WHEREAS, the Parties agree that the deadline for Brink's to assert any claims against Debtor for damages arising from the rejection of its Agreement (a "Rejection Damages Claim") and to file a Proof of Claim with the Clerk of the Bankruptcy Court for such Rejection Damages Claim is **no later than thirty (30) days after entry of an Order granting this Stipulation** or it shall be forever barred from asserting such Rejection Damages Claim;

WHEREAS,  the Parties agree that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of the Order granting this Stipulation.

**STIPULATION**

NOW, THEREFORE, in consideration of the foregoing, the parties agree as follows:

1.      the Debtor shall reject the Agreement pursuant to  11 U.S.C. § 365(a), effective as of the date of the entry of an Order granting this Stipulation;

2.      the deadline for Brink's to assert any claims against Debtor for damages arising from the rejection of its Agreement and to file a Proof of Claim with the Clerk of the Bankruptcy Court for such Rejection Damages Claim is **no later than thirty (30) days after entry of an Order granting this Stipulation** or it shall be forever barred from asserting such Rejection Damages Claim; and

/ / /

/ / /

2

148082731.1

3. this Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of the Order granting this Stipulation. .

Dated this 2nd day of August, 2023.

Dated this 2nd day of August, 2023.

**FOX ROTHSCHILD LLP**

**HIRSCHLER**

By  /s/ Brett A. Axelrod

By  /s/ Robert S. Westermann

    BRETT A. AXELROD, ESQ.
    JEANETTE E. MCPHERSON, ESQ.
    NICHOLAS A. KOFFROTH, ESQ.
    ZACHARY T. WILLIAMS, ESQ.
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135

    ROBERT S. WESTERMANN, ESQ.
    2100 East Cary Street
    Richmond, VA  23223-7078

*Counsel for Debtor*

*Counsel for Brink's U.S., a division of Brink's Incorporated*

3



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
August 09, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: 702-262-6899 / Facsimile: 702-597-5503
Email: baxelrod@foxrothschild.com
   jmcpherson@foxrothschild.com
   nkoffroth@foxrothschild.com
   zwilliams@foxrothschild.com

*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-S-23-10423-MKN |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER GRANTING STIPULATION WITH BRINK'S U.S., A DIVISION OF BRINK'S INCORPORATED REJECTING EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. § 365(a)** |
| | Hearing Date: N/A |
| | Hearing Time: N/A |

/ / /

/ / /

1

148087665.1

*(Left margin)* FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1    The Court having read and considered the *Stipulation With Brink's U.S., a division of*

2    *Brink's Incorporated Rejecting Executory Contract Pursuant To 11 U.S.C. § 365(A)*

3    ("Stipulation"),[1] and good cause appearing therefor, it is hereby

4        ORDERED that the Stipulation is approved; and it is further

5        ORDERED that the Agreement with Brink's is hereby rejected by the Debtor pursuant to  11

6    U.S.C. § 365(a), effective as of the date of the entry of this Order; and it is further

7        ORDERED that the deadline for Brink's to assert any claims against Debtor for damages

8    arising from the rejection of its Agreement and to file a Proof of Claim with the Clerk of the

9    Bankruptcy Court for such Rejection Damages Claim is **no later than thirty (30) days after entry**

10   **of this Order** or it shall be forever barred from asserting such Rejection Damages Claim; and it is

11   further

12       ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising

13   from the implementation or interpretation of the Order granting this Stipulation. .

14   Submitted by:                                    Approved by:

15   **FOX ROTHSCHILD LLP**                            **HIRSCHLER**

16   By  /s/ Brett A. Axelrod                        By /s/ Robert S. Westermann

17       BRETT A. AXELROD, ESQ.                          ROBERT S. WESTERMANN, ESQ.
         JEANETTE E. MCPHERSON, ESQ.                     2100 East Cary Street
18       NICHOLAS A. KOFFROTH, ESQ.                      Richmond, VA  23223-7078
         ZACHARY T. WILLIAMS, ESQ.
19       1980 Festival Plaza Drive, Suite 700
         Las Vegas, Nevada 89135
20   *Counsel for Debtor*                             *Counsel for Brink's U.S., a division of Brink's*
                                                      *Incorporated*
21

22                                                        ###

23

24

25

26

27

28
     ---
     [1] Capitalized terms used, but not defined herein, shall have the meaning ascribed to such terms in the Stipulation.

                                                     2

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148087665.1

**EXHIBIT B**

DocuSign Envelope ID: 76785BC0-F09D-455A-8BC4-E0B8EF732739



# SERVICES AGREEMENT

### AGREEMENT # 10000132498

THIS **SERVICES AGREEMENT** (together with Attachment(s) the "Agreement") is made by and between **Brink's U.S., a Division of Brink's, Incorporated** ("Brink's"), a Delaware corporation with offices located at 555 Dividend Drive, Suite 100, Coppell, TX 75019, and CASH CLOUD INC. ("Customer") (EIN: 46-5527468) with offices located at 9580 WEST SAHARA AVENUE SUITE 200, LAS VEGAS, NV-89117 is entered into this 28 day of May**,** 2019.

