**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No.2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Phone: (702) 685-4444
Fax: (725) 386-4979
Email:  ccarlyon@carlyoncica.com
        dcica@carlyoncica.com
*Counsel for Chris McAlary*

**DIAMOND MCCARTHY LLP**
ALLAN B. DIAMOND, ESQ.
Texas Bar No. 05801800 *(pro hac pending)*
CHRISTOPHER D. JOHNSON, ESQ.
Texas Bar No. 24012913 *(pro hac pending)*
909 Fannin Street, Suite 3700
Houston, TX 77010
Phone: (713) 333-5100
Fax: (713) 333-5199
Email: adiamond@diamondmccarthy.com

chris.johnson@diamondmccarthy.com
*Co-Counsel for Chris McAlary*

APL 23-19

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re:<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No.: Case No. 23-10423-MKN<br>Chapter 11<br><br>**NOTICE OF APPEAL AND STATEMENT OF ELECTION** |
|---|---|

**PART 1: IDENTIFY THE APPELLANT(S):**

1. Name(s) of appellant(s): Chris McAlary.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

1

CARLYON CICA CHTD.
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ❏ Plaintiff<br>❏ Defendant<br>❏ Other (describe) _____ | ❏ Debtor<br>☒ Creditor<br>❏ Trustee<br>❏ Other (describe) _____ |

**PART 2: IDENTIFY THE SUBJECT OF THIS APPEAL**

1. Describe the judgment, order, or decree appealed from: *Order on Objection to Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023* [ECF No. 1120]

2. State the date on which the judgment, order, or decree was entered: August 24, 2023

**PART 3: IDENTIFY THE OTHER PARTIES TO THE APPEAL**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | **FOX ROTHSCHILD LLP**<br>BRETT A. AXELROD, ESQ.<br>(Nv Bar No. 5859)<br>JEANETTE E. MCPHERSON, ESQ.<br>(Nv Bar No. 5423)<br>NICHOLAS A. KOFFROTH, ESQ.<br>(Nv Bar No. 16264)<br>ZACHARY T. WILLIAMS, ESQ.<br>(Nv Bar No. 16023)<br>1980 Festival Plaza Drive, Suite 700<br>Las Vegas, Nevada 89135<br>Telephone: 702-262-6899<br>Facsimile: 702-597-5503 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | **McDONALD CARANO LLP**<br>RYAN J. WORKS, ESQ.<br>(NSBN 9224)<br>AMANDA M. PERACH, ESQ.<br>(NSBN 12399)<br>2300 West Sahara Avenue, Suite 1200<br>Las Vegas, Nevada 89102<br>Telephone: (702) 873-4100 |

2

| | |
|---|---|
| OFFICIAL COMMITTEE<br>OF UNSECURED CREDITORS | **SEWARD & KISSEL LLP**<br>JOHN R. ASHMEAD, ESQ.<br>ROBERT J. GAYDA, ESQ.<br>CATHERINE V. LOTEMPIO, ESQ.<br>LAURA E. MILLER, ESQ.<br>ANDREW J. MATOTT, ESQ.<br>One Battery Park Plaza<br>New York, NY 10004 |

**PART 4: OPTIONAL ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT (APPLICABLE ONLY IN CERTAIN DISTRICTS)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**PART 5: SIGN BELOW**

/s/ *Candace C. Carlyon, Esq.*          Date**:** September 6, 2023
Signature of attorney for appellant(s)
(or appellant(s) if not representad by an attorney)
Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

**CARLYON CICA CHTD.**
CANDACE C. CARYLON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Ste. 107
Las Vegas, Nevada 89119

**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

3

**DIAMOND McCARTHY LLP**
ALLAN B. DIAMOND, ESQ.
*Admitted Pro Hac Vice*
STEPHEN T. LODEN, ESQ.
*Admitted Pro Hac Vice*
CHRISTOPHER D. JOHNSON, ESQ.
*Admitted Pro Hac Vice*
909 Fannin, Suite 3700
Houston, Texas 77010
*Co-Counsel for Chris McAlary*

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**CERTIFICATE OF SERVICE**

I am an employee of Carlyon Cica Chtd. On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE: Pursuant to LR 2002 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties and attorneys who are filing users through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐ OVERNIGHT COURIER: By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally recognized courier, addressed to the parties listed below which was incorporated by reference and made final in the w at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

I declare under penalty of perjury that the foregoing is true and correct.

