BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>d/b/a COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>***EMERGENCY* MOTION FOR ORDER AUTHORIZING DEBTOR'S ENTRY INTO SERVICES AGREEMENT**<br><br>Hearing Date: OST PENDING<br>Hearing Time: OST PENDING |

Cash Cloud, Inc. (the "Debtor" or "Cash Cloud"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its counsel, Fox Rothschild LLP, hereby move the Court, pursuant to 11 U.S.C. §§ 105(a) and 363(b), and Federal Rules of Bankruptcy Procedure 2002(a)(2) and 6004(a), for entry of an order, the proposed form of which is attached to this Emergency Motion as **Exhibit A** (the "Order"), authorizing the Debtor, *on an emergency basis*, to enter into that certain *Services Agreement*, dated July 21, 2023 (the "Services Agreement") with Powercoin, LLC ("Powercoin"), an affiliate of Heller Capital Group, LLC ("Heller Capital"), which, together with Genesis Coin, LLC ("Genesis Coin"), are the purchasers of

substantially all of the Debtor's assets, to enable Powercoin to provide cash collection services for the Debtor. A true and correct copy of the Services Agreement, and Schedules A and B attached thereto, is annexed as **Exhibit 1** to the *Declaration of Daniel Ayala* (the "Ayala Declaration") filed concurrently herewith.

This Emergency Motion is made and based upon the following memorandum of points and authorities, the Ayala Declaration, the *Declaration of Austin Haller* (the "Haller Declaration"), the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Emergency Motion.

## I.

## JURISDICTION AND VENUE

1. On February 7, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

2. Debtor is continuing in possession of its property and is operating and managing its business as debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108. See generally Chapter 11 Case Docket.

3. On February 17, 2023, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [ECF No. 131], as amended on February 28, 2023 [ECF No. 177].

4. No request has been made for the appointment of a trustee or examiner. On August 7, 2023, Chris McAlary filed his *Motion to Convert Case to Chapter 7* [ECF No. 1034].

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (e).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1408.

7. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## II.

## FACTUAL BACKGROUND

**A. General Background**

8. On June 16, 2023, Debtor filed a *Motion for Order: (A) Confirming Auction Results; (B) Approving the Sale of Certain of Debtor's Assets to Heller Capital Group, LLC, and Genesis Coin, Inc., Free and Clear of Liens Claims, Encumbrances, and Other Interests; (C) Authorizing the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* [ECF No. 714] (the "Sale Motion").

9. On June 30, 2023, the Court entered an *Order* [ECF No. 795] approving the Sale Motion and authorizing the Debtor to close the sale of substantially all of its digital currency machines (the "Purchased DCMs") to Heller Capital. See Ayala Declaration, ¶4.

10. On July 21, 2023 (the "Sale Closing Date"), the Debtor closed the sale with Heller Capital, granting Heller Capital all right and title to the Purchased DCMs pursuant to the Heller APA (as described in the Sale Motion). See Ayala Declaration, ¶5.

11. On July 21, Heller Capital assigned all rights, interests, and obligations under the Heller APA to Powercoin. See Haller Declaration, ¶4.

**B. Debtor's Need for Cash Collection Services**

12. On June 12, 2023, the Debtor ceased all operations and began its efforts to collect all cash that was being held in its DCMs prior to the sale to Heller Capital. See Ayala Declaration, ¶6.

13. As evidenced by the *Application for Allowance and Payment of Administrative Expense Claim of Brink's Incorporated* [ECF No. 977] filed by Debtor's former cash collection provider, Brink's Incorporated, Debtor was paying hundreds of thousands of dollars each month to cash collection service providers. See Ayala Declaration, ¶7.

14. Prior to the Sale Closing Date, Debtor was unable to retrieve all of the cash contained in the Purchased DCMs. Indeed, the total amount of estimated cash in the Purchased DCMs on the Sale Closing Date was between approximately $1,199,140.00 and $1,546,931.00 (the "Remaining Cash"), which cash remains the property of the Debtor's estate. See Ayala Declaration, ¶8.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

15. Powercoin operates in the same industry as the Debtor and contracts with its own cash collection providers. In the ordinary course of Powercoin's business, and in its inventory and servicing efforts of the Purchased DCMs, Powercoin, or its service providers, have the ability to access the cash boxes of the Purchased DCMs and retrieve and return the Remaining Cash to the Debtor pursuant to the Services Agreement. See Haller Declaration, ¶5.

16. Additionally, and as described in the Services Agreement, Powercoin will use its best efforts to collect the Remaining Cash for a service fee of eight percent (8%) of all collections. See Haller Declaration, ¶6. Therefore, the maximum fee that Debtor would pay Powercoin would be approximately $123,754.00, a fee that is substantially lower than the current rates offered by Debtor's former cash collection service providers. See Ayala Declaration, ¶9.

17. Due to the urgent need for the Debtor to collect all of the Remaining Cash, and because Powercoin has already begun its efforts to service the Purchased Machines in the ordinary course of its business, Powercoin has begun its cash collection efforts pursuant to the Services Agreement, with the understanding that the Services Agreement cannot be enforced without approval from this Court. Thus, the Debtor requests that the Court grant the Order, allowing the Debtor to enter into the Services Agreement with an effective date of July 21, 2023 (the "Effective Date"). Ayala Declaration, ¶10.

