United States Bankruptcy Court
District of Nevada

| | |
|---|---|
| In re: | Case No. 23-10423-mkn |
| CASH CLOUD, INC. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 1 of 4 |
| Date Rcvd: Sep 11, 2023 | Form ID: pdf970 | Total Noticed: 6 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 13, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | ANDREW J. MATOTT, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |
| aty | + | CHRISTOPHER D. JOHNSON, DIAMOND MCCARTHY LLP, 909 FANNIN STREET, SUITE 3700, HOUSTON, TX 77010-1049 |
| aty | + | JOHN R. ASHMEAD, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |
| aty | + | LAURA MILLER, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |
| aty | + | ROBERT J. GAYDA, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | + | Email/Text: jared.a.day@usdoj.gov | Sep 11 2023 23:55:00 | JARED A. DAY, OFFICE OF THE US TRUSTEE, 300 BOOTH ST #3009, RENO, NV 89509-1360 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 13, 2023            Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 11, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ADAM P. SCHWARTZ | on behalf of Interested Party LUX VENDING  LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 2 of 4 |
| Date Rcvd: Sep 11, 2023 | Form ID: pdf970 | Total Noticed: 6 |

ADAM P. SCHWARTZ
    on behalf of Defendant LUX VENDING LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com

ANNE FREELAND
    on behalf of Creditor AVT Nevada L.P. atfreeland@michaelbest.com, knpowell@michaelbest.com;courtmail@michaelbest.com

ARIEL E. STERN
    on behalf of Creditor IPFS CORPORATION ariel.stern@akerman.com akermanlas@akerman.com

BART K. LARSEN
    on behalf of Creditor Enigma Securities Limited BLARSEN@SHEA.LAW 3542839420@filings.docketbird.com

BRETT A. AXELROD
    on behalf of Debtor CASH CLOUD INC. baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
    on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
    on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
    on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD, baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRIAN D. SHAPIRO
    on behalf of Creditor OPTCONNECT MANAGEMENT LLC brian@brianshapirolaw.com, kshapiro@brianshapirolaw.com;6855036420@filings.docketbird.com

BRIGID M. HIGGINS
    on behalf of Creditor Black Hole Investments fna EZ Coin LLC bhiggins@blackwadhams.law, dmeeter@blackwadhams.law;mstallsworth@blackwadhams.law;mdavis@blackwadhams.law

CANDACE C CARLYON
    on behalf of Interested Party CHRIS MCALARY ccarlyon@carlyoncica.com CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com

CHAPTER 11 - LV
    USTPRegion17.lv.ecf@usdoj.gov

CRAIG P. DRUEHL
    on behalf of Creditor OPTCONNECT MANAGEMENT LLC craig.druehl@dechert.com

DAWN M. CICA
    on behalf of Interested Party CHRIS MCALARY dcica@carlyoncica.com nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com

JAMES M JIMMERSON
    on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD jmj@jimmersonlawfirm.com

JAMES PATRICK SHEA
    on behalf of Creditor Enigma Securities Limited jshea@shea.law blarsen@shea.law;support@shea.law

JEANETTE E. MCPHERSON
    on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

JEANETTE E. MCPHERSON
    on behalf of Debtor CASH CLOUD INC. JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

JOHN T. WENDLAND
    on behalf of Creditor AVT Nevada L.P. jwendland@wdlaw.com, NVeFile@weildrage.com

Jeffrey R. Sylvester
    on behalf of Interested Party CKDL Credit LLC jeff@sylvesterpolednak.com, kellye@sylvesterpolednak.com

KURT R. BONDS
    on behalf of Creditor Populus Financial Group Inc. nvefile@hallevans.com, kbonds@alversontaylor.com;adidio@alversontaylor.com

LEW BRANDON, JR.
    on behalf of Creditor UNITED NATURAL FOODS INC. l.brandon@bsnv.law

