United States Bankruptcy Court
District of Nevada

In re:                                                                                    Case No. 23-10423-mkn

CASH CLOUD, INC.                                                                          Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0978-2 | User: admin | Page 1 of 4 |
|---|---|---|
| Date Rcvd: Sep 11, 2023 | Form ID: pdf970 | Total Noticed: 7 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 13, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | ANDREW J. MATOTT, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |
| aty | + | CATHERINE V. LOTEMPIO, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |
| aty | + | CHRISTOPHER D. JOHNSON, DIAMOND MCCARTHY LLP, 909 FANNIN STREET, SUITE 3700, HOUSTON, TX 77010-1049 |
| aty | + | JOHN R. ASHMEAD, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |
| aty | + | LAURA MILLER, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |
| aty | + | ROBERT J. GAYDA, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| aty | + Email/Text: jared.a.day@usdoj.gov | Sep 11 2023 23:55:00 | JARED A. DAY, OFFICE OF THE US TRUSTEE, 300 BOOTH ST #3009, RENO, NV 89509-1360 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 13, 2023        Signature:    _/s/Gustava Winters_

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 11, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| ADAM P. SCHWARTZ | on behalf of Interested Party LUX VENDING LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |

District/off: 0978-2 | User: admin | Page 2 of 4
Date Rcvd: Sep 11, 2023 | Form ID: pdf970 | Total Noticed: 7

ADAM P. SCHWARTZ
on behalf of Defendant LUX VENDING  LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com

ANNE FREELAND
on behalf of Creditor AVT Nevada  L.P. atfreeland@michaelbest.com, knpowell@michaelbest.com;courtmail@michaelbest.com

ARIEL E. STERN
on behalf of Creditor IPFS CORPORATION ariel.stern@akerman.com  akermanlas@akerman.com

BART K. LARSEN
on behalf of Creditor Enigma Securities Limited BLARSEN@SHEA.LAW  3542839420@filings.docketbird.com

BRETT A. AXELROD
on behalf of Debtor CASH CLOUD  INC. baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD  INC., DBA COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD  INC., dba COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD  INC., DBA COIN CLOUD, baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRIAN D. SHAPIRO
on behalf of Creditor OPTCONNECT MANAGEMENT  LLC brian@brianshapirolaw.com, kshapiro@brianshapirolaw.com;6855036420@filings.docketbird.com

BRIGID M. HIGGINS
on behalf of Creditor Black Hole Investments fna EZ Coin  LLC bhiggins@blackwadhams.law, dmeeter@blackwadhams.law;mstallsworth@blackwadhams.law;mdavis@blackwadhams.law

CANDACE C CARLYON
on behalf of Interested Party CHRIS MCALARY ccarlyon@carlyoncica.com CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com

CHAPTER 11 - LV
USTPRegion17.lv.ecf@usdoj.gov

CRAIG P. DRUEHL
on behalf of Creditor OPTCONNECT MANAGEMENT  LLC craig.druehl@dechert.com

DAWN M. CICA
on behalf of Interested Party CHRIS MCALARY dcica@carlyoncica.com nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com

JAMES M JIMMERSON
on behalf of Plaintiff CASH CLOUD  INC., DBA COIN CLOUD jmj@jimmersonlawfirm.com

JAMES PATRICK SHEA
on behalf of Creditor Enigma Securities Limited jshea@shea.law  blarsen@shea.law;support@shea.law

JEANETTE E. MCPHERSON
on behalf of Plaintiff CASH CLOUD  INC., dba COIN CLOUD JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

JEANETTE E. MCPHERSON
on behalf of Debtor CASH CLOUD  INC. JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

JOHN T. WENDLAND
on behalf of Creditor AVT Nevada  L.P. jwendland@wdlaw.com, NVeFile@weildrage.com

Jeffrey R. Sylvester
on behalf of Interested Party CKDL Credit  LLC jeff@sylvesterpolednak.com, kellye@sylvesterpolednak.com

KURT R. BONDS
on behalf of Creditor Populus Financial Group  Inc. nvefile@hallevans.com, kbonds@alversontaylor.com;adidio@alversontaylor.com

LEW BRANDON, JR.
on behalf of Creditor UNITED NATURAL FOODS  INC. l.brandon@bsnv.law

LOUIS M BUBALA, III
on behalf of Interested Party BROOKFIELD RETAIL PROPERTIES  INC. lbubala@kcnvlaw.com, cdroessler@kcnvlaw.com;kmilks@kcnvlaw.com

MARJORIE A. GUYMON

on behalf of Creditor Armondo Redmond bankruptcy@goldguylaw.com
mariaa@goldguylaw.com;lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com

MARJORIE A. GUYMON

on behalf of Creditor Trangistics  Inc. bankruptcy@goldguylaw.com,
mariaa@goldguylaw.com;lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com

MAURICE VERSTANDIG

on behalf of Creditor Brink's  Inc. mac@mbvesq.com, lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com

MICHAEL L WACHTELL

on behalf of Creditor ORACLE AMERICA  INC. mwachtell@buchalter.com

NEDDA GHANDI

on behalf of Creditor ROCKITCOIN  LLC nedda@ghandilaw.com,
lks@ghandilaw.com,nedda@ecf.inforuptcy.com;r41525@notify.bestcase.com,shara@ghandilaw.com

OGONNA M. BROWN

on behalf of Creditor Cole Kepro International  LLC obrown@lewisroca.com,
ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

OGONNA M. BROWN

on behalf of Defendant COLE KEPRO INTERNATIONAL  LLC obrown@lewisroca.com,
ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

PAUL HAGE

on behalf of Creditor Cole Kepro International  LLC phage@taftlaw.com

ROBERT R. KINAS

on behalf of Creditor GENESIS GLOBAL HOLDCO  LLC rkinas@swlaw.com,
jmath@swlaw.com;mfull@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;jfung@swlaw.com

