Ryan J. Works, Esq.
Nevada Bar No. 9224
Amanda M. Perach, Esq.
Nevada Bar No. 12399
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Email: rworks@mcdonaldcarano.com
       aperach@mcdonaldcarano.com

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Laura E. Miller, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Email: ashmead@sewkis.com
       gayda@sewkis.com
       lotempio@sewkis.com
       millerl@sewkis.com
       matott@sewkis.com

*Counsel for Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-23-10423-mkn |
| CASH CLOUD, INC. d/b/a COIN CLOUD, | Chapter 11 |
| Debtor. | **JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO SURCHARGE THE COLLATERAL OF GENESIS GLOBAL HOLDCO, LLC, ENIGMA SECURITIES LIMITED, AND AVT NEVADA, L.P. AND DEBTOR'S OMNIBUS REPLY IN SUPPORT THEREOF** |

The Official Committee of Unsecured Creditors in the above-captioned case (the "Committee"), by and through its undersigned counsel, hereby files this joinder (the "Joinder") to (i) the *Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* [Docket No. 926] (the "Surcharge Motion");[1] and (ii) the Debtor's reply (the "Reply") in support of the Surcharge Motion and in response to the oppositions (collectively, the "Oppositions," and each an "Opposition") filed by Genesis Global Holdco, LLC [Docket No. 1160] ("Genesis"), Enigma Securities Limited [Docket No. 1163] ("Enigma"), and AVT Nevada, L.P. [Docket No. 1162] ("AVT" and, together with Genesis and Enigma, the "Secured Creditors"). In support of this Joinder, the Committee respectfully represents:

**JOINDER**

1. The Committee supports, and hereby joins the Surcharge Motion and Reply and the arguments set forth therein. Simply put, the relief requested in the Surcharge Motion is necessary to prevent a windfall to the Secured Creditors. Indeed, the goal of section 506(c) is to ensure that secured creditors do not "reap the benefit of actions taken to preserve the secured creditor's collateral without shouldering the cost." 4 Collier on Bankruptcy P 506.05 (16th 2023). Section 506(c) codifies the long existing principle that "the general estate and unsecured creditors should not be required to bear the costs of protecting what is not theirs." *Sec. Leasing Partners, LP v. ProAlert, LLC (In re ProAlert, LLC)*, 314 B.R. 436, 442 (B.A.P. 9th Cir. 2004) (*quoting In re Codesco, Inc.*, 6 C.B.C.2d 395, 18 B.R. 225 (S.D.N.Y. 1982)).

2. Through the Oppositions, the Secured Creditors seek to avoid any responsibility for funding the sale process—the outcome of which regrettably did not produce a recovery for the estate. The Secured Creditors are seeking a free ride. This is not a case where administrative expenses were funded through use of the Secured Creditors' cash collateral. Rather, the case was initially funded by third party financing, which has now been repaid from the Debtor's unencumbered cash. Through the marketing and auction run by the estate, the Secured

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Surcharge Motion.

1  Creditors received the benefit of a process designed to achieve the highest value for their
2  Collateral.  Had the Secured Creditors instead sought relief from the stay to foreclose on the
3  Collateral (which they did not), they would have incurred the costs of the preservation of their
4  Collateral and the sale process.  The result should be no different here.

5        3.      The Secured Creditors' desired application of section 506(c) to only
6  expenses that were incurred *solely* to benefit them would turn the chapter 11 process on its head.
7  It would disincentivize the estate from pursuing value-maximizing sale transactions where there
8  was any risk that the proceeds would not exceed the secured debt.  That is not the goal of chapter
9  11, which is to maximize value for all stakeholders.  Here, the requested surcharge avoids the
10 inequity that would otherwise occur if the estate were forced to bear the cost of selling Collateral
11 for which there was no equity.  *See e.g.*, *Sw. Sec., FSB v. Segner (In re Domistyle, Inc.)*, 811 F.3d
12 691, 701 (5th Cir. 2015) ("As the bankruptcy court noted, the outcome of this proceeding was
13 regrettable.  Everyone believed that [the secured creditor] was oversecured and that the Property,
14 properly preserved, would yield additional recovery to the estate as a whole.  Everyone was wrong.
15 But [the secured creditor's] articulated rule that would preclude surcharge of pre-abandonment
16 expenses stretches Section 506(c) beyond its text and contradicts its equitable purpose.").

17       4.      The Surcharge Motion only seeks a surcharge for sale-related costs directly
18 benefiting the Secured Creditors, not administrative costs that only incidentally benefitted the
19 Secured Creditors, as suggested in the Oppositions.  These costs include the Committee's
20 professional fees related to the sale process, which encompassed much more than a consulting
21 role.  Indeed, the Committee professionals were the architect of the asset sale process, negotiated
22 significant portions of asset purchase agreements, and were boots on the ground at the auction.  It
23 cannot be disputed that these costs directly benefited the Secured Creditors as they are the very
24 parties receiving the proceeds of the sale.  Accordingly, there is no basis to deny the Surcharge
25 Motion.

## RESERVATION OF RIGHTS

27       5.      The Committee reserves its right to supplement and amend this Joinder at
28 any time, including by submission of a declaration in support of the Surcharge Motion, and to

3

raise any other arguments, present evidence or otherwise respond to arguments regarding the issues addressed in connection with the Surcharge Motion.

## CONCLUSION

WHEREFORE, for the reasons stated herein, and in the Surcharge Motion and Reply, the Committee respectfully requests that the Court overrule the Oppositions, grant the Surcharge Motion, and grant such other and further relief as the Court deems appropriate.

Dated: September 15, 2023

Respectfully submitted

**MCDONALD CARANO LLP**

By: /s/ Ryan J. Works
Ryan J. Works, Esq.
Nevada Bar No. 9224
Amanda M. Perach, Esq.
Nevada Bar No. 12399
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

**SEWARD & KISSEL LLP**
John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Laura E. Miller, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
millerl@sewkis.com
matott@sewkis.com

*Counsel for Official Committee
of Unsecured Creditors*