James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Facsimile: (702) 926-9683
Email:   jshea@shea.law
         blarsen@shea.law
         kwyant@shea.law

-and-

**MORRISON & FOERSTER LLP**
Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. *(Admitted Pro Hac Vice)*
New York Bar No. 5507652
250 West 55th Street
New York, New York 10019-3601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email:   glee@mofo.com
         akissner@mofo.com

*Attorneys for Enigma Securities Limited*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>    CASH CLOUD, INC.,<br>    dba COIN CLOUD,<br><br>                    Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11 |

**EX PARTE MOTION TO FILE UNDER SEAL ENIGMA SECURITIES LIMITED'S REPLY IN SUPPORT OF APPLICATION FOR ALLOWANCE AND PAYMENT OF <u>ADMINISTRATIVE EXPENSE CLAIM</u>**

1

Pursuant to 11 U.S.C. § 107(b), Rules 9018 and 9037 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules"), and Rule 9018 of the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada (the "Local Rules"), Enigma Securities Limited ("Enigma"), by and through its undersigned counsel, hereby files this motion (the "Ex Parte Motion") in connection with *Enigma Securities Limited's Reply in Support of Application for Allowance and Payment of Administrative Expense Claim* (the "Reply") and respectfully request the Court's permission to file under seal portions of the Reply as well as **Exhibits 2, 3, 4, and 5** (the "Exhibits") attached to the *Declaration of Andrew Kissner, Esq. in Support of Enigma Securities Limited's Reply in Support of Application for Allowance and Payment of Administrative Expense Claim* (the "Kissner Declaration"), to be filed contemporaneously therewith.

The portions of the Reply and the Exhibits identified should be filed under seal because they contain confidential information provided in connection with a Non-Disclosure Agreement ("NDA") between the Official Committee of Unsecured Creditors (the "Committee") and Enigma. The information in these Exhibits was produced by the Debtor and the Committee in response to a subpoena issued by Enigma on the Debtor as well as requests for production to the Committee, and such information is being necessarily attached to the Reply. The sealing of such information is necessary to comply with the terms of the NDA.

This Ex Parte Motion is made and based upon the memorandum of points and authorities herein, the pleadings and papers on file in the Debtor's bankruptcy case, judicial notice of which is respectfully requested pursuant to Rules 1101(a) and (b) and 201(b) and (c) of the Federal Rules of Evidence, and any further argument or evidence the Court may entertain in connection with this Ex Parte Motion.

**BACKGROUND**

1. On February 7, 2023, Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Court"), commencing the above-captioned chapter 11 case.

2. On July 18, 2023, Enigma filed its *Application for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 361, 362, 363, 364, 503, 507 and Bankruptcy*

*Rules 3012 and 8002* [ECF No. 873] (the "Application").

3. On August 1, 2023, the Debtor filed its objection to the Application [ECF No. 987] (the "Objection").

4. On July 17, 2023, Enigma issued a Rule 2004 subpoena for the production of documents [ECF No. 850] on the Debtor. On July 31, 2023, Enigma served informal requests for the production of documents on the Committee.

5. In late August 2023, the Debtor and the Committee provided the Exhibits in response to these discovery requests and in connection with a subsequently executed NDA. Enigma and the Committee entered into the NDA on September 8, 2023.

6. These Exhibits are necessarily being included with the Reply and the Declaration, each of which relates to this Ex Parte Motion.

## LEGAL ARGUMENT

7. Section 107(b) of the Bankruptcy Code provides in part, "on request of a party in interest, the bankruptcy court shall . . . (1) protect any entity with respect to a trade secret or confidential research, development or commercial information[.]" 11 U.S.C. § 107(b). Further, Federal Rule 9018 provides in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information, (2) to protect any entity against scandalous or defamatory atter contained in any paper filed in a case under the Code….

8. Local Rule 9018 identifies the procedure for filing a document under seal, in which a motion requesting the sealing of the document must occur, with the submission of the document proposed to be filed under seal for in-camera review. *See* Local Rule 9018(b).

9. The Court is empowered to protect confidential information from disclosure to other parties and entities and keep the same from information confidential from the public view. *See In re Las Vegas Monorail Co.,* 458 B.R. 553, 558 (Bankr. D. Nev. 2011) (recognizing that section 107 and Rule 9018 provide a mechanism for the protection of information relating to secret, confidential, scandalous, or defamatory matters); *see also Father M. v. Various Tort Claimants (In re Roman*

*Catholic Archbishop of Portland in Or.)*, 661 F.3d 417, 430-31 (9th Cir. 2011) (section 107 recognizes confidential information and means of identification as exceptions to the general rule of disclosure to the public).

10. Moreover, public "access to judicial records is not absolute." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Although a strong presumption of public access to judicial records exists, information such as "confidential business information, proprietary technology, and trade secrets are routinely protected by filing under seal…." *Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM, 2017 U.S. Dist. LEXIS 96273 (D. Nev. June 21, 2017). Additionally, the public's interest in accessing court records is diminished when the document and confidential information therein is included with a non-dispositive motion as opposed to a dispositive motion. *Kamakana*, 447 F.3d at 1179.

