1  BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
2  NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
3  ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
4  **FOX ROTHSCHILD LLP**
5  1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
6  Telephone: (702) 262-6899
Facsimile: (702) 597-5503
7  Email: baxelrod@foxrothschild.com
8        nkoffroth@foxrothschild.com
      zwilliams@foxrothschild.com
9  *Counsel for Debtor*

10  **UNITED STATES BANKRUPTCY COURT**

11  **DISTRICT OF NEVADA**

12

13  In re

      Case No. BK-23-10423-mkn

14  CASH CLOUD, INC.,
      dba COIN CLOUD,

      Chapter 11

15        **DEBTOR'S OBJECTION TO
ADMINISTRATIVE EXPENSE CLAIM
OF CHRISTOPHER MCALARY**

16        Debtor.

17        Hearing Date:  October 19, 2023
Hearing Time:  10:30 a.m.

18

19

20        Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-referenced chapter

21  11 bankruptcy case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild

22  LLP, hereby submits this objection (the "Objection") to the *Administrative Expense Claim* [ECF

23  No. 894] (the "Admin Claim"), filed by Christopher McAlary ("McAlary"). This Objection is made

24  pursuant to Section 502 of chapter 11 of Title 11 of the United States Code (as amended, the

25  "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

26  Rules"), Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules"), and is supported

27  by the Memorandum of Points and Authorities set forth below, the arguments and representations of

28  counsel at the hearing on the Objection, and the record in this Chapter 11 Case.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

1      As required by Local Rule 3007(a)(4), a copy of the Admin Claim is attached hereto as

2    **Exhibit 1.**

3      Based on the foregoing, the Debtor requests that the Court enter an Order, substantially in the

4    form attached hereto as **Exhibit 2**: (i) sustaining the Objection; (ii) disallowing the Admin Claim in

5    its entirety; and (iii) granting such other and further relief as the Court may deem just and proper.

6      DATED this 19th day of September 2023.

7                                **FOX ROTHSCHILD LLP**

8      By:      */s/Brett A. Axelrod*

9               BRETT A. AXELROD, ESQ.
                Nevada Bar No. 5859

10              NICHOLAS A. KOFFROTH, ESQ.
                Nevada Bar No. 16264

11              ZACHARY T. WILLIAMS, ESQ.
                Nevada Bar No. 16023

12              1980 Festival Plaza Drive, Suite 700

13              Las Vegas, Nevada 89135
                *Counsel for Debtor*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

148985488.3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

1.      McAlary makes no effort to meet his burden of demonstrating that the expenses for which he seeks administrative priority under section 503(b)(1)(A) of the Bankruptcy Code are actual, necessary costs of preserving the Debtor's Estate.  Accordingly, the Admin Claim must be disallowed in its entirety.

2.      Further, even if McAlary had met his burden (he did not) of establishing administrative expense priority, the Admin Claim cannot be allowed until resolution of litigation over, among other things, whether McAlary received fraudulent transfers.  If McAlary is found to have received fraudulent transfers, the Admin Claim must be disallowed until he has paid back the amount of the transfers under section 502(d) of the Bankruptcy Code.

**II.**

**JURISDICTION**

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**III.**

**STATEMENT OF FACTS**

5.      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 7, 2023 (the "Petition Date").

6.      On July 11, 2023, the Court entered its *Order Establishing Administrative Claim Bar Date For Filing Proofs Of Administrative Expense Claim And Approving Form, Manner And Sufficiency Of Notice Thereof* [ECF No. 823], setting July 20, 2023 as the bar date for filing all claims for administrative expenses that had accrued up until that date.

7.      On July 20, 2023, McAlary filed the Admin Claim in the amount of $136,961.48 for "Operational software costs and legal fees and costs."  *See* Exhibit 2.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148985488.3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

# IV.

# LEGAL ARGUMENT

**A.      McAlary Fails to Meet His Burden of Proving Actual and Necessary Expense.**

Section 503(b) of the Bankruptcy Code states that administrative priority will only be accorded to claims incurred for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

"The terms 'actual' and 'necessary' are to be construed narrowly and must be the actual and necessary costs of preserving the estate for the benefit of its creditors." *Einstein/Noah Bagel Corp. v. Smith (In re BCE W., L.P.)*, 319 F.3d 1166, 1173 (9th Cir. 2003) (internal quotation marks omitted). Keeping costs to a minimum "serves the overwhelming concern of the Code: Preservation of the estate." *Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700, 706 (9th Cir. 1988). "This limitation is necessary to protect the limited assets of the estate for the benefit of the unsecured creditors' interests and is particularly important in a Chapter 11 case where a partial liquidation is necessary . . . ." *Id.*

