BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        nkoffroth@foxrothschild.com
        zwilliams@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**DEBTOR'S OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM OF AVT NEVADA, L.P.**<br><br>Hearing Date: October 19, 2023<br>Hearing Time: 10:30 a.m. |

Cash Cloud, Inc. (the "Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, hereby submits this objection (the "Objection") to the administrative expense claim [ECF No. 887] (the "AVT Admin Claim") filed by AVT Nevada, L.P. ("AVT"), asserting that AVT is entitled to rent for the Debtor's postpetition use of certain equipment (the "Equipment") pursuant to that certain "Master Lease Agreement" dated June 5, 2023 (the "Master Lease Agreement") attached thereto as Exhibit A.

1

148775163.2

The Objection is based upon the grounds that: (a) AVT has already filed a secured claim [POC No. 38] (the "AVT Secured Claim") based on the same Master Lease Agreement (attached thereto), and has asserted a perfected security interest in the Equipment pursuant to UCC-1 Financing Statements (also attached thereto); (b) AVT has been treated as a secured creditor with a lien on the proceeds of the Equipment pursuant to the Sale Order;[1] (c) AVT has been treated as a secured creditor under the Debtor's Amended Plan;[2] and, therefore, (d) the Debtor has no liability to AVT for rent of the Equipment, since the Master Lease Agreement was for secured financing of the Equipment, not a lease of the Equipment.

The Objection is made pursuant to Section 502 of chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007 of the Local Rules of Bankruptcy Practice (the "Local Rules"), the points and authorities contained herein, the *Declaration of Brett A. Axelrod* (the "Axelrod Declaration") filed in support hereof, the pleadings and papers on file with the Court, and any argument of counsel the Court may wish to entertain at the hearing on this matter.

As required by Local Rule 3007(a)(4), a copy of the first page of the AVT Admin Claim is attached hereto as **Exhibit 1.**

///
///
///
///
///
///

---

[1] *See Order: (A) Confirming Auction Results; (B) Approving the Sale of Certain of Debtor's Assets to Heller Capital Group, LLC, and Genesis Coin, Inc., Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Authorizing the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* [ECF No. 795] (the "Sale Order"), attached to the Axelrod Declaration as **Exhibit A** thereto.

[2] *See Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023* [ECF No. 996] (the "Amended Plan").

2

148775163.2

Based on the foregoing, the Debtor requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit 2**: (i) sustaining the Objection; (ii) disallowing the AVT Admin Claim; and (iii) granting such other and further relief as the Court may deem just and proper.

DATED this 19th day of September 2023.

**FOX ROTHSCHILD LLP**

By:  /s/Brett A. Axelrod
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

**POINTS AND AUTHORITIES**

**I.**

**BACKGROUND**

1. On February 7, 2023 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and the Debtor remains a debtor-in-possession, pursuant to §§ 1107 and 1108.

2. On February 17, 2023, the Office of the United States Trustee appointed [Docket No. 131] the Official Committee of Unsecured Creditors (the "Committee"), as amended [Docket No. 177] on February 28, 2023.

3. The factual background relating to the Debtor's commencement of the Bankruptcy Case is set forth in detail in the *Omnibus Declaration of Christopher Andrew McAlary in Support of Emergency First Day Motions* [Docket No. 19] (the "Omnibus Declaration") and is incorporated for all purposes herein by this reference.

148775163.2

## II.

## THE AVT SECURED AND ADMIN CLAIMS

4. On March 27, 2023, AVT filed the AVT Secured Claim, asserting a secured claim in the amount of $1,314,335.00, based on its security interest in the Equipment described in the Master Lease Agreement, and perfected by the UCC-1 Financing Statements (both attached thereto).

5. On June 19, 2023, the Debtor filed its *Motion for Order (A) Confirming Auction Results; (B) Approving the Sale of Certain of Debtor's Assets to Heller Capital Group, LLC and Genesis Coin, Inc. Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Authorizing the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* [ECF No. 714; as amended by ECF No. 730] (the "Sale Motion"), seeking approval of the sale of, among other things, substantially all of the Debtor's digital currency kiosks (including but not limited to the Equipment), free and clear of all liens, claims, interests and encumbrances.

