United States Bankruptcy Court
District of Nevada

| | |
|---|---|
| In re: | Case No. 23-10423-mkn |
| CASH CLOUD, INC. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 1 of 3 |
| Date Rcvd: Sep 18, 2023 | Form ID: pdf928 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 20, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + CASH CLOUD, INC., 11700 W CHARLESTON BLVD., #441, LAS VEGAS, NV 89135-1573 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| Date: Sep 20, 2023 | Signature: | /s/Gustava Winters |

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 18, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ADAM P. SCHWARTZ | on behalf of Interested Party LUX VENDING  LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |
| ADAM P. SCHWARTZ | on behalf of Defendant LUX VENDING  LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |
| ANNE FREELAND | on behalf of Creditor AVT Nevada  L.P. atfreeland@michaelbest.com, knpowell@michaelbest.com;courtmail@michaelbest.com |
| ARIEL E. STERN | on behalf of Creditor IPFS CORPORATION ariel.stern@akerman.com  akermanlas@akerman.com |
| BART K. LARSEN | on behalf of Creditor Enigma Securities Limited BLARSEN@SHEA.LAW  3542839420@filings.docketbird.com |

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 2 of 3 |
| Date Rcvd: Sep 18, 2023 | Form ID: pdf928 | Total Noticed: 1 |

BRETT A. AXELROD
    on behalf of Debtor CASH CLOUD INC. baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
    on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
    on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
    on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD, baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRIAN D. SHAPIRO
    on behalf of Creditor OPTCONNECT MANAGEMENT LLC brian@brianshapirolaw.com, kshapiro@brianshapirolaw.com;6855036420@filings.docketbird.com

BRIGID M. HIGGINS
    on behalf of Creditor Black Hole Investments fna EZ Coin LLC bhiggins@blackwadhams.law, dmeeter@blackwadhams.law;mstallsworth@blackwadhams.law;mdavis@blackwadhams.law

CANDACE C CARLYON
    on behalf of Interested Party CHRIS MCALARY ccarlyon@carlyoncica.com CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com

CHAPTER 11 - LV
    USTPRegion17.lv.ecf@usdoj.gov

CRAIG P. DRUEHL
    on behalf of Creditor OPTCONNECT MANAGEMENT LLC craig.druehl@dechert.com

DAWN M. CICA
    on behalf of Interested Party CHRIS MCALARY dcica@carlyoncica.com nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com

JAMES M JIMMERSON
    on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD jmj@jimmersonlawfirm.com

JAMES PATRICK SHEA
    on behalf of Creditor Enigma Securities Limited jshea@shea.law blarsen@shea.law;support@shea.law

JEANETTE E. MCPHERSON
    on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

JEANETTE E. MCPHERSON
    on behalf of Debtor CASH CLOUD INC. JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

JOHN T. WENDLAND
    on behalf of Creditor AVT Nevada L.P. jwendland@wdlaw.com, NVeFile@weildrage.com

Jeffrey R. Sylvester
    on behalf of Interested Party CKDL Credit LLC jeff@sylvesterpolednak.com, kellye@sylvesterpolednak.com

KURT R. BONDS
    on behalf of Creditor Populus Financial Group Inc. nvefile@hallevans.com, kbonds@alversontaylor.com;adidio@alversontaylor.com

LEW BRANDON, JR.
    on behalf of Creditor UNITED NATURAL FOODS INC. l.brandon@bsnv.law

LOUIS M BUBALA, III
    on behalf of Interested Party BROOKFIELD RETAIL PROPERTIES INC. lbubala@kcnvlaw.com, cdroessler@kcnvlaw.com;kmilks@kcnvlaw.com

MARJORIE A. GUYMON
    on behalf of Creditor Armondo Redmond bankruptcy@goldguylaw.com mariaa@goldguylaw.com;lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com

MARJORIE A. GUYMON
    on behalf of Creditor Trangistics Inc. bankruptcy@goldguylaw.com, mariaa@goldguylaw.com;lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com

MAURICE VERSTANDIG
    on behalf of Creditor Brink's Inc. mac@mbvesq.com, lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com

MICHAEL L WACHTELL
    on behalf of Creditor ORACLE AMERICA INC. mwachtell@buchalter.com

| District/off: 0978-2 | User: admin | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Sep 18, 2023 | Form ID: pdf928 | Total Noticed: 1 |

NEDDA GHANDI
    on behalf of Creditor ROCKITCOIN LLC nedda@ghandilaw.com, lks@ghandilaw.com,nedda@ecf.inforuptcy.com;r41525@notify.bestcase.com,shara@ghandilaw.com

