**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No.2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Phone: (702) 685-4444
Fax: (725) 386-4979
Email:  ccarlyon@carlyoncica.com
             dcica@carlyoncica.com

*Counsel for Christopher McAlary*

**DIAMOND MCCARTHY LLP**
Allan B. Diamond, Esq.
(*pro hac vice admitted*)
Stephen T. Loden, Esq.
(*pro hac vice admitted*)
Christopher D. Johnson, Esq.
(*pro hac vice admitted*)
909 Fannin, Suite 3700
Houston, Texas 77010
Email:adiamond@diamondmccarthy.com
sloden@diamondmccarthy.com
chris.johnson@diamondmccarthy.com
*Co-Counsel for Chris McAlary*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No.: Case No. BK-S-23-10423-MKN<br><br>Chapter 11<br><br>**OBJECTION TO EX PARTE MOTION FOR ORDER SHORTENING TIME TO HEAR JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT WITH COLE KEPRO INTERNATIONAL, LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019** |

Christopher McAlary ("Mr. McAlary") by and through his attorneys of record, Carlyon Cica Chtd. and Diamond McCarthy LLP, hereby respectfully submits this objection ("OST Objection") to the Debtor's Ex Parte Motion for Order Shortening Time to Hear Joint Motion to Approve

Settlement Agreement with Cole Kepro International, LLC Pursuant to Federal Rule of Bankruptcy Procedure 9019 [ECF No. 1296] ("ExParte OST Motion")

This objection is made and based upon the following points and authorities, as well as Civil Rule 26, made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 7026[1], the pleadings, papers, and records on file in this case, of which judicial notice is respectfully requested pursuant to Fed. R. Evid. 201, and any additional evidence and argument the Court may entertain at the time of the hearing on the Motion.

**POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The Court should deny this ExParte OST Motion. The Debtor gives the Court no justification, much less "cause" to shorten time from the required 21 days. In fact, the Debtor does not submit the required declaration containing the facts and circumstances as to why cause exists for an expedited hearing required by Local Bankruptcy Rule 9006. But further, since the Debtor has an offer, in cash, for $1,000,000 for these same assets (rather than a promissory note secured by proceeds of an insurance policy insuring "bad debt" plus an allowed claim in favor of Cole Kepro of $9,437,321.88) no urgency is necessary. The Court was advised almost five weeks ago, on August 17th, that this deal had been made between the Debtor and the Committee, co-chaired by Cole Kepro. The Debtor and the Committee are feigning urgency in order to deprive McAlary of his due process rights and his rights to conduct a full inquiry, in accordance with the already propounded discovery, to obtain evidence as to the factual circumstances of this Cole Kepro Settlement and the Debtor's business judgement related thereto. This is especially crucial given the lack of information the Debtor has supplied to the Court in this regard.

---

[1] Unless otherwise indicated, all references to a "Section" or a "Chapter" are to Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037. "Local Rule" references are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada. "Civil Rule" references are to the Federal Rules of Civil Procedure. All references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of court.

2

Any attempt by the Debtor to file additional support for the ExParte OST Motion after the filing hereof would only further deprive McAlary of his rights and should be disallowed by the Court.

## II

## BACKGROUND

1. At the hearing on Plan Confirmation, which occurred on August 17, 2023 ("Confirmation Hearing"), almost five weeks ago, counsel for the Committee advised the court that "the estate has an agreement in principle with Cole Kepro to resolve the Cole Kepro claims, which would see $850,000 come into the estate." *See Transcript of Hearing* at 34:7-10, In re Cash Cloud, Inc., dba Coin Cloud, No. BK-23-10423 mkn (Bankr. D. Nev. Aug. 17, 2023) [ECF No. 1105]

2. On August 21, Mr. McAlary made a further offer to the estate to purchase the Cole Kepro litigation for $1,000,000 as well as the Bitcoin and BitAccess litigation for an additional $200,000, which offer has been refused by the Debtor and the Committee. *See McAlary Declaration In Support of Reply In Support of Motion to Convert* [ECF No. 1174]. at §5 and Exhibit 1 thereto.

