Anne T. Freeland, Esq.
Nevada Bar No. 10777
**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500
Fax:    801.931.2500
Email: atfreeland@michaelbest.com

-and-

Justin M. Mertz, Esq.
Wisconsin Bar No. 1056938
(Admitted *pro hac vice* 07/20/2023)
Christopher J. Schreiber, Esq.
Wisconsin Bar No. 1039091
(Admitted *pro hac vice* 09/21/2023)
**MICHAEL BEST & FRIEDRICH LLP**
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Phone: 414.225.4972
Fax:    414.956.6565
Email: jmmertz@michaelbest.com

-with local counsel-

John T. Wendland, Esq.
Nevada Bar No. 7207
**W&D LAW**
861 Coronado Center Drive, Suite 231
Henderson, NV 89052
Phone: 702.314.1905
Fax:    702.314.1909
Email: jwendland@wdlaw.com

*Counsel for AVT Nevada, L.P.*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC.,<br>d/b/a COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**AVT NEVADA L.P.'S RESPONSE TO DEBTOR'S OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM** |

AVT Nevada L.P. ("**AVT**"), by and through its undersigned counsel, hereby responds (the "**Response**") to the Debtor's *Objection to Administrative Expense Claim* [Dkt. 1258] (the "**Objection**").

**AVT'S RESP. TO OBJ.
TO ADMIN. CLAIM**

PAGE 1

**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

In further support of AVT's Administrative Expense Claim filed on July 19, 2023 [Dkt. 887] (the "**AVT Admin Claim**"), AVT states as follows:

### Introduction

The Debtor's primary argument in opposition to the allowance of the AVT Admin Claim is that AVT consented to treatment as a secured creditor in this case instead of as a lessor. The Debtor supports this argument by focusing on three events in this case:

1. AVT's *Proof of Claim* filed on March 28, 2023 [Claim 38] (the "**AVT Claim**").

2. The *Order: (A) Confirming Auction Results; (B) Approving the Sale of Certain of Debtor's Assets to Heller Capital Group, LLC, and Genesis Coin, Inc., Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Authorizing the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* entered on June 30, 2023 [Dkt. 795] (the "**Sale Order**").

3. The *First Amended Chapter 11 Plan of Reorganization* filed on August 1, 2023 [Dkt. 996] (the "**Amended Plan**").

Not surprisingly, the Debtor fails to mention that the AVT Claim, the Sale Order, and the Amended Plan—none of which, either individually or collectively, declassify the Avtech Master Lease (as defined below) as a "true lease"—each predate the entry of the *Order: (A) Approving Debtor's Disclosure Statement [ECF No. 529] on a Final Basis; and (B) Confirming Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023 [ECF. No. 996]* [Dkt. 1126] (the "**Confirmation Order**"), which contains the following provision specific to AVT:

> "**AVT's Reservation of Rights.** Notwithstanding any provision to the contrary in this Confirmation Order, the Amended Plan, the Sale Order, any DIP Financing Orders, or any Amended Plan Supplements, no provision of the foregoing shall prejudice AVT's rights, pursuant to its lease and other agreements with the Debtor (the "Lease") as set forth in Proof of Claim No. 38 (the "Claim") or otherwise, to

RESP. TO OBJ. TO ADMIN. CLAIM

PAGE 2

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

without limitation (a) on or prior to any applicable Administrative Expense Claims Bar Dates, assert, apply for, file, prosecute, and collect any Administrative Claim against the Debtor pursuant to the Lease, and/or (b) prior to the Effective Date, commence an adversary proceeding or contested matter for (without limitation) a declaration that the AVT Collateral is in fact property owned by AVT that was leased to the Debtor, and/or alternatively that AVT's interests in the AVT Collateral are superior to the rights of other interested parties (including but not limited to the purported secured interests asserted by Enigma); and/or (c) object to, dispute, and seek disallowance of any or all Surcharge Claims that may be asserted against AVT's property (and the AVT Collateral Proceeds); provided, however, that the Debtor, the Creditor Trust, or any successors thereto, reserve all rights and defenses in connection with AVT's Claim, including without limitation the actions and/or Claims described in (a) through (c) herein. For the avoidance of doubt, AVT disputes the validity and priority of a portion of Enigma's Lien on what is defined as the Enigma Collateral in the Amended Plan (the "**AVT Disputed Property**"). Accordingly, pursuant to the Sale Order and the Amended Plan, the Debtor shall hold that portion of the Enigma Collateral Proceeds that are associated with AVT Disputed Property in escrow pending further order from the Court or upon a mutual agreement of Enigma and AVT submitted to the Debtor in writing."

