E-filed: October 10, 2023

Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
      cgianelloni@swlaw.com
      awendl@swlaw.com

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: soneal@cgsh.com
Email: jvanlare@cgsh.com
Email: mdweinberg@cgsh.com

*Attorneys for Genesis Global Holdco, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC., dba COIN CLOUD,<br><br>Debtor. | Case No. 23-10423-mkn<br><br>Chapter 11<br><br>**GENESIS GLOBAL HOLDCO, LLC'S PRE-TRIAL BRIEF**<br><br>**Trial Date: October 16-17, 2023**<br><br>**Hearing Time: 9:30 a.m.** |

Genesis Global Holdco, LLC ("Genesis"), by and through its undersigned counsel, submits the following pre-trial brief (this "Brief") in advance of the trial on October 16 and 17, 2023 at 9:30 a.m. regarding, in relevant part, Debtor's *Motion for Entry of an Order Authorizing Debtor to*

4860-0496-5253

*Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* [ECF No. 926] ("Surcharge Motion").

## I. INTRODUCTION

Genesis files this Brief to address certain developments in connection with the Surcharge Motion that occurred after Genesis filed its *Objection to Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* [ECF No. 1160] (the "Objection").[1]  At the time Genesis filed its Objection, Debtor had submitted only one declaration, the *Declaration of Tanner James in Support of Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* (the "Initial Surcharge Declaration") [ECF No. 927], and Genesis had taken the deposition of Tanner James on August 22, 2023 (the "Initial Surcharge Deposition").  Since then, Debtor filed three supplemental declarations on behalf of Mr. James [ECF Nos. 1244, 1281, 1307] (collectively, the "Supplemental Surcharge Declarations"), and Genesis took the second deposition of Mr. James on October 9, 2023 (the "Second Surcharge Deposition"), the draft transcript of which is attached as **Exhibit A**.

Despite Debtor's desperate attempt to "fix" the record after the Secured Creditors filed their objections to the Surcharge Motion, nothing in the Supplemental Surcharge Declarations addresses the Surcharge Motion's fatal flaw—that is, that Debtor has utterly failed to meet its burden to prove under applicable Ninth Circuit precedent that the fees and expenses that Debtor seeks to surcharge against Genesis were reasonable, necessary, and provided a quantifiable benefit to Genesis.  Indeed, as described in greater detail below, the testimony by Mr. James at the Second Surcharge Deposition only underscores the fact that such an analysis was not performed. demonstrates.  The Supplemental Surcharge Declarations similarly fall short of proving that Genesis somehow "consented" to the amount sought to be surcharged (as they must given that Genesis did not do so).  For the reasons set forth below, as well as those set forth in the Objection, the Court should deny the Surcharge Motion in its entirety.

---

[1] Unless otherwise stated herein, capitalized terms shall have the meanings ascribed to them in the Objection.

4860-0496-5253

## II.    ARGUMENT

Debtor has again failed to clear the high hurdle required to surcharge Genesis in any of the Supplemental Surcharge Declarations or through the testimony of Mr. James at the Second Surcharge Deposition, especially given the Ninth Circuit's narrow construction of § 506(c) in *In re Debbie Reynolds Hotel & Casino, Inc.*, 255 F.3d 1061 (9th Cir. 2001) ("<u>In re Debbie Reynolds</u>").[2]

1.    <u>Mr. James Failed to Conduct the Surcharge Analysis Pursuant to Ninth Circuit Law</u>

In filing the Supplemental Surcharge Declarations, Debtor had three opportunities to correct the deficiencies in Mr. James's Surcharge Analysis under *In re Debbie Reynolds*. Each time, however, Mr. James failed to analyze each time entry to determine whether the professional services rendered provided a concrete and quantifiable benefit to a Secured Creditor. Instead, Mr. James examined only whether the services provided "were related to the sale process and the … surcharge." *See* Ex. A at 12:1-6. Whether the services provided were merely "related to" the sale process is certainly not the correct standard. As such, Mr. James's analysis does not satisfy the requirements set forth by the Ninth Circuit in the *In re Debbie Reynolds* decision.

2.    <u>Debtor Has Provided No Evidence that, Prior to the Announcement of the Auction Results, It or the Committee Conducted the Sale Process Solely for the Benefit of the Secured Creditors</u>

Despite having the burden of proof, Debtor failed to show that the expenses it seeks to surcharge were incurred "primarily for the benefit of the secured creditor" as opposed to the estate at large. *In re Cascade Hydraulics & Utility Serv., Inc.*, 815 F.2d 546, 548 (9th Cir. 1987); *see also C.I.T. Corp. v. A & A Printing, Inc.*, 70 B.R. 878, 880 (M.D. N.C. 1987) ("Section 506(c) is a narrow exception to the general rule that unsecured creditors bear the cost of bankruptcy administration, and . . . it does not permit recoupment of expenses which benefit the estate at large, but help secured creditors only indirectly."). Stated differently, a secured creditor cannot be surcharged if a debtor and its professionals incurred the expenses while working for the benefit of all creditors. Debtor has never provided evidence to show that, at any specific time prior to the

---

[2] The legal standard set forth in the Objection are incorporated by reference as though fully stated herein. *See* ECF No. 1160 at 12:13-13:25.

4860-0496-5253

- 3 -

announcement of the Winning Bids, either it or the Committee realized that the unsecured creditors were out of the money, such that all actions thereafter might be taken entirely for the benefit of the Secured Creditors. Instead, Mr. James speculated that Debtor only determined that its efforts would solely benefit the Secured Creditors when the sale closed: "I guess you could say, you know, it's over when it's over, so maybe when the sale closed . . . ." Ex. A at 27:3-10.

### III.  CONCLUSION

Debtor has had ample opportunity to conduct the required analysis and to produce the evidence necessary to support the relief that it seeks in the Surcharge Motion. The record speaks for itself—Debtor has failed to meet its burden under the applicable law in the Ninth Circuit. Based on the foregoing, and for the reasons stated in the Objection, Genesis requests that the Court deny the Surcharge Motion in its entirety.

DATED this 10th day of October 2023.

SNELL & WILMER L.L.P.

*/s/ RB Kinas*

Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

and

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Genesis Global Holdco, LLC*