BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**OMNIBUS REPLY IN SUPPORT OF DEBTOR'S OMNIBUS OBJECTION TO LATE FILED AND NON-COMPLIANT ADMINISTRATIVE EXPENSE CLAIMS**<br><br>Hearing Date: October 19, 2023<br>Hearing Time: 10:30 a.m. |

Cash Cloud, Inc. (the "Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, hereby submits this omnibus reply (the "Reply") to the (i) *Response to Debtor's Objection to Late Filed and Non-Compliant Administrative Expense Claims* [ECF No. 1346] (the "Good 2 Go Response") filed by Good 2 Go Stores, LLC ("Good 2 Go"); (ii) *Response to Debtor's Objection to Late Filed and Non-Compliant Administrative Expense Claims* [ECF No. 1349] (the "Brage Response") filed by Eric E. Brage, Jr. ("Mr. Brage"); and (iii) *Response to Debtor's Objection to Late Filed and Non-Compliant Administrative Expense Claims* [ECF No. 1350] (the "Favors Response") filed by James Favors ("Mr. Favors") to *Debtor's Objection to Late Filed and Non-Compliant Administrative Expense Claims* [ECF No. 1277] (the "Objection").

**A.     The Good 2 Go Stores LLC Claim**

1.     On August 10, 2023, Good 2 Go filed its administrative claim [ECF No. 1067] (the "Good 2 Go Claim") in the amount of $27,207.00 for unpaid post-petition rent owing under a host lease agreement (the "Good 2 Go Lease") for the period from May 1, 2023 to June 14, 2023.  The Good 2 Go Claim was filed after the Bar Date.

2.     The Debtor rejected the Good 2 Go Lease by Order of this Court entered on July 26, 2023 [ECF No. 945] (the "Rejection Order").

3.     Good 2 Go argues that it was unable to file the Good 2 Go Claim until after the Rejection Order was entered (Good 2 Go Response, p. 2), but this is simply untrue.  Whether or not the Good 2 Go Lease was rejected, Good 2 Go had an administrative expense claim for unpaid post-petition rent for the period from May 1, 2023–June 14, 2023 on the July 20th Bar Date.  Rejection (or assumption, for that matter) of the Good 2 Go Lease would not change the nature of the Good 2 Go Claim.  All amounts at issue were incurred post-petition and before the Bar Date.

4.     Good 2 Go has offered no valid reason for filing the Good 2 Go Claim after the Bar Date.  The Good 2 Claim must be disallowed.

**B.     The Eric E. Brage Jr. Claim**

5.     On July 31, 2023, Mr. Brage sent to the Bankruptcy Court his Administrative Claim Form (the "Brage Claim"), asserting a refund claim in the amount of $1,800.00.  The Brage Claim was filed after the Bar Date.

6.     Mr. Brage argues that he received the Notice of Bar Date after the July 20, 2023 Bar Date and, therefore, "it was impossible to comply with the July 20 date."  Brage Response, p. 1.

7.     As set forth in the Supplemental Certificate of Service [ECF No. 884], Stretto served the Notice of Bar Date on Mr. Brage on July 14, 2023.  Under Rule 9006(e), "Service of process and service of any paper other than process or of notice by mail is complete on mailing."  Fed. R. Bankr. P. 9006(e).  Accordingly, Mr. Brage was timely served with the Notice of Bar Date and the Brage Claim must be disallowed.

2

150267943.1

**C.    The James D. Favors Claim**

8.    On July 31, 2023, Mr. Favors sent to the Bankruptcy Court his Administrative Claim Form (the "Favors Claim"), asserting a refund claim in the amount of $15,000.00. The Favors claim was filed after the Bar Date.

9.    Mr. Favors asserts that he received the Notice of Bar Date on July 25, 2023 (after the Bar Date) and mailed his Administrative Claim Form to the Bankruptcy Court on July 24, 2023 (one day *before* receipt of the Notice of Bar Date). Favors Response, p. 1.

10.    Mr. Favors argues that "Since the customer service center stated that I would be refunded, and since there was direction provided after no payment was made, my claim should not be rejected." Favors Response, p. 1.

11.    As set forth in the Supplemental Certificate of Service [ECF No. 884], Stretto served the Notice of Bar Date on Mr. Favors on July 14, 2023. Under Rule 9006(e), "Service of process and service of any paper other than process or of notice by mail is complete on mailing." Fed. R. Bankr. P. 9006(e). Moreover, if Mr. Favors could file the Favors Claim one day before he allegedly received the Notice of Bar Date, there is no reason he couldn't have filed it four days earlier (by the Bar Date). Mr. Favors was timely served with the Notice of Bar Date and the Favors Claim must be disallowed.

WHEREFORE, for the reasons and based on the authorities set forth herein, Debtor respectfully requests that the Court enter an Order (i) sustaining the Objection; (ii) disallowing, in their entirety, the Good 2 Go Claim, the Brage Claim and the Favors Claim; and (iii) granting such other and further relief as the Court deems just and proper.

Dated this 12th day of October 2023.

**FOX ROTHSCHILD LLP**

By:   */s/Brett A. Axelrod*
  BRETT A. AXELROD, ESQ.
  Nevada Bar No. 5859
  NICHOLAS A. KOFFROTH, ESQ.
  Nevada Bar No. 16264
  1980 Festival Plaza Drive, Suite 700
  Las Vegas, Nevada 89135
  *Counsel for Debtor*

3

150267943.1