BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **REPLY IN SUPPORT OF DEBTOR'S OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM OF AVT NEVADA, L.P.**  Hearing Date: October 19, 2023  Hearing Time: 10:30 a.m. |

Cash Cloud, Inc. (the "Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), by and through its undersigned counsel, Fox Rothschild LLP, hereby submits this reply (the "Reply") to the *Response to Debtor's Objection to Administrative Expense Claim* [ECF No. 1351] (the "Response") filed by AVT Nevada, L.P. ("AVT") to *Debtor's Objection to Administrative Expense Claim of AVT Nevada, L.P.* [ECF No. 1258] (the "Objection").[1]

---

[1] Capitalized terms not defined herein shall have the meanings assigned to them in the Objection.

1

150267142.2

As Debtor pointed out in its Objection, the law of this case is that AVT is a secured creditor with a secured claim, not a lessor under a true lease: (a) AVT filed the AVT Secured Claim [POC No. 38]; (b) the Court overruled AVT's objection to the Sale on the basis that AVT was a secured creditor, with liens attaching to the sale proceeds [ECF No. 795]; and (c) AVT was treated as a secured creditor under Debtor's Amended Plan [ECF No. 996].

AVT argues that none of the above matters because it bargained for a paragraph in the Confirmation Order reserving its rights to file an administrative claim pursuant to the lease and/or commence an adversary proceeding for a declaration that the AVT collateral is owned by AVT and leased to Debtor.[2] The fact that AVT reserved rights to argue out both sides of its mouth – accepting treatment as a secured creditor under the Amended Plan, while simultaneously seeking to collect an administrative claim – does not overturn the law of this case.

AVT asserts that it filed the AVT Secured Claim only as a precautionary matter. There is nothing whatsoever in the AVT Secured Claim indicating that it was filed as a precautionary matter. The AVT Secured Claim gives as its basis "stipulated losses" (*not unpaid rent*), states that it has an annual interest rate of 18.00%, and attaches UCC-1 Financing Statements. *See* POC No. 38.

For this reason, among others, the Court overruled the AVT Oral Objection on the record and in the Sale Order, treating AVT as a secured creditor with a lien on the proceeds of the Equipment. The Sale Order was entered on June 30, 2023 (more than three months ago), and AVT has failed to file either an appeal from the Sale Order or an adversary proceeding seeking a declaration that AVT owned the Equipment. Instead, AVT has negotiated with the Debtor a stipulated surcharge amount on the proceeds of its collateral. Accordingly, AVT's two-faced arguments (that it is both a secured creditor and a lessor) must be rejected out of hand.

---

[2] The Confirmation Order includes the following paragraph:

> **AVT's Reservation of Rights.** Notwithstanding any provision to the contrary in this Confirmation Order, the Amended Plan, the Sale Order, any DIP Financing Orders, or any Amended Plan Supplements, no provision of the foregoing shall prejudice AVT's rights, pursuant to its lease and other agreements with the Debtor (the "Lease") as set forth in Proof of Claim No. 38 (the "Claim") or otherwise, to without limitation (a) on or prior to any applicable Administrative Expense Claims Bar Dates, assert, apply for, file, prosecute, and collect any Administrative Claim against the Debtor pursuant to the Lease, and/or (b) prior

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

In the event, however, that the Court is inclined to entertain AVT's assertions that it leased the Equipment, Debtor respectfully requests that the Court set the matter for evidentiary hearing and require that the rules of adversary proceedings apply. *See* Fed. R. Bankr. R. 7000-7065. Debtor is confident that it can prove that the Master Lease Agreement is not a true lease.

For the reasons set forth herein, the Debtor respectfully requests that the Court enter an Order: (i) sustaining the Objection; (ii) disallowing the AVT Admin Claim in its entirety; and (iii) granting the Debtor such other and further relief as the Court deems just and proper.

Dated this 12th day of October 2023.

**FOX ROTHSCHILD LLP**

By: */s/Brett A. Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

---

to the Effective Date, commence an adversary proceeding or contested matter for (without limitation) a declaration that the AVT Collateral is in fact property owned by AVT that was leased to the Debtor, and/or alternatively that AVT's interests in the AVT Collateral are superior to the rights of other interested parties (including but not limited to the purported secured interests asserted by Enigma); and/or (c) object to, dispute, and seek disallowance of any or all Surcharge Claims that may be asserted against AVT's property (and the AVT Collateral Proceeds); provided, however, that the Debtor, the Creditor Trust, or any successors thereto, reserve all rights and defenses in connection with AVT's Claim, including without limitation the actions and/or Claims described in (a) through (c) herein. For the avoidance of doubt, AVT disputes the validity and priority of a portion of Enigma's Lien on what is defined as the Enigma Collateral in the Amended Plan (the "AVT Disputed Property"). Accordingly, pursuant to the Sale Order and the Amended Plan, the Debtor shall hold that portion of the Enigma Collateral Proceeds that are associated with AVT Disputed Property in escrow pending further order from the Court or upon a mutual agreement of Enigma and AVT submitted to the Debtor in writing."

Confirmation Order [ECF No. 1126], p. 16, ¶ 20.