James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Facsimile: (702) 926-9683
Email:   jshea@shea.law
          blarsen@shea.law
          kwyant@shea.law
-and-
**MORRISON & FOERSTER LLP**
Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. *(Admitted Pro Hac Vice)*
New York Bar No. 5507652
250 West 55th Street
New York, New York 10019-3601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email:   glee@mofo.com
          akissner@mofo.com
*Attorneys for Enigma Securities Limited*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | |

*SHEA LARSEN*
*1731 Village Center Circle, Suite 150*
*Las Vegas, Nevada 89134*
*(702) 471-7432*

1

## SUBMISSION OF ENIGMA SECURITIES LIMITED'S DEMONSTRATIVE EXHIBIT UTILIZED DURING EVIDENTIARY HEARING

Enigma Securities Limited ("Enigma"), by and through its undersigned counsel, hereby provides the Court with its Opening Presentation/Demonstrative Exhibit (attached hereto as **Exhibit 1**) used during the evidentiary hearing held on October 16, 2023. This is being provided to the Court for ease of review in rendering its decision taken under submission.

DATED this 20th day of October, 2023.

/s/ *James Patrick Shea*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Facsimile: (702) 926-9683
Email:  jshea@shea.law
         blarsen@shea.law
         kwyant@shea.law

-and-

**MORRISON & FOERSTER LLP**
Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
250 West 55th Street
New York, New York 10019-3601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: glee@mofo.com
        akissner@mofo.com

*Attorneys for Enigma Securities Limited*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

2

**CERTIFICATE OF SERVICE**

1.     On October 20, 2023, I served **SUBMISSION OF ENIGMA SECURITIES LIMITED'S DEMONSTRATIVE EXHIBIT UTILIZED DURING EVIDENTIARY HEARING** in the following manner:

☒     a.     ECF System:  Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities.

☐     b.     United States mail, postage fully prepaid:

☐     c.     Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐     For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐     For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐     d.     By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐     e.     By fax transmission:
Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐     f.     By messenger:
I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 20, 2023

By: *Bart K. Larsen*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# **<u>EXHIBIT 1</u>**

**ΙΙΙORRISON FOERSTER**

## *In re Cash Cloud Inc., dba Coin Cloud*

-----

Case No.: BK-23-10423-MKN

Chapter 11

Surcharge Motion
Standing Motion
Administrative Expense Application

-----

**Enigma's Opening Presentation**

October 16, 2023

# How Did We Get Here?

**April 2022**
- Enigma provides Debtor short term loan of $8mm secured by liens on 3,677 machines and cash proceeds

**Oct. 2022**
- Debtor fails to repay loan at maturity, leading to repeated forbearance by Enigma

**Feb. 2023**
- Debtor files chapter 11, obtains $5mm DIP to fund reorganization costs
- Debtor stipulates to validity of Enigma liens, waives right to join challenges

**Feb. – Jun. 2023**
- Debtor markets company, seeks "going concern" sale / reorg. at mgmt. behest

**June 2023**
- Debtor selects combined GenesisCoin / Heller bid as winner at price $10mm+ less than original stalking horse bid

**July 2023**
- Debtor closes sale of DCM collateral that **fails to clear DIP**
- Faced with admin. insolvency, Debtor seeks 56% Surcharge, Committee files Standing Motion

MORRISON FOERSTER

2

# The Surcharge Motion



# The Debtor Seeks an Unprecedented Surcharge

*Of the cases cited by the Debtor where data was ascertainable from published opinion, the average surcharge sought was* **14.6%** *as a percentage of collateral proceeds or other value, and the average surcharge awarded was* **8.51%***, compared to the* *Debtor's request of 55.5%:*

