Rob Phillips (SBN 8225)
FisherBroyles, LLP
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
702.518.1239
rob.phillips@fisherbroyles.com

*Counsel for Powerhouse TSSP, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **In re:** | ) |
| | ) BK-S-23-10423-MKN |
| **Cash Cloud, Inc.** | ) |
| | ) Chapter 11 |
| | ) |
| | ) **MOTION FOR LEAVE TO FILE LATE** |
| | ) **PROOF OF ADMINISTRATIVE** |
| | ) **CLAIM OR, IN THE ALTERNATIVE,** |
| | ) **FOR AN ORDER VACATING THE** |
| | ) **ADMINISTRATIVE CLAIM BAR** |
| **Debtor.** | ) **DATE** |

Comes now, Powerhouse TSSP, LLC ("Movant"), submits this Motion for Leave to File Late Proof of Administrative Claim or in the Alternative, for an Order Vacating the Administrative Claim Bar Date Order (the "Motion"), and in support hereof, provides the attached Affidavit of Thomas R. Walker ("Walker Affid.") and Affidavit of Ofir Hagey, Manager for Movant ("Hagay Affid."),[1] and submits as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] The statements contained in such affidavits are incorporated by reference as if fully set forth herein.

1

2.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) & (B).

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory basis for the relief requested herein is 11 U.S.C. §§ 105(a) and Federal Rule of Bankruptcy Procedure 9006.

5.  Pursuant to Local Rule 9014.2, Movant consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Background**

6.  Movant and Debtor are parties to that certain Office Lease with an effective date of July 12, 2021, with Claimant as landlord and Debtor as tenant for the premises comprising multiple floors of the building located at 10190 Covington Cross Drive, Las Vegas, Nevada 89144 (the "Lease").

7.  Cash Cloud, Inc. d/b/a Coin Cloud ("Debtor") filed its voluntary chapter 11 petition on February 7, 2023 (the "Petition Date").

8.  The Debtor is authorized to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.  No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed.

10. On February 27, 2023, the Bankruptcy Court entered its Order Granting Debtor's Motion for Approval of Rejection of Unexpired Lease with TSSP LLC Pursuant to 11 U.S.C. § 365(a) and Abandonment of Any Property That Remains at Premises at Docket No. 172 in the

2

Bankruptcy Case (the "Rejection Order"). Pursuant to the Rejection Order, the Lease was rejected, "effective no later than February 28, 2023" (the "Rejection Date").

11. On June 5, 2023, Thomas R. Walker, Movant's counsel, sent his first email to Jeanette McPherson, Brett Axelrod, Nicholas Koffroth and Zachary Williams (collectively, "Debtor's Counsel") requesting payment of $139,476.90 in "stub rent" (for February 7, 2023 (the Petition Date) to February 28, 2023 (the Rejection Date)) under the Lease and $185,871.09 in "holdover rent" due (for March 1, 2023 to March 29, 2023) under the Lease (such amounts, collectively, the "Administrative Rent Claim") (Walker Affid. ¶ 3.)

12. On June 14, 2023, Movant filed a proof of claim (Claim No. 112) with respect to, among other things, prepetition amounts due under the Lease and damages caused by the rejection of the Lease.

13. On June 12, 2023, Mr. Walker sent another email to Debtor's Counsel following up because he had not received a response to his June 5, 2023 email. (Walker Affid. ¶ 4.) Debtor's Counsel responded indicating that they were investigating the matter and asking for asking for additional information. (Id.) Additional emails and information were exchanged between the parties during the rest of that same day. (Id.)

14. On June 14, 2023, additional emails were exchanged between Mr. Walker and Ms. McPherson wherein Mr. Walker provided some documentation in support of the Administrative Rent Claim requested by Ms. McPherson and indicated that he would be working with Movant to obtain additional documentation requested by Ms. McPherson. (Walker Affid. ¶ 5.)

15. On June 29, 2023, Debtor filed its Emergency Motion for Entry of an Order Establishing Administrative Claim Bar Date for Filing Proofs of Administrative Expense Claim

and Approving Form, Manner and Sufficiency of Notice Thereof; Memorandum of Points and Authorities in Support Thereof (Docket No. 789) (the "Administrative Claim Bar Date Motion").

