Rob Phillips
FisherBroyles, LLP
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
702.518.1239
rob.phillips@fisherbroyles.com

*Counsel for Powerhouse TSSP LLC*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

Cash Cloud, Inc.
dba Coin Cloud,

    Debtor.

BK-S-23-10423-MKN

Chapter 11

**AFFIDAVIT OF THOMAS R. WALKER**

I, Thomas R. Walker, appearing before the undersigned notary and being duly sworn, hereby declare upon my own personal knowledge:

1. I am over the age of 18 and make this Affidavit voluntarily. The statements contained herein are from my own personal knowledge and are true and correct.

2. This Affidavit is written in support of the Motion for Leave to File Late Proof of Administrative Claim or, in the Alternative, for an Order Vacating the Administrative Claim Bar Date Order (the "<u>Motion</u>").

3. On June 5, 2023, I sent my first email to Jeanette McPherson, Brett Axelrod, Nicholas Koffroth and Zachary Williams (collectively, "<u>Debtors' Counsel</u>") requesting payment of $139,476.90 in "stub rent" due (for February 7, 2023 to February 28, 2023) under the Lease (as such term is defined in the Motion) and $185,871.09 in "holdover rent" due (for March 1, 2023 to March 29, 2023) under the Lease (such amounts, collectively, the "<u>Administrative Rent Claim</u>").

4. On June 12, 2023, I sent a follow-up email to my June 5, 2023 because I had not yet received a response to such email. Later that day, Ms. McPherson responded indicating that they were investigating the matter and asking for additional information. I exchanged multiple additional emails with Ms. McPherson throughout that day engaging in discussions attempting to determine the proper amount of the Administrative Rent Claim.

5. On June 14, 2023, additional emails were exchanged with Debtors' Counsel. In such emails, I provided additional backup information requested by Debtors' Counsel with respect to the Administrative Rent Claim and noted that I would work with my client to obtain some additional information requested by Debtors' Counsel.

6. On August 14, 2023 (my first day back in the office from my family vacation, Saturday, August 5, 2023 through Saturday, August 12, 2023), I sent an email providing Debtor's Counsel with the additional information they requested.

7. On August 16, 2023, Ms. McPherson responded to my August 14, 2023 email by stating the following: "Our records are not showing that TSSP filed a motion for an administrative claim prior to the deadline. Have we overlooked your client's filing?" Until receipt of this email, I was unaware of any bar date with respect to administrative claims in the bankruptcy case. The receipt of this email represents the first time I was aware that a bar date with respect to administrative claims had been established.

8. Immediately upon receipt of Ms. McPherson's August 16, 2023 email to me, I began investigating the situation of the apparently passed administrative claims bar date by, among other things, reviewing the Emergency Motion for Entry of an Order Establishing Administrative Claim Bar Date for Filing Proofs of Administrative Expense Claim and Approving Form, Manner and Sufficiency of Notice Thereof; Memorandum of Points and Authorities in Support Thereof

filed on June 29, 2023 at Docket No. 789 in the Bankruptcy Case (the "Administrative Claim Bar Date Motion"), the Certificate of Service filed on July 3, 2023 at Docket No. 801 in the Bankruptcy Case with respect to the Administrative Claim Bar Date Motion (the "Administrative Claim Bar Date Motion COS"), the Order Establishing Administrative Claim Bar Date for Filing Proofs of Administrative Expense Claim and Approving Form, Manner and Sufficiency of Notice Thereof entered on July 11, 2023 at Docket No. 823 in the Bankruptcy Case (the "Administrative Claim Bar Date Order"), the Notice of Entry of Administrative Claim Bar Date Order Establishing a Deadline to File Administrative Expense Claims Against the Debtor filed on July 11, 2023 at Docket No. 824 in the Bankruptcy Case (the "Administrative Claim Bar Date Notice") and the Certificate of Service with respect to the Administrative Claim Bar Date Notice filed on July 13, 2023 at Docket No. 841 in the Bankruptcy Case (the "Administrative Claim Bar Date Notice COS").

9. Upon review of the filed and entered documents noted in Paragraph 8 above, I noted that the Administrative Claim Bar Date Notice COS indicated that service, via U.S. First Class Mail had purportedly been served upon me at the following address: Powerhouse TSSP, LLC c/o FisherBroyles, LLP Attn: Thomas R. Walker 3340 Peachtree Rd NE Ste 1800 Atlanta GA 30326 (the "Purported Service Address").

