BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
DANIEL MANN, ESQ.
Nevada Bar No. 15594
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
         dmann@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**DECLARATION OF DANIEL AYALA IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT WITH COLE KEPRO INTERNATIONAL, LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**<br><br>Hearing Date:  November 30, 2023<br>Hearing Time:  10:30 a.m. |

1

I, Daniel Ayala, declare as follows:

1. I am the Independent Director of Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case").

2. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. I make this Declaration in support of the *Joint Motion to Approve Settlement Agreement With Cole Kepro International, LLC Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 1375] (the "Motion").[1]

4. Prior to the Petition Date: (i) the Debtor initiated a lawsuit against Cole Kepro International, LLC ("CKI") captioned Cash Cloud Inc. v. Cole Kepro International, LLC, Case No. A-22-854226-B, and (ii) CKI initiated a lawsuit against the Debtor captioned Cole Kepro International, LLC v. Coin Cloud, LLC, Case No. A-22-860298-B (collectively, the "CKI Litigation"). The CKI Litigation was consolidated under Case No. 22-854226-B by the Eighth Judicial District Court in Clark County, Nevada and was stayed on the Petition Date. On April 25, 2023, the Clark County, Nevada District Court entered a Civil Order to Statistically Close Case, which statistically closed the CKI Litigation.

5. The CKI Litigation concerns claims related to the purchase of digital currency machines ("DCMs") by the Debtor from CKI. CKI asserted that the Debtor owes it approximately $9.5 million for DCMs that were ordered by, manufactured for, inspected and approved by, and delivered to the Debtor prior to the Petition Date. In an initial bankruptcy filing, the Debtor disputed these allegations. The Debtor asserted that certain DCMs that it purchased prior to the Petition Date were defective and claims that it has incurred substantial, but unquantified damages due to the alleged defect. CKI disputed these allegations.

6. The Parties, after months of good faith, arms-length negotiations through sophisticated counsel, have reached a resolution of their disputes, which resolution is memorialized in the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

Settlement Agreement.

7. The outcome of continued litigation of the CKI Litigation was uncertain. CKI has, and has represented that it will continue to, vigorously defend its position with respect to the CKI Litigation. Therefore, resolving all issues associated with the CKI Litigation will provide the Debtor with certainty and a prompt resolution, while greatly reducing the costs and risk associated with litigation.

8. The difficulties in collection against CKI may be significant if the Settlement Agreement is not approved. Because of the non-payment of amounts allegedly owed by the Debtor, CKI faces its own severe financial distress. If the CKI Litigation were to continue and CKI continues on its current trajectory, it is likely that CKI would be forced to commence its own bankruptcy proceedings. Thus, even if the Debtor were successful with respect to the CKI Litigation, any judgment would likely result in an unsecured claim in a CKI bankruptcy case, which claim would be junior to the secured claims of Fifth Third Bank and others. As such, recovery on such a judgment is uncertain.

9. Absent a settlement, the Debtor and CKI would likely be embroiled in substantial, time consuming and expensive litigation, the result of which is uncertain. Such litigation would require the Debtor (or its successor) to expend significant funds, which are currently scarce in the Debtor's estate. While the Debtor could possibly source financing or seek to have the CKI Litigation prosecuted on a contingency basis, such arrangements cap the benefit that success in the litigation might provide. Further, given CKI's own distress and possible bankruptcy, the inconvenience, expense and delay attendant to the CKI Litigation could be exacerbated. Because the CKI Litigation was only commenced in June of 2022, the case will not be ready for trial anytime soon, such that the delay attendant to the CKI Litigation is substantial.

10. The Debtor evaluated the offer by Chris McAlary, and decided against it because it was for the purchase of multiple litigation claims that valued the claims much less than possibly settling them separately. Also, another factor that was considered is there is a current derivative claim against Chris McAlary. Any purchase of the litigation claim could impact the collectability of that potential judgment.

3

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed this 20th day of October 2023.

                                              */s/Daniel Ayala*
                                              Daniel Ayala

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)