# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | : | Case No. BK-23-10423-mkn |
| | : | |
| CASH CLOUD, INC., dba COIN CLOUD, | : | Chapter 11 |
| | : | |
| Debtor. | : | **DECLARATION OF TARA TEAM IN SUPPORT OF REPLY IN FURTHER SUPPORT OF APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF BRINK'S INCORPORATED** |

I, Tara Team, declare as follows:

1. I am the Assistant General Counsel – North America for Brink's U.S., a division of Brink's, Incorporated ("**Brink's**"). I am over the age of 18 and am mentally competent.

2. This declaration (the "**Declaration**") is based on my personal knowledge and made in support of the *Reply in Further Support of the Application for Allowance and Payment of Administrative Expense Claim of Brink's Incorporated*. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. In a telephone conference held on February 3, 2023 (the "**Conference**"), prior to the petition date of February 7, 2023 (the "Petition Date"), the Debtor, along with its financial advisors, discussed the Debtor's anticipated filing for bankruptcy protection and the treatment of Brink's in such bankruptcy with myself, another Brink's representative, Kevin Boland, and Brink's counsel.

4. Ahead of the Conference, the Debtor's advisors provided Brink's with the proposed elements of critical vendor treatment for Brink's.

5. To convince Brink's to continue to provide services to the Debtor post-Petition Date, the Debtor's representatives offered Brink's payment of 50% of its pre-Petition Date claim amounting to $1,259,695 on a post-Petition Date basis as follows: (a) $629,847 upon interim approval of a critical vendor motion, and (b) quarterly distributions of $157,462.00 each for four (4) consecutive quarters (total of $629,848) upon entry of a final critical vendor order and confirmation of a plan of reorganization (the "**Brink's Agreement**").

6. Daniel Ayala was not a participant in the Conference.

7. Without the Brink's Agreement during the Conference, Brink's would have declared the services agreement to be in breach and would not have performed post-Petition Date.

8. As a cryptocurrency ATM provider, armored carrier services, like those provided by Brink's are integral and necessary to the continued operation of the Debtor.

9. The post-Petition Date services provided to the Debtor, in reliance on the Brink's Agreement, directly and substantially benefitted the estate by allowing the Debtor to operate pending the sale and be sold as a going concern.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed this 25th day of October 2023.

/s/ *Tara Team*
Tara Team