```
                    UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF NEVADA (LAS VEGAS)

                                        .
IN RE:                                  .  Case No. 23-10423-mkn
                                        .  Chapter 11
CASH CLOUD, INC.,                       .
                                        .
                                        .  300 Las Vegas Blvd. South
                      Debtor.           .  Las Vegas, NV 89101
                                        .
                                        .  Thursday September 21, 2023
. . . . . . . . . . . . . . . . . . .   .  10:40 a.m.
```

 TRANSCRIPT OF OBJECTION TO CLAIM 136 OF THORNTONS LLC IN THE
 AMOUNT 2,2269,000.00 OBJECTION TO CLAIM NUMBER 136 FILED BY
THORNTONS LLC ON BEHALF OF JEANETTE E. MCPHERSON ON BEHALF OF
                   CASH CLOUD, INC. [1041];
OST RE: EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR'S ENTRY
INTO SERVICES AGREEMENT WITH PROPOSED ORDER FILED BY BRETT A.
         AXELROD ON BEHALF OF CASH CLOUD, INC. [1205]
           BEFORE THE HONORABLE MIKE K. NAKAGAWA
            UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES CONTINUED.

```
Audio Operator:          Cathy Shim, Remote ECR

Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46048
                         (855) 873-2223
                         www.accesstranscripts.com
```

     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
TELEPHONIC APPEARANCES:

For Cash Cloud, Inc.:      Fox Rothschild LLP
                           By:  BRETT A. AXELROD, ESQ.
                           1980 Festival Plaza Drive, Suite 700
                           Las Vegas, NV 89135
                           (702) 262-6899

                           The Jimmerson Law Firm, P.C.
                           By:  JAMES JIMMERSON, ESQ.
                           415 South 6th Street, Suite 100
                           Las Vegas, NV 89101
                           (702) 388-7171

For the Official          Seward & Kissel
Committee of Unsecured    By:  ANDREW J. MATOTT, ESQ.
Creditors:                One Battery Park Plaza
                          New York, NY 10004
                          (212) 574-1632

For Lux Vending, LLC       Carlton Fields, P.A.
d/b/a Bitcoin Depot:       By:  ADAM P. SCHWARTZ, ESQ.
                           4221 W. Boy Scout Blvd., Suite 1000
                           Tampa, FL 33601
                           (813) 229-4336

                           Holley Driggs
                           By:  STACY H. RUBIN, ESQ.
                           300 South Fourth Street, Suite 1600
                           Las Vegas, NV 89101
                           (702) 791-0308

