BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
       jmcpherson@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**DECLARATION OF STEPHANIE BALDI IN SUPPORT OF OPPOSITION TO MOTION FOR LEAVE TO FILE LATE PROOF OF ADMINISTRATIVE CLAIM OR IN THE ALTERNATIVE, FOR AN ORDER VACATING THE ADMINISTRATIVE CLAIM BAR DATE ORDER**<br><br>Hearing Date:  November 30, 2023<br>Hearing Time:  10:30 a.m. |

I, Stephanie Baldi, declare as follows:

1. I am the Vice President of People of Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case").

2. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. I submit this declaration (the "Declaration") in support of the Opposition To Motion For Leave To File Late Proof Of Administrative Claim Or In The Alternative, For An Order Vacating

151576574.1

1

1  The Administrative Claim Bar Date Order ("Opposition").[1]

2  4.  On February 7, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

5.  On February 15, 2023, shortly after the Petition Date, the Debtor filed Debtor's Motion For Approval Of Rejection Of Unexpired Lease With TSSP LLC Pursuant To 11 U.S.C. § 365(a) And Abandonment Of Any Property That Remains At Premises ("TSSP Motion").

6.  As set forth in the TSSP Motion, the Debtor sought to reject the real property lease with TSSP LLC ("TSSP") effective as of February 28, 2023. In addition, the TSSP Motion requested authorization to abandon any property that might remain at the leased premises (the "TSSP Premises"). TSSP did not respond to the TSSP Motion.

7.  On February 27, 2023, an *Order Granting Debtor's Motion For Approval Of Rejection Of Unexpired Lease With TSSP LLC Pursuant To 11 U.S.C. § 365(a) And Abandonment Of Any Property That Remains At Premises* was entered [ECF 172] ("Rejection Order"). The Rejection Order provides that the rejection of the Debtor's lease with TSSP was effective as of February 28, 2023 and that any property remaining at the TSSP Premises ("Remaining Property") was abandoned.

8.  I had an initial walk through of the TSSP Premises with the property manager, Brandy Dumas of SKR Real Estate Services, on February 24, 2023 at 2:30 p.m. At this time, I informed Ms. Dumas that the Debtor was vacating the TSSP Premises on February 28, 2023.

9.  Having vacated as of February 28, 2023, I, along with Jim Hall and Victor Garcia, employees of the Debtor, had a final walk through with TSSP's property manager, Ms. Dumas, on Wednesday, March 1, 2023 at 9:00 a.m. and all keys were turned over to Ms. Dumas at this time and she accepted them. The TSSP Premises was in excellent condition at the time the Debtor moved out on February 28, 2023. At this time, there was some property abandoned at the TSSP Premises, including four cages, basic office trash cans, cleaning equipment, four cubicles, and two refrigerators (the "Remaining Property").

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Opposition.

2

151576574.1

10. I informed Ms. Dumas that the Debtor abandoned the Remaining Property. However, I was informed by Ms. Dumas that the Debtor needed to remove the Remaining Property and she informed me that once the Debtor was able to schedule a company to break down the cages and the cubicles that the Debtor should inform her and she would grant the Debtor access to the TSSP Premises so that the Debtor could remove the Remaining Property.

11. Despite the Rejection Order authorizing the Debtor's abandonment of the Remaining Property, to comply with TSSP's request, I made special arrangements to disassemble and remove the Remaining Property. Arrangements for removal took some time given that the Debtor had to locate someone with the skills to remove the cubicles given that they had electricity running to them. On March 29, 2023, the Remaining Property was removed and thrown into a dumpster that the Debtor had rented for the TSSP Premises. Upon removal of the Remaining Property, I emailed Ms. Dumas, the Debtor's property manager, and informed her that all Remaining Property had been removed. ("Debtor Email").

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing statements are true and correct to the best of information, knowledge and belief.

Executed this 10 day of November, 2023.

/s/ Stephanie Baldi
Stephanie Baldi

151576574.1

3