BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
      nkoffroth@foxrothschild.com
*Counsel for Debtor*

Anne T. Freeland, Esq.
Nevada Bar No. 10777
**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500
Fax:    801.931.2500
Email: atfreeland@michaelbest.com

-and-

Justin M. Mertz, Esq.
Wisconsin Bar No. 1056938
(Admitted *pro hac vice* July 20, 2023)
**MICHAEL BEST & FRIEDRICH LLP**
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Phone: 414.225.4972
Fax:    414.956.6565
Email: jmmertz@michaelbest.com

-with local counsel-

John T. Wendland, Esq.
Nevada Bar No. 7207
**W&D LAW**
861 Coronado Center Drive, Suite 231
Henderson, NV 89052
Phone: 702.314.1905
Fax:    702.314.1909
Email: jwendland@wdlaw.com
*Counsel for AVT Nevada, L.P.*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>          Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR APPROVAL OF: (I) COMPROMISE, PURSUANT TO FED. R. BANKR. P. 9019, BETWEEN DEBTOR AND AVT NEVADA, L.P.**<br><br>Hearing Date:   December 27, 2023<br>Hearing Time:  9:30 a.m. |

1

150193397.2

Cash Cloud, Inc. dba Coin Cloud (the "Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), by and through its counsel, Fox Rothschild LLP, hereby files this motion (the "Motion") for the entry of an order, pursuant to Bankruptcy Rules 9019(a)[1] and 6006, and sections 105(a) and 365 of the Bankruptcy Code, approving and assuming the *Settlement Agreement* (the "Settlement Agreement")[2] between the Debtor on the one hand, and AVT Nevada, LP ("AVT," and together with Debtor, the "Parties"), on the other hand. A true and correct copy of the Settlement Agreement is attached as **Exhibit "1"**. By this Motion, the Debtor requests approval of the Settlement Agreement and authorization from the Court to take all actions contemplated by the Settlement Agreement. The Motion is made and based upon the following memorandum of points and authorities, the papers and pleadings on file with the Court in the Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PRELIMINARY STATEMENT**

1. The Settlement Agreement provides a resolution of certain claims and disputes between the Parties as stated therein. The parties request that the Settlement Agreement be approved and assumed because it is in the best interests of the Debtor's estate and creditors.

**II.**

**JURISDICTION**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

[2] Capitalized terms not defined herein shall have the meanings assigned to them in the Settlement Agreement.

150193397.2

4. The statutory bases for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 9019(a).

### III.

### FACTUAL BACKGROUND

**A.  General Background**

5. On February 7, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case in this Court.

6. The Debtor is continuing in possession of its property and is operating and managing its business as a debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108.

7. On February 17, 2023, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [ECF No. 131, as amended on February 28, 2023, ECF No. 177].

**B.  Background to Settlement Agreement**

8. AVT alleges that the Debtor entered a certain prepetition Master Lease Agreement (the "Lease") whereby AVT leased a total of 594 Bitcoin kiosks (the "AVT Collateral") to the Debtor. *See* Docket No. 785 (the "AVT Sale Objection") at 2. AVT alleges that it acquired title to the AVT Collateral pursuant to a sale-leaseback agreement with the Debtor, pursuant to which AVT leased the AVT Collateral back to the Debtor under the Lease. *See id.* at 3. AVT filed a UCC-1 financing statement purporting to secure the obligations owed to AVT on account of the Lease. *See id.*, Ex. A.

9. On June 19, 2023, the Debtor filed a motion [Docket No. 730] (the "Sale Motion") to approve the sale results obtained at the auction. On June 29, 2023, AVT filed an opposition [Docket No. 785] to the Sale Motion restating an oral objection made at the sale hearing, which contended, *inter alia*, that the Debtor could not sell the AVT Collateral because it was not property of the estate. The Court overruled AVT's objection to the sale. On June 30, 2023, the Court entered the order [Docket No. 795] (the "Sale Order") approving the sale, which, among other things, preserved the Debtor's right to assert surcharge claims against the Secured Creditors.

150193397.2

10. On July 24, 2023, Debtor filed its *Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* [ECF No. 926] (the "Surcharge Motion").

11. On September 1, 2023, AVT filed its *Objection to Debtor's Motion to Surcharge* [ECF No. 1163].

12. On September 14, 2023, the Court issued its *Order Regarding Pretrial and Trial Matters* [ECF No. 1220, 1248, as amended] regarding Debtor's Surcharge Motion.

13. On September 15, 2023, Debtor filed its *Omnibus Reply in Support of Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* [ECF No. 1243]. Debtor sought to surcharge AVT in the amount of $160,738.00.

