BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **STIPULATION BETWEEN DEBTOR, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OPTCONNECT MANAGEMENT, LLC RESOLVING OPTCONNECT MANAGEMENT, LLC'S ADMINISTRATIVE CLAIM** |

Cash Cloud, Inc. dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), by and through its counsel, Fox Rothschild LLP, the Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel, McDonald Carano LLP and Seward & Kissel LLP, and OptConnect Management, LLC ("OptConnect", and together with the Debtor and the Committee, the "Parties"), by and through its counsel the Law Office of Brian D. Shapiro, LLC, stipulate and agree as follows (the "Stipulation"):

**RECITALS**

A.    WHEREAS, on February 7, 2023, Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Nevada, commencing the Chapter 11 Case;

150849506.3

B.      WHEREAS, On July 19, 2023, OptConnect filed an *Application for Administrative Claim* [ECF No. 883], therein asserting an administrative claim in an amount of not less than $1,106,151.00 for post-petition services and leased products to the Debtor (the "OptConnect Claim").

C.      WHEREAS, the Debtor and the Committee (except OptConnect, which had not participated in any deliberation regarding this Stipulation as a Committee member) believe that there are grounds to object to the amount of the OptConnect Claim;

D.      WHEREAS, the Parties believe that a consensual resolution of the OptConnect Claim may avoid litigation and subsequent professional fees and expenses, and reduce the size of the OptConnect Claim for the benefit of the Debtor's estate and general unsecured creditors, and

E.      WHEREAS the Parties, having negotiated in good faith and desire to resolve the Debtor's concerns and potential objection to the OptConnect Claim

NOW, THEREFORE, the Parties hereby stipulate and agree to the following:

IT IS STIPULATED AND AGREED that:

1.      OptConnect shall be allowed an administrative claim of $690,000.00 (the "Allowed OptConnect Claim") under sections 503(b)(1)(a) and 507(a)(2) of the Bankruptcy Code.  The Allowed OptConnect Claim shall be deemed "allowed" for all purposes in this Chapter 11 Case and shall not be subject to any challenge, objection, reduction, counterclaim or offset for any reason.

2.       Payment-in-full of the Allowed OptConnect Claim shall be made by the Debtor so as to actually be received by OptConnect by no later than the Effective Date.

3.      This Stipulation shall be binding upon and inure to the benefit of the Debtor, the Debtor's estate, the Committee, OptConnect, as well as their respective heirs, representatives, predecessors, successors (including any Trust) and assigns, as the case may be.  This Stipulation shall be binding on any trustee, or examiner appointed in the Chapter 11 Case and on all other creditors and parties in interest in the Chapter 11 Case. This Stipulation shall remain binding on the Debtor's estate and any chapter 7 trustee in the event that the Chapter 11 Case is converted to a chapter 7 case.

4.      Each of the Parties to this Stipulation, including the Debtor's estate and the Committee, hereby mutually releases, waives and forever discharges the other and all of their successors and assigns, from all claims, losses, causes of action, chapter 5 actions, preferences,

2

150849506.3

avoidance actions, costs, expenses, attorneys' fees, liabilities, indemnities, subrogation (contractual or equitable), duties, and obligations of any nature whatsoever, including statutory and contractual, whether known or unknown, arising from and/or in any manner relating to the OptConnect Claim, the Allowed OptConnect Claim, the prepetition relationship between OptConnect and the Debtor, and their relationship during this Chapter 11 Case.  For the avoidance of doubt, these releases do not release or affect any rights or claims arising out of or related to any actions taken by either Party subsequent to the execution of or in violation of this Stipulation, including but not limited to OptConnect's rights to seek the payment and enforcement of the Allowed OptConnect Claim.

5. Each of the undersigned counsel represents that he or she is authorized to execute this Stipulation on behalf of his or her respective client.

6. The Parties, the Debtor's Claim Agent and the Liquidating Trustee are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation.

Dated this 27th day of November 2023.

**FOX ROTHSCHILD LLP**

By: /s/Brett A. Axelrod
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

**SEWARD & KISSEL LLP**

By: /s/Catherine V. LoTempio
ROBERT J. GAYDA, ESQ.
CATHERINE V. LOTEMPIO, ESQ.
ANDREW J. MATOTT, ESQ.
One Battery Park Plaza
New York, NY 10004

and

**LAW OFFICE OF
BRIAN D. SHAPIRO, LLC**

By: /s/Brian D. Shapiro
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
*Counsel for OptConnect Management, LLC*

**MCDONALD CARANO, LLP**
RYAN J. WORKS, ESQ.
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
*Counsel for The Official Committee of Unsecured Creditors*

150849506.3