BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email:  baxelrod@foxrothschild.com
          nkoffroth@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **STIPULATION ON THE INAPPLICABILITY OF THE AUTOMATIC STAY TO THE FLORIDA OFFICE OF FINANCIAL REGULATION'S AUTHORITY TO PURSUE LIMITED STATE ADMINISTRATIVE ACTION** |

Cash Cloud, Inc. d/b/a Coin Cloud ("Coin Cloud" or "Debtor") stipulates that the Florida Office of Financial Regulation ("OFR") is not subject to the automatic stay and may pursue its administrative action solely to revoke the Debtor's money services business license.  As grounds for the stipulation the parties state:

### <u>JURISDICTION AND VENUE</u>

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

152765020.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## FACTS

3. The OFR is the Florida administrative agency that regulates money services businesses in that state.

4. The OFR issued a money services business license (License No. FT230000313) to Cash Cloud, Inc. d/b/a Coin Cloud ("Coin Cloud" or "Debtor") to operate as a money transmitter pursuant to Part II, chapter 560, Florida Statutes, on February 2, 2021.

5. On February 7, 2023, Coin Cloud filed for chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Nevada which triggered an automatic stay of judicial and administrative proceedings against the Debtor pursuant to 11 U.S.C. § 362(a).

6. In April 2023, the OFR issued an Emergency Suspension Order ("ESO") against Coin Cloud which included Findings of Fact and Conclusions of Law.

7. On April 18, 2023, the OFR issued an Administrative Complaint (Exhibit A) solely seeking revocation of Coin Cloud's license. The Administrative Complaint does not seek monetary penalties.

8. Coin Cloud ultimately waived its right to a hearing on the Administrative Complaint by submitting a Revised Election of Proceeding (Exhibit B) which stated that Coin Cloud did not dispute any of the Complaint's allegations of fact or conclusions of law. Coin Cloud also did not claim OFR's Administrative Complaint was subject to the automatic stay.

9. The OFR and Coin Cloud are of the opinion that under 11 U.S.C. § 362(b)4 the OFR is exempt from the automatic stay and that it may, therefore, exercise its regulatory power under the laws of the State of Florida, and, if deemed appropriate in that administrative proceeding, enter a final order revoking Coin Cloud's money services business license.

10. In order to avoid controversy about the applicability of the automatic stay and exemption, the OFR and Coin Cloud submit this stipulation to notify the Court that Coin Cloud stipulates that the Office is not subject to the automatic stay due to the § 362(b)4 exemption and is, therefore, authorized to pursue its administrative action for license revocation.

**WHEREFORE**, the OFR and Coin Cloud respectfully request that the Court accept the stipulation and find that pursuant to 11 U.S.C. § 362(b)4 the OFR is exempt from the automatic stay

152765020.1

and may pursue its administrative action solely to revoke Coin Cloud's money services business license.

Dated this 8th day of December 2023.

**FOX ROTHSCHILD LLP**

By: _____/s/Brett A. Axelrod_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

**FLORIDA OFFICE OF FINANCIAL REGULATION**

By_____/s/George C. Bedell III_____
    GEORGE C. BEDELL III
    Chief Counsel
    Administrative and Civil Litigation
    Office of Financial Regulation
    Florida Bar No. 363685
    Primary E-Mail address:
    George.Bedell@flofr.gov
    Secondary E-Mail address:
    Jessica.McPike@flofr.gov
    200 E. Gaines St.
    Tallahassee, FL 32399-0370
    (813) 218-5353

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

152765020.1

# EXHIBIT A

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

152765020.1

**STATE OF FLORIDA**
**OFFICE OF FINANCIAL REGULATION**

IN RE:

**CASH CLOUD INC. d/b/a COIN CLOUD,**          Case Number:  114562

     **Respondent.**

<u>**ADMINISTRATIVE COMPLAINT**</u>

    The State of Florida, Office of Financial Regulation ("Office"), files this Administrative Complaint and Notice of Rights ("Complaint") against **CASH CLOUD INC. d/b/a COIN CLOUD**, alleging:

<u>**GENERAL ALLEGATIONS**</u>

    1.    Pursuant to sections 560.105 and 560.109, Florida Statutes, the Office is charged with administering and enforcing the provisions of chapter 560, Florida Statutes, and conducting examinations and investigations to determine whether any provision of chapter 560, Florida Statutes, or corresponding rules, has been violated.

