United States Bankruptcy Court
District of Nevada

In re:  Case No. 23-10423-mkn
CASH CLOUD, INC.  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0978-2      User: admin      Page 1 of 4
Date Rcvd: Jan 17, 2024      Form ID: pdf928      Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | CASH CLOUD, INC., 11700 W CHARLESTON BLVD., #441, LAS VEGAS, NV 89135-1573 |
| aty | + | CATHERINE V. LOTEMPIO, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2024      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| ADAM P. SCHWARTZ | on behalf of Interested Party LUX VENDING  LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |
| ADAM P. SCHWARTZ | on behalf of Defendant LUX VENDING  LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |
| ANNE FREELAND | on behalf of Creditor AVT Nevada  L.P. atfreeland@michaelbest.com, knpowell@michaelbest.com;courtmail@michaelbest.com |
| ARIEL E. STERN | on behalf of Creditor IPFS CORPORATION ariel.stern@akerman.com  akermanlas@akerman.com |
| BART K. LARSEN | on behalf of Creditor Enigma Securities Limited BLARSEN@SHEA.LAW  3542839420@filings.docketbird.com |

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 2 of 4 |
| Date Rcvd: Jan 17, 2024 | Form ID: pdf928 | Total Noticed: 2 |

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD INC. baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
on behalf of Debtor CASH CLOUD INC. baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD, baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

BRIAN D. SHAPIRO
on behalf of Creditor OPTCONNECT MANAGEMENT LLC brian@brianshapirolaw.com, kshapiro@brianshapirolaw.com;bryce@brianshapirolaw.com;6855036420@filings.docketbird.com

BRIGID M. HIGGINS
on behalf of Creditor Black Hole Investments fna EZ Coin LLC bhiggins@blackwadhams.law, dmeeter@blackwadhams.law;mstallsworth@blackwadhams.law;mdavis@blackwadhams.law

CANDACE C CARLYON
on behalf of Interested Party CHRIS MCALARY ccarlyon@carlyoncica.com CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com;tfrey@carlyoncica.com;nsharma@carlyoncica.com

CHAPTER 11 - LV
USTPRegion17.lv.ecf@usdoj.gov

CHRISTOPHER D. JOHNSON
on behalf of Interested Party CHRIS MCALARY chris.johnson@diamondmccarthy.com  nan.sauter@diamondmccarthy.com

CRAIG P. DRUEHL
on behalf of Creditor OPTCONNECT MANAGEMENT LLC craig.druehl@dechert.com

DAWN M. CICA
on behalf of Defendant CHRISTOPHER MCALARY dcica@carlyoncica.com nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;3342887420@filings.docketbird.com;tfrey@carlyoncica.com;nsharma@carlyoncica.com

DAWN M. CICA
on behalf of Interested Party CHRIS MCALARY dcica@carlyoncica.com nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;3342887420@filings.docketbird.com;tfrey@carlyoncica.com;nsharma@carlyoncica.com

JAMES M JIMMERSON
on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD jmj@jimmersonlawfirm.com

JAMES M JIMMERSON
on behalf of Special Counsel THE JIMMERSON LAW FIRM P.C. jmj@jimmersonlawfirm.com

JAMES M JIMMERSON
on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD, jmj@jimmersonlawfirm.com

JAMES PATRICK SHEA
on behalf of Creditor Enigma Securities Limited jshea@shea.law  blarsen@shea.law;support@shea.law

JEANETTE E. MCPHERSON
on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

JEANETTE E. MCPHERSON
on behalf of Debtor CASH CLOUD INC. JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

JOHN T. WENDLAND
on behalf of Creditor AVT Nevada L.P. jwendland@wdlaw.com, NVeFile@weildrage.com

JUSTIN B. STROTHER
on behalf of Interested Party CHRIS MCALARY justin.strother@diamondmccarthy.com  nan.sauter@diamondmccarthy.com

Jeffrey R. Sylvester
on behalf of Interested Party CKDL Credit LLC jeff@sylvesterpolednak.com, kellye@sylvesterpolednak.com

KURT R. BONDS
on behalf of Creditor Populus Financial Group Inc. nvefile@hallevans.com,

