United States Bankruptcy Court
District of Nevada

| | |
|---|---|
| In re: | Case No. 23-10423-mkn |
| CASH CLOUD, INC. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 1 of 4 |
| Date Rcvd: Jan 17, 2024 | Form ID: pdf928 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | CASH CLOUD, INC., 11700 W CHARLESTON BLVD., #441, LAS VEGAS, NV 89135-1573 |
| aty | + | CATHERINE V. LOTEMPIO, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |
| | + | ERIC E. BRAGE JR., 2524 TROTTER ROAD, FLORENCE, SC 29501-1928 |
| cr | + | JAMES FAVORS, 95-353 WAIA LOOP, MILILANI, HI 96789-1325 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | ERIC E. BRAGE JR. |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 19, 2024          Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ADAM P. SCHWARTZ | on behalf of Interested Party LUX VENDING  LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |
| ADAM P. SCHWARTZ | on behalf of Defendant LUX VENDING  LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |
| ANNE FREELAND | |

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 2 of 4 |
| Date Rcvd: Jan 17, 2024 | Form ID: pdf928 | Total Noticed: 4 |

on behalf of Creditor AVT Nevada L.P. atfreeland@michaelbest.com, knpowell@michaelbest.com;courtmail@michaelbest.com

**ARIEL E. STERN**

on behalf of Creditor IPFS CORPORATION ariel.stern@akerman.com akermanlas@akerman.com

**BART K. LARSEN**

on behalf of Creditor Enigma Securities Limited BLARSEN@SHEA.LAW 3542839420@filings.docketbird.com

**BRETT A. AXELROD**

on behalf of Plaintiff CASH CLOUD INC. baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

**BRETT A. AXELROD**

on behalf of Debtor CASH CLOUD INC. baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

**BRETT A. AXELROD**

on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

**BRETT A. AXELROD**

on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

**BRETT A. AXELROD**

on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD, baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;arcdocketing@foxrothschild.com

**BRIAN D. SHAPIRO**

on behalf of Creditor OPTCONNECT MANAGEMENT LLC brian@brianshapirolaw.com, kshapiro@brianshapirolaw.com;bryce@brianshapirolaw.com;6855036420@filings.docketbird.com

**BRIGID M. HIGGINS**

on behalf of Creditor Black Hole Investments fna EZ Coin LLC bhiggins@blackwadhams.law, dmeeter@blackwadhams.law;mstallsworth@blackwadhams.law;mdavis@blackwadhams.law

**CANDACE C CARLYON**

on behalf of Interested Party CHRIS MCALARY ccarlyon@carlyoncica.com CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com;tfrey@carlyoncica.com;nsharma@carlyoncica.com

**CHAPTER 11 - LV**

USTPRegion17.lv.ecf@usdoj.gov

**CHRISTOPHER D. JOHNSON**

on behalf of Interested Party CHRIS MCALARY chris.johnson@diamondmccarthy.com nan.sauter@diamondmccarthy.com

**CRAIG P. DRUEHL**

on behalf of Creditor OPTCONNECT MANAGEMENT LLC craig.druehl@dechert.com

**DAWN M. CICA**

on behalf of Defendant CHRISTOPHER MCALARY dcica@carlyoncica.com nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;3342887420@filings.docketbird.com;tfrey@carlyoncica.com;nsharma@carlyoncica.com

**DAWN M. CICA**

on behalf of Interested Party CHRIS MCALARY dcica@carlyoncica.com nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;3342887420@filings.docketbird.com;tfrey@carlyoncica.com;nsharma@carlyoncica.com

**JAMES M JIMMERSON**

on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD jmj@jimmersonlawfirm.com

**JAMES M JIMMERSON**

on behalf of Special Counsel THE JIMMERSON LAW FIRM P.C. jmj@jimmersonlawfirm.com

**JAMES M JIMMERSON**

on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD, jmj@jimmersonlawfirm.com

**JAMES PATRICK SHEA**

on behalf of Creditor Enigma Securities Limited jshea@shea.law blarsen@shea.law;support@shea.law

**JEANETTE E. MCPHERSON**

on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

**JEANETTE E. MCPHERSON**

on behalf of Debtor CASH CLOUD INC. JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,ARCDocketing@foxrothschild.com

