Anne T. Freeland, Esq.
Nevada Bar No. 10777
**MICHAEL BEST & FRIEDRICH LLP**
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500
Fax:    801.931.2500
Email: atfreeland@michaelbest.com

-and-

Justin M. Mertz, Esq.
Wisconsin Bar No. 1056938
(Admitted *pro hac vice* July 20, 2023)
Christopher J. Schreiber, Esq.
Wisconsin Bar No. 1039091
(Admitted *pro hac vice* September 21, 2023)
**MICHAEL BEST & FRIEDRICH LLP**
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Phone: 414.225.4972
Fax:    414.956.6565
Email: jmmertz@michaelbest.com

-with local counsel-

John T. Wendland, Esq.
Nevada Bar No. 7207
**W&D LAW**
861 Coronado Center Drive, Suite 231
Henderson, NV 89052
Phone: 702.314.1905
Fax:    702.314.1909
Email: jwendland@wdlaw.com

*Counsel for AVT Nevada, L.P.*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CASH CLOUD, INC.,<br>d/b/a COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**AVT NEVADA, L.P.'S APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |

AVT Nevada, L.P. ("**AVT**"), by and through its undersigned counsel, Michael Best & Friedrich LLP ("**Michael Best**"), respectfully submits *AVT Nevada, L.P.'s Application for Allowance and Payment of Administrative Expense Claim* (the "**Application**") pursuant to (without limitation) section 503(b)(1)(A) of title 11 of the United States Code (the "**Bankruptcy**

AVT'S APPLICATION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

PAGE 1

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

1 Code"), the *Declaration of Dan Burris in Support of AVT Nevada, L.P.'s Application for*
2 *Allowance and Payment of Administrative Expense Claim* (the "**Burris Declaration**"), and the
3 following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over his matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (B). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. The Burris Declaration extensively describes the agreements and transactions that in their entirety constitute the Master Lease. For purposes of this Application, the following foundational facts are most relevant:

   a. On June 5, 2020, the Debtor and AVT entered that certain Master Lease Agreement No. 2056266 (the "**Master Lease**[1]"), evidencing the agreement between the parties for the lease of certain equipment (the "**Equipment**") to the Debtor. (Burris Decl. ¶¶ 10-11., Ex. 1.)

   b. The Equipment consists of domestic Bitcoin kiosks, which have been referred to in these proceedings from time to time as "DCMs" (Digital Currency Machines) and "BTMs" (Bitcoin Teller Machines).

   c. The Master Lease is a "Finance Lease," as that term is defined under Article 2A of the Uniform Commercial Code (the "**UCC**"), (*id.*, Ex. 1 § 5) and explicitly states that it is

---

[1] This term incorporates all agreements and schedules arising under or relating to the Master Lease, as further described in the Burris Declaration.

AVT'S APPLICATION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

PAGE 2

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

"intended to be a 'true lease' under all applicable law, included for tax and bankruptcy purposes." (*Id.*, Ex. 1 § 30(a).)

d. The Master Lease further states that "all right, title and interest in and to the Leased Property . . . is vested in [AVT]." (*Id.*, Ex. 1 § 11.)

e. Pursuant to the Master Lease, AVT leased 594 kiosks to the Debtor. (*Id.* ¶ 36.)

f. The Master Lease is governed by the laws of the State of Utah (*Id.*, Ex. 1 § 23), and affirmatively grants AVT the right to file "precautionary, security instruments." (*Id.*, Ex. 1 § 30(b).)

g. AVT filed a precautionary UCC-1 financing statement on May 12, 2020 (the "**Precautionary UCC-1 Filing**") to perfect the grant of a security interest in the Equipment only in the event that the Master Lease was not deemed to be a true lease. (*See id.*, Ex. 12 ("This filing is made for informational purposes and not to suggest Secured Party's interest is limited to a security interest only."))

## THE AVT CLAIMS AND RELEVANT PROCEDURAL POSTURE

3. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 7, 2023 (the "**Petition Date**"). As of the Petition Date, a total of $1,314,335.00 was owed to AVT under the Master Lease, as evidenced by AVT's Proof of Claim filed on March 27, 2023. (Claim 38; the "**AVT POC**").

