BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       nkoffroth@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-mkn<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF CONWAY BAXTER WILSON LLP/S.R.L. AS SPECIAL LITIGATION COUNSEL TO DEBTOR, EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date:  OST Pending<br>Hearing Time:  OST Pending |

Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), respectfully submits this application (the "Application") for an order pursuant to sections 327(e), 328, 1107 and 1108 of title 11 of the United States Code, §§ 101 *et. seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada (the "Local Rules"), authorizing Debtor to retain and employ Conway Baxter Wilson LLP/s.r.l. ("CBW") as special litigation counsel in the BitAccess Arbitration (defined below), effective as of the Petition Date. This Application is

143616858.10                                1

made and based upon the *Verified Statement of Kevin Caron* (the "Caron Verified Statement") and the *Declaration of Daniel Ayala* (the "Ayala Declaration") both filed contemporaneously herewith, the papers and pleadings on file in this Chapter 11 Case, judicial notice of which is respectfully requested, any argument of counsel entertained by the Court at the time of the hearing of the Application, and the following:

## I.

## BACKGROUND

1. On February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition with this Court for reorganization relief under chapter 11 of title 11 of the Bankruptcy Code.

2. Debtor is continuing to operate its business and manage its property as debtor in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. On February 17, 2023, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [ECF No. 131, as amended on February 28, 2023, ECF No. 177].

4. The factual background relating to Debtor's commencement of the Chapter 11 Case is set forth in detail in the *Omnibus Declaration of Chris McAlary* [ECF No. 19] and is incorporated herein by this reference.

## II.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

6. The statutory basis for relief sought herein arises from Bankruptcy Code sections 327(e), 328, 1107 and 1108, Bankruptcy Rule 2014, and Local Rule 2014.

7. Venue of this Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## III.

## RELIEF REQUESTED

8. Debtor brings this Application, and hereby seeks the employment of CBW, as special litigation counsel, to pursue and continue certain prepetition legal actions brought by Debtor against BitAccess, Inc. ("BitAccess") in Canada.

9. On August 11, 2022, Debtor initiated litigation by filing a complaint against BitAccess (the "BitAccess Complaint"), entitled *Cash Cloud Inc. v. BitAccess, Inc.*, Case No. CV-22-00089887-0000 (the "BitAccess Action"), in the Superior Court of Justice in Ottawa, Ontario, Canada (the "Ottawa Court"). Debtor has also initiated a companion arbitration proceeding against BitAccess before the Canadian Arbitration Association ("BitAccess Arbitration"). See Ayala Declaration, ¶ 4; Caron Verified Statement, ¶ 4.

10. Debtor desires to retain CBW to assist representing Debtor in the BitAccess Arbitration in Canada. A true and correct copy of the engagement agreement between Debtor and CBW is attached as **Exhibit 1** to the Caron Verified Statement (the "Engagement Agreement"). See Ayala Declaration, ¶ 5; Caron Verified Statement, ¶ 5 & Exhibit 1.

11. The BitAccess Action and the BitAccess Arbitration (collectively, the "BitAccess Litigation") concern BitAccess' improper termination of its software services to Debtor—software services that Debtor used to operate its digital currency kiosks. A true and correct copy of the BitAccess Complaint is attached as **Exhibit 2** to the Caron Verified Statement and incorporated herein by this reference. See Ayala Declaration, ¶ 6; Caron Verified Statement, ¶ 6 & Exhibit 2.

12. The BitAccess Action was aimed at obtaining injunctive relief pending the appointment of an arbitral tribunal within the context of the BitAccess Arbitration. An arbitral tribunal (the "Arbitral Tribunal") was appointed in November 2022. See Ayala Declaration, ¶ 7; Caron Verified Statement, ¶ 7.

13. Following the Petition Date, CBW performed the following work on behalf and with approval of the Debtor, in the BitAccess Arbitration:

    a. corresponded with opposing counsel, the Arbitral Tribunal, and Nevada counsel about various substantive and procedural matters connected to the BitAccess Arbitration;

     b.  prepared for and attended three case conferences before the Arbitral Tribunal;

     c.  drafted pleadings;

     d.  reviewed and analyzed BitAccess' pleadings;

     e.  obtained, reviewed, analyzed, compiled and produced documents on behalf of the Debtor, pursuant to a documentary discovery order made by the Arbitral Tribunal;

     f.  reviewed and analyzed BitAccess' productions made in response to the Arbitral Tribunal's discovery order;

     g.  conducted legal research, as necessary, to address issues raised in the parties' pleadings and other ancillary issues raised at the case conferences;

     h.  retained, instructed, and corresponded with litigation experts that will testify on behalf of the Debtor on the issues of damages quantification; and

     i.  corresponded with the Debtor and the Debtor's counsel on various substantive and procedural matters connected to the BitAccess Arbitration and to obtain instructions.

