_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
February 15, 2024

_____

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         jmcpherson@foxrothschild.com
         nkoffroth@foxrothschild.com
*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>   dba COIN CLOUD,<br><br>                    Debtor. | Case No.  BK-23-10423-mkn<br><br>Chapter 11<br><br>**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF CONWAY BAXTER WILSON LLP/S.R.L. AS SPECIAL LITIGATION COUNSEL TO DEBTOR, EFFECTIVE AS OF FEBRUARY 6, 2024**<br><br>Hearing Date:   February 14, 2024<br>Hearing Time:   9:30 a.m. |

155056728.2

The Court, having reviewed and considered the *Application for Order Authorizing Retention and Employment of Conway Baxter Wilson LLP/s.r.l. as Special Litigation Counsel, Effective as of the Petition Date* (the "Application"),[1] filed by Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), the *Verified Statement of Kevin Caron* in Support of the Application (the "Caron Verified Statement"), the *Declaration of Daniel Ayala* in Support of the Application (the "Ayala Declaration"), and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good and sufficient as provided therein and under the circumstances; (2) Conway Baxter Wilson LLP/s.r.l. ("CBW") does not represent or hold any interest adverse to the Debtor with respect to the matter on which such attorney is to be employed; (3) CBW's employment as Debtor's special litigation counsel is necessary and in the best interests of Debtor and its estate; and (4) good cause exists to approve the retention and employment of CBW.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED as reflected below;

2. Pursuant to 11 U.S.C. § 327(e) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Debtor is authorized to retain and employ CBW as special litigation counsel to perform the services set forth in the Application and under the terms of the Engagement Agreement attached as **Exhibit 1** to the Caron Verified Statement, effective as of February 6, 2024;

3. This Court's authorization of CBW's employment as of February 6, 2024 is without prejudice to CBW's ability to apply to this Court for an award of fees and costs incurred in performing services for the Debtor during the period of February 8, 2023 to February 5, 2024; and

4. The terms of this Order shall be immediately effective and enforceable upon its entry.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

155056728.2

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: /s/Jeanette E. McPherson
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    JEANETTE E. MCPHERSON, ESQ.
    Nevada Bar No. 5423
    NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Andrew Mattot- signature waived
    Candace Carlyon- signature waived

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #

155056728.2