NVB 2016 (05/2022)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

## Fee Application Cover Sheet

Case No.: 23-10423-mkn    Chapter: 11    Hearing Date/Time: _____

Debtor: CASH CLOUD, INC. dba COIN CLOUD

Applicant: SEWARD & KISSEL LLP

Date of Employment: February 23, 2023

Interim Fee Application No: 1    OR    Final Fee Application _____

**Amounts Requested:**    Client Approval: Yes ☑ No ☐

Fees: $ 2,121,705.00

Expenses: $ 26,367.55

Total: $ 2,148,072.55

Hours: 2,158.70    Blended Rate: $ 982.86

Fees Previously Requested: $ 0.00    Awarded: $ _____

Expenses Previously Requested: $ 0.00    Awarded: $ _____

Total Previously Requested: $ 0.00    Awarded: $ _____

Total Amount Paid: $ 0.00

**Chapter 13 Cases ONLY:**

Yes ☐ No ☐   Elected to accept the Chapter 13 Presumptive Fee pursuant to LR 2016.2, and filed the "Notice of Election to Accept the Presumptive Fee" on _____ .

Yes ☐ No ☐   Participated in the Mortgage Mediation Program: **If yes,** amount received: $ _____

I certify under penalty of perjury that the above is true.

Ryan J. Works    *Digitally signed by Ryan J. Works Date: 2024.03.15 13:34:29 -07'00'*    Date 03/15/2024

Signature

John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
(*pro hac vice applications granted*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
ashmead@sewkis.com
gayda@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Counsel for Official Committee
of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC. dba COIN CLOUD,<br><br>Debtor. | Case No.: 23-10423-mkn<br>Chapter 11<br><br>**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF SEWARD & KISSEL LLP**<br><br>**(February 23, 2023 through December 31, 2023)**<br>**Total Requested Fees:**       **$2,121,705.00**<br>**Total Requested Expenses:**    **$26,367.55**<br>**Total:**                     **$2,148,072.55**<br><br>**Hearing Date: April 17, 2024**<br>**Hearing Time: 9:30 a.m.**<br><br>Seward & Kissel LLP, Counsel to Official Committee of Unsecured Creditors<br><br>April 27, 2023 (employment authorized retroactive to February 23, 2023) |

Seward & Kissel LLP ("S&K" or the "Applicant"), co-counsel for the Official Committee of Unsecured Creditors (the "Committee") of the bankruptcy estate of Cash Cloud, Inc. d/b/a Coin Cloud (the "Debtor"), hereby submits its *First Interim Application For Compensation and*

*Reimbursement of Expenses of Seward & Kissel LLP* (the "First Interim Application") for allowance and payment of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred for the period commencing February 24, 2023 through December 31, 2023 (the "Application Period") pursuant to the *Order Granting Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a) and 331, and Fed. R. Bankr. P. 2016, Authorizing and Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 321] (the "Interim Compensation Procedures Order").

By and through this Application, S&K requests an order approving of and directing payment of incurred professional fees totaling **$2,121,705.00** and expenses totaling **$26,367.55** for a total award of **$2,148,072.55** to S&K for the Application Period. This Application is made pursuant to 11 U.S.C. §§ 330(a) and 331 and Bankruptcy Rule 2016.[1] This Application is made and based on the Memorandum of Points and Authorities, the Declaration of Robert J. Gayda, Esq. (the "Gayda Decl.") and any argument to be made at the hearing on this matter.

I.   **JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Venue of this proceeding and this First Interim Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 327, 328, 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2014.

4. Pursuant to Local Rule 9014.2, the Committee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

---

[1] Including this Court's Local Rule ("LR") 2016 and the U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330.

## II. BACKGROUND

5. On February 7, 2023 (the "Petition Date"), the above-captioned Debtor (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the Debtor's chapter 11 case (the "Chapter 11 Case").

6. The Debtor continues to operate their businesses and manage their properties pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code as debtor in possession.

