United States Bankruptcy Court
District of Nevada

In re:  Case No. 23-10423-mkn
CASH CLOUD, INC.  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 1 of 4 |
| Date Rcvd: May 17, 2024 | Form ID: pdf928 | Total Noticed: 3 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 19, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | CASH CLOUD, INC., 11700 W CHARLESTON BLVD., #441, LAS VEGAS, NV 89135-1573 |
| aty | + | CATHERINE V. LOTEMPIO, SEWARD & KISSEL, ONE BATTERY PARK PLAZA, NEW YORK, NY 10004-1485 |
| cr | + | EMILY LEE, PO BOX 3261, PLAINFIELD, NJ 07063-0261 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 19, 2024      Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 17, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ADAM P. SCHWARTZ | on behalf of Interested Party LUX VENDING LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |
| ADAM P. SCHWARTZ | on behalf of Defendant LUX VENDING LLC d/b/a BITCOIN DEPOT aschwartz@carltonfields.com, amaranto@carltonfields.com |
| ALLAN B. DIAMOND | on behalf of Defendant CHRISTOPHER MCALARY adiamond@diamondmccarthy.com |
| ANNE FREELAND | on behalf of Creditor AVT Nevada L.P. atfreeland@michaelbest.com, knpowell@michaelbest.com;courtmail@michaelbest.com |
| ARIEL E. STERN | on behalf of Creditor IPFS CORPORATION ariel.stern@akerman.com akermanlas@akerman.com |

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 2 of 4 |
| Date Rcvd: May 17, 2024 | Form ID: pdf928 | Total Noticed: 3 |

BART K. LARSEN
on behalf of Creditor Enigma Securities Limited BLARSEN@SHEA.LAW 3542839420@filings.docketbird.com

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD INC. baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;nv.dkt@foxrothschild.com

BRETT A. AXELROD
on behalf of Debtor CASH CLOUD INC. baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;nv.dkt@foxrothschild.com

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;nv.dkt@foxrothschild.com

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;nv.dkt@foxrothschild.com

BRETT A. AXELROD
on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD, baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com;nv.dkt@foxrothschild.com

BRIAN D. SHAPIRO
on behalf of Creditor OPTCONNECT MANAGEMENT LLC brian@brianshapirolaw.com, kshapiro@brianshapirolaw.com;bryce@brianshapirolaw.com;6855036420@filings.docketbird.com

BRIGID M. HIGGINS
on behalf of Creditor Black Hole Investments fna EZ Coin LLC bhiggins@blackwadhams.law, dmeeter@blackwadhams.law;mstallsworth@blackwadhams.law;mdavis@blackwadhams.law

CANDACE C CARLYON
on behalf of Defendant CHRISTOPHER MCALARY ccarlyon@carlyoncica.com CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com;tfrey@carlyoncica.com;nsharma@carlyoncica.com

CANDACE C CARLYON
on behalf of Interested Party CHRIS MCALARY ccarlyon@carlyoncica.com CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com;tfrey@carlyoncica.com;nsharma@carlyoncica.com

CHAPTER 11 - LV
USTPRegion17.lv.ecf@usdoj.gov

CHRISTOPHER D. JOHNSON
on behalf of Defendant CHRISTOPHER MCALARY chris.johnson@diamondmccarthy.com nan.sauter@diamondmccarthy.com

CHRISTOPHER D. JOHNSON
on behalf of Interested Party CHRIS MCALARY chris.johnson@diamondmccarthy.com nan.sauter@diamondmccarthy.com

CRAIG P. DRUEHL
on behalf of Creditor OPTCONNECT MANAGEMENT LLC craig.druehl@dechert.com

DAWN M. CICA
on behalf of Defendant CHRISTOPHER MCALARY dcica@carlyoncica.com nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;3342887420@filings.docketbird.com;tfrey@carlyoncica.com;nsharma@carlyoncica.com

DAWN M. CICA
on behalf of Interested Party CHRIS MCALARY dcica@carlyoncica.com nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;3342887420@filings.docketbird.com;tfrey@carlyoncica.com;nsharma@carlyoncica.com

JAMES M JIMMERSON
on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD jmj@jimmersonlawfirm.com

JAMES M JIMMERSON
on behalf of Special Counsel THE JIMMERSON LAW FIRM P.C. jmj@jimmersonlawfirm.com

