NVB 2016 (05/2022)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

## <u>Fee Application Cover Sheet</u>

Case No.: 23-10423-MKN        Chapter: 11        Hearing Date/Time: 10/2/2024 09:30

Debtor: Cash Cloud, Inc., dba Coin Cloud

Applicant: Conway Baxter Wilson LLP/S.R.L.

Date of Employment: February 6, 2024

Interim Fee Application No: 1    OR    Final Fee Application

**Amounts Requested:***                                    **Client Approval: Yes** ☑ **No** ☐

**Fees:**        $ 156,685.24

**Expenses:**    $ 66,835.54

**Total:**       $ 223,520.78

*Fees and Expenses are set forth in Canadian Dollars and include 13% Ontario Harmonized Sales Tax ("HST"). Legal services are taxable in Canada. HST is a combined federal and provincial consumption tax in Ontario. If the revenues of a law or legal services practice exceed $30,000 CAD, the lawyer must register with the Canada Revenue Agency (CRA) and collect and remit the HST on fees and disbursements.

Hours: 417.80                          Blended Rate: $ 331.88

Fees Previously Requested:        $ _____    Awarded: $ _____

Expenses Previously Requested: $ _____    Awarded: $ _____

Total Previously Requested:      $ _____    Awarded: $ _____

Total Amount Paid:               $ _____

## **<u>Chapter 13 Cases ONLY:</u>**

**Yes** ☐ **No** ☐  Elected to accept the Chapter 13 Presumptive Fee pursuant to LR 2016.2, and filed the "Notice of Election to Accept the Presumptive Fee" on _____ .

**Yes** ☐ **No** ☐  Participated in the Mortgage Mediation Program: **If yes,** amount received: $ _____

I certify under penalty of perjury that the above is true.

_/s/ Brett A. Axelrod_____        Date 08/30/2024
Signature

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
      nkoffroth@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No.  BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>          Debtor. | Chapter 11<br><br>**FIRST INTERIM APPLICATION OF CONWAY BAXTER WILSON LLP/S.R.L. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD FROM FEBRUARY 8, 2023 TO JULY 31, 2024**<br><br>Hearing Date:  October 2, 2024<br>Hearing Time:  9:30 a.m. |

| Name of Applicant: | *Conway Baxter Wilson LLP/S.R.L.* |
|---|---|
| Authorized to Provide Professional Services to: | Cash Cloud, Inc. |
| Date of Retention: | February 6, 2024 |
| Period for which Compensation and Reimbursement is sought: | February 8, 2023 to July 31, 2024 |
| Amount of Fees requested for approval and allowance as actual, reasonable, and necessary: | $156,685.24(Canadian Dollars) |
| Amount of Expense Reimbursement requested for approval and allowance as actual, reasonable, and necessary: | $66,835.54 (Canadian Dollars) |
| Total Compensation requested: | $223,520.78 (Canadian Dollars) |

This is a(n): ☒ interim application ☐ final application.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## SUMMARY OF PROFESSIONALS

**Pre-Retention Period** (February 8, 2023 through February 5, 2024)

| ATTORNEY | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| Thomas G. Conway (2023) | $675 CAD | 17.3 | $11,677.50 CAD |
| Thomas G. Conway (2024) | $750 CAD | 0.1 | $75.00 CAD |
| Kevin Caron (2023) | $300 CAD | 59.3 | $17,790.00 CAD |
| Kevin Caron (2024) | $450 CAD | 0.3 | $135.00 CAD |
| Joseph Rucci (2023) | $200 CAD | 85.1 | $17,020.00 CAD |
| Joseph Rucci (2024) | $300 CAD | 1.0 | $300.00 CAD |
| **Subtotals:** | | **163.1** | **$46,997.50 CAD** |
| **Blended Rate (Attorneys only)** | | | **$288.15 CAD** |
| PARAPROFESSIONAL | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
| N/A | | | |
| **Subtotals:** | | **0.0** | **$0.00 CAD** |
| **Totals:** | | **163.1** | **$46,997.50 CAD** |
| **Combined Blended Rate (Attorneys and Paraprofessionals):** | | | **$288.15 CAD** |
| **Total with Ontario Harmonized Sales Tax (13%)** | | | **$53,107.18 CAD** |

