BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ.
Nevada Bar No. 16264
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         nkoffroth@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. BK-23-10423-mkn |
|---|---|
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | **DECLARATION OF DANIEL AYALA IN SUPPORT OF FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM FEE PERIOD FROM FEBRUARY 8, 2023 TO JULY 31, 2024** |
| | Hearing Date: October 2, 2024<br>Hearing Time: 9:30 a.m. |

I, Daniel Ayala, declare under the penalty of perjury as follows:

1. I am the Independent Director of Cash Cloud, Inc, dba Coin Cloud ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case").

2. Except as otherwise indicated herein, this Declaration is based upon my personal knowledge. I am over the age of 18 and am mentally competent. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. I make this Declaration in support of the *First Interim Application for Compensation and Reimbursement of Expenses for the Interim Fee Period from February 8, 2023 to July 31, 2024* (the "First Interim Compensation Application").[1]

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the First Interim Compensation Application.

1

161817407.3

4. During the Total First Interim Fee Period, CBW incurred $156,685.24 in fees for professional services rendered and paid $66,835.54 in actual and necessary expenses. This First Interim Compensation Application seeks an order approving, allowing and authorizing Debtor's payment of the Total Requested Compensation.

5. On February 7, 2023 (the "Petition Date"), Debtor filed a voluntary petition with this Court for reorganization relief under chapter 11 of title 11 of the Bankruptcy Code.

6. On February 6, 2024, CBW filed its [Docket No. 1605] (the "Employment Application") and *Verified Statement of Kevin Caron* [Docket No. 1606] (the "Verified Statement"). In the Employment Application, Debtor sought this Court's authority to employ CBW pursuant to sections 327(e), 328, 1107 and 1108 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014.

7. By its order entered February 15, 2024 [Docket No. 1621] (the "Retention Order"), the Court (a) approved CBW's employment under the terms of the Engagement Agreement as of February 6, 2024 (the "Retention Date"), without prejudice to CBW's ability to apply for an award of fees and costs incurred in performing services for the Debtor during the period of February 8, 2023 to February 5, 2024, and (b) authorized CBW to be compensated in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, any applicable guidelines (the "Guidelines") established by the U.S. Trustee, and any other applicable procedures and orders of the Court applicable in this Chapter 11 case.

8. CBW performed services for or on behalf of Debtor during the Total First Interim Fee Period, and I believe such services were necessary and reasonable. All services for which CBW requests compensation were performed for or on behalf of Debtor in furtherance of prosecuting the BitAccess Arbitration.

9. CBW seeks an award of fees and costs incurred in performing services for the Debtor during the Pre-Retention Period. Compensation for CBW's pre-employment services is appropriate, as a satisfactory explanation for the failure to obtain prior judicial approval exists. CBW is foreign counsel in an arbitration under Ontario law and its attorneys are not familiar with the bankruptcy law of the United States. In this regard, the Debtor has not sought judicial recognition of the Chapter 11

161817407.3

proceeding in Canada. Furthermore, the Debtor did not move forward with CBW's employment application while there were ongoing negotiations with the Committee with respect to whether the Debtor should make the Arbitral Deposits to permit the BitAccess Arbitration to proceed. During this period, CBW continued to act to preserve the Debtor's rights in the BitAccess Arbitration. Following the Committee's approval of the Arbitral Deposits, counsel for the Debtor communicated the employment requirements to CBW. There is no prejudice arising from the lack of prior approval of CBW's employment.

10. CBW's services rendered during the Pre-Retention Period have provided a significant benefit to the estate. As discussed above, CBW acted to preserve the rights of the estate in the BitAccess Arbitration, which is governed by Ontario law. CBW was able to do so effectively in part because of its prior relationship with Debtor, who had retained CBW pre-petition with respect to related BitAccess litigation. CBW further advanced the arbitration forward in its pre-trial stages during the Pre-Retention Period. As discussed above, the prosecution and/or settlement of the BitAccess Arbitration may result in significant value to the estate. The compensation sought by CBW for its services rendered during the Pre-Retention Period is reflective of the reasonable value of the services that CBW provided to the estate.

11. CBW's services rendered during the Post-Retention Period also provided a significant benefit to the estate. In this regard, CBW acted to advance the BitAccess Arbitration through its discovery stages. The prosecution and/or settlement of the BitAccess Arbitration may result in significant value to the estate. The compensation sought by CBW for its services during the Post-Retention Period reflects the reasonable value provided to the estate.

12. CBW provided me with its monthly invoices for the period from February 28, 2023 to July 31, 2024. I have reviewed and approved CBW's invoices for each of those months. I believe that the Total Requested Compensation sought by CBW is reasonable and was necessary to represent Debtor in the BitAccess Arbitration.

13. I have reviewed the First Interim Compensation Application, and, on behalf of Debtor, I support the approval of the First Interim Compensation Application in its entirety and payment of the Total Requested Compensation.

3

161817407.3

1  I declare, under penalty of perjury of the laws of the United States of America, that the
2  foregoing statements are true and correct to the best of my knowledge, information and belief.
3  Executed this 30th day of August, 2024 in Las Vegas, Nevada.

/s/ *Daniel Ayala*
Daniel Ayala

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

4

161817407.3