BANKRUPTCY RECOVERY GROUP, LLC
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@brg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice to be filed*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (702) 483-6126
*[Proposed] Special Counsel for
Cash Cloud, Inc., dba Coin Cloud*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-MKN<br><br>Chapter: 11<br><br><br>Date:   October 23, 2024<br>Time:   9:30 a.m. |

**APPLICATION FOR ORDER APPROVING EMPLOYMENT OF BANKRUPTCY RECOVERY GROUP, LLC AS SPECIAL COUNSEL FOR THE DEBTOR PURSUANT TO 11 U.S.C. § 327(e) AND COMPENSATION PURSUANT TO <u>11 U.S.C. § 328(a)</u>**

Cash Cloud, Inc. dba Coin Cloud ("<u>Debtor</u>"), hereby applies to this Court for entry of an order approving the employment of Bankruptcy Recovery Group, LLC ("<u>BRG</u>") as special counsel for the Debtor pursuant to 11 U.S.C. § 327(e) and for approval of compensation on a contingency fee basis pursuant to 11 U.S.C. § 328(a).

This application (the "<u>Application</u>") is made and based upon the memorandum of points and authorities provided herein, the declarations of Daniel Ayala (the "<u>Ayala Decl.</u>") and Talitha Gray Kozlowski (the "<u>Gray Kozlowski Decl.</u>") filed concurrently herewith, as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Application.

. . .

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of the Debtor's bankruptcy case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" which the Court has jurisdiction to decide pursuant to pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory basis for the relief sought herein arises from Sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

3. Pursuant to LR 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

### II.
### BACKGROUND

4. Debtor filed their voluntary petition for relief under Chapter[1] 11 of the Bankruptcy Code on February 7, 2023, thereby commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases"). See ECF No. 1.

5. On February 17, 2023, the Official Committee of Unsecured Creditors was appointed. See ECF No. 131.[2]

6. The Debtor has determined that it is in the best interest of Debtor's estate to retain BRG as special counsel to prosecute the Debtor's estate's preference actions and other recovery actions identified arising under Chapter 5 of Title 11.

. . .

. . .

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

[2] Unless otherwise stated herein, all ECF references are to the docket in the lead case.

## III.
## RETENTION AND COMPENSATION

7. The Debtor has selected BRG because of the firm's significant experience prosecuting fraudulent transfer and preference claims. BRG's attorneys have represented numerous debtors, trustees, and other parties-in-interest in bankruptcy cases in preference and fraudulent transfer litigation, and are well-qualified to serve as special counsel to prosecute the Chapter 5 Claims. See Gray Kozlowski Decl. ¶ 3; see also Ayala Decl. ¶ 4.

8. BRG will be retained on a contingency fee basis as more fully set forth in the Legal Representation Agreement (the "Retention Agreement") attached to the Gray Kozlowski Decl. as **Exhibit 1**. In summary, the contingency fee is calculated as follows:

Pre-Suit: BRG shall earn legal fees on a contingency basis of 18.5% of the cash value of any recoveries and the cash equivalent value of any claim waiver obtained from a potential defendant (only to the extent the waiver of such claim accrues to the estates' benefit and increases the estates' recovery) after BRG issues a demand but prior to initiating an action proceeding against such defendant.

Post Suit. BRG shall earn legal fees on a contingency basis of 25% of the cash value of any recoveries and the cash equivalent value of any claim waiver obtained in connection with the settlement (only to the extent the waiver of such claim accrues to the estates' benefit and increases the estates' recovery) of any action after BRG initiates an action but prior to obtaining a judgment in connection therewith.

Post Judgment: BRG shall earn legal fees on a contingency basis of 30% of the cash value of any recoveries and the cash equivalent value of any claim waiver obtained (only to the extent the waiver of such claim accrues to the estates' benefit and increases the estates' recovery) from a defendant after BRG obtains a judgment against such defendant.

9. BRG will advance initial fees and expenses and will be reimbursed for all such fees and costs from collection of the Chapter 5 Claims.[3] See Gray Kozlowski Decl., ¶¶ 5 and 6.

---

[3] Examples of such costs include filing fees, mediation fees, witness fees, charges for service of process, and deposition transcripts.

## IV.
## SCOPE OF SERVICES

10. The services of BRG under a contingent fee agreement are appropriate and necessary to enable the Trustee to execute his duties by maximizing the value of the estates for the benefit of creditors and other interested parties. Prosecution of the potentially more than one hundred Chapter 5 Claims on a contingency fee basis is in the best interest of the estates as the estates have limited available funds, BRG will advance initial fees and costs, and counsel and the estates' interests are economically aligned as without recovery for the estates, BRG will not be paid. See Gray Kozlowski Decl., ¶7; Ayala Decl., ¶ 5.

## V.
## DISINTERESTEDNESS

11. To the best of BRG's knowledge, neither BRG nor any of its members or other attorneys have any present or prior connection with the Debtor, Debtor's creditors, potential defendants, or other parties-in-interest, except as set forth herein and in the Gray Kozlowski Decl. See Gray Kozlowski Decl., ¶ 8.

