BANKRUPTCY RECOVERY GROUP, LLC
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@brg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice to be filed*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (702) 483-6126
*[Proposed] Special Counsel for*
*Cash Cloud, Inc., dba Coin Cloud*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. BK-23-10423-MKN<br><br>Chapter: 11<br><br><br>Date:  October 23, 2024<br>Time:  9:30 a.m. |

**DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF APPLICATION FOR ORDER APPROVING EMPLOYMENT OF BANKRUPTCY RECOVERY GROUP, LLC AS SPECIAL COUNSEL FOR THE DEBTOR PURSUANT TO 11 U.S.C. § 327(e) AND COMPENSATION PURSUANT TO <u>11 U.S.C. § 328(a)</u>**

I, Talitha Gray Kozlowski, hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Application for Order Approving Employment of Bankruptcy Recovery Group, LLC as Special Counsel for the Debtor Pursuant to 11 U.S.C. § 327(e) and Compensation Pursuant to 11 U.S.C. § 328(a)* (the "<u>Application</u>").[1]

2. I am an attorney licensed to practice law in the State of Nevada. I am a member of the Bankruptcy Recovery Group, LLC ("<u>BRG</u>"), which maintains an office in Las Vegas,

---
[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

Nevada at 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119. I am admitted to practice law before this Court. I will be the attorney principally responsible for the representation.

3. BRG's attorneys have represented numerous debtors, trustees, and other parties-in-interest in bankruptcy cases in preference and fraudulent transfer litigation, and are well-qualified to serve as special counsel to the Trustee to prosecute the Chapter 5 Claims.

4. The terms of BRG's retention are set forth in detail in the Legal Representation Agreement (the "Retention Agreement"), a true and correct copy of which attached hereto as **Exhibit 1**.

5. Pursuant to the Retention Agreement, BRG is being retained as special counsel to prosecute the Chapter 5 Claims. The Retention Agreement provides that compensation shall be on a contingency basis as follows:

Pre-Suit: BRG shall earn legal fees on a contingency basis of 18.5% of the cash value of any recoveries and the cash equivalent value of any claim waiver obtained from a potential defendant (only to the extent the waiver of such claim accrues to the estates' benefit and increases the estates' recovery) after BRG issues a demand but prior to initiating an action proceeding against such defendant.

Post Suit. BRG shall earn legal fees on a contingency basis of 25% of the cash value of any recoveries and the cash equivalent value of any claim waiver obtained in connection with the settlement (only to the extent the waiver of such claim accrues to the estates' benefit and increases the estates' recovery) of any action after BRG initiates an action but prior to obtaining a judgment in connection therewith.

Post Judgment: BRG shall earn legal fees on a contingency basis of 30% of the cash value of any recoveries and the cash equivalent value of any claim waiver obtained (only to the extent the waiver of such claim accrues to the estates' benefit and increases the estates' recovery) from a defendant after BRG obtains a judgment against such defendant.

6. BRG will advance initial fees and expenses and will be reimbursed for all such fees and costs from collection of the Chapter 5 Claims.

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

7. The services of BRG under a contingent fee agreement are appropriate and necessary to enable the Trustee to execute his duties by maximizing the value of the estates for the benefit of creditors and other interested parties. Prosecution of the potentially more than one hundred Chapter 5 Claims on a contingency fee basis is in the best interest of the estates as the estates have limited available funds, BRG will advance initial fees and costs, and counsel and the estates' interests are economically aligned as without recovery for the estates, BRG will not be paid.

8. To the best of my knowledge following a diligent investigation, neither BRG nor any of its members or other attorneys have any present or prior connection with the Debtors, Debtors' creditors, potential defendants, or other parties-in-interest, except as set forth herein.

9. To the best of BRG's knowledge, BRG and its members and attorneys do not hold or represent any interest adverse to Debtors' estates and BRG and its members and attorneys are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code. Additionally, BRG does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee. BRG's representation as special counsel to the Trustee will not be adverse to Debtors' estates.

10. Prior to commencing representation, BRG reviewed the Debtors' statements of financial affairs to determine the identities of potential defendants in the prosecution of the Chapter 5 Claims, as well as the Debtors' schedules and matrixes. Pursuant to Bankruptcy Rule 9014, BRG discloses the following connections, none of which create a conflict of interest or render BRG not disinterested. Such connections are as follows:

(a) BRG's attorneys have worked closely with and/or been opposed to, and in many instances have personal friendships with the following counsel/parties in interest who have actively appeared in the case: Brett Axelrod, Nicholas Koffroth, Fox Rothschild, Daniel Ayala, FTI, Michael Tucker, McDonald Carano, Ryan Works, Amanda Perach, James Jimmerson, Paul Hyugens, Tanner James, Province LLC, Nedda Ghandi, Ryan Anderson, Rob Kinas, and Jeffrey Sylvester. BRG and its attorneys may have unidentified professional connections to other attorneys appearing in the Bankruptcy

Cases. BRG does not believe these professional relationships affect its qualification to serve as special counsel to the Debtor.

(b) BRG is informed and believes that certain employees of Province LLC are indirect investors (alongside individuals and entities unrelated to Province or anyone involved in this case) in Lawclerk.Legal, a technology company founded by, among others, Greg Garman and Talitha Kozlowski. The aggregate holdings of the investment is less than 5% of the outstanding shares of Lawclerk. Such investment and holdings are unrelated to this case and BRG does not believe this relationship affects its qualifications to serve as special counsel to the estate.

(c) BRG's attorneys have represented debtors, trustees, and creditors in unrelated bankruptcy cases in which such representation was adverse to creditors and potential defendants in these Bankruptcy Cases. Examples include American Express, Cintas Corporation, and Nevada Department of Taxation.

(d) BRG has prosecuted avoidance actions in unrelated bankruptcy cases against various creditors and potential defendants in these Bankruptcy Cases.

11. BRG will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, BRG will supplement its disclosure to the Court.

12. Section 327(a) of the Bankruptcy Code authorizes a trustee to employ professionals that "do not hold or represent and interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). Section 327(e) further authorizes the retention of special counsel that does not represent or hold an interest adverse to the estate. Section 101(14) of the Bankruptcy Code defines a "disinterested person" as:

> (1) a person that is not a creditor, an equity security holder, or an insider;
>
> (2) a person that is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

> (3) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of a direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason.

11 U.S.C. § 101(14). BRG satisfies each of the three prongs of Section 101(14) of the Bankruptcy Code and is therefore "disinterested" within the meaning of the Bankruptcy Code.

13. BRG will seek approval under Section 328 of its contingency fee and reimbursement of its expenses in connection with each motion filed pursuant to Bankruptcy Rule 9019 seeking approval of a compromise of a Chapter 5 Claim. For matters resolved through judgment, BRG will file an application with the Court seeking, after notice and hearing, approval of its contingency fee and reimbursement of expenses pursuant to Section 328.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 17th day of September, 2024.

/s/ *Talitha Gray Kozlowski*
TALITHA GRAY KOZLOWSKI, ESQ.