BANKRUPTCY RECOVERY GROUP, LLC
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@brg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice to be filed*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (702) 483-6126
*[Proposed] Special Counsel for*
*Cash Cloud, Inc., dba Coin Cloud*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-23-10423-MKN |
| CASH CLOUD, INC., dba COIN CLOUD, | Chapter: 11 |
| Debtor. | Date: October 23, 2024<br>Time: 9:30 a.m. |

**DECLARATION OF DANIEL AYALA IN SUPPORT OF APPLICATION FOR ORDER APPROVING EMPLOYMENT OF BANKRUPTCY RECOVERY GROUP, LLC AS SPECIAL COUNSEL FOR THE DEBTOR PURSUANT TO 11 U.S.C. § 327(e) AND COMPENSATION PURSUANT TO 11 U.S.C. § 328(a)**

I, Daniel Ayala, hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2. I am the Independent Director of Cash Cloud, Inc. dba Coin Cloud (the "Debtor"). I make this declaration in support of the *Application for Order Approving Employment of Bankruptcy Recovery Group, LLC as Special Counsel for the Debtor Pursuant to 11 U.S.C. § 327(e) and Compensation Pursuant to 11 U.S.C. § 328(a)* (the "Application").[1]

---
[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

3. I have determined that it is in the best interest of Debtors' estates to retain BRG as special counsel to prosecute the Debtors' estates' actions arising under Chapter 5 of Title 11.

4. I have selected BRG because of the firm's significant experience prosecuting fraudulent transfer and preference claims. BRG's attorneys have represented numerous debtors, trustees, and other parties-in-interest in bankruptcy cases in preference and fraudulent transfer litigation, and are well-qualified to serve as special counsel to prosecute the Chapter 5 Claims.

5. I believe the services of BRG under a contingent fee agreement are appropriate and necessary to enable the Trustee to execute his duties by maximizing the value of the estates for the benefit of creditors and other interested parties. Prosecution of the potentially more than one hundred Chapter 5 Claims on a contingency fee basis is in the best interest of the estates as the estates have limited available funds, BRG will advance initial fees and costs, and counsel and the estates' interests are economically aligned as without recovery for the estates, BRG will not be paid.

6. I believe the contingency fee structure set forth in the Retention Agreement is a reasonable compensation structure for the prosecution of the Chapter 5 Claims and should be approved under Section 328(a). The compensation structure fairly and adequately compensates BRG based on the nature of the services to be provided and the risks involved in prosecuting the Chapter 5 Claims, particularly where the estates have limited funds, BRG has agreed to advance initial fees and costs, and BRG will solely be compensated from monies actually recovered for the estates.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 17th day of September, 2024.

                                                          */s/ Daniel Ayala*
                                                          DANIEL AYALA

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119