James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
           blarsen@shea.law
           kwyant@shea.law

-and-

Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019-3601
Telephone:  212.468.8000
Facsimile:  212.468.7900
Email:  glee@mofo.com
           akissner@mofo.com

*Attorneys for Enigma Securities Limited*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.: BK-S-23-10423-MKN |
| CASH CLOUD INC., dba Coin Cloud | Chapter 11 |
| Debtor. | Hearing Date: December 30, 2024<br>Hearing Time: 9:30 a.m. |

**DECLARATION OF ANDREW KISSNER, ESQ. IN SUPPORT OF ENIGMA SECURITIES LIMITED'S MOTION TO ENFORCE SALE ORDER**

Page 1 of 3

ny-2820359

I, Andrew Kissner, Esq., do declare the following under penalty of perjury:

1. I am over the age of 18 and competent to testify as to the matters set forth herein.

2. I am counsel of record for Creditor Enigma Securities Limited ("Enigma") and I make this Declaration in support of *Enigma Securities Limited's Motion to Enforce Sale Order* (the "Motion") filed concurrently with this Declaration.

3. Any capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Motion.

4. On October 23, 2024, I sent a letter via email to counsel to the Debtor to request, among other things, an accounting of all proceeds held in escrow for Enigma's benefit and turnover of such proceeds to Enigma. A true and correct copy of the October 23 letter is attached as **Exhibit 1** hereto.

5. On October 28, 2024, I received a letter via email from counsel to the Debtor responding to my October 23 letter. A true and correct copy of October 28 letter is attached as **Exhibit 2** hereto.

6. On October 31, 2024, I sent a letter via email to counsel to the Debtor to reiterating my prior requests. A true and correct copy of the October 31 letter is attached as **Exhibit 3** hereto.

7. On November 4, 2024, I received an email from counsel to the Debtor attaching a report that purported to show activity associated with the Debtor's escrow account. A true and correct copy of that report is attached as **Exhibit 4** hereto.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DATED this 13th day of November, 2024.

*/s/ Andrew Kissner*
ANDREW KISSNER, ESQ.

ny-2820359

**CERTIFICATE OF SERVICE**

1. On November 13, 2024, I served **DECLARATION OF ANDREW KISSNER, ESQ. IN SUPPORT OF ENIGMA SECURITIES LIMITED'S MOTION TO ENFORCE SALE ORDER** in the following manner:

☒ a. ECF System: Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities.

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 13, 2024

By: *Bart K. Larsen, Esq.*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

ny-2820359

# EXHIBIT 1

**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON, LOS
ANGELES, MIAMI, NEW YORK, PALO
ALTO, SAN DIEGO, SAN FRANCISCO,
SHANGHAI, SINGAPORE, TOKYO,
WASHINGTON, D.C.

October 23, 2024

Writer's Direct Contact
+1 (212) 336-4117
AKissner@mofo.com

Via e-mail

Brett A. Axelrod
Fox Rothschild LLP
One Summerlin
1980 Festival Plaza Drive
Suite 700
Las Vegas, NV 89135

Re:    *In re Cash Cloud, Inc. dba Coin Cloud* (Case No. 23-10423-MKN)

Dear Brett:

As you are aware, I represent Enigma Securities Limited ("Enigma") in connection with the above-captioned proceeding.  I write in regards to the recent decisions issued by the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") relating to the (i) *Motion of the Official Committee of Unsecured Creditors for an Order Granting Leave, Derivative Standing and Authority to Commence, Prosecute and Settle Claims on Behalf of the Debtor's Estate* (the "Standing Motion") and (ii) *Motion for Entry of an Order Authorizing Debtor to Surcharge the Collateral of Genesis Global Holdco, LLC, Enigma Securities Limited, and AVT Nevada L.P.* (the "Surcharge Motion").

On June 30, 2024, the Bankruptcy Court entered an order approving the sale of substantially all the debtor's kiosk assets to Heller Capital Group, LLC.  *See* ECF No. 795 (the "Sale Order").  Certain of the sold kiosks constituted Enigma's collateral.  The Sale Order required that the Debtor immediately pay Enigma all proceeds allocable to Enigma's collateral that exceeded the amounts sought to be surcharged by the debtor pursuant to the Surcharge Motion, and to hold the remaining proceeds "in escrow . . . for the sole use and purpose of distribution to Enigma or payment to the Debtor's estate . . . in accordance with the Court's order with respect to the Surcharge Motion[,]" pending the Court's ruling on the Surcharge Motion.  Sale Order, ¶ 19(a).

