James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Facsimile: (702) 926-9683
Email:  jshea@shea.law
        blarsen@shea.law
        kwyant@shea.law

-and-

**MORRISON & FOERSTER LLP**
Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
250 West 55th Street
New York, New York 10019-3601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email:  glee@mofo.com
        akissner@mofo.com

*Attorneys for Enigma Securities Limited*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No.: BK-23-10423-MKN |
| CASH CLOUD INC., dba COIN CLOUD, | Chapter 11 |
| Debtor. | |

**EX PARTE MOTION FOR ORDER SHORTENING TIME ON ENIGMA SECURITIES LIMITED'S MOTION TO ENFORCE SALE ORDER**

Enigma Securities Limited ("Enigma"), by and through its undersigned counsel, respectfully

Page 1 of 7

ny-2822396

submits this motion for an order shortening time for hearing of *Enigma Securities Limited's Motion to Enforce Sale Order* (the "<u>Motion</u>").[1]  This motion for order shortening time is made and based upon Section 105(a) of the Bankruptcy Code,[2] Bankruptcy Rule 9006, Local Rule 9006, the following points and authorities, the declaration of Andrew Kissner, Esq. (the "<u>Kissner Declaration</u>") included herein, and the papers and pleadings on file herein, judicial notice of which is respectfully requested.

## DECLARATION OF ANDREW KISSNER

Andrew Kissner, Esq. hereby states and declares as follows:

1.    I am over the age of 18, am mentally competent, and if called upon to testify as to the matters set forth below, could and would do so.

2.    I am an attorney admitted *pro hac vice* to practice before this Court and am counsel to Enigma.

3.    I have personal knowledge of the facts set forth herein except for matters stated upon information and belief, which I believe to be true.

4.    As set forth in the Motion, Enigma seeks entry of an order enforcing the provisions of the Sale Order, which required that the Debtor maintain certain Sale Proceeds in escrow pending the issuance of a decision on the Surcharge Motion and the resolution of any Lien Challenge asserted against Enigma.  Specifically, Enigma seeks an order (a) directing the Debtor to remit all Enigma Collateral Proceeds to Enigma, (b) in the alternative, directing the Debtor to remit all Enigma Collateral Proceeds that relate to the Committee's waived Lien Challenge to Enigma, (c) directing the Debtor to maintain any Sale Proceeds that remain in its possession in a segregated, interest-bearing account, and (d) directing the Debtor to provide Enigma with an accounting of all Sale Proceeds held by the Debtor on Enigma's behalf.

[1] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

[2] All references to "<u>Chapter</u>" and "<u>Section</u>" herein shall be to the "<u>Bankruptcy Code</u>" appearing in Title 11 of the U.S. Code; all references to a "<u>Bankruptcy Rule</u>" shall be to the Federal Rules of Bankruptcy Procedure; and all references to a "<u>Local Rule</u>" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

ny-2822396

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1

2

3

4

5

6

5.    The Sale Order directs the Debtor to, no later than "the date on which the Court enters an order with respect to the Surcharge Motion . . . pay . . . to Enigma the Sale proceeds . . . allocated to" the Enigma Collateral.  Sale Order, ¶ 19 [ECF No. 795].  In the interim, the Sale Order also directed the Debtor to maintain all Sale Proceeds "in escrow . . . for the sole use and purpose of distribution to Enigma or payment to the Debtor's estate . . . in accordance with" the Court's ruling on any surcharge request by the Debtor.  Sale Order, ¶ 19(a).

7

8

9

10

11

12

13

14

6.    On October 4, 2024, the Court entered the Surcharge Denial Order denying the Debtor's request to surcharge the Sale Proceeds.  Although the Committee has appealed that order, no party has sought a stay of the order pending appeal.  On that same date, the Court entered the Standing Order granting the Committee derivative standing to pursue the Lien Challenge against Enigma.  However, the Committee did not file a complaint against Enigma asserting such challenge within three days of the Standing Order (and to my knowledge still has not filed such complaint), with the consequence being that such Lien Challenge is forever waived, released, and barred under the terms of the Final DIP Order.  Final DIP Order ¶¶ 17(b), (c) [ECF No. 315].

15

16

17

18

19

7.    In light of the Court's denial of the Surcharge Motion and the waiver of the Lien Challenge, as detailed in the Motion, I have reached out to the Debtor's counsel on numerous occasions to request that the Debtor remit the Enigma Collateral Proceeds to Enigma in accordance with the Sale Order.  Counsel to the Debtor has refused to remit the proceeds to Enigma and has also failed to articulate with any precision the purported legal basis for doing so.

20

21

22

23

24

25

26

27

8.    Moreover, despite the Sale Order's clear directive that the Debtor maintain the Sale Proceeds "in escrow" pending the Court's decision on the Surcharge Motion, based on an "escrow activity report" I received via email on November 4, 2024 from the Debtor's counsel and a review of the Debtor's recent Monthly Operating Reports, it appears that all Sale Proceeds were released from escrow to the Debtor in March 2024.  Since that time, it is my understanding that the Sale Proceeds (including the Enigma Collateral Proceeds) have been held in a non-interest-bearing checking account in the Debtor's name.  Based on my review of the bank statements attached to the Monthly Operating Reports, there is no indication that the Sale Proceeds are being held in escrow

28

ny-2822396

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

1    or for the benefit of a third party.  The Debtor has failed to provide any explanation for its decision

2    to move the funds out of escrow or to provide an accounting to Enigma of the Sale Proceeds that it

3    holds.

