E-filed: November 27, 2024

Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
       cgianelloni@swlaw.com
       awendl@swlaw.com

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655)
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: soneal@cgsh.com
       jvanlare@cgsh.com
       mdweinberg@cgsh.com

*Attorneys for Genesis Global Holdco, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC., dba COIN CLOUD,<br><br>Debtor. | Case No. 23-10423-mkn<br><br>Chapter 11<br><br>**GENESIS GLOBAL HOLDCO, LLC'S MOTION TO ENFORCE SALE ORDER (ECF 795) AND JOINDER IN ENIGMA SECURITIES LIMITED'S MOTION FOR SIMILAR RELIEF (ECF 1825)**<br><br>**Hearing Date: December 30, 2024**<br><br>**Hearing Time: 9:30 a.m.** |

Genesis Global Holdco, LLC ("Genesis"), by and through counsel, hereby submits this motion (the "Genesis Motion to Enforce") to request that this Court issue an order (1) directing the Debtor to turn over to Genesis all proceeds from the sale of Genesis Collateral pursuant to the

4934-3813-7089

*Order: (A) Confirming Auction Results; (B) Approving the sale of Certain of Debtor's Assets to Heller Capital Group, LLC and Genesis Coin, Inc., Free and Clear of Liens Claims, Encumbrances, and Other Interests; (C) Authorizing the Assumption and Assignment of Certain of the Debtor's Executory Contracts, Unexpired Leases Related Thereto; and (D) Granting Related Relief* (ECF 795) (the "Sale Order")[1] or, in the alternative, (2) directing Debtor to place all remaining sale proceeds into a sequestered, interest-bearing account. In addition, Genesis requests that the Court direct the Debtor to account for all sale proceeds that the Debtor was required to hold in escrow pursuant to the Sale Order.

The Sale Order required the Debtor to hold the Sales proceeds related to the sale of the Genesis Collateral in escrow pending this Court's resolution of the Disputed Surcharge Claims. *Sale Order at paragraph 19(c)*.[2]

As to the Disputed Surcharge Claims, on October 4, 2024 (ECF 1794), this Court entered its order denying the Debtor's and the Committee's request to surcharge the proceeds related to the sale of the Genesis Collateral. While the Committee has appealed that order, the Committee did not obtain a stay pending appeal. As such, now is the appropriate time for the Debtor to turn over to Genesis the proceeds related to the sale of the Genesis Collateral. Pursuant to paragraph 20 of the Sale Order, this Court retained jurisdiction to enforce and resolve disputes related to the Sale Order.

As it relates to the Genesis Motion to Enforce, the facts, the law and the applicable terms of the Sale Order are virtually identical to those set forth in Enigma Securities Limited's Motion to Enforce Sale Order on Order Shortening Time (ECF 1825) (the "Enigma Motion to Enforce"). As such, Genesis, by and through its joinder in the Enigma Motion to Enforce, incorporates by reference the facts, law and Sale Order terms cited in the Enigma Motion to Enforce. The only

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Order.

[2] As of the Petition Date (as defined in the DIP Order), Genesis held a blanket lien on all of the Debtor's assets. Neither the Committee nor any other party in interest challenged the validity, priority or perfection of the Genesis Liens (as defined in the DIP Order) as set forth in the DIP Order and the time to challenge the Genesis Liens has expired.

4934-3813-7089

difference between Enigma and Genesis in the Sale Order is that the applicable section related to Enigma is paragraph 19(a) and the applicable section related to Genesis is paragraph 19(c).

## RESERVATION OF RIGHTS

Genesis reserves all rights with respect to the relief set forth in the Genesis Motion to Enforce, including the right to (1) seek reimbursement of fees and expenses (including reasonable attorney's fees) incurred in connection with enforcing the terms of the Sale Order and (2) assert a claim for damages incurred by Genesis due to the Debtor's failure to maintain the sale proceeds in a segregated, interest-bearing account.

## CONCLUSION

For these reasons, Genesis requests that this Court issue an order (1) directing the Debtor to turn over all proceeds from the sale of Genesis Collateral to Genesis or, in the alternative, (2) directing Debtor to place all remaining sale proceeds into a sequestered, interest-bearing account. In addition, Genesis requests that the Court direct the Debtor to account for all sale proceeds that the Debtor was required to hold in escrow pursuant to the Sale Order.

DATED this 27th day of November 2024.    SNELL & WILMER L.L.P.

*/s/ Robert R. Kinas*
Robert R. Kinas (NV Bar No. 6019)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252

and

Sean A. O'Neal (NY Bar No. 3979267)
*Admitted Pro Hac Vice*
Jane VanLare (NY Bar No. 4610655)
*Admitted Pro Hac Vice*
Michael Weinberg (NY Bar No. 5724497)
*Admitted Pro Hac Vice*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile:  (212) 225-3999

*Attorneys for Genesis Global Holdco, LLC*