BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
DANIEL A. MANN, ESQ.
Nevada Bar No. 15594
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       dmann@foxrothschild.com
*Counsel for Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. 23-10423-mkn<br>Chapter 11<br><br>**MOTION TO APPROVE SETTLEMENT AGREEMENT WITH KIOSK SERVICES GROUP, INC. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**<br><br>Hearing Date: February 12, 2025<br>Hearing Time: 9:30 a.m. |

Cash Cloud, Inc. dba Coin Cloud (the "Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), by and through its counsel, Fox Rothschild LLP, hereby files this motion (the "Motion") for the entry of an order, pursuant to Bankruptcy Rules 9019(a)[1] and 6006, and sections 105(a) and 365 of the Bankruptcy Code, approving the *Settlement Agreement* ("Settlement Agreement")[2] between the Debtor on the one hand, and Kiosk Services Group, Inc. ("Kiosk," and together with Debtor, the "Parties"), on the other hand. A true and correct copy of the Settlement Agreement is attached as **Exhibit "1"** to the *Declaration of Ayala.* (the "Ayala Declaration") filed concurrently herewith.

---

[1] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

[2] Capitalized terms not defined herein shall have the meanings assigned to them in the Settlement Agreement.

1

166319796.1

By this Motion, the Debtor requests approval of the Settlement Agreement and authorization from the Court to take all actions contemplated by the Settlement Agreement. The Motion is made and based upon the following memorandum of points and authorities, the Ayala Declaration, the papers and pleadings on file with the Court in the Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### PRELIMINARY STATEMENT

1. The Settlement Agreement provides a comprehensive resolution of the claims and disputes between the Parties as to Kiosk Services Group not refunding Debtor's retainer fees. Therefore, the Settlement Agreement should be approved and assumed because it is in the best interests of the Debtor's estate and creditors.

### II.

### JURISDICTION

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 9019(a).

### III.

### FACTUAL BACKGROUND

**A.    General Background**

5. On February 7, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case in this Court.

6. The Debtor is continuing in possession of its property and is operating and managing its business as a debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108.

166319796.1

7. On February 17, 2023, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") [ECF No. 131, as amended on February 28, 2023, ECF No. 177].

8. No request has been made for the appointment of a trustee or examiner.

9. A detailed description of the events that led to bankruptcy can be found in the *Omnibus Declaration of Christopher Andrew Ayala in Support of Emergency First Day Relief* (the "Omnibus Declaration") [ECF No. 19], and is incorporated herein by this reference.

B. **Background to Settlement Agreement**

10. KSG was a contractor to provide field services for maintaining, fixing and cleaning kiosks.

11. Cash Cloud entered into a service agreement with KSG to provide services to the Debtor from November 1, 2022, through December 31, 2023 (the "KSG Agreement").

12. Pursuant to the KSG Agreement, KSG was to provide services for Cash Cloud's Kiosks such as inspection, testing, and cleaning of the Kiosks to ensure that they were operational.

13. Cash Cloud paid KSG two retainer payments, one on January 18, 2023, and another on May 18, 2023, totaling $125,000.00 (collectively, the "Retainer Payments").

14. Cash Cloud no longer operates the Kiosks and thus is no longer in need of KSG's services.

15. Cash Cloud informed KSG that it no longer needed KSG's services.

16. KSG no longer provides services to Cash Cloud.

17. Given that KSG no longer provides services to Cash Cloud, Cash Cloud requested the return of $72,336.66, the amount of the Retainer Payments remaining after KSG debited its charges against the Retainer Payment ("Remaining Retainer"), but KSG rejected the request indicating the Retainer Payments were non-refundable and that Cash Cloud forfeited these funds.

18. On September 18, 2023, Cash Cloud filed a complaint (the "Complaint") with the Bankruptcy Court, and thereby commenced a lawsuit (the "Lawsuit"), against the KSG ("Defendant"), which Lawsuit is known as Cash Cloud, Inc., dba Coin Cloud v. Kiosk Services Group, Inc. (case number: [23-01128-mkn]).

19. On the terms set forth below, the Parties desire to resolve any and all disputes among them, whether concerning the obligations, if any, due by KSG to Cash Cloud pursuant to the service agreement, the Lawsuit or otherwise.

## IV.

## **THE SETTLEMENT TERMS**

20. The Settlement Agreement sets forth the following material terms:[3]

a. Duty of Cooperation. For a six-month period, KSG agrees to cooperate fully and in a timely manner with Cash Cloud and its counsel, and agrees to provide unlimited assistance to Cash Cloud in relation to Cash Cloud's arbitration with BitAccess scheduled for November 25, 2024 to December 6, 2024 (the "BitAccess Arbitration").

b. KSG shall provide a remote witness to testify at the BitAcccess Arbitration. KSG shall provide a witness with direct and personal knowledge of the services provided to Cash Cloud, including the steps taken to convert the software on Coin Cloud's machines from BitAccess software to CCOS and other services KSG provided after Aug 4, 2022.

