BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice pending*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (702) 483-6126
*Special Counsel for Cash Cloud, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CASH CLOUD, INC.,<br>dba COIN CLOUD,<br><br>         Debtor. | Case No. BK-23-10423-MKN<br><br>Chapter: 11<br><br><br>Date:   February 5, 2024<br>Time:   9:30 a.m. |

**MOTION FOR ORDER ESTABLISHING PROCEDURES**
**GOVERNING ADVERSARY PROCEEDINGS**
**BROUGHT PURSUANT TO 11 U.S.C. §§ 547 THROUGH 550**

Cash Cloud, Inc. d/b/a Coin Cloud ("Debtor"), by and through its special counsel, hereby moves (the "Motion") for an order establishing procedures governing adversary proceedings that may be brought by Debtor seeking to avoid and recover transfers pursuant to sections 547 through 550 of the Bankruptcy Code from the defendants identified on **Exhibit A** hereto (collectively, the "Avoidance Actions").  In support of the Motion, Debtor respectfully states as follows:

**I.**
**JURISDICTION AND BASIS FOR RELIEF**

1.     This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (O).

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested in the Motion are Sections 105(a), 105(d), 547, 548, 549, and 550 of the Bankruptcy Code, Rules 3003, 7004, 7012, 7016, 7026, and

9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and any corresponding Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada (the "Local Rules").

## II.
## BACKGROUND

4.     On February 17, 2023 ("Petition Date"), Debtor filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), thereby commencing Chapter 11 Case No. 23-10423 (MKN) ("Case").

5.     On October 31, 2024, Debtor engaged Bankruptcy Recovery Group, LLC as its special counsel to prosecute avoidance actions for the benefit of the estate. *See* ECF Nos. 1780 and 1814.

6.     After retaining Bankruptcy Recovery Group, LLC, Debtor has sent demands to certain individuals and entities that, according to its records, received transfers of its interest in property that Debtor believes are avoidable pursuant to 11 U.S.C. §§ 547(b) and 549(a).

## III.
## RELIEF REQUESTED

7.     Debtor anticipates filing up to eighty (80) adversary proceedings seeking to recover avoidable transfers pursuant to sections 547 through 550 of the Bankruptcy Code (the "Avoidance Actions").[1]  Debtor has identified the persons and entities listed on Exhibit A as potential defendants to the Avoidance Actions (each a "Defendant" and, collectively, the "Defendants").

8.     By this Motion, Debtor seeks entry of an order approving procedures governing the Avoidance Actions (collectively, the "Proposed Procedures") substantially in the form attached hereto as **Exhibit B** (the "Proposed Order").  The Proposed Procedures are designed to streamline litigation and promote timely and efficient settlement of the Avoidance Actions, thereby minimizing the costs to all parties and easing the Court's administrative burden.  The Proposed

---

[1] This number will likely be less as Debtor is in discussions with several transferees regarding its claims. These discussions are likely to result in the resolution of some portion of the Debtor's claims.

Procedures preserve all parties' rights to adjudicate claims and defenses before the Court, if necessary.

## IV.
## THE PROPOSED PROCEDURES

9. The following is a summary of the Proposed Procedures. The summary is intended solely to give the Court and interested parties an overview of the Proposed Procedures. For a complete understanding of the Proposed Procedures, interested parties should refer to the Proposed Order attached hereto as Exhibit B.

**A. Continuance of Scheduling Conferences and Stay of Formal Discovery Until Conclusion of the Mediation Process.**

10. Debtor requests that the Court: (a) pursuant to Fed. R. Civ. P. 16, applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016, continue the initial scheduling conference until after the conclusion of the Mediation Process (as discussed further below); (b) except as otherwise provided below, waive and extend the requirements of Fed. R. Civ. P. 26, applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026; and (c) except for limited informal pre-mediation discovery, stay formal discovery in all Avoidance Actions until conclusion of the Mediation Process. Waiving and/or staying these requirements will facilitate settlement, minimize costs, and alleviate the Court's administrative burden with respect to the Avoidance Actions.

11. Because referral to early mediation – with formal discovery to follow only if mediation is unsuccessful – benefits all parties by potentially eliminating the burdens and costs associated with formal discovery and, thereafter, trial, Debtor proposes that these procedures apply to all Avoidance Actions.

