# EXHIBIT B

# EXHIBIT B

1  BANKRUPTCY RECOVERY GROUP, LLC
   TALITHA GRAY KOZLOWSKI, ESQ.
2  Nevada Bar No. 9040
   Email: tgray@brg.legal
3  GARRETT NYE, ESQ.
   Illinois Bar No. 6329215
4  (*Pro Hac Vice pending*)
   Email: gnye@brg.legal
5  7251 Amigo Street, Suite 210
   Las Vegas, Nevada 89119
6  Tel: (702) 483-6126
   *Special Counsel for Cash Cloud, Inc.*
7
                      **UNITED STATES BANKRUPTCY COURT**
8                        **FOR THE DISTRICT OF NEVADA**

9  In re                                    Case No. BK-23-10423-MKN

10 CASH CLOUD, INC.,                         Chapter: 11
   dba COIN CLOUD,
11
                   Debtor.
12                                           Date:  February 5, 2024
                                             Time:  9:30 a.m.
13

14          **ORDER ESTABLISHING STREAMLINED PROCEDURES**
                **GOVERNING ADVERSARY PROCEEDINGS**
15          **BROUGHT PURSUANT TO 11 U.S.C. §§ 547 THROUGH 550**

16         Upon the motion [ECF No. _____] (the "Motion")[1] of Cash Cloud, Inc. d/b/a Coin Cloud

17 ("Debtor"), pursuant to 105, 547, 548, 549, and 550 of the Bankruptcy Code, Rules 3003, 7016,

18 7026, and 9006 of the Federal Rules of Bankruptcy Procedure and any corresponding Local Rules

19 of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

20 Nevada (the "Bankruptcy Rules"); and it appearing that this Court has jurisdiction to consider and

21 determine the Motion under 28 U.S.C. §§ 157 and 1334; that consideration of the Motion is a core

22 proceeding in accordance with 28 U.S.C. § 157; that the relief requested by the Motion is

23 reasonable, necessary, and in the best interests of all the parties; that good and sufficient notice of

24 the Motion has been given to all defendants in the Avoidance Actions as listed on Exhibit A to the

25

26

27 ─────────────────────────
   [1] All capitalized, undefined terms shall have the meanings ascribed to them in the Motion.
28

BANKRUPTCY
RECOVERY GROUP, LLC
7251 Amigo St., Ste. 210
Las Vegas, NV 89119

Motion (each, a "<u>Defendant</u>" and, collectively, the "<u>Defendants</u>"); that all other necessary parties have been provided good and sufficient notice of the Motion; that all objections to the Motion have been resolved, overruled, or mooted by the provisions contained herein;  that no further or other notice of the Motion is required; and that there is sufficient and unique cause for the non-material deviations from the Bankruptcy Rules sought in the Motion, including, without limitation, the number of Avoidance Actions filed by Plaintiff;

**IT IS HEREBY ORDERED THAT**:

      1.      The Motion is granted in all respects.

      2.      Motions generally affecting Defendants in all Avoidance Actions shall be filed in the main Chapter 11 Case, *In re Cash Cloud, Inc., d/b/a Coin Cloud*, Case No. 23-10423.

      3.      This Order applies to all Avoidance Actions.

**A.**      <u>**Waiver of Requirement to Conduct Scheduling Conference.**</u>

      Federal Rule of Civil Procedure 16, made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016, is hereby modified such that, unless otherwise ordered by the Court, the initial Scheduling Conferences in the Avoidance Actions shall be continued to a date after the Mediation Process has concluded.

**B.**      <u>**Waiver of Requirement to Conduct Discovery Conference.**</u>

      Except as otherwise set forth in Paragraph C of this Order, Federal Rule of Civil Procedure 26(f), made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026, is not applicable to the Avoidance Actions until after the Mediation Process has concluded.  Accordingly, parties to the Avoidance Actions are not required to submit a written report under Federal Rule of Civil Procedure 26(f) until after the Mediation Process has concluded, as more specifically described in Paragraph E of this Order.

**C.    Stay of Discovery.**

Formal discovery in each Avoidance Action is stayed until the Mediation Process is concluded; provided, however, that the stay of discovery does not preclude the parties to any Avoidance Action from informally exchanging documents and information in advance of or during the Mediation Process or from requesting pre-mediation formal discovery. If any party to an Avoidance Action requests pre-mediation formal discovery, then:

    i.    Should the non-requesting party consent to pre-mediation formal discovery, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "Scheduling Order") that provides for the completion of fact and expert discovery in advance of mediation; and

    ii.    If the non-requesting party does not consent to pre-mediation formal discovery:

        1.  The requesting party may request relief from the stay of discovery by filing a motion with the Court; and

        2.  Upon resolution of the dispute, either by agreement of the parties or at the direction of the Court, the parties shall either (a) continue with the Mediation Process; or (b) conduct a Rule 26(f) conference and submit a Scheduling Order to the Court.

