# EXHIBIT 2

# EXHIBIT 2

BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice Pending*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Special Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>CASH CLOUD, INC., d/b/a COIN CLOUD,<br><br>   Debtor. | Case No. 23-10423<br><br>Chapter 11<br><br>Hearing Date: February 12, 2025<br>Hearing Time: 9:30 a.m. |

**ORDER APPROVING MOTION: (I) PURSUANT TO FED. R. BANKR. P. 9019 TO AUTHORIZE AND APPROVE SETTLEMENTS BETWEEN DEBTOR AND (1) SECTRAN SECURITY INC., (2) TEAM AIR EXPRESS INC., (3) PISANELLI BICE, LLC, AND (4) BANDWIDTH INC.; AND (II) PURSUANT TO FED. R. BANKR. P. 328, 330, AND 331 FOR AWARD AND PAYMENT OF CONTINGENCY FEE**

Coin Cloud, Inc. d/b/a Coin Cloud ("Debtor") filed the *Motion: (I) Pursuant to Fed. R. Bankr. P. 9019 to Authorize and Approve Settlements Between* Debtor and (1) Sectran Security Inc., (2) Team Air Express Inc., (3) Pisanelli Bice, LLC ,and (4) Bandwidth Inc.*; and (II) Pursuant to Fed. R. Bankr. P. 328, 330, and 331 for Award and Payment of Contingency Fee* (the

"Motion"),[1] which came on for hearing before the above-captioned Court on February 12, 2025, at 9:30 a.m. All appearances were duly noted on the record.

The Court reviewed the Motion and all matters submitted therewith. The Court considered the argument of counsel made at the time of the hearing and found that notice of the Motion was proper. The Court found that: (i) based on the entire record, Debtor's request for approval of the Settlement Agreements represents the exercise of his sound, properly informed, business judgment; (ii) the Settlement Agreements are in the best interest of the estates and satisfy the requirements of Bankruptcy Rule 9019; and (iii) the Settlement Agreements satisfy the factors set forth in *In re A&C Properties, Inc.,* 784 F.2d 1377, 1381 (9th Cir. 1986). The Court stated its additional findings of fact and conclusions of law on the record at the hearing on the Motion, which are incorporated herein by this reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure. Good cause appearing therefor;

**IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:**

1. The Motion is GRANTED in its entirety.

2. The terms and conditions included in the Settlement Agreements between Debtor and Sectran Security Inc. in the form attached as Exhibit 3 to the Motion is **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

3. The terms and conditions included in the Settlement Agreements between Debtor and Team Air Express, Inc. in the form attached as Exhibit 4 to the Motion is **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by the such Settlement Agreement.

4. The terms and conditions included in the Settlement Agreements between Debtor and Pisanelli Bice, LLC in the form attached as Exhibit 5 to the Motion is **APPROVED** and Debtor

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

5. The terms and conditions included in the Settlement Agreements between Debtor and Bandwidth Inc. in the form attached as Exhibit 6 to the Motion is **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

6. Debtor is hereby authorized to execute any additional documentation as may be required to implement the terms of the forgoing Settlement Agreements.

7. Pursuant to Sections 328, 330, and 331, BRG, as special counsel for Debtor, is awarded the Contingency Fee of $8,978.05, which shall be paid by Debtor at the time Debtor receives its recovery from the settlements and without the need for further order of the Court.

8. This Court shall retain jurisdiction to enforce this Order and the terms of the Settlement Agreements.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

BANKRUPTCY RECOVERY GROUP, LLC

By: _____
TALITHA GRAY KOZLOWSKI, ESQ.
GARRETT NYE, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Special Counsel for Debtor*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000