BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice Pending*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | Case No. 23-10423 |
| CASH CLOUD, INC., d/b/a COIN CLOUD, | Chapter 11 |
| Debtor. | Hearing Date: February 12, 2025<br>Hearing Time: 9:30 a.m. |

**DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF MOTION: (I) PURSUANT TO FED. R. BANKR. P. 9019 TO AUTHORIZE AND APPROVE SETTLEMENTS BETWEEN DEBTOR AND (1) SECTRAN SECURITY INC., (2) TEAM AIR EXPRESS INC., (3) PISANELLI BICE, LLC, AND (4) BANDWIDTH INC.; AND (II) PURSUANT TO FED. R. BANKR. P. 328, 330, AND 331 FOR AWARD AND PAYMENT <u>OF CONTINGENCY FEE</u>**

I, Talitha Gray Kozlowski, hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Motion: (I) Pursuant to Fed. R. Bankr. P. 9019 to Authorize and Approve Settlements Between Debtor and* Sectran Security Inc., (2) Team Air Express Inc., (3) Pisanelli Bice, LLC, and (4) Bandwidth Inc.*; and (II) Pursuant to Fed. R. Bankr. P. 328, 330, and 331 for Award and Payment of Contingency Fee* (the "<u>Motion</u>").[1]

---
[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

2. I am an attorney licensed to practice law in the State of Nevada. I am a member of Bankruptcy Recovery Group, LLC ("BRG"), which maintains an office in Las Vegas, Nevada at 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119. I am admitted to practice law before this Court.

3. After being employed as the Debtor's special counsel to prosecute the Chapter 5 Claims, BRG analyzed the Debtor's estate's Chapter 5 Claims against each of the Settling Transferees and sent demand letters accompanied with draft complaints (the "Demand Packages") to each of the Settling Transferees.

4. After receiving the Demand Packages, each of the Settling Transferees either accepted Debtor's initial settlement offer or provided responses, either asserting defenses, including new value and ordinary course defenses, or making a counteroffer to the settlement offer made by Debtor. A description of defenses raised by the Settling Transferees is contained in Exhibit 1.

5. Each of the Settling Defendants' asserted defenses was reviewed and analyzed, informal discovery was undertaken where necessary, and negotiations ensued resulting in the proposed settlements summarized on Exhibit 1 and memorialized in the settlement agreements attached as Exhibits 3 through 6 ("Settlement Agreements").

6. The settlement amount for each of the claims against the Settling Transferees falls well within the range of litigation possibilities. BRG discussed the claims with the Settling Transferees and, where appropriate, took informal discovery. BRG assessed the information gathered along with Debtor's records and information otherwise available on the docket. Credit for any subsequent new value was provided (11 U.S.C. § 547(c)(4)) and other asserted defenses were weighted. BRG provided its best estimate of what liability might look like to the Debtor should these matters proceed to litigation. Based on those estimates, these settlements, in aggregate, represent a recovery of 74% of anticipated liability after providing a credit for subsequent new value.

7. BRG seeks payment of its 18.5% contingency fee equal to $8,978.05, which payment shall be made from the settlement proceeds paid by the Settling Transferees.

8. BRG was charged with considering and investigating Chapter 5 Claims against more than 80 potential targets. BRG invested substantial resources to analyze claims against potential transferees, ultimately recommending to the Debtor which claims are meritorious and which should not be brought. As a result, BRG's efforts included advising that the Debtor does not hold Chapter 5 claims against certain potential targets. The contingency fee agreement does not provide for BRG to be compensated for these significant efforts that benefited the estates. Rather, these efforts are part of the basket of services BRG provides to the Debtor and the estates.

9. There is no agreement or understanding between BRG and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this bankruptcy case.

10. BRG submits that the services it has provided were reasonable and necessary under the circumstances of the bankruptcy case and that compensation for such fees to BRG is appropriate and should be allowed.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 13th day of January 2025.

/s/ *Talitha Gray Kozlowski*
TALITHA GRAY KOZLOWSKI, ESQ.