BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT H. NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice Granted*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: <br><br> CASH CLOUD, INC., d/b/a COIN CLOUD, <br><br> Debtor. | Case No. 23-10423-mkn <br><br> Chapter 11 |
| CASH CLOUD, INC. d/b/a COIN CLOUD, <br><br> Plaintiff, <br> v. <br><br> VERIZON BUSINESS GLOBAL LLC, <br><br> Defendant. | Adv. Pro. No. |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Cash Cloud, Inc. d/b/a Coin Cloud ("Plaintiff") files this Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 ("Complaint"), alleging as follows:

**Jurisdiction and Venue**

1. On February 7, 2023 ("Petition Date"), Plaintiff filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the District of Nevada ("<u>Bankruptcy Court</u>"), thereby commencing Chapter 11 Case No. 23-10423 ("<u>Case</u>").

2. This adversary proceeding arises out of and relates to the Case and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## Parties

5. Plaintiff is the debtor in the Case and, as debtor in possession, has the right and power to prosecute its Chapter 5 claims.

6. Verizon Business Global LLC ("<u>Defendant</u>") is a pre-petition creditor of Debtor.

7. Defendant may be served with a copy of the summons and Complaint pursuant to Fed. R. Bankr. P. 7004.

## Transfers

8. On information and belief, Defendant provided goods and/or services to Debtor.

9. During the ninety days before the Petition Date, Debtor made certain transfers of its interest in property to Defendant ("<u>Transfers</u>") in satisfaction of certain obligations owed to Defendant prior to the date of the Transfers.

10. The Transfers were made from one or more of Debtor's bank accounts and include, but are not limited to, the payments identified in Exhibit "A" to this Complaint.

## Demand and Due Diligence

11. Prior to filing the Complaint, Plaintiff sent a letter to Defendant demanding that it return the Transfers or provide information substantiating any defenses it might have, including under 11 U.S.C. § 547(c).

Bankruptcy Recovery Group, LLC
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

12. To date, Defendant has failed to return the Transfers or provide evidence establishing a complete defense under 11 U.S.C. § 547(c).

13. Before filing this Complaint, and after considering its records, the Case docket and any information provided by Defendant, Plaintiff evaluated potential defenses under 11 U.S.C. § 547(c).

## COUNT I

### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

14. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 13 of the Complaint as if the same were fully repeated herein.

15. The Transfers were of an interest in Plaintiff's property.

16. The Transfers were made to or for the benefit of Defendant.

17. The Transfers were made on account of antecedent debts owed by Plaintiff to Defendant before the Transfers were made.

18. The Transfers were made while Plaintiff was insolvent, such insolvency being presumed pursuant to 11 U.S.C. § 547(f).

19. The Transfers were made within ninety days before the Petition Date.

20. Debtor's Summary of Assets and Liabilities for Non-Individuals (Docket No. 239) shows that, as of the Petition Date, Debtor's liabilities exceeded its assets by $72,073,303.08. Accordingly, the Transfers enabled Defendant to receive more than it would have received if (i) Debtor's bankruptcy case was a case under Chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) Defendant received payment of the debt to the extent allowed by the Bankruptcy Code.

21. Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

22. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 21 of the Complaint as if the same were fully repeated herein.

23. Defendant was the initial transferee of the Transfers.

24. Defendant was the entity for whose benefit the Transfers were made.

25. Based upon the foregoing, Plaintiff is entitled to recover the Transfers or their value from Defendant pursuant to 11 U.S.C. § 550(a).

## COUNT III

### (Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))

26. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 25 of the Complaint as if the same were fully repeated herein.

27. To the extent any of the Transfers are avoided under any provision of Chapter 5 of the Bankruptcy Code, any claim filed by Defendant must be disallowed pursuant to 11 U.S.C. §502(d) until the avoided Transfers are returned.

### Reservation of Rights

28. The Complaint is intended to seek recovery of all transfers avoidable under Chapter 5 of the Bankruptcy Code, including any payments received during the applicable preference period not specifically identified in the Complaint. Plaintiff reserves the right to amend this Complaint if additional claims are revealed during discovery, including, but not limited to, any claims arising under Chapter 5 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    a. Find that the Transfers are avoidable pursuant to 11 U.S.C. § 547(b);

    b. Find that Plaintiff is entitled to recover the Transfers or their value pursuant to 11 U.S.C. § 550 and enter judgment against the Defendant and in favor of Plaintiff in an amount equal to the Transfers, plus all interest, costs and attorneys' fees allowed by law;

    c.    Disallow any claim filed by Defendant pursuant to 11 U.S.C. § 502(d) until such time that Defendant returns any avoided Transfers; and

    d.    Grant any further relief that the Court deems necessary and proper.

Dated this 31st day of January, 2025.

**BANKRUPTCY RECOVERY GROUP, LLC**

By: /s/ Talitha Gray Kozlowski

Talitha Gray Kozlowski
Nevada Bar No. 9040
tgray@brg.legal
Garrett H. Nye (*Pro Hac Vice Granted*)
Illinois Bar No. 6329215
gnye@brg.legal

7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: 702-483-6126

*Attorneys for Plaintiff*

# EXHIBIT A
## Payment List for VERIZON BUSINESS GLOBAL LLC

| Payment Date | Check Number | Payment Amount |
|---|---|---|
| 12/15/2022 | 48538 | $2,776.23 |
| 12/15/2022 | 48539 | $3,328.56 |
| 12/23/2022 | 48564 | $397.40 |
| 1/23/2023 | 48839 | $2,855.76 |
| 1/23/2023 | 48840 | $133.63 |

#