BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT H. NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice Granted*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | Case No. 23-10423 |
| CASH CLOUD, INC., d/b/a COIN CLOUD, | Chapter 11 |
| Debtor. | |
| CASH CLOUD, INC. d/b/a COIN CLOUD, | Adv. Pro. No. |
| Plaintiff, | |
| v. | |
| TRANGISTICS INC., | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER UNAUTHORIZED POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. §§ 549 AND 550**

Cash Cloud, Inc. d/b/a Coin Cloud ("Plaintiff") files this Complaint to Avoid and Recover Unauthorized Post-Petition Transfers Pursuant to 11 U.S.C. §§ 549 and 550 ("Complaint"), alleging as follows:

**Jurisdiction and Venue**

1. On February 7, 2023 ("Petition Date"), Plaintiff filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the District of Nevada ("Bankruptcy Court"), thereby commencing Chapter 11 Case No. 23-10423 ("Case").

2. This adversary proceeding arises out of and relates to the Case and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## Parties

5. Plaintiff is the debtor in the Case and, as debtor in possession, has the right and power to prosecute its Chapter 5 claims.

6. Trangistics Inc. ("Defendant") is a pre-petition creditor of Debtor.

7. Defendant may be served with a copy of the summons and Complaint pursuant to Fed. R. Bankr. P. 7004.

## Transfers

8. On or about April 6, 2023, Debtor paid Defendant 38,600.00, which Defendant applied to pre-petition rent owing for November 2022 ("Transfer").

## COUNT I

**(Avoidance of Unauthorized Post-Petition Transfer Pursuant to 11 U.S.C. § 549)**

9. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 8 of the Complaint as if the same were fully repeated herein.

10. The Post-Petition Transfer was made after the commencement of the Case.

11. The Post-Petition Transfer was not authorized under the United States Bankruptcy Code or by this Court.

12. Based upon the foregoing, the Post-Petition Transfer is avoidable pursuant to 11 U.S.C. § 549(a).

## COUNT II

### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

13. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 13 of the Complaint as if the same were fully repeated herein.

14. Defendant was the initial transferee of the Transfer.

15. Defendant was the entity for whose benefit the Transfer was made.

16. Based upon the foregoing, Plaintiff is entitled to recover the Transfer or its value from Defendant pursuant to 11 U.S.C. § 550(a).

## COUNT III

### (Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))

17. Plaintiff hereby incorporates and re-alleges the allegations contained in Paragraphs 1 through 16 of the Complaint as if the same were fully repeated herein.

18. To the extent any of the Transfers are avoided under any provision of Chapter 5 of the Bankruptcy Code, any claim filed by Defendant must be disallowed pursuant to 11 U.S.C. §502(d) until the avoided Transfer is returned.

### Reservation of Rights

19. The Complaint is intended to seek recovery of all transfers avoidable under Chapter 5 of the Bankruptcy Code, including any payments received during the applicable preference period not specifically identified in the Complaint. Plaintiff reserves the right to amend this Complaint if additional claims are revealed during discovery, including, but not limited to, any claims arising under Chapter 5 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    a. Find that the Transfer is avoidable pursuant to 11 U.S.C. § 549(a);

    b. Find that Plaintiff is entitled to recover the Transfer or its value pursuant to 11 U.S.C. § 550 and enter judgment against the Defendant and in favor of Plaintiff in

1           an amount equal to the Transfer, plus all interest, costs and attorneys' fees allowed by law;

    c.    Disallow any claim filed by Defendant pursuant to 11 U.S.C. § 502(d) until such time that Defendant returns any avoided Transfer; and

    d.    Grant any further relief that the Court deems necessary and proper.

Dated this 5th day of February, 2025.

**BANKRUPTCY RECOVERY GROUP, LLC**

By: */s/ Talitha Gray Kozlowski*

Talitha Gray Kozlowski
Nevada Bar No. 9040
tgray@brg.legal
Garrett H. Nye (*Pro Hac Vice Granted*)
Illinois Bar No. 6329215
gnye@brg.legal

7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: 702-483-6126

*Attorneys for Plaintiff*

\#