# EXHIBIT 1

# EXHIBIT 1

**EXHIBIT "1"**

**LIST OF SETTLEMENTS**

| Transferee | Transfers* | Exposure After SNV | Settlement | Fee | Asserted and Potential Defenses** |
|---|---|---|---|---|---|
| First Insurance Funding | $ 98,108.71 | $ 55,235.76 | $ 23,000.00 | $ 5,750.00 | Approximately $43,000.00 of the transfers consist of pre-petition preferences. Defendant asserts that the transfers are not avoidable in that its claim was secured. Furthermore, Defendant asserts an ordinary course of business defense and contemporaneous exchange of new value defense. The remainder of the transfers consist of post-petition transfers. Defendant contends that the transfers were authorized by the first day orders and were otherwise ordinary course payments made pursuant to 11 U.S.C. 363. |
| Surety Bank | $ 1,176,944.77 | $ 1,176,944.77 | $ 50,000.00 | $ 12,500.00 | Surety Bank argues that it was fully secured by cash on deposit and a lien on general intangibles such that the challenged payments did not enable it to receive more than it would in a Chapter 7 liquidation. While Debtor disputes the extent of Surety Bank's liens, if Surety Bank prevailed on its fully-secured defense, Debtor's recovery could be eliminated entirely, but, in any event, is unlikely to exceed $180,000.00. Surety Bank has also asserted ordinary course of business and new value defenses, which arguably further reduce or eliminate Surety's preference exposure. |
| | $ 1,275,053.48 | $ 1,232,180.53 | $ 73,000.00 | $ 18,250.00 | |

* This amount represents the total amount of transfers that the Trustee believes meet the elements of 11 U.S.C. 547(b).

** The acronyms used in this exhibit are defined as follows: CNV is short for contemporaneous exchange of new value and refers to the defense set forth in 11 U.S.C 547(c)(1); (2) OCB is short for ordinary course of business and refers to the defense set forth in 11 U.S.C. 547(c)(2) and (3) SNV is short for subsequent new value and refers to the defense set forth in 11 U.S.C. 547(C)(4).