BANKRUPTCY RECOVERY GROUP, LLC
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
GARRETT NYE, ESQ.
Illinois Bar No. 6329215
(*Pro Hac Vice Granted*)
Email: gnye@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | Case No. 23-10423-MKN |
| CASH CLOUD, INC., d/b/a COIN CLOUD, | |
| | Chapter 11 |
| Debtor. | |
| | Hearing Date:  August 25, 2026 |
| | Hearing Time: 10:30 a.m. |

**DECLARATION OF TALITHA GRAY KOZLOWSKI IN SUPPORT OF MOTION: (I) PURSUANT TO FED. R. BANKR. P. 9019 TO AUTHORIZE AND APPROVE SETTLEMENTS BETWEEN DEBTOR AND (1) FIRST INSURANCE FUNDING AND (2) SURETY BANK; AND (II) PURSUANT TO 11 U.S.C. §§ 328 AND 330 FOR AWARD AND PAYMENT OF CONTINGENCY FEE AND EXPENSES**

I, Talitha Gray Kozlowski, hereby declare as follows:

1.      I am over the age of 18 and mentally competent.  I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.  I make this declaration in support of Debtor's *Motion: (I) Pursuant to Fed. R. Bankr. P. 9019 to Authorize and Approve Settlements Between Debtor and (1) First Insurance Funding and (2) Surety Bank; and (II) Pursuant to 11 U.S.C. §§ 328 and 330 for Award and Payment of Contingency Fee and Expenses* (the "Motion").[1]

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

2.      I am an attorney licensed to practice law in the State of Nevada.  I am a member of Bankruptcy Recovery Group, LLC ("BRG"), which maintains an office in Las Vegas, Nevada at 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119.  I am admitted to practice law before this Court.

3.      After being employed as Debtor's special counsel to prosecute the Chapter 5 Claims, BRG analyzed the Debtor's estate's Chapter 5 Claims against each of the Settling Transferees and sent demand letters accompanied by draft complaints (the "Demand Packages") to each of the Settling Transferees.

4.      Because the offers made in the Demand Packages were not accepted, Debtor filed adversary proceedings seeking recovery of the alleged transfers from the Settling Transferees. The parties subsequently engaged in settlement discussions and informal and/or formal discovery was taken where appropriate. A brief description of any defenses raised by the Settling Transferees is contained in Exhibit 1.

5.      Any defenses asserted by the Settling Transferees were reviewed and analyzed by BRG and discussed with Debtor, after which settlement offers were made to the Settling Transferees.

6.      The process above resulted in the proposed settlements summarized on Exhibit 1 and memorialized in the settlement agreements attached as Exhibits 3 and 4 ("Settlement Agreements").

7.      BRG believes that the Settlement Agreements represent a resolution that falls well within the range of litigation possibilities.

8.      BRG was charged with considering and investigating Chapter 5 claims against more than 100 potential targets.  BRG invested substantial resources reviewing Debtor's records to identify and then analyze claims against potential transferees. BRG's efforts included reviewing, analyzing and making recommendations regarding claims that were not viable.  The contingency fee agreement does not compensate BRG for these significant efforts that benefited the estate. Rather, these efforts are part of the basket of services BRG provides to the Debtor and the estates.

Bankruptcy Recovery
Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

9.      The services provided by BRG were reasonable and necessary under the circumstances of the bankruptcy case and compensation for such fees to BRG is appropriate and should be allowed.

10.      BRG seeks payment of its contingency fee of $18,250.00, which will be paid from the settlement proceeds paid by the Settling Transferees.  This amount is based on the cash payments made under the Settlement Agreements. To the extent any of the Settlement Agreements include a waiver of claims, the value of any such waivers is currently uncertain. A subsequent fee application on the realized value of those waivers will be filed on a future date.

11.      There is no agreement or understanding between BRG and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this bankruptcy case.

12.      BRG seeks reimbursement for the following expenses.  BRG has not charged for copies.

| Description of Expenses | Amount |
| --- | --- |
| Mediation Costs | $6,000.00 |

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 18th day of June 2026.

*/s/ Talitha Gray Kozlowski*
TALITHA GRAY KOZLOWSKI, ESQ.

Bankruptcy Recovery
Group, LLC
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

3