I.   **DEFINITIONS**
   A.  Attachment - any statement of work ("SOW"), exhibit, schedule, amendment or addendum, all of which are hereby incorporated into this Services Agreement.
   B.  Business Day - Monday through Friday except holidays observed by the Facility performing Services hereunder.
   C.  Distinctively and Securely Sealed - the container used to hold any Property has been closed and fastened with a device or method of sealing having a distinguishing mark that can be clearly seen and recognized as a unique identification number or special mark that is attached to the container so that the Property is firmly enclosed, and the device or method of sealing cannot be removed and reapplied to the container without leaving visible external evidence of tampering to the container. The container must also include bar coding compliant with Brink's specifications.
   D.  Facility(ies) - Brink's location(s) where certain Services will be performed.
   E.  Loss - any loss of, damage to, theft of, or destruction of Property for which Customer has provided timely Notice to Brink's.
   F.  Maximum Liability Amount - the total liability assumed by Brink's for a Loss as specified in the Attachment(s).
   G.  Property - currency, coin, checks, securities, other financial instruments, and other valuables agreed upon by Brink's in an Attachment.
   H.  Rates - charges for Services as listed in Attachment(s).
   I.  Services - services to be provided to Customer as described in the applicable Attachment(s).
   J.  Shipment - one or more sealed or locked container(s) of Property collected or received by Brink's in one place at any one time.

II.  **SERVICES**
   A.  Brink's shall perform Services as set forth in the SOW(s) signed by Brink's and Customer.  Services will be performed at the Facility(ies) and other locations specified in the applicable SOW. Services will be performed on Business Days, unless otherwise specified in the applicable SOW.  In the event of inclement weather or some other irregularity, performance shall be as mutually agreed upon.  Customer agrees to look only to the provisions of this Agreement and the applicable SOW for any claim against Brink's relating to Customer's Property.
   B.  The Customer locations serviced under any SOW, whether listed in an Attachment or otherwise, shall not be deleted by Customer during the term of the Agreement. If a Customer location is moved from one location to another, Brink's will be given the right of first refusal to service such location in its new site.

III. **TERM**
This Agreement shall begin on the earliest effective date of a SOW and shall remain in effect until expiration or termination of all SOWs.

IV.  **CHARGES AND PAYMENT**
   A.  Within thirty (30) days of the date of each invoice, Customer shall pay Brink's the Rates plus all applicable federal, state and local taxes.  Payment shall be made by check, electronic funds transfer (EFT) or Fedwire.  The Rates may be amended by Brink's invoices, letters, or other writings. Except for Rate changes made pursuant to paragraph 3 of this section, Customer may, by written Notice within twenty (20) days of such invoice, letter or other writing, reject any charges differing from the Rates.  Otherwise, Customer shall be deemed to have accepted such increase.  If Customer disputes the accuracy of an invoice, Customer will provide Brink's written Notice of the claimed inaccuracy within sixty (60) days of the invoice date or such claim will be deemed waived by Customer.
   B.  All charges remaining unpaid after the invoice due date are subject to an interest charge at the lesser of: 1½% per month; or, the maximum rate allowed by law.
   C.  Brink's may increase Rates effective January 1 of each year of this Agreement, Brink's may also increase Rates upon written communication in the event of a change in economic conditions that increases Brink's operating costs. Brink's will provide thirty (30) days prior written notice for a Rate increase due to a change in economic conditions affecting the services in Customer's service areas. A change in economic conditions may include, but is not limited to: (i) an act of God; (ii) an act of war; (iii) an increase in the then current local, state, or federal minimum wage; (iv) legislative or regulatory requirements related to the performance of the Services hereunder; or (v) any event that affects Brink's ability to obtain insurance as required under this Agreement. Customer shall also pay the Monthly fuel surcharge as set forth in the Rates for the applicable SOW.
   D.  Customer shall pay Brink's for all changes in scope of Services (e.g. frequency, days of service, addition or deletion of locations, etc.) whether requested by Customer in writing or verbally.

V.   **BRINK'S LIABILITY; LIMITATIONS; EXCLUSIONS**
   A.  Brink's liability for any of its obligations under this Agreement, including without limitation liability for a Loss of a Shipment, shall not exceed the lesser of the following:  (1) Maximum Liability Amount; (2) the actual value of the Loss; or (3) the declared value

DocuSign Envelope ID: 76785BC0-F09D-455A-8BC4-E0B8EF732739

of the Property subject to the Loss. Brink's liability shall commence when the Property has been received into Brink's possession and a receipt has been signed by Brink's and shall terminate when the Property has been delivered to the location or agent designated by Customer pursuant to the applicable Attachment, or returned to Customer or its agent in the event that delivery cannot reasonably be made by Brink's.

B. Brink's liability for a Loss shall not exceed the Maximum Liability Amount, notwithstanding anything to the contrary contained in any oral statement, invoice, receipt or other document.

C. Brink's shall not be liable for any shortage within any Shipment that: (1) is not Distinctively and Securely Sealed when received by Brink's; (2) occurred before Brink's received possession of the Shipment; or (3) shows no external evidence of tampering when received by Brink's. Brink's shall not be liable for a Loss caused in whole or in part by the criminal acts, or fraud of Customer, its employees, representatives or agents.