                                         */s/ Cristina Robertson*
                                         An employee of Carlyon Cica Chtd

**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
August 24, 2023

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:

CASH CLOUD, INC.,
dba COIN CLOUD,

           Debtor.

Case No. 23-10423-mkn
Chapter 11

Date:  August 17, 2023
Time:  10:30 a.m.

**ORDER ON OBJECTION TO DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED AUGUST 1, 2023**[1]

On August 17, 2023, a combined hearing was conducted on final approval of the Debtor's Disclosure Statement for Chapter 11 Plan of Reorganization Dated May 8, 2023 ("Disclosure Statement") (ECF No. 529) as well as on confirmation of its proposed First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023 ("Amended Plan") (ECF No. 996). The combined hearing was held in accordance with a prior order entered by the court that conditionally approved the Disclosure Statement. (ECF No. 554). An additional order was entered setting related deadlines, including the Debtor's submission of an updated liquidation analysis. (ECF No. 918). The hearing was continued provisionally to August 29, 2023.

Prior to the combined hearing, objections to plan confirmation were filed on behalf of the following parties: Brink's Incorporated (ECF Nos. 837 and 838); Christopher McAlary ("McAlary") (ECF No. 1061); and Cole Kepro International, L.L.C. (ECF No. 1070). Prior to

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq.

1

the hearing, a ballot tabulation was filed. (ECF No. 1077). The tabulation reflects that proposed plan treatment has been accepted by Class 2(b) (Genesis Global Holdco, LLC) and by Class 3(b) (general unsecured claims at 96.42% by dollar amount and 95.45% by number). The tabulation also reflects that proposed plan treatment has been rejected by Class 2(c) (Enigma Securities Ltd.) and Class 3(a) (AVT Nevada). No ballots were cast in Class 4 (equity interests), as such interests are presumed to have rejected the proposed plan. Confirmation of the Amended Plan is supported by the Official Committee of Unsecured Creditors ("Creditors Committee") previously appointed in this Chapter 11 proceeding. (ECF Nos. 131, 177, and 1066).

Prior to the hearing, Debtor filed and served a Notice of Filing of Proposed Order: (A) Approving Debtor's Disclosure Statement [ECF No. 529] on a Final Basis; and (B) Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023 [ECF No. 996] (proposed "Plan Confirmation Order"). (ECF No. 1080). Additionally, Debtor filed and served a Notice of Filing of (A) Revised Exhibit A – Creditor Trust Agreement and Declaration of Trust; and (B) Redline of Exhibit A - Creditor Trust Agreement and Declaration of Trust Attached to Supplement to Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023 [ECF No. 528] ("Creditor Trust Agreement"). (ECF No. 1081).

At the combined hearing, counsel on behalf of Brink's Incorporated, Cole Kepro International, L.L.C., Enigma Securities Ltd., and AVT Nevada consented to the language in the proposed Plan Confirmation Order addressing their confirmation objections and proposed plan treatment. No party objected to the language or terms of the Creditor Trust Agreement. Additionally, Enigma Securities Ltd. as well as AVT Nevada did not object to language in the Plan Confirmation Order permitting cramdown treatment of their dissenting Classes 2(C) and 3(a). In light of such consent, the court entertained oral argument on the remaining confirmation objection raised by McAlary.