## C. The Services Agreement

18. The following is a summary of the central terms of the Services Agreement:[1]

a. **Effective Date and Term.** The Effective Date, subject to Court approval, shall be July 21, 2023. The term of the Services Agreement shall commence on the Effective Date and continue until the four (4) month anniversary of the Effective Date, unless sooner terminated or extended by the parties.

b. **Services Provided.** Powercoin shall use commercially reasonable efforts to recover and collect from the Purchased DCMs seventy percent (70.00%) of the amount of cash estimated be held in such Purchased DCMs as of the Effective Date (as identified on Debtor's records provided to Powercoin) on or before ninety (90) days from the Effective Date; and shall use commercially reasonable efforts to recover and collect from the Purchased DCMs the remaining balance of such cash estimated to be held in such Purchased DCMs

[1] The following summary is qualified in its entirety by the actual terms of the Services Agreement. To the extent that there is any inconsistency between the terms of this summary and the Services Agreement, the terms of Services Agreement shall control.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

on or before One Hundred and Twenty (120) days from the Effective Date. All cash recovered by Powercoin pursuant to Schedule A of the Services Agreement shall be delivered via wire transfer to an account(s) designated in writing by the Debtor, *less* the Fee (defined below).

**c. <u>The Fee.</u>** As set forth in Schedule B to the Services Agreement, Powercoin shall be entitled to retain eight percent (8.00%) of all cash recovered/collected from all DCMs. In addition, if the cash recovered/collected from a single DCM totals $100.00 or less, then Powercoin shall be entitled to retain all of such amount and such amount shall be excluded from any payment to Debtor contemplated in Schedule A to the Services Agreement. All amounts entitled to be retained by Powercoin are referred to, collectively, as the "**Fee**."

**d. <u>Additional Obligations of Powercoin.</u>** In respect of the recovery and collection of cash form the Purchased DCMs, Powercoin shall:

**i.** Maintain an accurate log of the physical location of all Purchased DCMs, including their present location and all prior locations (dating back to the date hereof), and deliver such log to Debtor within forty-eight (48) business hours of notice of Debtor's request; *provided that,* requests may not be made more than once every 2 weeks;

**ii.** Ensure that each person recovering and collecting cash from any Purchased DCMs are equipped with a fully-operational body camera at all times such person is recovering and/or collecting cash from any Purchased DCM and that such body camera is on, functioning properly, and is recording the recovery and collection of cash at such times. If for any reason the body camera equipment becomes less than fully functional, Powercoin will halt the cash collection process and use commercially reasonable efforts to remedy or seek approval written to use an alternative, but equally effective process for collecting the cash;

**iii.** Ensure that all cash recovered and/or collected from any Purchased DCMs is deposited in a single FDIC-insured bank account maintained and held exclusively by Powercoin, Buyer, Heller, or an affiliate of one of such parties (the "**Recovery Bank Account**") within twenty-four (24) hours of such recovery/collection;

**iv.** Make all wires of cash owed to Debtor pursuant to Section 1 of Schedule A to the Services Agreement no later than forty-eight (48) hours after such cash is deposited into the Powercoin Bank Account;

**v.** Maintain a complete and accurate written accounting of all cash recovered and/or collected from all DCMs and submit to Debtor such accounting on a weekly basis; and

**vi.** Make the Debtor aware of any unforeseen problems that arise inhibiting its ability to follow the required cash collection process described in the Services Agreement and seek written approval to proceed with alternative, but equally effective and satisfactory process.

**e. Additional Obligations of the Debtor.** In respect of the recovery and collection of cash from Purchased DCMs, Debtor shall use the maximum extent of its legal authority to aid Powercoin in the effort to recover all purchased DCMs located at rejected host agreement locations. Debtor acknowledges that Powercoin is not capable of collecting cash from DCM's that are not made accessible to Powercoin by the Debtor's Hosts. Further, Debtor hereby acknowledges and agrees that it is Debtor's sole responsibility to provide Powercoin with free and clear access to the Purchased DCMs.

**f. Confidentiality.** Neither party shall, in any fashion, form, or manner, either directly or indirectly, disclose to any other person or entity the name, address or any other information concerning any client or customer of the other party, or divulge any confidential or proprietary information concerning the business or methods of the other party; *provided*, however, that the foregoing obligation of confidentiality shall not apply to any information that (i) was in the public domain at the time of the applicable party's receipt of such information, (ii) entered the public domain through no fault of the applicable party subsequent to the time of its receipt of such information, (iii) was disclosed to the applicable party by a third party under no obligation of confidentiality, (iv) the parties agree in writing may be disclosed, or (v) is required to be disclosed by law or pursuant to service of process.

g. **Termination.** The Services Agreement may be terminated by mutual written agreement of the parties, or by the Debtor in the event that Powercoin is in material breach of its obligations under the Services Agreement and such breach remains uncured thirty (30) days after delivery of written notice of such breach. Upon any termination of the Services Agreement, the Debtor and Powercoin shall each promptly pay to the other party all outstanding, unpaid amounts through the date of such termination, and any other outstanding payments or reimbursements due to Powercoin or the Debtor hereunder, respectively. The termination of the Services Agreement shall not extinguish any payment obligations that either party has to the other.