LOUIS M BUBALA, III
    on behalf of Interested Party BROOKFIELD RETAIL PROPERTIES INC. lbubala@kcnvlaw.com, cdroessler@kcnvlaw.com;kmilks@kcnvlaw.com

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 3 of 4 |
| Date Rcvd: Sep 11, 2023 | Form ID: pdf970 | Total Noticed: 6 |

**MARJORIE A. GUYMON**
on behalf of Creditor Armondo Redmond bankruptcy@goldguylaw.com
mariaa@goldguylaw.com;lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com

**MARJORIE A. GUYMON**
on behalf of Creditor Trangistics Inc. bankruptcy@goldguylaw.com,
mariaa@goldguylaw.com;lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com

**MAURICE VERSTANDIG**
on behalf of Creditor Brink's Inc. mac@mbvesq.com, lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com

**MICHAEL L WACHTELL**
on behalf of Creditor ORACLE AMERICA INC. mwachtell@buchalter.com

**NEDDA GHANDI**
on behalf of Creditor ROCKITCOIN LLC nedda@ghandilaw.com,
lks@ghandilaw.com,nedda@ecf.inforuptcy.com;r41525@notify.bestcase.com,shara@ghandilaw.com

**OGONNA M. BROWN**
on behalf of Creditor Cole Kepro International LLC obrown@lewisroca.com,
ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

**OGONNA M. BROWN**
on behalf of Defendant COLE KEPRO INTERNATIONAL LLC obrown@lewisroca.com,
ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

**PAUL HAGE**
on behalf of Creditor Cole Kepro International LLC phage@taftlaw.com

**ROBERT R. KINAS**
on behalf of Creditor GENESIS GLOBAL HOLDCO LLC rkinas@swlaw.com,
jmath@swlaw.com;mfull@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;jfung@swlaw.com

**RONALD E. GOLD**
on behalf of Creditor WPG Legacy LLC rgold@fbtlaw.com,
jkleisinger@fbtlaw.com;eseverini@fbtlaw.com;sbryant@ecf.courtdrive.com

**RONALD M TUCKER**
on behalf of Creditor SIMON PROPERTY GROUP INC. rtucker@simon.com,
rwoodruff@simon.com,cmartin@simon.com,ptropepe@simon.com

**RYAN A. ANDERSEN**
on behalf of Interested Party Luis Flores ryan@aandblaw.com
tatiana@aandblaw.com;melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com;valerie@aandblaw.com;andersen.ryana.b117998@notify.bestcase.com

**RYAN J. WORKS**
on behalf of Plaintiff OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CASH CLOUD INC. dba COIN CLOUD rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

**RYAN J. WORKS**
on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS rworks@mcdonaldcarano.com
kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

**SHAWN CHRISTIANSON**
on behalf of Creditor ORACLE AMERICA INC. schristianson@buchalter.com, cmcintire@buchalter.com

**STACY H RUBIN**
on behalf of Defendant LUX VENDING LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com,
oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

**STACY H RUBIN**
on behalf of Interested Party LUX VENDING LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com,
oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

**STEPHEN T LODEN**
on behalf of Interested Party CHRIS MCALARY sloden@diamondmccarthy.com cburrow@diamondmccarthy.com

**STRETTO**
ecf@cases-cr.stretto-services.com aw01@ecfcbis.com,pacerpleadings@stretto.com

**STUART FREEMAN WILSON-PATTON**
stuart.wilson-patton@ag.tn.gov

**TIMOTHY A LUKAS**
on behalf of Creditor Good 2 Go Stores LLC ecflukast@hollandhart.com

**U.S. TRUSTEE - LV - 11**
USTPRegion17.lv.ecf@usdoj.gov

**ZACHARY WILLIAMS**

District/off: 0978-2 | User: admin | Page 4 of 4
Date Rcvd: Sep 11, 2023 | Form ID: pdf970 | Total Noticed: 6

on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD zwilliams@foxrothschild.com, ARCDocketing@foxrothschild.com;ahosey@foxrothschild.com