RONALD E. GOLD

on behalf of Creditor WPG Legacy  LLC rgold@fbtlaw.com,
jkleisinger@fbtlaw.com;eseverini@fbtlaw.com;sbryant@ecf.courtdrive.com

RONALD M TUCKER

on behalf of Creditor SIMON PROPERTY GROUP  INC. rtucker@simon.com,
rwoodruff@simon.com,cmartin@simon.com,ptropepe@simon.com

RYAN A. ANDERSEN

on behalf of Interested Party Luis Flores ryan@aandblaw.com
tatiana@aandblaw.com;melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com;valerie@aandblaw.com;andersen.ryana.b117998@notify.bestcase.com

RYAN J. WORKS

on behalf of Plaintiff OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CASH CLOUD  INC. dba COIN CLOUD
rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

RYAN J. WORKS

on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS rworks@mcdonaldcarano.com
kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

SHAWN CHRISTIANSON

on behalf of Creditor ORACLE AMERICA  INC. schristianson@buchalter.com, cmcintire@buchalter.com

STACY H RUBIN

on behalf of Defendant LUX VENDING  LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com,
oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

STACY H RUBIN

on behalf of Interested Party LUX VENDING  LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com,
oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

STEPHEN T LODEN

on behalf of Interested Party CHRIS MCALARY sloden@diamondmccarthy.com  cburrow@diamondmccarthy.com

STRETTO

ecf@cases-cr.stretto-services.com  aw01@ecfcbis.com,pacerpleadings@stretto.com

STUART FREEMAN WILSON-PATTON
stuart.wilson-patton@ag.tn.gov

TIMOTHY A LUKAS

on behalf of Creditor Good 2 Go Stores LLC ecflukast@hollandhart.com

U.S. TRUSTEE - LV - 11

USTPRegion17.lv.ecf@usdoj.gov

ZACHARY WILLIAMS

District/off: 0978-2                          User: admin                                    Page 4 of 4
Date Rcvd: Sep 11, 2023                       Form ID: pdf970                          Total Noticed: 7

on behalf of Plaintiff CASH CLOUD  INC., dba COIN CLOUD zwilliams@foxrothschild.com,
ARCDocketing@foxrothschild.com;ahosey@foxrothschild.com

TOTAL: 47

**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No.2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Phone: (702) 685-4444
Fax: (725) 386-4979
Email:  ccarlyon@carlyoncica.com
         dcica@carlyoncica.com
*Counsel for Chris McAlary*

**DIAMOND MCCARTHY LLP**
ALLAN B. DIAMOND, ESQ.
Texas Bar No. 05801800 *(pro hac pending)*
CHRISTOPHER D. JOHNSON, ESQ.
Texas Bar No. 24012913 *(pro hac pending)*
909 Fannin Street, Suite 3700
Houston, TX 77010
Phone: (713) 333-5100
Fax: (713) 333-5199
Email: adiamond@diamondmccarthy.com

chris.johnson@diamondmccarthy.com
*Co-Counsel for Chris McAlary*

APL 23-20

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No.: Case No. 23-10423-MKN<br>Chapter 11<br><br>**NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

## PART 1: IDENTIFY THE APPELLANT(S):

    1.  Name(s) of appellant(s): Chris McAlary.

    2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject

of this appeal:

1

For appeals in an adversary proceeding.
❑ Plaintiff
❑ Defendant
❑ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
❑ Debtor
☒ Creditor
❑ Trustee
❑ Other (describe) _____

**PART 2: IDENTIFY THE SUBJECT OF THIS APPEAL**

1.    Describe the judgment, order, or decree appealed from**:** *Order: (A) Approving Debtor's Disclosure Statement [ECF No. 529] on a Final Basis; and (B) Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023 [ECF No. 996]* [ECF No. 1126]

2.    State the date on which the judgment, order, or decree was entered: August 25, 2023

**PART 3: IDENTIFY THE OTHER PARTIES TO THE APPEAL**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|---|---|
| **Party** | **Attorney** |
| CASH CLOUD, INC., dba COIN CLOUD, | **FOX ROTHSCHILD LLP** BRETT A. AXELROD, ESQ. (Nv Bar No. 5859) JEANETTE E. MCPHERSON, ESQ. (Nv Bar No. 5423) NICHOLAS A. KOFFROTH, ESQ. (Nv Bar No. 16264) ZACHARY T. WILLIAMS, ESQ. (Nv Bar No. 16023) 1980 Festival Plaza Drive, Suite 700 Las Vegas, Nevada 89135 Telephone: 702-262-6899 Facsimile: 702-597-5503 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | **McDONALD CARANO LLP** RYAN J. WORKS, ESQ. (NSBN 9224) AMANDA M. PERACH, ESQ. (NSBN 12399) 2300 West Sahara Avenue, Suite 1200 Las Vegas, Nevada 89102 Telephone: (702) 873-4100 |

**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

2

| | |
|---|---|
| OFFICIAL COMMITTEE<br>OF UNSECURED CREDITORS | **SEWARD & KISSEL LLP**<br>JOHN R. ASHMEAD, ESQ.<br>ROBERT J. GAYDA, ESQ.<br>CATHERINE V. LOTEMPIO, ESQ.<br>LAURA E. MILLER, ESQ.<br>ANDREW J. MATOTT, ESQ.<br>One Battery Park Plaza<br>New York, NY 10004 |

**PART 4: OPTIONAL ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT (APPLICABLE ONLY IN CERTAIN DISTRICTS)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**PART 5: SIGN BELOW**

/s/ *Candace C. Carlyon, Esq.*                              Date**:** September 6, 2023
Signature of attorney for appellant(s)
(or appellant(s) if not represented by an attorney)
Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Ste. 107
Las Vegas, Nevada 89119

*CARLYON CICA CHTD.*
*265 E. Warm Springs Road, Suite 107*
*Las Vegas, NV 89119*

3

1

**DIAMOND McCARTHY LLP**
ALLAN B. DIAMOND, ESQ.

2
*Admitted Pro Hac Vice*
STEPHEN T. LODEN, ESQ.