11. Indeed, when the motion to be sealed/redacted (or the documents attached thereto) is a dispositive motion—i.e., summary judgment or a motion to dismiss—the party seeking to redact/seal must show a compelling reason as to why sealing or redaction is necessary. *Id.* However, when there is a "discovery document [attached] to a non-dispositive motion" the normal presumption of access to judicial records is rebutted, and the party seeking to seal or redact only need to show that "good cause" exists to protect this information from the public eye. *Id.* at 1179-80. Put differently, a good cause showing will suffice to keep sealed records attached to nondispositive motions. *Id.*

12. Here, Exhibits 2, 3, 4, and 5 to the Kissner Declaration, as well as the redacted portions of Enigma's Reply, should be filed under seal because these Exhibits and statements contain information that is confidential under the terms of the NDA.[1] Under the NDA, Enigma has "agree[d] that it shall not file any Confidential . . . Information with the Bankruptcy Court unless . . . [Enigma] files the information (or portions thereof) under seal with the Bankruptcy Court[.]" The sealing of such information is therefore necessary to ensure that confidential information produced under the NDA remains confidential, and that Enigma remains in compliance with the NDA.

13. Therefore, it is necessary to file the foregoing Exhibits as well as the redated portions

---

[1] Although Enigma does not take a position on whether good cause exists to file the Exhibits and the redacted Reply under seal, it has filed this Ex Parte Motion out of an abundance of caution to ensure compliance with the terms of the NDA. Enigma also notes that, while it does not take a position on cause, the Application is not a dispositive motion in this case.

4

of the Reply under seal, and Enigma respectfully requests through this Ex Parte Motion that it be granted authority to file such Exhibits and the Reply be filed under seal.

[*Remainder of Page Intentionally Left Blank*]

# CONCLUSION

In conclusion, Enigma respectfully requests that the Court authorize the filing of **Exhibits 2, 3, 4, and 5** to the Kissner Declaration as well as the redacted portions of Enigma's Reply under seal, and such other relief as the Court deems appropriate.[2]

Dated this 18th day of September, 2023.

**MORRISON & FOERSTER LLP**

By: */s/ Andrew Kissner, Esq.*
Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
250 West 55th Street
New York, New York 10019-3601

-and-

**SHEA LARSEN**
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Counsel for Enigma Securities Limited*

---

[2] A copy of the proposed order granting this Ex Parte Motion is attached hereto as **Exhibit 1**.

6

# CERTIFICATE OF SERVICE

1. On September 18th 2023, I served **EX PARTE MOTION TO FILE UNDER SEAL ENIGMA SECURITIES LIMITED'S REPLY IN SUPPORT OF APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** in the following manner:

☒ a. ECF System: Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities.

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 18th 2023

By: */s/ Bart K. Larsen, Esq.*

# EXHIBIT 1

James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Facsimile: (702) 926-9683
Email:  jshea@shea.law
         blarsen@shea.law
         kwyant@shea.law
-and-
**MORRISON & FOERSTER LLP**
Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. *(Admitted Pro Hac Vice)*
New York Bar No. 5507652
250 West 55th Street
New York, New York 10019-3601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email:  glee@mofo.com
         akissner@mofo.com
*Attorneys for Enigma Securities Limited*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | |

1

### ORDER GRANTING EX PARTE MOTION TO FILE UNDER SEAL ENIGMA SECURITIES LIMITED'S REPLY IN SUPPORT OF APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

The Court, having reviewed and considered the *Ex Parte Motion to File Under Seal Enigma Securities Limited's Reply in Support of Application for Allowance and Payment of Administrative Expense Claim* (the "Ex Parte Motion"), filed by Enigma Securities Limited ("Enigma"), pursuant to Sections 105(a) & 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9018 of the Court's Local Rules of Bankruptcy Practice and Procedure, for authority to redact **Exhibits 2, 3, 4, and 5** attached to the *Declaration of Andrew Kissner, Esq. in Support of Enigma Securities Limited's Reply in Support of Application for Allowance and Payment of Administrative Expense Claim*, as well as redact specific portions of *Enigma Securities Limited's Reply in Support of Application for Allowance and Payment of Administrative Expense Claim* (the "Reply"), and with good cause appearing therefore:

**IT IS HEREBY ORDERED** that the Ex Parte Motion is GRANTED; and,

**IT IS FURTHER ORDERED** that Enigma is hereby authorized to file the complete and unredacted version of the Reply under seal, including **Exhibits 2, 3, 4, and 5** under seal.

**IT IS SO ORDERED**.

2


Respectfully submitted by:

**MORRISON & FOERSTER LLP**

By: */s/ James Patrick Shea*
Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. *(Admitted Pro Hac Vice)*
New York Bar No. 5507652
250 West 55th Street
New York, New York 10019-3601

-and-

**SHEA LARSEN**
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Counsel for Enigma Securities Limited*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