The burden of proving an administrative expense claim is on the claimant. "The claimant must show that the debt asserted to be an administrative expense (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate." *Microsoft Corp. v. Dak Indus., Inc. (In re DAK Indus., Inc.)*, 66 F.3d 1091, 1094 (9th Cir. 1995) (internal quotation marks omitted); *see also Saxton v. Lisowski (In re Saxton, Inc.)*, No. BAP NV-06-1354-ESD, 2007 WL 7540972, at *5 (B.A.P. 9th Cir. July 30, 2007) ("the burden of proof is on the party seeking payment to establish that the debt arose from a transaction with the debtor in possession and directly and substantially benefitted the estate").

McAlary makes no attempt to demonstrate that the expenses for which the Admin Claim asserts administrative priority either (a) arose from a transaction with the Debtor as debtor-in-possession or (b) directly and substantially benefitted the Estate. Instead, the Admin Claim simply states that McAlary is seeking administrative expense priority for "Operational software costs: 6/7/2023 - 7/16/2023 and legal fees and costs: 2/6/2023 - 6/12/2023." *See* Exhibit 2.

4

148985488.3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1    Exhibit A to the Admin Claim is a list of what appear to be charges (including three entries of

2    "Estimated Average") aggregating $31,344.44, with no explanation of what they are (although

3    supposedly under the "operational software" umbrella), whether they were incurred by the Debtor as

4    debtor-in-possession, whether they were paid by McAlary, and how they directly and substantially

5    benefitted the Estate.  *See* Exhibit 2, Exhibit A.

6    Exhibit B to the Admin Claim is even less descriptive: a bill from Carlyon Cica Chtd. to

7    McAlary for "legal fees and expenses" in the amount of $105,617.04.  There is no explanation of the

8    legal services rendered (let alone detailed invoices describing the services provided), whether they

9    were incurred in a transaction with the Debtor as debtor-in-possession, or how they directly and

10   substantially benefitted the Estate.  *See* Exhibit 2, Exhibit A.

11   Moreover, to the extent that McAlary attempts to support his Admin Claim by reliance on a

12   prepetition agreement with the Debtor, the Admin Claim must be denied for the further reason that a

13   right arising from a prepetition contract is categorized as a prepetition claim.  *See Olin v. Riverwood*

14   *Int'l Corp. (In re Manville Forest Prods. Corp.)*, 209 F.3d 125, 129-30 (2d Cir. 2000); *see also*

15   *Colonial Sur. Co. v. Weizman*, 564 F.3d 526, 529-30 (1st Cir. 2009); *Newby v. Enron Corp. (In re*

16   *Enron Corp.)*, Nos. H-01-3624 & G-05-0012, 2005 U.S. Dist. LEXIS 34029, 2008 WL 3509840, at

17   *6 (S.D. Tex. July 25, 2008).

18   In short, McAlary has woefully failed to meet his burden of establishing that the expenses for

19   which he seeks administrative expense priority under section 503(b)(1)(A) both (a) arose from a

20   transaction with the Debtor as debtor-in-possession, and (b) directly and substantially benefitted the

21   Estate.  Accordingly, the Admin Claim must be disallowed in its entirety.

22   **B.    Admin Claim Cannot Be Allowed Until Litigation Over McAlary's Fraudulent Transfer Liability is Resolved.**

23

24   Even McAlary met his burden (he did not) of justifying administrative expense priority under

25   section 503(b)(1)(A), the Admin Claim cannot be allowed until the pending litigation over McAlary's

26   status as the alleged recipient of fraudulent transfers has been resolved.

27   On September 1, 2023, the Official Committee of Unsecured Creditors (the "Committee")

28   filed its *Complaint* (the "Complaint") against McAlary, initiating Adversary Case No. 23-01125-mkn.