6. On June 28, 2023, the Court held a hearing on the Sale Motion, at which AVT made an oral objection to the sale of the Equipment on the basis that it was subject to a lease (the "AVT Oral Objection"). The Court overruled the AVT Oral Objection on the record because AVT had filed the AVT Secured Claim, conceding that the Master Lease Agreement was secured financing (not a lease). The Court also overruled the AVT Oral Objection in the Sale Order. *See* Axelrod Declaration, ¶¶ 3-4 & Exhibit A thereto (Sale Order, p. 3, ¶ M).

7. The Sale Order treated AVT as a secured creditor, with a lien on the proceeds of the Equipment included in the purchased assets. *See* Axelrod Declaration, ¶ 5 & Exhibit A thereto (Sale Order, p. 6, ¶ 14) ("The prepetition and postpetition Liens of . . . AVT Nevada L.P. ("AVT") . . . shall immediately attach to the proceeds of the Sales in the same nature, validity, priority, extent, perfection, and force and effect that such secured claims had on the Purchased Assets immediately prior to Closing").

8. On July 19, 2023, AVT filed the AVT Admin Claim, asserting an administrative expense claim in an amount of $262,719.30 for post-petition rent of the Equipment used in the operation of Debtor's business. The AVT Claim attaches a copy of the Master Lease Agreement.

148775163.2

9. On August 1, 2023, the Debtor filed the Amended Plan, treating the AVT Secured Claim as a secured claim. *See* Amended Plan, pp. 26-27, § 3.2(f).

10. Debtor objects to the AVT Admin Claim because AVT has already taken the position that the Master Lease Agreement is a secured financing transaction of the Equipment (not a lease). *See* AVT Secured Claim. AVT cannot have it both ways.

11. As set forth more fully below, the AVT Admin Claim should be disallowed in its entirety.

### III.
### LEGAL ARGUMENT

The burden of proving an administrative expense claim is on the claimant. *In re DAK Industries, Inc.*, 66 F.3d 1091, 1094 (9th Cir. 1995). For the reasons set forth below, AVT fails to carry its burden with respect to the AVT Admin Claim.

"Businesses that do not pay up front for assets may acquire them via unsecured debt, secured debt, or lease; in each event the business pays over time. Similar economic function implies the ability to draft leases that work like security agreements, and secured loans that work like leases." *United Airlines, Inc. v. HSBC Bank USA, N.A.*, 416 F.3d 609, 610 (7th Cir. 2005).

Yet the Bankruptcy Code distinguishes among these devices. A lessee must either assume the lease and fully perform all of its obligations, or surrender the property. 11 U.S.C. § 365. A borrower that has given security, by contrast, may retain the property without paying the full agreed price. The borrower must pay enough to give the lender the economic value of the security interest; if this is less than the balance due on the loan, the difference is an unsecured debt. *See* 11 U.S.C. §§ 506(a) & 1129(b)(2)(A).

The Bankruptcy Code was drafted against the backdrop of the Uniform Commercial Code,[3] which (as adopted by Nevada) makes clear that a "a transaction in the form of a lease" is not a lease,

---

[3] "The legislative history's description of the parameters the courts should use is consistent with those in the Uniform Commercial Code definition of 'security interest' in section 1-201(37) and the U.C.C. rules for distinguishing a lease from a security interest in section 1-203 . . . ." 3 *Collier on Bankruptcy* ¶ 365.02 (16th ed. 2022 rev.).

5

148775163.2

but creates a security interest instead, if it meets certain criteria.[4] In other words, a "lease" transaction is either a true lease or a secured financing transaction, but not both.

AVT has taken the position that the Master Lease Agreement is a secured financing transaction in the AVT Secured Claim, AVT has been treated as a secured creditor in the Sale Order, and AVT has been treated as a secured creditor under the Amended Plan. The Court overruled AVT's objection to the Sale on the grounds that AVT cannot now claim to be a lessor instead. The Debtor submits that the Court should disallow the AVT Admin Claim on the very same grounds.

## IV.
## RESERVATION OF RIGHTS

The Debtor hereby reserves its right to object in the future to the AVT Admin Claim on any ground, and to amend, modify, and/or supplement the objection, including, without limitation, to object to amended or newly filed claims. Separate notice and hearing will be scheduled for any such objection.

///
///
///
///
///

---

[4] *See* NRS § 104.1203(2):

> A transaction in the form of a lease creates a security interest if the consideration that the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee, and:
>
> (a) The original term of the lease is equal to or greater than the remaining economic life of the goods;
> (b) The lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods;
> (c) The lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement; or
> (d) The lessee has an option to become the owner of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement.