OGONNA M. BROWN
    on behalf of Creditor Cole Kepro International LLC obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

OGONNA M. BROWN
    on behalf of Defendant COLE KEPRO INTERNATIONAL LLC obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

PAUL HAGE
    on behalf of Creditor Cole Kepro International LLC phage@taftlaw.com

ROBERT R. KINAS
    on behalf of Creditor GENESIS GLOBAL HOLDCO LLC rkinas@swlaw.com, jmath@swlaw.com;mfull@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;jfung@swlaw.com

RONALD E. GOLD
    on behalf of Creditor WPG Legacy LLC rgold@fbtlaw.com, jkleisinger@fbtlaw.com;eseverini@fbtlaw.com;sbryant@ecf.courtdrive.com

RONALD M TUCKER
    on behalf of Creditor SIMON PROPERTY GROUP INC. rtucker@simon.com, rwoodruff@simon.com,cmartin@simon.com,ptropepe@simon.com

RYAN A. ANDERSEN
    on behalf of Interested Party Luis Flores ryan@aandblaw.com tatiana@aandblaw.com;melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com;valerie@aandblaw.com;andersen.ryana.b117998@notify.bestcase.com

RYAN J. WORKS
    on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS rworks@mcdonaldcarano.com kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

RYAN J. WORKS
    on behalf of Plaintiff OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CASH CLOUD INC. dba COIN CLOUD rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

SHAWN CHRISTIANSON
    on behalf of Creditor ORACLE AMERICA INC. schristianson@buchalter.com, cmcintire@buchalter.com

STACY H RUBIN
    on behalf of Interested Party LUX VENDING LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com, oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

STACY H RUBIN
    on behalf of Defendant LUX VENDING LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com, oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

STEPHEN T LODEN
    on behalf of Interested Party CHRIS MCALARY sloden@diamondmccarthy.com cburrow@diamondmccarthy.com

STRETTO
    ecf@cases-cr.stretto-services.com aw01@ecfcbis.com,pacerpleadings@stretto.com

STUART FREEMAN WILSON-PATTON
    stuart.wilson-patton@ag.tn.gov

TIMOTHY A LUKAS
    on behalf of Creditor Good 2 Go Stores LLC ecflukast@hollandhart.com

U.S. TRUSTEE - LV - 11
    USTPRegion17.lv.ecf@usdoj.gov

ZACHARY WILLIAMS
    on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD zwilliams@foxrothschild.com, ARCDocketing@foxrothschild.com;ahosey@foxrothschild.com

TOTAL: 47

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
September 18, 2023

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:

CASH CLOUD, INC.,
dba COIN CLOUD,

        Debtor.

Case No. 23-10423-mkn
Chapter 11

Date: September 13, 2023
Time: 9:30 a.m.

### ORDER ON MOTION TO CONVERT CASE TO CHAPTER 7[1]

On September 13, 2023, the court heard the Motion to Convert Case to Chapter 7 ("Conversion Motion") brought by Chris McAlary in the above-captioned proceeding. The appearances of counsel were noted on the record. After the hearing, the matter was taken under submission.

### BACKGROUND[2]

On February 7, 2023, Cash Cloud, Inc. dba Coin Cloud ("Debtor") filed a voluntary

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "FRE" are to the Federal Rules of Evidence.

[2] Pursuant to FRE 201(b), the court takes judicial notice of all materials appearing on the docket in the above-captioned proceeding See Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.), 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

1

"skeleton" Chapter 11 petition ("Petition"). (ECF No. 1).³ In 2014, Debtor was organized in Nevada to provide means for consumers to purchase and sell digital currencies ("cryptocurrency") through hundreds of digital currency machines distributed nationwide. The Petition was signed by Chris McAlary ("McAlary") as its president. The Petition is accompanied by a copy of an Action by Written Consent of the Directors signed by McAlary as director of the Debtor, which also includes a provision retaining Daniel Ayala ("Ayala") as an "independent director."

On February 17, 2023, an official committee of unsecured creditors ("UCC") was appointed in this Chapter 11 proceeding. (ECF No. 131).⁴

On March 9, 2023, Debtor filed its schedules of assets and liabilities ("Schedules") along with its statement of financial affairs ("SOFA"). (ECF Nos. 239 and 240). Part 13, Section 28.1 of the SOFA attests that McAlary is the Chief Executive Officer who holds 100% of the interest in the Debtor. The Schedules and SOFA are signed under penalty of perjury by McAlary as the chief executive officer.