3. Following the Confirmation Hearing, McAlary served discovery on the Committee and the Debtor regarding the facts and circumstances of the Debtor's and Committee's decision to sell the valuable Cole Kepro litigation to Cole Kepro, co-chair of the Committee as follows:

4. On August 22, 2023, Mr. McAlary filed his *Ex Parte Motion for An Order Directing Examination Pursuant to Fed. R. Bankr. P. 2004 Of Cash Cloud, Inc.* [ECF No. 1110]

5. On August 22, 2023, Mr. McAlary filed his *Ex Parte Motion for An Order Directing Examination Pursuant to Fed. R. Bankr. P. 2004 of the Committee* [ECF No. 1111]

6. On August 24, 2023 the Court entered its *Order Granting Ex Parte Motion for An Order Directing Examination Pursuant to Fed. R. Bankr. P. 2004 of the Committee* [ECF No. 1124]

7. On August 24, 2023 the Court entered its *Order Granting Ex Parte Motion for An Order Directing Examination Pursuant To Fed. R. Bankr. P. 2004 Of Cash Cloud, Inc.* [ECF No. 1125]

8. On August 24, 2023 McAlary filed his *Notice of Issuance of Subpoena for Document Production and a 2004 Examination of the Debtor* [ECF No. 1134].

9. On August 24, 2023 McAlary filed his *Notice of Issuance of Subpoena for Document Production and a 2004 Examination of the Official Committee of Unsecured Creditors* [ECF No. 1135].

10. On September 1, 2023 the Official Committee of Unsecured Creditors (the "Committee") filed its *Motion To Quash Subpoena for Documentation Production and Rule 2004 Examination* [ECF 1164] ("Committee's Motion to Quash Discovery"). On September 5, 2023 the Committee filed its *Notice of Hearing on Motion of the Official Committee of Unsecured Creditors to Quash Subpoena for Document Production and Rule 2004 Examination* setting the hearing date for 10/19/2023 at 10:30 a.m. [ECF 1168]

11. On September 8, 2023 the Debtor filed their *Motion To Quash Chris Mcalary's Subpoena For Rule 2004 Examination* [ECF No. 1178] ("Debtor's Motion to Quash Discovery]. On September 8, 2023 Debtor filed their *Notice of Hearing on the Motion to Quash Chris Mcalary's Subpoena for Rule 2004 Examination* [ECF No. 1180]. The hearing on the Motion is currently set for October 19, 2023 at 10:30 a.m.

12. The Debtor and the Committee then waited until after 5p on Friday September 22, 2023 to file the *Joint Motion to Approve Settlement Agreement with Cole Kepro International, LLC* ("Cole Kepro Settlement Motion") [ECF 1295]. No declarations were filed in support thereof.

13. There are also various omissions and errors in the pleadings filed. A full and accurate picture of the facts is needed, and the Court cannot obtain that on shortened notice.

14. Cole Kepro's past conduct strongly indicates it is highly interested in the settlement and that it would be willing to move forward with the sale even if it is delayed. If they choose not to move forward with the settlement the Debtor has a higher cash bid for those same assets.

4

# III.

# ARGUMENT

The Court should deny the ExParte OST Motion. The Debtor and the Committee are manufacturing urgency in order to quickly consummate the Cole Kepro Settlement in order to deprive McAlary of his full and fair rights to obtain evidence and to deprive both McAlary and the Court of inquiry into the factual circumstances of this Cole Kepro Settlement and the Debtor's business judgement with respect thereto given the Cole Kepro conflict as co-chair of the Committee and given that there is a higher bid, in cash, for those self-same assets. If the Court were to shorten time, McAlary's time required for preparation of an adequate response would be virtually lost, all to the benefit of the movants and to the severe detriment of McAlary and any other party in interest taking a position adverse to that of the movant.

In addition, no "cause" for shortening the time is set forth by the Debtor. For that reason alone the ExParte OST Motion should be denied. There is simply a paragraph noting that the Debtor and Cole Kepro have been working cooperatively to settle the Cole Kepro litigation (and to give Cole Kepro an allowed claim of $9,437,321.88[2]).

But further, Local Rule 9006 states that "every motion for an order shortening time and notice of hearing thereof must be filed as a single document and be accompanied by an affidavit or declaration containing the facts and circumstances as to why cause exists for an expedited hearing is required". No such declaration containing the facts and circumstances as to why cause exists for an expedited hearing was filed in support of the ExParte OST Motion. For that reason alone the ExParte OST Motion should be denied.

Bankruptcy Rule 9019 states: "On a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor ... and to any other entity as the court may direct." Fed. R. Bankr.P. 9019(a). Bankruptcy Rule 2002(a)(3), which is entitled "Notices to Creditors, Equity Security

---

[2] Also the Court should take judicial notice that while the Cole Kepro Settlement Motion says that the Settlement Agreement controls over the Motion, the Settlement Agreement itself is not attached and no declarations in support of the Cole Kepro Settlement Motion were filed. *See* Cole Kepro Settlement Motion at p. 4, n.3.