(Conf. Ord. ¶ 20; hereinafter the "**AVT Reservation**") (bolding in original).

The Debtor's assertions as to AVT's consent and acquiescence to treatment as a secured creditor are eviscerated by the AVT Reservation. Equally inconsistent with the Debtor's arguments in the Objection are the Debtor's own repeated references to AVT's status as a lessor as discussed further below. For its part, AVT has been consistent regarding the status of the Master Lease as a true lease.

The other notable omission from the Objection is that the Debtor does not contest that the AVT Admin Claim should be entitled to administrative expense priority under § 503(b)(1)(A). Therefore, since the Master Lease is a true lease, it is an executory contract subject to assumption or rejection under § 365(a). And since the Debtor did not reject the Master Lease any sooner than the entry of the Confirmation Order, all post-petition rental payments due under the lease should be entitled to administrative expense priority.

RESP. TO OBJ. TO ADMIN. CLAIM

PAGE 3

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

**Background Facts Relating to Master Lease**

AVT incorporates by reference the AVT Admin Claim, and particularly its *Addendum* [Dkt. 887 at pp. 3-8], into this response. AVT also incorporates by reference the *Declaration of Dan Burris (A) in Support of AVT's Objection to Debtor's Motion to Surcharge; (B) for Purposes of the October 16, 2023, Trial on Certain Contested Matters; and (C) in Support of AVT's Response to Debtor's Objection to Administrative Expense Claim* (the "**Burris Declaration**") (filed herewith).

The AVT Admin Claim and the Burris Declaration extensively describe the agreements and transactions under the Master Lease. For purposes of this Response, the following foundational facts are most relevant:

- On June 5, 2020, the Debtor and AVT entered that certain Master Lease Agreement No. 2056266 (the "**Master Lease**[1]"), evidencing the agreement between the parties for the lease of certain equipment (the "**Equipment**") to the Debtor. (Burris Decl. ¶ 10-11. *See id.*, Exh. 1.)

- The Equipment consists of domestic Bitcoin kiosks, which have been referred to in these proceedings from time to time as "DCMs" (Digital Currency Machines) and "BTMs" (Bitcoin Teller Machines).

- The Master Lease is a "Finance Lease," as that term is defined under Article 2A of the Uniform Commercial Code (the "**UCC**"), (*id.*, Exh. 1 § 5), and it explicitly states that it is "intended to be a 'true lease' under all applicable law, included for tax and bankruptcy purposes." (*Id.*, Exh. 1 § 30(a).)

---

[1] This term incorporates all agreements and schedules arising under or relating to the Master Lease, as further described in the Burris Declaration.

**RESP. TO OBJ. TO ADMIN. CLAIM**

PAGE 4

**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

- As a true lease, the Master Lease makes clear that "all right, title and interest in and to the Leased Property . . . is vested in [AVT]." (*Id*., Exh. 1 § 11.)
- Pursuant to the Master Lease, AVT leased 594 kiosks to the Debtor. (*See id*. ¶ 39.)
- The Master Lease is governed by the laws of the State of Utah (*id*., Exh. 1 § 23), and affirmatively grants AVT the right to file "precautionary, security instruments." (*Id*., Exh. 1 § 30(a).)
- AVT filed a precautionary UCC-1 financing statement on May 12, 2020 (the "**Precautionary UCC-1 Filing**") to perfect the grant of a security interest in the Equipment only in the event that the Master Lease was not deemed to be a true lease. (*See id*., Exh. 12; "This filing is made for informational purposes and not to suggest Secured Party's interest is limited to a security interest only.")

**The AVT Claims**

The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 7, 2023 (the "**Petition Date**"). On March 7, 2023, AVT timely filed the AVT Claim. (*See* Claim 38.)