| Case Name | Proceeds / Value of Collateral | Surcharge Sought ($) | Surcharge Sought (%) | Surcharge Approved ($) | Surcharge Approved (%) |
|---|---|---|---|---|---|
| *In re Phoenix Pipe and Tube, L.P.* | $1,079,000.00 | $4,631.07 | 0.43% | $4,631.07 | 0.43% |
| *In re Debbie Reynolds Hotel & Casino, Inc.* | $10,650,000.00 | $50,000.00 | 0.47% | $50,000.00 | 0.47% |
| *In re Towne, Inc.* | $5,525,000.00 | $88,212.01 | 1.60% | - | - |
| *U.S. I.R.S. v. Boatmen's First Nat. Bank of Kansas City* | $918,000.00 | $46,532.60 | 5.07% | $46,532.60 | 5.07% |
| *In re AFCO Enterprises, Inc.* | $4,125,000.00 | $240,736.35 | 5.84% | $102,414.35 | 2.48% |
| *In re Colusa Regional Medical Center* | $2,000,000.00 | $199,259.68 | 9.96% | - | - |
| *In re Choo* | $185,631.18 | $22,520.69 | 12.13% | $22,520.69 | 12.13% |
| *In re Compton Impressions* | $1,822,636.00 | $254,043.38 | 13.94% | $10,000.00 | 0.55% |
| *In re McCombs* | $398,849.03 | $57,302.65 | 14.37% | $14,440.87 | 3.62% |
| *In re Lamont Gear Co.* | $329,925.00 | $65,174.04 | 19.75% | $60,816.69 | 18.43% |
| *In re Swann* | $16,649.67 | $3,855.87 | 23.16% | $3,855.87 | 23.16% |
| *Matter of SpecialCare, Inc.* | $82,816.89 | $25,615.29 | 30.93% | $4,906.89 | 5.92% |
| *In re Strategic Labor, Inc.* | $300,000.00 | $156,399.86 | 52.13% | $64,131.09 | 21.38% |
| ***In re Cash Cloud, Inc.*** | ***$3,780,000.00*** | ***$2,098,214.20*** | ***55.51%*** | ***??*** | ***??*** |

*Source: ECF No. 926*

**MORRISON FOERSTER**

4

# The Debtor Seeks an Unprecedented Surcharge



# MISSING

## Software Sale to Heller

- $1.5 million



## Brazil & Other Assets

- $650,000



# DIP Had a $2.7 Million Professional Fee Budget

*Secured lenders were already primed once to pay for professional fees – deduction from Sale proceeds via Surcharge Motion seeks a "double dip":*

| | Total | Total | Grand Total |
|---|---|---|---|
| | **Post Petition** | **Post-Effective** | **Full Case** |
| | **7-Feb** | **13-Jun** | **7-Feb** |
| | **12-Jun** | **17-Jul** | **17-Jul** |
| Misc Reserve[6] | | | |
| **Total Restructuring Related Disbursements** | | | |
| *Bankruptcy Professional Accruals* [7] | $ (900,000) | $ - | $ (900,000) |
| Debtor Counsel (Fox Rothschild) | (800,000) | - | (800,000) |
| Debtor Financial Advisor (Province) | (300,000) | - | (300,000) |
| DIP Lender Counsel | (150,000) | - | (150,000) |
| Other Lender Counsel | (250,000) | - | (250,000) |
| Claims & Noticing Reserves (Stretto) | (20,000) | - | (20,000) |
| Independent Director | (325,000) | - | (325,000) |
| UCC Financial Advisor | (425,000) | - | (425,000) |
| UCC Counsel | | | |
| **Total Non-Operating / Professional Fee Reserve** | $ (3,170,000) | $ - | $ (3,170,000) |

*See* Final DIP Order [Docket No. 315], Exhibit A.

||||RRISON
FOERSTER

7

# Governing Ninth Circuit Law

"The benefit test establishes a ceiling on the recovery of the trustee. . . . The actual surcharge is further limited to those expenses that were ***reasonable and necessary*** to obtain this benefit.  To satisfy the benefit test, the debtor must establish in ***quantifiable terms*** that it expended funds ***directly to protect and to preserve the collateral***."