16. The Certificate of Service filed on July 3, 2023 (Docket No. 801) indicates that the Administrative Claim Bar Date Motion was filed on the "short list" of notice recipients in the case. There is no certificate of service on file indicating that the Administrative Claim Bar Date Motion was filed on the entire matrix of creditors in the case.

17. A hearing on the Administrative Claim Bar Date Motion was held on July 7, 2023.

18. On July 11, 2023, the court entered its Order Establishing Administrative Claim Bar Date for Filing Proofs of Administrative Expense Claim and Approving Form, Manner and Sufficiency of Notice Thereof (Docket 823) (the "Administrative Claim Bar Date Order"). Among other things, the Administrative Claim Bar Date Order (i) established July 20, 2023 ("Administrative Claim Bar Date") as the deadline for filing administrative expense claims arising between the Petition Date and July 20, 2023 ("Administrative Claims"), (ii) approved a form of notice with respect to the Administrative Claim Bar Date and (iii) approved a proof of claim form to be used for filing Administrative Claims (the "Administrative Proof of Claim Form").

19. On July 11, 2023, Debtor filed a Notice of Entry of Administrative Claim Bar Date Order Establishing a Deadline to File Administrative Expense Claims Against the Debtor (Docket No. 824) (the "Administrative Claim Bar Date Notice").

20. The Certificate of Service filed on July 13, 2023 (Docket No. 841) indicates that the Administrative Claim Bar Date Notice and the Administrative Proof of Claim Form were served, on July 11, 2023, upon all creditors and parties in interests indicated therein. Included among the service addresses purportedly served were the following:

    (i)       Power House TSSP LLC c/o SKR Real Estate Services, 9911 Covington Cross Dr, Ste 100, Las Vegas, NV 89144-7033

    (ii)      Power House TSSP LLC Attn: Ofir Hagay, 9911 Covington Cross Dr, #100, Las Vegas, NV 89144-7033

    (iii)     Power House TSSP, LLC c/o FisherBroyles, LLP, Attn: Thomas R. Walker, 3340 Peachtree Rd NE, Ste 1800, Atlanta, GA 30326

Movant did not receive the Notice of Administrative Claim Bar Date and Administrative Proof of Claim Form until on or about August 7, 2023 (more than two weeks after the Administrative Claim Bar Date had passed). (Hagay Affid. ¶ 4; see also Walker Affid. ¶ 14.) Mr. Walker, as counsel for Movant, never received copies of the Notice of Administrative Claim Bar Date or Administrative Proof of Claim Form at the address indicated in the July 13, 2023 Certificate of Service. (Walker Affid. ¶ 10.) Further, Mr. Walker never received any service of the Administrative Claim Bar Date Notice or Administrative Proof of Claim Form via email. (Walker Affid. ¶ 11.) Indeed, the first notice that Mr. Walker received regarding the Administrative Claim Bar Date was in an email from Debtor's counsel, Ms. McPherson, on August 16, 2023 (more than three weeks after the Administrative Claim Bar Date had already passed). (Walker Affid. ¶ 7.)

21. Upon receipt of the August 16, 2023 email from Ms. McPherson, Mr. Walker immediately began to thoroughly investigate the situation of the apparently already passed Administrative Claim Bar Date. (See Walker Affid. ¶¶ 8 -12.)

22. On August 24, 2023, Mr. Walker sent an email to Debtor's Counsel informing them that he had conducted an investigation into the issue of the faulty service of the Administrative Claim Bar Date Notice and asking to have a call to discuss the matter. (Walker Affid. ¶ 13.)