10. My firm has very strict protocols regarding incoming mail. I never received a copy of the Administrative Claim Bar Date Notice at the Purported Service Address or any other address. Further, I checked with those at my firm responsible for overseeing my firm's process of receiving mail, and they indicated that the Administrative Claim Bar Date Notice was never received.

11. I also conducted a thorough search of my emails received from Debtors' Counsel and, despite the fact that Debtors' Counsel were aware of our ongoing negotiations regarding the

Administrative Rent Claim, I found no emails from Debtors' Counsel or anyone else affiliated with the Debtors informing me of the establishment of the Administrative Claim Bar Date.

12. I continued my investigation into the facts and issues regarding the purported service of the Administrative Claim Bar Date Notice with my firm and with my client between August 16, 2023 and August 25, 2023.

13. On August 25, 2023, I sent an email to Debtors' Counsel informing them that I had conducted an investigation into the issue of the service of the Administrative Claim Bar Date Notice and asking to have a call to discuss this matter.

14. I participated in a call with Ms. McPherson on Monday, August 28, 2023 and discussed, among other things, that the Administrative Claim Bar Date Notice had not been received by me at all, that the Administrative Claim Bar Date Notice had been received by my client, but that such service was received on or about August 7, 2023 (more than two weeks after the Administrative Claim Bar Date had passed), and that the purported service of the Administrative Claim Bar Date Notice upon me and my client via U.S. First Class Mail was not reasonable given that the Administrative Claim Bar Date was set a mere nine (9) calendar days after the Administrative Claim Bar Date Order was entered, particularly since we were in active negotiations regarding my client's Administrative Rent Claim and they could have easily notified me via email. Based upon these facts, I also asked Ms. McPherson whether we could resolve the issue to allow the Administrative Rent Claim to be filed after the Administrative Claim Bar Date by consent.

15. On August 28, 2023, after the call with Ms. McPherson, I sent an email to her summarizing the content of our discussion and reiterating my request to work out a consensual

resolution whereby my client would be permitted to file its Administrative Rent Claim after the Administrative Claim Bar Date.

16. On September 1, 2023, having not received any follow-up communication from Ms. McPherson, I wrote an email to her requesting that she provide me with a response to my request to allow the late filing of the Administrative Rent Claim.

17. In response to my September 1, 2023 email to Ms. McPherson, she responded with an email stating the following: "I spoke with Brett Axelrod. No, we are not going to be able to work this out." That same day, I sent an email in reply stating the following: "Do you mind having a call to discuss. The fact is that we were not served. So, I do not understand." Ms. McPherson responded the same day in an email as follows: "I have a deadline for a brief today so I can't today. However, ECF 841 provides that TSSP was served." Later that day, I responded with another email to Ms. McPherson stating, among other things, that it made no sense to argue that my client was served when they did not receive the Administrative Claim Bar Date Notice until more than two weeks after the Administrative Claim Bar Date had passed, that it was virtually impossible for any creditor to file a timely Administrative Claim unless they had ECF notification and that, if we could not work out the issue, I would have no choice but to file a motion for leave to file a late administrative claim and that I would also likely ask the court to vacate the Administrative Claim Bar Date Order itself. Ms. McPherson responded in an email to me on September 2, 2023 in which she stated the following: "Since we've already discussed this and corresponded I don't believe there is anything more to address at this point. I believe we are at an impasse."

18. Upon there being no apparent ability to work out a resolution with Debtors' Counsel, on September 1, 2023, the Administrative Rent Claim was sent to the Bankruptcy Court for filing

via Federal Express for delivery on Monday, September 4, 2023. The Bankruptcy Court later returned the Administrative Rent Claim to our firm, stating that it could not be accepted because it did not contain an original signature. Accordingly, on Thursday, September 21, 2023, the Administrative Rent Claim (with an original signature) was sent to the Bankruptcy Court for filing and was received by the Bankruptcy Court on Friday, September 22, 2023.

FURTHER AFFIANT SAYETH NOT

_____
Thomas R. Walker

Sworn and subscribed before me this 18th day of October, 2023.



_____
Notary Public