For Genesis Global         Snell & Wilmer LLP
Holdco:                    By:  ALEXIS WENDL, ESQ.
                           3883 Howard Hughes Parkway #1100
                           Las Vegas, NV 89169
                           (702) 784-5200
```

1

1          (Proceedings commence at 10:32 a.m.)

2              THE COURT:  10:30 calendar is in Cash Cloud, Inc. v.

3    Lux Vending.  May I have appearances?

4              MR. JIMMERSON:  Yes, Your Honor.  James Jimmerson,

5    Bar Number 12599, on behalf of Cash Cloud, Inc.

6              THE COURT:  Okay.  Thank you.  Other appearances?

7              MS. RUBIN:  Good morning, Your Honor.  Stacy -- oh,

8    go ahead.

9              MR. SCHWARTZ:  Good morning, Your Honor.  Adam

10   Schwartz on behalf of Bitcoin Depot, and with me is Stacy

11   Rubin.

12             THE COURT:  Okay.

13             MS. RUBIN:  Good morning, Your Honor.

14             THE COURT:  Okay.  Thank you.

15             All right.  Any other appearances in the Cash Cloud

16   v. Lux Vending matter?  All right.  There are none.

17             All right.  Counsel, as you --

18             MS. WENDL:  This --

19             THE COURT:  All right.  Other appearances?

20             MS. WENDL:  Sorry.  Yes, Your Honor.  Good morning.

21   This is Alexis Wendl appearing on behalf of secured creditor,

22   Genesis Global Holdco.  Thank you.

23             THE COURT:  Okay.  Thank you.

24             Okay.  Counsel, as you're well aware, the Court heard

25   a motion, plaintiff's motion for TRO and preliminary

1   injunction, that was heard on April 20th.

2              On May 5th, there was a debtor's Chapter 11 plan,

3   filed as Docket Number 528, which was a toggle plan that

4   provided either for the sale of assets and creation of a

5   creditors' trust, or a reorganization of the debtor going

6   forward.

7              Thereafter, on May 24th the Court heard the

8   defendant's motion to dismiss in this adversary proceeding.

9              And then on June 8th, the principal of the debtor

10  resigned, and then the independent director, Mr. Ayala, took

11  over as the designated representative.

12             On June 30th of this year, there was an order

13  approving a substantial -- a sale of substantially all of the

14  assets that was entered.

15             On July 24th, there was a derivative standing motion

16  that was filed to provide standing to the creditors' committee

17  in the case.

18             On August 3rd, there was a derivative standing

19  stipulation, a file that was objected to.

20             On August 7th, there was a motion to convert the case

21  to Chapter 7.

22             On August 17th, there was a hearing on plan

23  confirmation.

24             On August 25, there was an order confirming the

25  proposed alternative plan that was entered.

1               And then on September 18th, there was an order

2   entered denying the motion to convert the case to a Chapter 7.

3               So we've had those developments in this proceeding.

4   They've somewhat affected the -- where the Court is going with

5   this case.

6               And so, Mr. Jimmerson, what I would simply ask is, if

7   you followed all of that, who is the client representative with

8   respect to this proceeding?  Is it Mr. Ayala?

9               MR. JIMMERSON:  Yes, Your Honor.

10              THE COURT:  Is it the creditors' committee in the

11  case?  Who is it, by any chance?

12              MR. JIMMERSON:  We believe it'd be Mr. Ayala now

13  until there's an establishment of a litigation trust.

14              THE COURT:  Okay.

15              MR. JIMMERSON:  And my understanding is that there

16  has not been appointment of any trustee for such a trust, and

17  so right now I get my marching orders from Mr. Ayala.

18              THE COURT:  Okay.  And then, do you have any idea

19  what the contours of that litigation trust will be?  Will

20  Mr. Ayala continue to serve as, I guess, a representative of

21  the trustee of the client -- of the litigation trust, or do you

22  know any of that detail at this time?

23              MR. JIMMERSON:  I do not have any of that detail at

24  this time, Your Honor.

25              THE COURT:  Okay.  All right.

```
 1              MR. MATOTT:  Your Honor?

 2              THE COURT:  I'm sorry.  Who's speaking?

 3              MR. MATOTT:  Sorry.  Yeah.  This is Andrew Matott on

 4  behalf of the Official Committee of Unsecured Creditors ---

 5              THE COURT:  Okay.

 6              MR. MATOTT:  -- with Seward & Kissel.  I didn't make

 7  an appearance on this matter.  I was planning on doing so on

 8  the main case, so I apologize on that.

 9              THE COURT:  Okay.

10              MR. MATOTT:  We did file a trust agreement.  I don't

11  have the docket number, but it's not my understanding that

12  Mr. Ayala will have any involvement with that trust.  It will

13  be -- you know, there will be a counsel that has not been

14  picked yet, and a trustee that will be disclosed prior to the

15  effective date.

16              THE COURT:  All right.  So with respect to that then,

17  is there a decision that might be made by the litigation trust

18  whether they'll continue to pursue this matter, or is that

19  pretty much set in stone?

20              MR. MATOTT:  I think there will be a decision made,

21  you know, pending the motion to dismiss, obviously.