14. After significant negotiations, the Parties determined that it is in their best interests to amicably resolve, settle, and compromise the disputes between them as provided in the Settlement Agreement without the risk or expense attendant to potential litigation. As a result, the Parties executed the Settlement Agreement, the terms of which are outlined below.

## IV.

## THE SETTLEMENT TERMS

15. The Settlement Agreement sets forth the following material terms:[3]

a. The Debtor will release and remit $70,400 of the Undisputed Units Proceeds to AVT and the Debtor may retain $57,040 of the Undisputed Units Proceeds.

b. The Debtor will release and remit $73,289 of the Disputed Units Proceeds ($36,644.50 to AVT and $36,644.50 to Enigma) and the Debtor may retain $22,960 of the Disputed Units Proceeds.

---

[3] This summary is qualified by the more specific terms of the Settlement Agreement. To the extent of any discrepancy, the Settlement Agreement controls. Capitalized terms have the meaning as set forth in the Settlement Agreement.

4

150193397.2

c. Enigma joins Agreement with respect to the distributions. AVT and Enigma release each other from any and all claims with respect to the Disputed Units and the Disputed Units Proceeds; and

d. Nothing within the Settlement Agreement shall be considered an admission or concession as to (a) the ownership of the Equipment, (b) the nature of AVT's Claim and Administrative Claim against the Debtor, or (c) the Debtor's right, entitlement, or ability to surcharge the Equipment as argued in the Surcharge Motion. The Parties reserve all rights with respect to such positions.

## IV.

## LEGAL AUTHORITY

**A.    The Debtor should be Permitted to Enter into the Settlement Agreement Pursuant to Bankruptcy Rule 9019(a).**

i.    Legal Standard.

"Compromises are a normal part of the process of reorganization." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (citations and internal quotation marks omitted). Accordingly, Bankruptcy Rule 9019 provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

The Court is afforded "great latitude in approving compromise agreements." Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." Martin v. Kane (In re A&C Props.), 784 F.2d 1377, 1380-81 (9th Cir. 1986). Moreover, "[t]he law favors compromise and not litigation for its own sake . . . ." Id. at 1381. Accordingly, to approve a settlement agreement, a bankruptcy court need not conduct a mini-trial on the merits of the claims or an exhaustive investigation into the underlying dispute between the parties. United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.), 669 F.2d 1325, 1328 (9th Cir. 1982). It is sufficient that the court find that the settlement was negotiated in good faith and that it is fair and equitable. A&C Props., 784 F.2d at 1381.

5

150193397.2

The Ninth Circuit has identified four factors that a bankruptcy court must consider in determining whether a proposed settlement agreement is reasonable, fair and equitable:

    (a)    the probability of success in the litigation;

    (b)    the difficulties, if any, to be encountered in the matter of collection;

    (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

A & C Props., 784 F.2d at 1381 (citations omitted).

In considering these factors, bankruptcy courts need only canvass the issues, not decide disputed facts and questions of law. See Burton v. Ulrich (In re Schmitt), 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997). "If the court were required to do more than canvass the issue[s], 'there would be no point in compromising; the parties might as well go ahead and try the case.'" Suter v. Goedert (In re Suter), 396 B.R. 535, 548 (D. Nev. 2008) (quoting 10 Collier on Bankruptcy, ¶ 9019.02). Additionally, "while creditors' objections to a compromise must be afforded due deference, such objections are not controlling." A & C Props., 784 F.2d at 1382. Indeed, the settlement need not be the best that could have been achieved, but only must not fall "below the lowest point in the range of reasonableness." In re Pac. Gas & Elec. Co., 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (quoting In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citations and internal quotation marks omitted)); accord Redwood Trust v. Am. Bldg. Storage, LLC (In re Am. Bldg. Storage, LLC), No. CC-06-1259-MOPAD, 2007 WL 7532281, at *5 (B.A.P. 9th Cir. Apr. 2, 2007) (not for publication).

    ii.    **The A&C Properties Factors Weigh in Favor of Approving the Settlement Agreement.**

The Settlement Agreement should be approved because the A&C Properties factors favor the approval. The Debtor believes that the Settlement Agreement is in the best interests of its estate and creditors.

150193397.2

Each of the <u>A&C Properties</u> factors is analyzed below:

- *First*, with respect to the probability of success in litigation, although the Debtor believes that it may be able to prevail if litigation relating to the disputes between the Parties occurred, there is no guarantee of success if litigation arises due to failure to consummate the Settlement Agreement.