    2.    Parts II, III, and IV of chapter 560, Florida Statutes, set forth the specific requirements of money services businesses and licensees.

    3.    Section 560.103(23), Florida Statutes (2023), defines a "money services business" as any person located in Florida, or doing business in, from, or into Florida, who acts as, among other things, a money transmitter.

    4.    Section 560.103(24), Florida Statutes (2023), defines a "money transmitter" as, among other things, a corporation qualified to do business in Florida which receives currency, monetary value, a payment instrument, or virtual currency for the purpose of acting as an intermediary to transmit same from one person to another location or person, by any means.

    5.    Section 560.114(1)(a), Florida Statutes, generally assigns liability for failure to comply with any provision of chapter 560, Florida Statutes, or corresponding rules, to a money services business or an affiliated party.

**EXHIBIT A**

6.        At all times material, Cash Cloud Inc. d/b/a Coin Cloud is and has been a "money services business" as defined by section 560.103(23), Florida Statutes (2023), licensed pursuant to Part II, chapter 560, Florida Statutes, specifically operating as a money transmitter. Cash Cloud Inc. holds license number FT230000313.

7.        Cash Cloud Inc. has reported to the Office that its business consists of four product offerings: (1) selling and buying convertible virtual currency to the public through automated teller machines ("ATM" or "kiosks"); (2) digital wallets; (3) over-the-counter ("OTC") transactions; and, (4) online purchases. As of December 31, 2022, Cash Cloud Inc. reported operating 207 active branches and authorized vendor locations throughout Florida.

8.        As set forth in Section 3.8 of Cash Cloud Inc.'s Terms of Service (effective January 4, 2023), Cash Cloud Inc. reserves the right and sole discretion to refuse or cancel, prior to the completion of any transaction, any proposed purchase or sale of virtual currency to or from a consumer's digital wallet.

9.        On February 7, 2023, Cash Cloud Inc. d/b/a Coin Cloud filed a petition for bankruptcy under chapter 11 ("petition") in the United States Bankruptcy Court for the District of Nevada (Case Number 23-bk-10423).  Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135 is Cash Cloud Inc.'s counsel of record.

10.       Pursuant to 11 U.S.C. § 362(b)(4), this action is exempt from the automatic stay provisions of the United States Bankruptcy Code because the Office is a governmental unit enforcing its regulatory power and is not presently seeking the imposition of any money judgment, including civil penalties and consumer restitution.

11.       The Office conducted a limited scope examination (number 110369) to ascertain Cash Cloud Inc.'s compliance with chapter 560, Florida Statutes, and corresponding rules.

## COUNT I

12.       The above general allegations are hereby re-alleged and incorporated by reference

as if fully stated herein.

13.     Pursuant to section 560.209(1), Florida Statutes, before the Office can issue a license, the applicant must have a net worth of at least $100,000; and if the license is issued, the money services business licensee must maintain the required net worth at all times to protect consumers.

14.     Pursuant to section 560.103(25), Florida Statutes (2023), "net worth" means assets minus liabilities as determined by generally accepted accounting principles ("GAAP").

15.     Pursuant to section 560.103(16), Florida Statutes (2023), a "financial audit report" ("FAR") is a report that is prepared by a certified public accountant in connection with a financial audit, conducted in accordance with GAAP.  Among other financial information, a licensee's net worth is contained in the FAR.

16.     Pursuant to section 560.209(2), Florida Statutes, a licensee must submit a FAR annually to the Office, within 120 days after the end of its fiscal year. Cash Cloud Inc.'s application for licensure reports that Cash Cloud Inc.'s fiscal year ends on December 31, making the 2021 FAR due on or before April 30, 2022.