Case 23-10423-mkn    Doc 1581    Entered 01/19/24 21:41:04    Page 3 of 10

| District/off: 0978-2 | User: admin | Page 3 of 4 |
|---|---|---|
| Date Rcvd: Jan 17, 2024 | Form ID: pdf928 | Total Noticed: 2 |

knechta@hallevans.com;bondsk@hallevans.com;didioa@hallevans.com

**LEW BRANDON, JR.**
on behalf of Creditor UNITED NATURAL FOODS INC. l.brandon@bsnv.law

**MARJORIE A. GUYMON**
on behalf of Creditor Armondo Redmond bankruptcy@goldguylaw.com
lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com;Guymon.MarjorieR54344@notify.bestcase.com

**MARJORIE A. GUYMON**
on behalf of Creditor Trangistics Inc. bankruptcy@goldguylaw.com,
lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com;Guymon.MarjorieR54344@notify.bestcase.com

**MAURICE VERSTANDIG**
on behalf of Creditor Brink's Inc. mac@mbvesq.com, lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com

**MICHAEL L WACHTELL**
on behalf of Creditor ORACLE AMERICA INC. mwachtell@buchalter.com

**NATASHA SHARMA**
on behalf of Interested Party CHRIS MCALARY nsharma@carlyoncica.com

**NATASHA SHARMA**
on behalf of Defendant CHRISTOPHER MCALARY nsharma@carlyoncica.com

**NEDDA GHANDI**
on behalf of Creditor ROCKITCOIN LLC nedda@ghandilaw.com,
lks@ghandilaw.com,nedda@ecf.inforuptcy.com;r41525@notify.bestcase.com,shara@ghandilaw.com

**OGONNA M. BROWN**
on behalf of Creditor Cole Kepro International LLC obrown@lewisroca.com,
ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

**OGONNA M. BROWN**
on behalf of Defendant COLE KEPRO INTERNATIONAL LLC obrown@lewisroca.com,
ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

**PAUL HAGE**
on behalf of Creditor Cole Kepro International LLC phage@taftlaw.com

**ROB L. PHILLIPS**
on behalf of Creditor Powerhouse TSSP LLC rob.phillips@fisherbroyles.com

**ROBERT R. KINAS**
on behalf of Creditor GENESIS GLOBAL HOLDCO LLC rkinas@swlaw.com,
jmath@swlaw.com;mfull@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;jfung@swlaw.com

**RONALD E. GOLD**
on behalf of Creditor WPG Legacy LLC rgold@fbtlaw.com,
jkleisinger@fbtlaw.com;eseverini@fbtlaw.com;sbryant@ecf.courtdrive.com

**RONALD M TUCKER**
on behalf of Creditor SIMON PROPERTY GROUP INC. rtucker@simon.com,
rwoodruff@simon.com,cmartin@simon.com,ptropepe@simon.com

**RYAN A. ANDERSEN**
on behalf of Interested Party Luis Flores ryan@aandblaw.com
tatiana@aandblaw.com;melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com;valerie@aandblaw.com;andersen.ryana.b117998@notify.bestcase.com

**RYAN J. WORKS**
on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS rworks@mcdonaldcarano.com
kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

**RYAN J. WORKS**
on behalf of Plaintiff OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CASH CLOUD INC. dba COIN CLOUD
rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

**SHAWN CHRISTIANSON**
on behalf of Creditor ORACLE AMERICA INC. schristianson@buchalter.com, cmcintire@buchalter.com

**STACY H RUBIN**
on behalf of Defendant LUX VENDING LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com,
oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

**STACY H RUBIN**
on behalf of Interested Party LUX VENDING LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com,
oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

District/off: 0978-2 | User: admin | Page 4 of 4
Date Rcvd: Jan 17, 2024 | Form ID: pdf928 | Total Noticed: 2

STEPHEN T LODEN
    on behalf of Interested Party CHRIS MCALARY sloden@diamondmccarthy.com  cburrow@diamondmccarthy.com

STRETTO
    ecf@cases-cr.stretto-services.com  aw01@ecfcbis.com,pacerpleadings@stretto.com