**JOHN T. WENDLAND**

on behalf of Creditor AVT Nevada L.P. jwendland@wdlaw.com, NVeFile@weildrage.com

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 3 of 4 |
| Date Rcvd: Jan 17, 2024 | Form ID: pdf928 | Total Noticed: 4 |

JUSTIN B. STROTHER
    on behalf of Interested Party CHRIS MCALARY justin.strother@diamondmccarthy.com  nan.sauter@diamondmccarthy.com

Jeffrey R. Sylvester
    on behalf of Interested Party CKDL Credit  LLC jeff@sylvesterpolednak.com, kellye@sylvesterpolednak.com

KURT R. BONDS
    on behalf of Creditor Populus Financial Group  Inc. nvefile@hallevans.com, knechta@hallevans.com;bondsk@hallevans.com;didioa@hallevans.com

LEW BRANDON, JR.
    on behalf of Creditor UNITED NATURAL FOODS  INC. l.brandon@bsnv.law

MARJORIE A. GUYMON
    on behalf of Creditor Armondo Redmond bankruptcy@goldguylaw.com lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com;Guymon.MarjorieR54344@notify.bestcase.com

MARJORIE A. GUYMON
    on behalf of Creditor Trangistics  Inc. bankruptcy@goldguylaw.com, lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com;Guymon.MarjorieR54344@notify.bestcase.com

MAURICE VERSTANDIG
    on behalf of Creditor Brink's  Inc. mac@mbvesq.com, lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com

MICHAEL L WACHTELL
    on behalf of Creditor ORACLE AMERICA  INC. mwachtell@buchalter.com

NATASHA SHARMA
    on behalf of Interested Party CHRIS MCALARY nsharma@carlyoncica.com

NATASHA SHARMA
    on behalf of Defendant CHRISTOPHER MCALARY nsharma@carlyoncica.com

NEDDA GHANDI
    on behalf of Creditor ROCKITCOIN  LLC nedda@ghandilaw.com, lks@ghandilaw.com,nedda@ecf.inforuptcy.com;r41525@notify.bestcase.com,shara@ghandilaw.com

OGONNA M. BROWN
    on behalf of Creditor Cole Kepro International  LLC obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

OGONNA M. BROWN
    on behalf of Defendant COLE KEPRO INTERNATIONAL  LLC obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

PAUL HAGE
    on behalf of Creditor Cole Kepro International  LLC phage@taftlaw.com

ROB L. PHILLIPS
    on behalf of Creditor Powerhouse TSSP  LLC rob.phillips@fisherbroyles.com

ROBERT R. KINAS
    on behalf of Creditor GENESIS GLOBAL HOLDCO  LLC rkinas@swlaw.com, jmath@swlaw.com;mfull@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;jfung@swlaw.com

RONALD E. GOLD
    on behalf of Creditor WPG Legacy  LLC rgold@fbtlaw.com, jkleisinger@fbtlaw.com;eseverini@fbtlaw.com;sbryant@ecf.courtdrive.com

RONALD M TUCKER
    on behalf of Creditor SIMON PROPERTY GROUP  INC. rtucker@simon.com, rwoodruff@simon.com,cmartin@simon.com,ptropepe@simon.com

RYAN A. ANDERSEN
    on behalf of Interested Party Luis Flores ryan@aandblaw.com tatiana@aandblaw.com;melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com;valerie@aandblaw.com;andersen.ryana.b117998@notify.bestcase.com

RYAN J. WORKS
    on behalf of Plaintiff OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CASH CLOUD  INC. dba COIN CLOUD rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

RYAN J. WORKS
    on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

SHAWN CHRISTIANSON
    on behalf of Creditor ORACLE AMERICA  INC. schristianson@buchalter.com, cmcintire@buchalter.com

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 4 of 4 |
| Date Rcvd: Jan 17, 2024 | Form ID: pdf928 | Total Noticed: 4 |

STACY H RUBIN
    on behalf of Defendant LUX VENDING LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com,
    oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

STACY H RUBIN
    on behalf of Interested Party LUX VENDING LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com,
    oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

STEPHEN T LODEN
    on behalf of Interested Party CHRIS MCALARY sloden@diamondmccarthy.com cburrow@diamondmccarthy.com