4. In Part 2, Section 8 of the AVT POC, AVT stated that its claim is based upon an "Equipment lease" in response to the prompt *What is the basis of the claim?* (*Id.* at 2.) In Part 2, Section 9, AVT disclosed the existence of its precautionary security interest by checking "Yes" in response to the prompt *Is all or part of the claim secured?*, but in that same section, AVT again referenced the Master Lease. (*Id.*) And in Section 10 of the AVT POC,

AVT'S APPLICATION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

PAGE 3

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

AVT asserted its status as a lessor by checking "Yes" in response to the prompt *Is this claim based on a lease?*). (*Id.*)

5. On July 19, 2023, AVT formally asserted its entitlement to an administrative expense claim in this case by utilizing the "Administrative Claim Form" approved in this case and filing the claim. (Dkt. 887; the "**AVT Admin Claim**"). AVT incorporates the AVT Admin Claim in its entirety into this Application.

6. The AVT Admin Claim asserts that AVT is owed $262,719.30 in accrued and unpaid post-petition rental payments "for the Debtor's use of the portion of the Leased Equipment that it actually used in the operation of its business . . . post-petition" and that AVT is entitled to administrative expense designation under § 503(b)(1)(A) as a result. (*Id.*, Addendum ¶ 12.) The AVT Admin Claim includes a detailed Addendum substantiating the amount and basis of the claim. (*Id.*, Addendum ¶ 11.)[2]

7. On September 19, 2023, the Debtor objected to the AVT Admin Claim as evidenced by *Debtor's Objection to Administrative Expense Claim of AVT Nevada, L.P.* (Dkt. 1258; the "**Objection**"). In the Objection, the Debtor did not object to (or otherwise address in any way) AVT's use of the approved Administrative Claim Form to assert the AVT Admin Claim, nor did the Debtor raise any procedural objections to allowance of the AVT Admin Claim. (*Id.*)

8. On October 5, 2023, in further support of the AVT Admin Claim and in response to the Objection, AVT filed *AVT Nevada, L.P.'s Response to Debtor's Objection to*

---

[2] The Burris Declaration provides the evidentiary basis for AVT's entitlement to an administrative expense claim generally, but as to the amount of the AVT Admin Claim in particular, see paragraph 51 of the Burris Declaration.

AVT'S APPLICATION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

PAGE 4

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

*Administrative Expense Claim* (Dkt. 1351; the "**Response**"). AVT incorporates the Response in its entirety into this Application.

9. On October 19, 2023, this Court heard arguments from the Debtor and AVT relating to the AVT Admin Claim. On January 17, 2024, the Court entered the *Order on Debtor's Objection to Administrative Expense Claim of AVT Nevada, L.P.* (Dkt. 1576; the "**Preliminary Order**"). In the Preliminary Order, and without limitation, the Court overruled the Debtor's Objection without prejudice but did not make any determination regarding the allowance of the AVT Admin Claim. (*Id*. at 9.) Instead, the Court indicated that "AVT is required by Section 503(b) to seek allowance of the administrative expense." (*Id*. at 8.) AVT therefore presents this Application for the Court's consideration.

## LEGAL BASIS FOR CLAIM

10. The AVT Admin Claim represents the amount owed to AVT under the Master Lease for the Debtor's post-petition use of the portion (*i.e.*, the Deployed Kiosks) of the Leased Equipment in the operation of its business during the bankruptcy case. (Burris Decl. ¶¶ 48-51.)

11. Section 503 of the Bankruptcy Code provides that after notice and a hearing, there shall be allowed administrative expenses, including the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). An "actual or necessary cost" is one that has conferred a benefit upon the bankruptcy estate and was necessary to preserve the value of the estate assets. *Calpine Corp. v. O'Brien Env't Energy, Inc. (In re O'Brien Env't. Energy, Inc.)*, 181 F.3d 527, 533 (3d Cir. 1999); *Texas v. Lowe (In re H.L.S. Energy Co.)*, 151 F.3d 434, 437 (5th Cir. 1998) ("The 'benefit' requirement has no independent basis in the Code, however, but is merely a way of testing whether a particular expense was truly 'necessary' to the estate"); *see*

AVT'S APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

PAGE 5

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

1  *also* 4 COLLIER ON BANKRUPTCY ¶ 503.06[1] (Richard Levin & Henry J. Sommer eds., 16th ed.
2  2023).