See Caron Verified Statement, ¶ 8.

14.    In a communication to counsel on May 2, 2023, the Arbitral Tribunal requested a deposit from Debtor (and a corresponding deposit from BitAccess) to proceed with the BitAccess Arbitration in the following two installments: $55,694.575 Canadian Dollars by May 30, 2023; and $55,694.575 Canadian Dollars by August 15, 2023 (collectively, the "Arbitral Deposits"). See Caron Verified Statement, ¶ 9.

15.    Following the Petition Date, there were ongoing negotiations between the Debtor and the Official Committee of the Unsecured Creditors (the "Committee") with respect to whether the Debtor should make the Arbitral Deposits to enable the BitAccess Arbitration to proceed. During these negotiations, the Debtor did not move forward to apply for CBW's employment, because it was uncertain whether the BitAccess Arbitration would proceed. See Ayala Declaration, ¶ 8.

16.    On August 15, 2023, upon the Committee's approval, the Debtor provided CBW with a wire transfer in USD for the payment of the Arbitral Deposits requested by the Arbitral Tribunal. The funds were wired to CBW's trust account. Once the funds were converted from USD to CAD,

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

and the Arbitral Deposits were paid, there was a surplus amount of CAD $3,607.27 due to fluctuations in the USD/CAD conversion rates (the "Surplus"). See Caron Verified Statement, ¶ 10.

17. In a communication to counsel on November 27, 2023, the Arbitral Tribunal requested the parties to advise by February 1, 2024, as to their availability for a case conference to schedule the timetable for the BitAccess Arbitration. See Caron Verified Statement, ¶ 11.

18. Following the Committee's approval of the Debtor's making of the Arbitral Deposits, CBW was not aware of that judicial approval of its employment was necessary under applicable law. In this regard, CBW was not familiar with the bankruptcy law of the United States and, in particular, with the laws, practices and procedures applicable to the employment of professionals in that context. The Debtor's counsel has communicated to CBW that an employment application for Special Counsel is required to proceed with the BitAccess Arbitration. See Caron Verified Statement, ¶12.

19. Because the BitAccess Arbitration involves complex issues and impending deadlines, and their outcome will have a significant impact on Debtor's estate, Debtor believes that its representation by CBW as its special litigation counsel in the BitAccess Arbitration is in the best interest of Debtor and the estate. See Ayala Declaration, ¶ 9.

20. CBW's services have provided a significant benefit to the estate since the Petition Date. In this regard, CBW acted to preserve the rights of the estate in the BitAccess Arbitration, which is governed by Ontario law. CBW has further advanced the arbitration forward post-petition in its pre-trial stages. Furthermore, the prosecution and/or settlement of the BitAccess Arbitration may result in significant value to the estate. The compensation sought by CBW of its post-petition services is reflective of a reasonable value of the services that CBW provided to the estate. See Ayala Declaration, ¶ 10.

21. A satisfactory explanation for the failure to obtain prior judicial approval exists. CBW is foreign counsel in an arbitration under Ontario law and its attorneys are not familiar with the bankruptcy law of the United States. In this regard, the Debtor has not sought judicial recognition of the Chapter 11 proceeding in Canada. Furthermore, the Debtor did not move forward with CBW's employment application while there were ongoing negotiations with the Committee with respect to whether the Debtor should make the Arbitral Deposits to permit the BitAccess Arbitration to proceed.

Following the Committee's approval of the Arbitral Deposits, counsel for the Debtor communicated the employment requirements to CBW. There is no prejudice arising from the lack of prior approval of CBW's employment. See Ayala Declaration, ¶ 11.

## IV.
## QUALIFICATIONS

22. Debtor selected CBW because of its excellent qualifications, its reasonable fee structure, and its prior relationship with Debtor in dealing with the BitAccess Litigation. See Ayala Declaration, ¶ 12.

23. CBW's services will not be duplicative of any other professionals providing services to Debtor. See Ayala Declaration, ¶ 13.