7. On February 17, 2023, the United States Trustee formed the Committee in the Chapter 11 Case appointing the following parties as members of the Committee: (i) Genesis Global Holdco, LLC.; (ii) Cole Kepro International, LLC.; (iii) Brink's U.S., a Division of Brink's Incorporated; (iv) National Services, LLC; (v) OptConnect MGT, LLC [ECF No. 131].

8. On February 28, 2023, the United States Trustee filed its Amended Appointment of Official Committee of Unsecured Creditors, appointing additional members: (i) Black Hole Investments LLC; and (ii) Cennox Reactive Field Services LLC. [ECF No. 177].

9. On August 10, 2023, the United States Trustee filed its Amended Appointment of Official Committee of Unsecured Creditors due to the resignation of former member, Black Hole Investments, LLC. [ECF No. 1066].

## III. TERMS AND CONDITIONS OF EMPLOYMENT

10. S&K has represented the Committee since February 23, 2023 to serve as lead counsel alongside local counsel McDonald Carano LLP. *See* the Gayda Decl. at ¶ 4.

11. On March 13, 2023, the Committee submitted its *Application for Order Pursuant To 11 U.S.C. §§ 327, 328, 330, and 331 Authorizing and Approving the Employment of Seward & Kissel LLP as Counsel to the Official Committee of Unsecured Creditors Retroactive to February 23, 2023* ("Application for Employment"). [ECF No. 271]

12. The Application for Employment was heard on April 20, 2023 and this Court entered an order, on April 27, 2023, approving the Application for Employment (the "Employment Order"). [ECF No. 479]

13. Subject to the Employment Order and in accordance with Section 330(a) of the Bankruptcy Code, compensation for professional services is payable to S&K on an hourly basis,

1 plus reimbursement of actual, necessary and reasonable expenses. *Id.*

2    14.    Pursuant to the Interim Compensation Procedures Order, S&K timely submitted its Fee Statements for the periods of February 23, 2023 to March 21, 2023, April 1, 2023 to April 30, 2023, May 1, 2020 to May 31, 2020, June 1,2023 to June 30, 2023, July 1, 2023 to September 30, 2023, October 1, 2023 to November 30, 2023, and December 1 to December 31, 2023 [ECF Nos. 559, 640, 984, 1069, 1473, 1588, 1627] (collectively, the "Monthly Statements"). A total of $409,089.45 has been paid towards fees and expenses incurred during the Application Period. A breakdown of monthly fee statements along with amounts paid towards the outstanding balance is set forth below:

**SUMMARY OF PRIOR MONTHLY FEE STATEMENTS**

| Application Period | Fees Incurred (100%) | Fees Incurred (80%) | Expenses Incurred (100%) | Total Fees & Costs (100% Fees + 100% Costs) | Payments Received | Amounts Still Owing |
|---|---|---|---|---|---|---|
| Feb 23, 2023 thru Mar 31, 2023 | $281,190.50 | $224,952.40 | --- | $281,190.50 | $224,952.40 | $56,238.10 |
| April 1, 2023 thru April 30, 2023 | $218,839.50 | $175,071.60 | $453.00 | $219,292.50 | $184,137.05 | $35,155.45 |
| May 1, 2023 thru May 31, 2023 | $328,741.50 | $262,993.20 | $4,770.63 | $333,512.13 | -- | $333,512.13 |
| June 1, 2023 thru June 30, 2023 | $213,960.00 | $171,168.00 | -- | $213,960.00 | -- | $213,960.00 |
| July 1, 2023 thru Sept 30, 2023 | $561,623.50 | $449,298.80 | $6,287.79 | $567,911.29 | -- | $567,911.29 |
| Oct 1, 2023 thru Nov 31, 2023 | $507,317.50 | $405,854.00 | $6,358.90 | $513,676.40 | -- | $513,676.40 |
| Dec 1, 2023 thru Dec 31, 2023 | $10,032.50 | $8,026.00 | $8,497.23 | $18,529.73 | -- | $18,529.73 |
| Totals | $2,121,705.00 | $1,697,364.00 | $26,367.55 | $2,148,072.55 | $409,089.45 | $1,738,983.10 |