JAMES M JIMMERSON
on behalf of Plaintiff CASH CLOUD INC., DBA COIN CLOUD, jmj@jimmersonlawfirm.com

JAMES PATRICK SHEA
on behalf of Creditor Enigma Securities Limited jshea@shea.law blarsen@shea.law;support@shea.law

JEANETTE E. MCPHERSON
on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,nv.dkt@foxrothschild.com

JEANETTE E. MCPHERSON
on behalf of Debtor CASH CLOUD INC. JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,nv.dkt@foxrothschild.com

| | | |
|---|---|---|
| District/off: 0978-2 | User: admin | Page 3 of 4 |
| Date Rcvd: May 17, 2024 | Form ID: pdf928 | Total Noticed: 3 |

JOHN T. WENDLAND
    on behalf of Creditor AVT Nevada L.P. jwendland@wdlaw.com, NVeFile@weildrage.com

JUSTIN B. STROTHER
    on behalf of Interested Party CHRIS MCALARY justin.strother@diamondmccarthy.com nan.sauter@diamondmccarthy.com

JUSTIN B. STROTHER
    on behalf of Defendant CHRISTOPHER MCALARY justin.strother@diamondmccarthy.com nan.sauter@diamondmccarthy.com

Jeffrey R. Sylvester
    on behalf of Interested Party CKDL Credit LLC jeff@sylvesterpolednak.com, kellye@sylvesterpolednak.com

KURT R. BONDS
    on behalf of Creditor Populus Financial Group Inc. nvefile@hallevans.com, knechta@hallevans.com;bondsk@hallevans.com;tugglet@hallevans.com

LEW BRANDON, JR.
    on behalf of Creditor UNITED NATURAL FOODS INC. l.brandon@bsnv.law

MARJORIE A. GUYMON
    on behalf of Creditor Armondo Redmond bankruptcy@goldguylaw.com lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com;guymon.marjorier54344@notify.bestcase.com; ntopper@goldguylaw.com

MARJORIE A. GUYMON
    on behalf of Creditor Trangistics Inc. bankruptcy@goldguylaw.com, lauriea@goldguylaw.com;amarisp@goldguylaw.com;kathrinev@goldguylaw.com;guymon.marjorier54344@notify.bestcase.com; ntopper@goldguylaw.com

MAURICE VERSTANDIG
    on behalf of Creditor Brink's Inc. mac@mbvesq.com, lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com

MICHAEL L WACHTELL
    on behalf of Creditor ORACLE AMERICA INC. mwachtell@buchalter.com

NATASHA SHARMA
    on behalf of Interested Party CHRIS MCALARY nsharma@carlyoncica.com crobertson@carlyoncica.com;narceneaux@carlyoncica.com

NATASHA SHARMA
    on behalf of Defendant CHRISTOPHER MCALARY nsharma@carlyoncica.com crobertson@carlyoncica.com;narceneaux@carlyoncica.com

NEDDA GHANDI
    on behalf of Creditor ROCKITCOIN LLC nedda@ghandilaw.com, lks@ghandilaw.com,nedda@ecf.inforuptcy.com;r41525@notify.bestcase.com,shara@ghandilaw.com

OGONNA M. BROWN
    on behalf of Creditor Cole Kepro International LLC obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

OGONNA M. BROWN
    on behalf of Defendant COLE KEPRO INTERNATIONAL LLC obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

PAUL HAGE
    on behalf of Creditor Cole Kepro International LLC phage@taftlaw.com

ROB L. PHILLIPS
    on behalf of Creditor Powerhouse TSSP LLC rob.phillips@fisherbroyles.com

ROBERT R. KINAS
    on behalf of Creditor GENESIS GLOBAL HOLDCO LLC rkinas@swlaw.com, mfull@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;jfung@swlaw.com

RONALD E. GOLD
    on behalf of Creditor WPG Legacy LLC rgold@fbtlaw.com, jkleisinger@fbtlaw.com;eseverini@fbtlaw.com;sbryant@ecf.courtdrive.com

RONALD M TUCKER
    on behalf of Creditor SIMON PROPERTY GROUP INC. rtucker@simon.com, rwoodruff@simon.com,cmartin@simon.com,ptropepe@simon.com

RYAN A. ANDERSEN
    on behalf of Interested Party Luis Flores ryan@aandblaw.com tatiana@aandblaw.com;melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com;valerie@aandblaw.com;andersen.ryana.b117998@notify.bestcase.com