**Post-Retention Period** (February 6, 2024 through July 31, 2024)

| ATTORNEY | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| Thomas G. Conway | $750 CAD | 22.1 | $16,575.00 CAD |
| Kevin Caron | $450 CAD | 61.4 | $27,630.00 CAD |
| Joseph Rucci | $300 CAD | 137.2 | $41,160.00 CAD |
| **Subtotals:** | | **220.7** | **$85,365.00 CAD** |
| **Blended Rate (Attorneys only)** | | | **$386.79 CAD** |
| PARAPROFESSIONAL | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
| Sean Patton (Law Student) | $185 CAD | 31.7 | $5,864.50 CAD |
| Henna Mohan (Law Student) | $200 CAD | 1.2 | $240.00 CAD |
| Jasmine Kaur (Law Clerk) | $175 CAD | 1.1 | $192.50 CAD |
| **Subtotals:** | | **34.0** | **$6,297.00 CAD** |
| **Totals:** | | **254.7** | **$91,662.00 CAD** |
| **Combined Blended Rate (Attorneys and Paraprofessionals):** | | | **$359.88 CAD** |
| **Total with Ontario Harmonized Sales Tax (13%)** | | | **$103,578.06 CAD** |

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

160721075.9

| PRE- & POST RETENTION TOTALS: | | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| **Grand Totals:** | | 417.8 | **$138,659.50 CAD** |
| **Grand Total with Ontario Harmonized Sales Tax (13%)[1]** | | | **$156,685.24 CAD** |
| **Combined Blended Rate (Attorneys and Paraprofessionals):** | | | **$331.88 CAD** |

## SUMMARY OF DISBURSEMENTS

**Pre-Retention Period** (February 8, 2023 through February 5, 2024)

| EXPENSES | RATE | TOTAL |
|---|---|---|
| Expert Fees | Actual | $55,090.74 CAD |
| Photocopies | 0.15 | $1.20 CAD |
| Meals | Actual | $114.55 CAD |
| HST | 13% | $7,176.85 CAD |
| | **TOTAL:** | $62,383.34 CAD |

**Post-Retention Period** (February 6, 2024 through July 31, 2024)

| EXPENSES | RATE | TOTAL |
|---|---|---|
| Examiner Fee | Actual | $3,940.00 CAD |
| HST | 13% | $512.20 |
| | **TOTAL:** | $4,452.20 CAD |

Pursuant to sections 327, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court's local rules of bankruptcy practice and procedure (the "Local Rules"), the guidelines (the "Guidelines") adopted by the Office of the United States Trustee (the "UST"), Conway Baxter Wilson LLP/S.R.L. ("CBW" or "Applicant"), as accountant to Cash Cloud, Inc. ("Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), hereby files this application (the "First Interim Compensation Application") seeking entry of an order approving the allowance and authorizing Debtor's payment of interim compensation for the full amount of fees incurred for professional services rendered to Debtor and reimbursement for expenses paid: (a) from February 8, 2023 through February 5, 2024 (the "Pre-Retention Period") totaling $115,490.52 (the "Pre-Retention Requested Compensation"); and (b) from February 6, 2024 through

---

[1] Legal services are taxable in Canada. The Harmonized Sales Tax ("HST") is a combined federal and provincial consumption tax in Ontario. If the revenues for a law or legal services practice exceed $30,000 CAD, the lawyer must register with the Canada Revenue Agency (CRA) and collect and remit the HST on fees and disbursements. *See* Caron Declaration, ¶25.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

July 31, 2024 (the "Post-Retention Period") totaling $108,030.26 (the "Post-Retention Requested Compensation" and, together with the Pre-Retention Requested Compensation, the "Total Requested Compensation").

During the Pre-Retention Period and the Post-Retention Period (collectively, the "Total First Interim Fee Period"), CBW incurred a total of $156,685.24 in fees for professional services rendered, inclusive of Ontario Harmonized Sales Tax, and $66,835.54 in expenses paid (the Total Requested Compensation). This First Interim Compensation Application seeks an order approving, allowing and authorizing the full amount of Total Requested Compensation incurred during the Total First Interim Fee Period. *See* Caron Declaration, ¶4.

This First Interim Compensation Application is made and based upon the *Declaration of Kevin Caron* (the "Caron Declaration") and the *Declaration of Daniel Ayala* (the "Ayala Declaration"), filed in support hereof and concurrently herewith and incorporated for all purposes herein by this reference, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral argument the Court may entertain at the hearing on the First Interim Compensation Application. In support of this First Application, CBW respectfully represents as follows:

## I.

## INTRODUCTION

1.    On February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition with this Court for reorganization relief under chapter 11 of title 11 of the Bankruptcy Code. *See* Ayala Declaration, ¶5.