12. To the best of BRG's knowledge, BRG and its members and attorneys do not hold or represent any interest adverse to Debtors' estates and BRG and its members and attorneys are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code. Additionally, BRG does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee. BRG's representation as special counsel for the Debtor will not be adverse to Debtor's estate. See id., ¶ 9.

13. Prior to commencing representation, BRG reviewed the Debtor's statements of financial affairs to determine the identities of potential defendants in the prosecution of the Chapter 5 Claims, as well as the Debtor's schedules and matrixes. See id., ¶ 8. Pursuant to Bankruptcy Rule 2014, BRG discloses the following connections, none of which create a conflict or render BRG not disinterested.

(a) BRG's attorneys have worked closely with and/or been opposed to, and in many instances have personal friendships with the following counsel/parties in interest who

have actively appeared in the case: Brett Axelrod, Nicholas Koffroth, Fox Rothschild, Daniel Ayala, FTI, Michael Tucker, McDonald Carano, Ryan Works, Amanda Perach, James Jimmerson, Paul Hyugens, Tanner James, Province LLC, Nedda Ghandi, Ryan Anderson, Rob Kinas, and Jeffrey Sylvester. BRG and its attorneys may have unidentified professional connections to other attorneys appearing in the Bankruptcy Cases. BRG does not believe these professional relationships affect its qualification to serve as special counsel to the Debtor.

(b) BRG is informed and believes that certain employees of Province LLC are indirect investors (alongside individuals and entities unrelated to Province or anyone involved in this case) in Lawclerk.Legal, a technology company founded by, among others, Greg Garman and Talitha Kozlowski. The aggregate holdings of the investment is less than 5% of the outstanding shares of Lawclerk. Such investment and holdings are unrelated to this case and BRG does not believe this relationship affects its qualifications to serve as special counsel to the estate.

(c) BRG's attorneys have represented debtors, trustees, and creditors in unrelated bankruptcy cases in which such representation was adverse to creditors and potential defendants in these Bankruptcy Cases. Examples include American Express, Cintas Corporation, and Nevada Department of Taxation.

(d) BRG has prosecuted avoidance actions in unrelated bankruptcy cases against various creditors and potential defendants in these Bankruptcy Cases.

See Gray Kozlowski Decl., ¶ 10.

14. BRG will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, BRG will supplement its disclosure to the Court. See id., ¶ 11.

## VI.
## LEGAL AUTHORITY

15. Section 327(a) of the Bankruptcy Code authorizes a trustee to employ professionals that "do not hold or represent and interest adverse to the estate, and that are disinterested persons."

11 U.S.C. § 327(a). Section 327(e) further authorizes the retention of special counsel that does not represent or hold an interest adverse to the estate. Section 101(14) of the Bankruptcy Code defines a "disinterested person" as:

> (1) a person that is not a creditor, an equity security holder, or an insider;
>
> (2) a person that is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (3) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of a direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason.

11 U.S.C. § 101(14). BRG satisfies each of the three prongs of Section 101(14) of the Bankruptcy Code and is therefore "disinterested" within the meaning of the Bankruptcy Code. See Gray Kozlowski Decl., ¶ 12.

The Trustee also seeks approval of BRG's compensation pursuant to section 328 of the Bankruptcy Code, which provides, in pertinent part:

> (a) The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, **on any reasonable terms and conditions of employment**, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a **contingent fee basis**….

11 U.S.C. § 328(a) (emphasis added). Therefore, Section 328 expressly permits the compensation of professionals, including counsel, on more flexible terms that reflect the nature of their services, risks, and market conditions.

Debtor believes the contingency fee structure set forth in the Retention Agreement is a reasonable compensation structure for the prosecution of the Chapter 5 Claims and should be approved under Section 328(a). The compensation structure fairly and adequately compensates BRG based on the nature of the services to be provided and the risks involved in prosecuting the Chapter 5 Claims, particularly where the estates have limited funds, BRG has agreed to advance

initial fees and costs, and BRG will solely be compensated from monies actually recovered for the estates. See Ayala Decl., ¶ 6.

BRG will seek approval under Section 328 of its contingency fee and reimbursement of its expenses in connection with each motion filed pursuant to Bankruptcy Rule 9019 seeking approval of a compromise of a Chapter 5 Claim. For matters resolved through judgment, BRG will file an application with the Court seeking, after notice and hearing, approval of its contingency fee and reimbursement of expenses pursuant to Section 328. See Gray Kozlowski Decl. ¶ 13.

## VII.
## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order in the form attached hereto as **Exhibit 1** authorizing the employment of BRG as his special counsel to prosecute the Chapter 5 Claims pursuant to Section 327(e), with compensation and reimbursement of expenses to be paid on a contingent fee basis, upon separate approval of this Court after notice and hearing, in accordance with Section 328.

DATED this 17th day of September 2024.

                                        BANKRUPTCY RECOVERY GROUP, LLC

                                        By:  /s/ Talitha Gray Kozlowski
                                            GREGORY E. GARMAN, ESQ.
                                            TALITHA GRAY KOZLOWSKI, ESQ.
                                            GARRETT NYE, ESQ.
                                            7251 Amigo Street, Suite 210
                                            Las Vegas, Nevada 89119
                                            *[Proposed] Special Counsel for*
                                            *Cash Cloud, Inc., dba Coin Cloud*