On October 4, 2024, the Bankruptcy Court entered an order denying the Surcharge Motion *(see* ECF No. 1794) (the "Surcharge Denial Order"), and an order granting the Standing Motion.  *See* ECF No. 1793 (the "Standing Order").

**MORRISON FOERSTER**

Brett A. Axelrod
October 23, 2024
Page Two

Although the official committee of unsecured creditors appointed in this case (the "Committee") has filed a notice of appeal of the Surcharge Denial Order (*see* ECF No. 1794), to Enigma's knowledge, the Committee has not sought a stay of the Surcharge Denial Order pending appeal. Accordingly, the Surcharge Denial Order remains in full force and effect.

With respect to the Standing Order, pursuant to the *Final Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 2002, 4001, 6004 and 9014 Authorizing Debtor to (A) Obtain Postpetition Financing and (B) Grant Adequate Protection* [ECF No. 315] (the "Final DIP Order"), any challenges to the debtor's stipulations as to the validity, extent, and perfection of the liens asserted by Enigma "shall be deemed to be forever released, waived, and barred" unless a party in interest with requisite standing "commences . . . a contested matter, adversary proceeding, or other action . . . challenging" such stipulations in advance of the "Challenge Period Termination Date," which period "shall toll . . . until [] three (3) days following entry of an order either granting or denying the Standing Motion . . . ." Final DIP Order, ¶¶ 17(b), (c).

As previously noted, the Bankruptcy Court entered the Standing Order on October 4, 2024—more than three days ago. However, to Enigma's knowledge, the Committee has not commenced "a contested matter, adversary proceeding, or other action" asserting the claims identified in the Standing Motion. Accordingly, any challenge to the validity, extent, or perfection of Enigma's liens on its collateral have been "forever released, waived, and barred."

In light of the foregoing, I request that you promptly, and in no event more than five days from the date hereof:

1. Provide an accounting of all sums held by the debtor in escrow for the benefit of Enigma as required by the Sale Order, including all interest accrued thereon; and

2. Remit all such sums to Enigma by wire transfer (payment instructions are enclosed).

Please don't hesitate to reach out with any questions or if you would like to discuss.

*[Remainder of page intentionally left blank]*

**MORRISON FOERSTER**

Brett A. Axelrod
October 23, 2024
Page Three

Sincerely,

 /s/ *Andrew Kissner*

Andrew Kissner

Enclosure

cc:     Robert J. Gayda, Esq.
        Robert R. Kinas, Esq.
        Tanner James

# EXHIBIT 2



One Summerlin
1980 Festival Plaza Dr.
Suite 700
Las Vegas, NV 89135
Tel (702) 262-6899  Fax (702) 597-5503
www.foxrothschild.com

BRETT A. AXELROD
Direct No:  702.699.5901
Email: Baxelrod@FoxRothschild.com

October 28, 2024

VIA EMAIL: akissner@mofo.com

Andrew Kissner
Morrison Foerster
250 W. 55th Street
New York, NY 10019

Re: *Cash Cloud dba Coin Cloud-Enigma*

Dear Mr. Kissner:

Until there is a Final Order on the surcharge motion there will not be any further distribution of the sale proceeds pursuant to the confirmed plan.  Please see relevant plan terms:

Defined Term in the Plan is:

"Surcharge Claims Order" means a Final Order of the Bankruptcy Court resolving a Disputed Surcharge Claim that has not been settled or otherwise agreed to by the Debtor, the Committee, and the Holder of the relevant Secured Claim. ECF 996, Section 1.1.

"Final Order" means an order of the Bankruptcy Court as to which the time to appeal, petition for certiorari or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari or other proceedings for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, reargue or rehear shall have been waived in writing in form and substance satisfactory to the Debtor or, in the event that an appeal, writ of certiorari or reargument or thereof has been sought, such appeal, writ of certiorari or reargument or rehearing shall have been denied and the time to take any further appeal, petition for certiorari or motion for reargument or rehearing shall have expired; provided, however, that the possibility that a motion

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia   Florida   Illinois
Minnesota   Nevada   New Jersey   New York   Pennsylvania   Texas   Washington

164166319.1


October 28, 2024
Page 2

under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not preclude such order from being a Final Order. ECF 996, Section 1.1.