4            9.     Enigma is requesting that the Motion be heard on shortened time based on the

5    Debtor's failure to comply with the terms of the Sale Order by promptly remitting the Enigma

6    Collateral Proceeds (which it was required to do no later than "the date on which the Court enters an

7    order with respect to the Surcharge Motion"—*i.e.*, more than six weeks ago); the Debtor's failure to

8    maintain the Enigma Proceeds in an escrow account in compliance with the Sale Order, potentially

9    exposing those funds to attachment, withdrawal, or dissipation; and the Debtor's failure to provide

10    an accounting of the Sale Proceeds.  In addition to placing the funds at risk, the Debtor's actions (or

11    inactions) also call into question the Debtor's conduct as a fiduciary and merit addressing on an

12    expedited basis.

13            10.    Enigma also believes that it may have administrative claims against the Debtor for

14    damages incurred by Enigma due to the Debtor's failure to maintain the Sale Proceeds in a

15    segregated, interest-bearing escrow account, which claims will only grow larger by the day.  Setting

16    aside whether Enigma has claims against the Debtor for its conduct, the simple fact is that every day

17    that the Sale Proceeds sit in a non-interest bearing account, those proceeds diminish in value due to

18    the passage of time.

19            11.    For all of the foregoing reasons, it is necessary and appropriate that the Motion be set

20    for hearing on an order shortening time, and Enigma respectfully requests that the Court enter an

21    order shortening the time for hearing on the Motion as soon as possible.

22            12.    On November 14, 2024, I emailed counsel to the Debtor, the Committee, the United

23    States Trustee, and Genesis Global Holdco, LLC to inquire as to whether they would be amenable

24    to an order shortening time.  As set forth in the *Attorney Information Sheet* filed contemporaneously

25    herewith, (a) counsel to the Debtor and Committee do not consent, (b) counsel to Genesis does

26    consent, and (c) the United States Trustee takes no position.

27

28

ny-2822396

1    I declare under penalty of perjury of the laws of the United States that these facts are true to

2    the best of my knowledge and belief.

3    Dated this 14th day of November 2024.

                                        /s/ *Andrew Kissner*
4                                       Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
                                        New York Bar No. 5507652
5

6                                       *Attorney for Enigma Securities Limited*

7                    **MEMORANDUM OF POINTS AND AUTHORITIES**

8    Section 105(a) of the Bankruptcy Code allows this Court to issue such orders as are necessary

9    to carry out the provisions of the Bankruptcy Code. See 11 U.S.C. § 105(a). Bankruptcy Rule

10   9006(c)(1) generally permits a bankruptcy court, for cause shown and in its discretion, to reduce the

11   period during which any notice is given in accordance with the Bankruptcy Rules.  *See* Fed. R.

12   Bankr. P. 9006(c)(1) ("Except as provided in paragraph (2) of this subdivision, when an act is

13   required or allowed to be done at or within a specified time by these rules or by a notice given

14   thereunder or by order of court, the court for cause shown may in its discretion with or without

15   motion or notice order the period reduced.").  Moreover, according to Local Rule 9006(b), every

16   motion for an order shortening time must be accompanied by an affidavit stating the reasons for an

17   expedited hearing.  As set forth in the Kissner Declaration, there are compelling reasons for an

18   expedited hearing.

19   Furthermore, Local Rule 9006 requires the moving party to submit an Attorney Information

20   Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel

21   consented to the hearing on an order shortening time, the date counsel was provided with notice, and

22   how notice was provided or attempted to be provided. An Attorney Information Sheet is being filed

23   concurrently with this Application.

24   ///

25   ///

26   ///

27   ///

28

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

ny-2822396

**CONCLUSION**

Based on the foregoing, Enigma respectfully requests that the Court grant this motion for an order shortening time and enter an order shortening time to hear the Motion as soon as the Court's schedule will allow and granting such other and further relief as the Court deems appropriate.

Dated this 14th day of November 2024.

/s/ *James Patrick Shea*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Facsimile: (702) 926-9683
Email:   jshea@shea.law
            blarsen@shea.law
            kwyant@shea.law

-and-

**MORRISON & FOERSTER LLP**
Gary Lee, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 2397669
Andrew Kissner, Esq. (*Admitted Pro Hac Vice*)
New York Bar No. 5507652
250 West 55th Street
New York, New York 10019-3601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: glee@mofo.com
            akissner@mofo.com

*Attorneys for Enigma Securities Limited*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

ny-2822396

**CERTIFICATE OF SERVICE**

On November 14, 2024, I served the **EX PARTE MOTION FOR ORDER SHORTENING TIME ON ENIGMA SECURITIES LIMITED'S MOTION TO ENFORCE SALE ORDER** in the following manner:

☒    a.    ECF System:  Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities.

☐    b.    United States mail, postage fully prepaid:

☐    c.    Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    d.    By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 14, 2024

By: *Bart K. Larsen, Esq.*

ny-2822396