c. KSG further agrees to appear for remote conferences and to provide the officers of Cash Cloud, its consultants and its counsel, with the full benefit of KSG's knowledge with respect to KSG's services to Cash Cloud, including, but not limited to: (a) describing its manual software conversion process from a technical perspective; (b) describing the item descriptions in KSG's invoices; (c) describing the "Breakfix" tasks performed; (c) describing all software conversion issues and bugs in CCOS software; (d) describing the nature of the software conversion costs; and (e) describing the general difficulties experienced in the software conversion process and the resources employed to complete same.

d. KSG shall appear for remote conferences and be responsive to phone calls and email correspondence. Six months after the Agreement Effective Date, KSG's obligation and Duty of Cooperation under this Section will cease.

e. Cash Cloud shall take no further action against KSG in the Lawsuit unless and until KSG fails to perform its obligations in sections 3.1 through 3.3 (a "Default") and fails to cure the Default within seven (7) days after Cash Cloud provides written notice to KSG's legal counsel by overnight mail and electronic mail to:

> JONES & ASSOCIATES
> Roland Gary Jones, Esq.
> Jones & Associates
> 1325 Avenue of the Americas, 28th Floor
> New York, NY 10019
> Tel. (347) 862-9254
> Fax (212) 202-4416
> Email: rgj@rolandjones.com

---

[3] This summary is qualified by the more specific terms of the Settlement Agreement. To the extent of any discrepancy, the Settlement Agreement controls.

4

166319796.1

DEVINE LEGAL GROUP
William Devine II, Esq.
Devine Legal Group
5940 South Rainbow Blvd.
Las Vegas, Nevada 89118
Tel: (702) 515-1500
Fax: (702) 970-7175
Email: william@devine.legal.com

  f. In the event that KSG fails to cure a Default, Cash Cloud may take appropriate action as necessary and as established in this Settlement Agreement. See Ayala Declaration, ¶ 10 & Exhibit 1.

  g. This Agreement resolves the Lawsuit. Accordingly, within five (5) days of the 9019 Order being entered by the Court, counsel for Cash Cloud shall cause to be entered in the Lawsuit an agreed order dismissing the Lawsuit with prejudice.

## V.

## LEGAL AUTHORITY

**A.** **The Debtor should be Permitted to Enter into the Settlement Agreement Pursuant to Bankruptcy Rule 9019(a).**

 **i.** **Legal Standard.**

"Compromises are a normal part of the process of reorganization." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (citations and internal quotation marks omitted). Accordingly, Bankruptcy Rule 9019 provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

The Court is afforded "great latitude in approving compromise agreements." Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." Martin v. Kane (In re A&C Props.), 784 F.2d 1377, 1380-81 (9th Cir. 1986). Moreover, "[t]he law favors compromise and not litigation for its own sake . . . ." Id. at 1381. Accordingly, to approve a settlement agreement, a bankruptcy court need not conduct a mini-trial on the merits of the claims or an exhaustive investigation into the underlying dispute between the parties. United States v. Alaska Nat'l Bank (In re Walsh Constr.,

166319796.1

Inc.), 669 F.2d 1325, 1328 (9th Cir. 1982). It is sufficient that the court find that the settlement was negotiated in good faith and that it is fair and equitable. A&C Props., 784 F.2d at 1381.

The Ninth Circuit has identified four factors that a bankruptcy court must consider in determining whether a proposed settlement agreement is reasonable, fair and equitable:

(a) the probability of success in the litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

A & C Props., 784 F.2d at 1381 (citations omitted).

In considering these factors, bankruptcy courts need only canvass the issues, not decide disputed facts and questions of law. See Burton v. Ulrich (In re Schmitt), 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997). "If the court were required to do more than canvass the issue[s], 'there would be no point in compromising; the parties might as well go ahead and try the case.'" Suter v. Goedert (In re Suter), 396 B.R. 535, 548 (D. Nev. 2008) (quoting 10 Collier on Bankruptcy, ¶ 9019.02). Additionally, "while creditors' objections to a compromise must be afforded due deference, such objections are not controlling." A & C Props., 784 F.2d at 1382. Indeed, the settlement need not be the best that could have been achieved, but only must not fall "below the lowest point in the range of reasonableness." In re Pac. Gas & Elec. Co., 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (quoting In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citations and internal quotation marks omitted)); accord Redwood Trust v. Am. Bldg. Storage, LLC (In re Am. Bldg. Storage, LLC), No. CC-06-1259-MOPAD, 2007 WL 7532281, at *5 (B.A.P. 9th Cir. Apr. 2, 2007) (not for publication).

  ii. **The A&C Properties Factors Weigh in Favor of Approving the Settlement Agreement.**

The Settlement Agreement should be approved because the A&C Properties factors favor the approval. The Debtor believes that the Settlement Agreement is in the best interests of its estate and

creditors. See Ayala Declaration, ¶ 11.

Each of the A&C Properties factors is analyzed below:

- *First*, with respect to the probability of success in litigation, although the Debtor believes that it may be able to prevail if litigation relating to the disputes between the Parties, Kiosk did present counter arguments that may have been persuasive if this matter would go to trial. With the probability of success in litigation going either way, the proposed settlement agreement is reasonable, fair and equitable. See Ayala Declaration, ¶ 12.