12. The proposed stay of discovery will not limit the informal exchange of documents or information at any time during settlement discussions or mediation. Moreover, the proposed stay will not preclude either party from requesting pre-mediation formal discovery. Should the non-requesting party consent to formal discovery in advance of mediation, the parties will conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "Scheduling Order") that will provide for the completion of fact discovery before the Mediation

Process. The Proposed Procedures provide that, if the non-requesting party does not consent to pre-mediation formal discovery, the requesting party may request relief from the stay of discovery by filing a motion on shortened time to commence formal discovery.

13. If the Mediation Process does not result in resolution of an Adversary Proceeding, the Proposed Procedures provide a uniform timeline for service of Rule 26(a) initial disclosures, and, thereafter, the completion of fact and expert discovery. Considering the number of Avoidance Actions, the implementation of a uniform timeline for discovery and motion practice is critical to providing a structured, efficient process for resolution of the Avoidance Actions. The result will be a process that fosters an expeditious resolution of the Avoidance Actions for the benefit of all parties, discourages dilatory litigation tactics, and eases the administrative burden on the Court.

**B.     The Mediation Process.**

14. <u>Mandatory Mediation</u>. The Proposed Procedures provide that, unless otherwise agreed by Debtor and a Defendant, any Avoidance Action that has not settled within ninety days after the complaint is filed will be referred to mediation (the "<u>Mediation Process</u>"). Mediation will be privileged and confidential and proceedings, discussions, and written materials associated with the Mediation Process will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation Process operate as an admission of liability, wrongdoing, or responsibility.

15. <u>Mediators</u>. Mediators will be chosen by Defendants from the list of mediators attached to the Proposed Order (the "<u>Mediators</u>"). Unless extended by written agreement with Debtor, Defendants must select a mediator in writing within two weeks from commencement of the Mediation Process. If a Defendant does not timely choose a Mediator, Debtor will assign a Mediator. Limiting the number of Mediators assigned to Avoidance Actions will, among other things, (a) minimize the time and expense of negotiating with Defendants over the Mediator, and (b) ensure that the Mediators quickly develop a strong understanding of the facts and issues common to all the Avoidance Actions.

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

16. <u>Time/Place of Mediation</u>.  To minimize expense and burden on all parties, the Avoidance Actions will be mediated remotely utilizing Zoom or a similar video conferencing system, unless the parties agree otherwise.  The Mediators will provide Debtor with dates on which the Mediator is available.  Debtor's counsel will contact Defendant or Defendant's counsel with a list of proposed dates for mediation as provided by the Mediator.  The Defendant shall promptly notify Debtor of the Defendant's preferred mediation dates from the list of available dates.  Mediation will then be scheduled on a first-come, first-served basis and Defendants will receive at least twenty-one calendar days' written notice of the date and time of mediation.

17. <u>Position Papers/Presentations</u>.  At least seven calendar days before mediation, Debtor and the applicable Defendant will exchange, by email, position statements.  The position statements must include a settlement proposal and be provided to the Mediator.  Unless agreed otherwise, the Proposed Procedures contemplate that position statements will be limited to no more than ten double-spaced pages, excluding exhibits and schedules.  The Mediator, however, may require the parties to provide additional papers and exhibits.  The Mediator will have full authority to determine the nature and order of the parties' presentations, and may implement additional procedures as are reasonable and practical under the circumstances.  If any party fails to make required submissions or attend mediation, the non-defaulting party may file a motion for default judgment or to dismiss the Avoidance Action.

18. <u>Attendance at Mediation</u>.  The parties will participate in mediation in good faith with a view towards settling the Avoidance Actions.  Accordingly, at least one counsel for each party and a representative of each party with full settlement authority must attend the mediation, unless the mediator approves otherwise.

19. <u>Fees</u>.  Debtor will pay the Mediator's fees and costs; provided, however, that if a Defendant fails to appear at a scheduled mediation without providing forty-eight hours' notice to the Debtor and Mediator, such Defendant shall pay the Mediator's fees and costs.  The Proposed Procedures provide for a fixed fee payable to the Mediator depending on the length of the mediation.

20. <u>Conflicts of Interest</u>.  No Mediator will mediate an Avoidance Action in which their law firm represents a party.  If a Mediator's law firm represents a Defendant in another Avoidance Action, the Mediator will take all steps necessary to establish an ethical wall.  So long as the ethical wall is effectively established and maintained, the Mediator's participation in the Mediation Process will not create a conflict of interest regarding the Mediator's law firm's representation of a Defendant in another Avoidance Action.