**D.    Mediation.**

Any Avoidance Action that has not been settled or otherwise resolved within ninety days after filing (except as otherwise provided in Paragraph C of this Order or as otherwise agreed in writing by both the parties) is subject to the following alternative dispute resolution procedures (the "Mediation Process"):

    i.    The Avoidance Actions will be mediated via video conference, or if the parties agree, in person, at a mutually agreeable location.

ii.    Mediations involving Claim Amounts (as defined below) of less than $300,000.00 are limited to three-hours ("Base Mediation") and Mediations involving Claim Amounts exceeding $300,000.00 are limited to five hours ("Extended Mediation"); provided, however, that the parties may agree to extend a Base Mediation to an Extended Mediation and an Extended Mediation to an all-day mediation. Claim Amount means the amount alleged to be recoverable in the complaint less any amount that Debtor, for purposes of mediation, agrees is protected from recovery by an applicable defense.  Debtor's agreement that certain amounts are subject to a defense as part of mediation is not binding on Debtor and may not be used against Debtor should the matter not be resolved at mediation or otherwise.

iii.    Absent further order of this Court, and unless another mediator is mutually agreed to by the parties, mediators shall be chosen from those listed on **Exhibit 1** hereto (the "Mediators").

iv.    For each Avoidance Action subject to the Mediation Process, within two weeks from commencement of the Mediation Process, the Defendant shall: (a) choose a Mediator from the list of Mediators; and (b) notify Debtor of Defendant's choice of Mediator by email to both Garrett H. Nye at gnye@brg.legal and Talitha Gray Kozlowski at tgray@brg.legal.

v.    If any Defendant does not timely choose a Mediator, Debtor shall assign a Mediator to the Avoidance Action.

vi.    Upon the selection of a Mediator, Debtor will confer with the applicable Defendant and Mediator to schedule mediation.  Each Mediator shall provide Debtor with the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediator and each other regarding the scheduling of the

mediation. Debtor's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation as provided by the Mediator. Mediation will be scheduled on a first-come, first-served basis.

vii.   With respect to each Avoidance Action subject to the Mediation Process, the following procedures shall apply (collectively, the "Mediation Procedures"):

1. Debtor will provide at least twenty-one calendar days' written notice of the date and time of each mediation, unless the parties agree to a shorter time.

2. Debtor and the applicable Defendant shall exchange position statements that contain the following: (a) a brief statement of the nature of the action, (b) a concise summary of the evidence that supports their theory of the case, (c) a discussion of their case, both legal and factual, (d) a history of settlement discussions, and (e) a settlement proposal they believe is fair. Debtor and the applicable Defendant shall provide a copy of their position statement to the Mediator. Unless agreed to by both parties and the Mediator, the position statements shall not exceed ten pages double-spaced and shall be provided to the Mediator and opposing party five calendar days prior to the scheduled mediation.[2] The Mediator may require the parties to provide additional papers and exhibits.

3. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations and the rules of evidence will not apply (other than Rule 408 of the Federal Rules of Evidence). The Mediator may implement additional procedures that are reasonable and practical under

---

[2] Documents and evidence exchanged between the parties in connection with the position statements should only be provided to the Mediator if critical to ensuring the Mediator fully understands the dispute.

the circumstances.

4. Debtor and the applicable Defendant will participate in the mediation in good faith and with a view toward reaching a consensual resolution. Unless the Mediator approves otherwise, at least one counsel for each party and a representative of each party having full settlement authority shall attend the mediation.

5. The Mediator may adjourn a mediation or move a mediation to a different location or date.

6. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

viii. Debtor shall pay the fees and costs of the Mediator (the "Mediation Fee"); provided, however, that if a Defendant cancels or fails to appear at a scheduled mediation without providing at least forty-eight hours' notice to Debtor and the Mediator, the Defendant shall pay the Mediation Fee and reimburse Plaintiff for the Initial Mediation Fee (as defined below). One-fourth of the Mediation Fee shall be paid by Debtor seven calendar days prior to the commencement of mediation (the "Initial Mediation Fee"). The balance of the Mediation Fee shall be paid by Debtor or the Defendant, as appropriate, following the conclusion of the mediation and pursuant to the terms of an invoice supplied by the Mediator (the "Mediation Fee Balance"). If the parties settle prior to the mediation, the Initial Mediation Fee is non-refundable unless the Mediator is informed of the settlement seven calendar days prior to the scheduled mediation and the Mediation Fee Balance is deemed incurred unless the Mediator is informed of the settlement and cancellation of the mediation one day prior to the scheduled mediation. The Mediation Fee is fixed as

follows:

- $2,000 per Avoidance Action for a Base Mediation.

- $3,000 per Avoidance Action for an Extended Mediation.