D. Does Customer have the ability to reconstruct checks?    YES ◇       NO ⊗
If "Yes" is checked above, the following language applies:

E. In the event of a Loss of checks or other financial instruments (together "Checks"), Brink's agrees to pay for: (1) Customer's reasonable costs in identifying and replacing the Checks, and (2) the face value of the Checks not identified, except for those Checks which could not be collected on at the time of the Loss up to a combined limit of $25,000 per Shipment. The Maximum Liability Amount that applies to the Loss shall include the referenced $25,000. Customer shall maintain a complete record of all Checks it places in a Shipment and agrees to diligently pursue identification and replacement efforts of the Checks. Customer further agrees to reimburse Brink's for all amounts that are recovered as the result of such efforts.

F. Brink's shall not be liable for non-performance or delays of Service caused by strikes, lockouts or other labor disturbances, riots, authority of law, acts of God, fire, flood, tornado, hurricane, earthquake or means beyond Brink's control.

G. Brink's shall not be liable for a Loss or for non-performance or delays of Service (or for any cost, expense or liability related thereto) caused by or resulting from: (1) war, hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack (a) by any government or sovereign power (*de jure* or *de facto*), or by any authority maintaining or using military, naval or air forces; or (b) by military, naval or air forces; or (c) by an agent of any such government, power, authority or forces; (2) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence or confiscation by order of any government or public authority.

H. In no case shall Brink's be liable for Loss or for non-performance or delays of Service (or for any cost, expense or liability related thereto) directly or indirectly caused by or contributed to or arising from: (1) any chemical, biological, bio-chemical or electromagnetic weapon; (2) the use or operation, as a means for inflicting harm, of any computer, computer system, computer software program, malicious code, computer virus or process or any other electronic system; (3) ionizing radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel; (4) the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof; (5) any weapon or device employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter; or (6) the radioactive, toxic, explosive or other hazardous or contaminating properties of any radioactive matter. The exclusion in sub-clause (6) does not extend to radioactive isotopes, other than nuclear fuel, when such isotopes are being prepared, carried, stored or used for commercial, agricultural, medical, scientific or other similar peaceful purposes.

I. **The following limitation shall not apply to Property in transit.** Brink's shall not be liable for Loss or for nonperformance or delays of Service (or for any liability, cost or expense related thereto) directly or indirectly caused by, resulting from or in connection with, any act of terrorism or any action taken in controlling, preventing, suppressing or in any way relating to any act of terrorism. An act of terrorism means an act, including but not limited to the use of force or violence and/or the threat thereof, of any person or group(s) of persons, whether acting alone or on behalf of or in connection with any organization(s) or government(s), committed for political, religious, ideological or similar purposes including the intention to influence any government and/or to put the public, or any section of the public, in fear.

J. Brink's is not an insurer under this Agreement. Brink's shall not be liable under any circumstance for consequential, special, incidental, indirect or punitive losses or damages (including lost profits, interest or savings) whether or not caused by the fault or negligence of Brink's and whether or not Brink's had knowledge that such losses or damages might be incurred.

## VI.  INSURANCE

A. Brink's will maintain at all times during the term of this Agreement, insurance payable to Brink's in such amounts and against such risks as shall adequately cover the Maximum Liability Amount. Upon Customer's written request, Brink's will provide a certificate of insurance. Customer shall be given thirty (30) days' notice in the event such insurance coverage is canceled, not renewed or materially restricted.

B. Customer shall at all times maintain comprehensive general liability insurance coverage, including contractual liability and premises liability. Such insurance shall be in reasonable amounts and with insurance companies of recognized financial responsibility. Upon written request, Customer shall provide to Brink's evidence of such insurance coverage, and Customer agrees that Brink's shall be given thirty (30) days' notice in the event that such insurance coverage shall be canceled, not renewed or materially restricted.

## VII.  FILING OF CLAIMS;PROOF OF LOSS

A. In the event of Loss under this Agreement, Customer shall notify Brink's as soon as practicable upon discovery and provide written Notice to Brink's no more than thirty (30) days after the Property which is the subject of the claim was received into Brink's possession or, as applicable, the inventory report or transaction report indicating a Loss or discrepancy is delivered to Customer. To file a Loss claim, Customer shall submit the claim to Brink's designated website or email address. Timely and complete submission of a Loss claim shall constitute notice of Loss under this paragraph. Customer shall retain a copy of the notification of Loss receipt provided via email or available from the Brink's designated website. It is Customer's responsibility to promptly verify deliveries, transaction reports and inventory reports, as applicable. Unless such Notice is given by Customer within the time prescribed in this section, Brink's shall not be liable to Customer for any claims made pursuant to this Agreement and Customer shall be deemed to have expressly waived any such claim.

B. Customer shall maintain a record of all Property placed in a Shipment and shall promptly and diligently assist Brink's in establishing the identity of any Loss. Customer agrees to mitigate its damages in connection with any Loss. Brink's and

DocuSign Envelope ID: 76785BC0-F09D-455A-8BC4-E0B8EF732739

Customer shall fully cooperate in conducting an investigation, and any question of a Loss or the cause thereof, to the extent reasonably possible, shall be resolved by the findings of such investigation.