McAlary is the only party that continues to object to plan confirmation, even though he is the one who signed the Debtor's initial Chapter 11 Plan dated May 8, 2023 (ECF No. 528) and also signed the Disclosure Statement on behalf of the Debtor. Regardless of the atypical identity

1  of the objecting party, however, the court has an independent duty to determine whether the
2  Chapter 11 plan proponent has satisfied the requirements for confirmation under Section 1129.
3        McAlary's primary objection, in various forms, concerns whether the proposed Amended
4  Plan is feasible under Section 1129(a)(11). McAlary maintains that the Amended Plan does not
5  include an adequate means of implementation as required by Section 1123(a)(5) because its
6  effective date does not occur until after payment of substantial administrative claims anticipated
7  in this case. He argues that unless claims entitled to priority are paid on the effective date as
8  required by Section 1129(a)(9), including Chapter 11 professional fees and other administrative
9  claims under Section 507(a)(2), the Amended Plan simply cannot be implemented. Because the
10 payment of all administrative claims depends on the uncertain results of further efforts to
11 liquidate and/or collect sums claimed by the Debtor, McAlary concludes that there is insufficient
12 evidence to determine when the proposed Plan will be effective and therefore no basis to find
13 that the so-called "feasibility" requirement under Section 1129(a)(11) has been met.
14       Section 1129(a)(11) only requires, however, a finding that confirmation is "not likely to
15 be followed by the liquidation…of the debtor…unless such liquidation…is proposed in the
16 plan." In this instance, the initial Chapter 11 Plan dated May 8, 2023 "toggled" between two
17 alternatives: one if the Debtor obtained a sale of substantially all of its assets, and the other if a
18 sale did not occur. If the former, the Debtor's operations would cease and any remaining assets
19 would be administered through a separate creditor trust; if the latter, a reorganized debtor would
20 emerge to continue operations.
21       After an auction sale of substantially all of the Debtor's assets was approved (ECF No.
22 795), Debtor filed the Amended Plan dated August 1, 2023 that implements the first toggle
23 alternative, i.e., to cease operations and to liquidate its remaining assets through a creditor trust.
24 The consequence of this alternative is dictated by the elements present under Section 1141(d)(3):
25 the Debtor will not receive a bankruptcy discharge because it is liquidating all of its assets, it will
26 no longer engage in business, and it is not an individual eligible for a discharge under Section
27 727(a). Under these circumstances, the court concludes that the actual language used in Section
28 1129(a)(11) has been satisfied, to wit: confirmation of the Amended Plan is not "likely to be

3

followed by the liquidation" of the Debtor because the purpose of the proposed plan itself is the liquidation of the Debtor.

The decision to liquidate a non-individual debtor in Chapter 11 rather than to convert to Chapter 7 or to simply dismiss the bankruptcy proceeding carries an additional implication. Under any one of the three alternatives – Chapter 11 liquidation, Chapter 7 conversion, or dismissal of the bankruptcy proceeding - the non-individual entity does not obtain a discharge of its personal liability for existing debts. Under any of the alternatives, unsecured creditors hope to be paid, if at all, from the unencumbered assets of the debtor. Bankruptcy, however, offers certain unique tools available to investigate the activities of a debtor (including by its insiders) and to recover assets transferred by a debtor. Because the administrative expenses of bankruptcy, whether in Chapter 11 or in Chapter 7, are paid if at all ahead of non-priority, unsecured claims, there is limited benefit in incurring additional priority administrative expenses by conversion to Chapter 7 if the same approach to recovering estate assets must be pursued. Thus, a Chapter 11 debtor's business judgment to liquidate in Chapter 11, rather than converting to Chapter 7, should be given considerable weight, especially if it is supported by an official committee of unsecured creditors. In this instance, the official Creditors Committee as well as over 95% of the nonpriority unsecured creditors casting ballots support confirmation of the Amended Plan.