See Ayala Declaration, ¶11, Exhibit 1 and Schedules A&B attached thereto; Haller Declaration, ¶7.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## III.

## LEGAL STANDARD

19. This Emergency Motion proposes a transaction outside the ordinary course of business that is subject to section 363(b)(1) of the Bankruptcy Code. That statute provides, in pertinent part: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …." 11 U.S.C. § 363(b)(1).

20. Courts have repeatedly held that a debtor should be authorized to use estate property under section 363(b)(1) when the request is supported by some "rational, articulated business purpose." *See, e.g., Sunwest Bank v. Walter (In re Walter)*, 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988); *In re Verity Health Sys. of Cal., Inc.*, No. 2:18-BK-20151-ER, 2020 WL 223909, at *6 (Bankr. C.D. Cal. Jan. 9, 2020).

21. The test for authorizing use of estate property out of the ordinary course of business is a reasonable business judgment one. *See, e.g., In re Zargar*, No. 2:18-BK-11525-RK, 2018 WL 1779324, at *1 (Bankr. C.D. Cal. Apr. 12, 2018) (showing of exercise of reasonable business judgment needed for approval of use outside ordinary course of business); *In re Ernst Home Ctr., Inc.*, 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997) (debtor in possession's decision to enter into out of ordinary course transaction "must be based on its reasonable business judgment").

22. In reviewing a request to use property out of the ordinary course of business, "[a] debtor's business decision should be approved by the court unless it is shown to be so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, or whim or caprice." *In re Cadkey Corp.,* 317 B.R. 19, 22–3 (D. Mass. 2004) (internal quotation marks and citation omitted); *cf. Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.),* 476 F.3d 665, 670 (9th Cir. 2007) (court should defer to debtor in possession's decision to reject lease "unless so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice").

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## IV.

## RELIEF REQUESTED

**A. The Court should grant the Emergency Motion and authorize Debtor to implement the Services Agreement as of the Effective Date.**

23. The Debtor has a significant rational business purpose for requiring the Services Agreement. The Debtor ceased all operations on June 12, 2023, and is unable to continue to make payments to its cash collection service providers. However, the Debtor needs to rapidly collect the Remaining Cash for the benefit of the Debtor, its creditors, and its estate. The Services Agreement enables the Debtor to receive the Remaining Cash, minus the Fee (as described in the Services Agreement), at a significant discount when compared to the fees charged by cash collection service providers. Additionally, Debtor has confirmed that certain of its cash collection service providers were sending cash through normal postal services, which has led to the theft of hundreds of thousands of the Debtor's cash. These thefts have been reported to the proper authorities. Without the Services Agreement, Debtor would be unable effectively to collect the Remaining Cash. See Ayala Declaration ¶12.

24. Accordingly, the Debtor has determined that it is in its best interest to enter into the Services Agreement, and allow Powercoin to collect the Remaining Cash on behalf of the Debtor, pursuant to the terms and conditions of the Services Agreement. Debtor respectfully suggests that implementing the Services Agreement as of the Effective Date makes good business sense, and thus the Court should grant the Emergency Motion. See Ayala Declaration ¶13.

///

///

///

///

///

///

///

///

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

V.

**CONCLUSION**

25. WHEREFORE, Debtor respectfully requests that the Court enter the Order substantially in the form attached hereto as **Exhibit A**: (i) granting the Emergency Motion; (ii) authorizing Debtor to enter into and perform under the Services Agreement; and (iii) granting such other and further relief as may be just and proper.

Dated this 13th day of September 2023.

**FOX ROTHSCHILD LLP**

By: *<u>/s/Brett A. Axelrod</u>*

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

# EXHIBIT A

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
nkoffroth@foxrothschild.com
zwilliams@foxrothschild.com
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER GRANTING *EMERGENCY* MOTION FOR ORDER AUTHORIZING DEBTOR'S ENTRY INTO SERVICES AGREEMENT**<br><br>Hearing Date:<br>Hearing Time: |

Upon consideration of the *Emergency Motion for Order Authorizing Debtor's Entry Into Services Agreement* (the "Emergency Motion");[1]

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER HEREBY ORDERED** that Debtor is authorized to enter into and perform under the Services Agreement, effective as of July 21, 2023.

**IT IS FURTHER HEREBY ORDERED** that this Court shall retain jurisdiction to hear and determine any matters that may arise from the implementation, enforcement or interpretation of this Order.

**IT IS SO ORDERED.**

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: *___/s/Brett A. Axelrod___*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

[1] Capitalized terms not defined herein shall have the meanings assigned to them in the Emergency Motion.

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By *   /s/   *

Trial Attorney for Tracy Hope Davis,
United States Trustee
Foley Federal Building
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, Nevada 89101

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Trial Attorney
Office of the United States Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)