TOTAL: 47

**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No.2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Phone: (702) 685-4444
Fax: (725) 386-4979
Email:  ccarlyon@carlyoncica.com
            dcica@carlyoncica.com
*Counsel for Chris McAlary*

**DIAMOND MCCARTHY LLP**
ALLAN B. DIAMOND, ESQ.
Texas Bar No. 05801800 *(pro hac pending)*
CHRISTOPHER D. JOHNSON, ESQ.
Texas Bar No. 24012913 *(pro hac pending)*
909 Fannin Street, Suite 3700
Houston, TX 77010
Phone: (713) 333-5100
Fax: (713) 333-5199
Email: adiamond@diamondmccarthy.com

chris.johnson@diamondmccarthy.com
*Co-Counsel for Chris McAlary*

APL 23-19

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No.: Case No. 23-10423-MKN |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

**PART 1: IDENTIFY THE APPELLANT(S):**

1. Name(s) of appellant(s): Chris McAlary.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

1

**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ❏ Plaintiff<br>❏ Defendant<br>❏ Other (describe) _____ | ❏ Debtor<br>☒ Creditor<br>❏ Trustee<br>❏ Other (describe) _____ |

**PART 2: IDENTIFY THE SUBJECT OF THIS APPEAL**

1. Describe the judgment, order, or decree appealed from: *Order on Objection to Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023* [ECF No. 1120]

2. State the date on which the judgment, order, or decree was entered: August 24, 2023

**PART 3: IDENTIFY THE OTHER PARTIES TO THE APPEAL**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | **FOX ROTHSCHILD LLP**<br>BRETT A. AXELROD, ESQ.<br>(Nv Bar No. 5859)<br>JEANETTE E. MCPHERSON, ESQ.<br>(Nv Bar No. 5423)<br>NICHOLAS A. KOFFROTH, ESQ.<br>(Nv Bar No. 16264)<br>ZACHARY T. WILLIAMS, ESQ.<br>(Nv Bar No. 16023)<br>1980 Festival Plaza Drive, Suite 700<br>Las Vegas, Nevada 89135<br>Telephone: 702-262-6899<br>Facsimile: 702-597-5503 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | **McDONALD CARANO LLP**<br>RYAN J. WORKS, ESQ.<br>(NSBN 9224)<br>AMANDA M. PERACH, ESQ.<br>(NSBN 12399)<br>2300 West Sahara Avenue, Suite 1200<br>Las Vegas, Nevada 89102<br>Telephone: (702) 873-4100 |

2

| | |
|---|---|
| OFFICIAL COMMITTEE<br>OF UNSECURED CREDITORS | SEWARD & KISSEL LLP<br>JOHN R. ASHMEAD, ESQ.<br>ROBERT J. GAYDA, ESQ.<br>CATHERINE V. LOTEMPIO, ESQ.<br>LAURA E. MILLER, ESQ.<br>ANDREW J. MATOTT, ESQ.<br>One Battery Park Plaza<br>New York, NY 10004 |

**PART 4: OPTIONAL ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT (APPLICABLE ONLY IN CERTAIN DISTRICTS)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**PART 5: SIGN BELOW**

/s/ *Candace C. Carlyon, Esq.*                    Date: September 6, 2023
Signature of attorney for appellant(s)
(or appellant(s) if not representad by an attorney)
Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

**CARLYON CICA CHTD.**
CANDACE C. CARYLON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Ste. 107
Las Vegas, Nevada 89119

3

**DIAMOND McCARTHY LLP**
ALLAN B. DIAMOND, ESQ.
*Admitted Pro Hac Vice*
STEPHEN T. LODEN, ESQ.
*Admitted Pro Hac Vice*
CHRISTOPHER D. JOHNSON, ESQ.
*Admitted Pro Hac Vice*
909 Fannin, Suite 3700
Houston, Texas 77010
*Co-Counsel for Chris McAlary*

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

4

**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

# CERTIFICATE OF SERVICE

I am an employee of Carlyon Cica Chtd. On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ **ELECTRONIC SERVICE:** Pursuant to LR 2002 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties and attorneys who are filing users through the Notice of Electronic Filing automatically generated by the Court.