3
*Admitted Pro Hac Vice*
CHRISTOPHER D. JOHNSON, ESQ.

4
*Admitted Pro Hac Vice*
909 Fannin, Suite 3700

5
Houston, Texas 77010

6
*Co-Counsel for Chris McAlary*

7

8
Fee waiver notice: If appellant is a child support creditor or its representative and appellant has

9
filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

10

11
[**Note to inmate filers:**  If you are an inmate filer in an institution and you seek the timing

12
benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate

13
Filing) and file that declaration along with the Notice of Appeal.]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

4

## CERTIFICATE OF SERVICE

I am an employee of Carlyon Cica Chtd.  On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE:  Pursuant to LR 2002 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties and attorneys who are filing users through the Notice of Electronic Filing automatically generated by the Court.

☐  UNITED STATES MAIL:  By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐  OVERNIGHT COURIER:  By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally recognized courier, addressed to the parties listed below which was incorporated by reference and made final in the w at their last-known mailing address.

☐  FACSIMILE:  By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

I declare under penalty of perjury that the foregoing is true and correct.

_/s/ Cristina Robertson_____
An employee of Carlyon Cica Chtd

CARLYON CICA CHTD.
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
August 25, 2023

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | **ORDER:**<br>**(A) APPROVING DEBTOR'S**<br>**DISCLOSURE STATEMENT**<br>**[ECF NO. 529] ON A FINAL BASIS; AND** |
| Debtor. | **(B) CONFIRMING DEBTOR'S FIRST**<br>**AMENDED CHAPTER 11 PLAN OF**<br>**REORGANIZATION DATED**<br>**AUGUST 1, 2023 [ECF NO. 996]**<br><br>Hearing Date:  August 17, 2023<br>Hearing Time: 10:30 a.m. |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

148291381.5

On August 17, 2023, the Court held a hearing (the "Confirmation Hearing") regarding confirmation of Debtor's *First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023* [Docket No. 996] (the "Amended Plan"), which was proposed by Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), and a final hearing on *Debtor's Disclosure Statement for Chapter 11 Plan of Reorganization Dated May 8, 2023* [ECF No. 529] (the "Disclosure Statement"). The record of the Confirmation Hearing reflects all appearances that were made at the Confirmation Hearing.

1. After due deliberation and sufficient cause appearing in accordance with Federal Rule of Civil Procedure 52, as incorporated pursuant to Federal Rule of Bankruptcy Procedure 9014, the Court orally stated its findings of fact and conclusions of law on the record and reported them in open court at the Confirmation Hearing and such findings of fact and conclusions of law are incorporated herein by this reference.

2. **IT IS HEREBY FOUND AND DETERMINED** by this Court (together with the findings of fact and conclusions of law made on the record at the Confirmation Hearing, the "Findings and Conclusions") as follows:

3. The Court relies upon and takes judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the docket in the Chapter 11 Case including, without limitation: the Amended Plan; the Disclosure Statement; *Debtor's Chapter 11 Plan of Reorganization Dated May 8, 2023* [ECF No. 528] (the "Original Plan"); Debtor's *Memorandum of Law in Support of: Final Approval of Disclosure Statement; and Confirmation of Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023* [ECF No. 1078] (the "Confirmation Brief");[1] the *Declaration of Tanner James in Support of [the Confirmation Brief]* [ECF No. 1079]; the *Declaration of Angela Tsai on Behalf of Stretto Regarding Solicitation of Votes and Tabulation of Ballots Accepting and Rejecting [the Original Plan and the Amended Plan]* [ECF No. 1077] (the "Voting Report"); the *Order Pursuant to 11 U.S.C. 105(d)(2)(B)(VI), Fed. R. Bankr. P. 3017.1 and Local Rule 3017 Implementing Expedited Solicitation and Confirmation Procedures Including: (I) Conditionally*

---

[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to such terms in the Confirmation Brief.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148291381.5

*Approving Disclosure Statement; (II) Setting Combined Hearing on Final Approval of Disclosure Statement and Plan Confirmation; (III) Approving (A) Form and Scope of Combined Hearing Notice, and (B) Form of Ballots; (IV) Scheduling Voting and Objection Deadlines; and (V) Granting Related Relief* [ECF No. 554] (the "<u>Solicitation Order</u>"); the *Notice of Combined Hearing Re: (I) Final Approval of Disclosure Statement; and (II) Confirmation of Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023* [ECF No. 555] (the "<u>Confirmation Hearing Notice</u>"); the *Certificates of Service of the Confirmation Hearing Notice* [ECF Nos. 626, 659], and the *Certificate of Service of Plan Solicitation Packages* [ECF No. 626] (collectively, the "<u>Certificates of Service</u>"); *Debtor's Omnibus Reply to [the Brink's Objection and the Enigma Reservation]* [ECF No. 910]; all entered orders, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case, including at the Confirmation Hearing.

4.      The testimony and documentary evidence introduced and admitted into evidence by Debtor at the Confirmation Hearing was unrebutted.

5.      Any objection to confirmation of the Amended Plan is overruled.

6.      The Court has considered the analysis set forth in the Confirmation Brief and any objections to the Amended Plan, and has undertaken an independent analysis of the Amended Plan and the requirements of Section 1129 of the Bankruptcy Code and has determined that the Amended Plan meets each of the applicable requirements of Section 1129.