5

148985488.3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1    The Complaint seeks, *inter alia*: (i) avoidance of actual and constructive fraudulent transfers

2  that McAlary is alleged to have received pursuant to sections 544(a), 548(a)(1)(A) & 548(a)(1)(B) of

3  the Bankruptcy Code (Counts VII & VIII); (ii) recovery of the avoided transfers pursuant to

4  section 550 of the Bankruptcy Code (Count IX); and (iii) disallowance of all of McAlary's claims

5  (including the Admin Claim) until he pays back the amount of the avoided transfers pursuant to

6  section 502(d) of the Bankruptcy Code (Count X).  *See* Complaint [ECF No. 1; Adv. P. No. 01],

7  pp. 21-26.

8    Section 502(d) provides, in relevant part, that "the court shall disallow any claim of any entity

9  from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a

10  transfer avoidable under section . . . 544 [or] 548 . . . of this title, unless such entity or transferee has

11  paid the amount, or turned over any such property, for which such entity or transferee is liable under

12  section  . . . 550 of this title."  11 U.S.C. § 502(d); *see El Paso City v. Am. W. Airlines, Inc. (In re Am.*

13  *W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000) (claim of transferee of avoidable transfer must

14  be disallowed under section 502(d) unless transferee has relinquished the transfer).

15    If the Committee prevails on the fraudulent transfer claims in the Complaint, even assuming

16  McAlary had met his burden of establishing administrative expense priority (he has not), the Admin

17  Claim cannot be allowed until McAlary pays back the full amount of the avoidable transfers.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

148985488.3

**V.**

**CONCLUSION**

Based upon the foregoing, Cash Cloud respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit 2**: (i) sustaining the Objection; (ii) disallowing the Admin Claim in its entirety; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated this 19th day of September 2023.

**FOX ROTHSCHILD LLP**

By: _/s/Brett A. Axelrod_
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148985488.3

**EXHIBIT 1**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada  89135
(702) 262-6899
(702) 597-5503 (fax)

148985488.3

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA | | ADMINSTRATIVE CLAIM FORM |
|---|---|---|
| **In re: Cash Cloud, Inc.** | **Case No. 23-10423-mkn** | **PLEASE NOTE:** |

| | | |
|---|---|---|
| | □ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | *This form should only be used to assert an administrative expense claim that arose or accrued after February 6, 2023, but before July 21, 2023.* |
| **Name of Creditor and Address:** the person or other entity to whom the debtor owes money or property<br><br>Chris McAlary<br>10725  Beringer Drive<br>Las Vegas, NV 89144 | □ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>□ Check box if the address differs from the address on the envelope sent to you by the court. | |
| | | **THIS SPACE IS FOR COURT USE ONLY** |
| Creditor Telephone Number (702) | | |
| Name and address where notices should be sent (if different from above):<br><br>Carlyon Cica Chtd.<br>265 E. Warm Springs Rd., Ste. 107<br>Las Vegas, Nevada 89119 | | |
| Creditor Telephone Number (702 685-4444 | | |
| Account or other number by which creditor identifies debtor: | Check here if this claim: □ replaces<br>□ amends a previously filed claim, dated: | |

**1. Basis for Claim:**

   Operational software costs and legal fees and costs

**2. Date debt was incurred:** Operational software costs: 6/7/2023 - 7/16/2023 and legal fees and costs:2/6/2023 - 6/12/2023

**3. Brief description of claim, including the basis for the priority nature of the claim (if any) (attach additional information):**

   See Exhibit A and Exhibit B

**4. Total Amount of Administrative Claim: $**     136,961.48

   □ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all interest or additional charges.

**5. CREDITS**: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**6. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court documents, mortgages security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.

**7. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped self-addressed envelope and copy of this proof of claim.

| The original of this completed proof of claim form must be filed electronically on or before 5:00 p.m. Prevailing Pacific Time on July 20, 2023 through the Court's CM/ECF System or mailed to the address below <u>so that it is received</u> by the Clerk of the Bankruptcy Court for the District of Nevada at the address below on or before 5:00 pm Prevailing Pacific Time on July 20, 2023.<br><br>Clerk of the United States Bankruptcy Court, District of Nevada<br>300 Las Vegas Blvd. South, Las Vegas, NV  89101 | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| DATE<br><br>7/20/2023 | SIGNATURE:  The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/ Chris McAlary |
|---|---|

*Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571.*

146882928.1

# EXHIBIT "A"

**EXHIBIT A**

| Transaction Da | Posted Date | Card No. | Description | Category | Debit |
|---|---|---|---|---|---|
| 2023-06-07 | 2023-06-09 | 9304 | CLOUDINARY LTD | Coin Cloud | $549.00 |
| 2023-06-07 | 2023-06-08 | 9304 | HEROKU* MAY-82032396 | Coin Cloud | $374.00 |
| 2023-06-11 | 2023-06-12 | 9304 | COX LAS VEGAS COMM SV | Coin Cloud | $96.15 |
| 2023-06-12 | 2023-06-12 | 9304 | QR.IO GENERATOR | Coin Cloud | $35.00 |
| 2023-06-14 | 2023-06-15 | 9304 | TYPEFORM, S.L. | Coin Cloud | $99.00 |
| 2023-06-15 | 2023-06-16 | 9304 | WEBFLOW.COM | Coin Cloud | $300.00 |
| 2023-06-16 | 2023-06-17 | 9304 | WEBFLOW.COM | Coin Cloud | $45.00 |
| 2023-07-01 | 2023-07-03 | 9304 | GOOGLE *CLOUD LQW7LS | Coin Cloud | $848.09 |
| 2023-07-03 | 2023-07-04 | 9304 | MONGODBCLOUD COINCL... | Coin Cloud | $764.21 |
| 2023-07-05 | 2023-07-06 | 9304 | METEOR | Coin Cloud | $6,340.59 |
| 2023-07-07 | 2023-07-10 | 9304 | CLOUDINARY LTD | Coin Cloud | $549.00 |
| 2023-07-10 | 2023-07-11 | 9304 | HEROKU* JUN-83198835 | Coin Cloud | $374.00 |
| 2023-07-12 | 2023-07-12 | 9304 | QR.IO GENERATOR | Coin Cloud | $35.00 |
| 2023-07-14 | 2023-07-15 | 9304 | TYPEFORM, S.L. | Coin Cloud | $99.00 |
| 2023-07-15 | 2023-07-17 | 9304 | WEBFLOW.COM | Coin Cloud | $300.00 |
| 2023-07-16 | 2023-07-17 | 9304 | WEBFLOW.COM | Coin Cloud | $45.00 |
| 2023-07-24 | | | Estimated Average | | $5,122.85 |
| 2023-07-31 | | | Estimated Average | | $5,122.85 |
| 2023-08-07 | | | Estimated Average | | $5,122.85 |
| 2023-08-14 | | | Estimated Average | | $5,122.85 |
| | | | **Total** | | **$31,344.44** |

# EXHIBIT "B"



# INVOICE

Carlyon Cica Chtd.
265 E. Warm Springs #107
Las Vegas, NV 89119

| | |
|---|---|
| Invoice #: | 2282 |
| Date: | 07-17-2023 |

Chris McAlary

Matter Number:01285-Cash Cloud Inc.

## Services

| Dates | Atty | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| 02-06-2023 - 06-12-23 | DMC | Legal fees and expenses | 1.00 | 105,617.04 | $105,617.04 |

Services Subtotal: $105,617.04

| | |
|---|---|
| Subtotal | $105,617.04 |
| Total | $105,617.04 |
| Payment | $0.00 |
| Balance Owing | $105,617.04 |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER SUSTAINING DEBTOR'S OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM OF CHRISTOPHER MCALARY** |
| | Hearing Date:    October 19, 2023 Hearing Time:    10:30 a.m. |

This Court having reviewed and considered the objection (the "Objection") of Cash Cloud, Inc. (the "Debtor"), to the administrative expense claim [ECF No. 894] (the "Admin Claim"), filed by Christopher McAlary ("McAlary"), pursuant to Section 502 of chapter 11 of Title 11 of the United States Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Rule 3007 of the Local Rules of Bankruptcy Practice; and the Debtor having appeared by and through its counsel, Fox Rothschild LLP; and the Court having considered the arguments of counsel at the hearing on the Objection held on October 19, 2023; and the Court having stated its findings of fact and conclusions of law on the record at the hearing on the Objection, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Bankr. P. 7052; and for good cause appearing therefor,

**IT IS HEREBY ORDERED** that the Objection is SUSTAINED.

**IT IS FURTHER ORDERED** that the Admin Claim is hereby disallowed in its entirety; and

**IT IS FURTHER ORDERED** that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9

148985488.3

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By:___*/s/Brett A. Axelrod*_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐   The Court has waived the requirement of approval in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion

☐   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

10

148985488.3