148775163.2

## V.

## CONCLUSION

For the reasons set forth herein, the Debtor respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit 2**: (i) sustaining the Objection; (ii) disallowing the AVT Admin Claim in its entirety; and (iii) granting the Debtor such other and further relief as the Court deems just and proper.

Dated this 19th day of September 2023.

                                **FOX ROTHSCHILD LLP**

By: */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

7

148775163.2

# EXHIBIT 1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

148775163.2

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA | | ADMINISTRATIVE CLAIM FORM |
|---|---|---|
| In re: Cash Cloud, Inc.<br><br>Claimant: AVT Nevada, L.P. | Case No. 23-10423-mkn<br><br>☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **PLEASE NOTE:**<br>*This form should only be used to assert an administrative expense claim that arose or accrued after February 6, 2023, but before July 21, 2023.* |
| **Name of Creditor and Address:** the person or other entity to whom the debtor owes money or property<br><br>AVT Nevada, L.P.<br>c/o Justin M. Mertz<br>Michael Best & Friedrich LLP<br>790 N. Water St., Ste. 2500<br>Milwaukee, WI 53202 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **THIS SPACE IS FOR COURT USE ONLY** |
| Creditor Telephone Number ( ) 414.271.6560 | | |
| Name and address where notices should be sent (if different from above):<br>(Same as above) | | |
| Creditor Telephone Number ( ) (same as above) | | |
| Account or other number by which creditor identifies debtor:<br>N/A | Check here if this claim: ☐ replaces<br>☐ amends a previously filed claim, dated: | |

**1. Basis for Claim:**
Post-petition use of leased equipment in operation of Debtor's business (see Addendum).

**2. Date debt was incurred:** Continuous and ongoing

**3. Brief description of claim, including the basis for the priority nature of the claim (if any) (attach additional information):**
Contract rate for post-petition use of deployed leased equipment in operation of Debtor's business (see Addendum). Priority is pursuant sec. 503(b)(1)(A), as entitled to priority under sec. 507(2), of the Bankruptcy Code.

**4. Total Amount of Administrative Claim:** $ $262,719.30

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. CREDITS:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**6. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court documents, mortgages security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**7. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped self-addressed envelope and copy of this proof of claim.

| The original of this completed proof of claim form must be filed electronically on or before 5:00 p.m. Prevailing Pacific Time on July 20, 2023 through the Court's CM/ECF System or mailed to the address below <u>so that it is received</u> by the Clerk of the Bankruptcy Court for the District of Nevada at the address below on or before 5:00 pm Prevailing Pacific Time on July 20, 2023.<br><br>Clerk of the United States Bankruptcy Court, District of Nevada<br>300 Las Vegas Blvd. South, Las Vegas, NV 89101 | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|

| DATE<br>07/18/2023 | **SIGNATURE:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/ Justin M. Mertz, Partner, Michael Best & Friedrich LLP, Ph: 414.271.6560 |
|---|---|

*Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571.*

146882928.1

# EXHIBIT 2

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
ZACHARY T. WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>　　　　　　　　　Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER SUSTAINING DEBTOR'S OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM OF AVT NEVADA, L.P.**<br><br>Hearing Date: October 19, 2023<br>Hearing Time: 10:30 a.m. |

9

148775163.2

This Court having reviewed and considered the objection (the "Objection") of Cash Cloud, Inc. (the "Debtor"), to the administrative expense claim [ECF No. 887] (the "AVT Admin Claim") filed by AVT Nevada, L.P. ("AVT") pursuant to Section 502 of chapter 11 of Title 11 of the United States Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Rule 3007 of the Local Rules of Bankruptcy Practice; and the Debtor having appeared by and through its counsel, Fox Rothschild LLP; and the Court having considered the arguments of counsel at the hearing on the Objection held on October 19, 2023; and the Court having stated its findings of fact and conclusions of law on the record at the hearing on the Objection, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Bankr. P. 7052; and for good cause appearing therefor,

**IT IS HEREBY ORDERED** that the Objection is SUSTAINED.

**IT IS FURTHER ORDERED** that the AVT Admin Claim is hereby disallowed in its entirety; and

**IT IS FURTHER ORDERED** that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By:   */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    ZACHARY T. WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

10

148775163.2

# CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

148775163.2

11