On May 8, 2023, Debtor filed a proposed Chapter 11 plan of reorganization providing for implementation alternatives based on whether the Debtor completed a sale of its assets. (ECF No. 528). Debtor also filed a disclosure statement ("Disclosure Statement") describing the proposed plan. (ECF No. 529). The proposed Chapter 11 plan was signed by McAlary as chief executive officer.

---

³ Under the local rules for this judicial district, the Chapter 11 proceeding was designated as a "mega case" inasmuch as the Petition indicated the involvement of more than 5,000 creditors and more than $100 million in liabilities.

⁴ Under usual practice, membership on an official committee of unsecured creditors is solicited by the Office of the United States Trustee, and formed based on the responses received. See 11 U.S.C. § 1102(a)(1). Notice of the committee's formation is given and the identities of all members are disclosed. Notice also is given whenever the composition of a committee changes. Interested parties can seek to change committee membership upon a proper showing. See generally 7 COLLIER ON BANKRUPTCY, ¶ 1102.05[3] (Richard Levin and Henry J. Sommer, eds., 16th ed. 2023).

Case 23-10423-mkn    Doc 1283    Entered 09/18/23 20:21:34    Page 3 of 8
Case 23-10423-mkn    Doc 1428    Entered 09/18/23 20:21:34    Page 6 of 11

1    On June 8, 2023, McAlary, resigned.[5]

2    On June 30, 2023, an order was entered approving a sale of substantially all of the
Debtor's assets. (ECF No. 795).

3    On August 1, 2023, Debtor filed an amended proposed Chapter 11 plan implementing
the asset-sale alternative ("Amended Plan"). (ECF No. 996).

4    On August 3, 2023, Debtor filed a proposed stipulation providing derivative standing to
the UCC to purse various claims of the Chapter 11 estate, including possible claims against
McAlary ("Derivative Standing Stipulation"). (ECF No. 1009).

5    On August 7, 2023, McAlary filed an objection to approval of the Derivative Standing
Stipulation (ECF No. 1029), and also filed the instant Conversion Motion. (ECF No. 1034).

6    On August 9, 2023, McAlary filed an objection to confirmation of the Amended Plan.
(ECF No. 1061).

7    On August 17, 2023, a hearing was conducted on confirmation of the Amended Plan as

---

[5] On June 26, 2023, Debtor filed a notice of McAlary's resignation and the designation of Ayala as its responsible person. (ECF No. 772). Despite McAlary's resignation, Debtor remained a Chapter 11 debtor in possession. Accordingly, it still has a fiduciary duty to all creditors and parties in interest rather than to its principal. See Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 614 (9th Cir. 1988). Counsel for the debtor in possession has a like duty, see Everett v. Perez (In re Perez), 30 F.3d 1209, 1219 (9th Cir. 1994), and so does any official committee of unsecured creditors appointed in the case. See Woods v. City Nat'l Bank & Trust Co., 312 U.S. 262, 268-69 (1941); In re Islet Sciences, Inc., 640 B.R. 425, 451 (Bankr. D. Nev. 2022). Counsel for an official creditors committee also shares the same fiduciary obligation. See In re Sonicblue Inc., 2007 WL 926871, at *13 (Bankr. N.D. Cal. Mar. 26, 2007). The bankruptcy filings of many other cryptocurrency-related entities are well-known, e.g., FTX Trading Ltd., Genesis Global Capital, LLC, Core Scientific, Inc., BlockFi, Inc., Celsius Network LLC, Voyager Digital Holdings, Inc., and Three Arrows Capital, Ltd. Like other emerging trends, cryptocurrency may have significant disadvantages to the unwary, as already depicted in pop culture. See, e.g., https://youtu.be/H8iBrH3l448?si=EnJxxArJEUkzTt0b (crypto and a fresh start through a shaving cream). Although the Debtor was formed to take advantage of this relatively new field, the relevant features applicable to bankruptcy relief are not new, e.g., the requirements of full and honest disclosure, the presence of trustees, court-authorized committees and professionals to investigate activities of the debtor, the necessity of prior court approval for certain actions, the serious penalties applicable to misconduct, and the like. After McAlary's resignation, it is not surprising that the UCC took a greater role, in conjunction with the Debtor through its independent director, in investigating and pursuing possible claims against third parties, including the Debtor's sole shareholder, chief executive officer, and director.

1. well as approval of the Derivative Standing Stipulation.