5

Holders, Administrators in Foreign Proceedings, Persons Against Whom Provisional Relief Is Sought in Ancillary and Other Cross–Border Cases, United States, and United States Trustee" directs 21 days' notice to parties in interest for the hearing on approval of a compromise or settlement, "unless the court for cause shown directs that notice not be sent." Bankruptcy Rule 9006(c) provides that a Bankruptcy Court "for cause shown may in its discretion with or without motion or notice order the [notice] period reduced."

The Debtor cites "*Matter of Hester*" as one of its main authorities that "expedited relief does not violate due process" but the Debtor does not give the Court the entirety of the *Hester* court's discussion of the matter – only the first sentence:

> Bankruptcy Rule 9006(c) permits the bankruptcy court "for cause shown" in its discretion, with or without motion or notice, to reduce the notice period, and *ex parte* motions for material reductions in the notice period are routinely granted by bankruptcy courts. That practice greatly increases the potential for the elimination of effective notice of a hearing; ***and even where notice is received, the time required for preparation of an adequate response is virtually lost, all to the benefit of the movant and to the severe detriment of any party in interest taking a position adverse to that of the movant. The exhortations of Timbers notwithstanding, bankruptcy courts should review ex parte motions to reduce the notice period carefully to be certain that there is, indeed, good cause for the handicap to the respondents and to the court's information-gathering capacity that is likely to result. (**Emphasis added**.)

*Hester v. NCNB Texas Nat'l Bank (In re Hester),* 899 F.2d 361, 365 n.3 (5th Cir. 1990)

As such since no cause was stated here and the required declaration was not filed and given that discovery has been promulgated on this topic (the objection to which the Committee and the Debtor set on ordinary time for October 19) the Court should deny the ExParte OST Motion as shortened time will deprive McAlary of the discovery necessary for an adequate response[3].

The Debtor also cites *In re Gledhill* as one of its main authorities in support of its theory that the Court has unfettered rights to deny due process rights, but fails to advise the Court of the

---

[3] At the time of filing of this objection, McAlary is working with Debtor to resolve the discovery-related issues so that McAlary will be able to conduct discovery prior to the hearing requested by Debtor and avoid a hearing on October 19th. McAlary hopes to work with the Committee in the same vein.

6

Gledhill court's holding that "'[A]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 13 (quoting *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314 (1950)). *In re Gledhill*, 76 F.3d 1070, 1083 (10th Cir. 1996). That holding also applies in the Ninth Circuit. In *Walthall v. United States* the Ninth Circuit noted that "[W]e begin our discussion of the notice requirements of the Due Process Clause with *Mullane v. Central Hanover Bank Trust Co*., 339 U.S. 306, 314 (1950) (Mullane), in which the [Supreme] Court [of the United States] held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Walthall v. United States*, 131 F.3d 1289, 1294 (9th Cir. 1997) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). See also **In re Knedlik**, **Nos**. **WW-08-1011-KuKJu**, **07-15547**, **2008 WL 8444815**, *7 (**9th Cir**. **BAP June 3**, **2008**). Here shortened time is not reasonably calculated under the circumstances for McAlary to complete discovery and present his objection to the Cole Kepro Settlement Motion, especially since the Committee and the Debtor filed their objections to such discovery and set them on ordinary time to be heard by the Court on October 19. To allow the hearing on the Cole Kepro Settlement Motion to go forward prior to completion of discovery would deny McAlary his substantive rights to obtain information on the facts and circumstances surrounding the Cole Kepro settlement and would be akin to a temporary restraining order prohibiting the exercise of McAlary's due process and other rights.

The Tenth Circuit BAP noted the following with respect to the determination of cause under Fed.R.Bankr.P. 9006(c)(1). "Here, little cause was shown in the Expedited Hearing Motion. The Appellees did not provide the bankruptcy court with any evidence to support this motion, but merely alleged their *concern* that the crop would be harvested. Additionally, the court, in denying the Debtor's motion for continuance, made no finding of cause. Furthermore, there was no evidence offered that would indicate any cause for the drastic reduction. **A reduction of time is akin to a**

7

**temporary restraining order in that it often operates *ex parte* and affects the absent party's rights to a significant degree**. (emphasis added) *In re South Willow Creek Farm*, BAP No. UT-99-052, Bankr. No. 99-25921, at *5-6 (B.A.P. 10th Cir. Dec. 20, 1999)  The Tenth Circuit went on to point out that delay by the movant is a consideration, finding "[a]dditionally, we observe that in this case, the apparent cause for the reduced notice was due to delay by the Appellees. They waited three weeks to bring the Dismissal Motion and then sought the drastic reduction. The fact that they had time to serve the Dismissal Motion within the twenty-day requirement is a consideration." *In re South Willow Creek Farm*, BAP No. UT-99-052, Bankr. No. 99-25921, at *6 (B.A.P. 10th Cir. Dec. 20, 1999). Similarly here the Committee and the Debtor advised the Court almost five weeks ago that they had reached agreement with Cole Kepro to settle the litigation.