In Part 2, Section 8 of the AVT Claim, AVT stated that its claim is based upon an "Equipment lease" in response to the prompt *What is the basis of the claim?* (*Id*. at 2.) In Part 2, Section 9, AVT disclosed the existence of its precautionary security interest by checking "Yes" in response to the prompt *Is all or part of the claim secured?* (*Id*.) In that same section, AVT again referenced the Master Lease. (*Id*.) And in Section 10, AVT asserted its status as a lessor by checking "Yes" in response to the prompt *Is this claim based on a lease?*). (*Id*.)

RESP. TO OBJ. TO ADMIN. CLAIM

PAGE 5

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

On July 19, 2023, AVT filed the AVT Admin Claim after determining that the Debtor had continued to use the Equipment on a post-petition basis. (Dkt. 887, 1.) The AVT Admin Claim asserts that $262,719.30 in accrued and unpaid post-petition rental payments are entitled to administrative expense designation under § 503(b)(1)(A) (and the resulting priority under § 507(2)), which reflect the "amount[s] owed under the Master Lease and its Schedule for the Debtor's use of the *portion* of the Leased Equipment that it actually used in the operation of its business . . . post-petition." (*Id*. at 6, ¶ 12. *See id*. at 5, ¶¶ 9-11) (emphasis added).

## ARGUMENT

**A. AVT's entitlement to a determination that the Master Lease is a true lease was explicitly preserved in the Confirmation Order.**

The Debtor's argument that the AVT Admin Claim should be disallowed because AVT accepted treatment as a secured creditor in this case is undone by the AVT Reservation, which is dispositive on this issue and clearly states, in part, that:

> "Notwithstanding any provision to the contrary in this Confirmation Order, the Amended Plan, the Sale Order, any DIP Financing Orders, or any Amended Plan Supplements, no provision of the foregoing shall prejudice AVT's rights, pursuant to its lease and other agreements with the Debtor (the "Lease") as set forth in Proof of Claim No. 38 (the "Claim") or otherwise, to without limitation (a) on or prior to any applicable Administrative Expense Claims Bar Dates, assert, apply for, file, prosecute, and collect any Administrative Claim against the Debtor pursuant to the Lease, and/or (b) prior to the Effective Date, commence an adversary proceeding or contested matter for (without limitation) a declaration that the AVT Collateral is in fact property owned by AVT that was leased to the Debtor, and/or alternatively that AVT's interests in the AVT Collateral are superior to the rights of other interested parties…."

(Conf. Ord. ¶ 20.) The Debtor's argument also ignores the unassailable terms of the Master Lease and its ancillary agreements between the Debtor and AVT.

AVT's election to correctly identify its precautionary security interest in the AVT Claim does not evidence its acceptance of treatment other than as a lessor under a true lease. (Objection

RESP. TO OBJ. TO ADMIN. CLAIM

PAGE 6

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

¶ 6.) AVT submits that Official Form 410 is not ideally situated to accurately identify and protect the rights of equipment lessors with pre-petition claims who also claim a precautionary security interest, as is routine in commercial leasing. Consistent with the rights granted to AVT under the Master Lease and to put the Debtor and its other creditors on notice of those rights, AVT appropriately disclosed the existence of its precautionary security interest in the AVT Claim, while at the same time repeatedly referring to the Master Lease as a lease.

The entry of the Sale Order over AVT's objection is likewise of no use to the Debtor in opposing the AVT Admin Claim. AVT appeared at the Sale Hearing and argued against the inclusion of the Equipment in the auction because it had not consented to the sale in its capacity as a lessor. AVT also filed its *Objection to [the Sale Motion]* [Dkt. 785] (the "**Sale Objection**") which asserted the exact same argument: "The Debtor has no ownership interest in the Leased Equipment to sell and no mechanism absent AVT's consent—which AVT has not given—to include the Leased Equipment in its proposed sale." (Sale Obj. ¶ 5.) Critically, the Confirmation Order containing the AVT Reservation was entered *after* the Sale Order and specifically excepted the Sale Order from having any preclusive effect on the status of the Master Lease as a true lease. The Debtor's claim that the Sale Order reflects AVT's treatment as a secured creditor, (Obj. ¶ 6), is withers under the slightest bit of scrutiny.