*Am. Sav. and Loan Ass'n v. Grill*, 92 B.R. 437, 445 (Bankr. C.D. Cal. 1988) (emphasis added) (citations omitted).

**MORRISON FOERSTER**

8

# What Benefit? The DCM Sale Did Not Clear the DIP



# The Debtor's Witness Acted as a Rubber Stamp

- Q.    And so as a result of your investigation and analysis, did you conclude that the professional fees were related to the sale of the assets?

- A.    The professional fees that I reviewed and that were included in the surcharge, yes.

- **Q.    And as a result of your review, did you determine that any professional fees were unnecessary?**

- **A.    *No.***

- **Q.    And as a result of your review, did you find that any of the professional fees were unreasonable?**

- **A.    *No.***

*Transcript of Deposition of Tanner James (Oct. 9, 2023), at 15:12-24.*

# Fees Well in Excess of Court-Ordered Cap Are Not Reasonable

*Through August 2023, Fox Rothschild had incurred nearly $700,000 of fees in excess of Court-ordered cap of $450,000:*

| Category | First Monthly Fee Statement | Second Monthly Fee Statement | Third Monthly Fee Statement | Fourth Monthly Fee Statement | Fifth Monthly Fee Statement | Total |
|---|---|---|---|---|---|---|
| References to "First Day" Matters | $30,815.50 | $2,204.00 | -- | -- | -- | $33,019.50 |
| Asset Disposition (Asset Analysis & Recovery) | $11,303.50 | $4,002.00 | $3,204.00 | $22,020.00 | $34,844.00 | $75,373.50 |
| Assumption/Rejection of Executory Contracts & Unexpired Leases | $128,373.00 | $28,821.00 | $58,658.50 | $51,326.50 | $44,800.50 | $311,979.50 |
| Use, Sale, or Lease of Property | $41,871.50 | $50,560.50 | $126,674.50 | $187,750.50 | $58,868.50 | $465,725.50 |
| Financing/Cash Collateral | $101,938.50 | $3,297.50 | $16,770.00 | $5,989.00 | $8,701.50 | $136,696.50 |
| 341 Meeting | $2,919.50 | -- | -- | -- | -- | $2,919.50 |
| **Total** | *$317,221.50* | *$88,885.00* | *$205,307.00* | *$267,086.00* | *$147,214.50* | *$1,025,714.00* |

Enigma 99, 113, 119, 124, 186

MORRISON FOERSTER

11

# Necessary? Invoices Contain Countless Unexplained Time Entries

**THIRD MONTHLY FEE STATEMENT OF SEWARD & KISSEL LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF MAY 1, 2023, THROUGH MAY 31, 2023**

| 05/23/2023 | Call w UCC professionals (.8) |
| 05/24/2023 | create issues list (.5); discuss internally (.2); revise issues list (.2); prep for (.1) and call with Province (.8); follow up call with Province and Debtor counsel (1.0). |
| 05/25/2023 | call with Debtor advisors (.7); |

**FOX ROTHSCHILD LLP'S MONTHLY FEE STATEMENT OF SERVICES RENDERED AND EXPENSES INCURRED FOR THE PERIOD FROM MAY 1, 2023 THROUGH MAY 31, 2023**

| 05/01/23 | CHLUM | SA | PREPARE CHART OF DEADLINES AND FORWARD TO A. NOLL |
| 05/09/23 | SMITH | SA | CONFERENCE WITH COLLEAGUE RE: CONTENTS OF CORPORATE CONSENTS |
| 05/11/23 | MCCARTY | SA | REVIEW AND RESPOND TO EMAIL REGARDING WORKER'S COMP. RECORDS. |
| 05/12/23 | AXELROD | SA | REVIEW ORDER GRANTING SOLICITATION AND COORDINATE WITH STRETTO RE SERVICE |