5

23. On August 28, 2023, Mr. Walker participated in a call with Ms. McPherson and discussed, among other things, that the Administrative Claim Bar Date Notice had not been received by him at all, that the Administrative Claim Bar Date Notice had not been received by Movant until on or about August 7, 2023 (more than two weeks after the Administrative Claim Bar Date had passed), and that the purported service of the Administrative Claim Bar Date Notice upon him and Movant via U.S. First Class Mail was not reasonable given that the Administrative Claim Bar Date was set a mere nine calendar days after the Administrative Claim Bar Date Order had been entered, particularly because he and Ms. McPherson had been engaged in active negotiations regarding the Administrative Rent Claim and thus, Debtor's Counsel could have easily notified Movant's counsel about the Administrative Claim Bar Date via email. (Walker Affid. ¶ 14.) Based upon those reasons, Mr. Walker requested that Movant be permitted to file its Administrative Rent Claim after the Administrative Claim Bar Date with the consent of the Debtor. (Id.) On August 28, 2023, after the call, Mr. Walker sent an email to Ms. McPherson summarizing the content of their discussion and reiterating his request to work out a consensual resolution whereby Movant would be permitted to file its Administrative Rent Claim after the Administrative Claim Bar Date. (Walker Affid. ¶ 15.)

24. On September 1, 2023, having not received any response to his August 28, 2023 email to Ms. McPherson, Mr. Walker wrote another email to Ms. McPherson requesting a response to the request for Debtor's consent to the late filing of the Administrative Rent Claim. (Walker Affid. ¶ 16.) Mr. Walker and Ms. McPherson exchanged additional emails throughout that day ultimately leading to Ms. McPherson stating that Debtor was unwilling to consent to the late filed Administrative Rent Claim and that the parties had reached an impasse. (See Walker Affid. ¶ 17.)

6

25. Given the apparent unwillingness of Debtor to work out a resolution based upon the emails exchanged on September 1, 2023, later that day, the Administrative Rent Claim was sent the court for filing via Federal Express for delivery on Monday, September 4, 2023. (Walker Affid. ¶ 18.) The court later returned the Administrative Rent Claim to Movant's counsel stating that it could not be accepted because it did not contain an original signature. (Id.) Accordingly, on Thursday, September 21, 2023, the Administrative Rent Claim (with an original signature) was sent to the court for filing and was received by the court on Friday, September 22, 2023. (Id.) The Administrative Rent Claim appears on the Claims Register as Claim No. 210.

### Relief Requested

26. Movant seeks entry of an order granting Movant leave to file a late filed administrative expense proof of claim pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) ("Rule 9006(b)(1)"). In the alternative, Movant seeks an order vacating the Administrative Claim Bar Date Order as not providing proper notice or due process to potential administrative claimants, including Movant.

### Basis for Relief

27. In relevant part, Rule 9006(b)(1) provides as follows:

> [inapplicable exceptions omitted] [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Under the authority of Rule 9006(b)(1) and the binding case law interpreting Rule 9006(b)(1), leave of court should be granted to allow the Administrative Rent Claim (which was filed after the Administrative Claim Bar Date) to be deemed timely filed.

7

28. The leading case discussing what constitutes excusable neglect under Rule 9006(b)(1) for purposes of late filing of a proof of claim is <u>Pioneer Inv. Svs. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380 (1993). In that case, the Court held that with respect to the excusable neglect standard of Rule 9006(b)(1), "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings cause by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. <u>Id.</u> at 388. The Court further held that the determination of what constitutes excusable neglect under Rule 9006(b)(1) is "at bottom an equitable one, taking into account all of the relevant circumstances surrounding the party's omission." <u>Id.</u> at 395. Finally, the Court stated that the following factors should be considered:

(i) The danger of prejudice to the debor;

(ii) The length of the delay and its potential impact on judicial proceedings;

(iii) The reason for the delay, including whether it was within the reasonable control of the movant; and

(iv) Whether the movant acted in good faith.

<u>Id.</u> Here, all of these factors weigh in favor of allowing granting leave and deeming Movant's Admininstrative Rent Claim to be deemed timely filed.

29. The first factor to consider with respect to excusable neglect under Rule 9006(b)(1) whether there is danger of prejudice to the debtor. Here, there is no danger of prejudice to the Debtor. Movant contends that its Administrative Rent Claim is valid and should be allowed. However, if the Debtor disagrees, there will still be an opportunity to object to the Administrative Rent Claim. However, not granting this Motion would be extremely prejudicial to the Movant. As stated, the Administrative Claim Bar Date Order set a bar date for filing Administrative Claims