22              THE COURT:  Okay.

23              MR. MATOTT:  But I think the anticipation was that

24  the litigation trust -- to the extent that this wasn't resolved

25  prior to it being transferred to the litigating -- a litigation
```

1   trust will pursue that action.

2           THE COURT:  Okay.  All right.  I think that provides

3   the information that the Court needs.  The Court, therefore,

4   will commence preparing the order with respect to both the

5   motion to dismiss and the motion for preliminary injunction.  I

6   will endeavor to have both of those orders out within the next

7   28 days.  Unless Counsel tells me otherwise, I'm simply going

8   to continue this scheduling conference out four to six weeks.

9           Any suggestion, otherwise, Mr. Jimmerson?

10          MR. JIMMERSON:  No, Your Honor.  As Mr. Schwartz and

11  I have agreed, and it's reflected in the stipulation, discovery

12  in this matter is halted until we have an operative pleading,

13  and so --

14          THE COURT:  Okay.

15          MR. JIMMERSON:  We're work -- just waiting for, you

16  know, action moving forward in an effort to preserve some

17  resources.

18          THE COURT:  Okay.  All right.  Mr. Schwartz, you

19  agree to a continuance out four to six weeks?

20          MR. SCHWARTZ:  Yes, Your Honor.  Adam Schwartz.  Yes,

21  Your Honor.

22          THE COURT:  All right.  Then at that point, we don't

23  know at this juncture as far as the approval of the actual

24  litigation trust.

25          Counsel, is that -- for the creditors' committee, is

1  there some movement afoot to seek any necessary approval of the

2  litigation trust?

3          MR. MATOTT:  Your Honor, I believe that liquidating

4  trust agreement was approved.

5          THE COURT:  Okay.

6          MR. MATOTT:  The only thing, the last moving part was

7  the identification of the litigation trustee, which we're

8  working on.  And I think that'll be in the next couple of

9  weeks, we'll have that hit the docket.  Again, that's, I think,

10  tied to as long as it happens before the effective date.

11          THE COURT:  Okay.  All right.  Thank you.

12          Cathy, what do we have four to six weeks out in the

13  way of a status hearing on the scheduling conference?

14          THE CLERK:  Our next omnibus hearing in the Cash

15  Cloud is October 19 at 10:30.

16          THE COURT:  October 19 at 10:30?

17          THE CLERK:  Uh-huh.

18          THE COURT:  Let me see.  What is the next one after

19  that?

20          THE CLERK:  The next one after that would be November

21  30th.

22          THE COURT:  All right.  That's a little too far out.

23          THE CLERK:  That should be -- okay.

24          THE COURT:  What -- can you -- do we have just a

25  regular calendar date in mid-November?