- *Second*, with respect to any difficulties to be encountered in the matter, the Debtor believes that the Settlement Agreement provides a meaningful benefit to the estate and avoids the risks of losing at trial on the merits of the Surcharge Motion, particularly in light of the AVT's position that it owns the Equipment at issue.

- *Third*, "the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it," is arguably the most important factor when analyzing the proposed Settlement Agreement in this matter. The Settlement Agreement avoids costly litigation while also striking a balance between the parties' competing interests.

- *Finally,* when analyzing the paramount interest of the creditors and a proper deference to their reasonable views in the premises, it is of utmost importance to note that the terms of the Settlement Agreement were reached in good faith, and with the goal of reaching a compromised resolution that averts the incurrence of additional administrative expense involved in litigation.

Therefore, it is in the Debtor's best interests to proceed with the Settlement Agreement on the terms set forth above and detailed in the Settlement Agreement itself.

## V.
## <u>NOTICE</u>

Copies of this Motion will be served upon: (a) the United States Trustee; (b) counsel to the Committee; (c) counsel to AVT; (d) counsel to Debtor's secured creditors; and (e) all parties that have filed a request for special notice in the Chapter 11 Case, pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, Debtor respectfully submits that no further notice is necessary and that any additional notice should be excused.

150193397.2

## VI.

## **CONCLUSION**

The Settlement Agreement should be approved and assumed for the reasons set forth above. The Settlement Agreement is fair and equitable and was by all accounts negotiated in good faith and otherwise satisfactorily meets the Ninth Circuit's test for approving compromises of controversies under Bankruptcy Rule 9019. Additionally, it is in the best interests of the Debtor, its creditors, and its estate.

WHEREFORE, for all of the foregoing reasons, the Debtor respectfully requests that this Court enter an Order, in the form attached as **Exhibit A** hereto: (i) approving the Settlement Agreement; (ii) authorizing the Debtor to take all actions contemplated by the Settlement Agreement; and (iii) granting such further relief as the Court deems just and proper.

DATED this 17th day of November 2023.

**FOX ROTHSCHILD LLP**

By:  */s/Brett Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

150193397.2

# EXHIBIT 1

Anne T. Freeland, Esq.
Nevada Bar No. 10777
**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500
Fax:    801.931.2500
Email: atfreeland@michaelbest.com

-and-

Justin M. Mertz, Esq.
Wisconsin Bar No. 1056938
(Admitted *pro hac vice* 07/20/2023)
Christopher J. Schreiber, Esq.
Wisconsin Bar No. 1039091
(Admitted *pro hac vice* 09/21/2023)
**MICHAEL BEST & FRIEDRICH LLP**
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Phone: 414.225.4972
Fax:    414.956.6565
Email: jmmertz@michaelbest.com

-with local counsel-

John T. Wendland, Esq.
Nevada Bar No. 7207
**W&D LAW**
861 Coronado Center Drive, Suite 231
Henderson, NV 89052
Phone: 702.314.1905
Fax:    702.314.1909
Email: jwendland@wdlaw.com

*Counsel for AVT Nevada, L.P.*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC.,<br>d/b/a COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**STIPULATION TO RESOLVE AVT NEVADA, L.P.'S OBJECTION TO THE DEBTOR'S MOTION TO SURCHARGE** |

AVT Nevada, L.P. ("**AVT**") and Cash Cloud, Inc. d/b/a Coin Cloud (the "**Debtor**" and, together with AVT, the "**Parties**") hereby stipulate and agree as follows (the "**Stipulation**"):

STIPULATION

PAGE 1

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

# RECITALS

A. The Debtor filed its *Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada, L.P.* [Dkt. 926] (the "**Surcharge Motion**") on July 24, 2023;

B. AVT presented its *Objection to Debtor's Motion to Surcharge* [Dkt. 1162] (the "**Objection**") on September 1, 2023;

C. The Surcharge Motion seeks, *inter alia*, to recover certain costs and expenses against proceeds from the sale of certain equipment (the "**Equipment**") that would otherwise pass to AVT;

D. AVT asserts an ownership interest in the Equipment and contends that the Debtor may not, as a matter of law, surcharge the proceeds of the sale of the Equipment;

E. The Debtor disputes AVT's asserted ownership interest in the Equipment and contends that AVT's interest in the Equipment is limited to a security interest;

F. Enigma Securities Limited ("**Enigma**") separately asserts that it holds a security interest in approximately 111 units of the Equipment (the "**Disputed Units**," with the remaining undisputed Equipment being defined as the "**Undisputed Units**");

G. After the Debtor's bankruptcy sale (the "**Sale**"), $127,440 of the proceeds from the sale of the Undisputed Units (the "**Undisputed Units Proceeds**") was held in escrow pending the resolution of AVT's Objection;