17.     On November 18, 2020, Cash Cloud Inc. submitted a money services business license application, including, among other things, a recent FAR indicating that Cash Cloud Inc.'s net worth exceeded $100,000, as required by section 560.209(1), Florida Statutes.

18.     On February 2, 2021, based upon the information provided in the application, the Office granted Cash Cloud Inc. a money services business license, which authorized it to act as a money transmitter pursuant to Part II, chapter 560, Florida Statutes.

19.     On April 29, 2022, Cash Cloud Inc. submitted Cash Cloud Inc.'s 2021 FAR to the Office.

20.     The Office's review of Cash Cloud Inc.'s 2021 FAR revealed that Cash Cloud Inc. reported a negative net worth, thereby indicating that Cash Cloud Inc. was not in compliance with

the minimum net worth requirement.

21.    Specifically, the 2021 FAR reported that Cash Cloud Inc.'s liabilities exceeded its assets by nearly $4 million, amounting to a negative net worth.

22.    Cash Cloud Inc. failed to continuously maintain its required net worth of $100,000 at all times during 2021, in violation of section 560.209(1), Florida Statutes.

23.    Pursuant to the Disciplinary Guidelines for Money Services Businesses Form OFR-560-09, incorporated by reference in Rule 69V-560.1000, Florida Administrative Code, violation number 59, a licensee cited for violating section 560.209(1), Florida Statutes, is subject to, among other things, the revocation of the license.

24.    Therefore, the Office is seeking to impose the revocation of Cash Cloud Inc.'s money services business license.

## COUNT II

25.    The above general allegations, as well as paragraphs 13 through 22, are hereby re-alleged and incorporated by reference as if fully stated herein.

26.    Pursuant to section 560.114(1)(z), Florida Statutes, the Office may revoke a money services business license for any practice or conduct that creates the likelihood of a material loss, insolvency, or dissipation of assets of a money services business, or otherwise materially prejudices the interests of its customers.

27.    The Office's examination included, among other things, reviewing whether Cash Cloud Inc. committed any practice or conduct that would create the likelihood of material loss, insolvency, or dissipation of assets, or otherwise materially prejudice Cash Cloud Inc.'s customers.

28.    Cash Cloud Inc. has over 170 creditors with a Florida address who are subject to Cash Cloud Inc.'s bankruptcy proceeding.

29.    In addition to those creditors, there are several Florida customers whose transactions, prior to completion, were unilaterally suspended by Cash Cloud Inc. To date, those

Florida customers have been left unable to access their moneys (i.e., including currency and/or virtual currency). There is also another Florida customer who is owed a refund.

30.    Cash Cloud Inc.'s bankruptcy petition alleges that Cash Cloud Inc.'s assets are estimated at $50,000,001 to $100 million, and that Cash Cloud Inc.'s liabilities are estimated at $100,000,001 to $500 million, which represents a serious and escalating negative net worth (i.e., since Cash Cloud Inc.'s 2021 FAR).

31.    The rapid downward spiral of Cash Cloud Inc.'s negative net worth constitutes a business practice or conduct which creates a likelihood of material loss, insolvency, or dissipation of assets, and/or materially prejudices Cash Cloud Inc.'s customers.

32.    Taken together, Cash Cloud Inc.'s failure to continuously maintain the required net worth since 2021, its recent bankruptcy (including over 170 creditors in Florida), and its unilateral suspension of Florida customers' transactions (which has effectively deprived Floridians of access to their own moneys), constitute practices or conduct which create the likelihood of material loss, insolvency, or dissipation of assets, and/or otherwise materially prejudice Cash Cloud Inc.'s customers, in violation of section 560.114(1)(z), Florida Statutes.