STUART FREEMAN WILSON-PATTON
    stuart.wilson-patton@ag.tn.gov

TIMOTHY A LUKAS
    on behalf of Creditor Good 2 Go Stores LLC ecflukast@hollandhart.com

U.S. TRUSTEE - LV - 11
    USTPRegion17.lv.ecf@usdoj.gov

WILLIAM C DEVINE, II
    on behalf of Defendant KIOSK SERVICES GROUP  INC. william@devine.legal, courtney@devine.legal;devinewr72773@notify.bestcase.com

ZACHARY WILLIAMS
    on behalf of Plaintiff CASH CLOUD  INC., dba COIN CLOUD zwilliams@foxrothschild.com, ARCDocketing@foxrothschild.com;ahosey@foxrothschild.com

TOTAL: 56

Honorable Mike K. Nakagawa<br>
United States Bankruptcy Judge

Entered on Docket
January 17, 2024

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re: | Case No. 23-10423-mkn |
| | Chapter 11 |
| CASH CLOUD, INC., | |
| dba COIN CLOUD, | Date: July 20, 2023 |
| Debtor. | Time: 10:30 a.m. |

**ORDER ON MOTION FOR APPROVAL OF ADMINISTRATIVE CLAIM**[1]

On July 20, 2023, the court heard the Motion for Approval of Administrative Claim ("Motion") brought by Trangistics, Inc. in the above-captioned proceeding. The appearances of counsel were noted on the record. After the hearing, the matter was taken under submission.

**BACKGROUND**

On February 7, 2023, Cash Cloud, Inc. dba Coin Cloud ("Debtor") filed a voluntary "skeleton" Chapter 11 petition ("Petition"). (ECF No. 1). The meeting of creditors under Section 341 ("341 Meeting") was scheduled for March 16, 2023, as well as a deadline of June 14, 2023, for proofs of claim to be filed. (ECF No. 2). Under Section 1121, the exclusive periods for the Debtor to file a proposed Chapter 11 plan as well as to obtain plan acceptance were June 7, 2023, and August 5, 2023, respectively. See 11 U.S.C. §§ 1121(b) and 1121(c)(3).

On February 17, 2023, an official committee of unsecured creditors ("UCC") was

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

1

appointed. (ECF No. 131).

On March 9, 2023, Debtor filed its schedules of assets and liabilities ("Schedules") along with its statement of financial affairs. (ECF Nos. 239 and 240). On its Executory Contract and Unexpired Lease Schedule "G," Debtor listed numerous parties with whom it had entered into executory contracts of unexpired leases prior to commencement of the Chapter 11 proceeding.

On June 13, 2023, a Proof of Non-Professional Administrative Expense in the amount of $154,400 ("Claim 105") was filed by Trangistics, Inc. ("Trangistics") as an administrative expense claim under Section 503(b)(1)(A).[2] Claim 105 is similar to Official Form 410 for a Proof of Claim but lacks an essential element: <u>it is not signed under penalty of perjury</u>.[3]

On June 14, 2023, Trangistics filed the instant Motion seeking allowance of Claim 105 as an administrative expense of the Chapter 11 estate, in addition to per diem charges based on a monthly fee of $38,600. (ECF No. 652). The per diem fee would be incurred until the Debtor's assets are removed from the warehouse premises maintained by Trangistics. The Motion was noticed for hearing on July 12, 2023. (ECF No. 660).

On July 6, 2023, a Stipulated Order was entered granting the Motion to be continued from July 12, 2023, to July 20, 2023. (ECF No. 813). The order does not specify the schedule

---

[2] Claim 105 is signed by Joey Hougham, the president of Trangistics. According to paragraph 1 of the proof of claim, the $154,400 total amount is based on services from February 7, 2023 to May 6, 2023, at $38,600 per month. Included in the attachments to the claim is a copy of a "Powerhouse + Trangistics Term Sheet" dated February 22, 2022, for 14,000 square feet of storage space at $28,000 per month. Also attached to Claim 105 are copies of an email string between February 18, 2022, and January 18, 2023, between representatives of Trangistics and the Debtor.