STRETTO
    ecf@cases-cr.stretto-services.com aw01@ecfcbis.com,pacerpleadings@stretto.com

STUART FREEMAN WILSON-PATTON
    stuart.wilson-patton@ag.tn.gov

TIMOTHY A LUKAS
    on behalf of Creditor Good 2 Go Stores LLC ecflukast@hollandhart.com

U.S. TRUSTEE - LV - 11
    USTPRegion17.lv.ecf@usdoj.gov

WILLIAM C DEVINE, II
    on behalf of Defendant KIOSK SERVICES GROUP INC. william@devine.legal,
    courtney@devine.legal;devinewr72773@notify.bestcase.com

ZACHARY WILLIAMS
    on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD zwilliams@foxrothschild.com,
    ARCDocketing@foxrothschild.com;ahosey@foxrothschild.com

TOTAL: 56

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
January 17, 2024

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:

CASH CLOUD, INC.,
dba COIN CLOUD,

         Debtor.

Case No. 23-10423-mkn
Chapter 11

Date: October 19, 2023
Time: 10:30 a.m.

### ORDER ON DEBTOR'S OMNIBUS OBJECTION TO LATE FILED AND NON-COMPLIANT ADMINISTRATIVE EXPENSE CLAIM[1]

On October 19, 2023, the court heard the Debtor's Omnibus Objection to Late Filed and Non-Compliant Administrative Expense Claim ("Omnibus Objection") brought in the above-captioned proceeding. The appearances of counsel were noted on the record. After the hearing, the matter was taken under submission.

### BACKGROUND

On February 7, 2023, Cash Cloud, Inc. dba Coin Cloud ("Debtor") filed a voluntary "skeleton" Chapter 11 petition ("Petition"). (ECF No. 1). The meeting of creditors under Section 341 ("341 Meeting") was scheduled for March 16, 2023, as well as a deadline of June 14, 2023, for proofs of claim to be filed. (ECF No. 2). Under Section 1121, the exclusive periods for the Debtor to file a proposed Chapter 11 plan as well as to obtain plan acceptance were June 7, 2023, and August 5, 2023, respectively. See 11 U.S.C. §§ 1121(b) and 1121(c)(3).

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

1

On February 17, 2023, an official committee of unsecured creditors ("UCC") was appointed. (ECF No. 131).

On March 9, 2023, Debtor filed its schedules of assets and liabilities ("Schedules") along with its statement of financial affairs. (ECF Nos. 239 and 240). On its executory contract and unexpired lease Schedule "G," Debtor listed numerous parties with whom it had entered into executory contracts or unexpired leases prior to commencement of the Chapter 11 proceeding.

On June 16, 2023, Debtor filed a motion to approve a lien free sale of certain assets to a third-party purchaser ("Sale Motion"). (ECF No. 714).[2] On June 19, 2023, the Sale Motion was amended. (ECF No. 730).[3]

On June 28, 2023, the Sale Motion was granted.

On June 29, 2023, Debtor filed an Emergency Motion for Entry of an Order Establishing Administrative Claim Bar Date for Filing Proofs of Administrative Expense Claim and Approving Form, Manner and Sufficiency of Notice Thereof ("Administrative Bar Date Motion"). (ECF No. 789). The Administrative Bar Date Motion sought to establish a deadline for creditors to assert postpetition claims "that arose or accrued after February 6, 2023, but before July 21, 2023." See Administrative Bar Date Motion at 9:5-6. In other words, the Administrative Bar Date Motion sought a deadline to file administrative claims arising from the February 7, 2023, commencement of the Chapter 11 proceeding through July 20, 2023 ("Administrative Claim Period"). Accompanying the Administrative Bar Date Motion was an Ex Parte Application for an Order Shortening Time for Hearing on the Administrative Bar Date Motion ("OST Application"). (ECF No. 790). A certificate of service was filed for both the Administrative Bar Date Motion and the OST Application. (ECF No. 801).

---

[2] An expedited hearing on the Sale Motion was scheduled for June 28, 2023, pursuant to an order shortening time. (ECF No. 724). The deadline for written opposition was set at June 23, 2023. Notice of the expedited hearing was sent by first class mail to all interested parties. (ECF No. 733).