3      12.    An "essential polic[y] underlying the priority of administrative expenses" is the
4  prevention of "unjust enrichment of the estate at the expense of its creditors." *In re Jeans.com*,
5  491 B.R. 16, 23 (Bankr. D.P.R. 2013); *see also In re Am. Plumbing & Mech., Inc.,* 323 B.R. 442,
6  462 (Bankr. W.D. Tex. 2005) ("The focus on allowance of administrative claims which enjoy a
7  priority over other creditors is to prevent unjust enrichment of the estate."); *In re J.A.V. Ag., Inc.,*
8  154 B.R. 923, 930 (Bankr. W.D. Tex. 1993) ("To allow the estate to benefit from the use and
9  possession of the trucks without requiring it to pay the costs associated with their usage would be
10 to unjustly enrich the estate.").

11     13.    The "reasonable value of [a] lease" for equipment used during the pendency of a
12 bankruptcy case is "an actual and necessary cost and expense of the estate." *In re Thompson*, 788
13 F.2d 560, 563 (9th Cir. 1986); *see also* § 503(b)(1)(A). "The rent reserved in the lease is
14 presumptive evidence of fair and reasonable value." *Thompson,* 788 F.2d at 563.

15     14.    The AVT Admin Claim amount of $262,719.30 equals the contract rate for the
16 use of the Leased Equipment and the amount is specifically tailored to account for only the
17 equipment that the Debtor actually used in the operation of its business. The contract rate as
18 established by the Master Lease is the presumptive, reasonable value of the use of the Leased
19 Equipment between the Petition Date and the date that the Leased Equipment was sold and is the
20 appropriate measure of the AVT Admin Claim.[3]

21

---

22 [3] Moreover, because the Master Lease is a true lease, the Debtors failed to comply with § 365(d)(5) of the Bankruptcy Code in failing to timely perform (pay) the obligations owed to AVT since the Petition Date. *See Giant Eagle, Inc. v. Phar-Mor, Inc*., 528 F.3d 455, 466 (6th Cir. 2008) ("The plain language of 11 U.S.C. § 365(d)(5)
23 requires the debtor (Phar-Mor) to pay rent until the time the lease is actually rejected[.]"). A true lease constitutes an

AVT'S APPLICATION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

PAGE 6

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

15.     AVT therefore asserts that it is entitled to administrative expense designation for all amounts reflected in the AVT Admin Claim pursuant to § 503(b)(1)(A) as an actual and necessary expense of preserving the estate because the ultimate sale by the Debtor of the Leased Equipment (which occurred on or about July 21, 2023) leaves no doubt that the Leased Equipment benefitted the estate.

16.     Moreover, AVT asserts that it is entitled to immediate payment of the AVT Admin Claim because the sales have closed and funds relating to the Leased Equipment have been paid into the estate.

**RESERVATION OF RIGHTS**

AVT reserves all of its rights to present additional arguments and facts (orally or in writing) in support of this Application.

*[Signature page follows.]*

---

"unexpired lease of personal property" under section 365. COLLIER ON BANKRUPTCY ¶ 365.02 (Richard Levin & Henry J. Sommer eds., 16th ed. 2023).

AVT'S APPLICATION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

PAGE 7

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500

Dated: February 2, 2024.

**MICHAEL BEST & FRIEDRICH LLP**

By: */s/ Anne T. Freeland*

Anne T. Freeland, Esq.
Nevada Bar No. 10777
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500
Fax:    801.931.2500
Email: atfreeland@michaelbest.com

*-and-*

Justin M. Mertz, Esq.
Wisconsin Bar No. 1056938
(Admitted *pro hac vice* July 20, 2023)
Christopher J. Schreiber, Esq.
Wisconsin Bar No. 1039091
(Admitted pro hac vice September 21, 2023)
**MICHAEL BEST & FRIEDRICH LLP**
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Phone: 414.225.4972
Fax:    414.956.6565
Email: jmmertz@michaelbest.com

*-with local counsel-*

John T. Wendland, Esq.
Nevada Bar No. 7207
**W&D LAW**
861 Coronado Center Drive, Suite 231
Henderson, NV 89052
Phone: 702.314.1905
Fax:    702.314.1909
Email: jwendland@wdlaw.com

*Counsel for AVT Nevada, L.P.*

AVT'S APPLICATION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

PAGE 8

MICHAEL BEST & FRIEDRICH LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, UT 84121
Phone: 801.833.0500 Fax: 801.931.2500