24. CBW is well qualified to serve as Special Counsel to Debtor. CBW is a Canadian law firm specializing in litigation. Attorneys at CBW are experienced in representing companies in all manner of complex commercial litigation, including before arbitral tribunals and all levels of court in Canada. Mr. Thomas Conway and Mr. Kevin Caron of CBW will have carriage of this matter. They are both partners at CBW. Mr. Thomas Conway has in excess of 35 years of complex commercial litigation experience and Mr. Kevin Caron has in excess of 7 years of complex commercial litigation experience. The combined experience of Mr. Conway and Mr. Caron makes CBW well suited to represent Debtor in the BitAccess Arbitration in Canada. See Caron Verified Statement, ¶ 13, Ayala Declaration, ¶ 14.

25. Accordingly, Debtor respectfully submits that the employment and retention of CBW is in the best interests of Debtor and its estate. See Ayala Declaration, ¶ 15.

## V.
## SERVICES TO BE RENDERED

26. Debtor proposes to employ CBW as special litigation counsel to Debtor for the BitAccess Arbitration. Specifically, Debtor anticipates CBW will provide counsel on the various Canadian statutory and common law issues raised in the BitAccess Arbitration. This includes all aspects of discovery, pre-trial motion practice, trial/hearings, and post-trial services, if necessary (the "Services"). See Ayala Declaration, ¶ 16; Caron Verified Statement, ¶ 14.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

27. CBW has stated its willingness to act as Debtor's special litigation counsel with respect to the BitAccess Arbitration during the pendency of the Chapter 11 Case. See Caron Verified Statement, ¶ 15.

28. Based on the foregoing, CBW is well-qualified to perform the Services and legally represent Debtor in the BitAccess Arbitration, specifically with respect to CBW's extensive experience of complex commercial litigation matters. See Ayala Declaration, ¶ 17; Caron Verified Statement, ¶ 16.

29. The scope of CBW's Services has been set forth in the Engagement Agreement executed by both CBW and Debtor. See Ayala Declaration, ¶ 18; Caron Verified Statement, ¶ 17; Exhibit 1.

## VI.

## DISINTERESTEDNESS

30. Pursuant to section 327(e) of the Bankruptcy Code, a debtor may employ an attorney "for a specified special purpose" where such representation would be in the best interests of the debtor's estate and the attorney "does not represent or hold any interest adverse to the debtor with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

31. CBW has reviewed its databases and records. It does not represent or hold any interest adverse to the Debtor and the Chapter 11 Case. To the extent that CBW discovers any adverse, material relationships during the period of CBW's retention, CBW will use reasonable efforts to supplement the information. See Caron Verified Statement, ¶ 18.

32. Moreover, although such disclosure is not required by section 327(e), CBW verifies that:

    a. its partners, of counsel, and associates:

        i. are not equity security holders or insiders of Debtor;

        ii. are not and were not, within two years before the date of this application, a director, officer, or employee of Debtor, as specified in subparagraph (c) of 11 U.S.C. § 101(14); and

        iii. do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders except as stated herein or in the Caron Verified Statement.

    b. CBW does not represent or otherwise have other material connections with the Debtor, its creditors, any other party in interest in the Chapter 11 Case, or their respective attorneys and accountants, the judge of this Court, the United States Trustee for Region 17 or any person employed in the Office of the United States Trustee for the District of Nevada, in accordance with Bankruptcy Rule 2014.

CBW will supplement these disclosures in the event further material connections are discovered regarding persons or entities that later become identified as parties in interest in this Chapter 11 Case. See Caron Verified Statement, ¶ 19.

## VII.
## **PROFESSIONAL COMPENSATION**

33. Debtor shall compensate CBW for the Services rendered to Debtor. Pursuant to the Engagement Agreement, CBW will be paid an hourly rate. The amount of compensation to be paid to CBW by Debtor for the Services rendered will fluctuate depending on the attorney working on the matter. Generally, CBW's rates range from $300 to $750 Canadian Dollars per hour. Mr. Caron's rate for this matter is $450 Canadian Dollars per hour and he will be the primary attorney working on this matter from CBW. See Ayala Declaration, ¶ 19; Caron Verified Statement, ¶ 20.

34. CBW shall also seek reimbursement for the expenses and costs incurred on Debtor's behalf in connection with the BitAccess Arbitration, to the maximum amount permitted by Canadian law. See Ayala Declaration, ¶ 20; Caron Verified Statement, ¶ 21.

35. Prepetition, Debtor provided CBW with a retainer, of which $59,104.59 Canadian Dollars was remaining on the Petition Date (the "Retainer"). CBW deposited the Retainer in its trust account. CBW will apply the Retainer and the Surplus to any outstanding and overdue balances owing pursuant to the interim compensation procedures set forth in this Court's *Order Granting Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a) and 331, And Fed. R. Bankr. P. 2016, Authorizing and Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [ECF No. 321]. At the end of CBW's representation, it will apply the remaining Retainer and Surplus (if any) to any outstanding fees and/or expenses owing that are approved by the Court pursuant to CBW's Final Fee Application and return any unearned funds to Debtor at that time. See Ayala Declaration, ¶ 21; Caron Verified Statement, ¶ 22.