**SUMMARY OF PROFESSIONALS FOR THE APPLICATION PERIOD**

| Name | Year Admitted[2] | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners** | | | | | |
| John. R Ashmead | 1990 | Bankruptcy | $1625 | 11.8 | $19,175.00 |
| Robert J. Gayda | 2004 | Bankruptcy | $1300 | 318.3 | $413,790.00 |
| Mark D. Kotwick | 1991 | Litigation | $1450 | 17.2 | $24,940.00 |
| Anthony-Tu Sekine | 2000 (DC Bar) | Capital Markets and Corporate Securities | $1250 | 0.5 | $625.00 |
| Hoyoon Nam | 2007 | Corporate Finance | $1125 | 2.7 | $3,037.50 |
| **Senior Counsel** | | | | | |
| Ronald L. Cohen | 1976 | Bankruptcy | $1400 | 0.5 | $700.00 |
| **Associates** | | | | | |
| Catherine V. LoTempio | 2014 | Bankruptcy | $975 | 541.4 | $520,552.50 |
| Laura E. Miller | 2013 | Litigation | $975 | 489.5 | $469,072.50 |
| Andrew J. Matott | 2017 | Bankruptcy | $925 | 611.2 | $565,360.00 |
| Sophia Agathis | 2017 | Maritime | $975 | 0.8 | $780.00 |
| Megan E. Keating | 2021 | Corporate Finance | $875 | 10.2 | $8,160.00 |
| Carmella O'Hanlon | 2021 | Litigation | $750 | 0.2 | $150.00 |
| John Patouhas | Law Clerk | Bankruptcy | $750 | 101.9 | $76,425.00 |
| **Attorney Total** | | | | 2,106.2 | 2,102,767.50 |
| **Paraprofessionals** | | | | | |
| Marian Wasserman | | Litigation Paralegal | $375 | 50.0 | $18,000.00 |
| Michael Ohanesian | | Paralegal | $360 | 2.5 | $937.50 |
| **Paraprofessional Total** | | | | 52.5 | $18,937.50 |
| **GRAND TOTAL** | | | | 2,158.7 | $2,121,705.00 |

*Id.*

---

[2] Unless otherwise noted, admission year is for New York Bar.

4870-9322-1549.2                           Page 5 of 2

15. During the Application Period, S&K represented the Committee in various aspects of this Chapter 11 Case, including:

    a.    provide legal advice and assistance to the Committee and its consultation with the Debtor relative to the Debtor's administration of the case;

    b.    represent the Committee at hearings held before the Court and communication with the Committee regarding the issues raised, as well as the decisions of the Court;

    c.    assist and advise the Committee in its examination and analysis of the conduct of the Debtor's affairs and the reason for its chapter 11 filing;

    d.    review and analyze all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtor or third parties, advise the Committee as to their propriety, and, after consultation with the Committee, take appropriate action;

    e.    assist the Committee in preparing applications, motions and orders in support of positions taken by the Committee, as well as prepare witnesses and review documents in this regard;

    f.    apprise the Court of the Committee's analysis of the Debtor's operations;

    g.    confer with the financial advisors and any other professionals retained by the Committee, so as to advise the Committee and the Court more fully of the Debtor's operations;

    h.    assist the Committee in its negotiations with the Debtor and other parties-in-interest concerning the terms of the sale of substantially all of the Debtor's assets and the plan of liquidation;

    i.    assist the Committee with such other services as may contribute to the confirmation of the chapter 11 plan;

    j.    advise and assist the Committee in evaluating and prosecuting any claims that the Debtor may have against third parties;

    k.    assist the Committee in performing such other services as may be in the interest of creditors, including, but not limited to, the commencement of, and participation in, appropriate litigation respecting the estate.

*Id.* at ¶ 9.