RYAN J. WORKS
    on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS rworks@mcdonaldcarano.com kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

| District/off: 0978-2 | User: admin | Page 4 of 4 |
|---|---|---|
| Date Rcvd: May 17, 2024 | Form ID: pdf928 | Total Noticed: 3 |

RYAN J. WORKS
    on behalf of Plaintiff OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CASH CLOUD INC. dba COIN CLOUD rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

SHAWN CHRISTIANSON
    on behalf of Creditor ORACLE AMERICA INC. schristianson@buchalter.com, cmcintire@buchalter.com

STACY H RUBIN
    on behalf of Defendant LUX VENDING LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com, oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

STACY H RUBIN
    on behalf of Interested Party LUX VENDING LLC d/b/a BITCOIN DEPOT srubin@nevadafirm.com, oswibies@nevadafirm.com;mholley@nevadafirm.com;BKECF@nevadafirm.com

STEPHEN T LODEN
    on behalf of Interested Party CHRIS MCALARY sloden@diamondmccarthy.com cburrow@diamondmccarthy.com

STRETTO
    ecf@cases-cr.stretto-services.com aw01@ecfcbis.com,pacerpleadings@stretto.com

STUART FREEMAN WILSON-PATTON
    stuart.wilson-patton@ag.tn.gov

TALI FREY
    on behalf of Interested Party CHRIS MCALARY tfrey@carlyoncica.com

TALI FREY
    on behalf of Creditor CHRISTOPHER MCALARY tfrey@carlyoncica.com

TIMOTHY A LUKAS
    on behalf of Creditor Good 2 Go Stores LLC ecflukast@hollandhart.com

U.S. TRUSTEE - LV - 11
    USTPRegion17.lv.ecf@usdoj.gov

WILLIAM C DEVINE, II
    on behalf of Defendant KIOSK SERVICES GROUP INC. william@devine.legal, courtney@devine.legal;devinewr72773@notify.bestcase.com

ZACHARY WILLIAMS
    on behalf of Plaintiff CASH CLOUD INC., dba COIN CLOUD zwilliams@foxrothschild.com, ahosey@foxrothschild.com

TOTAL: 62

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 07, 2024

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:

CASH CLOUD, INC.,
dba COIN CLOUD,

        Debtor.

)
)
)
)
)
)
)
)
)

Case No. 23-10423-mkn
Chapter 11

Date: February 7, 2024
Time: 9:30 a.m.

**ORDER ON DEBTOR'S OBJECTION TO LATE FILED
ADMINISTRATIVE EXPENSE CLAIM OF EMILY LEE**[1]

On February 7, 2024, the court heard the Debtor's Objection to Late Filed Administrative Expense Claim of Emily Lee ("Claim Objection") brought in the above-captioned proceeding. The appearances of counsel were noted on the record. After the hearing, the matter was taken under submission.

**BACKGROUND**

On February 7, 2023, Cash Cloud, Inc. dba Coin Cloud ("Debtor") filed a voluntary "skeleton" Chapter 11 petition ("Petition"). (ECF No. 1). A creditor matrix as of the Petition date was attached ("Creditor Matrix").[2] The meeting of creditors under Section 341 ("341 Meeting") was scheduled for March 16, 2023, as well as a deadline of June 14, 2023, for proofs

---

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the Clerk of Court. All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

[2] The Creditor Matrix does not list claimant Emily Lee.

1

of claim to be filed. (ECF No. 2).

On February 17, 2023, an official committee of unsecured creditors ("UCC") was appointed. (ECF No. 131).

On March 9, 2023, Debtor filed its schedules of assets and liabilities ("Schedules") along with its statement of financial affairs. (ECF Nos. 239 and 240).[3]

On March 21, 2023, an order was entered authorizing the retention and appointment of Stretto, Inc. ("Stretto") as the claims, noticing and solicitation agent in the Chapter 11 proceeding. (ECF No. 338).