2.    On February 6, 2024, CBW filed its [Docket No. 1605] (the "Employment Application")[2] and *Verified Statement of Kevin Caron* [Docket No. 1606] (the "Verified Statement"). In the Employment Application, Debtor sought this Court's authority to employ CBW pursuant to sections 327(e), 328, 1107 and 1108 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014. *See* Caron Declaration, ¶5; Ayala Declaration ¶6.

---

[2] Capitalized terms not defined herein shall have the meanings assigned to them in the Employment Application.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3.      By its order entered February 15, 2024 [Docket No. 1621] (the "Retention Order"), the Court (a) approved CBW's employment under the terms of the Engagement Agreement as of February 6, 2024 (the "Retention Date"), without prejudice to CBW's ability to apply for an award of fees and costs incurred in performing services for the Debtor during the period of February 8, 2023 to February 5, 2024, and (b) authorized CBW to be compensated in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, any applicable guidelines (the "Guidelines") established by the U.S. Trustee, and any other applicable procedures and orders of the Court applicable in this Chapter 11 case.  *See* Caron Declaration, ¶6; Ayala Declaration ¶7.

4.      This First Interim Compensation Application seeks an order approving, allowing and authorizing Debtor's payment of the Total Requested Compensation.  *See* Caron Declaration, ¶4.

## II.

## TASKS PERFORMED BY CBW

## DURING THE TOTAL FIRST INTERIM FEE PERIOD

**A.      The Pre-Retention Period**

5.      During the Pre-Retention Period, CBW's services on behalf of Debtor, included, but were not limited to:

        a.      corresponding with opposing counsel, the Arbitral Tribunal, and Nevada counsel about various substantive and procedural matters connected to the BitAccess Arbitration;

        b.      preparing for and attending three case conferences before the Arbitral Tribunal;

        c.      drafting pleadings;

        d.      reviewing and analyzing BitAccess' pleadings;

        e.      obtaining, reviewing, analyzing, compiling, and producing documents on behalf of the Debtor, pursuant to a documentary discovery order made by the Arbitral Tribunal;

        f.      reviewing and analyzing BitAccess' productions made in response to the Arbitral Tribunal's discovery order;

g.      conducting legal research, as necessary, to address issues raised in the parties' pleadings and other ancillary issues raised at the case conferences;

h.      retaining, instructing, and corresponding with litigation experts that will testify on behalf of the Debtor on the issues of damages quantification; and

i.      corresponding with the Debtor and the Debtor's counsel on various substantive and procedural matters connected to the BitAccess Arbitration and to obtain instructions.

*See* Caron Declaration, ¶14.

6.      A true and correct copy of the billing detail summarizing the services provided by CBW during the Pre-Retention Period is attached as **Exhibit "1"** to the Caron Declaration and is incorporated herein by reference.  *See* Caron Declaration, ¶13.

7.      CBW incurred a total amount of $53,107.18 in fees and a total amount of $62,383.34 in expenses, inclusive of Ontario Harmonized Sales Tax, for the Pre-Retention Period. CBW's blended hourly rate for the Pre-Retention Period was $288.15 CAD.  *See* Caron Declaration, ¶12.

**B.      The Post-Retention Period**

8.      During the Post-Retention Period, CBW's services on behalf of Debtor as Special Counsel, included, but were not limited to:

a.      corresponding with opposing counsel, the Arbitral Tribunal, and Nevada counsel about various substantive and procedural matters connected to the BitAccess Arbitration;

b.      preparing for and attending a case conference before the Arbitral Tribunal;

c.      preparing for and conducting the examination for discovery of BitAccess' witness in the BitAccess Arbitration;

d.      preparing for and defending the examination for discovery of the Debtor's witness in the BitAccess Arbitration;

e.      drafting materials for a motion in writing regarding documentary discovery and productions and filing same with the Arbitral Tribunal;