Sincerely,

*/s/Brett Axelrod*

Brett Axelrod

cc:  Christina LoTempio – lotempio@sewkis.com
      Tanner James – tjames@provincefirm.com

# EXHIBIT 3

**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON, LOS
ANGELES, MIAMI, NEW YORK, PALO
ALTO, SAN DIEGO, SAN FRANCISCO,
SHANGHAI, SINGAPORE, TOKYO,
WASHINGTON, D.C.

October 31, 2024

Writer's Direct Contact
+1 (212) 336-4117
AKissner@mofo.com

Via e-mail

Brett Axelrod
Fox Rothschild LLP
One Summerlin
1980 Festival Plaza Drive
Suite 700
Las Vegas, NV 89135

Dear Brett:

I am in receipt of your letter dated October 28, 2024, apparently sent in response to my letter of October 23, 2024[1] requesting (1) an accounting of all funds (including any accrued interest thereon) held in escrow for the benefit of Enigma and (2) turnover of any funds that constitute proceeds of Enigma's collateral.

I was disappointed to find that your letter, rather than respond to these requests, merely recites two defined terms from the debtor's chapter 11 plan without any further explanation or analysis.  My surmise is that the debtor's position is that, until any appeals with respect to the Surcharge Denial Order are resolved, the plan precludes the debtor from making any further distribution on Enigma's claims as they relate to the surcharge sought by the debtor in its Surcharge Motion.  Please confirm that this is the debtor's position and, if so, explain the legal basis for such position.

In any event, and setting aside the issue of surcharge, I am unaware of any legal justification for the debtor's refusal to provide an accounting of funds held in escrow for Enigma's benefit, or to turn over funds relating to any purported challenges to Enigma's liens, which challenges have now been irrevocably waived and barred.

As you are no doubt aware, a person holding funds in escrow acts as a fiduciary for the escrow beneficiaries.  *See generally* 28 Am. Jur. 2d Escrow § 23.  Among the fiduciary duties owed to beneficiaries include those of loyalty, to exercise due care to preserve the escrowed funds, and to make full disclosure to beneficiaries.  28 Am. Jur. 2d Escrow § 23.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in my October 23 letter.

ny-2813628

**MORRISON FOERSTER**

Brett Axelrod
October 31, 2024
Page Two

Enigma, as beneficiary of the escrowed funds, is entitled to a full accounting of the funds being held by the debtor (or its agent) on Enigma's behalf.  *See* NRS § 645A.200 (common law rights of escrow preserved under Nevada law)

With respect to the purported lien challenges identified by the Committee, as noted in my October 23 letter, the deadline to assert such challenges under the Final DIP Order has passed.  Accordingly, there is no basis for the debtor to continue to withhold sale proceeds that relate to the kiosks previously subject to the Committee's purported challenge.

I therefore reiterate my request that you please (1) provide an accounting of all funds (including accrued interest thereon) held in escrow for Enigma's benefit and (2) turn over all funds relating to the kiosks previously subject to the Committee's purported challenge, in each case within five days hereof.  Enigma reserves all rights, including seeking reimbursement of its costs and expenses incurred in connection with enforcing its rights.