- *Second*, with respect to any difficulties to be encountered in the matter of collections, the Debtor is not collecting any settlement funds in the settlement agreement, instead it is opting for an agreed upon service from KSG. See Ayala Declaration, ¶ 13.

- *Third*, "the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it," is arguably the most important factor when analyzing the proposed Settlement Agreement in this matter. If the Settlement Agreement is not approved or does not become effective for any reason, Debtor will continue in discovery, dispositive motions, and trial which will result in additional legal fees. The Settlement Agreement provides the mechanism to avoid costly litigation, and keep the Debtor operating successfully during the pendency of the Chapter 11 Case. See Ayala Declaration, ¶ 14.

- *Finally*, when analyzing the paramount interest of the creditors and a proper deference to their reasonable views in the premises, it is of utmost importance to note that the terms of the Settlement Agreement were reached in good faith, and with the goal of reaching a compromised resolution that averts the incurrence of additional administrative expense involved in litigation. See Ayala Declaration, ¶ 15.

Therefore, it is in the Debtor's best interests to proceed with the Settlement Agreement on the terms set forth above and detailed in the Settlement Agreement itself.

/ / /

/ / /

166319796.1

## VI.

## **NOTICE**

Copies of this Motion and the Ayala Declaration will be served upon: (a) the United States Trustee; (b) counsel to the Committee; (c) counsel to Kiosk; (d) counsel to Debtor's secured creditors; and (e) all parties that have filed a request for special notice in the Chapter 11 Case, pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, Debtor respectfully submits that no further notice is necessary and that any additional notice should be excused.

## VII.

## **CONCLUSION**

The Settlement Agreement should be approved and assumed for the reasons set forth above. The Settlement Agreement is fair and equitable and was by all accounts negotiated in good faith and otherwise satisfactorily meets the Ninth Circuit's test for approving compromises of controversies under Bankruptcy Rule 9019. Additionally, it is in the Debtor's best interests to proceed with the Settlement Agreement on the terms set forth above and detailed in the Settlement Agreement.

WHEREFORE, for all of the foregoing reasons, the Debtor respectfully requests that this Court enter an Order, in the form attached as **Exhibit A** hereto: (i) approving the Settlement Agreement; (ii) authorizing the Debtor to take all actions contemplated by the Settlement Agreement; (iii) granting such further relief as the Court deems just and proper.

DATED this 30th day of December 2024.

**FOX ROTHSCHILD LLP**

By: */s/ Daniel A. Mann*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    DANIEL A. MANN, ESQ.
    Nevada Bar No. 15594
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Debtors*

166319796.1

# EXHIBIT A

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
DANIEL A. MANN, ESQ.
Nevada Bar No. 15594
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        dmann@foxrothschild.com
*Counsel for Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>Debtor. | Case No. 23-10423-mkn<br>Chapter 11<br>**ORDER GRANTING DEBTOR'S MOTION FOR APPROVAL OF: COMPROMISE, PURSUANT TO FED. R. BANKR. P. 9019, BETWEEN DEBTOR AND KIOSK SERVICES GROUP, INC.**<br>Hearing Date: February 12, 2025<br>Hearing Time: 9:30 a.m. |

The Court, having reviewed and considered the Debtor's Motion[4] for an order, pursuant to Rules 9019 and 6006 of the Federal Rules of Bankruptcy Procedure, and Sections 365 and 105(a) of the Bankruptcy Code, for approval and assumption of the Settlement Agreement as more fully set forth in the Motion; and upon consideration of the *Declaration of Daniel Ayala* in support thereof; and the Debtor having appeared by and through its counsel, Fox Rothschild LLP, and all other

---

[4] All capitalized, undefined terms shall have the meaning ascribed to them in the Motion.

9

166319796.1

appearances having been noted on the record; the Court having stated its findings of fact and conclusions of law on the record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference; and it appearing that the relief requested is warranted on the grounds, among others, that (1) the Settlement Agreement: (a) was negotiated in good faith and is fair and equitable, (b) contemplates an immediate resolution of the disputes between the Parties; (c) avoids litigation which could prove to be protracted and expensive; and (d) is in the best interests of Debtor, its estate and creditors because it resolves the disputes between the Parties; and is a sound exercise of Debtor's business judgment; after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motion is GRANTED; and

**IT IS FURTHER ORDERED** that:

1. The Settlement Agreement is approved;

2. The Debtor is authorized to take all actions contemplated by the Settlement Agreement; and

3. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Prepared and Respectfully Submitted By:

**FOX ROTHSCHILD LLP**

By:  /s/ Daniel A. Mann
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
DANIEL A. MANN, ESQ.
Nevada Bar No. 15594
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

166319796.1

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐   The court waived the requirement of approval under LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion.

☐   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

_____
Daniel A. Mann, Esq.
*Counsel for Debtor*

# # #

11

166319796.1