**C.    Motions/Omnibus Hearings.**

21. Motions generally affecting Defendants in all Avoidance Actions will be filed on the main docket and will not be filed in each individual Avoidance Action.  Motions specific to a single Defendant shall be filed in the applicable Avoidance Action.

25. Debtor will schedule Avoidance Actions Omnibus Hearings approximately every ninety calendar days at the Court's convenience.  All motions and other matters concerning any Avoidance Action will only be heard at Avoidance Actions Omnibus Hearings. Debtor  will file a report one week prior to each Avoidance Action Omnibus Hearing setting forth the status of each of the Avoidance Actions.

**D.    Electronic Service.**

26. Debtor will serve a copy of the Proposed Procedures on each Defendant by U.S. Mail, postage prepaid.  Debtor may elect to serve all other motions, pleadings, and notices by ECF or e-mail if the Defendant does not receive ECF service.

## V.
## ARGUMENT

28. There is ample authority for the Court to approve the Proposed Procedures.  Specifically, Bankruptcy Rule 7016(b) authorizes bankruptcy courts to enter scheduling and other orders that limit or modify the time to file motions, complete discovery, and any other deadlines as may be appropriate to the circumstances of the case, with a view toward reducing costs and promoting the prompt resolution and settlement of litigation.  *See, e.g.,* Fed. R. Bankr. P. 7016(b)(3)(B). Section 105(a) of the Bankruptcy Code grants the bankruptcy court broad authority to implement the Proposed Procedures.  Specifically, 11 U.S.C. § 105(a) authorizes

the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11]," and 11 U.S.C. § 105(d) authorizes the Court to issue orders "necessary to further the expeditious and economical resolution of [a] case[.]"

29. The Proposed Procedures are also consistent with the Court's general authority to manage its docket and the Local Rules that encourage consensual resolution of disputes before the Court.

30. Moreover, the Proposed Procedures are similar to procedures adopted in other jurisdictions. *See, e.g., In re WP Steel Venture LLC, et al.*, Case No. 12-11661 (KJC) (Bankr. D. Del.); *In re VeraSun Energy Corporation et al.*, Case No. 08-12606 (BLS) (Bankr. D. Del.); *In re Semcrude, L.P., et al.,* Case No. 08-11525 (BLS) (Bankr. D. Del.); *In re Fleming Companies, Inc.,* Case No. 03-10945 (MFW) (Bankr. D. Del.); *In re Quebecor World (USA), Inc., et al.,* Case No. 08-10152 (JMP) (Bankr. S.D.N.Y.); *In re Tower Automotive, Inc., et al.,* Case No. 05-10578 (ALG) (Bankr. S.D.N.Y.).

31. The Proposed Procedures will: (a) streamline the resolution of the Avoidance Actions without prejudice to any Defendant; (b) facilitate the prompt and cost-effective resolution of the Avoidance Actions; (c) minimize the Court's administrative burden, furthering the goals of judicial economy and the conservation of judicial resources; and (d) potentially reduce litigation costs for all parties. To the extent that the Proposed Procedures deviate from otherwise applicable rules and orders, Debtor submits that such variations are warranted considering the number of Avoidance Actions, absent which it may be difficult for this Court to administer these matters. For these reasons, Debtor believes that the Proposed Procedures are appropriate under the circumstances and in the best interest the Debtor and creditors, and the other parties to the Avoidance Actions. Accordingly, Debtor submits that the Motion should be granted and the Proposed Procedures approved.

. . .

. . .

. . .

BANKRUPTCY RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

## VI.
## NOTICE

32. Notice of this Motion has been provided to: (i) the United States Trustee for the District of Nevada; (ii) all Defendants identified on Exhibit A; (iii) all creditors and parties-in-interest receiving ECF notice in the Bankruptcy Cases; and (iv) all other persons who have requested notice pursuant to Bankruptcy Rule 2002. Debtor respectfully submits that such notice is adequate and that no other or further notice need be provided.

## VII.
## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court grant the Motion, enter the Proposed Order in the form attached hereto as **Exhibit B,** and grant such other and further relief as the Court deems necessary and proper.

DATED this 31st day of December 2024.

BANKRUPTCY RECOVERY GROUP, LLC

By: */s/ Talitha Gray Kozlowski*
TALITHA GRAY KOZLOWSKI, ESQ.
GARRETT NYE, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Special Counsel for Cash Cloud, Inc.*