- $6,000 per Avoidance Action for all day mediations.

Related Avoidance Actions may be mediated jointly and, in such event, the Mediation Fee shall be based upon the combined total Claim Amount for all related Avoidance Actions. If the parties mutually request that a Mediator travel out of their applicable city, and the Mediator agrees, the Mediation Fee increases by $1,000. Mediations may be continued to a second session upon agreement of all parties. In such case, the Mediation Fee shall be split equally between Trustee and the Defendant.

ix. If a party: (a) fails to submit the required submissions as provided in the Mediation Procedures or as may be agreed to by the Mediator or as ordered by the Court; or (b) fails to attend such mediation, the non-defaulting party may file a motion for default or a motion to dismiss the Avoidance Action. The Mediator shall promptly prepare a notice for Debtor to file with the Court when any party fails to comply with the mediation provisions set forth in this Order.

x. No Mediator shall mediate an Avoidance Action in which their law firm represents a party. If a Mediator's law firm represents a Defendant in any other Avoidance Action, such Mediator shall take all steps necessary to establish an ethical wall, including, but not limited to, the following: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning that adversary proceeding by employees of the law firm shall exclude

the Mediator. So long as the ethical wall is effectively established and maintained, the Mediator's participation in the Mediation Process does not create a conflict of interest with respect to the representation of any such Defendants by the Mediator's law firm.

xi. The Mediator may not be called as a witness by any party except as set forth in this paragraph. No party may compel the testimony of or compel the production of documents from the Mediators or the agents, partners or employees of the Mediators' respective law firms. Neither the Mediators nor their respective agents, partners, law firms, or employees (a) are necessary parties in any proceeding related to the mediation or the subject matter of the mediation, nor (b) are the Mediators liable to any party for any act or omission in connection with any mediation conducted pursuant to this Order. Any documents provided to the Mediator by the parties shall be destroyed thirty calendar days after the mediation is concluded, unless otherwise ordered by the Court. However, a Mediator may be called as a witness by any party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a party failed to comply with the Mediation Procedures.

xii. All proceedings and writings incident to the mediation are privileged and confidential and may not be reported or admitted into evidence for any reason whatsoever.

**E.** **Discovery Schedule.**

Except as otherwise provided in Paragraph C or as otherwise ordered by the Court, the Mediation Process for each Avoidance Action must be scheduled for mediation within one hundred eighty days after the commencement of the Mediation Process. The following provisions and

deadlines apply to any Avoidance Action that is not settled prior to or through the Mediation Process.

    i.    Debtor shall request the scheduling of the initial Scheduling Conference in the applicable Avoidance Action.

    ii.    Unless otherwise agreed, the parties to the applicable Avoidance Action shall provide the disclosures required under Bankruptcy Rule 7026(a)(1) ("Initial Disclosures") ten calendar days after the initial Scheduling Conference.

    iii.    Unless otherwise agreed, the parties shall have until one hundred and eighty days after the date on which the initial Scheduling Conference is held to complete non-expert fact discovery, including depositions of fact witnesses.

    iv.    Disclosure and reports of the parties' case-in-chief experts (if any), required under Federal Rule of Civil Procedure 26(a)(2), made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026, shall be made to the adverse party thirty calendar days before the close of fact discovery as set in accordance with Paragraph E(iii) above.

    v.    Disclosure and reports of the parties' rebuttal experts (if any), required under Federal Rule of Civil Procedure 26(a)(2), shall be made thirty calendar days thereafter.

    vi.    All expert discovery, including expert witness depositions, shall be concluded within ninety days after the close of fact discovery as set in accordance with Paragraph E(iii) above.

    vii.    All dispositive motions shall be filed no later than one hundred and twenty days after the close of fact discovery as set in accordance with Paragraph E(iii) above.

**F.**     <u>**Omnibus Hearings for the Avoidance Actions.**</u>

     i.     Except as otherwise ordered by the Court, all matters concerning any Avoidance Action shall only be heard at an omnibus hearing before the Honorable Mike K. Nakagawa (collectively, the "<u>Avoidance Actions Omnibus Hearings</u>"), at which there may be status conferences, final pre-trial conferences, and hearings on motions. The first Avoidance Actions Omnibus Hearing shall be held on _____, 2025 at _____ _.m., the second Avoidance Actions Omnibus Hearing shall be held on _____, 2025, at ____ _.m., and the third Avoidance Actions Omnibus Hearing shall be held on _____, 2025, at ____ _.m. Thereafter, Avoidance Actions Omnibus Hearings shall be scheduled at the convenience of the Court, but no more frequently than every ninety calendar days.

     ii.     Debtor shall file a report one week prior to each Avoidance Action Omnibus Hearing setting forth the status of each of the Avoidance Actions.