C.   Affirmative written proof of the Loss, subscribed and sworn to by Customer and substantiated by the books, records and accounts of Customer, shall be furnished to Brink's prior to payment of a claim. Upon payment of a claim by Brink's, Customer hereby assigns to Brink's all of its right, title and interest in the Property which was the subject of the Loss and all rights of recovery against third parties that are the subject of the claim. Customer will execute any documents necessary to perfect such assignment upon request by Brink's or Brink's insurers.

## VIII.  DEFAULT; REMEDIES; TERMINATION

A.   In the event of early termination under this Agreement and/or any SOW, other than for material breach by Brink's, Customer agrees that actual damages might be sustained by Brink's which are uncertain and would be difficult to determine. Customer hereby agrees to pay Brink's, as liquidated damages and not as a penalty, all remaining charges that would have been payable to Brink's from the date of termination up to and including the date of expiration of the then current term of this Agreement, plus any capital costs incurred by Brink's as a result of entering into this Agreement. Should Customer default in the payment to Brink's of any amounts due under this Agreement, then Customer shall also be responsible for interest as provided above and all attorney's fees, costs and expenses incurred by Brink's in the collection of such past due amounts. The past due amounts, interest and collection costs constitute "Unpaid Obligations". In addition to the other remedies provided in this Agreement and under applicable law, Customer hereby agrees that Brink's shall be permitted to retain as a credit and to offset against such Unpaid Obligations, on a dollar for dollar basis, any Property which Brink's has in its possession under this Agreement.

B.   Either party may terminate this Agreement in the event of a material breach of this Agreement (including non-payment) by the other party, provided that such breach continues for a period of thirty (30) days after receipt by the breaching party of written Notice from the non-breaching party specifying the nature of such breach. No written Notice is required if the breach is non-payment of amounts due. If such breach is cured within the applicable cure period, then this Agreement shall continue in full force and effect.

## IX.  MISCELLANEOUS

A.   Brink's may, in its discretion, choose to perform any or all of the Services itself or through its employees, agents or independent subcontractors. Any employee, agent or independent subcontractor performing Services shall be entitled to the benefit of every limitation and defense to which Brink's is entitled hereunder. Notwithstanding the foregoing, Customer shall look solely to Brink's for reimbursement of any Loss in accordance with the terms of this Agreement.

B.   All "Notices" under this Agreement, shall be in writing and shall be deemed given to the other party immediately upon: personal or messenger delivery; proof of transmission date of facsimile transmission; or delivery date of overnight courier or certified mail service. Notice shall be sent to the party at the address shown on the front of this Agreement or to such other address as either party may specify by Notice. Notice to Brink's, including bankruptcy notifications, shall also be sent to: Brink's U.S., Attn: Legal Department, 555 Dividend Drive, Coppell, TX 75019.

C.   Conflicting terms in SOWs will prevail over terms stated in this Services Agreement. Any pre-printed terms and conditions contained in any purchase order or other similar document used by Customer shall be null and void and have no force or effect in modifying the terms and conditions of this Agreement.

D.   This Agreement governs the rights and responsibilities of Customer and Brink's. Customer agrees to look only to the provisions of this Agreement for any claim against Brink's relating to Customer's Property.

E.   Each party agrees to comply with all applicable laws, rules and regulations in the performance of its obligations hereunder.

F.   This Agreement and the Attachments, all as may be amended from time to time, constitute the entire agreement and understanding between Customer and Brink's with respect to the subject matter hereof and supersedes all prior agreements and understandings, whether oral or written, express or implied. Except with respect to Rates, this Agreement may only be amended or superseded by a writing signed by the parties. The sole and exclusive remedies for any breach of the terms and provisions of this Agreement or any claim or cause of action otherwise arising out of or related to this Agreement shall be those remedies available at law or in equity for breach of contract only (as such contractual remedies have been further limited or excluded pursuant to the express terms of this Agreement), and neither of the parties hereto, nor other person or entity will have any other entitlement, remedy or recourse, whether in contract, tort or otherwise.

G.   Neither party shall use the other party's trade name, likeness, trademarks or logo, without the other party's prior written consent.

H.   The failure of either party to require strict adherence to any term of this Agreement will not be deemed a waiver or deprive that party of the right thereafter to insist upon strict adherence to any term of this Agreement.

I.   The illegality or invalidity of any provision of this Agreement shall not affect or invalidate the remainder of the Agreement.

J.   CUSTOMER AND BRINK'S HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION ARISING IN ANY WAY OUT OF THIS AGREEMENT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE PARTIES TO ENTER INTO THIS AGREEMENT.

K.   The provisions of this Agreement, which by their sense and context are meant to survive expiration of this Agreement, shall so survive.

L.   Customer's performance of its obligations hereunder shall not be excused or relieved by any claims of Customer to a right(s) of abatement, deduction, setoff or recoupment against Brink's.