Even if this conclusion is not dictated by the actual words used in Section 1129(a)(11), the traditional notions of Chapter 11 "feasibility" also have been satisfied. Once a permissible decision has been made to liquidate in Chapter 11 rather than to reorganize, far less is required to implement that decision. A reorganized debtor entity will not emerge, a restructuring of existing operations will not occur, a financing of ongoing activities will not be necessary, and a replacement of management is not required. Absent a restructuring or management succession, the disclosure requirements of post-confirmation management under Section 1129(a)(5) simply does not apply.

What does apply, however, is the consideration of how the administrative expenses incurred in the Chapter 11 proceeding will be paid. Indeed, the payment of allowed

4

administrative and other priority claims in bankruptcy is appropriately considered in every case. Absent such priority status, there is little incentive or inducement for third parties to provide postpetition goods or services to any bankruptcy estate. Section 1129(a)(9) reflects the contractual nature of Chapter 11 proceedings where priority claimants can insist on payment in full on the effective date of a plan, "except to the extent that the holder of a particular claim has agreed to a different treatment of such claim." In other words, administrative creditors in certain Chapter 11 cases may conclude that their best hope of being paid all or a greater portion of their priority claims lies in confirming the proposed plan rather than preventing confirmation. Although multiple parties in this case have simply filed "administrative claims" or sought allowance of administrative claims, none have objected to confirmation of the Amended Plan. Similarly, the vast majority of nonpriority unsecured creditors support confirming a plan whose effective date occurs after allowed priority claims are paid in full. Under these circumstances, the court concludes that the requirements of Section 1129(a)(9) have been satisfied.

        The degree of certainty required for a Chapter 11 plan to be feasible varies from case to case and plan to plan. In this instance, is there a certainty that the proposed creditor trust will succeed in collecting all of the assets it pursues? No. Is there certainty that a Chapter 7 trustee would succeed in collecting all of the assets that she or he pursues? No. Is certainty required? No. Is there a sufficient showing of certainty that the claims of the estate will be pursued? Yes. In conjunction with plan confirmation, Debtor seeks approval of a stipulation for the Creditors Committee to obtain derivative standing to pursue claims of the estate, including a possible claim against McAlary, as well as avoidance and collection claims typically held by the Chapter 11 estate. That requested approval of the proposed stipulation is the subject of a separate order. In this instance, an overwhelming majority of the general unsecured creditor class accept an uncertain chance of receiving some return on their claims rather than a certainty of receiving no return at all on their claims.

        Finally, the court considers McAlary's objection to the Declaration of Tanner James, to which is attached the Debtor's amended liquidation analysis. The declarant is the Debtor's financial adviser who previously was authorized to file the updated liquidation analysis.

McAlary argues that Paragraphs 5, 7, 8, 10, 11, 12, 13, 15, 16, and 17 of the declaration contain inadmissible hearsay. No objection is raised, however, to the liquidation analysis attached as Exhibit 1 to the declaration, nor to the financial adviser's testimony in Paragraph 4 that the Amended Plan does not worsen the outcome for creditors. Moreover, McAlary does not object to the testimony in Paragraph 6 that the value of recoverable assets will materially degrade without the services of current Chapter 11 professionals. McAlary also does not object to the financial adviser's testimony in Paragraph 9 that the assets generated by the proposed creditor trust may be sufficient to pay all allowed administrative and priority claims in full, and possibly provide a small return to general unsecured claims. Regardless of the merit, if any, of McAlary's hearsay objections, the remaining uncontradicted testimony is significant. At the confirmation hearing, no request was made to cross-examine the declarant or to have him testify as a live witness. Moreover, no testimony was offered or provided from McAlary, or any competent witness, to dispute the liquidation analysis offered by the Debtor. On this record, the preponderance of the evidence presented supports a finding and a conclusion that the Amended Plan satisfies the requirements of Section 1129(a)(11), as well as the remaining applicable requirements of Section 1129(a) and 1129(b).

**IT IS THEREFORE ORDERED** that the Objection to Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023, brought by Christopher McAlary, Docket No. 1061, be, and the same hereby is, **OVERRULED**.