☐ **UNITED STATES MAIL:** By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐ **OVERNIGHT COURIER:** By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally recognized courier, addressed to the parties listed below which was incorporated by reference and made final in the w at their last-known mailing address.

☐ **FACSIMILE:** By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

I declare under penalty of perjury that the foregoing is true and correct.

                                                                */s/ Cristina Robertson*_____
                                                                 An employee of Carlyon Cica Chtd

_[Signature]_
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
August 24, 2023

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:                                    ) Case No. 23-10423-mkn
                                          ) Chapter 11
CASH CLOUD, INC.,                         )
dba COIN CLOUD,                           )
                                          ) Date:  August 17, 2023
                                          ) Time:  10:30 a.m.
                    Debtor.               )
                                          )

**ORDER ON OBJECTION TO DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED AUGUST 1, 2023**[1]

On August 17, 2023, a combined hearing was conducted on final approval of the Debtor's Disclosure Statement for Chapter 11 Plan of Reorganization Dated May 8, 2023 ("Disclosure Statement") (ECF No. 529) as well as on confirmation of its proposed First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023 ("Amended Plan") (ECF No. 996). The combined hearing was held in accordance with a prior order entered by the court that conditionally approved the Disclosure Statement. (ECF No. 554). An additional order was entered setting related deadlines, including the Debtor's submission of an updated liquidation analysis. (ECF No. 918). The hearing was continued provisionally to August 29, 2023.

Prior to the combined hearing, objections to plan confirmation were filed on behalf of the following parties: Brink's Incorporated (ECF Nos. 837 and 838); Christopher McAlary ("McAlary") (ECF No. 1061); and Cole Kepro International, L.L.C. (ECF No. 1070). Prior to

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq.

1

the hearing, a ballot tabulation was filed. (ECF No. 1077). The tabulation reflects that proposed plan treatment has been accepted by Class 2(b) (Genesis Global Holdco, LLC) and by Class 3(b) (general unsecured claims at 96.42% by dollar amount and 95.45% by number). The tabulation also reflects that proposed plan treatment has been rejected by Class 2(c) (Enigma Securities Ltd.) and Class 3(a) (AVT Nevada). No ballots were cast in Class 4 (equity interests), as such interests are presumed to have rejected the proposed plan. Confirmation of the Amended Plan is supported by the Official Committee of Unsecured Creditors ("Creditors Committee") previously appointed in this Chapter 11 proceeding. (ECF Nos. 131, 177, and 1066).

Prior to the hearing, Debtor filed and served a Notice of Filing of Proposed Order: (A) Approving Debtor's Disclosure Statement [ECF No. 529] on a Final Basis; and (B) Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023 [ECF No. 996] (proposed "Plan Confirmation Order"). (ECF No. 1080). Additionally, Debtor filed and served a Notice of Filing of (A) Revised Exhibit A – Creditor Trust Agreement and Declaration of Trust; and (B) Redline of Exhibit A - Creditor Trust Agreement and Declaration of Trust Attached to Supplement to Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023 [ECF No. 528] ("Creditor Trust Agreement"). (ECF No. 1081).

At the combined hearing, counsel on behalf of Brink's Incorporated, Cole Kepro International, L.L.C., Enigma Securities Ltd., and AVT Nevada consented to the language in the proposed Plan Confirmation Order addressing their confirmation objections and proposed plan treatment. No party objected to the language or terms of the Creditor Trust Agreement. Additionally, Enigma Securities Ltd. as well as AVT Nevada did not object to language in the Plan Confirmation Order permitting cramdown treatment of their dissenting Classes 2(C) and 3(a). In light of such consent, the court entertained oral argument on the remaining confirmation objection raised by McAlary.