7.      On February 7, 2023 (the "<u>Petition Date</u>"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), thereby commencing the Chapter 11 Case.  Since the Petition Date, Debtor has continued operating its business and managing its property as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

8.      This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Amended Plan is a core proceeding in which the Court may enter a final order in accordance with 28 U.S.C. § 2157(b)(2).  Venue for this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148291381.5

9.      Pursuant to Local Rule 9014.2, Debtor consented to entry of all final orders or judgments by this Court if it is determined that this Court, absent consent of such parties, could not enter such final orders or judgments consistent with Article III of the United States Constitution.

10.     The Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code.

11.     In accordance with Section 1126(b) of the Bankruptcy Code, the Court finds and concludes that the solicitation of votes to accept or reject both the Original Plan and the Amended Plan was made in good faith and complied with all applicable nonbankruptcy laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation, and that such solicitation was conducted after disclosure of adequate information as defined in Section 1125(a) of the Bankruptcy Code.  Ballots of Holders of Claims and Interests entitled to vote were properly solicited and tabulated in accordance with the Solicitation Order and the Bankruptcy Code.  Debtor has therefore complied with Section 1129(a)(2), including, but not limited to, the requirements set forth in Sections 1125 and 1126 of the Bankruptcy Code.

12.     Debtor provided notice of the Confirmation Hearing, and the time fixed for filing objections to confirmation of the Amended Plan by serving the Confirmation Hearing Notice as set forth in the Certificates of Service [*see* ECF Nos. 626, 659] filed in the Chapter 11 Case.  Service of the Confirmation Hearing Notice provided reasonable and adequate notice of these matters and complied in all regards with due process.  Service of the Confirmation Hearing Notice also complied with the applicable provisions of (i) the Bankruptcy Code; (ii) the Bankruptcy Rules, including Bankruptcy Rules 2002, 3017, and 3018; (iii) the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Nevada; and (iv) the Orders of this Court, including the Solicitation Order.

13.     The Amended Plan complies with **Section 1129(a)(1)** of the Bankruptcy Code, including the requirements of **Sections 1122 and 1123** of the Bankruptcy Code.

14.     Debtor, as the proponent of the Amended Plan, has complied with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada, and all orders of this Court

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

with respect to the Amended Plan, thereby satisfying the requirements of **Section 1129(a)(2)** of the Bankruptcy Code.

15.     The Amended Plan, and the compromises embodied therein, have been proposed in good faith and not by any means forbidden by law, as evidenced by, among other things, the totality of the circumstances surrounding the formulation of the Amended Plan and the record of the Chapter 11 Case. The Amended Plan provides the greatest opportunity to maximize the value of the Estate, and Debtor has exercised sound and reasonable business judgment in proposing the Amended Plan. As such, the Amended Plan satisfies the requirements of **Section 1129(a)(3)** of the Bankruptcy Code.

16.     The Amended Plan complies with the requirements of **Section 1129(a)(4)** of the Bankruptcy Code in that all payments to be made by Debtor for services or for costs and expenses in or connected with the Chapter 11 Case, or in connection with the Amended Plan and incident to the Chapter 11 Case, have been approved by or are subject to approval of the Court as reasonably required.

17.     The Amended Plan complies with the requirements of **Section 1129(a)(5)** of the Bankruptcy Code in that Debtor will be dissolved after the Effective Date and no individuals will serve as directors, officers or voting trustees after the Effective Date.

18.     **Section 1129(a)(6)** of the Bankruptcy Code is inapplicable to the Chapter 11 Case because the Amended Plan does not contain rate changes for which a governmental regulatory commission has jurisdiction after confirmation.

19.     The Amended Plan complies with **Section 1129(a)(7)** of the Bankruptcy Code in that each Holder of a Claim or Equity Interest in Classes 1 through 4 has either voted to accept the Amended Plan, is deemed to have accepted the Amended Plan, and/or will receive under the Amended Plan property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated under Chapter 7.

20.     As evidenced by the Voting Report, Impaired Class 2(b) (Genesis Secured Claim) and Impaired Class 3(b) (General Unsecured Claims) have each voted to accept the Amended Plan within the meaning of Section 1126(c) of the Bankruptcy Code. Impaired Class 3(a) (AVT Secured Claim)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

5

did not vote to accept or reject the Amended Plan.  Class 1 (Priority Claims), Class 2(a) (DIP Claims), and Class 2(d) (Other Secured Claims) are not Impaired and are conclusively deemed to have accepted the Amended Plan pursuant to Section 1126(f) of the Bankruptcy Code.  Class 4 (Old Interests) is deemed to have rejected the Amended Plan pursuant to Section 1126(g) of the Bankruptcy Code because the Holders of such Interests neither receive nor retain anything under the Amended Plan. As Class 2(c) (Enigma Secured Claim), Class 3(a) (AVT Secured Claim) and Class 4 (Old Interests) are Impaired and have not accepted the Amended Plan, the Debtor has **not satisfied Section 1129(a)(8)** of the Bankruptcy Code, thereby necessitating approval under Section 1129(b) of the Bankruptcy Code for such Classes.

21.    The Amended Plan's treatment of Allowed Administrative Claims satisfies the requirements set forth in **Section 1129(a)(9)(A)** of the Bankruptcy Code because the Amended Plan provides that the Holder of each Allowed Administrative Claim shall be paid in Cash in the Allowed amount of any such Claim on, or as soon as practicable after, the latest of (i) the Effective Date, (ii) the date that is ten (10) Business Days after the date on which such Administrative Expense Claim becomes Allowed, (iii) the date on which such Administrative Expense Claim becomes due and payable pursuant to any agreement between the Debtor and the Holder, and (iv) such other date as mutually may be agreed to by such Holder and the Debtor or the Creditor Trustee on behalf of the Creditor Trust.