2. On August 24, 2023, an order was entered overruling McAlary's objection to confirmation of the Amended Plan ("Plan Objection Order"). (ECF 1120). Contemporaneously, an order was entered overruling McAlary's objection to the Derivative Standing Stipulation and granting approval of the Derivative Standing Stipulation ("Derivative Standing Order"). (ECF No. 1119).

On August 25, 2023, an order was entered granting final approval of the Disclosure Statement and confirming the Amended Plan ("Confirmation Order"). (ECF No. 1126).

On August 30, 2023, Debtor filed an opposition to the Conversion Motion ("Debtor Conversion Opposition") accompanied by a declaration of its independent director, Daniel Ayala ("Ayala Declaration"). (ECF Nos. 1150 and 1151). On the same date, a joinder in that opposition was filed by the UCC ("UCC Joinder"). (ECF No. 1152).

On September 6, 2023, McAlary appealed the order overruling his objections to plan confirmation. (ECF No. 1171). On the same date, McAlary appealed the plan confirmation order. (ECF No. 1172).

On September 6, 2023, McAlary also filed a reply in support of the Conversion Motion ("Conversion Reply") along with his supporting declaration ("McAlary Declaration"). (ECF Nos. 1173 and 1174).

**DISCUSSION**

McAlary seeks to convert these proceedings from Chapter 11 to Chapter 7 pursuant to Section 1112(b)(1). He maintains that there is a continuing loss or diminution of the bankruptcy estate that already is administratively insolvent. Under these circumstances, McAlary argues that "cause" for conversion exists under Section 1112(b)(4)(A) in the best interests of creditors and the bankruptcy estate. See Conversion Motion at 15:1-25. It appears, however, that McAlary simply overlooks the prohibition set forth in Section 1112(b)(2). Under that section, a court "may not" convert a Chapter 11 proceeding to Chapter 7 if it "finds and specifically identifies unusual circumstances establishing that converting…the case is not in the best interests of

4

creditors and the estate, and the debtor or any other party in interest establishes" <u>both</u> of the following:

> "(A) there is a reasonable likelihood that a plan <u>will be confirmed</u> within the timeframes established in sections 1121(e) and 1129(e)…., or if such sections do not apply, within a reasonable period of time; **and**
> (B) the grounds for converting…the case include an act or omission of the debtor <u>other than under paragraph 4(A)</u> –
>     (i)    for which there exists a reasonable justification for the act or omission; and
>     (ii)   that will be cured within a reasonable period of time fixed by the court."

11 U.S.C. § 1112(b)(2) (emphasis added).  By its terms, Section 1112(b)(2)(B) requires the present of an act or omission <u>other than</u> under Section 1112(b)(4)(A).

      Section 1112(b)(4)(A) encompasses a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  Section 1112(b)(2)(B) specifies that a permissible ground for conversion of a Chapter 11 case cannot include the very ground asserted by McAlary.  The reason is that a finding under Section 1112(b)(2)(A), i.e., "a reasonable likelihood that a plan will be confirmed," would be inconsistent with a finding of cause under Section 1112(b)(4)(A), i.e., "continuing...diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  For that reason, Section 1112(b)(2)(B) permits other grounds for cause under Section 1112(b)(4)(B) through (P), all of which can be cured within a reasonable time.[6]

      In this instance, the Amended Plan was confirmed and the Plan Confirmation Order has not been stayed nor has a stay been requested.  Section 1112(b)(2)(A) is satisfied because the Amended Plan already has been confirmed, which is far beyond a mere likelihood.  Section 1112(b)(2)(B) is satisfied because McAlary impermissibly relies on the type of cause described in Section 1112(b)(4)(A).  None of the other examples of cause described in Section 1112(b)(4) have been alleged or even suggested by McAlary, e.g., gross mismanagement [(4)(b)],

---

[6] Because Chapter 11 expressly permits a debtor to liquidate through a confirmed plan rather than to reorganize, the Amended Plan is consistent with the rehabilitation process contemplated by the Bankruptcy Code.

5

unauthorized use of cash collateral [(4)(D)], failure to file a disclosure statement or timely confirm a plan [(4)(J)], revocation of a confirmation order [(4)(L)], or material default by the debtor with respect to a confirmed plan [(4)(N)]. Under these circumstances, even if McAlary satisfied the requirements of Section 1112(b)(1), the unusual circumstances of the instant case[7] establish that conversion of the Chapter 11 proceeding to Chapter 7 is not in the best interests of creditors and the estate within the meaning of by Section 1112(b)(2). For that reason, denial of the Conversion Motion is appropriate.