Similarly the bankruptcy court in the *Gledhill* case cited by the Debtor also observed as part of its discussion of factors that go to "cause" that the parties in that case moved expeditiously, unlike the Debtor and the Committee here. *In re Gledhill*, 76 F.3d 1070, 1084 (10th Cir. 1996) ( "the bank hasn't had a whole lot of time to prepare for this case. And I also recognize, though, that the Trustee hasn't sat on his hands. The Trustee was only appointed on November 16, 1993, not really knowing until that time he was going to be the Trustee . . . . So I think the Trustee moved expeditiously.  So we have a couple of innocent parties it seems to me. I don't see that there's been any wrongdoing on either party. Aplt. App. at 361.)  That clearly is not the case here.  The Committee advised the Court almost five weeks ago that a settlement had been agreed to by Cole Kepro, yet the Debtor waited those five weeks to file its Cole Kepro Settlement with the Court and filed it after hours on a Friday night without any supporting declarations. And the Debtor, knowing it was going to file that motion, filed a Motion to Quash [ECF No. 1178] Mr. McAlary's discovery over the very issues at hand, ***and set that motion on ordinary time*** to be heard October 19 . The Debtor even notes in its Motion to Quash that: "there is no pending motion to approve a sale of the Cole Kepro Litigation" as its reason why the discovery should be quashed. *Debtor's Motion to Quash* at 2.

8

It is also important for the Court to have all of the facts and circumstances surrounding the Cole Kepro settlement since it is in effect a sale of one of the key assets in the bankruptcy case. Disclosure Statement [ECF No. 529] at page 18 and page 21. It is fairly disingenuous for the Debtor and the Committee to set forth this sale of the Cole Kepro litigation as a settlement, when the Debtor has an offer of $1,000,000 in cash for those same assets, which offer does not require the Debtor to give an allowed claim for $9,437,321.88 or release any claims). See *Burtch v. Avnet, Inc.*, 527 B.R. 150, 155-56 (D. Del. 2015) ("While it is clear from these rules that settlement is encouraged, and the Bankruptcy Court is given broad discretion to approve settlements and reduce or eliminate notice periods, there are limits to the Bankruptcy Court's discretion. *See generally Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968) ("The fact that courts do not ordinarily scrutinize the merits of compromises involved in suits between individual litigants cannot affect the duty of a bankruptcy court to determine that a proposed compromise forming part of a reorganization plan is fair and equitable decision to approve a settlement is within sound discretion of Bankruptcy Court).")

Clearly, the Debtor's alleged urgency is strategically manufactured to compromise the due process rights of McAlary, the only party who is expected to object. There is no showing whatsoever of any legitimate operational, business, or bankruptcy need for this urgency. No declaration was filed as required by Local Rule 9006. The Debtor and the Committee only want expedition because that is what Cole Kepro wants based on its own self-interests. That is not a valid or reasonable basis to hear on extreme shortened notice such a complex and detailed motion involving the sale of assets which the Debtor has advised the Court and the creditors is of extreme value to the estate and for which the Debtor has a higher offer of $1,000,000 in cash not dependent upon the proceeds of an insurance policy insuring Cole Kepro for bad debt and not dependent on

granting an allowed claim of $9,437,321.88 or releases, where discovery is already pending and the Debtor and the Committee themselves set their objection to such discovery on regular time to be heard October 19.

## II.
## CONCLUSION

In these circumstances, Mr. McAlary respectfully requests that the Court deny the OST Motion and grant such other relief as it deems just and appropriate.

Respectfully submitted this 25 day of September, 2023.

**CARLYON CICA CHTD.**

*/s/ Dawn M. Cica.*
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
*Counsel for Chris McAlary*
**and**

**DIAMOND MCCARTHY LLP**
Allan B. Diamond, Esq.
(*pro hac vice admitted*)
Stephen T. Loden, Esq.
(*pro hac vice admitted*)
Christopher D. Johnson, Esq.
(*pro hac vice admitted*)
909 Fannin, Suite 3700
Houston, Texas 77010
*Co-Counsel for Chris McAlary*

10

## CERTIFICATE OF SERVICE

I am an employee of Carlyon Cica Chtd. On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE: Pursuant to LR 2002 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties and attorneys who are filing users through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐ OVERNIGHT COURIER: By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally recognized courier, addressed to the parties listed below which was incorporated by reference and made final in the w at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Cristina Robertson*
An employee of Carlyon Cica Chtd.