The same is true for the Debtor's feeble argument that its reference to the "prepetition and postpetition Liens of …AVT Nevada L.P." is determinative of the issue. (*Id*. ¶ 7.) On one hand, this is actually an accurate depiction of certain rights granted to AVT under the Master Lease; the Debtor did indeed grant a security interest to AVT in the Equipment (which AVT perfected) to the extent that the Master Lease was not determined to be a true lease. (Burris Decl., Exh. 1 § 30(a); "As a precaution, in the event that contrary to the intentions of Lessee and

RESP. TO OBJ. TO ADMIN. CLAIM

PAGE 7

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

Lessor a Lease is determined by a court . . . of competent jurisdiction to be other than a true lease . . . Lessee hereby . . . grants . . . a security interest . . ..") On the other hand, any usefulness to the Debtor of this phrase in the context of the Objection was wiped away by the AVT Reservation in the Confirmation Order.

**B. The Debtor consistently referred to the Master Lease as a true lease prior to the unauthorized sale of AVT's Equipment.**

The Debtor began referring to AVT as a secured creditor only after the Debtor unilaterally decided to sell the Equipment without AVT's consent. Prior to the auction, there was no dispute as to AVT's status as a lessor and the Master Lease's status as a true lease, as evidenced by (without limitation):

1. In the Debtor's *Motion for Interim and Final Orders: (I) Authorizing Debtor to Obtain Post-Petition Senior Secured, Superpriority Financing; (II) Granting Liens and Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* [Dkt. 35] (the "**DIP Motion**"), the Debtor made an innocuous (but correct) statement in Footnote 7 that illustrates the lack of credibility of the Debtor's current Objection to the AVT Admin Claim:

   > "Although AVT Nevada L.P. ("AVT") filed a UCC-1 Financing Statement (the "AVT UCC-1") against the leased DCMs, the AVT Financing Arrangement purports to be a "true lease," with AVT filing the AVT UCC-1 solely as a precautionary measure. See McAlary Declaration, ¶ 11. Accordingly, Debtor assumes that AVT is not a secured creditor for the purpose of this analysis, with a reservation of rights on the issue for other contexts." (DIP Mot. 21 n.7.)

2. AVT is listed on the Debtor's *Schedule G* [Dkt. 239] as a counterparty to an unexpired lease or executory contract (*i.e.*, the Master Lease). (See Dkt. 239, 58, "Schedule G Attachment," ID 2.248.)

RESP. TO OBJ. TO ADMIN. CLAIM

PAGE 8

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

3. The Debtor included a similar footnote (Footnote 3) in its *Debtor's Motion for Entry of an Order: (A) Approving auction and Bidding Procedures for Potential Plan Sponsors or the Purchase of Substantially All of the Debtor's Assets; (B) Approving Form Notice to Be Provided to Interested Parties; and (C) Scheduling a Hearing to Consider Approval of the Highest and Best Transaction, Cure Objections, and Confirmation of the Proposed Toggle Plan* [Dkt. 392] (the "*Bidding Procedure Motion*") as it did in the DIP Motion. (See Bidding P. Mot. 6 n.3.)

The Master Lease had not been rejected and the Debtor treated and referred to AVT as a lessee, representations on which AVT reasonably relied. The estate retained the full benefit and use of the Equipment until the Debtor sold it without AVT's consent. In addition to the proceeds from the sale of the Equipment, the price for the Debtor's intentional obfuscation of AVT's rights under the Master Lease should be the allowance of the AVT Admin Claim.

If the Debtor really believed that AVT was a secured creditor, then the time to take that position was in conjunction with the DIP loan-related proceedings or during the auction process—yet there had been no communication with AVT during those key events. By changing its tune on the nature of AVT's claim long after the entry of the DIP Order and the allocation of rights, replacement liens, and adequate protection set forth therein, the Debtor has seriously prejudiced AVT—a common theme in this bankruptcy case. The Debtor should be judicially estopped from asserting a contrary position at this stage in the proceedings.[2]

**C. The Master Lease is a true lease under applicable law.**

---

[2] *See Ah Quin v. Cty. Of Kauai DOT*, 733 F.3d 267, 270 (9th Cir. 2013) ("Judicial estoppel is an equitable doctrine invoked by a court at its discretion" which can be invoked against "[a] party [who] has succeeded in persuading a court to accept that party's earlier [inconsistent] position[.]") (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).

RESP. TO OBJ. TO ADMIN. CLAIM

PAGE 9

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

The Debtor included a brief legal argument that the Master Lease is not a true lease in the Objection to supplement its unsupportable argument that AVT consented to being treated as a secured creditor and is thus not entitled to an administrative expense claim. (*See* Obj. 5-6.) The Debtor recited the wrong law (Nevada as opposed to Utah) and presented no facts or legal argument to support the proposition that the Master Lease is not a true lease.