Enigma 119, 128

**ΙΙΙΟΓΓΙSΟΝ FOERSTER**

12

# The Debtor's "Smoking Gun"

**From:** Kissner, Andrew <AKissner@mofo.com>
**Sent:** Tuesday, May 2, 2023 3:02 PM
**To:** Tanner James <tjames@provincefirm.com>; Zach Marcus <zmarcus@Enigma-securities.io>; Spencer Stires <sstires@provincefirm.com>
**Cc:** Barry Finkelstein <bfinkelstein@Enigma-securities.io>; Axelrod, Brett <BAxelrod@foxrothschild.com>
**Subject:** RE: Coin cloud

EXTERNAL EMAIL

Tanner,

Unfortunately, the lack of clarity around the go-forward licensing situation appears to be a deal-killer for parties seeking to purchase abandoned collateral.  Put another way, nobody wants to take on the risk of operating the kiosks if the plug might be pulled on the software in two months.  Copying Brett in case she has any other ideas, but is there any appetite to granting a postpetition license?  Otherwise, I'm not sure I see how these machines end up anywhere but a landfill.

-Andrew

**Andrew Kissner**
**Of Counsel**
akissner@mofo.com
T:  +1 (212) 336-4117
M: +1 (646) 510-5704

**MORRISON FOERSTER**

mofo.com | bio | vcard

Debtor 45

# The Standing Motion

# Debtor Stipulates to Validity / Scope of Liens + Collateral

Case 23-10423-mkn    Doc 315    Entered 03/20/23 09:24:15    Page 7 of 39

(ii)    <u>Prepetition Liens and Collateral</u>.  The Enigma Secured Claims are secured by first priority liens on and security interests in the "Collateral" under and as defined in the Enigma Loan (such liens and security interests, collectively, the "<u>Enigma Liens</u>", and the collateral securing the Enigma Liens, the "<u>Enigma Collateral</u>").

(iii)    <u>Validity, Perfection and Priority of Enigma Liens and Enigma Secured Claims.</u>  As of the Petition Date, (A) the Enigma Liens constitute valid, binding, enforceable and perfected liens in, and with priority over any and all other liens in, the Enigma Collateral

**MORRISON FOERSTER**

# Committee "Forgot" About its Largest Member's Lien

| From: | "Tucker, Michael" <Michael.Tucker@FTIConsulting.com> |
|---|---|
| Sent: | Tue, 9 May 2023 12:51:17 -0400 (EDT) |
| To: | "Daniel Moses" <dmoses@provincefirm.com> |
| Cc: | "Paul Huygens (phuygens@provincefirm.com)" <phuygens@provincefirm.com>; "Tanner James" <tjames@provincefirm.com>; "Axelrod, Brett (BAxelrod@foxrothschild.com)" <baxelrod@foxrothschild.com>; "Gayda, Robert J." <gayda@sewkis.com>; "LoTempio, Catherine" <lotempio@sewkis.com>; "Matott, Andrew" <matott@sewkis.com>; "Eisler, Marshall" <Marshall.Eisler@fticonsulting.com>; "Halevy, Rich" <Rich.Halevy@fticonsulting.com> |

**S**

**A**                                                                                                    5.05.09.xlsx

> *"We made an assumption that . . . 500 of [Enigma's machines] will have lien issues where the related sale proceeds would be Estate cash under a lien challenge."*

At ... coin stalking horse bid for discussion and planning as we ... urposes, we have assumed 3,500 ATM's are being sold at a value of 1,000 per ATM. We have ... d certain expenses that likely exist and would be paid from available cash proceeds. We have also assumed ... usiness value (both ATM's and all other assets) is essentially the purchase price less the cash that is being purchased ... business value is allocated based on the total value of the ATM's using the per unit basis with the balance of value being attributed to all other assets. We made an assumption that 3,000 ATMs being sold relate to Enigma's collateral and 500 of those will have lien issues where the related sale proceeds would be Estate cash under a lien challenge.