8

which was a mere nine calendar days after the Administrative Bar Date Order was entered. Further, Movant did not have notice of the Administrative Claim Bar Date Motion because it was not served on Movant or its counsel, but rather, it was only served on the "short list" of notice recipients in the case. (See Certificate of Service (Docket No. 801).) Further, the Administrative Claim Bar Date Order provided that service was to be done upon the full matrix but that such service was to be via U.S. First Class Mail. (Administrative Claim Bar Date Order (Docket No. 823) ¶ 5.) That situation made it nearly impossible for creditors (other than those receiving ECF notifications) to file their Administrative Claims timely. It would take at least three business days for the mailing to arrive, leaving at most six calendar days (or less) to prepare the claim, hire counsel if needed, and send the claim back to the court for filing (noting that, unless the creditor was represented by counsel admitted to this court, there was no electronic means for filing Administrative Claims).[2] Further, apparently, the mailing of the Administrative Claim Bar Date Notice via U.S. First Class Mail did not result in creditors receiving the notice within any period of time which would permit timely filing of Administrative Claims. Indeed, in this regard, Movant's counsel never received a mailed copy of the Administrative Claim Bar Date Notice. (See Walker Affid. ¶¶ 9-10.) And, Movant itself did not receive its mailed copy of the Administrative Claim Bar Date Notice until on or about August 7, 2023 (more than two weeks after the Administrative Claim Bar Date had already passed). (Hagay Affid. ¶ 4; see also Walker Affid. ¶ 14.) Here it is also noteworthy that Debtor's Counsel had been in negotiations with undersigned counsel regarding the Administrative Rent Claim since June 5, 2023 and could have easily notified Movant's counsel about the

---

[2] The Debtor's claims agent's website contains no link to file administrative claims and the ePOC mechanism for filing claims is not conducive to filing Administrative Claims for which a special proof of claim form was created.

9

Administrative Claim Bar Date via email, but chose not to do so. (See Walker Affid. ¶¶ 3-5.) Finally, the concept that the notice of the Administrative Claim Bar Date was insufficient is supported by the extraordinary number of administrative claimants whose claims have been objected to by the Debtor on the basis that they were filed late. (See Debtor's Omnibus Objection to Late Filed and Non-Compliant Administrative Expense Claims (Docket No. 1277) (the "Omnibus Objection").) The Omnibus Objection objects to 52 administrative claims totaling $373,489.04 in aggregate amount. That is an extraordinary number of purportedly late filed administrative claims. Such a high number is indicative that the faulty service of the Administrative Claim Bar Date Notice could not possibly have provided creditors with sufficient time to timely file their administrative claims. For all of these reasons, there is no prejudice to the Debtor, but indeed, there is extraordinary prejudice to Movant.

30. The second factor to consider with respect to excusable neglect under Rule 9006(b)(1) is the length of the delay and its potential impact on judicial proceedings. This factor weighs in favor of Movant. There has been very little delay. Upon being notified about the Administrative Claim Bar Date for the first time via Ms. McPherson's email dated August 16, 2023, undersigned counsel immediately began an investigation into the facts and circumstances. (See Walker Affid. ¶¶ 8-12.) Further, after gathering the relevant facts and information, undersigned counsel promptly contacted Debtor's Counsel and, in good faith, worked diligently and continuously to try to resolve the matter with Debtor's Counsel consensually. (See Walker Affid. ¶¶ 13-17.) And, finally, immediately upon hearing from Debtor's Counsel that they were

unwilling to resolve the matter amicably, the Administrative Rent Claim was sent to the court for filing.[3] (Walker Affid. ¶ 18.)

31.     The third factor to consider with respect to excusable neglect under Rule 9006(b)(1) is the reason for the delay, including whether it was within the reasonable control of the movant. Here, the reasons for the delay in filing the Administrative Rent Claim include the following: (i) that, despite the fact that Movant's counsel had been in the process of negotiating the Administrative Rent Claim with Debtor's Counsel for more than a month, Debtor's Counsel did not notify Movant's counsel via email (or otherwise) of the setting of the Administrative Claim Bar Date, (ii) Movant's counsel never received a mailed copy of the Administrative Claim Bar Date Notice, (iii) Movant did not receive its copy of the Administrative Claim Bar Date Notice until more than two weeks after the Administrative Claim Bar Date had passed, (iv) the Administrative Claim Bar Date was set to be a mere 9 days after the entry of the Administrative Bar Date Order (which was purportedly served via U.S. First Class Mail), thereby creating a situation wherein it would be virtually impossible for Movant or any other creditors receiving only hard copy notice to file their Administrative Claims timely. Taking these facts into consideration, it was clearly not within the reasonable control of Movant to be able to timley file its Administrative Rent Claim. Indeed, it was fully within the control of the Debtor to provide more reasonably and appropriate notice of the Administrative Claim Bar Date instead of depriving Movant and other potential administrative claimants of due process; yet, instead, Debtor chose to