```
 1                    THE CLERK:  Sure.
 2                    THE COURT:  Do we have anything the week of November
 3   13th?
 4                    THE CLERK:  We can hear it on November 15 at 9:30.
 5                    THE COURT:  November 15 at 9:30.  All right.
 6                    Mr. Jimmerson, November 15 at 9:30, does that work
 7   for you?
 8                    MR. JIMMERSON:  It does, Your Honor.
 9                    THE COURT:  Okay.  Mr. Schwartz, does that work for
10   you?
11                    MR. SCHWARTZ:  Adam Schwartz.  Yes, Your Honor.
12                    THE COURT:  Okay.  Does that work for all counsel?
13   Continue this for status to November 15th at 9:30?  All right.
14   Hearing no objection, Item 1 will be continued to November 15th
15   at 9:30.  All right.  Thank you, Counsel.
16                    Item 2 on the 10:30 calendar in the Cash Cloud
17   matters is the objection to Claim Number 136 filed by the
18   debtor in the matter.  May I have appearances?
19                    MR. AXELROD:  Morning, Your Honor.  Brett Axelrod,
20   Fox Rothschild, for the debtor.
21                    THE COURT:  Okay.  Any other appearances?
22                    MR. MATOTT:  Good morning, Your Honor.  Andrew
23   Matott, again, on behalf of the Official Committee of Unsecured
24   Creditors (indiscernible).
25                    THE COURT:  All right.  Thank you.  Any other
```

1  appearances?

2          MR. NELSON:  Yes, Your Honor.  This is Phil and Ginny

3  Nelson (phonetic).

4          THE COURT:  Okay.  Okay, Ms. Axelrod?

5          MS. WENDL:  This is Alexis Wendl, again, appearing on

6  behalf of the secured creditor, Genesis.

7          THE COURT:  All right.

8          MS. WENDL:  Thank you.

9          THE COURT:  Okay.  Thank you.  Any other appearances?

10 Okay.

11         Ms. Axelrod, was there any response filed to the

12 claim objection?

13         MS. AXELROD:  We've had informal responses that we're

14 working out with Thorntons, Your Honor, and with the unsecured

15 creditors' committee, and we are seeking a short continuance to

16 10/19, where we believe that this will all be resolved, and

17 we'll be able to present you with a consensual order.

18         THE COURT:  I see.  All right.  So you want to go to

19 October 19th at --

20         Cathy, what time is that?

21         THE CLERK:  At 10:30 a.m.

22         THE COURT:  At 10:30 a.m.  All right.

23         Mr. Matott, was there -- was that your understanding

24 as well?

25         MR. MATOTT:  Yes, Your Honor.  No objection from the

1    committee.

2           THE COURT:  Okay.  Are there any objections to

3    continuing this claim objection hearing to October 19th at

4    10:30?  Hearing none the preceding will be continued.  Thank

5    you.

6           The final matter on the 10:30 calendar in the Cash

7    Cloud proceeding is the emergency motion for order authorizing

8    the debtor to enter into a servicing -- a services agreement.

9    May I have appearances?

10           MS. AXELROD:  Brett Axelrod, Fox Rothschild, for the

11    debtor.

12           THE COURT:  Okay.  Thank you.

13           MR. MATOTT:  Andrew Matott, Seward & Kissel, on

14    behalf of the Official Committee of Unsecured Creditors.

15           THE COURT:  Okay.  Any others?

16           MS. WENDL:  Alexis Wendl, on behalf of Genesis.

17    Thank you.

18           THE COURT:  Okay.  Thank you.  Any other appearances

19    on this matter on an order shortening time?  Okay.  There are

20    none.

21           Ms. Axelrod, did you receive any response to this

22    particular motion?

23           MS. AXELROD:  Brett Axelrod.  I did not receive any

24    response, either formal or informal.

25           THE COURT:  Okay.  And I take it that this is

1  essential, as indicated by the declarations of Mr. Ayala and

2  the declaration from Mr. Haller, to essentially secure the

3  funds that are -- may still be in the various DCMs.  Is that

4  correct?

5         MS. AXELROD:  Brett Axelrod.  Yes, that is correct,

6  Your Honor.

7         THE COURT:  Okay.  Do you receive any other -- any

8  opposition or other response to the motion?

9         MS. AXELROD:  Brett Axelrod.  I have not.

10         THE COURT:  Okay.  Mr. Matott, does the creditors'

11 committee join or support the motion?

12         MR. MATOTT:  We have no position.  We support the

13 debtor's business judgment on the shortened time.

14         THE COURT:  Okay.  Does anyone else wish to be heard

15 on this motion?  All right.  Hearing none, I'll grant the

16 motion on an expedited basis.

17         I'll direct Ms. Axelrod to prepare and submit the

18 order, as necessary.

19         And Mr. Matott, do you want to sign off?

20         MR. MATOTT:  No.  Thank you, Your Honor.

21         THE COURT:  All right.  Ms. Wendl, do you want to

22 sign off?

23         MS. WENDL:  No.  Thank you, Your Honor.

24         THE COURT:  Okay.  The signature is waived.

25         Ms. Axelrod, go ahead and submit the order.

```
1              MS. AXELROD:  Thank you, Your Honor.

2              THE COURT:  Thank you.  That concludes the 10:30

3    calendar.  Court is in recess until 1:30.

4         (Proceedings concluded at 10:44 a.m.)

5                         *  *  *  *  *

6

7

8

9

10

11

12

13

14              C E R T I F I C A T I O N

15

16         I, Alicia Jarrett, court-approved transcriber, hereby

17   certify that the foregoing is a correct transcript from the

18   official electronic sound recording of the proceedings in the

19   above-entitled matter.

20

21

22

23   _____

24   ALICIA JARRETT, AAERT NO. 428      DATE: October 26, 2023

25   ACCESS TRANSCRIPTS, LLC
```