H. Additionally $96,249 of the proceeds from the sale of the Disputed Units (the "**Disputed Units Proceeds**") was held in escrow pending the resolution of Surcharge Motion and AVT's dispute with Enigma;

STIPULATION

PAGE 2

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

I. The Court filed its *Order Regarding Pretrial and Trial Matters* [Dkt. 1220] on September 14, 2023, as amended by Dkt. 1261 (the "**Pretrial Order**"), setting certain contested matters including the Surcharge Motion to come to trial on October 16, 2023, at 9:30 a.m. (PST);

J. The Parties have engaged in good faith negotiations to resolve the Objection and avoid the costs, expenses, and uncertainty of further litigation and have reached an agreement that resolves the Objection and AVT's further participation as anticipated under the Pretrial Order.

K. AVT and Enigma have agreed to resolve any further litigation with respect to the Disputed Equipment.

Now, therefore, the Parties agree as follows:

## **AGREEMENT**

1. The Debtor will release and remit $70,400 of the Undisputed Units Proceeds to AVT. The Debtor may retain $57,040 of the Undisputed Units Proceeds

2. The Debtor will release and remit $73,289 of the Disputed Units Proceeds as follows:

    a. $36,644.50 to AVT; and

    b. $36,644.50 to Enigma.

3. The Debtor may retain the remining $22,960 of the Disputed Units Proceeds;

4. Enigma joins this Agreement with respect to the distribution set forth in Paragraph 2. AVT and Enigma release each other from any and all claims with respect to the Disputed Units and the Disputed Units Proceeds;

5. The Parties agree that nothing within this Agreement shall be considered an admission or concession as to (a) the ownership of the Equipment, (b) the nature of AVT's Claim and Administrative Claim against the Debtor, or (c) the Debtor's right, entitlement, or

STIPULATION

PAGE 3

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

1 ability to surcharge the Equipment as argued in the Surcharge Motion. The Parties reserve all
2 rights with respect to such positions.

3 *[Signature page follows.]*

STIPULATION

PAGE 4

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

STIPULATED AND AGREED BY:

| **AVT NEVADA, L.P.** | **CASH CLOUD, INC. d/b/a COIN CLOUD** |
|---|---|
| *s/ Justin M. Mertz* | |
| By: Justin M. Mertz | By: |
| Its: Attorney | Its: |

AND JOINED BY:

**ENIGMA SECURITIES LIMITED**

*s/ Andrew Kissner*
By: Andrew Kissner
Its: Attorney

STIPULATION

PAGE 5

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

# EXHIBIT A

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
           nkoffroth@foxrothschild.com
*Counsel for Debtor*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>     CASH CLOUD, INC.,<br>     dba COIN CLOUD,<br><br>                              Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR APPROVAL OF COMPROMISE, PURSUANT TO FED. R. BANKR. P. 9019, BETWEEN DEBTOR AND AVT NEVADA, L.P.**<br><br>Hearing Date: December 27, 2023<br>Hearing Time: 9:30 a.m. |

9

150193397.2

The Court, having reviewed and considered the Debtor's Motion[4] for an order, pursuant to Rules 9019 and 6006 of the Federal Rules of Bankruptcy Procedure, for approval and assumption of the Settlement Agreement as more fully set forth in the Motion; and the Debtor having appeared by and through its counsel, Fox Rothschild LLP, and all other appearances having been noted on the record; the Court having stated its findings of fact and conclusions of law on the record at the hearing on the Motion (if any), which findings of fact and conclusions of law are incorporated herein by this reference; and it appearing that the relief requested is warranted on the grounds, among others, that (1) the Settlement Agreement: (a) was negotiated in good faith and is fair and equitable, (b) contemplates an immediate resolution of the disputes between the Parties; (c) avoids litigation which could prove to be protracted and expensive; and (d) is in the best interests of Debtor, its estate and creditors because it resolves the disputes between the Parties; and (2) is a sound exercise of Debtor's business judgment; after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motion is GRANTED; and

**IT IS FURTHER ORDERED** that:

1. The Settlement Agreement is approved;
2. The Debtor is authorized to take all actions contemplated by the Settlement Agreement; and
3. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

---

[4] All capitalized, undefined terms shall have the meaning ascribed to them in the Motion.

150193397.2

Prepared and Respectfully Submitted By:

**FOX ROTHSCHILD LLP**

By:   /s/Brett A. Axelrod
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     NICHOLAS A. KOFFROTH, ESQ.
     Nevada Bar No. 16264
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
     *Counsel for Debtor*

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    AVT Nevada, L.P. consents to entry of the Order.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

11

150193397.2