33.    Pursuant to the Disciplinary Guidelines for Money Services Businesses Form OFR-560-09, incorporated by reference in Rule 69V-560.1000, Florida Administrative Code, violation number 27, a licensee cited for violating section 560.114(1)(z), Florida Statutes, is subject to, among other things, the revocation of the license.

34.    Therefore, the Office is seeking to impose the revocation of Cash Cloud Inc.'s money services business license.

**WHEREFORE**, **CASH CLOUD INC. d/b/a COIN CLOUD** is hereby notified that the Office intends to enter an Order revoking the money services business License Number FT230000313.

**NOTICE OF RIGHTS**

The licensee is entitled to be represented by counsel or another qualified representative. The licensee also has the right to request a hearing pursuant to sections 120.569 and 120.57, Florida Statutes. Such request must comply with Rules 28-106.2015 and 28-106.104, Florida Administrative Code. An Election of Proceeding form is attached for your convenience.

Any such request must be filed as follows:

| **By Mail** | OR | **By Hand Delivery** |
|---|---|---|
| Office of Financial Regulation | | Office of Financial Regulation |
| P.O. Box 8050 | | General Counsel's Office |
| Tallahassee, FL 32314-8050 | | The Fletcher Building, Suite 504 |
| Phone: (850) 410-9989 | | 101 East Gaines Street |
| agency.clerk@flofr.gov | | Tallahassee, FL 32399 |
| | | Phone: (850) 410-9989 |

**TO PRESERVE THE RIGHT TO A HEARING, A WRITTEN RESPONSE MUST BE FILED WITH THE OFFICE OF FINANCIAL REGULATION WITHIN TWENTY-ONE (21) DAYS AFTER THE RECEIPT OF THE ADMINISTRATIVE COMPLAINT. SAID RESPONSE MUST BE RECEIVED BY THE OFFICE NO LATER THAN 5:00 P.M. ON THE TWENTY-FIRST DAY AFTER THE RECEIPT OF THE ADMINISTRATIVE COMPLAINT. A FAILURE TO TIMELY RESPOND IN WRITING WILL CONSTITUTE A WAIVER OF THE LICENSEE'S RIGHT TO REQUEST A HEARING AND A FINAL ORDER MAY BE ENTERED WITHOUT FURTHER NOTICE.**

You may not make an oral request for an administrative hearing. With regard to a written request, if you fail to follow the outlined procedure, your request may be dismissed. Any request for an administrative proceeding received prior to the date of this notice is deemed abandoned, and to be considered must be timely renewed in compliance with the procedure set forth above.

Mediation of this matter pursuant to section 120.573, Florida Statutes, is not available.

**NOTICE TO RESPONDENTS**

In accordance with the Americans with Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact the Agency Clerk no later than seven (7) days prior to the filing deadline or proceeding, at the Office of Financial Regulation, The Fletcher Building, Suite 504, 200 East Gaines Street, Tallahassee, Florida 32399, Phone: (850) 410-9889, or by Email: Agency.Clerk@flofr.gov.

_Melinda H. Butler_

Melinda H. Butler
Chief Counsel
Office of Financial Regulation
Fla. Bar No. 64226
101 E. Gaines Street
Tallahassee, FL 32399-0379
(850) 410-9839
melinda.butler@flofr.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Administrative Complaint and Notice of Rights has been sent for service by U.S. certified mail to **CASH CLOUD INC. d/b/a COIN CLOUD**, c/o Brett A. Axelrod, Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, and to the Registered Agent for Cash Cloud Inc. d/b/a Coin Cloud, Registered Agents Inc., 7901 4th Street North, Suite 300, St. Petersburg, Florida 33702, on this ___18th___ day of April, 2023.