[3] Section 501(a) allows a creditor to file a proof of claim. Section 502(a) provides that a claim or interest, proof of which is filed under Section 501, is deemed allowed unless a party in interest objects. FRBP 3001(a) specifies that a proof of claim is a writing setting forth the claim and that the proof of claim shall conform substantially to the appropriate Official Form. Official Form 410 is the Proof of Claim form. Part 3 requires the claim to be signed under penalty of perjury. FRBP 3001(f) states that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FRBP 9009(a) permits "minor changes" to an Official Form, but dispensing with the oath required by Office Form 410 is not a minor change. The Proof of Non-Professional Administrative Expense is not an Official Form nor an authorized minor change to Official Form 410. It simply does not constitute prima facie evidence of the validity and amount of the subject claim.

2

by which "notice and a hearing" required by Section 503(b) would be provided.

On July 11, 2023, an order was entered establishing a deadline of July 20, 2023, for proofs of administrative expense claims to be filed, including approval of the form of claims ("Administrative Claims Order"). (ECF No. 823). The order does not specify the schedule by which "notice and a hearing" required by Section 503(b) would be provided.

On July 12, 2023, Debtor filed its response ("Response") to the Motion, along with a supporting declaration of Jim Hall ("Hall Declaration"). (ECF Nos. 831 and 832).

On July 18, 2023, Trangistics filed a reply ("Reply") in support of its Motion, along with supporting declarations of its vice president, David McGrew ("McGrew Declaration), as well as its head of accounting, Anne Rudinsky ("Rudinsky Declaration"). (ECF Nos. 869-871).[4]

**DISCUSSION**

A postpetition creditor may be allowed an administrative claim under Section 503(b)(3)(D) for "actual, necessary expenses"…"in making a substantial contribution in a case under chapter…11." In the present matter, Debtor does not dispute that Trangistics warehoused a number of the Debtor's digital currency kiosks during the period encompassed by Claim 105, i.e., from February 7, 2023 to May 6, 2023. See Response at 2:23; Hall Declaration at ¶ 9. Both parties dispute, however, whether the court should grant administrative expense status to the amount requested in Claim 105. See Response at 4:1 to 5:10; Reply at 6:6 to 7:4.[5] The term "actual, necessary costs and expenses" under Section 503(b) is narrowly construed to keep administrative costs at a minimum. See N.L.R.B. v. Walsh (In re Palau), 139 B.R. 942, 944 (B.A.P. 9th Cir. 1992), aff'd, 18 F.3d 746 (9th Cir. 1994). The focus is on whether the claimed expenses arose from a postpetition transaction with the bankruptcy estate, and whether the transaction directly and substantially benefitted the bankruptcy estate. See In re DAK Industries, 66 F.3d at 1094; see also Data Leverage, LLC v. Avery (In re Machevsky), 640 B.R. 210, 214

---

[4] No objections have been raised to the court's consideration of the Hall Declaration, McGrew Declaration, or the Rudinsky Declaration. No request has been made to cross-examine any of the declarants as to the contents of their respective declarations.

[5] Both Trangistics and the Debtor cite similar case authorities, e.g., Microsoft Corp. v. DAK Industries, Inc. (In re DAK Industries, Inc.), 66 F.3d 1091 (9th Cir. 1995).

(C.D. Cal. 2022); <u>Saxton v. Lisowski (In re Saxton, Inc.)</u>, 2007 WL 7540972, at *5 (B.A.P. 9th Cir. July 30, 2007). The burden of proving the requirements for allowance of an administrative expense claim rests with the claimant. See <u>In re DAK Industries</u>, 66 F.3d at 1094.

As previously mentioned, Trangistics preceded the filing of the instant Motion by filing Claim 105. And as discussed at note 3, <u>supra</u>, the Proof of Non-Professional Administrative Expense form attached to the Motion is not prima facie evidence of Transgistic's administrative claim. Rather, it is signed by Trangistics' president but has no evidentiary value because it is not signed under penalty of perjury attesting to the information supporting the claim.