[3] Notice of filing the amended motion was sent to all interested parties. (ECF No. 739).

2

On June 30, 2023, an order granting the Sale Motion ("Sale Order") was entered. (ECF No. 795).[4] The Sale Order was not appealed nor stayed.

On July 3, 2023, an order was entered shortening time for the Administrative Bar Date Motion to be heard on July 7, 2023. (ECF No. 803).

On July 11, 2023, an order was entered granting the Administrative Bar Date Motion ("Administrative Claims Bar Order"). (ECF No. 823). The order established a deadline of July 20, 2023, for proofs of administrative expense claims to be filed ("Administrative Claims Bar Date")[5] and also approved a form for submitting an administrative claim entitled "Administrative Claim Form."[6] The order does not specify the schedule by which "notice and a hearing" required by Section 503(b) would be provided for the bankruptcy court to allow an administrative claim.

---

[4] Notice of entry of the Sale Order was sent to all interested parties. (ECF No. 802).

[5] Four separate categories of administrative claims are <u>not</u> subject to the Administrative Claims Bar Date. <u>See</u> Administrative Claims Bar Order at ¶ 8(a, b, c, and d), page 4 of 14. Subparagraph (a) are "Administrative claims based upon liabilities that the Debtor incurs in the ordinary course of business to providers of goods and services." Subparagraphs (b) and (c) claims are for postpetition compensation of professionals appointed in the Chapter 11 case as well as employees of the Debtor. Subparagraph (d) encompasses statutory administrative fees and expenses required for Chapter 11 debtors. Those categories of administrative claims are not subject to the July 20, 2023 deadline, but otherwise must timely take any required steps to request allowance of the claims.

[6] The Administrative Claim Form is not required to be signed under penalty of perjury and contains none of the admonitions included in Official Form 410, except for the following language at the bottom of the page (but not part of the signature line): "Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571." FRBP 9009(a) permits "minor changes" to an Official Form, but eliminating the oath requirement from Official Form 410 is not minor.

On July 11, 2023, a notice of entry of the Administrative Claims Bar Order was filed ("Administrative Bar Date Notice").[7] (ECF No. 824). A certificate of service was filed for the Administrative Bar Date Notice.[8] (ECF No. 841)

On August 25, 2023, an order was entered confirming the Debtor's First Amended Chapter 11 Plan of Reorganization Dated August 1, 2023 ("Plan Confirmation Order"). (ECF No. 1126).[9] The Plan Confirmation Order was not appealed nor stayed.

On September 20, 2023, Debtor filed the instant Omnibus Objection[10] accompanied by the supporting declaration of its independent director, Daniel Ayala ("Ayala Declaration").[11] (ECF Nos. 1277 and 1278). The Omnibus Objection was noticed to be heard on October 19,

---

[7] Among other things, the notice specifies that "Proofs of Administrative Expense Claim will be deemed timely filed if actually received by the Clerk of the Bankruptcy Court and the Notice Parties on or before the Administrative Claims Bar Date." Administrative Bar Date Notice at 2:24-27. More important, claimants are informed that "**IF ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF ADMINISTRATIVE EXPENSE CLAIM AS SPECIFIED IN THE ADMINISTRATIVE CLAIM BAR ORDER BUT FAILS TO DO SO ON OR BEFORE THE ADMINISTRATIVE CLAIM BAR DATE, THEN SUCH CLAIMANT SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM THAT AROSE OR ACCRUED ON OR AFTER THE PETITION DATE THROUGH AND INCLUDING THE ADMINISTRATIVE CLAIM BAR DATE.**" Id. at 3:10-14.

[8] The certificate attests that on July 11, 2023, the Debtor's agent sent copies of the Administrative Bar Date Notice as well as the Administrative Claim Form by first class mail to to all creditors and parties in interest.

[9] Notice of entry of the Plan Confirmation Order was sent to interested parties. (ECF No. 1153).