36. On the Petition Date, Debtor did not owe CBW any amounts for prepetition services rendered. See Caron Verified Statement, ¶23.

37. There is no agreement of any nature, other than with respect to the attorneys at CBW and payment of any contract attorneys or subject matter experts utilized by CBW, as to the sharing of compensation to be paid to CBW. See Caron Verified Statement, ¶ 24.

38. As noted in the Caron Verified Statement:

   a. CBW did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement;

   b. None of the CBW professionals included in this engagement will vary their rates based on the geographic location of the bankruptcy case;

   c. The rates and material terms for CBW's prepetition representation of Debtor have increased effective January 2024 to account for annual rate increase; and

   d. Debtor has approved CBW's provision of services on the terms set forth in the Engagement Agreement, which includes staffing and hourly rates, for the duration of the Chapter 11 case.

See Caron Verified Statement, ¶ 25.

39. Debtor respectfully submits that the proposed fee arrangement with CBW in accordance with rendering of its Services, and as set forth above and in the Engagement Agreement, is both fair and reasonable in light of: (i) industry practice; (ii) the similarity to market rates both in and out of Chapter 11 proceedings; (iii) CBW's general experience, and in particular with commercial litigation matters, and Canadian law in general; and (iv) the type of work to be performed pursuant to its retention. See Ayala Declaration, ¶ 22.

## VIII.

## NOTICE

40. Notice of this Application has been provided to (a) the Office of the United States Trustee; (b) counsel to the Committee; (c) Debtor's secured creditors; and (d) the parties that have filed requests for special notice in the Chapter 11 Case. Debtor respectfully submits that such notice is appropriate under the circumstances and that no other or further notice is necessary or required.

## IX.

## NO PRIOR APPLICATION

41. No prior application for the relief requested herein has been made to this Court or any other court. See Ayala Declaration, ¶ 23.

## X.

## CONCLUSION

42. WHEREFORE, Debtor respectfully requests entry of an Order authorizing the relief requested herein, substantially in the form attached hereto as **Exhibit A**, and granting Debtor such other and further relief as is just and proper.

DATED this 6th day of February 2024.

**FOX ROTHSCHILD LLP**

By: _____/s/Brett Axelrod_____
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

143616858.10

10

**EXHIBIT A**

**\*PROPOSED FORM OF ORDER\***

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
　　　　 nkoffroth@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>　　CASH CLOUD, INC.,<br>　　dba COIN CLOUD,<br><br>　　　　　　　Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF CONWAY BAXTER WILSON LLP/S.R.L. AS SPECIAL LITIGATION COUNSEL TO DEBTOR, EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date: _____, 2024<br>Hearing Time: \_\_:\_\_ \_.m. |

143616858.10

The Court, having reviewed and considered the *Application for Order Authorizing Retention and Employment of Conway Baxter Wilson LLP/s.r.l.* ("CBW") *as Special Litigation Counsel, Effective as of the Petition Date* (the "Application"),[1] filed by Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), the *Verified Statement of Kevin Caron* in Support of the Application (the "Caron Verified Statement"), the *Declaration of Daniel Ayala* in Support of the Application (the "Ayala Declaration"), and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good and sufficient as provided therein and under the circumstances; (2) CBW does not represent or hold any interest adverse to the Debtor with respect to the matter on which such attorney is to be employed; (3) CBW's employment as Debtor's special litigation counsel is necessary and in the best interests of Debtor and its estate; and (4) good cause exists to approve the retention and employment of CBW.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED in all respects;

2. Pursuant to 11 U.S.C. § 327(e) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Debtor is authorized to retain and employ CBW as special litigation counsel to perform the services set forth in the Application and under the terms of the Engagement Agreement attached as **Exhibit 1** to the Caron Verified Statement, effective as of the Petition Date; and

3. The terms of this Order shall be immediately effective and enforceable upon its entry.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

143616858.10

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: ___/s/Brett A. Axelrod___
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
    Jared A. Day,
    Trial Attorney for U.S. Trustee,
    Tracy Hope Davis

**<u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

- ☐ The Court has waived the requirement of approval in LR 9021(b)(1).

- ☒ No party appeared at the hearing or filed an objection to the motion.

- ☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Jared A. Day,
    Trial Attorney
    Office of the United States Trustee

- ☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #

143616858.10