16. S&K incurred professional fees and expenses with respect to all of the above activities, among others.

## IV. PERSONNEL PRIMARILY ASSIGNED TO THIS MATTER

17. The personnel assigned to this matter and their hourly rates are set forth below:

| Application Period: | February 24, 2023 through December 31, 2023 |
|---|---|
| **Professional** | **Hourly Rate of Professionals:** |
| -   Ashmead, John | $1,625.00 |
| -   Cohen, Ronald | $1,400.00 |
| -   Kotwick, Mark | $1,450.00 |
| -   Gayda, Robert J. | $1,300.00 |
| -   Tu-Sekine, Anthony | $1,250.00 |
| -   Nam, Hoyoon | $1,125.00 |
| -   LoTempio, Catherine V. | $975.00 |
| -   Miller, Laura | $975.00 |
| -   Agathis, Sophia | $975.00 |
| -   Matott, Andrew | $925.00 |
| -   Keating, Megan | $875.00 |
| -   Patouhas, John | $750.00 |
| -   O'Hanlon, Carmella | $750.00 |
| -   Wasserman, Marian | $360.00 |
| -   Ohanesian, Michael | $375.00 |

18. The compensation sought is based on compensation charged by comparably skilled practitioners other than cases under the Bankruptcy Code and is in accordance with the hourly rates set forth in S&K's Application for Employment. *Id.* at ¶ 11.

**SUMMARY OF FEES AND EXPENSES**

19. The summary of the services provided by S&K, rendered by category, during the Application Period is set forth below as follows:

| DESCRIPTION | HOURS | AMOUNT |
|---|---:|---:|
| Case Administration | 145.5 | $148,460.00 |
| Relief from Stay/Adequate Protection | 37.2 | $34,170.00 |
| Litigation Contested Matter & Adversary Proceedings | 719.1 | $706,644.50 |
| Asset Disposition | 239.3 | $254,600.00 |
| Assumption/Rejection of Leases/Contract | 17.3 | $16,470.00 |
| Claims Administration and Objections | 9.2 | $8,970.00 |
| Communication with Committee/Creditors | 136.9 | $145,727.50 |
| Fee/Employment Application Objections | 3.5 | $3,542.50 |

| DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Financing and Cash Collateral | 56.1 | $61,457.50 |
| Plan and Disclosure Statement | 67.3 | $71,407.50 |
| Avoidance Action Analysis | 569.1 | $530,713.00 |
| Court Hearings | 60.2 | $63,785.00 |
| Fee/Employment Application | 19.2 | $17,450.00 |
| Non-working Travel | 31.8 | $15,502.50 |
| Lien Investigation | 47.0 | $42,805.00 |
| **Total** | **2,158.7** | **$2,121,705.00** |

*Id.* at ¶ 12.

## VII.  DETAILED SUMMARY OF FEES

20.     The services performed by S&K during this Application Period related to, *inter alia*, (1) preparation of motions, declarations in support of motions, oppositions, and general papers and pleadings in the Chapter 11 Cases; (2) preparing monthly fee statements; (3) preparing for and participating in court hearings and conferences with counsel for Debtor and other creditors; (4) participating in meetings relating to claims; (5) preparing and serving Rule 2004 examination subpoenas *duces tecum* relating to the Debtor; and (6) conferring with lead counsel and Debtor's counsel regarding a disclosure statement and plan of reorganization. *Id.* at ¶ 13.

21.     Details regarding S&K's time devoted to each of these matters is set forth below and reflected on the invoices attached to the Monthly Applications: *Id.* at ¶¶ 14 - 29.

**Matter 01 - Case Administration**

The time incurred in this task code reflects time spent by S&K attorneys providing services to the general administration of this Chapter 11 Case that do not fit into any other matter category, including first day and operating matters, preparing case updates and coordinating with other Committee professionals and Debtor professionals regarding case updates, work streams and next steps.

**Matter 02 - Relief from Stay/Adequate Protection**

The time incurred in this task code reflect time spent on opposing the motion for relief from stay filed by Luis Flores related to certain claims against the estate and Mr. McAlary, including drafting opposition papers and preparing for and attending a hearing related to the same.