On June 16, 2023, Debtor filed a motion to approve a lien free sale of certain assets to a third-party purchaser ("Sale Motion"). (ECF No. 714).[4] On June 19, 2023, the Sale Motion was amended. (ECF No. 730).[5]

On June 28, 2023, the Sale Motion was granted. An order granting the Sale Motion ("Sale Order") was entered (ECF No. 795), and was not appealed or stayed.[6]

On June 29, 2023, Debtor filed an Emergency Motion for Entry of an Order Establishing Administrative Claim Bar Date for Filing Proofs of Administrative Expense Claim and Approving Form, Manner and Sufficiency of Notice Thereof ("Administrative Bar Date Motion"). (ECF No. 789). The Administrative Bar Date Motion sought to establish a deadline for creditors to assert post-petition claims "that arose or accrued after February 6, 2023, but before July 21, 2023." See Administrative Bar Date Motion at 9:5-6. In other words, the Administrative Bar Date Motion sought a deadline to file <u>administrative claims arising from the</u>

---

[3] The creditors listed in secured creditor Schedule D, priority unsecured creditor Schedule E, and unsecured non-priority Schedule F do not include claimant Emily Lee.

[4] An expedited hearing on the Sale Motion was scheduled for June 28, 2023, pursuant to an order shortening time. (ECF No. 724). The deadline for written opposition was set at June 23, 2023. Notice of the expedited hearing was sent by first class mail to all interested parties. (ECF No. 733).

[5] Notice of filing the amended motion was sent to all interested parties. (ECF No. 739).

[6] Notice of entry of the Sale Order was sent to all interested parties. (ECF No. 802).

February 7, 2023, commencement of the Chapter 11 proceeding through July 20, 2023 ("Administrative Claim Period").  An early deadline to file post-petition administrative expense claims[7] often is necessary because confirmation of a Chapter 11 plan requires the debtor to demonstrate that the claim will be treated in the manner specified under Section 1129(a)(9).  Accompanying the Administrative Bar Date Motion was an Ex Parte Application for an Order Shortening Time for Hearing on the Administrative Bar Date Motion ("OST Application").  (ECF No. 790).  A certificate of service was filed for both the Administrative Bar Date Motion and the OST Application.  (ECF No. 801).

On July 3, 2023, an order was entered shortening time for the Administrative Bar Date Motion to be heard on July 7, 2023.  (ECF No. 803).

On July 11, 2023, an order was entered granting the Administrative Bar Date Motion ("Administrative Claims Bar Order").  (ECF No. 823).  The order established a deadline of July 20, 2023, for proofs of administrative expense claims to be filed ("Administrative Claims Bar Date")[8] and also approved a form for submitting an administrative claim entitled "Administrative

---

[7] A debt incurred by a bankruptcy estate after a Chapter 11 petition is filed, i.e., a "post-petition" claim, generally is paid ahead of a debt that was incurred by the debtor before the Chapter 11 petition is filed, i.e., a "pre-petition" claim.  This priority is intended to encourage parties to do business with a Chapter 11 estate so that the administrative process of reorganizing or liquidating the Chapter 11 debtor can be completed in the best interests of all parties rather than in the interest of a particular creditor.  Claims arising post-petition as part of this administrative process, i.e., "administrative claims," are given a priority pursuant to Section 503 above pre-petition unsecured debts.  Priority administrative claims are paid in full before pre-petition claims, as required by Section 507(a)(2).

[8] Four separate categories of administrative claims are not subject to the Administrative Claims Bar Date.  See Administrative Claims Bar Order at ¶ 8(a, b, c, and d), page 4 of 14.  Subparagraph (a) are "Administrative claims based upon liabilities that the Debtor incurs in the ordinary course of business to providers of goods and services."  Subparagraphs (b) and (c) claims are for post-petition compensation of professionals appointed in the Chapter 11 case as well as employees of the Debtor.  Subparagraph (d) encompasses statutory administrative fees and expenses required for Chapter 11 debtors.  Those categories of administrative claims are not subject to the July 20, 2023 deadline, but otherwise must timely take any required steps to request allowance of the claims.

Claim Form."⁹ On the same date, a notice of entry of the Administrative Claims Bar Order was filed ("Administrative Bar Date Notice").¹⁰ (ECF No. 824). A certificate of service was filed for the Administrative Bar Date Notice ("Bar Date COS").¹¹ (ECF No. 841).

On July 19, 2023, a supplemental certificate of service was filed for the Administrative Bar Date Notice ("Supplemental Bar Date COS").¹² (ECF No. 884).

On August 1, 2023, a Supplemental Certificate of Service (ECF No. 998) attesting that in accordance with forwarding instructions received from the U.S. Postal Service, Stretto mailed on

---

⁹ The Administrative Claim Form is not required to be signed under penalty of perjury and contains none of the admonitions included in Official Form 410, except for the following language at the bottom of the page (but not part of the signature line): "Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571." FRBP 9009(a) permits "minor changes" to an Official Form, but eliminating the oath requirement from Official Form 410 is not minor. Because the Administrative Claim Form does not contain testimony under penalty of perjury, it does not constitute prima facie evidence of the validity and amount of the claim. See Omnibus Objection Order at 5 n.13.