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

f.    drafting written interrogatories and responses to written interrogatories, and serving same on opposing counsel;

g.    reviewing and analyzing BitAccess' motion materials regarding discovery;

h.    drafting motion materials for a responding motion in writing regarding documentary discovery and productions and filing same with the Arbitral Tribunal;

i.    obtaining, reviewing, analyzing, compiling, and producing documents on behalf of the Debtor, in response to written interrogatories as well as pursuant to an additional documentary discovery order made by the Arbitral Tribunal;

j.    reviewing and analyzing BitAccess' productions made in response to written interrogatories as well as pursuant to the Arbitral Tribunal's additional documentary discovery order;

k.    conducting legal research, as necessary, to address issues raised in the parties' motion materials and other ancillary issues raised at the case conference;

l.    instructing and corresponding with litigation experts that will testify on behalf of the Debtor on the issues of damages quantification; and

m.    corresponding with the Debtor and the Debtor's counsel on various substantive and procedural matters connected to the BitAccess Arbitration and to obtain instructions.

*See* Caron Declaration, ¶ 21.

9.    A true and correct copy of the billing detail summarizing the services provided by CBW during the Post-Retention Period is attached as **Exhibit "2"** to the Caron Declaration and is incorporated herein by reference.  *See* Caron Declaration, ¶19.

10.    CBW incurred a total amount of $103,578.06 in fees, inclusive of Ontario Harmonized Sales Tax, and a total amount of $4,452.20 in expenses, inclusive of Ontario Harmonized Sales Tax for the Post-Retention Period. CBW's blended hourly rate for the Post-Retention Period was $359.88 CAD.  *See* Caron Declaration, ¶ 20.

**III.**

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

**SUMMARY OF FEES**

11.    This First Interim Compensation Application seeks approval of CBW fees and expenses incurred of $223,520.78 CAD during the Total First Interim Fee Period, with a blended hourly rate of $331.88 CAD.  These fees/expenses are consistent with the Engagement Agreement that this Court approved in its Retention Order.

12.    Prepetition, Debtor provided CBW with a retainer, of which $59,104.59 CAD was remaining on the Petition Date (the "Retainer").  CBW deposited the Retainer in its trust account. CBW has not otherwise received any payment from Debtor.   *See* Caron Declaration, ¶11.

13.    CBW acknowledges that the interim payment of the Total Requested Compensation sought in this First Interim Compensation Application does not constitute a request for final allowance. *See* Caron Declaration, ¶ 8.

14.    At the conclusion of the Chapter 11 Case, CBW will seek final allowance of compensation for professional services rendered and reimbursement of expenses paid during the Chapter 11 Case, and any interim fees or expenses received from or on behalf of Debtor during the course of the Chapter 11 Case (including by application of the Retainer) will be credited against such finally allowed fees and expenses. *See* Caron Declaration ¶ 9.

15.    No member of CBW has any agreement or understanding of any kind to divide, pay over, or share with any other person, except as among the members of CBW, any portion of the fees or expenses to be awarded pursuant to this First Interim Compensation Application.  *See* Caron Declaration ¶ 10.

**IV.**

**LEGAL ARGUMENT**

**A.    Post-Retention Period**

16.    Section 330(a)(1) authorizes the Court to award a professional person employed under section 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).

17.    In determining the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors,

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

including--

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

18.    CBW's requested Post-Retention Compensation for services rendered during the Post-Retention Period is eminently reasonable in light of the scope of the BitAccess Arbitration, which raises complex issues of Ontario law and international commercial arbitration practice. All services for which CBW requests compensation were performed for or on behalf of the Debtor in furtherance of prosecuting the BitAccess Arbitration. These services were necessary to move the BitAccess Arbitration towards trial. *See* Caron Declaration, ¶7 ; Ayala Declaration, ¶8,12.

19.    CBW's requested Post-Retention Compensation is also reasonable based on its attorneys' experience, hourly rates, and time billed. Indeed, CBW's attorneys have demonstrated extensive experience and knowledge in representing companies in complex commercial litigation, including before arbitral tribunals and all levels of court in Canada. As such, CBW is uniquely qualified to represent Debtor's interest as counsel with respect to the legal issues that have arisen and may yet arise in the BitAccess Arbitration. Further, CBW's attorneys charge rates ranging from $300 to $750 Canadian Dollars per hour.  These rates are reasonable for experienced commercial litigators in Ontario. In this regard, CBW has delegated to its lawyers lower billing rates when appropriate. *See* Caron Declaration, ¶ 29,30, 31, 32, 33.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

20.    The time spent by CBW is also reasonable in light of the substantial work performed. During the Post-Retention Period, CBW conducted and defended two discovery depositions, drafted motion materials for two motions in writing, prepared written interrogatories and responses, reviewed, compiled, and produced documents for discovery, and appeared before the Arbitral Tribunal in a case conference. *See* Caron Declaration, ¶ 21.