Sincerely,

*Andrew Kissner*

Andrew Kissner

ny-2813628

# EXHIBIT 4

| Post_Date | Account | Amount | Ext_Details |
|---|---|---|---|
| 5/26/2023 | 9620 | 629,200.00 | INCOMING WIRE REF# 20230526B6B7261F00239105261545FT01 0000000588FROM: FOX SWIBEL LEVIN & CARROLL LLP IOL ABA: 044000024 BANK: OBI: ESCROW DEPOSIT OBI: OBI: |
| 6/2/2023 | 9620 | 377,000.00 | INCOMING WIRE REF# 20230602B6B7261F00337206021605FT01 0000008624FROM: PARAMOUNT MANAGEMENT GROUP LLC ABA: 031301053 BANK: FIRST NATIONAL BANK OF PENNSYLVA OBI: POWERCOIN DEPOSIT |
| 6/12/2023 | 9620 | 3,000.00 | MISC FEE (ESCROW REVIEW & SETUP FEE) |
| 6/23/2023 | 9620 | 150,000.00 | INCOMING WIRE REF# 20230623B6B7261F00020106230608FT03 0000000095FROM: GENESIS COIN, INC.ABA: 121000248 BANK: OBI: REFUNDABLE DEPOSIT TOWARDS APA ALLRIGHTS RESERVED OBI: OBI: |
| 6/30/2023 | 9620 | 629,200.00 | OUTGOING WIRE XFER REF# 20230630B6B7261F006291 TO: ROCKITCOIN ABA: 031302971 BANK: CUSTOMERS BANK ACCT# 1515447 |
| 7/24/2023 | 9620 | 175,000.00 | INCOMING WIRE REF# 20230724B6B7261F00081007240920FT03 0000001733FROM: HELLER CAPITAL GROUP LLC ABA: 031301053 BANK: FIRST NATIONAL BANK OF PENNSYLVA OBI: EXTENSION PAYMENT FOR CASH CLOUD |
| 7/24/2023 | 9620 | 3,403,000.00 | INCOMING WIRE REF# 20230724B6B7261F00081107240920FT03 0000001808FROM: HELLER CAPITAL GROUP LLC ABA: 031301053 BANK: FIRST NATIONAL BANK OF PENNSYLVA OBI: CASH CLOUD CLOSINGOBI: OBI: |
| 7/24/2023 | 9620 | 175,000.00 | OUTGOING WIRE REF# 20230724B6B7261F001998 TO: SAME DAY RETURN OF FUNDS ABA: 043318092 BANK: FNB OF PA ACCT# |
| 7/24/2023 | 9620 | 336,060.00 | OUTGOING WIRE XFER REF# 20230724B6B7261F003357 TO: ROCKITCOIN ABA: 031302971 BANK: CUSTOMERS BANK ACCT# 1515447 OBI: Cash Cloud Escrow- RockItCoin Reimbursement |
| 7/27/2023 | 9620 | 113,400.00 | OUTGOING WIRE XFER REF# 20230727B6B7261F003252 TO: PROVINCE LLC ABA: 122402382 BANK: MEADOW BANK LV ACCT# 1020039259 OBI: Cash Cloud Release of Escrow Deposits |
| 7/28/2023 | 9620 | 145,743.00 | OUTGOING WIRE XFER REF# 20230728B6B7261F004709 TO: GENESIS GLOBAL HOLDCO LLC ABA: 122105980 BANK: WESTERN ALLIANCE ACCT# 5613060058 OBI: Cash Cloud Escrow Release |
| 7/28/2023 | 9620 | 166,689.00 | OUTGOING WIRE XFER REF# 20230728B6B7261F004850 TO: AVTECH CAPITAL LLCABA: 065000090 BANK: CAPITAL ONE NA ACCT# 7529024458 OBI: Cash Cloud Escrow Release |
| 7/28/2023 | 9620 | 346,081.00 | OUTGOING WIRE XFER REF# 20230728B6B7261F004876 TO: ENIGMA SECURITIES LIMITED ABA: REVOGB21X BANK: REVOLUT LTD ACCT# GB19REVO0099690BI: Cash Cloud Escrow Release |
| 1/23/2024 | 9620 | 36,644.50 | OUTGOING WIRE XFER REF# 20240123B6B7261F003003 TO: ENIGMA SECURITIES LIMITED ABA: REVOGB2LX BANK: REVOLUT LTD ACCT# 25353236842 6 OBI: Escrow Release |
| 2/12/2024 | 9620 | 80,000.00 | OUTGOING WIRE XFER REF# 20240212B6B7261F002868 TO: CASH CLOUD INC ABA: 061110654 BANK: THE COMM BK ACCT# 543844 OBI: Escrow Release |
| 2/12/2024 | 9620 | 107,044.50 | OUTGOING WIRE XFER REF# 20240212B6B7261F002923 TO: AVTECH CAPITAL LLCABA: 065000090 BANK: CAPITAL ONE NA ACCT# 7529024458 OBI: Escrow Release |
| 3/1/2024 | 9620 | 2,595,338.00 | OUTGOING WIRE XFER REF# 20240301B6B7261F006976 TO: CASH CLOUD INC ABA: 061110654 BANK: THE COMM BK ACCT# 543844 OBI: Escrow Release |