     iii.     No Defendant is required to appear at any Avoidance Actions Omnibus Hearing unless: (a) a contested motion pertaining to such Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; (b) the Court has directed such Defendant to appear; or (c) Debtor has provided ten calendar days' prior written notice by email or mail to such Defendant or its counsel of its need to appear at an Avoidance Actions Omnibus Hearing. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Action Omnibus Hearing, the Defendant or its counsel must notify Debtor's counsel of same, in writing, ten calendar days prior to said hearing.

     iv.     All motions, pleadings, requests for relief, or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall

automatically, and without Court order, be scheduled to be heard at an Avoidance Actions Omnibus Hearing that is at least thirty calendar days after such motion, pleading, request for relief, or other materials are filed and served.  This does not limit a party's right to seek expedited consideration of a motion.

v.  With respect to each Avoidance Action that is not resolved through the Mediation Process or otherwise, after all discovery has been completed in accordance with the Scheduling Order, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing.  At such time, the Court may address additional issues arising subsequent to this Order, set additional deadlines as necessary, establish a due date by which the parties must file a joint pretrial order, schedule a trial on the Avoidance Action that is convenient to the Court's calendar, and otherwise address any matter appropriate under Rules 16 or 26 of the Federal Rules of Civil Procedure.

**G.**    **Electronic Service.**

i.  Notice of Avoidance Actions Omnibus Hearings, and any motions or other pleadings filed by Trustee in or related to the Avoidance Actions may be served by ECF or e-mail if the Defendant does not receive ECF service; provided that with respect to each Avoidance Action, a printed copy of this Order, shall be served by U.S. Mail, postage prepaid, upon Defendants.

ii.  Parties may serve notices, motions, or pleadings in the Avoidance Actions by electronic means, including email and/or through the Electronic Case Filing System ("ECF"), consistent with Federal Rule of Civil Procedure 5(b)(2)(f), made applicable to the Avoidance Actions by Federal Rule of Bankruptcy Procedure 7005.

**H.    Miscellaneous.**

i.      The parties may agree to extend the answer deadline to thirty days after completion of the Mediation Process without filing any stipulation or other document with the court.  If Plaintiff agrees to an extension of the answer deadline and the requesting Defendant subsequently contends that it was not properly served, the extension of the requesting Defendant's time to answer is deemed good cause for extending the time for serving a copy of the summons and complaint under Fed. R. Civ. P. 4(m).

ii.      The Local Rules shall apply to all Avoidance Actions, except that this Order shall control with respect to the Avoidance Actions to the extent of any conflict with the Local Rules or any other applicable rules and orders.

iii.      Federal Rule of Bankruptcy Procedure 9006 governs the calculation of time in this Order.

iv.      The deadlines and procedures contained in this Order may be extended or modified by the Court upon written motion and for good cause shown or by consent of the parties pursuant to a stipulation, which stipulation shall be filed with the Court.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

BANKRUPTCY RECOVERY GROUP, LLC

By: _____
    TALITHA GRAY KOZLOWSKI, ESQ.
    GARRETT NYE, ESQ.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Special Counsel for Cash Cloud, Inc.*

## <u>EXHIBIT 1</u>

### LIST OF MEDIATORS

| Mediator | Firm |
|---|---|
| Jason Bach | Bach Law Firm, LLC |
| Shelley Krohn | Shelley D. Krohn, Ltd. |
| Nedda Ghandi | Ghandi Deeter Blackham |
| Janet Trost | Trost Law Firm |
| Howard M. Ehrenberg | Greenspoon Marder LLP |



# Jason J. Bach

## MEDIATION EXPERIENCE

As a practicing civil litigator for the last 19 years, I have participated in hundreds of mediations covering a wide range of issues, including various business disputes, breach of contract, fraud, civil rights, education, and employment matters. In addition, since 2008, I have been appointed by the State Bar of Nevada as a fee dispute Arbitrator/Mediator, which has proved to be invaluable experience. In 2021, I completed the Mediating Disputes course at the Program on Negotiation at Harvard Law School.

## LEGAL EXPERIENCE

**The Bach Law Firm, LLC**                                          2003 – present
Principal
Licensed in Nevada, Texas, District of Columbia,
and numerous federal district and appellate courts

**Potter Law Offices**
Associate Attorney                                                      2002 – 2003
Law Clerk                                                              1999 – 2002

## EDUCATION

**Certification**, Mediating Disputes                                  2021
Program on Negotiation, Harvard Law School
**Juris Doctor**, University of Nevada, Las Vegas                      2002
William S. Boyd School of Law
**Visiting Scholar**, Oxford University, New College                   2001
Oxford, England
**Bachelor of Science**, Johnson & Wales University                    1996
Providence, Rhode Island

JASON J. BACH*
ANNE M. LORADITCH**
*Also licensed in Texas and the District of Columbia
**Also licensed in Kentucky