M.   THE LAWS OF THE STATE OF DELAWARE SHALL GOVERN THE VALIDITY OF THIS AGREEMENT, THE CONSTRUCTION OF ITS TERMS AND CONDITIONS, THE INTERPRETATION OF THE RIGHTS AND RELATIONSHIPS OF THE PARTIES HERETO, INCLUDING BUT NOT LIMITED TO ALL CLAIMS OR CAUSES OF ACTION (WHETHER BROUGHT IN CONTRACT OR TORT) THAT MAY BE BASED ON, ARISE OUT OF OR RELATE TO THIS AGREEMENT, WITHOUT REGARD TO THE CONFLICTS OF LAWS AND PRINCIPLES THEREOF.

N.   If Customer files for protection under any provision of the Bankruptcy Code (11 U.S.C. S. 101, et seq.), Customer shall file among its first day motions a motion seeking authorization to: (1) assume the Brink's contract, (2) pay Brink's all amounts due under the Agreement on an ongoing basis, and (3) pay as a cure claim any past due amounts. Customer acknowledges that the Services are critical to the continued and uninterrupted operation of its business locations and cash flow. Customer shall promptly seek court authority to treat Brink's as a critical vendor.

O.   To the extent Services include transportation, Customer agrees: (a) that none of the provisions of the Carmack Amendment apply to any obligation of Brink's under this Agreement and (b) Customer shall comply with the Private Express Statutes

DocuSign Envelope ID: 76785BC0-F09D-455A-8BC4-E0B8EF732739

(United States Postal Laws and Regulations) in the preparation of all Shipments.

P.   Customer will not assign this Agreement without the prior written consent of Brink's.

Q.   To the extent not prohibited by law, Customer must commence any action, suit, or proceeding for a Loss within twelve (12) months after receipt of the Property into Brink's possession.

R.   This Agreement may be executed in multiple counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

**AGREED AND ACCEPTED:**

"CUSTOMER":

**CASH CLOUD INC.**

By: _____

(Customer Signature)

Name: _____
Jeffrey L. Garon

Title: _____
CFO / COO

"BRINK'S":

**Brink's U.S., a Division of Brink's, Incorporated**

By: _____

Name: _____
Erin Conaghan

Title: _____
Vice President, Sales SE Region

**IIIIIBRINKS**

## ARMORED TRANSPORTATION SERVICES
## STATEMENT OF WORK

### AGREEMENT # 10000132498   SOW # 21059

This Armored Transportation Services Statement of Work (the "Armored Transportation SOW") entered into as of January 4, 2021 (the "Effective Date"), is an Attachment to the Services Agreement by and between CASH CLOUD INC. ("Customer") and Brink's, U.S., a Division of Brink's, Incorporated ("Brink's"), dated May 28, 2019, (the "Agreement"). This Armored Transportation Services SOW and any additional Attachments hereto: (i) are incorporated by reference into the Agreement, (ii) apply only to the Armored Transportation Services and not to products or services covered by any other SOW or Attachment under the Agreement, and (iii) amend and supplement the terms of the Agreement as set forth herein. Capitalized terms not defined herein shall have the same meaning as set forth in the Agreement.

1. **DEFINITIONS**
   A. **Armored Transportation Services** - Armored transportation of Property and related services to be provided to Customer as described in this SOW.
   B. **Delivery Location** - The location designated by Customer in an Attachment as the place where Brink's is to deliver Shipments.
   C. **Fragile Property** - Any breakable item, including without limitation, decorative pieces, works of art, and jewelry.
   D. **Night Depository** - A non-ATM receptacle in which Customer's customers can deposit Property.
   E. **Pick-Up Location** - The location designated by Customer in an Attachment as the place where Brink's is to receive Shipments, which may include a Night Depository location.
   F. **Shipment** - For purposes of this Armored Transportation SOW, one or more sealed or locked containers of Property received by Brink's at the same time at a single Pick-Up Location, which are to be delivered to a single Delivery Location.

2. **TERM**
   Armored Transportation Services shall begin on the Effective Date and shall continue for a term ending on the last day of the calendar month two (2) years following the Effective Date. Thereafter this Armored Transportation SOW shall automatically renew for successive one (1) year periods until cancelled by either party on at least sixty (60) days written notice prior to the expiration of the then-current term.

3. **SCOPE OF SERVICES**
   A. **Brink's Responsibilities**
   Brink's shall: (i) arrive at the Pick-Up Location to collect Shipments; (ii) sign a receipt for Shipments received by Brink's; (iii) deliver such Shipments to the Delivery Location; and (iv) obtain a receipt for such delivery. Brink's may return the Shipment to the Pick-Up Location in the event that delivery to the applicable Delivery Location cannot reasonably be made by Brink's. The Armored Transportation Services will be performed during Brink's regular business hours as scheduled by Brink's Facility(ies) performing the Armored Transportation Services, unless otherwise specified herein. In the event of inclement weather or some other irregularity, performance shall be as mutually agreed upon.

**B. Customer's Responsibilities**

(i)     Customer shall place all Property to be received by Brink's in Distinctively and Securely Sealed containers.