**IT IS FURTHER ORDERED** that Exhibit "1" to the Notice of Filing of Proposed Order: (A) Approving Debtor's Disclosure Statement [ECF No. 529] on a Final Basis; and (B) Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023, filed on August 16, 2023, as Docket No. 1080, is **APPROVED.** Counsel for the Debtors shall upload in final form the proposed order appearing as Exhibit "1" to the aforementioned Notice.

**IT IS FURTHER ORDERED** that the continued hearing in this matter scheduled provisionally for August 29, 2023, is **VACATED.**

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

| | |
|---|---|
| CASH CLOUD, INC.<br>11700 W CHARLESTON BLVD., #441<br>LAS VEGAS, NV 89135 | PAUL R HAGE<br>TAFT STETTINIUS AND HOLLISTER LLP<br>27777 FRANKLIN ROAD, SUITE 2500<br>SOUTHFIELD, MI 48034 |
| UNSECURED CREDITORS<br>SEWARD & KISSEL<br>ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004 | JAMES M. JIMMERSON<br>THE JIMMERSON LAW FIRM, P.C.<br>415 SOUTH 6TH STREET, SUITE 100<br>LAS VEGAS, NV 89101 |
| CRAIGHEAD COUNTY TAX COLLECTOR<br>511 UNION ST, SUITE 107<br>JONESBORO, AR 72401 | CHRISTOPHER D. JOHNSON<br>DIAMOND MCCARTHY LLP<br>909 FANNIN STREET, SUITE 3700<br>HOUSTON, TX 77010 |
| JARED A. DAY<br>OFFICE OF THE US TRUSTEE<br>300 BOOTH ST #3009<br>RENO, NV 89509 | ANDREW KISSNER<br>MORRISON & FOERSTER LLP<br>250 WEST 55TH STREET<br>NEW YORK, NY 10019-3601 |
| ALLAN B. DIAMOND<br>DIAMOND MCCARTHY LLP<br>909 FANNIN STREET, SUITE 3700<br>HOUSTON, TX 77010 | RICHARD KRUGER<br>TAFT STETTINIUS & HOLLISTER LLP<br>27777 FRANKLIN ROAD, SUITE 2500<br>SOUTHFIELD, MI 48034 |
| BRITTANY B. FALABELLA<br>HIRSCHLER FLEISCHER, P.C.<br>2100 EAST CARY STREET<br>RICHMOND, VA 23223 | JOHN J. LAMOUREUX<br>CARLTON FIELDS, P.A.<br>4221 W. BOY SCOUT BLVD., STE. 1000<br>TAMPA, FL 33607 |
| FOX ROTHSCHILD LLP<br>1980 FESTIVAL PLAZA DR., SUITE 700<br>LAS VEGAS, NV 89135 | SHARA L LARSON<br>GHANDI DEETER BLACKHAM<br>725 S. SOUTH 8TH STREET SUITE 100<br>LAS VEGAS, NV 89101 |
| ROBERT J. GAYDA<br>UNSECURED CREDITORS<br>SEWARD & KISSEL<br>ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004 | LAW OFFICE OF SHEA LARSEN<br>1731 VILLAGE CENTER CIRCLE, SUITE 150<br>LAS VEGAS, NV 89134 |
| JORDI GUSO<br>BERGER SINGERMAN LLP<br>1450 BRICKELL AVENUE, STE. 1900<br>MIAMI, FL 33131 | |