McAlary is the only party that continues to object to plan confirmation, even though he is the one who signed the Debtor's initial Chapter 11 Plan dated May 8, 2023 (ECF No. 528) and also signed the Disclosure Statement on behalf of the Debtor. Regardless of the atypical identity

of the objecting party, however, the court has an independent duty to determine whether the Chapter 11 plan proponent has satisfied the requirements for confirmation under Section 1129.

McAlary's primary objection, in various forms, concerns whether the proposed Amended Plan is feasible under Section 1129(a)(11). McAlary maintains that the Amended Plan does not include an adequate means of implementation as required by Section 1123(a)(5) because its effective date does not occur until after payment of substantial administrative claims anticipated in this case. He argues that unless claims entitled to priority are paid on the effective date as required by Section 1129(a)(9), including Chapter 11 professional fees and other administrative claims under Section 507(a)(2), the Amended Plan simply cannot be implemented. Because the payment of all administrative claims depends on the uncertain results of further efforts to liquidate and/or collect sums claimed by the Debtor, McAlary concludes that there is insufficient evidence to determine when the proposed Plan will be effective and therefore no basis to find that the so-called "feasibility" requirement under Section 1129(a)(11) has been met.

Section 1129(a)(11) only requires, however, a finding that confirmation is "not likely to be followed by the liquidation…of the debtor…unless such liquidation…is proposed in the plan." In this instance, the initial Chapter 11 Plan dated May 8, 2023 "toggled" between two alternatives: one if the Debtor obtained a sale of substantially all of its assets, and the other if a sale did not occur. If the former, the Debtor's operations would cease and any remaining assets would be administered through a separate creditor trust; if the latter, a reorganized debtor would emerge to continue operations.

After an auction sale of substantially all of the Debtor's assets was approved (ECF No. 795), Debtor filed the Amended Plan dated August 1, 2023 that implements the first toggle alternative, i.e., to cease operations and to liquidate its remaining assets through a creditor trust. The consequence of this alternative is dictated by the elements present under Section 1141(d)(3): the Debtor will not receive a bankruptcy discharge because it is liquidating all of its assets, it will no longer engage in business, and it is not an individual eligible for a discharge under Section 727(a). Under these circumstances, the court concludes that the actual language used in Section 1129(a)(11) has been satisfied, to wit: confirmation of the Amended Plan is not "likely to be

followed by the liquidation" of the Debtor because the purpose of the proposed plan itself is the liquidation of the Debtor.

The decision to liquidate a non-individual debtor in Chapter 11 rather than to convert to Chapter 7 or to simply dismiss the bankruptcy proceeding carries an additional implication. Under any one of the three alternatives – Chapter 11 liquidation, Chapter 7 conversion, or dismissal of the bankruptcy proceeding - the non-individual entity does not obtain a discharge of its personal liability for existing debts. Under any of the alternatives, unsecured creditors hope to be paid, if at all, from the unencumbered assets of the debtor. Bankruptcy, however, offers certain unique tools available to investigate the activities of a debtor (including by its insiders) and to recover assets transferred by a debtor. Because the administrative expenses of bankruptcy, whether in Chapter 11 or in Chapter 7, are paid if at all ahead of non-priority, unsecured claims, there is limited benefit in incurring additional priority administrative expenses by conversion to Chapter 7 if the same approach to recovering estate assets must be pursued. Thus, a Chapter 11 debtor's business judgment to liquidate in Chapter 11, rather than converting to Chapter 7, should be given considerable weight, especially if it is supported by an official committee of unsecured creditors. In this instance, the official Creditors Committee as well as over 95% of the nonpriority unsecured creditors casting ballots support confirmation of the Amended Plan.