22.    The Amended Plan's treatment of Allowed Priority Claims satisfies the requirements set forth in **Section 1129(a)(9)(B)** of the Bankruptcy Code because each Holder of such an Allowed Other Priority Claim shall receive Cash in an amount sufficient to leave unaltered the legal, equitable and contractual rights to which such Claim entitles such Holder (except to the extent that such Holder agrees to less favorable treatment thereof) on, or as soon as practicable after, the latest of (A) the Effective Date, (B) the date that is ten (10) Business Days after the date on which such Other Priority Claim becomes Allowed, (C) the date on which such Other Priority Claim otherwise is due and payable, and (D) such other date as mutually may be agreed to by and among such Holder and the Debtor.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148291381.5

23.     The Amended Plan's treatment of Allowed Priority Tax Claims satisfies the requirements set forth in **Section 1129(a)(9)(C)-(D)** of the Bankruptcy Code because the Amended Plan provides that each holder of an Allowed Priority Tax Claim shall receive, in full satisfaction and discharge thereof, Cash equal to the unpaid amount of such Allowed Priority Tax Claim (except to the extent that such Holder agrees to less favorable treatment thereof) either on, or as soon as practicable after, the latest of (i) the Effective Date, (ii) the date that is ten (10) Business Days after the date on which such Priority Tax Claim becomes Allowed, (iii) the date on which such Priority Tax Claim becomes due and payable, and (iv) such other date as mutually may be agreed to by and among such Holder and the Debtor.

24.     Because Class 2(b) (Genesis Secured Claim) and Class 3(b) (General Unsecured Claims) are Impaired and have accepted the Amended Plan without including acceptance by any insiders (as defined by Section 101(31) of the Bankruptcy Code), the Debtor has satisfied **Section 1129(a)(10)** of the Bankruptcy Code.

25.     The Amended Plan complies with **Section 1129(a)(11)** of the Bankruptcy Code in that confirmation will not likely be followed by the liquidation or the need for further financial reorganization of Debtor, except as proposed in the Amended Plan.  The Amended Plan offers a reasonable prospect of success; it provides a reasonable probability that the provisions of the Amended Plan can be performed.  Therefore, the Amended Plan satisfies the feasibility test set forth in Section 1129(a)(11) of the Bankruptcy Code.

26.     The Amended Plan complies with the requirements set forth in **Section 1129(a)(12)** of the Bankruptcy Code in that the Amended Plan provides for the payment of all fees under 28 U.S.C. § 1930 as of the Effective Date or as they come due after such time.

27.     **Section 1129(a)(13)** of the Bankruptcy Code is satisfied as there are no retiree benefits (as defined in Section 1114 of the Bankruptcy Code) affected under the Amended Plan.

28.     The Debtor is not required or obligated on any domestic support obligation and thus **Section 1129(a)(14)** of the Bankruptcy Code is inapplicable.

29.     The Debtor is not an individual and thus **Section 1129(a)(15)** of the Bankruptcy Code is inapplicable.

148291381.5

30.     Debtor is a moneyed, business, or commercial entity and thus **Section 1129(a)(16)** of the Bankruptcy Code is inapplicable.

31.     The Amended Plan does not discriminate unfairly with respect to any Class of Claims or Interests within the meaning of **Section 1129(b)(1)** of the Bankruptcy Code, including Classes 2(c) (Enigma Secured Claim), 3(a) (AVT Secured Claim) and 4 (Old Interests).  Moreover, the Amended Plan is fair and equitable with respect to Class 2(c) and Class 3(a) (AVT Secured Claim) because it provides that the Holders of such Claims will receive the Cash proceeds of their respective collateral, subject to the Surcharge Claims; in addition, Enigma will receive the Enigma Secured Claims Trust Units, and will retain its liens on any of its collateral not subject to the Sale, as to which Enigma is permitted to take possession or otherwise dispose of at its discretion; in each case, satisfying **Section 1129(b)(2)(A)(i)** of the Bankruptcy Code.  The Amended Plan is also fair and equitable with respect to Class 4 (Old Interests) because there are no junior classes receiving or retaining any property under the Amended Plan, thereby satisfying **Section 1129(b)(2)(C)(ii)** of the Bankruptcy Code.

32.     Debtor has provided adequate notice of all documents and agreements necessary to implement the Amended Plan, expressly including the Creditor Trust Agreement and the Secured Claims Trust Agreement, all of which have been negotiated in good faith, at arm's length, are in the best interests of Debtor, its Estate, and Debtor's Creditors, contain terms and conditions that are fair and reasonable, and are deemed to have been made in good faith and for legitimate business purposes.

33.     Based upon the record in the Chapter 11 Case: (i) the solicitation of acceptances or rejections of the Original Plan and Amended Plan was made in good faith and in compliance with the Solicitation Order, all applicable provisions of the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018), all applicable provisions of the Bankruptcy Code (including sections 1125 and 1126), and all other applicable laws, rules and regulations, and (ii) Debtor, the Committee, the members of the Committee (in their capacity as such), the DIP Lender, and the Retained Professionals have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) and the Bankruptcy Rules in connection with their respective activities relating to the solicitation of acceptances of the Amended Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code and,

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148291381.5

accordingly, such parties are entitled to the protections afforded by **Section 1125(e)** of the Bankruptcy Code.

34.     The injunctions and exculpations contained within the Amended Plan, including Sections 10.1, 10.2, and 10.3 of the Amended Plan, comply with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  Pursuant to Sections 105(a) and 1129 of the Bankruptcy Code and Rules 3016(c) and 9019 of the Federal Rules of Bankruptcy Procedure, the settlements, compromises, injunctions, and exculpations set forth in the Amended Plan are approved as an integral part of the Amended Plan, are fair, equitable, reasonable, and in the best interest of the Debtor, its Estate, and the Holders of Claims and Equity Interests.