Beyond the statutory deficiencies of his Conversion Motion, McAlary also ignores that he only appealed the Plan Objection Order and the Confirmation Order, but never sought or obtained a stay of either one. Moreover, McAlary also did not appeal the Derivative Standing Order.[8] All three of those orders remain in effect and all of the court's considerations remain applicable.

As previously mentioned, McAlary filed his Conversion Motion ten days prior to the plan confirmation hearing. On the same day, he also filed his objections to the Derivative Standing Motion. Two days later, McAlary filed his objection to confirmation of the Amended Plan. Not surprisingly, the Conversion Motion overlaps much of what McAlary argued in connection with his objections to the Derivate Standing Motion and to confirmation of the Amended Plan.

For example, McAlary argues that there is a continuing loss and diminution of the bankruptcy estate, see Conversion Motion at 15:3-11, which the court considered in connection with McAlary's objections to plan confirmation. See Plan Objection Order at 4:3-18. McAlary

---

[7] Those unusual circumstances include McAlary's commencement of the Chapter 11 proceeding as the Debtor's sole shareholder, officer and director, McAlary's execution of the Schedules, SOFA and other materials under penalty of perjury, McAlary's resignation after submission of a Chapter 11 plan that permitted substantially all of the estate assets to be sold, McAlary's subsequent resignation and transition to the independent director, the UCC's investigation and pursuit of estate claims against multiple parties including McAlary, the Debtor's decision to pursue confirmation of the Amended Plan rather than voluntary dismissal or conversion to Chapter 7, and the absence of any other creditor support in favor of conversion.

[8] Under FRBP 8002(a)(1), McAlary had 14 days after entry of the Derivative Standing Order to file a notice of appeal. Because that order, like the Plan Objection Order, was entered on August 24, 2023, McAlary had until September 7, 2023, to file his appeal. He did not do so.

also argues that pursuit of estate claims by a disinterested Chapter 7 trustee, including claims against McAlary, would be preferable to pursuit by the UCC. See Conversion Motion at 16:5-13. The court also considered that argument in connection with McAlary's objection to the Derivate Standing Stipulation. See Derivative Standing Order at 5:12-20 & n. 10. Moreover, McAlary asserts that the Amended Plan has no definite effective date on which feasibility would depend, see Conversion Reply at 3:7-13, which the court also considered in connection with McAlary's objection to plan confirmation. See Plan Objection Order at 5:3-25.

Although McAlary submitted his reply in support of the Conversion Motion well after entry of the Plan Objection Order and Derivative Standing Order, nothing in his written or oral argument persuades the court that conversion to Chapter 7 is now in the best interests of creditors after the court already confirmed the Amended Plan in the best interests of creditors.[9] His reply and the supporting declaration portray an unflattering image of the UCC as well as the Debtor's professionals, see Conversion Reply at 3:14 to 4:8, 5:4-16, 5:22 to 7:2, 8:24 to 9:8, 9:13-19, and McAlary Declaration at ¶¶ 8, 9, 15, while at the same time accusing others of disparaging him. See Conversion Reply at 2:23 to 3:6, 4:9 & n.4. While these competing jabs are easily thrown and possibly damaging to all sides, the appointment of a Chapter 7 trustee would deflect none of them.[10] On this record, the court also concludes that cause has not been demonstrated under Section 1112(b)(1) to warrant conversion of this proceeding to Chapter 7.

**IT IS THEREFORE ORDERED** that the Motion to Convert Case to Chapter 7 brought by Chris McAlary, Docket No. 1034, be, and the same hereby is, **DENIED.**

Copies sent via CM/ECF ELECTRONIC FILING

---

[9] Other than attesting to an offer made to the Debtor after the hearing on August 17, 2023, see McAlary Declaration at ¶ 5, nothing he now attests or suggests would constitute "new evidence" that he could not have been offered at the hearing.

[10] As previously mentioned, the UCC in this Chapter 11 proceeding was appointed on February 17, 2023. Its membership has been no secret. Even though membership on an official committee of creditors can be challenged, see discussion at note 4, supra, neither the Office of the United States Trustee, any other creditors, nor even McAlary have sought the removal of any member of the UCC. Moreover, the removal of any member of the UCC, like the resignation of McAlary from management of the Debtor, does not dictate the outcome of either's activities.

Copies sent to all parties via BNC

Copies sent via BNC to:
CASH CLOUD, INC.
11700 W. CHARLESTON BLVD., #441
LAS VEGAS, NV 89135

### #