The Debtor cites to Nev. Rev. Stat. § 104.1203 for factors to determine whether a transaction in the form of a lease creates a lease or security interest. The aforementioned statute is Nevada's endorsement of UCC § 1-203. The Master Lease is governed by Utah law, but an identical statute exists at Utah Code Ann. § 70A-1a-203, which is Utah's codification of UCC Article §1-203.[3]

The evidence will show that the Master Lease is a true lease. Utah Code Ann. § 70A-1a-203 provides that "if the lease is not voidable by the lessee and one of four conditions is satisfied, a transaction that purports to be a lease is actually a security agreement." *TFG-Illinois, Ltd. P'ship v. United Maint. Co.*, 829 F. Supp. 2d 1097, 1122 (D. Utah 2011). Those four conditions are: (a) the original term of the lease is equal to or greater than the remaining economic life of the goods; (b) the lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods; (c) the lessee has the option to renew the lease for the remaining economic life of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement; and (d) the lessee has an option to become the owner of the goods for no additional consideration or for

---

[3] Both Utah and Nevada have adopted the UCC. *See Uniform Commercial Code*, UNIF. L. COMM'N, https://www.uniformlaws.org/acts/ucc (last visited Oct. 4, 2023).

**RESP. TO OBJ. TO ADMIN. CLAIM**

PAGE 10

**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

nominal additional consideration upon compliance with the lease agreement." Utah Code Ann. § 70A-1a-203(2)(a)-(d).

The court in *United Maint.* reviewed a master lease agreement that is incredibly similar to AVT's Master Lease. The parties in *United Maint.* focused their inquiry on only the first factor outlined above. *United Maint.*, 829 F. Supp. 2d at 1123. This is because the master lease at issue—which is simply a revised version of the master lease at issue in *United Maint.*[4]—did not come close to tripping any of the other factors. The Master Lease does not either. That leaves only one factor in even possible contention: whether the original term of the Master Lease is equal to or greater than the remining economic life of the Equipment. *See* Utah Code Ann. § 70A-1a-203(2)(a). It is not—the Master Lease is a true lease.

The UCC also authorizes precautionary financing statements at UCC § 9-505. *See In re Payless Cashways, Inc.*, 273 B.R. 789, 793 n.12 (Bankr. W.D. Mo. 2002) (noting that in UCC jurisdictions, "Revised Article 9 also allows a lessor to file a precautionary financing statement that will perfect a lessors' interest in the event it is determined to be a security interest and not a true lease").[5] So to the extent that the Debtor argues that the existence of the Precautionary UCC-1 Filing is evidence of AVT's acknowledgment that the Master Lease is not a true lease, the Debtor is wrong.

**D. There is no question that the AVT Equipment provided a post-Petition Date benefit to the estate.**

---

[4] Tetra Financial Group, LLC (the "TFG" in TFG-Illinois) changed its name to AvTech Capital, LLC in 2018. *Avtech Capital, LLC v. C & G Engines Corp.*, No. 2:19-cv-00541-JNP-DAO, 2021 U.S. Dist. LEXIS 162046, at *1 (D. Utah Aug. 25, 2021). AvTech Capital is AVT's parent. Accordingly, TFG-Illinois is AVT's Illinoisan cousin.

[5] UCC § 9-505 exists in identical form at Utah Code Ann. § 70A-9a-505, and Nev. Rev. Stat. § 104.9505.

RESP. TO OBJ. TO ADMIN. CLAIM

PAGE 11

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

The Debtor's Objection failed to mention the relevant factors under § 503(b)(1)(a) to determine whether an expense is entitled to administrative expense priority. This is because the AVT Admin Claim's entitlement to priority is undeniable. *See In re Thompson*, 788 F.2d 560, 562 (9th Cir. 1986) ("the law is clear that the rent incurred is an allowable administrative expense") (citing cases). The Debtor's post-petition use of the Equipment generated revenue for the estate, while the Debtor's continued operation of the Equipment made the Debtor's business more attractive to potential buyers. Moreover, the AVT Admin Claim was specifically calculated to only seek the *portion* of the base rent under the Master Lease that corresponds to the *portion* of the Equipment, on information and belief, that the Debtor actually operated and "deployed" on a post-petition basis. *See* 788 F.2d at 562. In other words, the AVT Admin Claim is specifically tailored and limited to the benefit the Master Lease created for the estate—priority should be granted.