Enigma 12

**MORRISON FOERSTER**

16

# The *Most* Estate Can Benefit from Challenge is $260,000

**III.    TERMS OF SETTLEMENT**

15.    Pursuant to Local Rule 9019(c), the Parties provide the following summary o
essential terms of the Settlement Agreement:[2]

a.    Genesis agrees to release its liens on the Enigma Collater
to the Lien Challenge Claims in exchange for the greater of (a) $33,00
(b) 33% of the proceeds (i) obtained from any consensual resolution or
settlement of the Lien Challenge Claims with Enigma or (ii) if the Lien
Challenge Claims are successful, arising from any sale, monetization, or
liquidation of the Enigma Kiosk Collateral subject to the successful Lien
Challenge Claims.

> **"Genesis agrees to release its liens . . . in exchange for . . . 33% of the proceeds . . . If the Lien Challenge Claims are successful"**

> **"$390,000 in Lien Challenge Claims are colorable"**

A cost-benefit analysis also supports granting derivative standing to the Committee. As set
forth in the Standing Motion, based on the Committee's analysis to date, at least $390,000 in Lien
Challenge Claims are colorable, and $415,000 in Adequate Protection Payments already made are
subject to recharacterization. What is more, the Committee has negotiated a settlement with Genesis

$$(1 - 0.33) \times \$390,000 = \$261,300$$

**IIIorrison FoerSter**

# But It Would Cost the Estate $240,000 to Get There

| Firm | Blended Rate (Incl. Paralegals) | Blended Rate (Excl. Paralegals) | Hours Billed Through 6/30/23 |
|---|---|---|---|
| Seward & Kissel | $992.20 | $1,006.37 | 1,054.7 |
| McDonald Carano | $510.73 | $642.72 | 88.8 |

| Scenario | Cost to Litigate (Incl. Paralegal Rates) | Cost to Litigate (Excl. Paralegal Rates) |
|---|---|---|
| Only Nevada counsel | $127,682.50 | $160,680.00 |
| 50:50 split between S&K / McDonald | $187,866.25 | $206,136.25 |
| *Proportional split based on hours billed in case to date* | *$238,704.67* | *$244,534.06* |

Enigma 108, 109, 116, 117, 128-131

**ΙΙΙORRISON**
**FOERSTER**

18

# Debtor Was Ordered Not to Challenge Enigma Liens / Claims

excluding Cash (other than the Permitted Priority Liens) and the Debtor or the DIP Lender shall not raise or join any challenge or defense, including, without limitation, respectively, avoidance, reductions, recharacterization, subordination (whether equitable, contractual or otherwise), claims, counterclaims, cross-claims, offsets, recoupments, objections, defenses or any other challenges under the Bankruptcy Code or any applicable law or regulation by any

*"[T]he Debtor . . . shall not raise or join any challenge . . . ."*

Code or any applicable law or regulation; (E) the Debtor or the DIP Lender shall not raise or join in any assertion of any claims, objections, challenges, causes of action and/or choses in action, including, without limitation, avoidance claims under Chapter 5 of the Bankruptcy Code or applicable state law equivalents or actions for recovery or disgorgement, against Enigma, or any of their respective affiliates, agents, attorneys, advisors, professionals,

*"[T]he Debtor . . . shall not raise or join in any . . . challenges . . . ."*

except to the extent that Enigma seeks to assert a perfected security interest in Cash; and (F) the Debtor and the DIP Lender have waived, discharged and released any right to challenge any of the Enigma Secured Claims, the priority of any of the Enigma Secured Claims and the validity, extent and priority of the Enigma Liens except to the extent that Enigma seeks to

*"[T]he Debtor . . . [has] waived, discharged and released any right to challenge . . . ."*

**MORRISON FOERSTER**

19

# But the Debtor Did it Anyway

**From:**    "Axelrod, Brett" <BAxelrod@foxrothschild.com>
**Sent:**    Wed, 12 Apr 2023 14:46:10 -0400 (EDT)
**To:**    "Matott, Andrew" <matott@sewkis.com>; "LoTempio, Catherine"<lotempio@sewkis.com>
**Subject:** [EXTERNAL] Fwd: CC: Adequacy of Collateral Description