---

[3] As stated, Movant's Administrative Claim was then returned to Movant's counsel to correct a deficiency with respect to the signature block, and a new, corrected claim form was then, promptly thereafter, returned to the court for filing (and such filing has now been accepted). (Walker Affid. ¶ 18.)

11

create an incredibly short notice period designed to make it highly difficult for creditors to comply and then refuse to permit creditors to file Administrative Claims on the basis of being late filed despite not being provided with proper notice, as in the case of Movant.

32. The fourth factor to consider with respect to excusable neglect under Rule 9006(b)(1) is whether the movant acted in good faith. Here, Movant acted in good faith by immediately addressing the situation upon first learning of the Administrative Claim Bar Date on August 16, 2023. (See Walker Affid. ¶¶ 8-12.) Upon completion of an investigation into the matter, Movant's counsel then reached out to Debtor's Counsel in a good faith effort to resolve the matter given the clear lack of proper notice and due process. Debtor's Counsel refused to let reasonable minds prevail by refusing to work out the issue and summing up by stating "we are at an impasse." Not only did Movant act in good faith in this matter, which the same cannot be said of Debtor. As stated, Debtor's Counsel was fully aware of the Administrative Rent Claim through the numerous negotiations before the Administrative Claim Bar Date. Yet, Debtor's Counsel chose to purportedly serve Movant's counsel via U.S. Mail when there was an incredibly short 9-day window to file Administrative Claims and then refused to negotiate upon being informed that the mailing was never received by Movant's counsel and was only received by Movant more than two weeks after the Administrative Claim Bar Date had passed.

33. For all the reasons stated above, excusable neglect exists such that Movant should be granted leave of court to have its Adminsitrative Rent Claim be deemed timely filed.

34. Alternatively, the Administrative Bar Date Order process of providing a mere 9-day notice to potential administrative claimants to file their claims and providing that notice of the Administrative Claim Bar Date was to be provided only by U.S. First Class Mail created a situation wherein it would be highly difficult for creditors to timely file their administrative claims. As

12

such, the Administrative Claim Bar Date Order lacks due process and should be vacated and renoticed with a reasonable time period for compliance. As stated, this lack of due process is evidenced by the incredibly high number (52) and amount ($372,489.04) of administrative claims that the Debtor has objected to on the basis of being late filed. Those figures are extraordinarily unusual for a chapter 11 case and speak for themselves. Accordingly, in the event that Movant's request for leave to have its Administrative Rent Claim be deemed timely filed under Rule 9006(b)(1), Movant requests that the Court vacate the Administrative Claim Bar Date Order and have a new administrative bar date set to a date that provides creditors with reasonable notice and opportunity to file their administrative claims. Instructive in this matter is Federal Rule of Bankruptcy Procedure 2002(a)(7), which provides that at least 21 days' notice must be given to creditors to file their proofs of claim. The 9-day period provided in the Administrative Claim Bar Date Order does not comport with the substance and spirit of this Rule and, for that and many other reasons already discussed, lacks due process such that the Administrative Claim Bar Date Order should be vacated.

WHEREFORE, based upon the reasons set forth above, Movant requests that the court enter an order granting this Motion, granting leave of court to allow the late filing of the Administrative Rent Claim, or, in the alternative, vacating the Administrative Claim Bar Date Order, and granting such other and further relief as is equitable and just.

This 20th day of October, 2023.                FisherBroyles, LLP

 */s/     Rob L. Phillips*
Rob Phillips
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Tel: 702.518.1239

13

rob.phillips@fisherbroyles.com

*Counsel for Powerhouse TSSP, LLC*