_Melinda H. Butler_

Melinda H. Butler
Chief Counsel

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

152765020.1

STATE OF FLORIDA

Exhibit D

OFFICE OF FINANCIAL REGULATION

Case No: 114562
Cash Cloud Inc. d/b/a Coin Cloud
c/o Registered Agents Inc.
7901 4th Street North, Suite 300
St. Petersburg, Florida  33702

<u>REVISED ELECTION OF PROCEEDING</u>

I have received and read the Administrative Complaint, including the Notice of Rights, filed by the Office of Financial Regulation ("Office") regarding the above-referenced Respondent, and I am requesting disposition as indicated below.  **PLEASE SELECT ONLY ONE OF THE OPTIONS**:

**OPTION #1:**    X  I <u>do not</u> request a hearing in this matter. I <u>do not</u> dispute any of the Office's factual allegations and conclusions of law as stated in the Administrative Complaint. I understand that upon my waiving the right to a hearing, the Office may **enter a final order adopting the findings of fact and conclusions of law in the Administrative Complaint, and imposing the penalties sought in the Administrative Complaint**.

**OPTION #2:**    ☐ I **<u>do</u> <u>not</u>** dispute any of the Office's factual allegations but <u>dispute</u> the Office's conclusions of law to those factual allegations, and request disposition of this matter by informal hearing pursuant to section 120.57(2), Florida Statutes.  I request to (**CHECK ONLY <u>ONE</u> OF THE FOLLOWING 3 OPTIONS**):

      a. ☐ Attend a hearing by **<u>video conference call</u>** before a Hearing Officer appointed by the Office; OR

      b. ☐ Attend a hearing **<u>in Tallahassee</u>** with a Hearing Officer appointed by the Office;  OR

      c. ☐ Submit a **<u>written statement</u>** with supporting documentation to a Hearing Officer appointed by the Office.

**OPTION #3:**    ☐ I **<u>do</u>** dispute one or more of the Office's factual allegations.  I request a formal hearing **<u>in person</u>** before the Division of Administrative Hearings (DOAH) pursuant to section 120.57(1), Florida Statutes. In accordance with Rule 28-106.2015(5)(c), FAC, <u>I am attaching a copy of the material facts that I dispute</u>.

**TO PRESERVE YOUR RIGHT TO A HEARING, A RESPONSE MUST BE FILED WITH THE OFFICE OF FINANCIAL REGULATION AGENCY CLERK NO LATER THAN 5:00 P.M. <u>ON OR BEFORE THE TWENTY-FIRST DAY</u> AFTER RECEIPT OF THE ADMINISTRATIVE COMPLAINT, BY ANY OF THE FOLLOWING METHODS:**

1. By email: <u>Agency.Clerk@flofr.gov</u>; or
2. By U.S. Mail: P.O. Box 8050, Tallahassee, Florida 32314-8050; or
3. By hand delivery: General Counsel's Office, Fletcher Bldg., 101 E. Gaines Street, Tallahassee, FL 32399.

_____
Signature of Respondent or
Authorized Representative of Respondent
Robert A. Musiala Jr., Legal Counsel for Cash Cloud Inc. d/b/a Coin Cloud

BakerHostetler
One North Wacker Drive | Suite 4500
_____
Mailing Address

Chicago, IL 60606-2841
_____

_____    _____
Printed Name & Title                 rmusiala@bakerlaw.com

City               State               Zip
T +1.312.416.8192

09/19/2023
_____    _____
Date                        E-mail Address

_____    _____
Telephone Number                 Fax Number

Date Administrative Complaint was received: __04/18/2023_____

Election of Proceeding
Page 1 of 2

**EXHIBIT B**

STATE OF FLORIDA

OFFICE OF FINANCIAL REGULATION

Case No: 114562
Cash Cloud Inc. d/b/a Coin Cloud
c/o Registered Agents Inc.
7901 4th Street North, Suite 300
St. Petersburg, Florida 33702

**\*\*YOU ARE TO COMPLETE THE FOLLOWING <u>ONLY</u> IF YOU HAVE CHECKED <u>OPTION #3</u> ON THE PRECEDING PAGE.  If you need more space, you may provide additional pages.**

As Respondent or the authorized representative of Respondent, I am disputing the following **material facts**:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____          _____
Signature of Respondent or Authorized Representative          Date