In this instance, however, the Response filed by the Debtor is supported only by the Hall Declaration setting forth the testimony of its Vice President of Finance & Accounting, who is familiar with the financial records of the Debtor. See Hall Declaration at ¶¶ 1 and 2. Unfortunately, the declarant attests that the Debtor's "employee responsible for dealings with Trangistics <u>is no longer employed by the Debtors and attempts to contact him were not successful</u>." <u>Id.</u> at ¶ 9 (emphasis added). The declarant does attest that after the Chapter 11 was commenced, Debtor paid Trangistics $38,600 for its March 2023 invoice. <u>Id.</u> at ¶12. An apparent copy of that invoice from Trangistics, paid by the Debtor, is attached to the Hall Declaration. <u>Id.</u> at page 16 of 16. Based solely on "information and belief," Debtor's officer attests that the actual owner of the warehouse used by Trangistics to store the Debtor's kiosks charges only $30,500 per month to Trangistics rather than the $38,600 per month that Trangistics charges to the Debtor. <u>Id.</u> at ¶11.

Having reviewed the entire record presented by the parties, the court concludes that the Motion should be granted. No one disputes that Debtor's former employee with personal knowledge of the agreement reached with Trangistics is unavailable. The Hall Declaration acknowledges that some agreement existed for the Debtor to pay $38,600 to Trangistics for its storage services during the applicable period encompassed by Claim 105. A copy of the invoice confirming the amount is included with the Hall Declaration. The same declaration provides no evidence, based on personal knowledge, that Trangistics charges more to the Debtor than what Trangistics actually pays for storage facilities.

In addition to the information provided by the Debtor's witness, Trangistics has provided additional evidence demonstrating that the requested administrative expense allowance is warranted under Section 503(b). The vice president for Trangistics attests to the negotiations between the declarant and the Debtor's former employee for Trangistics to provide the warehouse services encompassed by Claim 105. See McGrew Declaration at ¶¶ 3, 4, 5, 6, 7, 9, and 10. The head of accounting for Trangistics attests to the warehousing services provided to the Debtor, as reflected in the billing invoices sent to the Debtor. See Rudinsky Declaration at ¶¶ 3, 4, 5, and 6. She also attests that one payment in the amount of $36,800 was received from the Debtor on or about April 7, 2023. Id. at ¶ 7. Copies of the invoices sent to the Debtor as well as an accounts-receivable aging chart also are offered by the declarant. Id. at Exhibits "A" and "B." Absent an offer of evidence disputing that the warehousing services were provided during the period encompassed by Claim 105, Trangistics has met its burden of proving the existence of postpetition expenses incurred at the request of the Debtor. Moreover, absent an offer of admissible evidence disputing the reasonableness of the amount charged for the warehousing services, Trangistics also has met its burden of demonstrating the propriety of the amount requested. On this record, Trangistics has met its burden under Section 503(b)(3)(D) of establishing that the warehouse services provided from February 7, 2023 through May 6, 2023, directly and substantially benefited the Chapter 11 estate.

Whatever may be the timing and ultimate disposition of the digital currency kiosks warehoused at Trangistics' facilities, the court makes no determination as to the necessity, value, or benefit of those services that may have been provided after May 6, 2023.[6] Moreover, whatever credit that must be applied for payments received by Trangistics for services provided between February 7, 2023 and May 6, 2023, will be left to the parties. The present allowance of an administrative expense claim for the period from February 7, 2023 through May 6, 2023, is without prejudice to any further request for other amounts that cannot be resolved between the parties.

---

[6] It is not entirely clear why Trangistics has not sought to compel immediate payment of postpetition rent or sought relief to exercise the remedies otherwise available to a warehousing provider under Nevada law.

5

**IT IS THEREFORE ORDERED** that Motion for Approval of Administrative Claim, Docket No. 652, be, and the same hereby is, **GRANTED.**

**IT IS FURTHER ORDERED** that for the period February 7, 2023 through May 6, 2023, Trangistics, Inc., is allowed an administrative expense claim under 11 U.S.C. §503(b)(3)(D) in the aggregate sum of $154,400.00, less the amount received from the Debtor during such period.

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:
CASH CLOUD, INC.
ATTN: OFFICER OR MANAGING AGENT
11700 W CHARLESTON BLVD., #441
LAS VEGAS, NV 89135

CATHERINE V. LOTEMPIO on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
SEWARD & KISSEL
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004

# # #