[10] Attached as Exhibit "1" to the Omnibus Objection is a list of claims filed or received after the July 20, 2023 Administrative Claims Bar Date ("Late Claims List"). Attached as Exhibits "2" through "53" are copies of the face pages of Administrative Claim Forms filed or received after the Administrative Claims Bar Date. Exhibit 15 is the form filed by Eric E. Brage, Jr., signed on July 25, 2023, in the amount of $1,800. Exhibit 16 is the form filed by James D. Favors, signed on July 24, 2023, in the amount of $15,000. Exhibit 35 is the form filed by Good 2 Go Stores LLC, signed on August 10, 2023, in the amount of $27,207.

[11] Debtor's independent director attests that the parties appearing on the Late Claims List also appear on the certificate of service for the Administrative Bar Date Notice. See Ayala Declaration at ¶ 4.

4

2023.  (ECF No. 1279).  A certificate of service was filed for the Omnibus Objection, Ayala Declaration, and notice of hearing.  (ECF No. 1301).[12]

On October 3, 2023, a response to the Omnibus Objection was filed by Eric E. Brage, Jr. (ECF No. 1349).

On October 3, 2023, a response to the Omnibus Objection was filed by James Favors. (ECF No. 1350).

On October 5, 2023, a response to the Omnibus Objection was filed by Good 2 Go Stores LLC.  (ECF No. 1346).

On October 12, 2023, Debtor filed a reply ("Reply") in support of the Omnibus Objection.  (ECF No. 1367).

**DISCUSSION**

An administrative expense claim may be allowed by the bankruptcy court only after "notice and a hearing."  11 U.S.C. § 503(b).  An administrative claim may be allowed for "the actual, necessary costs and expenses of preserving" the Chapter 11 estate.  11 U.S.C. § 503(b)(1)(A).  The burden of proving the requirements for allowance of an administrative expense claim rests with the claimant.  See Microsoft Corp. v. DAK Industries, Inc. (In re DAK Industries, Inc.), 66 F.3d 1091, 1094 (9th Cir. 1995); In re MyLife.com Inc., 2023 WL 5976726, at *4 (Bankr. C.D. Cal. Sep. 14, 2023).[13]  The term "actual, necessary costs and expenses" under

---

[12] Attached as Exhibit "C" to the certificate of service is a list of the claimants who appear on the Late Claims List.  Notice of the hearing on the Omnibus Objection therefore appears to have been served on all of the parties who were served with the Administrative Bar Date Notice.

[13] The allowance of administrative expenses is treated differently from the allowance of claims or interests in a bankruptcy case.  Section 502 and Section 503 distinguish between the allowance of claims and interests, and the allowance of administrative expenses.  Section 502(a) expressly provides that a proof of claim filed under Section 501(a) with respect to a claim or interest, "is deemed allowed" unless a party in interest objects.  Because a proof of claim is signed under penalty of perjury, FRBP 3001(f) specifies that "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  An objecting party must overcome the presumption of validity by presenting sufficient evidence of probative force equal to the allegations of the proof of claim. See Burke v. Reno-Sparks Indian Colony (In re Affordable Patios & Sunrooms), 2022 WL 1115413, at *3 (B.A.P. 9th Cir. Apr. 22, 2022).  Official Form 410 used for submitting a proof of

Section 503(b) is narrowly construed to keep administrative costs at a minimum. See <u>N.L.R.B. v. Walsh (In re Palau)</u>, 139 B.R. 942, 944 (B.A.P. 9th Cir. 1992), <u>aff'd</u>, 18 F.3d 746 (9th Cir. 1994). The focus is on whether the claimed expenses arose from a postpetition transaction with the bankruptcy estate, and whether the transaction directly and substantially benefitted the bankruptcy estate. See <u>In re DAK Industries</u>, 66 F.3d at 1094.

The Administrative Claims Bar Order is unambiguous: postpetition claims arising during the Administrative Claim Period must be filed no later than July 20, 2023. The Late Claims List attached to the Omnibus Objection, as well as Exhibits 2 through 53 to the objection, sufficiently establish that the subject Administrative Expense Claims were not filed or received before expiration of the bar date. Except for claimants Eric E. Brage, Jr. ("Brage"), James Favors ("Favors") and Good 2 Go Stores LLC ("G2G"), no other party has responded to the Omnibus Objection or otherwise sought relief from the Administrative Claims Bar Order. As to those claimants, the Omnibus Objection will be sustained. As to all three of the responding claimants, each of them signed their claims after the Bar Date had passed, <u>see</u> discussion at note 11, <u>supra</u>, and each of the claims was filed or received after the Bar Date had passed. As specified in the Bar Date Notice, their respective claims are FOREVER BARRED under the Administrative Claims Bar Order.