**Matter 05 - Litigation Contested Matter & Adversary Proceedings**

4870-9322-1549.2                              Page 8 of 2

This category includes all matters relating to investigating, reviewing, negotiating, pursuing and settling claims of the Debtor's estates. Specifically, S&K attorneys spent significant time reviewing and drafting pleadings related to the estate's surcharge claims against the secured lenders, as well as conducting discovery, attending a number of depositions, drafting pretrial briefs, and preparing for and attending trial related to the same. In addition, S&K attorneys spent substantial time negotiating a settlement of estate claims with Cole Kepro Inc. ("CKI") and seeking approval of such settlement over the objection of Christopher McAlary, the Debtor's former CEO. Significant time was spent conducting discovery, preparing for and attending depositions, drafting pleadings, and preparing for trial related to the same. When the matter ultimately settled, S&K attorneys spent time memorializing and effecting the settlements. This matter also includes time spent by S&K attorneys defending against various litigation and appeals initiated by Mr. McAlary, which required the Committee's attention to protect the interests of the estate and unsecured creditors.

**Matter 06 - Asset Disposition.**

This category represents time spent by S&K during the Application Period in connection with the Debtor's sale of substantially all of their assets to Genesis Coin and Heller Capital LLC, among other sales, including substantial time structuring and gaining approval of bid procedures, negotiations regarding the stalking horse bid and stalking horse agreement, attending an all-day auction, and negotiating the asset purchase agreements with the ultimate purchasers. S&K attorneys also spent time matters and review of various pleadings related to the sale process and approval. During this time, S&K also conferred internally and with the other professionals in this case regarding the foregoing issues, including advisors to the Debtor, the purchasers, and the lenders.

**Matter 07 - Assumption/Rejection of Leases/Contracts.**

This category includes time spent by S&K during the Application Period in connection with reviewing and commenting on the Debtor's numerous lease rejection motions and conferring with Debtor's professionals regarding the same.

**Matter 08 - Claims Administration and Objections.**

This category includes time spent by S&K in connection with specific claim inquiries, analysis, objections and allowances of claims.

**Matter 09 - Communication with Committee/Creditors.**

This category represents time spent by S&K preparing for and conducting regular Committee meetings as well as communicating with Committee members on an individual basis from time to time regarding this case. During the Application Period, S&K conducted routine telephonic meetings with the Committee to discuss general case status and pending case matters, including summaries of the disclosure statement and Plan, the McAlary litigation, the surcharge litigation, the CKI settlement and litigation, and potential claim objections, among other things. S&K also prepared regular emails updating the Committee on case developments, including recently filed pleadings and recommendations regarding same.

**Matter 10 - Fee/Employment Objections.**

De minimis time was spent in this category.

**Matter 11 - Financing and Cash Collateral.**

The time incurred in this task code reflects time spent on negotiating the Debtor's post-petition financing arrangement and reviewing and commenting on the final order related to the same. Additional time was also spent in connection with the review of DIP budgets throughout the case, responding to an alleged default under the DIP financing, and the ultimate paydown of the DIP financing.

**Matter 13 - Plan and Disclosure Statement.**

This category represents time spent by S&K related to the negotiation, review and approval of the Debtor's Disclosure Statement and Plan. During the Application Period, S&K analyzed and reviewed the Debtor's disclosure statement and Plan, the Plan related documents, trust agreement, financial projections, and liquidation analyses, and conferred internally, with the Debtor and Province regarding same. In addition, significant time was spent by S&K defending the approval of the Disclosure Statement and Plan over the objection of Mr. McAlary. The Debtor's Disclosure Statement and Plan was approved by this Court in August of 2023 during the Application Period.

**Matter 14 - Avoidance Action Analysis.**

This category includes all matters relating to the investigation and pursuit of claims against the Debtor's former CEO, Christopher McAlary, including avoidance claims and other estate related D&O claims. In the investigation phase, S&K attorneys conducted Rule 2004 examinations of and document production from the Debtor and Mr. McAlary. From there, S&K analyzed the relevant transactions for potential causes of action, conferred internally and with FTI, and conferred with the Debtor and Province, and all of which ultimately led to the drafting and filing of a comprehensive complaint against Mr. McAlary, asserting numerous causes of action and seeking millions of dollars in damages. The adversary proceeding related to the complaint against Mr. McAlary is ongoing.