¹⁰ Among other things, the notice specifies that "Proofs of Administrative Expense Claim will be deemed timely filed if actually received by the Clerk of the Bankruptcy Court and the Notice Parties on or before the Administrative Claims Bar Date." Administrative Bar Date Notice at 2:24-27. More important, claimants are informed that "**IF ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF ADMINISTRATIVE EXPENSE CLAIM AS SPECIFIED IN THE ADMINISTRATIVE CLAIM BAR DATE ORDER BUT FAILS TO DO SO ON OR BEFORE THE ADMINISTRATIVE CLAIM BAR DATE, THEN SUCH CLAIMANT SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM THAT AROSE OR ACCRUED ON OR AFTER THE PETITION DATE THROUGH AND INCLUDING THE ADMINISTRATIVE CLAIM BAR DATE.**" Id. at 3:10-14.

¹¹ The Bar Date COS attests that on July 11, 2023, Stretto sent copies of the Administrative Bar Date Notice as well as the Administrative Claim Form by first class mail to all the interested parties listed on Exhibit B, appearing a page 5 through 97 of ECF No. 841. Claimant Emily Lee does not appear on Exhibit B.

¹² The Supplemental Bar Date COS attests that on July 14, 2023, Stretto sent copies of the Administrative Bar Date Notice as well as the Administrative Claim Form by first class mail to a list of various individuals, non-individuals and "Coin Cloud Customers," including Emily Lee, **at 2234 Forest St., Easton, Pennsylvania, 18042**.

1  July 25, 2023, a copy of the Administrative Claims Bar Notice as well as the Administrative
2  Claim Form to various parties listed on Exhibit A.
3    On August 25, 2023, an order was entered confirming the Debtor's First Amended
4  Chapter 11 Plan of Reorganization Dated August 1, 2023 ("Plan Confirmation Order"). (ECF
5  No. 1126).[13] The Plan Confirmation Order was not appealed nor stayed.
6    On September 20, 2023, Debtor filed an Omnibus Objection to Late Filed and Non-
7  Compliant Administrative Expense Claims, accompanied by the supporting declaration of its
8  independent director. (ECF Nos. 1277 and 1278). The Omnibus Objection was noticed to be
9  heard on October 19, 2023. (ECF No. 1279). A certificate of service was filed for the Omnibus
10 Objection, supporting declaration, and notice of hearing. (ECF No. 1301). Three parties who
11 filed claims after the Administrative Claims Bar Date filed responses to the Omnibus Objection
12 that did not dispute receipt of the Administrative Claims Bar Notice at their correct mailing
13 address. (ECF Nos. 1349, 1350, 1346).[14] Debtor filed a reply in support of the Omnibus
14 Objection. (ECF No. 1367). On October 19, 2023, the Omnibus Objection was heard and taken
15 under submission.
16   On December 6, 2023, a signed Administrative Claim Form was filed by Emily Lee
17 ("Lee Claim")[15] in the amount of $14,200, and which shows an address **at P.O. Box 3261,**
18 **Plainfield, New Jersey, 07063.**
19   On January 4, 2024, Debtor filed the instant Claim Objection accompanied by the
20 supporting declaration of its independent director, Daniel Ayala ("Ayala Declaration").[16] (ECF

---

[13] Notice of entry of the Plan Confirmation Order was sent to interested parties. (ECF No. 1153).

[14] Each of the three parties was served by first class mail at their addresses of record, but none of them filed their Administrative Claims until after the Administrative Claims Bar Date. See Omnibus Objection Order at 4:10 n.10 & 11, 5 n.12, 6:13-15, and 7:3-5.

[15] Receipt of the claim on December 6, 2023, was acknowledged by Stretto, the claims and noticing agent appointed in the Chapter 11 proceeding.