21.    CBW's services rendered during the Post-Retention Period also provided a significant benefit to the estate. In this regard, CBW acted to advance the BitAccess Arbitration through its discovery stages. The prosecution and/or settlement of the BitAccess Arbitration may result in significant value to the estate. The compensation sought by CBW for its services during the Post-Retention Period reflects the reasonable value provided to the estate. *See* Ayala Declaration, ¶11.

**B.    Pre-Retention Period**

22.    Although this Court's Retention Order authorized Debtor's employment of CBW effective as of February 6, 2024, it was explicitly without prejudice to CBW's ability to apply for an award of fees and costs incurred in performing services for the Debtor during the period of February 8, 2023 to February 5, 2024.  *See* Retention Order, ¶ 3.

23.    The Ninth Circuit gave bankruptcy courts the equitable power to retroactively approve a professional's valuable but unauthorized services performed prior to entry of the retention order. *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973 (9th Cir. 1995). *Nunc pro tunc* retention orders have been a common practice due to the delay between commencement of services to the estate and entry of a formal retention order, and the impractical and potentially detrimental impact on the estate if services are not rendered by professionals in a timely manner.

24.    The United States Supreme Court has held, however, that *nunc pro tunc* orders approving the retention of estate professionals retroactive to a date prior to the actual date of court approval is inappropriate.  *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, __ U.S. __, 140 S. Ct. 696 (2020).

25.    Analyzing the ruling in *Acevedo*, bankruptcy courts have determined that *Acevedo* does not preclude compensation for work provided prior to entry of a retention order.  *See, e.g., In re Wellington,* 628 B.R. 19, 25 (Bankr. M.D.N.C. 2021) ("The language of § 330 and Federal

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Bankruptcy Rule 2014 does not explicitly preclude compensation prior to the effective employment date . . . . There is nothing in the Code or the Federal Bankruptcy Rules that requires the entirety of an applicant's compensable work be performed subsequent to a court's approval of employment."); *In re Miller*, 620 B.R. 637 (Bankr. E.D. Cal. 2020) (although bankruptcy court may not approve a professional's employment *nunc pro tunc*, this does not mean that the courts cannot exercise their equitable discretion to compensate professionals for services rendered pre-employment).  In *In re Benitez*, 2020 WL 1272258 at *2 (Bankr. E.D.N.Y. March 13, 2020), the court held that:

> [R]etroactive approval of the retention of an estate professional, whether it be *nunc pro tunc, post-facto* or any similar nomenclature, is not mandated under the Code or Rules.  The Court finds that neither the Code nor the Rules preclude an award of "reasonable compensation" or reimbursement for "actual, necessary expenses" pursuant to section 330 for services rendered prior to an order approving retention of the professional.  The only temporal requirement in the Code and Rules is that a professional must have been retained pursuant to section 327 to successfully obtain a court award of compensation.  Simply stated, a professional must be retained as required by the statute, but once having been retained, the bankruptcy court is free to compensate him for services rendered to the estate at any time, pre and post-court approval, in accordance with section 330 of the Code.

*Id*. at *2.  The Ninth Circuit also recognized in *Atkins* the policy benefits of allowing compensation of professionals for work provided prior to entry of a timely retention order.  69 F.3d 970.

26.    Compensation for pre-employment services is appropriate where, as here, the applicant not only meets the standards under section 330, but also demonstrates "a satisfactory explanation for the failure to receive prior judicial approval and that he or she has benefitted the bankrupt estate in some significant manner."  *In re Miller*, 620 B.R. at 643 (quoting *Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.)*, 837 F.2d 389, 392 (9th Cir. 1988)).

27.    In this case, a satisfactory explanation for the failure to obtain prior judicial approval exists. CBW is foreign counsel in an arbitration under Ontario law. Its attorneys were not familiar with the bankruptcy law of the United States and the corresponding requirements for employment by the Debtor. In this regard, the Debtor has not sought judicial recognition of the Chapter 11 proceeding in Canada.  *See* Caron Declaration, ¶17; Ayala Declaration, ¶9.