7881 W. CHARLESTON BLVD.
SUITE 165
LAS VEGAS, NEVADA 89117

PHONE (702) 925-8787
FAX (702) 925-8788
WEB  WWW.BACHLAWFIRM.COM



## SERVICE

**Fee Dispute Arbitration/Mediation Committee**          2008 – present
State Bar of Nevada

**Board of Trustees, Executive Committee**          2013 - 2017
*International School of Texas*
Austin, Texas

**Education Law, Instructor**          2011 - 2012
*University of Texas at Austin School of Law*
*People's Law School, Austin Bar Association*

**American Civil Liberties Union Chapter,**          1998 - 2001
**Founder & President**
*University of Nevada, Las Vegas*
*William S. Boyd School*

**American Civil Liberties Union Chapter,**          1993 - 1996
**Founder & President**
*Johnson & Wales University*

## PUBLICATIONS

**Equal Access to Education for Those in the**          2019
**Know: Protections for Postsecondary Students**
**with Disabilities Under Section 504 of the**
**Rehabilitation Act**
*Nevada Lawyer*, State Bar of Nevada

**An LRIS Success Story**          2007
*Nevada Lawyer*, State Bar of Nevada

**Educating Educators**          2004
*Communique*, Clark County Bar Association



**Students Have Rights Too: The Drafting of**
**Student Conduct Codes**                                    2003
*BYU Education & Law Journal*

**Student Without Rights: The Elimination of**              2000
**Constitutional and Civil Rights, as They Apply**
**to Minors**
*Nevada Lawyer*, State Bar of Nevada

**Cracking the Code**                                        1999
*Nevada Law Journal*


AWARDS

Dean's Award for Outstanding Service                        2002
*University of Nevada, Las Vegas*
*William S. Boyd School*

Community Service Scholarship                               1998 – 2002
*University of Nevada, Las Vegas*
*William S. Boyd School of Law*

Alumni Leader                                               2009
*Johnson & Wales University*

Civil Libertarian of the Year                               1996
*American Civil Liberties Union*
*Johnson & Wales University Chapter*

Senior Service Award                                        1996
*Johnson & Wales University*

# NEDDA GHANDI
## ATTORNEY / MEDIATOR

### GHANDI DEETER BLACKHAM

725 S 8th St., Suite 100, Las Vegas, NV 89101

140 Huffaker Lane #505, Reno, NV 89511

702-878-1115

## PROFILE

Extensive experience as attorney-mediator assisting people and businesses to evaluate their rights and responsibilities, to clarify issues in their situations and to explore potential solutions that will bring their conflicts to resolution.

## MEDIATION APPROACH

Conflict is largely the result of unmet expectations, and unmet expectations are largely the result of erroneous assumptions. Conflict is an inevitable part of being human, but how we engage in conflict and how we resolve conflict is a choice. Choosing to resolve conflict through examination of the assumptions and expectations that led to the conflict and through facilitated negotiation of those expectations, rather than through litigation, can save parties time, money, stress, and relationships.

## WORK EXPERIENCE

○ **2012 - Present**
**Partner**
Ghandi Deeter Blackham

15+ years of legal experience in fields of bankruptcy, family law, business formation and litigation

10+ years of mediating and negotiating resolutions in bankruptcy conflict and adversary proceedings, family and custody disputes

## EDUCATION & BACKGROUND

○ **Juris Doctorate**
2008
William S. Boyd School of Law,
University of Nevada, Las Vegas

○ **Bachelor of Science**
2003, *cum laude*
University of San Francisco

## AFFILIATIONS

○ State Bar of Nevada, Member

○ Clark County Bar Association, Member / President (2022)

○ Washoe County Bar Association, Member

○ Nevada Justice Association, Member / Co-Chair Women's Caucus (2023)

# NEDDA GHANDI
## ATTORNEY / MEDIATOR
### GHANDI DEETER BLACKHAM

725 S 8th St., Suite 100, Las Vegas, NV 89101
140 Huffaker Lane #505, Reno, NV 89511
702-878-1115

## PUBLICATIONS

**The Communique, Clark County Bar Association**

Five Things About Probate
Five Things About Bankruptcy
The Great Bankruptcy Flood of 2021
A Resolution for Diversity and Inclusion
Choose to Resolve and Develop New Strategies for Connection and Practice
Education Law Impacts Us All
Making a Life by What We Give
Wear the White Hat
Professional Courtesies and Proactive Communications
Taking the Time to Become a Bar Leader

**Vegas Legal Magazine**

Benefits of Subchapter V for  Small Business
Common Mistakes During Divorce
Covid Impact on Families
Cares Act: A General Summary
The Impact of Bankruptcy on a Non-filing Spouse During Divorce
Straight Outta Marriage
The Growing Need for Guardian Ad Litems for Minor Children &
Incapacitated Adults in Personal Injury Cases
Protect Your Fee, Perfect Your Lien
Alimony & Child Support Payments: In a Bankruptcy