(ii)    Customer warrants that it shall declare the actual value of each Shipment and in each Distinctively and Securely Sealed container in the Shipment.  Customer shall not conceal or misrepresent any material fact or circumstance concerning the Property delivered to Brink's and agrees, in the event of Loss, to be bound by its declaration of value.

(iii)   Customer will not include Fragile Property in a Shipment unless specifically agreed to by Brink's in an Attachment.

4.    **BRINK'S LIABILITY**

A.   Subject to the terms of the Agreement, BRINK'S **MAXIMUM LIABILITY AMOUNT** FOR THE SERVICES UNDER THIS ARMORED TRANSPORTATION SERVICES SOW SHALL BE $50,000.00 PER SHIPMENT UNLESS OTHERWISE DESIGNATED IN A LOCATIONS ATTACHMENT.

B.   Brink's is not responsible for determining the contents or value of any Shipment.

C.   Night Depository (if applicable). Brink's shall not be liable for any Property contained in a Night Depository.  Customer agrees that such Property shall be in Brink's possession only after Brink's removes the Property from the Night Depository.  Brink's count of the number of items collected from a Night Depository is binding and conclusive.  Brink's shall not be liable for any unexplained Night Depository shortage.  Customer is responsible for assuring that the Night Depository is secure.

5.    **RATES**

Customer agrees to pay the Rates for the Armored Transportation Services as described in Exhibit A.

"CUSTOMER":                              "BRINK'S":

**CASH CLOUD INC.**                        **Brink's U.S., a Division of Brink's, Incorporated**

By: _____          By: _____
(Customer Signature)

Name: _____          Name: _____
Jeffrey L. Garon                              Erin Conaghan

Title: _____          Title: _____
CFO / COO                              Vice President, Sales SE Region

DocuSign Envelope ID: 76785BC0-F09D-455A-8BC4-E0B8EF732739



# BRINKS

## EXHIBIT A

## To the ARMORED TRANSPORTATION SERVICES SOW
## LOCATIONS & RATES

### AGREEMENT # 10000132498    SOW # 21059

This Exhibit A to the Armored Transportation Services SOW, entered into as of May 28, 2019 by and between Brink's U.S., a Division of Brink's, Incorporated ("Brink's") and **CASH CLOUD INC.** ("Customer"), sets forth the Locations & Rates for armored transportation Services. This Exhibit A and the Armored Transportation Services SOW are Attachments to the Services Agreement by and between Customer and Brink's, dated **January 4, 2021** (the "Agreement") and: (i) are incorporated by reference into the Agreement, (ii) apply only to the Armored Transportation Services and not to products or services covered by any other SOW or Attachment under the Agreement, and (iii) amend and supplement the terms of the Agreement as set forth herein. Capitalized terms not defined herein shall have the same meaning as set forth in the Agreement.

## I.  Service Locations

| | Service | Day or Date | Liability |
|---|---|---|---|
| (A)  Call at: | Customer's locations listed in Section II | Service days as shown in Section II | Maximum : $50,000.00 |
| Deliver to: | Designated local bank | Same or following banking day | Average  : $20,000.00 |
| (B)  Call at: | Designated local bank | At same time as Item A | Maximum : $50,000.00 |
| Deliver to: | Customer's locations listed in Section II | Next scheduled day | Average  : $20,000.00 |

## II.  Rates

| PRICE LIST | LOCATION ID | SERVICE ADDRESS | BRINK'S FACILITY | CONJ | FREQ | ZONE | EZ CHANGE | SERVICE DAY(S) | RATE/ MO. | RATE/ TRIP | EXCESS ITEMS | EXCESS LIAB | EXCESS PREMISES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Price List 001 | 108533 | 2228 LINCOLN STREET, CEDAR FALLS, IA, 50613 | DAVENPORT | No | Weekly | OTR | No | M | ▮ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_104260 | 5924 BASELINE ROAD, LITTLE ROCK, AR, 72209-5047 | MEMPHIS- BELLBROOK 260 | No | Weekly | OTR | No | T | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |

DocuSign Envelope ID: 76785BC0-F09D-455A-8BC4-E0B8EF732739

| PRICE LIST | LOCATION ID | SERVICE ADDRESS | BRINK'S FACILITY | CONJ | FREQ | ZONE | EZ CHANGE | SERVICE DAY(S) | RATE/ MO. | RATE/ TRIP | EXCESS ITEMS | EXCESS LIAB | EXCESS PREMISES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Price List 001 | CASH CLOUD_104269 | 1116 ARKANSAS 161, JACKSONVILLE, AR, 72076-5716 | MEMPHIS-BELLBROOK 290 | No | Weekly | OTR | No | T | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108094 | 401 NORTH MESQUITE AVENUE, LULING, TX, 78648-2242 | SAN ANTONIO | No | Weekly | OTR | No | W | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108144 | 1300 WHEATON STREET, SAVANNAH, GA, 31404-1715 | JACKSONVILLE | No | Weekly | RUR | No | Th | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108145 | 4035 U.S. 17, RICHMOND HILL, GA, 31324 | JACKSONVILLE | No | Weekly | RUR | No | F | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108216 | 2561 KERSHAW CAMDEN HIGHWAY, LANCASTER, SC, 29720 | CHARLOTTE | No | Weekly | RUR | No | W | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108254 | 532 WEST NORTHWEST BOULEVARD, WINSTON-SALEM, NC, 27105-6526 | WINSTON-SALEM, NC (LAUNCH PAD) | No | Weekly | URB | No | M | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108430 | 1614 WEST MAIN STREET, Richmond, VA, 23220-4533 | COLUMBUS, OH | No | Weekly | URB | No | W | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108431 | 23755 ROGERS CLARK BOULEVARD, RUTHER GLEN, VA, 22546-3465 | RICHMOND - HENRICO 004 | No | Weekly | URB | No | W | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108506 | 10211 BROOKPARK ROAD, PARMA, OH, 44130-1107 | CLEVELAND - VALLEY VIEW 011 | No | Weekly | URB | No | W | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108641 | 801 EAST MAIN STREET, BARNESVILLE, OH, 43713 | WHEELING (LAUNCHPAD OF PITTSBURGH) | No | Weekly | RUR | No | Th | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108689 | 2458 SOUTH STATE AVENUE, INDIANAPOLIS, IN, 46203-4462 | INDIANAPOLIS | No | Weekly | URB | No | W | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108705 | 2661 SOUTH ONEIDA STREET, APPLETON, WI, 54915-1661 | MILWAUKEE | No | Weekly | OTR | No | M | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108712 | 1074 SOUTH JORDAN PARKWAY, SOUTH JORDAN, UT, 84095 | SALT LAKE CITY | No | Weekly | URB | No | Th | ███ | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |

DocuSign Envelope ID: 76785BC0-F09D-455A-8BC4-E0B8EF732739

| PRICE LIST | LOCATION ID | SERVICE ADDRESS | BRINKS FACILITY | CONJ | FREQ | ZONE | EZ CHANGE | SERVICE DAY(S) | RATE/ MO. | RATE/ TRIP | EXCESS ITEMS | EXCESS LIAB | EXCESS PREMISES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Price List 001 | CASH CLOUD_108735 | 479 EAST MARKET STREET, TIFFIN, OH, 44883-1766 | TOLEDO | No | Weekly | OTR | No | Th | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108746 | 5459 SOUTH MINGO ROAD, TULSA, OK, 74146-5742 | TULSA | No | Weekly | URB | No | W | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108797 | 330 COMMERCIAL STREET, ROCKPORT, ME, 04856-4400 | LEWISTON | No | Weekly | OTR | No | Th | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108807 | 56 WEST MAIN STREET, LEXINGTON, OH, 44904-1114 | MASSILLON | No | Weekly | OTR | No | Th | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108826 | 864 BROADWAY, HAVERHILL, MA, 01832-1210 | LAWRENCE | No | Weekly | URB | No | W | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108836 | 3980 SOUTH 2700 EAST, HOLLADAY, UT, 84124 | SALT LAKE CITY | No | Weekly | URB | No | Th | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108844 | 35652 VINE STREET, WILLOWICK, OH, 44095 | CLEVELAND | No | Weekly | URB | No | W | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108854 | 717 EAST 9400 SOUTH, SANDY, UT, 84094-3620 | SALT LAKE CITY | No | Weekly | URB | No | Th | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108857 | 1172 DRAPER PARKWAY, DRAPER, UT, 84020-9095 | SALT LAKE CITY | No | Weekly | URB | No | Th | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108870 | 202 BLAND STREET, WESTON, WV, 26452-1609 | PITTSBURGH | No | Weekly | OTR | No | W | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108884 | 821 CEDAR AVENUE, SCRANTON, PA, 18505-2788 | WILKES-BARRE | No | Weekly | URB | No | Th | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108886 | 506 MARKET PLACE MALL, WESTON, WV, 26452 | PITTSBURGH | No | Weekly | OTR | No | W | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108888 | 6529 EAST 51ST STREET, TULSA, OK, 74145 | TULSA | No | Weekly | URB | No | W | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108889 | 5077 SOUTH YALE AVENUE, TULSA, OK, 74135 | TULSA | No | Weekly | URB | No | W | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108892 | 7039 SOUTH MEMORIAL DRIVE, TULSA, OK, 74133 | TULSA | No | Weekly | URB | No | W | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108905 | 151 MEMORIAL HIGHWAY, DALLAS, PA, 18612 | WILKES-BARRE | No | Weekly | URB | No | W | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |

DocuSign Envelope ID: 76785BC0-F09D-455A-8BC4-E0B8EF732739

| PRICE LIST | LOCATION ID | SERVICE ADDRESS | BRINK'S FACILITY | CONJ | FREQ | ZONE | EZ CHANGE | SERVICE DAY(S) | RATE/ MO. | RATE/ TRIP | EXCESS ITEMS | EXCESS LIAB | EXCESS PREMISES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Price List 001 | CASH CLOUD_108911 | 359 BEVERLY PIKE, ELKINS, WV, 26241-9460 | PITTSBURGH | No | Weekly | OTR | No | W | ▮ | | | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108919 | 1606 MAIN STREET, GREEN BAY, WI, 54302-2627 | MILWAUKEE | No | Weekly | OTR | No | Th | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |
| Price List 001 | CASH CLOUD_108967 | 6625G DIXIE HIGHWAY, FAIRFIELD, OH, 45014 | CINCINNATI | No | Weekly | URB | No | W | | | 10 | $50,000 | 5 minutes - 00:01 - 23:59 |