| | | |
|---|---|---|
| 1 | GARY LEE<br>MORRISON & FOERSTER LLP | James M. Jimmerson<br>The Jimmerson Law Firm, P.C. 415 S. 6th |
| 2 | 250 WEST 55TH STREET<br>NEW YORK, NY 10019-3601 | Street, Suite 100<br>Las Vegas, Nevada 89101 |
| 3 | | |
| 4 | CATHERINE V. LOTEMPIO<br>UNSECURED CREDITORS | ADAM P. SCHWARTZ<br>CARLTON FIELDS, P.A. |
| 5 | SEWARD & KISSEL<br>ONE BATTERY PARK PLAZA | 4221 W. BOY SCOUT BLVD., STE. 1000<br>TAMPA, FL 33607 |
| 6 | NEW YORK, NY 10004 | |
| 7 | | TN Dept of Revenue<br>c/o TN Attorney General's Office |
| 8 | ANDREW J. MATOTT<br>SEWARD & KISSEL | Bankruptcy Division |
| 9 | ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004 | PO Box 20207<br>Nashville, TN 37202 |
| 10 | | |
| 11 | MCDONALD CARANO LLP<br>2300 WEST SAHARA AVE, STE 1200 | JANE VANLARE<br>CLEARY GOTTLIEB STEEN & |
| 12 | LAS VEGAS, NV 89102 | HAMILTON LLP<br>ONE LIBERTY PLAZA |
| 13 | JUSTIN M. MERTZ<br>MICHAEL BEST & FRIEDRICH LLP | NEW YORK, NY 10006 |
| 14 | 790 N. WATER STREET, STE. 2500 | MICHAEL WEINBERG |
| 15 | MILWAUKEE, WI 53202 | CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP |
| 16 | LAURA MILLER<br>SEWARD & KISSEL | ONE LIBERTY PLAZA<br>NEW YORK, NY 10006 |
| 17 | ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004 | |
| 18 | | ROBERT S. WESTERMANN<br>HIRSCHLER FLEISCHER, P.C. |
| 19 | SEAN A. O'NEAL<br>STEEN & HAMILTON LLP | 2100 EAST CARY STREET<br>RICHMOND, VA 23223 |
| 20 | ONE LIBERTY PLAZA | |
| 21 | NEW YORK, NY 10006 | KYLE M. WYANT<br>SHEA LARSEN |
| 22 | PROVINCE, LLC<br>2360 CORPORATE CIRCLE, SUITE 330 | 1731 VILLAGE CTR CR, STE 150<br>LAS VEGAS, NV 89134 |
| 23 | HENDERSON, NV 89074 | |
| 24 | | SIMON PROPERTY GROUP, INC.<br>ATTN:  RONALD M. TUCKER, ESQ. |
| 25 | RYAN T. SCHULTZ<br>FOX, SWIBEL, LEVIN & CARROLL, LLP | 225 WEST WASHINGTON STREET |
| 26 | 200 W. MADISON STREET, SUITE 3000<br>CHICAGO, IL 60606 | INDIANAPOLIS, INDIANA 46204 |
| 27 | | |
| 28 | | |

| | |
|---|---|
| Clark County Treasurer<br>c/o Bankruptcy Clerk<br>500 S. Grand Central Parkway Box 551220<br>Las Vegas, Nevada 89155 | Prime Alliance Bank, Inc.<br>1868 South 500 West<br>Woods Cross, UT 84087 |
| Corporation Service Company, as Representative<br>P.O. Box 2576<br>Springfield, IL 62708 | Sectran Security Inc.<br>Attn: Rony Ghaby<br>P.O. Box 227267<br>Los Angeles, CA 90022 |
| Franchise Tax Board<br>Bankruptcy Section, MS A340<br>P.O. Box 2952<br>Sacramento, CA 95812 | Two Farms Inc. d/b/a Royal Farms Attn: John Kemp<br>3611 Roland Avenue<br>Baltimore, MD 21211 |
| Corporation Service Company, as Representative<br>801 Adlai Stevenson Drive<br>Springfield, IL 62708 | Sectran Security Inc.<br>7633 Industry Ave<br>Pico Rivera, CA 90660 |
| Enigma Securities Limited<br>30 Panton Street, 6th Floor<br>London, SW1Y 4AJ United Kingdom | Texas Workforce Commission Regulatory Integrity Division – SAU  101 E. 15th Street, Room 556<br>Austin, TX 78778 |

### #