Even if this conclusion is not dictated by the actual words used in Section 1129(a)(11), the traditional notions of Chapter 11 "feasibility" also have been satisfied. Once a permissible decision has been made to liquidate in Chapter 11 rather than to reorganize, far less is required to implement that decision. A reorganized debtor entity will not emerge, a restructuring of existing operations will not occur, a financing of ongoing activities will not be necessary, and a replacement of management is not required. Absent a restructuring or management succession, the disclosure requirements of post-confirmation management under Section 1129(a)(5) simply does not apply.

What does apply, however, is the consideration of how the administrative expenses incurred in the Chapter 11 proceeding will be paid. Indeed, the payment of allowed

4

administrative and other priority claims in bankruptcy is appropriately considered in every case. Absent such priority status, there is little incentive or inducement for third parties to provide postpetition goods or services to any bankruptcy estate. Section 1129(a)(9) reflects the contractual nature of Chapter 11 proceedings where priority claimants can insist on payment in full on the effective date of a plan, "except to the extent that the holder of a particular claim has agreed to a different treatment of such claim." In other words, administrative creditors in certain Chapter 11 cases may conclude that their best hope of being paid all or a greater portion of their priority claims lies in confirming the proposed plan rather than preventing confirmation. Although multiple parties in this case have simply filed "administrative claims" or sought allowance of administrative claims, none have objected to confirmation of the Amended Plan. Similarly, the vast majority of nonpriority unsecured creditors support confirming a plan whose effective date occurs after allowed priority claims are paid in full. Under these circumstances, the court concludes that the requirements of Section 1129(a)(9) have been satisfied.

The degree of certainty required for a Chapter 11 plan to be feasible varies from case to case and plan to plan. In this instance, is there a certainty that the proposed creditor trust will succeed in collecting all of the assets it pursues? No. Is there certainty that a Chapter 7 trustee would succeed in collecting all of the assets that she or he pursues? No. Is certainty required? No. Is there a sufficient showing of certainty that the claims of the estate will be pursued? Yes. In conjunction with plan confirmation, Debtor seeks approval of a stipulation for the Creditors Committee to obtain derivative standing to pursue claims of the estate, including a possible claim against McAlary, as well as avoidance and collection claims typically held by the Chapter 11 estate. That requested approval of the proposed stipulation is the subject of a separate order. In this instance, an overwhelming majority of the general unsecured creditor class accept an uncertain chance of receiving some return on their claims rather than a certainty of receiving no return at all on their claims.

Finally, the court considers McAlary's objection to the Declaration of Tanner James, to which is attached the Debtor's amended liquidation analysis. The declarant is the Debtor's financial adviser who previously was authorized to file the updated liquidation analysis.

McAlary argues that Paragraphs 5, 7, 8, 10, 11, 12, 13, 15, 16, and 17 of the declaration contain inadmissible hearsay.  No objection is raised, however, to the liquidation analysis attached as Exhibit 1 to the declaration, nor to the financial adviser's testimony in Paragraph 4 that the Amended Plan does not worsen the outcome for creditors.  Moreover, McAlary does not object to the testimony in Paragraph 6 that the value of recoverable assets will materially degrade without the services of current Chapter 11 professionals.  McAlary also does not object to the financial adviser's testimony in Paragraph 9 that the assets generated by the proposed creditor trust may be sufficient to pay all allowed administrative and priority claims in full, and possibly provide a small return to general unsecured claims.  Regardless of the merit, if any, of McAlary's hearsay objections, the remaining uncontradicted testimony is significant.  At the confirmation hearing, no request was made to cross-examine the declarant or to have him testify as a live witness.  Moreover, no testimony was offered or provided from McAlary, or any competent witness, to dispute the liquidation analysis offered by the Debtor.  On this record, the preponderance of the evidence presented supports a finding and a conclusion that the Amended Plan satisfies the requirements of Section 1129(a)(11), as well as the remaining applicable requirements of Section 1129(a) and 1129(b).