35.     After Confirmation and prior to substantial consummation of Amended Plan as defined in Section 1101(2) of the Bankruptcy Code, the Debtor may, under **Section 1127(b), (c), and (d)** of the Bankruptcy Code, alter, amend, or modify the Amended Plan or institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in Amended Plan, the Disclosure Statement, or the Confirmation Order, to make appropriate adjustments and modifications to Amended Plan or the Confirmation Order as may be necessary to carry out the purposes and effects of the Amended Plan so long as such proceedings do not materially adversely affect the treatment of Holders of Claims or Interests under the Amended Plan.

36.     The Court's retention of jurisdiction as set forth in the Amended Plan comports with the parameters contained in 28 U.S.C. § 157.

37.     The failure specifically to include or reference or any particular provision of the Amended Plan in these Findings and Conclusions shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Amended Plan be confirmed in its entirety.

The Bankruptcy Court thus having determined, after notice and hearing, that the requirements for confirmation set forth in Sections 1129(a) & (b) of the Bankruptcy Code have been satisfied and that the Disclosure Statement provides adequate information pursuant to Section 1125 of the Bankruptcy Code, and good cause appearing therefor:

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148291381.5

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1.      **Final Approval of Disclosure Statement.**  The Disclosure Statement is approved on a final basis as containing adequate information as required by Section 1125 of the Bankruptcy Code.

2.      **Solicitation After Adequate Information.**  The solicitation of votes to accept or reject both the Original Plan and the Amended Plan was conducted after disclosure of adequate information to each Holder of a Claim and/or Equity Interest in accordance with Section 1126(b)(2).

3.      **Class 3(b) Deemed Acceptance/Rejection of Amended Plan.**  Because the Amended Plan did not make any material alteration to the treatment of Class 3(b) General Unsecured Claims, each vote to accept/reject the Original Plan by the Holder of a Class 3(b) General Unsecured Claim is deemed to be a vote to accept/reject the Amended Plan.

4.      **Confirmation Under Section 1129(b).**  Pursuant to Section 1129(b), the Amended Plan is hereby **CONFIRMED**.  The Amended Plan satisfies the requirements of Section 1129(b) of the Bankruptcy Code with respect to Impaired, non-consenting Classes 2(c) (Enigma Secured Claim), 3(a) (AVT Secured Claim) and 4 (Old Interests).  The Amended Plan does not discriminate unfairly with respect to Holders of Claims and Interests in Classes 2(c), 3(a) and 4 because such Holders are receiving the same treatment as Holders of similarly situated Claims and Interests against Debtor. The Amended Plan is also fair and equitable with respect to Class 2(c) (Enigma Secured Claim) and Class 3(a) (AVT Secured Claim) because it provides that the Holders of such Claims will receive the Cash proceeds of their respective collateral, subject to the Surcharge Claims; in addition, Enigma will receive the Enigma Secured Claims Trust Units, and will retain its liens on any of its collateral not subject to the Sale, as to which Enigma is permitted to take possession or otherwise dispose of at its discretion; in each case, satisfying Section 1129(b)(2)(A)(i) of the Bankruptcy Code.  The Amended Plan is fair and equitable with respect to Class 4 (Old Interests) because there are no junior classes receiving or retaining any property under the Amended Plan, thereby satisfying Section 1129(b)(2)(C)(ii) of the Bankruptcy Code.

5.      **Each Amended Plan Provision Approved.**  Each provision of the Amended Plan is authorized and approved and shall have the same validity, binding effect and enforceability as every

148291381.5

other provision of the Amended Plan, regardless of whether or not such provision is referenced in this Order.

6. **All Objections Overruled.**  Any objection, opposition, or response to the Amended Plan that is not resolved by the terms of this Order, the Findings and Conclusions, or by a statement announced on the record of the Confirmation Hearing, and that is not otherwise withdrawn, waived, or settled, is hereby overruled and denied.

7. **Findings At Confirmation Hearing Incorporated.**  The Findings and Conclusions, and any findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to confirmation of the Amended Plan, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014, and are incorporated herein by reference and are expressly made part of this Order.

8. **Binding Effect of Amended Plan.**  Except as otherwise provided in Section 1141, on and after the Confirmation Date, but subject to the occurrence of the Effective Date, the provisions of the Amended Plan shall bind any Holder of a Claim against, or Equity Interest in, Debtor and its successors and assigns, or in the assets of Debtor, its successors and assigns, regardless of whether the Claim or Equity Interest of such Holder is Impaired under the Amended Plan and whether such Holder has accepted the Amended Plan.

9. **Means for Implementation.**  On or before the Effective Date, Debtor shall transfer and/or segregate Cash Assets in the amount of the Confirmation Funds for further distribution.  In accordance with the Sale Order, Debtor will hold in escrow any AVT Collateral Proceeds, Enigma Collateral Proceeds, and Genesis Collateral Proceeds that have not yet been distributed to AVT, Enigma, and Genesis, respectively, for the sole purpose of distribution to AVT, Enigma, Genesis, or the Secured Claims Trust, as applicable, or payment to the Debtor's estate in respect of the Surcharge Claims, if any.

10. **Termination of Corporate Existence.**  Debtor will be subject to a Dissolution Transaction on the Effective Date, or as soon as practicable thereafter, and Debtor will be deemed to cease to exist as of the Effective Date after the transfer of any remaining Assets to the Creditor Trust or the Secured Claims Trust, as applicable.  The Dissolution Transaction will occur and be effective

11

148291381.5

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

as of the date specified in the documents effectuating the Dissolution Transaction or the Effective Date if no such other date is specified in such other documents, and will be authorized and approved in all respects and for all purposes without any requirement of further action by the Debtor or any other Person.  For the avoidance of doubt, no Winning Bidder will be a successor in interest to any Debtor unless otherwise specified in the Sale Order.