The Debtor's reliance on the Amended Plan as evidence that AVT is a secured creditor is fatally flawed in light of the AVT Reservation in the Confirmation Order. But there is one important provision of the Amended Plan that supports AVT's entitlement to an administrative expense claim. Article 5.1 states that the Debtor's rejection of "Rejected Contracts"[6] is subject to the entry of the Confirmation Order and the occurrence of the Effective Date. Upon belief, the Effective Date has not yet occurred, and the Debtor failed to reject the Master Lease any earlier than the entry of the Confirmation Order. By failing to reject the Master Lease, which the Debtor had identified as an executory contract in (without limitation) its Schedule G and the DIP

---

[6] "Rejected Contracts" is defined in Article 1.1 of the Amended Plan as follows: "Rejected Contracts" means all of the Debtor's contracts and leases that are executory contracts or unexpired leases that have not been assumed or rejected pursuant to Bankruptcy Code section 365 on or prior to the Effective Date.

**RESP. TO OBJ. TO ADMIN. CLAIM**

PAGE 12

**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

Motion, the Debtor has acquiesced to the continuing post-petition accrual and resulting administrative expenses status of the payments due to AVT under the Master Lease as more fully described in the AVT Admin Claim.

**Conclusion and Reservation**

In concurrent proceedings relating to the Debtor's attempt to impose a massive surcharge on proceeds due to AVT from the unauthorized sale of its Equipment, AVT has or will establish that it was deprived of its rights in the Equipment because it did not consent to the sale in advance. The Debtor's current efforts deprive AVT of its rights—this time, to be paid the post-petition rental amounts owed to it under the Master Lease as an administrative expense claim—can and should be thwarted. It defies logic and the law that the Debtor could identify AVT as a lessor and identify the Equipment as leased throughout the early stages of this case, use and market the Equipment for sale without paying for it, sell the Equipment without AVT's consent, and then conveniently decide to call AVT a "secured creditor" in support of its Objection to the AVT Admin Claim.

The Court should overrule the Objection, allow the AVT Admin Claim in its entirety, and grant AVT all such other and further relief as the Court deems just, equitable, and appropriate under the circumstances.

If the Court does not immediately overrule the Objection and allow the AVT Admin Claim, AVT reserves its right to provide additional facts and argument in support of the AVT Admin Claim and respectfully requests the Court enter a scheduling order to allow time for discovery in advance of an evidentiary hearing.

RESP. TO OBJ. TO ADMIN. CLAIM

PAGE 13

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

| | |
|---|---|
| Dated: October 5, 2023. | **MICHAEL BEST & FRIEDRICH LLP**<br><br>By: */s/ Anne T. Freeland*<br>Anne T. Freeland, Esq.<br>Nevada Bar No. 10777<br>2750 East Cottonwood Parkway, Suite 560<br>Cottonwood Heights, UT 84121<br>Phone: 801.833.0500<br>Fax:     801.931.2500<br>Email: atfreeland@michaelbest.com<br><br>-and-<br><br>Justin M. Mertz, Esq.<br>Wisconsin Bar No. 1056938<br>(Admitted *pro hac vice* July 20, 2023)<br>Christopher J. Schreiber, Esq.<br>Wisconsin Bar No. 1039091<br>(Admitted pro hac vice September 21, 2023)<br>**MICHAEL BEST & FRIEDRICH LLP**<br>790 North Water Street, Suite 2500<br>Milwaukee, WI 53202<br>Phone: 414.225.4972<br>Fax:     414.956.6565<br>Email: jmmertz@michaelbest.com<br><br>*-with local counsel-*<br><br>John T. Wendland, Esq.<br>Nevada Bar No.  7207<br>**W&D LAW**<br>861 Coronado Center Drive, Suite 231<br>Henderson, NV 89052<br>Phone: 702.314.1905<br>Fax:     702.314.1909<br>Email: jwendland@wdlaw.com<br><br>*Counsel for AVT Nevada, L.P.* |

RESP. TO OBJ. TO ADMIN. CLAIM

PAGE 14

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500