**From:** Koffroth, Nicholas A. <NKoffroth@foxrothschild.com>
**Sent:** Friday, April 7, 2023 12:40 PM
**To:** McPherson, Jeanette E. <JMcPherson@foxrothschild.com>
**Cc:** Axelrod, Brett <BAxelrod@foxrothschild.com>; Zarei Henzaki, Niloofar <NHenzaki@foxrothschild.com>
**Subject:** CC: Adequacy of Collateral Description

Jeanette:

Niloofar researched the issues and found some helpful information.  Based on our initial research, the software ID and location ID are insufficient to "reasonably identify the collateral." For the sake of clarity, the research has focused on the UCC as adopted by the NRS and has not reviewed the UCC applicable to other jurisdictions, although that can be expanded if requested.

Enigma 41

# The Administrative Expense Claim



# Debtor Conservatively Valued Enigma DCMs at $11mm+

**Adequate Protection Analysis**
**Cash Cloud Inc**

| Machine Useful Life : | 1,825 D |
| DIP Loan Obligation : | $ 5,000,0 |

**Coin Cloud - Collateral Analysis:**

Note : Assumes the useful life for all machines is 5-years from the first date of deployment.

Note : Assumes the value of all machines marked "Decommissioned" or "Stolen" is zero.

Note : The value of each machine is determined by dividing the unit acquisition price by its estimated useful life in days, mu
by its estimated remaining useful life in days.

Note : The Debtor is in the process of reconciling certain invoices with its books and records, which indicate a higher book value for
its machines than set forth in this analysis.

Note : This analysis is subject to further diligence by the Debtor as it reconciles its books and records.

| Enigma First Lien | Acquisition Price | Avg. Machines Age (Days) | Total Units | Est. Gross Value | Est. Net Value |
|---|---|---|---|---|---|
| *Operational Units* | | | | | |
| Slabb 1.0 | $ 7,387 | 1,501 | 4 | $ 29,549 | $ 5,246 |
| Lynna 1.0 | 7,387 | 1,825 | 1 | 7,387 | - |
| APSM 1.1 | 5,550 | 1,226 | 26 | 144,300 | 47,362 |
| ColeKepro 5.0 | 8,753 | 525 | 125 | 1,094,125 | 779,324 |
| ColeKepro 3.0 | 5,729 | 845 | 2,995 | 17,158,355 | 9,210,951 |
| ColeKepro 1.0 | 5,550 | 995 | 194 | 1,076,700 | 489,677 |
| ColeKepro 2.0 | 5,550 | 856 | 201 | 1,115,550 | 592,512 |
| ColeKepro 4.0 | 8,529 | 591 | 29 | 247,341 | 167,243 |
| **Net Book Value - Enigma First Lien** | | | 3,575 | $ 20,873,308 | $ 11,292,316 |
| (-) Enigma Security Interest | | | | | (7,573,699) |
| **Excess Collateral - Enigma First Lien** | | | | $ | 3,718,617 |
| | | | | *Enigma Coverage:* | 0.49x |

> *"[B]ooks and records . . . Indicate a higher book value for [Enigma's] machines than set forth in this analysis."*

> *$11.3 million*

# Enigma Has Allowed Administrative Expense Claims Under the Final DIP Order

(g)        As additional adequate protection, (i) Enigma shall be entitled to postpetition interest calculated at 12.5% of the outstanding amount of the Enigma Secured Claims, consisting of (i) monthly cash payments on the last day of each month equivalent to interest calculated at 6.25% and (ii) an allowed administrative expense claim accruing at 6.25%; *provided*, that nothing herein shall be deemed to be an admission by the Debtor that Enigma is over-secured, and the Debtor and Enigma reserve all rights and defenses with respect thereto; (ii) the Debtor shall maintain any insurance policies that were applicable to the Enigma

*See* Final DIP Order [Docket No. 315], ¶ 10(g).

**MORRISON FOERSTER**