In their written responses to the Omnibus Objection, claimants Brage and Favors suggest that they never received the Bar Date Notice by U.S. mail until after the Bar Date had expired, while claimant G2G maintains that the Administrative Bar Date did not apply because its administrative claim did not accrue until after the Bar Date. In its Reply to those responses, Debtor apparently relies on the "mailbox rule," creating a rebuttable presumption that a mailed

---

claim specifically states as follows: "Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503." Because of these distinctions, simply filing an administrative claim form is not sufficient for the claimed expense to be allowed by the bankruptcy court. Instead, the party requesting an administrative expense allowance must affirmatively seek approval from the bankruptcy court through a noticed hearing, and must provide admissible evidence to support the request. The Administrative Claims Bar Order simply established a deadline for requests for administrative expenses to be filed and no more.

document is received by the addressee, see generally Moody v. Bucknum (In re Bucknum), 951 F.2d 204, 206-07 (9th Cir. 1991), but the presumption does not address the time that the document is received. Brage, Favors, and G2G apparently do not dispute that the Bar Date Notice was served by first class mail and Debtor apparently does not dispute that the Bar Date Notice may have been received after the July 20, 2023, deadline.[14]

Because there is no dispute that Brage, Favors, and G2G claims were not submitted until after the Bar Date, however, they can seek allowance of their claims only if they first prevail on a motion for relief from the Bar Date. If they can do so, Brage, Favors, and G2G also must prevail on a separate motion requesting allowance of their claims under Section 503(b)(1)(A).[15] None of these separate motions are before the court. The court expresses no opinion on the merits of such motions, nor whether the legal expense incurred in pursuing the motions would be worthwhile to any of the claimants.[16] For the reasons discussed above,

**IT IS HEREBY ORDERED** that Debtor's Omnibus Objection to Late Filed and Non-Compliant Administrative Expense Claim, Docket No. 1277, be, and the same hereby is, **SUSTAINED.**

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

---

[14] FRBP 9006(f) generally provides an additional three-day response period for materials served by mail, but even an additional three days for the completed Administrative Claim Forms to be received by the court may not have been sufficient in this instance.

[15] Because the Administrative Claim Form submitted by G2G does not establish the prima facie validity and amount of its claim, see discussion at note 13, supra, G2G also would have to meet its burden of establishing a postpetition breach of its unexpired leases with the Debtor and any applicable damages.

[16] The amount of funds available to pay administrative expenses incurred in the Debtor's reorganization proceeding is uncertain at best. Whether allowed administrative expenses will be paid in full or pennies on the dollar also is uncertain at best. The legal fees incurred in pursuing as well as opposing the allowance of an administrative expense may exceed the actual amount, if any, paid on a claim. Nothing in this order prevents claimants Brage, Favors, and G2G from attempting to negotiate with the Debtor and perhaps the UCC, in lieu of pursuing additional litigation.

| | |
|---|---|
| 1 | CASH CLOUD, INC.<br>ATTN: OFFICER OR MANAGING AGENT |
| 2 | 11700 W CHARLESTON BLVD., #441<br>LAS VEGAS, NV 89135 |
| 3 | |
| 4 | CATHERINE V. LOTEMPIO on behalf of Creditor Committee OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS |
| 5 | SEWARD & KISSEL<br>ONE BATTERY PARK PLAZA |
| 6 | NEW YORK, NY 10004 |
| 7 | |
| 8 | TIMOTHY A. LUKAS, ESQ.<br>HOLLAND & HART LLP |
| 9 | C/O GOOD 2 GO STORES LLC<br>5441 KIETZKE LANE, SECOND FLOOR |
| 10 | RENO, NV 89511-2094 |
| 11 | JAMES FAVORS |
| 12 | 95-353 WAIA LOOP<br>MILILANI, HI 96789-1325 |
| 13 | |
| 14 | ERIC E. BRAGE JR.<br>2524 TROTTER ROAD |
| 15 | FLORENCE, SC 29501 |
| 16 | # # # |