**Matter 16 - Court Hearings.**

This category represents time spent by S&K preparing for and attending hearings on various matters before the Court. During the Application Period, S&K prepared for and participated in major hearings including those related to the approval of the DIP financing, objection to the Flores relief from stay motion, the approval of the bidding procedures and sale of substantially all of the Debtor's assets, the confirmation of the Debtor's chapter 11 plan, a trial on the estate's surcharge claims, the approval of the CKI settlement, and numerous claim objections, among others.

**Matter 17 - Fee/Employment Applications.**

This category represents time spent by S&K attending to all matters regarding the retention of professionals in this case and preparing and serving its monthly fee statements.

**Matter 18 - Non-Working Travel**

The time incurred by S&K attorneys in connection with travel to Las Vegas for the in-person surcharge trial.

**Matter 19 - Lien Investigation.**

This category includes time spent by S&K attorneys reviewing the validity and perfection of the alleged secured claims and liens of Genesis Global Holdco and Enigma Securities Limited in accordance with the budget provided under the DIP financing order.

**VIII. DETAILED SUMMARY OF EXPENSES**

22. S&K seeks reimbursement for costs incurred in the amount of $26,367.55. All of

these types of costs are customarily charged to non-bankruptcy clients of S&K. All costs from outside parties, such as Bankruptcy Court filing fees, or service fees, are charges at the unit rate charged by the vendors. The expenses are broken down in the invoices attached to the Monthly Statements. The summary of requested expenses incurred is as follows:

| DESCRIPTION | AMOUNT |
| --- | --- |
| Computerized Assisted Research | $25.40 |
| Deposition Transcripts | $7,549.60 |
| Document Retrieval Work | $13.60 |
| Hotel | $4,359.11 |
| Limo/Taxi/Train | $367.55 |
| Litigation Support | $2,457.44 |
| Storage Fees | $1,433.89 |
| Court Transcripts | $3,628.58 |
| Trial Transcripts | $3,602.74 |
| Meals | $1,178.52 |
| Copies | $18.00 |
| Lien Litigation | $452.50 |
| Airfare | $1,280.62 |
| **Total Expenses** | **$26,367.55** |

*Id.* at ¶30

### IX.    COMPLIANCE WITH GUIDELINES AND ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURES

23.    In accordance with 11 U.S.C. § 330, this fee application was calculated using the hourly rate for the attorneys involved.[3] The hourly rate under Bankruptcy Code requires that the hourly rate used must be based on the rate that would be charged for comparable services in a non-

---

[3] *See also In Re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983)(*quoting Southwestern Media, Inc. v. Rau*, 708 F.2d 419, 427 (9th Cir. 1983))("The primary method used to determine a reasonable attorneys' fee in a bankruptcy case is to multiply the number of hours expended by an hourly rate").

bankruptcy case.[4]  The Ninth Circuit, in *In Re Powerine Oil Company*[5], made specific reference to twelve (12) factors adopted in *Johnson v. Georgia Highway Express, Inc.*[6] which should be considered in determining the reasonableness of attorneys' fees.  The Ninth Circuit additionally held that the primary method for determining a reasonable attorney fee is to utilize the basic fee, or "lodestar" (the number hours expended by an hourly rate).  This rate may then be adjusted upward or downward, if warranted.[7]  This "hybrid approach" was later expressed by the U.S. Supreme Court in other contexts providing for statutory attorneys' fees and has been widely utilized by several courts in determining the reasonableness of attorneys' fees.[8]

24. Additionally, 11 U.S.C. § 330(a)(3) states that "in determining the amount of reasonable compensation to be awarded. . .the court shall consider the nature, the extent, and the value of such services, taking into consideration all relevant factors."  Further §330(a)(3) requires any compensation awarded by the court take into consideration: (1) the time spent on such services; (2) the rates charged for such services; (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (4) the skill and expertise of the professional; (5) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than the cases under this title; and (6) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed.