[16] Debtor's independent director attests that the Lee Claim was filed after the Administrative Claims Bar Date, that Ms. Lee had proper notice of the Administrative Claims

5

Nos. 1560 and 1561). The Claim Objection was noticed to be heard on February 7, 2024. (ECF No. 1562). A certificate of service was filed for the Claim Objection, Ayala Declaration, and notice of hearing. (ECF No. 1570).[17]

On January 17, 2024, an order was entered sustaining the Omnibus Objection ("Omnibus Objection Order"). (ECF No. 1578). Because the three responding creditors undisputedly filed their claims after the Administrative Claims Bar Date, the court sustained the Omnibus Objection without prejudice to the creditors filing separate motions to obtain relief from the Administrative Bar Date Order. See Omnibus Objection Order at 7:6-12.[18]

On January 26, 2024, Ms. Lee filed in pro se a response to the Claim Objection ("Lee Response"). (ECF No. 1586). The handwritten response is dated January 22, 204, and shows the same address listed on Ms. Lee's claim form.

On January 31, 2024, the Debtor filed a reply ("Reply") to Ms. Lee's response along with a Declaration of Angela Hosey. (ECF Nos. 1597 and 1598).

## DISCUSSION

An administrative expense claim may be allowed by the bankruptcy court only after "notice and a hearing." 11 U.S.C. § 503(b). An administrative claim may be allowed for "the

---

Bar Date, and that she was listed on the certificate of service at her last known address on file with the Debtor. See Ayala Declaration at ¶ 3. According to the Lee Claim, the debt was incurred on June 14, 2023, but the Lee Response represents that she moved from her prior residence in May of 2023 (or 2022). Debtor asserts that the last known address was in Pennsylvania; Ms. Lee indicates that she moved to New Jersey the Administrative Claims Bar Notice was ever mailed. It is not clear what address Ms. Lee provided to the Debtor when she made the transaction on June 14, 2023.

[17] Exhibit "A" to the certificate of service indicates Lee was served with the Objection, Ayala Declaration, and the notice of hearing at the same address Lee listed in her Administrative Claim Form filed on December 6, 2023.

[18] The court also noted that the Administrative Claim Form is not signed under penalty of perjury and therefore does not have evidentiary value, resulting in a presumption of validity. See Omnibus Objection Order at 3 n.6 and at 5 n.13. Thus, in addition to seeking relief from the Administrative Bar Date Order, a late claimant also has the burden of proving that the claim is entitled to administrative priority under Section 503. Id. at 7:6-12.

actual, necessary costs and expenses of preserving" the Chapter 11 estate.  11 U.S.C. § 503(b)(1)(A).  The burden of proving the requirements for allowance of an administrative expense claim rests with the claimant.  See Microsoft Corp. v. DAK Industries, Inc. (In re DAK Industries, Inc.), 66 F.3d 1091, 1094 (9th Cir. 1995); In re MyLife.com Inc., 2023 WL 5976726, at *4 (Bankr. C.D. Cal. Sep. 14, 2023).  The term "actual, necessary costs and expenses" under Section 503(b) is narrowly construed to keep administrative costs at a minimum.  See N.L.R.B. v. Walsh (In re Palau), 139 B.R. 942, 944 (B.A.P. 9th Cir. 1992), aff'd, 18 F.3d 746 (9th Cir. 1994).  The focus is on whether the claimed expenses arose from a post-petition transaction with the bankruptcy estate, and whether the transaction directly and substantially benefitted the bankruptcy estate.  See In re DAK Industries, 66 F.3d at 1094.

The Administrative Claims Bar Order is unambiguous: post-petition claims arising during the Administrative Claim Period must be filed no later than July 20, 2023.  There is no dispute that Ms. Lee's claim was filed with the court on December 6, 2023, although her response to the Claim Objection apparently explains why it was filed late.  For example, Ms. Lee states in her response that she "moved from the residence the Court sent the Administrative Form to in May of 2023"[19] and that she eventually located the law firm representing the Debtor in this Chapter 11 proceeding.  Ms. Lee then states that she spoke to an individual at the law firm and was sent a

---

[19] The handwritten response appears to refer to either the year 2023 or the year 2022.  Either way, Ms. Lee appears to suggest that before the Administrative Claim Form was mailed, she had already moved from her prior residence.  Stretto attests that notice of the Administrative Claims Bar Date was timely mailed to Ms. Lee on July 14, 2023, to the address appearing in its records as **2234 Forest St., Easton, Pennsylvania, 18042**.  See discussion at note 12, supra.  The Administrative Claim Form filed by Ms. Lee on December 6, 2023, shows an address of **P.O. Box 3261, Plainfield, New Jersey, 07063.**  Stretto filed an additional certificate of service on August 1, 2023, attesting that when informed by the U.S. Postal Service of a deficient mailing address for the Notice of Administrative Claims Bar Date and Administrative Claim Form, it re-mailed the documents on July 25, 2023, to the correct forwarding addresses for the listed claimants.  See discussion at 4-5, supra.  Ms. Lee's name does not appear on the list of forwarding addresses.  In other words, if the documents were originally mailed to Ms. Lee at the record address in Easton, Pennsylvania, they may not have been mailed to the address in Plainfield, New Jersey, if the U.S. Post Office did not have a forwarding address on record.