28.    Moreover, the Debtor did not move forward with CBW's employment application

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

while there were ongoing negotiations between the Debtor and the Official Committee of the Unsecured Creditors (the "Committee") with respect to whether the Debtor should make deposits to enable the BitAccess Arbitration to proceed. During these negotiations, the Debtor did not move forward to apply for CBW's employment, because it was uncertain whether the BitAccess Arbitration would proceed. Following the Committee's approval of the deposits, counsel for the Debtor communicated the employment requirements to CBW.  Promptly thereafter, CBW filed its Employment Application and this Court authorized CBW's employment as of February 6, 2024. There is no prejudice arising from the lack of prior approval of CBW's employment.  *See* Caron Declaration, ¶ 15-18; Ayala Declaration, ¶9.

29.     Moreover, CBW's services rendered during the Pre-Retention Period have provided a significant benefit to the estate. In this regard, CBW acted to preserve the rights of the estate in the BitAccess Arbitration, which is governed by Ontario law. CBW was able to do so effectively in part because of its prior relationship with Debtor, who had retained CBW pre-petition with respect to related BitAccess litigation. CBW further advanced the arbitration forward in its pre-trial stages during the Pre-Retention Period. As discussed above, the prosecution and/or settlement of the BitAccess Arbitration may result in significant value to the estate.  The compensation sought by CBW for its services rendered during the Pre-Retention Period is reflective of the reasonable value of the services that CBW provided to the estate. *See* Ayala Declaration, ¶10.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, CBW respectfully requests that the Court enter an order allowing and approving Debtor's payment to CBW of $151,227.96 CAD (the Total Requested Compensation in the amount of $223,520.78 CAD minus the Retainer) for the Total First Interim Fee Period.

DATED this 30th day of August 2024.

**FOX ROTHSCHILD LLP**


By:    */s/Brett A. Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1
2
3
4
5
6

**EXHIBIT A**

**\*PROPOSED FORM OF ORDER\***

7   BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
8   NICHOLAS A. KOFFROTH, ESQ.
    Nevada Bar No. 16264
9   **FOX ROTHSCHILD LLP**
10  1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
11  Telephone: (702) 262-6899
    Facsimile: (702) 597-5503
12  Email: baxelrod@foxrothschild.com
13          nkoffroth@foxrothschild.com
    *Counsel for Debtor*
14
15

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

16

| | |
|---|---|
| In re | Case No.  BK-23-10423-mkn |
| CASH CLOUD, INC.,<br>dba COIN CLOUD, | Chapter 11 |
| Debtor. | **ORDER GRANTING FIRST INTERIM APPLICATION OF CONWAY BAXTER WILSON LLP/S.R.L.  FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD FROM FEBRUARY 8, 2023 TO JULY 31, 2024**<br><br>Hearing Date:  October 2, 2024<br>Hearing Time:  9:30 a.m. |

24       This Court, having reviewed and considered the *First Interim Application of Conway Baxter*

25  *Wilson LLP/S.R.L. for Compensation and Reimbursement of Expenses for the Fee Period from*

26  *February 8, 2023 to July 31, 2024* [Docket No. xx] (the "First Interim Compensation Application"),[1]

27  _____

28  [1] Capitalized terms not defined herein shall have the meanings ascribed to them in the First Interim Compensation Application.

160721075.9

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

all other pleadings and evidence submitted in connection with the First Interim Compensation Application, no oppositions having been filed, and the oral arguments of record made by counsel for Debtor at the hearing held on October 2, 2024; the Court hereby finds that notice of the First Interim Compensation Application was good and sufficient as provided, that the compensation requested in the First Interim Compensation Application is reasonable and necessary with respect to time spent and amounts requested, and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7052 of the Federal Rules of Bankruptcy Procedure; and for good cause appearing,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    The First Interim Compensation Application filed by CBW is APPROVED in its entirety.

2.    Debtor is hereby authorized to pay to CBW $151,227.96 CAD (the Total Requested Compensation in the amount of $223,520.78CAD minus the Retainer).

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:____*/s/Brett A. Axelrod*_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtor*

Approved/Disapproved by:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
    Jared A. Day
    Trial Attorney for Tracy Hope Davis,
    United States Trustee
    Foley Federal Building
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

160721075.9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐    The Court has waived the requirement of approval in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

160721075.9