## AWARDS

- Super Lawyer Rising Star 2013 - 2023
- My Vegas Magazine, Top 100 Lawyers of the Year 2016
- Nevada Business Magazine - Nevada's Legal Elite 2013 - 2023
- Vegas Legal Magazine - 2018 Legal Excellence Award
- Legal Aid Center of Southern Nevada - Pro Bono Project 100 Hours Club 2018
- Nevada Legal Services - Pro Bono Program Honors 2022 (Law Firm)



# Jason J. Bach

## MEDIATION EXPERIENCE

As a practicing civil litigator for the last 19 years, I have participated in hundreds of mediations covering a wide range of issues, including various business disputes, breach of contract, fraud, civil rights, education, and employment matters. In addition, since 2008, I have been appointed by the State Bar of Nevada as a fee dispute Arbitrator/Mediator, which has proved to be invaluable experience. In 2021, I completed the Mediating Disputes course at the Program on Negotiation at Harvard Law School.

## LEGAL EXPERIENCE

**The Bach Law Firm, LLC**                                     2003 – present
Principal
Licensed in Nevada, Texas, District of Columbia,
and numerous federal district and appellate courts

**Potter Law Offices**
Associate Attorney                                             2002 – 2003
Law Clerk                                                      1999 – 2002

## EDUCATION

**Certification**, Mediating Disputes                          2021
Program on Negotiation, Harvard Law School
**Juris Doctor**, University of Nevada, Las Vegas              2002
William S. Boyd School of Law
**Visiting Scholar**, Oxford University, New College           2001
Oxford, England
**Bachelor of Science**, Johnson & Wales University            1996
Providence, Rhode Island

JASON J. BACH*                     7881 W. CHARLESTON BLVD.        PHONE (702) 925-8787
ANNE M. LORADITCH**                SUITE 165                       FAX (702) 925-8788
*Also licensed in Texas and the District of Columbia    LAS VEGAS, NEVADA 89117    WEB  WWW.BACHLAWFIRM.COM
**Also licensed in Kentucky



## SERVICE

| | |
|---|---|
| **Fee Dispute Arbitration/Mediation Committee**<br>State Bar of Nevada | 2008 – present |
| **Board of Trustees, Executive Committee**<br>*International School of Texas*<br>Austin, Texas | 2013 - 2017 |
| **Education Law, Instructor**<br>*University of Texas at Austin School of Law*<br>*People's Law School, Austin Bar Association* | 2011 - 2012 |
| **American Civil Liberties Union Chapter, Founder & President**<br>*University of Nevada, Las Vegas*<br>*William S. Boyd School* | 1998 - 2001 |
| **American Civil Liberties Union Chapter, Founder & President**<br>*Johnson & Wales University* | 1993 - 1996 |

## PUBLICATIONS

| | |
|---|---|
| **Equal Access to Education for Those in the Know: Protections for Postsecondary Students with Disabilities Under Section 504 of the Rehabilitation Act**<br>*Nevada Lawyer*, State Bar of Nevada | 2019 |
| **An LRIS Success Story**<br>*Nevada Lawyer*, State Bar of Nevada | 2007 |
| **Educating Educators**<br>*Communique*, Clark County Bar Association | 2004 |



**Students Have Rights Too: The Drafting of                    2003
Student Conduct Codes**
*BYU Education & Law Journal*

**Student Without Rights: The Elimination of                   2000
Constitutional and Civil Rights, as They Apply
to Minors**
*Nevada Lawyer*, State Bar of Nevada

**Cracking the Code**                                          1999
*Nevada Law Journal*


AWARDS

Dean's Award for Outstanding Service                           2002
*University of Nevada, Las Vegas
William S. Boyd School*

Community Service Scholarship                                  1998 – 2002
*University of Nevada, Las Vegas
William S. Boyd School of Law*

Alumni Leader                                                  2009
*Johnson & Wales University*

Civil Libertarian of the Year                                  1996
*American Civil Liberties Union
Johnson & Wales University Chapter*

Senior Service Award                                           1996
*Johnson & Wales University*

**Greenspoon Marder** LLP

# Howard M. Ehrenberg



**Howard M. Ehrenberg**
Greenspoon Marder LLP
Partner

Phone: (213) 626-2311
Howard.Ehrenberg@gmlaw.com
333 S. Grand Avenue, Suite 3400, Los Angeles, CA 90071

Howard M. Ehrenberg is a partner in the Bankruptcy & Reorganization practice group at Greenspoon Marder. For nearly 30 years, he has served as a Chapter 11 and Chapter 7 trustee. As a bankruptcy litigator, he has represented both debtors and creditors, creditor's committees, landlords, and buyers looking to purchase assets from bankruptcy estates. Mr. Ehrenberg is also a certified mediator. He has been a member of the Bankruptcy Mediation Panel since 2016 for the Central District Bankruptcy Court Panel of Mediators.