## Price List 001

### Monthly Billed Service

| CIT Service | Urban | Rural | Over the Road |
|---|---|---|---|
| 1 day a week | | | |
| 2 day a week | | | |
| 3 day a week | | | |
| 4 day a week | | | |
| 5 day a week | | | |
| 6 day a week | | | |
| 7 day a week | | | |
| Every other Week | | | |
| Once a month | | | |

### Usage Billed Service

| Service Description | Urban | Rural | Over the Road |
|---|---|---|---|
| Excess Items | | | |
| Excess Liability per $1000 | | | |
| Excess Time | | | |
| Holiday Service | | | |
| Unscheduled Service | | | |

| Service Description | Urban | Rural | Over the Road |
|---|---|---|---|
| Emergency Service - Per Hour | | | |
| | (0-1)/Hrs | (0-2)/Hrs | (0-4)/Hrs |
| | (1-2)/Hrs | (2-3)/Hrs | (4-5)/Hrs |
| | (2-3)/Hrs | (3-4)/Hrs | (5-6)/Hrs |
| | (3-4)/Hrs | (4-5)/Hrs | (6-7)/Hrs |
| | (4-5)/Hrs | (5-6)/Hrs | (7-8)/Hrs |
| | (5-6)/Hrs | (6-7)/Hrs | (8-9)/Hrs |
| | (6-7)/Hrs | (7-8)/Hrs | (9-10)/Hrs |
| | (7-8)/Hrs | (8-9)/Hrs | |
| | (8-9)/Hrs | (9-10)/Hrs | |
| | (9-10)/Hrs | | |

DocuSign Envelope ID: 76785BC0-F09D-455A-8BC4-E0B8EF732739

*Hourly rates are charged for round-trip hours - Portal to Portal

Holiday List
Christmas Day;Columbus Day;Independence Day;Labor Day;Martin Luther King Day;Memorial Day;New Year's Day;Presidents' Day;Thanksgiving Day;Veterans Day

This Exhibit A is entered into as of January 4, 2021 (the "Effective Date"). This Exhibit A supersedes and replaces any prior Locations or Rates Attachment(s).

AGREED AND ACCEPTED:

"CUSTOMER":

CASH CLOUD INC.

By: _____
        (Customer Signature)

Name: Jeffrey L. Garon

Title: CFO / COO

"BRINK'S":

Brink's U.S., a Division of Brink's, Incorporated

By: _____

Name: Erin Conaghan

Title: Vice President, Sales SE Region

DocuSign Envelope ID: 76785BC0-F09D-455A-8BC4-E0B8EF732739

# FUEL SURCHARGE EXHIBIT

### AGREEMENT # 10000132498   SOW # 21059

This Fuel Surcharge Exhibit is incorporated by reference into the Agreement dated May 28, 2019 (and, where applicable, any Attachments thereto) between **Brink's U.S., a Division of Brink's, Incorporated** ("Brink's") and **CASH CLOUD INC.** ("Customer").

A fuel surcharge will be determined on a monthly basis according to the charts and formula below. The formula to determine the fuel surcharge is:

**Applicable fee(s) for Services requiring/involving transportation for the month x fuel surcharge percentage as set forth in the table below = Total fuel surcharge**

The fuel surcharge is based on the Retail On-Highway Diesel Fuel Prices reported by the U.S. Energy Information Administration (eia.doe.gov.), regardless of the fuel type used to perform services for any Customer location.

### FUEL PRICE/GAL

| Minimum | Maximum | Surcharge |
|---------|---------|-----------|
| $0.00 | $3.25 | |
| $3.26 | $3.30 | |
| $3.31 | $3.35 | |
| $3.36 | $3.40 | |
| $3.41 | $3.45 | |
| $3.46 | $3.50 | |
| $3.51 | $3.55 | |
| $3.56 | $3.60 | |
| $3.61 | $3.65 | |
| $3.66 | $3.70 | |
| $3.71 | $3.75 | |
| $3.76 | $3.80 | |
| $3.81 | $3.85 | |
| $3.86 | $3.90 | |
| $3.91 | $3.95 | |

| Minimum | Maximum | Surcharge |
|---------|---------|-----------|
| $3.96 | $4.00 | |
| $4.01 | $4.05 | |
| $4.06 | $4.10 | |
| $4.11 | $4.15 | |
| $4.16 | $4.20 | |
| $4.21 | $4.25 | |
| $4.26 | $4.30 | |
| $4.31 | $4.35 | |
| $4.36 | $4.40 | |
| $4.41 | $4.45 | |
| $4.46 | $4.50 | |
| $4.51 | $4.55 | |
| $4.56 | $4.60 | |
| $4.61 | $4.65 | |
| $4.66 | $4.70 | |
| $4.71 | $4.75 | |

Note:  For every additional $.05 increase in fuel price will result in an additional ▮▮▮▮ in surcharge.