**IT IS THEREFORE ORDERED** that the Objection to Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023, brought by Christopher McAlary, Docket No. 1061, be, and the same hereby is, **OVERRULED**.

**IT IS FURTHER ORDERED** that Exhibit "1" to the Notice of Filing of Proposed Order: (A) Approving Debtor's Disclosure Statement [ECF No. 529] on a Final Basis; and (B) Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023, filed on August 16, 2023, as Docket No. 1080, is **APPROVED.**  Counsel for the Debtors shall upload in final form the proposed order appearing as Exhibit "1" to the aforementioned Notice.

**IT IS FURTHER ORDERED** that the continued hearing in this matter scheduled provisionally for August 29, 2023, is **VACATED.**

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

| | |
|---|---|
| CASH CLOUD, INC.<br>11700 W CHARLESTON BLVD., #441<br>LAS VEGAS, NV 89135 | PAUL R HAGE<br>TAFT STETTINIUS AND HOLLISTER LLP<br>27777 FRANKLIN ROAD, SUITE 2500<br>SOUTHFIELD, MI 48034 |
| UNSECURED CREDITORS<br>SEWARD & KISSEL<br>ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004 | JAMES M. JIMMERSON<br>THE JIMMERSON LAW FIRM, P.C.<br>415 SOUTH 6TH STREET, SUITE 100<br>LAS VEGAS, NV 89101 |
| CRAIGHEAD COUNTY TAX COLLECTOR<br>511 UNION ST, SUITE 107<br>JONESBORO, AR 72401 | CHRISTOPHER D. JOHNSON<br>DIAMOND MCCARTHY LLP<br>909 FANNIN STREET, SUITE 3700<br>HOUSTON, TX 77010 |
| JARED A. DAY<br>OFFICE OF THE US TRUSTEE<br>300 BOOTH ST #3009<br>RENO, NV 89509 | ANDREW KISSNER<br>MORRISON & FOERSTER LLP<br>250 WEST 55TH STREET<br>NEW YORK, NY 10019-3601 |
| ALLAN B. DIAMOND<br>DIAMOND MCCARTHY LLP<br>909 FANNIN STREET, SUITE 3700<br>HOUSTON, TX 77010 | RICHARD KRUGER<br>TAFT STETTINIUS & HOLLISTER LLP<br>27777 FRANKLIN ROAD, SUITE 2500<br>SOUTHFIELD, MI 48034 |
| BRITTANY B. FALABELLA<br>HIRSCHLER FLEISCHER, P.C.<br>2100 EAST CARY STREET<br>RICHMOND, VA 23223 | JOHN J. LAMOUREUX<br>CARLTON FIELDS, P.A.<br>4221 W. BOY SCOUT BLVD., STE. 1000<br>TAMPA, FL 33607 |
| FOX ROTHSCHILD LLP<br>1980 FESTIVAL PLAZA DR., SUITE 700<br>LAS VEGAS, NV 89135 | SHARA L LARSON<br>GHANDI DEETER BLACKHAM<br>725 S. SOUTH 8TH STREET SUITE 100<br>LAS VEGAS, NV 89101 |
| ROBERT J. GAYDA<br>UNSECURED CREDITORS<br>SEWARD & KISSEL<br>ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004 | LAW OFFICE OF SHEA LARSEN<br>1731 VILLAGE CENTER CIRCLE, SUITE 150<br>LAS VEGAS, NV 89134 |
| JORDI GUSO<br>BERGER SINGERMAN LLP<br>1450 BRICKELL AVENUE, STE. 1900<br>MIAMI, FL 33131 | |

| | | |
|---|---|---|
| 1 | GARY LEE<br>MORRISON & FOERSTER LLP<br>250 WEST 55TH STREET<br>NEW YORK, NY 10019-3601 | James M. Jimmerson<br>The Jimmerson Law Firm, P.C. 415 S. 6th Street, Suite 100<br>Las Vegas, Nevada 89101 |