As of the Effective Date, the term of the current members of the board of directors of the Debtor shall expire automatically and each person serving as a director of the Debtor shall be removed and shall be deemed to have resigned and cease to serve automatically.  As provided herein, the Debtor will cease to exist effective as of the Effective Date and, thus, no individuals will serve as directors, officers or voting trustees after the Effective Date.

11.  **Vesting of Assets.**  Except as otherwise provided in the Amended Plan or in the Confirmation Order, on and after the Effective Date, (i) the Creditor Trust Assets shall vest in the Creditor Trust and (ii) the Secured Claims Trust Assets shall vest in the Secured Claims Trust, in each case free and clear of Claims, Liens, charges, other encumbrances, and interests.  Subject to the terms of the Amended Plan, on and after the Effective Date, the Creditor Trustee or the Secured Claims Trustee, as applicable, on behalf of the Creditor Trust or the Secured Claims Trust, as applicable, may use and dispose of property and prosecute, compromise, or settle any Claims (including any Administrative Expense Claims) without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules other than restrictions expressly imposed by the Amended Plan, the Confirmation Order, the Creditor Trust Agreement, or the Secured Claims Trust Agreement, as applicable.

12.  **Creditor Trust.**  On the Effective Date, the Debtor shall establish a Creditor Trust in accordance with the Creditor Trust Agreement, a copy of which was Filed with the Amended Plan Supplement.  Upon the establishment of the Creditor Trust, all Creditor Trust Assets shall be deemed transferred to the Creditor Trust without any further action of the Debtor or any managers, employees, officers, directors, members, partners, shareholders, agents, advisors, or representatives of the Debtor.

Pursuant to section 1141 of the Bankruptcy Code, all property transferred to the Creditor Trust shall be made free and clear of all Claims, Liens, encumbrances, charges, and other interests, except

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

12

as may be otherwise provided in the Amended Plan. Upon completion of the transfer of the Creditor Trust Assets to the Creditor Trust, the Debtor will have no further interest in, or with respect to, the Creditor Trust Assets, or the Creditor Trust. For all federal income tax purposes, all parties (including, without limitation, the Debtor, the Creditor Trustee, and the Creditor Trust Beneficiaries) will treat the transfer of assets to the Creditor Trust in accordance with the terms of the Amended Plan as a transfer to the Creditor Trust Beneficiaries, followed by a transfer by such Creditor Trust Beneficiaries to the Creditor Trust, and the Creditor Trust Beneficiaries will be treated as the grantors and owners thereof.

The Creditor Trust shall be established for the purpose of liquidating the Creditor Trust Assets, maximizing recoveries for the benefit of the Creditor Trust Beneficiaries, and making distributions in accordance with the Amended Plan to the Creditor Trust Beneficiaries, with no objective to continue or engage in the conduct of a trade or business in accordance with Treas. Reg. § 301.7701-4(d). The Creditor Trust is intended to qualify as a "grantor trust" for federal income tax purposes and, to the extent permitted by applicable law, for state and local income tax purposes, with the Creditor Trust Beneficiaries treated as grantors and owners of the Creditor Trust.

Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, the Causes of Action transferred to the Creditor Trust shall be retained, prosecuted and enforced by the Creditor Trustee on behalf of the Creditor Trust.

13. **Creditor Trustee.** The Creditor Trustee shall have and perform all of the duties, responsibilities, rights and obligations set forth in the Creditor Trust Agreement. The Creditor Trustee may retain counsel and other professionals as the Creditor Trustee, in his sole discretion, deems appropriate, without further order of the Bankruptcy Court, to assist the Creditor Trustee in performing his duties, rights and obligations under the Amended Plan. From and after the Effective Date, all fees shall be paid to the Creditor Trustee and any other Professionals retained by the Creditor Trustee without approval of the Bankruptcy Court.

On and after the Effective Date, the Creditor Trustee shall have, among others, all of the rights and powers (including all of the rights and powers of a trustee appointed under the Bankruptcy Code) set forth in the Creditor Trust Agreement.

13

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

14. **Secured Claims Trust.** On the Effective Date, the Debtor shall establish a Secured Claims Trust in accordance with the Secured Claims Trust Agreement, which will be in form and substance acceptable to Genesis and Enigma (to the extent Enigma is a Secured Claims Trust Beneficiary). Upon the establishment of the Secured Claims Trust, all Secured Claims Trust Assets shall be deemed transferred to the Secured Claims Trust without any further action of the Debtor or any managers, employees, officers, directors, members, partners, shareholders, agents, advisors, or representatives of the Debtor.

Pursuant to section 1141 of the Bankruptcy Code, all property transferred to the Secured Claims Trust shall be made free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as may be otherwise provided in the Amended Plan. Upon completion of the transfer of the Secured Claims Trust Assets to the Secured Claims Trust, the Debtor will have no further interest in, or with respect to, the Secured Claims Trust Assets, or the Secured Claims Trust. For all federal income tax purposes, all parties (including, without limitation, the Debtor, the Secured Claims Trustee, and the Secured Claims Trust Beneficiaries) will treat the transfer of assets to the Secured Claims Trust in accordance with the terms of the Amended Plan as a transfer to the Secured Claims Trust Beneficiaries, followed by a transfer by such Secured Claims Trust Beneficiaries to the Secured Claims Trust, and the Secured Claims Trust Beneficiaries will be treated as the grantors and owners thereof.

The Secured Claims Trust shall be established for the purpose of liquidating the Secured Claims Trust Assets, maximizing recoveries for the benefit of the Secured Claims Trust Beneficiaries, and making distributions in accordance with the Amended Plan to the Secured Claims Trust Beneficiaries, with no objective to continue or engage in the conduct of a trade or business in accordance with Treas. Reg. § 301.7701-4(d). The Secured Claims Trust is intended to qualify as a "grantor trust" for federal income tax purposes and, to the extent permitted by applicable law, for state and local income tax purposes, with the Secured Claims Trust Beneficiaries treated as grantors and owners of the Secured Claims Trust.

Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, the Causes of Action transferred to the Secured Claims Trust shall be retained, prosecuted and enforced by the Secured Claims Trustee.

148291381.5

15. **Secured Claims Trustee.** The Secured Claims Trustee shall be selected by Genesis, with the consent of Enigma (to the extent Enigma is a Secured Claims Trust Beneficiary). The Secured Claims Trustee shall have and perform all of the duties, responsibilities, rights and obligations set forth in the Secured Claims Trust Agreement. The Secured Claims Trustee may retain counsel and other professionals as the Secured Claims Trustee, in his or her sole discretion, deems appropriate, without further order of the Bankruptcy Court, to assist the Secured Claims Trustee in performing his or her duties, rights and obligations under the Amended Plan. From and after the Effective Date, all fees shall be paid to the Secured Claims Trustee and any other professionals retained by the Secured Claims Trustee without approval of the Bankruptcy Court.

On and after the Effective Date, the Secured Claims Trustee shall have, among others, all of the rights and powers (including all of the rights and powers of a trustee appointed under the Bankruptcy Code) set forth in the Secured Claims Trust Agreement.

16. **Post-Confirmation Management.** From and after the Effective Date, except as set forth in the Secured Claims Trust Agreement with respect to the Secured Claims Trust Assets, the Creditor Trustee and Disbursing Agent shall perform all post-Confirmation responsibilities, including implementation of the Amended Plan, filing required post confirmation reports, and paying required fees.

17. **Preservation of Causes of Action.** Except as otherwise provided in the Amended Plan or in any contract, instrument, release, or agreement entered into in connection with the Amended Plan, in accordance with section 1123(b) of the Bankruptcy Code, all claims and Causes of Action that the Debtor or the Estate may have against any Person or Entity are preserved and transferred to the Creditor Trust or the Secured Claims Trust, as applicable, on the Effective Date, including, without limitation, any and all Causes of Action of the Debtor, Estate, or other appropriate party in interest may assert under the Bankruptcy Code and nonbankruptcy law; *provided, for the avoidance of doubt*, such Causes of Actions shall subject to the provisions in paragraph 17 of each of the DIP Financing Orders, to the extent applicable.

18. **Exemption from Certain Transfer Taxes.** Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security or the making or delivery of any

15

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

instrument of transfer under the Amended Plan, including the transfer of the Creditor Trust Assets to the Creditor Trust and the transfer of the Secured Claims Trust Assets to the Secured Claims Trust, may not be taxed under any law imposing a stamp tax or similar tax. Any sale of any property of the Creditor Trust or the Secured Claims Trust occurring on or after the Effective Date shall be deemed to be in furtherance of the Amended Plan.

20. **AVT's Reservation of Rights.** Notwithstanding any provision to the contrary in this Confirmation Order, the Amended Plan, the Sale Order, any DIP Financing Orders, or any Amended Plan Supplements, no provision of the foregoing shall prejudice AVT's rights, pursuant to its lease and other agreements with the Debtor (the "Lease") as set forth in Proof of Claim No. 38 (the "Claim") or otherwise, to without limitation (a) on or prior to any applicable Administrative Expense Claims Bar Dates, assert, apply for, file, prosecute, and collect any Administrative Claim against the Debtor pursuant to the Lease, and/or (b) prior to the Effective Date, commence an adversary proceeding or contested matter for (without limitation) a declaration that the AVT Collateral is in fact property owned by AVT that was leased to the Debtor, and/or alternatively that AVT's interests in the AVT Collateral are superior to the rights of other interested parties (including but not limited to the purported secured interests asserted by Enigma); and/or (c) object to, dispute, and seek disallowance of any or all Surcharge Claims that may be asserted against AVT's property (and the AVT Collateral Proceeds); *provided, however,* that the Debtor, the Creditor Trust, or any successors thereto, reserve all rights and defenses in connection with AVT's Claim, including without limitation the actions and/or Claims described in (a) through (c) herein. For the avoidance of doubt, AVT disputes the validity and priority of a portion of Enigma's Lien on what is defined as the Enigma Collateral in the Amended Plan (the "AVT Disputed Property"). Accordingly, pursuant to the Sale Order and the Amended Plan, the Debtor shall hold that portion of the Enigma Collateral Proceeds that are associated with AVT Disputed Property in escrow pending further order from the Court or upon a mutual agreement of Enigma and AVT submitted to the Debtor in writing.

21. **Cole Kepro's Reservation of Rights.** Notwithstanding any provision to the contrary in this Confirmation Order, the Amended Plan (including Section 10.1(b) of the Amended Plan), or any Plan Supplements, the rights of Cole Kepro International, LLC ("CKI"), if any, to assert an offset

16

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

or recoupment defense under applicable law and/or section 553 of the Bankruptcy Code with respect to any claims asserted against it based on claims that CKI holds against the Debtor, as set forth in CKI's filed proofs of claim [Claim Nos. 41 and 42] or otherwise, are expressly preserved.

22. **Conflicts.** To the extent any term in this Order conflicts with a term in the Amended Plan, the terms of this Order shall control.

23. **Retained Jurisdiction.** The occurrence of the Effective Date and/or the entry of a Final Decree shall not divest the Bankruptcy Court of any jurisdiction otherwise retained under Article XI of the Amended Plan or this Order.

24. **Effective Upon Entry.** The stay of the effectiveness of this Order as provided by Fed. R. Bankr. P. 3020(e), or otherwise, is hereby waived such that this Order is effective immediately upon its entry.

    **IT IS SO ORDERED.**

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By   */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148291381.5

## **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated in the order.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

### # # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

18

148291381.5