25. S&K believes that every professional employed on behalf of a Chapter 11 Case has a responsibility to control fees and expenses by providing services in an efficient and effective manner.  To this end, S&K has worked to coordinate and facilitate the efficient prosecution of the matters on which it is employed.  Staffing of matters within the case is done with the objective of

---

[4] 11 U.S.C. § 330(a)(1); *see also Yermakov*, 718 F.2d at 1471.

[5] 71 B.R. 767, 771 (1986)( citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714,717-719(5th Cir. 1974)).

[6] 488 F.2d 714, 717-19 (5th Cir. 1974).

[7] *Powerine*, 71 B.R. at 770-771.

[8] *Id.* at 771, (*citing Hensley v. Eckerhart,* 461 U.S. 424, 432-34 (1983)).

providing the level of representation appropriate to the significance, complexity, or difficulty of the particular matter. On certain occasions, when more than one attorney attended a meeting or hearing, the attendance was necessary due to subject matter. All client billings are reviewed for reasonableness and adjusted by S&K so that the charges are consistent with the value of services provided. *Id.* at ¶31.

26. Furthermore, S&K has taken great efforts to ensure that all services rendered by them during the time frame of this application were provided in a timely basis; necessary to the administration of the case; not billed in contravention with U.S. Bankruptcy Code; and performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed. *Id.* at ¶ 32

27. Finally, although the Employment Order was not entered until April 27, 2023, S&K respectfully requests compensation for the period beginning February 23, 2023 which is the date on which S&K was actually retained and began commencing services for the Committee. As the Court articulated in *In re: Hector Benitez, Debtor*, "there is no per se prohibition, in the statute or precedential caselaw, against awarding reasonable compensation to an estate professional for actual and necessary services rendered to the estate prior to the date of court approval of retention." No. 8-19-70230-REG, 2020 WL 1272258, at *5 (Bankr. E.D.N.Y. Mar. 13, 2020). Indeed, Bankruptcy Rule of Civil Procedure 2014 "does not explicitly require prior approval for the rendered services to be subject to court review under section 330 and prior approval should not be read into the rule." *Id.* at *3. In addition, in the Employment Order, this Court expressly found that "[the] order shall not prejudice S&K from seeking compensation and reimbursement of expenses for the period prior to approval of this Application for services rendered by S&K for the Committee." As such, S&K respectfully requests approval of all fees and costs incurred during the Application Period, beginning February 23, 2023.*Id.* at ¶ 33

X. **CONCLUSION**

28. S&K submits that the fees and costs sought in this Application are appropriate, reasonable and necessary in light of the circumstances of this Chapter 11 Case and the scope and difficulty of the business and legal issues involved.

**WHEREFORE,** S&K respectfully requests the Court enter an Order: (i) approving of the actual, necessary and reasonable professional fees of **$2,121,705.00** and the actual, necessary and reasonable expenses in the amount of **$26,367.55** for an order authorizing and approving payment to S&K in the total amount of **$2,148,072.55**; (ii) Approving prior payments made to S&K in the amount of **$409,089.45** (iii) authorizing payment of all fees and expenses due from the Debtor; and (iv) for such other relief that this Court deems just and proper under the circumstances.

DATED this 15th day of March 2024.

                                    SEWARD & KISSEL LLP

                                    By: */s/ Robert J. Gayda*
                                         John R. Ashmead, Esq.
                                         Robert J. Gayda, Esq.
                                         Catherine V. LoTempio, Esq.
                                         Andrew J. Matott, Esq.
                                         (*pro hac vice applications granted*)
                                         SEWARD & KISSEL LLP
                                         One Battery Park Plaza
                                         New York, NY 10004
                                         ashmead@sewkis.com
                                         gayda@sewkis.com
                                         lotempio@sewkis.com
                                         matott@sewkis.com

                                         *Counsel for Official Committee*
                                         *of Unsecured Creditors*