copy of the Administrative Claim Form.  She states that her family is in need of the funds previously sent to the Debtor.[20]

In Section 2 of her Administrative Claim Form, Ms. Lee indicates that the debt was incurred on June 14, 2023.  In Section 3, she states that "Coincloud owes me $14,200.00.  I usually receive a record of my transactions, but for this, they never gave me one."  Accepting the contents of Sections 2 and 3 at face value, the claim may have arisen during the Administrative Claim Period, i.e., between February 7, 2023, and July 21, 2023.  Alternatively, accepting those contents as true, Ms. Lee also may have had other transactions with the Debtor prior to June 14, 2023.  In other words, it is not clear from the Administrative Claim Form whether Ms. Lee's only transaction with the Debtor occurred during the Administrative Claim Period and whether the entire $14,200 amount represents a post-bankruptcy claim entitled to priority administrative treatment under Section 503, or whether a portion of that amount is a pre-bankruptcy claim entitled to treatment on a non-priority unsecured basis.  See discussion at note 7, supra.

In connection with multiple late-filed administrative claims encompassed by the Omnibus Objection, the court sustained the Debtor's objections despite the responses received from three claimants who filed Administrative Claim Forms.  There was no dispute that those claimants may have actually received the claim forms after the Administrative Bar Date had passed.  See Omnibus Objection Order at 6:18 to 7:5.  Because the Bar Date Notice specifically directed the consequence of a late-filed claim, i.e., that the claim is FOREVER BARRED, it was necessary for those three claimants to separately obtain relief from the Administrative Claims Bar Order before the court can address the validity of their claims.  See Omnibus Objection Order at 7:6-12.  Moreover, if those claimants were able to obtain relief from the Bar Date, they would need to meet their burden of proof in establishing the validity and amount of their administrative claims.  Id. at 5 n.13.

In the present instance, a similar approach is required.  Ms. Lee's circumstances may be different because she apparently changed her address at some relevant point in time before or

---

[20] Neither the court nor the Debtor questions the financial needs of Ms. Lee or her family, nor those of any other parties having claims against the Debtor.

after the Debtor filed for Chapter 11 relief. She may or may not have been forwarded by U.S. Mail copies of the Administrative Claim Bar Notice and the Administrative Claim Form. Whether the Debtor or any other party in interest would object to granting Ms. Lee relief from the Administrative Bar Date under these circumstances is unknown. Ms. Lee may or may not have incurred the entire amount of her claim during the Administrative Claim Period. Whether the Debtor or any other party in interest would object to allowance of all or a portion of Ms. Lee's claim under these circumstances is unknown. The court again expresses no opinion on the merits of such requests, nor on whether the time and legal expense incurred would be worthwhile.[21]

**IT IS THEREFORE ORDERED** that Debtor's Objection to Late Filed Administrative Expense Claim of Emily Lee, Docket No. 1560, be, and the same hereby is, **SUSTAINED.**

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

CASH CLOUD, INC.
ATTN: OFFICER OR MANAGING AGENT
11700 W CHARLESTON BLVD., #441
LAS VEGAS, NV 89135

CATHERINE V. LOTEMPIO
SEWARD & KISSEL
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004

EMILY LEE
PO BOX 3261
PLAINFIELD, NJ 07063

###

---

[21] "The amount of funds available to pay administrative expenses incurred in the Debtor's reorganization proceeding is uncertain at best. Whether allowed administrative expenses will be paid in full or pennies on the dollar also is uncertain at best. The legal fees incurred in pursuing as well as opposing the allowance of an administrative expense may exceed the actual amount, if any, paid on a claim. Nothing in this order prevents claimants Brage, Favors, and G2G from attempting to negotiate with the Debtor and perhaps the UCC, in lieu of pursuing additional litigation." Omnibus Objection Order at 7 n.16.