As a result of his high success rate as a mediator, Mr. Ehrenberg has been one of the most sought-after mediators in Los Angeles for cases including non-dischargeability actions, contract disputes, landlord tenant disputes, and legal malpractice actions over the last several years.

Mr. Ehrenberg was appointed by the Office of the United States Trustee to the Chapter 7 Bankruptcy Panel of Trustees for the Central District of California in 1995. Since then, in his role as a trustee, he has managed bankruptcy estates in a range of industries.

A Certified State Court Receiver, Mr. Ehrenberg facilitates the completion of ongoing projects, the liquidation of shared assets, and the continuation of business operations amid disputes in ownership and management.

Having held a certification in business bankruptcy law for more than twenty years, Mr. Ehrenberg has served as both a testifying and non-testifying expert witness in cases involving such issues as defenses to avoidable transfers and fraudulent conveyances, community property interests, and material misrepresentations.

Mr. Ehrenberg regularly speaks on panels discussing bankruptcy issues with organizations such as the Los Angeles County Bar Association, the Los Angeles Bankruptcy Forum, and the Beverly Hills Bar Association. A recognized leader in his field, Mr. Ehrenberg was named the "Calvin Ashland Trustee of the Year" by the Central District Consumer Bankruptcy Attorney Association in 2019. He has been recognized as a "Southern California Super Lawyer" since 2004 and among U.S. News & World Report's "Best Lawyers in America" in

Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization since 2017.

**gmlaw.com**

Greenspoon Marder LLP

# Howard M. Ehrenberg

Prior to joining Greenspoon Marder, Mr. Ehrenberg served as the managing member of SulmeyerKupetz, one of the premier business, financial restructuring and litigation firms in California.

**Bar and Court Admissions**

- California
- U.S. District, Central District of California
- U.S. Court of Appeals, Ninth Circuit

**Education**

- J.D., University of Southern California, School of Law, 1986
- B.A., University of California at Berkeley, Rhetoric, 1983

**Practice Areas**

- Bankruptcy and Reorganization
- Litigation

**Professional and Community Involvement**

- Bankruptcy Mediation Panel of the United States Bankruptcy Court of the Central District of California, Member, 2016-Present
- Los Angeles County Bar Association, Commercial Law and Bankruptcy Section, Executive Board Member, 2000-Present
- World Affairs Council, Member, 1997-Present
- Chapter 7 Bankruptcy Panel of Trustees Office of the United States Trustee, Member, 1995-Present
- Counsel of Certified Bankruptcy Specialists, Member, 1994-Present
- California Receivers Forum, Member, 1988-Present
- Los Angeles Bankruptcy Forum, Member, 1986-Present
- American Bankruptcy Institute, Member
- Financial Lawyers' Conference, Member

**Representative Experience**

*Trustee Work*

- Coordinated litigation of complex claims against entertainment payroll company worth $2 billion, involving multiple law firms and accounting firms.
- Recovered $24 million fraudulent conveyance in bankruptcy of 20-year-old fake entities.
- Handled complex litigation matters, including municipal matters, as trustee for the lessee/operator of the Queen Mary Hotel and Tourist Destination. Secured $43 million sale of 66-year lease.

Greenspoon Marder LLP

# Howard M. Ehrenberg

**Representative Experience**

*Trustee Work, Continued*

- Oversaw skilled nursing facility facing claims from various state and local government agencies.
- Determined and implemented litigation strategy against principal, buyer, and customer of $100-million apparel company, alleging the three engaged in a "bust-out" of debtor's business.
- Coordinated with counsel and forensic accountants to evidence elaborate scheme in which principal and several former customers stole inventory from Korean textile import company.
- As bankruptcy trustee, oversaw claims by victims of hedge fund Ponzi scheme, resulting in the recovery of $10 million for the benefit of creditors.
- Successfully obtained title and secured sale of two lots worth $44 million as trustee in bankruptcy of West Covina auto dealerships.

*Bankruptcy*

- Represented Beverly Hills property owner when WeWork, as the tenant, was threatening bankruptcy and seeking to negotiate concessions to lease.

*Receiverships*

- Served as receiver for completion and sale of Beverly Hills mansion.
- Managed completion of construction and sale of tract of ten single-family homes in Sylmar, Los Angeles.

*Expert Witness Work*

- Provided expert testimony to the International Commercial Court in Singapore in a dispute over ownership of assets transferred to a foreign shell company during a U.S. bankruptcy proceeding twenty years prior.

**Additional Experience**

*Axium International*
- Trustee for $2 Billion entertainment payroll company.
- Supervised and coordinated litigation of complex claims utilizing multiple law firms and accounting firms.
- SulmeyerKupetz – approximately 250 bankruptcy avoidable transfer claims.