GARY LEE
MORRISON & FOERSTER LLP
250 WEST 55TH STREET
NEW YORK, NY 10019-3601

CATHERINE V. LOTEMPIO
UNSECURED CREDITORS
SEWARD & KISSEL
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004

ANDREW J. MATOTT
SEWARD & KISSEL
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004

MCDONALD CARANO LLP
2300 WEST SAHARA AVE, STE 1200
LAS VEGAS, NV 89102

JUSTIN M. MERTZ
MICHAEL BEST & FRIEDRICH LLP
790 N. WATER STREET, STE. 2500
MILWAUKEE, WI 53202

LAURA MILLER
SEWARD & KISSEL
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004

SEAN A. O'NEAL
STEEN & HAMILTON LLP
ONE LIBERTY PLAZA
NEW YORK, NY 10006

PROVINCE, LLC
2360 CORPORATE CIRCLE, SUITE 330
HENDERSON, NV 89074

RYAN T. SCHULTZ
FOX, SWIBEL, LEVIN & CARROLL, LLP
200 W. MADISON STREET, SUITE 3000
CHICAGO, IL 60606

James M. Jimmerson
The Jimmerson Law Firm, P.C. 415 S. 6th Street, Suite 100
Las Vegas, Nevada 89101

ADAM P. SCHWARTZ
CARLTON FIELDS, P.A.
4221 W. BOY SCOUT BLVD., STE. 1000
TAMPA, FL 33607

TN Dept of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
PO Box 20207
Nashville, TN 37202

JANE VANLARE
CLEARY GOTTLIEB STEEN & HAMILTON LLP
ONE LIBERTY PLAZA
NEW YORK, NY 10006

MICHAEL WEINBERG
CLEARY GOTTLIEB STEEN & HAMILTON LLP
ONE LIBERTY PLAZA
NEW YORK, NY 10006

ROBERT S. WESTERMANN
HIRSCHLER FLEISCHER, P.C.
2100 EAST CARY STREET
RICHMOND, VA 23223

KYLE M. WYANT
SHEA LARSEN
1731 VILLAGE CTR CR, STE 150
LAS VEGAS, NV 89134

SIMON PROPERTY GROUP, INC.
ATTN: RONALD M. TUCKER, ESQ.
225 WEST WASHINGTON STREET
INDIANAPOLIS, INDIANA 46204

| | | |
|---|---|---|
| 1 | Clark County Treasurer | Prime Alliance Bank, Inc. |
| 2 | c/o Bankruptcy Clerk<br>500 S. Grand Central Parkway Box 551220 | 1868 South 500 West<br>Woods Cross, UT 84087 |
| 3 | Las Vegas, Nevada 89155 | Sectran Security Inc. |
| 4 | Corporation Service Company, as<br>Representative | Attn: Rony Ghaby<br>P.O. Box 227267 |
| 5 | P.O. Box 2576<br>Springfield, IL 62708 | Los Angeles, CA 90022 |
| 6 | | Two Farms Inc. d/b/a Royal Farms Attn: |
| 7 | Franchise Tax Board<br>Bankruptcy Section, MS A340 | John Kemp<br>3611 Roland Avenue |
| 8 | P.O. Box 2952<br>Sacramento, CA 95812 | Baltimore, MD 21211 |
| 9 | | Sectran Security Inc. |
| 10 | Corporation Service Company, as<br>Representative | 7633 Industry Ave<br>Pico Rivera, CA 90660 |
| 11 | 801 Adlai Stevenson Drive<br>Springfield, IL 62708 | Texas Workforce Commission Regulatory |
| 12 | | Integrity Division – SAU  101 E. 15th |
| 13 | Enigma Securities Limited | Street, Room 556<br>Austin, TX 78778 |
| 14 | 30 Panton Street, 6th Floor<br>London, SW1Y 4AJ United Kingdom | |

# # #

9