- Created a coordinated group such that each firm communicated with the others so as to avoid taking any contradictory positions that might limit recovery of claims.
- Negotiated three different alternative fee arrangements to maximize the recovery for the estate.
- Required, analyzed and negotiated legal budgets and monthly itemized fee statements.
- Actively engaged in all aspects of the litigation including discovery and mediation.
- In under 2 years, resulted in $20 million in recovery against the auditors, $12 million recovery on D&O insurance claims and $3 million recovery from avoidable transfers.

Greenspoon Marder LLP

# Howard M. Ehrenberg

**Additional Experience**

*Roussos*
- Trustee for brothers Theodosios and Harry Roussos
- Recovery of $24 million dollar fraudulent conveyance committed more than 20 years prior.
- Negotiated contingency fee arrangement for co-counseled special counsel with reduction for assistance by general counsel to minimize overall expense to the estate.
- Actively engaged in all aspects of litigation including personal attendance at depositions, court hearings and mediation.

*Queens Seaport Development (Queen Mary)*
- Trustee for Lessee and Operator of Queen Mary Hotel and Tourist Destination.
- Managed several groups of attorneys handling complex litigation matters including municipal matters with the City of Long Beach, litigation with secured creditors (Pillsbury law firm), litigation to avoid subleases, claims objections and plan of reorganization.
- Resulted in sale of 66 year lease for $43 million and payments made to all creditors

*D&C*
- Trustee for Operating Skilled Nursing Facility
- Skilled nursing facility with 99 residents
- Coordinated and oversaw class action wage and hour claim, claims against the facility by various state and local government agencies, bankruptcy issues related to lease and sale of business.
- Employed Special Counsel to defend Class action.
- Employed Special Counsel to resolve disputes with the California Department of Health
- Employed counsel to negotiate and transact sale of facility utilizing assistance from conslutant expert in sale of Nursing Homes.
- Resulted in successful approved sale of the facility without disruption to the residents leading to a surplus estate.

*Ruderman Capital Partners*
- Trustee for Hedge Fund
- Hedge fund Ponzi scheme in the approximate amount of $50,000,000.
- Analyzed and determined strategy for claims against approximately two dozen recipients of fraudulent conveyances, including many "A" list celebrities. Personally involved in litigation decisions and mediation of claims.
- Employed general and special counsel. Coordinated activities to avoid duplication of services.
- Resulted in recovery of $10 million for the benefit of creditors.

*Selim*
- Trustee for Korean textile import business
- Pursued simultaneous claims and against principal and several former customers for engaging in an elaborate scheme to steal inventory from the debtor.
- Coordinated effort with counsel and forensic accountants to evidence the scheme.
- Resulted in millions collected for the benefit of creditors.

Greenspoon Marder LLP

# Howard M. Ehrenberg

**Additional Experience, Continued**

*Kandy Kiss*
- Trustee for $100,000,000. apparel business
- Determined and implemented the litigation strategy for pursuing an action against a principal, a buyer and a customer for engaging in a "bust-out" of the debtor's business while also considering the debtor's other transactions.
- Employed both general and special counsel to coordinate the litigation and recovery of other assets.
- Resulted in a successful mediation which brought millions in to the estate and saved the estate hundreds of thousands in litigation costs and time to litigate

*Hassen Imports Partnership*
- Trustee for 6 Automobile Dealerships in West Covina, California
- Coordinated efforts of general and special counsel (Reed Smith), Forensic accountants (Crowe Horwath) and two sets of Real Estate Brokerage Houses to obtain clear title to the properties and sell them.
- Sale in two lots for total of $44,000,000, resulted in payment of all secured claims and significant payments to unsecured creditors including the city of West Covina.

**Awards & Recognitions**

- Central District Consumer Bankruptcy Attorney Association, "Calvin Ashland Trustee of the Year," 2019
- Super Lawyers magazine, "Southern California Super Lawyer," 2004-Present
- U.S. News & World Report, "Best Lawyers in America," Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization, 2017-Present

**In the News**

- Quoted, "Bankruptcies are expected to ramp up as COVID-19 continues," The Orange County Register, December 30, 2020
- Featured, "What Can Us Businesses Facing Financial Challenges During COVID-19 Do?," Lawyer Monthly, June 1, 2020

**Publications**

- Co-Author, "To Arbitrate or Mediate in Bankruptcy—That Is the Final Question," Bloomberg Law, June 13, 2019
- Author, "Keep the Payment Received: Nine Things You Can Do To Prevent A Preference Action," The Source, September 26, 2008
- Author, "Creditors' Committees: Powerful Tools for Unsecured Creditors," The Source, September 26, 2008
- Co-Author, "Collier Handbook for Trustees," January 1, 2008
- Contributor, "Streetwise Small Business Book of Lists: Maximizing Your Cash Flow," August 10, 2006